**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 22-60043** |
| | § | |
| **FREE SPEECH SYSTEMS, LLC,** | § | **CHAPTER 11 (Subchapter V)** |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 22-33553** |
| | § | |
| **ALEXANDER E. JONES,** | § | **CHAPTER 11** |
| | § | |
| Debtor. | § | |

**UNITED STATES TRUSTEE'S OBJECTION TO**
**DEBTORS' JOINT MOTION FOR ENTRY OF ORDER AUTHORIZING JOINT**
**ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO RULE 1015(b) OF**
**THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

TO THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE:

  Kevin M. Epstein, the United States Trustee for the Southern District of Texas (the "U.S.

Trustee"), by and through his undersigned counsel, hereby submits his objection (the "Objection")

to *Debtors' Joint Motion for Entry of Order Authorizing Joint Administration of Chapter 11 Cases*

*Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure* (Dkt. No. 6 in Case No.

22-33553 and Dkt. No. 296 in Case No. 22-60043) (the "Motion").

## INTRODUCTION[1]

  Although joint administration is typically requested to promote efficiency and convenience

in the bankruptcy cases of related debtors, joint administration of the cases of Alexander E. Jones's

("Mr. Jones") and Free Speech Systems, LLC's ("FSS" and collectively with Mr. Jones,

---

[1] Capitalized terms not defined withing the Introduction shall have the meanings ascribed to them below.

"<u>Debtors</u>") would instead cause confusion to creditors and other parties in interest and provide little, if any, added value. The Debtors may be related, but the nature of their respective cases weighs against jointly administering the cases. Mr. Jones's bankruptcy case is newly filed and will proceed under subchapters I-III of chapter 11. FSS's bankruptcy case has been pending for almost five months and is proceeding under subchapter V of chapter 11. As a result, the cases are subject to different provisions of the Bankruptcy Code, including different plan confirmation standards, different fiduciary parties, and different deadlines, that will necessitate a variety of significant pleadings filed on the docket that are applicable to only one or the other debtor.

Jointly administering these cases would thus produce a docket with jumbled entries, some applying to the Jones case and some applying to the FSS case, which may create confusion to creditors and other parties in interest with no particular benefit or cost-savings to either the Debtors or the Court. Most notably, such a docket presents the risk that creditors and other parties in interest may be less likely to understand both the rights and responsibilities of each Debtor as well as how the rights and remedies available to the creditor or party in interest differ in each case. To the extent issues arise among the Debtors that would benefit from a joint approach, the Court has the discretion to set hearings in the two cases at the same time. The Court does not need joint administration for that purpose. Accordingly, the Court should exercise its discretion and deny the Motion.

## **<u>PROCEDURAL HISTORY</u>**

1.      On July 29, 2022, FSS filed a voluntary chapter 11 petition and elected to proceed under subchapter V of chapter 11. FSS continues to manage and operate its business as debtor-in-possession pursuant to Bankruptcy Code § 1182(2). Melissa A. Haselden ("<u>Ms. Haselden</u>") has been appointed as the Chapter 11 Subchapter V Trustee in FSS's subchapter V chapter 11 case.

Because subchapter V chapter 11 cases do not have committees of unsecured creditors unless the Court orders otherwise for cause, no committee of unsecured creditors has been appointed in FSS's case. 11 U.S.C. § 1181(b). There is a pending motion requesting a committee in the FSS case, which is not currently being prosecuted while the mediation proceeds. Dkt No. 102, Case No. 22-60043.

2.      On December 2, 2022, Mr. Jones filed his voluntary chapter 11 petition. The United States Trustee appointed an official Committee of Unsecured Creditors on December 13, 2022 (the "Committee"). No trustee or examiner has been requested or appointed in Mr. Jones's chapter 11 case.

3.      FSS as an entity is engaged in producing and syndicating radio and video talk shows hosted by Mr. Jones. FSS additionally offers dietary supplement products, books, t-shirts, and other products, which are advertised by Mr. Jones during his radio and video talk shows, for online sale to customers. Mr. Jones owns 100% of the outstanding membership interests in FSS. The day-to-day operations of FSS are managed by its Chief Restructuring Officer, Patrick McGill (the "FSS CRO").

## LEGAL STANDARD

4.      The decision to authorize joint administration of the cases of affiliated debtors is within the discretion of the Court pursuant to Fed. R. Bankr. P. 1015(b). Joint administration is typically authorized to promote procedural convenience and cost efficiencies without effecting the substantive rights of the creditors of the estates of affiliated debtors. *In re Las Torres Dev.*, L.L.C., 413 B.R. 687, 693 (Bankr. S.D. Tex. 2009) (citing *In re McKenzie Energy Corp.*, 228 B.R. 854 874 (Bankr. S.D. Tex. 1998)).

5.      Fed. R. Bankr. P. 1015(b) provides in part that "[p]rior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest." Fed. R. Bank. P. 1015(b).

## **ARGUMENT**

6.      The Motion should be denied because joint administration of the Debtors' cases will not promote procedural convenience, judicial economy, or cost efficiencies but instead will likely cause confusion to creditors and other interested parties. The FSS and Jones bankruptcy cases are proceeding under different subchapters of chapter 11 and thus are subject to different provisions of the Bankruptcy Code, including different plan confirmation standards, different fiduciary parties, and different deadlines.

