IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ALEXANDER E. JONES, ) | Case No. 22-33553 (CML) |
| ) | |
| Debtor. ) | |
| ) | |

## AGREED ORDER MODIFYING THE AUTOMATIC STAY

Upon the motion ("Lift Stay Motion")[1] of Neil Heslin and Scarlett Lewis (the "Texas Post-Trial Plaintiffs") and David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach and Robert Parker (the "Connecticut Plaintiffs" and, together with the Texas Post-Trial Plaintiffs, the "Sandy Hook Post-Trial Families") for entry of an order: (a) modifying the automatic stay (i) to allow the Sandy Hook Post-Trial Families' Cases[2] to proceed to final judgment and (ii) once judgments are entered, to allow appeals, if any, to proceed as required by state law and the Sandy Hook Post-Trial Families to pursue, respond to and participate in any such appeals without further order of the Court; (b) waiving the 14-day stay requirement under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and (c) granting such other and further relief as is just, proper and equitable; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Lift Stay Motion.
[2] The "Sandy Hook Post-Trial Families' Cases" means the following cases pending against the Debtor and FSS: (i) *Neil Heslin and Scarlett Lewis v. Alex E. Jones and Free Speech Systems, LLC*, Cause No. D-1-GN-18-001835, in the 261st District Court of Travis County, Texas; and (ii) *Erica Lafferty, et al. v. Alex Jones,* et al., Case No. UWY-CV18-6046436-S; Sherlach v. Jones, No. UWY-CV18-6046437-S; and *Sherlach v. Jones*, No. UWYCV18-6046438-S, in the Superior Court, Complex Litigation Docket at Waterbury, Connecticut.

to 28 U.S.C. § 157(b)(2); and appropriate notice having been provided under the circumstances of the Lift Stay Motion and that no other or further notice is required; and the Sandy Hook Post-Trial Families, the Debtor and Free Speech Systems, LLC ("FSS" and together with the Debtor and the Sandy Hook Post-Trial Families, the "Parties") having reached the following agreement, the Parties stipulate and agree, and the Court hereby orders (the "Agreed Order") that:

1. This Agreement is contingent upon the entry of the Agreed Order and is integral to the Parties' agreement concerning the modification of the automatic stay.

2. The Lift Stay Motion is **GRANTED** as set forth in this Agreed Order.

3. The automatic stay under section 362(a) of title 11 of the United States Code (the "Bankruptcy Code") is modified immediately to (i) allow the Sandy Hook Post-Trial Families' Cases to continue to proceed to entry of final judgment and (ii) once judgments are entered, to allow appeals, if any, to proceed and the Sandy Hook Post-Trial Families to pursue, respond to and participate in any such appeals without further order of the Court.

4. Except to assert actions or claims against the Debtor in this Chapter 11 Case, FSS Case[3] or related proceedings, the automatic stay shall continue to enjoin the Sandy Hook Post-Trial Families and any other party, from exercising against the Debtor any remedies to collect or enforce any judgment against any assets of the Debtor or its bankruptcy estate including all property of the estate.

5. The Debtor agrees to withdraw *Jones's Emergency Motion to Modify Stay Orders* [ECF No. 300], filed in the FSS Case.

6. Notwithstanding any prior agreements between or among the Parties, the Sandy Hook Post-Trial Families agree not to object to the joint retention by the Debtor and FSS of

---

[3] Case No. 22-60043.

appellate counsel[4] in connection with appellate proceedings in the Sandy Hook Post-Trial Families' Cases (the "Joint Appellate Counsel"), with the reasonable and documented fees and expenses incurred by Joint Appellate Counsel to be shared equally by Jones and FSS; *provided* that such retention shall be approved by the Court and otherwise comply with Bankruptcy Code section 327 and all other applicable standards or be subject to a cap to be agreed upon by the Sandy Hook Families and the Official Committee of Unsecured Creditors appointed in this Chapter 11 Case (the "UCC"); *provided further* that if approved by the Court and absent consent by the Sandy Hook Families and the UCC regarding any cap, Joint Appellate Counsel shall be required to file fee applications pursuant to Bankruptcy Code sections 327, 330 and 331, Bankruptcy Rule 2016, Rule 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas and any order setting forth procedures for interim compensation and reimbursement of expenses for professionals in this Chapter 11 Case.

7. For the avoidance of doubt, the Debtor and FSS shall be required to file and obtain approval by this Court of a retention application for the Joint Appellate Counsel on notice to all parties in interest in each of the FSS Case and this Chapter 11 Case, and the Sandy Hook Post-Trial Families retain the right to evaluate and object to, if necessary, the terms of such retention to the extent they do not comply with applicable legal standards. For the further avoidance of doubt, the Sandy Hook Post-Trial Families reserve the right to evaluate and object to, if necessary, any and all fee applications filed by Joint Appellate Counsel and all other estate compensated professionals to the extent such fees do not comply with applicable legal standards.

8. Notwithstanding Bankruptcy Rule 4001(a)(3), this Agreed Order shall be effective immediately upon entry of it by the Court.

---

[4] To the extent separate appellate counsel is needed for Texas and Connecticut appellate proceedings, the Debtor and FSS shall seek same.

9. The Court shall retain sole and exclusive jurisdiction with respect to the automatic stay and its application to any actions other than those expressly provided for in this Agreed Order and any disputes arising in respect of termination of the lifting of the stay by failure to meet a necessary condition of the agreement reached between the Parties and approved herein.

Signed: December 19, 2022

_____
Christopher Lopez
United States Bankruptcy Judge

**AGREED IN FORM AND SUBSTANCE**:

| **Free Speech Systems, LLC** | **The Sandy Hook Post-Trial Families** |
|---|---|
| By: /s/ Raymond W. Battaglia<br>Raymond W. Battaglia<br>Law Offices of Ray Battaglia, PLLC<br><br>*Counsel to FSS* | By: /s/ David Zensky<br>David Zensky<br>Akin Gump Strauss Hauer & Feld LLP<br><br>*Co-Counsel to the Sandy Hook Post-Trial Families* |

**Alexander E. Jones**

By: /s/ Vickie L. Driver
Vickie L. Driver
Crowe & Dunlevy PC

*Proposed Counsel to Alexander E. Jones*