IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 22-33553 |
| | § | |
| ALEXANDER E. JONES | § | (Chapter 11) |
| | § | |
| Debtor. | § | JUDGE CHRISTOPHER M. LOPEZ |
| | § | |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF CROWE & DUNLEVY, P.C. AS
DEBTOR'S CO-COUNSEL EFFECTIVE AS OF THE PETITION DATE**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Alexander E. Jones ("Jones" or "Debtor"), pursuant to Sections 105(a), 327, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of Texas (each a "LBR" and collectively, the "Local Rules") as debtor and debtor in possession in the above-captioned Chapter 11 Case files this *Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Crowe & Dunlevy, P.C. as*

*Debtor's Co-Counsel Effective as of the Petition Date* (the "Application") for entry of an order, substantially in the form attached as **Exhibit "A,"** authorizing Debtor to retain and employ Crowe & Dunlevy, P.C. ("C&D") as his bankruptcy co-counsel. In support of this Application, Debtor submits and fully incorporates by reference the Declaration of Vickie L. Driver (the "Driver Declaration"), which is attached as **Exhibit "B,"** and in support thereof, respectfully state as follows:

## I.    JURISDICTION, VENUE, AND STATUTORY PREDICATES

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for relief requested herein are Sections 105(a), 327(a), 329, 330, and 331, 1107, and 1108 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 9013-1.

## II.    BACKGROUND

4.      On December 2, 2022, Debtor filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Debtor is an employee of Free Speech Systems, LLC ("FSS").  FSS filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 29, 2022.  Jones owns 100% of the outstanding membership interests in FSS. Debtor's above captioned case is referred to as the "Chapter 11 Case".

5.      Jones continues in possession of his holdings and is managing as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. An official committee of unsecured creditors was appointed on or about December 13, 2022.  No trustee or examiner has been requested or appointed in this Chapter 11 Case.

### III.   RELIEF REQUESTED

6.      By this Application, Jones seeks entry of an order, substantially in the form attached as **Exhibit "A,"** authorizing Debtor to retain and employ C&D as his counsel in this Chapter 11 Case. Debtor seeks C&D to serve as his bankruptcy counsel along with Jordan & Ortiz, P.C. in connection with this Chapter 11 Case.  A separate employment application will be filed on behalf of Jordan & Ortiz, P.C. demonstrating the need for Debtor's retention of Jordan & Ortiz, PC as co-counsel to Debtor in connection with this Chapter 11 Case.

### IV.   QUALIFICATIONS

7.      Debtor seeks to retain C&D because, among other reasons, (a) C&D has extensive experience and knowledge in the field of debtor's protections, creditor's rights, and business and individual reorganizations and liquidations under chapter 11 of the Bankruptcy Code, and (b) C&D has become very familiar with Debtor's business, material agreements, and potential legal issues that may arise in the context of this Chapter 11 Case. If this Application is approved, Vickie Driver will serve as lead counsel for Debtor in this Chapter 11 Case along with Christina Stephenson. These bankruptcy professionals have over 37 years of experience representing debtors and creditors in a variety of bankruptcy proceedings. The mailing address, state bar numbers, telephone numbers, and e-mail addresses for each of these bankruptcy professionals may be found in the signature block below.  By all accounts, Debtor believes that C&D is both well-qualified and uniquely able to represent Debtor as his counsel in this Chapter 11 Case, pursuant to Section 327(a) of the Bankruptcy Code.

## V.    SERVICES TO BE PROVIDED

8.    Debtor anticipates that C&D will, among other things, render the following legal

services:

> provide legal advice with respect to the Debtor's powers and duties as debtor-in-possession in the operation of his business and the management of estate property;

> take all necessary steps to protect and preserve the Debtor's bankruptcy estate;

> serve as counsel of record for Debtor in all aspects of this Chapter 11 Case, including, without limitation, the prosecution of actions on behalf of Debtor, and objections to claims filed against Debtor's estate;

> prepare on behalf of Debtor all necessary motions, orders, reports, and other legal papers in connection with the administration of Debtor's estate;

> advise Debtor with respect to corporate and real estate matters;

> consult with the Office of the United States Trustee for the Southern District of Texas, the official committee of unsecured creditors appointed in this Chapter 11 Case, and all other creditors and parties-in-interest concerning the administration of this Chapter 11 Case, if applicable; and

> provide representation and all other bankruptcy-related legal services required by Debtor in discharging his duties as debtor-in-possession or otherwise in connection with this Chapter 11 Case.

## VI.    PROFESSIONAL COMPENSATION

9.    C&D intends to apply for compensation for professional services rendered on an

hourly basis and reimbursement of expenses incurred in connection with this Chapter 11 Case,

subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy

Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of

the Court.

