**EXHIBIT B**
**Driver Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 22-33553 |
| | § | |
| ALEXANDER E. JONES | § | (Chapter 11) |
| | § | |
| Debtor. | § | JUDGE CHRISTOPHER M. LOPEZ |
| | § | |

**DECLARATION OF VICKIE L. DRIVER IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF <u>CROWE & DUNLEVY, P.C. AS DEBTOR'S CO-COUNSEL</u>**

I, Vickie L. Driver, state and declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:[1]

1. I am a shareholder with the firm of Crowe & Dunlevy, P.C. ("C&D"). I am the lead attorney from C&D working on this Chapter 11 Case. I am a member in good standing of the Bar of the State of Texas. There are no disciplinary proceedings pending against me. Except as otherwise noted, I have personal knowledge of the matters set forth in this Declaration.

2. I submit this declaration (the "Declaration") in support of the *Application for Entry of an Order Authorizing the Retention and Employment of Crowe & Dunlevy, P.C. as Debtor's Co-Counsel Effective as of the Petition Date* (the "Application"). The Application seeks to employ and retain C&D as the counsel for Alexander E. Jones ("Debtor"), effective retroactively to the Petition Date. In connection with the proposed representation, C&D anticipates rendering the legal services outlined under Section V of the Application in connection with this Chapter 11 Case.

---

[1] Capitalized terms used but not otherwise defined in this Declaration have the same meaning given to them in the Application.

**DECLARATION OF VICKIE L. DRIVER IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CROWE & DUNLEVY, P.C. AS DEBTOR'S CO-COUNSEL EFFECTIVE AS OF THE PETITION DATE - Page 1**

3. I have read and am fully familiar with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and I am sufficiently competent to handle the various tasks that might be foreseeably expected of Debtor's counsel in this Chapter 11 Case.

4. I have supervised the review of the list of creditors, other parties-in-interest, and their respective attorneys. In addition, at my direction, a search has been made of C&D's conflicts database.

**C&D's Conflicts Database.**

5. Insofar as I have been able to ascertain from the records of Debtor and the records of C&D, except as otherwise described in this Declaration, I believe that C&D qualifies as a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

6. In connection with preparing this Declaration, C&D submitted the names of parties-in-interest in this Chapter 11 Case (each a "Party-in-Interest" and collectively, the "Parties-in-Interest") for review in the computerized conflicts database system maintained by C&D. The list of the Parties-in-Interest was secured by C&D from Debtor. C&D maintains and systematically updates its conflicts database in the regular course of business of the firm, and it is the regular practice of C&D to make and maintain this database. The conflicts database maintained by C&D is designed to include every matter on which C&D is now or has been engaged, the person or entity for which C&D is now or has been engaged, and in each instance, the identity of related parties and adverse parties. It is the policy of C&D that no new matter may be accepted or opened within C&D without completing and submitting to those charged with maintaining the conflicts database the information necessary to check each such matter for conflicts, including, without limitation, the identity of the prospective client, as well as related and adverse parties. Accordingly, C&D's conflicts database is regularly updated for every new matter undertaken by the firm.

**DECLARATION OF VICKIE L. DRIVER IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CROWE & DUNLEVY, P.C. AS DEBTOR'S CO-COUNSEL EFFECTIVE AS OF THE PETITION DATE - Page 2**

**C&D's Relationship with Parties-in-Interest.**

7. While searching through C&D's computerized conflicts database for C&D's connection to the Parties-in-Interest, to the extent a potential conflict was identified, contact was made (as necessary) with the attorney at C&D who was listed in the database as having connections to the person or entity that might be either related to Debtor or connection to this Chapter 11 Case. From such attorney, information and guidance was provided with respect to the particular connection(s) reflected. C&D discloses that it does not actively and has never represented Debtor or his affiliates on any matter outside this Chapter 11 Case. C&D further discloses that it formerly represented and currently represents several creditors of Debtor's estate in matters unrelated to Debtor or his affiliates. A chart providing the names of the creditors, the names of clients with similar or the same name of the creditors, and whether the client is a current or former client of C&D is attached hereto as Exhibit B-1 and is incorporated herein for all purposes.

