IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ALEXANDER E. JONES | § | Case No. 22-33553 |
| | § | |
| Debtor. | § | |
| | § | (Joint Administration Requested) |

**DEBTOR'S EMERGENCY MOTION FOR ORDER UNDER 11 U.S.C.
§§ 105(A) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM
ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF
PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS
ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING
PROCEDURES FOR RESOLVING REQUESTS BY UTILITY
COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**EMERGENCY RELIEF IS REQUESTED NOT LATER THAN JANUARY 15, 2023.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Alexander E. Jones ("<u>Jones</u>" or "<u>Debtor</u>"), debtor and debtor-in-possession in the above-referenced Chapter 11 case, file this *Debtor's Emergency Motion for an Order Under 11 U.S.C. §§ 105(a) and 366 (I) Prohibiting Utility Companies From Altering or Discontinuing Service on Account of Prepetition Invoices, (II) Approving Deposit Account as Adequate Assurance of Payment, and (III) Establishing Procedures for Resolving Requests by Utility Companies for Additional Adequate Assurance of Payment* (the "<u>Motion</u>") and in support thereof, respectfully represents as follows:

## I.    <u>JURISDICTION AND VENUE</u>

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.    <u>BACKGROUND FACTS</u>

2.      On December 2, 2022, Debtor filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Debtor is an employee of Free Speech Systems, LLC ("FSS") (FSS collectively with Jones, "Debtors"). FSS filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 29, 2022. Jones owns 100% of the outstanding membership interests in FSS. Debtors' cases are collectively referred to as the "Chapter 11 Cases".

3.      Jones continues in possession of his holdings and is managing as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. An official committee of unsecured creditors has been appointed in this Chapter 11 Case.  No trustee or examiner has been requested or appointed in this Chapter 11 Case.

4.      A more detailed description of the Debtor and his business, the facts and circumstances leading up to the filing of this Chapter 11 Case, and the facts supporting the Motion are set forth in greater detail in *Debtor's Initial Status Report* (Doc. No. 21).

5.      Debtor has relationships with utility companies and other providers (each a "<u>Utility Company</u>" and, collectively, the "<u>Utility Companies</u>") for the provision of electric, water, natural gas, trash removal, cellular telephone, internet services, and similar utility products and services (collectively, the "<u>Utility Services</u>") at his various properties. The Utility Companies include, without limitation, the entities set forth on the list attached hereto as **<u>Exhibit A</u>**.[1]

6.      The average monthly amount owed to the Utility Companies is approximately $4,675.00. Debtor owes certain insubstantial amounts to Utility Companies as of the Petition Date for prepetition Utility Services due to the timing of the Petition Date in relationship to the Utility Companies' billing cycles. Debtor is also aware of Utility Services that have been invoiced to Debtor for which payment is not yet due and Utility Services that have been provided since the end of the last billing cycle but not yet invoiced to Debtor.

### III.     RELIEF REQUESTED

7.      Debtor respectfully requests, pursuant to Bankruptcy Code §§ 105(a) and 366, the entry of an interim order (i) prohibiting the Utility Companies from altering or discontinuing service on account of unpaid prepetition invoices, (ii) establishing the Procedures (as defined below) for resolving any disputes regarding requests for adequate assurance of payment, and (iii)

---

[1] While Debtor have used his best efforts to list their Utility Companies in Exhibit A, Debtor may have inadvertently omitted certain Utility Companies from Exhibit A. Accordingly, Debtor request that he be authorized, without further order of the Court, to amend Exhibit A to add any Utility Companies that were omitted therefrom and that the relief requested herein apply to all such entities added to Exhibit A. In addition, Debtor reserves the right to argue that (a) any of the entities now or hereafter listed in Exhibit A is not a "<u>utility</u>" within the meaning of Bankruptcy Code § 366, and (b) any such entity is compelled by contractual obligation, state or local law, or otherwise, to continue to furnish services to Debtor notwithstanding the filing of the Chapter 11 Case.

scheduling a final hearing on the Motion (the "Final Hearing") within thirty (30) days of entry of the Interim Order.

