**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ALEXANDER E. JONES | ) | CASE NO. 22-33553 |
| | ) | |
| DEBTOR. | ) | (CHAPTER 11) |
| | ) | |
| | ) | JUDGE CHRISTOPHER M. LOPEZ |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF JORDAN & ORTIZ,
P.C. AS DEBTOR CO-COUNSEL EFFECTIVE AS OF THE
PETITION DATE**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE
MOTION, YOU SHOULD IMMEDIATELY ACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF
YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY
TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE
DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD
NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED
WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED
AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE,
THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT
THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHIRS LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

ALEX E. JONS, above-captioned debtor and debtor in possession (the "**Debtor**") hereby

files this application (the "**Application**") for entry of an order, substantially in the form of

**Exhibit A** attached hereto (the "**Proposed Order**"), pursuant to sections 327(a), 328(a), 329, and

330 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016(a)

of Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), authorizing the employment

and retention of Jordan & Ortiz, P.C. (the "Firm" or "J&O") as co-counsel to the Debtor. The

Debtor relies upon and incorporates by reference the *Declaration of Shelby A. Jordan in*

*Support of Application for Entry of an Order Authorizing the Retention and Employment of Jordan & Ortiz, P.C. as Debtor Co-Counsel Effective as of the Petition Date* (the "**Jordan Declaration**"), attached hereto as **Exhibit B**, and respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). The Debtor consents to entry of a final order under Article III of the United States Constitution.

2.      Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3.      The  statutory predicates for  the relief requested herein are Bankruptcy Code sections  327(a), 329, 330, 331, 1107, 1108 and 105(a), and Bankruptcy Rules of Procedure 2014-1, 2016-1 and 9013-1.

## BACKGROUND

4.      On  December 2, 2022 (the "**Petition Date**"),  the  Debtor  filed  a  voluntary petition in this Court commencing a case for relief of chapter 11 of the Bankruptcy Code (the "**Case**").

5.      The Debtor is an individual that produces and hosts a streaming TV and radio show based in Austin Texas known as the Alex Jones Show in conjunction with an entity he owns Free Speech Systems, LLC, also a Debtor in Possession in this Court.

6.      The  Debtor  is  currently  a  debtor  in  possession  and  continues  to  operate  his broadcasts and assist in managing his business as debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

**RELIEF EQUESTED**

7.      By this Application, the Debtor seeks to employ and retain J&O, beginning December 2, 2022 (the "Petition Date") to represent the Debtor as his co-counsel in connection with this Case. Accordingly, the Debtor respectfully requests entry of an order, pursuant to Bankruptcy Code section 327(a), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtor to employ and retain J&O as co-counsel in the Case under the terms and conditions set forth therein and herein, and pursuant to the provisions of the Bankruptcy Code.

**BASIS FOR RELIEF**

8.      Subject to the Court's approval, J&O will serve as general bankruptcy co-counsel along with Crowe & Dunlevy ("C&D") in connection with the Debtor's Chapter 11 Case. J&O has previously served in large and high profile Chapter 11 cases as co-counsel and understands the need to provide a division of work and functions to avoid duplication of efforts.

9.      Accordingly, J&O and C&D have agreed to a division of labor substantially similar to the manner which multiple attorneys within the same law firm would handle a similar case. Each firm is aware of the need to avoid duplications of effort and have taken steps to minimize the degree to which their services will overlap. C&D will be primarily responsible for the day to day management of the case, and all routine activities typical to the Chapter 11 Case. J&O will provide legal advice regarding bankruptcy and chapter 11 strategy for the Chapter 11 Case and implementation of that strategy. J&O will allocate primary responsibility as appropriate for drafting pleadings, preparing briefs and demonstratives, and handling contested matters and meetings with the Debtor and opposing counsel. For certain matters it will be necessary to involve

more than one lawyer and J&O will jointly handle such matters, mindful of the need to avoid duplication whenever possible.

10.     The Debtor seeks to retain J&O as their co-counsel because of J&O's extensive legal experience and knowledge, and in particular, its recognized expertise in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, its expertise, experience, and knowledge in practicing before the Southern District of Texas Bankruptcy and District Courts, its proximity to this Court, and its ability to respond quickly to emergency hearings and other matters in this Court. Further, J&O's appearance before this Court for the applications, motions, and other matters in the Case will be efficient and cost-effective for the Debtor's estate. The Debtor believes that J&O is both well-qualified and uniquely able to represent the Debtor as his co-counsel in this Chapter 11 case, pursuant to Section 327(a) of the Bankruptcy Code.

