EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| ALEXANDER E. JONES ) | CASE NO. 22-33553 |
| ) | |
| DEBTOR. ) | (CHAPTER 11) |
| ) | |
| ) | JUDGE CHRISTOPHER M. LOPEZ |

**ORDER GRANTING APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF JORDAN & ORTIZ, P.C. AS DEBTOR CO-COUNSEL EFFECTIVE AS OF THE PETITION DATE**

Upon the Application (the "**Application**") of the Debtor for entry of an order (this "**Order**") authorizing the retention and employment of JORDAN & ORTIZ, P.C. (the "Firm" or "J&O") as co-counsel to the Debtor beginning on the Petition Date (the "**Petition Date**"), as more fully described in the Application; the Court having reviewed the Application, and the declaration of Shelby A. Jordan, a shareholder of Jordan & Ortiz, P.C., attached to the Application as **Exhibit B** (the "**Jordan Declaration**"); and the Court being satisfied, based on the representations made in the Application and the Jordan Declaration that J&O is "disinterested" as such term is defined in Bankruptcy Code section 327(a), and that J&O represents no interest adverse to the Debtor's estate; and the Court having found that this matter is a core proceeding pursuant to U.S.C. 157 and §§ 1334 (b); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C § 157(b)(2), and the Court having found that venue of this proceeding and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Application is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and it appearing that proper and adequate notice of the

**EXHIBIT "A"**

Application has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore,

**IT IS ORDERED, ADJUDGED AND DECREED THAT**:

1. The Application is GRANTED as set forth herein.

2. All objections to the entry of this Order, if any and to the extent not withdrawn or settled as reflected in this Order, are overruled.

3. Pursuant to Bankruptcy Code section 327(a), Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtor is authorized to retain and employ J&O as co-counsel in this Case in accordance with J&O's hourly rates and disbursement policies *nunc pro tunc* to the Petition Date.

4. J&O is authorized to render the professional services described in the Application and the Jordan Declaration.

5. J&O shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 328, 330, and 331, and applicable Bankruptcy Rules, and Local Rules, and such other procedures as may be fixed by order of the Court.

6. Notwithstanding anything to the contrary in the Application, J&O will not seek reimbursement of expenses for office supplies, any secretarial charges, or other administrative overtime or overhead charges.

7. J&O shall apply all amounts being held as a retainer towards invoices until the retainer is exhausted prior to seeking reimbursement from the Debtor's estate.

8. Prior to any increase in J&O rates for any individual employed by J&O and providing services in the Case, J&O shall file a supplemental declaration with the Court and provide ten business days' notice to the Debtor, the United States Trustee, and any statutorily

**EXHIBIT "A"**

appointed committee.  The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Debtor has consented to the rate increase.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

9. J&O shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in the Case.

10. This Order is without prejudice to J&O filing jointly with co-counsel a Motion for an Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Retained Professionals similar to the Motion and Order approved in the affiliate case *In re: Free Speech Systems, LLC*, case # 22-60043 [Dkt# 202] which Motion, when filed, will be considered at that time.

11. This Court shall retain jurisdiction over any and all matters arising from the interpretation, implementation, or enforcement of this Order.

# # # END OF ORDER # # #

**Order Submitted by:**

*/s/ Shelby A. Jordan*
SHELBY A. JORDAN
State Bar No. 11016700
S.D. No. 2195
ANTONIO ORTIZ
State Bar No. 24074839
S.D. No. 1127322
**Jordan & Ortiz, P.C.**
500 North Shoreline Blvd., Suite 900
Corpus Christi, TX  78401
Telephone: (361) 884-5678
Facsimile:  (361) 888-5555

Case 22-33553   Document 71-1   Filed in TXSB on 12/21/22   Page 4 of 4
</2>

**EXHIBIT "A"**

Email:  sjordan@jhwclaw.com
aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com
**PROPOSED CO-COUNSEL FOR DEBTOR**

<3>
ORDER GRANTING APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF JORDAN & ORTIZ, P.C. AS DEBTOR CO-COUNSEL EFFECTIVE AS OF THE PETITION DATE – **Page 4**
