**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **ALEXANDER E. JONES** | § | **Case No. 22-33553** |
| | § | |
| Debtor. | § | |
| | § | **(Joint Administration Requested)** |

**MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
<u>RETAINED PROFESSIONALS</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Alexander E. Jones ("<u>Jones</u>" or "<u>Debtor</u>"), debtor and debtor-in-possession in the above-referenced Chapter 11 case, files this motion (the "<u>Motion</u>") pursuant to Sections 105(a) and 331 of the United States Bankruptcy Code and 11 U.S.C. §§ 101 *et. seq.* (the "Bankruptcy Code"), for the entry of an order establishing procedures for interim compensation and reimbursement of expenses for Retained Professionals (hereafter defined). In support of this Motion, the Debtor respectfully represents as follows:

## I.      STATUS OF THE CASE AND JURISDICTION

1.       On December 2, 2022, Debtor filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Debtor is an employee of Free Speech Systems, LLC ("FSS") (FSS collectively with Jones, "Debtors"). FSS filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 29, 2022. Jones owns 100% of the outstanding membership interests in FSS. The Debtors' cases are collectively referred to as the "Chapter 11 Cases."

2.       Jones continues in possession of his holdings and is managing as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. An official committee of unsecured creditors has been appointed in this Chapter 11 Case.  No trustee or examiner has been requested or appointed in this Chapter 11 Case.

3.       This Court has jurisdiction over this Motion under 28 U.S.C.  §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).  Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.       The statutory predicates for the relief requested herein are Section 105(a) and 331 of the Bankruptcy Code.

## II.      BACKGROUND

5.       Jones hosts a syndicated radio and video talk show in Austin, Texas and has done so since age 17. FSS is a single member LLC, 100% owned by Jones, that produces and syndicates much of the show. In addition, FSS offers high-end dietary supplement products, books, t-shirts, and other products, which are solely promoted and advertised by Jones during his radio and streaming video talk shows, for online sale to customers at the Infowars web site.

### III.   <u>RELIEF REQUESTED</u>

6.      Debtor seeks relief pursuant to sections 105(a) and 331 of the Bankruptcy Code, Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "<u>Local Bankruptcy Rules</u>"), establishing an orderly, regular process for allowance and payment of compensation and reimbursement for attorneys and other professionals whose services are authorized by this Court pursuant to Sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to Sections 330 and 331 of the Bankruptcy Code (the "<u>Retained Professionals</u>").

### IV.   <u>RETENTION OF PROFESSIONALS</u>

7.      Debtor will seek to retain case professionals on an as needed basis.  Pursuant to Bankruptcy Code § 331, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days "or more often if the Court permits." 11 U.S.C. § 331.

8.      Debtor hereby requests that the Court enter an Order establishing a procedure for compensating and reimbursing Retained Professionals on a monthly basis.  This procedure will provide (a) the Court and all other parties an effective means to monitor the fees incurred; (b) the Retained Professionals, whose time commitment is expected to be very significant, a means to receive interim payment on account; and (c) the Debtor a means to avoid irregular payments that would result in large depletions of its cash flow.  The procedure requested by Debtor is substantially the same as the Retained Professional compensation procedure requested and granted in FSS's Chapter 11, Subchapter V Case.[1]

---

[1] *In re Free Speech Systems, LLC*; United States Bankruptcy Court for the Southern District of Texas-Houston Division; Case No. 22-60034; Doc. No. 202.

**MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF RETAINED PROFESSIONALS - PAGE 3**

9.     The Debtor proposes that the monthly payment of compensation and reimbursement of expenses of the Retained Professionals to be structured as follows (collectively, the "Compensation Procedures"):

a. Each Retained Professional seeking monthly compensation must submit a monthly fee statement (a "Monthly Fee Statement"), which submission may be via hand delivery, overnight courier, first class mail or e-mail, so as to be received no later than 30 days after the end of the month for which the fees are sought, to the following parties (collectively, the "Notice Parties"):

   i. Proposed Co-Counsel to Debtor, Crowe & Dunlevy, PC, 2525 McKinnon St, Ste. 425, Dallas, TX 75201 (Attn: Vickie L. Driver, dallaseservice@crowedunlevy.com);

   ii. Proposed Co-Counsel to Debtor, Jordan & Ortiz, P.C., 500 North Shoreline Blvd., Suite 900, Corpus Christi, TX  78401 (Attn: Shelby Jordan, sjordan@jhwclaw.com); and

   iii. Any other parties that the Court may designate.

