IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 22-33553 |
| | § | |
| ALEXANDER E. JONES | § | (Chapter 11) |
| | § | |
| Debtor. | § | |
| | § | |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF BLACKBRIAR ADVISORS LLC AS
FINANCIAL ADVISOR TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Alexander E. Jones (the "Debtor" or "Jones"), debtor and debtor in possession, submits this application for entry of an order, substantially in the attached form, authorizing the retention and employment of BlackBriar Advisors LLC ("BlackBriar") as financial advisor to the Debtor in connection with this Chapter 11 case effective *nunc pro tunc* to the Petition Date (as defined *infra*) pursuant to 11 U.S.C.A. § 327(a), Fed. R. Bankr. P. 2014 and Local Rule 2014-1, and (b) providing any additional relief required.

The Debtor submits the declaration of Robert Schleizer, a principal at BlackBriar, attached as **Exhibit A** and incorporated by reference (the "Schleizer Declaration"). In further support of this Application, the Debtor respectfully states as follows:

### I. JURISDICTION, VENUE, AND STATUTORY PREDICATES

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought are 11 U.S.C. §§ 327(a), 328(a), Fed. R. Bankr. P. 2014 and Local Rule 2014-1.

### II. BACKGROUND

4. On December 2, 2022 (the "Petition Date"), Debtor Alexander E. Jones filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. The Debtor is an employee of Free Speech Systems, LLC ("FSS"), which filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 29, 2022. Jones owns 100% of the outstanding membership interests in FSS.

6. Jones continues in possession of his holdings and is managing as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. No request has been made for the appointment of a trustee or examiner. An official unsecured creditors' committee was appointed on or about December 13, 2022.

### III. RELIEF REQUESTED

7. By this Application, Jones seeks entry of an order, substantially in the form attached as **Exhibit B,** authorizing the Debtor to retain and employ BlackBriar as financial advisor pursuant

to 11 U.S.C.A. §§ 327(a) and 328(a).

## IV.  QUALIFICATIONS

8. The Debtor seeks to retain BlackBriar because, among other reasons, it is a global leader in providing advisory services in the areas of financial restructuring and bankruptcy reorganization. BlackBriar offers a comprehensive range of reorganization services, including, but not limited to, generating liquidity and managing cash, arranging debtor-in-possession and exit financing, and negotiating with key constituents. BlackBriar's professionals have assisted and advised, and provided strategic advice to, debtors in numerous Chapter 11 cases of similar size.

## V.  SERVICES TO BE PROVIDED

9. The Debtor anticipates that BlackBriar will provide the following financial advisory services (the "Financial Advisory Services") during this Chapter 11 case, subject to approval of the court of the Application:

- Analysis of the Debtor's financial position;
- Preparation of cash flow forecasts and budgets;
- Preparation and direction of plan to improve liquidity;
- Review and management of disbursement based on available liquidity to maintain operations;
- Assistance with preparation of the bankruptcy schedules, including the Statement of Financial Affairs and supporting schedules;
- Review and preparation of cash flow forecasts and budgets to be filed with the Court;
- Preparation and/or review of required schedules and monthly operating reports to support Chapter 11 administration;
- Administration of post-petition banking facilities, as required;
- Negotiation with creditors to support the Client's restructuring/reorganization plan; and
- Such other duties as are mutually agreed upon.

## VI.  PROFESSIONAL COMPENSATION

10. BlackBriar intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with this Chapter 11 Case,

**APPLICATION FOR ENTRY OF AN ORDER THE RETENTION AND EMPLOYMENT OF BLACKBRIAR ADVISORS LLC AS FINANCIAL ADVISOR TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE - Page 3**

subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and consistent with the proposed compensation set forth in the Schleizer Declaration as well as with other applicable procedures and orders of the Court.

11. BlackBriar will file all monthly, interim and final fee applications as required by the Local Rules and Orders of this court. With respect to charges for the Financial Advisory Services, BlackBriar will maintain records of services rendered for the Debtor in one-tenth hour increments including reasonably detailed descriptions of those services and the individuals who provided those services, and will present such records to the court. Expenses will be billed to reimburse BlackBriar for its actual, reasonable, and necessary out-of-pocket expenses incurred in connection with its performance of the Financial Advisory Services for the Debtor in this case.

12. The Financial Advisory Services will be performed under the direction of Robert Schleizer, Managing Partner, and Harold Kessler, Managing Director, with additional support from other BlackBriar professionals as required. The parties have agreed upon a $200,000.00 initial retainer to be paid to BlackBriar at the time of employment.

