**Exhibit A**
**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ALEXANDER E. JONES | § | Case No. 22-33553 |
| | § | |
| Debtor. | § | |
| | § | |

**ORDER GRANTING APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT OF RACHEL KENNERLY, LLC AS TAX ACCOUNTANT FOR DEBTOR NUNC PRO TUNC**

ON THIS DATE this Court considered the application (the "Application") of Alexander E. Jones (the "Debtor") in the above-captioned case for the entry of an order authorizing Debtor to retain and employ Rachel Kennerly, LLC ("Kennerly") as his tax accountant effective as of the Petition Date, pursuant to Sections 327(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Local Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of Texas (each a "LBR"). Upon review of the Application and the Declaration of Rachel Kennerly (the "Kennerly Declaration"), the Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b); that the venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; that based on the representations made in the Application and in the Kennerly Declaration, Kennerly's employment is in the best interests of the Debtor and Kennerly (a) is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code, and (b) Kennerly does not represent or hold an interest adverse to the Debtor; that the Debtor provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice

is required; and that the legal and factual bases set forth in the Application established just cause for the relief granted in this Order.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The Application is **GRANTED** to the extent set forth herein.

2. Debtor is authorized to retain and employ Kennerly as his tax accountant, effective as of the Petition Date.

3. Kennerly shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this chapter 11 case in compliance with Sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.  To the extent applicable, Kennerly shall also make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures in connection with interim and final fee applications to be filed by Kennerly in this chapter 11 case.

4. Debtor and Kennerly are each authorized to take all actions necessary to effectuate the relief granted pursuant to the Order.

5. Notice of the Application provided by Debtor is deemed to be good and sufficient notice of the Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

6. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS FURTHER ORDERED** that, notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

### # # #   END OF ORDER   # # #

SUBMITTED BY:

Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
**CROWE & DUNLEVY, P.C.**
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone: 737-218-6187
Email: dallaseservice@crowedunlevy.com

**PROPOSED COUNSEL FOR THE DEBTOR**