**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ALEXANDER E. JONES, | ) | Case No. 22-33553 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**APPLICATION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF ALEXANDER E. JONES
TO RETAIN AND EMPLOY AKIN GUMP STRAUSS HAUER &
FELD LLP AS COUNSEL, EFFECTIVE AS OF DECEMBER 19, 2022**

---

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one (21) days from the date this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this application was filed. Otherwise, the Court may treat the application as unopposed and grant the relief requested.**

**Represented parties should act through their attorney.**

---

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of Alexander E. Jones (the "Debtor," and such case, the "Chapter 11 Case") submits this application (this "Application"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to retain and employ Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") as its counsel in connection with the Chapter 11 Case, effective as of December 19, 2022. In support of this Application, the Committee submits the declaration of

David M. Zensky, a partner of Akin Gump (the "Zensky Declaration"), and the declaration of
Leonard Pozner and Robert Parker, each in his capacity as co-chair of the Committee (the "Pozner
and Parker Declaration"), attached hereto as **Exhibit B** and **Exhibit C**, respectively.  Notably, as
will be discussed in further detail below, Akin Gump is committed to serving clients in need and
has agreed to take on the representation of the Committee in the Chapter 11 Case on a *pro bono*
basis, subject to the terms described in this Application and Court approval.  In further support of
this Application, the Committee respectfully represents as follows.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of Texas
(the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.  This matter is a
core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and rule predicates for the relief requested herein are Bankruptcy
Code sections 328(a) and 1103(a), Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and
2016-1.

## BACKGROUND

4.      On December 2, 2022 (the "Petition Date"), the Debtor filed a voluntary petition
for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues in possession of his
estate and is managing such estate as a debtor in possession pursuant to Bankruptcy Code sections
1107 and 1108.  No request has been made for the appointment of a trustee or an examiner in the
Chapter 11 Case.

5.      On December 13, 2022, pursuant to Bankruptcy Code section 1102, the Office of
the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed six of

the Debtor's unsecured creditors to serve as members of the Committee.[1]  The Committee currently comprises the following six individuals: (i) Robert Parker; (ii) Nicole Hockley; (iii) Jennifer Hensel; (iv) David Wheeler; (v) Leonard Pozner; and (vi) Scarlett Lewis.  Each member of the Committee is a judgment creditor of the Debtor, following their successful prosecution of state court litigation in Texas or Connecticut stemming from the Debtor's defamatory statements and actions concerning the Sandy Hook shootings.[2]

6.      On December 19, 2022, the Committee selected Akin Gump to serve as its counsel in connection with the Chapter 11 Case, subject to Court approval.  On January 5, 2023, the Committee selected Nardello & Co. ("Nardello"), subject to Court approval, to aid in its review of the Debtor's estate and prepetition transactions, and is working to select a general financial advisor to the Committee in the very near term.[3]

## RELIEF REQUESTED

7.      The Committee seeks to retain and employ Akin Gump as its counsel, pursuant to Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rule 2014 and Local Rule 2014-1, effective as of December 19, 2022.

## SERVICES TO BE PROVIDED

8.      The Committee respectfully submits that it is necessary and appropriate for it to retain and employ Akin Gump to, among other things:

---

[1] *See Notice of Appointment of Official Committee of Unsecured Creditors*, dated December 13, 2022 [ECF No. 42].

[2] *See Verified Statement of the Official Committee of Unsecured Creditors of Alexander E. Jones Pursuant to Bankruptcy Rule 2019*, dated January 17, 2023 [ECF No. 94].

[3] Nardello appreciates the unique nature of this Chapter 11 Case and the importance of the issues raised.  As such, Nardello has agreed to render its services on an entirely *pro bono* basis, subject to the terms set forth in its retention application, which will be filed in the near term.  Similarly, the Committee expects any financial advisor selected by the Committee will render its services to the Committee at a significant discount to its standard rates, subject to the terms set forth in its retention application.

(a)    advise the Committee with respect to its rights, duties and powers in the Chapter 11 Case;

(b)    assist and advise the Committee in its consultations and negotiations with the Debtor and other parties in interest regarding the administration of the Chapter 11 Case;

(c)    investigate and analyze any claims belonging to the Debtor's estate;

(d)    assist the Committee in analyzing the claims of the Debtor's creditors and in negotiating with holders of claims;

(e)    assist the Committee in its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtor and related entities and of the operation of the Debtor's affairs;

(f)    assist the Committee in its analysis of, and negotiations with, the Debtor or any third party, concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, asset sale transactions, other transactions and the terms of one or more plans of reorganization and/or liquidation for the Debtor and accompanying disclosure statements and related plan documents;

(g)    assist and advise the Committee as to its communications to the general creditor body regarding significant matters in the Chapter 11 Case;

(h)    represent the Committee at all hearings and other proceedings before the Court;

(i)    review and analyze applications, orders, statements of operations and schedules filed with the Court and advise the Committee as to their propriety and, to the extent deemed appropriate by the Committee, support, join or object thereto;

(j)    assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

(k)    assist the Committee in its review and analysis of the Debtor's various agreements;

(l)    prepare, on behalf of the Committee, any pleadings, including, without limitation, motions, memoranda, complaints, adversary complaints, objections or comments in connection with any matter related to the Debtor or the Chapter 11 Case; and

(m)    perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee and its constituency in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law.

9.      Because of the extensive legal services that the Committee requires in connection with the Chapter 11 Case, and the fact that the full nature and extent of such services are not known at this time, the Committee believes that the employment of Akin Gump to provide the services described above, and such other services as may be necessary for the Committee to satisfy its obligations to the Debtor's unsecured creditor constituency, is appropriate and in the best interests of the Debtor's estate and its unsecured creditors.

## AKIN GUMP'S QUALIFICATIONS

10.      The Committee seeks to retain Akin Gump due to Akin Gump's (i) extensive knowledge and expertise in the myriad areas of law relevant to the Chapter 11 Case and (ii) familiarity with, and general knowledge regarding, the Debtor and the Debtor's unsecured creditors as a result of Akin Gump's prior representation of the Sandy Hook Families[4] both in the Chapter 11 Case and the subchapter V cases of certain companies owned and/or operated by the Debtor.

11.      Akin Gump is recognized as one of the premier firms in the nation representing official creditors' committees and various other parties in interest in connection with complex bankruptcy matters of all kinds.  Akin Gump is currently representing and/or has represented official creditors' committees in many significant chapter 11 cases, including, but not limited to, the following: *In re Achaogen, Inc.*; *In re Brooks Brothers Group, Inc.*; *In re Diamond Offshore Drilling, Inc.*; *In re EMAS Chiyoda Subsea Ltd.*; *In re Emerald Oil, Inc.*; *In re Endo International plc*; *In re Friendly Ice Cream Corp.*; *In re Global Eagle Entertainment Inc.*; *In re GWG Holdings, Inc.*; *In re HONX, Inc.*; *In re iHeartMedia, Inc.*; *In re Insys Therapeutics, Inc.*; *In re Mallinckrodt*

---

[4] "Sandy Hook Families" means (i) Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa and Marcel Fontaine (the "Texas Plaintiffs") and (ii) David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach and Robert Parker (the "Connecticut Plaintiffs").

