# EXHIBIT 4

EXHIBIT "B"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ALEXANDER E. JONES | ) | CASE NO. 22-33553 |
| | ) | |
| DEBTOR. | ) | (CHAPTER 11) |
| | ) | |
| | ) | JUDGE CHRISTOPHER M. LOPEZ |

**DECLARATION OF SHELBY A. JORDAN IN SUPPORT OF THE APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF JORDAN & ORTIZ, P.C. AS DEBTOR CO-COUNSEL EFFECTIVE AS OF THE PETITION DATE**

Shelby A. Jordan, a shareholder of Jordan & Ortiz, P.C., makes this Declaration pursuant to 28 U.S.C. § 1746 and states:

1. I am a Shareholder of Jordan & Ortiz, P.C. ("J&O") which maintains offices for the practice of law at 500 N. Shoreline Blvd., Suite 900, Corpus Christi, Texas 78402, among 1 other location in Austin, Texas. I am an attorney-at-law, duly admitted and in good standing to practice in the State of Texas, each Federal Court for the Southern, Eastern, Western and Northern District of Texas. There are no disciplinary proceedings pending against me. Except as otherwise noted, I have personal knowledge of the matters set forth in this Declaration.

2. I submit this Declaration (the "**Declaration**") in connection with the Debtor's application (the "**Application**")² for authority to employ and retain J&O as co-counsel to the Debtor beginning the Petition Date, and to provide the disclosures required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**").

**DECLARATION OF SHELBY A. JORDAN IN SUPPORT OF THE APPLICATION OF DEBTOR FOR AUTHORITY TO EMPLOY AND RETAIN JORDAN & ORTIZ, P.C. AS CO-COUNSEL TO THE DEBTOR NUNC PRO TUNCH TO THE PETITION DATE** - Page 1

**EXHIBIT "B"**

3. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth below. To the extent that any information disclosed in this Declaration requires amendment or modification upon J&O's completion of further analysis or as additional creditor information becomes available to J&O, a supplemental declaration will be promptly and timely submitted to this Court.

4. Insofar as I have been able to ascertain, neither I, nor J&O, nor any shareholder, counsel or associate of J&O, represents any other party-in-interest in the Case, or its attorneys or accountants. Further, J&O has no connection (as such term is used in Bankruptcy Code section 101(14) and Bankruptcy Rule 2014(a)) with the Debtor, his creditors, any other party-in-interest herein, or the Debtor's current respective other attorneys or professionals, the United States Trustee, or any person employed in the Office of the United States Trustee, or any bankruptcy judge currently serving on the United States Bankruptcy Court for the Southern District of Texas, nor does J&O hold any adverse interest or represent any entity having an adverse interest in connection with the Case, except as disclosed below.

5. J&O maintains and updates its conflict check system regularly in the ordinary course of its business. The system includes every matter on which J&O is currently or was previously engaged, including details related to the identity of the client, adverse parties, dates of representation, and the attorney(s) at J&O with responsibility for the engagement. This database is updated for every new matter opened by J&O. Before J&O takes on a new engagement, the list of interested parties is run through the conflicts system, and any hits are reviewed by counsel as well as the attorneys responsible for the engagement.

6. J&O does not believe it represents many entities and service providers that may be creditors in the Debtor's Case. J&O will not represent any of those entities or service

**DECLARATION OF SHELBY A. JORDAN IN SUPPORT OF THE APPLICATION OF DEBTOR FOR AUTHORITY TO EMPLOY AND RETAIN JORDAN & ORTIZ, P.C. AS CO-COUNSEL TO THE DEBTOR NUNC PRO TUNCH TO THE PETITION DATE** - Page 2

**EXHIBIT "B"**

providers in the Case and will not represent any entities or parties it currently represents with regard to any claims that they may have collectively or individually against the Debtor.

7. I, J&O, and certain of its shareholders, counsel, of counsel, and associates do not currently represent, nor have previously represented, and will not in the future while this case is pending, represent, persons, entities, and their affiliates that are claimants, interest holders, other parties-in-interest, or professionals of the Debtor (and other professionals to be retained in the Case) unless in matters totally unrelated to the Debtor or the Case.

8. Except as set forth in this Declaration, neither I, nor J&O, nor any shareholder, counsel, or associate thereof, insofar as I have been able to ascertain, holds or represents any entity having an adverse interest to the Debtor or his estate.

9. J&O is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14) in that J&O, its shareholders, counsel, and associates:

   a. are not creditors, equity security holders, or insiders;

   b. are not and were not, within two (2) years before the date of the filing of the petition, directors, officers, or employees of the Debtor; and

   c. do not have interests materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

10. To the extent that J&O is determined to have a conflict with respect to a particular client or matter, the Debtor will immediately (i) amend this declaration and disclose all details of such representation; (ii) utilize separate conflicts counsel as necessary; and. (iii) to the extent necessary and appropriate, implement an ethical wall, screening attorneys working on any such matters from interacting with attorneys working on the Case.

