# EXHIBIT 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 22-33553 |
| | § | |
| ALEXANDER E. JONES | § | (Chapter 11) |
| | § | |
| Debtor. | § | JUDGE CHRISTOPHER M. LOPEZ |
| | § | |

**SUPPLEMENTAL DECLARATION OF SHELBY A. JORDAN IN SUPPORT OF THE APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF JORDAN & ORTIZ, P.C. AS DEBTOR CO-COUNSEL EFFECTIVE AS OF THE PETITION DATE**

Shelby A. Jordan, a shareholder of Jordan & Ortiz, P.C., makes this Declaration pursuant to 28 U.S.C. § 1746 and states:

1.  I am a Shareholder of Jordan & Ortiz, P.C. ("**J&O**") which maintains offices for the practice of law at 500 N. Shoreline Blvd., Suite 900, Corpus Christi, Texas 78402, among 1 other location in Austin, Texas. I am an attorney-at-law, duly admitted and in good standing to practice in the State of Texas, each Federal Court for the Southern, Eastern, Western and Northern District of Texas. There are no disciplinary proceedings pending against me. Except as otherwise noted, I have personal knowledge of the matters set forth in this Declaration.

2.  I submit this Supplemental Declaration (the "**Declaration**") in connection with Debtor Alexander E. Jones's ("**Debtor**") application (the "**Application**")[2] for authority to employ and retain J&O as co-counsel to the Debtor beginning the Petition Date in this Chapter 11 Case ("**Case**"), and to provide the disclosures required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**").

3. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth below. To the extent that any information disclosed in this Declaration requires amendment or modification upon J&O's completion of further analysis or as additional creditor information becomes available to J&O, a supplemental declaration will be promptly and timely submitted to this Court.

4. With the exception of J&O's pre-petition representation of Debtor in his individual capacity, neither I, nor J&O, nor any shareholder, counsel or associate of J&O, has ever represented or currently represents any party-in-interest in the Case, or any attorney or accountant of a party-in-interest in this Case, in any related or unrelated matters to this Case.

5. In connection with entry into the engagement of J&O, the Debtor agreed that a retainer (the "**Retainer**") would be applied to J&O's professional fees, charges, and disbursements. The Initial Retainer in the amount of $200,000.00 was received prior to as the Petition Date from the Missouri779384 Trust (the "**Trust**"). On the Petition Date J&O was not owed any fees or expenses. The balance of Retainer in the amount of $146,790.16 will remain in J&O's IOLTA trust account as a post-petition retainer to be applied against post-petition fees and expenses in accordance with any interim compensation orders entered by the Court and applicable law.

6. The Trustee of the Trust is David Jones (the "**Trustee**"). The Trust is a revocable trust, with Debtor as the settlor. The Trust Agreement governing the Trust (the "**Instrument**") defines "beneficiary" as any beneficiary then eligible to receive distributions, and does not appear to name specific individuals as beneficiaries. The Instrument was executed on May 19, 2018. The Trustee has discretion to make distributions under the Trust for the benefit of the welfare of the settlor, Alexander E. Jones. Upon information and belief, the Trust was funded with the proceeds from the sale of Debtor's homestead property.

I certify under penalty of perjury under the laws of the United States that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: January 11, 2022

*/s/ Shelby A. Jordan*
Shelby A. Jordan