United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 20, 2023
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 22-33553 |
| | § | |
| **ALEXANDER E. JONES** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | **JUDGE CHRISTOPHER M. LOPEZ** |
| | § | |

**ORDER GRANTING APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CROWE & DUNLEVY, P.C. AS DEBTOR'S CO-COUNSEL EFFECTIVE AS OF THE PETITION DATE**

ON THIS DATE this Court considered the application (the "Application") of Alexander E. Jones ("Debtor") in the above-captioned Chapter 11 case (the "Chapter 11 Case") for the entry of an order  authorizing Debtor to retain and employ Crowe & Dunlevy, P.C. ("C&D") as his bankruptcy co-counsel, effective as of the Petition Date, pursuant to Sections 105(a), 327(a), 329, 330 331, 1107, and 1108 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and rules 2014-1 and 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (each a "LBR"). Upon review of the Application and the Declaration of Vickie L. Driver (the "Driver Declaration") and upon consideration of the statements made in support of the Application at a hearing held before the Court (the "Hearing"), the Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C.

 § 1334; that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b); that the venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; that based on the representations made in the Application and in the Driver Declaration, C&D's employment is in the best interests of Debtor's estate and C&D (a) is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code, and (b) C&D does not

represent or hold an interest  adverse to Debtor's estate; that Debtor provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; that the legal and factual bases set forth in the Application and at the Hearing established just cause for the relief granted in this Order.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.      The Application is **GRANTED** to the extent set forth herein.

2.      Debtor is authorized to retain and employ C&D as his primary bankruptcy counsel, effective as of the Petition Date.

3.      C&D shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this Chapter 11 Case[1] in compliance with Sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.  To the extent applicable, C&D shall also make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures in connection with interim and final fee applications to be filed by C&D in this Chapter 11 Case.

4.      To the extent that C&D uses the services of contract attorneys in this Chapter 11 Case, C&D (i) shall pass-through the cost of such contract attorneys to Debtor at the same rate that C&D pays the contract attorneys; (ii) shall seek reimbursement for actual out-of-pocket expenses only; and (iii) shall ensure that the contract attorneys are subject to the same conflict checks and disclosures as required of C&D by Bankruptcy Rule 2014.

5.      Prior to any increase in C&D rates for any individual employed by C&D and providing services in this Chapter 11 Case, C&D shall file a supplemental declaration with the

---

[1] Any capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

**ORDER APPROVING APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CROWE & DUNLEVY, P.C. AS DEBTOR'S CO-COUNSEL - Page 2**

Court and provide ten business days' notice to Debtor, the United States Trustee, Counsel for the Official Committee of Unsecured Creditors, Counsel to the Connecticut Plaintiffs, and Counsel to the Texas Plaintiffs.[2]  The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether Debtor has consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

6.      C&D shall use its reasonable efforts to avoid any duplication of services provided by any of Debtor's other retained professionals in this Chapter 11 Case.

7.      To the extent the Application, Driver Declaration, or any engagement letter between Debtor and C&D is inconsistent with this Order, the terms of this Order shall govern during the pendency of this Chapter 11 Case.

8.      At the conclusion of this case or of C&D's engagement by Debtor in this Chapter 11 Case, if the amount of any retainer held by C&D is in excess of the amount of C&D's outstanding and Court-approved fees, expenses, and costs, C&D will return to the Debtor the amount by which any such retainer exceeds such Court-approved approved fees, expenses, and costs.

9.      Debtor and C&D are each authorized to take all actions necessary to effectuate the relief granted pursuant to the Order.

10.      Notice of the Application provided by Debtor is deemed to be good and sufficient notice of the Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

---

[2] As such Notice Parties are defined in the *Order Granting Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Chapter 11 Professionals*.

**ORDER APPROVING APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CROWE & DUNLEVY, P.C. AS DEBTOR'S CO-COUNSEL - Page 3**

11.     Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Signed: January 20, 2023

_____
Christopher Lopez
United States Bankruptcy Judge

**ORDER APPROVING APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CROWE & DUNLEVY, P.C. AS DEBTOR'S CO-COUNSEL - Page 4**