United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 20, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ALEXANDER E. JONES | ) | CASE NO. 22-33553 |
| | ) | |
| DEBTOR. | ) | (CHAPTER 11) |
| | ) | |
| | ) | JUDGE CHRISTOPHER M. LOPEZ |

## ORDER GRANTING APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF JORDAN & ORTIZ, P.C. AS DEBTOR CO-COUNSEL EFFECTIVE AS OF THE PETITION DATE

Upon the Application (the "**Application**") of the Debtor for entry of an order (this "**Order**") authorizing the retention and employment of JORDAN & ORTIZ, P.C. (the "Firm" or "J&O") as co-counsel to the Debtor beginning on the Petition Date (the "**Petition Date**"), as more fully described in the Application; the Court having reviewed the Application, and the declaration of Shelby A. Jordan, a shareholder of Jordan & Ortiz, P.C., attached to the Application as **Exhibit B** (the "**Jordan Declaration**"); and the Court being satisfied, based on the representations made in the Application and the Jordan Declaration that J&O is "disinterested" as such term is defined in Bankruptcy Code section 327(a), and that J&O represents no interest adverse to the Debtor's estate; and the Court having found that this matter is a core proceeding pursuant to U.S.C. 157 and §§ 1334 (b); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C § 157(b)(2), and the Court having found that venue of this proceeding and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Application is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and it appearing that proper and adequate notice of the

Application has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore,

**IT IS ORDERED, ADJUDGED AND DECREED THAT**:

1. The Application is GRANTED as set forth herein.

2. All objections to the entry of this Order, if any and to the extent not withdrawn or settled as reflected in this Order, are overruled.

3. Pursuant to Bankruptcy Code section 327(a), Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtor is authorized to retain and employ J&O as co-counsel in this Case in accordance with J&O's hourly rates and disbursement policies *nunc pro tunc* to the Petition Date.

4. J&O is authorized to render the professional services described in the Application and the Jordan Declaration.

5. J&O shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 328, 330, and 331, and applicable Bankruptcy Rules, and Local Rules, and such other procedures as may be fixed by order of the Court.

6. Notwithstanding anything to the contrary in the Application, J&O will not seek reimbursement of expenses for office supplies, any secretarial charges, or other administrative overtime or overhead charges.

7. J&O shall apply all amounts being held as a retainer towards fees, costs and expenses that are approved for payment by the Court until the retainer is exhausted prior to seeking reimbursement from the Debtor's estate. At the conclusion of this case or of J&O's engagement by the Debtor during this case, if the amount of any retainer held by J&O is in excess of the amount of J&O's outstanding and Court-approved fees, expenses, and costs, J&O will return the amount to Debtor by which any such retainer exceeds such Court-approved approved fees, expenses, and

costs.

8. Prior to any increase in J&O rates for any individual employed by J&O and providing services in the Case, J&O shall file a supplemental declaration with the Court and provide ten business days' notice to the Debtor, the United States Trustee, Counsel for the Official Committee of Unsecured Creditors, Counsel to the Connecticut Plaintiffs, and Counsel to the Texas Plaintiffs.[1]  The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Debtor has consented to the rate increase.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

9. J&O shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in the Case.

10. This Order is without prejudice to J&O filing jointly with co-counsel a Motion for an Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Retained Professionals similar to the Motion and Order approved in the affiliate case *In re: Free Speech Systems, LLC*, case # 22-60043 [Dkt# 202] which Motion, when filed, will be considered at that time.

11. To the extent that J&O uses the services of contract attorneys in this case, J&O (i) shall pass-through the cost of such contract attorneys to the Debtor at the same rate that J&O pays the contract attorneys; (ii) shall seek reimbursement for actual out-of-pocket expenses only; and (iii) shall ensure that the contract attorneys are subject to the same conflict checks and disclosures as required of J&O by Bankruptcy Rule 2014.

---

[1] As such Notice Parties are defined in the *Order Granting Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Chapter 11 Professionals*.

12. To the extent the Application, Jordan Declaration, or any engagement letter between the Debtor and J&O is inconsistent with this Order, the terms of this Order shall govern during the pendency of this chapter 11 case.

13. This Court shall retain jurisdiction over any and all matters arising from the interpretation, implementation, or enforcement of this Order.

Signed: January 20, 2023

_____
Christopher Lopez
United States Bankruptcy Judge