United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 20, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ALEXANDER E. JONES | § | Case No. 22-33553 |
| | § | |
| Debtor. | § | |
| | § | |

### ORDER GRANTING MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR CHAPTER 11 PROFESSIONALS [DOCKET NO. 74]

Upon consideration of the *Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Chapter 11 Professionals* (the "Motion") filed by Debtor Alexander E. Jones, ("Debtor") [Dkt. No. 74], made pursuant to Sections 105(a) and 331 of the United States Bankruptcy Code and 11 U.S.C. §§ 101 *et. seq.* (the "Bankruptcy Code") in the above-referenced bankruptcy case, the Court finds that it has jurisdiction to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 1334(b) and 157; that due notice of the Motion has been provided as set forth in the Motion and no other or further notice need be provided; and further that the relief requested in the Motion is in the best interest of the Debtor and its creditors.

**IT IS THEREFORE ORDERED** that the Motion filed by the Debtor on December 21, 2022 is hereby **GRANTED**; it is further ordered that

Except as otherwise provided in an order of the Court authorizing the retention of a particular professional, the professionals specifically retained pursuant to an order of the Court in the Chapter 11 Case (collectively, the "Retained Professionals") may seek interim payment of

compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

(a) Each Retained Professional seeking monthly compensation must file with the Court and submit a monthly fee statement (a "Monthly Fee Statement"), which submission may be via hand delivery, overnight courier, first class mail or e-mail, so as to be received no later than 30 days after the end of the month for which the fees are sought, to the following parties (collectively, the "Notice Parties"):

  (a) Co-Counsel to Debtor, Crowe & Dunlevy, PC, 2525 McKinnon St, Ste. 425, Dallas, TX 75201 (Attn: Vickie L. Driver, dallaseservice@crowedunlevy.com);

  (b) Co-Counsel to Debtor, Jordan & Ortiz, P.C., 500 North Shoreline Blvd., Suite 900, Corpus Christi, TX 78401 (Attn: Shelby Jordan, sjordan@jhwclaw.com);

  (c) U.S. Trustee c/o Ha Minh Nguyen and Jayson Ruff, Office of the United States Trustee 515 Rusk St, Ste 3516 Houston, TX 77002, ha.nguyen@usdoj.gov, jayson.b.ruff@usdoj.gov;

  (d) Proposed Counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 (Attn: David M. Zensky, Marty L. Brimmage, Jr., Sara L. Brauner and Melanie A. Miller; dzensky@akingump.com, mbrimmage@akingump.com, sbrauner@akingump.com, melanie.miller@akingump.com);

  (e) Counsel to the Connecticut Plaintiffs, (a) Koskoff Koskoff & Bieder PC, 350 Fairfield Avenue, Bridgeport, CT 06604 (Attn: Alinor Sterling, ASterling@koskoff.com) and (b) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn: Kyle J. Kimpler and Martin Salvucci, kkimpler@paulweiss.com, msalvucci@paulweiss.com);

  (f) Counsel to the Texas Plaintiffs, (a) McDowell Hetherington LLP, 1001 Fannin Street, Suite 2700, Houston, TX 77002 (Attn: Avi Moshenberg, avi.moshenberg@mhllp.com) and (b) Chamberlain, Hrdlicka, White, Williams & Aughtry, PC, 1200 Smith Street, Suite 1400, Houston, TX 77002 (Attn: Jarrod B. Martin, Jarrod.Martin@chamberlainlaw.com); and

  (g) Any other parties that the Court may designate.

(b) Unless otherwise provided in the order authorizing the Retained Professional's retention, each Retained Professional's Monthly Fee Statement, in accordance with Local Bankruptcy Rule 2016-1, shall include (i) a monthly invoice with fee and expense detail that describes the fees and expenses incurred by such Retained Professional, and (ii)

    any additional information required by the Local Bankruptcy Rules, the Bankruptcy Rules, the Court, or applicable law.

(c)  Time spent traveling without actively working on the Chapter 11 Case shall be billed at 50% of the professional's normal hourly rate.

(d)  Any Retained Professional who fails to submit a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement for multiple months provided that separate fee and expense information for each applicable month is provided in the consolidated statement.

(e)  All Monthly Fee Statements shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and applicable law.

(f)  Each Notice Party, and any other party in interest, will have 14 days after service of a Monthly Fee Statement to object to such statement (the "<u>Objection Deadline</u>"). Upon the expiration of the Objection Deadline, the Debtor will be authorized to pay each Retained Professional an amount (the "<u>Authorized Payment</u>") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Statement (the "<u>Maximum Payment</u>") and (ii) the aggregate amount of fees and expenses not subject to an unresolved objection pursuant to paragraph 9(g) of the Motion.

