United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 20, 2023
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **ALEXANDER E. JONES** | § | Case No. 22-33553 |
| | § | |
| Debtor. | § | |
| | § | |

## ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(A) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT

On January 20, 2023, the Court conducted a hearing to consider the *Debtor's Emergency Motion for an Order Under 11 U.S.C. §§ 105(a) and 366 (I) Prohibiting Utility Companies From Altering or Discontinuing Service on Account of Prepetition Invoices, (II) Approving Deposit Account as Adequate Assurance of Payment, and (III) Establishing Procedures for Resolving Requests by Utility Companies for Additional Adequate Assurance of Payment* (the "Utility Motion"),[1] filed by the above-captioned Debtor Alexander E. Jones ("Debtor"). The Court finds that: (i) it has jurisdiction over the matters raised in the Utility Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Utility Motion is in the best interests of the Debtor, his estate, and his creditors; (iv) proper and adequate notice of the Utility Motion has been given and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Therefore,

IT IS HEREBY ORDERED THAT:

1. The Utility Motion is GRANTED.

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to such terms in the Motion.

**ORDER GRANTING DEBTOR'S EMERGENCY UTILITY MOTION - Page 1**

2. Except in accordance with the procedures set forth below, absent further order of the Court, each Utility Company is prohibited from (a) altering, refusing, or discontinuing service to, or discriminating against the Debtor solely on the basis of the commencement of the Chapter 11 Case or on account of any unpaid invoice for services provided before the Petition Date and (b) requiring the payment of a deposit or other security in connection with the Utility Companies' continued provision of Utility Services, other than the establishment of the Utility Deposit Account.

3. Debtor is authorized and directed to establish the Utility Deposit Account and shall deposit **$2,488.00** into the Utility Deposit Account for the purpose of providing Utility Companies without an existing utility deposit adequate assurance of payment for postpetition Utility Services provided to Debtor. Debtor shall maintain the Utility Deposit Account with a minimum balance equal to 50% of the Debtor's estimated monthly cost of Utility Services, which Debtor may adjust to account for the termination of Utility Services by Debtor or other arrangements with respect to adequate assurance of payment reached with any Utility Company.

4. To the extent Debtor becomes delinquent with respect to a Utility Company's account, such Utility Company shall file a Delinquency Notice with the Court and serve such Delinquency Notice on (a) Debtor, (b) counsel to Debtor, (c) counsel to the official committee of unsecured creditors, and (d) the United States Trustee for the Southern District of Texas (each, a "<u>Party in Interest</u>"). If Debtor has not cured such delinquency or no Party in Interest has objected to the Delinquency Notice within ten (10) days of the receipt of the Delinquency Notice, then with respect to Utility Companies that do not have an existing utility deposit Debtor will (i) remit to such Utility Company from the Utility Deposit Account the lesser of (a) the amount allocated in the Utility Deposit Account for such Utility Company's account and (b) the amount of postpetition charges claimed as delinquent in the Delinquency Notice, and (ii) replenish the Utility Deposit

**ORDER GRANTING DEBTOR'S EMERGENCY UTILITY MOTION - Page 2**

Account for the amount remitted to such Utility Company. With respect to Utility Companies that have an existing utility deposit, (i) the Utility Company will be permitted to draw down on the existing utility deposit up to the amount of the postpetition charges claimed as delinquent and (ii) Debtor shall replenish the deposit the amount drawn down by the Utility Company to cover the delinquent postpetition charges.

5. The following procedures are hereby approved:

   a. If a Utility Company is not satisfied with the assurance of future payment provided by Debtor, the Utility Company must file and serve an objection setting forth: (i) the location(s) for which Utility Services are provided; (ii) the account number(s) for such location(s); (iii) the outstanding balance for each account; (iv) the amount of any deposit(s) made by Debtor prior to the Petition Date; (v) a summary of the Debtor's payment history in each account; and (vi) any argument as to why the Utility Company has not been provided adequate assurance of payment (an "Objection").

   b. The Court has scheduled a hearing on the Motion for the purpose of considering any Objections;

   c. Any Objection by a Utility Company listed on Exhibit A must be served upon, and actually received by, (i) the Debtor's counsel, Crowe & Dunlevy, PC, 2525 McKinnon Ave, Suite 425, Dallas, Texas 75201, Attn: Vickie L. Driver, by no later than seven (7) days prior to the Hearing Date. Debtor may file and serve a reply to any such Objection on or before the date that is two (2) days prior to the Hearing Date.

   d. Without further order of the Court, Debtor may enter into agreements granting additional adequate assurance to a Utility Company serving a timely Objection, if Debtor in his discretion determines that the Objection is reasonable.

