**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 22-33553 |
| | § | |
| ALEXANDER E. JONES | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

**ORDER GRANTING APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BLACKBRIAR ADVISORS LLC AS FINANCIAL ADVISOR TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE**

ON THIS DATE this Court considered the application (the "Application") of Alexander E. Jones (the "Debtor") in the above-captioned case for the entry of an order authorizing Debtor to retain and employ BlackBriar Advisors LLC ("BlackBriar") as his financial advisor effective as of the Petition Date, pursuant to Sections 327(a) and 328 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Local Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of Texas (each a "LBR"). Upon review of the Application and the Declaration of Robert Schleizer (the "Schleizer Declaration"), the Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b); that the venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; that based on the representations made in the Application and in the Schleizer Declaration, BlackBriar's employment is in the best interests of the Debtor and BlackBriar (a) is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code, and (b) BlackBriar does not represent or hold an interest adverse to the Debtor; that the Debtor provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and that the legal and factual bases set forth in the Application established just cause for the relief granted in this Order.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The Application is **GRANTED** to the extent set forth herein.

2. Debtor is authorized to retain and employ BlackBriar as his financial advisor, effective as of the Petition Date.

3. BlackBriar shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this chapter 11 case in compliance with Sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. To the extent applicable, BlackBriar shall also make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures in connection with interim and final fee applications to be filed by BlackBriar in this chapter 11 case.

4. To the extent that BlackBriar uses the services of contract employees in this case, BlackBriar (i) shall pass-through the cost of such contract employees to Debtor at the same rate that BlackBriar pays the contract employees; (ii) shall seek reimbursement for actual out-of-pocket expenses only; and (iii) shall ensure that the contract employees are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

5. Prior to any increase in BlackBriar rates for any individual employed by BlackBriar and providing services in the Case, BlackBriar shall file a supplemental declaration with the Court and provide ten business days' notice to Debtor, the United States Trustee,

6. Counsel for the Official Committee of Unsecured Creditors, Counsel to the Connecticut Plaintiffs, and Counsel to the Texas Plaintiffs.[1] and any statutorily appointed committee. The supplemental declaration shall explain the basis for the requested rate increases in

---

[1] As such Notice Parties are defined in the *Order Granting Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Chapter 11 Professionals*.

**ORDER APPROVING APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BLACKBRIAR ADVISORS LLC AS FINANCIAL ADVISOR TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE - Page 1**

accordance with Bankruptcy Code section 330(a)(3)(F) and state whether Debtor has consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

7. BlackBriar shall use its reasonable efforts to avoid any duplication of services provided by any of Debtor's other retained professionals in this chapter 11 case.

8. To the extent the Application, Schleizer Declaration, or any engagement letter between Debtor and BlackBriar is inconsistent with this Order, the terms of this Order shall govern during the pendency of this chapter 11 case.

9. The retainer disclosed in the Scheilzer Declaration is approved. Notwithstanding anything to the contrary in the Application, any engagement letter with Debtor, or the declarations attached to the Application, BlackBriar will maintain the retainer until the conclusion of its representation of Debtor in this case, at which time BlackBriar will apply the retainer as approved by the Court to its final invoices or otherwise return the amount by which any such retainer exceeds such Court-approved approved fees, expenses, and costs to Debtor.

4.10. Debtor and BlackBriar are each authorized to take all actions necessary to effectuate the relief granted pursuant to the Order.

5.11. Notice of the Application provided by Debtor is deemed to be good and sufficient notice of the Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

6.12. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**ORDER APPROVING APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BLACKBRIAR ADVISORS LLC AS FINANCIAL ADVISOR TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE - Page 2**

~~**IT IS FURTHER ORDERED** that, notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.~~

Dated: _____ 2023        _____
                                     UNITED STATES BANKRUPTCY JUDGE

[Formatted: All caps]