IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ALEXANDER E. JONES, | ) Case No. 22-33553 (CML) |
| | ) |
| Debtor. | ) |
| | ) |

**SUPPLEMENTAL DECLARATION OF DAVID M. ZENSKY
IN SUPPORT OF THE APPLICATION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF ALEXANDER E. JONES
TO RETAIN AND EMPLOY AKIN GUMP STRAUSS HAUER & FELD LLP
AS COUNSEL, EFFECTIVE AS OF DECEMBER 19, 2022**

Under 28 U.S.C. § 1746, I, David M. Zensky, declare as follows under the penalty of perjury:

1. I am an attorney admitted to practice in the State of New York and have been admitted *pro hac vice* to the United States Bankruptcy Court for the Southern District of Texas, Houston Division, for purposes of the Chapter 11 Case.[1]  There are no disciplinary proceedings pending against me.

2. I am a partner in the firm of Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"). Akin Gump maintains offices at, among other places, One Bryant Park, New York, New York 10036 and 1111 Louisiana Street, Houston, Texas 77002.

3. I am duly authorized to make this supplemental declaration (the "Zensky Supplemental Declaration") on behalf of Akin Gump in support of the Application.  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Application of the Official Committee of Unsecured Creditors of Alexander E. Jones to Retain and Employ Akin Gump Strauss Hauer & Feld LLP as Counsel, Effective as of December 19, 2022* [ECF No. 96] (the "Application").

4. On January 18, 2023, the Committee filed the Application, together with the *Declaration of David M. Zensky in Support of the Application of the Official Committee of Unsecured Creditors of Alexander E. Jones to Retain and Employ Akin Gump Strauss Hauer & Feld LLP as Counsel, Effective as of December 19, 2022*, attached to the Application as Exhibit B (the "Zensky Declaration").

5. As set forth in the Zensky Declaration, through my colleagues, I submitted to Akin Gump's conflicts database (the "Conflicts Database") the names of the Searched Parties, set forth on **Schedule 1** of the Zensky Declaration. Since the filing of the Zensky Declaration, Akin Gump has identified additional parties in the Chapter 11 Case to review (collectively, the "Additional Searched Parties"). The Additional Searched Parties include: (a) any party or counsel to such party that was not included in the Searched Parties but, as of January 29, 2023, filed a notice of appearance in the Chapter 11 Case; (b) the Debtor's retained bankruptcy professionals; (c) the Committee's proposed bankruptcy professionals; (d) counsel who represent the Sandy Hook Families in this Chapter 11 Case and (e) certain additional parties in interest. The names of the Additional Searched Parties are set forth on **Schedule 1** attached hereto.[2]

6. In preparing this Zensky Supplemental Declaration, through my colleagues, I submitted the names of the Additional Searched Parties to the Conflict Database and conducted a review of the Additional Searched Parties in accordance with the procedures described in the Zensky Declaration.

7. Set forth on **Schedule 2**, attached hereto, is a listing of the Additional Searched Parties that Akin Gump either (a) currently represents (or represents a party related thereto) (the

---

[2] Akin Gump's inclusion of parties in **Schedule 1** (and the categorization thereof) is solely to illustrate Akin Gump's conflict search process and is not an admission that any party has a valid claim against the Debtor, properly belongs on **Schedule 1** or has a claim or legal relationship to the Debtor of the nature described in any of the schedules.

"Current Clients") in matters wholly unrelated to this Chapter 11 Case or (b) has, in the past three calendar years, represented (or represented a party related thereto) in matters wholly unrelated to this Chapter 11 Case (the "Former Clients").[3] As set forth on **Schedule 2**, Akin Gump currently represents Chase Bank and Firestick, and/or related parties of such entities, on matters unrelated to the Chapter 11 Case. I do not believe that Akin Gump's current representation of these parties, on matters unrelated to the Chapter 11 Case, precludes Akin Gump from meeting the disinterestedness standard under the Bankruptcy Code, nor represents an "adverse interest" under Bankruptcy Code section 1103(b).

8. Akin Gump has not represented, and will not represent, the Additional Searched Parties in connection with any matter related to this Chapter 11 Case during the pendency thereof; *provided, however*, that, to the extent necessary or appropriate to protect or advance the interests of the Committee, Akin Gump may represent Nardello & Co. LLC and Teneo Capital LLC in connection with matters related to this Chapter 11 Case.

9. Set forth on **Schedule 3**, attached hereto, is a listing of those Additional Searched Parties and/or related parties that currently serve or have, in the past three calendar years, served on informal and/or official creditors' committees represented by Akin Gump.

---

[3] For purposes of this Zensky Supplemental Declaration, Akin Gump has searched for connections with clients for which time has been posted in the last three calendar years. "Current Clients" are those clients (or parties related thereto) for which the Conflicts Database shows that one or more timekeepers has posted time to such client matters in the last 12 months and are not listed in the Conflicts Database as "closed" matters. "Former Clients" are those clients for which the Conflict Database shows that Akin Gump has previously represented such clients (or parties related thereto) within the last three calendar years and (i) no time has been posted to such client matters in the last 12 months or (ii) such client matters are otherwise listed as "closed" in the Conflicts Database. To the extent that a client (or party related thereto) is both a Current Client and a Former Client on separate matters, such client is only listed once on **Schedule 2** as a Current Client. Notwithstanding the foregoing, whether an actual client relationship exists can only be determined by reference to the documents governing Akin Gump's representation rather than its potential listing in the Conflicts Database. As such, for purposes of the disclosures set forth herein, some of the disclosures set forth herein and on **Schedule 2** may be over-inclusive.

