IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ALEXANDER E. JONES, | ) Case No. 22-33553 (CML) |
|  | ) |
| Debtor. | ) |
|  | ) |

**APPLICATION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF ALEXANDER E. JONES
TO RETAIN AND EMPLOY NARDELLO & CO. LLC AS SPECIALIZED
FORENSIC FINANCIAL ADVISOR, EFFECTIVE AS OF JANUARY 5, 2023**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one (21) days from the date this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one (21) days from the date this application was filed. Otherwise, the Court may treat the application as unopposed and grant the relief requested.**
>
> **Represented parties should act through their attorney.**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of Alexander E. Jones (the "Debtor," and such case, the "Chapter 11 Case") submits this application (this "Application"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to retain and employ Nardello & Co. LLC (together with its affiliates, "Nardello") as specialized forensic financial advisor to the Committee. In support of this Application, the Committee submits the declaration of Howard S. Master,

Managing Director and Counsel to the CEO at Nardello (the "Master Declaration"), attached hereto as **Exhibit B**. In further support of this Application, the Committee respectfully states as follows.

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule predicates for the relief requested herein are Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1.

### BACKGROUND

4. On December 2, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues in possession of his estate and is managing such estate as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108. No request has been made for the appointment of a trustee or an examiner in the Chapter 11 Case.

5. On December 13, 2022, pursuant to Bankruptcy Code section 1102, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed six of the Debtor's unsecured creditors to serve as members of the Committee.[1] The Committee currently comprises the following six individuals: (i) Robert Parker; (ii) Nicole Hockley; (iii) Jennifer Hensel; (iv) David Wheeler; (v) Leonard Pozner; and (vi) Scarlett Lewis. Each member of the

---

[1] *See Notice of Appointment of Official Committee of Unsecured Creditors*, dated December 13, 2022 [ECF No. 42].

Committee is a judgment creditor of the Debtor, following their successful prosecution of state court litigation in Texas or Connecticut stemming from the Debtor's defamatory statements and actions concerning the Sandy Hook shootings.[2]

6. On December 19, 2022, the Committee selected Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") to serve as its counsel in connection with the Chapter 11 Case, subject to Court approval.[3] On January 5, 2023, the Committee selected Nardello, subject to Court approval, as specialized forensic financial advisor to aid in its review of the Debtor's estate and prepetition transactions and tracing analysis of the Debtor's assets and income. On January 19, 2023, the Committee selected Teneo Holdings LLC ("Teneo"), subject to Court approval, to serve as generalized financial advisor to the Committee.

## RELIEF REQUESTED

7. The Committee seeks to employ and retain Nardello as specialized forensic financial advisor pursuant to Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rule 2014 and Local Rule 2014-1, effective as of January 5, 2023.

## SERVICES TO BE PROVIDED

8. The Committee respectfully submits that it is necessary and appropriate for it to retain and employ Nardello to, among other things:

    a) identify and trace the income and assets of the Debtor;

    b) investigate sources of the Debtor's income, assets and liabilities;

    c) investigate the Debtor's ownership interest in any potential assets identified, including corporations, trusts and real estate;

---

[2] *See Verified Statement of the Official Committee of Unsecured Creditors of Alexander E. Jones Pursuant to Bankruptcy Rule 2019*, dated January 17, 2023 [ECF No. 94].

[3] *See Application of the Official Committee of Unsecured Creditors of Alexander E. Jones to Retain and Employ Akin Gump Strauss Hauer & Feld LLP as Counsel, Effective as of December 19, 2022*, dated January 18, 2023 [ECF No. 96] (the "Akin Gump Retention Application").

3

d) identify prepetition and postpetition transfers of the Debtor's assets and ownership interests in such assets;

e) identify sources of information regarding the Debtor's assets for further investigation and discovery;

f) assist in the review of documents obtained by the Committee in connection with this Chapter 11 Case or other proceedings in furtherance of income and asset tracing activities;

g) assist in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

h) assist in the prosecution of Committee investigative activities, including responses to the Debtor's pleadings, attendance at depositions and provision of reports or testimony on case issues as requested by the Committee; and

i) render such other consulting or such other assistance as the Committee or its counsel may deem necessary that is consistent with the role of specialized forensic financial advisor and not duplicative of services provided by other professionals in this Chapter 11 Case.[4]

9. Nardello's extensive experience and expertise in complex asset tracing and financial investigations is particularly necessary in this Chapter 11 Case to: (i) assess the accuracy of the Debtor's financial disclosures; (ii) assist the Committee and its counsel in preparing for and conducting examinations of the Debtor and others associated with the Debtor's estate; (iii) identify and aid in the preparation of potential preference actions and other litigation and legal proceedings as may be deemed necessary and appropriate to further the interests of the Committee and unsecured creditors of the Debtor's estate; and (iv) enable the Committee to assess and monitor the efforts of the Debtor and his professional advisors to maximize the value of his estate.

