**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ALEXANDER E. JONES** | § | **Case No. 22-33553** |
| | § | |
| **Debtor.** | § | |
| | § | |

**DEBTOR'S OBJECTION TO LEONARD POZNER AND VERONIQUE DE LA ROSA'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Alexander E. Jones ("Jones" or "Debtor"), debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Chapter 11 Case"), by and through his undersigned counsel, hereby submits his objection (the "Objection") to *Leonard Pozner and Veronique De La Rosa's Motion for Relief from the Automatic Stay against Alexander E. Jones* (Dkt. No. 113) (the "Motion").

While the facts and events underlying the litigation against Debtor in Travis County, Texas, are without doubt emotionally charged and painful to consider, the nature of the litigation is ultimately separate from the facts relevant to the Court's adjudication of this Motion. Lifting the automatic stay to permit Mr. Pozner and Ms. De La Rosa's ("Movants") claims to proceed to trial in the state court on the issue of damages is not the most efficient method of liquidating Movants' claims and will only result in a reduced recovery to all creditors in this Chapter 11 Case.

Pursuant to Local Rule 4001-1(10), the disputed issues relevant to the Court's ruling on this motion are issues of law rather than issues of fact, and such issues of law are: 1) whether this Court has jurisdiction to estimate Movants' state court litigation claims and and 2) whether sufficient cause exists for the Court to lift the automatic stay against Debtor to permit Movants' state court litigation claims to proceed to trial on the issue of damages. As Debtor will argue in this Objection, the answers to those questions are respectively 1) yes, and 2) no. Further, counsel

for Debtor has conferred with counsel for Movants on several occasions since the filing of the

Motion in an attempt to reach a resolution of these issues prior to the deadline for filing this

Objection, but such efforts have been unsuccessful. Counsel for Debtor continues to hope that an

agreement may be reached before any hearing set on the Motion.

## I.      PROCEDURAL HISTORY

1.      Debtor is an employee of Free Speech Systems, LLC ("FSS"), an entity engaged in

producing and syndicating radio and video talk shows hosted by Jones. The majority of FSS's

income comes from online sales of dietary supplement products, books, t-shirts, and other

products, which are advertised by Jones during his radio and video talk shows.

2.      In late 2012 and early 2013, Jones learned about, and spoke on his show about, a

conspiracy theory involving the murders which occurred in Sandy Hook, Connecticut in December

of 2012. Beginning in 2018, several claimants filed lawsuits including claims of defamation

against FSS and Jones in state court in Connecticut and Texas. Movants were among these

claimants, instituting the matter styled *Leonard Pozner and Veronique De La Rosa v. Alex E.*

*Jones, Infowars, LLC, and Free Speech Systems, LLC*, Cause No. D-1-GN-18-001605, in the 459th

District Court for Travis County, Texas (for purposes of this Motion, the "State Court Litigation").

3.      On July 29, 2022, FSS filed a voluntary chapter 11 petition and elected to proceed

under subchapter V of chapter 11. Melissa A. Haselden has been appointed as the Chapter 11

Subchapter V Trustee in FSS's subchapter V chapter 11 case.

4.      On December 2, 2022, Debtor filed his voluntary chapter 11 petition. The United

States Trustee appointed an official Committee of Unsecured Creditors on December 13, 2022 (the

"Committee"). No trustee or examiner has been requested or appointed in this chapter 11 case.

## II.      LEGAL STANDARD

5.      The United States Bankruptcy Code (the "Code") provides that the filing of a bankruptcy petition operates as a stay of the continuation of a judicial proceeding against the debtor to collect or recover a claim that arose before the commencement of the case. 11 U.S.C. § 362(a)(1), (6). The automatic stay is intended to protect creditors as well as debtors, as it is intended to prevent a "race to the courthouse" wherein creditors attempt to obtain the largest portion possible of a debtor's limited estate. *In re Chesnut*, 422 F.3d 298, 301 (5th Cir. 2005).

6.      A bankruptcy court may grant relief from the automatic stay to a party in interest "for cause." 11 U.S.C. § 362(d)(1). In the Fifth Circuit, there is no mandatory standard for a finding of cause, which affords bankruptcy courts the discretion to determine the propriety of lifting or modifying the automatic stay on a case-by-case basis, considering only those factors that are relevant. *See In re Mirant Corp.*, 440 F.3d 238, 253 (5th Cir. 2006).

7.      Although there are no compulsory factors a bankruptcy court must consider when determining whether to grant relief from the automatic stay, in a case determining whether to lift the automatic stay to permit continued litigation between the debtor and a creditor, one Texas bankruptcy court found relevant whether: "(1) judicial economy is better achieved through continuing the litigation in district court or estimating the claims in bankruptcy court, (2) either forum avoids unnecessary expense and delay, (3) the claim is critical to the success or failure of the reorganization, and (4) the nature of the claim requires expertise beyond the abilities of the bankruptcy court." *In re Choice ATM Enterprises, Inc.*, No. 14-44982-DML, 2015 WL 1014617, at *5 (Bankr. N.D. Tex. Mar. 4, 2015). Another court opined that the decision to lift the automatic stay may be based solely on grounds of judicial economy. *See In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014).

8.      While bankruptcy courts do not have jurisdiction to liquidate or estimate contingent "personal injury tort" claims against a debtor, there is substantial disagreement among the courts as to what constitutes a personal injury tort claim, and relevantly, the law is not fixed as to whether defamation claims should be so categorized. 28 U.S.C. § 157(b)(5); *see, e.g., In re Byrnes*, 638 B.R. 821, 826-30 (Bankr. D.N.M. 2022) (holding that "defamation is not a personal injury tort.").

