United States Bankruptcy Court
Southern District of Texas

**ENTERED**

February 13, 2023

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ALEXANDER E. JONES, | ) | Case No. 22-33553  (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF ALEXANDER E. JONES
TO RETAIN AND EMPLOY AKIN GUMP STRAUSS HAUER &
FELD LLP AS COUNSEL, EFFECTIVE AS OF DECEMBER 19, 2022**

Upon the application (the "Application")[1] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of Alexander E. Jones (the "Debtor," and such case, the "Chapter 11 Case") for entry of an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules") authorizing the Committee to retain and employ Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") as its counsel in connection with the Chapter 11 Case, effective as of December 19, 2022; and upon the declaration of David M. Zensky, a partner of Akin Gump (the "Zensky Declaration"), filed contemporaneously with the Application; the declaration of Leonard Pozner and Robert Parker, each in his capacity as co-chair of the Committee (the "Pozner and Parker Declaration"), filed contemporaneously with the Application; and the supplemental declaration of David M. Zensky, dated February 6, 2023 [ECF

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

No. 135] (the "Supplemental Zensky Declaration" and together with the Zensky Declaration and the Ponzer and Parker Declaration, the "Declarations"); and it appearing that the attorneys of Akin Gump who will perform services on behalf of the Committee in the Chapter 11 Case are duly qualified to practice before the Court; and the Court finding, based on the representations made in the Application and the Declarations, that Akin Gump does not represent any interest adverse to the Committee or the Debtor's estate with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), that its employment is necessary and in the best interests of the Committee and the Debtor's estate; and finding that adequate notice of the Application having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

1.      The relief requested in the Application is granted as set forth herein.

2.      In accordance with Bankruptcy Code sections 328 and 1103(a), Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, the Committee is hereby authorized and empowered to retain and employ Akin Gump as its counsel to represent it in the Chapter 11 Case and related matters and proceedings on the terms set forth in the Application and the Declarations, effective as of December 19, 2022.

3.      In light of the unique facts and circumstances of the Chapter 11 Case and Akin Gump's retention by the Committee on a *pro bono* basis, Akin Gump shall not be required to apply for compensation on a monthly or interim basis in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules and any other applicable order of the Court. In addition, Akin Gump shall be excused from complying with the U.S. Trustee Guidelines in connection with interim and final fee applications

except as otherwise provided herein.  Notwithstanding the foregoing, Akin Gump will provide the Committee, the Debtor and the U.S. Trustee with monthly summary invoices of the fees and expenses incurred by Akin Gump in connection with its representation of the Committee.

4.      In the event that the Debtor obtains confirmation of a chapter 11 plan or other resolution of the Chapter 11 Case that is not supported by the Committee, Akin Gump shall be entitled to seek approval by this Court and payment by the Debtor, in accordance with all applicable rules, of all fees and related costs and expenses incurred by the Committee on account of services rendered by Akin Gump in connection with the Chapter 11 Case prior to the conclusion of the Chapter 11 Case.  Such fees shall be sought in a final fee application complying with all U.S. Trustee Guidelines.  For the avoidance of doubt, the rights of the Debtor and all other parties in interest to object to such fees on any basis permitted by the Bankruptcy Code and applicable rules, including those typically raised as objection to employment applications, are expressly reserved.

5.      Akin Gump shall provide ten (10) business days' notice to the Debtor and the U.S. Trustee before any increases in rates are implemented, other than with respect to those rates set forth in the Application and the Zensky Declaration, and shall file such notice with the Court. Except with respect to those rates set forth in the Application and the Zensky Declaration, the U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

6.      Akin Gump shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in the Chapter 11 Case.

7.      Akin Gump will review its files periodically during the pendency of the Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Akin Gump will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

8.      The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

9.      To the extent the Application is, or the Declarations are, inconsistent with this Order, the terms of this Order shall govern.

10.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Signed: February 13, 2023

_____
Christopher Lopez
United States Bankruptcy Judge