IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ALEXANDER E. JONES, | ) Case No. 22-33553 (CML) |
| Debtor. | ) |

**APPLICATION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF ALEXANDER E. JONES TO
RETAIN AND EMPLOY TENEO CAPITAL LLC AS
FINANCIAL ADVISOR, EFFECTIVE AS OF JANUARY 19, 2023**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one (21) days from the date this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one (21) days from the date this application was filed. Otherwise, the Court may treat the application as unopposed and grant the relief requested.**
>
> **Represented parties should act through their attorney.**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of Alexander E. Jones (the "Debtor," and such case, the "Chapter 11 Case") submits this application (this "Application"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to retain and employ Teneo Capital LLC (together with its affiliates, "Teneo") as generalized financial advisor to the Committee. In support of this Application, the Committee submits the declaration of Marc S. Kirschner, Senior Managing

Director at Teneo (the "Kirschner Declaration"), attached hereto as **Exhibit B**. In further support of this Application, the Committee respectfully states as follows.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule predicates for the relief requested herein are Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1.

## BACKGROUND

4. On December 2, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues in possession of his estate and is managing such estate as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108. No request has been made for the appointment of a trustee or an examiner in the Chapter 11 Case.

5. On December 13, 2022, pursuant to Bankruptcy Code section 1102, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed six of the Debtor's unsecured creditors to serve as members of the Committee.[1] The Committee currently comprises the following six individuals: (i) Robert Parker; (ii) Nicole Hockley; (iii) Jennifer Hensel; (iv) David Wheeler; (v) Leonard Pozner; and (vi) Scarlett Lewis. Each member of the Committee is a judgment creditor of the Debtor, following their successful prosecution of state

---

[1] *See Notice of Appointment of Official Committee of Unsecured Creditors*, dated December 13, 2022 [ECF No. 42].

court litigation in Texas or Connecticut stemming from the Debtor's defamatory statements and actions concerning the Sandy Hook shootings.[2]

6.      On December 19, 2022, the Committee selected Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") to serve as its counsel in connection with the Chapter 11 Case, which retention was approved by the Court on February 13, 2023.[3] On January 5, 2023, the Committee selected Nardello & Co. LLC ("Nardello"), subject to Court approval,[4] to serve as specialized forensic financial advisor to aid in its review of the Debtor's estate and prepetition transactions and tracing analysis of the Debtor's assets and income. On January 19, 2023, the Committee selected Teneo Capital LLC ("Teneo"), subject to Court approval, to serve as generalized financial advisor to the Committee.

## RELIEF REQUESTED

7.      The Committee seeks to employ and retain Teneo as its generalized financial advisor pursuant to Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, effective as of January 19, 2023.

---

[2] *See Verified Statement of the Official Committee of Unsecured Creditors of Alexander E. Jones Pursuant to Bankruptcy Rule 2019*, dated January 17, 2023 [ECF No. 94].

[3] *See Application of the Official Committee of Unsecured Creditors of Alexander E. Jones to Retain and Employ Akin Gump Strauss Hauer & Feld LLP as Counsel, Effective as of December 19, 2022*, dated January 18, 2023 [ECF No. 96] (the "Akin Gump Retention Application"); *Order Authorizing the Official Committee of Unsecured Creditors of Alexander E. Jones to Retain and Employ Akin Gump Strauss Hauer & Feld LLP as Counsel, Effective as of December 19, 2022*, dated February 13, 2023 [ECF No. 157] (the "Akin Gump Retention Order"). As set forth in the Akin Gump Retention Application, Akin Gump will be rendering services to the Committee on a pro bono basis, subject to the terms contained therein and the Akin Gump Retention Order.

[4] *See Application of the Official Committee of Unsecured Creditors of Alexander E. Jones to Retain and Employ Nardello & Co. LLC as Specialized Forensic Financial Advisor Effective as of January 5, 2022*, dated February 6, 2023 [ECF No. 136] (the "Nardello Retention Application"). As set forth in the Nardello Retention Application, Nardello will be rendering services to the Committee on a pro bono basis, subject to the terms contained therein.

