United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 28, 2023
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ALEXANDER E. JONES | § | Case No. 22-33553 |
| | § | |
| Debtor. | § | |
| | § | |

## ORDER APPROVING APPLICATION OF DEBTOR FOR AN ORDER AUTHORIZING EMPLOYMENT OF THE REYNAL LAW FIRM, P.C., AS SPECIAL COUNSEL UNDER 11 U.S.C. 327(e)

Upon the application (the "Application")[1] filed by Debtor to retain and employ The Reynal Law Firm, P.C. ("The Reynal Firm" or the "Firm") pursuant to Bankruptcy Code §§ 327(e) and 330 and Bankruptcy Local Rule 2014-1, as more fully set forth in the Application and all exhibits and attachments to the Application; and upon the Court's finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the Application and the Reynal Declaration are in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, and Orders and procedures of this Court; (v) The Reynal Firm does not represent an interest adverse to Debtor's estate with respect to the matters upon which it is to be engaged; (vi) The Reynal Firm is qualified to represent Debtor's estate under § 327(e) of the Bankruptcy Code; (vii) the terms of The Reynal Firm's employment have been disclosed and are reasonable under the circumstances; (viii) proper and adequate notice of the Application, the deadline to file any objections to the Application, and the hearing thereon was given, and no other or further notice is necessary; (ix) the legal and factual

---

[1] Capitalized terms not defined herein have the meaning set forth in the Application.

bases set forth in the Application establish just cause for the relief granted herein; (x) the relief sought in the Application is in the best interest of Debtor's estate; (xi) any timely objection to the Application having been withdrawn or overruled for the reasons stated on the record at the hearing on the Application; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. In accordance with Bankruptcy Code §§ 327(e) and 330 and Bankruptcy Local Rule 2014-1, Debtor is authorized to employ and retain The Reynal Firm as of January 8, 2023, as special counsel, under the terms and conditions set forth in the Application and the Engagement Letter attached to the Application as <u>Exhibit A.</u>

2. The Reynal Firm is authorized to perform Professional Services for Debtor that are necessary or appropriate in connection with serving as special counsel in connection with the Travis County Sandy Hook Lawsuits.

3. The Reynal Firm shall be compensated for its services and reimbursed for related expenses in accordance with the terms and conditions of the Engagement Agreement, as set forth in the Application and subject to the procedures Bankruptcy Code §§ 330 and 331 of the Bankruptcy Code, and in accordance with applicable Federal Rules of Bankruptcy Procedure, Local Rules, and any orders of this Court.

4. All compensation for services rendered and reimbursement for expenses incurred in connection with the above-captioned bankruptcy case shall be paid after further application to and order of this Court, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines, and any orders of this Court.

5. This order shall be immediately effective and enforceable upon entry.

6. This order, and all acts taken in furtherance or reliance thereon, shall be effective notwithstanding any objection until further order of this Court.

7. Notwithstanding anything to the contrary in the Application, the Engagement Agreement, or the Declaration attached to the Application, The Reynal Firm shall not be entitled to reimbursement of expenses or fees from Debtor in connection with any objection to its fees, without further order of the Court.

8. The Reynal Firm shall not charge a markup to Debtor with respect to any fees billed by contract attorneys who are hired by The Reynal Firm to provide services to Debtor and shall ensure that any such contract attorneys are subject to conflicts checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

9. Prior to any increase in rates for any individual employed by the Reynal Law Firm and providing services to Debtor, The Reynal Firm shall file a supplemental declaration with the Court and provide ten business days' notice to Debtor, the United States Trustee, Counsel for the Official Committee of Unsecured Creditors, Counsel to the Connecticut Plaintiffs, and Counsel to the Texas Plaintiffs.[2] The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether Debtor has consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in § 330 of the Bankruptcy Code. Furthermore, the Court retains the right to review any rate increases pursuant to § 330 of the Bankruptcy Code.

---

[2] As such Notice Parties are defined in the *Order Granting Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Chapter 11 Professionals*.

10. The Reynal Firm shall use its reasonable efforts to avoid any duplication of services provided by any of Debtor's other retained professionals.

11. The Reynal Firm will review its files periodically during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the Reynal Law Firm will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration as required by FED. R. BANKR. P. 2014(a).

12. To the extent that any of the Application, the Reynal Declaration, or the Engagement Agreement are inconsistent with this Order, the terms of the Order shall govern.

13. Debtor and The Reynal Firm are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

14. Notice of the Application provided by Debtor is deemed to be good and sufficient notice of the Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order.

Signed: February 28, 2023

_____
Christopher Lopez
United States Bankruptcy Judge