**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ALEXANDER E. JONES, | ) Case No. 22-33553 (CML) |
| Debtor. | ) |

**EMERGENCY MOTION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF
ALEXANDER E. JONES TO COMPEL DEBTOR TO FILE AMENDED
SCHEDULES AND STATEMENTS IN COMPLIANCE WITH 11 U.S.C. § 521**

<u>**NOTICE UNDER BANKRUPTCY LOCAL RULE 9013-1(b) AND 9013-1(i)**</u>

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN TWENTY-ONE (21) DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**EMERGENCY RELIEF IS NEEDED BY MARCH 8, 2023.**

**THERE WILL BE A HEARING ON THIS MATTER ON MARCH 8, 2023 AT 1:00 P.M. (PREVAILING CENTRAL TIME) IN COURTROOM 401, 515 RUSK ST., HOUSTON, TX 77002.**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 case (this "Chapter 11 Case") of Alexander E. Jones ("Jones" or the "Debtor") hereby files this motion (the "Motion") pursuant to sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code") to compel Jones to amend his Official Form 106 [ECF No. 161] (the "Schedules") and Official Form 107 [ECF No. 162] (the "Statement of Financial Affairs" and together with the Schedules, the "Schedules and Statements") in compliance with Bankruptcy Code section 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by no later than March 24, 2023, which date has been agreed to by Jones.[1]  In support of this Motion, the Committee respectfully states as follows.

## PRELIMINARY STATEMENT

1. In consideration of the myriad protections afforded to a debtor upon the commencement of a chapter 11 case, the Bankruptcy Code requires, among other things, complete and accurate financial disclosures.  Without such disclosures, a case cannot progress—creditor negotiations cannot commence in earnest and no plan of reorganization can be formulated or considered by parties in interest.  On February 14, 2023, after receiving multiple extensions of the deadline for filing, Jones finally filed his Schedules and Statements.  Unfortunately, as Jones has conceded, the Schedules and Statements are incomplete and contain inaccuracies.  Counsel to the Committee has met and conferred with Jones's counsel regarding these deficiencies and understands that Jones is in the process of obtaining additional information and preparing amended Schedules and Statements, to be filed by March 24, 2023.

2. Notwithstanding ongoing efforts by Jones and his advisors to amend the Schedules

---

[1] As discussed herein, the parties have agreed upon a return date for the amended Schedules and Statements of March 24, 2023.  Although the Committee believes an earlier deadline would be appropriate, the Committee has agreed to the deadline Jones has requested.

2

and Statements, the Committee remains concerned about the provision of *complete* and *accurate* disclosures in this Chapter 11 Case, particularly in light of Jones's history of problematic disclosures here and in certain of the underlying state court actions, and the impact flawed information will have on ability for this case to progress.

3. Jones's Chapter 11 Case has been pending for almost three months. Under applicable rules, the Schedules and Statements originally were due fourteen days after the Petition Date (as defined below). Jones twice requested, and obtained, additional time to complete his disclosures. The Committee did not oppose Jones's requests for extensions at that time. Instead, the Committee submitted a statement to express its view regarding the paramount importance of complete and accurate information from Jones and its concerns regarding the inevitable delay of all aspects of the Chapter 11 Case pending such disclosures. After acknowledging and echoing the Committee's concerns, the Court granted the requested extension, and set a final deadline of February 14, 2023—a date that Jones's professionals confirmed would provide them with sufficient time to compile the necessary information and prepare adequate disclosures. In granting the additional extension, the Court also warned Jones: "I want [the Schedules and Statements] *done right*" . . . "[i]t's really important to get accurate schedules and I don't want you to file amended schedules.". . . "I want accurate schedules and I don't want additional requests."[2]

4. Notwithstanding this history, the Schedules and Statements that Jones filed on February 14, 2023 are incomplete and incorrect in many material respects. Among other things, they (i) remain subject to "material changes," (ii) list the value of numerous significant assets owned and controlled by Jones as simply "unknown," (iii) concede that no physical inventory or appraisal of assets has been conducted or provided to Jones and (iv) contain information that is

---

[2] Hr'g Tr. 91:19–25; 92:15–17; 90:15–17 (Jan. 20, 2023) (emphasis added).

