# Exhibit 12

Filed in The District Court
of Travis County, Texas
AR OCT 15 2021
At 3:30 P.M.
Velva L. Price, District Clerk

D-1-GN-18-001842

| | | |
|---|---|---|
| LEONARD POZNER AND<br>VERONIQUE DE LA ROSA<br>*Plaintiffs*<br><br>VS.<br><br>ALEX E. JONES, INFOWARS, LLC,<br>AND FREE SPEECH SYSTEMS, LLC,<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN DISTRICT COURT OF<br><br><br>TRAVIS COUNTY, TEXAS<br><br><br>459th DISTRICT COURT |

## AMENDED ORDER ON PLAINTIFFS' MOTION TO COMPEL AND MOTION FOR SANCTIONS

On this day, the Court considered Plaintiffs' Motion to Compel and Motion for Sanctions. The Court finds that the motions should be granted.

### BACKGROUND

On May 29, 2018, Plaintiffs served written discovery on Defendant Free Speech Systems, LLC. Twenty-eight days after service of the requests, Defendants filed a TCPA Motion, which was subsequently denied and appealed. Following remand, Defendants failed to provide responses.

One month after remand, on July 2, 2021, Plaintiffs wrote to the Defendants inquiring about the overdue responses. Plaintiffs offered an additional 14 days for Defendants to provide responses, in which case Plaintiffs agreed to waive any complaint about their timeliness. That same day, Defendants' counsel requested that Plaintiffs' counsel provide a copy of the *Pozner* discovery requests. More than three

1

weeks later, on July 27, 2021, with no responses provided, Plaintiffs brought the instant motion.

On August 30, 2021, the day prior to the scheduled hearing, Defendants filed a Response assuring the Court that discovery would be provided, and they asked for 14 days before determining if sanctions were warranted. The following day at oral hearing, Defendants repeated this assurance. Three weeks later, on September 23, 2021, Plaintiffs' counsel notified the Court that no discovery responses had been provided.

**FINDINGS**

The Court find that Defendants unreasonably and vexatiously failed to comply with their discovery duties. The Court finds that Defendants' failure to comply with discovery in this case is greatly aggravated by Defendants' consistent pattern of discovery abuse throughout the other similar cases pending before this Court. Prior to this latest discovery failure, Defendants repeatedly violated this Court's discovery orders in *Lewis v. Jones, et al.* (D-1-GN-18-006623), *Heslin v. Jones, et al.* (D-1-GN-18-001835), and *Heslin v. Jones, et al.*[1] (D-1-GN-18-004651), all of which are related cases involving Defendants' publications about the Sandy Hook Elementary School shooting. Defendants also failed to timely answer discovery in *Fontaine v. InfoWars, LLC, et al.* (D-1-GN-18-1605), a similar defamation lawsuit involving Defendants' publications about the Stoneman Douglas High School shooting. The Court also notes

---

[1] Subsequently consolidated with D-1-GN-18-001835.

2

that Defendants have repeatedly violated discovery orders in *Lafferty v. Jones,* a similar defamation lawsuit brought by a different set of Sandy Hook parents in the Superior Court of Connecticut. The Court finds that Defendants' discovery conduct in this case is the result of flagrant bad faith and callous disregard for the responsibilities of discovery under the rules.

It is clear to the Court that discovery misconduct is properly attributable to the client and not the attorney, especially since Defendants have been represented by seven attorneys over the course of the suit. Regardless of the attorney, Defendants' discovery abuse remained consistent.

For these reasons, it is accordingly ORDERED that sanctions be assessed Defendants, including the following remedies allowed under Rule 215:

( )   an order disallowing any further discovery of any kind by the Defendants.

( )   an order charging all of the expenses of discovery or taxable court costs against the Defendants;

( )   an order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order; to wit,

_____

_____

_____.

3

( )  an order refusing to allow the Defendants to support or oppose designated claims or defenses, or prohibiting them from introducing designated matters in evidence.

(X)  a judgment by default against the Defendants, as this Court has considered lesser sanctions and determined they would be inadequate to cure the violation in light of the history of Defendants' conduct in this Court. In reaching its decision, this Court has considered lesser remedies before imposing sanctions that preclude Defendants' ability to present the merits of their liability defense. However, the Court has more than a sufficient record to conclude that an escalating series of judicial admonishments, monetary penalties, and non-dispositive sanctions have all been ineffective at deterring the abuse. This Court rejects lesser sanctions because they have proven ineffective when previously ordered. They would also benefit Defendants and increase the costs to Plaintiffs, and they would not adequately serve to correct the Defendants' persistent discovery abuses. Furthermore, in considering whether lesser remedies would be effective, this Court has also considered Defendants' general bad faith approach to litigation, Mr. Jones' public threats, and Mr. Jones' professed belief that these proceedings are "show trials."

It is further ORDERED that Defendants shall pay reasonable attorney's fees in connection with Plaintiffs' Motion, which are being awarded by separate order.

Dated *October 13*, 2021.

Hon. Maya Guerra Gamble