**EXHIBIT B**

**Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ALEXANDER E. JONES, | ) Case No. 22-33553 (CML) |
| | ) |
| Debtor. | ) |
| | ) |

ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF
TENEO CAPITAL LLC AS FINANCIAL ADVISOR TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF JANUARY 19, 2023

Upon the application (the "Application")[1] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of Alexander E. Jones (the "Debtor," and such case, the "Chapter 11 Case") for entry of an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules") authorizing the Committee to retain and employ Teneo Capital LLC (together with its affiliates, "Teneo"), as financial advisor; and upon the declaration of Marc S. Kirschner (the "Kirschner Declaration") in support of the Application; and due and adequate notice of the Application having been given; and the Court finding, based on the representations made in the Application and the Kirschner Declaration, that Teneo does not represent any interest adverse to the Committee or creditors of this estate with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), that its employment is necessary and in the best interests of the Committee and the Debtor's estate; and finding that adequate notice of the Application having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED THAT**:

1. The relief requested in the Application is granted as set forth herein.

2. In accordance with Bankruptcy Code sections 328 and 1103(a), Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, the Committee is hereby authorized and empowered to retain and employ Teneo as financial advisor in connection with the Chapter 11 Case and related matters and proceedings on the terms set forth in the Application and the Kirschner Declaration, effective as of January 19, 2023, as modified herein.

3. Teneo shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules, applicable U.S. Trustee guidelines, the *Order Granting Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Chapter 11 Professionals*, dated January 20, 2023 [ECF No. 106] and any other applicable procedures and orders of the Court. For the avoidance of doubt, the rights of the Debtor and all other parties in interest to object to court approval of fees and expenses on any basis permitted by the Bankruptcy Code and applicable rules, including those typically raised as objection to employment applications, are expressly reserved.

4. The following indemnification provisions are approved:

    (a) Subject to the provisions of subparagraphs (b) and (c) below, the Debtor is authorized to indemnify, and shall indemnify, and hold harmless, Teneo for any claims arising from, related to or in connection with Teneo's engagement

    under the Application, but not for any claim arising from, related to or in connection with Teneo's postpetition performance of any other services, other than those in connection with the engagement described in the Application, unless such postpetition services and indemnification are approved by this Court; and further, the Committee and third parties working with the Committee in connection with this bankruptcy case shall look only to the Debtor to satisfy any liability in connection with Teneo's engagement under the Application;

  (b)  The Debtor shall have no obligation to indemnify or hold harmless Teneo for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from Teneo's gross negligence, willful misconduct or fraud unless the Court determines that indemnification would be permissible pursuant to *In re United Artists Theatre Company,* et al., 315 F.3d 217 (3d Cir. 2003) or (ii) settled prior to a judicial determination as to Teneo's gross negligence, willful misconduct or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which Teneo is not entitled to receive indemnity under the terms of the Application; and

  (c)  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this Chapter 11 Case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing this chapter 11 case, Teneo believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification obligations under the Application, including, without limitation, the advancement of defense costs, Teneo must file an application in this Court, and the Debtor may not pay any such amounts to Teneo before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for fees and expenses by Teneo for indemnification, and not as a provision limiting the duration of the Debtor's obligation to indemnify Teneo.

5.    In the event that, during the pendency of this Chapter 11 Case, Teneo seeks reimbursement, as expenses, for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in any such application filed with the Court, and such invoices and time records shall be in compliance with the Local Rules and shall be subject to approval of the Court under the standards of the Bankruptcy Code section 330 and 331, without regard to whether such professional has been retained under Bankruptcy Code section 327; *provided, however,* that Teneo shall not seek reimbursements from the Debtor's estate for any fees

3

incurred in defending any of Teneo's fee applications in this Chapter 11 Case.

6. To the extent the Committee wishes to change the terms of retention or expand the scope of Teneo's services beyond the Services set forth in the Application, the Committee shall be required to seek further approval of this Court. The Committee shall file notice of any proposed changes to the terms of retention or any additional services the Court, and serve such notice on the U.S. Trustee, the Debtor and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within ten (10) days of the Committee filing such notice, such changed or additional services may be approved by the Court by further order without further notice or hearing.

7. To the extent there is inconsistency between the terms of the Application, the Kirschner Declaration and this Order, the terms of this Order shall govern.

8. Teneo shall use its reasonable efforts to coordinate with the Committee to avoid duplication of any of the services provided to the Committee by any of its other retained professionals.

9. Teneo will review its files periodically during the pendency of this Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Teneo will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

10. The terms and conditions of this Order shall be immediately effective and determine all matters arising from the implementation of this Order.

11. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2023

_____
THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE