IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **ALEXANDER E. JONES** | § | |
| | § | |
| Debtor. | § | Case No. 22-33553 |
| | § | |

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO FILE SCHEDULES AND STATEMENTS UNDER SEAL**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Alexander E. Jones ("Jones" or "Debtor"), pursuant to Sections 107(c) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9037-1 of the Local Bankruptcy Rules for the Southern District of Texas (each a "LBR" and collectively, the "Local Rules") as debtor and debtor in possession in the above-captioned Chapter 11 Case files this *Emergency Motion for Entry of an Order Authorizing Debtor to File Schedules and Statements Under Seal* (the "Motion") for entry of an order, substantially in the form attached as **Exhibit "B,"** authorizing Debtor to file his

EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO FILE SCHEDULES
AND STATEMENTS UNDER SEAL - Page 1

unredacted Schedules (later defined herein) under seal, and in support thereof, respectfully state as follows:

## I. JURISDICTION, VENUE, AND STATUTORY PREDICATES

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for relief requested herein are Sections 107(c) of the Bankruptcy Code, Bankruptcy Rules 9037, and Local Rules 9037-1.

## II. BACKGROUND

4. On December 2, 2022, Debtor filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Debtor is an employee of Free Speech Systems, LLC ("FSS") (FSS collectively with Jones, "Debtors"). FSS filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 29, 2022. Jones hosts a syndicated radio and video talk show in Austin, Texas and has done so since age 17. FSS is a single member LLC, 100% owned by Jones, that produces and syndicates much of the show.

5. Through the controversial interviews and viewpoints shared during his talk-show, Debtor is well-known in American society. His notoriety has recently surged due to the entry of several jury verdicts assessing damages against Debtor, FSS, and other affiliates of Debtor.

6. In late 2012 and early 2013, Jones learned about and spoke on his show about, a conspiracy theory revolving around the Sandy Hook school shootings. Without prior notice or demands, in 2018 the first lawsuits were filed against FSS and Jones in Connecticut and Texas. The suits sought damages in for defamation and intentional infliction of emotional distress,

compensatory and punitive damages (collectively, the "Sandy Hook Lawsuits").[1]

7. As a result of discovery sanctions, the Connecticut and Texas state courts entered a series of default findings of liability and at trial prohibited the defense from offering almost all of their evidence in support of their defenses. As a result, and only in the damages phase, the Texas and Connecticut juries assessed damages against Jones and FSS in an amount of approximately $1,500,000,000.

8. The emotionally charged media coverage and public controversy surrounding Debtor from the Sandy Hook Lawsuits and the viewpoints he publicly shares have created safety concerns for Debtor, his family, and those close to him.

9. On February 14, 2023, Debtor publicly filed his Schedules and Statements that redact out confidential, personal information relating to himself, his family, and others close to him (Docs. Nos. 161 and 162). Debtor provided the information that was redacted from the Redacted Schedules and Statements to the Unsecured Creditors Committee (the "UCC") as well as FSS and the Sub V Trustee for FSS.

10. Contemporaneously with the filing of this Motion, Debtor is filing Amended Schedules and Statements of Financial Affairs that also redact out confidential personal information relating to himself, his family, and others close to him (the "Redacted Schedules and Statements"). In compliance with L.B.R. 9037-1, Debtor will again serve the UCC, FSS, and the Sub V Trustee with the information that has been redacted. Debtor cannot serve the U.S. Trustee with the information, as the U.S. Trustee has confirmed that they cannot and will not keep the information confidential because they have public information obligations. Because the U.S.

---

[1] A count was added in the Connecticut suit under that state's consumer protection statute and in the Texas suit (*post-verdict*) the court permitted new pleadings adding a count for criminal elder abuse.

**EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO FILE SCHEDULES AND STATEMENTS UNDER SEAL - Page 3**

Trustee cannot and will not keep confidential information confidential, and their dissemination of such information would put innocent parties, including minor children, in danger, Debtor cannot release the information to the U.S. Trustee.

11. The information redacted from Debtor's Statements and Schedules is described in the chart attached as **Exhibit "A"** to this Motion (the "Redacted Information").

### III.     RELIEF REQUESTED

12. By this Application, Debtor seeks entry of an order, substantially in the form attached as **Exhibit "B,"** ordering that the confidential redacted information that Debtor has shared not be released by any of the Parties it has been served upon, that Redacted Schedules and Statements are sufficient for filing of record on the docket, and that any filings containing the Redacted Information must be filed under seal.

### IV.     ARGUMENTS & AUTHORITIES

**A.     The Redacted Information falls within the categories of information that the Court may protect pursuant to 11 U.S.C. 107(a).**

13. The general rule is that a paper filed under chapter 11 of the bankruptcy code is a public record open to public examination. 11 U.S.C. 107(a). However, there are exceptions to this rule. One exception is that, for cause, the bankruptcy court may protect an individual's information filed in a bankruptcy case. *See* 11 U.S.C. 107(c)(1). § 107(c)(1) provides as follows:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> > (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
> >
> > (B) Other information contained in a paper described in subparagraph (A).

