IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALEXANDER E. JONES, | ) | Case No. 22-33553 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**STATEMENT AND RESERVATION OF RIGHTS BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALEXANDER E. JONES REGARDING AMENDED SCHEDULES AND STATEMENTS**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 case (this "Chapter 11 Case") of Alexander E. Jones ("Jones" or the "Debtor") hereby files this statement and reservation of rights (the "Reservation of Rights") with respect to the *First Amended Schedules of Assets and Liabilities* [ECF Nos. 231, 233] (the "Schedules") and *First Amended Statement of Financial Affairs* [ECF Nos. 232, 234] (the "Statement of Financial Affairs" and together with the Schedules, the "Amended Schedules and Statements") and the accompanying Global Notes and Supporting Information Regarding First Amended Schedules of Assets and Liabilities and Statement of Financial Affairs (the "Global Notes") attached to the Amended Schedules and Statements, as filed by the Debtor on March 30, 2023. In support of this Reservation of Rights, the Committee respectfully states as follows.[1]

---

[1] Shortly following the filing of the Amended Schedules and Statements, counsel to the Debtor informed counsel to the Committee that the Debtor intends to file *further* revised schedules and statements to correct certain errors and omissions contained in the Amended Schedules and Statements. The Committee intended to defer filing this Reservation of Rights until it had an opportunity to review such further amended filings. Such filings, however, have been delayed by more than a week from when Debtor's counsel indicated they would be filed. As such, and to avoid further delay in responding to the Amended Schedules and Statements, as filed on March 30, 2023, the Committee submits this Reservation of Rights now, but reserves all rights to amend it and/or raise additional concerns following the forthcoming further revised schedules and statements.

**STATEMENT**

1.  After obtaining multiple extensions of the applicable deadline, the Debtor filed the original *Schedules of Assets and Liabilities and Statement of Financial Affairs* on February 14, 2023 [ECF Nos. 130 and 131] (the "Original Schedules and Statements"). The Original Schedules and Statements were facially deficient and failed to fulfill the Debtor's obligation to submit complete and accurate financial disclosures. As such, and in light of the importance of disclosure in this Chapter 11 Case, the Committee was constrained to file the *Emergency Motion of the Official Committee of Unsecured Creditors of Alexander E. Jones to Compel Debtor to File Amended Schedules and Statements in Compliance with 11 U.S.C. § 521* [ECF No. 189] (the "Motion to Compel"), which highlighted some of the many flaws in the Original Schedules and Statements, and sought a Court-ordered date by which the Debtor would be required to file complete and accurate amended schedules and statements. At the conclusion of the hearing in respect of the Motion to Compel, the Court set March 30, 2023 as the deadline for such updated disclosure and warned that failure to comply would prompt the Court to set an evidentiary hearing on the matter.[2]

2.  As ordered by the Court, the Debtor filed his Amended Schedules and Statements on the March 30, 2023 deadline.

3.  The Amended Schedules and Statements state clearly that the disclosures contained therein remain subject to further amendment. Nevertheless, the Amended Schedules and Statements contain significantly more information than the Original Schedules and Statements. In addition, the Amended Schedules and Statements report a remarkable **48% more** in total asset value than had been disclosed in the Original Schedules and Statements.

---

[2] Hr'g Tr. 19:25-20:9 (Mar. 8, 2023).

4. The Committee and its advisors are in the process of reviewing and analyzing the Amended Schedules and Statements and conducting an independent investigation into the Debtor's assets and financial circumstances. The Committee's investigation remains in the beginning stages, as the Committee has not yet received the lion's share of the discovery requested from the Debtor and third parties. This process, however, will include numerous discovery requests to third parties with relevant information as to the Debtor's assets and potential estate causes of action (many of which requests are subject to ongoing meet and confers under the applicable local rules, as of the filing of this Reservation of Rights), as well as an examination of the Debtor pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.

5. Despite the Debtor's improved efforts, the Committee's preliminary review indicates that the Amended Schedules and Statements may: (i) omit certain assets that ought to be included in the Debtor's estate; (ii) contain certain anomalies in the Debtor's finances; and (iii) disclose a pattern of transfers to insiders, among other issues that must be further investigated. For instance, the Committee's preliminary analysis indicates that further factual investigation and disclosure is required concerning:[3]

   a. approximately $900,000 of cryptocurrency proceeds owned by Jones that are not included in the Amended Schedules and Statements;

   b. more than $1.5 million of proceeds that were associated with the AEJ 2018 Trust shortly before the bankruptcy filing but are not accounted for in the Amended Schedules and Statements;

   c. ownership interests in PQPR Holdings Limited LLC or PLJR Holdings, LLC, which are each acknowledged in the Global Notes, but are not specifically listed in

---

[3] The Debtor's statement in the Global Notes—that "[we have] ask[ed] the UCC for any information they have with no response from the UCC on their asset searches"—simply is not accurate. Although the Committee had no obligation to do so, the Committee *did* flag several issues and omissions for the Debtor after receiving certain portions of the draft Amended Schedules and Statements less than 48 hours prior to the filing deadline. In light of the short amount of time provided, the Committee was unable to respond until shortly before the Debtor's filing deadline; nevertheless, the Debtor's statement that the Committee declined to respond is inaccurate.

