IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| ALEXANDER E. JONES, | ) Case No. 22-33553 (CML) |
| Debtor. | ) |

**NOTICE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
BANKRUPTCY RULE 2004 EXAMINATION OF MICHAEL ZIMMERMANN**

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 2004-1 of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), Michael Zimmermann is commanded to produce documents and electronically stored information ("ESI"), and respond to the requests for production (the "Requests"), identified in the attached **Exhibit A** to the undersigned counsel for the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 case of debtor Alexander E. Jones (the "Debtor" and such case, the "Chapter 11 Case") on or before May 24, 2023, at 5:00 p.m. CDT.

Please take further notice that the Committee reserves its rights under title 11 of the United States Code (the "Bankruptcy Code"), the Bankruptcy Rules, the Local Rules, and any applicable law regarding the subject matter of this Notice, and to amend, supplement, and/or modify Exhibit A attached hereto in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and other applicable law.

Dated: May 8, 2023

Respectfully submitted,

By: */s/Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Marty L. Brimmage, Jr.
Texas Bar No. 00793386
Lacy M. Lawrence
Texas Bar No. 24055913
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email: mbrimmage@akingump.com
Email: llawrence@akingump.com

*-and-*

Ira S. Dizengoff (admitted *pro hac vice*)
David M. Zensky (admitted *pro hac vice*)
Philip C. Dublin (admitted *pro hac vice*)
Sara L. Brauner (admitted *pro hac vice*)
Katherine Porter (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: idizengoff@akingump.com
Email: dzensky@akingump.com
Email: pdublin@akingump.com
Email: sbrauner@akingump.com
Email: kporter@akingump.com

*Counsel to the Official Committee of Unsecured Creditors of Alexander E. Jones*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 2004-1, I hereby certify that counsel for the Committee conferred with Michael Zimmermann on the Committee's Rule 2004 requests substantially in the form reflected in Exhibit A on May 8, 2023.

*/s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.

## CERTIFICATE OF SERVICE

I certify that on May 8, 2023, a true and correct copy of the foregoing and the attached exhibit were served on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

*/s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.

**EXHIBIT A**

**DEFINITIONS**

The following definitions apply to the Requests. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1. The term "***Affiliate***" or "***Affiliates***" shall have the meaning ascribed to the term "Affiliate" under 11 U.S.C. § 101(2).

2. The term "***Agent***" shall mean any Person or entity and their Professionals acting for or on behalf of another Person or entity.

3. The terms "***all***," "***any***," and "***each***" shall each be construed as encompassing any and all of these terms.

4. The connectives "***and***" and "***or***" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request all Documents, Communications, or responses that might otherwise be construed to be outside of its scope.

5. The term "***Assets***" shall mean both real assets and intangible assets, including real property (whether owned or leased), fixtures, facilities, businesses, business lines, intellectual property, goodwill, contracts, rights to recover under any insurance policy, causes of action, inventory, cash, Cryptocurrency, cash equivalents, Commodities, Commodities futures, precious metals, jewelry, watches, furniture, wine, art, firearms, Domain Names, oil and gas leases, mineral rights, automobiles, watercraft, boats, helicopters, and any other thing of value.

6. The term "***Commodities***" shall mean any tangible material that can be bought and sold. For the avoidance of doubt, this includes gold, silver, diamonds, platinum, palladium, and other precious metals. For the further avoidance of further doubt, this includes options, futures, and funds.

7. The term "*Communication*" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). For the avoidance of doubt, this may encompass any oral, written, or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, email messages, text messages, voicemails, voice memos, Bloomberg messages, chat messages, Instant Bloomberg chat messages, social media messages (e.g., Facebook, Twitter), WhatsApp chat messages, Signal app messages, Telegram app messages, GroupMe chat messages, or other messaging platforms, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, video tapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind.

8. The term "*concerning*" shall mean relating to (however remotely), referring to, describing, evidencing, or constituting.

