IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ALEXANDER E. JONES, | ) Case No. 22-33553 (CML) |
|  | ) |
| Debtor. | ) |
|  | ) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALEXANDER E. JONES TO THE DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 case (this "Chapter 11 Case") of Alexander E. Jones ("Jones" or the "Debtor") hereby files this limited objection and reservation of rights (the "Limited Objection") with respect to the *Debtor's Motion for Entry of an Order Authorizing Rejection of Certain Executory Contracts* [ECF No. 244] (the "Rejection Motion").[1] In support of this Limited Objection, the Committee respectfully states as follows.

1. The Rejection Motion implicates numerous agreements and transactions that the Committee believes require additional investigation. Specifically, the Committee has sought information related to Elevated Solutions Group, LLC ("ESG")[2] from both the Debtor and ESG to

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Rejection Motion.

[2] The Debtor first disclosed the existence of ESG in the initial version of *Schedule G: Executory Contracts and Unexpired Leases to the Schedules of Assets and Liabilities and Statement of Financial Affairs* [ECF No. 161], filed on February 14, 2023, which described a single contract with ESG as an "[a]greement to design, production conception, marketing and fulfillment of dietary supplement products. Contract to be ASSUMED." The subsequent iteration of Schedule G filed in the Debtor's amended schedules and statements revealed a change in this position and provided that the ESG contract should be rejected. *See Schedule G: Executory Contracts and Unexpired Leases to the First Amended Schedules of Assets and Liabilities and Statement of Financial Affairs* [ECF No. 231] filed on March 30, 2023. The Global Notes and Supporting Information attached thereto stated that "[p]rior to AEJ's filing, ESG had an agreement with AEJ and a separate agreement with FSS to provide for the purchase, promotion and sale of Platinum products. Since the filing, FSS and AEJ have ceased doing business with ESG and future sales will be made through FSS."

better understand the relationship between this entity, the Debtor and Free Speech Systems ("FSS"). In response to such requests, the Debtor has provided a handful of related documents—namely, certain ESG contracts and one email from an associate of the Debtor that identifies a number of contractual counterparties. The Committee has not received, however, a clear picture of the ESG-related arrangements, financial information, or any real explanation of the amounts the Debtor has invested in these ventures or the amounts the Debtor is owed in return. The deadline for ESG's response to the Committee's requests for information is May 25, 2023. In addition, on May 17, 2023, the Committee is participating in a deposition of a business associate of the Debtor that is expected to shed some light on these matters.

2. At present, the circumstances surrounding ESG remain opaque and potentially significant. The Committee's concerns in respect of ESG stem primarily from: (i) the Debtor's previous representation that sales from ESG would produce substantial monthly income;[3] (ii) the issues flagged in the *Supplement to Subchapter V Trustee's Initial Findings of Free Speech Systems, LLC Investigation*, dated April 28, 2023, *In re Free Speech Systems, LLC*, Case No. 22-60043 [ECF No. 574] and the timing of the Rejection Motion as compared to the discovery of those issues; and (iii) the conflicting and incomplete information that has been conveyed to the Committee to date regarding the number and nature of contracts and counterparties associated with ESG, the relationship of such counterparties to the contracts identified in the Rejection Motion,

---

[3] In connection with the U.S. Trustee's questions with respect to the source of the $103,300 in "Other Monthly Income" labeled as "Income from all Other Sources" reported in line 8h. of Schedule I: Your Income [ECF No. 231], Robert Schleizer testified on behalf of the Debtor that the $103,300 was based on forecasted income from ESG. *341 Meeting Transcript*, 24:13-24 (emphasis added) ("MR. RUFF: Okay. What sources of income were you able to identify for line item 8-H on Mr. Jones' Schedule I? MR. SCHLEIZER: **That number consists exclusively of a forecasted revenue from the ESG sales**, which were – it started on Note 16 in December. And we looked at historical supplemental sales that had been done for similar products, **but at that time, Mr. Jones only sources of cashflow were coming from the ESG contract and from his salary**. Historically, he's had other sources of income, but none of those were calculable, were able to be calculated, for personal appearances or other things as most of that was running through Free Speech.") An excerpt of the transcript from the 341 meeting is attached hereto as *Exhibit A*.

whether the Debtor is entitled to funds under any of those contracts and the existence (or not) of several other relevant and potentially related business ventures—including at least one that still hosts a live promo code on its website as of this filing of this Limited Objection and may be generating income for the Debtor.

3. In light of the foregoing, the Committee believes that, without additional diligence, it is unable to determine whether rejection of the ESG contracts subject to the Rejection Motion is in the best interests of the Debtor's estate and creditors. There is no need for the Debtor to seek rejection of the contracts at this time, nor has the Debtor articulated a business justification for this timing. Therefore, the Committee respectfully requests that the Rejection Motion be adjourned or, in the alternative, that the relief requested be denied without prejudice to preserve the Committee's ability to continue to conduct discovery with respect to the Debtor's business dealings with ESG. The Committee reserves all rights with respect to the Rejection Motion

Dated: May 10, 2023

Respectfully submitted,

By: */s/ Marty L. Brimmage, Jr.*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Marty L. Brimmage, Jr.
Texas Bar No. 00793386
Lacy M. Lawrence
Texas Bar No. 24055913
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email: mbrimmage@akingump.com
Email: llawrence@akingump.com

-and-

Ira S. Dizengoff (admitted *pro hac vice*)
David M. Zensky (admitted *pro hac vice*)
Philip C. Dublin (admitted *pro hac vice*)

3

Sara L. Brauner (admitted *pro hac vice*)
Katherine Porter (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: idizengoff@akingump.com
Email: dzensky@akingump.com
Email: pdublin@akingump.com
Email: sbrauner@akingump.com
Email: kporter@akingump.com

***Counsel to the Official Committee of Unsecured Creditors of Alexander E. Jones***

**CERTIFICATE OF ACCURACY**

Pursuant to Bankruptcy Local Rule 9013-1(i), I hereby certify that the factual statements contained herein are true and correct, to the best of my personal knowledge, and that emergency relief is necessary in light of impending hearings and deadlines.

*/s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 10, 2023, a true and correct copy of the foregoing Limited Objection was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

*/s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.