IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | | |
|---|---|---|---|
| IN RE: | § | | |
| | § | | |
| Alexander E. Jones | § | CASE NO. | 22-33553 |
| DEBTOR | § | | |
| | § | | |

## RESPONSE TO MOTION FOR ENTRY OF AN ORDER AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS

**COMES NOW**, Elevated Solutions Group, LLC ("ESG"), and files this *Response To Motion For Entry Of An Order Authorizing Rejection Of Certain Executory Contracts* and in support would respectfully show:

1. ESG admits the factual allegations contained in paragraph 1 of the Motion.
2. ESG admits the factual allegations contained in paragraph 2 of the Motion.
3. ESG admits the factual allegations contained in paragraph 3 of the Motion.
4. ESG admits the factual allegations contained in paragraph 4 of the Motion.
5. ESG admits the factual allegations contained in paragraph 5 of the Motion.
6. ESG admits the factual allegations contained in paragraph 6 of the Motion.
7. ESG admits the factual allegations contained in paragraph 7 of the Motion.
8. ESG admits the factual allegations contained in paragraph 8 of the Motion.
9. ESG denies that the identified contracts to which it is a party have no value, denies that those contracts are not necessary for the administration of the bankruptcy estates, denies that the identified contracts are a detriment to the estates, denies that they can or should be rejected, and it is unable to admit or deny the remaining factual allegations contained in paragraph 9 of the Motion.
10. Paragraph 10 of the Motion does not contain factual allegations that require a response. To the extent a response is required, the allegations are denied.
11. ESG admits that the Professional Services Agreement was executed on November 5, 2022, denies the description utilized concerning the scope or

intent of the contract, would refer to the contract itself regarding allegations concerning the terms of the contract, and denies the remaining factual allegations contained in paragraph 11 of the Motion.

12. ESG is unable to admit or deny the thought process of the Debtor and denies any remaining factual allegations contained in paragraph 12 of the Motion.

13. ESG admits that the Whiskey Contract was executed on or about October 14, 2022, would refer to the contract itself regarding allegations concerning the terms of the contract, and denies the remaining factual allegations contained in paragraph 13 of the Motion.

14. ESG is unable to admit or deny the thought process or determinations of the Debtor and denies the remaining factual allegations contained in paragraph 14 of the Motion.

15. ESG is unable to admit or deny the factual allegations contained in paragraph 15 of the Motion.

16. ESG is unable to admit or deny the factual allegations contained in paragraph 16 of the Motion.

17. ESG is unable to admit or deny the factual allegations contained in paragraph 17 of the Motion.

18. Paragraph 18 of the Motion does not contain factual allegations that require a response. To the extent a response is required, the factual allegations are denied.

19. Paragraph 19 of the Motion does not contain factual allegations that require a response. To the extent a response is required, the factual allegations are denied.

20. Paragraph 20 of the Motion does not contain factual allegations that require a response. To the extent a response is required, the factual allegations are denied.

21. Paragraph 21 of the Motion does not contain factual allegations that require a

response. To the extent a response is required, the factual allegations are denied.

22. Paragraph 22 of the Motion does not contain factual allegations that require a response. To the extent a response is required, the factual allegations are denied.

23. ESG denies the factual allegations contained in paragraph 23 of the Motion.

24. Paragraph 24 of the Motion does not contain factual allegations that require a response. To the extent a response is required, the factual allegations are denied.

25. ESG denies the factual allegations contained in paragraph 25 of the Motion.

26. ESG denies the factual allegations contained in paragraph 26 of the Motion. Further, a "reservation of rights" is ineffective as to the consequences of a judicial admission or statement of fact as a representation to the Court. The Debtor may not take action, seek relief or make statements without the concurrent intended, or legal result.

27. ESG denies the factual allegations contained in paragraph 27 of the Motion. Further, a "reservation of rights" is ineffective as to the consequences of a judicial admission or statement of fact as a representation to the Court. The Debtor may not take action, seek relief or make statements without the concurrent intended, or legal result.

28. Paragraph 28 of the Motion does not contain factual allegations that require a response. To the extent a response is required, the factual allegations are denied.

**WHEREFORE**, ESG requests the Court to enter an Order denying the Motion and to grant it such other and further relief, at law or in equity, to which it may be entitled.

Dated:   May 10, 2023

Respectfully submitted,  
By:   */s/ Johnie Patterson*  
Johnie Patterson  
COUNSEL FOR ESG  
SBN 15601700

OF COUNSEL:  
WALKER & PATTERSON, P.C.  
P.O. Box 61301  
Houston, TX 77208  
(713) 956-5577 (telephone)  
(713) 956-5570 (fax)

## CERTIFICATE OF SERVICE

I, Johnie Patterson, hereby certify that a true and correct copy of the foregoing Response was served on all parties entitled to receive notice pursuant to the Court's CM/ECF noticing service by electronic transmission, on May 10, 2023.

*/s/Johnie Patterson*  
Johnie Patterson