# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **FREE SPEECH SYSTEMS, LLC,** | § | **Case No. 22-60043** |
| | § | |
| **DEBTOR.** | § | **Chapter 11 (Subchapter V)** |
| | § | |

---

**Emergency relief has been requested. Relief is requested not later than November 21, 2022, at 2:00 p.m.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on November 21, 2022 at 2:00 p.m.**

**Participation at the hearing will only be permitted by an audio and video connection.**

**Audio communication will be by use of the court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "judgelopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "electronic appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "submit" to complete your appearance.**

## DEBTOR'S EMERGENCY MOTION FOR ENTRY OF ORDER AUTHORIZING DEBTOR TO ENTER INTO FINANCIAL SERVICES AGREEMENT

FREE SPEECH SYSTEMS, LLC. ("Debtor" of "FSS") debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case") and files this Motion (the "Motion") seeking entry of an order, pursuant to sections 105(a),345, 363, 364, 1107, and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002,4001, 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor to enter into a Financial Services Agreement (the "Agreement") with                                    ("Processor"), and granting such other

and further relief as necessary or appropriate.  In further support of this Motion, the Debtor would show the Court as follows:

## JURISDICTION

1.     The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Venue in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested herein are sections 345, 363, 364, 1107, and 1108 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 6003 and 6004.

## BACKGROUND

4.     On July 29, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor has continued to operate its businesses and manage its affairs as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5.     The Debtor is engaged in the business of producing and syndicating Alex Jones' radio and video talk shows and selling products targeted to Jones' loyal fan base via the Internet. Today, FSS produces Alex Jones' syndicated news/talk show (The Alex Jones Show) from Austin, Texas, which airs via the Genesis Communications Network on over 100 radio stations across the United States and via the internet through websites including Infowars.com.

6.     On its Infowars.com[1] website today, FSS makes available for sale to customers assorted dietary supplements.  The website also has available books, t-shirts and other products Jones advertises during his radio talk show. The vast majority of FSS revenues comes from sales of dietary supplements.

7.     Customer purchases through the Debtor's online sales channel are paid for by credit card. In order to mitigate the risk of financial de-platforming, the Debtor has required the services of an

---

[1] FSS licenses the Inforwars.com domain and trademark for InfoWars from InfoW, LLC.

intermediary to process its credit card transactions.

8.　　　On October 1, 2021, the Debtor and Auriam Services, LLC ("Auriam") entered into a Financial Services Agreement (the "Auriam Agreement").  Under the Auriam Agreement, Auriam provided the intermediary credit card processing services to the Debtor.  Auriam charged a fixed fee equal to 10% of the total dollar amount of credit card charges processed by Auriam on behalf of the Debtor, in addition to netting third party costs and fees.

9.　　　By agreement dated July 10, 2022, the parties agreed to a reduction of the Auriam fixed fee from 10% to 4% for a period of 60 days.  The parties had informally extended this period of reduced fees on two occasions.

10.　　　The Debtor identified the Processor to replace Auriam for a reduced fee.  The replacement processor commenced services on October 21, 2022, and has agreed to waive its service fee for a period of 30 days and thereafter to provide substantially the same services Auriam provided for a fixed fee of 1.5% of the total dollar amount of credit card charges it processes on behalf of the Debtor.  A redacted copy of the Agreement is attached as Exhibit "A".

11.　　　The Processor has no prior relationship with the Debtor and is not an insider or affiliate of the Debtor as defined at 11 USC §§101(2) and (31).  The single member owner of the Processor has sold product through the Debtor's sales channel in the past but has no current business relationship with the Debtor.

12.　　　The Processor has no prior relationship with the Debtor and is not an insider or affiliate of the Debtor as defined at 11 USC §§101(2) and (31).  The sole shareholder of the Processor, or an entity related to Mr.　　　 has sold product through the Debtor's sales channel in the past but has no current business relationship with the Debtor.  The Debtor has identified the following additional relationships between Mr.　　　 and entities currently engaged or to be engaged in business with the Debtor:

　　　a.　Mr.　　　 is the sole shareholder of　　　.

