# EXHIBIT 12

|  |  |
|---|---|
|  | ORDER   421277 |
| DOCKET NO: UWYCV186046436S | SUPERIOR COURT |
| LAFFERTY, ERICA Et Al<br>V.<br>JONES, ALEX EMRIC Et Al | JUDICIAL DISTRICT OF WATERBURY<br>AT WATERBURY<br>9/30/2021 |

<u>ORDER</u>

ORDER REGARDING:
08/24/2021 450.00 MOTION FOR ORDER

The foregoing, having been considered by the Court, is hereby:

ORDER:

In Connecticut, all parties, in responding to a request for the production of documents, must follow the long standing rules of practice. Connecticut Practice Book Section 13-10(a) requires the responding party to serve a written response, which may be in electronic format. Section 13-10(b) requires that the request for production that is being responded to must be repeated immediately before the response. Section 13-10(c )requires the responding party to produce the documents with the response, served upon all parties. Practice Book Section 13-15 mandates that when a responding party discovers additional or new information or documents, the responding party must file and serve a supplemental or corrected compliance. Finally, Practice Book Section 10-12(a) clearly states that it is the responsibility of counsel to make service "of every paper relating to discovery" on all appearing parties in the case. These rules are routinely complied with and they are not complicated. The Jones defendants, however, seem to take the position that the rules of practice do not apply to them. The court rejects their baseless argument that the practice book does not require formality with respect to the production of documents. There is no dispute here that the Jones defendants failed to follow the rules as they relate to discovery. The actions they took, as they themselves outlined in their objection and surreply, fall far short of meeting their obligations under our rules. The purported June 17, 2019 email transmission of zip files from Attorney Pattis to Attorney Sterling, Attorney Mattei, and Attorney Reiland containing Google Analytics reports that plaintiffs' counsel indicates was never received was not sent to the defendant Wolfgang Halbig (who had not consented to electronic service), the Midas defendants (who were represented by counsel), or Corey Sklanka(who was also represented by counsel), nor did the purported transmission otherwise comply with the rules of practice. As such, it is not necessary for the court to resolve the issue of whether the purported transmission was actually sent as it cannot be considered proper compliance under our rules. In short, after protracted objections and arguments by the Jones defendants over whether they had the ability to produce ANY Google Analytics data, to date they have still failed to comply. Similarly, the social media analytics that the Jones defendants previously represented as having been produced, and now claim was not produced due to inadvertence until they shared it with plaintiffs' counsel through a Zoom chat function at the June 28, 2021 deposition, similarly falls short both procedurally and substantively. (The court also notes that because the rules were again disregarded, it is unable to ascertain based on the filings whether counsel for Genesis Communications Network, Inc., participated in either the deposition or the Zoom chat function). In light of this continued failure to meet their discovery obligations in violation of the court's order, to the prejudice of the plaintiffs, the court will address the appropriate sanctions at the next status conference. Finally, with respect to future discovery compliance, all parties are required to follow the procedures the court has noted previously. Additionally, the court is requiring that all notices of compliance or supplemental compliance are to be filed with the court, along with Practice Book Section 10-14(a) proof of service made by a certificate of counsel substantially using the language set forth in subsection (a). Production documents are not to be filed with the court. Failure to comply with this order as it relates to future compliance or supplemental compliance is sanctionable.

Judicial Notice (JDNO) was sent regarding this order.

421277

Judge: BARBARA N BELLIS

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.