**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| ALEXANDER E. JONES, | ) |
| | ) Case No. 22-33553 (CML) |
| Debtor. | ) |
| | ) |

**NOTICE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**BANKRUPTCY RULE 2004 EXAMINATION OF DAVID MINTON**

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 2004-1 of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), David Minton is commanded to produce documents and electronically stored information ("ESI"), and respond to the requests for production (the "Requests"), identified in the attached **Exhibit A** to the undersigned counsel for the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 case of debtor Alexander E. Jones (the "Debtor" and such case, the "Chapter 11 Case").  Productions are to be made on a rolling basis and shall be substantially complete no later than **June 14, 2023, at 5:00 p.m. CDT**.

Please take further notice that the Committee reserves its rights under title 11 of the United States Code (the "Bankruptcy Code"), the Bankruptcy Rules, the Local Rules, and any applicable law regarding the subject matter of this Notice, and to amend, supplement, and/or modify Exhibit A attached hereto in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and other applicable law.

Dated: May 16, 2023

Respectfully submitted,

By: /s/ Marty L. Brimmage, Jr.
Marty L. Brimmage, Jr.

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Marty L. Brimmage, Jr.
Texas Bar No. 00793386
Lacy M. Lawrence
Texas Bar No. 24055913
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email: mbrimmage@akingump.com
Email: llawrence@akingump.com

-and-

Ira S. Dizengoff (admitted *pro hac vice*)
David M. Zensky (admitted *pro hac vice*)
Philip C. Dublin (admitted *pro hac vice*)
Sara L. Brauner (admitted *pro hac vice*)
Katherine Porter (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: idizengoff@akingump.com
Email: dzensky@akingump.com
Email: pdublin@akingump.com
Email: sbrauner@akingump.com
Email: kporter@akingump.com

***Counsel to the Official Committee of Unsecured Creditors of Alexander E. Jones***

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule 2004-1, I hereby certify that counsel for the Committee conferred with David Minton on the scope of the Committee's Rule 2004 requests on April 3, 2023; April 11, 2023; May 2, 2023; and May 12, 2023.

*/s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 16, 2023, a true and correct copy of the foregoing and the attached exhibit were served on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

*/s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.

## EXHIBIT A

## DEFINITIONS

The following definitions apply to the Requests.  Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1.      The term "*2022 Appeal Trust*" shall refer to any entity by the name of (or similar to) the 2022 Appeal Trust.

2.      The term "*2022 FSS Litigation Settlement Trust*" shall refer to any entity by the name of (or similar to) the 2022 FSS Litigation Settlement Trust.

3.      The term "*A. Emric Productions, LLC*" shall refer to the entity named A. Emric Productions, LLC for which articles of organization were filed with the Texas Secretary of State on or about May 10, 2007.

4.      The term "*AEJ Austin Holdings LLC*" shall refer to the entity named AEJ Austin Holdings LLC for which articles of organization were filed with the Texas Secretary of State on or about September 24, 2018.

5.      The term "*AEJ Holdings, LLC*" shall refer to any entity by the name of (or similar to) AEJ Holdings, LLC.

6.      The term "*AEJ 2018 Trust*" shall refer to any entity by the name of (or similar to) the AEJ 2018 Trust.

7.      The term "*Account*" shall mean any arrangement or agreement by which one or more Persons accepts one or more Persons' Assets to hold on behalf of that Person, including but not limited to savings accounts, checking accounts, money market accounts, Certificate of Deposit accounts, brokerage accounts, currency accounts, Cryptocurrency accounts, Commodities, Commodities futures accounts, trust accounts, bailments, custodial agreements, safe deposit boxes,

arrangements or agreements by which Assets are stored, and any other accounts held with a financial institution.  For the avoidance of doubt, this includes but is not limited to any Accounts on any of the Schedules.

8.     The term "*Affiliate*" or "*Affiliates*" shall have the meaning ascribed to the term "Affiliate" under 11 U.S.C. § 101(2).

9.     The term "*Agent*" shall mean any Person or entity and their Professionals acting for or on behalf of another Person or entity.

10.    The term "*Alex Jones Live*" shall refer to the business associated with the website https://alexjones.live.

11.    The term "*Alexander E Jones Descendent and Beneficiary Trust*" shall refer to any entity by the name of (or similar to) the Alexander E. Jones Descendent and Beneficiary Trust.

12.    The terms "*all*," "*any*," and "*each*" shall each be construed as encompassing any and all of these terms.

13.    The connectives "*and*" and "*or*" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request all Documents, Communications, or responses that might otherwise be construed to be outside of its scope.

