IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 11 |
| ALEXANDER E. JONES | § | |
| | § | CASE NO. 22-33553 (CML) |
| DEBTOR. | § | |

**BANK OF AMERICA, N.A.'S MOTION TO PARTIALLY QUASH THE NOTICE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' BANKRUPTCY RULE 2004 EXAMINATION OF BANK OF AMERICA, N.A.**

*This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.*

*Represented parties should act through their attorney.*

To the Honorable Judge Lopez:

Pursuant to 11 U.S.C. § 107(b)(1), Federal Rule of Bankruptcy Procedure 9018 and Bankruptcy Local Rule 2004-1, Bank of America, N.A. asks the Court to enter an order quashing subpart (h) of request for production no. 3 of the Official Committee of Unsecured Creditors' Bankruptcy Rule 2004 Examination of Bank of America, N.A. because it seeks Bank of America's proprietary, confidential, commercial information and trade secrets.

1

## BACKGROUND

1. The Official Committee of Unsecured Creditors served Bank of America, N.A. with a notice of examination under Federal Rule of Bankruptcy Procedure 2004 and Bankruptcy Local Rule 2004-1.

2. The proposed examination seeks information related to various accounts affiliated with the Debtor.

3. Topic 3 requests "all Documents concerning . . . any Know Your Customer documentation" associated with those accounts.[1]

4. Generally, Know Your Customer documentation encompasses the policies and procedures that Bank of America implements to comply with federal law, including the Bank Secrecy Act.[2] Those regulations dictate, among other things, what a financial institution must do to verify customer identities and the monitoring financial institutions must perform to identify and report suspicious transactions. *See, e.g.*, 31 C.F.R. § 1020.210(a)(2)(v) (requiring "[a]ppropriate risk-based procedures for conducting ongoing customer due diligence" to satisfy federal anti-money laundering program requirements). Among other things, those requirements are intended to help identify potential money laundering and other possible financial crimes. *See, e.g.*, *id.*

## ARGUMENT & AUTHORITIES

5. Federal Rule of Bankruptcy Procedure 9018 empowers the Court to "make any order which justice requires to protect . . . any entity in respect of a trade secret or other confidential research, development, or commercial information[.]" Fed. R. Bankr. P. 9018. Likewise, under 11 U.S.C. § 107(b)(1), the Court, "[o]n request of a party in interest, . . . shall protect an entity with respect to a trade secret or confidential research, development, or commercial

---

[1] *See* **Exhibit 1**, Rule 2004 Notice.
[2] *See* **Exhibit 2**, Dashnaw Declaration.

2

information." 11 U.S.C. § 107(b)(1).  The Court should exercise that power here to quash subpart (h)'s request for Know Your Customer documentation.

5. "A trade secret is information which derives independent economic value from being not generally known or ascertainable through proper means." *CAE Integrated, L.L.C. v. Moov Techs., Inc.*, 44 F.4th 257, 262 (5th Cir. 2022) (defining trade secret in context of misappropriation). Something as simple as a customer list can qualify as a trade secret. *See, e.g.*, *Zoecon Indus. v. Am. Stockman Tag Co.*, 713 F.2d 1174, 1179 (5th Cir. 1983) (holding same). Put simply, protection extends to the confidential "process[es]" and "device[s]" put to "continuous use in the operation of the business." *CQ, Inc. v. TXU Min. Co.*, 565 F.3d 268, 274 (5th Cir. 2009)

6. As Angela Dashnaw explains, Bank of America's Know Your Customer information has value because the bank keeps the documentation strictly secret and does not disclose it outside of the organization:

> Bank of America's Know Your Customer documentation reflects Bank of America's proprietary and private internal policies, procedures, and processes for complying with laws generally applicable to similar institutions, including laws and regulations included in and issued under the authority of the Bank Secrecy Act. Those policies, procedures, and processes are not known outside of Bank of America, and Bank of America maintains strict controls to protect them from unauthorized disclosure outside of the organization. Nor is that information generally known by all Bank of America employees or personnel. Only Bank of America personnel involved in complying with Bank of America's Know Your Customer obligations have access to that information.
>
> Bank of America takes affirmative measures to safeguard its Know Your Customer documentation, including implementing firewalls, data security and information-sharing protocols, and internal policies and procedures designed to prevent inadvertent or external disclosure.
>
> Bank of America's Know Your Customer documentation would be valuable to Bank of America's competitors and criminal elements. Particularly, disclosure of this proprietary information would

> irreparably harm Bank of America because it would provide competitors with an advantage in predicting Bank of America's internal operations strategies and business decision-making, while disclosing to criminal elements the very security measures intended to stop them.
>
> Bank of America has gone to considerable effort and expense over numerous years to develop, create, and maintain its Know Your Customer documentation.
>
> It would be difficult if not impossible for others to acquire or duplicate Bank of America's Know Your Customer documentation.[3]

Any Know Your Customer documentation thus qualifies as a protected trade secret.

7. Likewise, "disclosure might be harmful" to Bank of America. *See generally Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 131 F.R.D. 668, 671 (S.D. Tex. 1990) (explaining that, "[i]n order to establish confidentiality, a person must establish that the information sought is a trade secret and then demonstrate that its disclosure might be harmful"). As Ms. Dashnaw indicates, uncontrolled production of its Know Your Customer documentation would harm Bank of America by revealing the proprietary, confidential steps the bank takes to comply with its obligations under applicable laws. It could reveal to Bank of America's similarly situated competitors the unique steps Bank of America takes to meet common regulatory requirements, while also disclosing to criminal elements the processes used by Bank of America to identify potential criminal violations. Harm from disclosure is thus almost certain.

8. The Committee cannot meet its burden "to establish that the disclosure" of Bank of America's trade secrets "is relevant and necessary to the action." *See generally id.* at 671 (describing burden of party seeking production of trade secrets). A Rule 2004 examination is limited "only" to specific topics, like evaluating the debtor's "financial condition" and "right to a

---

[3] Ex. 2, Dashnaw Declaration.

discharge[.]" Fed. R. Bankr. P. 2004(b). With the exception of Know Your Customer documentation, Bank of America has produced the requested records for the identified accounts. With that information, the Committee is armed with the information it may need from Bank of America to evaluate the Debtor's financial condition, right to a discharge, and any other germane purpose for which it can conduct a Rule 2004 examination. The Committee simply has no need for Bank of America's trade secrets.

9. As such, the circumstances justify an order under section 107(b)(1) and Rule 9018 quashing subpart (h) of request for production no. 3.

## CONCLUSION

11 U.S.C. § 107(b)(1) and Federal Rule of Bankruptcy Procedure 9018 authorize the Court to enter an order protecting Bank of America's trade secrets and other confidential and proprietary information. Subpart (h) of request for production no. 3 seeks trade secret information integral to Bank of America's compliance with the requirements imposed by its regulators. Under section 107(b)(1) and Rule 9018, the Court should thus enter an order quashing subpart (h).

***

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s/ Scott R. Cheatham*
Evan A. Moeller
State Bar No. 24051067
evan.moeller@arlaw.com
Scott R. Cheatham
State Bar No. 24050406
1221 McKinney Street, Suite 4400
Houston, Texas 77010
(713) 652-5151 Office
(713) 652-5152 Facsimile

***Attorneys for Bank of America, N.A.***

## CERTIFICATE OF SERVICE

This is to certify that on this the 26th day of May, 2023, a true and correct copy of the above and foregoing was served on all counsel of record in accordance with the Federal Rules of Bankruptcy Procedure.

*/s/ Scott R. Cheatham*
Scott R. Cheatham