**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 11** |
| **ALEXANDER E. JONES,** | § | |
| | § | **Case No. 22-33553 (CML)** |
| **Debtor.** | § | |

**PQPR HOLDINGS LIMITED, LLC'S OBJECTIONS AND RESPONSE TO THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' BANKRUPTCY**
<u>**RULE 2004 EXAMINATION OF PQPR HOLDINGS LIMITED, LLC**</u>

TO:     The Official Committee of Unsecured Creditors, by and through its attorneys of record, Marty L. Brimmage, Jr., Akin Gump Strauss Hauer & Feld, LLP, 2300 N. Field Street, Suite 1800, Dallas, Texas 75201.

PQPR Holdings Limited, LLC ("<u>PQPR</u>") serves the following Objections and Responses to the Notice of the Official Committee of Unsecured Creditors' Bankruptcy Rule 2004 Examination of PQPR Holdings Limited LLC (the "<u>2004 Notice</u>") [Doc.#279].   The 2004 Notice was comprised of one request for documents (the "<u>Request</u>"):   "*All Documents and Communications that You have produced to the FSS Subchapter V Trustee*."   Consistent with the agreement reached between Committee's counsel and the undersigned, PQPR responds as follows:

PQPR produced a large volume of documents to the FSS Subchapter V Trustee (the "<u>Sub-V Trustee</u>").   The documents included certain financial records, including bank statements, QuickBooks reports, tax returns, and corporate formation documents.   Those documents have been provided to the Committee in response to the Request (PQPR-UCC_000001-002681).   The remainder of the documents provided to the Sub-V Trustee came from two email accounts belonging to David Jones.   Those accounts contained more than 430,000 emails.   In an effort to facilitate the Sub-V Trustee's investigation in

the FSS Bankruptcy Case and to provide information to the Sub-V Trustee as quickly as possible, the Sub-V Trustee made a proposal that allowed counsel for PQPR to produce unreviewed emails and attachments to the Sub-V Trustee without waiving any future claim that a document was irrelevant, inadmissible, confidential, or privileged.  PQPR accepted the Sub-V Trustee's proposal.  The Sub-V Trustee agreed to keep all documents confidential and to not share them with any other person, entity, or interested party and to not publish the documents in any filing or in Court without first notifying counsel for PQPR and resolving any objections to their use.

After conferring with counsel for the Committee, as an accommodation, PQPR has agreed to produce, in response to the Request, non-privileged documents that were previously provided to the Sub-V Trustee.  All documents produced by PQPR are confidential and shall be considered designated "Professionals' Eyes Only," even if such designation is not indicated on the face of the document.  The Committee has agreed to keep all documents confidential and to not share any documents with anyone other than the attorneys for the Committee, the Committee's financial professionals, and certain designated attorneys who have also agreed to not share the documents with anyone else. The Committee has further agreed to notify counsel for PQPR in advance if it wishes to use any document in a filing or in open Court, and counsel for PQPR will at that time either agree to remove the "Professionals' Eyes Only" or "Confidential" designation or confirm that the document should remain designated as "Confidential" or "Professionals' Eyes Only" and filed under seal in accordance with the Stipulated Confidentiality Agreement and Protective Order in this case [Doc.#159].  If counsel for PQPR fails to

respond to the Committee's inquiry prior to the time such document is filed, the Committee shall treat the document as "Professionals' Eyes Only."

By producing documents to the Committee, PQPR does not waive and expressly reserves all objections to relevance, admissibility, confidentiality, and privilege, and reserves the right to "clawback" any potentially privileged documents that are inadvertently produced, including documents that may be privileged as to parties other than PQPR.  Subject to and without waiving these objections, and upon the conditions and agreements set forth herein, PQPR will produce documents to the Committee on a rolling basis once they have been reviewed for privilege.

Dated:  May 31, 2023                        Respectfully submitted,

By: _/s/ Stephen W. Lemmon_
Stephen W. Lemmon
Texas Bar. No. 12194500
STREUSAND, LANDON, OZBURN &
LEMMON, LLP
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
Telephone: (512) 236-9900
Facsimile: (512) 236-9904
lemmon@slollp.com

ATTORNEYS FOR
PQPR HOLDINGS LIMITED, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2023, a true and correct copy of the foregoing instrument has been served on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

*/s/ Stephen W. Lemmon*
Stephen W. Lemmon