## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 22-33553 |
| ALEXANDER E. JONES | § | |
| | § | CHAPTER 11 |
| Debtor | § | |

## EMERGENCY MOTION FOR PROTECTION
## BY ELEVATED SOLUTIONS GROUP, LLC

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**COMES NOW,** Elevated Solutions Group, LLC ("ESG") and files this *Response in Opposition* and would show this Court the following:

1. ESG is a creditor of this estate and further provides marketing and product services to Free Speech Systems, LLC, a related debtor in case no. 22-60043.

2. The Debtor has filed a Motion To Reject two (2) separate contracts with ESG, alleging that they are executory and burdensome on the estate. See Docket #244 (filed 4/19/23)

3.  On or about April 25, 2023, the Unsecured Creditors Committee ("UCC") issued a subpoena to ESG in connection with the then pending *Motion To Reject* filed by the Debtor. See Exhibit #1

4.  On May 16, 2023 counsel for ESG and counsel for the UCC conferred regarding the subpoena and broad scope of documents requested from ESG.  No agreement could be reached, as the UCC instructed counsel for ESG that they would just issue a 2004 Notice to get what they wanted and ESG would just need to comply. Counsel for ESG agreed to accept service.

5.  On May 18, 2023 the UCC filed a Notice of 2004.  See Docket #290

6.  The filed Notice of 2004 has attached a subpoena for documents as broad as the original subpoena, objectionable in its breadth and scope.

7.  The UCC and its counsel are merely utilizing the their apparent authority and size to demand documents that they have no business obtaining.  ESG requests protection from this Court.

8.  ESG is entitled to protection from this Court for several reasons:

    a.  First, the UCC's attempt use of Rule 2004 is improper. There is a pending contested matter (Motion To Reject Executory Contracts), with limited relevant discovery available under the adversary rules.

    b.  Rule 2004 examinations are not proper once an adversary proceeding has been filed or a contested matter initiated.  *First Financial Savings Association v. Kipp*, (*In re Kipp),* 86 B.R. 490, 491 (Bankr.W.D. Tex. 1988), See also *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr.N.D.N.Y. 1996).

    c.  Second, while labeled a 2004 Notice, the UCC has not even attempted to stay within the bounds of Rule 2004 – they have not scheduled any examination.  There are reference Rule 2004, but are in fact merely trying to obtain documents that they are not otherwise entitled to get.  Rule 2004 governs the examination of parties and others.  It has no provision for merely subpoenaing documents.

    d.  Third, the scope of the request is overbroad and unduly burdensome on its face. This, even after the conference with counsel where this was pointed out.  The UCC believes they are the arbiter of necessary or not.

e.  The only pending contested issue involving ESG relates to two (2) allegedly executory contracts between ESG and the Debtor, yet the UCC has demanded the following produced to them for inspection:

   i.  **All Documents and Communications concerning the creation of Elevated Solutions Group, LLC.**

   ii.  **All Documents and Communications with or concerning the Debtor.**

   iii.  **All Documents and Communications with or concerning Free Speech Systems, LLC.**

   iv.  **All Documents and Communications concerning any Accounts belonging to You, or for which You have or have ever had a legal, equitable, possessory, contingent, beneficiary, or pecuniary interest, including but not limited to:**

      1.  **all monthly Account statements, with itemized transaction-level information;**

      2.  **all yearly Account statements,**

      3.  **any Deposit Tickets;**

      4.  **any Withdrawal Slips, including any Documents and Communications concerning**

      5.  **the substance of any withdrawals from any Account;**

      6.  **all negotiated checks or cancelled checks including, but not limited to, checks written against or deposited into the Account and any bank checks (including certified checks, cashier's checks, official checks, or teller's checks) funded in whole or in part by the Account, including images of the front and back;**

      7.  **any Money Orders;**

      8.  **any Wire Transfers in, out, or by any Account, including information concerning**

      9.  **the origins, destinations, Account numbers, financial institutions, and any other Wire Transfer information or ACH Documentation;**

      10. **any Negotiable Instruments; and**

   **11. any Cryptocurrency Wallets.**

  v. **All Documents and Communications concerning actual or potential business counterparties, contracts, or agreements.**

  vi. **All Documents and Communications with or concerning the following Persons:**

   **1. American Tax Solutions;**

   **2. The BIO Pros;**

   **3. Cobra Tate;**

   **4. Conspiracy Bourbon;**

   **5. Dark Age Defense;**

   **6. EvaTac Plus;**

   **7. Exodus Effect**

   **8. Identity Patriot;**

   **9. Infowars NFT;**

   **10. InfoWars Platinum Supplement Line;**

   **11. Instahard;**

   **12. My Pillow;**

   **13. Patriot Collectibles;**

   **14. Privacy Shop;**

   **15. Republican Army;**

   **16. US Concealed Carry Online; and**

   **17. VOLTA Wireless.**

9. On its face, this request is outrageous in its scope, even without considering that there is no time range for any of these requests.

10. The UCC's heavy-handed approach to discovery and treatment of their constituency is unnecessary and insupportable.  ESG requests the Court to issue a protective order precluding the UCC from continuing to demand the above production.

Dated: <u>June 2, 2023</u>

Respectfully submitted,

By:  /s/ Johnie Patterson
       Johnie Patterson
       Attorney-in-charge
       SBN 15601700
       Walker & Patterson, P.C.
       P.O. Box 61301
       Houston, TX 77208
       (713) 956-5577 (telephone)
       jjp@walkerandpatterson.com
       COUNSEL FOR ESG

## **CERTIFICATE OF SERVICE**

I, Johnie Patterson hereby certify that a true and correct copy of the foregoing Motion was served electronically pursuant to the Courts CM/ECF notice service on June 2, 2023 to all parties receiving notice in this case.

By:  /s/ Johnie Patterson
       Johnie Patterson