**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **ALEXANDER E. JONES** | § | |
| | § | |
| Debtor. | § | Case No. 22-33553 |
| | § | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING
<u>REJECTION OF CERTAIN EXECUTORY CONTRACTS</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Alexander E. Jones ("<u>Jones</u>" or "<u>Debtor</u>"), pursuant to Sections 105(a) and 365(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), as debtor and debtor-in-possession in the above-captioned Chapter 11 Case, files this *Motion for Entry of an Order Authorizing Rejection of Certain Executory Contracts* (the "<u>Motion</u>") seeking entry of an order, substantially in the form attached as **Exhibit "A,"** authorizing Debtor to reject the executory contracts listed on Exhibit 1

to the Proposed Order effective as of the date of this Motion, and in support thereof, respectfully

states as follows:

## I.      JURISDICTION, VENUE, AND STATUTORY PREDICATES

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and

1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are Sections 105(a)

and 365(a) of the Bankruptcy Code and Bankruptcy Rules 6006(f) and 9014.

## II.      BACKGROUND

4.      On December 2, 2022, Debtor filed his voluntary petition for relief under chapter

11 of title 11 of the United States Code (the "Bankruptcy Code").

5.      Jones continues in possession of his holdings and is managing as a debtor-in-

possession pursuant to Bankruptcy Code §§ 1107 and 1108.

6.      An official committee of unsecured creditors was appointed in this Chapter 11 Case

on December 13, 2022 [Dkt. No. 42].  No trustee or examiner has been requested or appointed in

this Chapter 11 Case.

7.      Debtor is an employee of Free Speech Systems, LLC ("FSS") (FSS collectively

with Jones, "Debtors"). FSS filed its voluntary petition for relief under chapter 11 of the

Bankruptcy Code on July 29, 2022.

8.      Jones hosts a syndicated radio and video talk show in Austin, Texas. FSS is a single

member LLC, 100% owned by Jones, that produces and syndicates much of the show.

9.      Debtor is a party to multiple prepetition executory contracts. In connection with his

reorganization efforts and in the exercise of Debtor's business judgment, and after consulting with

his financial and legal advisors, Debtor has identified certain Contracts that either have no value

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS - Page 2**

to Debtor's estate and are not necessary for the administration of the estate or are a detriment to Debtor's and FSS' estates and thus in Debtor's business judgment should be rejected in this Chapter 11 Case. A list of such Contracts is attached to the Proposed Order as Exhibit 1 (the "Contracts").

### III.    RELIEF REQUESTED

10.    By this Application, Debtor seeks entry of an order, substantially in the form attached as **Exhibit "A,"** and effective as of the date of this Motion authorizing him to reject the Contracts.

**A.    Professional Services Agreement-Infowars Platinum Dietary Supplement Product Line.**

11.    The Professional Services Agreement ("ESG Contract") was entered into as of November 5, 2022, by and between Elevated Solutions Group, LLC ("ESG") and Jones, whereby ESG was to assist Jones with the marketing and sales of various platinum dietary supplement products and ESG would receive 20% of the sale proceeds from the sale of such products. Jones paid upfront expenses and purchased supplies. FSS and ESG at one time entered into a parallel contract which worked in tandem with the ESG Contract, but this contract has since been terminated according to its terms.

12.    Jones has determined that the ESG Contract is not beneficial to the estate, and in his business judgment, has determined to move forward with FSS as his primary marketing and sales vehicle. Therefore, Jones seeks to reject the ESG Contract.

**B.    Celebrity Endorsement and Likeness Use Agreement – Conspiracy Bourbon LLC.**

13.    The Celebrity Endorsement and Likeness Use Agreement ("ESG Whiskey Contract") was entered into as of October 14, 2022, by and between ESG and Jones, whereby Jones agreed to endorse and market certain whiskey brands, products and merchandise over a one

year period for a joint venture whiskey agreement secured by ESG and Jones would receive 20% of the net sale proceeds as a fee for services rendered under the ESG Whiskey Contract.

14. The proposed venture has never been realized and Jones has determined that the ESG Whiskey Contract is not beneficial to the estate. Furthermore, such contract is detrimental to the estate in that it purports to limit Jones' ability to market any other spirits during the term of the agreement. Therefore, in his business judgment, Jones has determined it is in the best interest of the estate to reject the ESG Whiskey Contract.

**C.  Verbal Contract with Mountain Way Marketing, LLC for Marketing and Personal Appearances.**

15. The Verbal Contract for Marketing and Personal Appearances (the "MWM Contract") was based upon an agreement between Mountain Way Marketing, LLC ("MWM") and Jones. MWM was formed, upon information and belief, by John Haarmann in August of 2022 for the purpose of handling advertisers who were not using FSS or had not used FSS for over a year. Jones and MWM agreed that MWM would receive 10% of any resulting net revenue for providing these advertising contacts and Jones would receive 90% of the net revenue.

