Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036

T   +1 212.872.1000
F   +1 212.872.1002
akingump.com



**Katherine Porter**
+1 212.872.7467 / fax: +1 212.872.1002
kporter@akingump.com

April 25, 2023

VIA OVERNIGHT MAIL

Elevated Solutions Group, LLC
c/o Corporation Service Company DBA CSC - Lawyers Inco
211 East 7th Street, Suite 620
Austin, TX 78701

      Re:    *In re Alexander E. Jones*, Case No. 22-33553 (CML) (Bankr. S.D. Tex.)

Dear Sir or Madam:

      This firm represents the Official Committee of Unsecured Creditors of Alexander E. Jones appointed in the above-referenced chapter 11 case pending in the United States Bankruptcy Court for the Southern District of Texas – Houston Division.

      Please find enclosed a subpoena issued to Elevated Solutions Group, LLC in connection with that bankruptcy case.

      Please email me at kporter@akingump.com or call me at (212) 872-7467 to discuss this subpoena at your earliest convenience.

      Sincerely,

      */s/ Katherine Porter*
      Katherine Porter

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern District of Texas

In re Alexander E. Jones
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____

Plaintiff

v.

_____

Defendant

Case No. 22-33553

Chapter 11

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Elevated Solutions Group, LLC
_____
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field St., Suite 1800, Dallas, TX 75201 | May 25, 2023, 5 PM CDT |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/25/2023

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Marty L. Brimmage, Jr.*
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* The Official Committee of Unsecured Creditors of Alexander E. Jones , who issues or requests this subpoena, are:

Marty L. Brimmage, Jr., Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field St., Suite 1800, Dallas, TX 75201, mbrimmage@akingump.com, (214) 969-2800

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| ALEXANDER E. JONES, | ) |
| | ) Case No. 22-33553 (CML) |
| Debtor. | ) |
| | ) |
| | ) |

**REQUEST FOR PRODUCTION BY THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS OF ALEXANDER E. JONES TO ELEVATED SOLUTIONS GROUP, LLC**

Please take notice that, pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, as made applicable hereto by Rules 7026, 7034, 7045, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case captioned *In re Alexander E. Jones*, Case No. 22-33553 (CML) (Bankr. S.D. Tex.), by and through its undersigned counsel, submits this request for the production of Documents and Communications (the "Requests") to Elevated Solutions Group, LLC. The Committee requests that Elevated Solutions Group, LLC begin producing Documents, Communications, and other information immediately, and on a rolling basis until complete, by delivering all such responsive materials to the undersigned counsel. The production of all responsive materials shall be completed no later than **May 25, 2023 at 5:00 p.m. CDT**.

## DEFINITIONS

The following definitions apply to the Requests.  Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1.      The term "***Account***" shall mean any arrangement or agreement by which one or more Persons accepts one or more Persons' assets to hold on behalf of that Person, including but not limited to savings accounts, checking accounts, money market accounts, Certificate of Deposit accounts, brokerage accounts, currency accounts, cryptocurrency accounts, Commodities, Commodities futures accounts, trust accounts, bailments, custodial agreements, safe deposit boxes, arrangements or agreements by which assets are stored, and any other accounts held with a financial institution.

2.      The term "***ACH Documentation***" shall mean any authorization of or consent to Payment that permits a Person to transfer financial assets from another Person's Account.

3.      The term "***Affiliate***" or "***Affiliates***" shall have the meaning ascribed to the term "Affiliate" under 11 U.S.C. § 101(2).

4.      The term "***Agent***" shall mean any Person or entity and their Professionals acting for or on behalf of another Person or entity.

5.      The terms "***all***," "***any***," and "***each***" shall each be construed as encompassing any and all of these terms.

6.      The connectives "***and***" and "***or***" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request all Documents, Communications, or responses that might otherwise be construed to be outside of its scope.

7.      The term "***Certificate of Deposit***" shall mean any savings product that earns interest on a fixed sum for a fixed period of time.

8.      The term "***Commodities***" shall mean any tangible material that can be bought and sold.  For the avoidance of doubt, this includes gold, silver, diamonds, platinum, palladium, and other precious metals.  For the further avoidance of further doubt, this includes options, futures, and funds.

9.      The term "***Communication***" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).  For the avoidance of doubt, this may encompass any oral, written, or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, email messages, text messages, voicemails, voice memos, Bloomberg messages, chat messages, Instant Bloomberg chat messages, social media messages (e.g., Facebook, Twitter), WhatsApp chat messages, Signal app messages, Telegram app messages, GroupMe chat messages, or other messaging platforms, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, video tapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind.

10.     The term "***concerning***" shall mean relating to (however remotely), referring to, describing, evidencing, or constituting.

11.     The term "***Cryptocurrency Wallet***" shall mean any device, physical medium, program, app, service, or software that stores private keys for cryptocurrency or cryptocurrency transactions, whether encrypted or otherwise.

