## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>ALEXANDER E. JONES,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-33553 (CML) |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALEXANDER E. JONES TO THE EMERGENCY MOTION FOR PROTECTION BY ELEVATED SOLUTIONS GROUP, LLC AND COUNTERMOTION TO COMPEL ELEVATED SOLUTIONS GROUP, LLC TO COMPLY WITH DISCOVERY**

The Official Committee of Unsecured Creditors (the "Committee"), appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Alexander E. Jones (the "Debtor" or "Jones"), by and through its undersigned counsel, files this objection to the *Emergency Motion for Protection by Elevated Solutions Group, LLC* (the "Motion") [ECF No. 313] and countermotion to compel Elevated Solutions Group, LLC ("ESG") to comply with discovery duly propounded by the Committee in connection with the Chapter 11 Case. In support of this objection and countermotion, the Committee respectfully states the following.

**PRELIMINARY STATEMENT**

1. By the Motion, ESG—an entity formed in connection with and intimately bound up with the business of the Debtor—seeks to avoid any examination at all by the Debtor's Committee despite its deep connections to the Chapter 11 Case. ESG has been associated with numerous mature and inchoate business arrangements involving Jones and has been the middleman for substantial revenue. ESG is, and/or has recently been, party to multiple business arrangements with the Debtor and with his company, Free Speech Systems, LLC ("FSS"). ESG

has also been specifically identified by estate professionals as a substantial source of income for the Jones estate.

2. The Debtor has recently moved to reject two contracts with ESG, although the effect and consequences of such rejection remains unclear and the fate of numerous business arrangements involving ESG is likewise unclear.[1] The Committee opposed the Rejection Motion given the unanswered questions, red flags, and large potential financial consequences for the estate, and sought necessary discovery.[2] During the initial meet and confer concerning the Committee's discovery, ESG argued that discovery related to the Rejection Motion should relate to only the two contracts specifically identified in the Debtor's Rejection Motion; the Committee disagreed but, in an effort to reach compromise, agreed to serve requests concerning any business arrangements not specifically identified in the Rejection Motion under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and promptly did so under a timeframe agreed between the parties.

3. Unfortunately, since that initial meet and confer conversation, ESG has failed to produce documents to the Committee on the requested date and even refused to respond to the Committee regarding discovery requests whatsoever. Instead of engaging constructively, ESG simply filed the Motion and attempted to evade any inquiry by the Committee. The Committee's numerous requests for a discovery conference have gone unanswered.

4. ESG's refusal to meet and confer with the Committee should be a basis, alone, to reject the sweeping relief sought by the Motion. Even setting aside ESG's conduct in discovery,

---

[1] *Motion for Entry of an Order Authorizing Rejection of Certain Executory Contracts* [ECF No. 244] (the "Rejection Motion").

[2] *Limited Objection and Reservation of Rights of the Official Committee of Unsecured Creditors of Alexander E. Jones to the Debtor's Motion for Entry of an Order Authorizing Rejection of Certain Executory Contracts* [ECF No. 268] (the "Limited Objection").

however, its Motion must also be rejected because ESG fails to raise a single valid basis to curtail, let alone foreclose, discovery.

5. The Committee therefore respectfully asks the Court to deny the Motion in its entirety, and enter an order, substantially in the form attached as **Exhibit 1** to this Motion (the "Proposed Order"), that compels ESG to comply with discovery in the Chapter 11 Case. Absent the Court requiring ESG to comply with its discovery obligations, the Committee will be unable to properly evaluate whether to further oppose the Debtor's Rejection Motion and properly execute its fiduciary duties of investigation with respect to the Debtor and his business activities.

## BACKGROUND

6. On December 2, 2022, the Debtor filed a voluntary petition for relief under chapter 11 of the United States Code (the "Bankruptcy Code"). The Committee was formally appointed by the U.S. Trustee on December 13, 2022. *See Notice of Appointment of Official Committee of Unsecured Creditors* [ECF No. 42].

