IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>ALEXANDER E. JONES,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-33553 (CML) |
| In re:<br><br>FREE SPEECH SYSTEMS LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 22-60043 (CML) |

**RESERVATION OF RIGHTS OF THE CONNECTICUT
PLAINTIFFS WITH RESPECT TO THE DEBTORS' MOTION
FOR APPROVAL OF COMPROMISE AND SETTLEMENT UNDER
FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AND MOTION TO SEAL**

1. The Connecticut Plaintiffs,[1] the largest creditors and parties in interest in the above-captioned chapter 11 cases, hereby submit this reservation of rights ("Reservation of Rights") in response to the *Debtors' Motion for Approval of Compromise and Settlement Under Federal Rule of Bankruptcy Procedure 9019* [Docket Nos. 324, 621] (the "9019 Motion") and the *Motion to Seal* [Docket Nos. 323, 622] (the "Motion to Seal").

2. The Connecticut Plaintiffs have long supported the efforts of the Texas Plaintiffs[2] to lift the automatic stay in these chapter 11 cases and liquidate all claims against both Alexander E. Jones ("Mr. Jones") and Free Speech Systems LLC ("FSS," and together with

---

[1] The "Connecticut Plaintiffs" are Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, and Robert Parker.

[2] The "Texas Plaintiffs" are Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and the Estate of Marcel Fontaine.

Mr. Jones, the "Debtors") in the same way as the Connecticut Plaintiffs did—that is, in transparent and public trials, in each case before a jury of their peers. For this reason, the Connecticut Plaintiffs have supported—and will continue to support—the resolution of the Texas Plaintiffs' claims by jury trial.

3. In their arguments in support of the Motion, Mr. Jones and FSS assert that the Proposed Claim Amounts (as defined below) "fall[] within the 'range of reasonable litigation alternatives.'" *See* 9019 Motion ¶ 17 (quoting *In re Allied Props., LLC*, 2007 WL 1849017, at *4 (Bankr. S.D. Tex. June 25, 2007)). That very large claims—the Debtors defend their proposed claim determinations as being "collectively on par with [those] of the fifteen individual Connecticut Plaintiffs" and providing the Texas Plaintiffs "parity vis-à-vis" the Connecticut Plaintiffs, whose individual damages awards range from $48 million to $170 million per plaintiff—are "reasonable" in light of the injuries caused by the Debtors marks a recognition that is at once obvious and, at the same time, long overdue. *Id.* ¶ 21. As the Connecticut state court wrote last year, "the overwhelming evidence of the [Connecticut Plaintiffs'] injuries and damages . . . clearly supports the verdicts rendered by the jury." *See Lafferty* v. *Jones*, Case No. UWY-CV18-6046436-S [Docket No. 1043] (Dec. 22, 2022) at *5. The Connecticut Plaintiffs are hopeful that such recognition by Mr. Jones and FSS augurs further productive developments in these chapter 11 cases.

4. The proposed allowed claim amounts contemplated by the sealed exhibit (the "Proposed Claim Amounts") would, of course, directly impact the recoveries afforded to the Connecticut Plaintiffs in these chapter 11 cases. The Connecticut Plaintiffs acknowledge, however, that the Proposed Claim Amounts will become effective only upon the occurrence of "a consensual chapter 11 plan settlement" among the Connecticut Plaintiffs, the Texas Plaintiffs,

and the Debtors. *See* 9019 Motion ¶ 12. Because the Proposed Claim Amounts are only effective in connection with a fully consensual chapter 11 plan that they support, the Connecticut Plaintiffs are comfortable—at this stage—reserving rights with respect to the allowed amount of the Texas Plaintiffs' claims in any other context, including any non-consensual plan of reorganization in these chapter 11 cases.

5. The Connecticut Plaintiffs reserve their rights to amend or supplement this Reservation of Rights on any basis.[3]

---

[3] The Connecticut Plaintiffs also reserve rights with respect to the continued sealing of the Proposed Claim Amounts, including in connection with the confirmation of any plan of reorganization in these chapter 11 cases. The Connecticut Plaintiffs note, moreover, that—in the event the Proposed Claim Amounts did, in fact, serve as voting amounts for purposes of any plan of reorganization in these chapter 11 cases—other creditors and parties in interest must know which classes consist of which claims, and in what aggregate amounts.

Dated: June 28, 2023

        Respectfully submitted,

**CAIN & SKARNULIS PLLC**
By: */s/ Ryan E. Chapple*
Ryan E. Chapple
State Bar No. 24036354
303 Colorado Street, Suite 2850
Austin, TX 78701
Telephone: (512) 477-5000
Fax: (512) 477-5011
E-mail: rchapple@cstrial.com

**KOSKOFF KOSKOFF & BIEDER, PC**
Alinor C. Sterling (admitted *pro hac vice*)
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone: (203) 336-4421
E-mail: asterling@koskoff.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Kyle J. Kimpler (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Martin J. Salvucci (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Fax: (212) 757-3990
E-mail: kkimpler@paulweiss.com
E-mail: chopkins@paulweiss.com
E-mail: msalvucci@paulweiss.com

*Co-Counsel to the Connecticut Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reservation of Rights has been served on counsel for each Debtor, each Debtor, and all parties receiving or entitled to notice through CM/ECF on this 28th day of June 2023.

        */s/ Ryan E. Chapple*
        Ryan E. Chapple