United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 05, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ALEXANDER E. JONES | § | Case No. 22-33553 |
| | § | |
| Debtor. | § | |
| | § | |

**ORDER APPROVING EXPEDITED APPLICATION OF DEBTOR FOR AN ORDER AUTHORIZING EMPLOYMENT OF PATTIS & SMITH LLC, AS SPECIAL COUNSEL UNDER 11 U.S.C. 327(e) AND 328(a)**

Upon the application (the "Application")[1] filed by Debtor to retain and employ Pattis & Smith, LLC ("Pattis & Smith") pursuant to Bankruptcy Code §§ 327(e), 328(a) and 330 and Bankruptcy Local Rule 2014-1, as more fully set forth in the Application and all exhibits and attachments to the Application; and upon the Court's finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the Application and the Pattis Declaration are in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, and Orders and procedures of this Court; (v) Pattis & Smith does not represent an interest adverse to Debtor's estate with respect to the matters upon which it is to be engaged; (vi) Pattis & Smith is qualified to represent Debtor's estate under § 327(e) and 328(a) of the Bankruptcy Code; (vii) the terms of Pattis & Smith's employment have been disclosed and are reasonable under the circumstances; (viii) proper and adequate notice of the Application, the deadline to file any objections to the Application, and the hearing thereon was given, and no other or further notice is necessary; (ix) the legal and factual

---

[1] Capitalized terms not defined herein have the meaning set forth in the Application.

bases set forth in the Application establish just cause for the relief granted herein; (x) the relief sought in the Application is in the best interest of Debtor's estate; (xi) any timely objection to the Application having been withdrawn or overruled for the reasons stated on the record at the hearing on the Application; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. In accordance with Bankruptcy Code §§ 327(e), 328(a), and 330 and Bankruptcy Local Rule 2014-1, Debtor is authorized to employ and retain Pattis & Smith as special counsel, under the terms and conditions set forth in the Application and the Engagement Letter attached to the Application as <u>Exhibit A.</u>

2. Pattis & Smith is authorized to perform Professional Services for Debtor that are necessary or appropriate in connection with serving as special counsel in connection with the Connecticut Sandy Hook Lawsuits.

3. Pattis & Smith shall be compensated for its fixed fees and expenses in accordance with the terms and conditions of the Engagement Agreement, as set forth in the Application and subject to the procedures Bankruptcy Code §§ 330 and 331 of the Bankruptcy Code, and in accordance with applicable Federal Rules of Bankruptcy Procedure, Local Rules, and any orders of this Court.

4. Notwithstanding any contrary payment provisions in writing between the Debtor and Pattis & Smith, the Debtor shall be liable to Pattis & Smith for only $125,000 of the total flat fee and $10,000 of the total flat expenses upon entry of this Order.

5. This order shall be immediately effective and enforceable upon entry.

6. This order, and all acts taken in furtherance or reliance thereon, shall be effective notwithstanding any objection until further order of this Court.

7. Notwithstanding anything to the contrary in the Application, the Engagement Agreement, or the Declaration attached to the Application, Pattis & Smith shall not be entitled to reimbursement of expenses or fees from Debtor in connection with any objection to its fees, without further order of the Court.

8. Pattis & Smith shall not charge a markup to Debtor with respect to any fees billed by contract attorneys who are hired by Pattis & Smith to provide services to Debtor and shall ensure that any such contract attorneys are subject to conflicts checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

9. Pattis & Smith shall use its reasonable efforts to avoid any duplication of services provided by any of Debtor's other retained professionals.

10. Pattis & Smith will review its files periodically during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Pattis & Smith will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration as required by FED. R. BANKR. P. 2014(a).

11. To the extent that any of the Application, the Pattis Declaration, or the Engagement Agreement are inconsistent with this Order, the terms of the Order shall govern.

12. Debtor and Pattis & Smith are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

13. Notice of the Application provided by Debtor is deemed to be good and sufficient notice of the Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order.

Signed: July 05, 2023

_____
Christopher Lopez
United States Bankruptcy Judge