IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **ALEXANDER E. JONES** | § | |
| | § | |
| Debtor. | § | Case No. 22-33553 |
| | § | |

**DEBTOR'S MOTION TO ASSUME EXISTING BOOK CONTRACT
PURSUANT TO 11 U.S.C. § 365 AND APPROVE NEW CONTRACT
PURSUANT TO 11 U.S.C. §§ 105 AND 363(b)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Alexander E. Jones ("Debtor"), as debtor and debtor-in-possession in the above-captioned Chapter 11 Case, hereby submits this motion (the "Motion") pursuant to Sections 105, 363(b), and 365 of the United States Bankruptcy Code (the "Code").  In support of this Motion, Debtor respectfully represents as follows:

### I.    JURISDICTION

1.   This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334(b).  This matter is a core proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.   The statutory bases for the relief requested herein are Sections 105, 363(b), and 365 of the Code.

**MOTION TO ASSUME AND APPROVE BOOK CONTRACTS – Page 1**

## II.     BACKGROUND

3.      Debtor hosts a syndicated radio and video talk show in Austin, Texas. Free Speech Systems, LLC ("FSS") is a single member LLC, 100% owned by Jones, that produces and syndicates much of the show. In addition, FSS offers high-end dietary supplement products, books, t-shirts, and other products, which are solely promoted and advertised by Jones during his radio and streaming video talk shows, for online sale to customers at the Infowars web site.

4.      Debtor filed his voluntary chapter 11 bankruptcy case (the "Chapter 11 Case") on December 2, 2022.

5.      On or about February 4, 2022, Debtor entered into that certain Publishing Agreement with Skyhorse Publishing Inc. in connection with that certain literary endeavour entitled, "Reset Wars: The Great Reset Exposed" (the "2022 Book Contract"). The 2022 Book Contract contains terms for royalties, publishing, intellectual property rights, and an agency clause. Due to the confidentiality terms of the 2022 Book Contract, such exhibit is being filed under seal as **Exhibit 1**.

6.      On or about January 23, 2023, Debtor entered into that certain Publishing Agreement with Skyhorse Publishing Inc. in connection with that certain literary endeavour entitled, "Taking Down the Globalist Puppetmasters" (as amended on April 24, 2023, the "2023 Book Contract").[1] The 2023 Book Contract contains terms for royalties, publishing, intellectual property rights, and an agency clause. Due to the confidentiality terms of the 2023 Book Contract, and such exhibit is being filed under seal as **Exhibit 2**.

---

[1] Upon learning that Debtor signed the agreement, undersigned counsel alerted the publisher of his being in bankruptcy and the possible need for approval before his signature would be effective. While it could easily be viewed as Debtor's ordinary course of business to enter into a contract with publishers, it is unusual for the Debtor to sign any written contracts, and due to the sensitive nature of this case, approval to enter into this contract is sought out of an abundance of caution.

**MOTION TO ASSUME AND APPROVE BOOK CONTRACTS – Page 2**

### III.    RELIEF REQUESTED AND BASIS THEREFORE

### A.  2022 Book Contract Assumption

7.  Under 11 U.S.C. § 365(a), a debtor in possession "may assume or reject any executory contract or unexpired lease of the debtor" upon approval of the court. 11 U.S.C. § 365(a). *See Sharon Steel Corp. v. National Fuel Gas Distrib. Corp.,* 872 F.2d 36, 39-40 (3d Cir. 1989); *see also, In re Mirant Corp.*, 348 B.R. 725, 744 (Bankr. N.D. Tex. 2006).

8.  Debtor has determined in his business judgment that assuming the 2022 Book Contract is in the best interest of the estate.

> The court is expected to defer to management's views in applying the business judgment test. *See Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.),* 756 F.2d 1043, 1046 (4th Cir.1985); *Polin v. Conductron Corp.,* 552 F.2d 797, 809 (8th Cir.1977). Only if a proposed transaction…does not serve business purposes may the court substitute its judgment for that of management. *In re Richmond Metal Finishers, Inc.,* 756 F.2d at 1047 ("[C]ourts should defer to-should not interfere with-decisions of corporate directors upon matters entrusted to their business judgment except upon a finding of bad faith or gross abuse of their 'business discretion.' "); *Computer Sales Int'l, Inc. v. Fed. Mogul Global, Inc. (In re Fed. Mogul Global, Inc.),* 293 B.R. 124, 126 (D.Del.2003) ("As [the business judgment test is] applied in the Third Circuit, a court should approve a debtor's use of assets outside the ordinary course of business if the debtor can demonstrate a sound business justification for the proposed transaction.") (citing *In re Martin,* 91 F.3d 389, 396 (3d Cir.1996) (in turn citing *In re Schipper,* 933 F.2d 513, 515 (7th Cir.1991))).

