IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **ALEXANDER E. JONES** | § | |
| | § | |
| Debtor. | § | Case No. 22-33553 |
| | § | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING
DEBTOR TO FILE PORTIONS OF EXISTING BOOK CONTRACT
AND NEW CONTRACT UNDER SEAL**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Alexander E. Jones ("Jones" or "Debtor"), pursuant to Sections 107(c) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9037-1 of the Local Bankruptcy Rules for the Southern District of Texas (each a "LBR" and collectively, the "Local Rules") as debtor and debtor in possession in the above-captioned Chapter 11 Case files this *Motion for Entry of an Order Authorizing Debtor to File Portions of Existing Book Contract Under Seal* (the "Motion") for entry

of an order authorizing Debtor to file his unredacted Book Contract and New Contract (later defined herein) under seal, and in support thereof, respectfully state as follows:

## I. JURISDICTION, VENUE, AND STATUTORY PREDICATES

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for relief requested herein are Sections 107(c) of the Bankruptcy Code, Bankruptcy Rules 9037, and Local Rules 9037-1.

## II. BACKGROUND

4. Debtor hosts a syndicated radio and video talk show in Austin, Texas. Free Speech Systems, LLC ("FSS") is a single member LLC, 100% owned by Jones, that produces and syndicates much of the show. In addition, FSS offers high-end dietary supplement products, books, t-shirts, and other products, which are solely promoted and advertised by Jones during his radio and streaming video talk shows, for online sale to customers at the Infowars web site.

5. Debtor filed his voluntary chapter 11 bankruptcy case (the "Chapter 11 Case") on December 2, 2022.

6. On or about February 4, 2022, Debtor entered into that certain Publishing Agreement with Skyhorse Publishing Inc. in connection with that certain literary endeavour entitled, "Reset Wars: The Great Reset Exposed" (the "2022 Book Contract"). The 2022 Book Contract contains terms for royalties, publishing, intellectual property rights, and an agency clause. Due to the confidentiality terms of the 2022 Book Contract, portions of such exhibit have been redacted, and the Debtor seeks to maintain those portions as confidential by seeking an order from this Court allowing them to be sealed. A nonredacted version has been filed with this Court.

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO FILE PORTIONS OF EXISTING BOOK CONTRACT AND NEW CONTRACT UNDER SEAL - Page 2**

7. On or about January 23, 2023, Debtor entered into that certain Publishing Agreement with Skyhorse Publishing Inc. in connection with that certain literary endeavour entitled, "Taking Down the Globalist Puppetmasters" (as amended on April 24, 2023, the "<u>2023 Book Contract</u>"). The 2023 Book Contract contains terms for royalties, publishing, intellectual property rights, and an agency clause. Due to the confidentiality terms of the 2023 Book Contract, and the Debtor seeks to maintain those portions as confidential by seeking an order from this Court allowing them to be sealed. A nonredacted version has been filed with this Court.

### III. ARGUMENTS & AUTHORITIES

**A. The Redacted Information falls within the categories of information that the Court may protect pursuant to 11 U.S.C. 107(a).**

8. The general rule is that a paper filed under chapter 11 of the bankruptcy code is a public record open to public examination. 11 U.S.C. 107(a). However, there are exceptions to this rule. One exception is that, for cause, the bankruptcy court may protect an individual's information filed in a bankruptcy case. *See* 11 U.S.C. 107(c)(1). § 107(c)(1) provides as follows:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
>
> (B) Other information contained in a paper described in subparagraph (A).

9. Through section 107(c)(1)(A), Congress permits Debtor to redact "means of identification, and through section 107(c)(1)(B), Congress permits Debtor to shield "other information." Means of Identification is defined as follows by 18 U.S.C. 1028(d):

> (7) the term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any—

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO FILE PORTIONS OF EXISTING BOOK CONTRACT AND NEW CONTRACT UNDER SEAL - Page 3**

>> (A)  name, social security number, date of birth, official State or government issued driver's identification number, alien registration number, government passport number, employer or taxpayer identification number;
>
> (B)  unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;
>
> (C)  unique electronic identification number, address, or routing code; or
>
> (D)  telecommunication identifying information or access device (as defined in section 1029(e))

However, the Court has authority to protect information beyond the identifying information described in 18 U.S.C. 1028(d)(7). The reference to "other information" in § 107(c)(1)(B) gives the court discretion to protect any information disclosed in any paper filed in a bankruptcy case. *See* 11 USC 107(a) (describing papers "filed in a case under this title").

10. The Redacted Information in the 2022 Book Contract and the 2023 Book Contract is described in the chart attached as **Exhibit "A"** to this Motion.

**B.   Good cause exists to protect the Redacted Information.**

11. The rule that the public right to access is "not absolute." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Courts must "balance the factors favoring secrecy against the common law presumption of access*." In re North Bay General Hosp., Inc*., 404 B.R. 429, 438 (USBC SD Texas Houston 2009) (*citing Bank of Am. Nat'l Trust v. Hotel Rittenhouse*, 800 F.2d 339, 345 (3d Cir.1986)). "While a specific potential harm must be identified, the standard does not require evidence of injury having occurred in the past or under similar circumstances. *In re Motion Seeking Access to 2019 Statements*, 585 B.R. 733 (2019) USDC, D. Delaware.

12. Here, the 2022 Book Contract and 2023 Book Contract are, by their terms, confidential.  However, certain terms therein are proprietary to parties other than the Debtor.  As

such, the Debtor sought the input from the other parties to the 2022 Book Contract and 2023 Book Contract and have redacted only such information deemed confidential and proprietary to such parties, rather than seeking an order sealing the entirety of both documents, to balance the public interest in information being publicly available on the docket with those proprietary confidentiality concerns.

### C. Debtor followed the procedure prescribed by L.B.R. 9037-1.

13. L.B.R. 9037-1 prescribes the procedure for sealing documents before this Court. L.B.R. 9037-1(d) provides that "In some instances, it may be practicable to redact relevant confidential information from a document, and to file the redacted document in the public record. In those instances, (i) a redacted document should be filed, not under seal; and (ii) the unredacted document should simultaneously be filed, under seal." Debtor followed this procedure.

14. L.B.R. 9037-1(f) provides that "documents filed under seal must be served by the filing party by e-mail and conventional means on parties-in-interest entitled to receive the sealed document." Unredacted copies have been served on all parties-in-interest entitled to the unredacted documents.

### IV. CONCLUSION

WHEREFORE, Debtor respectfully requests that the Redacted Information in the 2022 Book Contract and 2023 Book Contract remain under seal; (iii) commanding that any filings containing the Redacted Information be filed under seal; and (iv) granting such other relief as the Court deems appropriate under the presented facts and circumstances.

Dated:  July 12, 2023.

          **CROWE & DUNLEVY, P.C.**

          By:  */s/ Vickie L. Driver*
          Vickie L. Driver
          State Bar No. 24026886
          Christina W. Stephenson
          State Bar No. 24049535
          2525 McKinnon St., Suite 425
          Dallas, TX 75201
          Telephone:  737-218-6187
          Email:  dallaseservice@crowedunlevy.com

          **ATTORNEYS FOR ALEXANDER E. JONES**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices via the Court's ECF noticing system, including the United States Trustee, on this 12tth day of July, 2023.

                                                */s/ Vickie L. Driver*
                                                Vickie L. Driver

**EXHIBIT A**
**Redacted Information**

| |
|---|
| Identity of Signatories |
| Option Rights |
| Royalty Structure and Terms |
| Insurance |