IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ALEXANDER E. JONES, | ) Case No. 22-33553 (CML) |
| | ) |
| Debtor. | ) |
| | ) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' NOTICE OF RULE 2004 EXAMINATION OF PATRICK REILEY**

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 2004-1 of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), the Official Committee of Unsecured Creditors (the "Committee") of Alexander E. Jones (the "Debtor") will take the oral deposition of Patrick Reiley. The deposition will commence on August 23, 2023, at 10:00 a.m. Central Time at Akin Gump Strauss Hauer & Feld LLP, 1111 Louisiana Street, 44th Floor, Houston, Texas 77002, or at such other date, time and place as the parties may agree.

Please be advised that the scope of the deposition includes, but is not limited to, any matter relevant to: (i) the Debtor's Assets, liabilities, and financial condition; (ii) Transfers and transactions involving the Debtor or his entities, directly or indirectly; (iii) Mr. Reiley's business relationships with the Debtor, the Debtor's family members, and the Debtor's business associates, to the extent relevant to the Debtor or his business, directly or indirectly; (iv) any entities owned, managed, or operated by the Debtor, the Debtor's family members, and the Debtor's business associates, to the extent relevant to the Debtor or his business, directly or indirectly; (v) any Transfers of real property to or from the Debtor; (vi) any topic in the Subchapter V Trustee's Report; and (vii) any plan that may be introduced in the Debtor's bankruptcy or in the bankruptcy

of Free Speech Systems, LLC.[1]  The Committee reserves all rights regarding the scope of the deposition, including but not limited to its right to broaden the scope of the deposition prior to the commencement of the deposition.

Please take further notice that Patrick Reiley is also commanded to immediately begin producing documents and electronic information identified in the attached **Exhibit A** to the Committee on a rolling basis, with production completed no later than July 31, 2023.

Please take further notice that the Committee reserves its rights under title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (as amended) (the "Bankruptcy Code"), the Bankruptcy Rules, the Local Rules, and any applicable law regarding the subject matter of this Notice, and to amend, supplement, and/or modify Exhibit A attached hereto in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and other applicable law.

[*Signature on following page*]

---

[1] Capitalized terms undefined herein have the meaning ascribed in Exhibit A.

Dated: July 12, 2023

Respectfully submitted,

By: */s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Marty L. Brimmage, Jr.
Texas Bar No. 00793386
Lacy M. Lawrence
Texas Bar No. 24055913
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email: mbrimmage@akingump.com
Email: llawrence@akingump.com

*-and-*

Ira S. Dizengoff (admitted *pro hac vice*)
David M. Zensky (admitted *pro hac vice*)
Philip C. Dublin (admitted *pro hac vice*)
Sara L. Brauner (admitted *pro hac vice*)
Katherine Porter (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: idizengoff@akingump.com
Email: dzensky@akingump.com
Email: pdublin@akingump.com
Email: sbrauner@akingump.com
Email: kporter@akingump.com

*Counsel to the Official Committee of Unsecured Creditors of Alexander E. Jones*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 2004-1, I hereby certify that counsel for the Committee conferred with counsel for Patrick Reiley on the Committee's request for oral examination and production of documents substantially in the form reflected in this Rule 2004 Notice of Oral Examination and Request for Production of Documents on June 26, 2023.

>  */s/ Marty L. Brimmage, Jr.*
>  Marty L. Brimmage, Jr.

## CERTIFICATE OF SERVICE

I certify that on July 12, 2023, a true and correct copy of the foregoing and the attached exhibit were served on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

>  */s/ Marty L. Brimmage, Jr.*
>  Marty L. Brimmage, Jr.

# EXHIBIT A

# DEFINITIONS

The following definitions apply to the Requests. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1. The term "*Affiliate*" or "*Affiliates*" shall have the meaning ascribed to the term "Affiliate" under 11 U.S.C. § 101(2).

2. The term "*Agent*" shall mean any Person or entity and their Professionals acting for or on behalf of another Person or entity.

3. The terms "*all*," "*any*," and "*each*" shall each be construed as encompassing any and all of these terms.

4. The connectives "*and*" and "*or*" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request all Documents, Communications, or responses that might otherwise be construed to be outside of its scope.

5. The term "*Assets*" shall mean both real assets and intangible assets, including real property (whether owned or leased), fixtures, facilities, businesses, business lines, intellectual property, goodwill, contracts, rights to recover under any insurance policy, causes of action, inventory, cash, Cryptocurrency, Cryptocurrency Wallets, cash equivalents, commodities, commodities futures, precious metals, jewelry, watches, furniture, wine, art, firearms, Domain Names, oil and gas leases, mineral rights, automobiles, watercraft, boats, helicopters, and any other thing of value.

