IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **ALEXANDER E. JONES** | § | Case No. 22-33553 |
| | § | |
| Debtor. | § | |
| | § | |

**DEBTOR'S EMERGENCY MOTION TO ENFORCE THE AUTOMATIC STAY
AND REQUEST FOR DAMAGES FOR STAY VIOLATION**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Alexander E. Jones ("Debtor"), debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Chapter 11 Case"), pursuant to Sections 105(a) and 362 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq.* (the "Bankruptcy Code"), hereby moves for the entry of an order enforcing the automatic stay and awarding damages for willful stay violation. In support of this Motion, Debtor respectfully represents as follows:

### I. JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).

2. Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a) and 362 of the Bankruptcy Code.

### II. BACKGROUND

4. Debtor hosts a syndicated radio and video talk show in Austin, Texas. Free Speech Systems, LLC ("FSS") is a single member LLC, 100% owned by Debtor, that produces and syndicates much of the show. In addition, FSS offers high-end dietary supplement products, books, t-shirts, and other products, which are solely promoted and advertised by Debtor during his radio and streaming video talk shows, for online sale to customers at the Infowars website.

5. On December 2, 2022 (the "Petition Date"), Debtor filed his voluntary petition for relief under the Bankruptcy Code.

6. Jones continues in possession of his holdings and is managing as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

7. An official committee of unsecured creditors was appointed in this Chapter 11 Case on December 13, 2022 [Docket No. 42].

8. On October 14, 2022, Elevated Solutions Group, LLC ("ESG") and Debtor entered into the Celebrity Endorsement and Likeness Use Agreement ("ESG Whiskey Contract"), whereby Debtor agreed to endorse and market certain whiskey brands, products, and merchandise over a one-year period for a joint venture whiskey agreement secured by ESG and Debtor would receive 20% of the net sale proceeds as a fee for services rendered under the ESG Whiskey Contract.

9. On November 5, 2022, ESG and Debtor entered into a Professional Services Agreement ("ESG Contract"), whereby ESG was to assist Debtor with the marketing and sales of various platinum dietary supplement products and ESG would receive 20% of the sale proceeds from the sale of such products. Debtor paid upfront expenses and purchased supplies. FSS and ESG also entered into a parallel contract which was intended to work in tandem with the ESG Contract (the "FSS/ESG Contract"). However, the FSS/ESG Contract contradicted the ESG Contract in that therein, ESG asserts ownership of the same Product as defined in the ESG contract as belonging to Debtor. The FSS/ESG Contract has since been terminated according to its terms.

10. On April 19, 2023, Debtor filed his *Motion for Entry of an Order Authorizing Rejection of Certain Executory Contracts* [Docket No. 244] to reject the ESG Whiskey Contract and ESG Contract.

11. On June 2, 2023, ESG sent demand to FSS to pay *ESG* for the goods purchased by *Debtor* under the ESG Contract. ESG made this ownership claim despite the prior termination of a parallel professional services agreement between ESG and FSS, and the fact that the Debtor paid for the Product and Debtor is entitled to reimbursement for cost of goods sold under the ESG Contract.

12. Due solely to ESG's demand and ownership claim, FSS has failed and refused to release the Cost of Goods Sold ("COGS") to Debtor, as well as the net proceeds Debtor would be entitled to under the ESG Contract, depriving his bankruptcy estate of the use of those funds. Although Debtor has attempted to reach an agreement with ESG by giving it due notice of this violation of the automatic stay, ESG has not retracted any assertion that ESG owns the goods purchased by Debtor under the ESG Contract, or that it has any ownership of the percentage owed to Debtor under the ESG Contract. ESG thereby continues to willfully violate the automatic stay

pursuant to section 362 of the Bankruptcy Code.

### III.     RELIEF REQUESTED AND BASIS FOR RELIEF

13.     Section 362(a) of the Bankruptcy Code precludes any entity from taking any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. Section 362 also precludes any act to collect, assess, or recover a claim against the Debtor that arose before the commencement of the bankruptcy case. 11 U.S.C. § 362. An action is related to a bankruptcy case if the outcome could conceivably affect the bankruptcy estate. *Edge Petrol. Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case),* 483 F.3d 292, 298 (5th Cir. 2007). "Certainty is unnecessary; an action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankruptcy estate." *Id.* By asserting that ESG owns the goods purchased by Debtor under the ESG Contract and preventing FSS from releasing funds owed to Debtor under the ESG Contract, ESG violates the automatic stay by taking an act to obtain possession of property of the estate and/or exercising control over property of the estate and Debtor's business operations.

14.     "Property of the estate," defined in 11 U.S.C. § 541(a), includes all legal or equitable interests of the debtor in property as of the commencement of the case. Debtor paid upfront all expenses and purchased supplies for the execution of the ESG Contract. In short, there are no contractual rights for ESG to claim, and ESG's claim on amounts due to Debtor cannot be found in any agreement between ESG and Debtor. As such, ESG now claiming it is entitled to COGS and the percentage owed to Debtor under the ESG Contract is making claims upon the property of the state, and directly causing funds to be withheld that could be used to administer Debtor's estate. Moreover, ESG's groundless claims on Debtor's COGS is causing, among other

things, legal fees to be incurred associated with ESG's demand. By exerting control over estate assets, ESG is causing harm to Debtor's estate in more than just the face value of the COGS.

15. Section 105(a) provides that the Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a). Debtor requests that the Court issue an order compelling ESG to immediately retract any and all assertions that ESG owns the goods purchased by Debtor under the ESG Contract, and to direct FSS to release funds owed to Debtor under the ESG Contract, to his bankruptcy estate.

16. Debtor gave ESG an opportunity to comply with the law and take action to ameliorate the situation before this motion had to be filed and ESG ignored Debtor's demand. Debtor therefore requests that the Court sanction ESG for its willful and intentional actions taken in violation of the automatic stay, including, without limitation, awarding Debtor for damages suffered, punitive damages, and attorneys' fees. Debtor requests that the Court set a subsequent hearing to consider this request.

## IV.    CONCLUSION

WHEREFORE, Debtor respectfully requests that this Court enter and order, substantially in the form of the Proposed Order attached hereto, (i) granting this Motion; (ii) authorizing Debtor to enforce the automatic stay by receiving the COGS plus any percentage owed to Debtor under the ESG Contract from FSS; (iii) awarding damages Debtor suffered as a result of ESG's conducts; and (iv) all other relief as the Court may deem proper and that Debtor is entitled.

Dated: July 17, 2023             Respectfully submitted,

                                                    **CROWE & DUNLEVY, P.C.**

By: */s/ Christina W. Stephenson*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone: 737.218.6187
Email: dallaseservice@crowedunlevy.com

-and-

Shelby A. Jordan
State Bar No. 11016700
S.D. No. 2195
Antonio Ortiz
State Bar No. 24074839
S.D. No. 1127322
**JORDAN & ORTIZ, P.C.**
500 North Shoreline Blvd., Suite 900
Corpus Christi, TX  78401
Telephone: (361) 884-5678
Facsimile:  (361) 888-5555
Email:  sjordan@jhwclaw.com
       aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com

**ATTORNEYS FOR ALEXANDER E. JONES**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices via the Court's ECF noticing system, counsel for ESG, the U.S. Trustee's Office, Counsel for the Unsecured Creditors' Committee, and all parties requesting notice pursuant to Rule 2002 on this 17th day of July, 2023.

                                      */s/ Christina W. Stephenson*
                                      Christina W. Stephenson