IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ALEXANDER E. JONES | § | Case No. 22-33553 |
| | § | |
| Debtor. | § | |
| | § | |

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO ENFORCE
THE AUTOMATIC STAY AND REQUEST FOR DAMAGES FOR STAY VIOLATION**

The Court, having considered *Debtor's Emergency Motion to Enforce the Automatic Stay and Request for Damages for Stay Violation* (the "Motion") filed by Debtor to enforce the automatic stay against Elevated Solutions Group, LLC ("ESG") and release certain funds from Free Speech Systems, LLC ("FSS") pursuant to Bankruptcy Code §§ 105(a) and 362, as more fully set forth in the Motion; and upon the Court's finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the Motion is in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, and Orders and procedures of this Court; (v) proper and adequate notice of the Motion and the hearing thereon was given, and no other or further notice is necessary; (vi) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; (vii) the relief sought in the Motion is in the best interest of Debtor's estate; (viii) any timely objection to the Motion having been withdrawn or overruled for the reasons stated on the record at the hearing on the Motion; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. In accordance with Bankruptcy Code §§ 105(a) and 362, Debtor is authorized to enforce the automatic stay against ESG and receive COGS plus any percentage owed to Debtor under the ESG Contract.

2. ESG shall retracts its demand and claims it has asserted against FSS for the goods purchased by Debtor (or any ownership of the percentage owed to Debtor) under the November 5, 2022 Professional Services Agreement (the "ESG Contract").

3. Accordingly, FSS shall immediately release, to Debtor's estate, the cost of goods sold ("COGS"), as well as the net proceeds Debtor would be entitled to under the ESG Contract, FSS was withholding pursuant to ESG's demand.

4. ESG shall reimburse Debtor for the costs and attorneys' fees associated with ESG's violation of the automatic stay and obtaining this order. The exact amount of which shall be determined after Debtor submits its invoices associated with ESG's violation of the automatic stay.

5. This order shall be immediately effective and enforceable upon entry.

6. This order, and all acts taken in furtherance or reliance thereon, shall be effective notwithstanding any objection until further order of this Court.

7. Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

8. Notice of the Motion provided by Debtor is deemed to be good and sufficient notice of the Motion, and the requirements of the Local Rules are satisfied by the contents of the Motion.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated: _____, 2023

_____
**UNITED STATES BANKRUPTCY JUDGE**