UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ALEXANDER E. JONES, | § | Case No. 22--33553 |
| | § | |
| DEBTOR. | § | Chapter 11 |

**FREE SPEECH SYSTEMS, LLC's MOTION TO QUASH THE NOTICE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' BANKRUPTCY RULE 2004 EXAMINATION OF FREE SPEECH SYSTEMS, LLC**

**[Relates to ECF No. 376]**

NOW COMES FREE SPEECH SYSTEMS, LLC ("FSS" or "Debtor") and files this *Objection to the Notice of the Official Committee of Unsecured Creditors' ("UCC") Bankruptcy Rule 2004 Examination of Free Speech Systems, LLC* ("2004 Notice") and for its objection would respectfully show the Court as follows:

**FACTUAL BACKGROUND**

**A. Business Operations**

1. FSS filed its voluntary petition initiating this chapter 11 bankruptcy on July 29, 2022 (the "Petition Date"). Prior to the Petition Date, the books and records of the Debtor were not maintained in an orderly fashion. The financial books were not current and inadequately maintained by a bookkeeper who lacked the skillset to professionally manage the Debtor's books. Physical business records were maintained in a dozen or more filing cabinets with no apparent organizational structure or were kept on one or more desktop computers.

2. The management personnel employed by the Debtor on the Petition Date were terminated by Marc Schwartz[1] at or about the Petition Date. Contract employees were hired to replace

---
[1] Employed by FSS as its original Chief Restructuring Officer ("CFO")

2

some of those employees. The total number of people employed by the Debtor has been reduced by approximately 15 people since the Petition Date.

3.  The Debtor engaged the Law Offices of Ray Battaglia, PLLC (a sole practitioner) and Shannon & Lee LLP as co-counsel to represent the Debtor in this chapter 11 case.

4.  On September 22, 2022, the Court denied the application to employ Schwartz as CRO and Shannon & Lee as co-counsel.

5.  FSS identified Patrick Magill to replace Schwartz as CRO but was unable to identify a firm to replace Shannon & Lee as co-counsel to the Debtor. Mr. Magill's employment was not approved until October 13, 2022.

6.  As result of the reduction in headcount and the turnover of key management personnel, FSS is lacking in "institutional memory" on historical operations. Schwartz and Magill focused their efforts as CRO on managing the Debtor's current and ongoing business and financial operations and not on correcting historical record keeping deficiencies.

**B.  Prior Discovery**

7.  Since the Petition Date, the Debtor has received multiple requests for information and formal and informal discovery. In September 2022, the Texas Plaintiffs served FSS with a Notice of Deposition with a request to produce 34 categories of documents. The Court significantly reduced the scope of that production and the Debtor voluntarily produced records relating to its relationship with PQPR Holdings Limited, LLC ("PQPR"). In August 2022, FSS produced 514 pages of relevant documents. FSS supplemented that production in September with an additional approximately 2100 pages[2] of documents.

8.  On October 14, 2022, FSS received a 2004 notice from Akin Gump, one of the counsel for the Sandy Hook families, requesting 62 categories of documents. Following discussions between

---

[2] The page count includes Excel files containing the Debtor's general ledger from 2012 through 2020.

3

counsel, the notice was not pursued.

9. The Court subsequently expanded the powers of the Subchapter V trustee ("Trustee"), authoring it to investigate the affairs of the Debtor. The Debtor made all of its records available to the Trustee and her counsel. The Debtor also voluntarily made its employees and the CRO available to the Trustee for interviews. The Debtor allowed the Trustee virtually unfettered access to the Debtor for her investigation.

10. On December 21, 2022, the UCC served another 2004 notice on FSS with a single request to produce all documents produced to the Trustee. FSS agreed to allow the turnover of all document production given to the Trustee to Akin Gump, now counsel for the UCC in the Alex Jones chapter 11 case.

11. On March 27, 2023, the UCC sent the Debtor a third proposed *Request for Production by The Official Committee of Unsecured Creditors of Alexander E. Jones to Free Speech Systems, LLC* requesting the production of 17 categories of documents ostensibly related to the Mountain Way matter. That request was followed promptly by a fourth draft *Joint Notice of The Official Committee of Unsecured Creditors and the Sandy Hook Families of Bankruptcy Rule 2004 Examination of Free Speech Systems, LLC*. Although the fourth notice was allegedly intended to seek documents relative to the FSS plan of reorganization, this notice included 13 expansive categories of documents that taken to its logical interpretation would encompass all of the Debtor's records.

