IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | | |
|---|---|---|---|
| IN RE: | § | | |
| | § | | |
| Alexander E. Jones, | § | CASE NO. | 22-33553 |
| DEBTOR | § | | |
| | § | | |

## RESPONSE TO DEBTOR'S MOTION
## TO ENFORCE AUTOMATIC STAY AND FOR DAMAGES

**COMES NOW**, Elevated Solutions Group, LLC ("ESG"), and files this *Response To Debtor's Motion To Enforce The Automatic Stay And For Damages,* and in support would respectfully show:

1. The Debtor has requested to the Court to determine its interest in property held by a third party under the guise of seeking equitable relief under 11 U.S.C. § 362.

2. In addition, the Debtor requests a mandatory injunction[1] from this Court (an order compelling ESG to retract certain alleged statements).

3. All of these claims require the institution of an adversary proceeding. See FED. R. BANKR. P. 7001; see also *Feld v. Zale Corp. (In re Zale)*, 62 F.3d 746, 762-63 (5th Cir. 1995).

4. ESG does not waive its rights under the adversary rules and objects to proceeding with this proceeding as a contested matter.

5. In addition, ESG does not waive its rights to seek contractually agreed

---

[1] Mandatory Injunction is an order requiring affirmative conduct. See *International Longshoremen's Assoc., Local 1291 v. PA Marine Trade Assoc.*, 389 U.S. 64, 75 (1967) ("[T]he district court order was an "equitable decree compelling obedience under the threat of contempt and was therefore an 'order granting an injunction' within the meaning of Rule 65(d)."); see also *Johnson v. Gambrinus Co./Spoetzl Brewery*, 116 F.3d 1052, 1057 (5th Cir. 1997)(Order requiring preparation of plan to remedy ADA violations amounts to a mandatory injunction.); *U.S. v. J.H. Brock (In re Wingreen Co.)*, 412 F.2d 1048, 1051 (5th Cir. 1969) (Order directing IRS to conduct an audit of the debtor's books and records in the nature of mandamus or of a mandatory injunction); *Eighth Regional War Labor Board v. Humble Oil & Refining Co.*, 145 F.2d 462 (5th Cir. 1944) (Order directing board and its members to process applications was "equivalent to a mandatory injunction".)

arbitration of the issues that may be raised by a properly filed and served complaint.

6. Subject to the objections raised above, ESG responds as follows:
7. ESG admits that this Court has jurisdiction, denies that this is a core proceeding as alleged in paragraph 1 of the Motion.
8. ESG admits that venue is proper as alleged in paragraph 2 of the Motion.
9. Paragraph 3 of the Motion does not contain factual allegations that require a response.
10. ESG admits the factual allegations contained in paragraph 4 of the Motion.
11. ESG admits the factual allegations contained in paragraph 5 of the Motion.
12. ESG admits the factual allegations contained in paragraph 6 of the Motion.
13. ESG admits the factual allegations contained in paragraph 7 of the Motion.
14. ESG admits that it is a party to the identified agreement and would refer to the agreement itself regarding the terms and contents of the agreement as alleged in paragraph 8 of the Motion.
15. ESG admits that it is a party to the identified agreement and would refer to the agreement itself regarding the terms and contents of the agreement as alleged in paragraph 9 of the Motion.
16. ESG admits the factual allegations contained in paragraph 10 of the Motion.
17. ESG admits receiving correspondence from the Debtor regarding the contract and would refer to the existing contract regarding the terms contained therein as alleged in paragraph 11 of the Motion.
18. ESG is unable to admit or deny the reasons for the actions/inactions of a third-party (FSS), is unable to admit or deny the actual actions or inactions by a third-party (FSS), is unable to admit or deny what actions the Debtor has taken, and denies the remaining factual allegations contained in paragraph 12 of the Motion.
19. ESG denies the factual allegations contained in paragraph 13 of the Motion.

20. ESG would refer to the applicable contract regarding the parties rights and obligations and denies the remaining factual allegations contained in paragraph 14 of the Motion.

21. ESG denies the factual allegations contained in paragraph 15 of the Motion.

22. ESG denies the factual allegations contained in paragraph 16 of the Motion.

**WHEREFORE**, ESG requests the Court to enter an Order denying the Motion and to grant it such other and further relief, at law or in equity, to which it may be entitled.

Dated:   August 7, 2023

Respectfully submitted,
By:   */s/ Johnie Patterson*
　　　Johnie Patterson
　　　COUNSEL FOR ESG
　　　SBN 15601700

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 (telephone)
(713) 956-5570 (fax)

## CERTIFICATE OF SERVICE

I, Johnie Patterson, hereby certify that a true and correct copy of the foregoing Response was served on all parties entitled to receive notice pursuant to the Court's CM/ECF noticing service by electronic transmission, on August 7, 2023.

　　　*/s/Johnie Patterson*
　　　Johnie Patterson