**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| ALEXANDER E. JONES, | Case No. 22-33553 (CML) |
| Debtor. | (Emergency Hearing Requested) |

**EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALEXANDER E. JONES TO ENFORCE JUNE 8, 2023 RULING AGAINST ELEVATED SOLUTIONS GROUP, LLC**

**NOTICE UNDER BANKRUPTCY LOCAL RULE 9013-1(b) AND 9013-1(i)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THERE WILL BE A HEARING ON THIS MATTER ON AUGUST 23, 2023 AT 2:30 P.M. (PREVAILING CENTRAL TIME) IN COURTROOM 401, 515 RUSK ST., HOUSTON, TX 77002.**

The Official Committee of Unsecured Creditors (the "Committee"), duly appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Alexander E. Jones (the "Debtor"), by and through its undersigned counsel, files this *Emergency Motion of the Official Committee of Unsecured Creditors of Alexander E. Jones to Enforce June 8, 2023 Ruling Against Elevated Solutions Group, LLC* (the "Motion") to (i) require Elevated Solutions Group, LLC ("ESG") to comply with the Committee's duly served discovery, as modified during the hearing that was previously held before this Court on June 8, 2023 (the "Hearing") on ESG's *Emergency Motion for Protection by Elevated Solutions Group, LLC* [ECF No. 313] (the "ESG Motion") and the Committee's *Objection of the Official Committee of Unsecured Creditors of Alexander E. Jones to the Emergency Motion for Protection by Elevated Solutions Group, LLC and Countermotion to Compel Elevated Solutions Group, LLC to Comply with Discovery* [ECF No. 320] (the "First Motion to Compel") and (ii) require ESG to complete its production on or before August 31, 2023. In support of the Motion, the Committee respectfully states the following:

## BASIS FOR RELIEF

1. The Committee files this Motion in order to ask this Court to require ESG to comply with the Committee's discovery, consistent with the Court's instructions during the Hearing on June 8, and to set a date for completion of ESG's production. On May 18, 2023, the Committee served discovery on ESG, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, which sought certain documents and information, including bank account statements and communications concerning seventeen counterparties that ESG had identified as entities who conducted or were intended to conduct business with the Debtor and/or FSS (the "Counterparties"). *See Notice of the Official Committee of Unsecured Creditors' Bankruptcy Rule 2004 Examination of Elevated Solutions Group, LLC* [ECF No. 290] (the "2004 Requests"). ESG

moved for an order of protection to resist the Committee's requests entirely, the Committee opposed the ESG Motion and filed a countermotion to compel ESG to comply with discovery, and the Court held the Hearing on the ESG Motion and the Committee's First Motion to Compel. At the Hearing, the Court did not grant the ESG Motion but rather instructed ESG to produce documents responsive to the Committee's requests, with some modifications, by June 23, 2023. Due to certain personal matters of ESG's owner, that were communicated to the Committee by counsel, the Committee agreed to multiple extensions of the deadline as a courtesy. Nonetheless, after repeated promises of production, and agreeing twice on a date for Mr. Dalessio's examination, ESG's counsel informed the Committee on July 28, 2023 during a meet and confer that (i) ESG would not produce bank account statements showing transactions with the Counterparties, and (ii) ESG's production of responsive communications would be further delayed. As a result, ESG's document production would not be complete by the previously agreed August 9, 2023 deposition date. On August 1, 2023, the Committee sent ESG's counsel an email confirming the Committee's understanding of ESG's positions based on the meet and confer and that an impasse had been reached.

2. First, ESG should be required to produce bank accounts statements, as requested by the Committee and previously instructed by the Court. *See* 2004 Requests at Request 4; June 8, 2023 Hr'g Tr. at 24:25-25:2 [ECF No. 330] ("I do think that if there's accounts that relate to the business relationship, they can be produced."). The Committee has previously offered (which offer was repeated during the meet and confer on July 28) that information regarding business transactions or personal transactions unrelated to the Debtor, FSS, or the Counterparties could be redacted. ESG, however, has stated its intention to redact information concerning transactions with the Counterparties. As recognized by the Court during the Hearing, business relationships

2

that involve the Debtor, FSS and the Counterparties are relevant to the Committee's inquiry. *See* June 8, 2023 Hr'g Tr. at 25:13-15 ("I'm going to give you 6, but as it relates to business relationships between the Debtor or Free Speech and one of these parties."). As such, bank account statements should be produced with no redaction of transactions concerning the Debtor, FSS, or the Counterparties.

3. Second, a date certain to complete production is now required. The Committee has agreed to multiple extensions, in light of certain personal matters raised by ESG. Nevertheless, it is now nearly two months since production was previously ordered and ESG has provided no commitment to complete its production by a date certain. The Committee has already had to move its deposition date twice. As such, the Committee requests that the Court set a deadline for ESG to complete production on or before August 31, 2023. The Committee believes that this date should provide ESG with more than sufficient time to complete its review and production.

## EMERGENCY CONSIDERATION

4. Emergency consideration of the Motion is warranted. The Court, nearly two months ago, ordered that ESG's production be completed by June 23, 2023 and provided guidance regarding the scope of such production (*see* June 8, 2023 Hr'g Tr. at 24:18-26:4, 30:14-21), but the production has not been completed and disagreements over the scope of production have recently come to light. The Committee has attempted to resolve this issue with ESG but the parties have reached an impasse. For these reasons, emergency consideration is warranted.

## CONCLUSION

For the foregoing reasons, the Committee respectfully requests that the Court grant the Motion and enter an order substantially in the form attached hereto as **Exhibit 1**.

Houston, Texas
Dated: August 9, 2023

By: */s/ Marty L. Brimmage, Jr.*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Marty L. Brimmage, Jr.
Texas Bar No. 00793386
Lacy M. Lawrence
Texas Bar No. 24055913
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email: mbrimmage@akingump.com
Email: llawrence@akingump.com

*-and-*

Ira S. Dizengoff (admitted *pro hac vice*)
David M. Zensky (admitted *pro hac vice*)
Philip C. Dublin (admitted *pro hac vice*)
Sara L. Brauner (admitted *pro hac vice*)
Katherine Porter (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: idizengoff@akingump.com
Email: dzensky@akingump.com
Email: pdublin@akingump.com
Email: sbrauner@akingump.com
Email: kporter@akingump.com

***Counsel to the Official Committee of Unsecured Creditors of Alexander E. Jones***

**CERTIFICATE OF CONFERENCE**

I certify that counsel for the Committee met and conferred with counsel for ESG on July 28, 2023 by telephone and by email on August 1 and 4, 2023 in an effort to resolve the matters set forth in this Motion, and we have been unable to resolve those matters.

*/s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.

**CERTIFICATE OF ACCURACY**

Pursuant to Bankruptcy Local Rule 9013-1(i), I hereby certify that the factual statements contained herein are true and correct, to the best of my personal knowledge, and that emergency relief is necessary in light of impending hearings and deadlines.

*/s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 9, 2023, a true and correct copy of the foregoing Emergency Motion to Compel was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

*/s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.

# **EXHIBIT 1**

## **Proposed Order**