IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ALEXANDER E. JONES | § | Case No. 22-33553 |
| | § | |
| Debtor. | § | |
| | § | |

**NOTICE OF DEBTOR ALEXANDER E. JONES' BANRUPTCY
RULE 2004 EXAMINATION OF YOUNGEVITY INTERNATIONAL, INC.**

TO:   Youngevity International, Inc., Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 2004-1 of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), Youngevity International, Inc. is commanded to produce documents and electronically stored information ("ESI"), and respond to the requests for production (the "Requests"), identified in the attached **Exhibit "A"** to the undersigned counsel for Alexander E. Jones ("Jones" or "Debtor"), appointed in the above-captioned chapter 11 case (the "Chapter 11 Case"), no later than **September 7, 2023 at 4:00 p.m. CDT** (the "Production Date").

Please take further notice that Debtor reserves its rights under title 11 of the United States Code (the "Bankruptcy Code"), the Bankruptcy Rules, the Local Rules, and any applicable law regarding the subject matter of this Notice, and to amend, supplement, and/or modify Exhibit A attached hereto in accordance with the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and other applicable law.

Dated: August 17, 2023             Respectfully submitted,

                                   **CROWE & DUNLEVY, P.C.**

                                   By: _/s/ Cristina W. Stephenson_
                                   Vickie L. Driver
                                   State Bar No. 24026886
                                   Christina W. Stephenson
                                   State Bar No. 24049535
                                   2525 McKinnon St., Suite 425
                                   Dallas, TX 75201
                                   Telephone: 737-218-6187
                                   Email: dallaseservice@crowedunlevy.com

                                   **ATTORNEYS FOR DEBTOR**
                                   **ALEXANDER E. JONES**

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that on August 16, 2023, I attempted to confer with Youngevity regarding this Notice of Rule 2004 Examination by calling (619) 934-3980, the number on Youngevity's Form 8-K filed with the United States Securities and Exchange Commission and on publicly available online sources. A representative at Youngevity could not be reached to determine whether it was opposed to the relief sought in this Notice of Rule 2004 Examination.

*/s/ Christina W. Stephenson*
Christina W. Stephenson

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 17, 2023, a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices either via the Court's ECF noticing system or via certified mail, return receipt requested to Youngevity via the following addresses:

The Corporation Trust Company
Registered Agent
Corporation Trust Center 1209 Orange Street
Wilmington, Delaware 19801

Youngevity International, Inc.
c/o Stephen Wallach, CEO
Principal Executive Office
2400 Boswell Road
Chula Vista, CA 91914

*/s/ Christina W. Stephenson*
Christina W. Stephenson

## EXHIBIT A

## DEFINITIONS

The following definitions apply to the Requests. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1.      The terms "*and*" and "*or*" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request all Documents, Communications, or responses that might otherwise be construed to be outside of its scope.

2.      The terms "*all*," "*any*," and "*each*" shall each be construed as encompassing any and all of these terms.

3.      The term "*Agreement*" shall mean a contract, arrangement, or understanding, formal or informal, oral or written.

4.      The term "*Communication*" shall mean and include, without limitation, any documents, telephone conversations, discussions, facsimiles, e-mails, meetings, memorandum and any other medium through which any information is conveyed.

5.      The term "*Document*" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), including but not limited to all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations. This includes documents stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, including but not limited to emails, texts, charts, spreadsheets, and PowerPoint

presentations. A draft or non-identical copy is a separate document within the meaning of this term.

6.      The terms "*concerning*," "*regarding*," "*relating to*," "*referring to*," "*arising out of*" are to be understood in their broadest sense and each means concerning, constituting, identifying, evidencing, summarizing, commenting upon, referring to, relating to, arising out of, describing, digesting, reporting, listing, analyzing, studying, discussing, stating, setting forth, reflecting, interpreting, concerning, recording, including, negating, manifesting, containing, consisting of, dealing with, comprising, or in any way pertaining to the subject matter identified, in whole or in part.

7.      The term "*Affiliate*" or "*Affiliates*" shall have the meaning ascribed to the term "Affiliate" under 11 U.S.C. § 101(2).

8.      The term "*Agent*" shall mean any Person and their Professionals acting for or on behalf of another Person.

9.      The term "*Corporate Records*" shall include articles of associates, company bylaws, articles of incorporation, founding documents, policies and resolutions made by management, records of material transactions, approvals of material contracts, records of sale, purchase of real estate, annual reports, and any other Documents concerning an entity's organization or material activities.

