IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ALEXANDER E. JONES, | ) Case No. 22-33553 (CML) |
| | ) |
| Debtor. | ) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALEXANDER E. JONES
<u>NOTICE OF RULE 2004 EXAMINATION OF ROBERT SCHLEIZER</u>**

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Local Rule 2004-1 of the United States Bankruptcy Court for the Southern District of Texas (the "<u>Local Rules</u>"), the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Alexander E. Jones (the "<u>Debtor</u>") will take the oral deposition of Robert Schleizer.  The deposition will commence on September 15, 2023, at 10:00 a.m. Central Time, at the offices of Jackson Walker LLP, 100 Congress Avenue, Suite 1100, Austin, TX 78701, or at such other date, time and place as the parties may agree.

Please be advised that the scope of the deposition includes any matter relevant to:  (i) the Debtor's Assets, liabilities, and financial condition, including the Debtor's non-exempt Assets; (ii) the process for identifying the Debtor's Assets; (iii) any bankruptcy plans that have been or may be introduced for the Debtor or for the debtor in the FSS Case, to the extent relevant to the Debtor; (iv) the Debtor's budget and future income-generating potential, and any contracts or agreements related to the Debtor's future-income generating potential; (v) the Debtor's homestead; (vi) any trusts related to the Debtor; (vii) the establishment of entities that do business with the Debtor or

his entities, directly or indirectly; and (viii) any topic in the Subchapter V Trustee's Report.[1] The Committee reserves all rights regarding the scope of the deposition, including but not limited to its right to broaden the scope of the deposition prior to the commencement of the deposition.

Please take further notice that Robert Schleizer is also commanded to immediately begin producing documents and electronic information identified in the attached **Exhibit A** to the Committee on a rolling basis, with production completed no later than September 5, 2023.

Please take further notice that the Committee reserves its rights under title 11 of the United States Code, 11 U.S.C. § 101, et seq. (as amended) (the "Bankruptcy Code"), the Bankruptcy Rules, the Local Rules, and any applicable law regarding the subject matter of this Notice, and to amend, supplement, and/or modify Exhibit A attached hereto in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and other applicable law.

[*Signature on following page*]

---

[1] Capitalized terms undefined herein have the meaning ascribed in Exhibit A.

Dated: August 24, 2023

Respectfully submitted,

By: */s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Marty L. Brimmage, Jr.
Texas Bar No. 00793386
Lacy M. Lawrence
Texas Bar No. 24055913
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email: mbrimmage@akingump.com
Email: llawrence@akingump.com

*-and-*

Ira S. Dizengoff (admitted *pro hac vice*)
David M. Zensky (admitted *pro hac vice*)
Philip C. Dublin (admitted *pro hac vice*)
Sara L. Brauner (admitted *pro hac vice*)
Katherine Porter (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: idizengoff@akingump.com
Email: dzensky@akingump.com
Email: pdublin@akingump.com
Email: sbrauner@akingump.com
Email: kporter@akingump.com

*Counsel to the Official Committee of Unsecured Creditors of Alexander E. Jones*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 2004-1, I hereby certify that counsel for the Committee conferred with Crowe & Dunlevy PC on the Committee's Rule 2004 notice by email and on July 25, 2023 the parties agreed to the deposition date. Counsel for the Committee provided Crowe & Dunlevy PC with the Committee's Rule 2004 notice on July 28 and August 24, 2023 and has received no objection to the substance.

*/s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.

**CERTIFICATE OF SERVICE**

I certify that on August 24, 2023, a true and correct copy of the foregoing and the attached exhibit were served on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

*/s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.

# EXHIBIT A

# DEFINITIONS

The following definitions apply to the Requests. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1.  The term "***Affiliate***" or "***Affiliates***" shall have the meaning ascribed to the term "Affiliate" under 11 U.S.C. § 101(2).

2.  The term "***Agent***" shall mean any Person or entity and their Professionals acting for or on behalf of another Person or entity.

3.  The terms "***all***," "***any***," and "***each***" shall each be construed as encompassing any and all of these terms.

4.  The connectives "***and***" and "***or***" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request all Documents, Communications, or responses that might otherwise be construed to be outside of its scope.

