**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| ALEXANDER E. JONES, | ) |
| | ) Case No. 22-33553 (CML) |
| Debtor. | ) |
| | ) |

**NOTICE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
BANKRUPTCY RULE 2004 EXAMINATION OF KRAKEN**

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 2004-1 of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), Payward Ventures, Inc., Payward Financial, Inc., Payward Ltd, and Crypto Facilities Ltd. (collectively, "Kraken") is commanded to produce documents and electronically stored information ("ESI"), and respond to the requests for production (the "Requests"), identified in the attached **Exhibit A**, to the undersigned counsel for the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 case of debtor Alexander E. Jones (the "Debtor" and such case, the "Chapter 11 Case") at the offices of Akin Gump Strauss Hauer & Feld located at 100 Pine St Suite 3200, San Francisco, CA 94111 on or before **October 18, 2023 at 5:00 p.m. CDT**.

Please take further notice that the Committee reserves its rights under title 11 of the United States Code (the "Bankruptcy Code"), the Bankruptcy Rules, the Local Rules, and any applicable law regarding the subject matter of this Notice, and to amend, supplement, and/or modify Exhibit A attached hereto in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and other applicable law.

Dated: September 27, 2023

Respectfully submitted,

By: */s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Marty L. Brimmage, Jr.
Texas Bar No. 00793386
Lacy M. Lawrence
Texas Bar No. 24055913
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email: mbrimmage@akingump.com
Email: llawrence@akingump.com

-*and*-

Ira S. Dizengoff (admitted *pro hac vice*)
David M. Zensky (admitted *pro hac vice*)
Philip C. Dublin (admitted *pro hac vice*)
Sara L. Brauner (admitted *pro hac vice*)
Katherine Porter (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: idizengoff@akingump.com
Email: dzensky@akingump.com
Email: pdublin@akingump.com
Email: sbrauner@akingump.com
Email: kporter@akingump.com

***Counsel to the Official Committee of Unsecured Creditors of Alexander E. Jones***

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule 2004-1, I hereby certify that on September 14, 2023, counsel for the Committee met and conferred with counsel for Kraken regarding the scope of the requests substantially in the form reflected in Exhibit A.

*/s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 27, 2023, a true and correct copy of the foregoing and the attached exhibits were served on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

*/s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.

## EXHIBIT A

## DEFINITIONS

The following definitions apply to the Requests.  Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1.  The term "*Account*" shall mean any arrangement or agreement by which one or more Persons accepts one or more Persons' assets to hold on behalf of that Person, including but not limited to savings accounts, checking accounts, money market accounts, brokerage accounts, currency accounts, cryptocurrency accounts, Cryptocurrency Wallets, trust accounts, arrangements or agreements by which assets are stored, and any other accounts held with a financial institution.

2.  The terms "*all*," "*any*," and "*each*" shall each be construed as encompassing any and all of these terms.

3.  The connectives "*and*" and "*or*" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request all Documents, communications, or responses that might otherwise be construed to be outside of its scope.

4.  The term "*concerning*" shall mean relating to (however remotely), referring to, describing, evidencing, or constituting.

5.  The term "*Cryptocurrency Wallet*" shall mean any device, physical medium, program, app, service, or software that stores private keys for cryptocurrency or cryptocurrency transactions, whether encrypted or otherwise.

6.  The terms "*Debtor*" or "*Jones*" shall mean the Person who filed a petition for chapter 11 relief in the case of *In re Alexander E. Jones*, No. 22-33553 (CML) (Bankr. S.D. Tex.) and who goes by the name of Alexander Jones, Alex Jones, Alexander E. Jones, Alex E. Jones, Alexander Emeric Jones, Alex Emeric Jones, or any other variation of the Debtor's name,

including any alter egos, Persons who have apparent authority over the Debtor, Agents of the Debtor, and Professionals of the Debtor.

7.      The term "***Document***" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).

8.      The term "***including***" shall mean "including, but not limited to."

9.      The term "***Person***" shall mean any natural person or any legal entity, unincorporated association, or group of individuals or legal entities, whether formally or informally established, and their Affiliates and Professionals, including, without limitation, any business, trust, governmental entity, or association.

10.      The term "***Transfer***" shall have the meaning ascribed in 11 U.S.C. § 101(54)(A)– (D), inclusive.

11.      The term "***Wallet***" shall mean the Cryptocurrency Wallets and Accounts identified in the email with the subject line "In re Alexander E. Jones, Case 22-33553 (Bankr. S.D.T.X.)" sent by counsel to the Committee to counsel to Kraken on September 14, 2023 at 8:16 p.m. CDT.

