IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **ALEXANDER E. JONES** | § | Case No. 22-33553 |
| | § | |
| Debtor. | § | |
| | § | |

**DEBTOR'S MOTION FOR ORDER (1) AUTHORIZING SALE OF PROPERTY FREE
AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES AND
(2) GRANTING RELATED RELIEF**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU
OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING
PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT
AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING
PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE
DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE
MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY
RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO
YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT,
YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE,
THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE
THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Alexander E. Jones ("Debtor"), debtor and debtor-in-possession in the above-captioned

Chapter 11 case (the "Chapter 11 Case"), pursuant to 11 U.S.C. §§ 105(a) and 363(b) files this

*Motion for Order (1) Authorizing Sale of Property Free and Clear of All Liens, Claims, and*

*Encumbrances and (2) Granting Related Relief* (the "Motion"). In support of this Motion, Debtor

respectfully states as follows:

## I.    <u>JURISDICTION</u>

1.    This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2.    Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

## II.    <u>BACKGROUND</u>

4.    Debtor hosts a syndicated radio and video talk show in Austin, Texas. Free Speech Systems, LLC ("<u>FSS</u>") is a single member LLC, 100% owned by Debtor, that produces and syndicates much of the show. In addition, FSS offers high-end dietary supplement products, books, t-shirts, and other products, which are solely promoted and advertised by Debtor during his radio and streaming video talk shows, for online sale to customers at the Infowars website.

5.    On December 2, 2022 (the "<u>Petition Date</u>"), Debtor filed his voluntary petition for relief under the Bankruptcy Code.

6.    Jones continues in possession of his holdings and is managing as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

7.    An official committee of unsecured creditors (the "<u>Official Committee</u>") was appointed in this Chapter 11 Case on December 13, 2022 [Docket No. 42].

8.    Debtor currently has personal property that he wishes to sell comprising the following categories: (i) household goods such as furnishings, gym equipment, jewelry, and other

physical assets in storage units and residences;[1] (ii) various firearms;[2] and (iii) vehicles such as cars and boats[3] (together, the "Personal Property").

9.     Debtor submits that his Personal Property are free of liens or any other similar interests apart from his own.

### III.     THE PROPOSED SALE

10.     For the reasons set forth herein, and in the exercise of its business judgment, Debtor believes the sale of his Personal Property is in the best interests of Debtor and his creditors.

11.     Debtor proposes the following methods and procedures to sell his Personal Property (the "Proposed Sale") that he believes will maximize the value of estate and this Court's authority to consummate the sale quickly without unnecessary costs and protect the interests of his creditors:

12.     *First*, the Court should authorize Debtor with the assistance of his professionals, and in consultation with the Official Committee, to sell the Personal Property without further order or authorization as long as the sale value is within 10% of an independently appraised value  or easily verifiable current value provided by public sources, including but not limited to Kelley Blue Book, which appraisal or valuation is acceptable to the Committee (the "Approved Variance"), to unrelated parties and subject to the following procedures (the "Notice Procedures"):

   i.   At least five (5) business days prior to finalizing any Proposed Sale for any item or items comprising Personal Property with a value over $10,000 (the "Proposed Sale Cap"), other than the Identified Personal Property (as defined below), Debtor will serve a written notice of such sale, which may be by e-mail (each, a "Proposed Sale Notice") to counsel for (a) the Official Committee, (b) the Texas Plaintiffs, (c) the Connecticut Plaintiffs and (d) the United States Trustee (collectively, the "Notice Parties"), which Proposed Sale Notice shall identify (1) the Personal Property contemplated to be sold, (2) the proposed purchase price and confirmation that it falls within the Approved Variance (3) the source of the independent appraisal, or

---

[1] *See Global Notes and Supporting Information Regarding Second Amended Schedules of Assets and Liabilities and Statement of Financial Affairs* [Docket No. 242] (the "Second Amended Schedules") at 2, 14.
[2] Second Amended Schedules at 5.
[3] *Id.* at 4–5.

