IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ALEXANDER E. JONES, | § | Case No. 22-33553 |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| | § | |

ORDER GRANTING DEBTOR'S MOTION FOR ORDER
(1) AUTHORIZING SALE OF PROPERTY FREE AND CLEAR OF
LIENS, CLAIMS, AND ENCUMBRANCES AND
(2) GRANTING RELATED RELIEF

ON THIS DATE, this Court considered Debtor's *Motion for Order (1) Authorizing Sale of Property Free and Clear of Liens, Claims, and Encumbrances and (2) Granting Related Relief* (the "Motion") filed by the above-captioned debtor and debtor-in-possession (the "Debtor") for the entry of an order (the "Order") authorizing Debtor to sell personal property in the following categories: (i) furnishings, gym equipment, jewelry, and other physical assets in storage units and residences;[1] (ii) various firearms;[2] and (iii) vehicles such as cars and boats[3] (together, the "Personal Property"). The sale (the "Sale") of this Personal Property is authorized under Sections 105(a) and 363(b) of Title 11 of the United States Code (the "Bankruptcy Code"). Upon review of the Motion, the Court finds that is has jurisdiction to grant the relief requested in the Application pursuant to 28 U.S.C. §§ 1334 and 157 and hereby GRANTS the Motion.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

1.  Debtor is authorized to sell the Personal Property with the assistance of his

---

[1] *See Global Notes and Supporting Information Regarding Second Amended Schedules of Assets and Liabilities and Statement of Financial Affairs* [Docket No. 242] (the "Second Amended Schedules") at 2, 14.
[2] Second Amended Schedules at 5.
[3] *Id.* at 4–5.

professionals and in consultation with the official committee of unsecured creditors (the "Official Committee"). The sale of such Personal Property (the "Proposed Sale") is authorized, without further order or authorization, as long as the sale value is within 10% of an independently appraised value, or easily verifiable current value provided by public sources, including but not limited to Kelley Blue Book, which appraisal or valuation is acceptable to the Official Committee (the "Approved Variance"), to unrelated parties and subject to the following procedures (the "Notice Procedures"):

    a. At least five (5) business days prior to finalizing any Proposed Sale for any item or items comprising Personal Property with a value over $10,000 (the "Proposed Sale Cap"), other than the Identified Personal Property (as defined below), Debtor will serve written notice of such sale, which may occur by e-mail (each, a "Proposed Sale Notice") to counsel for (a) the Official Committee, (b) the Texas Plaintiffs, (c) the Connecticut Plaintiffs, and (d) the United States Trustee (collectively, the "Notice Parties"). The Proposed Sale Notice shall identify (1) the Personal Property contemplated to be sold, (2) the proposed purchase price and confirmation that it falls within the Approved Variance, (3) the source of the independent appraisal, or easily verifiable current value provided by public sources, (4) the contemplated purchaser of the Personal Property and any relationship between such purchaser and Debtor or FSS, and (5) any significant terms of the Proposed Sale;

    b. The Notice Parties shall have five (5) business days (the "Notice Period") after the service of the Proposed Sale Notice to object to a Proposed Sale, which objection may be lodged informally via e-mail to counsel for Debtor and the other Notice Parties and shall provide the general grounds for such objection;

    c. If any material economic term of a Proposed Sale is amended after transmittal of the Proposed Sale Notice, but prior to the expiration of the Notice Period, Debtor shall serve a revised Proposed Sale Notice on the Notice Parties describing any changes to the Proposed Sale, and the Notice Period shall be extended for three (3) business days;

    d. If a written objection is properly served by a Notice Party in respect of a Proposed Sale within the applicable Notice Period, (a) such objection shall be deemed a request for a hearing on the Proposed Sale, and the objection shall be heard at the next scheduled omnibus hearing in the Chapter 11 Case that is at least five (5) calendar days after service of the objection;

>    *provided that* Debtor reserves the right to seek a hearing prior to such time and (b) the Proposed Sale may not proceed absent (1) written withdrawal of the objection or (2) entry of an order by the Bankruptcy Court specifically approving the Proposed Sale; and
>
> e. Debtor may consummate a Proposed Sale prior to expiration of the Notice Period only if Debtor obtains written consent to such sale from the Notice Parties.
>
> f. The Personal Property (the "<u>Identified Personal Property</u>") identified on Schedule A to the proposed form of the order attached to this Motion as Exhibit A (the "<u>Proposed Order</u>"), which includes certain items of Personal Property with an identified value in excess of the Proposed Sale Cap, may be sold by the Debtors in accordance with the procedures set forth above without the need to send a Proposed Sale Notice; *provided that* any such sale must otherwise comply with the procedures set forth herein.

2. Debtor is authorized, but not required, without separation motion or authorization from the Court, to hire independent, third-party brokers solely for the purpose of efficiently executing the Sale of the Personal Property. To the extent the cost to hire the third-party brokers to sell the Personal Property is within the Approved Variance, Debtor may employ and compensate such third-party brokers as ordinary course professionals to facilitate the Sale without further motions or Court authorization. In the event the cost to employ and compensate the valuation professional is greater than the Permitted Variance or they are deemed insiders, Debtor will file the necessary application for employment.

3. Debtor is authorized to conduct sales on his radio and video talk show, which shall also be subject to the Notice Procedures.

4. Debtor's monthly operating reports will detail the Personal Property sold, date of sale, purchase price, identity and amount paid to any third-party broker, and any Personal Property abandoned in the month.

5. The net proceeds of any Proposed Sale shall be deposited into an escrow account (the "<u>Escrow Account</u>") to which the Debtor has no signatory authority or access; the proceeds

are not to be used for any purpose not authorized by Court Order; provided, however, that proceeds may be used to pay professional fees payable by Debtor's estate during the pendency of the Chapter 11 Case, subject to approval by the Bankruptcy Court and pursuant to interim compensation procedures, including notice and the opportunity to object, which rights are expressly preserved for all parties in interest. Debtor shall receive no portion of such proceeds and shall not be a signatory to the Escrow Account. At the conclusion of the Chapter 11 Case, any excess amounts in the Escrow Account shall be distributed in accordance with a plan in the Chapter 11 Case or as otherwise ordered by the Bankruptcy Court or agreed to by Debtor, the Official Committee, the Texas Plaintiffs, and the Connecticut Plaintiffs.

6. The automatic stay is modified to the extent necessary to implement the Proposed Sale of the Personal Property.

Dated: _____, 2023

_____
**UNITED STATES BANKRUPTCY JUDGE
CHRISTOPHER M. LOPEZ**