**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ALEXANDER E. JONES, | § | Case No. 22-33553 |
| | § | |
| Debtor. | § | |
| | § | |

**APPLICATION TO EMPLOY AUCTIONEER TO ASSIST IN**
**THE SALE OF THE CONTENTS OF STORAGE UNITS**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Alexander E. Jones ("Debtor"), debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Chapter 11 Case") hereby files this application (the "Application"), pursuant to Sections 105(a), 327(a), and 1107 of the Title 11 of the United States Code (the "Bankruptcy Code"); Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules"), for permission to employ an auctioneer to assist in the sale (the "Proposed Sale") of the contents of the Debtor's nine (9) storage units ("Contents")  located in Austin, Texas.  The location of each

storage facility is referenced on **Exhibit A** attached hereto (the "Storage Units"). Debtor requests

entry of an order, substantially in the form attached, authorizing Debtor to retain and employ Davis

Auctioneers, L.P., and its related subsidiary entities, pursuant to the terms and conditions set forth

in the contract attached as **Exhibit "B**," (the "Contract").

In support of its motion to employ Davis Auctioneers, L.P. as a professional to assist in the

marketing and sale of the Contents, Debtor submits and fully incorporates by reference the

*Declaration of* Luther D. Davis, III, in Support of Debtor's *Application to Employ Auctioneer to*

*Assist in the Sale of the Contents of Storage Units* (the "Davis Declaration"), which is attached as

**Exhibit "C**." Debtor further represents:

## I.     JURISDICTION, VENUE, AND STATUTORY PREDICATE

1.     This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This

matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue for this

proceeding and Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The bases for the relief requested herein are Sections 105 and 327(a) of the

Bankruptcy Code, Bankruptcy Rules 6004 and 2002, and Local Rule 2014-1.

## II.     BACKGROUND

3.     On December 2, 2022 (the "Petition Date"), Debtor filed his voluntary petition for

relief under the Bankruptcy Code. Debtor has continued possession and is managing as debtor-in-

possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4.     An official committee of unsecured creditors (the "Official Committee") was

appointed in this Chapter 11 Case on December 13, 2022 [Docket No. 42].

5.     Debtor possesses nine (9) Contents in need of liquidation.

### III.    THE PROPOSED SALE

6.      For the reasons set forth herein, and in the exercise of his business judgment, Debtor has decided to market the Contents, with the ultimate goal of obtaining the highest sale price to maximize the value for Debtor's estate. Debtor believes that this Proposed Sale is in the best interest of Debtor and his creditors.

7.      To complete the sale of the Contents, this Court must authorize Debtor to employ professionals, such as an auctioneer.

8.      Such sale is in consultation with the Official Committee and will be conducted pursuant to the Bankruptcy Rules, the Bankruptcy Code, and the Order on *Debtor's Motion for Order (1) Authorizing Sale of Property Free and Clear of All Liens, Claims, and Encumbrances and (2) Granting Relief* ("Debtor's Previous Motion"). Debtor's Previous Motion was provided to the Official Committee for comment prior to filing.

### IV.    THE AUCTIONEER

9.      Debtor wishes to employ Davis Auctioneers, L.P., P.O. Box 2195, Burleson, TX, 76097-2195, as the auctioneer for the sale of Debtor's interest in the Contents.

10.      It is necessary to employ the services of Davis Auctioneers, L.P. to assist in the sale of Debtor's Contents because Davis Auctioneers, L.P. is one of the premier family-owned auction companies in the state of Texas with years of experience in Storage Auctions, Estate and Antique Auctions, Real Estate, and Benefit Auctions.

11.      Debtor anticipates that Davis Auctioneers, L.P. will provide general auctioneering services (the "Auctioneering Services") to the Debtor in connection with the Chapter 11 Case, including, without limitation, pre-marketing due diligence on the Contents, developing a customized marketing campaign, and otherwise using its best efforts to secure one or more

**APPLICATION TO EMPLOY AUCTIONEER TO ASSIST IN THE SALE OF THE CONTENTS OF STORAGE UNITS - Page | 3**

satisfactory buyers to purchase the Contents. A more detailed description of the scope of services Davis Auctioneers, L.P. intends to provide to the Debtor is set forth in the Contract, which, by reference, is fully incorporated into this Application.

