**Exhibit B**

**Schedule of Assets**

Schedule of Assets[1]

| Description of Asset[2] | Estimated Value[3] | Amount Claimed as Exempt by Debtor[4] | Asset Not Included in the Jones Disclosure Statement or Schedules and Statements[5] |
|---|---:|---:|---|
| **1. Personal Bank Accounts / Cash[6]** | | | |
| Prosperity Bank Account #9175 | $853 | - | Included |
| Bank of America Account #6078 | $976 | - | Included |
| Bank of America Account #2913 | $1,107 | - | Included |
| JPMorgan Chase Account #7518 | $1,222 | - | Included |
| JPMorgan Chase Account #3520 | $1,207 | - | Included |
| PNC Bank Account #5233 | $621,427 | - | Included |
| Security Bank of Crawford Account #8548 | $1,053 | - | Included |
| Cash on hand | $1,000 | - | Included |
| **Subtotal:** | **$628,845** | **-** | |

---

[1] Capitalized terms used but not otherwise defined in this **Exhibit B** shall have the meanings ascribed to such terms in the Specific Disclosure Statement.

[2] This **Exhibit B** differs from the list of assets identified in Article IV.B of the Jones Disclosure Statement, as it only includes assets that are currently available for liquidation and immediate distribution to creditors. By contrast, various claims against third parties belonging to the Debtor's Estate are included in **Exhibit C**. This **Exhibit B** does not include an anticipated IRS refund valued by the Debtor at approximately $3.89 million, interests in certain executory contracts, contingent and unliquidated claims listed by the Debtor, and a cat. If and when the Debtor obtains any value on account of the foregoing, such value should be available to Jones's creditors. This **Exhibit B** incorporates by reference all assets listed in all iterations of the Debtor's Schedules and Statements and does not purport to re-list each individual asset. Additionally, this **Exhibit B** includes various assets uncovered by the Creditor Plan Proponents as a result of the UCC's Investigation that were not listed in the Jones Disclosure Statement or, in certain instances, the Debtor's Schedules and Statements. This **Exhibit B** remains subject to amendment in all respects.

[3] Unless otherwise specified herein, the value of each asset listed in this **Exhibit B** is obtained from the following sources: (i) the Debtor's Schedules and Statements; (ii) the Debtor's monthly operating reports filed in the Chapter 11 Case; or (iii) the Jones Disclosure Statement. The Creditor Plan Proponents have not separately valued each item identified by the Debtor, and inclusion of the value ascribed by the Debtor in this list does not necessarily indicate agreement with such value.

[4] The claimed exempt status of the assets included herein and the value attributable to such assets are derived from the Debtor's Schedules and Statements. The Creditor Plan Proponents reserve the right to dispute the Debtor's classification of certain assets or a portion thereof as exempt.

[5] Line items marked as "Included" in this column appear in Article IV.B of the Jones Disclosure Statement and/or the Debtor's Schedules and Statements. Notably, the Jones Disclosure Statement lumps certain assets together, while the Schedules and Statements provide a more detailed breakdown. To the extent an asset does not appear in either the Jones Disclosure Statement or the Schedules and Statements, it is marked as "Not included."

[6] According to the Jones Disclosure Statement, the Debtor has $1,056,913.67 in cash and securities held in several accounts. *See* Jones Disclosure Statement, Art. IV.B. The Jones Disclosure Statement, however, does not provide a breakdown of specific balances in each bank account. Therefore, the information listed in this section is derived from the November 2023 monthly operating report filed by the Debtor [Docket No. 528] (the "November MOR").

| Description of Asset[2] | Estimated Value[3] | Amount Claimed as Exempt by Debtor[4] | Asset Not Included in the Jones Disclosure Statement or Schedules and Statements[5] |
|---|---|---|---|
| **2. Real Property[7]** | | | |
| Homestead, Austin Texas - 80% owned through RXXCTTGAA Trust and 20% transferred to Erika Jones in February 2022[8] | $3,266,000 | $2,612,800[9] | Included |
| Lake House ("Back of the Moon"), Austin, Texas | $1,750,000 | - | Included |
| Rental Property – WW ("Whispering Winds"), Austin, Texas | $505,000 (of which $28,883 is secured) | - | Included |
| Ranch in Guadalupe County, Texas | $ 2,189,220 | - | Included |
| Subtotal: | $7,710,220 (of which $28,883 is secured) | $ 2,612,800 | |
| **3. Entities and Trusts[10]** | | | |
| Free Speech Systems LLC | Unknown | - | Included |
| AEJ Austin Holdings LLC, including its bank account[11] | $10,000 | - | Included |
| Jones Productions LLC | Unknown | - | Included |
| Planet Infowars LLC | Unknown | - | Included |
| Austin Shiprock Publishing LLC | Unknown | - | Included |
| Magnolia Management LLC | Unknown | - | Included |
| Magnolia Holdings, Limited Partnership LP | Unknown | - | Included |

---

[7] To avoid disclosure of any information that may be confidential or sensitive in nature, properties in this **Exhibit B** are referred to by the names utilized by the Debtor, rather than their addresses. *See Order Granting Emergency Motion for Entry of An Order Authorizing Debtor to File Schedules and Statements Under Seal* [Docket No. 530].

