**Exhibit C**

**Schedule of Claims and Causes of Action**

**Schedule of Claims and Causes of Action[1]**

| Description of Claim[2] | Claim Amount[3] |
|---|---|
| **1. Claims against Erika Jones** | |
| Claims to avoid purported obligations under Section 14 of the Premarital Agreement under 11 U.S.C. §§ 544, 548; Tex. Bus. & Com. Ann. § 24.001, *et seq.* | Monthly payments and other obligations |
| Claims to avoid and recover cash payments made within 4 years before the Petition Date as fraudulent transfers under 11 U.S.C. §§ 544, 548; Tex. Bus. & Com. Ann. § 24.001, *et seq.* | $1,464,193[4] |
| Claims to avoid and recover cash payments within 1 year before the Petition Date as preferences under 11 U.S.C. § 547. | $833,943[5] |
| Claims to recover Range Rover as a fraudulent transfer under 11 U.S.C. §§ 544; Tex. Bus. & Com. Ann. § 24.001, *et seq.* | $86,500[6] |
| Claims to recover Audi A8 as a fraudulent transfer under 11 U.S.C. § 544; Tex. Bus. & Com. Ann. § 24.001, *et seq.*[7] | $91,500[8] |
| **Total (Transfers)** | **>$1,642,193** |
| **2. Claims against David Jones** | |
| Claims to avoid and recover transfer of ranch as a fraudulent transfer under 11 U.S.C. §§ 544, 548; Tex. Bus. & Com. Ann. § 24.001, *et seq.* | $249,870[9] |

---

[1] Capitalized terms used but not otherwise defined in this **Exhibit C** shall have the meanings ascribed to such terms in the Specific Disclosure Statement.

[2] Additional information concerning the claims listed in this **Exhibit C** is set forth in Article III.F.2.ii of the Specific Disclosure Statement.

[3] The amounts listed in this **Exhibit C** represents the amount of any claim before the addition of prejudgment interest. The claim amount also has not been adjusted for cost of litigation, cost of collection, or litigation risk. The schedule focuses on transfers made within four years prior to the Petition Date, although claims exist to recover transfers made prior to that time.

[4] The Debtor prepaid one year's worth of payments to Erika Jones prior to the Petition Date, which prepayments purport to cover amounts allegedly due to Erika Jones under the Premarital Agreement through December 2023. If the Debtor begins to make new payments to Erika Jones in January 2024 and thereafter, the Estate will hold claims to recover those amounts as well. The Debtor did not purport to identify four years' worth of transfers in the Debtor's Schedules and Statements.

[5] Each of these preferential transfers is also included in the fraudulent transfer claims set forth in the prior row. These transfers are counted only once, however, in the total claims against Erika Jones. The Debtor disclosed these transfers in his Schedules and Statements.

[6] The value of the Range Rover included in this **Exhibit C** is as of the time of the transfer. The Debtor did not disclose this transfer in his Schedules and Statements.

[7] The Debtor owns the Audi A8 vehicle with Erika Jones. This vehicle is thus property of the Estate and is included on **Exhibit B** as an asset available in liquidation. The Debtor, however, has failed to list it among his assets and has suggested that the car was previously gifted to Erika Jones. As such, the Estate also has claims to turnover the property and claims to avoid any purported transfer and recover the value of the vehicle at the time of the purported transfer. Accordingly, this vehicle is included in this **Exhibit C**, as well as **Exhibit B**.

[8] This vehicle was valued at $91,500 at the time it was purchased. Thus, to the extent that the Debtor contends that it was transferred to Erika Jones at that time, the Estate holds claims to avoid the transfer and recover the value of the vehicle at the time of the purported transfer. In addition, as noted, the Creditor Plan Proponents contend that the vehicle (which is currently valued at $25,000) belongs to Jones and is part of the Estate.

