IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALEXANDER E. JONES, | ) | Case No. 22-33553 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CREDITOR PLAN PROPONENTS' EMERGENCY
MOTION FOR ENTRY OF AN ORDER (I) APPROVING
THE DISCLOSURE STATEMENT ON A CONDITIONAL BASIS;
(II) APPROVING THE SOLICITATION PROCEDURES;
(III) APPROVING THE FORM OF BALLOT; AND (IV) APPROVING
CERTAIN DATES AND DEADLINES IN CONNECTION WITH
SOLICITATION OF THE CREDITORS' PLAN**

<div style="border:1px solid black; padding:10px;">

**Emergency relief has been requested.  If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer.  If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

**A hearing is requested for this matter for January 24, 2024.**

</div>

The Official Committee of Unsecured Creditors (the "UCC") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Alexander E. Jones ("Jones" or the "Debtor"), the Connecticut Plaintiffs,[1] and the Texas Plaintiffs[2] (together, the "Sandy Hook Families"[3] and collectively with the UCC, the "Creditor Plan Proponents") respectfully state the following in support of this motion (the "Motion").

---

[1] The "Connecticut Plaintiffs" are (i) David Wheeler; (ii) Francine Wheeler; (iii) Mark Barden; (iv) Jacqueline Barden; (v) Nicole Hockley; (vi) Ian Hockley; (vii) Jennifer Hensel; (viii) Donna Soto; (ix) Carlee Soto-Parisi; (x) Carlos M. Soto; (xi) Jillian Soto Marino; (xii) William Aldenberg; (xiii) William Sherlach; (xiv) Robert Parker; and (xv) Erica Lafferty.  Due to Erica Lafferty's chapter 7 bankruptcy, the trustee of her chapter 7 estate currently represents her financial interest in this proceeding.

[2] The "Texas Plaintiffs" are: (i) Neil Heslin; (ii) Scarlett Lewis; (iii) Leonard Pozner; (iv) Veronique De La Rosa; and (v) the Estate of Marcel Fontaine ("Fontaine").  Unlike the other Sandy Hook Families, Fontaine's claims do not relate to the Sandy Hook shooting. Instead, his claims arise from the Debtor's false reporting identifying him—by name and photo—as the murderer of 17 students and educators at a separate school shooting on February 14, 2018 at Marjory Stoneman Douglas High School in Parkland, Florida.

## RELIEF REQUESTED[4]

1.      By this Motion, the Creditor Plan Proponents seek entry of an order, substantially

in the form attached hereto as **Exhibit A** (the "Disclosure Statement Order"):

(i)      approving on a conditional basis the adequacy of information contained in the *Proposed Specific Disclosure Statement for the Creditors' Non-Uniform Individual Chapter 11 Plan of Liquidation for Alexander E. Jones* [ECF No. 539] (the "Specific Disclosure Statement");

(ii)     approving solicitation procedures with respect to the *Creditors' Non-Uniform Individual Chapter 11 Plan of Liquidation for Alexander E. Jones* [ECF No. 538] (as may be amended, modified and supplemented from time to time, the "Creditors' Plan"); [5]

(iii)    approving the form of ballot attached hereto as **Exhibit B** (the "Ballot") for Class 3 (General Unsecured Claims), the only impaired Class entitled to vote; and

(iv)     establishing the following dates and deadlines in connection with the solicitation of the Creditors' Plan (the "Solicitation Dates"):

| Event | Date |
|---|---|
| Voting Record Date | January 24, 2024 |
| Voting Deadline | February 12, 2024 at 4:00 p.m. (prevailing Central Time) |
| Deadline to File Voting Report | February 23, 2024 at 4:00 p.m. (prevailing Central Time) |

## BACKGROUND

2.      On December 2, 2022 (the "Petition Date"), Jones filed a voluntary petition for

relief under chapter 11 of the Bankruptcy Code.

---

[4] The Creditor Plan Proponents understand that contemporaneously with the filing of this Motion, the Debtor intends to file a companion motion seeking conditional approval of the *Debtor's Proposed Disclosure Statement with Respect to Debtor's Plan of Reorganization* [ECF No. 533] (the "Jones Disclosure Statement") and related solicitation procedures.  The Creditor Plan Proponents will work cooperatively with the Debtor to ensure solicitation of the Creditors' Plan and the *Debtor's Plan of Reorganization* [ECF No. 523] (the "Jones Plan") is efficient and cost-effective.

[5] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Creditors' Plan or the Specific Disclosure Statement, as applicable.

3.     On December 13, 2022, pursuant to Bankruptcy Code section 1102, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed six of the Debtor's unsecured creditors to serve as members of the UCC [ECF No. 42].  The Committee currently comprises the following individuals: (i) Robert Parker; (ii) Nicole Hockley; (iii) Jennifer Hensel; (iv) David Wheeler; (v) Leonard Pozner; and (vi) Scarlett Lewis.

