IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ALEXANDER E. JONES, | ) | Case No. 22-33553 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) APPROVING
THE DISCLOSURE STATEMENT ON A CONDITIONAL BASIS; (II) APPROVING
THE SOLICITATION PROCEDURES; (III) APPROVING THE FORM OF BALLOT;
AND (IV) APPROVING CERTAIN DATES AND DEADLINES IN CONNECTION
WITH SOLICITATION OF THE PLAN**

---

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

**A hearing has been requested on this matter for January 24, 2024 in Courtroom 401, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will be permitted in-person or by an audio and video connection. Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez".**

---

Alexander E. Jones ("Jones" or the "Debtor") in the above-captioned chapter 11 case (this

"Chapter 11 Case") respectfully states the following in support of this motion (the "Motion").

## RELIEF REQUESTED

1.      By this Motion, the Debtor seeks entry of an order, substantially in the form

attached hereto as **Exhibit A** (the "Disclosure Statement Order"):

(i)      Approving on a conditional basis the adequacy of information contained in the
*Debtor's Proposed Disclosure Statement with Respect to Debtor's Plan of
Reorganization* [Docket No. 533] (the "Debtor's Disclosure Statement");

**DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT - 1**

(ii)     approving solicitation procedures with respect to the *Debtor's Plan of Reorganization* (as may be amended, modified and supplemented from time to time, the "Debtor's Plan") [Docket No. 523]; [1]

(iii)    approving the form of ballot attached hereto as **Exhibit B** (the "Ballot") for Classes 5, 6, and 7, the impaired Classes entitled to vote; and

(iv)     establishing the following dates and deadlines in connection with the solicitation of the Debtor's Plan (the "Solicitation Dates"):

| Event | Date |
|---|---|
| Voting Record Date | January 24, 2024 |
| Voting Deadline | February 12, 2024 at 4:00 p.m. (prevailing Central Time) |
| Deadline to File Voting Report | February 23, 2024 at 4:00 p.m. (prevailing Central Time) |

## BACKGROUND

2.      On December 2, 2022 (the "Petition Date"), Jones filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.      On December 13, 2022, pursuant to Bankruptcy Code section 1102, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed six of the Debtor's unsecured creditors to serve as members of the UCC [Docket No. 42].   The Committee currently comprises the following six individuals, all Sandy Hook Plaintiffs: (i) Robert Parker; (ii) Nicole Hockley; (iii) Jennifer Hensel; (iv) David Wheeler; (v) Leonard Pozner; and (vi) Scarlett Lewis.

4.      The Debtor's largest creditors are the Sandy Hook Plaintiffs,[2] who assert claims against the Debtor on account of judgments entered in Connecticut and Texas.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Debtor's Plan or the Debtor's Disclosure Statement, as applicable.

[2] The "Sandy Hook Plaintiffs" are compromised of the "Connecticut Plaintiffs," which includes (i) David Wheeler; (ii) Francine Wheeler; (iii) Mark Barden; (iv) Jacqueline Barden; (v) Nicole Hockley; (vi) Ian Hockley; (vii) Jennifer Hensel; (viii) Donna Soto; (ix) Carlee Soto-Parisi; (x) Carlos M. Soto; (xi) Jillian Soto Marino; (xii) William Aldenberg; (xiii) William Sherlach; (xiv) Robert Parker; and (xv) Erica Lafferty and the "Texas Plaintiffs," which

5.      On December 1, 2023, the Court entered the *Agreed Scheduling Order for Confirmation Hearing* [ECF No. 512] (the "Confirmation Scheduling Order") setting forth dates that had been agreed upon among the Official Committee of Unsecured Creditors ("UCC"), the Texas Plaintiffs, the Connecticut Plaintiffs, and the Debtor for consideration of any plans filed in this Chapter 11 Case, including the following dates and deadlines (together with the Solicitation Dates, the "Plan Confirmation Schedule"):

| Event[3] | Date |
|---|---|
| **Objections to Provisional Approval of Disclosure Statements.** The date by which Parties and any other parties in interest shall file any objections to the provisional approval of any disclosure statements filed. | **Tuesday, January 16, 2024** |
| **Disclosure Statement Hearing Date.** The date on which the Parties and any other parties in interest shall, subject to the Court's availability, participate in a hearing regarding any disclosure statements filed to seek provisional approval thereof. | **[Wednesday-Friday, January 24-26], 2024** |
| **Substantial Completion of Document Production.** The date by which the Parties and any other recipients of the Requests shall substantially complete the production of documents in response to the Requests. ***Parties and any other recipients of the Requests must commence production of documents in response to Requests as soon as reasonably possible and shall roll out document production in tranches, as available. Parties and any other recipients of the Requests shall not wait until the substantial completion deadline to commence production.*** | **Friday, January 26, 2024** |
| **Solicitation Mailing/Publication Deadline.** | **Monday, January 29, 2024** |

---

includes: (i) Neil Heslin; (ii) Scarlett Lewis; (iii) Leonard Pozner; (iv) Veronique De La Rosa; and (v) the Estate of Marcel Fontaine (the "Fontaine Estate"). Marcel Fontaine was not related to, or a victim in the Sandy Hook tragedy, but rather allegedly misidentified as the perpetrator in another incident.

