IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ALEXANDER E. JONES, | ) Case No. 22-33553 (CML) |
| Debtor. | ) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE CREDITOR PLAN PROPONENTS TO THE DEBTOR'S MOTION SEEKING CONDITIONAL APPROVAL OF THE DEBTOR'S PROPOSED DISCLOSURE STATEMENT**

The Official Committee of Unsecured Creditors (the "UCC") appointed in the above-captioned case (the "Chapter 11 Case"), the Connecticut Plaintiffs,[1] and the Texas Plaintiffs[2] (together, the "Sandy Hook Families" and, collectively with the UCC, the "Creditor Plan Proponents"), by and through their respective undersigned counsel, hereby submit this limited objection and reservation of rights (the "Limited Objection") to the *Debtor's Emergency Motion for Entry of an Order (I) Approving the Disclosure Statement on a Conditional Basis; (II) Approving the Solicitation Procedures; (III) Approving the Form of Ballot; and (IV) Approving Certain Dates and Deadlines in Connection with Solicitation of the Plan* [ECF No. 544].[3] In support of this Limited Objection, the Creditor Plan Proponents respectfully state as follows.

---

[1] The "Connecticut Plaintiffs" are (i) David Wheeler; (ii) Francine Wheeler; (iii) Mark Barden; (iv) Jacqueline Barden; (v) Nicole Hockley; (vi) Ian Hockley; (vii) Jennifer Hensel; (viii) Donna Soto; (ix) Carlee Soto-Parisi; (x) Carlos M. Soto; (xi) Jillian Soto Marino; (xii) William Aldenberg; (xiii) William Sherlach; (xiv) Robert Parker; and (xv) Erica Lafferty. Due to Erica Lafferty's chapter 7 bankruptcy, the trustee of her chapter 7 estate currently represents her financial interest in this proceeding.
[2] The "Texas Plaintiffs" are: (i) Neil Heslin; (ii) Scarlett Lewis; (iii) Leonard Pozner; (iv) Veronique De La Rosa; and (v) the Estate of Marcel Fontaine.
[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the *Debtor's Plan of Reorganization*, dated December 15, 2023 [ECF No. 523] (the "Jones Plan") or related disclosure statement [ECF No. 533] (the "Jones Disclosure Statement"), as applicable.

**PRELIMINARY STATEMENT**

1. The Jones Disclosure Statement contains numerous deficiencies and does not provide complete information regarding the Estate and the value available for distribution. Moreover, the Creditor Plan Proponents have concerns in respect of the confirmability of the Jones Plan in its current form. As such, the Creditor Plan Proponents submit this Limited Objection to highlight certain deficiencies and issues with respect to the Jones Disclosure Statement and reserve their rights in respect of the Jones Plan.

2. Specifically, the Jones Disclosure Statement fails to fully and accurately describe Estate assets that should be available to creditors, including by (i) omitting certain of the Estate assets altogether, (ii) failing to provide valuations of critical assets (such as numerous business entities—including, most significantly, FSS and PQPR—and trusts owned by the Debtor), and (iii) failing to describe with any specificity viable and valuable Causes of Action belonging to the Debtor's Estate. The Creditor Plan Proponents understand that the Debtor seeks only conditional approval of the Jones Disclosure Statement at this time. To the extent, however, that these issues are not addressed and resolved, the Creditor Plan Proponents intend to object to the approval of the Jones Disclosure Statement on a final basis on the same grounds at the appropriate time.

3. Although concerns and objections in respect of a plan typically are reserved for the confirmation hearing, the Creditor Plan Proponents file this Limited Objection to preview certain of these issues and reserve all rights in respect of the same. The Creditor Plan Proponents submit that the Jones Plan in its current form may:[4] (i) provide disparate treatment for similarly situated claimants, (ii) violate the absolute priority rule by allowing Jones to retain significant non-exempt

---

[4] This Limited Objection does not purport to raise each of the myriad ways in which the Jones Plan may be flawed. The Creditor Plan Proponents reserve all rights to address and, if necessary, litigate all confirmation issues at the appropriate time.

property, (iii) violate Bankruptcy Code section 1129(a)(15) because it does not offer Jones's "projected disposable income" to his creditors for the duration of the plan term, and (iv) provide for an overly broad injunction during the contemplated Plan Term.

