**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **ALEXANDER E. JONES,** | § | Case No. 22-33553 |
| | § | |
| Debtor. | § | |
| | § | |

**NOTICE OF FILING DEBTOR'S BALLOT FOR VOTING TO ACCEPT OR
REJECT THE DEBTOR'S AMENDED PLAN OF REORGANIZATION FOR
HOLDERS OF UNSECURED CLAIMS AND NOTICE REGARDING INJUNCTION
AND LIMITED EXCULPATION AND RELATED BLACKLINE**

PLEASE TAKE NOTICE OF THE FOLLOWING[1]:

1.     On December 2, 2022, the above-captioned debtor, Alexander E. Jones (the "Debtor" or "Jones"), filed his voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in the United Stated States Bankruptcy Court for the Southern District of Texas.

2.     On December 15, 2023, the Debtor filed his proposed *Plan of Reorganization* (as may be amended, supplemented, or otherwise modified from time to time, the "Plan") [Docket No 523] with the Court.

3.     On January 23, 2024, the Debtor filed his proposed *Amended Plan of Reorganization* (as may be amended, supplemented, or otherwise modified from time to time, the "Amended Plan") [Docket No. 568] with the Court.

4.     The Debtor hereby files this amendment to the Debtor's Ballot for Voting to Accept or Reject the Debtor's Amended Plan of Reorganization for Holders of Unsecured Claims and Notice Regarding Injunction and Limited Exculpation (the "Amended Ballot").

5.     A blackline comparing the Debtor's Ballot to the Amended Ballot is attached hereto as Exhibit A, respectively.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

**NOTICE OF FILING DEBTOR'S BALLOT FOR VOTING TO ACCEPT OR REJECT THE DEBTOR'S AMENDED PLAN OF REORGANIZATION FOR HOLDERS OF UNSECURED CLAIMS AND NOTICE REGARDING INJUNCTION AND LIMITED EXCULPATION AND RELATED BLACKLINE - Page 1**

Dated:  January 24, 2024

**CROWE & DUNLEVY, P.C.**


By: */s/ Christina W. Stephenson*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone: 737.218.6187
Email: dallaservice@crowedunlevy.com

-and-

Shelby A. Jordan
State Bar No. 11016700
S.D. No. 2195
Antonio Ortiz
State Bar No. 24074839
S.D. No. 1127322
**JORDAN & ORTIZ, P.C.**
500 North Shoreline Blvd., Suite 900
Corpus Christi, TX  78401
Telephone:  (361) 884-5678
Facsimile:  (361) 888-5555
Email:  sjordan@jhwclaw.com
aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com


**ATTORNEYS FOR ALEXANDER E. JONES**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices via the Court's ECF noticing system on this 24th day of January, 2024.

*/s/ Christina W. Stephenson*
Christina W. Stephenson

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| ALEXANDER E. JONES, | ) |
| | ) Case No. 22-33553 (CML) |
| Debtor. | ) |
| | ) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE DEBTOR'S AMENDED PLAN**
**OF REORGANIZATION FOR HOLDERS OF UNSECURED CLAIMS AND NOTICE**
**REGARDING INJUNCTION AND LIMITED EXCULPATION**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY FEBRUARY __, 2024 AT 4 P.M., CENTRAL STANDARD TIME (THE "<u>VOTING DEADLINE</u>").**

---

The Debtor is soliciting votes with respect to the *Debtor's Amended Plan of Reorganization* (as may be amended, modified and supplemented from time to time, the "<u>Debtor's Plan</u>") [Docket No. ___].  The United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") has approved on a conditional basis the *Debtor's Proposed Amended Disclosure Statement with Respect to the Debtor's Plan of Reorganization* [Docket No. ___] (the "<u>Disclosure Statement</u>") as containing adequate information pursuant to section 1125 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), by entry of an order on January 24, 2024 [Docket No. ___] (the "<u>Disclosure Statement Order</u>").

You are receiving this ballot (this "<u>Ballot</u>") because you are a holder of an Unsecured Claim as of January 24, 2024 (the "<u>Voting Record Date</u>").  Accordingly, subject to the terms of the Disclosure Statement Order, you have a right to vote to accept or reject the Debtor's Plan.  You can cast your vote through this Ballot.

Through this Ballot, you will have the option of electing to have your Claim treated as a Class 5 "Opt-In Settlement" Unsecured Claim, a Class 6 General Unsecured Claim, or a Class 7 Administrative Convenience Claim.  A description of the Claim treatment for these three classes is set forth below.

