United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 25, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALEXANDER E. JONES, | ) | Case No. 22-33553 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER (I) APPROVING THE DEBTOR'S AMENDED DISCLOSURE STATEMENT ON A CONDITIONAL BASIS; (II) APPROVING THE SOLICITATION PROCEDURES; (III) APPROVING THE FORM OF BALLOT; AND (IV) APPROVING CERTAIN DATES AND DEADLINES IN CONNECTION WITH SOLICITATION OF THE DEBTOR'S PLAN**

Upon the motion (the "Motion")[1] of the Debtor for entry of an order (this "Disclosure Statement Order"): (i) approving the Debtor's Disclosure Statement on a conditional basis; (ii) approving the solicitation procedures with respect to the Debtor's Plan; (iii) approving the form of Ballot; and (iv) establishing certain dates and deadlines in connection with solicitation of the Debtor's Plan; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, the Debtor's creditors, and other interested parties; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

**ORDER REGARDING CONDITIONAL APPROVAL OF AMENDED DISCLOSURE STATEMENT
– Page 1**

statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Debtor's Disclosure Statement is approved as containing adequate information in accordance with Bankruptcy Code section 1125 on a conditional basis and is subject to final approval of the Court at the Confirmation Hearing.

2. The Solicitation Procedures described in the Motion are approved in their entirety.

3. Pursuant to Bankruptcy Rule 3018(a), January 24, 2024 is established as the Voting Record Date for determining which holders of Claims are entitled to vote on the Debtor's Plan and whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the Claim.

4. Pursuant to Bankruptcy Rule 3017(c), 4 p.m. (prevailing Central Time) on February 12, 2024 is established as the Voting Deadline, "a time within which the holders of claims and interests may accept or reject the plan[.]" All Ballots must be properly executed, completed and delivered as described in the Solicitation Procedures so that they are received no later than the Voting Deadline.

5. The procedures for distributing the Solicitation Package as set forth in the Motion and the Solicitation Procedures satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules.

6. The Debtor is authorized to: (a) distribute the Solicitation Packages and solicit votes on the Debtor's Plan in compliance with the Solicitation Procedures; (b) receive, tabulate and

report on Ballots; and (c) respond to inquiries relating to the solicitation and voting process, including all matters related thereto. The Debtor may contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies; *provided, however*, that the Debtor is not obligated to do so.

7. The Solicitation Agent is authorized, but not directed, to distribute electronic copies of the Debtor's Plan, the Debtor's Disclosure Statement and this Disclosure Statement Order to holders of Claims entitled to vote on the Plan. The Debtor shall also provide a complete Solicitation Packages (other than Ballots) to the United State Trustee for the Southern District of Texas.

8. The Debtor is authorized to make changes which are not material (unless otherwise agreed to by such Holders of Claims as may be impacted by such changes) to the Debtor's Plan and the Debtor's Disclosure Statement, the Solicitation Package, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, and to make conforming changes among the Debtor's Plan and the Debtor's Disclosure Statement and related documents where, in the Debtor's reasonable discretion, doing so would better facilitate the solicitation process. Subject to the foregoing, the Debtor is authorized to solicit, receive and tabulate votes to accept or reject the Plan in accordance with this Disclosure Statement Order without further order of the Court.

9. The Debtor's Plan, the Debtor's Disclosure Statement, the Ballots, and the Solicitation Package provide all parties in interest with sufficient notice regarding the release and exculpation provisions contained in the Plan in compliance with Bankruptcy Rule 3016(c).

10. The Ballots (including the Voting Instructions), substantially in the form attached as Exhibit B (as amended) to the Motion are approved.

11. Crowe & Dunlevy, P.C. is authorized to act as the Solicitation Agent in respect of the Debtor's Plan and accept Ballots via mail or email. Ballots or Opt-Out Forms submitted by facsimile or other electronic means other than by email, will not be counted.

12. The Debtor shall not be required to solicit votes from creditors that are not entitled to vote on the Debtor's Plan.

13. Nothing in this Disclosure Statement Order shall be construed as a waiver of the right of the Debtor to object to a Proof of Claim after the Voting Record Date.

14. All time periods in this Disclosure Statement Order shall be calculated in accordance with Bankruptcy Rule 9006.

15. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a), and the Bankruptcy Local Rules are satisfied by such notice.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Disclosure Statement Order are immediately effective and enforceable upon entry.

17. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Disclosure Statement Order in accordance with the Motion.

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Disclosure Statement Order.

Signed: January 25, 2024

_____
Christopher Lopez
United States Bankruptcy Judge