United States Bankruptcy Court
Southern District of Texas

**ENTERED**

January 25, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ALEXANDER E. JONES, | ) | Case No. 22-33553 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**ORDER (I) APPROVING THE DISCLOSURE
STATEMENT ON A CONDITIONAL BASIS; (II) APPROVING
THE SOLICITATION PROCEDURES; (III) APPROVING THE FORM
OF BALLOT AND OPT-OUT FORM; AND (IV) APPROVING CERTAIN DATES AND
DEADLINES IN CONNECTION WITH SOLICITATION OF THE CREDITORS' PLAN**

Upon the motion (the "Motion")[1] of the Creditor Plan Proponents for entry of an order (this "Disclosure Statement Order"): (i) approving the Specific Disclosure Statement on a conditional basis; (ii) approving the Solicitation Procedures with respect to the Creditors' Plan; (iii) approving the form of Ballot and Opt-Out Form (as defined herein); and (iv) approving certain dates and deadlines in connection with solicitation of the Creditors' Plan; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's Estate, the Debtor's creditors, and other interested parties; and this Court having found that the Creditor Plan Proponents' notice of the Motion and opportunity for a hearing on the motion were appropriate under the circumstances and no other notice need be provided; and

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Specific Disclosure Statement is approved as containing adequate information in accordance with Bankruptcy Code section 1125 on a conditional basis and is subject to final approval of the Court at the Confirmation Hearing.

2.      The Solicitation Procedures described in the Motion are approved in their entirety.

3.      Pursuant to Bankruptcy Rule 3018(a), January 24, 2024 is established as the Voting Record Date for determining which holders of Claims are entitled to vote on the Creditors' Plan and whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of the Claim.

4.      Pursuant to Bankruptcy Rule 3017(c), February 12, 2024 at 4 p.m. (prevailing Central Time) is established as the Voting Deadline and deadline to send in the Opt-Out Forms. All Ballots and Opt-Out Forms must be properly executed, completed and delivered as described therein and in the Solicitation Procedures so that they are received no later than February 12, 2024 at 4 p.m. (prevailing Central Time).

5.      The Ballot (including the Voting Instructions), substantially in the form attached as **Exhibit A** hereto, is approved.

6.      The Opt-Out Form, substantially in the form attached as **Exhibit B** hereto, is approved (the "Opt-Out Form").

7. The procedures for distributing the Solicitation Package as set forth in the Motion and the Solicitation Procedures satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules.

8. The distribution of the Opt-Out Form to the Debtor and the holders of Unimpaired Claims under the Creditors' Plan is hereby approved.

9. The Creditor Plan Proponents are authorized to: (a) distribute the Solicitation Packages and solicit votes on the Creditors' Plan in compliance with the Solicitation Procedures; (b) distribute the Opt-Out Forms to the Debtor and the holders of Unimpaired Claims under the Creditors' Plan; (c) receive, tabulate and report on the Ballots and the Opt-Out Forms; and (d) respond to inquiries relating to the solicitation and voting process, including all matters related thereto. The Creditor Plan Proponents may contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies; *provided, however*, that the Creditor Plan Proponents are not obligated to do so.

10. The Solicitation Agent is authorized, but not directed, to distribute electronic copies of the Creditors' Plan, the Specific Disclosure Statement, and this Disclosure Statement Order to holders of Claims entitled to vote on the Creditors' Plan. The Creditor Plan Proponents shall also provide a complete Solicitation Packages (other than Ballots) and the Opt-Out Form to the United States Trustee for the Southern District of Texas.

11. The Creditor Plan Proponents are authorized to make non-substantive or immaterial changes to the Creditors' Plan and the Specific Disclosure Statement, the Solicitation Package, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, and to make conforming changes among the Creditors' Plan and the Specific Disclosure Statement and related documents where, in the Creditor Plan

Proponents' reasonable discretion, doing so would better facilitate the solicitation process. Subject to the foregoing, the Creditor Plan Proponents are authorized to solicit, receive, and tabulate votes to accept or reject the Creditors' Plan in accordance with this Disclosure Statement Order without further order of the Court.

12.     The Creditors' Plan, the Specific Disclosure Statement, the Ballot, the Opt-Out Form, and the Solicitation Package provide all parties in interest with sufficient notice regarding the release and exculpation provisions contained in the Creditors' Plan in compliance with Bankruptcy Rule 3016(c).

13.     Akin Gump Strauss Hauer & Feld LLP is authorized to act as the Solicitation Agent in respect of the Creditors' Plan and accept Ballots and the Opt-Out Forms via mail or email. Ballots or Opt-Out Forms submitted by facsimile or other electronic means other than by email, will not be counted.

14.     The Creditor Plan Proponents shall not be required to solicit votes from creditors that are not entitled to vote on the Creditors' Plan.

15.     Nothing in this Disclosure Statement Order shall be construed as a waiver of the right of the Creditor Plan Proponents to object to a Proof of Claim after the Voting Record Date.

16.     All time periods in this Disclosure Statement Order shall be calculated in accordance with Bankruptcy Rule 9006.

17.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a), and the Bankruptcy Local Rules are satisfied by such notice.

18.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Disclosure Statement Order are immediately effective and enforceable upon entry.

19.     The Creditor Plan Proponents are authorized to take all actions necessary to effectuate the relief granted in this Disclosure Statement Order in accordance with the Motion.

20.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Disclosure Statement Order.

