**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **ALEXANDER E. JONES,** | § | **Case No. 22-33553** |
| | § | |
| Debtor. | § | |
| | § | |

**APPLICATION TO EMPLOY BROKER TO ASSIST IN THE SALE OF**
**FM 621**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Alexander E. Jones ("Debtor"), debtor and debtor-in-possession in the above-captioned

Chapter 11 case (the "Chapter 11 Case") hereby files this application (the "Application"), pursuant

to Sections 105(a), 327(a), and 1107 of the Title 11 of the United States Code (the "Bankruptcy

Code"); Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and

Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules"),

for permission to employ a real estate broker to assist in the sale (the "Proposed Sale") of Debtor's

property located at FM 621, Staples, TX (the "Ranch"). Debtor requests entry of an order,

substantially in the form attached, authorizing Debtor to retain and employ Century 21 The Hills

Realty, and its related subsidiary entities, pursuant to the terms and conditions set forth in the

Exclusive Sales Listing Agreement attached as **Exhibit "A,"** (the "Listing Agreement").

In support of its motion to employ Century 21 The Hills Realty as a professional to assist in the marketing and sale of the Ranch, Debtor submits and fully incorporates by reference the *Declaration of Randy Schriewer in Support of Debtor's Application to Employ Broker to Assist in the Sale of FM 621* (the "Schriewer Declaration"), which is attached as **Exhibit "B."** Debtor further represents:

## I.   JURISDICTION, VENUE, AND STATUTORY PREDICATE

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue for this proceeding and Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The bases for the relief requested herein are Sections 105 and 327(a) of the Bankruptcy Code, Bankruptcy Rules 6004 and 2002, and Local Rule 2014-1.

## II.   BACKGROUND

3.      On December 2, 2022 (the "Petition Date"), Debtor filed his voluntary petition for relief under the Bankruptcy Code. Debtor has continued possession and is managing as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4.      An official committee of unsecured creditors (the "Official Committee") was appointed in this Chapter 11 Case on December 13, 2022 [Docket No. 42].

5.      Debtor possesses real property in need of liquidation. One such property is the Ranch.

6.      The Ranch was purchased by Debtor on May 15, 2020. It is described in the Purchaser Statement as 127.28 acres, in the Edward Pettus Survey, Guadalupe County, TX, FM 621, Staples, TX. The purchase price was $1,557,000.

7.      On November 4, 2022, the Ranch was place in the 2022 Appeal Trust, a spendthrift trust.

8.      On December 2, 2022, Rob Dew, as trustee for the 2022 Appeal Trust, transferred the Ranch to Debtor for $10.

9.      Debtor submits that the Ranch is free and clear of any liens or other similar interests apart from his own.

### III.      THE PROPOSED SALE

10.      For the reasons set forth herein, and in the exercise of his business judgment, Debtor has decided to market the Ranch, with the ultimate goal of obtaining the highest sale price to maximize the value for Debtor's estate. Debtor believes that this Proposed Sale is in the best interest of Debtor and his creditors.

11.      To complete the sale of the Ranch, this Court must authorize Debtor to employ professionals, such as a real estate broker or brokerage firm.

12.      Debtor has already appraised the Ranch. The Ranch was valued in late 2022 at $2,189,220.

### IV.      THE BROKERAGE FIRM

13.      Debtor wishes to employ Century 21 The Hills Realty, as the broker for the sale of Debtor's interest in the Ranch.

14.      It is necessary to employ the services of Century 21 The Hills Realty to assist in the sale of Debtor's Ranch because the Ranch sale will generate necessary funds for payment to the Creditors.

15.      Debtor anticipates that Century 21 The Hills Realty will provide general real estate brokerage services (the "Brokerage Services") to the Debtor in connection with the Chapter 11

**DEBTOR'S APPLICATION TO EMPLOY BROKER TO ASSIST IN THE SALE OF FM 621 - Page 3**

Case, including, without limitation, pre-marketing due diligence on the Ranch, developing a customized marketing campaign, and otherwise using its best efforts to secure one or more satisfactory buyers to purchase the Ranch. A more detailed description of the scope of Brokerage Services that Century 21 The Hills Realty intends to provide to the Debtor is set forth in the Listing Agreement, which, by reference, is fully incorporated into this Application.

16.     Century 21 The Hills Realty was selected to assist in the marketing and sale of the Ranch because of their considerable experience in the sale of farm and ranch properties in the Texas market. The firm has six offices and its Farm and Ranch Division was founded in 1997. The representing sales agent has been with the same office in Seguin, Texas for 28 years and participated in over 1,000 real estate closings primarily farm and ranch properties. The office is supported by Century 21, a nationally prominent firm with extensive market presence and marketing capabilities utilizing a wide range of advertising and marketing mediums.

17.     To the best of the Debtor's knowledge and belief, Century 21 The Hills Realty is disinterested as that term is defined in 11 U.S.C. §101(14) and holds no interest adverse to or in connection with the Debtor, creditors of the Estate, any other party in interest or their respective attorneys and accountants. The Declaration of Randy Schriewer is attached hereto.

18.     Based on Century 21 The Hills Realty's extensive brokerage experience and expertise, Debtor submits that Century 21 The Hills Realty is both well qualified and uniquely capable of representing the Debtor as their real estate broker in this Chapter 11 Case, pursuant to Section 327(a) of the Bankruptcy Code.

19.     WHEREFORE, Debtor prays that it be authorized to employ Century 21 The Hills Realty as real estate broker to render services as set forth above with the compensation to be paid as an administrative expense and such other amounts as this Court may allow.

**DEBTOR'S APPLICATION TO EMPLOY BROKER TO ASSIST IN THE SALE OF FM 621 - Page 4**

## V.    PROFESSIONAL COMPENSATION & EXPENSE REIMBURSEMENT

20.    Subject to the Court's approval and pursuant to the Listing Agreement, Century 21 The Hills Realty will charge the Debtor a commission of 6% of the gross sales price relating to the sale of the Ranch with the exception that if the property is sold to a neighbor, Mr. M, whose name has been redacted for privacy purposes, a reduced commission of 2% will be paid to Century 21 The Hills Realty unless Mr. M engages a real estate broker.  Mr. M previously expressed interest in purchasing the Ranch from the Debtor. The 6% structure is consistent with and typical of fees charged by other brokerage firms for comparable services under similar circumstances. Debtor believes that the fees charged by Century 21 The Hills Realty are reasonable, market-based, and designed to compensate Century 21 The Hills Realty fairly for the work of its professionals and to cover fixed and routine expenses.

21.    Century 21 The Hills Realty has been informed and understands that no sale may be consummated, and no commission paid, until after notice and a hearing on the proposed sale, and until after such time as the Court approves the sale. Debtor further seeks that upon approval of such sale, that the commission for Century 21 The Hills Realty be approved per the terms of the Listing Agreement without further need for fee application.

## VI.    RELIEF REQUESTED AND BASIS FOR RELIEF

22.    Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this this title.

11 U.S.C. § 327(a).

23.    Bankruptcy Rule 2014(a) requires that a retention application include:

> Specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

24.     By this Application, the Debtor seeks entry of an order, substantially in the form attached, authorizing the Debtor to retain and employ Century 21 The Hills Realty as its real estate broker, pursuant to the terms and conditions of the Listing Agreement.

**A.    Century 21 The Hills Realty's Retention Is Necessary and in the Best Interest of the Debtor's Estate.**

25.     Century 21 The Hills Realty's considerable experience representing sellers of ranch properties specifically in the south throughout Texas, and all economic cycles is evidence that the immediate retention of Century 21 The Hills Realty as Debtor's real estate broker is both necessary and in the best interest of the Debtor's estate.

**B.    Century 21 The Hills Realty Neither Holds nor Represents Any Interest Adverse to the Debtor's Estate and Is a Disinterested Person within the Meaning of Section 101(14) of the Bankruptcy Code.**

26.     To the best of the Debtor's knowledge, information and belief, and except as disclosed in this Application and in the Schriewer Declaration, Century 21 The Hills Realty: (i) does not represent, and does not hold, any interest adverse to the Debtor's estate; and (ii) is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code and has no connection to the Debtor, its creditors, or other parties-in-interest.

27.     Century 21 The Hills Realty has informed Debtor that it will use all reasonable efforts to see that no conflicts or other disqualifying circumstances exist or arise during the pendency of this Chapter 11 Case. If any new material facts or relationships are discovered or

**DEBTOR'S APPLICATION TO EMPLOY BROKER TO ASSIST IN THE SALE OF FM 621 - Page 6**

arise, Century 21 The Hills Realty will use all reasonable efforts to identify them and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014.

