## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALEXANDER E. JONES, | ) | Case No. 22-33553 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

## AFFIDAVIT OF SERVICE OF SOLICITATION MATERIALS

I, Sara L. Brauner, hereby state that:

1.      I am a partner with the firm of Akin Gump Strauss Hauer & Feld LLP ("Akin"),
which has been authorized by this Court to serve as the solicitation agent for the Creditor Plan
Proponents in the above-captioned chapter 11 cases.[1] At my direction and under my supervision,
employees of Akin caused the following materials to be served:

   a.   the Disclosure Statement Order

   b.   the *Specific Disclosure Statement for the Creditors' Non-Uniform Chapter 11
        Plan of Liquidation for Alexander E. Jones* [ECF No. 587] (the "Specific
        Disclosure Statement");

   c.   the *Creditors' Non-Uniform Individual Chapter 11 Plan of Liquidation for
        Alexander E. Jones* [ECF No. 587, Exhibit A] (the "Creditors' Plan");

   d.   the Ballot for Voting to Accept or Reject the Creditors' Plan for Holders of Class
        3 General Unsecured Claims and Notice of Objection and Opt Out Rights (the
        "Ballot"), attached hereto as **Exhibit A**; and

   e.   the Notice of Opt-Out Election for the Debtor and the Unimpaired Classes Under
        the Creditors' Non-Uniform Individual Chapter 11 Plan of Liquidation for
        Alexander E. Jones (the "Opt-Out Form"), attached hereto as **Exhibit B**.

---

[1] *See Order (I) Approving the Disclosure Statement on a Conditional Basis; (II) Approving the Solicitation
Procedures; (III) Approving the Form of Ballot and Opt-Out Form; and (IV) Approving Certain Dates and Deadlines
in Connection with Solicitation of the Creditors' Plan* [ECF No. 578] (the "Disclosure Statement Order")

2.     Unless otherwise stated, on January 29, 2024, at my direction and under my supervision, employees of Akin caused true and correct copies of the above materials to be served as follows:[2]

    a. the Specific Disclosure Statement, Creditors' Plan, Disclosure Statement Order and Ballot were served via UPS or USPS mailing on the parties identified on the service list attached hereto as **Exhibit C**;

    b. the Specific Disclosure Statement, Creditors' Plan, Disclosure Statement Order and Ballot were served via email[3] on the parties identified on the service list attached hereto as **Exhibit D**;

    c. the Specific Disclosure Statement, Creditors' Plan, Disclosure Statement Order and Opt-Out Form were served via UPS or USPS mailing on the parties identified on the service list attached hereto as **Exhibit E**; and

    d. the Specific Disclosure Statement, Creditors' Plan, Disclosure Statement Order, Ballot and the Opt-Out Form were served via UPS mailing on the parties identified on the service list attached hereto as **Exhibit F**.

Dated: February 2, 2024

                Sara L. Brauner
                Partner
                Akin Gump Strauss Hauer & Feld LLP

The foregoing instrument was acknowledged before me on this 2nd day of February 2024, by Sara Brauner, who is personally known to me.

                Notary Public in and for the State of New York

My Commission Expires: _____

ABID QURESHI
Notary Public - State of New York
NO. 02QU6308720
Qualified in New York County
My Commission Expires Jul 28, 2026

---

[2] Due to certain weather-related conditions and deliver to applicable facilities after mailing deadlines, certain of the packages were actually mailed on the morning of January 30, 2024 before the open of business and/or otherwise delayed in transit by no more than one day.

[3] Akin obtained prior consent to serve via email the parties listed on the service list attached hereto as **Exhibit D**.

