## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 22-33553 |
| | § | |
| **ALEXANDER E. JONES** | § | (Chapter 11) |
| | § | |
| Debtor. | § | |
| | § | |

### APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF D. R. PAYNE & ASSOCIATES, INC. AS <u>EXPERT FOR THE DEBTOR</u>

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Alexander E. Jones (the "<u>Debtor</u>" or "<u>Jones</u>"), debtor and debtor in possession, submits this application for entry of an order, substantially in the attached form, authorizing the retention and employment of D. R. Payne & Associates, Inc. ("<u>DRPA</u>") as expert witness to the Debtor in connection with this Chapter 11 case effective *nunc pro tunc* to January 16, 2024 pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014 and Local Rule 2014-1, and (b) providing any additional relief required.

The Debtor submits the declaration of David Payne, the Firm Managing Director at DRPA, attached as **Exhibit A** and incorporated by reference (the "Payne Declaration"). In further support of this Application, the Debtor respectfully states as follows:

## I.     JURISDICTION, VENUE, AND STATUTORY PREDICATES

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought are 11 U.S.C. §§ 327(a), 328(a), Fed. R. Bankr. P. 2014 and Local Rule 2014-1.

## II.     BACKGROUND

4. On December 2, 2022 (the "Petition Date"), Debtor Alexander E. Jones filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. The Debtor is an employee of Free Speech Systems, LLC ("FSS"), which filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 29, 2022. Jones owns 100% of the outstanding membership interests in FSS.

6. Jones continues in possession of his holdings and is managing as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. No request has been made for the appointment of a trustee or examiner. An official unsecured creditors' committee (the "UCC") was appointed on or about December 13, 2022.

7. On or about December 15, 2023, the Debtor filed his Plan of Reorganization (as amended, the "Plan"), and the UCC filed the Creditors' Plan (as amended, the "Creditors' Plan"). Orders were entered conditionally approving the Disclosure Statements and setting various deadlines for both the Plan and the Creditors' Plan on January 25, 2024.  Confirmation hearings

are currently set for March 25-27, 2024.

## III. RELIEF REQUESTED

8. By this Application, Jones seeks entry of an order, substantially in the form attached as **Exhibit B,** authorizing the Debtor to retain and employ DRPA as expert with respect to the Plan Assessment Services as set forth in the Engagement Letter attached to the Payne Declaration as Addendum 1, as well as Expert Witness Services set forth below, pursuant to 11 U.S.C. §§ 327(a) and 328(a).

## IV. QUALIFICATIONS

9. The Debtor seeks to retain DRPA because, among other reasons, it is a leader in providing plan assessments, reorganization consultation, and business and financial valuation. DRPA offers a comprehensive range of reorganization services, including, but not limited to, preparing the following regarding a plan of reorganization: valuation and feasibility analysis, assessing reorganization value of closely held business interests, and assessing the net present contributory value of a debtor's personal services or human capital. DRPA's professionals have assisted, advised, and provided strategic advice to, debtors in numerous Chapter 11 cases of similar size.

## V. SERVICES TO BE PROVIDED

10. The Debtor anticipates that DRPA will provide the following expert witness services (the "Expert Witness Services") during this Chapter 11 case, subject to approval of the court of the Application:

- ➢ Provide deposition and trial testimony on various plan confirmation issues;
- ➢ Prepare valuation and feasibility analysis and other 11 U.S.C. § 1129 financial and economic evaluations of the Debtor's Plan and/or the Creditor's Plan;
- ➢ Assess the reorganization value of closely held business interests including the contributory value of the Debtor's personal goodwill pursuant to the Debtor's Plan;
- ➢ Assess the net present contributory value of the Debtor's personal services/human capital pursuant to the Debtor's Plan;

**APPLICATION FOR ENTRY OF AN ORDER THE RETENTION AND EMPLOYMENT OF D. R. PAYNE & ASSOCIATES, INC. AS EXPERT FOR THE DEBTOR – Page 3**

- Render such other financial valuation and expert analysis the Debtor's counsel may deem necessary and consistent with the role of a financial expert to the extent that it would not be duplicative of services provided by other professionals;
- Such other duties as are mutually agreed upon.

## VI. PROFESSIONAL COMPENSATION

11. DRPA intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with this Chapter 11 Case, subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and consistent with the proposed compensation set forth in the Payne Declaration as well as with other applicable procedures and orders of the Court.

12. DRPA will file all monthly, interim and final fee applications as required by the Local Rules and orders of this Court. With respect to charges for the Expert Witness Services, DRPA will maintain records of services rendered for the Debtor in one-tenth hour increments including reasonably detailed descriptions of those services and the individuals who provided those services and will present such records to the court. Expenses will be billed to reimburse DRPA for its actual, reasonable, and necessary out-of-pocket expenses incurred in connection with its performance of the Expert Witness Services for the Debtor in this case.

13. The Expert Witness Services will be performed under the direction of David Payne, the Firm Managing Director, with additional support from other DRPA professionals as required. Subject to the Court's approval under section 330(a) of the Bankruptcy Code, compensation will be payable to DRPA at its normal hourly billing rates, plus reimbursement of actual, necessary expenses and other charges incurred by DRPA, from funds of the Debtor's estate. The parties have agreed upon a $40,000.00 initial retainer to be paid to DRPA at the time of employment, against

which billings will be applied. The current billing rates of the DRPA personnel expected to render Plan Assessment Services for the Debtor are as follows:

|  | Rate[1] |
|---|---|
| Partner/Director | $525-650 |
| Manager | $350-515 |
| Consultant | $235-345 |
| Staff | $195-225 |

(a) Standard rates are adjusted annually; to the extent that our services extend into a subsequent year, the rates set forth above will be adjusted to the approved standard rate for such year not to exceed 10%.

