# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 22-33553 |
| | § | |
| **ALEXANDER E. JONES** | § | (Chapter 11) |
| | § | |
| Debtor. | § | |
| | § | |

**DECLARATION OF DAVID PAYNE IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF <u>D. R. PAYNE & ASSOCIATES, INC. AS EXPERT FOR THE DEBTOR</u>**

Pursuant to 28 U.S.C. § 1746, I, David Payne, state and declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:[1]

1. I am the Firm Managing Director with the firm of D. R. Payne & Associates, Inc. ("<u>DRPA</u>"). Except as otherwise noted, I have personal knowledge of the matters set forth herein.

2. I submit this declaration (the "<u>Payne Declaration</u>") in support of the *Application for Entry of an Order Authorizing the Retention and Employment of D. R. Payne & Associates, Inc. as Expert for the Debtor* (the "<u>Application</u>"). The Application seeks to employ and retain DRPA as an expert witness for Alexander E. Jones (the "<u>Debtor</u>"). In connection with the proposed employment, DRPA anticipates rendering the services outlined in the Application under Section V, "Services to be Provided," in connection with this case.

3. The Debtor and DRPA have agreed in principle, subject to court approval, to the terms contained in the Engagement Letter (the "<u>Engagement Letter</u>"), which is attached to the Application as <u>Addendum 1</u>. The Engagement Letter seeks to retain DRPA and David R. Payne as an expert to assist with assessing the filed plans of reorganization and/or liquidation ("<u>Plan</u>

---

[1] Capitalized terms used but not otherwise defined in this Declaration have the same meaning given to them in the Application.

**DECLARATION OF DAVID PAYNE IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF D. R. PAYNE & ASSOCIATES, INC. AS EXPERT FOR THE DEBTOR – Page 1**

Assessment Services") and providing expert testimony regarding same.

4. Subject to the Court's approval under section 330(a) of the Bankruptcy Code, compensation will be payable to DRPA at its normal hourly billing rates, plus reimbursement of actual, necessary expenses and other charges incurred by DRPA, from funds of the Debtor's estate. The parties have agreed upon a $40,000.00 initial retainer to be paid to DRPA at the time of employment, against which billings will be applied. The current billing rates of the DRPA personnel expected to render Plan Assessment Services for the Debtor are as follows:

|  | Rate[1] |
|---|---|
| Partner/Director | $525-650 |
| Manager | $350-515 |
| Consultant | $235-345 |
| Staff | $195-225 |

(1) Standard rates are adjusted annually; to the extent that our services extend into a subsequent year, the rates set forth above will be adjusted to the approved standard rate for such year not to exceed 10%.

5. Final approval and allowance of DRPA's fees and expenses will be subject to notices and/or application and approval by the Court pursuant to the standard set forth in sections 330 and 331 of the Bankruptcy Code and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of the Court, and guidelines established by the U.S. Trustee.

6. No professional or employee of DRPA is or was a creditor, an equity security holder or an insider of the Debtor.

7. No professional or employee of DRPA is or was an investment broker for any outstanding security of the Debtor.

8. No professional or employee of DRPA is, or was within three years before the filing of the Debtor's Petitions, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of a security of the Debtor.

9. No professional or employee of DRPA is, or was within two years before the Petition Date, a director, officer or employee of the Debtor or of an investment banker involved with the Debtor.

10. No professional or employee of DRPA has an interest materially adverse to the interests of the Debtor's bankruptcy estates, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or an investment banker specified in the preceding paragraphs, or for any other reason.

11. No professional or employee of DRPA has any connection with the United States Trustee or any person currently employed by the United States Trustee. Ann Payne, a principal at DRPA was previously employed at the United States Trustee Region 20 Office in the early 1990's.

12. DRPA has previously been retained and/or is currently retained to work in unrelated contested matters by certain law firms representing or who may represent parties in interest in this case including; Crowe & Dunlevy. None of these matters are related to this bankruptcy proceeding.

13. DRPA has reviewed a list setting forth the names of the Debtor's creditors and other parties in interest including counsel representing such parties. DRPA reports that they have no connections with creditors or with any of the parties described in section 2014(a) of the Bankruptcy Code except as disclosed in item 11.

