UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-60043 |
| FREE SPEECH SYSTEMS, LLC., | § | Chapter 11 (Subchapter V) |
| | § | |
| Debtor. | § | |

### DEBTOR'S EMERGENCY MOTION TO EXPAND THE SCOPE OF EMPLOYMENT OF PATTIS & SMITH LLC

> Emergency relief has been requested. Relief is requested not later than June 29, 2023, at 11:00 a.m.
>
> If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the court may treat the pleading as unopposed and grant the relief requested.
>
> A hearing will be conducted on this matter on June 29, 2023, at 11:00 a.m.
>
> Participation at the hearing will only be permitted by an audio and video connection.
>
> Audio communication will be by use of the court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "judgelopez." Click the settings icon in the upper right corner and enter your name under the personal information setting.
>
> Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "electronic appearance" link on Judge Lopez's home page. Select the case name, complete the required fields, and click "submit" to complete your appearance.

TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Free Speech Systems, LLC ("FSS" or the "Debtor"), the debtor and debtor-in-possession in the above captioned case (the "Case"), and files this *Debtor's Emergency Motion to Amend Scope of Employment of Pattis & Smith, LLC* (the "Motion"). In support of the Motion, the Debtor respectfully represents as follows:

### SUMMARY OF RELIEF REQUESTED

---

**MOTION TO EXPAND SCOPE OF EMPLOYMENT**

1

1. The Debtor files this Motion to expand the scope of employment approved by the Court in its prior order to include post-trial and appellate representation in connection with the Sandy Hook Litigation and approving compensation on a fixed fee basis for the law firm being employed.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E) and (O). Venue is proper in this Court under 28 U.S.C. § 1408.

3. The bases for the relief requested herein are sections 105, 327(e), 328(a), 330, and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-l of the Local Rules for the Bankruptcy Court for the Southern District of Texas (the "Local Rules").

## BACKGROUND

4. On July 29, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor has continued to operate its business and manage its affairs as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. The claims against the estate include a significant judgment obtained by a group of individuals the ("Connecticut Plaintiffs") in the following lawsuits filed and tried in the state court in Connecticut:

Erica Lafferty, David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Jeremy Richman, Donna Soto, Carlee Soto- Parisi, Carlos M. Soto, Jillian Soto, and William Aldenberg v. Alex Emric Jones and Free Speech Systems, LLC, Case No., X06-UWY-CV-18-6046436-S (the "Lafferty Matter")

William Sherlach v. Alex Emric Jones and Free Speech Systems, LLC, X06-UWY-CV- 18-6046437-S

William Sherlach and Robert Parker v. Alex Emric Jones and Free Speech Systems, LLC, X06-UWY -CV-18-6046438-S

All the proceedings described above are before the Connecticut Superior Court, Waterbury District and consolidated in the Lafferty matter state court litigation (collectively, the "Sandy Hook Lawsuits").

The judgment entered in that lawsuit was in excess of $1 billion. The Debtor maintains that the judgment is manifestly in error and the Debtor has appealed the judgment.

6. The Debtor and the co-defendant Alex Jones were represented prior to the Petition Date and at trial by the law firm of Pattis & Smith, LLC. ("P&SLLC").

7. FSS filed its application to employ P&SLLC as special litigation counsel for the Debtor [ECF #93] (the "Application"). The Court entered its *Order Approving Debtor's Application to Employ Pattis & Smith LLC Under 11 U.S.C. § 327(e) and 328(a), as Special Counsel, Effective as August 1, 2022* (the "Employment Order") [ECF # 120]. The Employment Order authorized the employment of P&SLLC through October 2022 on a flat fee basis with limitations on compensation to be paid to that firm. The Employment Order further provided that: This Order is without prejudice to the Debtor seeking a further extension and continuation of retention of P&SLLC in connection with the Sandy Hook Lawsuits and the Connecticut Plaintiffs' and U.S. Trustee's reservation of their right to object."

8. The Debtor files this Motion to expand the scope of the employment to include post-trial and appellate representation of the Debtor in the Sandy Hook Litigation.

