IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re<br>FREE SPEECH SYSTEMS LLC,<br><br>Debtor. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Chapter 11 (Subchapter V)<br><br>Case No. 22-60043 (CML) |

**DECLARATION OF HAROLD "HAP" MAY PROPOSED TAX ADVISOR
AND DISCLOSURE OF COMPENSATION**

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

I, Harold "Hap" May, hereby submit the following statement of disinterestedness pursuant to Bankruptcy Rule 2014 and further declare, pursuant to 28 U.S.C. § 1746, that the following is true and correct, under penalty of perjury:

1. My name is Harold "Hap" May. I am over the age of eighteen (18) years. am competent to make this Declaration. I am a Certified Public Accountant. I am also an Attorney, Board Certified in Tax Law. Additionally, I have an LL.M. in Tax Law.

2. I am a principal of Evident Tax, LLC ("**Evident**"). I have worked with the intersection of reorganization and tax for over thirty (30) years. I currently maintain offices at 1500 S. Dairy Ashford, Suite 325, Houston, Texas 77077. I am duly authorized to make and submit this declaration ("Declaration") in accordance with 11 USC § 327 (a) of the Bankruptcy Code and in conjunction with Rule 2014(a) of Federal Rules of Bankruptcy Procedure. Neither I, nor Evident, represent any interest adverse to the Debtors, the above-captioned debtors, as required by 11 U.S.C. §§ 327(a). Additionally, Evident and I are disinterested persons, as defined by 11 U.S.C. § 101(14).

3. Evident and I have identified the following connections with other parties in interest:

    a. I was a former employee of Hoover Slovacek, LLP ("**HSLLP**"). My employment ended nine (9) years ago, in August 2014. While at HSLLP, I worked with Melissa Haselden on various bankruptcy matters. After I left,

1



        Melissa Haselden and I maintained a working relationship through a few bankruptcy cases needing the services of a tax professional.

    b. I have worked with Chief Restructuring Officer Patrick Magill on South Coast Supply's bankruptcy case during June 2018. In that case, Patrick Magill was the Chief Restructuring Officer. South Coast Supply sold substantially all of its assets to Solstice Capital, LLC, of which I own a fifteen percent (15%) interest in. After the sale, Solstice Capital, LLC entered into an agreement with Patrick Magill for consulting services lasting approximately 12 months.

    c. I represent Patrick Magill in Mr. Magill's capacity as Liquidating Trustee in The Tifaro Group Ltd. case.[1] This case and my representation in this case are ongoing.

    d. I represented Patrick Magill in a case styled DMM Group, Inc v. J. Patrick Magill et al.[2] This case was resolved in the summer of 2021 and the representation then ended.

4. Evident has performed the following actions to determine whether it or any of its employees has any disclosable connections, to the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any of the judges for the U.S. Bankruptcy Court for the Southern District of Texas.

5. I conducted a search of Evident's files to determine using the list of parties in interest listed in Schedule 1 hereto whether Evident had any connections to or represented any of the parties listed on Schedule 1. Except as disclosed above, the search revealed that Evident did not represent any of the parties listed on Schedule 1. Evident may have provided services to creditors or other parties in interest inadvertently omitted from Schedule 1 or the description above. If such connections exist, they would be on matters wholly unrelated to the service for which the Debtor seeks to engage Evident.

6. The results of the foregoing connections search process confirm that neither I, Evident nor any of its employees or partners, to the best of my knowledge, have any disqualifying connections.

---

[1] Case No. 17-80171-11 US Bankruptcy Court for the Southern District of Texas Galveston Division
[2] Cause No. 2008-63200 in the District Court of Harris County Texas 281 Judicial District

7. Based on the connections review conducted to date and described herein, to the best of my knowledge and insofar as I can ascertain, I and Evident do not hold an interest adverse to the Debtor or the estate with respect to the matter on which the Firm is to be employed.

