UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| FREE SPEECH SYSTEMS, LLC, | § | Case No. 22--60043 |
| | § | |
| DEBTOR. | § | (Subchapter V Debtor) |
| | § | Chapter 11 |

**SECOND INTERIM APPLICATION OF LAW OFFICES OF RAY BATTAGLIA, PLLC, COUNSEL TO FREE SPEECH SYSTEMS, LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM MARCH 1, 2023, THROUGH JUNE 30, 2023.**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

## SUMMARY

| | | |
|---|---|---|
| Name of applicant: | | Law Offices of Ray Battaglia, PLLC |
| Applicant's professional role in case: | | Attorney for Debtor |
| Indicate whether this is an interim or final application: | | Second Interim |
| Date order of employment was signed: | | September 20, 2022 |
| | Beginning of Period | Ending of Period |
| Total period covered in application | March 1, 2023 | June 30, 2023 |
| Time periods covered by any prior applications | July 29, 2022 | February 28, 2023 |
| Total amounts awarded in all prior applications | | $266,952.17 |
| Amount of retainer received in the case | | $77,235[1] |
| Total fees applied for in this application and in all prior applications (include any retainer amounts applied or to be applied) | | $453,903.83 |
| Total professional fees requested in this application | | $163,990.00 |
| Total professional hours covered by this application | | 285.2 |
| Average hourly rate for professionals | | $575.00 |
| Total paraprofessional hours covered by this application | | 0.0 |
| Average hourly rate for paraprofessionals | | N/A |
| Reimbursable expenses sought in this application | | $4,961.66 |
| Total amount to be paid to Priority Unsecured Creditors | | TBD |
| Anticipated % Dividend to Priority Unsecured Creditors | | TBD |
| Total to be paid to General Unsecured Creditors | | TBD |
| Anticipated % Dividend to General Unsecured Creditors | | TBD |
| Date of confirmation hearing | | TBD |
| Indicate whether the plan has been confirmed | | No |

---

[1] Applicant received a total of $97,000 as a pre-petition retainer for bankruptcy related services.  Applicant applied $29,950.00 against pre-petition fees and expenses accruing through the Petition Date, leaving a balance of $77,235.00 on the Petition Date.

**TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW the Law Offices of Ray Battaglia, PLLC (the "Applicant") and files this Second Interim Application (the "Application") for interim approval of Applicant's fees in the total amount of $163,990.00 and reimbursement of all expenses totaling $4,961.66 incurred during its employment as counsel to Free Speech Systems, LLC (the "Debtor") from March 1, 2023, through June 30, 2023 (the "Interim Period"). In support of this Application, the Applicant respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the Southern District of Texas. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief sought herein is 11 U.S.C. §§ 330 and 331, Federal Rule of Bankruptcy Procedure 2016(a), and the Local Rules of this Court.

### RETENTION OF APPLICANT AND PRIOR COMPENSATION

3. On July 29, 2022 (the "Petition Date"), Free Speech Systems, LLC (the "Debtor" or "FSS") commenced a case by filing a petition for relief under chapter 11, subchapter v, of the Bankruptcy Code (the "Case") with the Court.

4. On August 20, 2022, the Debtor filed its *Application to Employ the Law Offices of Ray Battaglia, PLLC as Bankruptcy Co-counsel Effective as of July 29. 2022* [ECF #84]. On September 20.2022, this Court approved the retention of Applicant as co-counsel for the Debtor (the "Retention Order") (ECF #180).

5.  On September 30, 2022, the Court entered its *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* ("Interim Compensation Order") [ECF # 202] permitting Applicant to receive payment of 80% of fees and 100% of expenses. Pursuant to the Interim Compensation Order, Applicant has received periodic payments on monthly fee statements since the Court entered its Order granting Applicant's First Interim Fee Application [ECF #558] as set forth below:

| Invoice Period | Invoice Number | Fees | Expenses | Invoice Total | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| Mar-23 | 1026 | $ 49,162.50 | $ 869.30 | $ 50,031.80 | $ 40,199.30 | $ 9,832.50 |
| Apr-23 | 1027 | $ 38,065.00 | $ 788.44 | $ 38,853.44 | $ 28,165.75 | $10,687.69 |
| May-23 | 1034 | $ 39,732.50 | $ 2,472.58 | $ 42,205.08 | $ 34,258.58 | $ 7,946.50 |
| Jun-23 | 1040 | $ 37,030.00 | $ 831.34 | $ 37,861.34 | $ - | $37,861.34 |
| **TOTALS:** | | **$163,990.00** | **$ 4,961.66** | **$ 168,951.66** | **$ 102,623.63** | **$66,328.03** |

