# AJ - 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § | |
| § | Case No. 22-60043 |
| FREE SPEECH SYSTEMS, LLC., § | Chapter 11 (Subchapter V) |
| § | |
| Debtor. § | |

### ORDER (A) AUTHORIZING EMPLOYMENT OF PATRICK MAGILL AS CHIEF RESTRUCTURING OFFICER, (B) AUTHORIZING EMPLOYMENT OF STAFF OF MAGILL PC IN DISCHARGE OF DUTIES AS CHIEF RESTRUCTURING OFFICER, AND (C) GRANTING RELATED RELIEF

Upon the *Debtor's Application for Order (A) Authorizing Employment of Patrick Magill as Chief Restructuring Officer, (B) Authorizing Employment of Staff of Magill, PC in Discharge of Duties as Chief Restructuring Officer, and (C) Granting Related Relief* (the "Application")[1]; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Application is granted, to the extent set forth herein.

2. In accordance with Bankruptcy Code §§ 327(a), 328 and 330 and Bankruptcy Local Rule 2014-1, the Debtor is authorized to employ and retain Magill, effective as of the Petition

---

[1] Capitalized terms used by not otherwise defined in this Order shall have the meanings ascribed to such terms in the Application.

Date, as its chief restructuring officer (the "CRO"), under the terms and conditions set forth in the Application and the Engagement Agreement attached to the Application as Exhibit A thereto, as modified herein.

3. Notwithstanding anything else in this Order, the Motion, the Debtor's corporate governance documents, or any exhibits and attachments to any of the foregoing, during the pendency of this chapter 11 case:

    a. Subparagraph 9 of the Engagement Agreement, attached as Exhibit A to the Motion, is modified to strike the second sentence.

    b. Subparagraph 17 of the Engagement Agreement, attached as Exhibit A to the Motion, is modified to read as follows: "Make business decisions on behalf of FSS as necessary or required, utilizing the CRO's business judgment in aid of the restructuring."

    c. The CRO shall report to the member(s) of the Debtor. This Order does not remove or displace any member of the Debtor under the Company Agreement of Free Speech Systems, LLC.

4. The CRO shall hold confidential any material, non-public information of or pertaining to FSS and/or Jones delivered to the CRO, except to the extent that such information and the person to whom such information is disclosed are subject to a protective order that is entered in these Chapter 11 Case or (i) as otherwise required to be disclosed pursuant to an order of the court or (ii) for use in the ordinary course of Debtor's business.

5. The compensation to be paid to Magill P.C. and J. Patrick Magill shall be a flat rate of $50,000 per month, payable semi-monthly in the amount of $25,000 and shall constitute an administrative expense of Debtor's estate.

6.  Magill PC and J. Patrick Magill shall not be required to file fee applications or Monthly Fee Statements.

7.  The CRO and Firm will review their files periodically during the pendency of the Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the CRO and Firm will use reasonable efforts to identify such further developments and will promptly file a supplemental Declaration, as required by Fed. R. Bankr. P. 2014(a).

8.  To the extent the Application, the Magill Declaration, or the Engagement Agreement is inconsistent with this Order, the terms of this Order shall govern.

9.  The Debtor, the CRO, and Firm are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: October 13, 2022

_____
Christopher Lopez
United States Bankruptcy Judge