United States Bankruptcy Court
Southern District of Texas

**ENTERED**

March 27, 2023

Nathan Ochsner, Clerk

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 22-60043** |
| **FREE SPEECH SYSTEMS, LLC.,** | § | **Chapter 11 (Subchapter V)** |
| | § | |
| Debtor. | § | |

## TENTH INTERIM ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL AND PROVIDING PARTIAL ADEQUATE PROTECTION

On July 29, 2022, the above-captioned debtor and debtor-in-possession (the "Debtor" or "FSS") in the above-captioned chapter 11 case (the "Case"), filed its *Emergency Motion for an Interim and Final Order (I) Authorizing the Use of Cash Collateral Pursuant to sections 105, 361, and 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b) and (II) Granting Adequate Protection to the Pre-Petition Secured Lender* (the "Motion"). In the Motion, the Debtor requested, *inter alia*, entry of an interim order pursuant to Sections 105, 361, and 363 of title 11 of the United States Code,11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and in accordance with Rules 2002, 4001,and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor's use of Cash Collateral (as hereinafter defined), as set forth herein. The Court held an interim hearing on the Motion on August 3, 2022 (the "Interim Hearing") and entered an order approving the interim use of cash collateral. (the "First Interim Order"). The Court has subsequently conducted periodic hearings extending authority to use cash collateral on an interim basis. This order is the tenth interim order ("Tenth Interim Order"), negotiated between the Debtor, PQPR and certain tort claimants pursuing litigation against the Debtor and others in Texas and Connecticut (the "Tort Plaintiffs"). The Debtor and the Tort Plaintiffs reserve all rights relating to a final hearing on the use of cash collateral. The findings contained in the First Interim Order are incorporated by reference.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.    Interim Use. The Court approves the interim use of cash collateral as set forth herein.

PQPR-17

2.     <u>Interim Order</u>. This Order shall be considered an interim cash collateral order and shall be binding upon all parties and upon all subsequently appointed court officers, including any trustee appointed in the Case under Chapter 7 or Chapter 11 of the Bankruptcy Code.

3.     <u>DIP Account</u>. The Debtor shall maintain debtor in possession ("<u>DIP</u>") accounts at Axos Bank which accounts shall contain all operating revenues and any other source of cash constituting Cash Collateral, which is (or has been) generated by and is attributable to the Debtor's business (the "<u>DIP Account</u>").  All cash generated by the Debtor or from the Debtor's business or assets, including any cash held in any of the Debtor's pre-petition bank accounts, shall be immediately transferred by the Debtor to the DIP Account. The Debtor shall be prohibited from withdrawing or using Cash Collateral funds from the DIP Account except as provided for in the Budget, this Order, or pursuant to further order of the Court.

4.     <u>Terms of Cash Collateral Use</u>. The Debtor is hereby authorized to use Cash Collateral during the period covered by thisTenth Interim Order (the "<u>Interim Period</u>") to pay the items set forth in the revised Budget attached to this Order as Exhibit A, and up to the respective aggregate amount of disbursements set forth in the Budget for any week during the Interim Period, subject to the Permitted Variance (as hereinafter defined). The Permitted Variance shall be defined as 10% per line item and 20% of the overall Budget. The Debtor shall not use, sell, or expend, directly or indirectly, the Cash Collateral except pursuant to the Budget and upon the terms and conditions set forth in this Order.

5.     <u>No Payments to Insiders</u>. Other than as provided for in the Budget, the Debtor shall not make any payment to or for the benefit of any insider of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code.  Other than as provided for in the Budget, no payments to any insider during the Interim Period shall exceed $10,000.

6.     <u>Payment to PQPR for Inventory Purchase</u>. The (i) rights of Creditors and parties in interest to object to the appropriateness of post-petition payments to PQPR for Inventory Purchases and file pleadings with the Court seeking to clawback the PQPR Payment as set forth in the First and Second Interim Cash Collateral Orders are fully preserved by this Order and (ii) the Debtor shall provide notice to creditors and

parties in interest upon the upon payment in full of the $500,000 inventory purchase payment to PQPR originally scheduled to be paid in the Second Interim Cash Collateral Order and the time for objections to that payment shall expire 30 days following the date the notice of final payment is filed with the Court.

7.      Further Authorization.  The Debtor is hereby authorized to enter into all agreements pursuant to the terms of this Order necessary to allow the Debtor to use Cash Collateral subject to the terms of this Order in the amounts and for the expenses set forth on the Budget. The Debtor is authorized to collect and receive all accounts receivable and other operating revenues and immediately deposit same in the DIP Account.

8.      Taxes.  Nothing in this Order shall be construed to grant PQPR (the "Pre-Petition Lender") liens which are senior to pre- and post-petition statutory ad valorem real property tax liens. The Debtor shall remain current in all post-petition tax payments and reporting obligations, including, but not limited to, all ad valorem real property taxes and federal trust fund taxes.

9.      Adequate Protection – Replacement Liens.  The adequate protection and related carve out set forth in the First Second Third and Fourth Interim Orders are incorporated in the Tenth Interim Order.

