# EXHIBIT 6

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS, LLC, | ) Case No. 22-60043 (CML) |
| Debtor. | ) |
| In re: | ) Chapter 7 |
| ALEXANDER E. JONES, | ) Case No. 22-33553 (CML) |
| Debtor. | ) |

**CONNECTICUT FAMILIES'**
**STATEMENT IN SUPPORT OF TRUSTEE'S EMERGENCY MOTION**

The Connecticut Families,[1] as creditors and parties in interest in the above-captioned cases (the "FSS Case" and the "Jones Case"), file this statement (this "Statement") in support of the *Trustee's Emergency Motion to (1) Clarify Transfer of Control and Signing Authority With Respect to Debtor's Bank Accounts, (2) for an Order Extending Automatic Stay in the Alex Jones Case to Free Speech Systems LLC, and (3) Related Relief* (the "Motion") [Case No. 22-33553 (the "Jones Docket"), No. 720]. In support of the Motion, the Connecticut Families respectfully state as follows:

---

[1] The "Connecticut Families" are Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Erica Ash.

**Statement**

1.  The Connecticut Families support the Motion and the Chapter 7 Trustee's[2] efforts to secure an orderly liquidation of Free Speech Systems, LLC ("FSS") and an equal distribution of its assets among all of the Sandy Hook Families.[3]

2.  At the hearing before this Court[4] on June 14, 2024, the Connecticut Families raised the concern that dismissal of the FSS Case would precipitate a "race to the courthouse" and risked a "winner take all" outcome that was inconsistent with the Bankruptcy Code's preference for equitable distributions among creditors. Counsel for the Texas Families[5] expressed significant "surprise" that the Connecticut Families had these concerns,[6] asserted that they had worked cooperatively with the Connecticut Families in the past, and represented that any concern over a race to the courthouse was overblown because the Texas Families "invited" the Connecticut Families to continue to work collaboratively together.[7] Counsel for the Texas Families also represented that the Texas Families supported dismissal, rather than an orderly liquidation of FSS's assets in chapter 7, so that FSS could continue operating and generate additional cashflow.[8]

---

[2] The "Chapter 7 Trustee" refers to the chapter 7 trustee appointed in the Jones Case.
[3] The "Sandy Hook Families" refers to the Connecticut Families and the Texas Families (as defined herein).
[4] This "Court" refers to the United States Bankruptcy Court for the Southern District of Texas.
[5] The "Texas Families" are Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and the Estate of Marcel Fontaine.
[6] *See* June 14, 2024 Hr'g Tr. at 178:15–17 ("Now, I have to admit, I'm very surprised about all this race to the courthouse stuff that we've been hearing today, Judge. It's the first I've ever heard of it."); *id.* at 185:3–5 ("[S]hocked to hear about the race to the courthouse talk from Connecticut.").
[7] *See, e.g.*, June 14, 2024 Hr'g Tr. 179:9–13 ("We invite Connecticut to be part of [the collections] process."); *id.* at 179:14–15 ("We're open to working together with Connecticut. I invite them to do so."); *id.* at 181:17–19 ("And we're going to collect, hopefully in tandem with Connecticut, in a sustainable way, in a way that maximizes the value."); *id.* at 186:21–24 ("[W]e're asking for the ability to put our destiny in our own hands, work with Connecticut and pursue some sort of collections in a dismissal.").
[8] *See, e.g.*, June 14, 2024 Hr'g Tr. 178:12–14 (stating that it is in creditors' best interests that "FSS continue as a going concern, so that the Creditors can collect"); *id.* at 182:18-21 ("What matters is, are you going to get more money for these creditors selling FSS for scraps? Or are you going to get more collecting from an ongoing business, Judge?"); *id.* at 181:17-19 (going to collect "in a sustainable way, in a way that maximizes the value.").

3. Unfortunately, these representations quickly proved false. Only a couple ***hours after*** this Court's entry of an order dismissing the FSS Case, the Texas Families, without ***any notice*** to the Connecticut Families, ***immediately*** sought the turnover of ***all*** of FSS's property to the Texas Families for their sole benefit—a result that would leave the Connecticut Families with no recovery at all from FSS. Even worse, two hours after the Texas Families filed their motion, the Texas state court, without the benefit of context or apparent knowledge of substance of this Court's orders, purported to grant such relief, without affording FSS, its owner, the Chapter 7 Trustee, or the Connecticut Families the opportunity to be heard. Contemporaneously, the Texas Families also sought a writ of garnishment in Texas state court to attempt to seize FSS's cash and other assets. The Texas Families' actions were precisely what they had told the Court and the Connecticut Families they would not do just days earlier.

4. To be clear, the Connecticut Families support an orderly liquidation of FSS's assets and *pro rata* distributions among FSS's creditors that hold valid claims. The Texas Families, quite clearly, do not have the same goals. Rather, they seek preferential treatment and outsized recoveries by attempting to win the very race to the courthouse that they claimed to eschew on June 14. Indeed, by their filings in Texas state court, it is the stated preference of the Texas Plaintiffs that ***all assets of FSS*** be turned over for their exclusive benefit—and that the Connecticut Families receive no recovery at all from FSS. This Court found that dismissal was in the best interest of FSS's creditors ***as a whole*** and thus should not condone the Texas Families' disruptive efforts to force the overwhelming majority of FSS's creditors to face the prospect of having ***no recovery at all***.

