# EXHIBIT 7

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re<br>Alexander E. Jones,<br>　　　　Debtor, | Bankruptcy<br>Case No. 22-33553(CML)<br><br>Chapter 7 |
| In re<br>Free Speech Systems LLC,<br>　　　　Debtor, | Bankruptcy<br>Case No. 22-60043 (CML)<br><br>Chapter 11 |

**THE TEXAS PLAINTIFFS' RESPONSE TO THE
JONES CHAPTER 7 TRUSTEE'S EMERGENCY MOTION**

The Texas Plaintiffs respond to the *Trustee's Emergency Motion to (1) Clarify Transfer of Control and Signing Authority With Respect to Debtor's Bank Accounts, (2) For an Order Extending Automatic Stay in the Alex Jones Case to Free Speech Systems LLC, and Related Relief*[1] (the "Motion") and request that the Court deny the Motion and confirm that the Jones Chapter 7 Trustee must comply with lawful orders concerning FSS's property.

**INTRODUCTION**

At the June 14th hearing, the Court was asked to decide whether to convert the Free Speech bankruptcy to a Chapter 7 or dismiss the case to let the parties pursue their state-court remedies. The Texas Plaintiffs urged the Court to dismiss the case so that creditors could pursue those remedies in state court, avoiding the expense and delay of a liquidating bankruptcy. The Court

---

[1] *In re Alexander E. Jones*, Case No. 22-33553 ("Jones Docket") [Docket No. 720]; *In re Free Speech Systems, LLC* ("FSS Docket"), Case No. 22-60043 [Docket No. 957].

agreed and dismissed the FSS Case.[2] At the hearing, the Court explained: "I think creditors are better served by pursuing their state court rights. They all have them, nothing is being discharged. Nothing is being affected by the case."[3] The same day, with the support of all parties, the Court converted Alex Jones's personal bankruptcy to Chapter 7. Together, the cases were set on a path forward: FSS would be out of bankruptcy so creditors could exercise their rights in state court; Jones would convert to a Chapter 7 liquidation.

Now, the Chapter 7 Trustee of *Jones's* personal bankruptcy asks the Court to permit *him* to "conduct an orderly wind-down" and liquidation *of FSS*. But the Court already declined to order such a bankruptcy-court-supervised liquidation. The relief the Jones Chapter 7 Trustee seeks in the Motion contradicts the Court's dismissal of FSS and the reasons for it.

In its dismissal order, the Court assuaged the parties' concerns that Jones might pilfer FSS's bank accounts by transferring "control and signing authority with respect to the Debtor's bank accounts to Christopher R. Murray in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Alexander Jones, Case No. 22-33553."[4] While this solution stops Jones from stealing from FSS, it doesn't anoint the Jones Chapter 7 Trustee as FSS's manager or grant him the powers of a Chapter 7 trustee *of FSS*. Nor does it empower the Jones Chapter 7 Trustee to avoid an order from a state court requiring FSS to turn over its property. The Texas Plaintiffs obtained such an order after the FSS bankruptcy was dismissed.[5] And now the Jones Chapter 7 Trustee seeks a stay over FSS and that the state court's order be ignored. This relief undermines this Court's Dismissal Order and the state court's order enforcing its final judgment. The Motion should be denied.

---

[2] *See* FSS Docket, *Order Dismissing Case* [Docket No. 956] (the "Dismissal Order").

[3] *See* June 14, 2024 Hrg Tr. at 202:24-203:2.

[4] Dismissal Order, ¶ 2.

[5] *See* Ex. A, Executed Turnover Order.

## BACKGROUND

1. On July 29, 2022, FSS filed a voluntary petition for relief under chapter 11, subchapter V, of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas. The Subchapter V Trustee was appointed on August 2, 2022, and on September 20, 2022 the Court expanded the Subchapter V Trustee's duties under section 1183(b)(2).