7.      As a threshold matter, these cases may not run on the same timeline, and it is questionable whether joint administration would offer any convenience in those circumstances. FSS has been in bankruptcy for almost five months, while Mr. Jones just filed his case. FSS has already filed its schedules and statement of financial affairs and held its meeting of creditors, while Mr. Jones has not. And subchapter V cases are meant to move quickly with a 90-day deadline to file a plan, which can only be extended "if attributable to circumstances for which the debtor should not justly be held accountable." 11 U.S.C. § 1189(b).[2] But counsel for Mr. Jones has already announced that he intends to request an extension of time to file his schedules and statement of financial affairs, and it is not clear how quickly his case can progress, particularly given how important complete and accurate disclosure of his assets will be to any potential settlement with the main creditors in his

---

[2] FSS's deadline has been extended once, and there is a pending request for an additional extension. Dkt. No. 299, Case No. 22-60043.

4

case.

8.      But even if the cases could run on similar timelines, joint administration is still more likely to cause confusion than to create efficiencies. Unlike most jointly administered cases, because of the differing subchapters of chapter 11 each Debtor has elected to file under, the dockets in these cases will have multiple motions and applications that apply only to one case or the other that involve highly significant issues. A jointly administered docket presents the risk that creditors and other parties in interest may be less likely to understand both the rights and responsibilities of each Debtor as well as how the rights and remedies available to the creditor or party in interest differ in each case. For example, the U.S. Trustee was required to appoint the Committee in the Jones case but is not permitted to do so currently in the FSS case.[3] *Cf.* 11 U.S.C. § 1102 and 1181(b). Thus, the appointment of the Committee only applies to Mr. Jones's case, and any pleadings filed by the Committee will only be in reference to Mr. Jones's case. Moreover, Ms. Haselden is the Subchapter V Trustee for FSS but has no duties with respect to Mr. Jones' case. Thus, any pleading she files will generally only concern the FSS case, but her presence on the docket may confuse creditors or parties in interest who may not understand the difference between a subchapter V trustee and a chapter 11 trustee. And subchapter V provides FSS with the exclusive right to file a plan, while in Mr. Jones's case, absent an extension, he will lose the exclusive right to file a plan after 120 days (unless such time is shortened by Court order). *Cf.* 11 U.S.C. § 1189 and 11 U.S.C. § 1121.

9.      Beyond the confusion it would create, jointly administering the Debtors' cases appears to

---

[3] There is a pending motion to appoint a committee in the FSS case, which is not currently being prosecuted while the mediation proceeds. Dkt No. 102, Case No. 22-60043.

provide little if any value and will not promote judicial economy. The Court may always schedule hearings for both cases at the same time when appropriate. Alternatively, administering the cases separately could produce other efficiencies. For example, if the cases are not jointly administered, FSS's counsel will not need to appear at a hearing on employment or utilities in Mr. Jones's case, thereby keeping costs down. Further, there is no evidence that there would be any significant cost-savings through joint administration here. And there is no evidence that joint administration will lead to an expeditious resolution of this case, which would provide further cost-savings.

10.     Finally, even if each Debtor ultimately reached a multi-party settlement to deal with the debts of both Debtors, any plans reflecting that settlement would need to be balloted separately because of the different confirmation standards of each subchapter.[4] As such, there would be no judicial economy from joint administration because the Court will have to consider confirmation of each plan separately given the different confirmation standards. *Compare* 11 U.S.C. § 1141(d)(5) (individual in chapter 11 must complete plan payments before receiving discharge) *with* 11 U.S.C. § 1192 (Subchapter V debtors may receive discharge after three years of making plan payments); *see also* 11 U.S.C. § 1129 (a)(15) (confirmation requirement for individual chapter 11 debtor that imports similar requirement to the "means test"). Filing a plan on the docket in each case would thus not add any significant additional cost to either Debtor's estate and will instead better allow the Court and parties in interest to understand and track the confirmation of each plan.

---

[4] Among other things, subchapter V allows a debtor to confirm a plan non-consensually even if none of the impaired classes of creditors votes in favor of the plan, but Mr. Jones must obtain the vote of one class of non-insider impaired creditors in favor of the plan before he can cram down others. *Cf.* 11 U.S.C. § 1191 and 11 U.S.C. § 1129.

The Debtors have stated that they do not intend to file a joint plan while FSS is in subchapter V, *see* Motion at ¶9.

## CONCLUSION

11.     While the Debtors may be affiliated, it is likely that many, if not most, motions and other proceedings in the cases will only apply to one debtor or the other. Administering both cases on the same docket will likely cause more confusion than less for anyone looking at the docket and trying to understand what has occurred in one case versus the other.  Jointly administering the cases thus would provide little if any benefit. Maintaining two separate dockets will allow the Court, Debtors, creditors, and other parties interest to keep straight the various motions and applications and accompanying orders and to better understand their rights, responsibilities, and remedies in each case.

        **WHEREFORE**, the U.S. Trustee respectfully requests that the Court deny the Motion and grant such other relief as is just and proper.

                                                RESPECTFULLY SUBMITTED:
                                                KEVIN M. EPSTEIN
                                                UNITED STATES TRUSTEE


DATED: December 14, 2022                        */s/ Jayson B. Ruff*
                                                Jayson B. Ruff, Trial Attorney
                                                MI Bar #P69893
                                                United States Department of Justice
                                                Office of the United States Trustee
                                                515 Rusk Street, Suite 3516
                                                Houston, Texas 77002
                                                E-mail: jayson.b.ruff@usdoj.gov
                                                Cell: 202-573-6960

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing was served by electronic means via ECF transmission to all Pacer System participants in these bankruptcy cases, on the 14th day of December, 2022.

/s/ *Jayson B. Ruff*
Jayson B. Ruff, Trial Attorney