10.    Subject to the Court's approval, C&D will charge for its legal services on an hourly

basis, in accordance with C&D's ordinary and customary hourly rates for services of this type and

APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF CROWE & DUNLEVY, P.C. AS DEBTOR'S CO-COUNSEL EFFECTIVE AS OF THE PETITION
DATE - Page 4

nature and for this type of matter.  Legal fees will be billed based upon rates in effect on the date when the legal service is rendered. Expenses will be billed to reimburse C&D for its actual, reasonable, and necessary out-of-pocket expenses incurred in connection with its representation of Debtor in this Chapter 11 Case. The following are C&D's current hourly rates for restructuring work of this nature:

- ➢ Shareholders/Directors:   $420-795
- ➢ Associates:                      $250-400
- ➢ Paraprofessionals:           $160-295

C&D's hourly rates are set at a level designed to compensate C&D fairly for the work of its attorneys and paraprofessionals, and to cover fixed and routine expenses.  Hourly rates vary with experience and seniority of the individuals assigned. Hourly rates are subject to periodic adjustments to reflect economic and other conditions.

## VII.   PREPETITION COMPENSATION

11.     Prior to the Petition Date, C&D received a $500,000 retainer from The Missouri779384 Trust. C&D drew down $48,193.00 in advance of filing to compensate C&D in full for all outstanding fees and expenses incurred prepetition in connection with the bankruptcy and debt restructuring-related advice and corporate counseling provided by C&D to Debtor. This amount was drawn down in advance of filing and compensated C&D in full for all outstanding fees and expenses.  C&D holds the remainder of that retainer in trust.

12.     Debtor understands that C&D intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court.

13.     Pursuant to Bankruptcy Rule 2016(b), C&D has neither shared nor agreed to share

(a) any compensation it has received or may receive from Debtor with any other party or person, other than with C&D professionals; or (b) any compensation another person or party has received or may receive.

## VIII.   NO DUPLICATION OF SERVICES

14.     Debtor believes that the services provided by C&D will not duplicate the services that other professionals may provide to Debtor in this Chapter 11 Case. Specifically, C&D will carry out unique functions and will use reasonable efforts to coordinate with the Debtor and any other retained professionals in this Chapter 11 Case to avoid unnecessary duplication of services or effort. Currently, Debtor anticipates seeking employment for his current financial advisors, Blackbriar Advisors, LLC.

## IX.     BASIS FOR RELIEF

15.     Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this this title.

11 U.S.C. § 327.

16.     Bankruptcy Rule 2014(a) requires that a retention application include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014.

APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CROWE & DUNLEVY, P.C. AS DEBTOR'S CO-COUNSEL EFFECTIVE AS OF THE PETITION DATE - Page 6

17.     Debtor submits that for all of the reasons stated in this Application and in the Driver Declaration, the retention and employment of C&D as Debtor's counsel, pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014 is warranted.

**A.     C&D's Retention is Necessary and is in the Best Interests of Debtor's Estate.**

18.     In light of C&D's considerable restructuring experience and its knowledge of Debtor's operations, Debtor believes that the immediate retention of C&D as counsel to Debtor is both necessary and in the best interests of Debtor's estate. To be sure, if forced to search for, identify, and retain alternative counsel to replace C&D, Debtor will expend significant resources to educate and integrate that new counsel, instead of devoting that time and focus on their reorganization efforts in this Chapter 11 Case.

**B.     C&D Neither Holds nor Represents any Interest Adverse to Debtor's Estate and is a "Disinterested Person" within the Meaning of Section 101(14) of the Bankruptcy Code.**

19.     To the best of Debtor's knowledge, information and belief, and except as disclosed in this Application and in the Driver Declaration, C&D: (i) does not represent, and does not hold, any interest adverse to Debtor's Estate; and (ii) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and has no connection to Debtor.

20.     C&D will use all reasonable efforts to see that no conflicts or other disqualifying circumstances exist or arise during the pendency of this Chapter 11 Case.  If any new material facts or relationships are discovered or arise, C&D will use all reasonable efforts to identify them and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014.

## X.     NOTICE

21.     Notice of this Application has been provided to the parties listed on the creditor matrix and all parties requesting notice via ECF.  In light of the nature of the relief requested,

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CROWE & DUNLEVY, P.C. AS DEBTOR'S CO-COUNSEL EFFECTIVE AS OF THE PETITION DATE - Page 7**

Debtor submits that no other or further notice is necessary or required.

## XI.    NO PRIOR REQUEST

22.    No previous request for the relief sought herein has been made to this Court or any other court.

## XII.    CONCLUSION

WHEREFORE, Debtor respectfully requests that this Court enter an order (i) granting this Application; (ii) authorizing Debtor to employ and retain C&D as counsel to Debtor; and (iii) granting such other relief as the Court deems appropriate under the presented facts and circumstances.

Dated:  December 20, 2022.

**CROWE & DUNLEVY, P.C.**

By: */s/ Vickie L. Driver*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone:  737-218-6187
Email:  dallaseservice@crowedunlevy.com

**PROPOSED COUNSEL FOR DEBTOR**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing pleading was served upon the parties listed on the attached service list via e-mail, U.S. Mail, and/or electronic transmission via the Court's ECF noticing system on this 20th day of December, 2022.


*/s/ Vickie L. Driver*
Vickie L. Driver

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CROWE & DUNLEVY, P.C. AS DEBTOR'S CO-COUNSEL EFFECTIVE AS OF THE PETITION DATE - Page 9**