8. C&D also surveyed all firm members regarding any connections it may have to parties-in-interest in this Chapter 11 Case. No such conflicts or connections were reported.

9. C&D appears in cases, proceedings and transactions involving a substantial number of different attorneys, accountants, financial consultants, and investment bankers, some of which may now or in the future represent creditors or Parties-in-Interest in this Chapter 11 Case. Nevertheless, to the best of C&D's knowledge and belief, C&D has not represented any creditor or other Party-in-Interest on any matter related to Debtor. Should any conflict arise between C&D and any creditor or other Party-in-Interest during the pendency of this Chapter 11 Case, C&D will immediately notify Debtor.

10. While the search of C&D's conflicts database has been diligent, it is possible that there are other entities which C&D may have represented but whose names have not yet been

provided to C&D.  In addition, certain creditor and Party-in-Interest information may have changed without C&D's knowledge and may change during the pendency of this Chapter 11 Case. C&D will, on an ongoing basis, review its files during the pendency of this Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, C&D will use reasonable efforts to identify such further developments and will promptly file a supplemental affidavit as Bankruptcy Rule 2014(a) requires.

**C&D Compensation.**

11. C&D intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with this\ Chapter 11 Case, subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

12. Subject to the Court's approval under section 330(a) of the Bankruptcy Code, compensation will be payable to C&D at its normal hourly billing rates, plus reimbursement of actual, necessary expenses and other charges incurred by C&D, from funds of Debtor's estate. The current billing rates of the C&D attorneys expected to assist in the representation of Debtor are as follows:

**DECLARATION OF VICKIE L. DRIVER IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CROWE & DUNLEVY, P.C. AS DEBTOR'S CO-COUNSEL EFFECTIVE AS OF THE PETITION DATE - Page 4**

| PROFESSIONAL | HOURLY RATES |
|---|---|
| Vickie Driver | $795 |
| Christina Stephenson | $715 |
| Allison Gerard | $345 |
| Caylin Craig | $345 |

13. In addition, C&D may engage the services of one or more paraprofessionals as the need arises, whose rates presently range from $160 to $295 per hour. These hourly rates are subject to periodic adjustments, which customarily occur at the beginning of each calendar year.

14. C&D's hourly rates are set at a level designated to fairly compensate C&D for the work of its attorneys and paralegals and to cover fixed and routine expenses. It is C&D's policy to charge its clients in all areas of practice for all expenses incurred in connection with the client's case. The expenses charged to clients may include, without limitation, photocopying, travel expenses, filing and recording fees, computerized legal research charges and other computer services, and telecopier charges.

15. Prior to the Petition Date, C&D received a $500,000 retainer from The Missouri779384 Trust. C&D drew down $48,193.00 in advance of filing to compensate C&D in full for all outstanding fees and expenses incurred prepetition in connection with the bankruptcy and debt restructuring-related advice and corporate counseling provided by C&D to Debtor. This amount was drawn down in advance of filing and compensated C&D in full for all outstanding fees and expenses. C&D holds the remainder of that retainer in trust.

16. Debtor understands that C&D intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court.

17. C&D has no agreement with any other entity to share with such entity any compensation received by C&D in connection with this Chapter 11 Case. C&D further states,

pursuant to Bankruptcy Rule 2016(b), that it has not shared, nor agreed to share: (a) any compensation it has received or may receive with another party or person, other than with the shareholders, directors, counsel and associates of C&D; or (b) any compensation another person or party has received or may receive.

18. To the best of my knowledge, the standard for the appointment of counsel for Debtor has been met in this instance and C&D is fully capable of fulfilling its duties to Debtor.

19. To the extent that C&D subsequently discovers any facts bearing on this Declaration, this Declaration will be supplemented and those facts will be disclosed to the Court at the earliest opportunity.

20. Pursuant to 28 U.S.C. §1746(2), I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 20, 2022.

*/s/ Vickie L. Driver*
Vickie L. Driver