8.      Uninterrupted Utility Services are essential to Debtor's individual well-being, as well as his children's, and the continued operations of Debtor's businesses. If the Utility Companies refuse or discontinue service, even for a brief period, Debtor's business operations would be severely disrupted and his family and properties would be left at risk. If such disruption occurred, the impact on Debtor's business and revenue would be extremely harmful and would jeopardize Debtor's efforts to reorganize. It is critical that Utility Services continue uninterrupted and that the relief in this Motion be granted.

9.      By this Motion, Debtor seeks to respect the protections that the Utility Companies have under the Bankruptcy Code, while affording Debtor an opportunity to provide and negotiate adequate assurance without facing the threat of imminent termination of Utility Services. In particular, Debtor requests approval of certain procedures that balance the protections afforded the Utility Companies under Bankruptcy Code § 366 and Debtor's need for continuous and uninterrupted Utility Services.

## A.      Proposed Adequate Assurance

10.     Debtor anticipates that the cash flow from his ongoing business operations will be sufficient to allow Debtor to pay post-petition obligations owed to the Utility Companies in a timely manner. Nevertheless, to provide additional adequate assurance of payment for future Utility Services, Debtor will deposit **$2,488.00**, a sum approximately equal to 50% of Debtor' estimated monthly cost of his Utility Services, into a separate, segregated, interest-bearing account, that will be established and funded within twenty business days after entry of an Interim Order on this Motion (the "Utility Deposit Account"). Debtor will maintain the Utility Deposit Account with a minimum balance equal to 50% of Debtor's estimated monthly cost of Utility Services from

Utility Companies without an Existing Utility Deposit Account, which may be adjusted by Debtor to account for the termination of Utility Services by Debtor or other arrangements with respect to adequate assurance of payment reached with individual Utility Companies. Debtor will also maintain any and all existing utility deposits, if any.

11.     Debtor further proposes that to the extent Debtor becomes delinquent with respect to post-petition payment for Utility Services from a Utility Company, such Utility Company may file a notice of delinquency (a "Delinquency Notice") with the Court and serve such Delinquency Notice on (a) Debtor, (b) counsel to Debtor, (c) counsel to the official committee of unsecured creditors, and (d) the United States Trustee for the Southern District of Texas (each, a "Party in Interest"). Debtor proposes that if such delinquency is not cured and no Party in Interest has objected to the Delinquency Notice within ten days of the receipt of the Delinquency Notice, then, with respect to Utility Companies that do not have an existing utility deposit Debtor will (i) remit to such Utility Company from the Utility Deposit Account the lesser of (a) the amount allocated in the Utility Deposit Account for such Utility Company's account and (b) the amount of post-petition charges claimed as delinquent in the Delinquency Notice, and (ii) replenish the Utility Deposit Account for the amount remitted to such Utility Company. With respect to Utility Companies that have an existing utility deposit, (i) the Utility Company will be permitted to draw down on the deposit up to the amount of the post-petition charges claimed as delinquent and (ii) Debtor shall replenish the deposit the amount drawn down by the Utility Company to cover the delinquent post-petition charges.

12.     Debtor represents that the Utility Deposit Account and any existing deposits, together with Debtor's ability to pay for future Utility Services in the ordinary course of business, provides sufficient adequate assurance to the Utility Companies.

**DEBTOR'S EMERGENCY UTILITY MOTION - Page 5**

**B.     The Additional Adequate Assurance Procedures**

13.     Notwithstanding the foregoing proposed adequate assurance, Debtor anticipates that certain Utility Companies may not find the Utility Deposit Account and the existing deposits, together with Debtor's ability to pay for future Utility Services in the ordinary course of business satisfactory and, thus, may request additional adequate assurance of payment pursuant to Bankruptcy Code § 366(c)(2). Accordingly, Debtor proposes the following procedures (the "Procedures") for the Utility Company to make additional requests for adequate assurance:

(a)     If a Utility Company is not satisfied with the assurance of future payment provided by Debtor, the Utility Company must file and serve an objection setting forth: (i) the location(s) for which Utility Services are provided; (ii) the account number(s) for such location(s); (iii) the outstanding balance for each account; (iv) the amount of any deposit(s) made by the Debtor prior to the Petition Date; (v) a summary of Debtor's payment history in each account; and (vi) any argument as to why the Utility Company has not been provided adequate assurance of payment (an "Objection").