11.     J&O's services are necessary to enable the Debtor to faithfully execute its duties as debtor and debtor in possession. Subject to court approval, the professional services that J&O will be required to render, shall include (but shall not be limited to):

- taking all necessary action to protect and preserve the estate of the Debtor, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

- aiding in financial data retrieval and coordination of transparency of both historical, current and future financial, business and asset transactions, banking and credit transactions, location, inventory, cataloging of assets, and exploration of income generating opportunities as well as the authorized disposition of the Debtor's assets, by sale or otherwise;

- providing legal advice with respect to the Debtor's powers and duties as debtor in possession in the continued operation of their business;

- preparing on behalf of the Debtor, as debtor in possession, necessary motions, applications, answers, orders, reports, and other legal papers in connection with the administration of the Debtor's estate;

- appearing in court and protecting the interests of the Debtor before this Court;

- assisting with any litigation, whether adversary proceedings or contested matters or related pending, or removed state court proceedings, including discovery responses;

- take all necessary or appropriate actions in connection with any plan of reorganization and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtor's estate;

- reviewing all pleadings filed in the Case; and

- performing all other legal services in connection with the Case as may reasonably be required.

12.     It is necessary that the Debtor employ attorneys to render the foregoing professional services.  J&O has stated its desire and willingness to act in the Case and render the necessary professional services as attorneys for the Debtor.

13.     Prior to the Petition Date, and as set forth in more detail above, the Debtor retained J&O to provide assist in bankruptcy and restructuring advice, including assisting in the preparation of the requisite petitions, pleadings, exhibits, and lists in connection with the commencement of the Case, as well as advice regarding practice and procedure before this Court. The Debtor believes J&O has the necessary background to represent the Debtor effectively and efficiently in the Case particularly in light of the coordination and assistance of C&D.  J&O is familiar with the Debtor's affairs and many of the potential issues which may arise in the Case, and has certain institutional knowledge that has been obtained by the representation of the Debtor for a year prior to the Petition Date.

13.     Representation for the purposes delineated above is in accordance with Bankruptcy Code section 327(a). Section 327(a) provides for the appointment of counsel where the proposed counsel does not possess any interest materially adverse to the debtor with regard to the matters that will be handled by counsel and where counsel are disinterested persons.

14.     To the best of the Debtor's knowledge, and except as disclosed in this Application and in the Jordan Declaration, J&O does not hold or represent any interest or connection adverse to the Debtor, the estates, creditors, any other party in interest, or his respective attorneys or accountants.  J&O is a "disinterested person" as defined in the Bankruptcy Code.

15.     To the extent that J&O determined to have a conflict with respect to a particular client or matter as it related to the Case, the Debtor will utilize first co-counsel and as necessary separate conflicts counsel as necessary. In addition, to the extent necessary and appropriate, J&O will implement an ethical wall, screening its attorneys working on any such matters from interacting with attorneys working on the Case.

16.     The Debtor understands that J&O intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court.

17.     In connection with entry into the engagement of J&O, the Debtor agreed that a retainer (the "Retainer") would be applied to J&O's professional fees, charges, and disbursements. The Retainer in the amount of $146,790.16 was paid to J&O on November 30, 2022, through a wire transfer from an account in which the Debtor had an interest.  On the Petition Date there were no fees or expenses due by the Debtor to J&O.  The Retainer will remain in J&O's IOLTA trust account as a post-petition retainer to be applied against post-petition fees and expenses after application to and approval by the Court.

18.     Subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines, and the Orders, the Debtor proposes to pay J&O as summarized in the following chart:

| Attorneys | Rate as of Engagement letter date |
|---|---|
| Shelby A. Jordan | $600.00 |
| Antonio Ortiz | $475.00 |
| **Legal Assistants** | |
| Chrystal Madden | $250.00 |

16.     The Debtor believes that J&O's agreed terms of reimbursement, compensation, and hourly rates are reasonable. J&O will notify the Debtor of any change in the hourly rates charged for services rendered while the Chapter 11 Case is pending.

17.     J&O further intends to jointly file with co-counsel a Motion for an Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Retained Professionals similar to the Motion and Order approved in the affiliate case *In re: Free Speech Systems, LLC*, case # 22-60043 [Dkt# 202].

18.     The Debtor also submits that such rates are reasonable, likely less than most professionals retained by the estate, the committee, or creditor representation and should be approved by this Court at this time, subject to a determination of the amounts to be paid to J&O upon applications for allowance. Moreover, the Debtor, subject to the provisions of the Bankruptcy code, the Bankruptcy Rules, and the Local Rules, proposes to reimburse J&O for its actual and necessary out-of-pocket expenses.

## CONSENT TO FINAL ORDERS ARISING FROM THIS MOTION

19.    The Debtor consents to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## NOTICE

22.    Notice of this Motion shall be provided to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the Office of the Attorney General of Texas; (c) the Debtor's 20 largest unsecured creditors on a consolidated basis; (d) the Internal Revenue Service; and (e) those parties who have requested notice pursuant to Bankruptcy Rule 2002.

23.    The Debtor respectfully submits that such notice is sufficient and that no further notice of this Application is required.

## NO PRIOR REQUEST

24.    No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the respectfully request that the Court enter an order, substantially similar to the form attached as **Exhibit A**, granting (i) the relief requested herein and (ii) such other and further relief as it deems just and proper.