b. Unless otherwise provided in the order authorizing the Retained Professional's retention, each Retained Professional's Monthly Fee Statement, in accordance with Local Bankruptcy Rule 2016-1, shall include (i) a monthly invoice with fee and expense detail that describes the fees and expenses incurred by such Retained Professional, and (ii) any additional information required by the Local Bankruptcy Rules, the Bankruptcy Rules, the Court, or applicable law.

c. Time spent traveling without actively working on the Chapter 11 Case shall be billed at 50% of the professional's normal hourly rate.

d. Any Retained Professional who fails to submit a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement for multiple months provided that separate fee and expense information for each applicable month is provided in the consolidated statement.

e. All Monthly Fee Statements shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and applicable law.

f. Each Notice Party will have 14 days after service of a Monthly Fee Statement to object to such statement (the "Objection Deadline"). Upon the expiration of the Objection Deadline, the Debtor will be authorized to pay each Retained Professional an amount (the "Authorized Payment") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Statement (the "Maximum Payment") and (ii) the aggregate amount of fees and expenses not subject to an unresolved objection pursuant to paragraph 9(g) below.

**MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF RETAINED PROFESSIONALS - PAGE 4**

g.  If any Notice Party objects to a Retained Professional's Monthly Fee Statement, it must serve on the affected Retained Professional and each of the other Notice Parties a written objection (the "Objection") so that it is received on or before the Objection Deadline. Thereafter, the objecting party and the affected Retained Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within 14 days after service of the Objection, or such later date as may be agreed upon by the objecting Notice Party and the affected Retained Professional, the affected Retained Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Authorized Payment made to the affected Retained Professional (the "Incremental Amount") and schedule such matter for hearing on at least 14 days' notice; or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the affected Retained Professional. Failure by a Notice Party to object to a Monthly Fee Statement shall not constitute a waiver of any kind nor prejudice that Notice Party's right to object to any Interim Fee Application (as defined below) subsequently filed by a Retained Professional.

h.  Following the Objection Deadline, each Retained Professional that has not already submitted an electronic bill to the Debtor shall email to dallaseservice@crowedunlevy.com an invoice reflecting amounts then payable pursuant to paragraph 9(f) above.

i.  Each Retained Professional may submit its first Monthly Fee Statement on or before January 16, 2023 and such Monthly Fee Statement shall be for the period from the Petition Date, through and including December 31, 2022.

j.  Upon the four-month period ending May 15, 2023, (each, an "Interim Fee Period"), each of the Retained Professionals will file with the Court and serve on the Notice Parties an application pursuant to sections 330 and 331 of the Bankruptcy Code (an "Interim Fee Application") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by the Retained Professional in its Monthly Fee Statements for the applicable Interim Fee Period, including: (i) any revisions to the fee detail previously submitted with a Monthly Fee Statement; (ii) any consensual resolution of an Objection to one or more Monthly Fee Statements; and (iii) any difference between any amounts owed to the Retained Professional and the Authorized Payments made with respect to the Interim Fee Period. Retained Professionals also will file a notice of opportunity for hearing in accordance with Local Bankruptcy Rule 9013-1(d), which shall be served on the Notice Parties and all parties that have filed a notice of appearance with the Clerk of this Court and requested such notice. To the extent practicable, all Interim Fee Applications will be noticed together to be heard on the same hearing date and with the same objection deadline.

k.  Interim Fee Applications must be filed on or before the 40th day after the end of the Interim Fee Period for which the application seeks allowance of fees and

reimbursement of expenses. An Interim Fee Application must include a basic summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court or required by the Bankruptcy Rules and the Local Bankruptcy Rules. A Retained Professional filing an Interim Fee Application shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and applicable law.