13. The parties have agreed upon the following compensation to BlackBriar's personnel for the Financial Advisory Services:

- Partners and Managing Directors - $500/hour
- Senior Directors - $400/hour
- Directors - $350/hour
- Senior Financial Analysts - $300/hour
- Financial Analysts - $250/hour

The overall compensation structure described above is comparable to compensation generally

charged by financial advisory firms of similar stature to BlackBriar for comparable engagements, both in and out of court, and is consistent with BlackBriar's normal and customary billing practices for comparably sized and complex cases involving the services to be provided in connection with this case. With respect to the Financial Advisory Services, the Debtor believes that the ultimate benefit to the estate of such services cannot be measured merely by reference to the number of hours to be expended by BlackBriar's professionals in the performance of services. In light of the foregoing and given the numerous issues that BlackBriar may be required to address in the performance of its services pursuant to the Engagement Agreement, BlackBriar's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for BlackBriar's services for engagements of this nature, the compensation structure is fair and reasonable and market-based under the standards set forth in section 328(a) of the Bankruptcy Code.

## VII.   PREPETITION COMPENSATION

14. As set forth in the Schleizer Declaration, BlackBriar did not render any prepetition services or receive any monetary sum from the Debtor prior to the commencement of this Chapter 11 case.

## VIII.   NO DUPLICATION OF SERVICES

15. The Debtor believes that the services provided by BlackBriar will not duplicate the services that other professionals may provide to Debtor in this Chapter 11 case. Specifically, BlackBriar will carry out unique functions and will use reasonable efforts to coordinate with the Debtor and any other retained professionals in this case to avoid unnecessary duplication of services or effort. Currently, Debtor anticipates seeking employment for Crowe & Dunlevy, P.C., as his counsel, and Rachel Kennerly, CPA, as his tax accountant.

## IX.     BASIS FOR RELIEF

16.     Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ . . . professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this this title.
>
> 11 U.S.C. § 327.

17.     Bankruptcy Rule 2014(a) requires that a retention application include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.
>
> FED. R. BANKR. P. 2014.

18.     The Debtor submits that for all of the reasons stated in this Application and in the Schleizer Declaration, the retention and employment of BlackBriar as the Debtor's financial advisor pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014 is warranted.

**A.     BlackBriar's Retention is Necessary and is in the Best Interests of Debtor's Estate.**

19.     For the reasons described above, the Debtor believes that BlackBriar is the best qualified firm to provide the bankruptcy advisory services sought by the Debtor. The Debtor believes that the immediate retention of BlackBriar as financial advisor to the Debtor is both necessary and in the best interests of the Debtor, his estate, and all other parties in interest.

**B.     BlackBriar Neither Holds nor Represents any Interest Adverse to Debtor's Estate and is a "Disinterested Person" within the Meaning of Section 101(14) of the Bankruptcy Code.**

20.     To the best of the Debtor's knowledge, information, and belief, and except as disclosed in this Application and in the Schleizer Declaration, BlackBriar: (i) does not represent, and does not hold, any interest adverse to the Debtor's Estate; and (ii) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and has no connection to the Debtor, his creditors, or other parties-in-interest.

21.     BlackBriar will use all reasonable efforts to see that no conflicts or other disqualifying circumstances exist or arise during the pendency of this Chapter 11 case. If any new material facts or relationships are discovered or arise, BlackBriar will use all reasonable efforts to identify them and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014.

## X.     NOTICE

22.     Notice of this Application has been provided to the parties listed on the creditor matrix and all parties requesting notice via ECF. In light of the nature of the relief requested, the Debtor submits that no other or further notice is necessary or required.

## XI.     NO PRIOR REQUEST

23.     No previous request for the relief sought herein has been made to this Court or any other court.

## XII.     CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order (i) granting this Application; (ii) authorizing the Debtor to employ and retain BlackBriar as financial advisor to the Debtor; and (iii) granting such other relief as the Court deems appropriate under the presented facts and circumstances.

**APPLICATION FOR ENTRY OF AN ORDER THE RETENTION AND EMPLOYMENT OF BLACKBRIAR ADVISORS LLC AS FINANCIAL ADVISOR TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE - Page 7**

Dated:  December 29, 2022.

                    **CROWE & DUNLEVY, P.C.**

                    By:  */s/Christina W. Stephenson*
                    Vickie L. Driver
                    State Bar No. 24026886
                    Christina W. Stephenson
                    State Bar No. 24049535
                    2525 McKinnon St., Suite 425
                    Dallas, TX 75201
                    Telephone: 737.218.6187
                    Email: dallaseservice@crowedunlevy.com
                    **PROPOSED ATTORNEYS FOR DEBTOR**
                    **ALEXANDER E. JONES**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing pleading was served by the Court's CM/ECF system on all parties registered to receive such service on the date of filing, 29th day of December, 2022.

                    */s/ Christina W. Stephenson*
                    Christina W. Stephenson

**APPLICATION FOR ENTRY OF AN ORDER THE RETENTION AND EMPLOYMENT OF BLACKBRIAR ADVISORS LLC AS FINANCIAL ADVISOR TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE - Page 8**