*plc*; *In re Nine West Holdings, Inc.*; *In re Pipeline Health System, LLC;  In re Purdue Pharma L.P.*; *In re Sears Holding Corporation*; *In re Strike LLC*; *In re Southern Foods Group, LLC*; *In re TPC Group Inc.;* and *In re Vanguard Natural Resources, LLC.*

12.     Moreover, Akin Gump has familiarity with and general knowledge regarding the Debtor and its unsecured creditors as a result of Akin Gump's prior representation of the Sandy Hook Families.  Specifically, Akin Gump provided specialized bankruptcy advice to the Texas Plaintiffs on a *pro bono* basis, in the now dismissed subchapter V cases of InfoW, LLC and certain other companies owned and/or operated by the Debtor, which were defendants, along with the Debtor, in litigation brought by certain of the Sandy Hook Families (the "InfoWars Cases").[5]  In addition, Akin Gump previously represented the Sandy Hook Families, also on a *pro bono* basis, in both: (i) the subchapter V case of Free Speech Systems, LLC,[6] a single member LLC in which 100% of the outstanding membership interests are owned by the Debtor, which also is a defendant in litigation brought by the Sandy Hook Families in Connecticut and Texas (the "FSS Case" and, together with the InfoWars Cases, the "Related Cases") and (ii) this Chapter 11 Case.  As discussed in further detail herein, Akin Gump has withdrawn from its representation of the Sandy Hook Families in each of this Chapter 11 Case and the FSS Case and will file notices of such withdrawals in the near term.

13.     In light of the foregoing, the Committee believes that Akin Gump is well qualified to represent the Committee in the Chapter 11 Case and submits that the Committee's employment of Akin Gump is appropriate and in the best interests of the Debtor's unsecured creditors.

---

[5] *In re InfoW, LLC*, No. 22-60020 (Bankr. S.D. Tex. 2022); *In re IWHealth, LLC*, No. 22-60021 (Bankr. S.D. Tex. 2022); *In re Prison Planet TV, LLC*, No. 22-60022 (Bankr. S.D. Tex. 2022).
[6] *In re Free Speech Systems, LLC*, No. 22-60043 (Bankr. S.D. Tex. 2022).

## PROFESSIONAL COMPENSATION

14.     As noted *supra*, and in recognition of the unique and important circumstances of this Chapter 11 Case, Akin Gump has agreed to serve as counsel to the Committee on a *pro bono* basis, with one contingent qualification: Akin Gump reserves the right to seek allowance under the applicable rules of all actual, reasonable and necessary fees and expenses incurred in connection with this representation in the event that the Debtor obtains confirmation of a chapter 11 plan or other resolution of the Chapter 11 Case that is not supported by the Committee.  In that event, all fees and expenses authorized by the Court and paid by the Debtor's estate to Akin Gump in connection with this representation will be contributed to the Debtor's unsecured creditors.

15.     Notwithstanding the foregoing agreement by Akin Gump, the Committee requests that all fees and related costs and expenses incurred by the Committee on account of services rendered by Akin Gump in the Chapter 11 Case be treated as administrative expenses of the Debtor's estate pursuant to Bankruptcy Code sections 328, 330, 331, 503(b) and 507(a)(2), subject to approval by the Court when, and if, payment of such fees is requested by the Committee.  For the avoidance of doubt, Akin Gump will not be seeking current payment of such fees and expenses on a monthly or interim basis, but reserves the right to seek allowance of such fees and expenses at any time prior to the conclusion of the Chapter 11 Case for the sole purpose of contributing any and all allowed amounts to the Debtor's unsecured creditors.

16.     Subject to Court approval and the terms set forth herein, Akin Gump will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered in accordance with Bankruptcy Code sections 328, 330 and 331.  In light of the unique facts and circumstances of the Chapter 11 Case, and specifically Akin Gump's agreement to be retained as Committee counsel on a *pro bono* basis and the terms described herein, Akin Gump requests a waiver of its obligations to apply for compensation and

reimbursement of expenses on a monthly basis in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules and any other applicable order of the Court.  Akin Gump also requests a waiver of compliance with the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases*, 78 Fed. Reg. 36248, effective as of November 1, 2013 (the "U.S. Trustee Guidelines"), in connection with interim and final fee applications.  Notwithstanding the foregoing, Akin Gump will provide the Committee, the Debtor and the U.S. Trustee with monthly summary invoices of the fees and expenses incurred by Akin Gump in connection with its representation of the Committee.

17.    Akin Gump's hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions.[7]  Akin Gump's 2022 and 2023 standard hourly rates for professionals and paraprofessionals employed in its domestic offices are provided below:

| **Billing Category** | **2022 Range** | **2023 Range** |
|---|---|---|
| Partners | $1,125–1,995 | $1,300.00–$2,145.00 |
| Senior Counsel | $845–$1,415 | $940.00–$1,550.00 |
| Counsel | $990–$1,225 | $1,120.00–$1,500.00 |
| Associates | $605–$1,045 | $735.00–$1,175.00 |
| Paraprofessionals | $215–$475 | $215.00–$510.000 |

---

[7] For example, like many of its peer law firms, Akin Gump typically increases the hourly billing rate of attorneys and paraprofessionals periodically in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing in seniority and promotion; and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority.  The step increases do not constitute "rate increases" (as the term is used in the U.S. Trustee Guidelines).  While the rate ranges provided for herein may change if an individual leaves or joins Akin Gump, and if any such individual's billing rate falls outside the ranges disclosed above, Akin Gump does not intend to update the ranges for such circumstances.

18.     It is Akin Gump's policy to charge its clients in all areas of practice for expenses incurred in connection with its representation of a client.  The expenses charged to clients include, among other things, photocopying charges, travel expenses, expenses for "working meals" and computerized research.  Akin Gump will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services provided to the Committee, but will not bill the Debtor's estate for such expenses during the pendency of the Chapter 11 Case subject to the foregoing qualifications.

## NO ADVERSE INTEREST

19.     The Committee takes seriously and is keenly focused on the Court's statements during the December 19, 2022 hearing regarding the Committee's fiduciary duties.  As the Court stressed, "fiduciary duties . . . are incredibly important" and that here, at times, there may be "overlap" in the interests of the Committee and the Sandy Hook Families.[8]  Indeed, the members of the Committee understand they will be "wearing multiple hats and it's really important that they listen to the advice of counsel . . . as [counsel] advise[s] them on their particular roles."[9]  Akin Gump is highly sophisticated in advising official creditors' committees and is intimately familiar with the fiduciary duties of committee members and estate professionals.  Indeed, Akin Gump has reported and explained to the Committee the import of the Court's comments, and will work closely with the Sandy Hook Families and their co-counsel to ensure that members of the Committee understand their roles on the Committee.[10]

---

[8] Dec. 19, 2022 Hearing Tr. 18:5-21.

[9] *Id*.

[10] Significantly, the Connecticut Plaintiffs and Texas Plaintiffs each have separate counsel representing them in this Chapter 11 Case and the FSS Case; and thus each group has obtained and will continue to obtain independent advice regarding their role as members of the Committee.  The Connecticut Plaintiffs have retained Paul, Weiss, Rifkind, Wharton & Garrison LLP as bankruptcy counsel and the Texas Plaintiffs have retained Chamberlain, Hrdlicka, White, Williams & Aughtry, PC as bankruptcy counsel, along with their respective individual tort counsel.

20.     Upon information and belief, and as set forth in the Zensky Declaration, Akin Gump does not represent and does not hold any interest adverse to the Debtor's estate or its creditors in the matters upon which Akin Gump is to be engaged.  Akin Gump is, however, a large firm with a national and international practice and may represent or may have represented certain of the Debtor's creditors, related parties or other parties in interest in matters unrelated to the Chapter 11 Case.

21.     As discussed in more detail in the Zensky Declaration, Akin Gump previously represented the Texas Plaintiffs and the Sandy Hook Families, as applicable, in the Chapter 11 Case and the other Related Cases, but is no longer representing the Sandy Hook Families in connection therewith during the pendency of the Chapter 11 Case.  For the avoidance of doubt, the Committee does not believe that Akin Gump's continued representation of the Sandy Hook Families in this Chapter 11 Case or the FSS Case would have presented an "adverse interest" under Bankruptcy Code section 1103(b), which provides:

> An attorney or accountant employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case.  ***Representation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest***.