**DECLARATION OF SHELBY A. JORDAN IN SUPPORT OF THE APPLICATION OF DEBTOR FOR AUTHORITY TO EMPLOY AND RETAIN JORDAN & ORTIZ, P.C. AS CO-COUNSEL TO THE DEBTOR NUNC PRO TUNCH TO THE PETITION DATE - Page 3**

**EXHIBIT "B"**

12. By reason of the foregoing, I believe that J&O is eligible for employment and retention by the Debtor pursuant to Bankruptcy Code section 327 and the applicable Bankruptcy Rules.

13. The professional services that J&O has rendered and will render to the Debtor include, but shall not be limited to, the following:

- taking all necessary action to protect and preserve the estate of the Debtor, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

- aiding in financial data retrieval and coordination of transparency of both historical, current and future financial, business and asset transactions, banking and credit transactions, location, inventory, cataloging of assets, and exploration of income generating opportunities as well as the authorized disposition of the Debtor's assets, by sale or otherwise;

- providing legal advice with respect to the Debtor's powers and duties as debtor in possession in the continued operation of their business;

- preparing on behalf of the Debtor, as debtor in possession, necessary motions, applications, answers, orders, reports, and other legal papers in connection with the administration of the Debtor's estate;

- appearing in court and protecting the interests of the Debtor before this Court;

- assisting with any litigation, whether adversary proceedings or contested matters or related pending, or removed state court proceedings, including discovery responses;

- take all necessary or appropriate actions in connection with any plan of reorganization and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtor's estate;

- reviewing all pleadings filed in the Case; and

- performing all other legal services in connection with the Case as may

**EXHIBIT "B"**

reasonably be required.

14. The Debtor understands that J&O intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court.

15. Pursuant to Bankruptcy Code section 329, Bankruptcy Rule 2016, J&O discloses that $609,919.28 in aggregate fees and expenses have been paid (exclusive of retainer paid for this Chapter 11 fees) in the twelve (12) months preceding the Petition Date.

16. The Debtor, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, propose to pay J&O its customary hourly rates for services rendered. J&O has advised the Debtor that J&O's hourly rates for professionals that will be

| **Attorneys** | **Rate as of Engagement letter date** |
|---|---|
| Shelby A. Jordan | $600.00 |
| Antonio Ortiz | $475.00 |
| **Legal Assistants** | |
| Chrystal Madden | $250.00 |

All rates are commensurate with the standard hourly rates charged by J&O to other similarly situated clients and on similar matters. These hourly rates are subject to periodic adjustment to reflect economic and other conditions, upon notice as this Court deems proper.

17. In connection with entry into the engagement of J&O, the Debtor agreed that a retainer (the "Retainer") would be applied to J&O's professional fees, charges, and disbursements. The Initial Retainer in the amount of $146,790.16 was received prior to as the Petition Date. On. the Petition Date J&O was not owed any fees or expenses. The balance of Retainer will remain in

**DECLARATION OF SHELBY A. JORDAN IN SUPPORT OF THE APPLICATION OF DEBTOR FOR AUTHORITY TO EMPLOY AND RETAIN JORDAN & ORTIZ, P.C. AS CO-COUNSEL TO THE DEBTOR NUNC PRO TUNCH TO THE PETITION DATE** - Page 5

**EXHIBIT "B"**

J&O's IOLTA trust account as a post-petition retainer to be applied against post-petition fees and expenses after application to and approval by the Court.

18. J&O further intends to jointly file with co-counsel a Motion for an Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Retained Professionals similar to the Motion and Order approved in the affiliate case *In re: Free Speech Systems, LLC*, case # 22-60043 [Dkt# 202].

19. The hourly rates set forth above are J&O's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate J&O for the work of its attorneys and paralegals, and to cover fixed and routine overhead expenses. It is J&O's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier charges, printing and scanning charges, toll charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses (mileage and hourly rates are bill one-way only), expenses for "working meals" only.  J&O does not charge non-ordinary overhead expenses such as overtime for secretarial personnel and other staff, weekend or after-hours air conditioning or the like.  J&O will charge expenses in a manner and at rates consistent with charges made generally to J&O's other clients and within the Local Rules and the U.S. Trustee guidelines.

20. The Debtor has agreed to pay the above listed compensation to J&O for legal services rendered in connection with the Case by its various attorneys and paralegals. The Debtor also has agreed to reimburse J&O for its actual and necessary expenses incurred in connection with the Case.

**EXHIBIT "B"**

21. No promises have been received by J&O or by any shareholder, counsel, or associate thereof as to payment or compensation in connection with the Case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. J&O has no agreement with any other entity to share with such entity any compensation received by J&O in connection with the Case, other than with the shareholders, counsel, and associates of J&O.

22. Although I and J&O have taken reasonable steps to ascertain the facts set out in this Declaration, J&O's analysis is ongoing. Accordingly, J&O shall supplement this Declaration promptly and timely as appropriate and necessary if information is received that makes any statement herein untrue, in whole or in part.

22. The foregoing constitutes the statement of J&O pursuant to Bankruptcy Code section 327 and Bankruptcy Rules 2014(a) and 2016(b).

I certify under penalty of perjury under the laws of the United States that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: December 21, 2022

_____
Shelby A. Jordan