(g)  If any Notice Party, or any other party in interest, objects to a Retained Professional's Monthly Fee Statement, it must serve on the affected Retained Professional and each of the other Notice Parties a written objection (the "<u>Objection</u>") so that it is received on or before the Objection Deadline. Thereafter, the objecting party and the affected Retained Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within 14 days after service of the Objection, or such later date as may be agreed upon by the objecting party and the affected Retained Professional, the affected Retained Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Authorized Payment made to the affected Retained Professional (the "<u>Incremental Amount</u>") and schedule such matter for hearing on at least 14 days' notice; or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the affected Retained Professional. Failure by a Notice Party, or any other party in interest, to object to a Monthly Fee Statement shall not constitute a waiver of any kind nor prejudice that party's right to object to any Interim Fee Application (as defined below) subsequently filed by a Retained Professional.

(h) Following the Objection Deadline, each Retained Professional that has not already submitted an electronic bill to the Debtor shall email to dallaseservice@crowedunlevy.com an invoice reflecting amounts then payable pursuant to paragraph 9(f) of the Motion.

(i) Each Retained Professional may submit its first Monthly Fee Statement on or before January 27, 2023 and such Monthly Fee Statement shall be for the period from the Petition Date, through and including December 31, 2022.

(j) Upon the four-month period ending May 15, 2023, (each, an "Interim Fee Period"), each of the Retained Professionals will file with the Court and serve on the Notice Parties an application pursuant to sections 330 and 331 of the Bankruptcy Code (an "<u>Interim Fee Application</u>") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by the Retained Professional in its Monthly Fee Statements for the applicable Interim Fee Period, including: (i) any revisions to the fee detail previously submitted with a Monthly Fee Statement; (ii) any consensual resolution of an Objection to one or more Monthly Fee Statements; and (iii) any difference between any amounts owed to the Retained Professional and the Authorized Payments made with respect to the Interim Fee Period. Retained Professionals also will file a notice of opportunity for hearing in accordance with Local Bankruptcy Rule 9013-1(d), which shall be served on the Notice Parties and all parties that have filed a notice of appearance with the Clerk of this Court and requested such notice. To the extent practicable, all Interim Fee Applications will be noticed together to be heard on the same hearing date and with the same objection deadline.

(k) Interim Fee Applications by those Retained Professionals seeking compensation on an interim basis must be filed on or before the 40th day after the end of the Interim Fee Period for which the application seeks allowance of fees and reimbursement of expenses. An Interim Fee Application must include a basic summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court or required by the Bankruptcy Rules and the Local Bankruptcy Rules. A Retained Professional filing an Interim Fee Application shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and applicable law.

(l) The first Interim Fee Application must be filed on or before May 29, 2023 for the Interim Fee Period from the Petition Date through May 15, 2023. Any objections to an Interim Fee Application (an "Additional Objection") shall be filed with the Court and served upon the affected Retained Professional and the Notice Parties so as to be received on or before the 21st day (or the next business day if such day is not a business day) following the filing and service of the Interim Fee Application,

which service may be via e-mail, hand delivery, overnight courier or first class mail. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Retained Professional all requested fees and expenses not previously paid (including any Incremental Amount).

(m) Upon allowance by the Court of a Retained Professional's Interim Fee Application, with or without a hearing, Retained Professionals shall email to dallaseservice@crowedunlevy.com an invoice reflecting all allowed, requested fees and expenses not previously paid (including any Incremental Amount). For the avoidance of doubt, Retained Professional shall not be required to include in such invoices fee and expense detail or other information already submitted to the Notice Parties in connection with Monthly Fee Statements or otherwise.

(n) The pendency of an Objection or Additional Objection or the entry of a Court order holding that the prior payment of compensation or the reimbursement of expenses was improper as to a particular Monthly Fee Statement will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless the Court orders otherwise.

(o) There will be no penalties for failing to file a Monthly Fee Statement or an Interim Fee Application in a timely manner; provided, however, that if any Interim Fee Application covers more than a four-month period, the Notice Parties shall have an additional 14 days beyond the period set forth in paragraph 9(l) of the Motion to file an Additional Objection.

(p) Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of, or failure to file, an Objection to any Monthly Fee Statement or an Additional Objection to any Interim Fee Application will bind any party in interest or the Court with respect to the final applications for allowance of compensation and reimbursement of expenses of Retained Professionals.

(q) Any Notice Party may request that a Retained Professional deliver a Monthly Fee Statement or an Interim Fee Application in an electronically searchable format mutually acceptable to the parties; it is further

**ORDERED** Debtor shall serve notice of any hearing to consider any objection and/or request for payment of a disputed amount upon (a) the United States Trustee for the Southern District of Texas; (b) counsel for the Official Unsecured Creditors' Committee; (c) Debtor's

counsel; and (d) all parties requesting notice pursuant to Federal Rule of Bankruptcy Procedure 2002. Debtor shall serve notice of any hearing to consider interim and final fee applications upon all parties entitled to notice pursuant to the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and/or applicable Local Rules.

Signed: January 20, 2023

_____
Christopher Lopez
United States Bankruptcy Judge