   e. If the Debtor discovers the existence of a Utility Company not listed on Exhibit A, Debtor shall provide written notice of the discovered Utility Company to:

      i. Office of the United States Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Ha Minh Nguyen and Jayson Ruff, ha.nguyen@usdoj.gov and jayson.b.ruff@usdoj.gov;

      ii. Proposed Counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: David M. Zensky, Marty L. Brimmage, Jr., Sara L. Brauner and Melanie A. Miller; dzensky@akingump.com, mbrimmage@akingump.com, sbrauner@akingump.com and melanie.miller@akingump.com;

**ORDER GRANTING DEBTOR'S EMERGENCY UTILITY MOTION - Page 3**

      iii. Counsel to the Connecticut Plaintiffs, (a) Koskoff Koskoff & Bieder PC, 350 Fairfield Avenue, Bridgeport, Connecticut 06604, Attn: Alinor Sterling, ASterling@koskoff.com and (b) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Attn: Kyle J. Kimpler and Martin Salvucci, kkimpler@paulweiss.com and msalvucci@paulweiss.com;

      iv. Counsel to the Texas Plaintiffs, (a) McDowell Hetherington LLP, 1001 Fannin Street, Suite 2700, Houston, Texas 77002, Attn: Avi Moshenberg, avi.moshenberg@mhllp.com and (b) Chamberlain, Hrdlicka, White, Williams & Aughtry, PC, 1200 Smith Street, Suite 1400, Houston, Texas 77002, Attn: Jarrod B. Martin, Jarrod.Martin@chamberlainlaw.com; and

      v. All parties who have filed notices of appearance in this case.

within two (2) business days after discovering the existence of such Utility Company, and, after the expiration of two (2) business days after such notice has been provided, Debtor shall (i) file a supplement to Exhibit A which supplement shall identify the Utility Company and either the amount of the existing security deposit held by the Utility Company or the additional amount of the adequate assurance deposit the Debtor proposes to place in the Utility Deposit Account, and (ii) serve such Utility Company with notice of entry and a copy of this Interim Order.

f. In the event that a Utility Company not listed on Exhibit A objects to the Debtor's proposal to provide adequate assurance of payment, such Utility Company must file and serve on counsel for the Debtor an Objection within fourteen (14) days after the date upon which it receives notice of entry of the Order. A hearing on such Objection will be set by the Court no sooner than seven (7) days after the date upon which such Objection has been filed. The Debtor may file and serve a reply to any such Objection on or before the date that is two (2) days prior to such hearing date.

g. All Utility Companies will be deemed to have received adequate assurance of payment in accordance with Bankruptcy Code § 366, without the need for an additional deposit or other security, until this Court enters an order to the contrary. Any Utility Company that fails to make a timely Request shall be deemed to be satisfied that the Utility Deposit Account provides adequate assurance of payment for future services within the meaning of Bankruptcy Code § 366(c)(2).

**ORDER GRANTING DEBTOR'S EMERGENCY UTILITY MOTION - Page 4**

6. The Debtor shall serve this Order upon each of the Utility Companies listed on Exhibit A to the Motion, at the addresses listed thereon, by first-class mail, postage prepaid, promptly after the entry of this Order.

7. The inclusion or exclusion of any entity on or from Exhibit A to the Motion or on or from any amended Exhibit A shall not constitute an admission that such entity is or is not a "utility" within the meaning of Bankruptcy Code § 366. This Order specifically reserves the Debtor's right to argue that (a) any of the entities listed on Exhibit A to the Motion or any amended Exhibit A is not a "utility" within the meaning of Bankruptcy Code § 366, and (b) any such entity is compelled by contractual obligation, federal, state or local law, or otherwise, to continue to furnish services to the Debtor notwithstanding the Debtor's filing of the Chapter 11 Case.

8. Nothing in this Order or the Utility Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Company as provided by Bankruptcy Code §§ 362 and 365 or other applicable law and nothing herein or in the Motion shall constitute postpetition assumption or adoption of any agreement pursuant to Bankruptcy Code § 365. Nothing in this Order shall be deemed a waiver by the Debtor or any other party of any right with respect to the assumption or rejection of an executory contract.

9. Debtor is authorized to pay on a timely basis in accordance with his prepetition practices all undisputed invoices in respect of prepetition and postpetition Utility Services rendered by the Utility Companies to Debtor.

10. To the extent applicable, the requirements of Bankruptcy Rule 6004(a) are waived.

11. Nothingwithstanding, Bankruptcy 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

12. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Signed: January 20, 2023

*Christopher M. Lopez* (signature)

Christopher Lopez
United States Bankruptcy Judge