10. Akin Gump is a large firm with a national and international practice and, from time to time, interacts, or has interacted, with certain of the professional firms listed on **Schedule 1** (the "Professional Firms") on matters unrelated to the Chapter 11 Case. I do not believe that Akin Gump's past or current involvement in such matters with any Professional Firm precludes Akin Gump from meeting the disinterestedness standard under the Bankruptcy Code, nor represents an "adverse interest" under Bankruptcy Code section 1103(b).

11. For the avoidance of doubt, I am advised that no agreement exists for Akin Gump to receive any compensation, payment or remuneration from any entity, including the Professionals Firms, in connection with, or related to, Akin Gump's services to the Committee in this Chapter 11 Case; *provided, however,* as set forth in the Application and the Zensky Declaration, in the event that the Debtor obtains confirmation of a chapter 11 plan or other resolution of the Chapter 11 Case that is not supported by the Committee, Akin Gump reserves the right to seek approval by this Court and payment by the Debtor, in accordance with all applicable rules, of all fees and expenses incurred by the Committee on account of services rendered by Akin Gump in connection with the Chapter 11 Case prior to the conclusion of the Chapter 11 Case.

12. To the best of my knowledge, Akin Gump remains disinterested under the Bankruptcy Code and continues to have no adverse interest under Bankruptcy Code section 1103(b).

I declare under penalty of perjury that the foregoing is true and correct on this 6th day of February, 2023.

                                         */s/ David M. Zensky*
                                         Name: David M. Zensky

## Schedule 1

### Additional Searched Parties

**COMMITTEE PROFESSIONALS**

Nardello & Co. LLC
Teneo Capital LLC

**DEBTOR PROFESSIONALS**

Blackbriar Advisors LLC
Crowe & Dunlevy, P.C.
Jordan & Ortiz, P.C.
Kennerly, LLC

**COUNSEL TO SANDY HOOK FAMILIES**

Cain & Skarnulis PLLC
Chambelain Hrdlicka
Kaster Lych Farrar & Bell, LLP
Koskoff Koskoff & Bieder PC
McDowell Hetherington LLP
Paul, Weiss, Rifkind Wharton & Garrison LLP
Willkie Farr & Gallagher LLP

**NOTICE OF APPEARANCE PARTIES AND/OR COUNSEL, AS OF JANUARY 29, 2023**[1]

Haselden Farow, PLLC
John Malone, PLLC
Law Office of Liz Freeman
Law Offices of Ray Battaglia, PLLC
McCarthy Holthus, LLP
Melissa A. Haselden
Security Bank of Crawford
Travis County Attorney Office

---

[1] This category only includes parties that filed notices of appearance that have not been already listed under other categories.

**ADDITIONAL PARTIES IN INTEREST**[2]

Chase Bank
Firestick
PNC Bank
Prosperity Bank
Security Bank

---

[2] This category includes names of utilities and banks identified in the *Debtor's Emergency Motion for Order Under 11 U.S.C. §§ 105(a) and 366 (i) Prohibiting Utility Companies from Altering or Discontinuing Service on Account of Prepetition Invoices, (ii) Approving Deposit Account as Adequate Assurance of Payment, and (iii) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance Payment* [ECF No. 70] and the *Debtor's Monthly Operating Report* for the period ended December 31, 2022 [ECF No. 123], respectively, that were not previously included on **Schedule 1** to the Zensky Declaration.

## Schedule 2

## Schedule of Parties from Schedule 1 and/or Certain Related Parties that Akin Gump Currently Represents, or Has in the Past Three Calendar Years Represented, in Matters Unrelated to the Chapter 11 Case

**COMMITTEE PROFESSIONALS**

*Akin Gump has not represented in the past and currently does not represent these parties.*[1]

**DEBTOR PROFESSIONALS**

*Akin Gump has not represented in the past and currently does not represent these parties.*

**COUNSEL TO SANDY HOOK FAMILIES**

*Akin Gump has not represented in the past and currently does not represent these parties.*

**NOTICE OF APPEARANCE PARTIES AND/OR COUNSEL, AS OF JANUARY 29, 2023**

*Akin Gump has not represented in the past and currently does not represent these parties.*

**ADDITIONAL PARTIES IN INTEREST**

*Akin Gump currently represents the following entities and/or related parties of such entities on matters wholly unrelated to the Chapter 11 Case:*

Chase Bank
Firestick

---

[1] Marc Kirschner is currently a senior managing director at Teneo Capital LLC ("Teneo"). In the past three calendar years, Akin Gump served as counsel to the Tribune Litigation Trust, of which Mr. Kirschner served as trustee; such work by Mr. Kirschner was through Kirschner Consulting Company rather than Teneo. In addition, Akin Gump currently represents Mr. Kirschner on an individual basis on matters wholly unrelated to the Chapter 11 Case.

## Schedule 3

**Schedule of Parties from Schedule 1 and/or Certain Related Parties
That Are Currently Serving, or Have in The Past Three Calendar Years
Served, on Informal and/or Official Creditors' Committees Represented by Akin Gump**

Chase Bank

**CERTIFICATE OF SERVICE**

    I certify that on February 6, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                    */s/ Marty L. Brimmage, Jr.*
                                                    Marty L. Brimmage, Jr.