10. Nardello has agreed to perform these services on a *pro bono* basis, subject to the terms set forth below, enabling the Committee and its counsel to achieve the objectives of the

---

[4] Importantly, financial advisors are retained by official committees of unsecured creditors to provide forensic financial services. *See, e.g.*, *In re Simkar LLC*, Case No. 19-22576 (RDD) (Bankr. S.D.N.Y. May 22, 2019) [ECF No. 83]; *In re Nine West Holdings, Inc.*, Case No. 18-10947 (SCC) (Bankr. S.D.N.Y. June 29, 2018) [ECF No. 460]; *In re Uplift RX, LLC*, Case No. 17-32186 (MI) (Bankr. S.D. Tex. Aug. 1, 2017) [ECF No. 463].

4

investigation, and other related financial advisory work, in a cost-effective, efficient and timely manner.  As such, the Committee believes that the employment of Nardello to provide the services described above, and such other asset tracing services as may be necessary for the Committee to satisfy its obligations to the Debtor's unsecured creditor constituency, is appropriate and in the best interests of the Debtor's estate and its unsecured creditors.

## NARDELLO'S QUALIFICATIONS

11. The Committee seeks to retain Nardello due to Nardello's preeminent experience and expertise in the field of investigations, including asset tracing and other financial investigations, both inside and outside of bankruptcy cases.

12. Nardello is a global investigations firm comprising experienced professionals who handle a broad range of matters including: (i) asset tracing and financial investigations; (ii) civil and white collar criminal litigation and arbitration support; (iii) corruption investigations, including for compliance under the U.S. Foreign Corrupt Practices Act and the U.K. Bribery Act; (iv) executive background and activist defense work; (v) strategic intelligence and political risk assessment; (vi) forensic digital investigations and cyber defense efforts; and (vii) monitorships and compliance examinations.  Nardello has developed a very strong reputation for its work on complex investigations globally and has been recognized by Chambers and Partners for the third year in a row as the preeminent investigative firm in the United States ("Business Intelligence & Investigations," Band 1, 2022).  Chambers and Partners has described Nardello as "the 'gold standard' for private investigators."

13. With offices in New York, Washington D.C., Los Angeles, London, Dubai, Hong Kong and Tokyo, Nardello maintains a professional staff that includes former U.S. federal prosecutors, law enforcement personnel and intelligence operatives, senior in-house counsel to

multinational corporations and journalists, as well as U.S. and international lawyers, licensed investigators, research analysts, financial crime specialists, forensic financial investigators and computer forensic experts.

14. Nardello has worked on complex asset tracing investigations around the world for a variety of clients, including individuals, corporations, governments and entities in bankruptcy. While most of the firm's asset tracing work is confidential, Nardello's employment by the new leadership of FTX Trading Ltd. and related entities (collectively, "FTX") in the context of FTX's chapter 11 proceedings has been made public. In that role and consistent with numerous other engagements, Nardello has, among other things, sought to identify, locate, trace and aid in the recovery of assets around the world associated with what has been described as one of the largest financial frauds in history.

15. This matter will be staffed by recognized experts in the field of investigations, including asset tracing investigations. Howard S. Master, Managing Director and Counsel to the CEO at Nardello, will be managing the assignment along with Nicholas Peck, a Partner and Senior Managing Director at Nardello. Mr. Master formerly served as an Assistant United States Attorney and Deputy Chief of the Criminal Division in the United States Attorney's Office for the Southern District of New York. In that role, Mr. Master conducted complex corruption, fraud and money laundering investigations, including a global corruption and money laundering investigation that resulted in unprecedented asset recoveries and restitution of over $500 million for the municipal victim of the scheme. Mr. Master also serves as an Adjunct Professor at the University of Pennsylvania Carey School of Law, where he teaches a class on the law of public corruption. With more than 30 years of investigative experience, Mr. Peck has been recognized as a "leading expert" in asset tracing by Chambers and Partners, which lauds his "creative and thoughtful approach to

his work," calling Mr. Peck "simply outstanding" and "a real expert on asset searches." Mr. Peck is regularly engaged to assist on the most challenging assignments, including worldwide searches for assets. Mr. Master and Mr. Peck will be assisted in this matter by forensic financial investigators, analysts and former federal law enforcement agents as necessary to support the Committee's efforts.