9.      Bankruptcy courts both in Texas and elsewhere have adopted a narrow definition of the term "personal injury tort," limiting the exception to claims that involve actual bodily injury or trauma. *See Hurtado v. Blackmore*, No. CV B-06-149, 2007 WL 9753286, at *2 (S.D. Tex. July 18, 2007); *Belcher v. Doe*, No. AP 06-05005-RBK, 2008 WL 11450550, at *4 (W.D. Tex. Mar. 11, 2008), *aff'd as modified sub nom. In re Belcher*, No. 08-50335, 2009 WL 260573 (5th Cir. Feb. 4, 2009); *In re Gawker Media LLC*, 571 B.R. 612, 625 (Bankr. S.D.N.Y. 2017); *Massey Energy Co. v. W. Virginia Consumers for Just.*, 351 B.R. 348, 351 (E.D. Va. 2006).

## IV.      ARGUMENT

10.      The relevant factors weigh in favor of denying the Motion. Lifting the automatic stay to permit Movants' claims to proceed to trial on damages in the State Court Litigation will cause Debtor's estate to incur a great deal of unnecessary expense, to the detriment of all creditors other than Movants, both in this case and the FSS Case. Judicial economy will be best served through Movants' claims through the "speedy, efficient, and economical method for the determination . . . of claims" provided by the Code in Section 502(c); and Movants' claims in the State Court Litigation, particularly as the sole remaining issue is determination of damages, do not present any novel or unique issues beyond the expertise of this Court. *In re Curtis*, 40 B.R. 795, 801 (Bankr. D. Utah 1984).

11.     As Movants set forth in the Motion, discovery and pre-trial motions in the State Court Litigation have been completed, and indeed, the state court has already rendered a finding on liability as a discovery sanction; the only issue remaining to be adjudicated is the amount of damages. Under such circumstances, the parties may use the already-obtained discovery "without redundancy" to assist the Court in liquidating Movants' claims through the estimation process supplied by the Bankruptcy Code. *Choice ATM,* 2015 WL 1014617, at *5.

12.     Movants argue that leaving the automatic stay in place will cause unnecessary expense and delay. Proceeding with estimation in this Court would greatly reduce, if not eliminate, both any delay in liquidation of Movants' claims and the monetary expenditure on both sides, particularly as the Court has the ability to accomplish estimation of claims through "whatever method is best suited to the circumstances." *Matter of Brints Cotton Mktg., Inc.*, 737 F.2d 1338, 1341 (5th Cir. 1984).

13.     Indeed, lifting the stay as requested by Movants will accomplish little other than substantially diminishing the estates of both Jones and FSS. Trial counsel for Debtor estimates that the expense of trying the issue of damages in the State Court Litigation will exceed $600,000; half of this cost would be borne by Debtor, and half by FSS. This amount will thereafter be unavailable to the creditors in either case. Movants' insistence on trying damages through the State Court litigation will only reduce the potential amount recoverable for all creditors, Movants included.[1]

14.     The bankruptcy estates of both FSS and Debtor will be further damaged by granting the Motion because, during the pendency of the trial (estimated at this time to last for two weeks), Jones will not be available to host the radio and video talk shows through which FSS and Jones

---

[1] The Court may note that Mr. Pozner is a member of the Official Committee of Unsecured Creditors in this case. *See* Notice of Appointment of Official Committee of Unsecured Creditors, Dkt. No. 42. This Motion may represent a conflict between Mr. Pozner's individual interests and those of all other unsecured creditors herein.

derive their income. The product sales which are the primary source of FSS's revenue stream are reduced by approximately 50% when Jones is not on the show and presenting to the audience—an amount which would otherwise be available for recovery by the creditors of both Debtor and FSS.

15.     Movants' claims against Jones are critical to the reorganization in this Chapter 11 Case because, presuming the award of damages is even a fraction of the awards made in the related cases which have already proceeded to a final judgment, the claim amount will likely place Movants among the 20 largest unsecured creditors. Therefore, timely determination of this amount is extremely important to the creation and approval of any plan of reorganization by Debtor.

## VI.     CONCLUSION

One of the recognized policies underlying Chapter 11 is "maximizing property available to satisfy creditors." *Bank of Am. Nat. Tr. & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 435 (1999). By denying the Motion and retaining Movants' claims, which is within the jurisdiction of this Court, Movants' claims can swiftly proceed through the estimation process, avoiding the aforementioned unnecessary expenses and financial losses to Debtor's estate, and maximizing the amount available for recovery by creditors.

WHEREFORE, Debtor respectfully requests that the Court deny the Motion and grant any other relief that is just and proper.

Dated: February 7, 2023                    Respectfully submitted,

**CROWE & DUNLEVY, P.C.**

By: */s/ Vickie L. Driver*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone: 737.218.6187
Email: dallaseservice@crowedunlevy.com

-and-

Shelby A. Jordan
State Bar No. 11016700
S.D. No. 2195
Antonio Ortiz
State Bar No. 24074839
S.D. No. 1127322
**JORDAN & ORTIZ, P.C.**
500 North Shoreline Blvd., Suite 900
Corpus Christi, TX  78401
Telephone: (361) 884-5678
Facsimile:  (361) 888-5555
Email:  sjordan@jhwclaw.com
            aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com

**ATTORNEYS FOR ALEXANDER E. JONES**

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices via the Court's ECF noticing system, the U.S. Trustee's Office, Counsel for the Unsecured Creditors' Committee, and all parties requesting notice pursuant to Rule 2002 on this 7th day of February, 2023.


_/s/ Vickie L. Driver_
Vickie L. Driver

8