**SERVICES TO BE PROVIDED**

8. The Committee respectfully submits that it is necessary and appropriate for it to retain and employ Teneo to, among other things and at the direction of the Committee's counsel, perform the following services (collectively, the "Services"):

a) become familiar with and analyze the Debtor's assets, liabilities and overall financial condition;

b) assist the Committee in evaluating and implementing strategic and tactical options throughout the proceedings;

c) review financial and operational information provided by the Debtor, including budgets, financial forecasts, business plans, financial statements and other financial information of the Debtor and any related entities, including Free Speech Systems, LLC;

d) review the Debtor's financial reporting in the Chapter 11 Case, including statements of financial affairs, schedules of assets and liabilities and monthly operating reports, and prepare presentations to the Committee on such financial reporting, as requested by the Committee;

e) review the financial aspects of claims and causes of action that are or may be asserted, including avoidance and preference actions;

f) assist in any mediation the Committee is party to directly or indirectly;

g) analyze any asset sale(s) proposed by the Debtor;

h) assist in the review and/or preparation of information and analysis related to the confirmation of a plan and related disclosure statement in this Chapter 11 Case and related proceedings, or such proposed recoveries to stakeholders;

i) provide financial advisory services in support of litigation in the Chapter 11 Case, including analyses relating to damages, valuation and solvency;

j) if necessary, provide expert witness testimony, reports and declarations in connection with litigation in the Chapter 11 Case, as requested and mutually agreed; and

k) render such other consulting or such other assistance as the Committee or its counsel may deem necessary that is consistent with the role of financial advisor and not duplicative of services provided by other professionals in this Chapter 11 Case.

9. Teneo's extensive experience and expertise in financial advisory services is particularly necessary in this Chapter 11 Case to, among other things: (i) provide assistance to the Committee in evaluating the financial implications presented by the ongoing mediation, plan negotiations and any other contested matters and (ii) supplement the services contemplated to be provided by Nardello, which will be focused on asset tracing and forensic financial analysis.

**TENEO'S QUALIFICATIONS**

10. Teneo has been recognized as a leading financial advisory firm focused on distressed situations, valuation analyses and fiduciary roles in bankruptcy cases. Teneo frequently serves as an advisor to companies, senior management and boards of directors in a broad range of distressed corporate financial situations, including in chapter 11 cases and out-of-court restructurings. In August 2020, Teneo acquired Goldin Associates ("Goldin Associates"), expanding and deepening Teneo's bankruptcy and restructuring expertise with Goldin Associates' highly regarded experience in the field.[5]

11. Teneo's professionals have extensive experience and have advised and provided strategic advice to debtors in possession, official and unofficial committees and other interested parties in, among other chapter 11 proceedings: *In re Ultra Petroleum Corp*; *In re Ditech Holding Corp.*; *In re: PG&E Corp.*; *In re Zohar III Corp.*; *In re Think Finance, LLC*; *In re Commonwealth Puerto Rico*; *In re Enron Corp.*; *In re Revlon, Inc., et al.*; *In re Madison Square Boys & Girls Club, Inc.*; *In re Real Industry, Inc., et al.*; *In re Novum Pharma, LLC*; *In re Metal Partners Rebar, LLC*; *In re Sungevity Inc.*; *In re Zloop, Inc.*; *In re Elk Petroleum, et al.*; *In re Immune Pharmaceuticals, Inc.*; and *In re Rentech WP U.S., Inc.*

---

[5] The matters listed below include those of Goldin Associates.

12.     In addition, Teneo and its senior professionals have considerable experience acting as a fiduciary for creditors in chapter 11 cases, including serving as chapter 11 trustee in *In re Refco Inc.* and serving as post-confirmation litigation trustee in *In re Highland Capital Management, L.P.*, *In re Tribune Co.* and *In re Millennium Lab Holdings II, LLC*.

13.     As discussed in further detail below, Teneo has agreed to perform the Services at significantly discounted hourly rates. This will enable the Committee to fulfill its fiduciary obligations to unsecured creditors in the Chapter 11 Case in a cost-effective, efficient and timely manner. As such, the Committee believes that the employment of Teneo to provide the Services described above is appropriate and in the best interests of the Debtor's estate and its unsecured creditors.

## PROFESSIONAL COMPENSATION

14.     In recognition of the unique and important circumstances of this Chapter 11 Case, Teneo has agreed to provide its services on a discounted hourly basis. Specifically, Teneo has agreed to discount its customary hourly rate by 30%, except for Marc S. Kirschner, Senior Managing Director, whose customary hourly rate will be discounted by 50%. Teneo has also agreed that such rates will not be subject to any periodic increases.