3

inconsistent with other publicly available information.  Indeed, during the hearing held yesterday, the Court also raised questions regarding the Schedules and Statements, including why the values of certain household items and numerous trusts were listed as "unknown."

5. After more than twelve weeks, little progress has been made in this Chapter 11 Case.  With each day of delay, the costs of administering the case will continue to mount, diminishing the bankruptcy estate to the prejudice of the Debtor's creditors.  Further, the fate of the chapter 11 case of Free Speech Systems, LLC ("FSS" and such case, the "FSS Case") is tied in many respects to this case, such that a delay in one will likely necessitate a delay in the other.  In turn, more administrative expenses will accrue that will diminish what would otherwise be available for creditors.  Given this history and context, the Committee respectfully submits that a clear, unambiguous, final court-ordered deadline for Jones to file *complete* and *accurate* amended Schedules and Statements is in the best interest of all parties.

6. Accordingly, the Committee respectfully requests that the Court compel Jones to submit amended complete and accurate Schedules and Statements by no later than March 24, 2023, which deadline Jones's counsel has indicated will provide sufficient time to obtain the required information.  Moreover, to the extent that Jones is not able to ascertain the existence or value of any asset on or before March 24, 2023, the Committee respectfully requests that the amended Schedules and Statements include a declaration describing, for each item where (i) the box is checked for "No" or information required to answer an item is left blank or (ii) the value or description of an item is listed as "unknown" or "TBD" or the equivalent: (a) any efforts to obtain the relevant information; (b) the date of any request to obtain the relevant information; (c) the response to any such request; and (d) the reason the information or value cannot be ascertained or estimated.

**BASIS FOR EMERGENCY RELIEF**

7. The Committee respectfully requests emergency consideration of this Motion pursuant to Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"). As further described below, Jones has received two extensions of time to file his Schedules and Statements in this Chapter 11 Case. With each extension, the Court emphasized that additional time was granted to ensure that Jones submits complete and accurate Schedules and Statements.

8. The Schedules and Statements filed by Jones on February 14, 2023 fail to comply with the Court's admonitions, as well as with the disclosure requirements imposed by the Bankruptcy Code and the Bankruptcy Rules. As of the date of this Motion, 89 days have elapsed since the Petition Date and 75 days since the initial statutory deadline to submit Schedules and Statements. Jones's failure to comply with the reporting requirements is depriving creditors of information needed to engage in negotiations with the Debtor and otherwise advance this Chapter 11 Case. As such, creditors would benefit from prompt confirmation, by way of an order from this Court no later than March 8, 2023, that Jones will be held to the further extended deadline of March 24, 2023 to comply with his statutory duties of accurate and complete disclosure.

**JURISDICTION AND VENUE**

9. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

10. Venue is proper in the Court under 28 U.S.C. §§ 1408 and 1409.

11. The statutory and procedural bases for the relief requested herein are Bankruptcy Code sections 105(a) and 521 and Bankruptcy Rule 1007.

5

**BACKGROUND**

12. On December 2, 2022 (the "Petition Date"), Jones filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

13. Jones's largest creditors are the Sandy Hook Families,[3] who hold claims against the Debtor on account of judgments entered in Connecticut, in the amount of $1,438,000,000,[4] and Texas, in the amount of $50,043,653.80,[5] as well as additional litigation presently stayed by this Chapter 11 Case and the FSS Case. These judgments were entered following years of litigation over claims brought by the families of victims of the 2012 Sandy Hook school shooting, and hold Jones and FSS liable for defamation and related torts. Certain of the Sandy Hook Families are members of the Committee appointed in this Chapter 11 Case.[6]

14. On December 14, 2022, Jones filed a motion seeking to extend the 14-day deadline to file his Schedules and Statements to January 16, 2023.[7] The Court addressed this first extension request during a hearing on December 19, 2022, noting "it's important to get accurate schedules."[8]

---

[3] "Sandy Hook Families" means Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, Marcel Fontaine, David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach and Robert Parker.