14. Through section 107(c)(1)(A), Congress permits Debtor to redact "means of identification, and through section 107(c)(1)(B), Congress permits Debtor to shield "other information." Means of Identification is defined as follows by 18 U.S.C. 1028(d):

> (7) the term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any—
>
> (A) name, social security number, date of birth, official State or government issued driver's identification number, alien registration number, government passport number, employer or taxpayer identification number;
>
> (B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;
> (C) unique electronic identification number, address, or routing code; or
>
> (D) telecommunication identifying information or access device (as defined in section 1029(e))

However, the Court has authority to protect information beyond the identifying information described in 18 U.S.C. 1028(d)(7). The reference to "other information" in § 107(c)(1)(B) gives the court discretion to protect any information disclosed in any paper filed in a bankruptcy case. *See* 11 USC 107(a)(describing papers "filed in a case under this title").

15. The Redacted Information is primarily information located to the addresses where Debtor and his family reside or vacation.

**B.      Good cause exists to protect the Redacted Information.**

16. The information redacted from Debtor's Statements and Schedules is described in the chart attached as **Exhibit "A"** to this Motion.

17. The rule that the public right to access is "not absolute." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Courts must "balance the factors favoring secrecy against the common law presumption of access." *In re North Bay General Hosp., Inc.*, 404 B.R. 429, 438 (USBC SD Texas Houston 2009)(*citing Bank of Am. Nat'l Trust v. Hotel*

*Rittenhouse*, 800 F.2d 339, 345 (3d Cir.1986)). "While a specific potential harm must be identified, the standard does not require evidence of injury having occurred in the past or under similar circumstances. *In re Motion Seeking Access to 2019 Statements*, 585 B.R. 733 (2019) USDC, D. Delaware.

18. Here Debtor has legitimate concerns regarding the safety of his family. Protection of his home address from public access would be a basic measure to ensure his safety. Debtor has taken measures in his private life to protect his family from public access given his public career, and the rabid media coverage that has surrounded this case and the related litigation has increased the risk of danger to him and his family. It is imperative that the Court allow Debtor to protect the personal information of his family.

**C.     Debtor followed the procedure prescribed by L.B.R. 9037-1.**

19. L.B.R. 9037-1 prescribes the procedure for sealing documents before this Court. L.B.R. 9037-1(d) provides that "In some instances, it may be practicable to redact relevant confidential information from a document, and to file the redacted document in the public record. In those instances, (i) a redacted document should be filed, not under seal; and (ii) the unredacted document should simultaneously be filed, under seal." Debtor followed this procedure.

20. L.B.R. 9037-1(f) provides that "documents filed under seal must be served by the filing party by e-mail and conventional means on parties-in-interest entitled to receive the sealed document." Unredacted copies have been served on parties-in-interest entitled to the unredacted documents, where such service can be provided in a way that confidentiality can be maintained.

### V.     CONCLUSION

WHEREFORE, Debtor respectfully requests that this Court enter an order (i) granting this Motion; (ii) commanding that the redacted information remain under seal, and remain confidential

and not be disseminated by parties to whom it has been provided; (iii) commanding that any filings containing the Redacted Information be filed under seal; (iv) ordering that redacted filings are sufficient for the public docket; and (v) granting such other relief as the Court deems appropriate under the presented facts and circumstances.

Dated:  March 30, 2022.

          **CROWE & DUNLEVY, P.C.**

          By: */s/ Vickie L. Driver*
          Vickie L. Driver
          State Bar No. 24026886
          Christina W. Stephenson
          State Bar No. 24049535
          2525 McKinnon St., Suite 425
          Dallas, TX 75201
          Telephone:  737-218-6187
          Email:  dallaseservice@crowedunlevy.com

          **COUNSEL FOR DEBTOR**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing pleading was served upon the parties listed on the attached service list via e-mail, U.S. Mail, and/or electronic transmission via the Court's ECF noticing system on this 30th day of March, 2023.

          */s/ Vickie L. Driver*
          Vickie L. Driver

## EXHIBIT A
### Redacted Information

| Category of Redacted Information | Schedules Location |
|---|---|
| Home Address | Schedule A/B; Part 1; No. 1 |
| Home Address | Schedule A/B; Part 1; No. 2 |
| Home Address | Schedule A/B; Part 1; No. 3 |
|  |  |
|  |  |
|  |  |
|  |  |

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **ALEXANDER E. JONES** | § | |
| | § | |
| Debtor. | § | Case No. 22-33553 |
| | § | |

**ORDER GRANTING EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO FILE SCHEDULES AND STATEMENTS UNDER SEAL [DOCKET NO. 230]**

Upon consideration of the *Emergency Motion for Entry of An Order Authorizing Debtor to File Schedules and Statements Under Seal* (the "Motion") filed by Debtor Alexander E. Jones, ("Debtor") [Dkt. No. 230], made pursuant to Sections 107(c) of the United States Bankruptcy Code (the "Bankruptcy Code") in the above-referenced bankruptcy case, the Court finds that it has jurisdiction to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 1334(b) and 157; that due notice of the Motion has been provided as set forth in the Motion and no other or further notice need be provided; and further that the relief requested in the Motion is in the best interest of the Debtor.

**IT IS THEREFORE ORDERED** that the Motion filed by the Debtor on March 30, 2023 is hereby **GRANTED**; it is further ordered that

1. The redacted information from the Schedules and Statements shall remain under seal; and

2. any parties receiving such redacted information shall keep such information confidential; and

3. any future filings containing the Redacted Information be filed under seal;

    and

4. the Redacted Schedules and Statements are sufficient for the public docket.


**Dated: _____, 2023**      _____
                                                       **UNITED STATES BANKRUPTCY JUDGE**