3

item 19 in the amended Schedules;[4]

d. the deletion of a substantial 2020 tax refund in the amount of $3,971,111 that had been included in the Original Schedules and Statements;

e. a staggering, unexplained increase reported in the Debtor's wages, commissions, bonuses, and tips, from $639,118 in 2020 to $8,232,691 in 2022; and

f. hundreds of thousands of dollars in transfers to each of Jones's wife and father in the lead up to his bankruptcy.

6. In addition, the Committee is investigating the extent to which affiliated entities have been created and the pattern by which business dealings with friends, family members and affiliated entities may have shifted income or assets away from the Debtor's estate and creditors.[5] This pattern implicates numerous additional entities that are not listed in the Amended Schedules and Statements, but that appear to be affiliated in some way with the Debtor's businesses, trusts, and family members.

7. As set forth in the Motion to Compel, complete and accurate schedules and statements are fundamental to the proper function of a bankruptcy case. A debtor has an "absolute duty" to ensure its financial disclosures are complete and accurate. *In re Ozcelebi*, 639 B.R. 365, 397 (Bankr. S.D. Tex. 2022). "Upon filing for bankruptcy, it is the debtor's obligation to be forthright in providing financial information. No one is obligated to recreate the Debtor's financial affairs; ***that task is his alone***." *First United Bank & Tr. Co. v. Buescher (In re Buescher)*, 491 B.R. 419, 431 (Bankr. E.D. Tex. 2013) (internal citation omitted) (emphasis added); *see also Rion v.*

---

[4] In addition, both the *Declaration of W. Marc Schwartz in Support of Voluntary Petition and First Day Motions* [ECF No. 10] and the *Debtor's Plan of Reorganization Under Subchapter V of the Bankruptcy Code* [ECF No. 502] filed in *In re Free Speech Systems, LLC*, Case No. 22-60043 state that Alex Jones is an indirect owner of PQPR equity.

[5] The Subchapter V Trustee has also reported finding, in connection with the Debtor's main operating entity, Free Speech Systems, LLC, that "[t]here was an increasing pattern of friends and family transactions over the last decade, accelerating in and around 2018. The balance of economic favor typically weighed heavily in favor of the counterparty." *Subchapter V Trustee's Initial Findings of Free Speech Systems, LLC Investigation*, *In re Free Speech Systems, LLC*, Case No. 22-60043 (Bankr. S.D.Tex.) [ECF No. 549] at 2. One newly created entity, Mountain Way, LLC, was recently the subject of a disclosure to this Court. *Disclosure to the Court*, *In re Free Speech Systems, LLC*, Case No. 22-60043 (Bankr. S.D.Tex.) [ECF No. 534].

*Spivey (In re Springer)*, 127 B.R. 702, 707 (Bankr. M.D. Fla. 1991) ("The burden is on the debtors to complete their schedules accurately.").

8. The Amended Schedules and Statements continue to raise substantial questions regarding the extent of the Debtor's estate and the disposition of valuable assets shortly before the commencement of this Chapter 11 Case. Accordingly, the Committee submits this Reservation of Rights to avoid any implication that the issues and concerns raised by the Motion to Compel have been fully resolved by the filing of the Amended Schedules and Statements. As it continues to conduct its investigation, the Committee respectfully reserves all rights with respect to the Motion to Compel and the Committee's rights to compel the provision of further amended schedules and statements and other information, as and when appropriate.

[*Remainder of Page Intentionally Left Blank*]

Dated: April 18, 2023

Respectfully submitted,

By: */s/ Marty L. Brimmage, Jr.*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Marty L. Brimmage, Jr.
Texas Bar No. 00793386
Lacy M. Lawrence
Texas Bar No. 24055913
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email: mbrimmage@akingump.com
Email: llawrence@akingump.com

*-and-*

Ira S. Dizengoff (admitted *pro hac vice*)
David M. Zensky (admitted *pro hac vice*)
Philip C. Dublin (admitted *pro hac vice*)
Sara L. Brauner (admitted *pro hac vice*)
Katherine Porter (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: idizengoff@akingump.com
Email: dzensky@akingump.com
Email: pdublin@akingump.com
Email: sbrauner@akingump.com
Email: kporter@akingump.com

***Counsel to the Official Committee of Unsecured Creditors of Alexander E. Jones***

## CERTIFICATE OF ACCURACY

Pursuant to Bankruptcy Local Rule 9013-1(i), I hereby certify that the factual statements contained herein are true and correct, to the best of my personal knowledge, and that emergency relief is necessary in light of impending hearings and deadlines.

*/s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 18, 2023, a true and correct copy of the foregoing Reservation of Rights was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

*/s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.