9. The term "*Corporate Records*" shall include articles of association, company bylaws, articles of incorporation, founding documents, partnership agreements, limited liability company agreements, management agreements, meeting minutes, board presentations, policies and resolutions, records of material transactions, approvals of material contracts, records of sale, purchase of real estate, annual reports, trust agreements, accounting, and any other Document concerning an entity's organization or material activities.

10. The term "*Credit Documents*" shall include any Documents concerning any application or request for an extension of credit of any kind including, but not limited to, mortgages, personal loans, lines of credit, and credit cards. For the avoidance of doubt, this includes, but is not limited to, the following types of Documents: (a) W-2 forms; (b) pay stubs; (c) income tax returns; (d) bank account statements; (e) retirement and investment account statements; (f) Gift letters; (g) Documents verifying creditworthiness; (h) residential rental

Payment histories; (i) other Tax Documents; and (j) any other Document submitted in connection with an application for an extension of credit.

11. The term "*Cryptocurrency*" shall mean any digital currency that utilizes cryptography or similar technology to secure transactions that are digitally recorded on a distributed ledger, such as a blockchain or similar technology.

12. The term "*Cryptocurrency Wallet*" shall mean any device, physical medium, program, app, service, or software that stores private keys for Cryptocurrency or Cryptocurrency transactions, whether encrypted or otherwise.

13. The terms "*Debtor*" or "*Jones*" shall mean the Person who filed a petition for chapter 11 relief in the case of *In re Alexander E. Jones*, No. 22-33553 (CML) (Bankr. S.D. Tex.) and who goes by the name of Alexander Jones, Alex Jones, Alexander E. Jones, Alex E. Jones, Alexander Emeric Jones, Alex Emeric Jones, or any other variation of the Debtor's name, including any alter egos, Persons who have apparent authority over the Debtor, Agents of the Debtor, and Professionals of the Debtor.

14. The term "*Debtor Related Entity*" shall include the following Persons:

    a. A. Emric Productions, LLC;

    b. AEJ Austin Holdings LLC;

    c. AEJ Holdings LLC;

    d. Alex Jones Live;

    e. Austin Shiprock Publishing LLC;

    f. David R. Jones, D.D.S., Inc.;

    g. David R. Jones Family Limited Partnership;

    h. Emric Productions LLC;

      i.      Free Speech Systems, LLC;

      j.      Guadalupe County Land and Water L.L.C.;

      k.      InfoW, LLC;

      l.      IWHealth, LLC;

      m.      JLJR Holdings LLC;

      n.      Jones Production;

      o.      Jones Productions, LLC;

      p.      Jones Report, LLC;

      q.      LPTZ Holdings LLC;

      r.      Magnolia Holdings, Limited Partnership;

      s.      Magnolia Management, LLC;

      t.      Planet Infowars, L.L.C.;

      u.      PLJR Holdings LLC;

      v.      PQPR Holdings Limited LLC;

      w.      Prison Planet TV, LLC;

      x.      RCGJ, LLC; and

      y.      Any other entity directly or indirectly owned by the Debtor or for the Debtor's benefit, including any Debtor Related Trust.

15.      The term "***Debtor Related Trust***" shall refer to any trust for which the Debtor or any Debtor Related Entity is a beneficiary, settlor, donor, or trustee, including but not limited to the Missouri 779384 Trust; the RXXCTTGAA Trust; the Alexander E. Jones Descendent and Beneficiary Trust; the 2022 Appeal Trust; the 2022 FSS Litigation Settlement Trust; the AEJ 2018 Trust; the Green Leaf Trust; the Recharge Dynasty Trust; and the Hutton Cabin Trust; and shall

include any of their Affiliates, predecessors and successors in interest, and any of their former or current trustees, settlors, donors, beneficiaries, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on their behalf.

16. The term "***Document***" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), including but not limited to all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations. This includes documents stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, including but not limited to emails, texts, chats, spreadsheets, and PowerPoint presentations. A draft or non-identical copy is a separate document within the meaning of this term.

17. The term "***Domain Name***" shall mean any sequence of alphanumeric characters that forms all or part of the corresponding internet addresses.