　　　　　("　　　) which the Debtor seeks to engage as a provider of financial

services in a contemporaneously filed motion.  If approved,             will be entitle to a service fee of 1.5% of all credit card transactions on behalf of FSS.

b.  Mr.          is an employee of                                 is an electronic payment processor and processes the Debtor's credit card payments.             earns of fee of 4.5% of all credit card transactions on behalf of FSS.          is aware of Mr.          relationship with          and has advised in writing that it approves of the arrangement between FSS and          .

c.  Mr.          is the sole owner of                      ("<u>SAI</u>").  Under the terms of the Agreement with SAI Mr.          will receive no compensation or remuneration from FSS or the entities he contracts with to provide product sourcing and fulfillment services.

13.   Neither Alex Jones or any member of his family or any employee (current or former) of FSS (or any affiliate) or PQPR Holdings Limited, LLC (or any of its owners, officers, employees or affiliates), (i) own any interest in SAI or          (ii) have any contractual relationships with Mr.          , SAI or          or (iii) receive (currently or in the future) any form of remuneration from Mr.          , SAI or          Conversely neither SAI,          nor Mr.          (i) own any interest in FSS, PQPR Holdings Limited, LLC (or any of their affiliates), (ii) have any contractual relationships with Alex Jones or any member of his family, FSS (other than contracts approved by Order of this Court), or PQPR Holdings Limited, LLC (or any of their affiliates, owners or employees), or (iii) receive any remuneration from Alex Jones or any member of his family, FSS, PQPR Holdings Limited, LLC (or any of their affiliates, owners or employees) that has or will not be approved by Order of this Court.

## **<u>RELIEF REQUESTED</u>**

14.   By this Motion, the Debtor seeks entry of an Order authorizing the Debtor to operate under the Agreement with the Processor which is consistent with the Debtor's historical and customary practices but under significantly improved terms.

<u>**BASIS FOR RELIEF**</u>

**A.  Debtor Requests Authority to Enter into the Financial Services Agreement with the Processor.**

15.    The Debtor's customers pay their purchases by credit card.  All of Debtor's credit card transactions are processed by the Processor under the Agreement.  The Debtor pays credit card processing fees to the credit card processor at a rate of 4.5% through a netting against payments to Debtor for credit card charges.  The Processor further nets its fee against the balance owed to the Debtor.

16.    After deducting their fees and other charges for the credit card transactions processed for Debtor, the Processor pays the funds due to Debtor into Debtor's operating account via ACH transactions. Deposits are made daily on business days, one day in arrears.

17.    Under the Agreement, certain transactions may be reversed or reduced for various reasons, including customer disputes to certain charges ("Chargebacks"). The Chargebacks occur after the initial transactions are processed and Debtor paid. Chargebacks are a normal and customary aspect of credit card processing and Debtor's Chargeback history reflects that only an exceedingly small percentage of Debtor's credit card charges result in Chargebacks.

18.    Debtor requests that it be authorized to operate under the Agreement in the ordinary and customary course of business.

19.    Without authority to operate under the under the Agreement, including satisfying necessary fees and Chargebacks, Debtor will be severely and negatively impacted and would essentially cease to do business due to the inability to accept credit cards from customers.  Accordingly, the Debtor respectfully requests that the Court allow it to operate as normal under the Agreement.

**B.    Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

20.    To implement the foregoing successfully, the Debtor requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

WHEREFORE, for the reasons set forth above the Debtor respectfully requests that the Court enter an order in the form attached as Exhibit B (i) authorizing the Debtor to enter into the Agreement as described above, consistent with Debtor's historical and customary practices and (ii) granting any and all such other relief as the Court deems just and proper.

Respectfully submitted this November 15, 2022.

THE LAW OFFICES OF RAY BATTAGLIA, PLLC.
66 Granburg Circle
San Antonio, Texas 78218
Telephone (210) 601-9405
Email: rbattaglialaw@outlook.com


By:  /s/  Raymond W. Battaglia
       Raymond W. Battaglia
       Texas Bar No. 01918055

**ATTORNEYS FOR THE DEBTOR IN POSSESSION**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system, as set forth below. I further certify that it has been transmitted by first class mail to the parties on the attached service list.

/s/ Raymond W. Battaglia
Raymond W. Battaglia