14.    The term "*Assets*" shall mean both real assets and intangible assets, including Real Property (whether owned or leased), fixtures, facilities, businesses, business lines, intellectual property, goodwill, contracts, rights to recover under any insurance policy, causes of action, inventory, cash, Cryptocurrency, cash equivalents, Commodities, Commodities futures, precious metals, jewelry, watches, furniture, wine, art, Firearms, Domain Names, oil and gas leases, mineral rights, automobiles, watercraft, boats, helicopters, and any other thing of value.

15.     The term "***Austin Shiprock Publishing LLC***" shall refer to the entity named Austin Shiprock Publishing LLC for which articles of organization were filed with the Texas Secretary of State on or about April 4, 2012.

16.     The term "███████████████████" shall refer to the Real Property located at ███████████████████████████████.

17.     The term "***Commodities***" shall mean any tangible material that can be bought and sold.  For the avoidance of doubt, this includes gold, silver, diamonds, platinum, palladium, and other precious metals.  For the further avoidance of further doubt, this includes options, futures, and funds.

18.     The term "***Communication***" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).  For the avoidance of doubt, this may encompass any oral, written, or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, email messages, text messages, Bloomberg messages, chat messages, Instant Bloomberg chat messages, social media messages (e.g., Facebook, Twitter), WhatsApp chat messages, Signal app messages, Telegram app messages, GroupMe chat messages, or other messaging platforms, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, video tapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind.

19.     The term "***concerning***" shall mean relating to (however remotely), referring to, describing, evidencing, or constituting.

20.     The term "***Cryptocurrency***" shall mean any digital currency that utilizes cryptography or similar technology to secure transactions that are digitally recorded on a distributed ledger, such as a blockchain or similar technology.

21.     The term "*Cryptocurrency Wallet*" shall mean any device, physical medium, program, app, service, or software that stores private keys for Cryptocurrency or Cryptocurrency transactions, whether encrypted or otherwise.

22.     The term "*David R. Jones, D.D.S., Inc.*" shall refer to the entity named David R. Jones, D.D.S., Inc. for which articles of organization were filed with the Texas Secretary of State on or about April 16, 1979.

23.     The term "*David R. Jones Family Limited Partnership*" shall refer to the entity named David R. Jones Family Limited Partnership for which articles of organization were filed with the Texas Secretary of State on or about November 21, 2008.

24.     The terms "*Debtor*" or "*Jones*" shall mean the Person who filed a petition for chapter 11 relief in the case of *In re Alexander E. Jones*, No. 22-33553 (CML) (Bankr. S.D. Tex.) and who goes by the name of Alexander Jones, Alex Jones, Alexander E. Jones, Alex E. Jones, Alexander Emeric Jones, Alex Emeric Jones, or any other variation of the Debtor's name, including any alter egos, Persons who have apparent authority over the Debtor, Agents of the Debtor, and Professionals of the Debtor.

25.     The term "*Debtor Related Entity*" shall include the following Persons, each as defined herein:

      a.      A. Emric Productions, LLC;

      b.      AEJ Austin Holdings LLC;

      c.      AEJ Holdings LLC;

      d.      Alex Jones Live;

      e.      Austin Shiprock Publishing LLC;

      f.      David R. Jones, D.D.S., Inc.;

g.      David R. Jones Family Limited Partnership;

h.      Emric Productions LLC;

i.      Free Speech Systems, LLC;

j.      Guadalupe County Land and Water L.L.C.;

k.      InfoW, LLC;

l.      IWHealth, LLC;

m.      JLJR Holdings LLC;

n.      Jones Production;

o.      Jones Productions, LLC;

p.      Jones Report, LLC;

q.      LPTZ Holdings LLC;

r.      Magnolia Holdings, Limited Partnership;

s.      Magnolia Management, LLC;

t.      Planet Infowars, L.L.C.;

u.      PLJR Holdings LLC;

v.      PQPR Holdings Limited LLC;

w.      Prison Planet TV, LLC;

x.      RCGJ, LLC; and

y.      Any other entity directly or indirectly owned by the Debtor or for the

Debtor's benefit, including any Debtor Related Trust.