16. While it was Jones' intent to share his 90% with FSS upon some ratable basis, an agreement was not reached with the CRO on process or amount and in late February, Jones' estate professionals realized a substantial amount of funds were collected in MWM's account that needed to be reported to the Court. Such funds were transferred to Jones' DIP account as has been previously reported to the Court, and eventually transferred in their entirety to FSS.

17. The MWM Contract could have been an additional source of income for the estates of both Jones and FSS, as MWM was bringing new advertisers and therefore new advertising revenue to the table. However, the MWM Contract caused so many parties such great consternation that Jones has determined that it would be in the best interest of the estate to move

forward with rejecting the MWM Contract rather than spending additional professional fees and expenses explaining its continued value and trying to finalize the negotiation with FSS absent and outside of an employment agreement with Jones.

## IV. BASIS FOR RELIEF

### A. Rejection of the Contracts is Appropriate and a Sound Exercise of Debtor's Business Judgment.

18. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum*, Inc., 15 F.3d 60, 62 (5th Cir. 1994).

19. A debtor's rejection of an executory contract or unexpired lease is ordinarily governed by the "business judgment" standard. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that 'the question whether a lease should be rejected . . . is one of business judgment.'") (quoting *Grp. of Institutional Invs. v. Chi., M., St. P. & P. R. Co.*, 318 U.S. 523, 550 (1943)); *see also In re Tex. Sheet Metals, Inc.*, 90 B.R. 260, 264 (Bankr. S.D. Tex. 1988) ("The traditional business judgment standard governs the rejection of ordinary executory contracts.").

20. The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of "bad faith, or whim or caprice." *See In re Pisces Energy, LLC*, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) ("In the absence of a showing of bad faith . . . the debtor's business judgment will not be altered."); *see also In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001).

21. Rejection of an executory contract or unexpired lease is appropriate where such rejection would benefit the estate. *See Pisces Energy* at *6 ("Courts apply the 'business judgment test,' which requires a showing that the proposed course of action will be advantageous to the estate and the decision be based on sound business judgment."); *see also Orion Pictures*, 4 F.3d at 1098–99 (stating that section 365 of the Bankruptcy Code permits a debtor in possession, subject to court approval, to decide which executory contracts would be beneficial to reject).

22. Absent extraordinary circumstances, once a court has found that a debtor exercised its sound business judgment in determining that rejection of certain contracts is in the best interests of its creditors and all parties in interest, a court should approve the rejection "as a matter of course." *See In re Autoseis, Inc.*, 2014 WL 2558241, at *3 (Bankr. S.D.Tex. May 14, 2014) (quoting *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981).

23. Here, rejection of the Contracts is within Debtor's business judgment and is in the best interest of the estate. Debtor seeks to reject the Contracts because they are either of no value to the estate, are detrimental to the estate, or seeking to move forward with them would be more trouble than they are worth. For the foregoing reasons, Jones has utilized his business judgment and determined that it is in the best interest of the estate to reject the Contracts.

**B.** **The Court Should Deem the Contracts Rejected as of the Date Hereof.**

24. Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively. *See, e.g., In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection); *In re Romacorp, Inc.*, 2006 WL 6544088, at *4 (Bankr. N.D. Tex. Feb. 2, 2006) ("This court is not alone in allowing retroactive rejection of unexpired leases; in fact, a number of other courts around the country have recognized this

equitable practice.") (collecting cases); *Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1065–71 (9th Cir. 2004) (affirming bankruptcy court's approval of retroactive rejection), *cert. denied*, 546 U.S. 814 (2005).

25.     Here, the balance of equities favors rejection of the Contracts effective as of the date of this Motion. The counterparties to the Contracts, ESG and MWM will not be unduly prejudiced if the rejection is deemed effective as of the date hereof. Further, ESG and MWM are receiving notice of Debtor's intention to reject the Contracts by service of this motion, and such parties have been informed verbally of the intention to reject at a minimum over a month ago. Debtor does not seek to reject the Contracts effective as of the date hereof due to any undue delay on his own part. Accordingly, Debtor respectfully requests that the Court deem the Contracts rejected effective as of the date hereof.

## V.     RESERVATION OF RIGHTS

26.     Nothing contained herein is intended to be or should be construed as (a) an admission of the validity, extent, perfection, priority, or allowability of any claim against Debtor under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of Debtor's or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume, adopt, or reject any agreement, contract, or lease, other than those listed on Exhibit 1 attached to the Proposed Order, pursuant to Section 365 of the Bankruptcy Code; (e) a waiver or limitation of Debtor's, or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (f) an acknowledgement that any of the Contracts: (i) are executory contracts or unexpired leases under section 365 of the Bankruptcy Code; or (ii) have not expired or terminated by their own terms or upon agreement of the parties as of the date hereof.