12.     The terms "***Debtor***" or "***Jones***" shall mean the Person who filed a petition for chapter 11 relief in the case of *In re Alexander E. Jones*, No. 22-33553 (CML) (Bankr. S.D. Tex.) and who goes by the name of Alexander Jones, Alex Jones, Alexander E. Jones, Alex E. Jones, Alexander Emeric Jones, Alex Emeric Jones, or any other variation of the Debtor's name, including any alter egos, Persons who have apparent authority over the Debtor, Agents of the

Debtor, and Professionals of the Debtor.

13.     The term "***Deposit Ticket***" shall mean any Document evidencing a deposit of financial assets to a bank or financial institution with information including, *inter alia*, the date, the name of the depositor, the depositor's Account number, and the value of the assets being deposited.

14.     The term "***Document***" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), including but not limited to all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations.  This includes documents stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, including but not limited to emails, texts, chats, spreadsheets, and PowerPoint presentations.  A draft or non-identical copy is a separate document within the meaning of this term.

15.     The term "***including***" shall mean "including, but not limited to."

16.     The term "***Money Order***" shall mean any prepaid Negotiable Instrument or certificate issued by a government or financial institution that requires the issuer to pay a certain sum of money on demand to a Person.

17.     The term "***Negotiable Instrument***" shall include any unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it (a) is payable to bearer or to order at the time it is issued or first comes into possession of a holder; (b) is payable on demand or at a definite time; and (c) does not state any

other undertaking or instruction by the person promising or ordering Payment to do any act in addition to the Payment of money, and any similar instrument.

18.     The term "***Payment***" shall mean any voluntary or involuntary Transfer in exchange for any service, product, or other asset, whether previously provided, provided contemporaneously with the Transfer, or to be provided in the future, and whether or not such service, product, or other asset was or will be provided to the Person making or causing the Payment to be made.

19.     The term "***Person***" shall mean any natural person or any legal entity, unincorporated association, or group of individuals or legal entities, whether formally or informally established, and their Affiliates and Professionals, including, without limitation, any business, trust, governmental entity, or association.

20.     The term "***Professional***" shall mean any Person or entity engaged to provide or involved in providing professional services of any kind at any time, including without limitation, any attorneys, consultants (including independent consultants), independent contractors, advisors, and testifying or non-testifying experts.

21.     The term "***Transfer***" shall have the meaning ascribed in 11 U.S.C. § 101(54)(A)–(D), inclusive.

22.     The term "***Wire Transfer***" shall mean any electronic Transfer of financial assets from one Account to another Account.

23.     The term "***Withdrawal Slips***" shall mean any Document prepared in order to withdraw financial assets from any Account with information including, *inter alia*, the date, the name of the withdrawer, the withdrawer's Account number, and the value of the assets being withdrawn.

24.     The terms "***You***," "***Your***," or "***Yours***" shall refer to Elevated Solutions Group, LLC.

25.     The definitions described above shall apply regardless of whether such term is capitalized or not capitalized.

26.     Any references to a Person shall be deemed to include such Person's Agents, accountants, advisors, employees, attorneys and other Professionals, officers, directors, direct or indirect shareholders, members, managers, representatives, Affiliates, subsidiaries, predecessors, successors, assigns, trustees, fiduciaries, settlors, donors, beneficiaries, donors, or any other individual or entity acting or purporting to act on behalf of such Person.  In addition, the reference to any trust shall include any current or former trustees, or other fiduciaries, settlors, donors, and beneficiaries.

27.     The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

## <u>INSTRUCTIONS</u>

1.     These instructions incorporate by reference the requirements and duties of the Federal Bankruptcy Rules and the Local Rules.

2.     Each Request is continuing in nature.  If at any time additional Documents responsive to the Requests come into Your possession, custody, or control or are brought to Your attention, prompt supplementation of Your response to these Requests is required.

3.     You are requested to produce all Documents, Communications, and information requested herein that are within Your possession, custody, or control or in the possession, custody, or control of Your current and former officers, directors, Agents, employees, representatives, Affiliates, Professionals, members, managers, trustees, or any other Person or entity acting or purporting to act on Your behalf.

4.     You are requested to produce Documents, Communications, and information requested herein on a rolling basis.

5.     If You cannot fully respond to one or more of the Requests after exercising due diligence to secure the information requested thereby, please so state, and specify:  (a) the portion of each Request that cannot be responded to fully and completely; (b) what efforts were made to obtain the requested information; (c) the facts relied upon that support Your contention that the Request(s) cannot be answered fully and completely; and (d) any knowledge, information, or belief You have concerning the unanswered portion of any such Request(s).

6.     All Documents shall be produced with metadata in TIFF format with OCR images, provided, however, that documents in Excel format shall be provided in native format.  ***All Documents shall be produced with metadata including but not limited to the date and time***

***created/sent, author, recipients, cc-copies, bcc-blind copies, family member information, MD-5 hash, subject line and title, and whether the document contains redactions***.