7. On April 4, 2023, the Subchapter V Trustee in the related FSS chapter 11 case, *In re Free Speech Systems LLC,* 22-60043 (Bankr. S.D. Tex.), filed her *Initial Findings of Free Speech Systems, LLC Investigation* [ECF No. 549] (the "Trustee Report"), which notes that:

> Prior to the bankruptcy filing, FSS lacked virtually any internal accounting controls. Documentation of transactions was lacking. Handshake deals were commonplace. . . . A significant number of insider transactions existed. . . . There was an increasing pattern of friends and family transactions over the last decade, accelerating in and around 2018. The balance of economic favor typically weighed heavily in favor of the counterparty. Unraveling and understanding the tangle of transactions is challenging given the lack of documentation associated with most deals.

*Id.* at 2.

8. ESG is an entity that provides marketing and product services and has entered into various business arrangements with the Debtor and with FSS since it was formed approximately two years ago. Mot. ¶1; Rejection Mot. ¶¶ 11–14.

9. In connection with the U.S. Trustee's questions with respect to the source of $103,300 in "Other Monthly Income" labeled as "Income from all Other Sources" reported in line 8h. of Schedule I: Your Income [ECF No. 231], Robert Schleizer testified on behalf of the Debtor that the $103,300 was based on forecasted income from ESG. *See* Limited Obj. Ex. A.

10. In an email to the Debtor's counsel that was provided to the Committee, Mr. Dalessio identified actual and potential ESG counterparties associated with affiliate marketing in connection with FSS and/or the Debtor. These are the same entities for which the Committee sought information in RFP 6 and Rule 2004 Request 6. *See* Mot. ¶ 8(vi).

11. On April 19, 2023, the Debtor filed the Rejection Motion, which seeks the Court's approval to reject two contracts with ESG: (1) a November 5, 2022 professional services agreement in connection with the marketing and sale of dietary supplements (the "ESG Supplements Agreement"), and (2) an October 14, 2022 celebrity endorsement and likeness use agreement (the "ESG Whiskey Contract").

12. The Committee sought discovery in connection with the Rejection Motion. Specifically, on April 25, 2023, the Committee issued a subpoena and document requests to ESG (the "RFPs") under Bankruptcy Rules 7026, 7034, 7045, 9014, and 9016. *See* Mot. Ex. 1.

13. On May 10, 2023, the Committee learned that ESG had obtained counsel and the Committee therefore contacted such counsel to discuss the RFPs. On the same day, the Committee filed its Limited Objection to the Rejection Motion, which specifically noted that the Committee did not have sufficient information to "determine whether rejection of the ESG contracts subject

4

to the Rejection Motion is in the best interests of the Debtor's estate and creditors" and requested that the relief requested by the Debtor be denied without prejudice while the Committee continued to seek discovery with respect to the Debtor's business dealings with ESG. *See* Limited Obj. ¶ 3.[3]

14. Counsel for the Committee and ESG met and conferred on May 16, 2023. During that conference, ESG argued that documents related to counterparties and contracts not identified in the Rejection Motion should not be sought in connection with contested matter discovery served in connection with the Rejection Motion. While the Committee disagreed, given Debtor's tendency to conduct business without clear contracts, inconsistent information about the ESG contracts at issue in the Rejection Motion, and the unclear contours of the ESG business relations specifically, the Committee nevertheless agreed in the spirit of compromise to limit its initial RFP discovery to the ESG Supplements Agreement and the ESG Whiskey Contract and to seek the remaining documents it required under Bankruptcy Rule 2004 on a time frame discussed and agreed with counsel to ESG.[4] As discussed with ESG's counsel, the Committee sent the Bankruptcy Rule 2004 discovery to ESG on May 16, 2023 and formally served it two days later.[5]

15. A few days later, during an unrelated case conference on May 19, 2023, to the surprise of the Committee, counsel for ESG rose and indicated that ESG intended to bring a discovery dispute to the Court, although such a dispute had not been expressed to or crystallized with the Committee. Since May 19, the Committee has repeatedly asked ESG to meet and confer again in order to identify disputes and to resolve any issues where possible. Since May 19, ESG

---

[3] Also on May 10, 2023, ESG filed a response to the Rejection Motion. *See Response to Motion for Entry of an Order Authorizing Rejection of Certain Executory Contracts* [ECF No. 270].