*In re Mirant Corp.*, 348 B.R. 725, 744 (Bankr. N.D.Tex. 2006).

9.  Debtor anticipates that assuming the 2022 Book Contract will benefit the estate in the form of revenues from book sales in connection with that contract. Rejecting the 2022 Book Contract would have no benefit and would cause substantial harm to the estate via breach of contract claims and lost revenue.

10. In fact, the Debtor's remaining obligation sunder the 2022 Book Contract are far outweighed by his rights thereunder.  Since the Petition Date, Debtor has received approximately $179,440.00 under the 2022 Book Contract and wishes to continue receiving such royalty

payments. In exchange, since the book has been released, Debtor remains responsible for revisions needed after February 22, 2024. It is in Debtor's business judgment to continue to perform under the 2022 Book Contract.

### B.   2023 Book Contract Approval

11.   Section 363(b) of the Code authorizes the debtor in possession to use, sell or lease property of the estate other than in the ordinary course of business after notice and a hearing, subject to bankruptcy court approval.  Debtor submits that the 2023 Book Contract is within the ordinary course of his business.  However, out of an abundance of caution, Debtor seeks the Court's approval of the 2023 Book Contract.   Further, Debtor is not seeking to use, sell, or lease property of the estate with his entry into the 2023 Book Contract.  However, to the extent that Debtor's personal services, or the use of Debtor's time or the value of that time, or his commitment regarding same is deemed in any way the use of property of the estate, Debtor again, out of an abundance of caution, seeks the Court's approval of the 2023 Book Contract.

12.   Irrespective of whether the 2023 Book Contract is ordinary course of business, courts should authorize business transactions outside the ordinary course of business if debtors have exercised sound business judgment. *See In re Lionel Corp.,* 722 F.2d 1063, 1071 (2d Cir.1983).  Debtor has, with the benefit of estate professionals, done the necessary analysis and determined that the 2023 Book Contract will benefit the estate in the form of advances and revenues from book sales in connection with that contract.

13.   Furthermore, Section 105 of the Code directs that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.  To the extent that such approval is necessary or appropriate, Debtor submits that Section 105, in conjunction with Section 363(b), gives the Court authority to approve the 2023 Book Contract.

**MOTION TO ASSUME AND APPROVE BOOK CONTRACTS – Page 4**

14. Debtor further believes that assuming the 2022 Book Contract and approving the 2023 Book Contract will benefit the estate because the increased funds will allow Debtor to fund additional administrative expenses and budget for greater plan payments going forward.

15. Accordingly, Debtor has utilized his business judgment and for the foregoing reasons, seeks the Court's authority for assumption of the 2022 Book Contract and approval of the 2023 Book Contract as in the best interest of Debtor, Debtor's estate and creditors.

### IV.   NOTICE

15. Notice of this Motion has been provided to: (a) the Offices of the United States Trustee; (b) counsel for Debtor's largest unsecured creditors; (c) Debtor's secured lender; (d) counsel for the Official Unsecured Creditors Committee; (e) the publishing house and agent in the 2022 and 2023 Book Contracts; and (f) anyone who has filed notices of appearance in the above-captioned case. Debtor submits the above notice is sufficient and that no further notice is necessary.

WHEREFORE, Debtor respectfully requests the Court enter an order assuming and approving the 2022 and 2023 Book Contracts, and for such other and further relief to which Debtor may show himself justly entitled.

Dated:  July 12, 2023.  **CROWE & DUNLEVY, P.C.**

By: */s/ Christina W. Stephenson*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone: 737.218.6187
Email: dallaseservice@crowedunlevy.com

**ATTORNEYS FOR ALEXANDER E. JONES**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served upon the parties listed below via email and upon all parties registered to receive notice via the Court's ECF noticing system on this 12th day of July, 2023.

Skyhorse Publishing Inc.
307 West 36th Street 11th Floor
New York, New York 10018

Waterside Productions, Inc.
2055 Oxford Avenue
Cardiff-by-the-Sea, CA 92007

*/s/ Christina W. Stephenson*
Christina W. Stephenson