6. The term "*Communication*" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). For the avoidance of doubt, this may encompass any oral, written, or electronic transmission of information without limitation, including meetings,

discussions, conversations, telephone calls, email messages, text messages, Bloomberg messages, chat messages, Instant Bloomberg chat messages, social media messages (e.g., Facebook, Twitter), WhatsApp chat messages, Signal app messages, Telegram app messages, GroupMe chat messages, or other messaging platforms, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, video tapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind.

7. The term "*concerning*" shall mean relating to (however remotely), referring to, describing, evidencing, or constituting.

8. The term "*Cryptocurrency*" shall mean any digital or virtual currency or medium of exchange secured by or otherwise utilizing cryptography.

9. The term "*Cryptocurrency Wallet*" shall mean any device, physical medium, program, app, service, or software, or anything similar that stores private keys for Cryptocurrency or Cryptocurrency transactions, whether encrypted or otherwise.

10. The terms "*Debtor*" or "*Jones*" shall mean the Person who filed a petition for chapter 11 relief in the case of *In re Alexander E. Jones*, No. 22-33553 (CML) (Bankr. S.D. Tex.) and who goes by the name of Alexander Jones, Alex Jones, Alexander E. Jones, Alex E. Jones, Alexander Emeric Jones, Alex Emeric Jones, or any other variation of the Debtor's name, including any alter egos, including any alter egos, Persons who have apparent authority over the Debtor, Agents of the Debtor, and Professionals of the Debtor.

11. The term "*Document*" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), including but not limited to all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data

compilations. This includes documents stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, including but not limited to emails, texts, chats, spreadsheets, and PowerPoint presentations. A draft or non-identical copy is a separate document within the meaning of this term.

12. The term "***Domain Name***" shall mean any sequence of alphanumeric characters that forms all or part of the corresponding internet addresses.

13. The term "***FSS Case***" shall mean the case captioned *In re Free Speech Systems, LLC*, Case No. 22-60043 (CML) (Bankr. S.D. Tex.).

14. The term "***Gift***" shall mean any voluntary or involuntary Transfer of an Asset ***not*** made in exchange for any promise, service, product, or other Asset.

15. The term "***including***" shall mean "including, but not limited to."

16. The term "***Payment***" shall mean any voluntary or involuntary Transfer in exchange for any service, product, or other Asset, whether previously provided, provided contemporaneously with the Transfer, or to be provided in the future, and whether or not such service, product, or other Asset was or will be provided to the Person making or causing the Payment to be made.

17. The term "***Person***" shall mean any natural person or any legal entity, unincorporated association, or group of individuals or legal entities, whether formally or informally established, and their Affiliates and Professionals, including, without limitation, any business or governmental entity or association.

18. The term "***Professional***" shall mean any Person or entity engaged to provide or involved in providing professional services of any kind at any time, including without limitation,

any attorneys, consultants (including independent consultants), independent contractors, advisors, and testifying or non-testifying experts.

19. The term "**Reiley Entities**" shall mean any entities in which You have or have had a beneficial, legal, equitable, or pecuniary interest, directly or indirectly, including but not limited to the following entities:

    a. Blue Asension Logistics LLC;

    b. BMF Solutions LLC;

    c. DGS Promotion LLC;

    d. GH Total Solutions LLC;

    e. LPTZ Holdings LLC;

    f. Studio 2426 LLC; and

    g. Verboten LLC.

20. The term "**Subchapter V Trustee's Report**" shall refer to the *Subchapter V Trustee's Initial Findings of Free Speech Systems, LLC Investigation* filed in the FSS Case at ECF No. 549.

21. The term "**Transfer**" shall have the meaning ascribed in 11 U.S.C. § 101(54)(A)–(D), inclusive.

22. The terms "**You**," "**Your**," or "**Yours**" shall refer to Patrick Reiley.

23. The definitions described above shall apply regardless of whether such term is capitalized or not capitalized.

24. Any references to a Person shall be deemed to include such Person's Agents, accountants, advisors, employees, attorneys and other Professionals, officers, directors, direct or indirect shareholders, members, managers, representatives, Affiliates, subsidiaries, predecessors,

successors, assigns, trustees, fiduciaries, settlors, donors, beneficiaries, or any other individual or entity acting or purporting to act on behalf of such Person.  In addition, the reference to any trust shall include any current or former trustees, or other fiduciaries, settlors, donors, and beneficiaries.

25. The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

**INSTRUCTIONS**

1. These instructions incorporate by reference the requirements and duties of the Federal Bankruptcy Rules and the Local Rules.

2. Each Request is continuing in nature. If at any time additional Documents responsive to the Requests come into Your possession, custody, or control or are brought to Your attention, prompt supplementation of Your response to these Requests is required.

3. You are requested to produce all Documents, Communications, and information requested herein that are within Your possession, custody, or control or in the possession, custody, or control of Your current and former officers, directors, Agents, employees, representatives, Affiliates, Professionals, members, managers, trustees, or any other Person or entity acting or purporting to act on Your behalf.