12. The Debtor conferred with the UCC and agreed to a more limited document production relating to the Mountain Way matter and the FSS plan. FSS produced an additional 500 pages of documents and also provided the UCC's financial advisors with access to the CRO, and other key employees to interview regarding the Debtor operations and plan projections.

13. On June 7, 2023, the UCC sent a fifth draft *Notice of The Official Committee of Unsecured Creditors' Bankruptcy Rule 2004 Examination of Free Speech Systems, LLC*. The scope

4

of the requested documents was outrageously broad and unreasonable. Although this Notice sought only 29 categories of documents, the request sought records dating back 11 years and many of those requests were sufficiently vague and ambiguous as to include every record ever received or generated by the Debtor. For example, document production request number 17 sought the following:

> All Documents and Communications concerning any Corporate Records, Financial Records, and Tax Documents concerning the Debtor or any Debtor Related Entity, including any Documents produced utilizing QuickBooks or similar accounting software.

Debtor was defined as Alex Jones, but "Debtor Related Entity" included FSS, and 32 entities not owned or controlled by FSS. This request was outrageously broad and was either included without any thought as to the meaning and scope of the request or was included solely for the purposes of harassment of the Debtor. Many of the other categories of documents were equally egregious. When coupled with the "instructions" and "definitions" and the 11 year time frame, the request was virtually without limits.

14. Contrary to the representation in the 2004 Notice that counsel for FSS was not willing to meet and confer, counsel for FSS conferred with counsel for the UCC on June 26, 2023, regarding the June 7, 2004, notice and expressed frustration with the continuing stream of document production requests and the burdensome scope of the requests. Counsel for FSS explained that the Debtor and its counsel lacked the personnel to entertain the absurdly broad production request and was unwilling to parse through the UCC's" broad, vague and ambiguous requests to explore the real scope of the UCC's document needs.

15. The UCC unilaterally revised the 2004 Notice to include only 19 categories of documents, down from the original 29, and limited the time parameters to a mere 5 years. Apparently the UCC decided on its own that the 11 year time span in its draft notice was unreasonable.

## OBJECTIONS TO THE 2004 NOTICE

16. The document requests in the 2004 Notice are overbroad, vague and ambiguous. In

5

the 2004 Notice, Debtor is defined as Alex Jones. The following terms are so ill defined or imprecisely defined by the UCC's own 2004 Notice as to render FSS compliance impossible:

- The term "Debtor Related Entity" is defined to as "entities that the Debtor [Jones] owns, operates, manages, or benefits from, directly or indirectly, including any Debtor Related Trust."

- The term "Debtor Related Trust" is defined to include "any trust for which the Debtor [Jones] or any Debtor Related Entity is a beneficiary, settlor, donor, or trustee, including but not limited to the Missouri 779384 Trust; the RXXCTTGAA Trust; the Alexander E. Jones Descendent and Beneficiary Trust; the 2022 Appeal Trust; the 2022 FSS Litigation Settlement Trust; the AEJ 2018 Trust; the Green Leaf Trust; the Recharge Dynasty Trust; and the Hutton Cabin Trust; and shall include any of their Affiliates, predecessors and successors in interest, and any of their former or current trustees, settlors, donors, beneficiaries, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on their behalf."

- The term Family Member is defined to include any of Jones's current or former spouses; any children of Jones; Jones's parents; and Jones's first-degree, second-degree, third-degree, and fourth-degree relatives.

17. Outside of the eight trusts identified as "Debtor Related Trusts" FSS has no reasonable means to identify Debtor Related Trusts, Debtor Related Entities or their Affiliates, predecessors and successors in interest, and any of their former or current trustees, settlors, donors, beneficiaries, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on their behalf. FSS is also ill prepared to perform a genealogy search to determine Jones's first-degree, second-degree, third-degree, and fourth-degree relatives.