10.     The term "*Cryptocurrency*" means any digital currency that utilizes cryptography or similar technology to secure transactions that are digitally recorded on a distributed ledger, such as a blockchain or similar technology.

11.     The term "*Jones*" or "*Debtor*" shall mean the Person who filed a petition for chapter 11 bankruptcy in the case of In re Alexander E. Jones, No. 22-33553 (CML) (Bankr. S.D.

Tex.) and who goes by the name of Alexander Jones, Alex Jones, Alexander E. Jones, Alex E. Jones, Alexander Emeric Jones, Alex Emeric Jones, or any other variation of the Debtor's name, including any alter egos, Persons who have apparent authority over the Debtor, Agents of the Debtor and Professionals.

12.     The term "*Debtor Related Entity*" shall include the following Persons, each as defined herein:

   a.     A. Emric Productions, LLC;

   b.     AEJ Austin Holdings LLC;

   c.     AEJ Holdings LLC;

   d.     Austin Shiprock Publishing LLC;

   e.     Blue Asension Logistics LLC;

   f.     Emric Productions LLC;

   g.     Free Speech Systems, LLC;

   h.     Guadalupe County Land and Water L.L.C.;

   i.     InfoW, LLC;

   j.     IWHealth, LLC;

   k.     JLJR Holdings LLC;

   l.     Jones Production;

   m.     Jones Productions, LLC;

   n.     Jones Report, LLC;

   o.     LPTZ Holdings LLC;

   p.     Magnolia Holdings, Limited Partnership;

   q.     Magnolia Management, LLC;

r.      MRJR Holdings Limited LLC;

s.      Planet Infowars, L.L.C.;

t.      PLJR Holdings LLC;

u.      PQPR Holdings Limited LLC;

v.      Prison Planet TV, LLC; and

w.      Any other entity owned by Debtor, in whole or in part.

13.     The term "*FSS*" shall mean Free Speech Systems, LLC which filed a petition for chapter 11 bankruptcy in the case of In re Free Speech Systems LLC, No. 22-60043 (CML) (Bankr. S.D. Tex.) and shall include any of its Affiliates, predecessors and successors in interest, and any of its or their former or current employees, members, managers, officers, directors, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on its behalf.

14.     The term "*A. Emric Productions, LLC*" shall refer to the entity named A. Emric Productions, LLC for which articles of organization were filed with the Texas Secretary of State on or about May 10, 2007, and shall include any of its Affiliates, predecessors and successors in interest, and any of its or their former or current employees, members, managers, officers, directors, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on its behalf.

15.     The term "*AEJ Austin Holdings LLC*" shall refer to the entity named AEJ Austin Holdings LLC for which articles of organization were filed with the Texas Secretary of State on or about September 24, 2018, and shall include any of its Affiliates, predecessors and successors in interest, and any of its or their former or current employees, members, managers, officers, directors, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on its behalf.

16.     The term "***AEJ Holdings, LLC***" shall refer to the entity named AEJ Holdings, LLC or AEJ Holdings LLC, and shall include any of its Affiliates, predecessors and successors in interest, and any of its or their former or current employees, members, managers, officers, directors, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on its behalf.

17.     The term "***Austin Shiprock Publishing LLC***" shall refer to the entity named Austin Shiprock Publishing LLC for which articles of organization were filed with the Texas Secretary of State on or about April 4, 2012, and shall include any of its Affiliates, predecessors and successors in interest, and any of its or their former or current employees, members, managers, officers, directors, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on its behalf.

18.     The term "***Blue Asension Logistics LLC***" shall refer to the entity named Bluie Asension Logistics LLC for which articles of organization were filed with the Texas Secretary of State on or about March 7, 2022, and shall include any of its Affiliates, predecessors and successors in interest, and any of its or their former or current employees, members, managers, officers, directors, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on its behalf.

19.     The term "***Guadalupe County Land and Water L.L.C.***" shall refer to the entity by6 the name of Guadalupe County Land and Water L.L.C. for which articles of organization were filed with the Texas Secretary of State on or about May 7, 2022, and shall include any of its Affiliates, predecessors and successors in interest, and any of its or their former or current employees, members, managers, officers, directors, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on its behalf.

20.    The term "*InfoW, LLC*" shall refer to the entity named InfoW, LLC, formerly known as Infowars LLC, for which articles of formation were filed with the Texas Secretary of State on or about November 15, 2007, and shall include any of its Affiliates, predecessors and successors in interest, and any of its or their former or current employees, members, managers, officers, directors, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on its behalf.