5.  The term "***Assets***" shall mean both real assets and intangible assets, including real property (whether owned or leased), fixtures, facilities, businesses, business lines, intellectual property, goodwill, contracts, rights to recover under any insurance policy, causes of action, inventory, cash, cryptocurrency, cash equivalents, commodities, commodities futures, precious metals, jewelry, watches, furniture, wine, art, firearms, domain names, oil and gas leases, mineral rights, automobiles, watercraft, boats, helicopters, and any other thing of value.

6.  The term "***Communication***" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). For the avoidance of doubt, this may encompass any oral, written, or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, email messages, text messages, Bloomberg messages,

chat messages, Instant Bloomberg chat messages, social media messages (e.g., Facebook, Twitter), WhatsApp chat messages, Signal app messages, Telegram app messages, GroupMe chat messages, or other messaging platforms, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, video tapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind.

7. The term "*concerning*" shall mean relating to (however remotely), referring to, describing, evidencing, or constituting.

8. The terms "*Debtor*" or "*Jones*" shall mean the Person who filed a petition for chapter 11 relief in the case of *In re Alexander E. Jones*, No. 22-33553 (CML) (Bankr. S.D. Tex.) and who goes by the name of Alexander Jones, Alex Jones, Alexander E. Jones, Alex E. Jones, Alexander Emeric Jones, Alex Emeric Jones, or any other variation of the Debtor's name, including any alter egos, Persons who have apparent authority over the Debtor, Agents of the Debtor, and Professionals of the Debtor.

9. The term "*Document*" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), including but not limited to all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations. This includes documents stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, including but not limited to emails, texts, chats, spreadsheets, and PowerPoint presentations. A draft or non-identical copy is a separate document within the meaning of this term.

10. The term "*FSS Case*" shall mean the case captioned *In re Free Speech Systems, LLC*, Case No. 22-60043 (CML) (Bankr. S.D. Tex.).

11. The term "*Gift*" shall mean any voluntary or involuntary Transfer of an Asset ***not*** made in exchange for any service, product, or other Asset.

12. The term "*including*" shall mean "including, but not limited to."

13. The term "*Payment*" shall mean any voluntary or involuntary Transfer in exchange for any service, product, or other Asset, whether previously provided, provided contemporaneously with the Transfer, or to be provided in the future, and whether or not such service, product, or other Asset was or will be provided to the Person making or causing the Payment to be made.

14. The term "*Person*" shall mean any natural person or any legal entity, unincorporated association, or group of individuals or legal entities, whether formally or informally established, and their Affiliates and Professionals, including, without limitation, any business, trust, governmental entity, or association.

15. The term "*Professional*" shall mean any Person or entity engaged to provide or involved in providing professional services of any kind at any time, including without limitation, any attorneys, consultants (including independent consultants), independent contractors, advisors, and testifying or non-testifying experts.

16. The term "*Subchapter V Trustee's Report*" shall refer to the *Subchapter V Trustee's Initial Findings of Free Speech Systems, LLC Investigation* filed in the FSS Case at ECF No. 549.

17. The term "*Transfer*" shall have the meaning ascribed in 11 U.S.C. § 101(54)(A)–(D), inclusive.

18. The terms "*You,*" "*Your,*" or "*Yours*" shall refer to Robert Schleizer, in his capacity as Managing Partner of BlackBriar Advisors LLC.

19. The definitions described above shall apply regardless of whether such term is capitalized or not capitalized.

20. Any references to a Person shall be deemed to include such Person's Agents, accountants, advisors, employees, attorneys and other Professionals, officers, directors, direct or indirect shareholders, members, managers, representatives, Affiliates, subsidiaries, predecessors, successors, assigns, trustees, fiduciaries, settlors, donors, beneficiaries, donors, or any other individual or entity acting or purporting to act on behalf of such Person. In addition, the reference to any trust shall include any current or former trustees, or other fiduciaries, settlors, donors, and beneficiaries.

21. The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

**INSTRUCTIONS**

1. These instructions incorporate by reference the requirements and duties of the Federal Bankruptcy Rules and the Local Rules.

2. Each Request is continuing in nature. If at any time additional Documents responsive to the Requests come into Your possession, custody, or control or are brought to Your attention, prompt supplementation of Your response to these Requests is required.