12.      The terms "***You***," "***Your***," or "***Yours***" shall refer to Kraken, and for the avoidance of doubt includes its parents, subsidiaries, and Affiliates.

13.      The definitions described above shall apply regardless of whether such term is capitalized or not capitalized.

14.      Any references to a Person shall be deemed to include such Person's agents, accountants, advisors, employees, attorneys and other professionals, officers, directors, direct or indirect shareholders, members, managers, representatives, affiliates, subsidiaries and parents, predecessors, successors, assigns, trustees, fiduciaries, settlors, donors, beneficiaries, donors, or

any other individual or entity acting or purporting to act on behalf of such Person.  In addition, the reference to any trust shall include any current or former trustees, or other fiduciaries, settlors, donors, and beneficiaries.

15.     The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

## <u>INSTRUCTIONS</u>

1.      These instructions incorporate by reference the requirements and duties of the Federal Bankruptcy Rules and the Local Rules.

2.      You are requested to produce all Documents and information requested herein that are within Your possession, custody, or control or in the possession, custody, or control of Your current and former officers, directors, Agents, employees, representatives, Affiliates, Professionals, members, managers, trustees, or any other Person or entity acting or purporting to act on Your behalf.

3.      You are requested to produce Documents and information requested herein on a rolling basis.

4.      If You cannot fully respond to one or more of the Requests after exercising due diligence to secure the information requested thereby, please so state, and specify:  (a) the portion of each Request that cannot be responded to fully and completely; (b) what efforts were made to obtain the requested information; (c) the facts relied upon that support Your contention that the Request(s) cannot be answered fully and completely; and (d) any knowledge, information, or belief You have concerning the unanswered portion of any such Request(s).

5.      All Documents shall be produced with metadata in TIFF format with OCR images, provided, however, that documents in Excel format shall be provided in native format.  ***All Documents shall be produced with metadata, including but not limited to the date and time created/sent, author, recipients, cc-copies, bcc-blind copies, family member information, MD-5 hash, subject line and title, and whether the document contains redactions***.

6.      If the response to any Request consists, in whole or in part, of an objection on the basis of or including undue burdensomeness, then provide those documents that can be produced

without undue burden.  For such documents that are too unduly burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

7.      If You intend to withhold any responsive Document or other information on the basis of a claim of attorney-client privilege, work product protection, bank examination privilege, or any other ground of non-disclosure You shall identify such Document or information in writing by date of the Document's creation, title/file name/"re line"/subject, addressee/to/cc/bcc, addressor/from, Document type, and topic covered and listed with a statement of the grounds alleged for withholding such Document, or other information, including any privilege claimed.

8.      If Your response to any Request is any other objection, You must indicate if Documents are being withheld based on the objection(s), provide all Documents not covered by the objection, and state the specific basis of the objection.

9.      If any Document responsive to these Requests has been destroyed, lost, or discarded, state when the Document was destroyed, lost, or discarded; identify the Person who destroyed, lost, or discarded the Document; and, in the event the Document was destroyed or discarded, identify the Person who directed that it be destroyed or discarded.  Additionally, detail the reasons for the destruction, loss, or discarding; describe the nature of the Document; identify the Persons who created, sent, received, or reviewed the Document; and state in as much detail as possible the contents of the Document.

10.     Subject to Instruction No. 6 above, Documents should be produced in the manner they are kept in the ordinary course of business.  In producing Documents, all Documents that are physically attached to each other, or segregated or separated from other Documents, when originally located, should be produced as is.

11.     All Documents shall be produced in such fashion as to identify the custodian or department in whose possession the Document was found and the business address of each Document's custodian(s).

12.     The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

13.     Unless otherwise specified, the Requests call for the production of Documents created, drafted, copied, or otherwise obtained from December 2, 2012, to the date of this subpoena.

14.     By serving these Requests, the Committee reserves all rights, does not waive any of its rights, and expressly reserves the right to amend, to modify, or otherwise to supplement these Requests.

## <u>REQUESTS FOR PRODUCTION</u>

1.     For all Wallets, Documents sufficient to identify any Account holders and/or any beneficial owners affiliated with the Wallet, including but not limited to Documents submitted in connection with opening, and if applicable with closing, the Account, the addresses and phone numbers affiliated with each Wallet, the location of the Wallet and its users, including by use of identifiable IP addresses, and information included in the profile of each Wallet.

2.     For all Wallets: a list of all transactions to, from, or between the Wallets including but not limited to the date, time, amount, recipients, senders, balances, and other information concerning those transactions.