**DEBTOR'S MOTION FOR ORDER (1) AUTHORIZING SALE OF PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES AND (2) GRANTING RELATED RELIEF - Page 3 of 11**

easily verifiable current value provided by public sources, (4) the contemplated purchaser of the Personal Property and any relationship between such purchaser and Debtor or FSS, and (5) any significant terms of the Proposed Sale;

ii.    The Notice Parties shall have five (5) business days (the "Notice Period") after the service of the Proposed Sale Notice to object to a Proposed Sale, which objection may be lodged informally via e-mail to counsel to the Debtor and the other Notice Parties and shall provide the general grounds for such objection;

iii.   If any material economic term of a Proposed Sale is amended after transmittal of the Proposed Sale Notice, but prior to the expiration of the Notice Period, Debtor shall serve a revised Proposed Sale Notice on the Notice Parties describing any changes to the Proposed Sale, and the Notice Period shall be extended for three (3) business days;

iv.    If a written objection is properly served by a Notice Party in respect of a Proposed Sale within the applicable Notice Period, (a) such objection shall be deemed a request for a hearing on the Proposed Sale, and the objection shall be heard at the next scheduled omnibus hearing in the Chapter 11 Case that is at least five (5) calendar days after service of the objection; *provided that* Debtor reserves the right to seek a hearing prior to such time and (b) the Proposed Sale may not proceed absent (1) written withdrawal of the objection or (2) entry of an order by the Bankruptcy Court specifically approving the Proposed Sale; and

v.     Debtor may consummate a Proposed Sale prior to the expiration of the Notice Period only if the Debtor obtains written consent to such sale from the Notice Parties.

vi.    The Personal Property (the "Identified Personal Property") identified on Schedule A to the proposed form of order attached to this Motion as Exhibit A (the "Proposed Order"), which includes certain items of Personal Property with an identified value in excess of the Proposed Sale Cap, may be sold by the Debtors in accordance with the procedures set forth above without the need to send a Proposed Sale Notice; *provided that* any such sale must otherwise comply with the procedures set forth herein.

13.    Allowing the authority to sell, limited to the scope of the Personal Property at a certain threshold of independent valuation, with notice to the Notice Parties, will allow Debtor's estate to avoid legal costs of drafting motions and attending hearings for every new sale opportunity. Also, Debtor submits that the items comprising the Personal Property are without lien or other similar interests, meaning such items only accrue storage costs and depreciate in value without action. After what is deemed as a reasonable marketing period, if Debtor determines, in

consultation with the Committee, that certain Personal Property does not have marketable value, Debtor is willing to abandon it for charitable purposes.

14.     **Second**, also without separate motions or authorization from the Court, Debtor seeks to hire independent, third-party brokers solely for the purpose of efficiently executing portions of the Personal Property's Proposed Sale. Debtor has already appraised much of his Personal Property through an independent appraisal and valuation professional, ValuePros and Central Texas Gunworks. Moreover, the watercraft and cars identified as Approved Personal Property on Schedule A to the Proposed Order have been valued through Kelley Blue Book, which is a publicly available source for estimating the value of such property, and such valuations are acceptable to the Committee. To the extent the cost to hire the third-party brokers to sell the Personal Property is within the Approved Variance, Debtor requests the right to employ and compensate them as ordinary course professionals to facilitate the sales without further motions or Court authorization. By not requiring further authorization, Debtor ensures that Personal Property is maximized for value to the estate while keeping legal and professionals fees to a minimum. In the event the cost to employ and compensate the valuation professionals is greater than the Permitted Variance or they are deemed as insiders, Debtor will file the necessary application for employment.

15.     **Third**, Debtor proposes that he is authorized to conduct sales on his radio and video talk show, which shall also be subject to the Notice Procedures. Debtor believes that conducting parts of the Proposed Sale on air to his viewers could increase the value of certain of the Personal Property because supporters' demand for items attributable to Debtor will increase value—much like memorabilia sales.

16.     *Fourth,* Debtor's monthly operating reports will detail the Personal Property sold, date of sale, purchase price, identity and amount paid to any third-party broker, and any Personal Property abandoned in the month.