12.     Davis Auctioneers, L.P. was selected to assist in the marketing and sale of the Contents because of their considerable experience in connection with Storage Auctions.

13.     To the best of the Debtor's knowledge and belief, Davis Auctioneers, L.P. is disinterested as that term is defined in 11 U.S.C. §101(14) and holds no interest adverse to or in connection with the Debtor, creditors of the Estate, any other party in interest or their respective attorneys and accountants. The Declaration of Luther D. Davis, III, Auctioneer is attached hereto.

14.     Based on Davis Auctioneers, L.P.'s extensive auctioneer experience and expertise, Debtor submits that Davis Auctioneers, L.P. is both well qualified and uniquely capable of representing the Debtor as their auctioneer in this Chapter 11 Case, pursuant to Section 327(a) of the Bankruptcy Code.

15.     WHEREFORE, Debtor prays that it be authorized to employ Davis Auctioneers, L.P.  as auctioneer to render services as set forth above with the compensation to be paid as an administrative expense and such other amounts as this Court may allow.

## V.    PROFESSIONAL COMPENSATION & EXPENSE REIMBURSEMENT

16.     Subject to the Court's approval, Davis Auctioneers, L.P. will liquidate the contents of all nine (9) storage units for a fee of the greater of $1,200.00 or 20% of the proceeds of the Contents.   Debtor believes that the fees charged by Davis Auctioneers, L.P. are reasonable, market-based, and designed to compensate Davis Auctioneers, L.P. fairly for the work of its professionals and to cover fixed and routine expenses.

17.     Davis Auctioneers, L.P. has been informed and understands that no sale may be consummated, until after notice and a hearing on the proposed sale, and until after such time as the Court approves the sale. Debtor further seeks that upon approval of such sale, Davis Auctioneers, L.P. be approved without further need for fee application.

## VI.     RELIEF REQUESTED AND BASIS FOR RELIEF

18.     Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this this title.

11 U.S.C. § 327(a).

19.     Bankruptcy Rule 2014(a) requires that a retention application include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

20.     By this Application, the Debtor seeks entry of an order, substantially in the form attached, authorizing the Debtor to retain and employ Davis Auctioneers, L.P. as its auctioneer, pursuant to the terms and conditions of the Contract.

**A.    Davis Auctioneers, L.P. Retention Is Necessary and in the Best Interest of the Debtor's Estate.**

21.     Davis Auctioneers, L.P. considerable experience representing sellers of properties of all kinds, in all markets, and all economic cycles is evidence that the immediate retention of

Davis Auctioneers, L.P. as Debtor's auctioneer is both necessary and in the best interest of the Debtor's estate.

**B.     Davis Auctioneers, L.P. Neither Holds nor Represents Any Interest Adverse to the Debtor's Estate and Is a Disinterested Person within the Meaning of Section 101(14) of the Bankruptcy Code.**

22.     To the best of the Debtor's knowledge, information and belief, and except as disclosed in this Application and in the Davis Declaration, Davis Auctioneers, L.P.: (i) does not represent, and does not hold, any interest adverse to the Debtor's estate; and (ii) is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code and has no connection to the Debtor, its creditors, or other parties-in-interest.

23.     Davis Auctioneers, L.P. has informed Debtor that it will use all reasonable efforts to see that no conflicts or other disqualifying circumstances exist or arise during the pendency of this Chapter 11 Case. If any new material facts or relationships are discovered or arise, Davis Auctioneers, L.P. will use all reasonable efforts to identify them and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014.

## VII.     <u>CONCLUSION</u>

WHEREFORE, Debtor respectfully requests that this Court enter an order (i) granting this Application; (ii) authorizing the Debtor to employ, retain, and ultimately compensate Davis Auctioneers, L.P. as the Debtor's auctioneer, pursuant to the terms and conditions set forth in the Contract; and (iii) granting such other relief as the Court deems appropriate under the presented facts and circumstances.