[8] Records show that the Debtor owns this property through the RXXCTTGAA Trust. In the Debtor's Schedules and Statements, the Debtor appears to claim ownership of the property directly, rather than ownership through the trust. The Debtor also claims to have transferred 20% of the property to his wife Erika Jones in February 2022. Regardless of whether owned directly or indirectly through the trust, the property should be available for distribution to creditors if the property is not properly exempt.

[9] The Debtor claims the entire 80% portion of the Homestead that he claims to own as exempt. As noted above, the Creditor Plan Proponents reserve the right to dispute any exemptions claimed by the Debtor.

[10] The Creditor Plan Proponents have not independently valued the entities in which the Debtor has an interest. The values are derived from the Debtor's Schedules and Statements, as well as bank statements produced in discovery in connection with the UCC's Investigation. Where assets held by such entities have been identified, they are included herein. Intangible assets, such as domain names, intellectual property or goodwill, if any, have not been independently valued. The Creditor Plan Proponents cannot verify that all assets held by the entities listed herein have been identified or disclosed or verify the value ascribed by the Debtor in respect of the Debtor's interest in these entities.

[11] AEJ Austin Holdings ("AEJ Holdings") holds a note (the "Note") and security agreement (the "Security Agreement") from the AEJ 2018 Trust. The Debtor acknowledges the AEJ 2018 Trust has defaulted under the Note. AEJ Holdings, therefore, has a claim against the AEJ 2018 Trust for the 90% interest in PLJR Holdings LLC, which in turn owns 80% of PQPR, pledged as collateral under the Security Agreement.

| Description of Asset[2] | Estimated Value[3] | Amount Claimed as Exempt by Debtor[4] | Asset Not Included in the Jones Disclosure Statement or Schedules and Statements[5] |
|---|---|---|---|
| RCGJ LLC, including Unit 5[12] | $767,400[13] | - | Not included[14] |
| Jones Report LLC and its intellectual property, includes IP related to prisonplanet.com and jonesreport.com | $7,302 | - | Included |
| A. Emeric Productions LLC, including its bank account[15] | $485 | | Included |
| Guadalupe County Land and Water LLC | Unknown | - | Included |
| InfoW LLC | See below note for the 2022 Litigation Settlement Trust | - | Not included |
| IWHealth LLC | See below note for the 2022 Litigation Settlement Trust | - | Not included |
| Prison Planet TV LLC | See below note for the 2022 Litigation Settlement Trust | - | Not included |
| 90% interest in PLJR Holdings LLC, including its bank account and interest in PQPR | Unknown[16] | - | Not included |
| 72% interest in PQPR Holdings Limited LLC, including its bank accounts and inventory | Unknown[17] | - | Not included |
| AEJ 2018 Trust, including its bank account and indirect interest in PQPR | Unknown[18] | - | Included |
| Missouri779384 Trust, including its bank account | $54,519 | - | Included[19] |

---

[12] As more fully described in the Specific Disclosure Statement, the Debtor now contends that Unit 5 does not belong to the Debtor's Estate, which the Creditor Plan Proponents dispute. *See* Specific Disclosure Statement, Art. III.F.2.ii.f. Given the Debtor's current position respecting this property, it is included in both **Exhibit B** (as property the Creditor Plan Proponents contend can be collected directly in a liquidation) and **Exhibit C** (as property that may be subject to claims to claw such property back into the Debtor's Estate).

[13] Value derived from the Second Amended Schedules and Statements.

[14] RCGJ LLC is included, but its ownership of Unit 5 is not.

[15] Appears to also be referred to as Emric Productions LLC in the Debtor's Schedules and Statements.

[16] PLJR has a bank account holding $3,111, and an interest in PQPR which cannot be valued at this time, but which the Creditor Plan Proponents believe to be substantial.

[17] PQPR has not provided the information necessary to ascribe a value, but the Creditor Plan Proponents believe it to be substantial.

[18] AEJ 2018 Trust has a bank account holding $10,002, and an interest in PQPR which cannot be valued at this time, but which the Creditor Plan Proponents believe to be substantial.