[9] This value is derived from the 2023 assessor record for the property. The Debtor disclosed the transfer, but provided an earlier valuation for this property in his Schedules and Statements.

| Description of Claim[2] | Claim Amount[3] |
|---|---|
| Claims to avoid and recover cash payments as preferential and fraudulent transfers under 11 U.S.C. §§ 544, 547, 548; Tex. Bus. & Com. Ann. § 24.001, *et seq.* | $553,388[10] |
| Claims to avoid and recover transfers of Ford F-150 Raptor, Dodge Challenger Hellcat and Toyota 4Runner as fraudulent transfers under 11 U.S.C. §§ 544, 548; Tex. Bus. & Com. Ann. § 24.001, *et seq.* | $105,000[11] |
| Miscellaneous torts, breaches of trust, breaches of contract claims, or other claims | Unknown |
| Total | >$908,258 |
| **3.  Claims against Jonathon Owen Shroyer** | |
| Claims to recover Dodge Charger Hellcat as fraudulent transfer under 11 U.S.C. §§ 544, 548; Tex. Bus. & Com. Ann. § 24.001, *et seq.* | $31,000[12] |
| Total | **$31,000** |
| **4.  Claims against Rex Jones** | |
| Claims to recover Toyota Tacoma as fraudulent transfer under 11 U.S.C. §§ 544, 548; Tex. Bus. & Com. Ann. § 24.001, *et seq.* | $38,000[13] |
| Total | **$38,000** |
| **5.  Claims against Patrick Reilly** | |
| Claims to recover Glastron boat as fraudulent transfer under 11 U.S.C. §§ 544, 548; Tex. Bus. & Com. Ann. § 24.001, *et seq.* | $23,500[14] |

---

[10] In the four years prior to the Petition Date, the Debtor transferred $553,388 in cash payments to David Jones. Almost all of the transfers were made within one year prior to the Petition Date.  David Jones has indicated that these payments were likely made as reimbursements for various expenses he incurred on the Debtor's behalf, but has produced documents showing that only a portion of those transfers ($218,148) were actually made to reimburse David Jones for such expenses.  For the payments made purportedly to reimburse David Jones for expenses he incurred on the Debtor's behalf within one year prior to the Petition Date, the Estate holds claims to recover the transfers as preferences.  For any payment that was not made as a reimbursement or otherwise for value, the Estate holds claims to recover such transfers as a fraudulent transfer.  The Debtor disclosed the majority of these transfers in his Schedules and Statements (but not all), and also included an additional transfer of $500,000 that was transferred and immediately returned to Alex Jones which is not included in this **Exhibit C**.

[11] The value for the Ford F-150 Raptor is the estimated value as the time of the transfer in October 2022, derived from Caredge.com.  The value for the Dodge Challenger Hellcat is derived from the Debtor's First Amended Schedules and Statements [Docket No. 234].  The value for the Dodge Challenger Hellcat was likely slightly higher at the time of the transfer in October 2022.  The value for the Toyota 4Runner is the estimated value as the time of the transfer in October 2022, derived from Cargurus.com.  The Debtor disclosed that three cars were transferred to David Jones in his Third Amended Schedules and Statements, but appears to have made a mistake about two of the cars.  The Debtor disclosed that he transferred a 2015 Challenger Hellcat, 2013 Ford Raptor, and 2019 Ford Raptor to David Jones, when in fact the UCC Investigation shows that the Debtor transferred a 2015 Challenger Hellcat, a 2012 Ford Raptor, and a 2019 Toyota 4Runner to his father in October 2022.

[12] This value is the estimated value as the time of the transfer in September 2021, derived from vehiclehistory.com.  The Debtor did not disclose this transfer in his Schedules and Statements.

[13] Value for a Toyota Tacoma is the estimated value as the time of the transfer in January 2022 derived from Cargurus.com.  The Debtor did not disclose this transfer in his Schedules and Statements.

[14] This value is derived from the Second Amended Schedules and Statements, which sourced the value from Boatcrazy.com.

2

| **Description of Claim**[2] | **Claim Amount**[3] |
|---|---:|
| Claims to recover Tudor watch as fraudulent transfer under 11 U.S.C. §§ 544, 548; Tex. Bus. & Com. Ann. § 24.001, *et seq.* | $2,000[15] |
| **Total** | **$25,500** |
| **6.  Claims against Alexander E. Jones Descendent and Beneficiary Trust, David Jones, Trustee** ||
| Claims to recover Unit 6 as fraudulent transfer under 11 U.S.C. §§ 544; Tex. Bus. & Com. Ann. § 24.001, *et seq.* | $828,300[16] |
| Claims to recover Unit 5 | $767,400[17] |
| **Total** | **>$1,595,700** |

---

[15] This value is derived from information obtained by the UCC as part of the UCC's Investigation.  The Debtor did not disclose this transfer in his Schedules and Statements.
[16] This value is derived from the Second Amended Schedules and Statements.
[17] This value is derived from the Second Amended Schedules and Statements.