4.     The Debtor's largest creditors are the Sandy Hook Families, who hold Claims against the Debtor on account of judgments entered in Connecticut, in the amount of $1,438,000,000,[6] and Texas, in the amount of $50,043,653.80,[7] as well as additional litigation Claims.  These judgments were entered following years of litigation brought by the families of victims of the 2012 Sandy Hook school shooting and hold Jones and FSS liable for defamation and related torts.  On October 19, 2023, the Court held that these judgments were largely nondischargeable under Bankruptcy Code section 523.[8]

5.     On December 1, 2023, the Court entered the *Agreed Scheduling Order for Confirmation Hearing* [ECF No. 512] (the "Confirmation Scheduling Order") setting forth dates that had been agreed upon among the Creditor Plan Proponents and the Debtor for consideration of any plans filed in this Chapter 11 Case, including the following dates and deadlines (together with the Solicitation Dates, the "Plan Confirmation Schedule"):

---

[6] Judgment on Verdict for Plaintiffs, *Lafferty v. Jones*, Case No. UWY-CV18-6046436-S (Conn. Sup. Ct. Dec. 22, 2022) [ECF No. 1044].

[7] Notice of Final Judgment, *Heslin v. Jones*, Case No. D-1-GN-18-001835 (Tex. Dist. Ct. Jan. 13, 2023) [ECF No. 382].

[8] *See Memorandum Decision on Texas Plaintiffs' Motion for Summary Judgment Against Jones*, October 19, 2023 [Adv. Pro. No. 23-03035, ECF. 46]; *Memorandum Decision on Connecticut Plaintiffs' Motion for Summary Judgment Against Jones*, Oct. 19, 2023 [Adv. Pro. No. 23-03037, ECF No. 76].

| Event[9] | Date |
|---|---|
| **Objections to Provisional Approval of Disclosure Statements.** The date by which Parties and any other parties in interest shall file any objections to the provisional approval of any disclosure statements filed. | **Tuesday, January 16, 2024** |
| **Disclosure Statement Hearing Date.** The date on which the Parties and any other parties in interest shall, subject to the Court's availability, participate in a hearing regarding any disclosure statements filed to seek provisional approval thereof. | **[Wednesday-Friday, January 24-26], 2024** |
| **Substantial Completion of Document Production.** The date by which the Parties and any other recipients of the Requests shall substantially complete the production of documents in response to the Requests. ***Parties and any other recipients of the Requests must commence production of documents in response to Requests as soon as reasonably possible and shall roll out document production in tranches, as available. Parties and any other recipients of the Requests shall not wait until the substantial completion deadline to commence production.*** | **Friday, January 26, 2024** |
| **Solicitation Mailing/Publication Deadline.** | **Monday, January 29, 2024** |
| **Privilege Log Deadline.** The date by which the Parties and any other recipients of the Requests shall have provided logs of documents responsive to the Requests that were withheld or redacted on the basis of any claim or privilege. | **Tuesday, January 30, 2024** |
| **Preliminary Witness Lists.** The date by which the Parties and any other parties in interest shall exchange lists of witnesses each such party in good faith expects to call at the Confirmation Hearing. | **Thursday, February 1, 2024** |
| **Fact Witness Depositions.** The dates during which the Parties and any other parties in interest shall conduct fact witness depositions. | **Friday, February 2 – Friday, February 9, 2024** |

---

[9] Capitalized terms used in this chart but not otherwise defined in this Motion shall have the meaning ascribed to such terms in the Confirmation Scheduling Order.

| | |
|---|---|
| **Expert Reports.** The date by which the Parties and any other parties in interest shall simultaneously exchange expert reports, with a date for rebuttal reports (if needed) to be determined by the Parties and any other parties in interest intending to serve such reports. Bankruptcy Rule 7026 shall apply in its entirely to any expert reports exchanged. | **Thursday, February 15, 2024** |
| **Production of Materials Relied Upon in Expert Reports.** The date by which the Parties and any other parties in interest shall produce copies of any documents or data that were (a) relied on by such party's expert in forming the opinions contained in such report and (b) have not already been produced in these cases. | **Friday, February 16, 2024** |
| **Plan Objection Deadline.** The date by which objections to any Plan must be filed. | **Friday, February 16, 2024** |
| **Exchange of Final Witness and Exhibit Lists.** The date by which the Parties and any other parties in interest shall serve a final list of witnesses and exhibits they intend to offer at the Confirmation Hearing. Witness lists shall identify all witnesses that each party will call and may call at the Confirmation Hearing and shall provide a brief summary of the anticipated testimony of each witness. | **Friday, February 16, 2024** |
| **Objections to Final Witness and Exhibit Lists.** The date by which the Parties and any other parties in interest must serve any objections to the final witness and exhibit lists. | **Tuesday, February 20, 2024** |
| **Expert Depositions.** The dates during which the Parties and any other parties in interest shall conduct expert witness depositions. | **[Tuesday, February 20, 2024 – Thursday, February 22, 2024]** |
| **Exchange of Exhibits.** The deadline by which the Parties and any other parties in interest shall exchange exhibits with each other. | **Friday, February 23, 2024, 12 pm CT** |
| **Filing of Final Witness and Exhibit Lists with the Clerk of the Court.** The deadline by which the Parties and any other parties in interest shall file final exhibit and witness lists with the Clerk of the Court. | **Friday, February 23, 2024, 12 pm CT** |
| **Final Pretrial Conference.** The date on which the Parties and any other parties in | **Friday, February 23, 2024** |