[3] Capitalized terms used in this chart but not otherwise defined in this motion shall have the meaning ascribed to such terms in the Confirmation Scheduling Order.

**DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT - 3**

| | |
|---|---|
| **Privilege Log Deadline.** The date by which the Parties and any other recipients of the Requests shall have provided logs of documents responsive to the Requests that were withheld or redacted on the basis of any claim or privilege. | **Tuesday, January 30, 2024** |
| **Preliminary Witness Lists.** The date by which the Parties and any other parties in interest shall exchange lists of witnesses each such party in good faith expects to call at the Confirmation Hearing. | **Thursday, February 1, 2024** |
| **Fact Witness Depositions.** The dates during which the Parties and any other parties in interest shall conduct fact witness depositions. | **Friday, February 2 – Friday, February 9, 2024** |
| **Expert Reports.** The date by which the Parties and any other parties in interest shall simultaneously exchange expert reports, with a date for rebuttal reports (if needed) to be determined by the Parties and any other parties in interest intending to serve such reports. Bankruptcy Rule 7026 shall apply in its entirely to any expert reports exchanged. | **Thursday, February 15, 2024** |
| **Production of Materials Relied Upon in Expert Reports.** The date by which the Parties and any other parties in interest shall produce copies of any documents or data that were (a) relied on by such party's expert in forming the opinions contained in such report and (b) have not already been produced in these cases. | **Friday, February 16, 2024** |
| **Plan Objection Deadline.** The date by which objections to any Plan must be filed. | **Friday, February 16, 2024** |
| **Exchange of Final Witness and Exhibit Lists.** The date by which the Parties and any other parties in interest shall serve a final list of witnesses and exhibits they intend to offer at the Confirmation Hearing. Witness lists shall identify all witnesses that each party will call and may call at the Confirmation Hearing and shall provide a brief summary of the anticipated testimony of each witness. | **Friday, February 16, 2024** |
| **Objections to Final Witness and Exhibit Lists.** The date by which the Parties and any other parties in interest must serve any objections to the final witness and exhibit lists. | **Tuesday, February 20, 2024** |

**DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT - 4**

| | |
|---|---|
| **Expert Depositions.**  The dates during which the Parties and any other parties in interest shall conduct expert witness depositions. | **[Tuesday, February 20, 2024 – Thursday, February 22, 2024]** |
| **Exchange of Exhibits.**  The deadline by which the Parties and any other parties in interest shall exchange exhibits with each other. | **Friday, February 23, 2024, 12 pm CT** |
| **Filing of Final Witness and Exhibit Lists with the Clerk of the Court.**  The deadline by which the Parties and any other parties in interest shall file final exhibit and witness lists with the Clerk of the Court. | **Friday, February 23, 2024, 12 pm CT** |
| **Final Pretrial Conference.**  The date on which the Parties and any other parties in interest shall, subject to the Court's availability, participate in a final pretrial conference. | **Friday, February 23, 2024** |
| **Reply to Objections.**  The date by which the Parties and any other parties in interest must file their reply to all timely objections to their respective Plans. | **Friday, February 23, 2024** |
| **Confirmation Hearing Dates.**  The timeframe in which the Parties and any other parties in interest shall complete trial.  For the avoidance of doubt, final approval of any disclosure statements filed will be sought during the Confirmation Hearing. | **Tuesday, February 27, 2024 – Thursday, February 29, 2024** |

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).

7.     Venue is proper in the Court under 28 U.S.C. §§ 1408 and 1409.

8.     The statutory and procedural bases for the relief requested herein are Bankruptcy Code sections 105, 502, 1123, 1124, 1125, 1126 and 1128, Bankruptcy Rules 2002, 3003, 3016, 3017, 3018, 3019, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure and Rule 2002-1, 3016-1, 3016-2 and 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT - 5**

## BASIS FOR RELIEF

**I.      The Court Should Approve Debtor's Disclosure Statement on a Conditional Basis**

9.      Pursuant to Bankruptcy Code section 1125, the proponent of a proposed chapter 11 plan must provide holders of impaired claims and interests entitled to vote on the plan "adequate information" regarding that plan.  11 U.S.C. § 1125.  "Adequate information" means "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records" that would permit "informed judgment about the plan" by impaired creditors and interest holders entitled to vote on the plan.  *See* 11 U.S.C. § 1125(a)(i); *see also In re Divine Ripe, L.L.C.*, 554 B.R. 395, 401-02 (Bankr. S.D. Tex. 2016) (citing *In re Metrocraft Pub. Servs., Inc.*, 39 B.R. 567 (Bankr. N.D. Ga. 1984)).  Importantly, "adequate information need not include such information about any other possible or proposed plan."  11 U.S.C. § 1125(a)(1).