## BACKGROUND

4. On December 2, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has remained in possession of his property and continues to operate his businesses as a debtor in possession in accordance with Bankruptcy Code sections 1107 and 1108.

5. On December 13, 2022, the United States Trustee for the Southern District of Texas appointed the UCC pursuant to Bankruptcy Code sections 1102(a) and 1102(b)(1) [ECF No. 42].

6. Upon its appointment, the UCC immediately commenced an investigation into the Debtor's assets and financial condition (the "UCC's Investigation"). The UCC's Investigation focused on obtaining the most complete and accurate information relevant to, among other topics, identifying the Debtor's assets and Claims and Causes of Action for the benefit of the Estate. Importantly, the UCC's Investigation (i) was designed to determine the magnitude of value recoverable from the Debtor, through litigation or otherwise, for the benefit of creditors, and (ii) involved an evaluation of Claims and Causes of Action concerning the Debtor and the Debtor's prepetition transfers, including determination of whether such transfers were fraudulent conveyances, the value recoverable from third parties in respect of such transfers, the ability of the fraudulent transfer recipients to satisfy any judgment against them, and the likelihood of successfully collecting upon any such judgments.[5]

---

[5] The UCC's Investigation is described in greater detail in the *Proposed Specific Disclosure Statement for the Creditors' Non-Uniform Individual Chapter 11 Plan of Liquidation for Alexander E. Jones*, dated January 5, 2024 [ECF No. 539] (the "Specific Disclosure Statement").

7.      Throughout this Chapter 11 Case, the Debtor, the Creditor Plan Proponents, and certain other parties in interest engaged in discussions regarding a potential consensual path forward, including in connection with a mediation process ordered by this Court in this Chapter 11 Case and the chapter 11 case of FSS (the "FSS Case").

8.      On October 19, 2023, the Court confirmed the nondischargeability of the vast majority of the Sandy Hook Families' Claims.[6] These rulings served as a catalyst for the parties to restart discussions regarding a consensual resolution of this Chapter 11 Case and the FSS Case. Unfortunately, however, the parties remained far apart on how to resolve the staggering nondischargeable liability facing the Debtor and the liability facing his largest asset—FSS.

9.      On November 22, 2023, the Creditor Plan Proponents filed the *Statement by the Official Committee of Unsecured Creditors and the Sandy Hook Families Regarding Status of the Chapter 11 Case and Proposed Creditors' Plan* [ECF No. 498], which attached a framework for a consensual path forward and urged the Court to set a plan confirmation schedule. On December 1, 2023, following a hearing to address certain scheduling matters, the Court entered the *Agreed Scheduling Order for Confirmation Hearing* [ECF No. 512], setting forth certain agreed upon dates and deadlines in respect of the confirmation process.

10.     In the weeks that followed, the parties remained open to formulating a consensual plan construct, but were not successful in reaching a resolution. Accordingly, on December 15, 2023, the Creditor Plan Proponents filed the *Creditors' Non-Uniform Individual Chapter 11 Plan of Liquidation for Alexander E. Jones* [ECF No. 525] (as it may be amended, altered, modified, or supplemented, the "Creditors' Plan"), contemplating a liquidation of the Debtor's Estate for the

---

[6] *See Memorandum Decision on Texas Plaintiffs' Motion for Summary Judgment Against Jones*, dated October 19, 2023 [Adv. Pro. No. 23-03035, ECF. 46]; *Memorandum Decision on Connecticut Plaintiffs' Motion for Summary Judgment Against Jones*, dated October 19, 2023 [Adv. Pro. No. 23-03037, ECF No. 76].

4

benefit of creditors and the preservation of valuable Causes of Action. On the same day, the Debtor filed the Jones Plan.

11. On December 21, 2023, the Debtor filed the Jones Disclosure Statement. And thereafter, on January 5, 2024, the Creditor Plan Proponents filed the Specific Disclosure Statement in respect of the Creditors' Plan.