| Class | Treatment |
|---|---|
| **Class 5: Unsecured "Opt-In Settlement" Class** | Impaired.<br><br>Allowance. On the Effective Date, the Opt-In Settlement Unsecured Claims shall consist of the Claims of the Electing Plaintiffs.<br><br>**EACH** Electing Plaintiff shall receive Cash in the amount of:<br>i)    such Electing Plaintiff's Electing Plaintiff Pro Rata Share of 70% of the Net Proceeds from the sale or other monetization of Non-Exempt Assets, as soon as reasonably practicable following the receipt of such Net Proceeds; and<br><br>ii)    from the Effective Date until the year in which the Payment Trigger occurs, the greater of such Electing Plaintiff's (x) Minimum Annual Distribution or (y) Plaintiff Pro Rata Share of the Income Stream Payment on an annual basis. The Electing Plaintiffs shall cease receiving Distributions under this Plan beginning the year following the occurrence of the Payment Trigger; provided; that Electing Plaintiffs may continue to receive payments under the FSS Plan and FSS Trust to the extent applicable. Payments under this paragraph shall be made on or before the first Business Day in May of each year following the Effective Date.<br><br>    The Net Proceeds from the liquidation of the Non-Exempt Assets including Cash paid to the Debtor on the Initial Distribution shall reduce the Minimum Annual Distribution for the first Plan Year.<br><br>Each Electing Plaintiff shall have an Allowed Claim in the amount set forth next to such person's name on Plan Exhibit A. No further litigation with respect to conduct occurring on or prior to the **CONFIRMATION** Date shall be pursued on behalf of Electing Plaintiffs against the Debtor or any Related Party.<br><br>Treatment. The Opt-In Settlement Unsecured Claims treatment shall be in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Claim. Such Claims shall be discharged after payments are made as set forth herein. Also, for each year in which no uncured Plan Default occurs, 10% of each Opt-In Settlement Unsecured Claim shall be waived and forever discharged. However, whatever Opt-In Settlement Unsecured Claims that are not paid under the Plan or waived and discharged pursuant to the preceding sentence, shall be deemed to be non-dischargeable without further court process in the event of a final, uncured Plan Default. The Debtor, the Disbursement Agent and the Electing Plaintiffs will work cooperatively to determine the most tax efficient method of distribution, which may include the Debtor directing FSS to make Income Stream Payments from FSS or from the FSS Trust to the extent practicable.<br><br>Settlement Injunction. As consideration for the concessions made by the |

<table>
<tr>
<td></td>
<td>Electing Plaintiffs herein, the Debtor agrees that, without first obtaining the permission of all Electing Plaintiffs, the Debtor may not in any way publicly discuss the 2012 mass shooting at Sandy Hook Elementary School, the Electing Plaintiffs, the Electing Plaintiffs' family members (including victims of the Sandy Hook shooting) or any Claims or litigation arising from or relating to Debtor's past statements about the Sandy Hook mass shooting—other than to state that he has no comment about such events or individuals. The Debtor will take all reasonable steps to ensure that FSS does not make a public statement that the Debtor would be prohibited from making under this paragraph. Failure by Debtor to comply with this provision constitutes a Plan Default enforceable by the Electing Plaintiffs.<br><br>So long as no Plan Default has occurred and is continuing, the Electing Plaintiffs agree that they will not seek to have Debtor or FSS removed from any forums or platforms (electronic or physical), unless such forums or platforms are owned or controlled by Electing Plaintiffs.  So long as no Plan Default has occurred and is continuing, the Electing Plaintiffs agree that they will not seek to have any statements by Debtor or FSS removed from any forums or platforms (electronic or physical), unless such forums or platforms are owned or controlled by Electing Plaintiffs. Notwithstanding anything else to the foregoing, Electing Plaintiffs shall not disparage the Debtor or FSS and will make no public comment on the legal claims giving rise to the Electing Plaintiffs' Allowed Claims, or the treatment thereof under the Plan.  If Electing Plaintiffs do not comply with the terms set out in this paragraph, Debtor may seek relief from the Bankruptcy Court, including injunctive relief.</td>
</tr>
<tr>
<td><strong>Class 6: General Unsecured Claims</strong></td>
<td>Impaired.<br><br>Following the Allowance Date of each General Unsecured Claim, after the resolution of any existing appeals or litigation of such Claims, and except to the extent that a Holder of an Allowed General Unsecured Claim agrees, under the terms of a writing executed by such Holder, to less favorable treatment of such Allowed General Unsecured Claim, each Holder of an Allowed General Unsecured Claim shall receive from the Debtor, in exchange for such Allowed General Unsecured Claim, such Holder's GUC Pro Rata Share of (x) prior to the occurrence of the Plan Trigger, the amount of the Income Stream Payment remaining after Electing Plaintiffs are paid pursuant to the terms of Section 5.05 of the Plan, and (y) beginning the year following the occurrence of the Payment Trigger, all of the Income Stream Payment. Non-Electing Plaintiffs will be enjoined against collecting against the Debtor during the Plan Term; however, such Non-Electing Plaintiffs may, to the extent such Holder has a non-dischargeable claim, collect against the Debtor's non-exempt assets, unless such Claim is otherwise stayed, following the end of the Plan Term. Any Claims of Non-Electing Plaintiffs shall be reduced by any payments received by such claimants under the Plan.</td>
</tr>
</table>

| | After the Initial Distribution, annual payments shall be made on or before the first Business Day in the fifth month of the Plan Year. |
|---|---|
| **Class 7: Administrative Convenience Claims** | Impaired. Each Holder of an Allowed Unsecured Claim in the amount of $5,000 or less, or such Holders as agree to reduce their Claim to $5,000, shall receive from the Debtor, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Claim, a Cash payment as soon as reasonably practicable following the Effective Date in the full amount of such Allowed Claim. Insiders with Allowed Claims may opt to settle their Claims to be paid as an Administrative Convenience Claims Holder, but such Claim will be limited to $5,000, and be deemed fully satisfied upon payment of that amount. |