Signed:  January 25, 2024

_____
Christopher Lopez
United States Bankruptcy Judge

**Exhibit A**

**Ballot**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ALEXANDER E. JONES, | ) | Case No. 22-33553 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**BALLOT FOR VOTING TO ACCEPT
OR REJECT THE CREDITORS' PLAN FOR
HOLDERS OF CLASS 3 GENERAL UNSECURED
CLAIMS AND NOTICE OF OBJECTION AND OPT OUT RIGHTS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY FEBRUARY 12, 2024 AT 4 P.M., PREVAILING CENTRAL TIME (THE "VOTING DEADLINE").**

---

The Creditor Plan Proponents are soliciting votes with respect to the *Creditors' Non-Uniform Individual Chapter 11 Plan of Liquidation for Alexander E. Jones* [ECF No. 538] (as amended, modified and supplemented from time to time, the "Creditors' Plan"). The United States Bankruptcy Court for the Southern District of Texas (the "Court") has approved on a conditional basis the *Proposed Specific Disclosure Statement for the Creditors' Non-Uniform Individual Chapter 11 Plan of Liquidation for Alexander E. Jones* [ECF No. 539] (the "Specific Disclosure Statement")[1] as containing adequate information pursuant to section 1125 of title 11 of the United States Code (the "Bankruptcy Code"), by entry of an order on [●], 2024 [ECF No. ●] (the "Disclosure Statement Order").

You are receiving this ballot (this "Ballot") because you are a holder of a General Unsecured Claim as of January 24, 2024 (the "Voting Record Date"). Accordingly, you have a right to vote to accept or reject the Creditors' Plan. You can cast your vote through this Ballot.

Your receipt of this Ballot does not indicate that your Claim(s) has been or will be Allowed. This Ballot may not be used for any purpose other than for casting votes to accept or reject the Creditors' Plan and making certain certifications with respect to the Creditors' Plan. If you believe you have

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Creditors' Plan or the Specific Disclosure Statement, as applicable.

received this Ballot in error, or if you believe you have received the wrong ballot, please contact Akin Gump Strauss Hauer & Feld LLP (the "Solicitation Agent") *immediately* at the address, telephone number or email address set forth below.

You should review the Specific Disclosure Statement and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Creditors' Plan and the Creditors' Plan's classification and treatment of your Claim. Your General Unsecured Claim has been placed in Class 3 under the Creditors' Plan.

**PLEASE SUBMIT YOUR BALLOT BY ONE OF THE FOLLOWING TWO METHODS:**

<u>**Via Mail**</u>. **Complete, sign and date this Ballot and return it (with an original signature) promptly via first class mail (or in the enclosed reply envelope provided), overnight courier or hand delivery to counsel to the UCC, which shall serve as Solicitation Agent in accordance with the terms of the Disclosure Statement Order as follows:**

<p align="center"><b>Akin Gump Strauss Hauer & Feld LLP,<br>
One Bryant Park, Bank of America Tower,<br>
New York, NY, 10036<br>
Attention: Sara L. Brauner, Katherine Porter, Anna Kordas, and Melanie A. Miller</b></p>

<p align="center"><b><i>OR</i></b></p>

<u>**Via Email**</u>. **Submit your Ballot via email by sending it to the following email addresses with a reference to "Jones Ballot Processing" in the subject line: sbrauner@akingump.com; kporter@akingump.com; akordas@akingump.com; melanie.miller@akingump.com**

**PLEASE READ THE ATTACHED VOTING INFORMATION
AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

---

**PLEASE COMPLETE ITEMS 1, 2, 3 AND 4. IF THIS BALLOT HAS NOT BEEN
PROPERLY SIGNED IN THE SPACE PROVIDED, YOUR VOTE MAY NOT BE VALID
OR COUNTED AS HAVING BEEN CAST.**

---

<u>**Item 1.**</u>        **Amount of Claims**.

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the
holder (or authorized signatory of such a holder) of a General Unsecured Claim in the amount set
forth below.

> **Amount:** $_____

<u>**Item 2.**</u>        **Vote on the Creditors' Plan**.

Please vote either to accept or to reject the Creditors' Plan with respect to your Claims below. Any
Ballot not marked either to accept or reject the Creditors' Plan, or marked both to accept and reject
the Creditors' Plan, shall not be counted in determining acceptance or rejection of the Creditors'
Plan.

The undersigned holder of the Class 3 General Unsecured Claim set forth in Item 1 votes to (please
check only one):

| ☐ **ACCEPT** (vote FOR) the Creditors' Plan | ☐ **REJECT** (vote AGAINST) the Creditors' Plan |
|---|---|

<u>**Item 3.**</u>        **Important information regarding the release provisions in the Creditors' Plan.**

   **A. Releases by the Debtor**

      **Notwithstanding anything contained in the Creditors' Plan to the contrary, pursuant
to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration,
the adequacy of which is hereby confirmed, each Released Party is deemed to be, hereby
conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged
by the Releasing Parties, as applicable, from any and all claims and Causes of Action asserted
by or assertable on behalf of the Releasing Parties, whether known or unknown, foreseen or
unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-
contingent, in law, equity, contract, tort or otherwise. Notwithstanding anything to the
contrary in the foregoing, the releases set forth above do not release any post-Effective Date**