## VII.    <u>CONCLUSION</u>

WHEREFORE, Debtor respectfully requests that this Court enter an order (i) granting this Application; (ii) authorizing the Debtor to employ, retain, and ultimately compensate Century 21 The Hills Realty as the Debtor's real estate broker, pursuant to the terms and conditions set forth in the Listing Agreement; and (iii) granting such other relief as the Court deems appropriate under the presented facts and circumstances.

Dated:  January 30, 2024.

**CROWE & DUNLEVY, P.C.**


By:  */s/ Vickie L. Driver*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon Street, Suite 425
Dallas, TX 75201
Telephone: 214.420.2163
Facsimile:  214.736.1762
Email: vickie.driver@crowedunlevy.com
Email: crissie.stephenson@crowedunlevy.com

**COUNSEL FOR DEBTOR**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices via the Court's ECF noticing system on this 30th day of January, 2024.

*/s/ Vickie L. Driver*
Vickie L. Driver

**Exhibit A**

**Listing Agreement**



# FARM AND RANCH REAL ESTATE LISTING AGREEMENT
## EXCLUSIVE RIGHT TO SELL

USE OF THIS FORM BY PERSONS WHO ARE NOT MEMBERS OF THE TEXAS ASSOCIATION OF REALTORS®, INC. IS NOT AUTHORIZED
©Texas Association of REALTORS®, Inc. 2023

1. **PARTIES:** The parties to this agreement (this Listing) are:

   Seller: **ALEX E JONES, %ROBERT SCHLEIZER**

   Address: **IN CARE OF ROBERT SCHLEIZER 2606 COLE AVE.STE 300**
   City, State, Zip: **DALLAS TX 75204**
   Phone: **(214) 882-8300**
   Email/Fax: **BSCHLEIZER@BLACKBRIARADVISORS.COM**          Email/Fax:

   Broker: **CENTURY 21 The Hills Realty**
   Address: **1498 E Court St**
   City, State, Zip: **Seguin TX 78155**
   Phone: **(830) 401-2253**
   Email/Fax: **randy.schriewer@c21thehills.com**          Email/Fax:

   Seller appoints Broker as Seller's sole and exclusive real estate agent and grants to Broker the exclusive right to sell the Property.

2. **PROPERTY:** "Property" means the land, improvements, accessories, and crops described below except for any exclusions, exceptions, or reservations described below.

   A. <u>Land</u>:  The land situated in **GUADALUPE** County, Texas described as follows:
   **ABS: 31 SUR: EDWARD PETTUS 127.28 +/-  ACS, MORE FULLY DESCRIBED IN THE ATTACHED EXHIBIT A**

   or as described on attached exhibit, also known as **12427 FM 621, KINGSBURY, TX 78638**
   _____ (address/zip code), together
   with all rights, privileges, and appurtenances pertaining thereto, including but not limited to: water rights, claims, permits, strips and gores, easements, and cooperative or association memberships.

   B. <u>Improvements</u>:

   (1) <u>Farm and Ranch Improvements</u>:  The following **permanently installed and built-in items,** if any: windmills, tanks, barns, pens, fences, gates, sheds, outbuildings, and corrals.

   (2) <u>Residential Improvements</u>:  The house, garage and all other fixtures and improvements attached to the above-described real property, including without limitation, the following **permanently installed and built-in items,** if any:  all equipment and appliances, valances, screens, shutters, awnings, wall-to-wall carpeting, mirrors, ceiling fans, attic fans, mail boxes, television antennas , mounts and brackets for televisions and speakers, heating and air-conditioning units, security and fire detection equipment, wiring, plumbing and lighting fixtures, chandeliers, water softener system, kitchen equipment, garage door openers, cleaning equipment, shrubbery, landscaping, outdoor cooking equipment, and all other property attached to the above-described real property.

Created with SkySlope® Forms 825 K Street, Sacramento, CA 95814 | Randall W Schriewer, CENTURY 21 The Hills Realty, 1498 E Court St, Seguin, TX 78155 (830) 379-7111

Farm and Ranch Listing concerning <u>12427 FM 621, KINGSBURY, TX 78638</u>

C. <u>Accessories</u>:

    (1) <u>Farm and Ranch Accessories</u>:  The following described related accessories: *(check boxes of accessories to be conveyed)*  ☑ portable buildings  ☑ hunting blinds  ☑ game feeders  ☐ livestock feeders and troughs  ☐ irrigation equipment  ☐ fuel tanks  ☐ submersible pumps  ☑ pressure tanks  ☑ corrals  ☑ gates  ☑ chutes  ☐ other: _____
_____
_____.

    (2) <u>Residential Accessories</u>: The following described related accessories, if any: window air conditioning units, stove, fireplace screens, curtains and rods, blinds, window shades, draperies and rods, door keys, mailbox keys, above ground pool, swimming pool equipment and maintenance accessories, artificial fireplace logs, security systems that are not fixtures, and controls for: (i)  garage doors, (ii) **entry gates, and (iii) other improvements and accessories. "Controls" includes  Seller's transferable** rights to the i) software and applications used to access and control improvements or accessories, and (ii) hardware used solely to control improvements or accessories.

D. <u>Crops</u>:  All crops growing on the Property.  Seller will retain the right to harvest all growing crops until delivery of possession of the Property to a buyer.

E. <u>Exclusions</u>:  The following improvements, accessories, and crops will be retained by Seller and excluded:  none
_____
_____
_____.

F. <u>Reservations and Exceptions</u>:  Except as described below, Seller instructs Broker to market the Property without exceptions, reservations, conditions, or restrictions.

| | Presently Held by Others | To be additionally retained by Seller |
|---|---|---|
| Minerals: | | NONE |
| Mineral Leases: | | NONE |
| Royalties: | | NONE |
| Surface Leases: | | NONE |
| Timber Interest: | | NONE |
| Easements: | | NONE |
| Water Rights: | | NONE |
| Other: | | NONE |
| Restrictions: | | UNKNOWN |
| Zoning: | | NONE |

G. <u>Government Programs</u>:  The Property is subject to the following government programs: NA _____
_____.



Created with SkySlope® Forms 825 K Street, Sacramento, CA 95814 | Randall W Schriewer, CENTURY 21 The Hills Realty, 1498 E Court St, Seguin, TX 78155 (830) 379-7111

Farm and Ranch Listing concerning  12427 FM 621, KINGSBURY, TX 78638

H. <u>Agricultural Development District</u>: The Property ☐ is ☒ is not located in a Texas Agricultural Development District.

   *Notice: The terms of a contract for the sale of the Property will control which improvements, accessories, crops, or reservations will be excluded.*

3. **LISTING PRICE:** Seller instructs Broker to market the Property at the following price: $ 2,750,000.00 (Listing Price). Seller agrees to sell the Property for the Listing Price or any other price acceptable to Seller. Seller will pay all typical closing costs charged to sellers of farm and ranch **real estate in Texas** (seller's typical closing costs are those set forth in the farm and ranch contract forms promulgated by the Texas Real Estate Commission).

*THE EARLIER of CONFIRMATION of A PLAN, DISMISSAL of THE BANKRUPTCY CASE OR CONVERSION TO CHAP 7 BANKRUPTCY OR*

4. **TERM:**

   A. This Listing begins on  11/28/2023  and ends at 11:59 p.m. on ~~11/28/2024~~  8/28/24 .  RS

   B. If Seller enters into a binding written contract to sell the Property before the date this Listing begins and the contract is binding on the date this Listing begins, this Listing will not commence and will be void.

5. **BROKER COMPENSATION:**

   A. When earned and payable, Seller will pay Broker:

   ☒ (1)  6  % of the sales price.

   ☒ (2)  SEE SPECIAL PROVISIONS  .

   B. <u>Earned</u>: Broker's compensation is earned when any one of the following occurs during this Listing:
      (1) Seller sells, exchanges, options, agrees to sell, agrees to exchange, or agrees to option all or part of the Property to anyone at any price on any terms;
      (2) Broker individually or in cooperation with another broker procures a buyer ready, willing, and able to buy the Property at the Listing Price or at any other price acceptable to Seller; or
      (3) Seller breaches this Listing.

   C. <u>Payable</u>: Once earned, Broker's compensation is payable either during this Listing or after it ends at the earlier of:
      (1) the closing and funding of any sale or exchange of all or part of the Property;
      (2) **Seller's refusal to sell the Property after Broker's** compensation has been earned;
      (3) Seller**'s breach of this Listing; or**
      (4) at such time as otherwise set forth in this Listing.

   Broker's compensation is <u>not</u> payable if a sale of the Property does not close or fund as a result of: (i) Seller's failure, without fault of Seller, to deliver to a buyer a deed or a title policy as required by the contract to sell; (ii) loss of ownership due to foreclosure or other legal proceeding; or (iii) Seller's failure to restore the Property, as a result of a casualty loss, to its previous condition by the closing date set forth in a contract for the sale of the Property.