**<u>Exhibit A</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ALEXANDER E. JONES, | ) | Case No. 22-33553 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**BALLOT FOR VOTING TO ACCEPT
OR REJECT THE CREDITORS' PLAN FOR
HOLDERS OF CLASS 3 GENERAL UNSECURED
CLAIMS AND NOTICE OF OBJECTION AND OPT OUT RIGHTS**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY FEBRUARY 12, 2024 AT 4 P.M., PREVAILING CENTRAL TIME (THE "VOTING DEADLINE").**

The Creditor Plan Proponents are soliciting votes with respect to the *Creditors' Non-Uniform Individual Chapter 11 Plan of Liquidation for Alexander E. Jones* [ECF No. 538] (as amended, modified and supplemented from time to time, the "Creditors' Plan"). The United States Bankruptcy Court for the Southern District of Texas (the "Court") has approved on a conditional basis the *Proposed Specific Disclosure Statement for the Creditors' Non-Uniform Individual Chapter 11 Plan of Liquidation for Alexander E. Jones* [ECF No. 539] (the "Specific Disclosure Statement")[1] as containing adequate information pursuant to section 1125 of title 11 of the United States Code (the "Bankruptcy Code"), by entry of an order on January 25, 2024 [ECF No. 578] (the "Disclosure Statement Order").

You are receiving this ballot (this "Ballot") because you are a holder of a General Unsecured Claim as of January 24, 2024 (the "Voting Record Date"). Accordingly, you have a right to vote to accept or reject the Creditors' Plan. You can cast your vote through this Ballot.

Your receipt of this Ballot does not indicate that your Claim(s) has been or will be Allowed. This Ballot may not be used for any purpose other than for casting votes to accept or reject the Creditors' Plan and making certain certifications with respect to the Creditors' Plan. If you believe you have

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Creditors' Plan or the Specific Disclosure Statement, as applicable.

received this Ballot in error, or if you believe you have received the wrong ballot, please contact Akin Gump Strauss Hauer & Feld LLP (the "Solicitation Agent") *immediately* at the address, telephone number or email address set forth below.

You should review the Specific Disclosure Statement and the instructions contained herein before you vote.  You may wish to seek legal advice concerning the Creditors' Plan and the Creditors' Plan's classification and treatment of your Claim.  Your General Unsecured Claim has been placed in Class 3 under the Creditors' Plan.

**PLEASE SUBMIT YOUR BALLOT BY ONE OF THE FOLLOWING TWO METHODS:**

<u>**Via Mail**</u>**.  Complete, sign and date this Ballot and return it (with an original signature) promptly via first class mail (or in the enclosed reply envelope provided), overnight courier or hand delivery to counsel to the UCC, which shall serve as Solicitation Agent in accordance with the terms of the Disclosure Statement Order as follows:**

**Akin Gump Strauss Hauer & Feld LLP,**
**One Bryant Park, Bank of America Tower,**
**New York, NY, 10036**
**Attention: Sara L. Brauner, Katherine Porter, Anna Kordas, and Melanie A. Miller**

***OR***

<u>**Via Email**</u>**.  Submit your Ballot via email by sending it to the following email addresses with a reference to "Jones Ballot Processing" in the subject line: sbrauner@akingump.com; kporter@akingump.com; akordas@akingump.com; melanie.miller@akingump.com**

**PLEASE READ THE ATTACHED VOTING INFORMATION
AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

---

**PLEASE COMPLETE ITEMS 1, 2, 3 AND 4.  IF THIS BALLOT HAS NOT BEEN PROPERLY SIGNED IN THE SPACE PROVIDED, YOUR VOTE MAY NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

**Item 1.**        **Amount of Claims**.

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the holder (or authorized signatory of such a holder) of a General Unsecured Claim in the amount set forth below.

**Amount:** $_____

**Item 2.**        **Vote on the Creditors' Plan**.

Please vote either to accept or to reject the Creditors' Plan with respect to your Claims below.  Any Ballot not marked either to accept or reject the Creditors' Plan, or marked both to accept and reject the Creditors' Plan, shall not be counted in determining acceptance or rejection of the Creditors' Plan.

The undersigned holder of the Class 3 General Unsecured Claim set forth in Item 1 votes to (please check only one):

| ☐ **ACCEPT** (vote FOR) the Creditors' Plan | ☐ **REJECT** (vote AGAINST) the Creditors' Plan |
|---|---|

**Item 3.**        **Important information regarding the release provisions in the Creditors' Plan.**

    **A. Releases by the Debtor**

       **Notwithstanding anything contained in the Creditors' Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Releasing Parties, as applicable, from any and all claims and Causes of Action asserted by or assertable on behalf of the Releasing Parties, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort or otherwise.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date**

obligations of any party or Entity under the Creditors' Plan, the Confirmation Order, or any document, instrument, or agreement executed to implement the Creditors' Plan or any Claim or obligation arising under the Plan.  For the avoidance of doubt, Jones shall not be a Released Party and there shall be no release or exculpation of the Trust Causes of Action, the Non-Dischargeable Claims, or any other Claims or Causes of Action against Jones, non-minor members of his immediate family, or their Insiders or Affiliates, as applicable, subject to the ability of Insiders and Affiliates of Jones to become a Released Party by making a Release Settlement Payment.