The overall compensation structure described above is comparable to compensation generally charged by financial advisory firms of similar stature to DRPA for comparable engagements, both in and out of court, and is consistent with DRPA's normal and customary billing practices for comparably sized and complex cases involving the services to be provided in connection with this case. With respect to the Expert Witness Services, the Debtor believes that the ultimate benefit to the estate of such services cannot be measured merely by reference to the number of hours to be expended by DRPA's professionals in the performance of services. In light of the foregoing and given the numerous issues that DRPA may be required to address in the performance of its services pursuant to an engagement agreement between the Debtor and DRPA, DRPA's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for DRPA's services for engagements of this nature, the compensation structure is fair and reasonable and market-based under the standards set forth in section 328(a) of the Bankruptcy Code.

## VII. PREPETITION COMPENSATION

14. As set forth in the Payne Declaration, DRPA did not render any prepetition services or receive any monetary sum from the Debtor prior to the commencement of this Chapter 11 case.

**APPLICATION FOR ENTRY OF AN ORDER THE RETENTION AND EMPLOYMENT OF D. R. PAYNE & ASSOCIATES, INC. AS EXPERT FOR THE DEBTOR – Page 5**

## VIII. NO DUPLICATION OF SERVICES

15. The Debtor believes that the services provided by DRPA will not duplicate the services that other professionals may provide to the Debtor in this Chapter 11 case. Specifically, DRPA will carry out unique functions and will use reasonable efforts to coordinate with the Debtor and any other retained professionals in this case to avoid unnecessary duplication of services or effort. Currently, the Debtor employs (i) Crowe & Dunlevy, P.C., as his counsel; (ii) Jordan & Ortiz, P.C. as co-counsel; (iii) Rachel Kennerly, LLC, as his tax accountant; (iv) BlackBriar Advisors LLC, as his financial advisor; (v) Martin, Disiere, Jefferson & Wisdom L.L.P., as his special counsel; (vi) Pattis & Smith LLC, as his special counsel; (vii) The Reynal Law Firm, as his special counsel; (viii) Davis Auctioneers, L.P., as his auctioneer for his storage facilities; and (ix) Keller Williams Realty, as his real estate broker for his lake house. The application to employ Century 21 The Hills Realty (Docket No. 592) as his real estate broker for the sale of his ranch is currently pending approval.

## IX. BASIS FOR RELIEF

16. Section 327(a) of the Bankruptcy Code provides, in pertinent part, that a debtor, subject to Court approval:

> [M]ay employ . . . professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this this title.

11 U.S.C. § 327(a).

17. Federal Rule of Bankruptcy Procedure 2014(a) requires, in pertinent part, that a retention application includes:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors,

any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

18. The Debtor submits that for all of the reasons stated in this Application and in the Payne Declaration, the retention and employment of DRPA as the Debtor's expert pursuant to section 327(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014 is warranted.

**A.  DRPA's Retention is Necessary and is in the Best Interests of the Debtor's Estate.**

19. For the reasons described above, the Debtor believes that DRPA is the best qualified firm to provide the bankruptcy Expert Witness Services sought by the Debtor. The Debtor believes that the immediate retention of DRPA as expert witness to the Debtor is both necessary and in the best interests of the Debtor, his estate, and all other parties in interest.

**B.  DRPA Neither Holds nor Represents any Interest Adverse to Debtor's Estate and is a "Disinterested Person" within the Meaning of Section 101(14) of the Bankruptcy Code.**

20. To the best of the Debtor's knowledge, information, and belief, and except as disclosed in this Application and in the Payne Declaration, DRPA: (i) does not represent, and does not hold, any interest adverse to the Debtor's Estate; and (ii) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and has no connection to the Debtor, his creditors, or other parties in interest.

21. DRPA will use all reasonable efforts to see that no conflicts or other disqualifying circumstances exist or arise during the pendency of this Chapter 11 case. If any new material facts or relationships are discovered or arise, DRPA will use all reasonable efforts to identify them and will promptly file a supplemental declaration, as required by the Federal Rule of Bankruptcy Procedure 2014.

## X. NOTICE

22. Notice of this Application has been provided to the parties listed on the creditor matrix and all parties requesting notice via ECF. In light of the nature of the relief requested, the Debtor submits that no other or further notice is necessary or required.

## XI. NO PRIOR REQUEST

23. No previous request for the relief sought herein has been made to this Court or any other court.

## XII. CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order (i) granting this Application; (ii) authorizing the Debtor to employ and retain DRPA as expert witness to the Debtor; and (iii) granting such other relief as the Court deems appropriate under the presented facts and circumstances.

Dated: February 15, 2024.

**CROWE & DUNLEVY, P.C.**

By: /s/Christina W. Stephenson
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone: 737.218.6187
Email: dallaseservice@crowedunlevy.com

**ATTORNEYS FOR DEBTOR ALEXANDER E. JONES**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was served by the Court's CM/ECF system on all parties listed on the creditor matrix and all parties registered to receive such service on the date of filing, 15th day of February, 2024.

                                            */s/ Christina W. Stephenson*
                                            Christina W. Stephenson