14. Except as disclosed herein, to the best of the undersigned's knowledge, information and belief, DRPA has no connection with parties with interests adverse to the Debtor's estates as would preclude DRPA's ability to serve the Debtor under the terms of proposed employment and

**DECLARATION OF DAVID PAYNE IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF D. R. PAYNE & ASSOCIATES, INC. AS EXPERT FOR THE DEBTOR – Page 3**

the provisions of the Bankruptcy Code; DRPA is a "disinterested person," as that term is defined by Section 101 (14), Bankruptcy Code.

15. To the extent that DRPA subsequently discovers any facts bearing on this Declaration, this Declaration will be supplemented and those facts will be disclosed to the Court at the earliest opportunity.

D.R. PAYNE & ASSOCIATES, INC.

By: _____
David R. Payne, President and Firm Managing Director

DECLARATION OF DAVID PAYNE IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF D. R. PAYNE & ASSOCIATES, INC. AS EXPERT FOR THE DEBTOR – Page 4

# D. R. Payne & Associates, Inc.

119 N. Robinson, Suite 400
Oklahoma City, OK 73102
Voice: (405) 272-0511
Fax: (405) 272-0501
www.drpayne.com

January 23, 2024

Mr. Alexander E. Jones, Debtor
c/o Vickie L. Driver, Esq.
Christina W. Stephenson, Esq.
Crowe & Dunley, P.C.
2525 McKinnon St., Suite 425
Dallas, TX 75201

Dear Ms. Driver and Stephenson:

This will confirm that D. R. Payne & Associates, Inc. ("**DRPA**") has been engaged by Alexander E. Jones ("**Debtor**") for the purpose of providing the Debtor with plan assessment and expert witness services ("**Plan Assessment Services**") related to the Debtor's bankruptcy proceeding (Case No. 22-33553 "**Bankruptcy Case**"). Specifically, DRPA will dedicate both David Payne (See **Appendix A**) and one or more professional staff who hold certifications as CIRA's, CDBV's and CPA's and support staff to this engagement.

## Section 1-Work Scope

Specifically, our Plan Assessment Services scope of work will involve:

1. Prepare valuation and feasibility analysis and other 11 U.S.C. § 1129 financial and economic evaluations of the Debtor's Plan and/or the Creditor's Plan.

2. Assess the reorganization value of closely held business interests including the contributory value of the Debtor's personal goodwill pursuant to the Debtor's Plan.

3. Assess the net present contributory value of the Debtor's personal services/human capital pursuant to the Debtor's Plan.

4. Render such other financial valuation and expert analysis the Debtor's counsel may deem necessary and consistent with the role of a financial expert to the extent that it would not be duplicative of services provided by other professionals.

We will work at the direction of counsel to the Debtor. In performing these services, we will be relying on the accuracy and reliability of your data, information and other representations that you will make. We call to your attentions the fact that these procedures are not intended to be an audit, examination, or review of financial statements or information in accordance with generally accepted auditing standards. Accordingly, we will not express an opinion on the financial statements or other information.

Addendum 1

Vickie L. Driver, Esq.
Christina W. Stephens, Esq.
January 23, 2024
Page 2 of 3

### Section 2 - Compensation

The Debtor shall compensate DRPA for the performance of the services at DRPA's standard hourly rates as follows:

|  | Rate |
|---|---|
| Partner/Principal | $525-650 |
| Manager | $350-515 |
| Consultant | $235-345 |
| Staff | $195-225 |

The standard rates set forth above are adjusted annually. To the extent that our services extend into a subsequent year, the rates set forth above will be adjusted to the approved standard rate for such year not to exceed ten percent.

### Section 3 - Reimbursement of Expenses

DRPA will be reimbursed by the Debtor for reasonable out-of-pocket expenses (e.g., travel, lodging, meals, data service fees, etc.) incurred in providing the services. DRPA shall provide the Debtor with adequate supporting detail with each expense reimbursement request.

In the event we are requested or authorized by your counsel, or are required by government regulation, subpoena, or other legal process to produce our documents or our firm representative as a witness with respect to this engagement, you will reimburse us for our expenses incurred in responding to such requests.

### Section 4 - Retainer

DRPA will require a retainer to be paid upon execution of this engagement letter of $40,000.

### Section 5 - Termination

This engagement may be terminated by the Debtor at any time upon written notice; however, DRPA shall be entitled to its compensation earned under Section 2 and to reimbursements of expenses under Section 3, in each case through the date of termination.