## BASIS FOR RELIEF

9. Bankruptcy Code § 327(e) provides that subject to bankruptcy court approval, trustees-and debtor-in-possession-"may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the

estate, and, if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

10.     Bankruptcy Code § 328(a) provides for the retention of special litigation counsel on a fixed fee basis:

> The trustee... with the court's approval, may employ or authorize the employment of a professional person under section 327... of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11.     To gain approval for the employment of special litigation counsel under § 328(a) the terms of such employment must be "reasonable*." In re Contractor Technology, Ltd.,* 2006 US. Dist. LEXIS 34466, 2006 WL 1492250 at *10 (S.D. Tex. 2006). "A trustee is given great latitude in the employment of counsel." *Id*.

12.     P&SLLC was originally retained on a flat fee basis and proposes to continue its engagement on post-trial and appellate matters on a flat fee basis. P&SLLC's engagement letter (the "Engagement Letter," attached as Exhibit "A") proposes to continue its engagement on behalf of the Debtor and its co-defendant Alex Jones on a flat fee basis as follows:

>   Total fees - $250,000
>   Total expenses - $20,000
>   Total - $270,000
>   FSS and Expense Allocation - $135,000

13.     Retaining P&SLLC under an hourly arrangement, plus expenses, would far exceed the proposed $135,000 fixed fee arrangement. Mr. Pattis, the lead lawyer for FSS on behalf of Pattis & Smith, when he does bill at an hourly rate, charges $800.00 per hour. If he were to work alone, he

would consume the $125,000 fixed fee by working slightly more than 156 hours. It is anticipated that P&SLLC's lawyers will spend more than 156 hours in connection with the post-trial representation of the Debtor in connection with the Sandy Hook Lawsuits.

    **A.**    **P&SLLC Meets the Requirements of Bankruptcy Code § 328(a)**

14. The flat fee arrangement, as discussed above, is reasonable. The post-trial fees in connection with the Sandy Hook Lawsuits by the Firm on an hourly basis would far exceed the $125,000.00 flat fee. Moreover, the Firm agrees to a proportional return of the flat fee in the event of termination, in accordance with applicable bar association ethical rules for fixed fee agreements. FSS must have competent counsel to prosecute the appeal of the Sandy Hook Lawsuit. The Firm's Engagement Letter should be approved under Bankruptcy Code § 328(a) because, among other things, the agreement is fair and reasonable to FSS.

    **B.**    **This Motion and the Pattis Declaration Meet the Requirements of Bankruptcy Rule 2014**

15. This Motion and the Pattis Declaration[1] meet the requirements as set out in Bankruptcy Rule 2014. This Motion is made by the Debtor and sets out the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, the proposed arrangement for compensation. The Pattis Declaration is a verified statement pursuant to 28 U.S.C § 1746 that sets out all connections that P&SLLC has with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee. The Debtor is not aware of any other connections in addition to those disclosed in the Pattis Declaration.

**CONCLUSION**

---

[1] The Debtor submitted the declaration of Norm Pattis as Exhibit B to the Application. The disclosures in the Pattis Declaration remain accurate and complete as of the date of this Motion.

**MOTION TO EXPAND SCOPE OF EMPLOYMENT**

WHEREFORE, the Debtor respectfully requests that this Court enter an order substantially in the form of the Proposed Order approving the scope of the employment of P&SLLC under Bankruptcy Code § 327(e) and 328(a) and grant any other relief that is just and proper.

Respectfully submitted, June 14, 2023

                                                           THE LAW OFFICES OF RAY BATTAGLIA, PLLC.
                                                           66 Granburg Circle
                                                           San Antonio, Texas 78218
                                                           Telephone (210) 601-9405
                                                           Email: rbattaglialaw@outlook.com

                                          By:  */s/  Raymond W. Battaglia*
                                                              Raymond W. Battaglia
                                                              Texas Bar No. 01918055

                                         **ATTORNEYS FOR FREE SPEECH SYSTEMS, LLC.**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system.

                                           */s/ Raymond W. Battaglia*
                                           Raymond W. Battaglia