8. I am not a creditor, an equity security holder, or an insider of the Debtor; I am not and was not within 2 years before the Petition Date a director of the Debtor; and I do not have any interest materially adverse to the interests of the Debtor's bankruptcy estate or any class of creditors or equity security holders.

9. Evident is not a creditor, an equity security holder, or an insider of the Debtor; Evident is not and was not within 2 years before the Petition Date an employee, officer, or director of the Debtor; and Evident does not have any interest materially adverse to the interests of the Debtor's bankruptcy estate or any class of creditors or equity security holders.

10. Evident does not possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate. Evident also does not possess or assert any economic interest that would create either an actual or potential dispute in which the estate is a rival claimant. Evident does not have any incentive to act contrary to the best interests of the estate and its creditors.

11. In this bankruptcy case, the Debtor seeks to legally minimize their large tax burden while paying back the creditors. Evident and I are experienced in working with the diverse sections of the Internal Revenue Code ("IRC") and assisting companies minimize their tax burdens. The services rendered or to be rendered by Evident and myself are:

    a. Provide information to debtor's council for tax issues concerning the entity and the plan of reorganization.

    b. Devise and recommend tax related provisions of a plan that will minimize the burden to the entity while complying Federal and State Tax law;

    c. Be prepared to testify, if necessary, to provide the court with sufficient evidence in the form of expert testimony;

    d. Assist in the implementation of the plan and;

    e. Assist in Federal and State Tax law compliance and reporting requirements.

    f. Determine for federal income tax purposes:

1. If payments to judgment creditors of either actual damages or punitive damages are deductible
2. When under the "all events test" in IRC §461 any deduction would be allowed
3. If IRC §108 excludes income the Debtor may have from the discharge of indebtedness and if so, what is the effect on the Debtor's tax attributes and future income and deductions
4. If the status of being a disregarded entity is in the best interest of the creditors and other interested parties
5. If the Debtor can and should elect to be taxed as a corporation
6. If the Debtor can and should invoke the provisions of 11 USC § 505 (b)(2) to enable the Debtor to obtain an accelerated determination by the Internal Revenue Service ("IRS")
7. If the Debtor should obtain a private letter ruling ("PLR") from the IRS under Revenue Procedure 2023-1
8. If applicable prepare and file a PLR with the IRS
9. Prepare a memorandum and if necessary, a brief in support of the tax positions taken regarding the plan and any tax filings
10. Draft and review provisions of the plan and all related disclosures relevant to any tax consequence
11. Assess the risk of adverse rulings from the IRS or other taxing authorities and determine appropriate reserves and alternate strategies in the event of an adverse tax ruling
12. Weigh the pros and cons of litigation any disputed tax ruling and assist in the drafting of any pleadings in the event of any such litigation
13. Develop an understanding how the taxation of the Debtor has and will affect the tax consequences of related parties
14. Review previously filed tax returns for the Debtor and related parties and determine if any returns should be amended
15. Assist in the preparation of Debtor tax returns or if Debtor remains a DRE, then assist in the preparation of schedules and accountant's workpapers relating to the information delivered to the single member of the Debtor
16. Review corporate or LLC governance documents and contractual documents affecting the Debtor to determine their effect on tax matters and procedures relating to tax matters
17. Review statuary, regulatory and case law applicable to the tax matters relevant to the Debtor.

12. Evident and I require one retainer of $50,000 to assist the Debtors.

4



13. In connection with these services, Debtors will be required to pay Evident and I on an hourly fee basis. Hourly fees will be charged as follows:

| Professional | Hourly Rate |
|---|---|
| Harold "Hap" May | $600.00 |
| Associate Attorneys | $250.00 |
| Senior Accountants | $350.00 |
| Accountants | $250.00 |
| Support Staff | $150.00 to $50.00 |

14. In addition, Evident and I will charge out-of-pocket expenses incurred in connection with its engagement. The expenses will be charged as set forth below.

| Client Expenses | Hourly Rate |
|---|---|
| Deliveries & Couriers | At Cost |
| Travel, Lodging and Meals* | At Cost (No Charge for Travel) |
| Filing Fees & Misc. Expenses | At Cost |

15. Evident and I have been advised that, except as provided by other order of this Court, its compensation may be paid only after making an appropriate application to this Court.