6.  This is Applicant's second interim application. This Application includes fees and expenses incurred during the entire period of Applicant's engagement from March 1, 2023, through June 30, 2023. Applicant has submitted its June 2023 invoice for payment pursuant to the Interim Compensation Order. Applicant may be paid $30,455.34 for June fees and expenses in accordance with the Interim Compensation Order. Upon receipt of June interim compensation, Applicant will adjust any fees awarded and ordered paid pursuant to this Application accordingly.

7.  These services were rendered, and expenses incurred during Applicant's representation of the Debtor in this case. Applicant believes such fees and expenses were reasonable, necessary, and appropriate, given the circumstances.

### NATURE AND EXTENT OF LEGAL SERVICES PROVIDED

8.  Applicant has provided extensive legal services to the Debtor during the eleven (11) months comprising the Interim Period. Attached to this Application are records of the time keeping

entries during the Interim Period generated by Applicant's personnel who have worked on this engagement (the "<u>Invoice</u>").[2]  These entries provide detailed descriptions of Applicant's services on the Debtor's behalf during the Interim Period.

9. The Invoice also specifies each attorney who provided compensable services during the Interim Period. Specifically, the Invoice identifies the person providing the service, as well as the following: (1) that person's individual billing rate and (2) the total number of hours expended by that person.

10. Applicant has broken down its legal services rendered according to the project categories propounded by the Guidelines of the Office of the United States Trustee. The pertinent project categories are:

- Asset Analysis and Recovery
- Asset Disposition
- Assumption and Rejection of Leases and Contracts
- Avoidance Action Analysis
- Business Operations
- Case Administration
- Claims Administration and Objections
- Employment and Fee Applications
- Fee/Employment Objections
- Financing and Cash Collateral
- Litigation
- Meetings and Communications with Creditors
- Non-working Travel
- Plan of Reorganization
- Relief from Stay Proceedings

---

[2] See **Exhibit A**.

11. The figures for the time and amounts billed per project category cover the Interim Period. The following chart generally describes the services rendered by Applicant to the Debtor in each of the relevant project categories, with more additional detail provided by in *Exhibit A*:

| FEES INCURRED IN INTERIM PERIOD | | |
|---|---|---|
| CATEGORY OF SERVICE | HOURS | FEES |
| Asset Analysis and Recovery | 37.8 | $21,735.00 |
| Asset Disposition | 3.8 | $2,185.00 |
| Assumption and Rejection of Leases and Contracts | 3.4 | $1,955.00 |
| Avoidance Action Analysis | 12.2 | $7,015.00 |
| Business Operations | 46.9 | $40,710.00 |
| Case Administration | 11.5 | $6,612.50 |
| Claims Administration and Objections | 1.4 | $805.00 |
| Employment and Fee Applications | 16.0 | $9,200.00 |
| Fee/Employment Objections | 2.8 | $1,610.00 |
| Financing and Cash Collateral | 14.7 | $8,425.50 |
| Meetings and Communications with Creditors | 18.7 | $10,752.50 |
| Plan of Reorganization | 11.4 | $6,555.00 |
| Litigation | 75.6 | $43,470.00 |
| Relief from Stay Proceedings | 10.1 | $5,807.50 |
| Non-working Travel[3] | 18.9 | $10,867.50 |
| Totals | 285.2 | $163,990.00 |

## REQUEST FOR REIMBURSEMENT OF EXPENSES INCURRED

12. While providing legal services to the Debtor, Applicant incurred certain reasonable and necessary out-of-pocket expenses while representing the Debtor. A detailed record of these

---

[3] Billed at one-half time.