10.      Subsequent Modification of Order. If any or all of the provisions of this Order are hereafter modified, vacated or stayed, such modification, vacation or stay shall not affect the validity of any obligation, indebtedness or liability incurred by the Debtor from the Petition Date through the effective date of such modification, vacation or stay, or the validity or enforceability of any security interest, lien or priority authorized or created by this Order.

11.      Credit Card Processing. The Debtor is authorized to remit fulfillment costs as provided in the Fulfillment Agreement previously approved by this Court's *Order Granting Emergency Motion for Entry of Order Authorizing Debtor to Enter into Fulfillment Agreement* [Dkt. No. 286] from the daily settlement contemporaneously with the distributions to FSS and PQPR.  Proceeds received by FSS for sales of PQPR inventory shall be held by FSS in trust pending distribution to PQPR by FSS.

12.      Reporting. The Debtor shall report each Thursday for the preceding calendar week reflecting weekly sales and disbursement of the proceeds of those sales.  A copy of the report shall be forwarded to the

PQPR-17

U.S. Trustee, the Subchapter V Trustee, counsel for PQPR and Jarrod Martin as a representative of the Tort Plaintiffs.

13.     Reservation of Rights. Nothing herein shall constitute a finding or ruling by this Court that any alleged and disputed lien or alleged and disputed security interest held by the alleged Pre-Petition Lender in respect of the purported PQPR Notes (as defined in the Motion) is valid, senior, enforceable, prior, perfected, or nonavoidable. Moreover, nothing herein shall prejudice the rights of any party-in-interest, including but not limited to the Debtor, any official committee appointed in the Chapter 11 Case or any other creditor, to challenge the validity, priority, enforceability, seniority, avoidability, perfection, or extent of any alleged and disputed lien or alleged and disputed security interest held by the alleged Pre-Petition Lender in respect of the purported PQPR Notes.

14.     Final Cash Collateral Hearing: A further interim hearing on the Motion shall be held before this Court on April 28, 2023, at 1:00 p.m.. Central time.