5. These actions, if allowed to continue, would have substantial—if not disastrous—impacts beyond the unequal distribution of FSS's assets to creditors. This Court has converted the

3

Jones Case to a case proceeding under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), and the Chapter 7 Trustee has been appointed in the Jones Case.  *See Order Converting Debtor's Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code* [Jones Docket No. 708]; *Notice of Appointment of Chapter 7 Trustee* [Jones Docket No. 709].  As the Motion makes clear, if the Texas Families' actions are not stopped, they will significantly impede the Chapter 7 Trustee's ability to effectuate an orderly, equitable, and value-maximizing winddown of the estate of Alexander E. Jones ("Jones").  Because this "value-destructive money grab" should be stopped immediately, the Connecticut Families support the relief requested by the Motion.  *See* Mot. ¶ 5.

6.  Conversion of the Jones Case immediately vested in the Chapter 7 Trustee all non-exempt property of the Jones estate.  Accordingly, the Chapter 7 Trustee now holds 100% of the equity interests in FSS, and, as owner and soon to be manager of FSS, "has a fiduciary duty to the creditors of FSS in addition to his fiduciary duties as the chapter 7 trustee of the Alex Jones creditors." Mot. ¶ 15 n.7.  For one subset of FSS's creditors to simply remove ***all*** of the assets of FSS and "garnish" its bank accounts would, necessarily, gut the responsibilities of the Chapter 7 Trustee and forestall other creditors' ability to recover ***any*** distributions from the most valuable asset of the Jones estate.  The Connecticut Families submit that this would undermine the very protections that converting the Jones Case and appointing the Chapter 7 Trustee were intended to provide to Jones's creditors, and would prevent the Chapter 7 Trustee from effectuating his mandate.  The Texas Plaintiffs seek an outcome where creditors holding less than 5% of the liquidated claims against FSS and Jones would be entitled to recover 100% of the value of FSS, which is Jones's most valuable asset.  That would be the most disastrous end possible to a

4

bankruptcy that lasted *two years*, and was certainly not what the Texas Families represented would happen upon dismissal at the June 14th hearing.

7. Further, as described in the Motion, the Texas Families' actions directly contravene this Court's *Order Dismissing Case* (the "Dismissal Order") [Case No. 22-60043 (the "FSS Docket") No. 956], granting a remedy that the Texas Families supported. The Dismissal Order authorizes FSS's chief restructuring officer to "transfer control and signing authority with respect to the Debtor's bank accounts to Christopher R. Murray in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Alexander Jones." Dismissal Order ¶ 2. Accordingly, the Dismissal Order contemplates that *the Chapter 7 Trustee* will be responsible for FSS's assets—including the very same bank accounts that the Texas Families are attempting to assert control over through their application for a writ of garnishment. The Texas Families' attempts to usurp this Court's Dismissal Order, purely for their own economic self-interest, should be stopped.

8. Moreover, the Texas Families' actions directly contradict their express representations to this Court at the June 14 hearing. At that hearing, and in their Texas Families' Statement Supporting Dismissal, the Texas Families based their support of dismissal of the FSS Case on their purported belief that FSS's continued operation as a going concern would be value maximizing for all creditors. *See e.g.*, Texas Families' Statement Supporting Dismissal ¶ 12 ("[D]ismissing FSS provides more value for the estate and its creditors. Creditors' recoveries in a chapter 7 conversion will amount to crumbs compared with potential recovery the creditors stand to gain from FSS post-dismissal."); *see also* June 14, 2024, Hr'g Tr. at 181:16–19 ("And we're going to collect, hopefully in tandem with Connecticut, in a sustainable way, in a way that maximizes the value."). Instead, their actions now "threaten the ongoing business of FSS," and would "throw the business into chaos." Mot. ¶¶ 4, 6.

5

9. Accordingly, the Connecticut Families, like the Chapter 7 Trustee, believe it is critical that the automatic stay in the Jones Case be extended to protect FSS's assets, and to prevent further gamesmanship. Unfortunately, the Texas Families' self-serving actions threaten to destroy remaining value, prevent the Chapter 7 Trustee from pursuing an orderly winddown for the benefit of *all creditors*, and turn the legacy of this case into fundamental unfairness. The Connecticut Families request that the Court enforce the letter and the spirit of its prior rulings in the manner requested by the Chapter 7 Trustee.

Dated: June 24, 2024                                  Respectfully submitted,

                                              */s/ Ryan E. Chapple*
**CAIN & SKARNULIS PLLC**
Ryan E. Chapple
State Bar No. 24036354
303 Colorado Street, Suite 2850
Austin, TX 78701
Telephone: (512) 477-5000
Fax: (512) 477-5011
E-mail: rchapple@cstrial.com

**KOSKOFF KOSKOFF & BIEDER, PC**
Alinor C. Sterling (admitted *pro hac vice*)
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone: (203) 336-4421
E-mail: asterling@koskoff.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Kyle J. Kimpler (admitted *pro hac vice*)
Paul Paterson (admitted *pro hac vice*)
Leslie Liberman (admitted *pro hac vice*)
Vida Robinson (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
E-mail: kkimpler@paulweiss.com
         ppaterson@paulweiss.com
         lliberman@paulweiss.com
         virobinson@paulweiss.com

*Co-Counsel to the Connecticut Families*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been served on counsel for the Debtor, the Debtor, and all parties receiving or entitled to notice through CM/ECF on this 24th day of June, 2024.

>   */s/ Ryan E. Chapple*
>   Ryan E. Chapple