2. On December 2, 2022, Jones filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Then, on June 14, 2024, Jones's Chapter 11 case was converted to a case under Chapter 7 of the Bankruptcy Code.[6]

3. That same day, the Court decided to dismiss the FSS case instead of converting it. On June 21, 2024, this Court entered the Dismissal Order dismissing FSS's case. The Dismissal Order provided that "[t]he CRO is authorized to transfer control and signing authority with respect to [FSS's] bank accounts to Christopher R. Murray in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Alexander Jones, Case No. 22-33553." The Dismissal Order did not give the Jones Chapter 7 Trustee "control and signing authority" with respect to anything other than FSS's "bank accounts." It merely authorized, but did not direct, the CRO to transfer control of FSS's "bank accounts." It did not, for example, vest the Jones Chapter 7 Trustee with control over FSS's equity, other assets, or operations. Nor did it require or even permit the Jones Chapter 7 Trustee to take control of FSS itself. Rather, to ensure that Alex Jones did not take control of the FSS bank accounts, the parties agreed the CRO could give the Jones Chapter 7 Trustee temporary control over those bank accounts until creditors could enforce their rights under state law.

---

[6] *See* Jones Docket, *Order Converting Debtor's Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code* [Docket 708].

4. Shortly after the Court dismissed the FSS bankruptcy, Texas Plaintiffs Heslin and Lewis sought to enforce their rights under Texas state law as judgment creditors by filing an Application for Turnover Order (the "Turnover Application") and an Application for Post-Judgment Garnishment (the "Garnishment Application") in the 261st District Court for Travis County, Texas. That same day, the Texas state court granted the relief sought in the Turnover Application and issued the Turnover Order. The Turnover Order provides that FSS must "turn over all its nonexempt property to the Travis County Sheriff's Office for execution as required by Tex. Civ. Prac. & Rem. Code 31.002(b)(1)," which "applies to all money of Free Speech Systems, including money held in any bank accounts or being held or controlled by any other third parties at the direction of Free Speech Systems."[7]

5. The Jones Chapter 7 Trustee now asks this Court to effectively reverse both its dismissal of FSS and the Texas state court's Turnover Order, and instead provide that FSS (which is no longer in bankruptcy) be liquidated by the Jones Chapter 7 Trustee and this Court.[8]

## ARGUMENT

6. The relief the Jones Chapter 7 Trustee seeks is contrary to this Court's dismissal of FSS and contrary to law. The dismissal of the FSS Case permitted the Texas Plaintiffs to do exactly what they said they'd do: pursue their state-law remedies to enforce their judgment against FSS. The Bankruptcy Code confirms this. In fact, 11 U.S.C. § 349(b)(3) provides that upon dismissal, property of the estate revests with the Debtor unless the court orders otherwise "for cause." Dismissal in a Chapter 11 case thus "typically revests the property of the estate in the

---

[7] *See* Ex. A.

[8] On June 24, the morning after the Jones Chapter 7 Trustee filed the Motion, he filed an untimely and procedurally improper Notice of Removal seeking to remove Heslin and Lewis's case against Jones and FSS to federal court. The Jones Chapter 7 Trustee further indicated that he would seek to transfer that case—which has been tried to judgment in state court—to this Court. Heslin and Lewis will move to remand.

entity in which such property was vested immediately before commencement of the case—in other words it aims to return to the prepetition financial status quo."[9]

7. In dismissing the FSS Case, the Court ordered FSS to return to the prepetition financial status quo with one caveat: the Court provided the Jones Chapter 7 Trustee with control and signing authority over FSS's bank accounts. The parties agreed the CRO could give the Jones Chapter 7 Trustee control and signing authority over FSS's bank accounts to ensure that *Alex Jones* would not take control of FSS's corporate bank accounts. The Court didn't direct the transfer of control and signing authority to the Jones Chapter 7 Trustee; rather, it merely authorized the CRO to complete the transfer at his discretion. The discretionary nature of the transfer is further evidence of the limited scope of the Jones Chapter 7 Trustee's powers with respect to FSS's assets. Other than this limited authorization, the Dismissal Order returns FSS to its prepetition financial status as provided in 11 U.S.C. § 349(b)(3).