(b)     The Court will schedule a hearing on the Motion (the "Hearing Date") for the purpose of considering any Objections;

(c)     Any Objection by a Utility Company listed on Exhibit A must be served upon, and actually received by, (i) Debtor's counsel, Crowe & Dunlevy, PC, 2525 McKinnon Ave, Suite 425, Dallas, Texas 75201, Attn: Vickie L. Driver, by no later than seven (7) days prior to the Hearing Date. Debtor may file and serve a reply to any such Objection on or before the date that is two (2) days prior to the Hearing Date.

(d)     Without further order of the Court, Debtor may enter into agreements granting additional adequate assurance to a Utility Company serving a timely Objection, if Debtor in his discretion determine that the Objection is reasonable.

(e)     If Debtor discovers the existence of a Utility Company not listed on Exhibit A, Debtor shall, within two (2) business days after discovering the existence of such Utility Company, (i) file a supplement to Exhibit A which supplement shall identify the Utility Company and either the amount of the existing security deposit held by the Utility Company or the additional amount of the adequate assurance deposit Debtor proposes to place in the Utility Deposit Account, and (ii) serve such Utility Company with notice of entry and a copy of the Interim Order.

(f)     In the event that a Utility Company not listed on Exhibit A objects to Debtor's proposal to provide adequate assurance of payment, such Utility Company must file and serve on counsel for Debtor an Objection within fourteen (14) days after

the date upon which it receives notice of entry of the Interim Order. A hearing on such Objection will be set by the Court no sooner than seven (7) days after the date upon which such Objection has been filed. Debtor may file and serve a reply to any such Objection on or before the date that is two (2) days prior to such hearing date.

(g) All Utility Companies will be deemed to have received adequate assurance of payment in accordance with Bankruptcy Code § 366, without the need for an additional deposit or other security, until this Court enters an order to the contrary. Any Utility Company that fails to make a timely Request shall be deemed to be satisfied that the Utility Deposit Account provides adequate assurance of payment for future services within the meaning of Bankruptcy Code § 366(c)(2).

14.     The Procedures provide a fair, reasonable, and orderly mechanism for the Utility Companies to seek additional adequate assurance, while temporarily maintaining the status quo for the benefit of all stakeholders.

## IV.     BASIS FOR RELIEF REQUESTED

15.     Bankruptcy Code § 366 provides that:

Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

11 U.S.C. § 366(a).

16.     Congress intended Bankruptcy Code § 366 to protect debtors from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate assurance that the debtor will pay for post-petition services. *See* H.R. Rep. No. 95-595, at 350 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306; *see also Jones v. Boston Gas Co. (In re Jones)*, 369 B.R. 745, 748 (B.A.P. 1st Cir. 2007) ("The purpose of § 366 is 'to prevent the threat of termination from being used to collect pre-petition debts while not forcing the utility to provide services for which it may never be paid.'") (quoting *Begley v. Phila. Elec. Co. (In re Begley)*, 760 F.2d 46, 49 (3d Cir. 1985)). The relief requested in this Motion is consistent with this policy.

**DEBTOR'S EMERGENCY UTILITY MOTION - Page 7**

17.    Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), courts, commentators, and legislative history had all confirmed that Bankruptcy Code § 366 does not require, in every case, that the debtor provide a deposit or other security to its utilities as adequate assurance of payment. *In Virginia Electric & Power Co. v. Caldor, Inc.-NY*, 117 F.3d 646, 647 (2d. Cir. 1997), the United States Court of Appeals for the Second Circuit affirmed the bankruptcy court's ruling that the debtor's prepetition payment history, its postpetition liquidity, and the administrative expenses afforded postpetition invoices constituted adequate assurance of future performance. The court rejected the argument that Bankruptcy Code § 366(b) nevertheless requires a "deposit or other security."

18.    A bankruptcy court's authority to "modify" the level of the "deposit or other security," provided for under Bankruptcy Code § 366(b) includes the power to require no "deposit or other security" where none is necessary to provide a utility with "adequate assurance of payment." *Id*. at 650; *see also Shirey v. Phila. Elec. Co. (In re Shirey)*, 25 B.R. 247, 249 (Bankr E.D. Pa. 1982) ("[S]ection 366(b). . . does not permit a utility to request adequate assurance of payment for continued service unless there has been a default by the debtor on a prepetition debt owed for services rendered").