Dated: December 21, 2022

*/s/ Shelby A. Jordan*
SHELBY A. JORDAN
State Bar No. 11016700
S.D. No. 2195
ANTONIO ORTIZ
State Bar No. 24074839
S.D. No. 1127322
***Jordan & Ortiz, P.C.***
500 North Shoreline Blvd., Suite 900

Corpus Christi, TX  78401
Telephone: (361) 884-5678
Facsimile:  (361) 888-5555
Email:  sjordan@jhwclaw.com
           aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com
**PROPOSED CO-COUNSEL FOR DEBTOR**

**CERTIFICATE OF SERVICE**

I certify that on December 21, 2022, a true and correct copy of the foregoing pleading was served upon the parties listed on the attached service list via the Court's ECF system and pursuant to Local Rule 9003-1, via e mail or U.S. mail as follows:

_/s/ Shelby A. Jordan_____
Shelby A. Jordan

**ECF SERVICE LIST**

Raymond William Battaglia on behalf of Creditor Free Speech Systems, LLC
rbattaglialaw@outlook.com, rwbresolve@gmail.com

Marty L Brimmage on behalf of Creditor Carlee Soto Parisi, Carlos M Soto, Creditor Committee Official Committee Of Unsecured Creditors, Creditor David Wheeler , Creditor Donna Soto, Creditor Francine Wheeler, Creditor Ian Hockley, Creditor Jacqueline Barden, Creditor Jennifer Hensel, Creditor Jillian Soto-Marino, Creditor Leonard Pozner, Creditor Marcel Fontaine, Creditor Mark Barden, Creditor Neil Heslin, Creditor Nicole Hockley, Creditor Robert Parker, Creditor Scarlett Lewis, Creditor Veronique De La Rosa, Creditor William Aldenberg, Creditor William Sherlach
mbrimmage@akingump.com, lmonreal@akingump.com;bkemp@akingump.com; apraestholm@akingump.com

Ryan E Chapple on behalf of Creditor Carlee Soto Parisi, Carlos M Soto, Creditor David Wheeler, Creditor Donna Soto, Creditor Francine Wheeler, Creditor Ian Hockley, Creditor Jacqueline Barden, Creditor Jennifer Hensel, Creditor Jillian Soto-Marino, Creditor Mark Barden, Creditor Nicole Hockley, Creditor Robert Parker, Creditor William Aldenberg, Creditor William Sherlach
rchapple@cstrial.com, aprentice@cstrial.com

Richard A. Cochrane on behalf of Creditor Carlee Soto Parisi, Creditor Carlos M Soto, Creditor David Wheeler, Creditor Donna Soto, Creditor Francine Wheeler, Creditor Ian Hockley, Creditor Jacqueline Barden, Creditor Jennifer Hensel, Creditor Jillian Soto-Marino, Creditor Leonard Pozner, Creditor Marcel Fontaine, Creditor Mark Barden, Creditor Neil Heslin, Creditor Nicole Hockley, Creditor Robert Parker, Creditor Scarlett Lewis, Creditor Veronique De La Rosa, Creditor William Aldenberg, Creditor William Sherlach
rcochrane@akingump.com, jlangmack@akingump.com

Vickie L Driver on behalf of Debtor Alexander E. Jones
Vickie.Driver@crowedunlevy.com, elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com

Elizabeth Carol Freeman on behalf of Interested Party Melissa A Haselden
liz@lizfreemanlaw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com; JacksonWalkerLLP@jubileebk.net

Melissa A Haselden
mhaselden@haseldenfarrow.com, haseldenbankruptcytrustee@gmail.com;mhaselden@ecf.axosf s.com;haselden.melissaa.r104367@notify.bestcase.com

Nicholas Lawson on behalf of Creditor Leonard Pozner, Creditor Marcel Fontaine, Creditor Neil Heslin, Creditor Scarlett Lewis, Creditor Veronique De La Rosa

nick.lawson@mhllp.com, patricia.flores@mhllp.com

Jarrod B. Martin on behalf of Creditor Leonard Pozner, Creditor Marcel Fontaine, Creditor Neil Heslin, Creditor Scarlett Lewis, Creditor Veronique De La Rosa
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com; atty_jmartin@bluestylus.com;ginger.davis@chamberlainlaw.com

Avi Moshenberg on behalf of Creditor Leonard Pozner, Creditor Marcel Fontaine, Creditor Neil Heslin, Creditor Scarlett Lewis, Creditor Veronique De La Rosa
avi.moshenberg@mhllp.com, patricia.flores@mhllp.com

Ha Minh Nguyen on behalf of U.S. Trustee US Trustee
ha.nguyen@usdoj.gov

Jayson B. Ruff on behalf of U.S. Trustee US Trustee
jayson.b.ruff@usdoj.gov

Jason Starks on behalf of Creditor Travis County
bkecf@traviscountytx.gov

Christina Walton Stephenson on behalf of Debtor Alexander E. Jones
Crissie.Stephenson@crowedunlevy.com, elisa.weaver@crowedunlevy.com, ecf@crowedunlevy.com

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

Yoshie Valadez on behalf of Creditor Bank of America N.A.
mhtbkanhsselfffilings@mccarthyholthus.com, yvaladez@mccarthyholthus.com