l.  The first Interim Fee Application must be filed on or before May 29, 2023 for the Interim Fee Period from the Petition Date through May 15, 2023. Any objections to an Interim Fee Application (an "Additional Objection") shall be filed with the Court and served upon the affected Retained Professional and the Notice Parties so as to be received on or before the 14th day (or the next business day if such day is not a business day) following the filing and service of the Interim Fee Application, which service may be via e-mail, hand delivery, overnight courier or first class mail. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Retained Professional all requested fees and expenses not previously paid (including any Incremental Amount).

m. Upon allowance by the Court of a Retained Professional's Interim Fee Application, with or without a hearing, Retained Professionals shall email to dallaseservice@crowedunlevy.com an invoice reflecting all allowed, requested fees and expenses not previously paid (including any Incremental Amount). For the avoidance of doubt, Retained Professional shall not be required to include in such invoices fee and expense detail or other information already submitted to the Notice Parties in connection with Monthly Fee Statements or otherwise.

n.  The pendency of an Objection or Additional Objection or the entry of a Court order holding that the prior payment of compensation or the reimbursement of expenses was improper as to a particular Monthly Fee Statement will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless the Court orders otherwise.

o.  There will be no penalties for failing to file a Monthly Fee Statement or an Interim Fee Application in a timely manner; provided, however, that if any Interim Fee Application covers more than a four-month period, the Notice Parties shall have an additional 14 days beyond the period set forth in paragraph 9(l) above to file an Additional Objection.

p.  Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of, or failure to file, an Objection to any Monthly Fee Statement or an Additional Objection to any Interim Fee Application will bind any party in interest or the Court with respect to the final applications for

allowance of compensation and reimbursement of expenses of Retained Professionals.

q.  Any Notice Party may request that a Retained Professional deliver a Monthly Fee Statement or an Interim Fee Application in an electronically searchable format mutually acceptable to the parties.

10.  The procedure proposed herein will enable all parties to closely monitor costs of administration and will enable Debtor to maintain a more level cash flow availability and implement efficient cash management.

11.  Debtor further requests that the Court limit the notice of hearings to consider interim applications to (a) the United States Trustee for the Southern District of Texas; (b) counsel for the Official Unsecured Creditors' Committee, or in the alternative, the 20 largest unsecured creditors; (c) the Debtor's counsel; and (d) all parties requesting notice pursuant to Federal Rule of Bankruptcy Procedure 2002.  Such notice should reach the parties most active in this case and will save the expense of undue duplication and mailing.

## V.    <u>NOTICE</u>

12.  Notice of this Application has been provided to the parties listed on the creditor matrix and all parties requesting notice via ECF. Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## VI.    <u>CONCLUSION</u>

WHEREFORE, Debtor respectfully requests that this Court enter an order granting this Motion and granting such other relief as the Court deems appropriate under the presented facts and circumstances.

Dated:  December 22, 2022

Respectfully submitted,

**CROWE & DUNLEVY, P.C.**

By: */s/ Christina W. Stephenson*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone: 737.218.6187
Email: dallaseservice@crowedunlevy.com

-and-

Shelby A. Jordan
State Bar No. 11016700
S.D. No. 2195
Antonio Ortiz
State Bar No. 24074839
S.D. No. 1127322
**JORDAN & ORTIZ, P.C.**
500 North Shoreline Blvd., Suite 900
Corpus Christi, TX  78401
Telephone: (361) 884-5678
Facsimile:  (361) 888-5555
Email:  sjordan@jhwclaw.com
        aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com

**PROPOSED ATTORNEYS FOR ALEXANDER
E. JONES**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices via the Court's ECF noticing system, the U.S. Trustee's Office, Counsel for the Unsecured Creditors' Committee, and all parties requesting notice pursuant to Rule 2002 on this 22nd day of December, 2022.

*/s/ Christina W. Stephenson*
Christina W. Stephenson