11 U.S.C. § 1103(b) (emphasis added).[11]  However, out of an abundance of caution, and to avoid any appearance of conflict, Akin Gump has withdrawn from its representation of the Sandy Hook

---

[11] *See also In re Nat'l Liquidators*, 182 B.R. 186, 192–93 (S.D. Ohio 1995) ("By eliminating the per se bar to dual representation in 1984, Congress implicitly determined that the inherent tension between a committee and one of its creditors, standing alone, was immaterial and any conflict too theoretical to warrant being classified as an adverse interest.  That is, merely the remote potential for dispute, strife, discord, or difference between a committee and one of its creditors does not give rise to any conflict of interest or appearance of impropriety that would bar an attorney from representing both parties.").  Indeed, Congress added the second sentence to Bankruptcy Code section 1103(b) in 1984 "to permit professionals retained by a creditors' committee to represent particular creditors in the case so long as the interest of the other creditor was not an interest adverse to that of creditors generally" and to further the goal of ensuring competent representation for committees and the committee's right to choose counsel of its choice.  *See id.* at 191; 7 COLLIER ON BANKRUPTCY ¶ 1103.LH (16th 2022).

Families in each of this Chapter 11 Case and the FSS Case and will file notices of such withdrawals in the near term.  The Committee submits that Akin Gump's prior representation of the Texas Plaintiffs in the InfoWars Cases and the Sandy Hook Families in this Chapter 11 Case and the FSS Case does not constitute an adverse interest under Bankruptcy Code section 1103.[12]

## NO DUPLICATION OF SERVICES

22.     All proposed Committee professionals are cognizant of the need to manage any fees and expenses incurred in this Chapter 11 Case.  While Akin Gump is the only law firm currently contemplated to be retained by the Committee, Akin Gump will use reasonable efforts to avoid any duplication of services between and among any of the Committee's other retained professionals in the Chapter 11 Case.

## RELIEF EFFECTIVE AS OF DECEMBER 19, 2022

23.     The Committee believes that the employment of Akin Gump effective as of December 19, 2022, the date the Committee selected Akin Gump as its proposed counsel, is warranted under the circumstances of the Chapter 11 Case.  Upon its selection, the Committee requested Akin Gump to commence work immediately on time-sensitive matters and devote substantial resources to the Chapter 11 Case prior to the submission and approval of this Application.  Thus, Akin Gump has provided, and will continue to provide, valuable services to the Committee.  Furthermore, Local Rule 2014-1(b)(1) provides that an application for approval

---

[12] *See, e.g.*, *In re Buran*, 363 B.R. 358, 360–61 (Bankr. W.D.N.Y. 2007) (finding that law firm that represented doctors who had worked with chapter 11 debtor and that had filed claims on doctors' behalf against debtor's estate was not disqualified from representing an official committee of unsecured creditors that was composed of same doctors, and approving the committee's retention of the firm over the debtor's objection); *see also, e.g.*, *In re Whitman*, 101 B.R. 37, 39 (Bankr. N.D. Ind. 1989) ("This court . . . holds that the simultaneous representation of a [*secured*] creditor...and the unsecured creditors committee is, as a matter of law, a conflict of interest prohibited by § 1103(b) . . . This does not mean, however, that the order approving counsel's employment must be vacated.  Since it is the simultaneous representation which is condemned, the situation can be resolved in one of two ways.  Counsel can either cease representing his creditor/client or cease representing the committee.  This is the way in which the same dilemma was resolved prior to the amendment of § 1103(b).  Counsel, the creditor, and the committee should be given their choice as to which path will be taken.").

of employment made within thirty (30) days of the commencement of the provision of services is deemed contemporaneous.  Nonetheless, the Committee is requesting approval as of December 19, 2022 out of an abundance of caution.

### **NO PRIOR REQUEST**

24.     No prior request for the relief sought herein has been made to the Court or any other court.

### **NOTICE**

25.     Notice of this Application has been provided to: (i) the U.S. Trustee; (ii) counsel to the Debtor; and (iii) all parties requesting notice under Bankruptcy Rule 2002.  Due to the nature of the relief requested herein, the Committee submits that no other or further notice need be provided.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

WHEREFORE, the Committee respectfully requests that the Court (i) enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to retain and employ Akin Gump as its counsel, effective as of December 19, 2022 and (ii) provide the Committee with such other and further relief as the Court may deem just, proper and equitable.

Dated: January 18, 2023

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALEXANDER E. JONES**

*/s/ Leonard Pozner*
Leonard Pozner, solely in his capacity as Co-Chair of the Official Committee of Unsecured Creditors of Alexander E. Jones and not in any other capacity

*/s/ Robert Parker*
Robert Parker, solely in his capacity as Co-Chair of the Official Committee of Unsecured Creditors of Alexander E. Jones and not in any other capacity

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on January 18, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.

## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ALEXANDER E. JONES, | ) Case No. 22-33553 (CML) |
| | ) |
| Debtor. | ) |
| | ) |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS OF ALEXANDER E. JONES**
**TO RETAIN AND EMPLOY AKIN GUMP STRAUSS HAUER &**
**FELD LLP AS COUNSEL, EFFECTIVE AS OF DECEMBER 19, 2022**

Upon the application (the "Application")[1] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of Alexander E. Jones (the "Debtor," and such case, the "Chapter 11 Case") for entry of an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules") authorizing the Committee to retain and employ Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") as its counsel in connection with the Chapter 11 Case, effective as of December 19, 2022; and upon the declaration of David M. Zensky, a partner of Akin Gump (the "Zensky Declaration") and the declaration of Leonard Pozner and Robert Parker, each in his capacity as co-chair of the Committee (the "Pozner and Parker Declaration" and, together with the Zensky Declaration, the "Declarations"); and it appearing that the attorneys of Akin Gump who will perform services on behalf of the Committee in the Chapter 11 Case are duly qualified to practice before the Court; and the Court finding, based on the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

representations made in the Application and the Declarations, that Akin Gump does not represent any interest adverse to the Committee or the Debtor's estate with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), that its employment is necessary and in the best interests of the Committee and the Debtor's estate; and finding that adequate notice of the Application having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

1.      The relief requested in the Application is granted as set forth herein.

2.      In accordance with Bankruptcy Code sections 328 and 1103(a), Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, the Committee is hereby authorized and empowered to retain and employ Akin Gump as its counsel to represent it in the Chapter 11 Case and related matters and proceedings on the terms set forth in the Application and the Declarations, effective as of December 19, 2022.

3.      In light of the unique facts and circumstances of the Chapter 11 Case and Akin Gump's retention by the Committee on a *pro bono* basis, Akin Gump shall not be required to apply for compensation on a monthly or interim basis in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules and any other applicable order of the Court.  In addition, Akin Gump shall be excused from complying with the U.S. Trustee Guidelines in connection with interim and final fee applications. Notwithstanding the foregoing, Akin Gump will provide the Committee, the Debtor and the U.S. Trustee with monthly summary invoices of the fees and expenses incurred by Akin Gump in connection with its representation of the Committee.

4.     In the event that the Debtor obtains confirmation of a chapter 11 plan or other resolution of the Chapter 11 Case that is not supported by the Committee, Akin Gump shall be entitled to seek approval by this Court and payment by the Debtor, in accordance with all applicable rules, of all fees and related costs and expenses incurred by the Committee on account of services rendered by Akin Gump in connection with the Chapter 11 Case prior to the conclusion of the Chapter 11 Case.

5.     Akin Gump shall provide ten (10) business days' notice to the Debtor and the U.S. Trustee before any increases in rates are implemented, other than with respect to those rates set forth in the Application and the Zensky Declaration, and shall file such notice with the Court. Except with respect to those rates set forth in the Application and the Zensky Declaration, the U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

6.     Akin Gump shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in the Chapter 11 Case.

7.     Akin Gump will review its files periodically during the pendency of the Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Akin Gump will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

8.     The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

9.     To the extent the Application is, or the Declarations are, inconsistent with this Order, the terms of this Order shall govern.