## PROFESSIONAL COMPENSATION

16. As noted *supra*, and in recognition of the unique and important circumstances of this Chapter 11 Case, Nardello has agreed to provide its services on a *pro bono* basis, subject to the terms described herein. Notwithstanding the foregoing agreement by Nardello, the Committee requests that any documented expenses, disbursements and other charges incurred by Nardello in connection with services provided to the Committee during the course of the Chapter 11 Case exceeding $10,000 in the aggregate be reimbursed by the Debtor's estate, subject to Court approval, and treated as administrative expenses of the Debtor's estate pursuant to Bankruptcy Code sections 328, 330, 331, 503(b) and 507(a)(2), subject to approval by the Court when, and if, payment of such expenses is requested. Expenses may include, among other things, costs of travel and lodging expenses, legal counsel costs, research, communications, applicable taxes and other direct expenses. The Committee will use reasonable efforts to reduce Nardello's incurrence of such expenses, including, for example, reducing any travel expenses by holding meetings virtually. The Committee will also work closely with Nardello and Akin Gump to ensure that potential significant expenses to be incurred by Nardello are in the best interests of the Debtor's estate.

17. Additionally, Nardello requests a waiver of its obligations to apply for reimbursement of such expenses on a monthly and interim basis in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules, applicable U.S. Trustee guidelines, the *Order Granting Motion for Entry*

7

*of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Chapter 11 Professionals*, dated January 20, 2023 [ECF No. 106] and any other applicable order of the Court. Instead, Nardello requests authorization to file a fee application only and to the extent that it seeks reimbursement of documented expenses, disbursements and other charges incurred by Nardello in connection with services provided to the Committee during the course of the Chapter 11 Case exceeding $10,000 in the aggregate. In addition, Nardello will provide a monthly summary report to the Committee, the Debtor and the U.S. Trustee of all expenses, disbursements and other charges incurred by Nardello in connection with services provided to the Committee during the prior month.

## NO ADVERSE INTEREST

18.     Upon information and belief, and as set forth in the Master Declaration, Nardello does not hold or represent any interest adverse to the Debtor's estate or his creditors in the matters upon which Nardello is to be engaged. Therefore, Nardello believes it is eligible to represent the Committee under Bankruptcy Code section 1103(b). To the best of the Committee's knowledge and based on the Master Declaration, (a) Nardello's connections with the Debtor, creditors, any other party in interest or their respective attorneys are disclosed in **Schedule 2** to the Master Declaration and (b) the Nardello professionals working on this matter are not relatives of the U.S. Trustee or of any known employee in the office thereof, or any United States Bankruptcy Judge of the Southern District of Texas. Nardello has not provided, and will not provide, any professional services to the Debtor, any of the creditors, other parties in interest or their respective attorneys and accountants with regard to any matter related to this Chapter 11 Case.

19. Nardello will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered, Nardello will supplement its disclosure to the Court.

## **INDEMNIFICATION**

20. In addition to the foregoing, and as a material part of the consideration for the agreement of Nardello to furnish services to the Committee pursuant to the terms of this Application, the Committee requests that the following indemnification from the Debtor's estate be provided to Nardello (collectively, the "Indemnification Provisions"):

> (a) subject to the provisions of subparagraphs (b) and (c) below and approval by the Court, the Debtor is authorized to indemnify, and shall indemnify, and hold harmless, Nardello for any claims arising from, related to or in connection with Nardello's engagement under this Application, but not for any claim arising from, related to or in connection with Nardello's postpetition performance of any other services, other than those in connection with the engagement described herein, unless such postpetition services and indemnification therefore are approved by this Court, and further, the Committee and third parties working with the Committee in connection with this bankruptcy case shall look only to the Debtor to satisfy any liability in connection with Nardello's engagement under this Application;
>
> (b) the Debtor shall have no obligation to indemnify or hold harmless Nardello for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from Nardello's gross negligence, willful misconduct or fraud unless the Court determines that indemnification would be permissible pursuant to *In re United Artists Theatre Company,* et al., 315 F.3d 217 (3d Cir. 2003) or (ii) settled prior to a judicial determination as to Nardello's gross negligence, willful misconduct or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which Nardello is not entitled to receive indemnity under the terms of this Application; and
>
> (c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this Chapter 11 Case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing this Chapter 11 Case, Nardello believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification obligations under this Application, including, without limitation, the advancement of defense

9

costs, Nardello must file an application in this Court, and the Debtor may not pay any such amounts to Nardello before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for fees and expenses by Nardello for indemnification, and not as a provision limiting the duration of the Debtor's obligation to indemnify Nardello.