15.     Teneo's standard hourly rates for 2023, along with the discounted hourly rates to be charged in this Chapter 11 Case, are as follows:

| Title | Standard Rates | Discounted Hourly Rates |
|---|---|---|
| Senior Managing Director | $975-$1,300 | $650-$683 |
| Senior Vice President | $725 | $508 |
| Associate/Analyst | $325-$500 | $228-$350 |

16. In addition to compensation for professional services rendered by Teneo personnel, Teneo will seek reimbursement for reasonable out-of-pocket expenses incurred by Teneo in connection with services provided to the Committee during the course of the Chapter 11 Case, including but not limited to, costs of travel, lodging, legal counsel, research, communications and applicable taxes and other direct expenses. The Committee will use reasonable efforts to limit Teneo's incurrence of such expenses, including, for example, reducing any travel expenses by holding meetings virtually. The Committee will also work closely with Teneo, Akin Gump and Nardello to ensure that any potential significant expenses to be incurred by Teneo are in the best interests of the Debtor's estate.

17. The Committee requests that all fees and related costs and expenses incurred by the Committee on account of services rendered by Teneo in the Chapter 11 Case be treated as administrative expenses of the Debtor's estate pursuant to Bankruptcy Code sections 328, 330, 331, 503(b) and 507(a)(2), subject to approval by the Court.

18. The Committee understands that Teneo intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 case consistent with Teneo's discounted hourly rates above, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code, including sections 330 and 331, the Bankruptcy Rules, the Local Rules, applicable U.S. Trustee guidelines, the *Order Granting Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Chapter 11 Professionals*, dated January 20, 2023 [ECF No. 106] and any other applicable procedures and orders of this Court.

19. Teneo has received no retainer in this Chapter 11 Case to represent the Committee. Neither the Committee nor any of its members (or their representatives) are or will be liable for any fees or costs incurred by Teneo in its representation of the Committee.

## NO ADVERSE INTEREST

20. Upon information and belief, and as set forth in the Kirschner Declaration, Teneo does not hold or represent any interest adverse to the Debtor's estate or his creditors in the matters upon which Teneo is to be engaged. Therefore, Teneo believes it is eligible to represent the Committee under Bankruptcy Code section 1103(b). To the best of the Committee's knowledge and based on the Kirschner Declaration, (a) Teneo's connections with the Debtor, creditors, any other party in interest or their respective professionals are disclosed in **Schedule 2** to the Kirschner Declaration and (b) the Teneo professionals working on this matter are not relatives of the U.S. Trustee, or of any known employee in the office thereof, or any United States Bankruptcy Judge of the Southern District of Texas. Teneo has not provided, and will not provide, any professional services to the Debtor, any of the creditors, other parties in interest or their respective attorneys and accountants with regard to any matter related to this Chapter 11 Case.

21. Teneo will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered, Teneo will supplement its disclosure to the Court.

## INDEMNIFICATION

22. In addition to the foregoing, and as a material part of the consideration for the agreement of Teneo to furnish the Services to the Committee pursuant to the terms of this Application, the Committee requests that the following indemnification from the Debtor's estate be provided to Teneo (collectively, the "Indemnification Provisions"):

8

    (a) subject to the provisions of subparagraphs (b) and (c) below and approval by the Court, the Debtor is authorized to indemnify, and shall indemnify, and hold harmless, Teneo for any claims arising from, related to or in connection with Teneo's engagement under this Application, but not for any claim arising from, related to or in connection with Teneo's postpetition performance of any other services, other than those in connection with the engagement described herein, unless such postpetition services and indemnification therefore are approved by this Court, and further, the Committee and third parties working with the Committee in connection with this bankruptcy case shall look only to the Debtor to satisfy any liability in connection with Teneo's engagement under this Application;

    (b) the Debtor shall have no obligation to indemnify or hold harmless Teneo for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from Teneo's gross negligence, willful misconduct or fraud unless the Court determines that indemnification would be permissible pursuant to *In re United Artists Theatre Company,* et al., 315 F.3d 217 (3d Cir. 2003) or (ii) settled prior to a judicial determination as to Teneo's gross negligence, willful misconduct or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which Teneo is not entitled to receive indemnity under the terms of this Application; and

    (c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this Chapter 11 Case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing this Chapter 11 Case, Teneo believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification obligations under this Application, including, without limitation, the advancement of defense costs, Teneo must file an application in this Court, and the Debtor may not pay any such amounts to Teneo before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for fees and expenses by Teneo for indemnification, and not as a provision limiting the duration of the Debtor's obligation to indemnify Teneo.