[4] Judgment on Verdict for Plaintiffs, *Lafferty v. Jones*, Case No. UWY-CV18-6046436-S (Conn. Sup. Ct. Dec. 22, 2022) [ECF No. 1044].

[5] Notice of Final Judgment, *Heslin v. Jones*, Case No. D-1-GN-18-001835 (Tex. Dist. Ct. Jan. 13, 2023) [ECF No. 382].

[6] On December 13, 2022, pursuant to Bankruptcy Code section 1102, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed six of the Debtor's unsecured creditors to serve as members of the Committee. *See Notice of Appointment of Official Committee of Unsecured Creditors*, dated December 13, 2022 [ECF No. 42]. The Committee currently comprises the following six individuals: (i) Robert Parker; (ii) Nicole Hockley; (iii) Jennifer Hensel; (iv) David Wheeler; (v) Leonard Pozner; and (vi) Scarlett Lewis. *See id.*

[7] *See Debtor's Motion for an Extension of Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts, and Statements of Financial Affairs*, dated December 14, 2022 [ECF No. 45]; Fed. R. Bankr. P. 1007(c) (providing that at the time of filing a petition for relief under chapter 11 of the Bankruptcy Code or within 14 days thereafter, a debtor must file certain schedules and statements identifying the debtor's assets and liabilities, current income and expenditures and providing certain other financial disclosures).

[8] Hr'g Tr. 17:6–9 (Dec. 19, 2022) ([THE COURT:] "I want –it's important to get accurate schedules and if the professionals are telling me they need time to get this done, then it is what it is.").

The Court then granted the requested extension through January 17, 2023.[9]

15.     The initial meeting of creditors mandated by Bankruptcy Code section 341 in this Chapter 11 Case was scheduled for January 11, 2023 (the "Initial 341 Meeting").  Prior to the Initial 341 Meeting, Jones's counsel asked the U.S. Trustee for a further extension of time to file Schedules and Statements to February 9, 2023.  The day after the Initial 341 Meeting, Jones filed a proposed stipulation and agreed order further extending Jones's deadline to file Schedules and Statements until February 7, 2023.[10]  In response, the Committee filed a statement and reservation of rights expressing its concern that Jones's repeated requests for extensions might cause delay and stall progress of the Chapter 11 Case to the detriment of the Committee's constituency and other stakeholders.[11]  The Committee also recognized and highlighted "the importance of [receiving] *complete* and *accurate* financial Schedules and Statements."[12]

16.     During the January 20, 2023 hearing, the Court stated that it was inclined to grant a second extension in respect of Jones's deadline to file his Schedules and Statements because the Court "want[ed the Schedules and Statements] done right."[13]  The Court further underscored this point, warning Jones: "I want them right.  It's really important to get accurate schedules and I don't want you to file amended schedules just because you tried to beat a deadline.  I'm going to give you an extra seven days [meaning 7 days beyond the extended date requested by Jones], but I want them, and I want them right . . . I want accurate schedules and I don't want additional requests."[14]

---

[9] *Order Granting Extension of Time to File Debtor's Schedules of Assets and Liabilities, Schedules of Executory Contracts, and Statements of Financial Affairs*, dated December 19, 2022 [ECF No. 57] ¶ 2.

[10] *Stipulation and Agreed Order Regarding Additional Extension of Time for Debtor to File His Schedules and Statements*, dated January 12, 2023 [ECF No. 88].