18. The term "***Financial Records***" shall include any Document or Communication that contains or summarizes information about any Person's or entity's financial activities or condition of the Debtor including, but not limited to, information about the Assets, balance sheets, budgets, cash flow, earnings, revenue, Gifts, Payments, Transfers in Assets or interests, Tax Documents, Credit Documents, and books and records containing any of the above maintained in the ordinary course of business.

19. The term "***FSS Case***" shall mean the case captioned *In re Free Speech Systems, LLC*, Case No. 22-60043 (CML) (Bankr. S.D. Tex.).

20. The term "***Gift***" shall mean any voluntary or involuntary Transfer of an Asset not made in exchange for any service, product, or other Asset.

21. The term "***including***" shall mean "including, but not limited to."

22. The term "***Income***" shall mean any compensation in exchange for goods or services, including fees, commissions, fringe benefits, and other similar items.

23. The term "***Insider***" shall have the meaning ascribed in 11 U.S.C. § 101(31).

24. The term "***Payment***" shall mean any voluntary or involuntary Transfer in exchange for any service, product, or other Asset, whether previously provided, provided contemporaneously with the Transfer, or to be provided in the future, and whether or not such service, product, or other Asset was or will be provided to the Person making or causing the Payment to be made.

25. The term "***Person***" shall mean any natural person or any legal entity, unincorporated association, or group of individuals or legal entities, whether formally or informally established, and their Affiliates and Professionals, including, without limitation, any business, trust, governmental entity, or association.

26. The term "***Prepetition Litigation***" shall mean any litigation commenced against the Debtor or any Debtor Related Entity before December 2, 2022.

27. The term "***Professional***" shall mean any Person or entity engaged to provide or involved in providing professional services of any kind at any time, including without limitation, any attorneys, consultants (including independent consultants), independent contractors, advisors, and testifying or non-testifying experts.

28. The term "***Tax Documents***" shall mean any tax return, tax form, tax schedule, declaration, report, claim for refund, assessment, or information return, statement, or other

Document relating to taxes, including any schedules or form or attachment thereto, whether prepared by the taxpayer, in the taxpayer's individual capacity or the taxpayer's capacity as an employer or employee, a tax preparer, a bank or financial institution, the IRS, or any other governmental authority.

29. The term "*Transfer*" shall have the meaning ascribed in 11 U.S.C. § 101(54)(A)–(D), inclusive.

30. The terms "*You,*" "*Your,*" or "*Yours*" shall refer to Michael Zimmermann as an individual; in his capacity as manager, member, owner, employee, or consultant of any Debtor Related Entity; and in his capacity in any role in connection with the Debtor or any Debtor Related Entity.  This includes, but is not limited to, You:  (a) as an individual; (b) as a member of Take it Media Inc.; (c) as a signatory of Free Creek Media Inc.; (d) as managing member of Vallum Holdings LLC; (e) as a manager of Atomial LLC; (f) as a current or former employee of Free Speech Systems, LLC; and (g) in any other capacity in which You have possession, custody, or control of Documents, Communications, or information called for or responsive to these Requests.

31. The definitions described above shall apply regardless of whether such term is capitalized or not capitalized.

32. Any references to a Person shall be deemed to include such Person's Agents, accountants, advisors, employees, attorneys and other Professionals, officers, directors, direct or indirect shareholders, members, managers, representatives, Affiliates, subsidiaries, predecessors, successors, assigns, trustees, fiduciaries, settlors, donors, beneficiaries, donors, or any other individual or entity acting or purporting to act on behalf of such Person.  In addition, the reference to any trust shall include any current or former trustees, or other fiduciaries, settlors, donors, and beneficiaries.

33. The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

## **INSTRUCTIONS**

1. These instructions incorporate by reference the requirements and duties of the Federal Bankruptcy Rules and the Local Rules.

2. Each Request is continuing in nature. If at any time additional Documents responsive to the Requests come into Your possession, custody, or control or are brought to Your attention, prompt supplementation of Your response to these Requests is required.