26.      The term "***Debtor Related Trust***" shall refer to any trust for which the Debtor or

any Debtor Related Entity is a beneficiary, settlor, donor, or trustee, including but not limited to

the Missouri 779384 Trust; the RXXCTTGAA Trust; the Alexander E. Jones Descendent and

Beneficiary Trust; the 2022 Appeal Trust; the 2022 FSS Litigation Settlement Trust; the AEJ 2018 Trust; the Green Leaf Trust; the Recharge Dynasty Trust; and the Hutton Cabin Trust; and shall include any of their Affiliates, predecessors and successors in interest, and any of their former or current trustees, settlors, donors, beneficiaries, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on their behalf.

27.     The term "*Document*" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), including but not limited to all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations.  This includes documents stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, including but not limited to emails, texts, chats, spreadsheets, and PowerPoint presentations.  A draft or non-identical copy is a separate document within the meaning of this term.

28.     The term "*Domain Name*" shall mean any sequence of alphanumeric characters that forms all or part of the corresponding internet addresses.

29.     The term "*Emric Productions LLC*" shall refer to any entity by the name of (or similar to) Emric Productions LLC.

30.     The term "*Family Member*" shall mean any of Jones's current or former spouses; any children of Jones; Jones's parents; and Jones's first-degree, second-degree, third-degree, and fourth-degree relatives.

31.     The term "*Firearm*" shall mean (a) any weapon, including any gun, which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (b)

the frame or receiver of any such weapon; (c) any firearm muffler or firearm silencer; or (d) any similar destructive device or weapon.

32.     The term "***Free Speech Systems, LLC***" shall refer to any entity by the name of (or similar to) Free Speech Systems, LLC.

33.     The term "***FSS Case***" shall mean the case captioned In re Free Speech Systems, LLC, Case No. 22-60043 (CML) (Bankr. S.D. Tex.).

34.     The term "***Green Leaf Trust***" shall refer to any entity by the name of (or similar to) Green Leaf Trust.

35.     The term "***Guadalupe County Land and Water L.L.C.***" shall refer to the entity by the name of Guadalupe County Land and Water L.L.C. for which articles of organization were filed with the Texas Secretary of State on or about March 7, 2022.

36.     The term "***Hutton Cabin Trust***" shall refer to any entity by the name of (or similar to) Hutton Cabin Trust.

37.     The term "***including***" shall mean "including, but not limited to."

38.     The term "***Income***" shall mean any compensation in exchange for goods or services, including fees, commissions, fringe benefits, and other similar items.

39.     The term "***InfoW, LLC***" shall refer to the entity named InfoW, LLC, formerly known as Infowars LLC, for which articles of formation were filed with the Texas Secretary of State on or about November 15, 2007.

40.     The term "***IRS***" shall refer to the Internal Revenue Service.

41.     The term "***IWHealth, LLC***" shall refer to the entity named IWHealth, LLC, formerly known as Infowars Health, LLC, for which articles of formation were filed with the Texas Secretary of State on or about May 24, 2012.

42.     The term "**_JLJR Holdings, LLC_**," shall refer to the entity named JLJR Holdings, LLC for which articles of formation were filed with the Nevada Secretary of State on or about October 2, 2013, which was registered to do business in Texas on or about October 9, 2013.

43.     The term "**_Jones Production_**" shall refer to any entity by the name of (or similar to) Jones Production.

44.     The term "**_Jones Productions, LLC_**" shall refer to the entity by the name of Jones Productions, LLC for which articles of organization were filed with the Texas Secretary of State on or about November 14, 2007.

45.     The term "**_Jones Report, LLC_**" shall refer to the entity by the name of Jones Report, LLC for which articles of organization were filed with the Texas Secretary of State on or about November 15, 2007.

46.     The term "**_LPTZ Holdings LLC_**" shall refer to the entity named LPTZ Holdings LLC for which articles of organization were filed with the Texas Secretary of State on or about April 12, 2022.

47.     The term "**_Magnolia Holdings, Limited Partnership_**" shall refer to the entity named Magnolia Holdings, Limited Partnership for which articles of organization were filed with the Alaska Secretary of State on or about November 20, 2007.

48.     The term "**_Magnolia Management, LLC_**" shall refer to the entity named Magnolia Management, LLC for which articles of organization were filed with the Alaska Secretary of State on or about November 16, 2007.

49.     The term "**_Missouri 779384 Trust_**" shall refer to any entity by the name of (or similar to) the Missouri 779384 Trust.