27.     If the Court grants the relief sought herein, any payment made pursuant to the

Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of Debtor's or any other party in interest's rights to subsequently dispute such claim.

## VI.     <u>NOTICE</u>

28.     Debtor will provide notice of this Motion to: (a) the Office of the United States Trustee; (b) counsel for the Official Committee of Unsecured Creditors; (c) parties to each of the Contracts; (d) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002; and (e) such other persons as directed by the Court. In light of the nature of the relief requested herein, Debtor submits that no other or further notice is necessary.

## VII.     <u>CONCLUSION</u>

WHEREFORE, Debtor respectfully requests that this Court enter an order, substantially in the form of the Proposed Order attached hereto, (i) granting this Motion; (ii) authorizing Debtor to reject the Contracts listed on Exhibit 1 to the Proposed Order as of the date of this Motion; and (iii) granting such other relief as the Court deems appropriate under the presented facts and circumstances.

Dated: April 19, 2023.

**CROWE & DUNLEVY, P.C.**

By: *_/s/ Vickie L. Driver_*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone: 737.218.6187
Email: dallaseservice@crowedunlevy.com

-and-

Shelby A. Jordan
State Bar No. 11016700
S.D. No. 2195
Antonio Ortiz
State Bar No. 24074839
S.D. No. 1127322
**JORDAN & ORTIZ, P.C.**
500 North Shoreline Blvd., Suite 900
Corpus Christi, TX 78401
Telephone: (361) 884-5678
Facsimile: (361) 888-5555
Email: sjordan@jhwclaw.com
            aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com

**ATTORNEYS FOR ALEXANDER E. JONES**

## CERTIFICATE OF CONFERENCE

I hereby certify that a draft of the foregoing pleading was provided to counsel for the Official Committee of Unsecured Creditors (the "Committee"), on Tuesday, April 18th, 2023, and the Committee has indicated that they believe that the filing is premature at this time.

*/s/Vickie L. Driver*
Vickie L. Driver

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served upon the parties registered to receive notice via the Court's ECF noticing system, and all parties in interest listed on the attached service list via e-mail, U.S. Mail, and/or electronic transmission via the Court's ECF noticing system on this 19th_day of April, 2023.

*/s/ Vickie L. Driver*
Vickie L. Driver

**<u>Exhibit A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **ALEXANDER E. JONES** | § | Case No. 22-33553 |
| | § | |
| Debtor. | § | |
| | § | |

## ORDER APPROVING MOTION OF DEBTOR FOR ENTRY OF AN ORDER
## <u>AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS</u>

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned Debtor for entry of an order (this "Order") authorizing the Debtor to (a) reject the Contracts set forth on Exhibit 1 attached to the Order, effective as of April ___, 2023; and upon the Court's finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the Motion is in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, and Orders and procedures of this Court; (v) the relief requested in the Motion is in the best interests of Debtor's estate, the creditors, and other parties in interest; (vi) Debtor's notice of the Motion and opportunity for a hearing on the Motion were adequate and appropriate under the circumstances and no other notice need be provided; (vii) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; (ix) any timely objection to the Application having been withdrawn or overruled for the reasons stated on the record at the hearing on the Application; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.     Each of the Contracts set forth on Exhibit 1 attached to this Order is rejected pursuant to section 365 of the Bankruptcy Code effective as of April ___, 2023.

---

[1]     Capitalized terms not defined herein have the meaning set forth in the Motion.

2.      Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

3.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: _____, 2023


_____
**UNITED STATES BANKRUPTCY JUDGE**

## __Exhibit 1__

## Contracts

| Description of Original Contract | Debtor Party | Non-Debtor Party | Non-Debtor Party Address | Effective Date of Rejection |
|---|---|---|---|---|
| Celebrity Endorsement and Likeness Use Agreement – Conspiracy Bourbon LLC | Alexander E. Jones | Elevated Solutions Group, LLC | 706 W Ben White Blvd. Bldg. B, Suite 188 Austin, TX 78704 | April ___, 2023 |
| Professional Services Agreement – Infowars® Platinum™ Dietary Supplement Product Line | Alexander E. Jones | Elevated Solutions Group, LLC | 706 W Ben White Blvd. Bldg. B, Suite 188 Austin, TX 78704 | April ___, 2023 |
| Verbal Contract with Mountain Way Marketing, LLC for Marketing and Personal Appearances | Alexander E. Jones | Mountain Way Marketing, LLC | Free Speech Systems, LLC c/o Ray Battaglia 66 Granbury Circle San Antonio, TX 78218-3010 | April ___, 2023 |