7.      If the response to any Request consists, in whole or in part, of an objection on the basis of or including undue burdensomeness, then provide those documents that can be produced without undue burden.  For such documents that are too unduly burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

8.      If You intend to withhold any responsive Document, Communication, or other information on the basis of a claim of attorney-client privilege, work product protection, or any other ground of non-disclosure You shall identify such Document, Communication, or information in writing by date of the Document's creation, title/file name/"re line"/subject, addressee/to/cc/bcc, addressor/from, Document type, and topic covered and listed with a statement of the grounds alleged for withholding such Document, Communication, or other information, including any privilege claimed.

9.      If Your response to any Request is any other objection, You must indicate if Documents are being withheld based on the objection(s), provide all Documents not covered by the objection, and state the specific basis of the objection.

10.     If any Document responsive to these Requests has been destroyed, lost, or discarded, state when the Document was destroyed, lost, or discarded; identify the Person who destroyed, lost, or discarded the Document; and, in the event the Document was destroyed or discarded, identify the Person who directed that it be destroyed or discarded.  Additionally, detail the reasons for the destruction, loss, or discarding; describe the nature of the Document; identify

the Persons who created, sent, received, or reviewed the Document; and state in as much detail as possible the contents of the Document.

11.     Subject to Instruction No. 6 above, Documents should be produced in the manner they are kept in the ordinary course of business.  In producing Documents, all Documents that are physically attached to each other, or segregated or separated from other Documents, when originally located, should be produced as is.

12.     All Documents shall be produced in such fashion as to identify the custodian or department in whose possession the Document was found and the business address of each Document's custodian(s).

13.     The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

14.     Unless otherwise specified, the Requests call for the production of Documents and Communications created, drafted, copied, or otherwise obtained from December 2, 2012, to the present.

15.     By serving these Requests, the Committee reserves all rights, does not waive any of its rights, and expressly reserves the right to amend, to modify, or otherwise to supplement these Requests.

## <u>REQUESTS FOR PRODUCTION</u>

1.     All Documents and Communications concerning the creation of Elevated Solutions Group, LLC.

2.     All Documents and Communications with or concerning the Debtor.

3.     All Documents and Communications with or concerning Free Speech Systems, LLC.

4.     All Documents and Communications concerning any Accounts belonging to You, or for which You have or have ever had a legal, equitable, possessory, contingent, beneficiary, or pecuniary interest, including but not limited to:

    a.   all monthly Account statements, with itemized transaction-level information;

    b.   all yearly Account statements,

    c.   any Deposit Tickets;

    d.   any Withdrawal Slips, including any Documents and Communications concerning the substance of any withdrawals from any Account;

    e.   all negotiated checks or cancelled checks including, but not limited to, checks written against or deposited into the Account and any bank checks (including certified checks, cashier's checks, official checks, or teller's checks) funded in whole or in part by the Account, including images of the front and back;

    f.   any Money Orders;

    g.   any Wire Transfers in, out, or by any Account, including information concerning the origins, destinations, Account numbers, financial institutions, and any other Wire Transfer information or ACH Documentation;

    h.   any Negotiable Instruments; and

        i.   any Cryptocurrency Wallets.

5.      All Documents and Communications concerning actual or potential business counterparties, contracts, or agreements.

6.      All Documents and Communications with or concerning the following Persons:

      a.  American Tax Solutions;

      b.  The BIO Pros;

      c.  Cobra Tate;

      d.  Conspiracy Bourbon;

      e.  Dark Age Defense;

      f.  EvaTac Plus;

      g.  Exodus Effect

      h.  Identity Patriot;

      i.  Infowars NFT;

      j.  InfoWars Platinum Supplement Line;

      k.  Instahard;

      l.  My Pillow;

      m.  Patriot Collectibles;

      n.  Privacy Shop;

      o.  Republican Army;

      p.  US Concealed Carry Online; and

      q.  VOLTA Wireless.

Dated: April 25, 2023

Respectfully submitted,

By: */s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Marty L. Brimmage, Jr.
Texas Bar No. 00793386
Lacy M. Lawrence
Texas Bar No. 24055913
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email: mbrimmage@akingump.com
Email: llawrence@akingump.com

-*and*-

Ira S. Dizengoff (admitted *pro hac vice*)
David M. Zensky (admitted *pro hac vice*)
Philip C. Dublin (admitted *pro hac vice*)
Sara L. Brauner (admitted *pro hac vice*)
Katherine Porter (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: idizengoff@akingump.com
Email: dzensky@akingump.com
Email: pdublin@akingump.com
Email: sbrauner@akingump.com
Email: kporter@akingump.com

***Counsel to the Official Committee of Unsecured Creditors of Alexander E. Jones***