[4] *See* Email correspondence between ESG's counsel and the Committee's counsel (attached hereto as **Exhibit 2**).

[5] *See Notice of the Official Committee of Unsecured Creditors' Bankruptcy Rule 2004 Examination of Elevated Solution Group, LLC* [ECF No. 290] (the "Rule 2004 Requests").

has ignored all efforts to meet and confer and has not answered the Committee's repeated requests to set a time for a conference.  *See* Ex. 2.

16. ESG has not provided responses or objections to either the RFPs or the Rule 2004 Requests, and the deadline for the responses on the RFPs passed on May 25, 2023.

## ARGUMENT

17. The Committee has served two discovery requests on ESG: (1) the RFPs in connection with the Rejection Motion and (2) the Rule 2004 Requests seeking information about ESG's business with the Debtor to the extent not covered by the RFPs.  The second set of Rule 2004 Requests were served as a courtesy to accommodate ESG's view that the Rejection Motion discovery should relate only to the ESG Supplements Agreement and the ESG Whiskey Contract, despite the Debtor's practice of engaging in business based on handshake agreements and imprecise written contracts (if any).  Each of the Committee's requests seek limited non-privileged information that relates directly to the Rejection Motion and to the assets and conduct of the Debtor's estate and falls well within the bounds of the applicable discovery rules.

**I.   Legal Standard**

18. The Federal Rules of Civil Procedure (the "Federal Rules") (as incorporated by the Bankruptcy Rules) permit broad discovery of any non-privileged materials relevant to any party's claim or defense.  *See U.S., ex rel., Rigsby v. State Farm Fire & Cas. Co.*, 794 F.3d 457, 467 (5th Cir. 2015).  Under Federal Rule 26(b)(1), as made applicable by Bankruptcy Rules 7026 and 9014, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim and proportional to the needs of the case . . . ."

19. The policy behind "the discovery rules encourages more rather than less discovery, and discourages obstructionist tactics."  S*ee In re Texas Bumper Exchange, Inc.*, 333 B.R. 135,

139–40 (Bankr. W.D. Tex. 2005).[6] Federal Rule 37, as made applicable by Bankruptcy Rules 7037 and 9014, ensures that this policy is enforced by permitting a party seeking discovery to move for an order compelling production of documents when the responding party has failed to produce requested documents. *See* Fed. R. Civ. P. 37.

20. The broad scope of the Federal Rules carries additional force with official committees appointed by the Court under section 1102(a) of the Bankruptcy Code, such as the Committee. Committees appointed under section 1102(a) are expressly empowered to investigate the "acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan." 11 U.S.C. § 1103(c)(2); *Matter of Advisory Comm. of Major Funding Corp.*, 109 F.3d 219, 224–25 (5th Cir. 1997) (holding that "[t]he committee has the duty to use any tool available under section 1103" in order to act in the best interests of its constituents).

21. Similarly, it is well established that the scope of discovery properly obtainable from third parties with knowledge of the Debtor's affairs under Bankruptcy Rule 2004 is "exceptionally broad," as the United States Bankruptcy Court for the Northern District of Texas recently summarized:

> It has been stated that the scope of a Rule 2004 examination is exceptionally broad and the rule itself is peculiar to bankruptcy law and procedure because it affords few of the procedural safeguards that an examination under Rule 26 of the Federal Rules of Civil Procedure does. Third parties are subject to examination pursuant to Rule 2004 if they have knowledge of the debtor's affairs. Courts

---

[6] *Id.* (noting that if a party "intended to present his first, best case for resisting discovery at a hearing on a motion to compel, rather than clearly and facially in his responses to discovery, then movant failed to heed the clear warnings in the rules themselves—the objections must be clear and specific, such that they are facially sustainable, failing which they may be overruled, without further hearing.").