4. You are requested to produce Documents, Communications, and information requested herein on a rolling basis.

5. If You cannot fully respond to one or more of the Requests after exercising due diligence to secure the information requested thereby, please so state, and specify: (a) the portion of each Request that cannot be responded to fully and completely; (b) what efforts were made to obtain the requested information; (c) the facts relied upon that support Your contention that the Request(s) cannot be answered fully and completely; and (d) any knowledge, information, or belief You have concerning the unanswered portion of any such Request(s).

6. All Documents shall be produced with metadata in TIFF format with OCR images, provided, however, that documents in Excel format shall be provided in native format. ***All Documents shall be produced with metadata, including but not limited to the date and time***

*created/sent, author, recipients, cc-copies, bcc-blind copies, family member information, MD-5 hash, subject line and title, and whether the document contains redactions*.

7. If the response to any Request consists, in whole or in part, of an objection on the basis of or including undue burdensomeness, then provide those documents that can be produced without undue burden. For such documents that are too unduly burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

8. If You intend to withhold any responsive Document, Communication, or other information on the basis of a claim of attorney-client privilege, work product protection, or any other ground of non-disclosure, You shall identify such Document, Communication, or information in writing by date of the Document's creation, title/file name/"re line"/subject, addressee/to/cc/bcc, addressor/from, Document type, and topic covered and listed with a statement of the grounds alleged for withholding such Document, Communication, or other information, including any privilege claimed.

9. If Your response to any Request is any other objection, You must indicate if Documents are being withheld based on the objection(s), provide all Documents not covered by the objection, and state the specific basis of the objection.

10. If any Document responsive to these Requests has been destroyed, lost, or discarded, state when the Document was destroyed, lost, or discarded; identify the Person who destroyed, lost, or discarded the Document; and, in the event the Document was destroyed or discarded, identify the Person who directed that it be destroyed or discarded. Additionally, detail the reasons for the destruction, loss, or discarding; describe the nature of the Document; identify

the Persons who created, sent, received, or reviewed the Document; and state in as much detail as possible the contents of the Document.

11. Subject to Instruction No. 6 above, Documents should be produced in the manner they are kept in the ordinary course of business. In producing Documents, all Documents that are physically attached to each other, or segregated or separated from other Documents, when originally located, should be produced as is.

12. All Documents shall be produced in such fashion as to identify the custodian or department in whose possession the Document was found and the business address of each Document's custodian(s).

13. The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

14. Unless otherwise specified, the Requests call for the production of Documents and Communications created, drafted, copied, or otherwise obtained from January 1, 2018, to the present.

15. By serving these Requests, the Committee reserves all rights, does not waive any of its rights, and expressly reserves the right to amend, to modify, or otherwise to supplement these Requests.

## REQUESTS FOR PRODUCTION

1. All Documents and Communications that You have produced in the above-captioned bankruptcy case or in the FSS Case, including all Documents and Communications that You have produced to the subchapter V trustee of the FSS Case.

2. All Documents and Communications concerning the Debtor's filing of his chapter 11 petition, including all Documents and Communications concerning the planning of the filing of his chapter 11 petition.

3. All Documents and Communications between You and the Debtor or any other Person concerning any Asset planning or estate planning with respect to, or in consideration of any creditor's ability to reach, any Assets in which the Debtor has a legal, possessory, beneficial, equitable, pecuniary, or disputed interest.

4. All Documents and Communications concerning any contracts, agreements, Payments, Transfers, Gifts, or distributions of any Assets between: (i) You or any Reiley Entity, on the one hand, and (ii) the Debtor, any entities the Debtor owns, operates, manages, or benefits from (directly or indirectly), or any entities that are owned or operated by any family member or associate of the Debtor and which are related to the Debtor (directly or indirectly), on the other hand.

5. All Documents and Communications concerning any contracts, agreements, Payments, Transfers, Gifts, or distributions of any Assets between or among:  the Debtor, any entities owned, managed, or operated by the Debtor, any family members or associates of the Debtor, and any entities that are owned or operated by any family member or associate of the Debtor, all to the extent ultimately related to the Debtor (directly or indirectly).

6. All Documents and Communications concerning the creation of any entity that does business, directly or indirectly, with the Debtor or the Debtor's businesses, including but not limited to the creation or purpose of any Reiley Entities.

7. All Documents and Communications concerning any Cryptocurrency or Cryptocurrency Wallets and accounts on any Cryptocurrency exchange belonging to, controlled by, or benefitting the Debtor or any entity owned, managed, or operated by the Debtor or from which the Debtor benefits, whether directly or indirectly, at any point in time.

8. All Documents and Communications concerning any notarization services You provided in or around April 2022, pertaining to the Debtor or the Debtor's businesses.