18. The documents requested in requests numbered 2, 4, 8, 9, 10, 11, 12, 15, 16, 17 and 18 do not even seek FSS's documents. Neither FSS nor "You"[3] are included in the scope of the request. It seems the UCC is requesting the production of documents belonging to others that might happen to be on FSS' premises. Moreover, each of those requests seek the production of documents "concerning", "sufficient to identify" or "related to" any Debtor Related Entity or Family Member. Sloppy draftsmanship renders FSS incapable of complying with these requests, even if they were not

---

[3] You is defined as FSS in the 2004 Notice.

6

otherwise improper.

19.    While the documents requested in requests numbered 1, 5, 13, 14 and 19 at least include a request for documents between FSS and other parties, those other parties include Debtor Related Entity or Family Member, rendering those requests equally vague and ambiguous.

20.    The document requests in the 2004 Notice are duplicative of prior requests and responsive documents have previously been produced by FSS. Many of the documents sought in the. 2004 Notice are duplicative of one the numerous prior requests by the UCC and are included in the 3000 plus pages of documents already produced by FSS. For example, document request number 3 requests the production of, "All Documents and Communications concerning any legal or financial advice received in connection with FSS's negotiation, preparation, and execution of notes or security agreements with PQPR Holdings Limited LLC". FSS has previously produced all responsive documents.

21.    The document requests in the 2004 Notice seek documents requested from subjects of one or more of the 25 other 2004 notices filed with this Court in the Alex Jones chapter 11 case. The UCC has already lodged document production requests upon each of the following individuals or entities[4]:

| | | | |
|---|---|---|---|
| Axos Bank | ECF 247 | Bank of America | ECF 248 |
| Coinbase | ECF 249 | Prosperity Bank | ECF 250 |
| Erika Wulfe Jones | ECF 251 | J.P. Morgan Chase | ECF 255 |
| Michael Zimmerman | ECF 264 | Security Bank of Crawford | ECF 265 |
| Frost Bank | ECF 271 | David Jones | ECF 271 |
| Carol Jones | ECF 274 | Plains Capital Bank | ECF 276 |
| Austin Rivera | ECF 277 | PQPR Holdings Limited, LLC | ECF 279 |
| Payarc LLC | ECF 281 | David Minton | ECF 283 |
| Elevated Solutions Group, LLC | ECF 290 | Bank of England Mortgage Corp | ECF 297 |
| Toshi Holdings Pte, Ltd. | ECF 303 | Eric Taube | ECF 332 |
| Binance US | ECF 354 | Donald Carnes | ECF 352 |
| Patrick Reily | ECF 371 | Joey Delassio | ECF 382 |
| Ally Bank | ECF 262 | | |

---

[4] ECF references are to pleadings filed in the Alex Jones case. 22-33553.

22. Many of the categories of documents requested in the 2004 Notice have either been produced or requested from one of more of the parties identified above. Inasmuch as FSS is not identified as a party to the documents requests in requests numbered 2, 4, 8, 9, 10, 11, 12, 15, 16, 17 and 18, it is likely that one or more of the above parties has or will produce the documents sought by the UCC in the 2004 Notice with considerably less cost and burden to FSS.

23. The document requests in the 2004 Notice are burdensome to FSS. As previously noted, the Debtor lacks institutional memory. In the absence of any institutional knowledge of FSS' record keeping and storage, in order for FSS to produce the documents sought in the 2004 Notice, FSS and its counsel would need to dedicate more personnel resources than are available exclusively to the task of document production. Counsel for the Debtor, a solo practitioner would be employed full time in searching, reviewing, and cataloging documents. Management resources would be diverted to document production rather than running the company for the benefit of creditors. The 2004 Notice places more burden on FSS than the value of the requested documents warrants.

WHEREFORE PREMISES CONSIDERED, Free Speech Systems, LLC requests that the Court quash the 2004 Notice and grant it such other and further relief to which it may be justly entitled.

Respectfully submitted.

LAW OFFICES OF RAY BATTAGLIA, PLLC

/S/ *RAYMOND W. BATTAGLIA*
Raymond W. Battaglia
State Bar No. 01918055
rbattaglialaw@outlook.com
66 Granburg Circle
San Antonio, Texas 78218
Tel. (210) 601-9405

*Counsel to the Debtor and Debtor-In-Possession*

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing instrument has been served on this 25th day of July 2023, served via electronic mail to those parties registered to receive electronic mail via the Court's CM/ECF system.

/s/Raymond W. Battaglia
Raymond W. Battaglia

2