21.    The term "*IWHealth, LLC*" shall refer to the entity named IWHealth, LLC, formerly known as Infowars Health, LLC, for which articles of formation were filed with the Texas Secretary of State on or about May 24, 2012, and shall include any of its Affiliates, predecessors and successors in interest, and any of its or their former or current employees, members, managers, officers, directors, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on its behalf.

22.    The term "*JLJR Holdings, LLC*" shall refer to the entity named JLJR Holdings, LLC for which articles of formation were filed with the Nevada Secretary of State on or about October 2, 2013, and shall include any of its Affiliates, predecessors and successors in interest, and any of its or their former or current employees, members, managers, officers, directors, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on its behalf.

23.    The term "*Jones Production*" shall refer to any entity affiliated with Debtor that goes by the name of Jones Production, and shall include any of its Affiliates, predecessors and successors in interest, and any of its or their former or current employees, members, managers, officers, directors, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on its behalf.

24.     The term "***Jones Productions, LLC***" shall refer to the entity by the name of Jones Productions, LLC, for which articles of formation were filed with the Texas Secretary of State on or about November 14, 2007, and shall include any of its Affiliates, predecessors and successors in interest, and any of its or their former or current employees, members, managers, officers, directors, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on its behalf.

25.     The term "***Jones Report, LLC***" shall refer to the entity by the name of Jones Report, LLC for which articles of formation were filed with the Texas Secretary of State on or about November 15, 2007, and shall include any of its Affiliates, predecessors and successors in interest, and any of its or their former or current employees, members, managers, officers, directors, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on its behalf.

26.     The term "***LPTZ Holdings LLC***" shall refer to the entity named LPTZ Holdings LLC for which articles of formation were filed with the Texas Secretary of State on or about April 12, 2022, and shall include any of its Affiliates, predecessors and successors in interest, and any of its or their former or current employees, members, managers, officers, directors, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on its behalf.

27.     The term "***Magnolia Holdings, Limited Partnership***" shall refer to the entity named Magnolia Holdings, Limited Partnership for which articles of formation were filed with the Alaska Secretary of State on or about November 20, 2007, and shall include any of its Affiliates, predecessors and successors in interest, and any of its or their former or current employees, members, managers, officers, directors, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on its behalf.

28.     The term "*Magnolia Management, LLC*" shall refer to the entity named Magnolia Management, LLC for which articles of formation were filed with the Alaska Secretary of State on or about November 16, 2007, and shall include any of its Affiliates, predecessors and successors in interest, and any of its or their former or current employees, members, managers, officers, directors, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on its behalf.

29.     The term "*MRJR Holdings Limited LLC*" shall refer to the entity named MRJR Holdings Limited LLC for which articles of formation were filed with the Nevada Secretary of State on or about June 12, 2019, and shall include any of its Affiliates, predecessors and successors in interest, and any of its or their former or current employees, members, managers, officers, directors, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on its behalf.

30.     The term "*Planet Infowars, L.L.C.*" shall refer to the entity named Planet Infowars, L.L.C. for which articles of formation were filed with the Texas Secretary of State on or about April 4, 2012, and shall include any of its Affiliates, predecessors and successors in interest, and any of its or their former or current employees, members, managers, officers, directors, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on its behalf.

31.     The term "*PLJR Holdings, LLC*" shall refer to the entity named PLJR Holdings, LLC for which articles of formation were filed with the Nevada Secretary of State on or about October 2, 2012, which was registered to do business in Texas on or about October 9, 2013, and shall include any of its Affiliates, predecessors and successors in interest, and any of its or their former or current employees, members, managers, officers, directors, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on its behalf.

32.     The term "***PQPR Holdings Limited LLC***" shall refer to the entity named PQPR Holdings Limited LLC for which articles of formation were filed with the Nevada Secretary of State on or about October 2, 2013, which was registered to do business in Texas on or about October 9, 2013, and shall include any of its Affiliates, predecessors and successors in interest, and any of its or their former or current employees, members, managers, officers, directors, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on its behalf.

33.     The term "***Prison Planet TV, LLC***" shall refer to the entity named Prison Planet TV, LLC for which articles of organization were filed with the Texas Secretary of State on or about November 15, 2007, and shall include any of its Affiliates, predecessors and successors in interest, and any of its or their former or current employees, members, managers, officers, directors, beneficial owners, Agents, advisors, attorneys, Professionals, or anyone else acting on its behalf.