3. You are requested to produce all Documents, Communications, and information requested herein that are within Your possession, custody, or control or in the possession, custody, or control of Your current and former officers, directors, Agents, employees, representatives, Affiliates, Professionals, members, managers, trustees, or any other Person or entity acting or purporting to act on Your behalf.

4. You are requested to produce Documents, Communications, and information requested herein on a rolling basis.

5. If You cannot fully respond to one or more of the Requests after exercising due diligence to secure the information requested thereby, please so state, and specify: (a) the portion of each Request that cannot be responded to fully and completely; (b) what efforts were made to obtain the requested information; (c) the facts relied upon that support Your contention that the Request(s) cannot be answered fully and completely; and (d) any knowledge, information, or belief You have concerning the unanswered portion of any such Request(s).

6. All Documents shall be produced with metadata in TIFF format with OCR images, provided, however, that documents in Excel format shall be provided in native format. ***All Documents shall be produced with metadata, including but not limited to the date and time***

*created/sent, author, recipients, cc-copies, bcc-blind copies, family member information, MD-5 hash, subject line and title, and whether the document contains redactions*.

7. If the response to any Request consists, in whole or in part, of an objection on the basis of or including undue burdensomeness, then provide those documents that can be produced without undue burden. For such documents that are too unduly burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

8. If You intend to withhold any responsive Document, Communication, or other information on the basis of a claim of attorney-client privilege, work product protection, or any other ground of non-disclosure, You shall identify such Document, Communication, or information in writing by date of the Document's creation, title/file name/"re line"/subject, addressee/to/cc/bcc, addressor/from, Document type, and topic covered and listed with a statement of the grounds alleged for withholding such Document, Communication, or other information, including any privilege claimed.

9. If Your response to any Request is any other objection, You must indicate if Documents are being withheld based on the objection(s), provide all Documents not covered by the objection, and state the specific basis of the objection.

10. If any Document responsive to these Requests has been destroyed, lost, or discarded, state when the Document was destroyed, lost, or discarded; identify the Person who destroyed, lost, or discarded the Document; and, in the event the Document was destroyed or discarded, identify the Person who directed that it be destroyed or discarded. Additionally, detail the reasons for the destruction, loss, or discarding; describe the nature of the Document; identify

the Persons who created, sent, received, or reviewed the Document; and state in as much detail as possible the contents of the Document.

11. Subject to Instruction No. 6 above, Documents should be produced in the manner they are kept in the ordinary course of business. In producing Documents, all Documents that are physically attached to each other, or segregated or separated from other Documents, when originally located, should be produced as is.

12. All Documents shall be produced in such fashion as to identify the custodian or department in whose possession the Document was found and the business address of each Document's custodian(s).

13. The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

14. Unless otherwise specified, the Requests call for the production of Documents and Communications created, drafted, copied, or otherwise obtained from January 1, 2018, to the present.

15. By serving these Requests, the Committee reserves all rights, does not waive any of its rights, and expressly reserves the right to amend, to modify, or otherwise to supplement these Requests.

**REQUESTS FOR PRODUCTION**

1. All Documents and Communications (i) concerning any proposed or contemplated bankruptcy plan for the Debtor or (ii) concerning the Debtor in connection with any proposed or contemplated plan in the FSS Case, including any Documents created, considered, reviewed, analyzed, or relied upon relating to such plans.

2. All Documents and Communications concerning the Debtor's budget, including any Documents created, considered, reviewed, analyzed, or relied upon relating to the Debtor's budget.

3. All Documents and Communications concerning the Debtor's future income-generating potential, including any Documents, contracts, or agreements created, considered, reviewed, analyzed, or relied upon relating to the Debtor's future income-generating potential.

4. All Documents and Communications concerning any investment in the Debtor's homestead, including any Documents created, considered, reviewed, analyzed, or relied upon relating to investment in the Debtor's homestead.

5. All Documents and Communications concerning any Payments, Transfers, Gifts, or distributions of any Assets from the Debtor to Erika Wulff Jones, David Jones, Rex Jones, or any other family member, including (i) any Documents created, considered, reviewed, analyzed, or relied upon relating to any such Payments, Transfers, Gifts, or distribution of any Assets; and (ii) all Documents and Communications concerning any consideration received by the Debtor in exchange for such Payments, Transfers, or distributions of Assets.