17.     *Fifth*, the net proceeds of any Proposed Sale shall be deposited into an escrow account (the "Escrow Account") established by Debtor's counsel. The only use authorized for these net proceeds, without further order of this Court, is the payment of professional fees payable by Debtor's estate during the pendency of the Chapter 11 Case, subject to approval by the Bankruptcy Court pursuant to interim compensation procedures, including notice and the opportunity to object, which rights are expressly preserved for all parties in interest.  For the avoidance of doubt, Debtor shall not be a signatory to the Escrow Account and no portion shall be deposited into his debtor-in-possession bank account.  At the conclusion of the Chapter 11 Case, any excess amounts in the Escrow Account shall be distributed in accordance with a plan in the Chapter 11 Case or as otherwise ordered by the Bankruptcy Court or agreed to by Debtor, the Official Committee, the Texas Plaintiffs, and the Connecticut Plaintiffs.

18.     The Proposed Sale would result in more liquidity for this Debtor to pay administrative claims and reduce cost to maintain certain Personal Property, particularly those stored in various storage facilities. Reducing recurring costs and obtaining liquid funds can only move this Debtor towards effective reorganization and avoidance of leaking administrative costs— which can only serve as a benefit to all creditors in this Chapter 11 Case.

## IV.     RELIEF REQUESTED AND BASIS FOR RELIEF

19.     By this Motion, pursuant to §§ 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, Debtor seeks Court approval of the sale of his Personal Property pursuant to the Proposed Sale and to deposit the money into his debtor-in-possession bank account.

A.    **Sale of the Personal Property is Authorized** Under Section 363(b) of the Bankruptcy Code.

20.    A trustee or debtor in possession "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In determining whether to grant a debtor-in-possession's motion to use, sell, or lease property of the estate, the Court should grant the relief sought if Debtor is exercising sound business judgment. *In re Cont'l Airlines*, 780 F.2d 1223, 1226 (5th Cir. 1986); *see Richmond Leasing Co. v. Cap. Bank, N.A.,* 762 F.2d 1303, 1311 n.10 (5th Cir. 1985); *see also In re Lane*, No. 08-80414-G3-7, 2010 WL 4607527, at *1 (Bankr. S.D. Tex. Nov. 4, 2010) (citing *In re Cont'l Airlines*). If a "good business reason" exists to grant a debtor's motion to sell, the debtor has met his burden and the Court should authorize the sale. *In re Lane*, 2010 WL 4607527, at *1. Although approval is within the sound discretion of the bankruptcy judge, the judgment of a debtor is entitled to some deference. *See In re West Pointe Props., L.P.*, 273, 281–82 (Bankr. E.D. Tenn. 2000).

21.    Courts generally permit a debtor to sell property of the state outside of the ordinary course where the proposed sale is a sound exercise of the debtor's business judgment and when such sale is for fair and reasonable consideration and in good faith. *In re Continental Airlines*, 780 F.2d at 1226; *In re Lane*, 2010 WL 4607527 at *1.

22.    In evaluating a proposed sale of assets, a court must balance the need for flexibility with the concern of affected creditors. *See In re Terrace Gardens Park P'ship*, 96 B.R. 707, 715 (Bankr. W.D. Tex. 1989). The court must also determine that creditors' interests are adequately protected and that the offered price is the highest price obtainable under the circumstances in the particular case. *See id.*; *see also In re Beker Indus. Corp.*, 63 B.R. 474, 477–78 (Bankr. S.D.N.Y. 1986).

23.    Debtor, in the exercise of his business judgment, believes that the Proposed Sale of

his Personal Property is in the best interests of Debtor's estate, its creditors, and all interested

stakeholders. Debtor believes that the current transaction is for fair value of the Personal Property.

Debtor's maintenance of his Personal Property has been in good faith during this Chapter 11 Case,

and any transactions closed from the Proposed Sale will be to a good faith purchaser as that term

is used in 11 U.S.C. § 363(m).

**B.**     **Sale of the Personal Property Free and Clear.**

24.     Debtor further requests that the Court approve the Proposed Sale of the Personal

Property free and clear of liens, claims, interests, and encumbrances under 11 U.S.C. § 363(f).

Although there are no liens, interests, or encumbrances on the Personal Property, Debtor is entitled

to sell the Personal Property free and clear of them.