Dated:  December 21, 2023

**CROWE & DUNLEVY, P.C.**

By: */s/ Vickie L. Driver*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon Street, Suite 425
Dallas, TX 75201
Telephone: 214.420.2163
Facsimile:  214.736.1762
Email: vickie.driver@crowedunlevy.com
Email:
crissie.stephenson@crowedunlevy.com

**CO-COUNSEL FOR DEBTOR**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices via the Court's ECF noticing system on this 21st day of December, 2023.

*/s/ Vickie L. Driver*
Vickie L. Driver

**Exhibit A**

# DAVIS AUCTIONEERS, L. P.

P. O. BOX 2195
BURLESON, TX. 76097-2195
PHONE: 817-447-9805
LUTHER DAVIS-----AUCTIONEER, TX #8325

## CONTRACT

THIS CONTRACT entered into by and between DAVIS AUCTIONEERS, L. P., hereinafter referred to as "Auctioneer", and Alexander E. Jones, Debtor in Possession, Case no. 22-33553, hereinafter referred to as "Seller".

I.

For and in consideration of the services to be performed by the Auctioneer, the undersigned Seller of the property hereinafter described, hereby employs and grants the Auctioneer the exclusive right to sell (auction) the property to which the Seller has seized under contractual landlord's lien and as provided for by the Texas Property Code, Chapter 59, Self-Service Storage Facility Liens.

This right to sell (auction) specifically includes the right to sell the seized properties at public auction on the premises of the lessor or storage facility location. The right to sell will be held at location(s) for each storage unit on Exhibit A determined by the Auctioneer on dates to be mutually agreed upon by Auctioneer and Seller.

Seller shall sell the property to the highest bidder, unless otherwise noted in advertising, announcements, or other media, that the Seller has the right to refuse any and all bids. Seller shall deliver the property to the purchaser by bill of sale free of all encumbrances. Seller appoints Auctioneer his attorney in Seller's name and in his behalf, and as fully and to the same extent as Seller could do personally, to execute all necessary deeds, bills of sale, conveyances and other instruments of every nature whatsoever necessary or convenient to the carrying out of the power of sale herein granted and the transfer of title to the property herein described to the purchasers thereof.

II.

Seller warrants and represents to the Auctioneer that Seller owns, and/or has full authority and lawful power to sell, and shall deliver good title, where applicable, to the above described property, free and clear of all claims, encumbrances, or indebtedness and that said property can be auctioned without violation of any Federal, State, County, or other regulations and that all laws, procedures, guidelines, and regulations have been followed, administered, and adhered to in preparing for such auctions.

III.

Auctioneer shall not be liable to any third party for failure to pay any indebtedness secured by liens or encumbrances except to the extent that the Auctioneer has actual knowledge of such indebtedness.

IV.

Seller agrees to pay all expenses incurred in regard to preparation, advertising, legal research, certifying tenants, and any other associated costs. Seller agrees to bear all risk and all liability which may arise from the accidental sale, unintentional sale, or failure of any of the items sold or to be sold at auction and to comply with any Federal, State, or Local law, statute, or regulatory agency regulations and requirements, including but not limited to, requirements relating to environmental pollutants. The Seller shall pay all direct and indirect cost for the cleanup and removal of such items and any other cost that may be incurred due to the

---

Auctioneer Initials_____                    Seller(s) Initials_____

existence of environmental pollutants either on or in the items sold. Such costs may also include any liens or penalties, which may be levied due to the violation of any of the aforementioned laws or regulations.

V.

TERMS OF SALE:

The terms of the said auction shall be all cash, payable by the successful bidder on the conclusion of the bidding. All items placed for sale shall be sold to the highest bidder unless no bids are received within a reasonable time. The Seller may withdraw from the sale or refuse any bid, on any seized property at any time prior to the completion of the act of the Auctioneer saying "Sold".

VI.

THE AUCTIONEER SHALL:

A.   Sell said property, using his professional skill, knowledge, and expertise to the best advantage of both parties in preparing and conducting the sale.

B.   Keep accurate records of said sale and furnish Seller copy of invoice for all sales.

C.   Receive as compensation for conducting said auction sale of $1,200 or twenty percent (20%), whichever is greater, which shall be deducted from the sale proceeds prior to payment to Seller. Any change in compensation must be agreed upon by both parties and defined in writing at least 60 days in advance of such change.