[19] This trust appears to be omitted from the Jones Disclosure Statement, but has been previously included in the Debtor's Schedules and Statements.

| Description of Asset[2] | Estimated Value[3] | Amount Claimed as Exempt by Debtor[4] | Asset **Not** Included in the Jones Disclosure Statement or Schedules and Statements[5] |
|---|---|---|---|
| RXXCTTGAA Trust, including its bank account[20] | $14,000 | - | Included[21] |
| 2022 Litigation Settlement Trust – includes InfoW LLC (holds intellectual property, including copyright and domains related to InfoWars.com), Prison Planet TV LLC (holds copyright and domains related to prisonplanet.tv) and IWHealth LLC | $66,935 | - | Included[22] |
| Recharge Dynasty Trust | Unknown | - | Included |
| Alexander E. Jones Descendant and Beneficiary Trust | $1,632,400[23] | | Not included |
| Greenleaf Trust | $127,094[24] | | Not included |
| **Subtotal:** | **>$2,693,248[25]** | **-** | |
| **4. Personal Property[26]** | | | |
| 51 firearms | $73,744 | $10,211 | Included[27] |
| 3 Glock 9mm firearms[28] | $1,444[29] | - | Not included |

---

[20] This trust also holds the Homestead property.
[21] This trust appears to be omitted from the Jones Disclosure Statement, but has been previously included in the Debtor's Schedules and Statements. The Debtor has not disclosed the bank account or the ownership of the Homestead property.
[22] This trust appears to be omitted from the Jones Disclosure Statement, but has been previously included in the Debtor's Schedules and Statements.
[23] Although the Debtor contends that this trust owns three condos, which the Creditor Plan Proponents dispute, this total does not include Unit 5, which is included in the total for RCGJ LLC. The Debtor disputes that these assets are available to creditors.
[24] The Debtor disputes that these assets are available to creditors.
[25] This subtotal includes amounts from footnotes 15 and 17.
[26] Per the Jones Disclosure Statement, the combined value of the Debtor's three motor vehicles, other personal items such as electronics, sports equipment, and clothing, 49 firearms, and watches or other jewelry totals $171,636. *See* Jones Disclosure Statement, Art. IV.B. By contrast, the identified value of these items based on the Debtor's November MOR and the Third Amended Schedules and Statements is approximately $290,000. The Debtor has offered no explanation for the disparity. As such, this **Exhibit B** uses the greater value of the aforementioned items as set forth in the Third Amended Schedules and Statements and the November MOR. This **Exhibit B** also includes items that the Debtor omitted as noted. On November 11, 2023, the Debtor filed a motion [Docket No. 485] to sell certain personal property listed in this category in accordance with procedures agreed to by the Creditor Plan Proponents.
[27] The Jones Disclosure Statement only lists 49 firearms, while the Debtor's Schedules and Statements identify 51 firearms, two of which are claimed as exempt. *See* Jones Disclosure Statement, Art. IV.B.
[28] The Debtor initially included these three firearms in his Second Amended Schedules and Statements, but subsequently removed them, alleging that these items are owned by Erika Jones. Based on information obtained by the UCC as part of the UCC's Investigation, Erika Jones has denied owning these firearms.
[29] Approximate value derived from similar items identified on the firearms inventory annexed to the Debtor's Schedules and Statements.

| Description of Asset[2] | Estimated Value[3] | Amount Claimed as Exempt by Debtor[4] | Asset **Not** Included in the Jones Disclosure Statement or Schedules and Statements[5] |
|---|---|---|---|
| 19 watches and 1 pair of cufflinks | $54,622 | $12,500 | Included |
| 4 Rolex watches – "black and blue stainless, all black stainless . . .gold blue face, [and] military style milgauss"[30] | $50,000 – $90,000[31] | - | Not included |
| 44 U.S. Silver Coins | $1,680 | - | Included |
| Furniture, fixtures, rugs, artwork and grill located in the Debtor's primary residence | $11,955 | $11,955 | Included |
| Furniture, fixtures, household goods, recreational equipment at the Lake House | $21,145 | | Included |
| Furniture, fixtures, rugs, artwork and other personal property located in real property other than the Debtor's primary residence or the Lakehouse | Unknown[32] | - | Not included |
| Electronics (television and monitor) | $660 | $660 | Included |
| Treadmill and 3 electric bikes | $2,385 | $2,385 | Included |
| Sunglasses and prescription glasses | $845 | $845 | Included |
| Clothing | $300 | $300 | Included |
| Contents of several storage facilities | Unknown | - | Included |
| Cryoniq cryogenic chamber | $4,000 | - | Included |
| A fossil, a polished stone, and two stone lamps | $23,690 | - | Not included |
| **Subtotal:** | **$246,470-286,470** | **$38,856** | |
| **5. Vehicles and Boats** | | | |
| 2017 Ford Expedition | $21,463 | - | Included |
| 2019 Dodge Challenger | $67,575 | - | Included |
| 2020 Dodge Charger | $70,618 | - | Included |
| 2016 Regal Boat 28 Express | $67,015 | - | Included |
| 2015 Regal Boat 24 Fasdeck & 2015 Magnum Trailer | $47,285 | - | Included |

---

[30] These watches were previously listed as property of the Debtor in December 2017, but have not been located in this Chapter 11 Case. No explanation has been provided as to where the watches are presently located, or whether they were sold or gifted.