| | |
|---|---|
| interest shall, subject to the Court's availability, participate in a final pretrial conference. | |
| **Reply to Objections.** The date by which the Parties and any other parties in interest must file their reply to all timely objections to their respective Plans. | **Friday, February 23, 2024** |
| **Confirmation Hearing Dates.** The timeframe in which the Parties and any other parties in interest shall complete trial. For the avoidance of doubt, final approval of any disclosure statements filed will be sought during the Confirmation Hearing. | **Tuesday, February 27, 2024 – Thursday, February 29, 2024** |

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).

7.      Venue is proper in the Court under 28 U.S.C. §§ 1408 and 1409.

8.      The statutory and procedural bases for the relief requested herein are Bankruptcy Code sections 105, 502, 1123, 1124, 1125, 1126 and 1128, Bankruptcy Rules 2002, 3003, 3016, 3017, 3018, 3019, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure and Rule 2002-1, 3016-1, 3016-2 and 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## BASIS FOR RELIEF

### I.      The Court Should Approve the Specific Disclosure Statement on a Conditional Basis

9.      Pursuant to Bankruptcy Code section 1125, the proponent of a proposed chapter 11 plan must provide holders of impaired claims and interests entitled to vote on the plan "adequate information" regarding that plan. 11 U.S.C. § 1125.  "Adequate information" means "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records" that would permit "informed judgment about the plan" by impaired creditors and interest holders entitled to vote on

the plan. *See* 11 U.S.C. § 1125(a)(i); *see also In re Divine Ripe, L.L.C.*, 554 B.R. 395, 401-02 (Bankr. S.D. Tex. 2016) (citing *In re Metrocraft Pub. Servs., Inc.*, 39 B.R. 567 (Bankr. N.D. Ga. 1984)).  Importantly, "adequate information need not include such information about any other possible or proposed plan."  11 U.S.C. § 1125(a)(1).

10.    The proposed Specific Disclosure Statement contains adequate information in sufficient detail to permit creditors entitled to vote to make an informed judgment about the Creditors' Plan, including information regarding: (a) the Debtor's assets and liabilities; (b) the events leading to the commencement of the Chapter 11 Case; (c) material events in the Chapter 11 Case, including the nondischargeability adversary proceedings and the UCC's Investigation; (d) the classification and treatment of Claims under the Creditors' Plan; (e) the potential sources of consideration for distributions under the Creditors' Plan; (f) provisions governing the GUC Trust; (g) the releases and exculpations provisions under the Creditors' Plan, which are conspicuously displayed in accordance with Bankruptcy Rule 3016(c); (h) the statutory requirements for confirmation; (i) risk factors related to the Creditors' Plan; and (j) certain U.S. federal tax consequences arising from implementation of the Creditors' Plan.

11.    The proposed Specific Disclosure Statement contains sufficient information for a reasonable person to make an informed judgment about the Creditors' Plan and complies with Bankruptcy Code section 1125.  *See Divine Ripe, L.L.C.*, 554 B.R. at 401-02.  As such, the Creditor Plan Proponents respectfully request that the Court approve the Specific Disclosure Statement as containing "adequate information" within the meaning of Bankruptcy Code section 1125 on a conditional basis and for solicitation purposes only.  The Creditor Plan Proponents also respectfully request that the Court determine on a final basis at the Confirmation Hearing that the Specific Disclosure Statement contains "adequate information" pursuant to Bankruptcy Code section 1125.

In connection with the Confirmation of the Creditors' Plan, the Creditor Plan Proponents will provide any necessary support for the Court to determine the adequacy of the Specific Disclosure Statement and that the Creditor Plan Proponents have met the requirements of Bankruptcy Code section 1125.

## II.      The Court Should Approve the Solicitation Procedures

12.      The Creditor Plan Proponents respectfully request approval of the Solicitation Procedures (described below) to solicit votes in connection with the Creditors' Plan consistent with the Bankruptcy Code and the Bankruptcy Rules.  The Solicitation Procedures are tailored to allow the Creditor Plan Proponents to solicit votes to accept or reject the Creditors' Plan efficiently and effectively given the nature of the creditor body in the Chapter 11 Case.  Specifically, the Solicitation Procedures provide all holders of Claims with adequate notice of the solicitation process and the relevant dates set forth in the Plan Confirmation Schedule.  The Solicitation Procedures are as follows:

### A.      The Balloting Process

13.      The Creditor Plan Proponents will: (a) distribute the Solicitation Package (as defined below) to holders of Claims entitled to vote on the Creditors' Plan or their representatives and will work cooperatively with the Debtor to ensure efficient and cost-effective solicitation of the Creditors' Plan and the Jones Plan; (b) receive, tabulate, and submit a report tallying the votes for or against the Creditors' Plan; and (c) respond to inquiries relating to the solicitation and voting process as it relates to the Creditors' Plan, including all matters related thereto.  The Creditor Plan Proponents request that Akin Gump Strauss Hauer & Feld LLP be authorized to serve as solicitation agent (the "Solicitation Agent") and be authorized to accept Ballots via mail or email. Ballots submitted by facsimile or by electronic means *other than* by email, will not be counted.