10.     The Debtor's Disclosure Statement contains adequate information in sufficient detail to permit creditors entitled to vote to make an informed judgment about the Debtor's Plan, including information regarding: (a) the Debtor's assets and liabilities; (b) the events leading to the commencement of the Chapter 11 Case; (c) material events in the Chapter 11 Case, including the nondischargeability adversary proceedings; (d) the classification and treatment of Claims under the Debtor's Plan; (e) the potential sources of consideration for distributions under the Debtor's Plan; (f) the releases and/or stay provisions under the Debtor's Plan; (h) the statutory requirements for confirmation; (i) risk factors related to the Debtor's Plan; and (j) certain U.S. federal tax consequences arising from implementation of the Debtor's Plan.

11.     The Debtor's Disclosure Statement contains sufficient information for a reasonable person to make an informed judgment about the Debtor's Plan and complies with Bankruptcy Code section 1125.  *See Divine Ripe, L.L.C.*, 554 B.R. at 401-02.  As such, the Debtor respectfully

requests that the Court approve the Disclosure Statement as containing "adequate information" within the meaning of Bankruptcy Code section 1125 on a conditional basis and for solicitation purposes only.  The Debtor also respectfully requests that the Court determine on a final basis at the Confirmation Hearing that the Debtor's Disclosure Statement contains "adequate information" pursuant to Bankruptcy Code section 1125.  In connection with the Confirmation of the Debtor's Plan, the Debtor will provide the necessary support for the Court to determine the adequacy of the Debtor's Disclosure Statement and that the Debtor has met the Bankruptcy Code section 1125 requirements.

## II.    The Court Should Approve the Solicitation Procedures

12.    The Debtor respectfully requests approval of the Solicitation Procedures (described below) to solicit votes in connection with the Debtor's Plan consistent with the Bankruptcy Code and the Bankruptcy Rules.  The Solicitation Procedures are tailored to allow the Debtor to solicit votes to accept or reject the Debtor's Plan efficiently and effectively given the nature of the creditor body in the Chapter 11 Case.  Specifically, the Solicitation Procedures provide all holders of Claims with adequate notice of the solicitation process and the relevant dates set forth in the Plan Confirmation Schedule.  The Solicitation Procedures are as follows:

### A.    The Balloting Process

13.    The Debtor will: (a) distribute the Solicitation Package (as defined below) to holders of Claims entitled to vote on the Debtor's Plan or their representatives and will work cooperatively with the UCC to ensure efficient and cost-effective solicitation of the Debtor's Plan and the UCC Plan; (b) receive, tabulate and report on the Ballots received in respect of the Debtor's Plan; and (c) respond to inquiries relating to the solicitation and voting process as it relates to the Debtor's Plan, including all matters related thereto.  The Debtor requests that Crowe & Dunlevy,

**DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT - 7**

P.C., be authorized to serve as solicitation agent (the "<u>Solicitation Agent</u>") and be authorized to accept Ballots via mail or email for the Debtor's Plan.  Ballots submitted by facsimile or by electronic means ***other than*** by email and addressed as required in the Debtor's Plan, will not be counted.

14.     The Debtor respectfully requests that the Court approve the following voting and tabulation procedures, which conform to Bankruptcy Code section 1126(c) and Bankruptcy Rule 3018(a), providing that only the following holders of Claims will be entitled to vote with regard to such Claims (the "<u>Voting Procedures</u>"):

a.   Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim that has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date;

b.   Holders of Claims arising from the rejection of an Executory Contract or Unexpired Lease, which rejection is filed by the Voting Record Date;

c.   Holders of Claims that are listed in the Schedules and Statements; *provided that* Claims that are scheduled as wholly contingent, unliquidated or disputed shall be disallowed for voting purposes; and

d.   Holders of Disputed Claims that have been temporarily allowed to vote on the Debtor's Plan pursuant to Bankruptcy Rule 3018.

15.     In addition, the Debtor respectfully requests that the following standard assumptions be used in tabulating Ballots (the "<u>Tabulation Procedures</u>" and together with the Voting Procedures, the "<u>Voting and Tabulation Procedures</u>"):

a.   Except as otherwise provided in the Solicitation Procedures, unless the Ballot being furnished is actually received by the Solicitation Agent on or prior to the Voting Deadline (as the same may be extended by the Debtor), the Debtor, shall be entitled to reject such Ballot as invalid and not count it in connection with Confirmation of the Debtor's Plan.

b.   The Debtor will prepare and file with the Court a voting report (the "<u>Voting Report</u>") by February 23, 2024 (the "<u>Voting Report Deadline</u>") that shall, among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part), illegible, unidentifiable, lacking

signatures, lacking necessary information, received via facsimile or electronic mail other than email, or damaged or late (collectively, in each case, the "Irregular Ballots"). The Voting Report shall indicate the Debtor's intentions with regard to each Irregular Ballot. The Debtor, unless subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, and any such waivers will be documented in the Voting Report.

c.   The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each party. Except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent *actually receives* the properly executed Ballot.

d.   If multiple Ballots are received from the same holder with respect to the same Claim prior to the Voting Deadline, the last properly executed Ballot received will be counted and all prior received Ballots will be disregarded.

e.   Individual Claim Holders must vote the entirety of their Claim within a particular Class either to accept or reject the Debtor's Plan and may not split their vote or submit a Ballot that partially rejects.

f.   In the event a Claim Holder intends to change their timely submitted Ballot, such can be done solely with the approval of the Debtor.