## ARGUMENT

12. A disclosure statement is the primary source of information upon which creditors and other parties in interest rely in making informed decisions about a debtor's plan of reorganization. *Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion)*, 844 F.2d 1142, 1157 (5th Cir. 1988). The plan proponent has the burden of proof regarding the adequacy of a disclosure statement. *In re Am. Cap. Equip., LLC*, 688 F.3d 145 (3d Cir. 2012). In essence, a disclosure statement "must clearly and succinctly inform the average [] creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991); *accord In re Cajun Elec. Power Coop., Inc.*, 150 F.3d 503, 518 (5th Cir. 1998). Determining whether a disclosure statement contains adequate information is a fact-sensitive inquiry that is left to the judicial discretion of the court. *See Cajun Elec. Power*, 150 F.3d at 518. The Jones Disclosure Statement contains several material deficiencies and misstatements.

13. *First*, the Jones Disclosure Statement fails to fully and accurately disclose information regarding the Debtor's assets, including by:

- failing to disclose fair market value of any of the Debtor's business entities, including FSS and PQPR;

- failing to fully disclose certain of the Debtor's trusts and failing to provide valuation

5

of other trust assets the Debtor deems "irrelevant";[7]

- omitting certain other material assets (as more fully described on Exhibit B attached to the Specific Disclosure Statement), including but not limited to: (i) interests in RCGJ LLC, PLRJ Holdings LLC, InfoW LLC, IWHealth LLC and Prison Planet TV LLC, (ii) two cars, (iii) certain firearms, watches and furnishings located at the non-primary residence, (iv) inventory and receivables payable to the Estate, and (v) various accounts holding cryptocurrency; and

- failing to (i) identify with any specificity which Causes of Action will vest in the Debtor upon the occurrence of the Effective Date, (ii) provide recovery estimates for such Causes of Action, and (iii) describe the Debtor's intentions with respect to such Causes of Action.[8]

14. Moreover, while the Jones Plan provides that the Debtor will continue orderly liquidation of certain Non-exempt Assets, neither the Jones Plan nor the Jones Disclosure Statement specifies which of the Non-exempt Assets will be liquidated. As explained above, the Bankruptcy Code is clear that individual debtors cannot emerge from bankruptcy while retaining non-exempt assets.

15. *Second*, the Jones Disclosure Statement does not include (nor does the Debtor indicate that he intends to provide prior to solicitation of the Jones Plan) any financial projections. Projections regarding the Debtor's future income and revenue from business operations and elsewhere are of critical importance to considering feasibility of the Jones Plan and Jones's ability to meet his obligations, particularly with respect to distributions payable to Sandy Hook Families that opt into the settlement contemplated by the Jones Plan. Instead, Article VII.C of the Jones Disclosure Statement only mentions in passing that FSS's inability to generate sufficient revenue would adversely affect Jones's ability to meet his obligations under the Jones Plan. This is plainly

---

[7] The Jones Disclosure Statement fails to provide information about assets held in the Greenleaf Trust and the Alexander E. Jones Descendant and Beneficiary Trust, deeming such trusts as "irrelevant." The Jones Disclosure Statement fails even to mention the 2022 Litigation Settlement Trust, RXXCTTGAA Trust, or the Missouri779384 Trust.

[8] As is more fully explained in the Specific Disclosure Statement, the Creditor Plan Proponents believe there are viable and material Causes of Action that should be preserved and pursued for the benefit of creditors.

inadequate.[9]

16. *Finally*, the Jones Disclosure Statement provides that ". . . the feasibility requirement for confirmation of the Plan is satisfied by the fact that the Debtors' [sic] future operating revenues and income will be sufficient to satisfy the Debtors' [sic] obligations under the Plan, and **all creditors will ultimately be paid in full**." *See* Jones Disclosure Statement, Art. VI.C. This statement is simply incorrect—all creditors are not getting paid in full under the Jones Plan, unless the non-settling creditors are able to recover full value of their Claims upon expiration of the Plan Term. Of course, the likelihood of this occurring is virtually zero.

17. For these reasons, the Creditor Plan Proponents submit that the Jones Disclosure Statement contains numerous deficiencies that preclude creditors from obtaining a complete picture of value that should be available for creditor recoveries and should be amended to address these deficiencies. Moreover, the Jones Disclosure Statement describes a plan that may be subject to confirmation objections based on the grounds discussed above. To the extent, however, that this Court approves the Jones Disclosure Statement in the current form and allows solicitation of the Jones Plan, the Creditor Plan Proponents intend to object to the adequacy of the Jones Disclosure Statement on a final basis and raise objections to confirmation of the Jones Plan at the appropriate time.