Your receipt of this Ballot does not indicate that your Claim(s) has been or will be Allowed.  This Ballot may not be used for any purpose other than for casting votes to accept or reject the Debtor's Plan and making certain certifications with respect to the Debtor's Plan.  If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact Crowe & Dunlevy, P.C. (the "Solicitation Agent") *immediately* at the address, telephone number or email address set forth below.

You should review the Debtor's Disclosure Statement and the instructions contained herein before you vote.  You may wish to seek legal advice concerning the Debtor's Plan and the Plan's classification and treatment of your Claim.  You may elect treatment under Class 5, Class 6 or Class 7 under the Plan.

**PLEASE SUBMIT YOUR BALLOT BY ONE OF THE FOLLOWING TWO METHODS:**

**Via Mail**. **Complete, sign and date this Ballot and return it (with an original signature) promptly via first class mail (or in the enclosed reply envelope provided), overnight courier or hand delivery to counsel to the Debtor, which shall serve as Solicitation Agent in accordance with the terms of the Disclosure Statement Order as follows:**

**Crowe & Dunlevy, P.C.,**
**2525 McKinnon St., Ste. 425,**
**Dallas, TX 75201**
**Attention: Vickie L. Driver**

***OR***

**Via Email.  Submit your Ballot via email by sending it to the following email addresses with a reference to "Jones Ballot Processing" in the subject line:**

**BALLOT - 4**

<u>vickie.driver@crowedunlevy.com</u>. PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT

**PLEASE COMPLETE ITEMS 1, 2, 3, 4, and 5. IF THIS BALLOT HAS NOT BEEN PROPERLY SIGNED IN THE SPACE PROVIDED, YOUR VOTE MAY NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

<u>**Item 1**</u>. **Amount of Claims**.

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the holder (or authorized signatory of such a holder) of an Unsecured Claim in the amount set forth below. You certify that the amount below qualifies to be voted under the Disclosure Statement Order.

**Amount:** $_____

<u>**Item 2**</u>. **Vote on the Plan**.

Please vote either to accept or to reject the Plan with respect to your Claims below. Any Ballot not marked either to accept or reject the Plan, or marked both to accept and reject the Plan, shall not be counted in determining acceptance or rejection of the Plan.

The undersigned holder of the Unsecured Claim set forth in Item 1 votes to (please check only one):

☐ **ACCEPT** (vote FOR) the Debtor's Plan       ☐ **REJECT** (vote AGAINST) the Debtor's Plan

<u>**Item 3**</u>. **Important information regarding the release, injunction, and limited exculpation provisions in the Debtor's Plan.**

**A. Releases/Injunction/Limited Exculpation Provisions**

**(i) Discharge of Debtor**

Except as expressly provided in this Plan or the Confirmation Order, all consideration distributed under this Plan will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims against the Debtor of any nature whatsoever, whether known or unknown, or against the assets or properties of the Debtor that arose before the Effective Date. Except as expressly provided in this Plan or the Confirmation Order, on the Discharge Date (and subject to its occurrence), entry of the Confirmation Order shall be

BALLOT - 5

deemed to act as a discharge and release under Bankruptcy Code section 1141(d)(1)(A) of all Claims against the Debtor and his assets, arising at any time before the Effective Date, regardless of whether a proof of Claim was filed, whether the Claim is Allowed, or whether the Holder of the Claim votes to accept the Plan or is entitled to receive a Distribution under the Plan, provided, however, that in no event shall occurrence of the Discharge Date discharge the Debtor from any obligations remaining under the Plan as of the Discharge Date. No later than five (5) business days after the occurrence of the Discharge Date, the Debtor shall file with the Bankruptcy Court a notice of the occurrence of the Discharge Date, and serve such notice on all creditors. In addition, following the occurrence of the Discharge Date, the Debtor shall file a motion seeking entry of an order of discharge after notice and a hearing, which motion (and the discharge) shall be granted upon a showing that the Debtor has made all payments required under the Plan. Except as expressly provided in this Plan or the Confirmation Order, any Holder of a discharged Claim will be precluded from asserting against the Debtor or any assets of the Debtor any other or further Claim based on any document, instrument, act, omission, transaction or other activity of any kind or nature that occurred before the Effective Date. Except as expressly provided in this Plan or the Confirmation Order, and subject to the occurrence of the Discharge Date, the Confirmation Order will be a judicial determination of discharge of all liabilities of the Debtor to the extent allowed under Bankruptcy Code section 1141, and the Debtor will not be liable for any Claims and will only have the obligations that are specifically provided for in this Plan. Notwithstanding the foregoing, nothing contained in the Plan or the Confirmation Order shall discharge the Debtor from (i) any debt excepted from discharge under Bankruptcy Code section 523 by Final Order of the Bankruptcy Court unless the Holders of such Claims have agreed to same.