3

**obligations of any party or Entity under the Creditors' Plan, the Confirmation Order, or any document, instrument, or agreement executed to implement the Creditors' Plan or any Claim or obligation arising under the Plan.  For the avoidance of doubt, Jones shall not be a Released Party and there shall be no release or exculpation of the Trust Causes of Action, the Non-Dischargeable Claims, or any other Claims or Causes of Action against Jones, non-minor members of his immediate family, or their Insiders or Affiliates, as applicable, subject to the ability of Insiders and Affiliates of Jones to become a Released Party by making a Release Settlement Payment.**

### B. Exculpation

**Except as otherwise specifically provided in the Creditors' Plan, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby released and exculpated from, any Cause of Action or Claim whether direct or derivate related to any act or omission in connection with, relating to, or arising out of the Chapter 11 Case from the Petition Date to the Effective Date, the formulation, preparation, dissemination, negotiation, or Filing of the Creditors' Plan, this Specific Disclosure Statement, the Plan Supplement, or any contract, instrument, release, or other agreement or document created or entered into before or during the Chapter 11 Case in connection with the Creditors' Plan, any preference, fraudulent transfer, or other avoidance Claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the Filing of the Chapter 11 Case, the pursuit of Confirmation, the pursuit of consummation of the Creditors' Plan, the administration and implementation of the Creditors' Plan, including the issuance of GUC Trust Interests pursuant to the Creditors' Plan, or the distribution of property under the Creditors' Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing, except for Claims related to any act or omission that is determined in a Final Order to have constituted willful misconduct, gross negligence, or actual fraud, but in all respects such Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Creditors' Plan and the Confirmation Order.**

**The Exculpated Parties set forth above have, and upon Confirmation of the Creditors' Plan, shall be deemed to have, participated in good faith and in compliance with applicable law with respect to the solicitation of votes and distribution of consideration pursuant to the Creditors' Plan and, therefore, are not and shall not be liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Creditors' Plan or such distributions made pursuant to the Creditors' Plan.**

### Relevant Definitions Related to Release and Exculpation Provisions:

"***Exculpated Parties***" means, collectively, and in each case, solely in its capacity as such: (a) the Sandy Hook Families; (b) the immediate family members of the Sandy Hook Families; (c) the UCC; and (d) with respect to each of the foregoing (a)-(c), such Entities' respective employees, agents, financial advisors, and attorneys, including (i) counsel to the Sandy Hook Families, (ii)

counsel to the UCC, and (iii) advisors to the UCC, including accountants, representatives, and other Professionals, each in their capacity as such.

"*Released Parties*" means, collectively, and in each case, solely in its capacity as such: (a) the Sandy Hook Families; (b) the immediate family members of the Sandy Hook Families; (c) the UCC; (d) with respect to each of the foregoing (a)-(c), such Entities' respective current and former Affiliates, and such Entities' and their current and former Affiliates' current and former successors, assigns, employees, agents, financial advisors, and attorneys, including (i) counsel to the Sandy Hook Families, (ii) counsel to the UCC, and (iii) advisors to the UCC, including accountants, representatives, and other Professionals, each strictly in their capacity as such; (e) members of Jones's family that are legally minors as of the Effective Date; and (f) any Insider or Affiliate of Jones that has made, or has caused to be made, a Release Settlement Payment; provided, that any entity that would otherwise be a "Released Party" that votes to reject the Creditors' Plan, objects to the Creditors' Plan, or objects to or opts out of the releases contained in Article X of the Creditors' Plan, shall not be a "Released Party."

"*Releasing Parties*" means (a) Jones and his Estate to the extent he does not opt out or otherwise object to the releases contained in Article X of the Creditors' Plan; (b) the UCC; (c) the Sandy Hook Families; (d) any Insider or Affiliate of Jones that has made, or has caused to be made, a Release Settlement Payment; and (e) all holders of Claims, Interests, or Cause of Actions that (i) vote to accept the Creditors' Plan or (ii) are Unimpaired and do not timely opt out of or file an objection to the releases contained in Article X of the Creditors' Plan that is not resolved before Confirmation.

**Item 4.**   **Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Creditor Plan Proponents that:

(a)    as of the Voting Record Date, either: (i) the Entity is the holder of the General Unsecured Claims being voted; or (ii) the Entity is an authorized signatory for an Entity that is a holder of the General Unsecured Claims being voted;

(b)    the Entity (or in the case of an authorized signatory, the holder) has received the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)    the Entity has cast the same vote with respect to all of its General Unsecured Claims; and

(d)    no other Ballots with respect to the amount of the General Unsecured Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such General Unsecured Claims, then any such earlier Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| Title: | |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone | _____ |
| Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE FEBRUARY 12, 2024 AT 4 P.M. PREVAILING CENTRAL TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, THE VOTES OR ELECTIONS TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE CREDITOR PLAN PROPONENTS.**

## Exhibit B

**Opt-Out Form**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALEXANDER E. JONES, | ) | Case No. 22-33553 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**NOTICE OF OPT-OUT ELECTION FOR THE DEBTOR AND THE**
**UNIMPAIRED CLASSES UNDER THE CREDITORS' NON-UNIFORM**
**INDIVIDUAL CHAPTER 11 PLAN OF LIQUIDATION FOR ALEXANDER E. JONES**

**PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [ECF No. [●]] (the "Disclosure Statement Order") that, among other things: (a) approved on a conditional basis the *Proposed Specific Disclosure Statement for the Creditors' Non-Uniform Individual Chapter 11 Plan of Liquidation for Alexander E. Jones* [ECF No. 563] (as it may be further amended, altered, modified, or supplemented, the "Specific Disclosure Statement") as containing adequate information, as required under section 1125(a) of title 11 of the United States Code (the "Bankruptcy Code"); and (b) authorized the Creditor Plan Proponents to solicit votes with regard to the acceptance or rejection of the *Creditors' Non-Uniform Individual Chapter 11 Plan of Liquidation for Alexander E. Jones* [ECF No. 562] (as it may be further amended, altered, modified, or supplemented, the "Creditors' Plan").[1]

**PLEASE TAKE FURTHER NOTICE THAT** the Creditors' Plan, Specific Disclosure Statement, Disclosure Statement Order and other documents and materials included in the Solicitation Package may be obtained by (a) writing to the Solicitation Agent at Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY, 10036, Attention: Sara L. Brauner, Katherine Porter, Anna Kordas, and Melanie A. Miller, (b) emailing sbrauner@akingump.com; kporter@akingump.com; akordas@akingump.com; and melanie.miller@akingump.com with a reference to "Jones Ballot Processing" in the subject line, and/or (c) visiting the website maintained by the Court at https://ecf.txsb.uscourts.gov/ (PACER account required).

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are not entitled to vote on the Creditors' Plan. Accordingly, this notice is being sent to you for informational purposes only and to record your notice of election to opt out of the Releases set forth in the Creditors' Plan, if applicable. If you are a holder of a Claim under the Creditor's Plan, your receipt of this notice (a) does not indicate that your Claim(s) has been or will be Allowed,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Creditors' Plan or the Specific Disclosure Statement, as applicable.

and (b) does not limit the Creditor Plan Proponents' right to object to the classification of your Claim in the future.

**THE DEBTOR AND ALL HOLDERS OF CLAIMS OR INTERESTS THAT DO NOT FILE AN OBJECTION WITH THE BANKRUPTCY COURT IN THE CHAPTER 11 CASE THAT EXPRESSLY OBJECTS TO THE INCLUSION OF SUCH PARTY AS A RELEASING PARTY UNDER THE PROVISIONS CONTAINED IN ARTICLE X.A OF THE CREDITORS' PLAN OR DO NOT ELECT TO OPT OUT OF THE PROVISIONS CONTAINED IN ARTICLE X OF THE CREDITORS' PLAN BY SUBMITTING THE ATTACHED OPT-OUT FORM AS INSTRUCTED THEREIN WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTOR AND THE RELEASED PARTIES. BY OBJECTING TO OR ELECTING TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE X.A OF THE CREDITORS' PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE X.A OF THE CREDITORS' PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claim(s), you should contact the Creditor Plan Proponents in accordance with the instructions provided above.

Dated: January [_], 2024
Houston, Texas

<div style="display:flex">

<div>

*/s/ DRAFT*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Marty L. Brimmage, Jr.
Texas Bar No. 00793386
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone:  (214) 969-2800
Fax:  (214) 969-4343
E-mail:  mbrimmage@akingump.com

*-and-*

David M. Zensky (admitted *pro hac vice*)
Sara L. Brauner (admitted *pro hac vice*)
Katherine Porter (admitted *pro hac vice*)
Anna Kordas (admitted *pro hac vice*)
Melanie A. Miller (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone:  (212) 872-1000
Fax:  (212) 872-1002
E-mail:  dzensky@akingump.com
E-mail:  sbrauner@akingump.com
E-mail:  kporter@akingump.com
E-mail:  akordas@akingump.com
E-mail:  melanie.miller@akingump.com

**Counsel to the Official Committee of Unsecured Creditors of Alexander E. Jones**

</div>

<div>

*/s/ DRAFT*
**CAIN & SKARNULIS PLLC**
Ryan E. Chapple
State Bar No. 24036354
303 Colorado Street, Suite 2850
Austin, TX 78701
Telephone:  (512) 477-5000
Fax:  (512) 477-5011
E-mail:  rchapple@cstrial.com

**KOSKOFF KOSKOFF & BIEDER, PC**
Alinor C. Sterling (admitted *pro hac vice*)
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone:  (203) 336-4421
E-mail:  asterling@koskoff.com

**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
Kyle J. Kimpler (admitted *pro hac vice*)
Stephanie P. Lascano (admitted *pro hac vice*)
Vida Robinson (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Fax:  (212) 757-3990
E-mail:  kkimpler@paulweiss.com
E-mail:  slascano@paulweiss.com
E-mail:  virobinson@paulweiss.com

**Co-Counsel to the Connecticut Plaintiffs**

</div>

</div>

*/s/ DRAFT*
**MCDOWELL HETHERINGTON LLP**
Avi Moshenberg
State Bar No. 24083532
1001 Fannin Street, Suite 2700
Houston, TX 77002
Telephone:  (713) 337-5580
Fax:  (713) 337-8850
E-mail:  Avi.Moshenberg@mhllp.com

**CHAMBERLAIN, HRDLICKA,**
**WHITE, WILLIAMS & AUGHTRY, PC**
Jarrod B. Martin
State Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, TX 77002
Telephone:  (713) 356-1280
Fax:  (713) 658-2553
E-mail:  jarrod.martin@chamberlainlaw.com

**WILLKIE FARR & GALLAGHER LLP**
Jennifer J. Hardy
State Bar No. 24096068
600 Travis Street
Houston, TX 77002
Telephone:  (713) 510-1766
Fax:  (713) 510-1799
E-mail:  jhardy2@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Stuart R. Lombardi (admitted *pro hac vice*)
Ciara A. Sisco (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019
Telephone:  (212) 728-8000
Fax:  (212) 728-8111
E-mail:  rstrickland@willkie.com
E-mail:  slombardi@willkie.com
E-mail:  csisco@willkie.com