   D. <u>Other Compensation</u>:

      (1) Lease of Property: If, during this Listing, Broker procures a tenant to lease all or part of the Property and Seller agrees to lease all or part of the Property to the tenant, Seller will pay Broker at the time the lease is executed the fee described below. If, during the term of the lease, the tenant agrees to purchase all or part of the Property, Seller will pay Broker the fee specified in Paragraph 5A in addition to the amount described below.

      ☐ (a)  % of all base rents to be paid over the term of the lease and the same percentage of the following items to be paid over the term of the lease: ☐ expense reimbursements; and

(TXR -1201) 01-03-23     Initialed for Identification by Broker/Associate  RS  and Seller  Page 3 of 12

Farm and Ranch Listing concerning <u>12427 FM 621, KINGSBURY, TX 78638</u>

❑  _____
_____
_____.

❑  (b)  _____
_____
_____
_____
_____
_____
_____.

(2)  <u>Renewals, Extensions, or Expansions of Property</u>: If, during this Listing or after it ends, Seller renews, extends, or expands the lease, Seller will pay Broker, at the time the renewal, extension, or expansion becomes effective, a fee of:

❑  (a)  _____% of all base rents to be paid over the term of the renewal or extension and the same percentage of the following items to be paid over the same term:  ❑  expense reimbursements based on initial amounts ❑ _____;

❑  (b)  _____% of all base rents to be paid over the term of the expansion and the same percentage of the following items to be paid over the same term:  ❑  expense reimbursements based on initial amounts ❑ _____; or

❑  (c)  _____
_____.

In addition to their ordinary meanings, "extensions, "renewals," and "expansions" include new leases for more, less, or different space in the building or complex in which the property is located.

(3)  <u>Breach by Buyer Under a Contract</u>:  If Seller collects earnest money, the sales price, or damages by suit, compromise, settlement, or otherwise from a buyer who breaches a contract for the sale of the **Property entered into during this Listing, Seller will pay Broker, after deducting attorney's** fees and collection expenses, an amount equal to the lesser of one-half of the amount collected after deductions or the amount of the Broker's Compensation stated in Paragraph 5A. Any amount paid under this Paragraph 5D(1) is in addition to any amount that Broker may be entitled to receive for subsequently selling the Property.

(4)  <u>Service Providers</u>:  If Broker refers Seller or a prospective buyer to a service provider (for example, mover, cable company, telecommunications provider, utility, or contractor) Broker may receive a fee from the service provider for the referral.  Any referral fee Broker receives under this Paragraph 5D(2) is in addition to any other compensation Broker may receive under this Listing.

(5)  <u>Other Fees and/or Reimbursable Expenses</u>:  _____
_____
_____

E.  <u>Protection Period</u>:

(1)  "**Protection period**" means that time starting the day after this Listing ends and continuing for <u>90</u> days.  "**Sell**" means any transfer of any fee simple interest in the Property whether by oral or written agreement or option.

(2)  Not later than 10 days after this Listing ends, Broker may send Seller written notice specifying the names of persons whose attention was called to the Property during this Listing.  If Seller agrees to sell the Property during the protection period to a person named in the notice or to a relative of a

(TXR -1201) 01-03-23     Initialed for Identification by Broker/Associate _RS_ and Seller _____, _____     Page 4 of 12

Created with SkySlope® Forms 925 K Street, Sacramento, CA 95814 | Randall W Schriewer, CENTURY 21 The Hills Realty, 1698 E Court St, Seguin, TX 78155 (830) 379-7111

Farm and Ranch Listing concerning <u>12427 FM 621, KINGSBURY, TX 78638</u>

person named in the notice, Seller will pay Broker, upon the closing of the sale, the amount Broker would have been entitled to receive if this Listing were still in effect.

    (3) This Paragraph 5E survives termination of this Listing. This Paragraph 5E will not apply if:
        (a) Seller agrees to sell the Property during the protection period;
        (b) the Property is exclusively listed with another Texas licensed real estate broker at the time the sale is negotiated; and
        (c) Seller is obligated to pay the other broker a fee for the sale.

F. <u>County</u>: All amounts payable to Broker are to be paid in cash in <u>GUADALUPE</u>
                                           County, Texas.

G. <u>Escrow Authorization</u>: Seller authorizes, and Broker may so instruct, any escrow or closing agent authorized to close a transaction for the purchase or acquisition of the Property to collect and disburse to Broker all amounts payable to Broker under this Listing.

## 6. LISTING SERVICES:

A. <u>Filing</u>: Seller instructs Broker as follows: *(Check 1 or 2 only.)*

☑ (1) Broker will file this Listing with one or more Multiple Listing Services (MLS) according to the following: *(Check only one box.)*

    ☑ (a) Broker will file this Listing with one or more Multiple Listing Services (MLS) by the earlier of the time required by MLS rules or 5 days after the date this Listing begins. Seller authorizes Broker to submit information about this Listing and the sale of the Property to the MLS.

    ☐ (b) Seller instructs Broker not to file this Listing with one or more Multiple Listing Services (MLS) until ___ days after the date this Listing begins for the following purpose(s): _____
    _____

    (Note: Do not check if prohibited by MLS(s).)

<u>Notice</u>: MLS rules require Broker to accurately and timely submit all information the MLS requires including final closing of sales and sales prices. MLS rules may require that the information be submitted to the MLS throughout the time the Listing is in effect. Subscribers to the MLS and appraisal districts may use the information for market evaluation or appraisal purposes. Subscribers are other brokers, agents, and real estate professionals such as appraisers. Any information filed with the MLS becomes the property of the MLS for all purposes. **Submission of information to MLS ensures that persons who use and benefit from the MLS also contribute information.**

☐ (2) Broker will not file this Listing with any Multiple Listing Services (MLS) or other listing service.

    **<u>Notice</u>: Seller acknowledges and understands that if this option is checked: (1) Seller's Property will not be included in the MLS database available to real estate agents and brokers from other real estate offices who subscribe to and participate in the MLS, and their buyer clients may not be aware that Seller's Property is offered for sale; (2) Seller's Property will not be included in the MLS's download to various real estate Internet sites that are used by the public to search for property listings; and (3) real estate agents, brokers, and members of the public may be unaware of the terms and conditions under which Seller is marketing the Property.**

B. <u>Listing Content</u>: If Broker files this Listing under Paragraph 6A(1)(a) or (b), the parties agree to the following:

Created with SkySlope® Forms 825 K Street, Sacramento, CA 95814 | Randall W Schriewer, CENTURY 21 The Hills Realty, 1498 E Court St, Seguin, TX 78155 (830) 379-7111

Farm and Ranch Listing concerning  12427 FM 621, KINGSBURY, TX 78638

(1) Definitions:

    (a) "Listing Content" means all photographs, images, graphics, video recordings, virtual tours, drawings, written descriptions, remarks, narratives, pricing information, and other copyrightable elements relating to the Property.
    (b) "Seller Listing Content" means Listing Content provided by Seller to Broker or Broker's associates.
    (c) "Broker Listing Content" means Listing Content that is otherwise obtained or produced by Broker or Broker's associates in connection with this Listing.

(2) Seller grants Broker a non-exclusive, irrevocable, worldwide, royalty-free license to use, sublicense through multiple tiers, publish, display, and reproduce the Seller Listing Content, to prepare derivative works of the Seller Listing Content, and to distribute the Seller Listing Content, including any derivative works of the Seller Listing Content. This Paragraph 6B(2) survives termination of this Listing.

(3) All Broker Listing Content is owned exclusively by Broker, and Seller has no right, title or interest in or to any Broker Listing Content.

(4) Seller understands and agrees that both the Seller Listing Content and Broker Listing Content, including any changes to such content, may be filed with the MLS, included in compilations of listings, and otherwise distributed, publicly displayed and reproduced.

## 7.  ACCESS TO THE PROPERTY:

A. Authorizing Access:  Authorizing access to the Property means giving permission to another person to enter the Property, disclosing to the other person any security codes necessary to enter the Property, and lending a key to the other person to enter the Property, directly or through a keybox.  To facilitate the showing and sale of the Property, Seller instructs Broker to:
(1) access the Property at reasonable times;
(2) authorize other brokers, their associates, inspectors, appraisers, and contractors to access the Property at reasonable times; and
(3) duplicate keys to facilitate convenient and efficient showings of the Property.

B. Scheduling Companies:  Broker may engage the following companies to schedule appointments and to authorize others to access the Property:  SHOWINGTIME .