## B.  Exculpation

Except as otherwise specifically provided in the Creditors' Plan, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby released and exculpated from, any Cause of Action or Claim whether direct or derivate related to any act or omission in connection with, relating to, or arising out of the Chapter 11 Case from the Petition Date to the Effective Date, the formulation, preparation, dissemination, negotiation, or Filing of the Creditors' Plan, this Specific Disclosure Statement, the Plan Supplement, or any contract, instrument, release, or other agreement or document created or entered into before or during the Chapter 11 Case in connection with the Creditors' Plan, any preference, fraudulent transfer, or other avoidance Claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the Filing of the Chapter 11 Case, the pursuit of Confirmation, the pursuit of consummation of the Creditors' Plan, the administration and implementation of the Creditors' Plan, including the issuance of GUC Trust Interests pursuant to the Creditors' Plan, or the distribution of property under the Creditors' Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing, except for Claims related to any act or omission that is determined in a Final Order to have constituted willful misconduct, gross negligence, or actual fraud, but in all respects such Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Creditors' Plan and the Confirmation Order.

The Exculpated Parties set forth above have, and upon Confirmation of the Creditors' Plan, shall be deemed to have, participated in good faith and in compliance with applicable law with respect to the solicitation of votes and distribution of consideration pursuant to the Creditors' Plan and, therefore, are not and shall not be liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Creditors' Plan or such distributions made pursuant to the Creditors' Plan.

## Relevant Definitions Related to Release and Exculpation Provisions:

"*Exculpated Parties*" means, collectively, and in each case, solely in its capacity as such: (a) the Sandy Hook Families; (b) the immediate family members of the Sandy Hook Families; (c) the UCC; and (d) with respect to each of the foregoing (a)-(c), such Entities' respective employees, agents, financial advisors, and attorneys, including (i) counsel to the Sandy Hook Families, (ii)

counsel to the UCC, and (iii) advisors to the UCC, including accountants, representatives, and other Professionals, each in their capacity as such.

"***Released Parties***" means, collectively, and in each case, solely in its capacity as such: (a) the Sandy Hook Families; (b) the immediate family members of the Sandy Hook Families; (c) the UCC; (d) with respect to each of the foregoing (a)-(c), such Entities' respective current and former Affiliates, and such Entities' and their current and former Affiliates' current and former successors, assigns, employees, agents, financial advisors, and attorneys, including (i) counsel to the Sandy Hook Families, (ii) counsel to the UCC, and (iii) advisors to the UCC, including accountants, representatives, and other Professionals, each strictly in their capacity as such; (e) members of Jones's family that are legally minors as of the Effective Date; and (f) any Insider or Affiliate of Jones that has made, or has caused to be made, a Release Settlement Payment; provided, that any entity that would otherwise be a "Released Party" that votes to reject the Creditors' Plan, objects to the Creditors' Plan, or objects to or opts out of the releases contained in Article X of the Creditors' Plan, shall not be a "Released Party."

"***Releasing Parties***" means (a) Jones and his Estate to the extent he does not opt out or otherwise object to the releases contained in Article X of the Creditors' Plan; (b) the UCC; (c) the Sandy Hook Families; (d) any Insider or Affiliate of Jones that has made, or has caused to be made, a Release Settlement Payment; and (e) all holders of Claims, Interests, or Causes of Action that (i) vote to accept the Creditors' Plan or (ii) are Unimpaired and do not timely opt out of or file an objection to the releases contained in Article X of the Creditors' Plan that is not resolved before Confirmation.