### Section 6 - Term

This engagement shall commence as of the date of this letter is appended to an application to employ DRPA and shall continue until the services are completed; provided, however, that the term may be revised by mutual agreement or terminated in accordance with the terms of Section 5.

### Section 7 - Confidentiality

Data and information obtained in our engagement or produced in connection with our engagement or otherwise shall be maintained as confidential, except at your written direction or pursuant to third party subpoena or court order. In performing our services, DRPA maintains a professional staff which includes

Vickie L. Driver, Esq.
Christina W. Stephens, Esq.
January 23, 2024
Page 3 of 3

certain contract professionals who provide specialized or technical support in providing our services. All employees and non-employee contract professionals working under the direction of DRPA will also be bound by our confidentiality provisions; provided that DRPA shall be responsible for any breach of this Section 7 by any such employees or non-employee contract professionals.

      As part of the engagement, DRPA will be obtaining confidential information about the case matters, (the "**Confidential Information**"). All Confidential Information furnished by the Debtor to DRPA shall not be used for any purpose other than assisting in the services set forth herein.

### Section 8 - Potential Claims and Relationships and Retention in Bankruptcy Proceeding

      We have undertaken an inquiry of our records to determine potential conflicts and possible relationships with this engagement. Such potential conflicts and relationships, to the extent they exist, have been communicated to you and you have advised us that these relationships do not preclude our retention. However, the very nature, diversity, magnitude, and volume of DRPA's past and present clients and professional relationships, do not allow us to be certain that each and every possible relationship or potential conflict has come to our attention. In the event that additional relationships or potential conflicts come to our attention, we will notify you.

      DRPA acknowledges that our retention and the terms thereof are subject to an application to employ and subsequent approval by the Bankruptcy Court.

*********************

      If the terms of our engagement are satisfactory to you, please indicate your acceptance in the appropriate space provided and return the enclosed copy to us.

      We look forward to working with you.

Very truly yours,<br><br>David R. Payne<br>Firm Managing Director

**ACCEPTED:**

_____
By: Alexander E. Jones, Debtor

Date: _____

# DAVID R. PAYNE
## CPA/ABV, CIRA/CDBV, CTP, ASA

**Summary Curriculum Vitae**

119 N. Robinson, Suite 400
Oklahoma City, OK 73102
Tel: (405) 272-0511
drpayne@drpayne.com

**Experience**

Mr. Payne is Firm Managing Director of *D. R. Payne & Associates, Inc.,* with over forty (40) years of accounting, consulting and valuation experience in both public and private industry. The firm maintains offices in Oklahoma City and serves clients throughout the Southwest. Mr. Payne also serves as Managing Director of *Business Valuators and Appraisers, L.L.C.*, a firm specializing in valuation and appraisal matters. Mr. Payne previously worked in a number of financial positions in industry, including serving as Controller and Chief Accounting Officer of a publicly-traded E&P Company, in addition to working as a partner in a Big Six Accounting and Consulting Firm.

**Professional Designations**
- Certified Public Accountant (CPA)
- Accredited in Business Valuation (ABV)
- Certified Insolvency & Restructuring Advisor (CIRA)
- Certified Turnaround Professional (CTP)
- Certified in Distressed Business Valuation (CDBV)
- Accredited Senior Appraiser (ASA)

**Professional Affiliations**
- Fellow, American College of Bankruptcy, 10th Circuit, 33rd Class
  - Diversity, Equity and Inclusion Committee
- National Board of Directors – Association of Insolvency and Restructuring Advisors
  - President
  - Valuation Standards Committee
  - Strategic Planning Committee
  - DEI Committee
  - Certification Committee
- Member, American Bankruptcy Institute
- Member of the American Society of Appraisers
  - Past President and Treasurer of Oklahoma Chapter
- Member, Association of Certified Fraud Examiners
- Member, Turnaround Management Association
- Member, International Business Brokers Association
- Member, Oklahoma Society of Certified Public Accountants
- Member, Texas Society of Certified Public Accountants
- Member, American Institute of Certified Public Accountants
- Member and OK State Director, Commercial Receivers Association

Appendix A

David R. Payne
Professional Profile
Page 2 of 3

**Management Assignments**
- Interim Chief Executive Officer
- Outsourced Chief Financial Officer
- Chief Restructuring Officer
- Chief Development Officer
- Operating Agent