16. The undersigned further states that he has not shared, or agreed to share with any person, other than with members of the undersigned's firm, any compensation, except as herein set forth.

_____
Harold "Hap" May

5

**SCHEDULE 1**

**TO MAY DECLARATION**

**SEARCHED PARTIES**

Debtor & Professionals

    Law Office of Ray Battaglia            J. Patrick Magill

Debtor's Equity

    Alexander E. Jones

Largest 20 Unsecured Creditors & Litigation Claimants

| | |
|---|---|
| Elevated Solutions Group | Dona Soto |
| Atomial LLC | Erica Lafferty |
| Cloudfare, Inc. | Francine Wheeler |
| Jacquelyn Blott | Ian Hockley |
| Joel Skousen | Jacqueline Barden |
| eCommerce CDN LLC | Jennifer Hensel |
| Paul Watson | Jeremy Richman |
| Greenair, Inc. | Jillian Soto |
| Edgecast, Inc. | Leonard Pozner |
| Ready Alliance Group, Inc. | Marcel Fontaine |
| Getty Images, Inc. | Mark Barden |
| RatsMedical.com | Neil Heslin |
| David Icke Books Limited | Nicole Hockley |
| WWCR | PQPR Holdings Limited, LLC |
| CustomTattoNow.com | Robert Parker |
| AT&T | Scarlett Lewis |
| Justin Lair | Veronique De La Rosa |
| Brennan Gilmore | William Sherlach |
| Carlee Soto-Parisi | William Aledenberg |
| Carlos Soto | Larry Klayman |
| Christopher Sadowski | Randazza Legal Group |
| Joey Delassio | Aurium |
| Anthony Gucciardi | David Jones |
| Carol Jones | |

Attorneys for Creditors and Parties in Interest

| | |
|---|---|
| Kaster Lynch Farrar & Ball LLP | Zeisler & Zeisler P.C. |
| Koskoff Koskoff & Bieder | Jordan & Ortiz, P.C. |
| Fertitta & Reynal LLP | McDowell Heterhington LLP |

The Akers Law Firm PLLC
Copycat Legal PLLC
Waller Lansden Dortch & Davis, LLP
Jackson Walker LLP
Cain & Skarnulis PLLC
Hawash Cicack & Gaston LLP
Streusand, Landon, Ozburn & Lemmon, LLP

Akin Gump Strauss Hauer & Feld LLP
Paul Weiss Rifkin & Garrison, LLP
Willkie Farr & Gallagher LLP
Law Office of Liz Freeman
Chamberlain Hrdlicka
Melissa Haselden
Stephen A Roberts, P.C.

U.S. Bankruptcy Judges and Staff

Chief Judge David R. Jones
Judge Marvin Isgur
Judge Christopher M. Lopez
Judge Jeffrey P. Norman
Judge Eduardo V. Rodriguez
Albert Alonzo
Ana Castro

Tracey Conrad
Jeannie Chavez
LinhThu Do
Tyler Laws
Kimberly Picota
Vriana Portillo
Mario Rios

U.S. Trustee Personnel

Alicia Barcomb
Jacqueline Boykin
Luci Johnson-Davis
Hector Duran
Barbra Griffin
Brian Henault
Linda Motton
Ha Nguyen
Glenn Otto
Yasmin Rivera

Jayson B. Ruff
Millie Sall
Patricia Schmidt
Christy Simmons
Gwen Smith
Stephen Statham
Christopher R. Travis
Clarissa Waxton
Jana Whitworth