**SECOND INTERIM FEE APPLICATION**                                                                                                                          **PAGE 6 OF 14**

expenses is included in the Invoice. Expenses were billed at actual cost. Applicant does not charge for long distance telephone, outgoing faxes, and in-house charges for copying and postage. Outside copies ($.15 per page) and postage are billed at the rate charged by the vendor. Applicant has made no request for general overhead expenses.

13. Applicant's post-petition expenses are separated into relevant categories as set forth in the table below, with additional detail set forth in *Exhibit A*.

| EXPENSE | AMOUNT |
|---|---|
| Outside printing and mailing | $688.84 |
| Travel - Airfare | $2,978.89 |
| Travel - Hotel | $493.23 |
| Travel - Mileage | $458.50 |
| Travel - Parking | $36.00 |
| Travel - Taxi | $306.20 |
| **Total** | **$4,961.66** |

14. Applicant believes that the expense request is reasonable, appropriate, and necessary and requests that the Court grant it reimbursement for $4,961.66 in reimbursable expenses incurred during the Interim Period by Applicant on the Debtor's behalf.

## FACTORS AFFECTING COMPENSATION

15. Courts recognize that factors other than the number of hours spent and the hourly rate normally charged may be considered in fixing the amount of reasonable attorneys' fees to be awarded in a bankruptcy proceeding. Such factors are set forth in *In re First Colonial Corporation of America*, 544 F.2d 1291 (5th Cir. 1977) and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). One or more of these *Johnson* factors may serve as a basis for enhancing the hourly rate which might otherwise be allowed. *Wolf v. Frank,* 555 F.2d 1213 (5th Cir. 1987). The *Johnson* factors are discussed in further detail below.

A. **Time and Labor Required**. *Exhibit A* lists in detail all the work performed for which compensation is sought. Time entries are broken out by project categories. The date the services were rendered, the individual performing such services, a description of the services, and the time expended are all detailed. Applicant believes that such detail establishes that its request for compensation is reasonable. All the services specified were actual and necessary for the Debtor to perform its statutory duties.

B. **Novelty and Difficulty**. As set forth in greater detail in *Exhibit A*, this case has involved a number of challenging legal and operational issues. This Case involved a subchapter V filing which is somewhat novel in that the case law surrounding such cases is not fully developed. The pending Sandy Hook Litigation presented unique issues and hurdles to overcome to preserve the Debtor's operations and develop a path towards reorganization. Applicant has faced a faced several difficult and complex legal issues, including:

- Devising mechanisms and strategy to enable the Sandy Hook Litigation to continue without interrupting the Debtor's operations in order to prevent diminution of the Debtor's bankruptcy estate or expensive litigation while presenting credible opposition to allow negotiations with the Connecticut and Texas Plaintiffs;
- Advising the Debtor with respect to the Tort Committee Motion, the motion to revoke the Subchapter V chapter 11 election and the uncertainty of issues surrounding Subchapter V of chapter 11;
- Coordinating with the chief restructuring officer ("CRO") to insure timely and accurate filing of monthly operating reports, financial statements and cash collateral budgets and obtaining continued authority to use cash collateral on an interim basis;
- Taking over sole responsibility for representing the Debtor upon disqualification of proposed co-counsel;
- Managing relationships and interim compensation for the Debtor's special litigation counsel;
- Maintaining lines of communication with counsel for the Subchapter V trustee and her counsel as well as all other constituents in the case;
- Negotiating and managing numerous discovery requests from the creditors committee in the Alex Jones chapter 11 case and attending to agreed document production;

- Mediating resolution of
- Addressing the numerous emergencies arising related to the Debtor's daily business operations, fulfillment of orders, procurement of new products, management of inventory, and analyzing with the CRO financial records and projections to determine viable business plans in the context of the chapter 11 case;
- Maintaining the relationship with Alex Jones, the Debtor's vital "on air talent" and negotiating a new employment agreement with Mr. Jones with the complicating factors introduced by his chapter 11 filing and the involvement of his creditors committee;
- Investigate avoidance claims and prepare and serve/file appropriate adversary complaints and demand letters;
- Reaching an interim resolution of certain Texas Plaintiffs' motion for relief from stay to avoid depleting the Debtor's liquidity to pay legal expenses associated with defense of that litigation and the injurious effects on operations of that litigation.