Signed:  March 27, 2023

_____
Christopher Lopez
United States Bankruptcy Judge



**CURRENT 4 WEEK BUDGET**

| | 4/01/2023-4/7/2023 Week Number 14 | 4/8/2023-4/14/2023 15 | 4/15/2023-4/21/2023 16 | 4/22/2023-4/28/2023 17 | Total | NOTES |
|---|---|---|---|---|---|---|
| **Income** | | | | | | |
| Product Sales  (Net of 7.0% Merchant Fee) | $ 395,000.00 | $ 385,000.00 | $ 395,000.00 | $ 385,000.00 | $ 1,560,000.00 | Net of 7.0% CC Merchant fees.  Includes Shipping Fees and Sales Tax but excludes any PQPR / ESG related sales |
| New Product Initiative | 85,000.00 | 105,000.00 | 115,000.00 | 120,000.00 | 425,000.00 | Drop Ship vendor for Meals Ready to Eat, gross sales |
| Point of Sales Revenue | 105,000.00 | 105,000.00 | 105,000.00 | 105,000.00 | 420,000.00 | Fulfillment Vendor Product Sales |
| Platinum / PQPR Commission | 55,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 280,000.00 | Net of 50% payment to PQPR and 80% to ES( |
| Donations | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 14,000.00 | |
| **Total Income** | **643,500.00** | **673,500.00** | **693,500.00** | **688,500.00** | **2,699,000.00** | |
| | | | | | | |
| **Selling & Product Costs** | | | | | | |
| Inventory Purchases | - | (87,500.00) | - | (93,750.00) | (181,250.00) | |
| New Product Initiative | - | (63,000.00) | (80,500.00) | (84,000.00) | (227,500.00) | Payments to Meal Ready to Eat Vendor |
| Point of Sale Product Cost | (42,000.00) | (42,000.00) | (42,000.00) | (42,000.00) | (168,000.00) | Fulfillment Vendor product costs |
| Fulfillment Services | (50,362.50) | (49,087.50) | (50,362.50) | (49,087.50) | (198,900.00) | Fulfillment Vendor shipping and handling costs |
| Texas Sales Tax (20% of Sales @ 6.25%) | (4,937.50) | (4,812.50) | (4,937.50) | (4,812.50) | (19,500.00) | |
| **Total Cost of Goods Sold** | **(97,300.00)** | **(246,400.00)** | **(177,800.00)** | **(273,650.00)** | **(795,150.00)** | |
| | | | | | | |
| **Operating Expenses** | | | | | | |
| **Advertising & Promotion** | | | | | | |
| Print Media | - | (3,000.00) | (3,000.00) | - | (6,000.00) | |
| Radio Show Advertising | - | - | - | (14,760.00) | (14,760.00) | |
| **Total Advertising & Promotion** | **-** | **(3,000.00)** | **(3,000.00)** | **(14,760.00)** | **(20,760.00)** | |
| | | | | | | |
| **Computer/IT/IP Expense** | | | | | | |
| Internet & TV services | (2,500.00) | (1,750.00) | (2,000.00) | (2,500.00) | (8,750.00) | |
| Server Hosting  / Cloud Service / Ecomm | (90,000.00) | (15,000.00) | (35,000.00) | (10,000.00) | (150,000.00) | |
| Satellite Service | (140,000.00) | (15,000.00) | (15,000.00) | (10,000.00) | (180,000.00) | |
| Telecommunications | (18,500.00) | (2,000.00) | (5,000.00) | (5,000.00) | (30,500.00) | |
| Image License, Software & Other | - | (10,000.00) | - | (10,000.00) | (20,000.00) | |
| **Total Computer/IT/IP Expense** | **(251,000.00)** | **(43,750.00)** | **(57,000.00)** | **(37,500.00)** | **(389,250.00)** | |
| | | | | | | |
| **Office & Administrative Expense** | | | | | | |
| Bank Fees & Service Charges | (200.00) | (200.00) | (200.00) | (200.00) | (800.00) | |
| Insurance | (7,500.00) | - | - | - | (7,500.00) | Liability and property, we don't have current Workers Comp policy |
| Rent | (52,000.00) | - | - | - | (52,000.00) | |
| Utilites | (3,100.00) | (800.00) | - | - | (3,900.00) | |
| Janitorial | (3,500.00) | - | - | - | (3,500.00) | |
| Office Security | (5,500.00) | (7,500.00) | (5,500.00) | (7,500.00) | (26,000.00) | |
| Repair & Maintenance | - | - | (5,000.00) | - | (5,000.00) | |
| Supplies/Printing/Copy | (1,000.00) | (1,000.00) | (2,000.00) | (1,000.00) | (5,000.00) | Includes Konica Minolta copier lease |
| Business Meals | (400.00) | (400.00) | (400.00) | (400.00) | (1,600.00) | |
| **Total Office & Administrative Expense** | **(73,200.00)** | **(9,900.00)** | **(13,100.00)** | **(9,100.00)** | **(105,300.00)** | |
| | | | | | | |
| **Personnel Expenses** | | | | | | |
| Salaries & Wages & Benefits | (149,500.00) | - | (149,500.00) | - | (299,000.00) | |
| Payroll Tax | (13,560.00) | - | (13,560.00) | - | (27,120.00) | |
| Contract Employees | (49,450.00) | (9,450.00) | (4,450.00) | (4,450.00) | (67,800.00) | |
| Consulting Services | (3,000.00) | (2,500.00) | (3,000.00) | (2,500.00) | (11,000.00) | HR and Bookeeping Fees |
| Alex Jones Salary | (20,000.00) | - | (20,000.00) | - | (40,000.00) | |
| **Total Personnel Expenses** | **(235,510.00)** | **(11,950.00)** | **(190,510.00)** | **(6,950.00)** | **(444,920.00)** | |
| | | | | | | |
| **Travel** | | | | | | |
| Mileage/Parking/Tolls | (100.00) | (100.00) | (100.00) | (100.00) | (400.00) | |
| Vehicle Rental / Leases | - | (500.00) | - | (500.00) | (1,000.00) | |
| **Total Travel Expenses** | **(100.00)** | **(600.00)** | **(100.00)** | **(600.00)** | **(1,400.00)** | |
| | | | | | | |
| **Total Operating Expenses** | **(559,810.00)** | **(69,200.00)** | **(263,710.00)** | **(68,910.00)** | **(961,630.00)** | |
| | | | | | | |
| **Non-Operating Expenses** | | | | | | |
| Payment to PQPR | (5,000.00) | (5,000.00) | (5,000.00) | (5,000.00) | (20,000.00) | Weekly adequate protection payment |
| **Total Other Expenses** | **(5,000.00)** | **(5,000.00)** | **(5,000.00)** | **(5,000.00)** | **(20,000.00)** | |
| | | | | | | |
| **Professional Fees** | | | | | | |
| CRO Fees | - | - | - | (50,000.00) | (50,000.00) | |
| Trustee Fees | - | - | - | (20,000.00) | (20,000.00) | |
| Trustee Counsel | - | - | - | (20,000.00) | (20,000.00) | |
| Legal Fees - Revnal | - | - | (15,000.00) | - | (15,000.00) | |
| Legal Fees - Appeal Counsel | - | - | (25,000.00) | - | (25,000.00) | |
| Ray Battaglia | - | (87,626.00) | - | - | (87,626.00) | |
| **Total Professional Fees** | **-** | **(87,626.00)** | **(40,000.00)** | **(90,000.00)** | **(217,626.00)** | |
| | | | | | | |
| **Total Cash Flow** | **(18,610.00)** | **265,274.00** | **206,990.00** | **250,940.00** | **704,594.00** | |
| | | | | | | |
| **Ending Cash** | **581,390.00** | **846,664.00** | **1,053,654.00** | **1,304,594.00** | | |



EXHIBIT

A

PQPR-17