8. In other words, nothing about the Court's Dismissal Order imbued the Jones Chapter 7 Trustee with the powers of a chapter 7 trustee *in the FSS Case* or management authority *over FSS*. Holding otherwise would contradict Texas law. While some bankruptcy courts have held that a trustee can exercise managerial authority for an individual debtor's membership interest in a single member LLC, Texas state courts have explicitly declined to follow that line of cases.[10]

---

[9] *In re SlideBelts, Inc.*, Case No. 2019-25064-A-11 BMR-31, 2020 Bankr. LEXIS 1777, at *4 (Bankr. E.D. Cal. July 6, 2020) (quoting *Czyewski v. Jevic Holding Corp.*, 580 U.S. 451, 456 (2017)); *see also* H.R. Rep. No. 95-595, p. 338 (1977) (dismissal's "basic purpose … is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case.").

[10] *See In re Albright*, 291 B.R. 538, 541 (D. Colo. 2003) (rights of a trustee include "all governance of that entity, including decisions regarding liquidation of the entity's assets"); *Olmstead v. F.T.C.*, 44 So. 3d 76, 78 (Fla. 2010) (holding that in spite of statute providing for charging order as remedy, "Florida law permits a court to order a judgment debtor to surrender all right, title, and interest in the debtor's single-member limited liability company to satisfy an outstanding judgment."); *but see Pajooh v. Royal W. Invs. LLC, Series E*, 518 S.W.3d 557, 563 (Tex. App. 2017) ("We decline to follow *Albright* or *Olmstead*. As opinions from foreign jurisdictions, they are not binding on this court. More importantly, they are distinguishable because their holdings rely on statutes that are unlike the one enacted in Texas.").

Indeed, Texas law on limited liability companies provides that "a charging order is the *exclusive* remedy by which a judgment creditor of a member or of any other owner of a membership interest may satisfy a judgment out of the judgment debtor's membership interest."[11] That FSS is a single-member LLC doesn't change the analysis. Section 101.112 "applies to both single-member limited liability companies and multiple-member limited liability companies."[12] So under Texas law, the Trustee does *not* have the authority to take managerial control over FSS.

9. The Jones Chapter 7 Trustee relies on the Court's powers under 11 U.S.C. § 105(a) to request the extraordinary remedy he seeks with respect to extending the automatic stay to the FSS Case. That the Trustee resorts to § 105(a) is itself a concession that he has no actual authority for his actions under the Bankruptcy Code. In any event, the Trustee fails to meet his burden to prove that the use of the Court's equitable powers under 11 U.S.C. § 105(a) is warranted here. The powers of § 105(a) are not limitless and "must be exercised in a manner that is consistent with the Bankruptcy Code."[13] The party invoking an extension of the automatic stay bears the burden to prove that "unusual circumstances" exist to warrant that relief.[14] Extensions of the automatic stay to non-debtors under certain exceptions have been limited in the Fifth Circuit "due to the stringent

---

[11] Tex. Bus. Orgs. Code Ann. § 101.112; *see also WC 4th & Rio Grande, LP v. La Zona Rio, LLC*, No. 08-22-00073-CV, 2024 WL 1138568, at *8 (Tex. App.—El Paso Mar. 15, 2024) (receiver does not have managerial rights in Texas LLC because charging order is exclusive remedy for judgment creditor to satisfy judgment debt against member's interest); *Klinek v. LuxeYard, Inc.*, 672 S.W.3d 830 (Tex. App.—Houston 2023) (holding charging order is exclusive remedy for judgment creditor to enforce judgment against member's interest in LLC and recognizing that charging order "provides only the right to receive any distribution from the limited liability company to which the judgment debtor would be entitled[,]" not to compel an LLC "to make a distribution, take possession of the judgment debtor's membership interest, or exercise any other legal or equitable remedies with respect to company property.").

[12] Tex. Bus. Orgs. Code Ann. § 101.112(g) (emphasis added).