19.    In BAPCPA, Congress added Bankruptcy Code § 366(c). Bankruptcy Code § 366(c) provides that in a Chapter 11 case, a utility company may alter, refuse, or discontinue utility service if, within thirty (30) days after commencement of the Chapter 11 case, the utility company does not receive adequate assurance in a form "satisfactory" to the utility company, subject to the Court's ability to modify the amount of adequate assurance. In making a determination of whether an assurance of payment is adequate, the Court may no longer consider

(i) the absence of security before the petition date, (ii) the debtor's history of timely payments or (iii) the availability of an administrative expense priority.

20.     While the form of adequate assurance may be limited under Bankruptcy Code § 366(c), the amount of the deposit or other form of security remains fully within the reasonable discretion of the Bankruptcy Court, and Bankruptcy Code § 366(c) does not require a guarantee of payment. In *In re Adelphia Business Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D. N.Y. 2002), the Bankruptcy Court for the Southern District of New York stated that "[i]n determining adequate assurance, a bankruptcy court is not required to give a utility company the equivalent of a guaranty of payment, but must only determine that the utility is not subject to an unreasonable risk of nonpayment for post-petition services." The essence of the Court's inquiry is an examination of the totality of the circumstances in making an informed judgment as to whether utilities will be subject to an unreasonable risk of nonpayment. *Id.* at 82-83; *see In re Anchor Glass Container Corp.,* 342 B.R. 872, 875 (Bankr. M.D. Fla. 2005).

21.     The Utility Deposit Account and the any existing deposits provide the Utility Companies with ample adequate assurance of future payment under Bankruptcy Code § 366(c). In addition, Debtor has significant incentives to stay current on his Utility Service obligations as they come due because of his reliance on the Utility Services for his family's wellbeing and the operation of his businesses.  These factors, which the Court may – and should – consider when determining the amount of any adequate assurance provided, justify a finding that the Utility Deposit Account and any existing deposits are more than sufficient to assure the Utility Companies of future payments.

22.     Despite the adequate assurance of future payment described above, Debtor proposes to protect the Utility Companies further by establishing the Procedures for requesting

additional adequate assurance. Separate negotiations with each of the Utility Companies would be time-consuming and unnecessarily divert Debtor from other critical tasks related to the operation of his businesses and the restructuring. This is especially true given the fact that Debtor owns multiple real estate properties, all of which have separate utility arrangements. Further, if individual negotiations were required and Debtor was to fail to reach early agreements with each Utility Company, Debtor would likely have to file further motions seeking expedited determinations as to adequate assurance or risk service termination.

23.     The relief requested in the Motion preserves the status quo and ensures continued Utility Services, while providing a prompt forum for the resolution of any dispute as to adequate assurance. Bankruptcy Code § 105(a) authorizes the Bankruptcy court to enter "any order . . . that is necessary or appropriate to carry out the provisions of this title." Because the proposed Procedures protect Debtor without materially prejudicing the Utility Companies, the Procedures are fully consistent with the requirements of Bankruptcy Code § 366 and appropriate under Bankruptcy Code § 105(a).

24.     Courts in this and other jurisdictions have granted similar relief in Chapter 11 cases following the enactment of BAPCPA. *See* e.g. In re *SAS Healthcare, Inc.*, Case No. 19-40401 (MXM) (Bankr. N.D. Tex. Feb. 6, 2019) (approving adequate assurance in the form of a deposit equal to two weeks' estimated utility costs); In re *Senior Care Centers, LLC*, Case No. 18-33967 (BJH) (Bankr. N.D. Tex. December 28, 2018) (approving adequate assurance in the form of a deposit equal to two weeks' estimated utility costs); In re *Preferred Care Inc.*, Case No. 17-44642 (MXM) (Bankr. N.D. Tex. Dec. 4, 2017) (approving adequate assurance in the form of a deposit equal to the combined average monthly bill for the last 3 months); In re *Erickson Incorporated*, Case No. 16-34393 (HDH) (Bankr. N.D. Tex. Dec. 5, 2016) (approving adequate assurance in the

form of a deposit of $100,000 to be adjusted to maintain a minimum balance equal to 50% of estimated monthly utility costs); and In re *Forest Park Medical Center at Southlake, LLC*, Case No. 16-40273 (RFN) (approving adequate assurance in the form of a deposit of $35,030 to be adjusted to maintain a minimum balance equal to 50% of estimated monthly utility costs). The present circumstances warrant similar relief in this Chapter 11 Case.