10.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____

_____
THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

**Zensky Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| ALEXANDER E. JONES, | ) |
| | ) Case No. 22-33553 (CML) |
| Debtor. | ) |
| | ) |

**DECLARATION OF DAVID M. ZENSKY IN SUPPORT**
**OF THE APPLICATION OF THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS OF ALEXANDER E. JONES**
**TO RETAIN AND EMPLOY AKIN GUMP STRAUSS HAUER &**
**FELD LLP AS COUNSEL, EFFECTIVE AS OF DECEMBER 19, 2022**

Under 28 U.S.C. § 1746, I, David M. Zensky, declare as follows under the penalty of perjury:

1.      I am an attorney admitted to practice in the State of New York and have been admitted *pro hac vice* to the United States Bankruptcy Court for the Southern District of Texas, Houston Division, for purposes of the Chapter 11 Case.[1]

2.      I am a partner of the firm of Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"). Akin Gump maintains offices at, among other places, One Bryant Park, New York, New York 10036 and 1111 Louisiana Street, Houston, Texas 77002.  There are no disciplinary proceedings pending against me.

3.      I am familiar with the matters set forth herein and make this declaration (the "Declaration") in support of the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of Alexander E. Jones (the "Debtor") seeking approval to retain and employ Akin Gump as counsel to the Committee.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

4.      On December 13, 2022, pursuant to Bankruptcy Code section 1102, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed six of the Debtor's unsecured creditors to serve as members of the Committee.[2]  On December 19, 2022, the Committee selected Akin Gump to serve as its counsel, subject to Court approval.  On January 5, 2023, the Committee selected Nardello & Co. ("Nardello"), subject to Court approval, to aid in its review of the Debtor's estate and prepetition transactions, and is working to select a general financial advisor to the Committee in the very near term.[3]

5.      I am not, nor is Akin Gump, an insider of the Debtor.  Neither Akin Gump nor I hold directly any claim or debt of the Debtor.

6.      To the best of my knowledge and information, no partner or employee of Akin Gump has been, within two years from the Petition Date, a director, officer or employee of the Debtor as specified in Bankruptcy Code section 101(14)(B).

7.      Akin Gump does not have an interest materially adverse to the interests of the Debtor's estate or of any class of creditors, by reason of any direct or indirect relationship to, connection with or interest in, the Debtor, as specified in Bankruptcy Code section 101(14)(C) or for any other reason.

8.      Akin Gump does not currently represent any Debtor or, to the best of my knowledge and information, any of his related parties, affiliates and/or partners, if applicable.  Moreover, except as further described herein, Akin Gump has not undertaken, and will not undertake, the representation of any party other than the Committee in connection with the Chapter 11 Case.

---

[2] *See Notice of Appointment of Official Committee of Unsecured Creditors*, dated December 13, 2022 [ECF No. 42].

[3] Nardello has informed Akin Gump that they appreciate the unique nature of this Chapter 11 Case and the importance of the issues raised.  As such, Nardello has agreed to render its services on an entirely *pro bono* basis, subject to the terms set forth in its retention application, which will be filed in the near term.  Similarly, Akin Gump will work with the Committee to ensure that any financial advisor selected by the Committee will render its services to the Committee at a significant discount to its standard rates, subject to the terms set forth in its retention application.

2

9.     To the best of my knowledge and information, Akin Gump neither holds nor represents any interest adverse to the Committee, the Debtor, his known creditors or other parties in interest or their respective attorneys in the Chapter 11 Case.  Based upon information available to me, I believe that Akin Gump is a "disinterested person" within the meaning of Bankruptcy Code section 101(14).

10.     In preparing this Declaration, through my colleagues, I submitted to Akin Gump's computerized client and conflict database (the "Conflict Database") the names set forth on a list of parties in interest identified by the Debtor, as well as the names of certain additional parties identified by Akin Gump, which are categorized for ease of reference.  A copy of the list of the parties searched by Akin Gump is attached hereto as **Schedule 1** (collectively, the "Searched Parties").[4]

11.     The Conflict Database maintained by Akin Gump is designed to include every matter on which the firm is now and has been engaged, by which entity the firm is now or has been engaged and, in each instance, the identity of certain related parties and adverse parties and certain of the attorneys in the firm that are knowledgeable about the matter.  It is the policy of Akin Gump that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the Conflict Database the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter and related and adverse parties.  Accordingly, Akin Gump maintains and systematically updates this system in the

---

[4] Akin Gump's inclusion of parties on **Schedule 1** (and the categorization thereof), which is based on information provided by the Debtor, is solely to illustrate Akin Gump's conflict search process and is not an admission that any party has a valid claim against the Debtor or that any party properly belongs on **Schedule 1** or has a claim or legal relationship to the Debtor of the nature described in any of the schedules.  In some instances, **Schedule 1** may not disclose the full legal name of the relevant entity.  When the names of the entities reviewed were incomplete or ambiguous, the scope of the search was intentionally broad and inclusive, and Akin Gump reviewed each entity in its Conflicts Database to the extent feasible.

regular course of business of the firm, and it is the regular practice of the firm to make and maintain these records.

## **REPRESENTATION OF PARTIES IN INTEREST**

12.     Set forth on **Schedule 2** attached hereto is a list of the Searched Parties from **Schedule 1** that Akin Gump either (i) currently represents (or represents a related party of the Searched Party) (the "Current Clients") in matters unrelated to the Chapter 11 Case or (ii) has, in the past three calendar years, represented (or represented a related party of the Searched Party) in matters wholly unrelated to the Chapter 11 Case (the "Former Clients").[5]  In connection with the services to be rendered to the Committee, Akin Gump will not commence a cause of action against any Current Client with respect to the Chapter 11 Case unless Akin Gump has received a waiver from the Current Client allowing Akin Gump to commence such an action.  In connection with the Chapter 11 Case, to the extent any causes of action are commenced by or against any Current Client, and a waiver is not obtained permitting Akin Gump to participate in such action, the Committee will retain conflicts counsel to represent the Committee in connection therewith.

---

[5] For purposes of the disclosures set forth herein, Akin Gump has searched for connections with clients with whom time has been posted in the last three calendar years.  "Current Clients" are those clients (or related parties thereof) in which the Conflicts Database shows that one or more timekeepers have posted time to such client matters in the last 12 months and are not listed in the Conflicts Database as "closed" matters.  "Former Clients" are those clients in which the Conflict Database shows that Akin Gump previously represented such clients (or related parties thereof) within the last three calendar years and (i) no time has been posted to such client matters in the last 12 months or (ii) such client matters are otherwise listed as "closed" within the Conflicts Database.  To the extent that a client (or related party thereof) is both a Current Client and a Former Client on separate matters, such client is listed only once on **Schedule 2** as a Current Client.  Notwithstanding the foregoing, whether an actual client relationship exists can only be determined by reference to the documents governing Akin Gump's representation rather than its potential listing in the Conflicts Database.  As such, for purposes of the disclosures set forth herein, some of the disclosures set forth herein and on **Schedule 2** may be over-inclusive.

## SPECIFIC DISCLOSURES

**A.     Connections with Parties Representing 1% or More of Akin Gump's Revenue for 2022**

13.     At the inception of each engagement for which a declaration is required pursuant to Bankruptcy Rule 2014, Akin Gump reviews the information relating to the parties involved in a bankruptcy case to determine whether any such party, together with its known related entities, were clients of Akin Gump and made payments to Akin Gump for services rendered in the calendar year prior to the date of review that in the aggregate for each such party exceeds 1% of Akin Gump's total revenues for such calendar year.

14.     With the exception of AT&T Corp. (together with its affiliates, "AT&T") described below,[6] Akin Gump's revenues for services rendered on behalf of each of the parties in interest identified on **Schedule 2** make up, in the aggregate, with respect to each such party in interest, less than 1% of Akin Gump's annual revenue in calendar year 2022.

15.     Akin Gump currently represents and has formerly represented AT&T in numerous matters wholly unrelated to the Chapter 11 Case.  The total fees received from AT&T represented more than 1% of Akin Gump's 2022 revenue.