21. The Committee believes that the indemnification contained in the Indemnification Provisions is necessary and appropriate here in light of the unique circumstances of this Chapter 11 Case and this Debtor, as well as customary in other chapter 11 cases.[5] In its capacity as an agent for its clients, Nardello typically requires indemnification from its clients similar to the protection provided by the Indemnification Provisions. Nardello has informed the Committee that it cannot proceed without indemnification in this Chapter 11 Case, particularly in light of the fact that Nardello is providing its services to the Committee on a *pro bono* basis. Moreover, the Indemnification Provisions reflect the qualifications and limitations on indemnification by the Debtor's estate that is customary in this district. Accordingly, the Committee submits that the Indemnification Provisions provided above are appropriate and reasonable here.

## NO DUPLICATION OF SERVICES

22. As discussed in the Akin Gump Retention Application, all proposed Committee professionals are keenly aware of the need to manage any fees and expenses incurred in this Chapter 11 Case and thus avoid duplication of efforts. The Committee believes that the services that Nardello will perform are unique and will not be duplicative of the services that other professionals in this Chapter 11 Case will provide to the Committee. To be sure, the Committee

---

[5] *See e.g.*, *In re Sanchez Energy Corp.*, Case No. 19-34508 (MI) (Bankr. S.D. Tex. Nov. 5, 2019) [ECF No. 563] (approving the retention of a financial advisor to the official committee of unsecured creditors with indemnification from the Debtor's estate substantially similar to the indemnification provided in paragraph 20 hereof); *In re J. C. Penney Company, Inc.*, Case No. 20-20182 (DRJ) (Bankr. S.D. Tex. July 30, 2020) [ECF No. 1136] (same); *In re Talen Energy Supply, LLC*, Case No. 22-90054 (MI) (Bankr. S.D. Tex. June 27, 2022) [ECF No. 963] (same).

will monitor the scope of work by Nardello closely to eliminate any potential duplication of efforts, particularly as between Nardello and Teneo, and to maximize the effectiveness of each professional. In addition, Nardello will coordinate on all tasks with Akin Gump and Teneo to maximize case efficiencies and avoid duplication of effort. The Committee believes that, in view of Nardello's unique expertise and experience in asset tracing and financial investigations, Nardello's services will complement the general financial advisory services offered by Teneo, which services will exclude the specialized asset tracing and transfer analysis work contemplated to be performed by Nardello. In addition, because Nardello has offered its services on a *pro bono* basis, the employment of Nardello as specialized forensic financial advisor will result in cost savings and greater recoveries for unsecured creditors.

## RELIEF EFFECTIVE AS OF JANUARY 5, 2023

23. The Committee believes that the employment of Nardello effective as of January 5, 2023, the date the Committee selected Nardello as its proposed counsel, is warranted under the circumstances of the Chapter 11 Case. Upon its selection, the Committee requested Nardello to commence work immediately on time-sensitive matters and devote substantial resources to the Chapter 11 Case prior to the submission and approval of this Application. Thus, Nardello has provided, and will continue to provide, valuable services to the Committee. Furthermore, Local Rule 2014-1(b)(1) provides that an application for approval of employment made within thirty (30) days of the commencement of the provision of services is deemed contemporaneous. Nonetheless, the Committee is requesting approval as of January 5, 2023 out of an abundance of caution.

## NO PRIOR REQUEST

24. No prior Application for the relief requested herein has been made to this or any other Court.

**NOTICE**

25.     Notice of this Application has been provided to: (i) the U.S. Trustee; (ii) counsel to the Debtor; and (iii) all parties requesting notice under Bankruptcy Rule 2002. Due to the nature of the relief requested herein, the Committee submits that no other or further notice need be provided.

WHEREFORE, the Committee respectfully requests that the Court (i) enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to employ and retain Nardello as specialized forensic financial advisor to the Committee for the purposes set forth above, effective as of January 5, 2023 and (ii) provide the Committee with such other and further relief as the Court may deem just, proper and equitable.

Dated: February 6, 2023            **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALEXANDER E. JONES**

*/s/ Leonard Pozner*
Leonard Pozner, solely in his capacity as Co-Chair of the Official Committee of Unsecured Creditors of Alexander E. Jones and not in any other capacity

*/s/ Robert Parker*
Robert Parker, solely in his capacity as Co-Chair of the Official Committee of Unsecured Creditors of Alexander E. Jones and not in any other capacity

**CERTIFICATE OF SERVICE**

I certify that on February 6, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.