23.     The Committee believes that the indemnification contained in the Indemnification Provisions is necessary and appropriate here in light of the unique circumstances of this Chapter

11 Case and this Debtor, as well as customary in other chapter 11 cases.[6] In its capacity as an agent for its clients, Teneo typically requires indemnification from its clients similar to the protection provided by the Indemnification Provisions. Teneo has informed the Committee that it cannot proceed without indemnification in this Chapter 11 Case, particularly in light of the fact that Teneo is providing its services to the Committee on a significantly discounted hourly basis. Moreover, the Indemnification Provisions reflect the qualifications and limitations on indemnification by the Debtor's estate that is customary in this district. Accordingly, the Committee submits that the Indemnification Provisions provided above are appropriate and reasonable here.

## NO DUPLICATION OF SERVICES

24.   As discussed in the Akin Gump and Nardello Retention Applications, all retained and proposed Committee professionals are keenly aware of the need to manage any fees and expenses incurred in this Chapter 11 Case and thus avoid duplication of efforts. The Committee and Teneo believe that Teneo will carry out unique functions and its Services will not be duplicative of the services that other professionals retained (or to be retained) in this Chapter 11 Case will provide to the Committee. Teneo is aware of the Committee's proposed retention of Nardello as its forensic financial advisor, which will provide specialized services focused on asset tracing and forensic analysis. The Committee will use its reasonable efforts to clearly delineate the respective scopes of work of Teneo and Nardello, to minimize duplication of efforts and to

---

[6] *See e.g.*, *In re Sanchez Energy Corp.*, Case No. 19-34508 (MI) (Bankr. S.D. Tex. Nov. 5, 2019) [ECF No. 563] (approving the retention of a financial advisor to the official committee of unsecured creditors with indemnification from the Debtor's estate substantially similar to the indemnification provided in paragraph 20 hereof); *In re J. C. Penney Company, Inc.*, Case No. 20-20182 (DRJ) (Bankr. S.D. Tex. July 30, 2020) [ECF No. 1136] (same); *In re Talen Energy Supply, LLC*, Case No. 22-90054 (MI) (Bankr. S.D. Tex. June 27, 2022) [ECF No. 963] (same).

maximize the effectiveness of each of Teneo and Nardello. In addition, Teneo will use reasonable efforts to coordinate with Akin Gump and Nardello to avoid unnecessary duplication of services.

### RELIEF EFFECTIVE AS OF JANUARY 19, 2023

25. The Committee believes that the employment of Teneo effective as of January 19, 2023, the date the Committee selected Teneo as its proposed financial advisor, is warranted under the circumstances of the Chapter 11 Case. Upon its selection, the Committee requested Teneo to commence work immediately on time-sensitive matters and devote substantial resources to the Chapter 11 Case prior to the submission and approval of this Application. Thus, Teneo has provided, and will continue to provide, valuable services to the Committee. Furthermore, Local Rule 2014-1(b)(1) provides that an application for approval of employment made within thirty (30) days of the commencement of the provision of services is deemed contemporaneous. Nonetheless, the Committee is requesting approval as of January 19, 2023 out of an abundance of caution.

### NO PRIOR REQUEST

26. No prior Application for the relief requested herein has been made to this or any other Court.

### NOTICE

27. Notice of this Application has been provided to: (i) the U.S. Trustee; (ii) counsel to the Debtor; and (iii) all parties requesting notice under Bankruptcy Rule 2002. Due to the nature of the relief requested herein, the Committee submits that no other or further notice need be provided.

WHEREFORE, the Committee respectfully requests that the Court (i) enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to employ and retain Teneo as generalized financial advisor to the Committee for the purposes set forth above,

11

effective as of January 19, 2023 and (ii) provide the Committee with such other and further relief as the Court may deem just, proper and equitable.

Dated: February 17, 2023

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALEXANDER E. JONES**

*/s/ Leonard Pozner*
Leonard Pozner, solely in his capacity as Co-Chair of the Official Committee of Unsecured Creditors of Alexander E. Jones and not in any other capacity

*/s/ Robert Parker*
Robert Parker, solely in his capacity as Co-Chair of the Official Committee of Unsecured Creditors of Alexander E. Jones and not in any other capacity

**CERTIFICATE OF SERVICE**

I certify that on February 17, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.