[11] *Statement and Reservation of Rights of the Official Committee of Unsecured Creditors of Alexander E. Jones in Respect of the Proposed Stipulation and Agreed Order Regarding Additional Extension of Time for Debtor for File His Schedules and Statements*, dated January 13, 2023 [ECF No. 91] (the "Committee Statement on Extensions") ¶ 2.

[12] *Id.* (emphasis in original).

[13] Hr'g Tr. 91:19–25 (Jan. 20, 2023) (comments from the Court).

[14] *Id.* 90:15–18.

The Court also noted that "at some point there need to be disclosures," because they serve as "triggers [for] a lot of other things" in a chapter 11 case.[15]

17.  When given the express opportunity to advise the Court as to a realistic date by which complete disclosures could be prepared, Robert Schleizer of BlackBriar Advisors, LLC ("BlackBriar"), the Debtor's financial advisor, stated that he would be "more confident" if the deadline was February 14, 2023.[16]  Accordingly, and in reliance on this representation, the Court approved this extension, setting a new deadline of February 14, 2023.[17]

18.  Thereafter, Jones filed his Schedules and Statements on February 14, 2023.[18]  As Jones conceded during the February 23, 2023 meeting of creditors (the "Second 341 Meeting"), the Schedules and Statements are deficient.[19]  Among other things, the Schedules and Statements explicitly remain subject to "material changes" and concede that no physical inventory or appraisal of assets has been conducted.  In addition, even a cursory review of other available information, including public records and filings in this Chapter 11 Case, reveals numerous inconsistencies.  These deficiencies and inaccuracies include, but are not limited to, the following:

- **The value of many key assets is listed as "unknown."** Numerous key assets have no listed value, including, but not limited to:
    - ➢ In Part 4, item 19 on Schedule A/B, the Debtor lists 100% ownership in eight businesses.  The value of his ownership interest in ***all eight of the businesses*** is listed as "***unknown***."

---

[15] *Id.* 90:18–23.

[16] *Id.* 92:4–9.

[17] *Order Regarding Additional Extension of Time for Debtor to File His Schedules and Statements*, dated January 20, 2023 [ECF No. 107].

[18] *Official Form 106A/B*, dated February 14, 2023 [ECF No. 161]; *Official Form 107*, dated February 14, 2023 [ECF No. 162].

[19] Following the Second 341 Meeting, the U.S. Trustee again continued the meeting to March 31, 2023 in light of the numerous deficiencies contained in the Schedules and Statements and Jones's stated intent to revise his disclosures in the near term.  *See Notice of Continuance of Meeting of Creditors*, dated February 23, 2023 [ECF No. 175].

- ➢ In Part 4, item 25 on Schedule A/B, the Debtor lists interests in eight trusts. The trust value for *all but one of the eight trusts* is similarly "***unknown***" and the last trust is valued at "$0.00."

- ➢ The value of almost all personal and household items (including goods and furnishings, jewelry, electronics, etc.) is also listed as "***TBD once appraisal is complete***." The Schedules and Statements provide no estimated date to complete the appraisals.

- **Review of publicly available information suggests that the Debtor owns certain other assets that are not included in the Schedules and Statements.** The Committee's professionals have reviewed a variety of public records and prior disclosures and were able to locate numerous assets that are not included in the Schedules and Statements at all, including: (i) the 2022 FSS Litigation Settlement Trust (and the three entities held through such trust–InfoW LLC, IWHealth LLC and Prison Planet LLC) and the 2022 Appeal Trust; (ii) gas/oil/mineral rights that may be owned through the Guadalupe County "Acreage"; (iii) any cryptocurrency[20]; and (iv) several vehicles that Jones owned as recently as 2020.