3. You are requested to produce all Documents, Communications, and information requested herein that are within Your possession, custody, or control or in the possession, custody, or control of Your current and former officers, directors, Agents, employees, representatives, Affiliates, Professionals, members, managers, trustees, or any other Person or entity acting or purporting to act on Your behalf.

4. You are requested to produce Documents, Communications, and information requested herein on a rolling basis.

5. If You cannot fully respond to one or more of the Requests after exercising due diligence to secure the information requested thereby, please so state, and specify: (a) the portion of each Request that cannot be responded to fully and completely; (b) what efforts were made to obtain the requested information; (c) the facts relied upon that support Your contention that the Request(s) cannot be answered fully and completely; and (d) any knowledge, information, or belief You have concerning the unanswered portion of any such Request(s).

6. All Documents shall be produced with metadata in TIFF format with OCR images, provided, however, that documents in Excel format shall be provided in native format. ***All Documents shall be produced with metadata, including but not limited to the date and time***

*created/sent, author, recipients, cc-copies, bcc-blind copies, family member information, MD-5 hash, subject line and title, and whether the document contains redactions*.

7. If the response to any Request consists, in whole or in part, of an objection on the basis of or including undue burdensomeness, then provide those documents that can be produced without undue burden. For such documents that are too unduly burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

8. If You intend to withhold any responsive Document, Communication, or other information on the basis of a claim of attorney-client privilege, work product protection, or any other ground of non-disclosure, You shall identify such Document, Communication, or information in writing by date of the Document's creation, title/file name/"re line"/subject, addressee/to/cc/bcc, addressor/from, Document type, and topic covered and listed with a statement of the grounds alleged for withholding such Document, Communication, or other information, including any privilege claimed.

9. If Your response to any Request is any other objection, You must indicate if Documents are being withheld based on the objection(s), provide all Documents not covered by the objection, and state the specific basis of the objection.

10. If any Document responsive to these Requests has been destroyed, lost, or discarded, state when the Document was destroyed, lost, or discarded; identify the Person who destroyed, lost, or discarded the Document; and, in the event the Document was destroyed or discarded, identify the Person who directed that it be destroyed or discarded. Additionally, detail the reasons for the destruction, loss, or discarding; describe the nature of the Document; identify

the Persons who created, sent, received, or reviewed the Document; and state in as much detail as possible the contents of the Document.

11. Subject to Instruction No. 6 above, Documents should be produced in the manner they are kept in the ordinary course of business. In producing Documents, all Documents that are physically attached to each other, or segregated or separated from other Documents, when originally located, should be produced as is.

12. All Documents shall be produced in such fashion as to identify the custodian or department in whose possession the Document was found and the business address of each Document's custodian(s).

13. The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

14. Unless otherwise specified, the Requests call for the production of Documents and Communications created, drafted, copied, or otherwise obtained from December 2, 2012, to the present.

15. By serving these Requests, the Committee reserves all rights, does not waive any of its rights, and expressly reserves the right to amend, to modify, or otherwise to supplement these Requests.

**REQUESTS FOR PRODUCTION**

1. All Documents and Communications concerning the creation, expectations, purposes, and/or objectives of the following Persons:

    a. Alex Jones Live;

    b. Atomial LLC;

    c. Free Creek Media Inc.;

    d. InfoWars Health LLC;

    e. IWHealth LLC;

    f. Mountain Way Marketing LLC;

    g. Take it Media Inc.; and

    h. Vallum Holdings LLC.

2. All Documents and Communications concerning Alex Jones Live, including but not limited to:

    a. Documents sufficient to identify all owners, employees, contractors, contributors, sponsors, guests, Affiliates, Agents, Insiders, and Professionals of Alex Jones Live;

    b. All Documents and Communications concerning any actual or potential funding, backers, or financial, logistical, or other support for Alex Jones Live, and Documents sufficient to identify the amount and source of all funding or other support;

    c. All Documents and Communications concerning the source of any infrastructure, intellectual property, or other resources utilized by Alex Jones Live;

    d. All Documents and Communications concerning the purchase, sale, ownership, Payment, or Transfer of any Domain Names concerning Alex Jones Live;

e.  All Documents and Communications concerning any Corporate Records, Financial Records, or Tax Records for Alex Jones Live or those referencing Alex Jones Live;

f.  All Documents and Communications concerning Gifts, Payments, loans, Transfers, Income, profits, expenses, or revenue generated by, received by, or in connection with Alex Jones Live; and

g.  All Documents and Communications concerning any contracts or agreements entered into by Alex Jones Live, including but not limited to copies of said contracts and Documents and Communications concerning the negotiations of said contracts.