50.     The term "***Mortgage Documents***" shall include any Documents concerning any application or request for a line of credit secured by a mortgage on any residential or commercial Real Property, including but not limited to:  (a) W-2 forms; (b) pay stubs; (c) income tax returns; (d) bank Account statements; (e) retirement and investment Account statements; (f) Gift letters; (g) Documents verifying creditworthiness; (h) copies of the purchase and sale agreement; (i) deeds of trust; (j) residential rental Payment histories; (k) other Tax Documents; and (*l*) any other Document submitted in connection with the above.

51.     The term "***Payment***" shall mean any voluntary or involuntary Transfer in exchange for any service, product, or other Asset, whether previously provided, provided contemporaneously with the Transfer, or to be provided in the future, and whether or not such service, product, or other Asset was or will be provided to the Person making or causing the Payment to be made.

52.     The term "***Person***" shall mean any natural person or any legal entity, unincorporated association, or group of individuals or legal entities, whether formally or informally established, and their Affiliates and Professionals, including, without limitation, any business, trust, governmental entity, or association.

53.     The term "***Planet Infowars, L.L.C.***" shall refer to the entity named Planet Infowars, L.L.C. for which articles of organization were filed with the Texas Secretary of State on or about April 4, 2012.

54.     The term "***PLJR Holdings, LLC***" shall refer to the entity named PLJR Holdings, LLC for which articles of organization were filed with the Nevada Secretary of State on or about October 2, 2012.

55.     The term "***PQPR Holdings Limited LLC***" shall refer to the entity named PQPR Holdings Limited LLC for which articles of incorporation were filed on or about October 2, 2013, which was registered to do business in Texas on or about October 9, 2013.

56.     The term "***Prison Planet TV, LLC***" shall refer to the entity named Prison Planet TV, LLC for which articles of organization were filed with the Texas Secretary of State on or about November 15, 2007.

57.     The term "***Professional***" shall mean any Person or entity engaged to provide or involved in providing professional services of any kind at any time, including without limitation, any attorneys, consultants (including independent consultants), independent contractors, advisors, and testifying or non-testifying experts.

58.     The term "***RCGJ, LLC***" shall refer to the entity named RCGJ, LLC for which articles of organization were filed with the Texas Secretary of State on or about March 17, 2016.

59.     The term "***Real Property***" shall have the meaning ascribed to the term in section 1.04(2) of the Texas Property Tax Code.

60.     The term "***Recharge Dynasty Trust***" shall refer to any entity by the name of (or similar to) Recharge Dynasty Trust.

61.     The term "***RXXCTTGAA Trust***" shall refer to any entity by the name of (or similar to) the RXXCTTGAA Trust.

62.     The term "***Schedules***" shall refer to the Schedules filed by the Debtor in this chapter 11 case [ECF No. 161], and any amendments thereto, and the Schedules filed by Free Speech Systems, LLC in the FSS Case [FSS Case ECF No. 121], and any amendments thereto.

63.     The term "***Tax Documents***" shall mean any tax return, tax form, tax schedule, declaration, report, claim for refund, assessment, or information return, statement, or other

Document relating to taxes, including any schedules or form or attachment thereto, whether prepared by the taxpayer, in the taxpayer's individual capacity or the taxpayer's capacity as an employer or employee, a tax preparer, a bank or financial institution, the IRS, or any other governmental authority.

64.     The term "*Transfer*" shall have the meaning ascribed in 11 U.S.C. § 101(54)(A)–(D), inclusive.

65.     The terms "*You,*" "*Your,*" or "*Yours*" shall refer to David Minton as an individual; in his capacity as trustee, co-trustee, beneficiary, donor, or settlor of any Debtor Related Trust; in his capacity as manager, member, owner, employee, or consultant of any Debtor Related Entity; and in his capacity in any role in connection with the Debtor, any Debtor Related Trust, or any Debtor Related Entity.  This includes You:  (a) as an individual, (b) as a Professional who has advised the Debtor or a Family Member, (c) as trustee or co-trustee of the RXXCTTGAA Trust; and (d) in any other capacity in which You have possession, custody, or control of Documents, Communications, or information called for or responsive to these Requests.

66.     The definitions described above shall apply regardless of whether such term is capitalized or not capitalized.

67.     Any references to a Person shall be deemed to include such Person's Agents, accountants, advisors, employees, attorneys and other Professionals, officers, directors, direct or indirect shareholders, members, managers, representatives, Affiliates, subsidiaries, predecessors, successors, assigns, trustees, fiduciaries, settlors, donors, beneficiaries, donors, or any other individual or entity acting or purporting to act on behalf of such Person.  In addition, the reference to any trust shall include any current or former trustees, or other fiduciaries, settlors, donors, and beneficiaries.