> tend to be reluctant to allow escape from a Rule 2004 examination unless the party can show that the examination would be oppressive or burdensome. A rule 2004 exam has been explained as a broad investigation into the financial affairs of the debtor for the purpose of the discovery of assets of the estate and the exposure of fraudulent conduct. The scope of a Rule 2004 examination is unfettered and broad and is commonly recognized as more in the nature of a fishing expedition. The purpose of the examination is to enable the trustee to discover the nature and extent of the bankruptcy estate. Discovery under Rule 2004 is broader than that available under the Federal Rules of Civil Procedure. Legitimate goals of Rule 2004 examinations include discovering assets, examining transactions, and determining whether wrongdoing has occurred.

*In re Correra*, 589 B.R. 76, 108 (Bankr. N.D. Tex. 2018) (internal quotation marks omitted).

22. The party opposing discovery of relevant and otherwise discoverable information (here, ESG) bears the burden of substantiating its objections and demonstrating why the requested materials should not be produced. *See In re Wade*, 2012 WL 5449308, at *4 (Bankr. S.D. Tex. Nov. 7, 2012); s*ee also Enron Corp. Savings Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 159 (S.D. Tex. 2009) ("[A] party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." (citations omitted); *In re Texas Bumper Exchange*, 333 B.R. at 139–40 ("A party resisting discovery is swimming against a strong upstream policy current."). In addition, a party that fails to respond in writing (as ESG failed to do) may be found to have waived its objections. *Enron Corp. Savings Plan*, 258 F.R.D. at 156.

II. **ESG Refused to Meet and Confer in Good Faith Regarding Discovery Disputes, Failed to Provide Responses and Objections, and Fails to Raise a Valid Basis to Resist Discovery Now**

23. Prior to filing its Motion, ESG repeatedly refused to meet and confer with the Committee about discovery (*see* Ex. 2) and failed to provide responses and objections to the RFPs,

8

although the deadline to do so passed on May 25, 2023. As such, the extreme relief sought by ESG's Motion should be rejected on this basis.[7]

24. Now, by its Motion, ESG raises three arguments in connection with its attempt to resist discovery. Each of the three issues raised by ESG lacks merit.

25. *First*, ESG argues that Bankruptcy Rule 2004 examinations are not proper once an adversary proceeding has been filed or a contested matter initiated. *See* Mot. ¶ 8(b). Here, no adversary proceeding related to ESG has been filed and the only relevant contested matter is the Debtor's Rejection Motion. The Committee initially sought all discovery from ESG as contested matter discovery in connection with the Rejection Motion. ESG, however, argued during the only conference it would agree to attend that certain counterparty documents sought by the Committee were irrelevant to the Rejection Motion; in the spirit of compromise, the Committee agreed to seek such documents under Bankruptcy Rule 2004 to accommodate ESG. ESG cannot have it both ways—either the information is relevant to the Rejection Motion, and properly subject to the RFPs, or it is *not* relevant to the Rejection Motion and is properly subject to the Rule 2004 Requests. ESG cites no case that supports the proposition that a party in bankruptcy that is party to a contested matter is therefore immune from Bankruptcy Rule 2004 on unrelated topics—indeed, such a proposition would have absurd consequences in bankruptcy cases, where contested matters routinely arise.[8]

---

[7] ESG did not raise two of the three arguments presented in the Motion during the only conference between the parties, on May 16, 2023, and raised the generic concept of burden only glancingly. ESG's Motion noticeably does not contain a certificate of conference. *See Kolstad v. Durham Transp. Express, LLC*, 2020 WL 6749010, at *2 n.2 (W.D. Tex. Nov. 17, 2020) ("Plaintiff fails to comply with the requirements of Rule 26(c)(1) and Local Rule CV-7(i) that the Motion contain a certificate of conference. The Court could deny the Motion on this basis alone.").