34.     The term "***Financial Records***" shall include any Document or Communication that contains or summarizes information about any Person's or entity's financial activities or condition including, but not limited to, information about the Assets, balance sheets, budgets, cash flow, earnings, revenue, Gifts, Payments, Transfers in Assets or interests, Tax Documents, and books and records containing any of the above maintained in the ordinary course business.

35.     The term "***Gift***" shall mean any Transfer to a Person, either directly or indirectly, where full consideration (measured in money or money's worth) is not received in return.

36.     The term "***including***" shall mean "including", but not limited to."

37.     The term "***Income***" shall mean any compensation in exchange for goods or services, including fees, commissions, fringe benefits, and other similar items.

38.     The term "***IRS***" shall refer to the Internal Revenue Service.

**NOTICE OF DEBTOR ALEXANDER E. JONES' BANKRUPTCY RULE 2004 EXAMINATION OF YOUNGEVITY INTERNATIONAL, INC. – Page 12**

39.     The term "*Payment*" shall mean any voluntary or involuntary Transfer of an Asset directly or indirectly from You or on Your behalf having a value of $100 or more in exchange for any service, product, or other Asset, whether previously provided, provided contemporaneously with the Transfer, or to be provided in the future.

40.     The term "*Person*" shall mean any natural person or any legal entity, unincorporated association, or group of individuals or legal entities, whether formally or informally established, and their Affiliates and Professionals, including, without limitation, any business or governmental entity or associate.

41.     The term "*Petition Date*" shall mean December 2, 2022.

42.     The term "*Professional*" shall mean any Person or entity engaged to provide or involved in providing professional services of any kind at any time, including without limitation, any attorneys, consultants (including independent consultants), independent contractors, advisors, and testifying or non-testifying experts.

43.     The term "*Tax Documents*" shall mean any tax return, tax form, tax schedule, declaration, report, claim for refund, assessment, or information return, statement, or other Document relating to taxes, including any schedules or form or attachment thereto, whether prepared by the tax payer, in the taxpayer's individual capacity or the taxpayer's capacity as an employer or employee, a tax preparer, a tax Professional, a bank or financial institution, the IRS, or any other governmental authority.

44.     The term "*Transfer*" shall have the meaning ascribed in 11 U.S.C. § 101(54)(A)-(D), inclusive.

45.     The terms "*You*", "*Your,*" or "*Yours*" shall mean Youngevity Internation, Inc. ("Youngevity"), and any Person or entity over which Youngevity has agency or apparent authority.

**NOTICE OF DEBTOR ALEXANDER E. JONES' BANKRUPTCY RULE 2004 EXAMINATION OF YOUNGEVITY INTERNATIONAL, INC. – Page 13**

46.     The definitions described above shall apply regardless of whether such term is capitalized or not capitalized.

47.     Any references to a Person shall be deemed to include such Person's Agents, accountants, advisors, employees, attorneys and other Professionals, officers, directors, direct or indirect shareholders, members, representatives, Affiliates, subsidiaries, predecessors, successors, assigns, or any other individual or entity acting or purporting to act on behalf of such Person.

48.     The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

## **INSTRUCTION**

1.      These instructions incorporate by reference the requirements and duties of the Federal Bankruptcy Rules, the Federal Rules of Civil Procedure, and the Local Rules.

2.      Each Request is continuing in nature. If at any time additional Documents responsive to the Requests come into Your possession, custody, or control or are brought to Your attention, prompt supplementation of Your response to these Requests is required.

3.      You are requested to produce all Documents, Communications, and information requested herein that are within Your possession, custody, or control or in the possession, custody, or control of Your current and former officers, directors, Agents, employees, representatives, Affiliates, Professionals, or any other Person or entity acting or purporting to act on Your behalf.

4.      If You cannot fully respond to one or more of the Requests after exercising due diligence to secure the information requested thereby, please so state, and specify: (a) the portion of each Request that cannot be responded to fully and completely; (b) what efforts were made to obtain the requested information; (c) the facts relief upon that support Your contention that the Request(s) cannot be answered fully and completely; and (d) any knowledge, information, or belief You have concerning the unanswered portion of any such Request(s).