25.     Section 363(f) of the Bankruptcy Code provides:

The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity should be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

26.     As quoted above, § 363(f) of the Bankruptcy Code provides for the sale of assets

"free and clear of any interests." The term "any interest," as used in § 363(f), is not defined in the

Bankruptcy Code. *Folger Adam Sec. v. DeMatteis/MacGregor, JV*, 209 F.3d 252, 259 (3d Cir.

2000). In *Folger Adam*, the Third Circuit specifically addressed the scope of the term "any interest." *Id.* at 258. The court observed that while some courts have "narrowly interpreted that phrase to mean only *in rem* interests in property," the trend in modern cases is towards "a broader interpretation which includes other obligations that may flow from ownership of the property." *Id.* (citing 3 *Collier on Bankruptcy* 363.06[1]).

27.     As determined by the Fourth Circuit in *In re Leckie Smokeless Coal Co.*, a case cited approvingly and extensively by the Third Circuit in *Folger Adam*, the scope of § 363(f) of the Bankruptcy Code is not limited to *in rem* interests. 99 F.3d 573, 581–82 (4th Cir. 1996). Thus, the Third Circuit in *Folger Adam* stated that *Leckie* held that the debtor "could sell their assets under § 363(f) free and clear of successor liability that otherwise would have arisen under federal statute." *Folger Adam*, 209 F.3d at 258.

28.     Section 363(f) is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to warrant the sale of the Personal Property free and clear of all interests. *See In re Patriot Place, Ltd.*, 486 B.R. 773, 814–15 (Bankr. W.D. Tex. 2013) ("In short, if a debtor . . . can satisfy one of the five different conditions set forth in the subsections of § 363(f), a debtor can sell its property . . . free and clear of all interests of a third party . . . ."); *see also In re Gulf States Steel, Inc. of Ala.*, 285 B.R. 497, 506 (Bankr. N.D. Ala. 2002). Debtor submits that the Proposed Sale and value of the Proposed Sale price for the Personal Property will be greater than the aggregate value of any liens or interests on the Personal Property—which there are none. These facts satisfy subsections (1), (3), and (5) of § 363(f) even in the event liens, interests, or encumbrances existed on the Personal Property. Debtor accordingly requests authority to execute the Proposed Sale of the Personal Property as it would have adequately protected any

interest holders even with the existence of stakeholders.

## V.    MODIFICATION OF AUTOMATIC STAY; WAIVER OF STAY

29.    Debtor requests that the automatic stay provisions of Bankruptcy Code § 362 are modified to the extent necessary to implement the Proposed Sale of the Personal Property.

30.    The approval of the Proposed Sale will provide capital to Debtor's estate to allow for an efficient exit from bankruptcy. In order to promptly consummate the Proposed Sale and relief the estate of ongoing administrative obligations and risk, Debtor requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h) and allow Debtor to consummate the transaction contemplated herein. No party will be prejudiced by the requested waiver.

31.    Debtor has determined that, in its business judgment, the Proposed Sale of his Personal Property is in the best interest of Debtor's Chapter 11 estate and creditors. The Proposed Sale of his Personal Property is for fair and reasonable consideration, is in good faith, does not unfairly benefit any insiders or creditors of Debtor, and will maximize the value of Debtor's estate.

## VI.    CONCLUSION

32.    WHEREFORE, Debtor hereby respectfully requests entry of an Order following a hearing: (a) authorizing Debtor to execute the Proposed Sale and sell the Personal Property, free and clear of liens, claims, and encumbrances, (b) depositing the proceeds of the Proposed Sale to into an Escrow Account paid only to satisfy professional fees as stated herein, (c) modifying the automatic stay to allow Debtor to execute the Proposed Sale, and (d) granting such other and further relief to which Debtor may show himself justly entitled.

Dated: November 13, 2023                    Respectfully submitted,

                                            **CROWE & DUNLEVY, P.C.**

                                            By: */s/ Vickie L. Driver*
                                            Vickie L. Driver
                                            State Bar No. 24026886
                                            Christina W. Stephenson
                                            State Bar No. 24049535
                                            2525 McKinnon St., Suite 425
                                            Dallas, TX 75201
                                            Telephone: 737.218.6187
                                            Email: dallaservice@crowedunlevy.com

                                            **ATTORNEYS FOR ALEXANDER E. JONES**


                        **<u>CERTIFICATE OF SERVICE</u>**

        I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices via the Court's ECF noticing system, the U.S. Trustee's Office, Counsel for the Unsecured Creditors' Committee, and all parties requesting notice pursuant to Rule 2002 on this 13th day of November 2023.