D.   Deliver to Seller net proceeds of sale upon completion of said auction.

E.   Collect sales tax where applicable and required under state law and remit such sales tax due to the State.

VII.

THE SELLER SHALL:

A.   Maintain and provide premises in which said property is located, and furnish light, water, personal and public liability insurance.

B.   Not interfere, prevent, or prohibit Auctioneer, in any manner, prior to or during auction, from carrying out his duties and obligations of this contract.

VIII.

AS PART OF THE MATERIAL CONSIDERATION OF THIS AGREEMENT, SELLER COVENANTS AND AGREES TO INDEMNIFY, DEFEND, AND HOLD HARMLESS AUCTIONEER FROM AND AGAINST ANY AND ALL CLAIMS, SUITS, LOSSES, JUDGMENTS, DAMAGES, AND LIABILITIES INCLUDING ANY INVESTIGATION, LEGAL, AND OTHER EXPENSES INCURRED IN CONNECTION WITH THE AUCTION AND SALE OF THE REAL AND/OR PERSONAL PROPERTY DESCRIBED IN PARAGRAPH I HEREOF AS WELL AS ANY CLAIMS THAT MAY ALLEGE AUCTIONEER'S OWN NEGLIGENCE IN REGARDS TO SAID SALE OF SUCH PROPERTY. THIS INDEMNIFICATION SHALL BE IN ADDITION TO ANY OTHER RIGHT AVAILABLE TO AUCTIONEER, INCLUDING THE RIGHT TO SUE SELLER FOR A MISREPRESENTATION, BREACH OF WARRANTY, OR BREACH OF COVENANT UNDER THIS CONTRACT. SELLER UNDERSTANDS THE RISKS INVOLVED WITH SUCH SALE AND AGREES AUCTIONEER HAS MADE NO GUARANTEES AS TO THE RESULTS OF SAID AUCTION.

IX.

Nothing herein contained shall be construed to or constitute the parties hereto as partners. In the event it becomes necessary for either party to collect any sum due through legal action, then this Contract shall be deemed to be performable in Johnson County, Texas. Seller agrees to pay all costs and expenses of such

---

AUCTIONEER CONTRACT – DAVIS AUCTIONEERS, L.P.                                        PAGE 2

Auctioneer Initials _____                      Seller(s) Initials _____

action, including reasonable attorney's fees. This Contract shall bind and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, and assigns.

## X.

The auction or auctions will primarily be managed by LUTHER D. DAVIS, III on behalf of DAVIS AUCTIONEERS, L.P. LUTHER D. DAVIS, III is licensed and regulated by the Texas Department of Licensing and Regulation. Licensure with the Department does not imply approval or endorsement by the State of Texas. Unresolved complaints or a compliment should be directed to:

Texas Department of Licensing and Regulation
P. O. Box 12157
Austin, TX. 78711
512-463-2906 or 800-803-9202
www.tdlr.texas.gov

## XI.

1. *Notices.* Any notice required by or permitted under this contract must be in writing. Any notice required by this contract will be deemed to be delivered (whether actually received or not) when deposited with the United States Postal Service, postage prepaid, certified mail, return receipt requested, and addressed to the intended recipient at the address shown below the signatures of the respective parties at the end of this Agreement. Notice may also be given by regular mail, personal delivery, courier delivery, facsimile transmission, electronic mail, or other commercially reasonable means and will be effective when actually received. Any address for notice may be changed by written notice delivered as provided herein.

2. *Amendment.* This contract may be amended only by an instrument in writing signed by the parties.

3. *Prohibition of Assignment.* Seller may not assign this contract or any of Seller's rights under it without Auctioneer's prior written consent, and any attempted assignment is void. This contract binds, benefits, and may be enforced by the parties and their respective heirs, successors, and permitted assigns.

4. *Survival.* The obligations of this Agreement that cannot be performed before termination of this contract or before the conclusion of the auction will survive termination of this contract or the auction, and the legal doctrine of merger will not apply to these matters.

5. *Severability.* The provisions of this contract are severable. If a court of competent jurisdiction finds that any provision of this contract is unenforceable, the remaining provisions will remain in effect without the unenforceable parts.