[31] The document identifying these watches as the Debtor's property does not describe the precise model or year of the watches, making independent valuation difficult. The approximate value set forth in this **Exhibit B** is based on similarly named Rolex watches made prior to 2016. The value is derived from a variety of online luxury watch valuators, which estimated the watches at approximately $70,000. The provided range is plus/minus $20,000 of that value.

[32] The Debtor has furniture, fixtures, and goods in properties other than the primary residence and the Lakehouse, including property the Debtor purchased in an apartment and in a trailer on David Jones's property.

| Description of Asset[2] | Estimated Value[3] | Amount Claimed as Exempt by Debtor[4] | Asset Not Included in the Jones Disclosure Statement or Schedules and Statements[5] |
|---|---|---|---|
| 2017 Audi A8[33] | $25,000[34] | - | Not included |
| 2006 Acura MDX[35] | $5,000[36] | - | Not included |
| **Subtotal:** | **$303,956** | **-** | |
| **6. Other** | | | |
| Inventory - Platinum | $339,119[37] | - | Not included |
| Inventory from Hi-Tech Pharmaceuticals | $760,854 | - | Included |
| GiveSendGo-Legal | $38,109[38] | - | Included |
| Prepayment-Legal Account | $50,000[39] | - | Included |
| Certain Unclaimed Property | $6,396 | - | Included |
| Rental Property Escrow | $15,000 | - | Included |
| Petty Cash for Childcare | $700[40] | | Not included |
| Prepaid Insurance | $1,859[41] | | Not included |
| Cryptocurrency[42] | $100,000 | - | Not included |
| Unspecified Accounts Receivable | $169,773[43] | | Not included |

---

[33] Public records indicate that this motor vehicle is owned by Alex Jones and Erika Jones.  As noted in the Specific Disclosure Statement, the Debtor has stated that the car was gifted to his wife, notwithstanding the ownership set forth in public records.  Even if the car was gifted, there are claims to recover the car for the benefit of the Estate.  Given the Debtor's current position respecting this property, it is included in both **Exhibit B** (as property the Creditor Plan Proponents contend can be collected directly in a liquidation) and **Exhibit C** (as property that may be subject to turnover and avoidance claims).
[34] Value was derived from KBB.com as of January 2, 2024.
[35] Public records indicate that this motor vehicle is owned by Alex Jones and Kelly Nichols.
[36] Value was derived from KBB.com as of January 2, 2024.
[37] Value derived from the November MOR.
[38] Value derived from the November MOR.
[39] Value derived from the November MOR.
[40] Value derived from the November MOR.
[41] Value derived from the November MOR.
[42] The Creditor Plan Proponents are in the process of identifying cryptocurrency owned but not disclosed by the Debtor.  To date, the Creditor Plan Proponents have confirmed that the Debtor owns approximately $100,000 in cryptocurrency that was held in various donation sites for the benefit of the Debtor but not disclosed.  The UCC's Investigation in respect of other cryptocurrency remains ongoing.
[43] Value derived from the November MOR.

| Description of Asset[2] | Estimated Value[3] | Amount Claimed as Exempt by Debtor[4] | Asset **Not** Included in the Jones Disclosure Statement or Schedules and Statements[5] |
|---|---|---|---|
| Receivable from Descendants Trust | $30,015[44] | | Not included |
| Receivable from Erika Jones | $10,221[45] | | Not included |
| Subtotal: | $1,522,046 | - | |
| All Assets Total: | $13,104,785 - $13,144,785 (of which $28,883 is secured) | $2,651,656 | |

---

[44] Value derived from the November MOR. The basis for the receivable identified by the Debtor is not specified. In addition to the receivable identified by the Debtor in the November MOR, the Creditor Plan Proponents have identified significant claims against the Descendants Trust, as set forth in the Disclosure Statement and **Exhibit C**.

[45] Value derived from the November MOR. The basis for the receivable identified by the Debtor is not specified. In addition to the receivable identified by the Debtor in the November MOR, the Creditor Plan Proponents have identified significant claims against Erika Jones, as set forth in the Disclosure Statement and **Exhibit C**.

7