14.     The Creditor Plan Proponents respectfully request that the Court approve the following voting and tabulation procedures (the "Voting Procedures"), which conform to Bankruptcy Code section 1126(c) and Bankruptcy Rule 3018(a), providing that only the following holders of Claims will be entitled to vote with regard to such Claims:

    a.  holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim that has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date;

    b.  holders of Claims arising from the rejection of an Executory Contract or Unexpired Lease, which rejection is filed by the Voting Record Date;

    c.  holders of Claims that are listed in the Schedules and Statements; *provided that* Claims that are scheduled as wholly contingent, unliquidated or disputed (excluding such scheduled contingent, unliquidated, or disputed Claims that have been superseded by a timely Filed Proof of Claim) shall be disallowed for voting purposes; and

    d.  holders of Disputed Claims that have been temporarily allowed to vote on the Creditors' Plan pursuant to Bankruptcy Rule 3018.

15.     In addition, the Creditor Plan Proponents respectfully request that the following standard assumptions be used in tabulating Ballots (the "Tabulation Procedures" and together with the Voting Procedures, the "Voting and Tabulation Procedures"):

    a.  Except as otherwise provided in the Solicitation Procedures, unless the Ballot being furnished is ***actually received*** by the Solicitation Agent on or prior to the Voting Deadline (as the same may be extended by the Creditor Plan Proponents), the Creditor Plan Proponents, shall be entitled to reject such Ballot as invalid and not count it in connection with Confirmation of the Creditors' Plan.

    b.  The Creditor Plan Proponents will prepare and file with the Court a voting report (the "Voting Report") by February 23, 2024 (the "Voting Report Deadline") that shall, among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part), illegible, unidentifiable, lacking signatures, lacking necessary information, received via facsimile or electronic mail other than email, or damaged (collectively, in each case, the "Irregular Ballots"). The Voting Report shall indicate the Creditor Plan Proponents' intentions with regard to each Irregular Ballot. The Creditor Plan Proponents, unless subject to a contrary order of the Court, may waive any defects or

irregularities as to any particular Irregular Ballot at any time, and any such waivers will be documented in the Voting Report.

c.   The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each party.  Except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent *actually receives* the properly executed Ballot.

d.   If multiple Ballots are received from the same holder with respect to the same Claim prior to the Voting Deadline, the last properly executed Ballot received will be counted and all prior received Ballots will be disregarded.

e.   Holders must vote all of their Claims within a particular Class either to accept or reject the Creditors' Plan and may *not* split any votes.

16.     The Voting and Tabulation Procedures comply with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules and should be approved.

**B.      Contents and Distribution of the Solicitation Package**

17.     Pursuant to Bankruptcy Rule 3017(d), upon approval of a disclosure statement, a plan proponent shall transmit "(1) the plan or a court-approved summary of the plan; (2) the disclosure statement approved by the court; (3) notice of the time within which acceptances and rejections of the plan may be filed; and (4) any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion." Fed. R. Bankr. P. 3017(d).  The plan proponent must provide notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to creditors and equity security holders in accordance with Bankruptcy Rule 2002(b), and a form of Ballot conforming to the Official Form No. 314 shall be mailed to creditors entitled to vote on the chapter 11 plan.

18.     Subject to the Court's approval of the relief requested in this Motion, the Creditor Plan Proponents will cause following to be distributed to holders of Claims entitled to vote on the Creditors' Plan (the "Solicitation Package"):

a.      a copy of the Creditors' Plan and Specific Disclosure Statement, as approved by the Court on a conditional basis (with all exhibits thereto);

b.      the Disclosure Statement Order;

c.      the Ballot;

d.      the Confirmation Scheduling Order; and

e.      any supplemental documents that the Creditor Plan Proponents may file with the Court or that the Court orders to be made available.

19.      The distribution of the Solicitation Packages will provide all holders of Claims entitled to vote on the Creditors' Plan with the requisite materials and sufficient time to make an informed decision with respect to the Creditors' Plan.  *See* Fed. R. Bankr. P. 3017(d).

**III.      The Court Should Approve the Forms of the Ballots**

20.      The Creditor Plan Proponents propose to solicit votes only from holders of General Unsecured Claims because only holders of General Unsecured Claims are entitled to vote under the Creditors' Plan.  In accordance with Bankruptcy Rule 3018(c), the Solicitation Agent will distribute Ballots substantially in the form attached as **Exhibit B**.  The form of the Ballot is based on the Official Form, which has been modified to: (i) address the particular circumstances of this Chapter 11 Case; and (ii) include certain additional information that the Creditor Plan Proponents believe to be relevant and appropriate.  *See* Fed. R. Bankr. P. 3017(d).