16.     The Voting and Tabulation Procedures comply with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules and should be approved.

**B.     Contents and Distribution of the Solicitation Package**

17.      Pursuant to Bankruptcy Rule 3017(d), upon approval of a disclosure statement, a plan proponent shall transmit "(1) the plan or a court-approved summary of the plan; (2) the disclosure statement approved by the court; (3) notice of the time within which acceptances and rejections of the plan may be filed; and (4) any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion." Fed. R. Bankr. P. 3017(d). The plan proponent must provide notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to creditors and equity security holders in accordance with Bankruptcy Rule 2002(b), and a form of Ballot conforming to the Official Form No. 314 shall be mailed to creditors entitled to vote on the chapter 11 plan.

18.     Subject to the Court's approval of the relief requested in this Motion, the Debtor will cause the following to be distributed (the "<u>Solicitation Package</u>"):

a.     a copy of the Debtor's Plan and the Debtor's Disclosure Statement, as approved by the Court on a conditional basis (with all exhibits thereto);

b.     the Disclosure Statement Order; and

c.     the Ballot;

d.     the Confirmation Scheduling Order; and

e.     any supplemental documents that the Debtor may file with the Court or that the Court orders to be made available.

19.     The distribution of the Solicitation Packages will provide all holders of Claims entitled to vote on the Debtor's Plan with the requisite materials and sufficient time to make an informed decision with respect to the Debtor's Plan.  *See* Fed. R. Bankr. P. 3017(d).

### III.     The Court Should Approve the Form of the Ballot

20.     The Debtor proposes to solicit votes only from holders of Unsecured Claims in Classes 5, 6, and 7 because only Holders in those classes may be entitled to vote under the Debtor's Plan.  In accordance with Bankruptcy Rule 3018(c), the Solicitation Agent will distribute Ballots substantially in the form attached as **<u>Exhibit B</u>**.  The form of the Ballots are based on the Official Form, which has been modified to: (i) address the particular circumstances of this Chapter 11 Case; and (ii) include certain additional information that the Debtor believes to be relevant and appropriate. *See* Fed. R. Bankr. P. 3017(d).

### IV.     The Court Should Approve the Setting of Certain Dates and Deadlines in Connection with the Solicitation of the Debtor's Plan

#### A.     The Voting Record Date

21.     Pursuant to Bankruptcy Rule 3017(d), upon approval of a disclosure statement, a plan proponent shall mail to all creditors and equity security holders and the United States Trustee

**DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT - 10**

a copy of the plan, the disclosure statement, notice of the voting deadline and such other information as the court may direct. *See* Fed. R. Bankr. P. 3017(d). Creditors and equity security holders "shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." *Id.*

22.     The Debtor respectfully requests that the Court establish the voting record date as January 24, 2024 (the "Voting Record Date") for determining which holders of Claims are entitled to vote on the Debtor's Plan and whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of the Claim. In the event of a Claim transferred after the Voting Deadline, the transferee of such Claim shall be bound by any vote on the Debtor's Plan made by the Holder of such Claim as of the Voting Record Date.

**B.      The Voting Deadline**

23.     Pursuant to Bankruptcy Rule 3017(c), on or before approval of the disclosure statement, "the court shall fix a time within which the holders of claims and interests may accept or reject the plan[.]" Fed. R. Bankr. P. 3017(c). The Debtor respectfully requests that the Court establish **February 12, 2024 (prevailing Central Time)** (the "Voting Deadline"). To ensure that a vote is counted, the Debtor proposes that all Ballots must be properly executed, completed, and delivered so that they are received by the Solicitation Agent no later than the Voting Deadline.

**EMERGENCY CONSIDERATION**

24.     Pursuant to Bankruptcy Local Rule 9013-1(i), the Debtor respectfully requests emergency consideration of this Motion. Emergency relief is necessary to allow the Debtor to comply with the dates and deadlines set forth in the Confirmation Scheduling Order. Moreover,

the Debtor's Disclosure Statement was filed on December 21, 2023,[4] and provides additional notice of the relief sought.  The Debtor therefore believes emergency relief is warranted and will not prejudice parties in interest.

### NOTICE

25.     The Debtor will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel for the UCC; (c) counsel for the Sandy Hook Plaintiffs; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.  No further notice is necessary in light of the nature of the relief requested.

WHEREFORE, the Debtor respectfully requests entry of an order, substantially in the form of the Disclosure Statement Order, attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as the Court deems just, proper and equitable.

By:/s/ *Christina W. Stephenson*
**CROWE & DUNLEVY, P.C.**
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon St., Ste. 425
Dallas, Texas 75201
Telephone: (737) 218-6187
E-mail:  dallasservice@crowedunlevy.com

***Counsel to the Debtor***

---

[4] And as thereafter amended or supplemented.

**DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT - 12**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 16, 2024, I caused a copy of the foregoing pleading to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Christina W. Stephenson*
Christina W. Stephenson

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ALEXANDER E. JONES, | ) | Case No. 22-33553 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**ORDER (I) APPROVING THE DEBTOR'S DISCLOSURE STATEMENT ON A
CONDITIONAL BASIS; (II) APPROVING THE SOLICITATION PROCEDURES;
(III) APPROVING THE FORM OF BALLOT; AND (IV) APPROVING
CERTAIN DATES AND DEADLINES IN CONNECTION WITH
SOLICITATION OF THE DEBTOR'S PLAN**

Upon the motion (the "Motion")[5] of the Debtor for entry of an order (this "Disclosure

Statement Order"): (i) approving the Debtor's Disclosure Statement on a conditional basis; (ii)

approving the solicitation procedures with respect to the Debtor's Plan; (iii) approving the form of

Ballot; and  (iv) establishing certain dates and deadlines in connection with solicitation of the

Debtor's Plan; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334;

and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

this Court having found it may enter a final order consistent with Article III of the United States

Constitution; and this Court having found that venue of this proceeding and the Motion in this

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

relief requested in the Motion is in the best interests of the Debtor's estate, the Debtor's creditors,

and other interested parties; and this Court having found that the Debtor's notice of the Motion

and opportunity for a hearing on the motion were appropriate under the circumstances and no other

notice need be provided; and this Court having reviewed the Motion and having heard the

---

[5] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.     The Debtor's Disclosure Statement is approved as containing adequate information in accordance with Bankruptcy Code section 1125 on a conditional basis and is subject to final approval of the Court at the Confirmation Hearing.

2.     The Solicitation Procedures described in the Motion are approved in their entirety.

3.     Pursuant to Bankruptcy Rule 3018(a), January 24, 2024 is established as the Voting Record Date for determining which holders of Claims are entitled to vote on the Debtor's Plan and whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the Claim.

4.     Pursuant to Bankruptcy Rule 3017(c), 4 p.m. (prevailing Central Time) on February 12, 2024 is established as the Voting Deadline, "a time within which the holders of claims and interests may accept or reject the plan[.]" All Ballots must be properly executed, completed and delivered as described in the Solicitation Procedures so that they are received no later than the Voting Deadline.

5.     The procedures for distributing the Solicitation Package as set forth in the Motion and the Solicitation Procedures satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules.

6.     The Debtor is authorized to: (a) distribute the Solicitation Packages and solicit votes on the Debtor's Plan in compliance with the Solicitation Procedures; (b) receive, tabulate and

**DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT - 15**

report on Ballots; and (c) respond to inquiries relating to the solicitation and voting process, including all matters related thereto.  The Debtor may contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies; *provided, however*, that the Debtor is not obligated to do so.

7.      The Solicitation Agent is authorized, but not directed, to distribute electronic copies of the Debtor's Plan, the Debtor's Disclosure Statement and this Disclosure Statement Order to holders of Claims entitled to vote on the Plan.  The Debtor shall also provide a complete Solicitation Packages (other than Ballots) to the United State Trustee for the Southern District of Texas.

8.      The Debtor is authorized to make changes which are not material (unless otherwise agreed to by such Holders of Claims as may be impacted by such changes) to the Debtor's Plan and the Debtor's Disclosure Statement, the Solicitation Package, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, and to make conforming changes among the Debtor's Plan and the Debtor's Disclosure Statement and related documents where, in the Debtor's reasonable discretion, doing so would better facilitate the solicitation process.  Subject to the foregoing, the Debtor is authorized to solicit, receive and tabulate votes to accept or reject the Plan in accordance with this Disclosure Statement Order without further order of the Court.

9.      The Debtor's Plan, the Debtor's Disclosure Statement, the Ballots, and the Solicitation Package provide all parties in interest with sufficient notice regarding the release and exculpation provisions contained in the Plan in compliance with Bankruptcy Rule 3016(c).

10.      The Ballot (including the Voting Instructions), substantially in the form attached as **Exhibit B**, to the Motion is approved.

**DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT - 16**

11.     Crowe & Dunlevy, P.C. is authorized to act as the Solicitation Agent in respect of the Debtor's Plan and accept Ballots via mail or email.  Ballots submitted by facsimile or other electronic means other than by email, will not be counted.

12.     The Debtor shall not be required to solicit votes from creditors that are not entitled to vote on the Debtor's Plan.

13.     Nothing in this Disclosure Statement Order shall be construed as a waiver of the right of the Debtor to object to a Proof of Claim after the Voting Record Date.

14.     All time periods in this Disclosure Statement Order shall be calculated in accordance with Bankruptcy Rule 9006.

15.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a), and the Bankruptcy Local Rules are satisfied by such notice.

16.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Disclosure Statement Order are immediately effective and enforceable upon entry.

17.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Disclosure Statement Order in accordance with the Motion.

18.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Disclosure Statement Order.