## RESERVATION OF RIGHTS

18. The Creditor Plan Proponents reserve all rights with respect to the Jones Disclosure Statement and the Jones Plan, including the right to supplement or amend this objection at or before the hearing and to raise the issues previewed herein in connection with the Confirmation Hearing.

---

[9] Moreover, while the Creditor Plan Proponents understand that the Debtor intends to file the liquidation analysis, it has not been filed as of the date of this Limited Objection, which makes consideration of the Jones Plan and the Jones Disclosure Statement premature.

## CONCLUSION

Based on the foregoing, the Creditor Plan Proponents respectfully requests that the Court: (i) deny the conditional approval of the Jones Disclosure Statement absent revisions addressing the deficiencies described herein, and (ii) grant such other and further relief as is just, proper and equitable.

Dated: January 16, 2024                                                                     Respectfully submitted,

*/s/ Marty L. Brimmage, Jr.*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Marty L. Brimmage, Jr.
State Bar No. 00793386
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone:  (214) 969-2800
Fax:  (214) 969-4343
E-mail:  mbrimmage@akingump.com

-and-

David M. Zensky (admitted *pro hac vice*)
Sara L. Brauner (admitted *pro hac vice*)
Katherine Porter (admitted *pro hac vice*)
Anna Kordas (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone:  (212) 872-1000
Fax:  (212) 872-1002
E-mail:  dzensky@akingump.com
            sbrauner@akingump.com
            kporter@akingump.com
            akordas@akingump.com

*Counsel to the Official Committee of Unsecured Creditors of Alexander E. Jones*

*/s/ Ryan E. Chapple*
**CAIN & SKARNULIS PLLC**
Ryan E. Chapple
State Bar No. 24036354
303 Colorado Street, Suite 2850
Austin, TX 78701
Telephone:  (512) 477-5000
Fax:  (512) 477-5011
E-mail:  rchapple@cstrial.com

**KOSKOFF KOSKOFF & BIEDER, PC**
Alinor C. Sterling (admitted *pro hac vice*)
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone:  (203) 336-4421
E-mail:  asterling@koskoff.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Kyle J. Kimpler (admitted *pro hac vice*)
Stephanie P. Lascano (admitted *pro hac vice*)
Vida Robinson (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Fax:  (212) 757-3990
E-mail:  kkimpler@paulweiss.com
            slascano@paulweiss.com
            virobinson@paulweiss.com

*Co-Counsel to the Connecticut Plaintiffs*

*/s/ Avi Moshenberg*
**MCDOWELL HETHERINGTON LLP**
Avi Moshenberg
State Bar No. 24083532
1001 Fannin Street, Suite 2700
Houston, TX 77002
Telephone: (713) 337-5580
Fax: (713) 337-8850
E-mail: avi.moshenberg@mhllp.com

**CHAMBERLAIN, HRDLICKA,
WHITE, WILLIAMS & AUGHTRY, PC**
Jarrod B. Martin
State Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, TX 77002
Telephone: (713) 356-1280
Fax: (713) 658-2553
E-mail: jarrod.martin@chamberlainlaw.com

**WILLKIE FARR & GALLAGHER LLP**
Jennifer J. Hardy
State Bar No. 24096068
600 Travis Street
Houston, TX 77002
Telephone: (713) 510-1766
Fax: (713) 510-1799
E-mail: jhardy2@willkie.com

*-and-*

Rachel C. Strickland (admitted *pro hac vice*)
Stuart R. Lombardi (admitted *pro hac vice*)
Ciara A. Sisco (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Fax: (212) 728-8111
E-mail: rstrickland@willkie.com
          slombardi@willkie.com
          csisco@willkie.com

***Co-Counsel to the Texas Plaintiffs***

## **CERTIFICATE OF ACCURACY**

Pursuant to Bankruptcy Local Rule 9013-1(i), I hereby certify that the factual statements contained herein are true and correct, to the best of my personal knowledge, and that emergency relief is necessary in light of impending hearings and deadlines.

                                              */s/ Marty L. Brimmage, Jr.*
                                              Marty L. Brimmage, Jr.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 16, 2024, a true and correct copy of the foregoing Limited Objection was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

                                              */s/ Marty L. Brimmage, Jr.*
                                              Marty L. Brimmage, Jr.