Notwithstanding the foregoing, Allowed Claims of Electing Plaintiffs under Class 5 that have selected Opt-In Settlement Unsecured Claims shall be discharged after receipt of payments that give rise to the occurrence of the Payment Trigger.  Such payment shall be in full satisfaction, settlement, release and discharge of and in exchange for such Allowed Claim.

Notwithstanding anything to the contrary set forth in this Section 9.04, Non-Electing Plaintiffs under Class 6 will be enjoined against collecting against the Debtor during the Plan Term; however, such Non-Electing Plaintiffs may collect against the Debtor at the conclusion of the Plan Term if they have a Final Order allowing their Claim and finding such Claim non-dischargeable.

**(ii) Injunction**

Except as otherwise provided in the Plan, the Confirmation Order shall provide that from and after the Effective Date with respect to the Debtor, all Holders of Claims against the Debtor are permanently enjoined from taking any of the following actions against the Debtor, or any of his property on account of any such Claim: (a) commencing or continuing in any manner or in any place, any action or other proceeding; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order; (c) creating,

perfecting, or enforcing any encumbrance or Lien; (d) asserting a setoff, subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtor; or (e) commencing or continuing, in any manner or in any place, any action that does not conform to or comply with, or is inconsistent with, the provisions of this Plan. If allowed by the Bankruptcy Court, any Person injured by any willful violation of such injunction shall recover actual damages, including costs and attorneys' and experts' fees and disbursements, and, in appropriate circumstances, may recover punitive damages, from the willful violator. Should a Plan Default have occurred and is continuing, this Plan Injunction shall lift in accordance with a Bankruptcy Court order determining the existence of such Plan Default.

Notwithstanding the foregoing, the Non-Electing Plaintiffs whose claims have been determined to be non-dischargeable by an order of a court of competent jurisdiction that has not been stayed, shall be enjoined from taking action against the Debtor as set forth above solely during the Plan Term, unless otherwise set forth herein.

**(iii) Limited Plan Exculpation.**

None of Debtor's court employed professionals shall have or incur any liability to the Debtor or any Holder of a Claim for any act or omission in connection with, related to, or arising out of, the Bankruptcy Case, negotiations regarding or concerning the Disclosure Statement or the Plan or any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement or the Plan, the filing of the Bankruptcy Case, and the pursuit of confirmation of the Plan. Nothing contained in this paragraph shall be deemed to exculpate any party identified herein from any conduct post-Effective Date.

**Item 4.      Class Treatment Option: Party may opt to be treated as a Class 5 "Opt-In Settlement" Unsecured Creditor, Class 6 General Unsecured Creditor, or a Class 7 Administrative Convenience Class Creditor:**

---

☐ **Class 5 "Opt-In Settlement" Unsecured Creditor Treatment**          ☐ **Class 6 General Unsecured Creditor Treatment**

☐ **Class 7 Administrative Convenience Class Treatment**

---

**Additional detail regarding Claim treatment is set forth in the Debtor's Plan. Please review the Plan carefully.**

**Item 5.**       **Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtor that:

(a)       as of the Voting Record Date, either: (i) the Entity is the holder of the Unsecured Claims being voted; or (ii) the Entity is an authorized signatory for an Entity that is a holder of the Unsecured Claims being voted;

(b)       the Entity (or in the case of an authorized signatory, the holder) has received the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)       the Entity has cast the same vote with respect to all of its Unsecured Claims; and

(d)       no other Ballots with respect to the amount of the Unsecured Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Unsecured Claims, then any such earlier Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE FEBRUARY __, 2024, AT 4:00 P.M. PREVAILING CENTRAL TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, THE VOTES OR ELECTIONS TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTOR.**

**BALLOT - 8**

## Exhibit A

Blackline of Ballot With Respect to Amended Plan

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ALEXANDER E. JONES, | ) | Case No. 22-33553 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE DEBTOR'S AMENDED PLAN
OF REORGANIZATION FOR HOLDERS OF UNSECURED CLAIMS AND NOTICE
REGARDING INJUNCTION AND LIMITED EXCULPATION**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR
COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE
COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED*
BY THE SOLICITATION AGENT BY FEBRUARY ~~12,~~ __, 2024 AT 4 P.M., CENTRAL
STANDARD TIME (THE "VOTING DEADLINE").**

---

The Debtor is soliciting votes with respect to the *Debtor's Amended Plan of Reorganization* (as
may be amended, modified and supplemented from time to time, the "Debtor's Plan") [Docket No.
~~523~~].____].  The United States Bankruptcy Court for the Southern District of Texas (the "Court")
has approved on a conditional basis the *Debtor's Proposed Amended Disclosure Statement with
Respect to the Debtor's Plan of Reorganization* [Docket No. ~~533~~____] (the "Disclosure
Statement") as containing adequate information pursuant to section 1125 of title 11 of the United
States Code (the "Bankruptcy Code"), by entry of an order on January 24, 2024 [Docket No. ____]
(the "Disclosure Statement Order").