***Co-Counsel to the Texas Plaintiffs***

4

**<u>Release Opt-Out Form</u>**

<u>Item 1</u>.        **Opt-Out Election.**

**AS A "RELEASING PARTY" UNDER THE CREDITORS' PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE X.A OF THE CREDITORS' PLAN SET FORTH BELOW.**

**IF YOU ELECT TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE X.A OF THE CREDITORS' PLAN, YOU WILL FOREGO THE BENEFITS OF OBTAINING THE RELEASES SET FORTH IN ARTICLE X.A OF THE CREDITORS' PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

**YOU MAY ELECT TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE X.A OF THE CREDITORS' PLAN <u>ONLY IF</u> YOU CHECK THE BOX BELOW AND RETURN THIS FORM TO THE SOLICITATION AGENT SO THAT IT IS RECEIVED BY FEBRUARY 12, 2024 AT 4:00 P.M. (PREVAILING CENTRAL TIME).  IF YOU FAIL TO TIMELY SUBMIT THIS FORM OR SUBMIT THE FORM WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE X.A OF THE CREDITORS' PLAN.**

| ☐ **<u>OPT OUT of the Release</u>** |
| --- |

<u>Item 2</u>.        **Important information regarding the release provisions in the Creditors' Plan.[2]**

   A.  **Releases by the Debtor**

        Notwithstanding anything contained in the Creditors' Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Releasing Parties, as applicable, from any and all claims and Causes of Action asserted by or assertable on behalf of the Releasing Parties, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort or otherwise.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party or Entity under the Creditors' Plan, the Confirmation Order, or any

---

[2] The Creditor Plan Proponents reserve all rights in respect of Claims and Causes of Action contemplated to be transferred to the GUC Trust pursuant to the terms of the Creditors' Plan and the extent to which any claims subject to this Release remain with the Debtor.

document, instrument, or agreement executed to implement the Creditors' Plan or any Claim or obligation arising under the Creditors' Plan.  For the avoidance of doubt, Jones shall not be a Released Party and there shall be no release or exculpation of the Trust Causes of Action, the Non-Dischargeable Claims, or any other Claims or Causes of Action against Jones, non-minor members of his immediate family, or their Insiders or Affiliates, as applicable, subject to the ability of Insiders and Affiliates of Jones to become a Released Party by making a Release Settlement Payment.

**B. Exculpation**

Except as otherwise specifically provided in the Creditors' Plan, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby released and exculpated from, any Cause of Action or Claim whether direct or derivative related to any act or omission in connection with, relating to, or arising out of the Chapter 11 Case from the Petition Date to the Effective Date, the formulation, preparation, dissemination, negotiation, or Filing of the Creditors' Plan, this Specific Disclosure Statement, the Plan Supplement, or any contract, instrument, release, or other agreement or document created or entered into before or during the Chapter 11 Case in connection with the Creditors' Plan, any preference, fraudulent transfer, or other avoidance Claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the Filing of the Chapter 11 Case, the pursuit of Confirmation, the pursuit of consummation of the Creditors' Plan, the administration and implementation of the Creditors' Plan, including the issuance of GUC Trust Interests pursuant to the Creditors' Plan, or the distribution of property under the Creditors' Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing, except for Claims related to any act or omission that is determined in a Final Order to have constituted willful misconduct, gross negligence, or actual fraud, but in all respects such Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Creditors' Plan and the Confirmation Order.

The Exculpated Parties set forth above have, and upon Confirmation of the Creditors' Plan, shall be deemed to have, participated in good faith and in compliance with applicable law with respect to the solicitation of votes and distribution of consideration pursuant to the Creditors' Plan and, therefore, are not and shall not be liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Creditors' Plan or such distributions made pursuant to the Creditors' Plan.

<u>**Relevant Definitions Related to Release and Exculpation Provisions:**</u>

"***Exculpated Parties***" means, collectively, and in each case, solely in its capacity as such: (a) the Sandy Hook Families; (b) the immediate family members of the Sandy Hook Families; (c) the UCC; and (d) with respect to each of the foregoing (a)-(c), such Entities' respective employees, agents, financial advisors, and attorneys, including (i) counsel to the Sandy Hook Families, (ii)

6

counsel to the UCC, and (iii) advisors to the UCC, including accountants, representatives, and other Professionals, each in their capacity as such.

"*Released Parties*" means, collectively, and in each case, solely in its capacity as such: (a) the Sandy Hook Families; (b) the immediate family members of the Sandy Hook Families; (c) the UCC; (d) with respect to each of the foregoing (a)-(c), such Entities' respective current and former Affiliates, and such Entities' and their current and former Affiliates' current and former successors, assigns, employees, agents, financial advisors, and attorneys, including (i) counsel to the Sandy Hook Families, (ii) counsel to the UCC, and (iii) advisors to the UCC, including accountants, representatives, and other Professionals, each strictly in their capacity as such; (e) members of Jones's family that are legally minors as of the Effective Date; and (f) any Insider or Affiliate of Jones that has made, or has caused to be made, a Release Settlement Payment; provided, that any entity that would otherwise be a "Released Party" that votes to reject the Creditors' Plan, objects to the Creditors' Plan, or objects to or opts out of the releases contained in Article X of the Creditors' Plan, shall not be a "Released Party."