C. Keybox:  A keybox is a locked container placed on the Property that holds a key to the Property. A keybox makes it more convenient for brokers, their associates, inspectors, appraisers, and contractors to show, inspect, or repair the Property.  The keybox is opened by a special combination, key, or programmed device so that authorized persons may enter the Property, even in Seller's absence.  Using a keybox will probably increase the number of showings, but involves risks (for example, unauthorized entry, theft, property damage, or personal injury).  Neither the Association of REALTORS® nor MLS requires the use of a keybox.

    (1) Broker ☑ is  ☐ is not   authorized to place a keybox on the Property.

    (2) If a tenant occupies the Property at any time during this Listing, Seller will furnish Broker a written statement (for example, TXR No. 1411), signed by all tenants, authorizing the use of a keybox or Broker may remove the keybox from the Property.

D. Liability and Indemnification:  When authorizing access to the Property, Broker, other brokers, their associates, any keybox provider, or any scheduling company are not responsible for personal injury or property loss to Seller or any other person.  Seller assumes all risk of any loss, damage, or injury. **Except**

(TXR -1201) 01-03-23      Initialed for Identification by Broker/Associate *RS*   and Seller _____                    Page 6 of 12

Farm and Ranch Listing concerning  12427 FM 621, KINGSBURY, TX 78638

for a loss caused by Broker, Seller will indemnify and hold Broker harmless from any claim for personal injury, property damage, or other loss.

8. **COOPERATION WITH OTHER BROKERS:** Broker will allow other brokers to show the Property to prospective buyers. Broker will offer to pay the other broker a fee as described below if the other broker procures a buyer that purchases the Property.

   A. <u>MLS Participants</u>: If the other broker is a participant in the MLS in which this Listing is filed, Broker will offer to pay the other broker:
   (1) if the other broker represents the buyer: <u>3</u> % of the sales price or $_____; and
   (2) if the other broker is a subagent: <u>0</u> % of the sales price or $_____.

   B. <u>Non-MLS Brokers</u>: If the other broker is not a participant in the MLS in which this Listing is filed, Broker will offer to pay the other broker:
   (1) if the other broker represents the buyer: <u>3</u> % of the sales price or $_____; and
   (2) if the other broker is a subagent: <u>0</u> % of the sales price or $_____.

9. **INTERMEDIARY:** *(Check A or B only.)*

   ☑ A. <u>Intermediary Status</u>: Broker may show the Property to interested prospective buyers who Broker represents. If a prospective buyer who Broker represents offers to buy the Property, Seller authorizes Broker to act as an intermediary and Broker will notify Seller that Broker will service the parties in accordance with one of the following alternatives.

   (1) If a prospective buyer who Broker represents is serviced by an associate other than the associate servicing Seller under this Listing, Broker may notify Seller that Broker will: (a) appoint the associate then servicing Seller to communicate with, carry out instructions of, and provide opinions and advice during negotiations to Seller; and (b) appoint the associate then servicing the prospective buyer to the prospective buyer for the same purpose.

   (2) If a prospective buyer who Broker represents is serviced by the same associate that is servicing Seller, Broker may notify Seller that Broker will: (a) appoint another associate to communicate with, carry out instructions of, and provide opinions and advice during negotiations to the prospective buyer; and (b) appoint the associate servicing the Seller under this Listing to Seller for the same purpose.

   (3) Broker may notify Seller that Broker will make no appointments as described under this Paragraph 9A and, in such an event, the associate servicing the parties will act solely as Broker's intermediary representative, who may facilitate the transaction but will not render opinions or advice during negotiations to either party.

   ☐ B. <u>No Intermediary Status</u>: Seller agrees that Broker will not show the Property to prospective buyers who Broker represents.

Notice: **If Broker acts as an intermediary under Paragraph 9A, Broker and Broker's associates:**
   ♦ **may not disclose to the prospective buyer that Seller will accept a price less than the asking price unless otherwise instructed in a separate writing by Seller;**
   ♦ **may not disclose to Seller that the prospective buyer will pay a price greater than the price submitted in a written offer to Seller unless otherwise instructed in a separate writing by the prospective buyer;**
   ♦ **may not disclose any confidential information or any information Seller or the prospective buyer specifically instructs Broker in writing not to disclose unless otherwise instructed in a separate writing by the respective party or required to disclose the information by the Real Estate License Act or a court order or if the information materially relates to the condition of the property;**

(TXR -1201) 01-03-23     Initialed for Identification by Broker/Associate **RS** and Seller _____     Page 7 of 12

Created with SkySlope® Forms 825 K Street, Sacramento, CA 95814 | Randall W Schriewer, CENTURY 21 The Hills Realty, 1498 E Court St, Seguin, TX 78155 (830) 379-7111

Farm and Ranch Listing concerning <u>12427 FM 621, KINGSBURY, TX 78638</u>

+ **may not treat a party to the transaction dishonestly; and**
+ **may not violate the Real Estate License Act.**

10. **CONFIDENTIAL INFORMATION:** During this Listing or after it ends, Broker may not knowingly disclose information obtained in confidence from Seller except as authorized by Seller or required by law. Broker may not disclose to Seller any confidential information regarding any other person Broker represents or previously represented except as required by law.

11. **BROKER'S AUTHORITY:**

A. Broker will use reasonable efforts and act diligently to market the Property for sale, procure a buyer, and negotiate the sale of the Property.

B. Broker is authorized to display this Listing on the Internet without limitation unless one of the following is checked.

- ☐ (1) Seller does not want this Listing to be displayed on the Internet.
- ☐ (2) Seller does not want the address of the Property to be displayed on the Internet.

**Notice: Seller understands and acknowledges that, if box 11B(1) is selected, consumers who conduct searches for listings on the Internet will not see information about this Listing in response to their search.**

C. Broker is authorized to market the Property with the following financing options:

- ☑ (1) Conventional
- ☐ (2) VA
- ☐ (3) FHA
- ☑ (4) Cash
- ☐ (5) Texas Veterans Land Program
- ☐ (6) Owner Financing
- ☐ (7) Other

D. In addition to other authority granted by this Listing, Broker may:
  (1) advertise the Property by means and methods as Broker determines, including but not limited to creating and placing advertisements with interior and exterior photographic and audio-visual images of the Property and related information in any media and the Internet;
  (2) **place a "For Sale" sign on the** Property and remove all other signs offering the Property for sale or lease;
  (3) furnish comparative marketing and sales information about other properties to prospective buyers;
  (4) disseminate information about the Property to other brokers and to prospective buyers, including applicable disclosures or notices that Seller is required to make under law or a contract;
  (5) obtain information from any holder of a note secured by a lien on the Property;
  (6) accept and deposit earnest money in trust in accordance with a contract for the sale of the Property;
  (7) disclose the sales price and terms of sale to other brokers, appraisers, or other real estate professionals;
  (8) in response to inquiries from prospective buyers and other brokers, disclose whether the Seller is considering more than one offer (Broker will not disclose the terms of any competing offer unless specifically instructed by Seller);
  (9) advertise, during or after this Listing ends, **that Broker "sold"** the Property; and
  (10) place information about this Listing, the Property, and a transaction for the Property on an electronic transaction platform (typically an Internet-based system where professionals related to the transaction such as title companies, lenders, and others may receive, view, and input information).

E. Broker is not authorized to execute any document in the name of or on behalf of Seller concerning the Property.

(TXR -1201) 01-03-23    Initialed for Identification by Broker/Associate _RS_    and Seller _____,  _____    Page 8 of 12

Farm and Ranch Listing concerning **12427 FM 621, KINGSBURY, TX 78638**

**12. SELLER'S REPRESENTATIONS:** Except as provided by Paragraph 15, Seller represents that:

A. Seller has fee simple title to and peaceable possession of the Property and all its improvements and fixtures, unless rented, and the legal capacity to convey the Property;

B. Seller is not bound by a listing agreement with another broker for the sale, exchange, or lease of the Property that is or will be in effect during this Listing;

C. any pool or spa and any required enclosures, fences, gates, and latches comply with all applicable laws and ordinances;

D. no person or entity has any right to purchase, lease, or acquire the Property by an option, right of refusal, or other agreement;

E. Seller is current and not delinquent on all loans and all other financial obligations related to the Property, including but not limited to mortgages, home equity loans, home improvement loans, homeowner association fees, and taxes, except_____;

F. Seller is not aware of any liens or other encumbrances against the Property, except_____;

G. the Property is not subject to the jurisdiction of any court; *SEE PARAGRAPH 15 BELOW*  *RS*

H. all information relating to the Property Seller provides to Broker is true and correct to the best of Seller's knowledge;

I. the name of any employer, relocation company, or other entity that provides benefits to Seller when selling the Property is: _____;