**<u>Item 4.</u>        Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Creditor Plan Proponents that:

(a)     as of the Voting Record Date, either: (i) the Entity is the holder of the General Unsecured Claims being voted; or (ii) the Entity is an authorized signatory for an Entity that is a holder of the General Unsecured Claims being voted;

(b)     the Entity (or in the case of an authorized signatory, the holder) has received the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     the Entity has cast the same vote with respect to all of its General Unsecured Claims; and

(d)     no other Ballots with respect to the amount of the General Unsecured Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such General Unsecured Claims, then any such earlier Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| Title: | |
| Address: | |
| | |
| | |
| Telephone | |
| Number: | |
| Email: | |
| Date Completed: | |

**IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE FEBRUARY 12, 2024 AT 4 P.M. PREVAILING CENTRAL TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, THE VOTES OR ELECTIONS TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE CREDITOR PLAN PROPONENTS.**

**Exhibit B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ALEXANDER E. JONES, | ) | Case No. 22-33553 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**NOTICE OF OPT-OUT ELECTION FOR THE DEBTOR AND THE
UNIMPAIRED CLASSES UNDER THE CREDITORS' NON-UNIFORM
INDIVIDUAL CHAPTER 11 PLAN OF LIQUIDATION FOR ALEXANDER E. JONES**

**PLEASE TAKE NOTICE THAT** on January 25, 2024, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [ECF No. 578] (the "Disclosure Statement Order") that, among other things: (a) approved on a conditional basis the *Proposed Specific Disclosure Statement for the Creditors' Non-Uniform Individual Chapter 11 Plan of Liquidation for Alexander E. Jones* [ECF No. 563] (as it may be further amended, altered, modified, or supplemented, the "Specific Disclosure Statement") as containing adequate information, as required under section 1125(a) of title 11 of the United States Code (the "Bankruptcy Code"); and (b) authorized the Creditor Plan Proponents to solicit votes with regard to the acceptance or rejection of the *Creditors' Non-Uniform Individual Chapter 11 Plan of Liquidation for Alexander E. Jones* [ECF No. 562] (as it may be further amended, altered, modified, or supplemented, the "Creditors' Plan").[1]

**PLEASE TAKE FURTHER NOTICE THAT** the Creditors' Plan, Specific Disclosure Statement, Disclosure Statement Order and other documents and materials included in the Solicitation Package may be obtained by (a) writing to the Solicitation Agent at Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY, 10036, Attention: Sara L. Brauner, Katherine Porter, Anna Kordas, and Melanie A. Miller, (b) emailing sbrauner@akingump.com; kporter@akingump.com; akordas@akingump.com; and melanie.miller@akingump.com with a reference to "Jones Ballot Processing" in the subject line, and/or (c) visiting the website maintained by the Court at https://ecf.txsb.uscourts.gov/ (PACER account required).

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are not entitled to vote on the Creditors' Plan. Accordingly, this notice is being sent to you for informational purposes only and to record your notice of election to opt out of the Releases set forth in the Creditors' Plan, if applicable. If you are a holder of a Claim under the Creditor's Plan, your receipt of this notice (a) does not indicate that your Claim(s) has been or will be Allowed,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Creditors' Plan or the Specific Disclosure Statement, as applicable.

and (b) does not limit the Creditor Plan Proponents' right to object to the classification of your Claim in the future.

**THE DEBTOR AND ALL HOLDERS OF CLAIMS OR INTERESTS THAT DO NOT FILE AN OBJECTION WITH THE BANKRUPTCY COURT IN THE CHAPTER 11 CASE THAT EXPRESSLY OBJECTS TO THE INCLUSION OF SUCH PARTY AS A RELEASING PARTY UNDER THE PROVISIONS CONTAINED IN ARTICLE X.A OF THE CREDITORS' PLAN OR DO NOT ELECT TO OPT OUT OF THE PROVISIONS CONTAINED IN ARTICLE X OF THE CREDITORS' PLAN BY SUBMITTING THE ATTACHED OPT-OUT FORM AS INSTRUCTED THEREIN WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTOR AND THE RELEASED PARTIES. BY OBJECTING TO OR ELECTING TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE X.A OF THE CREDITORS' PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE X.A OF THE CREDITORS' PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claim(s), you should contact the Creditor Plan Proponents in accordance with the instructions provided above.