**Court Appointed Assignments**
- Chapter 11 Trustee
- Chapter 11 Examiner
- Chapter 11 Chief Restructuring Officer
- Court Appointed Expert Witness, F. R. E. 706
- Federal District Court Receiver
- State Court Receiver

**Professional and Expert Witness Assignments**
- Damage Assessments - Contract, Torts, Warranty, Anti-Trust, Infringement, Securities, Minority Shareholder, Wrongful Termination/Death – Over 300 cases
- Forensic Accounting Assessments – Claims Measurement, Indicia, Factors and Tests
- Alter Ego, Fraudulent Conveyance, Badges of Fraud, Concealments, Misstatements, and Breach of Duty, Negligence, Professional Standards – Over 100 cases
- Insolvency and Reorganization Evaluations – Cash Collateral, Conversion, Dismissal, Avoidance Actions, Confirmation, Absolute Priority and Feasibility - Over 500 cases
- Out of Court Restructurings – Over 200 clients
- Valuations and Appraisals – Over 30,000 hours
- Accountings and Forensic Investigations – Reconstructing of Books and Records, Tracing of Funds, Dissolution Accounting, Project Accounting, Transfer Pricing and other Financial/Business Conduct Disputes – Over 300 matters

**Publications, Articles and Presentations**
- "Insolvency Prove It", 39th Annual Bankruptcy & Restructuring Conference, June 2023
- Best Practices for a Hotel Receivership, Commercial Receivers Association, November 2022
- ABI Panel, Oil & Gas Tools in the Toolbox, American Bankruptcy Institute, October 2022
- 5th and 10th Circuit Ethics Program in a Game Show Format, American College of Bankruptcy, July 2022
- Substantive Consolidation of Non-Debtor and/or Reverse Veil Piercing, Oklahoma Bar, Advanced Bankruptcy, December 2021
- Energy Restructuring; Lex Mundi Virtual Series, April 2021
- "Small Business Financial Restructuring Options Under SBRA and the Cares Act" State Chamber of Oklahoma, May 2020
- "Cycles in Energy Pricing and Effects on Market Sector Participants" Meinders School of Business, Oklahoma City University, July 2015, June 2016, November 2017 and July 2020
- "Value For What Purpose, To Whom" Structural Engineering Council of Oklahoma February 2017

Appendix A

David R. Payne
Professional Profile
Page 3 of 3

- "Exposure Draft of Distressed Business Valuation Standards Expected to Be Approved During 2013," Association of Insolvency & Restructuring Advisors Journal, Volume 27, Number 2-2013
- "Individual Chapter 11 Proceedings" Association of Insolvency and Restructuring Advisors' 24th Annual Bankruptcy & Restructuring Conference, June 2011
- "Distressed Assets and Companies – Financing Issues" Rocky Mountain Mineral Law Foundation, January 2010 Whitepaper
- "Recent Case Rulings Center Around the Cornerstone General Standards Within the Professions," Association of Insolvency and Restructuring Advisors Journal, February/March 2009
- "Valuation of Small, Troubled Businesses," Association of Insolvency and Restructuring Advisors Conference, June 2008
- "Fraud: A View From The Private Sector," Clifton H. Scott, Oklahoma State Auditor and Inspector - Questioning and Detecting Fraud, December 1998
- "How Structures Affect Valuation and Discounts," Family Law Symposium, Oklahoma Bar Association, November 1998
- "Utilizing Business Appraisals as a Benchmark for Evaluating Contested Single Asset Real Estate Cases," Whitepaper, November 1997
- Energy/Utility Industry Outlook, Association of Insolvency Accountants, May 1997
- "Alternatives to Bankruptcy," North American Petroleum Conference, May 1992
- "Role of the Reorganization and Insolvency Accountant," Oklahoma County Bar, May 1992
- "Post Petition Financing and the Capital Crisis," Oklahoma Bar, Advanced Bankruptcy, December 1991
- "The Farmout Bills, A Closer Look," American Bankruptcy Institute, June 1988

**Education and Certifications**

Mr. Payne is a graduate of Oklahoma Christian University (B.S. in Accounting 1980). He has participated in or instructed continuing education programs in the areas of valuation, bankruptcy accounting, litigation support, and turnaround management. Mr. Payne has attended strategic planning seminars, activity based costing and business valuation courses offered as executive training. Mr. Payne has completed courses, passed examinations and/or achieved direct experience required in public accounting, forensic accounting, appraisal, turnaround management and restructuring disciplines to become certified.

Appendix A