C. **Skill Required to Perform the Legal Services Properly**. Bankruptcy is a specialized area of federal practice, requiring knowledge of the Bankruptcy Code and other related state and federal statutes and precedent. It also requires a working knowledge of a number of other areas of complicated legal issues, many of which were on an expedited basis and required a substantial amount of skill. The Court is familiar with the extensive emergency hearings, from the first-day motions to the motions to approve and modify the use of cash collateral to the motions for relief from stay, among others.

D. **Preclusion of Other Employment**. Applicant is a solo practitioner. Accordingly, representation in this case has limited Applicant's firm's ability to accept other employment. Representation of this Debtor has required a significant amount of Applicant's capacity (900 hours of billable time) over the eleven (11) months the case has been pending. Moreover, due to the frequent emergency hearings Applicant has declined other representations in order to ensure capacity to appear on short notice.

E. **Customary Fee**. The hourly rates for each professional are summarized above and in *Exhibit A* filed in support of this Application. The rates for bankruptcy attorneys reflect the usual

rates charged by the Applicant. The hourly rates requested by Applicant compare favorably with average costs for similar legal services provided by law firms representing debtors in chapter 11 cases involving the level of sophistication required in this case. Applicant's rates are significantly lower than the rates charged by other professionals who have appeared in this case.

      **F.**      **Whether the Fee is Fixed or Contingent**. Applicant's fee is neither fixed nor contingent, other than the contingency of court-allowance and available assets to pay professionals. It is based upon the actual total number of hours worked plus the actual costs incurred.

      **G.**      **Amount Involved and Results Obtained**. *Exhibit A* details Applicant's work during the Interim Period. The dates such services were rendered, the individual performing such services, descriptions of the services and the time expended are all detailed. Applicant believes that such information establishes that its requested compensation is reasonable. As a result of Applicant's efforts during the Interim Period, the Debtor has stabilized its operations and filed its plan of reorganization.

      **H.**      **Experience, Reputation, and Ability of the Attorneys**. Mr. Battaglia has regularly appeared in significant representations over many years, including bankruptcy cases throughout Texas and the United States and has confirmed plans reorganizing over $1.5 billion in claims. Mr. Battaglia has 40 years' experience focusing on bankruptcy matters and has a positive reputation in the business and legal community. He is Board Certified in Business Bankruptcy Law for over 35 years. He is recognized among the best lawyers in Texas by Best Lawyers and by Texas Monthly.

      **I.**      **"Undesirability" of Case**. Representation of the Debtor in this chapter 11 case was undesirable. The Debtor's principal is a controversial figure and the subject of public ire. Further, given the contentious nature of the Sandy Hook Litigation and the underlying claims, even matters

that should be easily agreed are fiercely contested. Upon disqualification of proposed co-counsel, Applicant was unable to locate a firm willing to undertake representation of the Debtor and has been obligated to continue to represent the Debtor without assistance and against the opposition of a number of AmLaw 100 law firms.

  **J.**  **Awards in Similar Cases**. Based on Applicant's experience in the Texas legal market and throughout the country, Applicant's fees are lower than the fees allowed in proceedings of similar scope for the services rendered and results obtained.

## RESULTS OBTAINED

  16.  Applicant offers the following synopsis of its significant efforts on behalf of the Debtor to date:

  a.  **Case Administration** – Applicant guided the Debtor through the administrative aspects of a bankruptcy case. Working with the Debtor, Applicant has overcome obstacles presented by the state of the Debtor's books and records and the replacement of its CRO to insure timely and accurate compliance with its monthly operating reporting requirements and obtained necessary Court approval to ensure post-bankruptcy continuity of operations.

  b.  **Fee/Employment Applications and Objections** – Applicant has prosecuted applications to employ special counsel necessary to prosecute appeals of state court judgments. In addition to applications to retain professionals for the Debtor, numerous applications have been filed for the retention of professionals for the Subchapter V trustee as well as professionals in a related bankruptcy case. Applicant manages the relationships with the special counsel and assists in processing their compensation in conformity with existing rules and orders governing this case.