[13] *In re Oxford Mgmt.*, 4 F.3d 1329, 1334 (5th Cir. 1993); *see also In re Henry*, Case No. 17-36854, 2019 WL 623873, at * 2 (Bankr. S.D. Tex. Feb. 12, 2019) ("While it is true that § 105(a) confers considerable discretion on a bankruptcy judge in order to carry out the provisions of the Bankruptcy Code, it is also true that § 105 is not 'a roving commission to do equity.'") (quoting *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986)).

[14] *In re Divine Ripe LLC*, 538 B.R. 300, 308 (Bankr. S.D. Tex. 2015).

factual requirements necessary to warrant extension of the stay."[15] In considering whether to extend the automatic stay to a non-debtor, courts utilize their discretionary powers to look for an identity of interest between the debtor and non-debtor and weigh "competing interests and maintain an even balance."[16] Where there is no actual identity of interest between the parties, the automatic stay will not be extended to a non-debtor.[17] Courts will also consider "the actual economic effect" that the actions sought to be enjoined have on the estate and, absent such an effect, will not invoke their § 105(a) powers.[18]

10. The Jones Chapter 7 Trustee has not met his burden to show that the circumstances here are so unusual as "to warrant exercising the extraordinary powers of 11 U.S.C. § 105 for extending the automatic stay to a non-debtor."[19] In assessing the interests of the Texas Plaintiffs and the Chapter 7 Jones Trustee, the balance favors the Texas Plaintiffs. The Chapter 7 Jones Trustee does not have a significant economic interest at stake. Although Jones may technically hold equity in FSS, that equity doesn't have real value or benefit to the Jones estate because FSS is hopelessly insolvent. In addition, there's no reorganization of the Jones estate which the equity interest could advance, as the Jones estate is liquidating. The Chapter 7 Jones Trustee attempts to sidestep the Court's dismissal by effectively seeking to liquidate the FSS estate. If the Chapter 7 Jones Trustee is permitted to extend the stay and wind down FSS's assets, the FSS Case will essentially result in a liquidation, rather than the dismissal ordered by this Court. Instead, this Court

---

[15] *Id.* (citing *Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003)).

[16] *Id.* at 309 (citing *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983)).

[17] *Id.* at 310-13 (denying the extension of the automatic stay to the sole member of an LLC due to lack of actual identity of interest and despite debtor's contention that extension of the stay was necessary to avoid an "adverse, and likely irreconcilable, economic effect on the Debtor's estate.").

[18] *In re Aero Techs. LLC, et al.*, 642 B.R. 891, 911-12 (Bankr. S.D. Ind. 2022); *see also In re Edwards*, No. 13-54582-BEM, 2013 WL 2317589, at *2 (Bankr. N.D. Ga. May 9, 2013) (noting that in Chapter 7 cases, courts consider "if property has equity and whether it is necessary for reorganization" to evaluate any benefits to the estate).

[19] *In re Divine Ripe, LLC*, 538 B.R. at 311.

should deny the Motion and return the parties to pursuing their state-court remedies, as contemplated by the Dismissal Order.

11. But in many ways, whether the Trustee or Alex Jones has management rights over FSS is a red herring. Even if this Court holds that the Chapter 7 Trustee controls FSS, that doesn't allow FSS to flout a state-court order to turn over its property. FSS is no longer in bankruptcy. The automatic stay has been lifted. The parties are allowed to pursue available state-court remedies. And the Texas Plaintiffs are doing just that. And they've been open that they would— urging for dismissal so they could exercise their state-court remedies to enforce their judgment against FSS.

12. One of those remedies is a turnover order. The Texas "Turnover" Statute, § 31.002 of the Texas Civil Practice and Remedies Code, "is the procedural device through which judgment creditors may reach assets of a debtor that are otherwise difficult to attach or levy on by ordinary legal process."[20] The statute provides that the court may "order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property" or "otherwise apply the property to the satisfaction of the judgment;" or "appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment."[21] Courts enjoy "broad discretion in issuing turnover orders" to execute the rights of judgment creditors.[22] Here, the Texas state court used that broad discretion to order

---

[20] *Ettorre v. Russo's Westheimer, Inc.*, 677 F.Supp.3d 644, 647 (S.D. Tex. 2023) (quoting *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 239 (5th Cir. 1997)).