## V.     REQUEST FOR WAIVER OF STAY

25.     To the extent that the relief sought in the Motion constitutes a use of property under Bankruptcy Code § 363(b), Debtor seeks a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h). Further, to the extent applicable, Debtor requests that the Court find that the provisions of Bankruptcy Rule 6003 are satisfied. As explained herein, the relief requested in this Motion is immediately necessary for Debtor to be able to continue to operate his businesses and preserve the value of the estate.

## VI.     NOTICE

26.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the Utility Companies; (iii) any party whose interests are directly affected by this specific pleading; (iv) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (v) counsel for any official committees appointed by this Court; and (vi) the 20 largest unsecured creditors of each of Debtor. No other or further notice need be provided.

WHEREFORE Debtor respectfully request that the Court (i) grant the Motion and (ii) grant such other and further relief as is just and proper.

Dated: December 21, 2022

**CROWE & DUNLEVY, P.C.**

By: */s/ Christina W. Stephenson*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone: 737-218-6187
Email: dallaseservice@crowedunlevy.com

**PROPOSED COUNSEL FOR THE DEBTOR**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was served upon the parties listed on the attached service list via e-mail, U.S. Mail, and/or electronic transmission via the Court's ECF noticing system on this 21st day of December, 2022.

*/s/ Christina W. Stephenson*
Christina W. Stephenson

**Exhibit A**

**Utility Companies**

| BCA Property | | | |
|---|---|---|---|
| Serve Provided | Provider Name | Account Number (if applicable) | Average Monthly Cost |
| Electric | City of Austin | | $1,500.00 |
| Gas | Texas Gas Service | XXXXXXXXXXXX79 82 | $150.00 |
| Water | Travis County MUD 3 | XXXXXXXXXXX2003 | $300.00 |
| Trash | Texas Disposal Systems | XXXXXXXXXXXXXXXXXX5318 | $200.00 |
| WiFi, Cable, and Voice | Spectrum | XXXXXXXXXXXXXXX0374 | $385.00 |
| Streaming Platforms | Netflix, Hulu, HBOmax, Firestick | | $215.00 |
| | | **Total:** | **$2,750.00** |

| Condominiums Nos. 3, 5, 6 | | | |
|---|---|---|---|
| Serve Provided | Provider Name | Last Four Digits of Account Number(s) (if applicable) | Average Monthly Cost |
| Electric & Trash | City of Austin | | $200.00 |
| Gas | Texas Gas Service | Unit 3: Will Supplement<br>Unit 5: 5027<br>Unit 6: 5145 | $150.00 |
| Water | High Gabriel Water Treatment (d/b/a Texas Water) | Unit 3: 8003<br>Unit 5: 8005<br>Unit 6: 8006 | $400.00 |
| WiFi and Cable | Spectrum | | $600.00 |
| | | **Total:** | **$1,350.00** |

**DEBTOR'S EMERGENCY UTILITY MOTION  - Page 13**

| Lake Property | | | |
|---|---|---|---|
| Serve Provided | Provider Name | Account Number (if applicable) | Average Monthly Cost |
| Water and Trash | Travis County WCID 17 | | $40.00 |
| WiFi and Cable | Spectrum | | $200.00 |
| | | **Total:** | **$240.00** |

| Miscellaneous | | | |
|---|---|---|---|
| Serve Provided | Provider Name | Account Number (if applicable) | Average Monthly Cost |
| Cell Phone | AT&T | | $335.00 |
| Radio | Sirius | | $300.00 |
| | | **Total:** | **$635.00** |

| Category | Total Monthly Cost |
|---|---|
| Barton Creek Property | $2,750.00 |
| Condominiums | $1,350.00 |
| Back of the Moon Property | $240.00 |
| Miscellaneous | $635.00 |
| **TOTAL** | **$4,975.00** |