**B.     Connections with Members of the Official Committee of Unsecured Creditors**

16.     As further discussed below, Akin Gump provided specialized bankruptcy advice to the Texas Plaintiffs in connection with the now dismissed subchapter V cases of InfoW, LLC and certain other companies owned and/or operated by the Debtor, which were defendants, along with

---

[6] Specific percentages will be disclosed to the U.S. Trustee and/or counsel to the Debtor, upon request.

the Debtor, in litigation brought by certain of the Sandy Hook Families[7] (the "InfoWars Cases").[8] Akin Gump also previously represented the Sandy Hook Families in (i) the subchapter V case of Free Speech Systems, LLC, a single member LLC in which 100% of the outstanding membership interests are owned by the Debtor, which also is a defendant in litigation brought by the Sandy Hook Families in Connecticut and Texas (the "FSS Case"[9] and, together with the InfoWars Cases, the "Related Cases") and (ii) this Chapter 11 Case.[10]  The Sandy Hook Families include, among other individuals, each of the Committee members.  As stated in the Application, Akin Gump has withdrawn from its representation of the Sandy Hook Families in each of this Chapter 11 Case and the FSS Case and will file notices of such withdrawals in the near term.  As such, Akin Gump previously represented each of the members of the Committee, in an individual capacity, as part of Akin Gump's Sandy Hook Representation.  Except for the Sandy Hook Representation, Akin Gump currently does not represent, and has not in the past represented, any Committee member in its individual capacity.

## C.    Akin Gump's Representation of the Sandy Hook Families

17.    As noted above, Akin Gump previously provided specialized bankruptcy advice to the Texas Plaintiffs and represented the Sandy Hook Families as bankruptcy counsel, each on a *pro bono* basis, in connection with the Chapter 11 Case and the Related Cases.  Each of the individuals that comprise the Sandy Hook Families, that are not members of the Committee, are

---

[7] "Sandy Hook Families" means (i) Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa and Marcel Fontaine (the "Texas Plaintiffs") and (ii) David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach and Robert Parker (the "Connecticut Plaintiffs").

[8] *In re InfoW, LLC*, No. 22-60020 (Bankr. S.D. Tex. 2022); *In re IWHealth, LLC*, No. 22-60021 (Bankr. S.D. Tex. 2022); *In re Prison Planet TV, LLC*, No. 22-60022 (Bankr. S.D. Tex. 2022).

[9] *In re Free Speech Systems, LLC*, No. 22-60043 (Bankr. S.D. Tex. 2022).

[10] Such representations are referred to collectively as the "Sandy Hook Representation."

6

listed on **Schedule 1** as Other Potential Parties in Interest in this Chapter 11 Case.[11]  As further

described below, in May 2022, Akin Gump began its prior representation of the Texas Plaintiffs in

connection with InfoWars Cases.  Thereafter, Akin Gump began its prior representation of the

Sandy Hook Families in connection with the FSS Case and this Chapter 11 Case.  Generally, Akin

Gump previously provided specialized bankruptcy-related advice to the Texas Plaintiffs and the

Sandy Hook Families, as applicable, in connection with the foregoing cases.  The Sandy Hook

Families, comprising the Texas Plaintiffs and the Connecticut Plaintiffs, however, are separately

represented by other counsel in these matters with respect to bankruptcy issues and in connection

with state court litigations.[12]

18.     The InfoWars Cases: In May 2022, Akin Gump began advising the Texas Plaintiffs,

on a *pro bono* basis, in connection with the InfoWars Cases.  On June 10, 2022, the InfoWars Cases

were dismissed.[13]  During the pendency of the InfoWars Cases, Akin Gump advised the Texas

Plaintiffs on an ad hoc basis, meeting with the Texas Plaintiffs' counsel only a handful of times

and attending certain hearings.

19.     The FSS Case: On July 29, 2022, Free Speech Systems, LLC filed a petition under

subchapter V of chapter 11 of the Bankruptcy Code.  The Debtor owns 100% of the outstanding

membership interests in FSS.  The FSS Case is currently pending before this Court, and Akin

Gump represented the Sandy Hook Families in connection with the FSS Case as bankruptcy

---

[11] Specifically, the Neil Heslin, Veronique De La Rosa, Marcel Fontaine, Francine Wheeler, Jacqueline Barden, Mark Barden, Ian Hockley, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg and William Sherlach.

[12] *See Verified Rule 2019 Statement*, dated December 7, 2022 [ECF No. 22] (disclosing the representation of the Texas Plaintiffs by certain law firms, and Akin Gump's role in providing advice in connection with the Chapter 11 Case on a strictly *pro bono* basis); *Verified Rule 2019 Statement*, dated December 9, 2022 [ECF No. 28] (describing the representation of the Connecticut Plaintiffs by certain law firms, and Akin Gump's role in providing advice in connection with the Chapter 11 Case on a strictly *pro bono* basis).

[13] *See In re InfoW, LLC*, No. 22-60020 (Bankr. S.D. Tex. 2022) [ECF No. 114].

counsel on a *pro bono* basis.  In connection with the FSS Case, Akin Gump advised and represented the Sandy Hook Families with respect to various bankruptcy-specific matters, including, among other things: (i) the *Debtor's Emergency Motion for an Interim and Final Orders (I) Authorizing the Use of Cash Collateral Pursuant to Sections 105, 361, and 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(B) and (II) Granting Adequate Protection to the Prepetition Secured Lender*, No. 22-60043 (Bankr. S.D.T.X. Jul. 29, 2022) [ECF No. 6]; (ii) FSS's motions to retain various professionals; (iii) the *Sandy Hook Families' Motion to (I) Appoint Tort Claimants Committee and (II) Remove the Debtor in Possession*, No. 22-60043 (Bankr. S.D.T.X. August 25, 2022) [ECF No. 102]; (iv) lift stay briefing and resolution; (v) analysis of potential estate claims; and (vi) preparing for and conducting interviews of FSS's then-Chief Restructuring Officer.  Akin Gump also represented the Sandy Hook Families in connection with the ongoing mediation in the FSS Case before Judge Marvin Isgur.[14]

20.     The Chapter 11 Case: On December 2, 2022, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[15]  In connection with the Chapter 11 Case, in its role as bankruptcy counsel to the Sandy Hook Families, Akin Gump advised the Sandy Hook Families regarding various bankruptcy-related matters and strategy related thereto, including in connection with the mediation.

21.     Akin Gump takes seriously and is keenly focused on the Court's statements during the December 19, 2022 hearing regarding the Committee's fiduciary duties.  As the Court stressed, "fiduciary duties . . . are incredibly important" and that here, at times, there may be "overlap" in the interests of the Committee and the Sandy Hook Families.[16]  Indeed, the members of the

---

[14] *See Stipulation and Agreed Order*, dated October 12, 2022 [ECF No. 233].

[15] *In re Alexander E. Jones*, No. 22-33553 (Bankr. S.D. Tex. 2022).

[16] Dec. 19, 2022 Hearing Tr. 18:5-21.

Committee understand they will be "wearing multiple hats and it's really important that they listen to the advice of counsel . . . as [counsel] advise[s] them on their particular roles."[17]

22.     Akin Gump is highly sophisticated in advising official creditors' committees and is intimately familiar with the fiduciary duties of committee members and estate professionals. Indeed, Akin Gump has reported and explained to the Committee the import of the Court's comments, and will work closely with the Sandy Hook Families and their co-counsel to ensure that members of the Committee understand their roles on the Committee.[18]

23.     For the avoidance of doubt, I do not believe that Akin Gump's continued representation of the Sandy Hook Families in this Chapter 11 Case or the FSS Case would have presented an "adverse interest" under Bankruptcy Code section 1103(b).  However, out of an abundance of caution and to avoid any appearance of a conflict, Akin Gump has withdrawn from its representation of the Sandy Hook Families in each of this Chapter 11 Case and the FSS Case and will file notices of such withdrawals in the near term.  In light of the above, I do not believe that Akin Gump has an adverse interest to the Debtor under Bankruptcy Code section 1103.