- **Several items included in the Schedules and Statements directly conflict with the Amended December Monthly Operating Report.** A comparison of the Schedules and Statements and the Debtor's *Amended Monthly Operating Report for the period ending December 31, 2022* [ECF No. 172] (the "Amended December MOR") reveals inconsistencies, including:

  - ➢ Lines a. and b. of Part 2 of the Amended December MOR provide that the Debtor had "Accounts receivable (total net of allowance)" for the current month of $331,757. However, item 38 (Accounts receivable or commissions you already earned) on Schedule A/B only provides for $132,000 in accounts receivable described as "Mountain Way."

  - ➢ Line c. of Part 2 of the Amended December MOR lists $682,899 of Inventory at "Book" value for the current month. However, Jones checks "No" for inventory in item 41 (Inventory) on Schedule A/B and identifies no value.

- **The Schedules and Statements conflict with each other concerning the Debtor's income from "Other Sources."** In answering Part 2, item 5 of the Statement of Financial Affairs as to whether the Debtor received any income in the prior two calendar years not generated by employment or operating a business, the Debtor answers that he has no such income. This answer directly contradicts line 8h on Schedule I, which provides an estimated monthly income $104,500 under "Income from All Other Sources." If the Debtor estimates $104,500 in monthly income from other sources, then the answer to Part 2, item 5 of the Statement of

---

[20] It has been disclosed publicly that Jones received a large cryptocurrency donation in 2022, and Debtor's counsel confirmed during the Second 341 Meeting that BlackBriar was since able to locate Jones's cryptocurrency account.

9

> Financial Affairs (which asks for aggregate sum of such income from January 1, 2022 through the Petition Date) should have been more than $1.1 million.

- **The Debtor fails to list the transfer of any property to any trusts in the Statement of Financial Affairs, including transfers to the 2018 Missouri Trust, which has been referenced as an asset of Jones in other Court filings.** In answering item 19 in the Statement of Financial Affairs as to whether the Debtor transferred any property to trusts of which the Debtor is a beneficiary in the past 10 years, the Debtor answered "No." However, a Certificate of Trust filed with land records maintained by the Travis County Clerk indicates that the Missouri Trust was created less than ten years ago, in May 2018, with the Debtor as grantor[21] and appears to have been used to pay fees in the Chapter 11 Case.[22] While the *Notes Regarding Schedules of Assets and Liabilities and Statement of Financial Affairs*, appended to the Schedules and Statements (the "Global Notes"), state that "as of the date of filing, not all of the trust agreements have been located," the Global Notes do not provide an explanation as to why transfers to any of the trusts, and at least the Missouri Trust, are not acknowledged or disclosed. While eight trusts are listed in the Schedules (with unknown or "0.00" value), it appears that the answer "No" to item 19 in the Statement of Financial Affairs cannot be an accurate answer.

19. On February 16, 2023, upon completing its preliminary review of the Schedules and Statements, the Committee sent a letter to Jones's counsel identifying certain of the aforementioned deficiencies and requesting a response by February 21, 2023, which would identify the date by which Jones would agree to file amended complete and accurate Schedules

---

[21] Separately, the Debtor's counsel has attested to various details regarding the Missouri Trust indicating that it is a self-settled trust. *See Supplemental Declaration of Vickie L. Driver in Support of Application for Entry of an Order Authorizing the Retention and Employment of Crowe & Dunlevy, P.C. as Debtor's Co-Counsel* [ECF No. 89]. Specifically, counsel attested:

> The Trustee of the Trust is David Jones (the "Trustee"). The Trust is a revocable trust, with Debtor as the settlor. The trust agreement governing the Trust (the "Instrument") defines "beneficiary" as any beneficiary then eligible to receive distributions, and does not appear to name specific individuals as beneficiaries. The Instrument was executed on May 19, 2018. The Trustee has discretion to make distributions under the Trust for the benefit of the welfare of the settlor, Alexander E. Jones. Upon information and belief, the Trust was funded with the proceeds from the sale of Debtor's homestead property.

*Id.* ¶ 4.