3.  All Documents and Communications concerning Mountain Way Marketing LLC.

4.  All Documents and Communications concerning Elevated Solutions Group, LLC.

5.  All Documents and Communications concerning any actual or potential business counterparties, contracts, or agreements with or involving Elevated Solutions Group, LLC.

6.  All Documents and Communications concerning any actual or potential business counterparties, contracts, or agreements with or involving Take it Media Inc.

7.  All Documents and Communications concerning any actual or potential business counterparties, contracts, or agreements with or involving Free Creek Media Inc.

8.  All Documents and Communications concerning any actual or potential business counterparties, contracts, or agreements with or involving Vallum Holdings LLC.

9.  All Documents and Communications concerning any actual or potential business counterparties, contracts, or agreements with or involving Atomial LLC.

10. All Documents and Communications concerning the Debtor's involvement in developing, launching, or investing in any other business or joint venture, or the use of any Assets

or infrastructure of the Debtor or any Debtor Related Entity in connection with developing, launching, or investing in any other business or joint venture.

11. All Documents and Communications concerning the development, launch, or investment in any business or joint venture expected to do business with the Debtor or any Debtor Related Entity, directly or indirectly, through or in connection with any third party.

12. Documents sufficient to identify any entity in which the Debtor has or has had a legal, equitable, beneficial, contingent, or pecuniary interest, and to identify any Person(s) who created or formed, or helped to create or form any such entities, and to identify the purpose of such entities.

13. All Documents and Communications concerning any entities that You created or formed, or helped create or form, for or on behalf of the Debtor, for the benefit of the Debtor, or at the direction of the Debtor, directly or indirectly, and Documents sufficient to identify the purpose or objectives of such entities.

14. All Documents and Communications concerning the creation or formation of any Debtor Related Entities.

15. All Documents and Communications concerning the Debtor's or any Debtor Related Entity's purchase, sale, acquisition, disposition, Gift, Transfer, or Payment of any Assets.

16. All account statements of any account that has received any Gift or Transfer from the Debtor, Free Speech Systems, or from any other Debtor Related Entity.

17. All Documents and Communications concerning any Gifts or Transfers of any Assets to the Debtor or any Debtor Related Entity.

18. All Documents and Communications concerning any purchase, sale, acquisition, disposition, Gift, Transfer or Payment of any Assets for or on behalf of the Debtor or any Debtor Related Entity.

19. All Documents and Communications concerning any Cryptocurrency Wallets belonging to, controlled by, or benefitting the Debtor or any Debtor Related Entity at any point in time and the value of the Assets held therein, including Documents and Communications concerning any accounts held or controlled by the Debtor or any Debtor Related Entity with any Cryptocurrency brokerage firms or clearinghouses, including the value of the Assets therein on an Asset by Asset basis. The scope of this Request is not limited in time.

20. Documents sufficient to identify all Domain Names owned by or for the benefit of the Debtor or any Debtor Related Entity presently or at any time. The scope of this Request is not limited in time.

21. Documents sufficient to identify all Domain Names that You have purchased for or sold or Transferred to the Debtor or any Debtor Related Entity. The scope of this Request is not limited in time.

22. All Documents and Communications concerning any intellectual property rights held, exploited, leased, or used by the Debtor or any Debtor Related Entity.

23. All Documents and Communications produced by You, the Debtor or any Debtor Related Entity to any other party in any Prepetition Litigation.

24. All Documents and Communications that You, the Debtor, or any Debtor Related Entity has produced or will produce to any party in the above-captioned bankruptcy case, or the FSS Case, including the subchapter V trustee of the FSS Case.