68.     The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

## <u>INSTRUCTIONS</u>

1.      These instructions incorporate by reference the requirements and duties of the Federal Bankruptcy Rules and the Local Rules.

2.      You shall respond to the Requests in a manner consistent with agreements made during meet and confers between the parties.

3.      Each Request is continuing in nature.  If at any time additional Documents responsive to the Requests come into Your possession, custody, or control or are brought to Your attention, prompt supplementation of Your response to these Requests is required.

4.      You are requested to produce all Documents, Communications, and information requested herein that are within Your possession, custody, or control or in the possession, custody, or control of Your current and former officers, directors, Agents, employees, representatives, Affiliates, Professionals, members, managers, trustees, or any other Person or entity acting or purporting to act on Your behalf.

5.      You are requested to produce Documents, Communications, and information requested herein on a rolling basis.

6.      If You cannot fully respond to one or more of the Requests after exercising due diligence to secure the information requested thereby, please so state, and specify:  (a) the portion of each Request that cannot be responded to fully and completely; (b) what efforts were made to obtain the requested information; (c) the facts relied upon that support Your contention that the Request(s) cannot be answered fully and completely; and (d) any knowledge, information, or belief You have concerning the unanswered portion of any such Request(s).

7.      All Documents shall be produced with metadata in TIFF format with OCR images, provided, however, that documents in Excel format shall be provided in native format.  ***All***

***Documents shall be produced with metadata, including but not limited to the date and time created/sent, author, recipients, cc-copies, bcc-blind copies, family member information, MD-5 hash, subject line and title, and whether the document contains redactions***.

8.      If the response to any Request consists, in whole or in part, of an objection on the basis of or including undue burdensomeness, then provide those documents that can be produced without undue burden.  For such documents that are too unduly burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

9.      If You intend to withhold any responsive Document, Communication, or other information on the basis of a claim of attorney-client privilege, work product protection, or any other ground of non-disclosure, You shall identify such Document, Communication, or information in writing by date of the Document's creation, title/file name/"re line"/subject, addressee/to/cc/bcc, addressor/from, Document type, and topic covered and listed with a statement of the grounds alleged for withholding such Document, Communication, or other information, including any privilege claimed.

10.     If Your response to any Request is any other objection, You must indicate if Documents are being withheld based on the objection(s), provide all Documents not covered by the objection, and state the specific basis of the objection.

11.     If any Document responsive to these Requests has been destroyed, lost, or discarded, state when the Document was destroyed, lost, or discarded; identify the Person who destroyed, lost, or discarded the Document; and, in the event the Document was destroyed or discarded, identify the Person who directed that it be destroyed or discarded.  Additionally, detail the reasons for the destruction, loss, or discarding; describe the nature of the Document; identify

the Persons who created, sent, received, or reviewed the Document; and state in as much detail as possible the contents of the Document.

12.     Subject to Instruction No. 6 above, Documents should be produced in the manner they are kept in the ordinary course of business.  In producing Documents, all Documents that are physically attached to each other, or segregated or separated from other Documents, when originally located, should be produced as is.

13.     All Documents shall be produced in such fashion as to identify the custodian or department in whose possession the Document was found and the business address of each Document's custodian(s).

14.     The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

15.     Unless otherwise specified, the Requests call for the production of Documents and Communications created, drafted, copied, or otherwise obtained from December 2, 2012, to the present.

16.     By serving these Requests, the Committee reserves all rights, does not waive any of its rights, and expressly reserves the right to amend, to modify, or otherwise to supplement these Requests.

## REQUESTS FOR PRODUCTION

1.      All Documents and Communications concerning any Assets or liabilities of the Debtor, any Debtor Related Entities, or any Debtor Related Trusts, including any appraisals or valuations.

2.      All Correspondence with David Jones concerning the Debtor, Debtor Related Entities, or Debtor Related Trusts.

3.      All Documents and Communications concerning the Transfer of any Assets of the Debtor, including but not limited to Transfers to Kelly Jones, David Jones, or other Family Members.

4.      All Documents and Communications concerning the ███████████████.

5.      All Documents and Communications concerning any premarital or postmarital agreements concerning the Debtor.

6.      The Debtor's divorce decree.

7.      All Documents and Communications concerning any purchase, sale, acquisition, disposition, Transfer or Payment concerning any Assets for or on behalf of the Debtor or any Debtor Related Entity or Debtor Related Trusts.  All Documents and Communications concerning any Accounts of the Debtor, any Debtor Related Entities, or any Debtor Related Trusts.