[8] Even the two cases cited by ESG indicate that discovery must be relevant to the adversary proceeding in order to no longer be subject to Bankruptcy Rule 2004 and, if the discovery is

26. ***Second***, ESG argues that the Committee is not "within the bounds of Rule 2004" because "they have not scheduled an examination." *See* Mot. ¶ 8(c). ESG cites no rule or case law for this argument. Presumably, ESG means that the Committee has not yet scheduled a deposition of ESG's representative. This argument also fails on the law and reflects the failure of ESG to meet and confer with the Committee. The plain language of Bankruptcy Rule 2004 does not require a deposition or define "examination" to mean deposition. Indeed, parties regularly seek, and courts routinely order, Bankruptcy Rule 2004 document discovery where no deposition has yet been scheduled. In any event, ESG's objection would have been easily solved if ESG had been willing to speak with the Committee, as the Committee does intend to take a deposition of ESG's representative and has even attempted to schedule the deposition with ESG's counsel. *See* Ex. 2 at 2.

27. ***Finally***, ESG argues—without specificity, supporting legal authority, or supporting affidavit—that the Committee's requests are "overbroad and unduly burdensome" and that "[o]n its face, this request is outrageous in its scope, even without considering that there is no time range for any of these requests." Mot. ¶¶ 8(d), 9. ESG offers nothing in support of its contention that the requests are overly broad and fails to meet its burden of demonstrating why the requested

---

relevant to such proceeding, it may be sought under the discovery rules applicable to such proceedings. *In re Kipp*, 86 B.R. 490, 491 (Bankr. W.D. Tex. 1988) ("[o]nce First Financial initiated this adversary it may no longer use Rule 2004 to obtain discovery *relevant to the adversary*. First Financial is not harmed by the denial of this motion because it may depose the Debtor in accordance with Bankruptcy Rule 7030.") (emphasis added); *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 29 (Bankr. N.D.N.Y. 1996) ("Discovery of evidence related to the pending proceeding must be accomplished in accord with more restrictive provisions of Fed.R.Bankr.P., while unrelated discovery should not be subject to those rules simply because there is an adversary proceeding pending.") (citations omitted).

materials should not be produced. Nor could ESG. All of the documents called for in the Committee's requests relate to counterparties specifically identified by ESG as relevant to the Debtor and/or his company, FSS. ESG is also incorrect that no time frame applies, given that a time frame is specified in the request and is naturally bounded given that ESG has only existed for approximately two years. RFP at 9; Rule 2004 Requests at 11. ESG has never provided any information to the Committee regarding the time, expense, or process for collecting or producing the requested documents, or discussed contours of document collection and production issues with the Committee. While the Committee remains committed to working with discovery parties constructively, it can only do so if the counterparty is also willing to engage.

## CONCLUSION

For the foregoing reasons, the Committee respectfully requests that the Court deny the Motion, sustain and grant the Committee's Objection and Countermotion and enter an order substantially in the form attached hereto.

Houston, Texas
Dated: June 7, 2023

By: *Marty L. Brimmage, Jr.*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Marty L. Brimmage, Jr.
Texas Bar No. 00793386
Lacy M. Lawrence
Texas Bar No. 24055913
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email: mbrimmage@akingump.com
Email: llawrence@akingump.com

*-and-*

Ira S. Dizengoff (admitted *pro hac vice*)
David M. Zensky (admitted *pro hac vice*)
Philip C. Dublin (admitted *pro hac vice*)
Sara L. Brauner (admitted *pro hac vice*)
Katherine Porter (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: idizengoff@akingump.com
Email: dzensky@akingump.com
Email: pdublin@akingump.com
Email: sbrauner@akingump.com
Email: kporter@akingump.com

*Counsel to the Official Committee of Unsecured Creditors of Alexander E. Jones*

**CERTIFICATE OF CONFERENCE**

I certify that counsel for the Committee met and conferred with counsel for ESG on May 16, 2023 and since that date has sent multiple email requests to meet and confer, which ESG has refused to agree to do, and therefore we have been unable to resolve the matters set forth in the Motion.

*/s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 7, 2023, a true and correct copy of the foregoing objection and countermotion was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

*/s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.