5.      All Documents shall be produced in TIFF format with OCR images, provided, however, that documents in Excel format shall be provided in native format. ***All Documents shall be produced with metadata, including but not limited to the date created/sent, author, recipients, cc-copies, bcc-blind copies, and whether the document contains redactions.***

6.      If the response to any Request consists, in whole or in part, of an objection on the basis of or including burdensomeness, then provide those documents that can be produced without undue burden.  For such documents that are too burdensome to produce, describe the process or

**NOTICE OF DEBTOR ALEXANDER E. JONES' BANKRUPTCY RULE 2004 EXAMINATION OF YOUNGEVITY INTERNATIONAL, INC. – Page 15**

method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

7.      If You intend to withhold any responsive Documents, Communication, or other information on the basis of a claim of attorney-client privilege, work product protection, bank examination privilege, or any other ground of non-disclosure, You shall identify such Document, Communication, or information in writing by date of the Document's creation, title/file name/"re line"/subject, addressee/to/cc/bcc, addressor/from, Document type, and topic covered and listed with a statement of the grounds alleged for withholding such Document, Communication, or other information, including any privilege claimed.

8.      If Your response to any Request is any other objection, You must indicate if information is being withheld based on the objection(s), provide all information not covered by the objection, and state the specific basis of the objection.

9.      If any Document responsive to these Requests has been destroyed, lost, or discarded, state when the Document was destroyed, lost, or discarded; identify the Person who destroyed, lost, or discarded the Document; and, in the event the Document was destroyed or discarded, identify the Person who directed that it be destroyed or discarded. Additionally, detail the reasons for the destruction, loss, or discarding; describe the nature of the Document; identify the Persons who created, sent, received, or reviewed the Document; and state in as much detail as possible the contents of the Document.

10.      Subject to Instruction No. 5 above, Documents should be produced in the manner they are kept in the ordinary course of business. In producing Documents, all Documents that are physically attached to each other, or segregated or separated from other Documents, when originally located, should be produced as is.

11.     All Documents shall be produced in such fashion as to identify the custodian or department in whose possession the Document was found and the business address of each Document's custodian(s).

12.     The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

13.     Unless otherwise specified, the Requests call for the production of the Documents and Communications created, drafted, copied, or otherwise obtained from January 1, 2013, to the present.

14.     By serving these Requests, the Debtor reserves all rights, does not waive any of its rights, and expressly reserves the right to modify or otherwise to supplement these Requests.

## <u>DOCUMENTS REQUESTED</u>

**<u>REQUEST NO. 1</u>:** All Documents and Communications concerning any Agreements or potential Agreements between You and Debtor Related Entity, which includes but are not limited to, the Agreements themselves, Corporate Records, Financial Records, and Tax Documents.

**<u>REQUEST NO. 2</u>:** All Documents and Communications concerning any Agreements or potential Agreements between You and FSS or its Affiliates, which includes but are not limited to, the Agreements themselves, Corporate Records, Financial Records, and Tax Documents.

**<u>REQUEST NO. 3</u>:** All Documents and Communications concerning any Agreements or potential Agreements between You and Jones or his Affiliates, which includes but are not limited to, the Agreements themselves, Corporate Records, Financial Records, and Tax Documents.

**<u>REQUEST NO. 4</u>:** All Documents and Communications concerning any Agreements or potential Agreements between You and InfoW, LLC or its Affiliates, which includes but are not limited to, the Agreements themselves, Corporate Records, Financial Records, and Tax Documents.

**<u>REQUEST NO. 5</u>:** All Documents and Communications concerning any Agreements or potential Agreements between You and IWHealth, LLC or its Affiliates, which includes but are not limited to, the Agreements themselves, Corporate Records, Financial Records, and Tax Documents.

**<u>REQUEST NO. 6</u>:** All Documents and Communications concerning any Income You obtained as a result of Agreements between You and the entities stated in Requests 1-5.

**<u>REQUEST NO. 7</u>:** All Documents and Communications concerning any Income the entities stated in Requests 1-5 obtained as a result of Agreements with You.

**<u>REQUEST NO. 8</u>:** All Documents and Communications concerning any Income accrued, owed, or paid by or with You to the entities stated in Requests 1-5 obtained as a result of Agreements with You or otherwise.

**<u>REQUEST NO. 9</u>:** All Documents and Communications concerning any attempt to terminate any agreements referenced in Requests 1 or 2 herein.

**<u>REQUEST NO. 10</u>:** All Documents and Communications concerning any default or alleged default of any agreements referenced in Requests 1 or 2 herein.