                                */s/ Vickie L. Driver*

# EXHIBIT A

Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **ALEXANDER E. JONES,** | § | **Case No. 22-33553** |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | |

**ORDER GRANTING DEBTOR'S MOTION FOR ORDER
(1) AUTHORIZING SALE OF PROPERTY FREE AND CLEAR OF
LIENS, CLAIMS, AND ENCUMBRANCES AND
(2) GRANTING RELATED RELIEF**

ON THIS DATE, this Court considered Debtor's *Motion for Order (1) Authorizing Sale of Property Free and Clear of Liens, Claims, and Encumbrances and (2) Granting Related Relief* (the "Motion") filed by the above-captioned debtor and debtor-in-possession (the "Debtor") for the entry of an order (the "Order") authorizing Debtor to sell personal property in the following categories: (i) furnishings, gym equipment, jewelry, and other physical assets in storage units and residences;[1] (ii) various firearms;[2] and (iii) vehicles such as cars and boats[3] (together, the "Personal Property"). The sale (the "Sale") of this Personal Property is authorized under Sections 105(a) and 363(b) of Title 11 of the United States Code (the "Bankruptcy Code"). Upon review of the Motion, the Court finds that is has jurisdiction to grant the relief requested in the Application pursuant to 28 U.S.C. §§ 1334 and 157 and hereby GRANTS the Motion.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

1.     Debtor is authorized to sell the Personal Property with the assistance of his

---

[1] *See Global Notes and Supporting Information Regarding Second Amended Schedules of Assets and Liabilities and Statement of Financial Affairs* [Docket No. 242] (the "Second Amended Schedules") at 2, 14.
[2] Second Amended Schedules at 5.
[3] *Id.* at 4–5.

professionals and in consultation with the official committee of unsecured creditors (the "Official Committee"). The sale of such Personal Property (the "Proposed Sale") is authorized, without further order or authorization, as long as the sale value is within 10% of an independently appraised value, or easily verifiable current value provided by public sources, including but not limited to Kelley Blue Book, which appraisal or valuation is acceptable to the Official Committee (the "Approved Variance"), to unrelated parties and subject to the following procedures (the "Notice Procedures"):

a. At least five (5) business days prior to finalizing any Proposed Sale for any item or items comprising Personal Property with a value over $10,000 (the "Proposed Sale Cap"), other than the Identified Personal Property (as defined below), Debtor will serve written notice of such sale, which may occur by e-mail (each, a "Proposed Sale Notice") to counsel for (a) the Official Committee, (b) the Texas Plaintiffs, (c) the Connecticut Plaintiffs, and (d) the United States Trustee (collectively, the "Notice Parties"). The Proposed Sale Notice shall identify (1) the Personal Property contemplated to be sold, (2) the proposed purchase price and confirmation that it falls within the Approved Variance, (3) the source of the independent appraisal, or easily verifiable current value provided by public sources, (4) the contemplated purchaser of the Personal Property and any relationship between such purchaser and Debtor or FSS, and (5) any significant terms of the Proposed Sale;

b. The Notice Parties shall have five (5) business days (the "Notice Period") after the service of the Proposed Sale Notice to object to a Proposed Sale, which objection may be lodged informally via e-mail to counsel for Debtor and the other Notice Parties and shall provide the general grounds for such objection;

c. If any material economic term of a Proposed Sale is amended after transmittal of the Proposed Sale Notice, but prior to the expiration of the Notice Period, Debtor shall serve a revised Proposed Sale Notice on the Notice Parties describing any changes to the Proposed Sale, and the Notice Period shall be extended for three (3) business days;

d. If a written objection is properly served by a Notice Party in respect of a Proposed Sale within the applicable Notice Period, (a) such objection shall be deemed a request for a hearing on the Proposed Sale, and the objection shall be heard at the next scheduled omnibus hearing in the Chapter 11 Case that is at least five (5) calendar days after service of the objection;