6. *Ambiguities Not to Be Construed against Party Who Drafted Contract.* The rule of construction that ambiguities in a document will be construed against the party who drafted it will not be applied in interpreting this contract.

7. *Counterparts.* If this contract is executed in multiple counterparts, all counterparts taken together will constitute this contract.

8. *Necessary Acts, Further Assurances.* The Auctioneer and Seller shall, at their own cost and expense, execute and deliver such further documents and instruments and shall take such other actions as may be reasonably required or appropriate to evidence or carry out the intent and purposes of this Agreement, or to show the ability to carry out the intent and purposes of this Agreement. This shall include, but is not limited to, documents necessary to transfer ownership of property, documents authorizing payment of disclosed or undisclosed liens, and making payments to creditors possessing disclosed or undisclosed liens on the property.

---

Auctioneer Initials _SO_____                          Seller(s) Initials_____

EXECUTED THIS _____ day of _____, 20_____ in the City of
Burleson, County of Johnson, State of Texas.

| DAVIS AUCTIONEERS, L.P. by and through its General Partner, Davis Business Management, LLC: | SELLER(S): ALEXANDER JONES, DEBTOR IN POSSESSION, CAS 22-33553 |
|---|---|
| BY: _____<br>**LUTHER D. DAVIS, III, President of Davis**<br>Business Management, LLC | X _____<br>Sign:<br><br>Alexander E. Jones _____<br>Print Name: |
| Address of DAVIS AUCTIONEERS, L.P.:<br><br>Davis Auctioneers, L.P.<br>Attn: Luther D. Davis, III<br>P. O. Box 2195<br>Burleson, TX. 76097-2195 | Address of SELLER(S)  (Print Address)<br><br>c/o BlackBriar Advisors LLC<br>2626 Cole Ave., Suite 300<br>Dallas, TX  75204 |

**Exhibit B**

**Davis' Declaration in Support of Debtor's Application to Employ Auctioneer to Assist in the Sale of the Contents of Storage Units**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **ALEXANDER E. JONES,** | § | **Case No. 22-33553** |
| | § | |
| **Debtor.** | § | |
| | § | |

**DECLARATION OF LUTHER D. DAVIS, III IN SUPPORT OF
DEBTOR'S APPLICATION TO EMPLOY AUCTIONEER TO ASSIST IN
THE SALE OF THE CONTENTS OF STORAGE UNITS**

I, Luther D. Davis, III on behalf of Davis Auctioneers, L.P. declare:

1.      That I am an auctioneer with Davis Auctioneers, L.P. with my principal office located in Burleson, TX  76097-2195.

2.      I am over 21 years of age, of sound mind, and am fully competent to testify as to the facts contained in this Declaration. I am a licensed auctioneer in the state of Texas. Except as otherwise noted, I have personal knowledge of the matters set forth in this Declaration. The facts contained in this Declaration are true and correct to the best of my knowledge and belief.

3.      I submit this declaration (the "Declaration") pursuant to Rule 2014(a) of the Bankruptcy Rules and in support of the Debtor's *Application to Employ Auctioneer to Assist in the Sale of the Contents of Storage Units*. The Application seeks to employ and retain Davis Auctioneers, L.P. and its related subsidiary entities, as the Debtor's auctioneer, pursuant to the terms and conditions of the Contract. In connection with the proposed representation, Davis Auctioneers, L.P. anticipates rendering the services outlined in the Application (the "Auctioneering Services") in connection with this Chapter 11 Case.

4.      Davis Auctioneers, L.P. is a premier family-owned auction company in Burleson, Texas, and their knowledge of selling storage units contents make them a reliable

auctioneer for this Sale.