**IV.      The Court Should Approve the Setting of Certain Dates and Deadlines in Connection with the Solicitation of the Creditors' Plan**

**A.      The Voting Record Date**

21.      Pursuant to Bankruptcy Rule 3017(d), upon approval of a disclosure statement, a plan proponent shall mail to all creditors and equity security holders and the United States Trustee a copy of the plan, the disclosure statement, notice of the voting deadline and such other information as the court may direct.  *See* Fed. R. Bankr. P. 3017(d).  Creditors and equity security holders "shall include holders of stock, bonds, debentures, notes, and other securities of record on

the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." *Id.*

22.    The Creditor Plan Proponents respectfully request that the Court establish the voting record date as January 24, 2024 (the "Voting Record Date") for determining which holders of Claims are entitled to vote on the Creditors' Plan and whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of the Claim.  In the event of a transferred Claim, the transferee of such Claim shall be bound by any vote on the Creditors' Plan made by the holder of such Claim as of the Voting Record Date.

**B.    The Voting Deadline**

23.    Pursuant to Bankruptcy Rule 3017(c), on or before approval of the disclosure statement, "the court shall fix a time within which the holders of claims and interests may accept or reject the plan[.]" Fed. R. Bankr. P. 3017(c).  The Creditor Plan Proponents respectfully request that the Court establish **February 12, 2024 (prevailing Central Time)** as the deadline to submit the Ballots (the "Voting Deadline").  For votes to be counted, the Creditor Plan Proponents propose that all Ballots must be properly executed, completed and delivered so that they are received by the Solicitation Agent no later than the Voting Deadline.

## EMERGENCY CONSIDERATION

24.    Pursuant to Bankruptcy Local Rule 9013-1(i), the Creditor Plan Proponents respectfully request emergency consideration of this Motion.  Emergency relief is necessary to allow the Creditor Plan Proponents to comply with the dates and deadlines set forth in the Confirmation Scheduling Order.  Moreover, the Specific Disclosure Statement was filed on January 5, 2024 and provides additional notice of the contemplated timeline.  The Creditor Plan

Proponents therefore believe emergency relief is warranted and will not prejudice parties in interest.

## NOTICE

25.     The Creditor Plan Proponents will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel for the Debtor; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.  No further notice is necessary in light of the nature of the relief requested.

WHEREFORE, the Creditor Plan Proponents respectfully request entry of an order, substantially in the form of the Disclosure Statement Order, attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as the Court deems just, proper and equitable.

By: _/s/ Marty L. Brimmage, Jr._
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Marty L. Brimmage, Jr.
State Bar No. 00793386
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone:  (214) 969-2800
Fax:  (214) 969-4343
E-mail:  mbrimmage@akingump.com

-and-

David M. Zensky (admitted *pro hac vice*)
Sara L. Brauner (admitted *pro hac vice*)
Katherine Porter (admitted *pro hac vice*)
Anna Kordas (admitted *pro hac vice*)
Melanie A. Miller (*pro hac vice* pending)
One Bryant Park
New York, NY 10036
Telephone:  (212) 872-1000
Fax:  (212) 872-1002
E-mail:  dzensky@akingump.com
E-mail:  sbrauner@akingump.com
E-mail:  kporter@akingump.com
E-mail:  akordas@akingump.com
E-mail:  melanie.miller@akingump.com

*Counsel to the Official Committee of Unsecured*
*Creditors of Alexander E. Jones*

By: _/s/ Ryan E. Chapple_
**CAIN & SKARNULIS PLLC**
Ryan E. Chapple
State Bar No. 24036354
303 Colorado Street, Suite 2850
Austin, TX 78701
Telephone:  (512) 477-5000
Fax:  (512) 477-5011
E-mail:  rchapple@cstrial.com

**KOSKOFF KOSKOFF & BIEDER, PC**
Alinor C. Sterling (admitted *pro hac vice*)
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone:  (203) 336-4421
E-mail:  asterling@koskoff.com

**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
Kyle J. Kimpler (admitted *pro hac vice*)
Stephanie P. Lascano (admitted *pro hac vice*)
Vida Robinson (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Fax:  (212) 757-3990
E-mail:  kkimpler@paulweiss.com
E-mail:  slascano@paulweiss.com
E-mail:  virobinson@paulweiss.com

*Co-Counsel to the Connecticut Plaintiffs*

By: */s/ Avi Moshenberg* _____

**MCDOWELL HETHERINGTON LLP**

Avi Moshenberg
State Bar No. 24083532
1001 Fannin Street, Suite 2700
Houston, TX 77002
Telephone:  (713) 337-5580
Fax:  (713) 337-8850
E-mail:  Avi.Moshenberg@mhllp.com