Date: _____, 2024


_____
**UNITED STATES BANKRUPTCY JUDGE**
**CHRISTOPHER M. LOPEZ**


**DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT - 17**

**<u>Exhibit B</u>**

**Ballot**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALEXANDER E. JONES, | ) | Case No. 22-33553 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE DEBTOR'S PLAN OF
REORGANIZATION FOR HOLDERS OF UNSECURED CLAIMS AND NOTICE
REGARDING INJUNCTION AND LIMITED EXCULPATION**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR
COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE
COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED*
BY THE SOLICITATION AGENT BY FEBRUARY 12, 2024 AT 4 P.M., CENTRAL
STANDARD TIME (THE "VOTING DEADLINE").**

---

The Debtor is soliciting votes with respect to the *Debtor's Plan of Reorganization* (as may be amended, modified and supplemented from time to time, the "Debtor's Plan") [Docket No. 523]. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has approved on a conditional basis the *Debtor's Proposed Disclosure Statement with Respect to the Debtor's Plan of Reorganization* [Docket No. 533] (the "Disclosure Statement") as containing adequate information pursuant to section 1125 of title 11 of the United States Code (the "Bankruptcy Code"), by entry of an order on January 24, 2024 [Docket No. ____] (the "Disclosure Statement Order").

You are receiving this ballot (this "Ballot") because you are a holder of an Unsecured Claim as of January 24, 2024 (the "Voting Record Date"). Accordingly, subject to the terms of the Disclosure Statement Order, you have a right to vote to accept or reject the Debtor's Plan. You can cast your vote through this Ballot.

Through this Ballot, you will have the option of electing to have your Claim treated as a Class 5 "Opt-In Settlement" Unsecured Claim, a Class 6 General Unsecured Claim, or a Class 7 Administrative Convenience Claim. A description of the Claim treatment for these three classes is set forth below.

| Class | Treatment |
|---|---|
| **Class 5: Unsecured "Opt-In Settlement" Class** | Impaired.<br><br>Allowance. On the Effective Date, the Opt-In Settlement Unsecured Claims shall consist of the Claims of the Electing Plaintiffs. Such Claims shall be paid the greater of (x) their percentage share of the Minimum Annual Payment or (y) the Income Stream Payment on an annual basis, until the FSS and the Debtor's aggregate contributions for Electing Plaintiffs equal those Plaintiffs' Pro-Rata share of $55 Million.  At such time, the contributions from the Debtor will be reduced to 25% of the Debtor's Plan Income for the remainder of the Plan Term. Class 5 shall also receive 70% of the net proceeds from the sale of Non-Exempt Assets.  Each Electing Plaintiff shall have an Allowed Claim in the amount set forth to such person's name on Exhibit C to the Debtor's Disclosure Statement (which shall be filed under seal). No further litigation with respect to conduct occurring on or prior to the Confirmation Date shall be pursued on behalf of Electing Plaintiffs against the Debtor or any related party. The Debtor may fully satisfy his obligations to the Holders of Allowed Class 5 Claims under the Plan at any time during the ten-year period following the Effective Date by paying the net present value of the remaining Minimum Annual Payment due to such Holders.   The Disbursement Agent shall have reasonable audit and information rights with respect to the Debtor's income information at the expense of the Electing Plaintiffs. In addition, in the event the Debtor's payments exceed the Minimum Annual Payment for any year, such "overage" amount shall be carried forward for a maximum of two years thereafter to count towards the Minimum Annual Payment in those two years.<br><br>Treatment. The Opt-In Settlement Unsecured Claims treatment shall be in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Claim. Such Claims shall be discharged after payment of ten (10) year term period unless such Claims are satisfied earlier. Should such Claims be satisfied sooner under the terms of the Plan, a discharge shall be granted at that time. Also, for each year the Plan is not in Default, 10% of each Opt-In Settlement Unsecured Claim shall be waived and forever discharged. |
| **Class 6: General Unsecured Claims** | Impaired.<br><br>Upon allowance of such Claims, after the resolution of any existing appeals or litigation of such Claims, and except to the extent that a Holder of an Allowed General Unsecured Claim agrees, under the terms of a writing executed by such Holder, to less favorable treatment of such Allowed General Unsecured Claim, each Holder of an Allowed General Unsecured Claim shall receive from the Debtor, in exchange for such Allowed General Unsecured Claim, the remaining percentage share of the Income Stream Payment after Electing Plaintiffs are paid, for a period of five (5) years, with a payment of the remaining pro-rata share of 25% of the Debtor's Plan Income over an additional five (5) years. Non-Electing Plaintiffs will be |