You are receiving this ballot (this "Ballot") because you are a holder of an Unsecured Claim as of
January 24, 2024 (the "Voting Record Date").  Accordingly, subject to the terms of the Disclosure
Statement Order, you have a right to vote to accept or reject the Debtor's Plan.  You can cast your
vote through this Ballot.

Through this Ballot, you will have the option of electing to have your Claim treated as a Class 5
"Opt-In Settlement" Unsecured Claim, a Class 6 General Unsecured Claim, or a Class 7
Administrative Convenience Claim.  A description of the Claim treatment for these three classes
is set forth below.

| Class | Treatment |
|---|---|
| **Class 5: Unsecured "Opt-In Settlement" Class** | Impaired. |
| | Allowance. On the Effective Date, the Opt-In Settlement Unsecured Claims shall consist of the Claims of the Electing Plaintiffs. ~~Such Claims shall be paid~~ |
| | ~~EACH~~ Electing Plaintiff shall receive Cash in the amount of: |
| | i)    such Electing Plaintiff's Electing Plaintiff Pro Rata Share of 70% of the Net Proceeds from the sale or other monetization of Non-Exempt Assets, as soon as reasonably practicable following the receipt of such Net Proceeds; and |
| | ii)    from the Effective Date until the year in which the Payment Trigger occurs, the greater of such Electing Plaintiff's (x) ~~their percentage share of the~~ Minimum Annual ~~Payment~~Distribution or (y) Plaintiff Pro Rata Share of the Income Stream Payment on an annual basis~~, until the FSS and the Debtor's aggregate contributions for~~. The Electing Plaintiffs ~~equal those Plaintiffs' Pro Rata share of $55 Million. At such time, the contributions from the~~ shall cease receiving Distributions under this Plan beginning the year following the occurrence of the Payment Trigger; provided; that Electing Plaintiffs may continue to receive payments under the FSS Plan and FSS Trust to the extent applicable.  Payments under this paragraph shall be made on or before the first Business Day in May of each year following the Effective Date. |
| | The Net Proceeds from the liquidation of the Non-Exempt Assets including Cash paid to the Debtor ~~will be reduced to 25% of the Debtor's Plan Income for the remainder of the Plan Term. Class 5 shall also receive 70% of the net proceeds from the sale of Non-Exempt Assets.~~ on the Initial Distribution shall reduce the Minimum Annual Distribution for the first Plan Year. |
| | Each Electing Plaintiff shall have an Allowed Claim in the amount set forth next to such person's name on Plan Exhibit ~~C to the Debtor's Disclosure Statement (which shall be filed under seal)~~A.  No further litigation with respect to conduct occurring on or prior to the Confirmation Date shall be pursued on behalf of Electing Plaintiffs against the Debtor or any ~~related party. The Debtor may fully satisfy his obligations to the Holders of Allowed Class 5 Claims under the Plan at any time during the ten-year period following the Effective Date by paying the net present value of the remaining Minimum Annual Payment due to such Holders.  The Disbursement Agent shall have reasonable audit and information rights with respect to the Debtor's income information at the expense of the Electing Plaintiffs. In addition, in the event the Debtor's payments exceed the Minimum Annual Payment for any year, such "overage" amount shall be carried forward for a maximum of two years~~ |

**BALLOT - 2**

thereafter to count towards the Minimum Annual Payment in those two years.Related Party.

Treatment, The Opt-In Settlement Unsecured Claims treatment shall be in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Claim. Such Claims shall be discharged after payment of ten (10) year term period unless such Claims payments are satisfied earlier. Should such Claims be satisfied sooner under the terms of the Plan, a discharge shall be granted at that time.made as set forth herein. Also, for each year the Plan is not in which no uncured Plan Default occurs, 10% of each Opt-In Settlement Unsecured Claim shall be waived and forever discharged. However, whatever Opt-In Settlement Unsecured Claims that are not paid under the Plan or waived and discharged pursuant to the preceding sentence, shall be deemed to be non-dischargeable without further court process in the event of a final, uncured Plan Default. The Debtor, the Disbursement Agent and the Electing Plaintiffs will work cooperatively to determine the most tax efficient method of distribution, which may include the Debtor directing FSS to make Income Stream Payments from FSS or from the FSS Trust to the extent practicable.