"*Releasing Parties*" means (a) Jones and his Estate to the extent he does not opt out or otherwise object to the releases contained in Article X of the Creditors' Plan; (b) the UCC; (c) the Sandy Hook Families; (d) any Insider or Affiliate of Jones that has made, or has caused to be made, a Release Settlement Payment; and (e) all holders of Claims, Interests, or Cause of Actions that (i) vote to accept the Creditors' Plan or (ii) are Unimpaired and do not timely opt out of or file an objection to the releases contained in Article X of the Creditors' Plan that is not resolved before Confirmation.

**Item 3**.        **Acknowledgement.**

By signing this opt-out form (this "Opt-Out Form"), the undersigned certifies that the undersigned has the power and authority to elect whether to grant the releases contained in Article X of the Creditors' Plan and has elected not to be a Releasing Party under the Creditors' Plan.

Name of Holder/Party: _____

(Print or Type)

Signature: _____

Name of Signatory: _____

Title: _____

Address: _____

_____

_____

Telephone _____

Number: _____

Email: _____

Date Completed: _____

United States Bankruptcy Court
Southern District of Texas

In re:                                                                           Case No. 22-33553-cml
Alexander E. Jones                                                               Chapter 11
Official Committee Of Unsecured Creditor
    Debtors

# CERTIFICATE OF NOTICE

| District/off: 0541-4 | User: ADIuser | Page 1 of 7 |
|---|---|---|
| Date Rcvd: Jan 25, 2024 | Form ID: pdf002 | Total Noticed: 18 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ## | Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 27, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | | Alexander E. Jones, c/o 2525 McKinnon Street, Suite 425, Dallas, TX 75201 |
| aty | + | Anna Kordas, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036-1000, UNITED STATES 10036-6730 |
| aty | + | David Franklin Hill, IV, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036-6730 |
| aty | | Melanie A. Miller, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036-6745 |
| aty | + | Richard A. Cochrane, Caldwell Cassady Curry PC, 2121 N. Pearl St., Ste. 1200, Dallas, TX 75201-2494 |
| aty | + | Theodore James Salwen, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036-6730 |
| aty | + | Vida Robinson, Paul, Weiss, Rifkind, Wharton & Garrison, 1285 Avenue of the Americas, New York, NY 10019-6031 |
| cr | + | Elevated Solutions Group, LLC, c/o Walker & Patterson, P.C., P.O. Box 61301, Houston, TX 77208-1301 |
| cr | + | Erica L. Ash, c/o Cain & Skarnulis PLLC, 303 Colorado Street, Suite 2850, Austin, TX 78701 UNITED STATES 78701-0137 |
| cr | + | Francine Wheeler, Cain & Skarnulis PLLC, Ryan E. Chapple, 303 Colorado Street, Suite 2850 Austin, TX 78701-0137 |
| cr | + | Free Speech Systems, LLC, Free Speech Systems, LLC, c/o Patrick Magill, 3019 Alvin Devane Blvd., Ste 300 Austin,, TX 78741-7417 |
| cr | + | Reeves Law, PLLC, 702 Rio Grande St., Suite 203, Austin, TX 78701-2720 |
| cr | + | Richard M. Coan, c/o Cain & Skarnulis PLLC, 303 Colorado Street, Suite 2850, Austin, TX 78701-0137 |
| cr | + | Security Bank of Texas, P.O. Box 90, Crawford, Tx 76638-0090 |

TOTAL: 14

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | | Email/Text: creditcardbkcorrespondence@bofa.com | Jan 25 2024 19:55:00 | Bank of America N.A., P.O. BOX 31785, Tampa, FL 33631-3785 |
| crcm | + | Email/Text: mbrimmage@akingump.com | Jan 25 2024 19:56:00 | Official Committee Of Unsecured Creditors, c/o Marty L. Brimmage, Jr., Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, TX 75201-4675 |
| cr | + | Email/Text: lemaster@slollp.com | Jan 25 2024 19:55:00 | PQPR Holdings Limited, LLC, c/o Streusand Landon Ozburn & Lemmon LLP, attn: Stephen Lemmon, 1801 S. Mopac Expressway, Suite 320, Austin, TX 78746-9817 |
| cr | + | Email/Text: BKECF@traviscountytx.gov | Jan 25 2024 19:56:00 | Travis County, c/o Jason A. Starks, P.O. Box 1748, Austin, TX 78767-1748 |

TOTAL: 4

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| aty | | Akin Gump Strauss Hauer & Feld LLP |
| cr | | Carlee Soto Parisi |
| cr | | Carlos M Soto |

District/off: 0541-4                          User: ADIuser                                Page 2 of 7
Date Rcvd: Jan 25, 2024                       Form ID: pdf002                              Total Noticed: 18

| | | |
|---|---|---|
| intp | | David Ross Jones |
| cr | | David Wheeler |
| cr | | Donna Soto |
| cr | | Ian Hockley |
| cr | | Jacqueline Barden |
| cr | | Jennifer Hensel |
| cr | | Jillian Soto-Marino |
| cr | | Mark Barden |
| cr | | Nicole Hockley |
| cr | | Public Storage |
| cr | | Robert Parker |
| cr | | William Aldenberg |
| cr | | William Sherlach |
| cr | ##+ | Leonard Pozner, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700, Houston, TX 77002-6774 |
| cr | ##+ | Marcel Fontaine, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin, Suite 2700, Houston, TX 77002-6774 |
| cr | ##+ | Neil Heslin, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700, Houston, TX 77002-6774 |
| cr | ##+ | Scarlett Lewis, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700, Houston, TX 77002-6774 |
| cr | ##+ | Veronique De La Rosa, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700, Houston, TX 77002-6774 |