J. the Seller Listing Content, and the license granted to Broker for the Seller Listing Content, do not violate or infringe upon the rights, including any copyright rights, of any person or entity; and

K. Seller is aware of the Property being located in the following public improvement district (PID), municipal utility district (MUD), or other statutorily created districts providing water, sewer, drainage, or flood control facilities and services (list all that Seller is aware of): **YORK CREEK IMPROVEMENT DISTRICT**

**13. SELLER'S ADDITIONAL PROMISES:** Seller agrees to:

A. cooperate with Broker to facilitate the showing, marketing, and sale of the Property;

B. not rent or lease the Property during this Listing without Broker's prior written approval;

C. not negotiate with any prospective buyer who may contact Seller directly, but refer all prospective buyers to Broker;

D. not enter into a listing agreement with another broker for the sale, exchange, lease, or management of the Property to become effective during this Listing without Broker's prior written approval;

E. maintain any pool and all required enclosures in compliance with all applicable laws and ordinances;

F. provide Broker with copies of any leases or rental agreements pertaining to the Property and advise Broker of tenants moving in or out of the Property;

G. complete any disclosures or notices required by law or a contract to sell the Property; and

H. amend any applicable notices and disclosures if any material change occurs during this Listing.

**14. LIMITATION OF LIABILITY:**

A. If the Property is or becomes vacant during this Listing, Seller must notify Seller's casualty insurance company and request a "vacancy clause" to cover the Property. Broker is not responsible for the security of the Property nor for inspecting the Property on any periodic basis.

B. *Broker is not responsible or liable in any manner for personal injury to any person or for loss or damage to any person's real or personal property resulting from any act or omission not caused by Broker's negligence, including but not limited to injuries or damages caused by:*

(1) *other brokers, their associates, inspectors, appraisers, and contractors who are authorized to access the Property;*

(2) *other brokers or their associates who may have information about the Property on their websites;*

(3) *acts of third parties (for example, vandalism or theft);*

(TXR -1201) 01-03-23     Initialed for Identification by Broker/Associate **RS** and Seller _____     Page 9 of 12

Created with SkySlope® Forms 825 K Street, Sacramento, CA 95814 | Randall W Schaiewer, CENTURY 21 The Hills Realty; 2409 E Court St, Seguin, TX 78155 (830) 372-7111

Farm and Ranch Listing concerning 12427 FM 621, KINGSBURY, TX 78638

    (4) *freezing water pipes;*
    (5) *a dangerous condition on the Property;*
    (6) *the Property's non-compliance with any law or ordinance; or*
    (7) *Seller, negligently or otherwise.*

C. *Seller agrees to protect, defend, indemnify, and hold Broker harmless from any damage, costs, attorney's fees, and expenses that:*
    (1) *are caused by Seller, negligently or otherwise;*
    (2) *arise from Seller's failure to disclose any material or relevant information about the Property; or*
    (3) *are caused by Seller giving incorrect information to any person.*

**15. SPECIAL PROVISIONS:** SEE THE ATTACHED ADDENDUM 1 FOR ADDITIONAL SPECIAL PROVISIONS. THIS CONTRACT IS SUBJECT TO APPROVAL OF US BANKRUPTCY CASE NO 22-33553. RS

**16. DEFAULT:** If Seller does not cooperate with Broker to facilitate the showing, marketing, or sale of the Property or otherwise breaches this Listing, Seller is in default and will be liable to Broker for the amount of the Broker's compensation specified in Paragraph 5A and any other compensation Broker is entitled to receive under this Listing; Broker may also terminate this Listing and exercise any other remedy at law. If a sales price is not determinable in the event of an exchange or breach of this Listing, the Listing Price will be the sales price for purposes of computing Broker's compensation. If Broker breaches this Listing, Broker is in default and Seller may exercise any remedy at law.

**17. MEDIATION:** The parties agree to negotiate in good faith in an effort to resolve any dispute related to this Listing that may arise between the parties. If the dispute cannot be resolved by negotiation, the dispute will be submitted to mediation. The parties to the dispute will choose a mutually acceptable mediator and will share the cost of mediation equally.

**18. ATTORNEY'S FEES:** If Seller or Broker is a prevailing party in any legal proceeding brought as a result of a dispute under this Listing or any transaction contemplated by this Listing, such party will be entitled to recover from the non-prevailing party all costs of such proceeding and reasonable attorney's fees.

**19. ADDENDA AND OTHER DOCUMENTS:** Addenda that are part of this Listing and other documents that Seller may need to provide are:
- ☑ A. Information About Brokerage Services;
- ☐ B. Seller Disclosure Notice (§5.008, Texas Property Code);
- ☐ C. Addendum for Seller's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards (required if Property was built before 1978);
- ☑ D. MUD, Water District, or Statutory Tax District Disclosure Notice (Chapter 49, Texas Water Code);
- ☐ E. PID Disclosure Notice;
- ☐ F. Request for Mortgage Information;
- ☐ G. Information about On-Site Sewer Facility;
- ☑ H. Information about Special Flood Hazard Areas;
- ☐ I. Keybox Authorization by Tenant;
- ☐ J. Seller's Authorization to Release and Advertise Certain Information; and
- ☑ K. Notice to Purchaser, York Creek Improvement, Addendum 1., Additional Special Provisions

**20. PROPERTY CONDITION DISCLOSURE:**

A. "Environmental hazard or condition" means conditions such as, but not limited to; (1) substances or materials that are hazardous to the ordinary person's health; (2) toxic wastes or materials; (3) radon; (4)

Created with SkySlope® Forms 525 K Street, Sacramento, CA 95814 | Russell W Schleuter, CENTURY 21 The Hills Realty, 1426 E Court St, Seguin, TX 78155 (830) 379-7111

Farm and Ranch Listing concerning  **12427 FM 621, KINGSBURY, TX 78638**

asbestos; (5) urea-formaldehyde; (6) lead-based paint; (7) anthrax; and (8) other substances commonly known to be pollutants or contaminants.

B.  Except as disclosed **below or on a seller's disclosure notice, Seller has no knowledge of the following:**
(1)  any flooding of the Property which has had a material adverse effect on the use of the Property;
(2)  any pending or threatened litigation, condemnation, or special assessment affecting the Property;
(3)  any environmental hazards or conditions which materially affect the Property;
(4)  any dumpsite, landfill, or underground tanks or containers now or previously on the Property;
(5)  any wetlands, as defined by federal or state law or regulation, affecting the Property;
(6)  any threatened or endangered species or their habitat affecting the Property;
(7)  any material defect to any improvements or accessories on the Property;
(8)  any part of the Property lying within a special flood hazard area; or
(9)  any part of the Property is located in a groundwater conservation district or subsidence district.
Exceptions to (1)-(9): **Part of the property along the San Marcos river is located in the flood plain.**

## 21. AGREEMENT OF PARTIES:

A.  <u>Entire Agreement</u>:  This Listing is the entire agreement of the parties and may not be changed except by written agreement.
B.  <u>Assignability</u>:  Neither party may assign this Listing without the written consent of the other party.
C.  <u>Binding Effect</u>:  **Seller's obligation to pay Broker earned compensation is binding upon Seller and Seller's** heirs, administrators, executors, successors, and permitted assignees.
D.  <u>Joint and Several</u>:  All Sellers executing this Listing are jointly and severally liable for the performance of all its terms.
E.  <u>Governing Law</u>:  Texas law governs the interpretation, validity, performance, and enforcement of this Listing.
F.  <u>Severability</u>:  If a court finds any clause in this Listing invalid or unenforceable, the remainder of this Listing will not be affected and all other provisions of this Listing will remain valid and enforceable.
G.  <u>Partial Sales</u>:  If Seller sells or leases part of the Property before the date this Listing ends, this Listing will continue for the remaining part of the Property through the remaining term of this Listing.
H.  <u>Notices</u>:  Notices between the parties must be in writing and are effective when sent to the receiving **party's address, fax, or e-**mail address specified in Paragraph 1.