Dated: January 29, 2024
Houston, Texas

*/s/ Marty L. Brimmage, Jr.*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Marty L. Brimmage, Jr.
Texas Bar No. 00793386
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone:  (214) 969-2800
Fax:  (214) 969-4343
E-mail:  mbrimmage@akingump.com

*-and-*

David M. Zensky (admitted *pro hac vice*)
Sara L. Brauner (admitted *pro hac vice*)
Katherine Porter (admitted *pro hac vice*)
Anna Kordas (admitted *pro hac vice*)
Melanie A. Miller (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone:  (212) 872-1000
Fax:  (212) 872-1002
E-mail:  dzensky@akingump.com
E-mail:  sbrauner@akingump.com
E-mail:  kporter@akingump.com
E-mail:  akordas@akingump.com
E-mail:  melanie.miller@akingump.com

***Counsel to the Official Committee of Unsecured Creditors of Alexander E. Jones***

*/s/ Ryan Chapple*
**CAIN & SKARNULIS PLLC**
Ryan E. Chapple
State Bar No. 24036354
303 Colorado Street, Suite 2850
Austin, TX 78701
Telephone:  (512) 477-5000
Fax:  (512) 477-5011
E-mail:  rchapple@cstrial.com

**KOSKOFF KOSKOFF & BIEDER, PC**
Alinor C. Sterling (admitted *pro hac vice*)
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone:  (203) 336-4421
E-mail:  asterling@koskoff.com

**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
Kyle J. Kimpler (admitted *pro hac vice*)
Stephanie P. Lascano (admitted *pro hac vice*)
Vida Robinson (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Fax:  (212) 757-3990
E-mail:  kkimpler@paulweiss.com
E-mail:  slascano@paulweiss.com
E-mail:  virobinson@paulweiss.com

***Co-Counsel to the Connecticut Plaintiffs***

3

*/s/ Avi Moshenberg*
**MCDOWELL HETHERINGTON LLP**
Avi Moshenberg
State Bar No. 24083532
1001 Fannin Street, Suite 2700
Houston, TX 77002
Telephone:  (713) 337-5580
Fax:  (713) 337-8850
E-mail:  Avi.Moshenberg@mhllp.com

**CHAMBERLAIN, HRDLICKA,**
**WHITE, WILLIAMS & AUGHTRY, PC**
Jarrod B. Martin
State Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, TX 77002
Telephone:  (713) 356-1280
Fax:  (713) 658-2553
E-mail:  jarrod.martin@chamberlainlaw.com

**WILLKIE FARR & GALLAGHER LLP**
Jennifer J. Hardy
State Bar No. 24096068
600 Travis Street
Houston, TX 77002
Telephone:  (713) 510-1766
Fax:  (713) 510-1799
E-mail:  jhardy2@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Stuart R. Lombardi (admitted *pro hac vice*)
Ciara A. Sisco (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019
Telephone:  (212) 728-8000
Fax:  (212) 728-8111
E-mail:  rstrickland@willkie.com
E-mail:  slombardi@willkie.com
E-mail:  csisco@willkie.com

***Co-Counsel to the Texas Plaintiffs***

**Release Opt-Out Form**

<u>Item 1</u>.        **Opt-Out Election.**

**AS A "RELEASING PARTY" UNDER THE CREDITORS' PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE X.A OF THE CREDITORS' PLAN SET FORTH BELOW.**

**IF YOU ELECT TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE X.A OF THE CREDITORS' PLAN, YOU WILL FOREGO THE BENEFITS OF OBTAINING THE RELEASES SET FORTH IN ARTICLE X.A OF THE CREDITORS' PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

**YOU MAY ELECT TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE X.A OF THE CREDITORS' PLAN <u>ONLY IF</u> YOU CHECK THE BOX BELOW AND RETURN THIS FORM TO THE SOLICITATION AGENT SO THAT IT IS RECEIVED BY FEBRUARY 12, 2024 AT 4:00 P.M. (PREVAILING CENTRAL TIME). IF YOU FAIL TO TIMELY SUBMIT THIS FORM OR SUBMIT THE FORM WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE X.A OF THE CREDITORS' PLAN.**

| |
|---|
| ☐ **<u>OPT OUT of the Release</u>** |

<u>Item 2</u>.        **Important information regarding the release provisions in the Creditors' Plan.[2]**