  Applicant successfully negotiated and prosecuted a 9019 settlement with disqualified

professionals to resolve their compensation issues. The settlement was opposed by multiple parties.

    c.    **Assumption and Rejection of Leases and Contract** – Applicant has filed and prosecuted multiple motions to reject certain contracts and leases no longer necessary to the Debtor's operations. Applicant has also analyzed other contracts and leases and attended to termination under the terms of the contracts.

    d.    **Business Operations** – The Debtor has taken significant measures to modify the manner it conducts business. Applicant has assisted the Debtor in evaluating existing and prospective business opportunities and has negotiated with counterparties regarding inventory purchasing, marketing contracts, and credit card processing, among others. Applicant has assisted the Debtor in a wide range of business matters including employment agreements, vendor relationships and contracts, and intellectual property matters.

    e.    **Financing and Cash Collateral** - These services primarily relate to the Debtor's requests for use of cash collateral. As the result of these services, the Debtor was able to obtain use of cash collateral on an interim basis and continuing through thirteen interim cash collateral orders.

    f.    **Litigation** – A significant portion of the services provided by Applicant to the Debtor was related to the Sandy Hook Litigation and reflected in the Litigation and Relief from Stay Proceedings, and to a significant degree in the Fee/Employment Applications categories. As the result of these services the Debtor was able to obtain or agree to modification of the automatic stay to allow certain of the Texas Plaintiffs relief from the stay under limited circumstances and in the alternative to arrive at a proposed consensual claim in order to avoid the expense and opportunity costs of a contested hearing on the matters. Applicant defeated an effort by the Sandy Hook parties

to revoke the subchapter V designation. Applicant has represented the Debtor in connection with stay relief motions filed by other secured creditors. Applicant has evaluated and responded to a myriad of 2004 requests and requests for production of documents by the creditors committee in the Alex Jones chapter 11 case.

      g.    **Meetings and Communications with Creditors** – Applicant has attempted to maintain open lines of communication with all constituents. Applicant has communicated on a regular basis with the U.S. Trustee's office, the Subchapter V Trustee, as well as counsel for PQPR, Alex Jones and counsel for the Sandy Hook Plaintiffs.

      h.    **Plan**–Applicant drafted a detailed Plan of Reorganization and analyzed the financial projections central to the Plan. During the Interim Period, Applicant has participated with the CRO in refining the financial projections to account for certain contingencies and has identified income tax issues which need to be addressed in an amendment to the Plan.

    17.    Other bankruptcy practitioners involved in cases of comparable size and complexity regularly charge hourly rates ranging from $600 to over $900 per hour. Applicant's approved hourly rate at $575 in this case is meaningfully lower than the lowest rate in that range. Based upon the services described and the results obtained, the fees requested in this Application are fair and reasonable.

## CONCLUSION

    18.    Pursuant to this Interim Application, Applicant seeks approval on an interim basis of (i) compensation in the total sum of $163,990.00 and (ii) reimbursement of expenses in the total sum of $ $4,961.66. Applicant requests interim approval and payment of all approved, accrued, and unpaid fees and expenses for the Interim Period.

## PRAYER

WITSEFORE, Applicant respectfully prays that the Court enter an order (i) approving this Interim Application; (ii) allowing, on an interim basis, the reasonable attorney fees and expenses claimed herein as allowed administrative expenses of the Debtor's estate; (iii) authorizing and directing the Debtor to promptly pay the remaining balance of approved amounts to Applicant; and (iv) granting such other and further relief to which Applicant is justly entitled.

Respectfully submitted July 25, 2023.

THE LAW OFFICES OF RAY BATTAGLIA, PLLC.
66 Granburg Circle
San Antonio, Texas 78218
Telephone (210) 601-9405
Email: rbattaglialaw@outlook.com


By:  */s/ Raymond W. Battaglia*
Raymond W. Battaglia
Texas Bar No. 01918055

**ATTORNEYS FOR FREE SPEECH SYSTEMS, LLC.**


## CERTIFICATE OF SERVICE

On July 25, 2023, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system, as set forth below. I further certify that it has been transmitted by first class mail to the parties on the attached service list.

*/s/ Raymond W. Battaglia*