[21] Tex. Civ. Prac. & Rem. Code § 31.002(b).

[22] *Ettorre*, 677 F.Supp.3d at 647 (citing *Santibanez*, 105 F.3d at 239).

FSS to turn over its property to help satisfy the judgment. How a state-law turnover order can be ignored just because a chapter 7 Trustee supposedly runs FSS remains an unanswered question.

## CONCLUSION

13. With the dismissal of the FSS Case, the fate of FSS and the judgments against it fell to state law. Now a state court has ordered that FSS turn over its property as payment toward satisfying one of those judgments. For the reasons set out in this response and for those urged by the Texas Plaintiffs at the dismissal hearing, the Texas Plaintiffs respectfully request that the Court deny the Trustee's requested relief and clarify that the Jones Chapter 7 Trustee must comply with lawful state orders concerning FSS's property.

- 9 -

Dated: June 24, 2024

/s/ *Jennifer J. Hardy*
**WILLKIE FARR & GALLAGHER LLP**
Jennifer J. Hardy
State Bar No. 24096068
600 Travis Street
Houston, TX 77002
Telephone: (713) 510-1766
Fax: (713) 510-1799
E-mail: jhardy2@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Stuart R. Lombardi (admitted *pro hac vice*)
Ciara A. Sisco (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Fax: (212) 728-8111
E-mail: rstrickland@willkie.com
E-mail: slombardi@willkie.com
E-mail: csisco@willkie.com

**LAWSON & MOSHENBERG PLLC**
Avi Moshenberg
State Bar No. 24083532
801 Travis Street, Suite 2101, #838
Houston, TX 77002
Telephone: (713) 449-9644
E-mail: avi.moshenberg@lmbusinesslaw.com

**CHAMBERLAIN, HRDLICKA,
WHITE, WILLIAMS & AUGHTRY, PC**
Jarrod B. Martin
State Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, TX 77002
Telephone: (713) 356-1280
Fax: (713) 658-2553
E-mail: jarrod.martin@chamberlainlaw.com

*Co-Counsel to the Texas Plaintiffs*

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing Response has been served on counsel for all parties entitled to receive notice through CM/ECF on this June 24, 2024.

                                                       */s/ Jennifer J. Hardy*

# Exhibit A

6/24/2024 04:57:09 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-18-001835

D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN and SCARLETT LEWIS | § § | IN DISTRICT COURT OF |
| VS. | § § | TRAVIS COUNTY, TEXAS |
| ALEX E. JONES and FREE SPEECH SYSTEMS, LLC | § § § | 261st DISTRICT COURT |

## TURNOVER ORDER

The Court has considered Plaintiffs' Application for Turnover Order and any response and arguments by the parties' counsel. Having done so, the Court hereby orders that the Application should be GRANTED.

It is therefore ORDERED that Defendant and Judgment Debtor Free Speech Systems, LLC turn over all its nonexempt property to the Travis County Sheriff's Office for execution as required by Tex. Civ. Prac. & Rem. Code 31.002(b)(1). This includes (but is not limited to) the property identified in Exhibit 4 of Plaintiff's Application as well as all other real property, personal property, or intellectual property not listed in Exhibit 4. This order likewise applies to all money of Free Speech Systems, including money held in any bank accounts or being held or controlled by any other third parties at the direction of Free Speech Systems.

It is further ORDERED that Free Speech Systems is further enjoined from transferring, assigning, or in any way conveying any of its property to any insiders or affiliates within the meaning of the Texas Uniform Fraudulent Transfer Act[1] without a prior order from this Court.
\	This ORDER may be enforced through contempt proceedings if Free Speech Systems refuses to comply with or otherwise disobeys this ORDER.

This ORDER was entered on June  24 , 2024.

_____
Travis County District Judge

---

[1] *See* Tex. Bus. & Comm. Code § 24.001–12.