**<u>Exhibit B</u>**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **ALEXANDER E. JONES** | § | Case No. 22-33553 |
| | § | |
| Debtor. | § | |
| | § | **(Joint Administration Requested)** |

**INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(A) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT**

On _____, 2022, the Court conducted a hearing to consider the *Debtor's Emergency Motion for an Order Under 11 U.S.C. §§ 105(a) and 366 (I) Prohibiting Utility Companies From Altering or Discontinuing Service on Account of Prepetition Invoices, (II) Approving Deposit Account as Adequate Assurance of Payment, and (III) Establishing Procedures for Resolving Requests by Utility Companies for Additional Adequate Assurance of Payment* (the "Utility Motion"),[1] filed by the above-captioned Debtor Alexander E. Jones ("Debtor"). The Court finds that: (i) it has jurisdiction over the matters raised in the Utility Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Utility Motion is in the best interests of the Debtor, his estate, and his creditors; (iv) proper and adequate notice of the Utility Motion has been given and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Therefore,

IT IS HEREBY ORDERED THAT:

1.      The Utility Motion is GRANTED on an interim basis.

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to such terms in the Motion.

**INTERIM ORDER GRANTING DEBTOR'S EMERGENCY UTILITY MOTION - Page 1**

2.      Except in accordance with the procedures set forth below, absent further order of the Court, each Utility Company is prohibited from (a) altering, refusing, or discontinuing service to, or discriminating against the Debtor solely on the basis of the commencement of the Chapter 11 Case or on account of any unpaid invoice for services provided before the Petition Date and (b) requiring the payment of a deposit or other security in connection with the Utility Companies' continued provision of Utility Services, other than the establishment of the Utility Deposit Account.

3.      Debtor is authorized and directed to establish the Utility Deposit Account and shall deposit **$2,488.00** into the Utility Deposit Account for the purpose of providing Utility Companies without an existing utility deposit adequate assurance of payment for postpetition Utility Services provided to Debtor. Debtor shall maintain the Utility Deposit Account with a minimum balance equal to 50% of the Debtor's estimated monthly cost of Utility Services, which Debtor may adjust to account for the termination of Utility Services by Debtor or other arrangements with respect to adequate assurance of payment reached with any Utility Company.

4.      To the extent Debtor becomes delinquent with respect to a Utility Company's account, such Utility Company shall file a Delinquency Notice with the Court and serve such Delinquency Notice on (a) Debtor, (b) counsel to Debtor, (c) counsel to the official committee of unsecured creditors, and (d) the United States Trustee for the Southern District of Texas (each, a "Party in Interest"). If Debtor has not cured such delinquency or no Party in Interest has objected to the Delinquency Notice within ten (10) days of the receipt of the Delinquency Notice, then with respect to Utility Companies that do not have an existing utility deposit Debtor will (i) remit to such Utility Company from the Utility Deposit Account the lesser of (a) the amount allocated in the Utility Deposit Account for such Utility Company's account and (b) the amount of postpetition charges claimed as delinquent in the Delinquency Notice, and (ii) replenish the Utility Deposit

**INTERIM ORDER GRANTING DEBTOR'S EMERGENCY UTILITY MOTION - Page 2**

Account for the amount remitted to such Utility Company. With respect to Utility Companies that have an existing utility deposit, (i) the Utility Company will be permitted to draw down on the existing utility deposit up to the amount of the postpetition charges claimed as delinquent and (ii) Debtor shall replenish the deposit the amount drawn down by the Utility Company to cover the delinquent postpetition charges.