**D.     Searched Parties Which Currently Serve, or Have, in the Past Three Calendar Years, Served, on Informal and/or Official Creditors' Committees Represented by Akin Gump**

24.     As part of its diverse restructuring practice, Akin Gump routinely represents informal and official creditors' committees.  In that regard, set forth on **Schedule 3** attached hereto is a listing of those Searched Parties from **Schedule 1** and/or certain related parties that currently

---

[17] *Id*.

[18] Significantly, the Connecticut Plaintiffs and Texas Plaintiffs each have separate counsel representing them in this Chapter 11 Case and the FSS Case; and thus each group has obtained and will continue to obtain independent advice regarding their role as members of the Committee.  The Connecticut Plaintiffs have retained Paul, Weiss, Rifkind, Wharton & Garrison LLP as bankruptcy counsel and the Texas Plaintiffs have retained Chamberlain, Hrdlicka, White, Williams & Aughtry, PC as bankruptcy counsel, along with their respective individual tort counsel.

serve, or have served, within the last three calendar years, on informal or official creditors' committees in chapter 11 cases represented by Akin Gump, excluding the Chapter 11 Case.

**E.      Other Connections and General Disclosures**

25.      Akin Gump performed general diligence to determine any connections beyond what is disclosed in the attached schedules.  Akin Gump may have represented in the past and/or may currently represent or in the future represent entities (other than parties in the attached schedules) not currently known to Akin Gump in matters unrelated to the Chapter 11 Case who may be parties in interest in the Chapter 11 Case.  In addition, Akin Gump regularly represents informal groups of creditors of companies that are facing financial distress, which financial distress may not have been publicly disclosed.  Some of these companies may be or become parties in interest in the Chapter 11 Case.  Akin Gump will only represent such informal groups in matters wholly unrelated to the Chapter 11 Case.

26.      In addition, to the best of my knowledge, I do not believe there is any connection between Akin Gump and the U.S. Trustee, any person employed with the U.S. Trustee or any bankruptcy judge currently serving on the United States Bankruptcy Court for the Southern District of Texas.

27.      To the extent that Akin Gump discovers any such information or needs to update the information disclosed herein, Akin Gump will disclose such information by filing a supplemental declaration pursuant to Bankruptcy Rule 2014.

28.      None of Akin Gump's representations of creditors or other parties in interest who are involved in the Chapter 11 Case comprise a material component of Akin Gump's practice, nor does Akin Gump currently represent such parties on any issue relating to the Chapter 11 Case.  For the reasons stated herein, Akin Gump represents no interests adverse to the Debtor's individual creditors or the Committee and, therefore, is capable of fulfilling its duties to the Committee.

## PROFESSIONAL COMPENSATION

29.      As noted *supra*, and in recognition of the unique and important circumstances of this Chapter 11 Case, Akin Gump has agreed to serve as counsel to the Committee on a *pro bono* basis, with one contingent qualification: Akin Gump reserves the right to seek allowance under the applicable rules of all actual, reasonable and necessary fees and expenses incurred in connection with Akin Gump's representation of the Committee in this Chapter 11 Case in the event that the Debtor proposes and obtains confirmation of a chapter 11 plan or other resolution of the Chapter 11 Case that is not supported by the Committee.  In that event, all fees and expenses approved by the Court and paid by the Debtor's estate to Akin Gump in connection with its representation of the Committee in the Chapter 11 Case will be contributed to the Debtor's unsecured creditors.

30.      In the event that Akin Gump seeks allowance of fees and expenses, Akin Gump will make appropriate applications to the Court pursuant to Bankruptcy Code sections 330 and 331 for compensation and reimbursement of out-of-pocket expenses, in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable order of the Court. Subject to the Court's approval, Akin Gump will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to Bankruptcy Code sections 328, 330 and 331.

31.      Akin Gump's hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions.[19]  Akin Gump's 2022 and 2023 standard

---

[19] For example, like many of its peer law firms, Akin Gump typically increases the hourly billing rate of attorneys and paraprofessionals periodically in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing in seniority and promotion; and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority.  The step increases do not constitute "rate increases" (as the term is used in the U.S. Trustee Guidelines (defined below).  While the rate ranges provided for herein may change if an individual leaves or joins Akin Gump, and if any such individual's billing rate falls outside the ranges disclosed above, Akin Gump does not intend to update the ranges for such circumstances.

hourly rates for professionals and paraprofessionals employed in its domestic offices are provided below:

| **Billing Category** | **2022 Range** | **2023 Range** |
|---|---|---|
| Partners | $1,125–1,995 | $1,300.00–$2,145.00 |
| Senior Counsel | $845–$1,415 | $940.00–$1,550.00 |
| Counsel | $990–$1,225 | $1,120.00–$1,500.00 |
| Associates | $605–$1,045 | $735.00–$1,175.00 |
| Paraprofessionals | $215–$475 | $215.00–$510.000 |

32.     The hourly rates set forth above are Akin Gump's standard hourly rates for work of this nature.  These rates are set at a level designed to compensate Akin Gump fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  Akin Gump operates in a complicated, national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, the lawyer's area of specialization, the firm's expertise, performance and reputation, the nature of the work involved and other factors.  Akin Gump's hourly rates vary with the experience and seniority of the individuals assigned.  Akin Gump's hourly rates, including those adjustments as set forth herein, are consistent with (i) market rates for comparable services and (ii) the rates that Akin Gump charges and will charge other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

33.     It is Akin Gump's policy to charge its clients in all areas of practice for expenses incurred in connection with its representation of a client.  The expenses charged to clients include, among other things, photocopying charges, travel expenses, expenses for "working meals" and computerized research.  Akin Gump will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services provided to the Committee.  In the event that Akin Gump seeks reimbursement for such expenses in accordance with paragraph 29 above, it will do so pursuant to, among other things, any applicable guidelines established by the

Office of the U.S. Trustee, but will not bill the Debtor's estate for such expenses during the pendency of the Chapter 11 Case, subject to the foregoing qualifications.

34.     No agreement exists, nor will any be made, to share any compensation received by Akin Gump for its services with any other person or firm other than members of Akin Gump, except as described herein in connection with the potential contribution to the Debtor's unsecured creditors.

35.     For the reasons stated herein, Akin Gump represents no interest adverse to the Debtor's individual creditors or the Committee and, therefore, is capable of fulfilling its duties to the Committee and the unsecured creditors that the Committee represents.

36.     The foregoing constitutes the statement of Akin Gump pursuant to Bankruptcy Code sections 329, 504 and 1103(a), Bankruptcy Rules 2014(a) and 2016(b) and Local Rules 2014-1 and 2016-1.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

37.     The Committee and Akin Gump intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines in connection with this Application; Akin Gump has, however, requested a waiver of any requirements to comply with the U.S. Trustee Guidelines in connection with the requirement to file interim and final fee applications in the course of its engagement.  The Committee and Akin Gump reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines in respect of any application for employment or compensation in the Chapter 11 Case that falls within the ambit of the U.S. Trustee Guidelines.

38.     The following is provided in response to the request for additional information set forth in Section D.1 of the U.S. Trustee Guidelines.

13

(a)     Akin Gump did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement except as set forth in paragraph 29 above.  The rates set forth herein are consistent with (i) market rates for comparable services and (ii) the rates that Akin Gump charges and will charge clients in other comparable chapter 11 cases, regardless of the location of the chapter 11 case.  Nevertheless, as discussed herein, Akin Gump has agreed to represent the Committee on a *pro bono* basis and therefore will be not be seeking current payment of such fees and expenses on a monthly or interim basis.  In the event that the Debtor obtains confirmation of a chapter 11 plan or other resolution of the Chapter 11 Case that is not supported by the Committee, Akin Gump reserves the right to seek approval by this Court and payment by the Debtor, in accordance with all applicable rules, of all fees and expenses incurred by the Committee on account of services rendered by Akin Gump in connection with the Chapter 11 Case prior to the conclusion of the Chapter 11 Case.