[22] In addition, one of the trusts listed as "Missouri Trust – Settlor & Beneficiary" has been referenced in several court filings as the payor of attorney's fees on behalf of Jones. *See, e.g.*, *Chapter 11 Voluntary Petition*, dated December 2, 2022 [ECF No. 1]; *Application for Entry of an Order Authorizing the Retention and Employment of Crowe & Dunlevy, P.C. as Debtor's Co-Counsel Effective as of the Petition Date*, dated December 20, 2022 [ECF No. 69]; *Supplemental Declaration of Shelby A. Jordan in Support of the Application for Entry of an Order Authorizing the Retention and Employment of Jordan & Ortiz, P.C. as Debtor's Co-Counsel Effective as of the Petition Date*, dated January 12, 2023 [ECF No. 90].

and Statements.

20. The Committee met and conferred with Jones's counsel on February 22, 2023. During the meet and confer, Jones's counsel confirmed that the Schedules and Statements are incomplete and contain errors, and advised the Committee that work is underway to supplement and correct the Schedules and Statements. Jones's counsel stated that the earliest amended Schedules and Statements could be filed was March 24, 2023, which was subsequently confirmed by Jones's counsel both during the Second 341 Meeting and the hearing held before this Court on February 28, 2023. Jones's counsel has also advised the Committee that additional information needs to be obtained, including from PQPR Holdings Limited LLC and certain other entities owned and controlled by Jones, in order to complete the Schedules and Statements. At the February 28 hearing, the Court also raised questions about the Schedules and Statements, including inquiring as to why the value of certain household items and numerous trusts were listed as "unknown."

## RELIEF REQUESTED

21. By this Motion, and for the reasons set forth herein, the Committee respectfully requests that the Court enter an order (i) fixing a final deadline of March 24, 2023 for the Debtor to file amended Statements and Schedules that are complete and accurate and (ii) requiring the amended Schedules and Statements to include a declaration describing for each item where (x) the box is checked for "No" or information required to answer an item is left blank or (y) the value or description of an item is "unknown" or "TBD" or the equivalent: (a) any efforts to obtain the relevant information; (b) the date of any request to obtain the relevant information; (c) the response to any such request; and (d) the reason the information or value cannot be ascertained or estimated.

**BASIS FOR RELIEF**

22. The duty of a debtor to make full and complete financial disclosures to creditors and the bankruptcy court is crucial to the proper functioning of a bankruptcy case. *See In re Ozcelebi*, 639 B.R. 365, 397 (Bankr. S.D. Tex. 2022) ("[T]he operation of the bankruptcy system depends on honest reporting.") (citation omitted); *In re McDowell*, 483 B.R. 471, 477 (Bankr. S.D. Tex. 2012) ("As the Fifth Circuit has said, the duty of disclosure in a bankruptcy proceeding is a continuing one. . . . Debtors must divulge *all* relevant facts in order to receive the full benefits and protections of the Bankruptcy Code, with the broad policy and goals of the Code favoring transparency and disclosure whenever possible.") (citations, quotations, and footnote omitted) (emphasis in original).

23. Certain of these disclosure requirements are codified in Bankruptcy Code section 521(a)(1) and Bankruptcy Rule 1007(b)(1), which mandate that a debtor file, among other things, schedules of assets and liabilities and statements of financial affairs. 11 U.S.C. § 521(a)(1); Fed. R. Bankr. P. 1007(b). In turn, Bankruptcy Rule 1007(c) provides that the aforementioned financial disclosures must be filed with the petition or else within fourteen days thereafter. *See* Fed. R. Bankr. P. 1007(c). An extension of time to file schedules and statements "may be granted only on motion for cause shown." *Id.*

24. The requirements for complete and accurate disclosure are also printed on the official forms themselves. Specifically, Official Form 106A/B requires the debtor to list and describe its "property" and to "***be as complete and accurate as possible***." *See* Official Form 106A/B (emphasis added). In addition, Schedule C requires a debtor to list the property claimed by a debtor as exempt and makes clear that a debtor "***must specify the amount of the exemption [it] claims.***" *See* Official Forms 106C (emphasis added). A debtor's creditors necessarily rely on

12

the information contained in these disclosures. Therefore, at the time of filing of the schedules and statements, a debtor must certify as to their truth and accuracy under penalty of perjury. *See* Official Form 106Dec; Official Form 107, Part 12.