8.      All Documents and Communications between You and the Debtor or any other Person concerning any Asset planning or estate planning with respect to, or in consideration of any creditor's ability to reach, any Assets in which the Debtor has a legal, possessory, beneficial, equitable, pecuniary, or disputed interest.

9.      All Documents and Communications concerning any entities that You created or formed, or helped create or form, for or on behalf of the Debtor, for the benefit of the Debtor, or

at the direction of the Debtor, directly or indirectly, and Documents sufficient to identify the purpose of such entities.  The scope of this Request is not limited in time.

10.     All Documents and Communications concerning any entities or trusts formed for or on behalf of any Family Member of the Debtor.

11.     All Documents and Communications concerning the creation or formation of any Debtor Related Entities or any Debtor Related Trusts.  The scope of this Request is not limited in time.

12.     All agreements and contracts with or concerning the Debtor.

13.     All Documents and Communications concerning any Real Property of the Debtor or any Debtor Related Entity or Debtor Related Trust, including copies of any deeds to Real Property listed in the Debtor's or any Debtor Related Entity's name at any point in time and any Mortgage Documents of the Debtor or any Debtor Related Entity.  The scope of this Request is from January 1, 2013, to the present.

14.     All Documents and Communications concerning any Real Property or other Assets conveyed, Transferred, leased by the Debtor or any Debtor Related Entity or Debtor Related Trust.

15.     All Documents and Communications concerning the Real Property at ████ ████████████████ .

16.     All trust agreements, declarations of trust, and other governing instruments, with all amendments and modifications thereto, concerning the RXXCTTGAA Trust or any other Debtor Related Trusts.

17.     All contracts, agreements, restatements, articles of incorporation, formation Documents, governing Documents, letters of wishes, or similar Documents, and any amendments thereto of RXXCTTGAA Trust or any other Debtor Related Trust.

18.     All books and records of RXXCTTGAA Trust or any other Debtor Related Trust, including all board minutes and other board materials for all corporate trustees.

19.     All Account statements for any Account held in the name of RXXCTTGAA Trust or any other Debtor Related Trust, or for which any Debtor Related Trust is a signatory, individually or jointly with any other Person(s).

20.     All Documents and Communications concerning Your or the Debtor's role or affiliation with any Debtor Related Trust including as a settlor, trustee, beneficiary, or donor.

21.     Documents sufficient to identify all present and former: (a) trustees of RXXCTTGAA Trust or any other Debtor Related Trust; (b) beneficiaries of RXXCTTGAA Trust or any other Debtor Related Trust; (c) donors of RXXCTTGAA Trust or any other Debtor Related Trust; (d) settlors of RXXCTTGAA Trust or any other Debtor Related Trust; and (e) in the case of trustees of RXXCTTGAA Trust or any other Debtor Related Trust that are private trust companies, the officers, directors, managers and owners of such private trust companies; and (f) the dates of each appointment and termination of tenure for each of the foregoing.

22.     All Documents and Communications sent or received in Your role as settlor, trustee, beneficiary, or donor of RXXCTTGAA Trust or any other Debtor Related Trust.

23.     All Documents and Communications concerning any Income paid to any trustee of RXXCTTGAA Trust or any other Debtor Related Trust, including to You or to the Debtor or to any other Person.

24.     Documents sufficient to identify all Assets of RXXCTTGAA Trust or any other Debtor Related Trusts, and all Documents and Communications concerning any Asset identified.

25.     All Documents and Communications concerning any Transfers from, payments made by, or any distributions or interest from, or loans entered into by RXXCTTGAA Trust or any other Debtor Related Trust.

26.     All probate court or other court filings and Documents by or concerning RXXCTTGAA Trust or any other Debtor Related Trust, including any sealed Documents.

27.     All Documents sufficient to show current or prior Assets, liabilities, receivables, and payables of RXXCTTGAA Trust or any other Debtor Related Trust, including any and all accountings, judicial or non-judicial, formal or informal, by the trustees or any investment advisor (whether or not a fiduciary) of such Debtor Related Trust.

28.     All Asset valuations, net worth reports, cash reports, investment reports, or valuation reports concerning RXXCTTGAA Trust or any other Debtor Related Trust, including but not limited to any that have been furnished to any loan or mortgage lender.

29.     All Documents sufficient to identify any requests for distributions from RXXCTTGAA Trust or any other Debtor Related Trust, whether or not satisfied, including an explanation of the basis or reasons for the decision to make or refuse such distributions.