*provided that* Debtor reserves the right to seek a hearing prior to such time and (b) the Proposed Sale may not proceed absent (1) written withdrawal of the objection or (2) entry of an order by the Bankruptcy Court specifically approving the Proposed Sale; and

e.   Debtor may consummate a Proposed Sale prior to expiration of the Notice Period only if Debtor obtains written consent to such sale from the Notice Parties.

f.   The Personal Property (the "Identified Personal Property") identified on Schedule A to the proposed form of the order attached to this Motion as Exhibit A (the "Proposed Order"), which includes certain items of Personal Property with an identified value in excess of the Proposed Sale Cap, may be sold by the Debtors in accordance with the procedures set forth above without the need to send a Proposed Sale Notice; *provided that* any such sale must otherwise comply with the procedures set forth herein.

2.       Debtor is authorized, but not required, without separation motion or authorization from the Court, to hire independent, third-party brokers solely for the purpose of efficiently executing the Sale of the Personal Property. To the extent the cost to hire the third-party brokers to sell the Personal Property is within the Approved Variance, Debtor may employ and compensate such third-party brokers as ordinary course professionals to facilitate the Sale without further motions or Court authorization. In the event the cost to employ and compensate the valuation professional is greater than the Permitted Variance or they are deemed insiders, Debtor will file the necessary application for employment.

3.       Debtor is authorized to conduct sales on his radio and video talk show, which shall also be subject to the Notice Procedures.

4.       Debtor's monthly operating reports will detail the Personal Property sold, date of sale, purchase price, identity and amount paid to any third-party broker, and any Personal Property abandoned in the month.

5.       The net proceeds of any Proposed Sale shall be deposited into an escrow account (the "Escrow Account") to which the Debtor has no signatory authority or acces; the proceeds

are not to be used for any purpose not authorized by Court Order; provided, however, that proceeds may be used to pay professional fees payable by Debtor's estate during the pendency of the Chapter 11 Case, subject to approval by the Bankruptcy Court and pursuant to interim compensation procedures, including notice and the opportunity to object, which rights are expressly preserved for all parties in interest. Debtor shall receive no portion of such proceeds and shall not be a signatory to the Escrow Account.  At the conclusion of the Chapter 11 Case, any excess amounts in the Escrow Account shall be distributed in accordance with a plan in the Chapter 11 Case or as otherwise ordered by the Bankruptcy Court or agreed to by Debtor, the Official Committee, the Texas Plaintiffs, and the Connecticut Plaintiffs.

6.     The automatic stay is modified to the extent necessary to implement the Proposed Sale of the Personal Property.

Dated: _____, 2023

_____
**UNITED STATES BANKRUPTCY JUDGE**
**CHRISTOPHER M. LOPEZ**

# SCHEDULE A

Cryoniq Cryogenic chamber               $4,000   Peter B Marusich email dated 3/20/23