5.      Davis Auctioneers, L.P. has attempted to determine its past and present connections, if any, with the Debtor, its creditors, or any parties-in-interest, their representative attorneys and accountants, the Unites States Trustee, or any person employed in the office of the United States Trustee. In particular, Davis Auctioneers, L.P. obtained from the Debtor and/or its representatives the names of the individuals and entities that may be parties-in-interest in this Chapter 11 Case. Based upon Davis Auctioneers, L.P. internal investigation and to the best of my present knowledge, I am not aware of any connections that Davis Auctioneers, L.P. has with the Debtor, its creditors or any other parties-in-interest, their respective attorneys and accounts, the United States Trustee, or any person employed in the office of the United States Trustee. However, Davis Auctioneers, L.P. may have in the past represented, may currently represent, and likely in the future will represent, parties-in interest, including creditors of the Debtor in connection with matters unrelated to the Debtor and this Chapter 11 Case. And, as is part of its customary practice, Davis Auctioneers, L.P. is involved in cases, proceedings, reorganizations, and transactions involving many different parties, some of which may represent, or be, claimants, or other parties-in-interest in this Chapter 11 Case.

6.      To the best of my present knowledge, and unless as otherwise disclosed in this Declaration, neither Davis Auctioneers, L.P. nor any of its representatives, insofar as I have been able to ascertain, hold any interest materially adverse to the interest of the Debtor's estates or to any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor.

7.      I believe that Davis Auctioneers, L.P., and each of its representatives, is a "disinterested person" within the meaning of Sections 101(14) and 327(a) of the Bankruptcy

Code.

8.      If any new relevant facts or relationships are discovered or arise, Davis Auctioneers, L.P. will use reasonable efforts to identify such further developments and will promptly file a supplemental affidavit as Bankruptcy Rule 2014(a) requires.

9.      Subject to the Court's approval, and pursuant to the Contract, Davis Auctioneers, L.P. will charge the applicable Debtor a commission of the greater of $1,200 or 20% of the gross sales price relating to the sale the Contents. Davis Auctioneers, L.P. fees are consistent with and typical of fees charged by other auctioneers for comparable services under similar circumstances. The fees charged by Davis Auctioneers, L.P. are market-based and designed to compensate Davis Auctioneers, L.P. fairly for the work of its professionals and to cover fixed and routine expenses.

10.      Davis Auctioneers, L.P. has been informed and understands that no sale may be consummated, and no commission paid until after notice and a hearing on the proposed sale, and until after such time as the Court approves the sale.

11.      To the extent that Davis Auctioneers, L.P. subsequently discovers any facts bearing on this Declaration, this Declaration will be supplemented, and those facts will be disclosed to the Court at the earliest opportunity.

12.      Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 21, 2023

*/s/ Luther D. Davis, III*
LUTHER D. DAVIS, III

**Exhibit C**

**Proposed Order in Support of Debtor's Application to Employ Auctioneer to Assist in the Sale of the Contents of Storage Units**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ALEXANDER E. JONES,** | § | **Case No. 22-33553** |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | |

**ORDER IN SUPPORT OF DEBTOR'S**
**APPLICATION TO EMPLOY AUCTIONEER TO ASSIST IN**
**THE SALE OF THE CONTENTS OF STORAGE UNITS**

ON THIS DATE, this Court considered Debtor's *Application to Employ Auctioneer to Assist in the Sale of the Contents of Storage Units* (the "Application") filed by the above-captioned debtor and debtor-in-possession (the "Debtor") for the entry of an order (the "Order") authorizing Debtor to retain and employ Davis Auctioneers, L.P. as its auctioneer, pursuant to Sections 105(a), 327, and 1107 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules"). Upon review of the Application and the Declaration of Luther D. Davis, III (the "Davis Declaration"), the Court finds that is has jurisdiction to grant the relief requested in the Application pursuant to 28 U.S.C. §§ 1334 and 157(b)(2).

The Court further finds that due and adequate notice of the Application was served via the court's electronic transmission facilities and United States First Class Mail upon all necessary parties.

The Court further finds that Davis Auctioneers, L.P. does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matter on which it is to be employed in this Chapter 11 Case pursuant to 11 U.S.C. § 327(e).

**IT IS THEREFORE**,

**ORDERED** that the Application is hereby **GRANTED**; and it is further

**ORDERED** that the Debtor is authorized to employ and retain Davis Auctioneers, L.P. as auctioneer; it is further

**ORDERED** that Davis Auctioneers, L.P. shall be compensated in accordance with procedures set forth in the Application and such procedures as may be fixed by order of this Court.

Dated: _____, 2023

_____
**UNITED STATES BANKRUPTCY JUDGE**