**CHAMBERLAIN, HRDLICKA,**
**WHITE, WILLIAMS & AUGHTRY, PC**

Jarrod B. Martin
State Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, TX 77002
Telephone:  (713) 356-1280
Fax:  (713) 658-2553
E-mail:  jarrod.martin@chamberlainlaw.com

**WILLKIE FARR & GALLAGHER LLP**

Jennifer J. Hardy
State Bar No. 24096068
600 Travis Street
Houston, TX 77002
Telephone:  (713) 510-1766
Fax:  (713) 510-1799
E-mail:  jhardy2@willkie.com

*-and-*

Rachel C. Strickland (admitted *pro hac vice*)
Stuart R. Lombardi (admitted *pro hac vice*)
Ciara A. Sisco (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019
Telephone:  (212) 728-8000
Fax:  (212) 728-8111
E-mail:  rstrickland@willkie.com
E-mail:  slombardi@willkie.com
E-mail:  csisco@willkie.com

***Co-Counsel to the Texas Plaintiffs***

Dated: January 12, 2024

## <u>CERTIFICATE OF SERVICE</u>

   I certify that on January 12, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                             */s/ Marty L. Brimmage, Jr.*
                              Marty L. Brimmage, Jr.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALEXANDER E. JONES, | ) | Case No. 22-33553 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON A CONDITIONAL
BASIS; (II) APPROVING THE SOLICITATION PROCEDURES; (III) APPROVING
THE FORM OF BALLOT; AND (IV) APPROVING CERTAIN DATES <u>AND
DEADLINES IN CONNECTION WITH SOLICITATION OF THE CREDITORS' PLAN</u>**

Upon the motion (the "<u>Motion</u>")[1] of the Creditor Plan Proponents for entry of an order (this "<u>Disclosure Statement Order</u>"): (i) approving the Specific Disclosure Statement on a conditional basis; (ii) approving the Solicitation Procedures with respect to the Creditors' Plan; (iii) approving the form of Ballot; and  (iv) establishing certain dates and deadlines in connection with solicitation of the Creditors' Plan; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, the Debtor's creditors, and other interested parties; and this Court having found that the Creditor Plan Proponents' notice of the Motion and opportunity for a hearing on the motion were appropriate

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Specific Disclosure Statement is approved as containing adequate information in accordance with Bankruptcy Code section 1125 on a conditional basis and is subject to final approval of the Court at the Confirmation Hearing.

2. The Solicitation Procedures described in the Motion are approved in their entirety.

3. Pursuant to Bankruptcy Rule 3018(a), January 24, 2024 is established as the Voting Record Date for determining which holders of Claims are entitled to vote on the Creditors' Plan and whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the Claim.

4. Pursuant to Bankruptcy Rule 3017(c), February 12, 2024 at 4 p.m. (prevailing Central Time) is established as the Voting Deadline. All Ballots must be properly executed, completed and delivered as described in the Solicitation Procedures so that they are received no later than the Voting Deadline.

5. The procedures for distributing the Solicitation Package as set forth in the Motion and the Solicitation Procedures satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules.

6. The Creditor Plan Proponents are authorized to: (a) distribute the Solicitation Packages and solicit votes on the Creditors' Plan in compliance with the Solicitation Procedures;

(b) receive, tabulate and report on Ballots; and (c) respond to inquiries relating to the solicitation and voting process, including all matters related thereto.  The Creditor Plan Proponents may contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies; *provided, however*, that the Creditor Plan Proponents are not obligated to do so.

7.     The Solicitation Agent is authorized, but not directed, to distribute electronic copies of the Creditors' Plan, the Specific Disclosure Statement and this Disclosure Statement Order to holders of Claims entitled to vote on the Plan.  The Creditor Plan Proponents shall also provide a complete Solicitation Packages (other than Ballots) to the United State Trustee for the Southern District of Texas.

8.     The Creditor Plan Proponents are authorized to make non-substantive or immaterial changes to the Creditors' Plan and the Specific Disclosure Statement, the Solicitation Package, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, and to make conforming changes among the Creditors' Plan and the Specific Disclosure Statement and related documents where, in the Creditor Plan Proponents' reasonable discretion, doing so would better facilitate the solicitation process.  Subject to the foregoing, the Creditor Plan Proponents are authorized to solicit, receive, and tabulate votes to accept or reject the Creditors' Plan in accordance with this Disclosure Statement Order without further order of the Court.

9.     The Creditors' Plan, the Specific Disclosure Statement, the Ballot, and the Solicitation Package provide all parties in interest with sufficient notice regarding the release and exculpation provisions contained in the Creditors' Plan in compliance with Bankruptcy Rule 3016(c).

10.     The Ballot (including the Voting Instructions), substantially in the form attached as **Exhibit B** to the Motion is approved.

11.     Akin Gump Strauss Hauer & Feld LLP is authorized to act as the Solicitation Agent in respect of the Creditors' Plan and accept Ballots via mail or email.  Ballots or Opt-Out Forms submitted by facsimile or other electronic means other than by email, will not be counted.