| | |
|---|---|
| | enjoined against collecting against the Debtor during the term of the Plan; however, such Non-Electing Plaintiffs may, to the extent such Holder has a non-dischargeable claim, collect against the Debtor's assets, unless such Claim is otherwise stayed, at the end of the ten (10) year period. However, any Claims of Non-Electing Plaintiffs shall be reduced by any payments received by such claimants under the Plan.<br><br>Furthermore, in consideration for the treatment as set forth herein, the Debtor and the Holders of General Unsecured Claims mutually agree not to disparage one another by publishing to any third party, whether verbally or in writing, derogatory statements that could be construed as damaging or injurious to the other party's business, reputation, or property, and/or that are false. If any Holder of General Unsecured Claim breaches this term causing financial injury to the Debtor, such party shall forfeit all rights to receive the Income Stream Payments. If the Debtor breaches this provision, and causes financial injury to any such Holder, such breach would be deemed a Plan default for which remedies may be had pursuant to Section 13.03 of this Plan. The Court retains post-confirmation jurisdiction to determine any such disputes.<br><br>The initial Distribution to Holders of Allowed General Unsecured Claims shall be made by the Debtor within thirty (30) days of the Effective Date from cash available after payment of the Allowed Administrative Claims (other  than Administrative Claims in the Ordinary Course of Business), Allowed Non-Tax Priority Claims, Allowed Priority and Secured Tax Claims, Opt-In Settlement Unsecured Claims, and Administrative Convenience Claims, including, without limitation, as may be permitted under Article 10 of the Plan. |
| **Class 7: Administrative Convenience Claims** | Impaired.<br><br>Each Holder of an Allowed Unsecured Claim in the amount of $5,000 or less, or such Holders as agree to reduce their Claim to $5,000, shall receive from the Debtor, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Claim, a Cash payment of the Effective Date in the full amount of such Allowed Claim. Insiders with Allowed Claims may opt to settle their Claims to be paid as an Administrative Convenience Claims Holder, but such Claim will be limited to $5,000, and be deemed fully satisfied upon payment of that amount. |

Your receipt of this Ballot does not indicate that your Claim(s) has been or will be Allowed. This Ballot may not be used for any purpose other than for casting votes to accept or reject the Debtor's Plan and making certain certifications with respect to the Debtor's Plan. If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact Crowe & Dunlevy, P.C. (the "Solicitation Agent") *immediately* at the address, telephone number or email address set forth below.

**DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT - 21**

You should review the Debtor's Disclosure Statement and the instructions contained herein before you vote.  You may wish to seek legal advice concerning the Debtor's Plan and the Plan's classification and treatment of your Claim.  You may elect treatment under Class 5, Class 6 or Class 7 under the Plan.

**PLEASE SUBMIT YOUR BALLOT BY ONE OF THE FOLLOWING TWO METHODS:**

<u>**Via Mail**</u>.  **Complete, sign and date this Ballot and return it (with an original signature) promptly via first class mail (or in the enclosed reply envelope provided), overnight courier or hand delivery to counsel to the Debtor, which shall serve as Solicitation Agent in accordance with the terms of the Disclosure Statement Order as follows:**

**Crowe & Dunlevy, P.C.,**
**2525 McKinnon St., Ste. 425,**
**Dallas, TX 75201**
**Attention: Vickie L. Driver**

***OR***

<u>**Via Email**</u>.  **Submit your Ballot via email by sending it to the following email addresses with a reference to "Jones Ballot Processing" in the subject line:**
**vickie.driver@crowedunlevy.com.**

PLEASE READ THE ATTACHED VOTING INFORMATION
AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT

> **PLEASE COMPLETE ITEMS 1, 2, 3, 4, and 5.  IF THIS BALLOT HAS NOT BEEN PROPERLY SIGNED IN THE SPACE PROVIDED, YOUR VOTE MAY NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1.**        **Amount of Claims**.

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the holder (or authorized signatory of such a holder) of an Unsecured Claim in the amount set forth below. You certify that the amount below qualifies to be voted under the Disclosure Statement Order.

> **Amount:** $_____

**Item 2.**        **Vote on the Plan**.

Please vote either to accept or to reject the Plan with respect to your Claims below.  Any Ballot not marked either to accept or reject the Plan, or marked both to accept and reject the Plan, shall not be counted in determining acceptance or rejection of the Plan.

The undersigned holder of the Unsecured Claim set forth in Item 1 votes to (please check only one):

> ☐ **ACCEPT** (vote FOR) the Debtor's Plan        ☐ **REJECT** (vote AGAINST) the Debtor's Plan

**Item 3.**        **Important information regarding the release, injunction, and limited exculpation provisions in the Debtor's Plan.**

**A.  Releases/Injunction/Limited Exculpation Provisions**

**(i)  Discharge of Debtor**

Except as expressly provided in this Plan or the Confirmation Order, all consideration distributed under this Plan will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims against the Debtor of any nature whatsoever, whether known or unknown, or against the assets or properties of the Debtor that arose before the Effective Date.  Except as expressly provided in this Plan or the Confirmation Order, on the Discharge Date (and subject to its occurrence), entry of the Confirmation Order shall be

**DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT - 23**

deemed to act as a discharge and release under Bankruptcy Code section 1141(d)(1)(A) of all Claims against the Debtor and his assets, arising at any time before the Effective Date, regardless of whether a proof of Claim was filed, whether the Claim is Allowed, or whether the Holder of the Claim votes to accept the Plan or is entitled to receive a Distribution under the Plan, provided, however, that in no event shall occurrence of the Discharge Date discharge the Debtor from any obligations remaining under the Plan as of the Discharge Date.  No later than five (5) business days after the occurrence of the Discharge Date, the Debtor shall file with the Bankruptcy Court a notice of the occurrence of the Discharge Date, and serve such notice on all creditors.  In addition, following the occurrence of the Discharge Date, the Debtor shall file a motion seeking entry of an order of discharge after notice and a hearing, which motion (and the discharge) shall be granted upon a showing that the Debtor has made all payments required under the Plan. Except as expressly provided in this Plan or the Confirmation Order, any Holder of a discharged Claim will be precluded from asserting against the Debtor or any assets of the Debtor any other or further Claim based on any document, instrument, act, omission, transaction or other activity of any kind or nature that occurred before the Effective Date. Except as expressly provided in this Plan or the Confirmation Order, and subject to the occurrence of the Discharge Date, the Confirmation Order will be a judicial determination of discharge of all liabilities of the Debtor to the extent allowed under Bankruptcy Code section 1141, and the Debtor will not be liable for any Claims and will only have the obligations that are specifically provided for in this Plan.  Notwithstanding the foregoing, nothing contained in the Plan or the Confirmation Order shall discharge the Debtor from (i) any debt excepted from discharge under Bankruptcy Code section 523 by Final Order of the Bankruptcy Court unless the Holders of such Claims have agreed to same.

Notwithstanding the foregoing, Allowed Claims of Electing Plaintiffs under Class 5 that have selected Opt-In Settlement Unsecured Claims shall be discharged after either 1) payment of claim treatment under Class 5 of the Minimum Annual Distribution for each of the first five (5) years of the Plan Term or 2) payment of such Claims at any time during the Plan Term at the net present value of the remaining amount due to such Holders.  Such payment shall be in full satisfaction, settlement, release and discharge of and in exchange for such Allowed Claim.

Non-Electing Plaintiffs under Class 6 will be enjoined against collecting against the Debtor during the Plan Term; however, such Non-Electing Plaintiffs may collect against the Debtor at the conclusion of the Plan Term if they have a Final Order allowing their Claim and finding such Claim non-dischargeable.

**(ii) Injunction**

Except as otherwise provided in the Plan, the Confirmation Order shall provide that from and after the Effective Date with respect to the Debtor, all Holders of Claims, with the exception of the Non-Electing Plaintiffs, against the Debtor are permanently enjoined from taking any of the following actions against the Debtor, or any of his property on account of any such Claim:  (a) commencing or continuing in any manner or in any place, any action or other proceeding; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order; (c) creating, perfecting, or enforcing any encumbrance or Lien; (d) asserting a setoff, subrogation, or recoupment of any kind against any debt, liability,

or obligation due to the Debtor; (e) commencing or continuing, in any manner or in any place, any action that does not conform to or comply with, or is inconsistent with, the provisions of this Plan and (f) disparaging the Debtor by publishing to any third party, whether verbally or in writing, derogatory statements that could be construed as damaging or injurious to the Debtor's business, reputation, or property, and/or that are false; provided, however, that nothing contained herein shall preclude such Persons from exercising their rights pursuant to and consistent with the terms of this Plan or the Confirmation Order.  If allowed by the Bankruptcy Court, any Person injured by any willful violation of such injunction shall recover actual damages, including costs and attorneys' and experts' fees and disbursements, and, in appropriate circumstances, may recover punitive damages, from the willful violator.

The Non-Electing Plaintiffs shall be enjoined from taking action against the Debtor as set forth above only for the term of the Plan, unless otherwise set forth herein.

### (iii) Limited Plan Exculpation.

None of the Debtor's court employed professionals shall have or incur any liability to the Debtor or any Holder of a Claim for any act or omission in connection with, related to, or arising out of, the Bankruptcy Case, negotiations regarding or concerning the Disclosure Statement or the Plan or any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement or the Plan, the filing of the Bankruptcy Case, and the pursuit of confirmation of the Plan.  Nothing contained in this paragraph shall be deemed to exculpate any party identified herein from any conduct post-Effective Date.

**Item 4.**      **Class Treatment Option: Party may opt to be treated as a Class 5 "Opt-In Settlement" Unsecured Creditor, Class 6 General Unsecured Creditor, or a Class 7 Administrative Convenience Class Creditor:**

☐ **Class 5 "Opt-In Settlement" Unsecured Creditor Treatment**      ☐ **Class 6 General Unsecured Creditor Treatment**

☐ **Class 7 Administrative Convenience Class Treatment**

**Additional detail regarding Claim treatment is set forth in the Debtor's Plan. Please review the Plan carefully.**

**DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT - 25**

**Item 5.**        **Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtor that:

(a)        as of the Voting Record Date, either: (i) the Entity is the holder of the Unsecured Claims being voted; or (ii) the Entity is an authorized signatory for an Entity that is a holder of the Unsecured Claims being voted;

(b)        the Entity (or in the case of an authorized signatory, the holder) has received the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)        the Entity has cast the same vote with respect to all of its Unsecured Claims; and

(d)        no other Ballots with respect to the amount of the Unsecured Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Unsecured Claims, then any such earlier Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | *(Print or Type)* |
| Signature: | |
| Name of Signatory: | |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE FEBRUARY 12, 2024, AT 4:00 P.M. PREVAILING CENTRAL TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, THE VOTES OR ELECTIONS TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTOR.**