Settlement Injunction. As consideration for the concessions made by the Electing Plaintiffs herein, the Debtor agrees that, without first obtaining the permission of all Electing Plaintiffs, the Debtor may not in any way publicly discuss the 2012 mass shooting at Sandy Hook Elementary School, the Electing Plaintiffs, the Electing Plaintiffs' family members (including victims of the Sandy Hook shooting) or any Claims or litigation arising from or relating to Debtor's past statements about the Sandy Hook mass shooting—other than to state that he has no comment about such events or individuals. The Debtor will take all reasonable steps to ensure that FSS does not make a public statement that the Debtor would be prohibited from making under this paragraph. Failure by Debtor to comply with this provision constitutes a Plan Default enforceable by the Electing Plaintiffs.

So long as no Plan Default has occurred and is continuing, the Electing Plaintiffs agree that they will not seek to have Debtor or FSS removed from any forums or platforms (electronic or physical), unless such forums or platforms are owned or controlled by Electing Plaintiffs. So long as no Plan Default has occurred and is continuing, the Electing Plaintiffs agree that they will not seek to have any statements by Debtor or FSS removed from any forums or platforms (electronic or physical), unless such forums or platforms are owned or controlled by Electing Plaintiffs. Notwithstanding anything else to the foregoing, Electing Plaintiffs shall not disparage the Debtor or FSS and will make no public comment on the legal claims giving rise to the Electing Plaintiffs' Allowed Claims, or the treatment thereof under the Plan. If Electing Plaintiffs do not comply with the terms set out in this paragraph, Debtor may seek relief from the Bankruptcy Court, including injunctive relief.

**BALLOT - 3**

---

Formatted: Font: +Headings CS (Times New Roman)

Formatted: Body Text,bt, Left, Space Before: 0.5 pt, Don't allow hanging punctuation

Formatted: Font: +Headings CS (Times New Roman), Expanded by 2 pt

Formatted: Font: +Headings CS (Times New Roman)

Formatted: Right: 0.08", No widow/orphan control, Don't allow hanging punctuation, Don't adjust space between Latin and Asian text, Don't adjust space between Asian text and numbers, Tab stops: 1.17", Left

Formatted: Font: +Headings CS (Times New Roman)

Formatted: Font: +Headings CS (Times New Roman)

Formatted: Font: +Headings CS (Times New Roman)

Formatted: Font: +Headings CS (Times New Roman)

Formatted: Font: +Headings CS (Times New Roman)

Formatted: Font: +Headings CS (Times New Roman)

| **Class 6: General Unsecured Claims** | Impaired.<br><br>~~Upon allowance of such Claims~~ Following the Allowance Date of each General Unsecured Claim, after the resolution of any existing appeals or litigation of such Claims, and except to the extent that a Holder of an Allowed General Unsecured Claim agrees, under the terms of a writing executed by such Holder, to less favorable treatment of such Allowed General Unsecured Claim, each Holder of an Allowed General Unsecured Claim shall receive from the Debtor, in exchange for such Allowed General Unsecured Claim, such Holder's GUC Pro Rata Share of (x) prior to ~~t~~he ~~remaining percentage share~~occurrence of the Plan Trigger, the amount of the Income Stream Payment remaining after Electing Plaintiffs are paid ~~for a period of five (5) years, with a payment of the remaining pro rata share~~ pursuant to the terms of ~~25% of the Debtor's Plan~~ Section 5.05 of the Plan, and (y) beginning the year following the occurrence of the Payment Trigger, all of the Income ~~over an additional five (5) years.~~Stream Payment. Non-Electing Plaintiffs will be enjoined against collecting against the Debtor during the ~~term of the~~ Plan Term; however, such Non-Electing Plaintiffs may, to the extent such Holder has a non-dischargeable claim, collect against the Debtor's non-exempt assets, unless such Claim is otherwise stayed, ~~at~~following the end of the ~~ten (10) year period. However, any~~Plan Term. Any Claims of Non-Electing Plaintiffs shall be reduced by any payments received by such claimants under the Plan.<br><br>~~Furthermore, in consideration for the treatment as set forth herein, the Debtor and the Holders of General Unsecured Claims mutually agree not to disparage one another by publishing to any third party, whether verbally or in writing, derogatory statements that could be construed as damaging or injurious to the other party's business, reputation, or property, and/or that are false. If any Holder of General Unsecured Claim breaches this term causing financial injury to the Debtor, such party shall forfeit all rights to receive the Income Stream Payments. If the Debtor breaches this provision, and causes financial injury to any such Holder, such breach would be deemed a Plan default for which remedies may be had pursuant to Section 13.03 of this Plan. The Court retains post confirmation jurisdiction to determine any such disputes.~~<br><br>~~The initial Distribution to Holders of Allowed General Unsecured Claims shall be made by the Debtor within thirty (30) days of the Effective Date from each available after payment of the Allowed Administrative Claims (other than Administrative Claims in the Ordinary Course of Business), Allowed Non Tax Priority Claims, Allowed Priority and Secured Tax Claims, Opt In Settlement Unsecured Claims, and Administrative Convenience Claims, including, without limitation, as may be permitted under Article 10 of the Plan.~~ |

| | |
|---|---|
| | After the Initial Distribution, annual payments shall be made on or before the first Business Day in the fifth month of the Plan Year. |
| **Class 7: Administrative Convenience Claims** | Impaired.<br><br>Each Holder of an Allowed Unsecured Claim in the amount of $5,000 or less, or such Holders as agree to reduce their Claim to $5,000, shall receive from the Debtor, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Claim, a Cash payment ~~of~~as soon as reasonably practicable following the Effective Date in the full amount of such Allowed Claim. Insiders with Allowed Claims may opt to settle their Claims to be paid as an Administrative Convenience Claims Holder, but such Claim will be limited to $5,000, and be deemed fully satisfied upon payment of that amount. |