TOTAL: 16 Undeliverable, 0 Duplicate, 5 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 27, 2024                     Signature:              /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 25, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Avi Moshenberg | on behalf of Plaintiff Leonard Pozner avi.moshenberg@mhllp.com  jessica.valdez@mhllp.com |
| Avi Moshenberg | on behalf of Creditor Leonard Pozner avi.moshenberg@mhllp.com  jessica.valdez@mhllp.com |
| Avi Moshenberg | on behalf of Creditor Marcel Fontaine avi.moshenberg@mhllp.com  jessica.valdez@mhllp.com |
| Avi Moshenberg | on behalf of Plaintiff Veronique De La Rosa avi.moshenberg@mhllp.com  jessica.valdez@mhllp.com |
| Avi Moshenberg | on behalf of Creditor Veronique De La Rosa avi.moshenberg@mhllp.com  jessica.valdez@mhllp.com |
| Avi Moshenberg | on behalf of Creditor Neil Heslin avi.moshenberg@mhllp.com  jessica.valdez@mhllp.com |
| Avi Moshenberg | on behalf of Creditor Scarlett Lewis avi.moshenberg@mhllp.com  jessica.valdez@mhllp.com |
| Avi Moshenberg | |

on behalf of Plaintiff Estate of Marcel Fontaine avi.moshenberg@mhllp.com  jessica.valdez@mhllp.com

Avi Moshenberg
on behalf of Plaintiff Neil Heslin avi.moshenberg@mhllp.com  jessica.valdez@mhllp.com

Avi Moshenberg
on behalf of Plaintiff Scarlett Lewis avi.moshenberg@mhllp.com  jessica.valdez@mhllp.com

Bennett Greg Fisher
on behalf of Creditor Public Storage bennett.fisher@lewisbrisbois.com
candace.russell@lewisbrisbois.com;jann.pigg@lewisbrisbois.com;maria.brito@lewisbrisbois.com;daniel.david@lewisbrisbois.com

Bradley J. Reeves
on behalf of Creditor Reeves Law  PLLC bradley.reeves@pillsburylaw.com

Christina Walton Stephenson
on behalf of Debtor Alexander E. Jones Crissie.Stephenson@crowedunlevy.com
elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com

Christina Walton Stephenson
on behalf of Defendant Alexander E. Jones Crissie.Stephenson@crowedunlevy.com
elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com

Elizabeth Carol Freeman
on behalf of Interested Party Melissa A Haselden liz@lizfreemanlaw.com
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net

Eric Henzy
on behalf of Plaintiff Richard M. Coan ehenzy@zeislaw.com

Ha Minh Nguyen
on behalf of U.S. Trustee US Trustee ha.nguyen@usdoj.gov

Jarrod B. Martin
on behalf of Creditor Neil Heslin jarrod.martin@chamberlainlaw.com
Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
on behalf of Plaintiff Leonard Pozner jarrod.martin@chamberlainlaw.com
Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
on behalf of Plaintiff Scarlett Lewis jarrod.martin@chamberlainlaw.com
Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
on behalf of Creditor Leonard Pozner jarrod.martin@chamberlainlaw.com
Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
on behalf of Plaintiff Estate of Marcel Fontaine jarrod.martin@chamberlainlaw.com
Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
on behalf of Creditor Veronique De La Rosa jarrod.martin@chamberlainlaw.com
Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
on behalf of Creditor Marcel Fontaine jarrod.martin@chamberlainlaw.com
Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
on behalf of Plaintiff Veronique De La Rosa jarrod.martin@chamberlainlaw.com
Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
on behalf of Creditor Scarlett Lewis jarrod.martin@chamberlainlaw.com
Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
on behalf of Plaintiff Neil Heslin jarrod.martin@chamberlainlaw.com
Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jason Starks
on behalf of Creditor Travis County bkecf@traviscountytx.gov

Jayson B. Ruff
on behalf of U.S. Trustee US Trustee jayson.b.ruff@usdoj.gov

Jennifer Jaye Hardy
on behalf of Plaintiff Scarlett Lewis jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
on behalf of Creditor Veronique De La Rosa jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
on behalf of Plaintiff Estate of Marcel Fontaine jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
on behalf of Creditor Leonard Pozner jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
on behalf of Plaintiff Veronique De La Rosa jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
on behalf of Creditor Marcel Fontaine jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
on behalf of Creditor Scarlett Lewis jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
on behalf of Creditor Neil Heslin jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
on behalf of Plaintiff Neil Heslin jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
on behalf of Plaintiff Leonard Pozner jhardy2@willkie.com  mao@willkie.com

John D Malone
on behalf of Creditor Security Bank of Texas myra@johnmalonepc.com  myra@johnmalonepc.com

Johnie J Patterson
on behalf of Creditor Elevated Solutions Group  LLC
wandp.ecf@gmail.com;WalkerPatterson@jubileebk.net;wp@ecf.courtdrive.com