## 22. ADDITIONAL NOTICES:

A.  **Broker's compensation or the sharing of compensation between brokers is not fixed, controlled, recommended, suggested, or maintained by the Association of REALTORS®, MLS, or any listing service.**

B.  **In accordance with fair housing laws and the National Association of REALTORS® Code of Ethics, Broker's services must be provided and the Property must be shown and made available to all persons without regard to race, color, religion, national origin, sex, disability, familial status, sexual orientation, or gender identity. Local ordinances may provide for additional protected classes (for example, creed, status as a student, marital status, or age).**

C.  **Broker advises Seller to contact any mortgage lender or other lien holder to obtain information regarding payoff amounts for any existing mortgages or liens on the Property.**

D.  **Broker advises Seller to review the information Broker submits to an MLS or other listing service.**

E.  **Broker advises Seller to remove or secure jewelry, prescription drugs, other valuables, firearms and any other weapons.**

(TXR -1201) 01-03-23      Initialed for Identification by Broker/Associate____RS____ and Seller _____ , _____      Page 11 of 12

Created with SkySlope® Forms 825 K Street, Sacramento, CA 95814 | Randall M Schriewer, CENTURY 21 The Hills Realty, 1498 E Court St, Seguin, TX 78155 (830) 379-7111

Farm and Ranch Listing concerning  12427 FM 621, KINGSBURY, TX 78638

F.   Broker advises Seller to consult an attorney before using any type of surveillance device in the Property to record or otherwise monitor prospective buyers without their knowledge or consent. Seller should be aware that a prospective buyer might photograph or otherwise record the Property without Seller's knowledge or consent.

G.   Statutes or ordinances may regulate certain items on the Property (for example, swimming pools and septic systems).  Non-compliance with the statutes or ordinances may delay a transaction and may result in fines, penalties, and liability to Seller.

H.   If the Property was built before 1978, Federal law requires the Seller to: (1) provide the buyer with the federally approved pamphlet on lead poisoning prevention; (2) disclose the presence of any known lead-based paint or lead-based paint hazards in the Property; (3) deliver all records and reports to the buyer related to such paint or hazards; and (4) provide the buyer a period up to 10 days to have the Property inspected for such paint or hazards.

I.   If Seller is a "foreign person" as defined by federal law, a buyer may be required to withhold certain amounts from the sales proceeds and deliver the same to the Internal Revenue Service to comply with applicable tax law. A "foreign person" is a: (1) nonresident alien individual; (2) foreign corporation that has not made an election under section 897(i) of the Internal Revenue Code to be treated as a domestic corporation; or (3) foreign partnership, trust, or estate. The definition does not include a resident alien individual. Seller notifies Broker that Seller ☐ is ☑ is not a "foreign person" as defined by federal law. If Seller is unsure whether Seller qualifies as a "foreign person" under federal law, Broker advises Seller to consult a tax professional or an attorney.

J.   Broker advises Seller to refrain from transmitting personal information, such as bank account numbers or other financial information, via unsecured email or other electronic communication to reduce risk of wire fraud.

K.   Broker cannot give legal advice.  READ THIS LISTING CAREFULLY.  If you do not understand the effect of this Listing, consult an attorney BEFORE signing.

| CENTURY 21 THE HILLS Realty          9001362 | ALEX E JONES, %ROBERT SCHLEIZER |
|---|---|
| Broker's Printed Name          License No. | Client's Printed Name |

Randy Schriewer          12-26-23

Broker's Signature ☐          Date

Broker's Associate's Signature, as an authorized ☑
   agent of Broker

RANDY SCHRIEWER

Broker's Associate's Printed Name, if applicable

X _alex jones_          11/14/23

Client's Signature          Date

ROBERT SCHLEIZER, PA

~~ALEX JONES~~

Client's Printed Name

Client's Signature          Date          11/14/23

Created with SkySlope® Forms 825 K Street, Sacramento, CA 95814 | Randall W Schriewer, CENTURY 21 The Hills Realty, 1498 E Court St, Seguin, TX 78155 (830) 379-7111

*(after)* R⁵

## ADDENDUM 1

### ADDITIONAL SPECIAL PROVISIONS

Should Dr. Minor (neighbor of subject property) place the property under contract within 30 days from the execution date of the listing agreement the commission paid to the listing Broker is 2% of the contract price at closing and funding.  Should  Dr. Minor place the property under contract through a Buyer's broker within 30 days from the execution date of the listing agreement, the commission is 4% and will be split equally between the listing Broker and Buyer's broker.

If Seller terminates the listing prior to the listing expiration date in Paragraph 4 A, seller will pay listing broker 1% of the listing price at time of termination, *subject to bankruptcy court approval*

Listing broker to place in agent remarks in MLS systems – "See listing agent for additional special provisions to be placed in all offers. Listing agent to indicate to buyer's agents to include in all offers that the contract will be contingent upon court approval of the contract.

RS



**Information About Brokerage Services**

11-2-2015

*Texas law requires all real estate license holders to give the following information about brokerage services to prospective buyers, tenants, sellers and landlords.*

**TYPES OF REAL ESTATE LICENSE HOLDERS:**
- **A BROKER** is responsible for all brokerage activities, including acts performed by sales agents sponsored by the broker.
- **A SALES AGENT** must be sponsored by a broker and works with clients on behalf of the broker.

**A BROKER'S MINIMUM DUTIES REQUIRED BY LAW (A client is the person or party that the broker represents):**
- Put the interests of the client above all others, including the broker's own interests;
- Inform the client of any material information about the property or transaction received by the broker;
- Answer the client's questions and present any offer to or counter-offer from the client; and
- Treat all parties to a real estate transaction honestly and fairly.

**A LICENSE HOLDER CAN REPRESENT A PARTY IN A REAL ESTATE TRANSACTION:**

**AS AGENT FOR OWNER (SELLER/LANDLORD):** The broker becomes the property owner's agent through an agreement with the owner, usually in a written listing to sell or property management agreement. An owner's agent must perform the broker's minimum duties above and must inform the owner of any material information about the property or transaction known by the agent, including information disclosed to the agent or subagent by the buyer or buyer's agent.

**AS AGENT FOR BUYER/TENANT:** The broker becomes the buyer/tenant's agent by agreeing to represent the buyer, usually through a written representation agreement. A buyer's agent must perform the broker's minimum duties above and must inform the buyer of any material information about the property or transaction known by the agent, including information disclosed to the agent by the seller or seller's agent.

**AS AGENT FOR BOTH - INTERMEDIARY:** To act as an intermediary between the parties the broker must first obtain the written agreement of *each party* to the transaction. The written agreement must state who will pay the broker and, in conspicuous bold or underlined print, set forth the broker's obligations as an intermediary. A broker who acts as an intermediary:
- Must treat all parties to the transaction impartially and fairly;
- May, with the parties' written consent, appoint a different license holder associated with the broker to each party (owner and buyer) to communicate with, provide opinions and advice to, and carry out the instructions of each party to the transaction.
- Must not, unless specifically authorized in writing to do so by the party, disclose:
  - that the owner will accept a price less than the written asking price;
  - that the buyer/tenant will pay a price greater than the price submitted in a written offer; and
  - any confidential information or any other information that a party specifically instructs the broker in writing not to disclose, unless required to do so by law.

**AS SUBAGENT:** A license holder acts as a subagent when aiding a buyer in a transaction without an agreement to represent the buyer. A subagent can assist the buyer but does not represent the buyer and must place the interests of the owner first.

**TO AVOID DISPUTES, ALL AGREEMENTS BETWEEN YOU AND A BROKER SHOULD BE IN WRITING AND CLEARLY ESTABLISH:**
- The broker's duties and responsibilities to you, and your obligations under the representation agreement.
- Who will pay the broker for services provided to you, when payment will be made and how the payment will be calculated.

**LICENSE HOLDER CONTACT INFORMATION:** This notice is being provided for information purposes. It does not create an obligation for you to use the broker's services. Please acknowledge receipt of this notice below and retain a copy for your records.

| | | | |
|---|---|---|---|
| **CENTURY 21 The Hills Realty** | 9001262 | info@c21thehills.com | 830-257-5010 |
| Licensed Broker /Broker Firm Name or Primary Assumed Business Name | License No. | Email | Phone |
| **Toni Manchester** | 0591532 | info@c21thehills.com | 830-257-5010 |
| Designated Broker of Firm | License No. | Email | Phone |
| **Stephanie Ryan** | 593304 | Stephanie.Ryan@C21THEHILLS.COM | 8303797111 |
| Licensed Supervisor of Sales Agent/ Associate | License No. | Email | Phone |
| **Randall W Schriewer** | 441793 | randy.schriewer@c21thehills.com | (830) 401-2253 |
| Sales Agent/Associate's Name | License No. | Email | Phone |

Buyer/Tenant/Seller/Landlord Initials          11/26/23          Date

**Regulated by the Texas Real Estate Commission**          Information available at www.trec.texas.gov

CENTURY 21 The Hills Realty 1726 Sidney Baker Street Kerrville, TX 78028     830-257-5010     Jennifer Sheriff     IABS 1-0
Created By Randall W Schriewer with SkySlope® Forms                                                                                        TXR 2501



## INFORMATION ABOUT SPECIAL FLOOD HAZARD AREAS

USE OF THIS FORM BY PERSONS WHO ARE NOT MEMBERS OF THE TEXAS ASSOCIATION OF REALTORS®, INC. IS NOT AUTHORIZED.
©Texas Association of REALTORS®, Inc., 2021

**CONCERNING THE PROPERTY AT** 12427 FM 621, KINGSBURY, TX 78638

**A. FLOOD AREAS:**

(1) The Federal Emergency Management Agency (FEMA) designates areas that have a high risk of flooding as special flood hazard areas.