   **A. Releases by the Debtor**

       **Notwithstanding anything contained in the Creditors' Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Releasing Parties, as applicable, from any and all claims and Causes of Action asserted by or assertable on behalf of the Releasing Parties, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort or otherwise. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party or Entity under the Creditors' Plan, the Confirmation Order, or any**

---

[2] The Creditor Plan Proponents reserve all rights in respect of Claims and Causes of Action contemplated to be transferred to the GUC Trust pursuant to the terms of the Creditors' Plan and the extent to which any claims subject to this Release remain with the Debtor.

document, instrument, or agreement executed to implement the Creditors' Plan or any Claim or obligation arising under the Creditors' Plan.  For the avoidance of doubt, Jones shall not be a Released Party and there shall be no release or exculpation of the Trust Causes of Action, the Non-Dischargeable Claims, or any other Claims or Causes of Action against Jones, non-minor members of his immediate family, or their Insiders or Affiliates, as applicable, subject to the ability of Insiders and Affiliates of Jones to become a Released Party by making a Release Settlement Payment.

B.   **Exculpation**

Except as otherwise specifically provided in the Creditors' Plan, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby released and exculpated from, any Cause of Action or Claim whether direct or derivate related to any act or omission in connection with, relating to, or arising out of the Chapter 11 Case from the Petition Date to the Effective Date, the formulation, preparation, dissemination, negotiation, or Filing of the Creditors' Plan, this Specific Disclosure Statement, the Plan Supplement, or any contract, instrument, release, or other agreement or document created or entered into before or during the Chapter 11 Case in connection with the Creditors' Plan, any preference, fraudulent transfer, or other avoidance Claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the Filing of the Chapter 11 Case, the pursuit of Confirmation, the pursuit of consummation of the Creditors' Plan, the administration and implementation of the Creditors' Plan, including the issuance of GUC Trust Interests pursuant to the Creditors' Plan, or the distribution of property under the Creditors' Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing, except for Claims related to any act or omission that is determined in a Final Order to have constituted willful misconduct, gross negligence, or actual fraud, but in all respects such Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Creditors' Plan and the Confirmation Order.

The Exculpated Parties set forth above have, and upon Confirmation of the Creditors' Plan, shall be deemed to have, participated in good faith and in compliance with applicable law with respect to the solicitation of votes and distribution of consideration pursuant to the Creditors' Plan and, therefore, are not and shall not be liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Creditors' Plan or such distributions made pursuant to the Creditors' Plan.

**Relevant Definitions Related to Release and Exculpation Provisions:**

"*Exculpated Parties*" means, collectively, and in each case, solely in its capacity as such: (a) the Sandy Hook Families; (b) the immediate family members of the Sandy Hook Families; (c) the UCC; and (d) with respect to each of the foregoing (a)-(c), such Entities' respective employees, agents, financial advisors, and attorneys, including (i) counsel to the Sandy Hook Families, (ii)

counsel to the UCC, and (iii) advisors to the UCC, including accountants, representatives, and other Professionals, each in their capacity as such.

"*Released Parties*" means, collectively, and in each case, solely in its capacity as such: (a) the Sandy Hook Families; (b) the immediate family members of the Sandy Hook Families; (c) the UCC; (d) with respect to each of the foregoing (a)-(c), such Entities' respective current and former Affiliates, and such Entities' and their current and former Affiliates' current and former successors, assigns, employees, agents, financial advisors, and attorneys, including (i) counsel to the Sandy Hook Families, (ii) counsel to the UCC, and (iii) advisors to the UCC, including accountants, representatives, and other Professionals, each strictly in their capacity as such; (e) members of Jones's family that are legally minors as of the Effective Date; and (f) any Insider or Affiliate of Jones that has made, or has caused to be made, a Release Settlement Payment; provided, that any entity that would otherwise be a "Released Party" that votes to reject the Creditors' Plan, objects to the Creditors' Plan, or objects to or opts out of the releases contained in Article X of the Creditors' Plan, shall not be a "Released Party."

"*Releasing Parties*" means (a) Jones and his Estate to the extent he does not opt out or otherwise object to the releases contained in Article X of the Creditors' Plan; (b) the UCC; (c) the Sandy Hook Families; (d) any Insider or Affiliate of Jones that has made, or has caused to be made, a Release Settlement Payment; and (e) all holders of Claims, Interests, or Causes of Action that (i) vote to accept the Creditors' Plan or (ii) are Unimpaired and do not timely opt out of or file an objection to the releases contained in Article X of the Creditors' Plan that is not resolved before Confirmation.