5.      The following procedures are hereby approved:

a.  If a Utility Company is not satisfied with the assurance of future payment provided by Debtor, the Utility Company must file and serve an objection setting forth: (i) the location(s) for which Utility Services are provided; (ii) the account number(s) for such location(s); (iii) the outstanding balance for each account; (iv) the amount of any deposit(s) made by Debtor prior to the Petition Date; (v) a summary of the Debtor's payment history in each account; and (vi) any argument as to why the Utility Company has not been provided adequate assurance of payment (an "Objection").

b.  The Court has scheduled a hearing on the Motion for the purpose of considering any Objections;

c.  Any Objection by a Utility Company listed on Exhibit A must be served upon, and actually received by, (i) the Debtor's counsel, Crowe & Dunlevy, PC, 2525 McKinnon Ave, Suite 425, Dallas, Texas 75201, Attn: Vickie L. Driver, by no later than seven (7) days prior to the Hearing Date. Debtor may file and serve a reply to any such Objection on or before the date that is two (2) days prior to the Hearing Date.

d.  Without further order of the Court, Debtor may enter into agreements granting additional adequate assurance to a Utility Company serving a timely Objection, if Debtor in his discretion determines that the Objection is reasonable.

e.  If the Debtor discovers the existence of a Utility Company not listed on Exhibit A, the Debtor shall, within two (2) business days after discovering the existence of such Utility Company, (i) file a supplement to Exhibit A which supplement shall identify the Utility Company and either the amount of the existing security deposit held by the Utility Company or the additional amount of the adequate assurance deposit the Debtor proposes to place in the Utility Deposit Account, and (ii) serve such Utility Company with notice of entry and a copy of this Interim Order.

f.  In the event that a Utility Company not listed on Exhibit A objects to the Debtor's proposal to provide adequate assurance of payment, such Utility Company must file and serve on counsel for the Debtor an Objection within fourteen (14) days after the date upon which it receives notice of entry of the Interim Order. A hearing on such Objection will be set by the Court no sooner than seven (7) days after the date

**INTERIM ORDER GRANTING DEBTOR'S EMERGENCY UTILITY MOTION - Page 3**

upon which such Objection has been filed. The Debtor may file and serve a reply to any such Objection on or before the date that is two (2) days prior to such hearing date.

g.  All Utility Companies will be deemed to have received adequate assurance of payment in accordance with Bankruptcy Code § 366, without the need for an additional deposit or other security, until this Court enters an order to the contrary. Any Utility Company that fails to make a timely Request shall be deemed to be satisfied that the Utility Deposit Account provides adequate assurance of payment for future services within the meaning of Bankruptcy Code § 366(c)(2).

6.    In the event that no timely Objections are filed, this Interim Order shall be deemed a Final Order and immediately effective as a Final Order, without further notice or hearing on the Motion.

7.    The Debtor shall serve this Interim Order upon each of the Utility Companies listed on Exhibit A to the Motion, at the addresses listed thereon, by first-class mail, postage prepaid, promptly after the entry of this Order.

8.    The inclusion or exclusion of any entity on or from Exhibit A to the Motion or on or from any amended Exhibit A shall not constitute an admission that such entity is or is not a "utility" within the meaning of Bankruptcy Code § 366. This Order specifically reserves the Debtor's right to argue that (a) any of the entities listed on Exhibit A to the Motion or any amended Exhibit A is not a "utility" within the meaning of Bankruptcy Code § 366, and (b) any such entity is compelled by contractual obligation, federal, state or local law, or otherwise, to continue to furnish services to the Debtor notwithstanding the Debtor's filing of the Chapter 11 Case.

9.    Nothing in this Order or the Utility Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Company as provided by Bankruptcy Code §§ 362 and 365 or other applicable law and nothing herein or in the Motion shall constitute postpetition assumption or adoption of any agreement pursuant to Bankruptcy Code § 365. Nothing in this Order shall be deemed a waiver by the Debtor or any other party of any right with respect to the assumption or rejection of an executory contract.

**INTERIM ORDER GRANTING DEBTOR'S EMERGENCY UTILITY MOTION - Page 4**

10.     Debtor is authorized to pay on a timely basis in accordance with his prepetition practices all undisputed invoices in respect of prepetition and postpetition Utility Services rendered by the Utility Companies to Debtor.

11.     To the extent applicable, the requirements of Bankruptcy Rule 6004(a) are waived.

12.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

13.     This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

### ### END OF ORDER ###

Order prepared by:

**CROWE & DUNLEVY, P.C.**

By: */s/ Christina W. Stephenson*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone: 737-218-6187
Email: dallaseservice@crowedunlevy.com

**PROPOSED COUNSEL FOR THE DEBTOR**