(b)     No rate for any of the professionals included in this engagement varies based on the geographic location of the bankruptcy case.

(c)     Except with respect to its prior representation of Committee members in connection with the Sandy Hook Representation as described above, Akin Gump did not represent any member of the Committee in the Chapter 11 Case prior to its retention by the Committee.

(d)     In light of Akin Gump's agreement to be retained as counsel to the Committee in the Chapter 11 Case on a *pro bono* basis, Akin Gump does not intend to develop a budget in the Chapter 11 Case.

(e)     The Committee has approved Akin Gump's proposed hourly billing rates.  The Akin Gump attorneys staffed on the Chapter 11 Case, subject to modification depending upon further development, are set forth herein.

I declare under penalty of perjury that the foregoing is true and correct on this 18th day of January, 2023.

*/s/ David M. Zensky*
Name: David M. Zensky

## Schedule 1

### Schedule of Searched Parties

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Hensel, Jennifer
Hockley, Nicole
Lewis, Scarlet

Parker, Robert
Pozner, Leonard
Wheeler, David

**DEBTOR**

Alexander E. Jones

**OTHER POTENTIAL PARTIES IN INTEREST**

Addshoppers, Inc.
ADP TotalSource
Airco Mechanical, Ltd.
Aldenberg, William
Ally Auto
Ally Bank
Amazon.com, Inc.
Amazon   Marketplace/Amazon   Payments, Inc.
Amazon Web Services
American Express
American Express National Bank
American Media/Reality Zone
Andrews, Christopher
AT&T
Atomial, LLC
AWIO Web Services LLC
Balcones Recycling, Inc.
Barden, Jacqueline
Barden, Mark
Biodec, LLC
Blott, Jacqueline
Campco
Chelsea Green Publishing
City of Austin
Cloudflare, Inc.
Coan, Richard, Chapter 7 Trustee for Debtor Lafferty, Erica
Constant Contact, Inc.
CustomTattooNow.com

David Icke Books Limited
de la Rosa, Veronica
De Lage Landen Financial Services, Inc.
Deese, Stetson
DirectTV
eBay
eCommerce CDN, LLC
Edgecast, Inc.
Elevated Solutions Group
EPS, LLC
ERM Protect
Frost Insurance Agency
FW Robert Broadcasting Co.
Getty Images, Inc.
Gilmore, Brennan
Gracenote
Greenair, Inc.
Haivision Network Video
HBO Max
Heslin, Neil
  High  Gabriel  Water  Supply  Corporation
  d/b/a Texas Water
Hockley, Ian
Hulu, LLC
Impact Fire Services, LLC
  Inc.
Independent Publishers Group
Iron Mountain, Inc.
JCE SEO
JW JIB Productions, LLC

KI4U.com
Konica Minolta Premier Finance
Lafferty, Erica
Lair, Justin
Lincoln-Remi Group, LLC
LIT Industrial
Logo It, LLC
Lumen/Level 3 Communications
Magento
Marcel Fontaine (deceased)
Microsoft Bing Ads
Microsoft Online, Inc.
Miller, Sean
mongoDB Cloud
MRJR Holdings, LLC
Music Videos Distributors
MVD Entertainment Group
Netflix, Inc.
NetSuite Inc.
New Relic
Newegg.com
One Party America, LLC
Orkin, Inc.
Parisi, Carlee Soto
Payarc
Paymentus
Perfect Imprints.com
Perkins, Wes
Pipe Hitters Union, LLC
Post Hill Press, LLC
Poulsen, Debra
Power Reviews, Inc.
PQPR Holdings Limited, LLC
Precision Camera
Precision Oxygen
Private Jets, LLC
Protection 1 Alarm
Public Storage
Randazza Legal Group, PLLC
RatsMedical.com
Ready Alliance Group, Inc.
Reeves Law, PLLC
Renaissance
Restore America
Richman, Jeremy
Sadowksi, Christopher

Schmidt, Robert
Security Bank of Crawford
Sherlach, William
Simon & Schuster
SintecMedia NYC, Inc. DBA Operative
Sirius XM Holdings, Inc.
Skousen, Joel
Skyhorse Publishing
SLNT
Soto, Carlos
Soto, Donna
Soto-Marino, Jillian
Sparkletts & Sierra Springs
Spectrum Enterprise aka Time Warner Cable
Stamps.com
Stone Edge Technologies, Inc.
Stratus Technologies
Studio 2426, LLC
Synergy North America, Inc.
TD Canada Trust
Texas Comptroller of Public Accounts
Texas Disposal Systems, Inc.
Texas Gas Service
Textedly
The Creative Group
The Hartford
The Steam Team, Inc.
Third Coast Graphics, Inc.
Thomas, David
Tolentino, Gabriela
Travelers
Travis County, Texas
Travis County MUD 3
Travis County WCID 17
U.S. Legal Support
Uline Shipping Supply
Vazquez, Valdemar Rodriguez
Verizon Edgecast
Verizon Wireless
Vultr
Waste Connections Lone Star, Inc.
Water Event – Pure Water Solutions
Watson, Paul
Westwood One, LLC
Wheeler, Francine
Willow Grove Productions

| | |
|---|---|
| Wisconsin Dept. of Revenue | Your Promotional Products, LLC |
| WMQM-AM 1600 | Zendesk, Inc. |
| WWCR | Zoom US |

**RELATED CASES**

Free Speech Systems, LLC
InfoW, LLC
IWHealth, LLC
Prison Planet TV, LLC

**JUDGES, US TRUSTEE & COURT STAFF (SDTX)**

| | |
|---|---|
| Alonzo, Albert | Isgur, Marvin (Judge) |
| Bradley, David J. | Jones, David R. (Chief Judge) |
| Castro, Ana | Laws, Tyler |
| Castro, Ruben | Lopez, Christopher (Judge) |
| Chavez, Jeannie | Miller, Elizabeth |
| Conrad, Tracey | Norman, Jeffrey P. (Judge) |
| Do, Linh Thu | Picota, Kimberly |
| Hansen, Darlene | Portillo, Viriana |
| Rios, Mario | Saldona, Rosario |
| Rodriguez, Eduardo V. (Judge) | |

**NOTICE OF APPEARANCE PARTIES, AS OF JANUARY 9, 2023**[1]

Bank of America, N.A

---

[1] This category only includes parties that filed notices of appearance that have not been already listed under other categories.

**Schedule 2**

**Schedule of Parties from Schedule 1 and/or Certain Related Parties that Akin Gump Currently Represents, or Has in the Past Three Calendar Years Represented, in Matters Unrelated to the Chapter 11 Case**

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

*Akin Gump[1] has not represented in the past and currently does not represent the Committee members on matters wholly unrelated to the Chapter 11 Case. As further described in the Zensky Declaration, Akin Gump represented in the past each of the Committee members on an individual basis in connection with its prior representation of the Texas Plaintiffs and the Sandy Hook Families, as applicable, in this Chapter 11 Case and the Related Cases:[2]*

Hensel, Jennifer
Hockley, Nicole
Lewis, Scarlet

Parker, Robert
Pozner, Leonard
Wheeler, David

**DEBTOR**

*Akin Gump has not represented in the past and currently does not represent this party.*

**OTHER POTENTIAL PARTIES IN INTEREST**

*Akin Gump currently represents the following entities and/or related parties of such entities on matters wholly unrelated to the Chapter 11 Case:*

Amazon.com, Inc.
Amazon Marketplace/Amazon Payments,
    Inc.
Amazon Web Services
American Express
American Express National Bank
AT&T
DirectTV
eBay
Hulu, LLC
Microsoft Bing Ads

Microsoft Online, Inc.
Netflix, Inc.
The Hartford
Verizon Wireless

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the *Application of the Official Committee of Unsecured Creditors of Alexander E. Jones to Retain and Employ Akin Gump Strauss Hauer & Feld LLP as Counsel, Effective as of December 19, 2022.*

[2] As explained in the Application and the Zensky Declaration, Akin Gump previously represented the Texas Plaintiffs (which includes certain of the Committee members), each on an individual basis, in the now dismissed InfoWars Cases. Further, the Committee members are part of the Sandy Hook Families that Akin Gump represented, each on an individual basis, in the Chapter 11 Case and the FSS Case; Akin Gump has withdrawn from its representation of the Sandy Hook Families in each of this Chapter 11 Case and the FSS Case and will file notices of such withdrawals in the near term.