25. The United States Court of Appeals for the Fifth Circuit consistently has held that debtors have "an express, affirmative duty to disclose **all** assets." *In re Coastal Plains, Inc.*, 179 F.3d 197, 207–08 (5th Cir. 1999) (emphasis added) (noting "it is very important that a debtor's bankruptcy schedules and statements of affairs be as accurate as possible, because that is the initial information upon which all creditors rely."). A debtor must disclose all interests it holds in property, even if a debtor believes the "assets are worthless or unavailable to the bankruptcy estate." *In re Ozcelebi*, 639 B.R. at 397. Courts have based this duty on the rationale that it is "the bankruptcy court, not the debtor, [that] decides what property is exempt from the bankruptcy estate." *In re Robinson*, 292 B.R. 599, 607 (Bankr. S.D. Ohio 2003) (internal citations and quotation marks omitted) (noting that the "connection between the debtor's obligation to file complete and accurate schedules and the fair administration of the bankruptcy case is clear").

26. To the extent the value of assets can be ascertained, a debtor should endeavor to do so. A debtor is required "to list the approximate dollar amount of each asset. If faced with a range of values, he has to choose a value in the middle of the range." *In re Ozcelebi*, 639 B.R. at 402–03 (citations omitted). While there are circumstances under which a debtor can list value as "unknown" under Schedules A/B, "doing so when a debtor has access to information from which either an exact or approximate valuation is ascertainable is not reasonable." *Id.*; *see also id.* at 406 (finding that "by listing the value of his interest in the Trusts as 'unknown' given the abundance of information available to him, Debtor failed to make a full and candid disclosure and acted in bad faith"). With respect to Schedule C, bankruptcy courts in the Southern District of Texas have

noted that a debtor should not be permitted to list property claimed as exempt with an "unknown" value because it "would encourage abuse to permit a debtor, after a trustee's objection, to exempt a potentially valuable interest in its entirety simply because the debtor claimed the value as unknown." *In re Solly*, 392 B.R. 692, 695 (Bankr. S.D. Tex. 2008); *id.* ("The Debtor must not resort to use of the word 'unknown,' or words to that effect.").

27. Importantly, "[i]t is Debtor's duty alone to make full and honest disclosures; the trustee and the creditors should not be forced to search out the true state of affairs." *In re Ozcelebi*, 639 B.R. at 410 (quotation marks and citation omitted) (rejecting the argument that the debtor could refer to publicly filed UCC financing statement in lieu of making full disclosures of his assets on his statements and schedules). Courts recognize the importance of transparency in bankruptcy cases to protect creditors. *See In re Divine Ripe, LLC*, 554 B.R. 395, 401 (Bankr. S.D. Tex. 2016) (sustaining an unsecured creditor's objection to a disclosure statement because the debtor did not fully disclose financial information and recognizing the importance of full disclosure in bankruptcy cases in order "to protect creditors from a debtor who may try to hide assets."); *see also In re Ligon*, 55 B.R. 250, 253 (Bankr. M.D. Tenn. 1985) (debtor's failure to list and value gun collection and other inaccuracies were evidence of "knowing concealment and fraud"). The fact that a debtor "forgot" or else thought that property was not an "asset" is not an excuse. *See In re Fonke*, 310 B.R. 809, 817 (Bankr. S.D. Tex. 2004) (Isgur, J.) (finding that a debtor facing state court litigation filed his chapter 13 petition in bad faith when he "forgot" to file certain assets and failed to amend the schedules after repeated warnings to do so, and where he omitted assets that he judged to be his wife's separate property).