2 Golf Carts- $8,000 each             $16,000  ValuePros report dated 3/24/23

| MANUFACTURE | MODEL | TYPE | CALIBER | S/N |
|---|---|---|---|---|
| BARRETT | M107A1 | RIFLE | .50 | AE000753 |
| REMINGTON | $700.00 | RIFLE | .308 | RR42041H |
| REMINGTON | $700.00 | RIFLE | .308 | C6368982 |
| HK | SP5K | PISTOL(BRC) | 9MM | 215-000696 |
| FALKOR DEFENSE | FD-9S | PISTOL(BRC) | MULTI | 0001199 |
| FALKOR DEFENSE | FD-9S | PISTOL(BRC) | MULTI | 0001143 |
| KRISS | VECTOR SDP | PISTOL(BRC) | 9MM | 919P003931 |
| KRISS | VECTOR SDP | PISTOL(BRC) | 10MM | 10P001394 |
| SONS OF LIBERTY | M4 | RIFLE | MULTI | 1776-113721 |
| SPIKE'S TACTICAL | SR15 | PISTOL(BRC) | MULTI | SKU0329 |
| HEAD DOWN PRODUCTS LLC | PROVECTUS | RIFLE | MULTI | PR000546 |
| JESSE JAMES | NOMAD 10 | RIFLE | 260REM | JJFU400037 |
| SPRINGFIELD | M1A | RIFLE | .308 | 196737 |
| LWRC | REPR | RIFLE | 7.62X51R | 74-10660 |
| HEAD DOWN PRODUCTS LLC | ARCADIUS | RIFLE | .308 | AC000104 |
| BERETTA | A400 EXTREME PLUS | SHOTGUN | 12GA | WA046195 |
| BERETTA | A400 EXTREME PLUS | SHOTGUN | 12GA | WA045073 |
| MOSSBERG | 935 | SHOTGUN | 12GA | AM01396 |
| TRISTAR | RAPTOR | SHOTGUN | 12GA | KRA003256 |
| MOSSBERG | 930 TACTICAL | SHOTGUN | 12GA | AF0047352 |
| MOSSBERG | 930 TACTICAL | SHOTGUN | 12GA | AF0047346 |
| BAIKAL (RUSSIA) / EAA CORP | IZH-43 / BOUNTY HUN | SHOTGUN | 12GA | 9902240 |
| IAC MICHINA | 99 1887 COACH GUN | SHOTGUN | 12GA | 604993 |
| KELTEC | KSG | SHOTGUN | 12GA | XFQ57 |
| NORINCO | MAK-90 SPORTER | RIFLE | 2.62X39M | 9472101 |
| ROMARM/ SA./ CUGIR | 0 | RIFLE | 2.6X39M | S1-02200-99 |
| ARSENAL | MODEL SLR-95 | RIFLE | 7.62X39M | IM-37-2398 |

| MANUFACTURE | MODEL | TYPE | CALIBER | S/N |
|---|---|---|---|---|
| IZHMASH / FIME GROUP | SAIGA | RIFLE | 7.62X39MM | X12100640 |
| ZASTAVA | ZPAPM70 | RIFLE | 7.62X39MM | 270-112967 |
| BERETTA | 21A(TB) | PISTOL | .22LR | DAA617555 |
| RUGER | MK3 | PISTOL | .22LR | 227-34976 |
| SIG SAUER | P365 XL | PISTOL | 9MM | 66A469556 |
| WALTHER | P22 | PISTOL | .22LR | L095274 |
| HK | USP | PISTOL | .45 AUTO | 25-018598 |
| GLOCK | 26GEN4 | PISTOL | 9MM | BCSX305 |
| GLOCK | 31 | PISTOL | .357 | EGN668 |
| GLOCK | 34 | PISTOL | 9MM | BDAF237 |
| MAGNUM RESEARCH | DESERT EAGLE | PISTOL | 44MAG | DK0029415 |
| COLT | 1911 GOVERNMENT N | PISTOL | COLT .45 | SUBFORCE012 |
| COLT | 1911 GOVERNMENT N | PISTOL | .45 | CV32607 |
| KIMBER | 1911 PRO CDP 2 | PISTOL | .45ACP | KR71828 |
| CZ | SHADOW 2 | PISTOL | 9MM | F021993 |
| TAURUS | THE JUDGE | REVOLVER | .410/.45LC | D2335235 |
| SMITH & WESSON | 500 | REVOLVER | 500 SW MAGNUM | CXZ4517 |
| STOEGER/UBERTI | SCHOFIELD | REVOLVER | .45COLT | F12854 |
| SMITH & WESSON | 60-14 | REVOLVER | .357 MAG | C207851 |
| TAURUS | 85 | REVOLVER | .38 SPL | GY64042 |
| STRUM, RUGER | SP101 | REVOLVER | .357 MAG | 573-00926 |
| SMITH & WESSON | M31-3 | REVOLVER | .32 S&W LONG | BKC4689 |