12.     The Creditor Plan Proponents shall not be required to solicit votes from creditors that are not entitled to vote on the Creditors' Plan.

13.     Nothing in this Disclosure Statement Order shall be construed as a waiver of the right of the Creditor Plan Proponents to object to a Proof of Claim after the Voting Record Date.

14.     All time periods in this Disclosure Statement Order shall be calculated in accordance with Bankruptcy Rule 9006.

15.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a), and the Bankruptcy Local Rules are satisfied by such notice.

16.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Disclosure Statement Order are immediately effective and enforceable upon entry.

17.     The Creditor Plan Proponents are authorized to take all actions necessary to effectuate the relief granted in this Disclosure Statement Order in accordance with the Motion.

18.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Disclosure Statement Order.


Date: _____, 2024


_____
**UNITED STATES BANKRUPTCY JUDGE**
**CHRISTOPHER M. LOPEZ**

4

**Exhibit A**

**Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALEXANDER E. JONES, | ) | Case No. 22-33553 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**BALLOT FOR VOTING TO ACCEPT**
**OR REJECT THE CREDITORS' PLAN FOR**
**HOLDERS OF CLASS 3 GENERAL UNSECURED**
**CLAIMS AND NOTICE OF OBJECTION AND OPT OUT RIGHTS**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY FEBRUARY 12, 2024 AT 4 P.M., CENTRAL STANDARD TIME (THE "VOTING DEADLINE").**

The Creditor Plan Proponents are soliciting votes with respect to the *Creditors' Non-Uniform Individual Chapter 11 Plan of Liquidation for Alexander E. Jones* [ECF No. 538] (as may be amended, modified and supplemented from time to time, the "Creditors' Plan"). The United States Bankruptcy Court for the Southern District of Texas (the "Court") has approved on a conditional basis the *Proposed Specific Disclosure Statement for the Creditors' Non-Uniform Individual Chapter 11 Plan of Liquidation for Alexander E. Jones* [ECF No. 539] (the "Specific Disclosure Statement")[1] as containing adequate information pursuant to section 1125 of title 11 of the United States Code (the "Bankruptcy Code"), by entry of an order on [●], 2024 [ECF No. ●] (the "Disclosure Statement Order").

You are receiving this ballot (this "Ballot") because you are a holder of a General Unsecured Claim as of January 24, 2024 (the "Voting Record Date"). Accordingly, you have a right to vote to accept or reject the Creditors' Plan. You can cast your vote through this Ballot.

Your receipt of this Ballot does not indicate that your Claim(s) has been or will be Allowed. This Ballot may not be used for any purpose other than for casting votes to accept or reject the Creditors' Plan and making certain certifications with respect to the Creditors' Plan. If you believe you have

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Creditors' Plan or the Specific Disclosure Statement, as applicable.

received this Ballot in error, or if you believe you have received the wrong ballot, please contact Akin Gump Strauss Hauer & Feld LLP (the "Solicitation Agent") *immediately* at the address, telephone number or email address set forth below.

You should review the Specific Disclosure Statement and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Creditors' Plan and the Creditors' Plan's classification and treatment of your Claim. Your General Unsecured Claim has been placed in Class 3 under the Plan.

**PLEASE SUBMIT YOUR BALLOT BY ONE OF THE FOLLOWING TWO METHODS:**

**<u>Via Mail</u>. Complete, sign and date this Ballot and return it (with an original signature) promptly via first class mail (or in the enclosed reply envelope provided), overnight courier or hand delivery to counsel to the UCC, which shall serve as Solicitation Agent in accordance with the terms of the Disclosure Statement Order as follows:**

<div align="center">

**Akin Gump Strauss Hauer & Feld LLP,**
**One Bryant Park, Bank of America Tower,**
**New York, NY, 10036**
**Attention: Sara L. Brauner, Katherine Porter, Anna Kordas, and Melanie A. Miller**

***OR***

</div>

**<u>Via Email</u>. Submit your Ballot via email by sending it to the following email addresses with a reference to "Jones Ballot Processing" in the subject line: sbrauner@akingump.com; kporter@akingump.com; akordas@akingump.com; melanie.miller@akingump.com**

**PLEASE READ THE ATTACHED VOTING INFORMATION
AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

---

**PLEASE COMPLETE ITEMS 1, 2, 3 AND 4.  IF THIS BALLOT HAS NOT BEEN PROPERLY SIGNED IN THE SPACE PROVIDED, YOUR VOTE MAY NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

**Item 1.**          **Amount of Claims**.

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the holder (or authorized signatory of such a holder) of a General Unsecured Claim in the amount set forth below.

**Amount:** $_____

**Item 2.**          **Vote on the Creditors' Plan**.

Please vote either to accept or to reject the Creditors' Plan with respect to your Claims below.  Any Ballot not marked either to accept or reject the Creditors' Plan, or marked both to accept and reject the Plan, shall not be counted in determining acceptance or rejection of the Creditors' Plan.