Your receipt of this Ballot does not indicate that your Claim(s) has been or will be Allowed. This Ballot may not be used for any purpose other than for casting votes to accept or reject the Debtor's Plan and making certain certifications with respect to the Debtor's Plan. If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact Crowe & Dunlevy, P.C. (the "Solicitation Agent") *immediately* at the address, telephone number or email address set forth below.

You should review the Debtor's Disclosure Statement and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Debtor's Plan and the Plan's classification and treatment of your Claim. You may elect treatment under Class 5, Class 6 or Class 7 under the Plan.

**PLEASE SUBMIT YOUR BALLOT BY ONE OF THE FOLLOWING TWO METHODS:**

**Via Mail. Complete, sign and date this Ballot and return it (with an original signature) promptly via first class mail (or in the enclosed reply envelope provided), overnight courier or hand delivery to counsel to the Debtor, which shall serve as Solicitation Agent in accordance with the terms of the Disclosure Statement Order as follows:**

**Crowe & Dunlevy, P.C.,**
**2525 McKinnon St., Ste. 425,**
**Dallas, TX 75201**
**Attention: Vickie L. Driver**

***OR***

**BALLOT - 5**

**Via Email**.  **Submit your Ballot via email by sending it to the following email addresses with a reference to "Jones Ballot Processing" in the subject line:** [vickie.driver@crowedunlevy.com](mailto:vickie.driver@crowedunlevy.com).

**BALLOT - 6**

PLEASE READ THE ATTACHED VOTING INFORMATION
<u>AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT</u>

> **PLEASE COMPLETE ITEMS 1, 2, 3, 4, and 5.  IF THIS BALLOT HAS NOT BEEN PROPERLY SIGNED IN THE SPACE PROVIDED, YOUR VOTE MAY NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

<u>**Item 1**</u>.        **Amount of Claims**.

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the holder (or authorized signatory of such a holder) of an Unsecured Claim in the amount set forth below. You certify that the amount below qualifies to be voted under the Disclosure Statement Order.

> **Amount: $**_____

<u>**Item 2**</u>.        **Vote on the Plan**.

Please vote either to accept or to reject the Plan with respect to your Claims below.  Any Ballot not marked either to accept or reject the Plan, or marked both to accept and reject the Plan, shall not be counted in determining acceptance or rejection of the Plan.

The undersigned holder of the Unsecured Claim set forth in Item 1 votes to (please check only one):

> ☐ **ACCEPT** (vote FOR) the Debtor's Plan          ☐ **REJECT** (vote AGAINST) the Debtor's Plan

<u>**Item 3**</u>.        **Important information regarding the release, injunction, and limited exculpation provisions in the Debtor's Plan.**

**A.  Releases/Injunction/Limited Exculpation Provisions**

   **(i)  Discharge of Debtor**

        Except as expressly provided in this Plan or the Confirmation Order, all consideration distributed under this Plan will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims against the Debtor of any nature whatsoever, whether known or unknown, or against the assets or properties of the Debtor that arose before the Effective Date. Except as expressly provided in this Plan or the Confirmation Order, on the Discharge Date (and subject to its occurrence), entry of the Confirmation Order shall be

**BALLOT - 7**

deemed to act as a discharge and release under Bankruptcy Code section 1141(d)(1)(A) of all Claims against the Debtor and his assets, arising at any time before the Effective Date, regardless of whether a proof of Claim was filed, whether the Claim is Allowed, or whether the Holder of the Claim votes to accept the Plan or is entitled to receive a Distribution under the Plan, provided, however, that in no event shall occurrence of the Discharge Date discharge the Debtor from any obligations remaining under the Plan as of the Discharge Date. No later than five (5) business days after the occurrence of the Discharge Date, the Debtor shall file with the Bankruptcy Court a notice of the occurrence of the Discharge Date, and serve such notice on all creditors. In addition, following the occurrence of the Discharge Date, the Debtor shall file a motion seeking entry of an order of discharge after notice and a hearing, which motion (and the discharge) shall be granted upon a showing that the Debtor has made all payments required under the Plan. Except as expressly provided in this Plan or the Confirmation Order, any Holder of a discharged Claim will be precluded from asserting against the Debtor or any assets of the Debtor any other or further Claim based on any document, instrument, act, omission, transaction or other activity of any kind or nature that occurred before the Effective Date. Except as expressly provided in this Plan or the Confirmation Order, and subject to the occurrence of the Discharge Date, the Confirmation Order will be a judicial determination of discharge of all liabilities of the Debtor to the extent allowed under Bankruptcy Code section 1141, and the Debtor will not be liable for any Claims and will only have the obligations that are specifically provided for in this Plan. Notwithstanding the foregoing, nothing contained in the Plan or the Confirmation Order shall discharge the Debtor from (i) any debt excepted from discharge under Bankruptcy Code section 523 by Final Order of the Bankruptcy Court unless the Holders of such Claims have agreed to same.