Marty L Brimmage
on behalf of Creditor Ian Hockley mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
on behalf of Creditor Committee Official Committee Of Unsecured Creditors mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
on behalf of Creditor Committee Official Committee of Unsecured Creditors of Alexander E. Jones mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
on behalf of Creditor Jennifer Hensel mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
on behalf of Creditor Nicole Hockley mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
on behalf of Creditor Carlos M Soto mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
on behalf of Creditor Carlee Soto Parisi mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
on behalf of Creditor Mark Barden mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
on behalf of Creditor William Sherlach mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
on behalf of Creditor William Aldenberg mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
on behalf of Creditor Jillian Soto-Marino mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
on behalf of Creditor Francine Wheeler mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

Marty L Brimmage

on behalf of Creditor Donna Soto mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Scarlett Lewis mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Veronique De La Rosa mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor David Wheeler mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Neil Heslin mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Marcel Fontaine mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Leonard Pozner mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Jacqueline Barden mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Robert Parker mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Melissa A Haselden

mhaselden@haseldenfarrow.com
haseldenbankruptcytrustee@gmail.com;mhaselden@ecf.axosfs.com;haselden.melissaa.r104367@notify.bestcase.com

Melissa A Haselden

on behalf of Interested Party Melissa A Haselden mhaselden@haseldenfarrow.com
haseldenbankruptcytrustee@gmail.com;mhaselden@ecf.axosfs.com;haselden.melissaa.r104367@notify.bestcase.com

Nicholas Lawson

on behalf of Creditor Neil Heslin nick.lawson@mhllp.com  patricia.flores@mhllp.com

Nicholas Lawson

on behalf of Creditor Marcel Fontaine nick.lawson@mhllp.com  patricia.flores@mhllp.com

Nicholas Lawson

on behalf of Creditor Veronique De La Rosa nick.lawson@mhllp.com  patricia.flores@mhllp.com

Nicholas Lawson

on behalf of Creditor Scarlett Lewis nick.lawson@mhllp.com  patricia.flores@mhllp.com

Nicholas Lawson

on behalf of Creditor Leonard Pozner nick.lawson@mhllp.com  patricia.flores@mhllp.com

Raymond William Battaglia

on behalf of Creditor Free Speech Systems  LLC rbattaglialaw@outlook.com, rwbresolve@gmail.com

Ryan E Chapple

on behalf of Plaintiff Mark Barden rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

on behalf of Creditor Francine Wheeler rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

on behalf of Creditor Ian Hockley rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Donna Soto rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

on behalf of Creditor Richard M. Coan rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

on behalf of Plaintiff David Wheeler rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

on behalf of Creditor Carlos M Soto rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

Ryan E Chapple

    on behalf of Creditor William Aldenberg rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

    on behalf of Creditor Mark Barden rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

    on behalf of Plaintiff William Sherlach rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

    on behalf of Creditor Donna Soto rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

    on behalf of Creditor Robert Parker rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

    on behalf of Plaintiff Carlos M. Soto rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

    on behalf of Creditor William Sherlach rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

    on behalf of Creditor Jacqueline Barden rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

    on behalf of Plaintiff Jacqueline Barden rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

    on behalf of Plaintiff Nicole Hockley rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

    on behalf of Creditor Jillian Soto-Marino rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

    on behalf of Plaintiff Richard M. Coan rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

    on behalf of Creditor David Wheeler rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

    on behalf of Plaintiff Jennifer Hensel rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

    on behalf of Creditor Carlee Soto Parisi rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

    on behalf of Plaintiff Francine Wheeler rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

    on behalf of Plaintiff Robert Parker rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

    on behalf of Plaintiff Ian Hockley rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

    on behalf of Creditor Jennifer Hensel rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

    on behalf of Plaintiff William Aldenberg rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

    on behalf of Creditor Erica L. Ash rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

    on behalf of Plaintiff Jillian Soto Marino rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

    on behalf of Creditor Nicole Hockley rchapple@cstrial.com  aprentice@cstrial.com

Ryan E Chapple

    on behalf of Plaintiff Carlee Soto-Parisi rchapple@cstrial.com  aprentice@cstrial.com

Scott R. Cheatham

    on behalf of Creditor Bank of America N.A. scott.cheatham@arlaw.com  vicki.owens@arlaw.com

Shelby A Jordan

    on behalf of Debtor Alexander E. Jones cmadden@jhwclaw.com

Shelby A Jordan

    on behalf of Defendant Alexander E. Jones cmadden@jhwclaw.com

Stephen A Roberts

    on behalf of Interested Party David Ross Jones sroberts@srobertslawfirm.com  1222805420@filings.docketbird.com

District/off: 0541-4
Date Rcvd: Jan 25, 2024

User: ADIuser
Form ID: pdf002

Page 7 of 7
Total Noticed: 18

Stephen Wayne Lemmon
    on behalf of Creditor PQPR Holdings Limited  LLC lemmon@slollp.com, mates@slollp.com

US Trustee
    USTPRegion07.HU.ECF@USDOJ.GOV

Vickie L Driver
    on behalf of Creditor Free Speech Systems  LLC Vickie.Driver@crowedunlevy.com,
elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com

Vickie L Driver
    on behalf of Defendant Alexander E. Jones Vickie.Driver@crowedunlevy.com
elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com

Vickie L Driver
    on behalf of Debtor Alexander E. Jones Vickie.Driver@crowedunlevy.com
elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com

Yoshie Valadez
    on behalf of Creditor Bank of America N.A. mhtbkanhsselffilings@mccarthyholthus.com  yvaladez@mccarthyholthus.com


TOTAL: 111