(2) A property that is in a special flood hazard area is designated on flood insurance rate maps with a zone beginning in a "V" or "A". Both V-Zone and A-Zone areas indicate a high risk of flooding.

(3) Some properties may also lie in the "floodway" which is the channel of a river or other watercourse and the adjacent land areas that must be reserved in order to discharge a flood under FEMA rules. Communities must regulate development in these floodways.

**B. AVAILABILITY OF FLOOD INSURANCE:**

(1) Generally, flood insurance is available regardless of whether the property is located in or out of a special flood hazard area. Contact your insurance agent to determine if any limitations or restrictions apply to the property in which you are interested.

(2) FEMA encourages every property owner to purchase flood insurance regardless of whether the property is in a high, moderate, or low risk flood area.

(3) A homeowner may obtain flood insurance coverage (up to certain limits) through the National Flood Insurance Program. Supplemental coverage is available through private insurance carriers.

(4) A mortgage lender making a federally related mortgage will require the borrower to maintain flood insurance if the property is in a special flood hazard area.

**C. GROUND FLOOR REQUIREMENTS:**

(1) Many homes in special flood hazard areas are built-up or are elevated. In elevated homes the ground floor typically lies below the base flood elevation and the first floor is elevated on piers, columns, posts, or piles. The base flood elevation is the highest level at which a flood is likely to occur as shown on flood insurance rate maps.

(2) Federal, state, county, and city regulations:

  (a) restrict the use and construction of any ground floor enclosures in elevated homes that are in special flood hazard areas.

  (b) may prohibit or restrict the remodeling, rebuilding, and redevelopment of property and improvements in the floodway.

(3) The first floor of all homes must now be built above the base flood elevation.

  (a) Older homes may have been built in compliance with applicable regulations at the time of construction and may have first floors that lie below the base flood elevation, but flood insurance rates for such homes may be significant.

Created with SkySlope® Forms 825 K Street, Sacramento, CA 95814 | Randall W Schriewer, CENTURY 21 The Hills Realty, 1498 E Court St, Seguin, TX 78155 (830) 379-7111

Information about Special Flood Hazard Areas concerning  **12427 FM 621, KINGSBURY, TX 78638**

    (b) It is possible that modifications were made to a ground floor enclosure after a home was first built. The modifications may or may not comply with applicable regulations and may or may not affect flood insurance rates.

    (c) It is important for a buyer to determine if the first floor of a home is elevated at or above the base flood elevation.  It is also important for a buyer to determine if the property lies in a floodway.

(4) Ground floor enclosures that lie below the base flood elevation may be used only for: (i) parking; (ii) storage; and (iii) building access.  Plumbing, mechanical, or electrical items in ground floor enclosures that lie below the base flood elevation may be prohibited or restricted and may not be eligible for flood insurance coverage.  Additionally:

    (a) in A-Zones, the ground floor enclosures below the base flood elevation must have flow-through vents or openings that permit the automatic entry and exit of floodwaters;

    (b) in V-Zones, the ground floor enclosures must have break-away walls, screening, or lattice walls; and

    (c) in floodways, the remodeling or reconstruction of any improvements may be prohibited or otherwise restricted.

## D. COMPLIANCE:

(1) The above-referenced property may or may not comply with regulations affecting ground floor enclosures below the base flood elevation.

(2) A property owner's eligibility to purchase or maintain flood insurance, as well as the cost of the flood insurance, is dependent on whether the property complies with the regulations affecting ground floor enclosures.

(3) A purchaser or property owner may be required to remove or modify a ground floor enclosure that is not in compliance with city or county building requirements or is not entitled to an exemption from such requirements.

(4) A flood insurance policy maintained by the current property owner does not mean that the property is in compliance with the regulations affecting ground floor enclosures or that the buyer will be able to continue to maintain flood insurance at the same rate.

(5) Insurance carriers calculate the cost of flood insurance using a rate that is based on the elevation of the lowest floor.

    (a) If the ground floor lies below the base flood elevation and does not meet federal, state, county, and city requirements, the ground floor will be the lowest floor for the purpose of computing the rate.

    (b) If the property is in compliance, the first elevated floor will be the lowest floor and the insurance rate will be significantly less than the rate for a property that is not in compliance.

    (c) If the property lies in a V-Zone the flood insurance rate will be impacted if a ground floor enclosure below the base flood elevation exceeds 299 square feet (even if constructed with break-away walls).

Created with SkySlope® Forms #25 K Street, Sacramento, CA 95814 | Randall W Schriewer, CENTURY 21 The Hills Realty, 1498 K Court St, Seguin, TX 78155 (830) 379-7111

Information about Special Flood Hazard Areas concerning  12427 FM 621, KINGSBURY, TX 78638

## E. ELEVATION CERTIFICATE:

The elevation certificate is an important tool in determining flood insurance rates. It is used to provide elevation information that is necessary to ensure compliance with floodplain management laws. To determine the proper insurance premium rate, insurers rely on an elevation certificate to certify building elevations at an acceptable level above flood map levels. If available in your area, it is recommended that you obtain an elevation certificate for the property as soon as possible to accurately determine future flood insurance rates.

**You are encouraged to: (1) inspect the property for all purposes, including compliance with any ground floor enclosure requirement; (2) review the flood insurance policy (costs and coverage) with your insurance agent; and (3) contact the building permitting authority if you have any questions about building requirements or compliance issues.**

Receipt acknowledged by:

X _____  _____        _____  _____
Signature                                Date                     Signature                                Date

(TXR 1414) 10-19-2021                                                                          Page 3 of 3

Created with SkySlope® Forms 525 K Street, Sacramento, CA 95814 | Randall W Schriewer, CENTURY 21 The Hills Realty, 1498 E Court St, Seguin, TX 78155 (830) 379-7111

NOTICE TO PURCHASER

The real property, described below, that you are about to purchase is located in the York Creek Improvement District. The district has taxing authority separate from any other taxing authority and may, subject to voter approval, issue an unlimited amount of bonds and levy an unlimited rate of tax in payment of such bonds. As of this date, the rate of taxes levied by the district on real property located in the district is $ 0.0048 on each $100 of assessed. The purpose of this district is to provide flood control facilities within the district through the issuance of bonds payable in whole or in part from property taxes. The cost of these utility facilities is not included in the purchase price of your property, and these utility facilities are owned or to be owned by the district. The legal description of the property you are acquiring is as follows:

_____
Date

_____
Signature of Seller

PURCHASER IS ADVISED THAT THE INFORMATION SHOWN ON THIS FORM IS SUBJECT TO CHANGE BY THE DISTRICT AT ANY TIME. THE DISTRICT ROUTINELY ESTABLISHES TAX RATES DURING THE MONTHS OF SEPTEMBER THROUGH DECEMBER OF EACH YEAR, EFFECTIVE FOR THE YEAR IN WHICH THE TAX RATES ARE APPROVED BY THE DISTRICT.   PURCHASER IS ADVISED TO CONTACT THE DISTRICT TO DETERMINE THE STATUS OF ANY CURRENT OR PROPOSED CHANGES TO THE INFORMATION SHOWN ON THIS FORM. "The undersigned purchaser hereby acknowledges receipt of the foregoing notice at or prior to execution of a binding contract for the purchase of the real property described in such notice or at closing of purchase of the real property.