**Item 3**.        **Acknowledgement.**

By signing this opt-out form (this "Opt-Out Form"), the undersigned certifies that the undersigned has the power and authority to elect whether to grant the releases contained in Article X of the Creditors' Plan and has elected not to be a Releasing Party under the Creditors' Plan.

| | |
|---|---|
| Name of Holder/Party: _____ | |
| (Print or Type) | |
| Signature:        _____ | |
| Name of Signatory: _____ | |
| Title: | |
| Address:   _____ | |
|            _____ | |
|            _____ | |
| Telephone  _____ | |
| Number:    _____ | |
| Email:     _____ | |
| Date Completed: _____ | |

8

**Exhibit C**

**<u>Served via UPS Mailing or First Class Mail</u>**

| Name | Address1 | Address2 | Address3 | City | State | Zip |
|------|----------|----------|----------|------|-------|-----|
| Reeves Law, PLLC | ATTN: Bradley Reeves | 702 Rio Grande St | Ste 203 | Austin | TX | 78701 |
| American Express National Bank | c/o Beckett & Lee LLP | P.O. Box 3001 | | Malvern | PA | 19355 |
| Department of Treasury - Internal Revenue Service | P.O. Box 7346 | | | Philadelphia | PA | 19101 |

**<u>Exhibit D</u>**

**Served via Email**

| Name | Email Address |
|---|---|
| Carlee Soto Parisi | kkimpler@paulweiss.com |
| Carlos Matthew Soto | kkimpler@paulweiss.com |
| David Wheeler | kkimpler@paulweiss.com |
| Donna Soto | kkimpler@paulweiss.com |
| Erica Ash | rpaine@jacobslaw.com |
| Francine Wheeler | kkimpler@paulweiss.com |
| Ian Hockley | kkimpler@paulweiss.com |
| Jacqueline Barden | kkimpler@paulweiss.com |
| Jennifer Hensel | kkimpler@paulweiss.com |
| Jillian Soto-Marino | kkimpler@paulweiss.com |
| Mark Barden | kkimpler@paulweiss.com |
| Nicole Hockley | kkimpler@paulweiss.com |
| Robert Parker | kkimpler@paulweiss.com |
| William Aldenberg | kkimpler@paulweiss.com |
| William Sherlach | kkimpler@paulweiss.com |
| Neil Heslin | jarrod.martin@chamberlainlaw.com |
| Veronique De La Rosa | jarrod.martin@chamberlainlaw.com |
| Leonard Pozner | jarrod.martin@chamberlainlaw.com |
| Scarlett Lewis | jarrod.martin@chamberlainlaw.com |
| Estate of Marcel Fontaine | jarrod.martin@chamberlainlaw.com |

**Exhibit E**

**Served via UPS Mailing**

| Name | Address1 | Address2 | Address3 | City | State | Zip |
|---|---|---|---|---|---|---|
| City of Austin dba Austin Energy | 4815 Mueller Blvd | | | Austin | TX | 78723 |
| Free Speech Systems, LLC | c/o Ray Battaglia | 66 Granburg Cir | | San Antonio | TX | 78218 |
| Kelly Jones | Address on file | | | | | |
| Erika Jones | c/o Friedman & Feiger | 17304 Preston Rd | Ste 300 | Dallas | TX | 75252 |
| Alexander E. Jones | c/o Crowe & Dunlevy, P.C. | 2525 McKinnon St | Ste 425 | Dallas | TX | 75201 |
| Security Bank of Texas | P.O. Box 90 | | | Crawford | TX | 76638 |
| Bank of America, N.A. | P.O. Box 31785 | | | Tampa | FL | 33631 |

**<u>Exhibit F</u>**

**Served via UPS Mailing**

| Name | Address1 | Address2 | Address3 | City | State | Zip |
|---|---|---|---|---|---|---|
| Office of the U.S. Trustee | c/o Jayson B. Ruff | 515 Rusk St | Ste 3516 | Houston | TX | 77002 |