*As further described in the Zensky Declaration, Akin Gump represented in the past the following parties on an individual basis in connection with its prior representation of the Texas Plaintiffs and the Sandy Hook Families, as applicable, in this Chapter 11 Case and the Related Cases.[1] Akin Gump has not represented in the past and currently does not represent these parties on matters wholly unrelated to the Chapter 11 Case:*

Aldenberg, William
Barden, Jacqueline
Barden, Mark
de la Rosa, Veronique
Fontaine, Marcel (deceased)
Hensel, Jennifer
Heslin, Neil
Hockley, Ian
Hockley, Nicole
Lewis, Scarlett
Parisi, Carlee Soto
Parker, Robert
Pozner, Leonard
Sherlach, William
Soto, Carlos
Soto, Dona
Soto-Marino, Jilliam
Wheeler, David
Wheeler, Francine

*Akin Gump has in the past represented the following entity and/or related party of such entity on matters wholly unrelated to the Chapter 11 Case:*

Edgecast, Inc.

**RELATED CASES**

*Akin Gump has not represented in the past and currently does not represent these parties.*

**JUDGES, US TRUSTEE AND COURT STAFF (SDTX)**

*Akin Gump has not represented in the past and currently does not represent these parties.*

---

[1] As explained in the Application and the Zensky Declaration, Akin Gump previously represented the Texas Plaintiffs (which includes certain of these parties), each on an individual basis, in the now dismissed InfoWars Cases. Further, these parties are part of the Sandy Hook Families that Akin Gump represented, each on an individual basis, in the Chapter 11 Case and the FSS Case; Akin Gump has withdrawn from its representation of the Sandy Hook Families in each of this Chapter 11 Case and the FSS Case and will file notices of such withdrawals in the near term.

**PARTIES FILING NOTICES OF APPEARANCE, AS OF JANUARY 9, 2023**

*Akin Gump currently represents the following entity and/or related parties of such entity on matters wholly unrelated to the Chapter 11 Case:*

Bank of America, N.A.

**<u>Schedule 3</u>**

**Schedule of Searched Parties and/or Related Parties that are Currently Serving,
or Have in the Past Served, on Informal and/or Official Creditors' Committees
Represented by Akin Gump**

American Express
Bank of America, N.A.

# EXHIBIT C

**Pozner and Parker Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| ALEXANDER E. JONES, | ) Case No. 22-33553 (CML) |
| | ) |
| Debtor. | ) |
| | ) |

**DECLARATION OF LEONARD POZNER AND
ROBERT PARKER IN SUPPORT OF THE APPLICATION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF ALEXANDER E. JONES TO
RETAIN AND EMPLOY AKIN GUMP STRAUSS HAUER & FELD LLP AS
<u>COUNSEL, EFFECTIVE AS OF DECEMBER 19, 2022</u>**

Under 28 U.S.C. § 1746, Leonard Pozner and Robert Parker each declare as follows under penalty of perjury:

1.      I am making this declaration in my capacity as co-chair of the Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the chapter 11 case of Alexander E. Jones (the "<u>Debtor</u>," and such case, the "<u>Chapter 11 Case</u>").  I am competent to make this declaration in support of the *Application of the Official Committee of Unsecured Creditors of Alexander E. Jones to Retain and Employ Akin Gump Strauss Hauer & Feld LLP as Counsel, Effective as of December 19, 2022* (the "<u>Application</u>").[1]

2.      I submit this Declaration in support of the Application, pursuant to Section D.2. of the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases*, 78 Fed. Reg. 36248, effective as of November 1, 2013 (the "<u>U.S. Trustee Guidelines</u>").

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents and information supplied to me by Akin Gump.

3.      I am informed by Akin Gump that the U.S. Trustee Guidelines request that any application for employment of an attorney under Bankruptcy Code section 1103 be accompanied by a verified statement from the client that addresses the following:

(a)      The identity and position of the person making the verification.

(b)      The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

(c)      The number of firms the client interviewed.

(d)      If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

(e)      The procedures the client has established to supervise the applicant's fees and expenses and to manage costs.  If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in non-bankruptcy cases to supervise outside counsel, explain how and why.  In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

## THE COMMITTEE'S SELECTION OF COUNSEL

4.      Following its formation, the Committee found Akin Gump to be uniquely qualified to represent the Committee in light of (i) Akin Gump's long history of, and expertise in, representing official committees in chapter 11 cases and related matters and proceedings, (ii) Akin Gump's familiarity with the Related Cases, as well as this Chapter 11 Case, in light of its prior representation of the Texas Plaintiffs and the Sandy Hook Families, as applicable, in connection with such cases and (iii) Akin Gump's agreement to be retained as Committee counsel on a *pro*

*bono* basis.  Therefore, the Committee determined to retain Akin Gump.  The Committee did not interview any other firms for the representation.

## **RATE STRUCTURE**

5.      Akin Gump has informed the Committee that its rates and terms for bankruptcy representations are comparable to the rates and terms Akin Gump charges and agrees to for non-bankruptcy representations and comparable to the rates and terms of other comparably skilled professionals.  The Committee has approved Akin Gump's proposed rates, as set forth in the Application and the Zensky Declaration.  Akin Gump has informed the Committee that its hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions.  The Committee has consented to such ordinary course rate increases.

## **COST SUPERVISION**

6.      The Committee recognizes its responsibility to monitor the billing practices of its counsel to ensure that any fees and expenses to be paid by the Debtor's estate remain consistent with the Committee's expectations and the exigencies of the Chapter 11 Case.  Akin Gump has agreed to serve as counsel to the Committee on a *pro bono* basis, with one contingent qualification: Akin Gump reserves the right to seek allowance under the applicable rules of all actual, reasonable and necessary fees and expenses incurred in connection with Akin Gump's representation of the Committee in this Chapter 11 Case in the event that the Debtor obtains confirmation of a chapter 11 plan or other resolution of the Chapter 11 Case that is not supported by the Committee.  In that event, Akin Gump has informed the Committee that all fees and expenses approved by the Court and paid by the Debtor's estate to Akin Gump in connection with its representation of the Committee in the Chapter 11 Case will be contributed to the Debtor's unsecured creditors.

7.      Akin Gump has advised the Committee that, in light of Akin Gump's agreement to serve as counsel to the Committee in the Chapter 11 Case on a *pro bono* basis, Akin Gump does

not intend to develop a budget in the Chapter 11 Case. In addition, Akin Gump has informed the Committee that, due to the unique facts and circumstances of Akin Gump's retention, Akin Gump has requested a waiver of any additional requirement to comply with the U.S. Trustee Guidelines governing interim or final requests for compensation. Notwithstanding the foregoing, Akin Gump will provide the Committee, the Debtor and the U.S. Trustee with monthly summary invoices of the fees and expenses incurred by Akin Gump in connection with its representation of the Committee.

I declare under penalty of perjury that the foregoing is true and correct on this 18th day of January, 2023.

**THE OFFICIAL COMMITTEE OF ALEXANDER E. JONES**

*/s/ Leonard Pozner*
Leonard Pozner, solely in his capacity as Co-Chair of the Official Committee of Unsecured Creditors of Alexander E. Jones and not in any other capacity

*/s/ Robert Parker*
Robert Parker, solely in his capacity as Co-Chair of the Official Committee of Unsecured Creditors of Alexander E. Jones and not in any other capacity