28. The Committee has waited patiently for Jones and his advisors to complete the necessary disclosures, which are required before the Chapter 11 Case can proceed meaningfully.

Among other things, the Committee did not object to the multiple requests for extensions of time to file Schedules and Statements and has sought to work cooperatively with the Debtor's counsel. The Committee proceeded this way despite serious misgivings borne from the Debtor's pre-petition history of delaying production of financial information to Committee constituents as a defendant in state court litigation.[23]

29. Unfortunately, despite extra time, Jones's Schedules and Statements still fail to provide the necessary disclosures required by the Bankruptcy Code and the Bankruptcy Rules. The Committee has been assured that Jones is in the process of amending his Schedules and Statements. Given the history of this case, however, the Committee respectfully requests that the amendments to the Schedules and Statements be subject to an order from the Court requiring complete and accurate Schedules and Statements by a date certain. The amended Schedules and Statements should include, among other things, a complete and accurate presentation of Jones's assets and should include information in the immediate possession of Jones's various entities, trusts, banks, asset managers, assistants, and other professionals. Even if Jones did not personally manage his personal finances, he is indisputably in a position to direct his various entities, trustees, banks, asset managers, assistants, and professionals to provide BlackBriar with open access to requisite information.

30. To the extent that Jones is not able to ascertain required information about or the value of any asset on or before March 24, 2023, the Committee respectfully requests that the amended Schedules and Statements include a declaration describing, for each item where (i) the

---

[23] *See* Committee Statement on Extensions ¶ 2; *see also* Memorandum of Decision on Punitive Damages at 42, *Lafferty v. Jones*, Case No. UWY-CV18-6046436-S (Conn. Sup. Ct. Nov. 10, 2022) [ECF No. 1026] (noting Jones's and FSS's "abject failure" to meet discovery obligations as well as "their stunningly cavalier attitude toward both their discovery obligations and court orders regarding discovery throughout the entire pendency of the case, their unprepared corporate representative, and intentional discovery abuses").

15

box is checked for "No" or information required to answer a question is left blank or (ii) the value or description of an item is listed as "unknown" or "TBD" or the equivalent: (a) any efforts to obtain the relevant information; (b) the date of any request to obtain the relevant information; (c) the response to any such request; and (d) the reason the information or value cannot be ascertained or estimated.

## CONCLUSION

Based on the foregoing, the Committee respectfully requests that the Court: (i) grant the Committee's Motion; (ii) order the Debtor to provide complete and accurate amended Schedules and Statements by March 24, 2023, along with a declaration as described herein, to the extent necessary; and (iii) grant such other and further relief as is just, proper and equitable.

Dated: March 1, 2023

Respectfully submitted,

By: */s/ Marty L. Brimmage, Jr.*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Marty L. Brimmage, Jr.
Texas Bar No. 00793386
Lacy M. Lawrence
Texas Bar No. 24055913
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email: mbrimmage@akingump.com
Email: llawrence@akingump.com

-and-

Ira S. Dizengoff (admitted *pro hac vice*)
David M. Zensky (admitted *pro hac vice*)
Philip C. Dublin (admitted *pro hac vice*)
Sara L. Brauner (admitted *pro hac vice*)
Katherine Porter (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036

Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: idizengoff@akingump.com
Email: dzensky@akingump.com
Email: pdublin@akingump.com
Email: sbrauner@akingump.com
Email: kporter@akingump.com

*Counsel to the Official Committee of Unsecured Creditors of Alexander E. Jones*

**CERTIFICATE OF ACCURACY**

Pursuant to Bankruptcy Local Rule 9013-1(i), I hereby certify that the factual statements contained herein are true and correct, to the best of my personal knowledge, and that emergency relief is necessary in light of impending hearings and deadlines.

*/s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 1, 2023, a true and correct copy of the foregoing Motion was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

*/s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.