Low is amount a dealer would pay

| DESCRIPTION | CONDITION | $ VALUE (L-H) | Low Value | High Value |
|---|---|---|---|---|
| FDE, CNIGHT FORCE OPTICS SCOPE | USED- GOOD | $9-14K | 9,000 | 14,000 |
| VORTEX SCOPE | USED- FAIR | $500-1,200 | 500 | 1,200 |
| SPRINGFIELD SCOPE | USED- FAIR | $500-1,300 | 500 | 1,300 |
| HOLOSUN HE510C GR OPTIC | USED-GOOD | $2-3K | 2,000 | 3,000 |
| CAMO | USED-GOOD | $1,200-1,400 | 1,200 | 1,400 |
| VORTEX SPITFIRE OPTIC | USED-GOOD | $1,200-1,700 | 1,200 | 1,700 |
| FDE, EOTECH HWS EXPS2 | USED-GOOD | $1,400-2K | 1,400 | 2,000 |
| EOTECH HWS EXPS2 | USED-GOOD | $1,400-2K | 1,400 | 2,000 |
| | USED-GOOD | $1,200-1,800 | 1,200 | 1,800 |
| VORTEX SOARC AR OPTIC | USED-GOOD | $1,500-2K | 1,500 | 2,000 |
| | USED-GOOD | $759-1,100 | 759 | 1,100 |
| VORTEX RAZOR SCOPE, BY-POD | USED-GOOD | $5,500-8,999 | 5,500 | 8,999 |
| SLING | USED-FAIR | $1,200-1,800 | 1,200 | 1,800 |
| | USED-GOOD | $2,200-4,599 | 2,200 | 4,599 |
| FDE | USED-GOOD | $759-1,100 | 759 | 1,100 |
| 28", 3.5" CHMBR, GORE OPTIFADE MARSH FINISH | USED-GOOD | $1,200-2,000 | 1,200 | 2,000 |
| 28", 3.5" CHMBR, GORE OPTIFADE MARSH FINISH | USED-GOOD | $1,200-2,000 | 1,200 | 2,000 |
| 26" | USED-GOOD | $575-699 | 575 | 699 |
| | USED-GOOD | $490-599 | 490 | 599 |
| 18.5" | USED-GOOD | $950-1,100 | 950 | 1,100 |
| 18.5" | USED-GOOD | $950-1,100 | 950 | 1,100 |
| SBS | USED-FAIR | $700-900 | 700 | 900 |
| SBS, CHINA S.D.2. | USED-GOOD | $300-500 | 300 | 500 |
| | USED-GOOD | $749-899 | 749 | 899 |
| SLING | USED-GOOD | $1,399-2,175 | 1,399 | 2,175 |
| ROMAN, SLING | USED-GOOD | $1,100-1,375 | 1,100 | 1,375 |
| SLING | USED-GOOD | $2,100-2,499 | 2,100 | 2,499 |

| MANUFACTURE | MODEL | TYPE | CALIBER | S/N |
|---|---|---|---|---|
| | USED-GOOD | $2,200-2,650 | 2,200 | 2,650 |
| | USED-GOOD | $1,040-1,100 | 1,040 | 1,100 |
| | USED-GOOD | $599-649 | 599 | 649 |
| | USED-FAIR | $329-425 | 329 | 425 |
| | USED-GOOD | $529-699 | 529 | 699 |
| | USED-GOOD | $315-449 | 315 | 449 |
| | USED-GOOD | $899-1,089 | 899 | 1,089 |
| | USED-GOOD | $499-550 | 499 | 550 |
| | USED-GOOD | $509-619 | 509 | 619 |
| | USED-GOOD | $579-875 | 579 | 875 |
| | USED-GOOD | $1,479-1,769 | 1,479 | 1,769 |
| SILENT SERVICE DOLPHIN CODE 62 | USED-GOOD | $3,299-3,999 | 3,299 | 3,999 |
| 100 YEARS OF SERVICE | USED-GOOD | $1,499-1,795 | 1,499 | 1,795 |
| | USED-GOOD | $979-1,270 | 979 | 1,270 |
| | USED-GOOD | $1,100-1,400 | 1,100 | 1,400 |
| 3 INCH | USED-GOOD | $299-499 | 299 | 499 |
| | USED-GOOD | $1,100-1,570 | 1,100 | 1,570 |
| | USED-GOOD | $899-1,599 | 899 | 1,599 |
| | USED-GOOD | $559-759 | 559 | 759 |
| | USED-FAIR | $229-399 | 229 | 399 |
| | USED-GOOD | $619-729 | 619 | 729 |
| | USED-FAIR | $499-869 | 499 | 869 |