The undersigned holder of the Class 3 General Unsecured Claim set forth in Item 1 votes to (please check only one):

| ☐ **ACCEPT** (vote FOR) the Creditors' Plan | ☐ **REJECT** (vote AGAINST) the Creditors' Plan |
|---|---|

**Item 3.**          **Important information regarding the release provisions in the Creditors' Plan.**

**A.  Releases by the Debtor**

          **Notwithstanding anything contained in the Creditors' Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Releasing Parties, as applicable, from any and all claims and Causes of Action asserted by or assertable on behalf of the Releasing Parties, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort or otherwise.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party or Entity under the Creditors' Plan, the Confirmation Order, or any**

3

**document, instrument, or agreement executed to implement the Creditors' Plan or any Claim or obligation arising under the Plan. For the avoidance of doubt, Jones shall not be a Released Party and there shall be no release or exculpation of the Trust Causes of Action, the Non-Dischargeable Claims, or any other Claims or Causes of Action against Jones, non-minor members of his immediate family, or their Insiders or Affiliates, as applicable, subject to the ability of Insiders and Affiliates of Jones to become a Released Party by making a Release Settlement Payment.**

### B. Exculpation

**Except as otherwise specifically provided in the Creditors' Plan, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby released and exculpated from, any Cause of Action or Claim whether direct or derivate related to any act or omission in connection with, relating to, or arising out of the Chapter 11 Case from the Petition Date to the Effective Date, the formulation, preparation, dissemination, negotiation, or Filing of the Creditors' Plan, this Specific Disclosure Statement, the Plan Supplement, or any contract, instrument, release, or other agreement or document created or entered into before or during the Chapter 11 Case in connection with the Creditors' Plan, any preference, fraudulent transfer, or other avoidance Claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the Filing of the Chapter 11 Case, the pursuit of Confirmation, the pursuit of consummation of the Creditors' Plan, the administration and implementation of the Creditors' Plan, including the issuance of GUC Trust Interests pursuant to the Creditors' Plan, or the distribution of property under the Creditors' Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing, except for Claims related to any act or omission that is determined in a Final Order to have constituted willful misconduct, gross negligence, or actual fraud, but in all respects such Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Creditors' Plan and the Confirmation Order.**

**The Exculpated Parties set forth above have, and upon Confirmation of the Creditors' Plan, shall be deemed to have, participated in good faith and in compliance with applicable law with respect to the solicitation of votes and distribution of consideration pursuant to the Creditors' Plan and, therefore, are not and shall not be liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Creditors' Plan or such distributions made pursuant to the Creditors' Plan.**

## Relevant Definitions Related to Release and Exculpation Provisions:

"***Exculpated Parties***" means, collectively, and in each case, solely in its capacity as such: (a) the Sandy Hook Families; (b) the immediate family members of the Sandy Hook Families; (c) the UCC; and (d) with respect to each of the foregoing (a)-(c), such Entities' respective employees, agents, financial advisors, and attorneys, including (i) counsel to the Sandy Hook Families, (ii) counsel to the UCC, and (iii) advisors to the UCC, including accountants, representatives, and other Professionals, each in their capacity as such.

4

"***Released Parties***" means, collectively, and in each case, solely in its capacity as such: (a) the Sandy Hook Families; (b) the immediate family members of the Sandy Hook Families; (c) the UCC; (d) with respect to each of the foregoing (a)-(c), such Entities' respective current and former Affiliates, and such Entities' and their current and former Affiliates' current and former successors, assigns, employees, agents, financial advisors, and attorneys, including (i) counsel to the Sandy Hook Families, (ii) counsel to the UCC, and (iii) advisors to the UCC, including accountants, representatives, and other Professionals, each strictly in their capacity as such; (e) members of Jones's family that are legally minors as of the Effective Date; and (f) any Insider or Affiliate of Jones that has made, or has caused to be made, a Release Settlement Payment.

"***Releasing Parties***" means (a) Jones and his Estate; (b) the UCC; (c) the Sandy Hook Families; (d) any Insider or Affiliate of Jones that has made, or has caused to be made, a Release Settlement Payment; and (e) all holders of Claims, Interests, or Cause of Actions that (i) vote to accept the Plan or (ii) are Unimpaired and do not timely file an objection to the releases contained in Article X of the Plan that is not resolved before Confirmation.

**<u>Item 4.</u>**      **Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Creditor Plan Proponents that:

(a)      as of the Voting Record Date, either: (i) the Entity is the holder of the General Unsecured Claims being voted; or (ii) the Entity is an authorized signatory for an Entity that is a holder of the General Unsecured Claims being voted;

(b)      the Entity (or in the case of an authorized signatory, the holder) has received the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)      the Entity has cast the same vote with respect to all of its General Unsecured Claims; and

(d)      no other Ballots with respect to the amount of the General Unsecured Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such General Unsecured Claims, then any such earlier Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| Title: | |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE FEBRUARY 12, 2024 AT 4 P.M. PREVAILING CENTRAL TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, THE VOTES OR ELECTIONS TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE CREDITOR PLAN PROPONENTS.**