Notwithstanding the foregoing, Allowed Claims of Electing Plaintiffs under Class 5 that have selected Opt-In Settlement Unsecured Claims shall be discharged after either 1) payment of claim treatment under Class 5 of the Minimum Annual Distribution for each of the first five (5) years of the Plan Term or 2) payment of such Claims at any time during the Plan Term at the net present value of the remaining amount due to such Holders receipt of payments that give rise to the occurrence of the Payment Trigger. Such payment shall be in full satisfaction, settlement, release and discharge of and in exchange for such Allowed Claim.

Notwithstanding anything to the contrary set forth in this Section 9.04, Non-Electing Plaintiffs under Class 6 will be enjoined against collecting against the Debtor during the Plan Term; however, such Non-Electing Plaintiffs may collect against the Debtor at the conclusion of the Plan Term if they have a Final Order allowing their Claim and finding such Claim non-dischargeable.

**(ii) Injunction**

Except as otherwise provided in the Plan, the Confirmation Order shall provide that from and after the Effective Date with respect to the Debtor, all Holders of Claims, with the exception of the Non-Electing Plaintiffs, against the Debtor are permanently enjoined from

BALLOT - 8

taking any of the following actions against the Debtor, or any of his property on account of any such Claim: (a) commencing or continuing in any manner or in any place, any action or other proceeding; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order; (c) creating, perfecting, or enforcing any encumbrance or Lien; (d) asserting a setoff, subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtor; or (e) commencing or continuing, in any manner or in any place, any action that does not conform to or comply with, or is inconsistent with, the provisions of this Plan and (f) disparaging the Debtor by publishing to any third party, whether verbally or in writing, derogatory statements that could be construed as damaging or injurious to the Debtor's business, reputation, or property, and/or that are false; provided, however, that nothing contained herein shall preclude such Persons from exercising their rights pursuant to and consistent with the terms of this Plan or the Confirmation Order. If allowed by the Bankruptcy Court, any Person injured by any willful violation of such injunction shall recover actual damages, including costs and attorneys' and experts' fees and disbursements, and, in appropriate circumstances, may recover punitive damages, from the willful violator. Should a Plan Default have occurred and is continuing, this Plan Injunction shall lift in accordance with a Bankruptcy Court order determining the existence of such Plan Default.

The

Notwithstanding the foregoing, the Non-Electing Plaintiffs whose claims have been determined to be non-dischargeable by an order of a court of competent jurisdiction that has not been stayed, shall be enjoined from taking action against the Debtor as set forth above only for the term of solely during the Plan Term, unless otherwise set forth herein.

**(iii) Limited Plan Exculpation.**

None of the Debtor's court employed professionals shall have or incur any liability to the Debtor or any Holder of a Claim for any act or omission in connection with, related to, or arising out of, the Bankruptcy Case, negotiations regarding or concerning the Disclosure Statement or the Plan or any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement or the Plan, the filing of the Bankruptcy Case, and the pursuit of confirmation of the Plan. Nothing contained in this paragraph shall be deemed to exculpate any party identified herein from any conduct post-Effective Date.

<u>Item 4.</u>    **Class Treatment Option: Party may opt to be treated as a Class 5 "Opt-In Settlement" Unsecured Creditor, Class 6 General Unsecured Creditor, or a Class 7 Administrative Convenience Class Creditor:**

☐ **Class 5 "Opt-In Settlement" Unsecured Creditor Treatment**        ☐ **Class 6 General Unsecured Creditor Treatment**

☐ **Class 7 Administrative Convenience Class Treatment**

BALLOT - 9

**<u>Additional detail regarding Claim treatment is set forth in the Debtor's Plan. Please review the Plan carefully.</u>**

**BALLOT - 10**

<u>**Item 5.**</u>　　　　**Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtor that:

　　(a)　　as of the Voting Record Date, either: (i) the Entity is the holder of the Unsecured Claims being voted; or (ii) the Entity is an authorized signatory for an Entity that is a holder of the Unsecured Claims being voted;

　　(b)　　the Entity (or in the case of an authorized signatory, the holder) has received the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

　　(c)　　the Entity has cast the same vote with respect to all of its Unsecured Claims; and

　　(d)　　no other Ballots with respect to the amount of the Unsecured Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Unsecured Claims, then any such earlier Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE FEBRUARY ~~12,~~__, 2024, AT 4:00 P.M. PREVAILING CENTRAL TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, THE VOTES OR ELECTIONS TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTOR.**

**BALLOT - 11**