_____
Date

_____
Signature of Purchaser

## EXHIBIT "A"

**LEGAL DESCRIPTION:** Being 127.28 acres of land out of the E. C. Pettus Survey, Abstract No. 31, Guadalupe County, Texas and also being that certain 127.69 acre tract described in Volume 481, Page 222 of the Deed Records of Guadalupe County, Texas; Said 127.28 acre tract being more particularly described as follows and as surveyed under the supervision of Intrepid Surveying & Engineering Corporation in May, 2020:

**BEGINNING** at a 60D nail found in the northeast right-of-way line of Farm to Market Road No. 621 for the west corner of the residual of that certain 125.3 acre tract described in Volume 2145, Page 337 of the Official Public Records of Guadalupe County, Texas and the south corner hereof;

**THENCE** along the common lines of Farm to Market Road No. 621 and said 127.69 acre tract, the following 3 courses:

1. Following a curve turning to the right through an angle of 03°24'02", having a radius of 2979.40 feet, an arc length of 176.83 feet and whose long chord bears North 07°10'34" West a distance of 176.80 feet to a 1/2 inch iron rod set for a southwest corner hereof;
2. North 03°18'34" West a distance of 512.90 feet to a 1/2 inch iron rod set for a southwest corner hereof;
3. Following a curve turning to the left through an angle of 01°15'38", having a radius of 8171.90 feet, an arc length of 179.80 feet and whose long chord bears North 05°45'53" West a distance of 179.80 feet to a 1/2 inch iron rod found for the south corner of that certain 176.000 acre tract (Tract One) described in Volume 1666, Page 447 of said Official Public Records and the west corner hereof;

**THENCE** along the common lines of said 176.000 acre tract (Tract One) and said 127.69 acre tract, the following 3 courses:

1. North 48°56'08" East a distance of 4901.02 feet to a 1/2 inch iron rod found for a northwest corner hereof;
2. North 49°35'57" East a distance of 1126.64 feet to a 1/2 inch iron rod found for a northwest corner hereof;
3. North 48°32'18" East a distance of 1450.59 feet to a point in the southwest bank of the San Marcos River for the a corner hereof;

**THENCE** along the general meanders of the southwest bank of the San Marcos River, the following 12 courses:

1. North 64°41'39" East a distance of 40.10 feet to a point for a corner hereof;
2. North 76°37'34" East a distance of 46.30 feet to a point for a corner hereof;
3. North 56°11'42" East a distance of 55.81 feet to a point for a corner hereof;
4. North 76°58'08" East a distance of 64.71 feet to a point for a corner hereof;
5. South 33°47'46" East a distance of 103.66 feet to a point for a corner hereof;
6. South 19°58'47" East a distance of 96.26 feet to a point for a corner hereof;
7. South 47°23'53" East a distance of 66.10 feet to a point for a corner hereof;
8. South 18°24'21" East a distance of 39.14 feet to a point for a corner hereof;
9. South 05°35'00" East a distance of 204.43 feet to a point for a corner hereof;
10. South 15°57'51" West a distance of 128.56 feet to a point for a corner hereof;
11. South 03°56'55" West a distance of 143.01 feet to a point for a corner hereof;
12. South 09°48'49" East a distance of 27.30 feet to a point for a north corner of the residual of said 125.3 acre tract and an east corner hereof;

**THENCE** along the common lines of the residual of said 125.3 acre tract and said 127.69 acre tract, the following 2 courses:

1. South 49°18'17" West a distance of 1220.34 feet to a 1/2 inch iron rod set for a southeast corner hereof;
2. South 49°07'17" West a distance of 6569.10 feet to the **POINT OF BEGINNING** containing 127.28 acres more or less, and as shown hereon.

**Exhibit B**

**Randy Schriewer's Declaration in Support of Debtor's Application to Employ Broker to Assist in the Sale of FM 621**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ALEXANDER E. JONES, | § | Case No. 22-33553 |
| | § | |
| Debtor. | § | |
| | § | |

**DECLARATION OF RANDY SCHRIEWER IN SUPPORT OF DEBTOR'S
APPLICATION TO EMPLOY BROKER TO ASSIST IN THE SALE OF
FM 621**

I, Randy Schriewer, on behalf of Century 21 The Hills Realty, declare:

1.      That I am Broker of Century 21 The Hills Realty with my principal office located at 1498 E. Court St., Seguin, TX 78155.

2.      I am over 21 years of age, of sound mind, and am fully competent to testify as to the facts contained in this Declaration. I am a licensed real estate salesperson in the state of Texas. Except as otherwise noted, I have personal knowledge of the matters set forth in this Declaration. The facts contained in this Declaration are true and correct to the best of my knowledge and belief.

3.      I submit this declaration (the "Schriewer Declaration") pursuant to Rule 2014(a) of the Bankruptcy Rules and in support of the Debtor's *Application to Employ Broker to Assist in the Sale of FM 621*. The Application seeks to employ and retain Century 21 The Hills Realty and its related subsidiary entities, as the Debtor's real estate broker, pursuant to the terms and conditions of the Listing Agreement. In connection with the proposed representation, Century 21 The Hills Realty anticipates rendering the services outlined in the Application (the "Brokerage Services") in connection with this Chapter 11 Case.

4.      Century 21 The Hills Realty has attempted to determine its past and present connections, if any, with the Debtor, its creditors, or any parties-in-interest, their representative attorneys and accountants, the Unites States Trustee, or any person employed in the office of the United States Trustee. In particular, Century 21 The Hills Realty obtained from the Debtor and/or its representatives the names of the individuals and entities that may be parties-in-interest in this Chapter 11 Case. Based upon Century 21 The Hills Realty's internal investigation and to the best of my present knowledge, I am not aware of any connections that Century 21 The Hills Realty has with the Debtor, its creditors or any other parties-in-interest, their respective attorneys and accounts, the United States Trustee, or any person employed in the office of the United States Trustee. However, Century 21 The Hills Realty may have in the past represented, may currently represent, and likely in the future will represent, parties-in interest, including creditors of the Debtor in connection with matters unrelated to the Debtor and this Chapter 11 Case. And, as is part of its customary practice, Century 21 The Hills Realty is involved in cases, proceedings, reorganizations, and transactions involving many different parties, some of which may represent, or be, claimants, or other parties-in-interest in this Chapter 11 Case.

5.      To the best of my present knowledge, and unless as otherwise disclosed in this Declaration, neither Century 21 The Hills Realty nor any of its representatives, insofar as I have been able to ascertain, hold any interest materially adverse to the interest of the Debtor's estates or to any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor.

6.      I believe that Century 21 The Hills Realty, and each of its representatives, is a "disinterested person" within the meaning of Sections 101(14) and 327(a) of the Bankruptcy Code.

**DEBTOR'S APPLICATION TO EMPLOY BROKER TO ASSIST IN THE SALE OF FM 621 - Page 12**

7.      If any new relevant facts or relationships are discovered or arise, Century 21 The Hills Realty will use reasonable efforts to identify such further developments and will promptly file a supplemental affidavit as Bankruptcy Rule 2014(a) requires.

8.      Subject to the Court's approval, and pursuant to the Listing Agreement, Century 21 The Hills Realty will charge the applicable Debtor a commission of 6% of the gross sales price relating to the sale the Ranch. Century 21 The Hills Realty's fees are consistent with and typical of fees charged by other brokerage firms for comparable services under similar circumstances. The fees charged by Century 21 The Hills Realty are market-based and designed to compensate Century 21 The Hills Realty fairly for the work of its professionals and to cover fixed and routine expenses.

9.      Century 21 The Hills Realty has been informed and understands that no sale may be consummated, and no commission paid until after notice and a hearing on the proposed sale, and until after such time as the Court approves the sale.

10.     To the extent that Century 21 The Hills Realty subsequently discovers any facts bearing on this Declaration, this Declaration will be supplemented, and those facts will be disclosed to the Court at the earliest opportunity.

11.     Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 30, 2024.

*/s/ Randy Schriewer*
RANDY SCHRIEWER

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ALEXANDER E. JONES,** | § | **Case No. 22-33553** |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | |

**ORDER IN SUPPORT OF DEBTOR'S
APPLICATION TO EMPLOY BROKER TO ASSIST IN THE SALE OF
FM 621**

ON THIS DATE, this Court considered Debtor's *Application to Employ Broker to Assist in the Sale of FM 621* (the "Application") filed by the above-captioned debtor and debtor-in-possession (the "Debtor") for the entry of an order (the "Order") authorizing Debtor to retain and employ Century 21 The Hills Realty as its real estate broker, pursuant to Sections 105(a), 327, and 1107 of Title 11 of the United States Code (the "Bankruptcy Code"),  Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules"). Upon review of the Application and the Declaration of Randy Schriewer (the "Schriewer Declaration"), the Court finds that is has jurisdiction to grant the relief requested in the Application pursuant to 28 U.S.C. §§ 1334 and 157(b)(2).

The Court further finds that due and adequate notice of the Application was served via the court's electronic transmission facilities and United States First Class Mail upon all necessary parties.

The Court further finds that Century 21 The Hills Realty does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matter on which it is to be employed in this Chapter 11 Case pursuant to 11 U.S.C. § 327(e).

**ORDER GRANTING DEBTOR'S APPLICATION TO EMPLOY BROKER TO ASSIST IN THE SALE OF
FM 621 - Page | 1**

**IT IS THEREFORE**,

**ORDERED** that the Application is hereby **GRANTED**; and it is further

**ORDERED** that the Debtor is authorized to employ and retain Century 21 The Hills Realty as real estate broker; it is further

**ORDERED** that Century 21 The Hills Realty shall be compensated in accordance with procedures set forth in the Application and such procedures as may be fixed by order of this Court.

Dated: _____, 2024

_____
**UNITED STATES BANKRUPTCY JUDGE**