# EXHIBIT 2

6/21/2024 9:01 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-18-001835
Daniel Smith

NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN and SCARLETT LEWIS, | § | IN THE DISTRICT COURT |
|    Plaintiffs | § | |
| | § | |
| vs. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES and | § | |
| FREE SPEECH SYSTEMS, LLC, | § | |
|    Defendants | § | 261st JUDICIAL DISTRICT |

## ORIGINAL PETITION IN INTERVENTION
## AND EMERGENCY MOTION TO RECONSIDER

Intervenors David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach, Robert Parker, and Erica Ash (collectively, the Connecticut Families or Intervenors) bring this Petition in Intervention and Emergency Motion to Reconsider and respectfully show:

### I.    INTRODUCTION

1.    By Plaintiffs' Application for Turnover Order (the Turnover Application), Plaintiffs Neil Heslin and Scarlett Lewis (the Texas Families) request that the District Court of Travis County, Texas (the Court) turnover "all property" of Free Speech Systems, LLC (FSS).  Because the Connecticut Families believe that FSS's property should be fairly and equitably distributed among FSS's creditors and because the request is in direct contravention of a very recent order by the United States Bankruptcy Court for the Southern District of Texas (the Bankruptcy Court) dismissing FSS's bankruptcy case, the Court should, at a minimum, reconsider its order granting the request until all parties in interest are heard on the Turnover Application.  Although the order submitted by the Texas Families states that "[t]he Court has considered Plaintiffs' Application for Turnover

Order and any response and arguments by the parties' counsel," the latter has not yet happened, and the Connecticut Families seek an opportunity to be heard on the order.

2.      The Connecticut Families are, by far, FSS's largest creditors.   The Connecticut Families hold more than 95% of liquidated claims—totaling in excess of $1.4 billion—against FSS.   Accordingly, the Connecticut Families have a significant interest in any assets of FSS and in the resolution of the Turnover Application.   Moreover, unlike the Texas Families, the Connecticut Families have not received *any* distributions or other payments from FSS in the over two years since their judgments against FSS were rendered.

3.      The Connecticut Families believe that any property of FSS should be distributed to FSS's creditors—of which the Connecticut and Texas Families compromise the majority—in a fair and equitable manner.   Immediately turning over all of FSS's property to the Texas Families (who by their Turnover Application, evidently do not share this same goal) would, of course, frustrate any attempts to ensure an equitable distribution of FSS's property among FSS's creditors.

4.      Moreover, granting the Turnover Application would be contrary to the order entered in FSS's bankruptcy case contemplating that the chapter 7 trustee (the Trustee) would take control of FSS's key assets.   Just earlier today, the Bankruptcy Court issued its order dismissing FSS's bankruptcy case, a true and correct copy of which is attached as **Exhibit A**, Order Dismissing Case, Case No. 22-60043 [Docket No. 956] (the Dismissal Order). The Dismissal Order authorizes FSS's chief restructuring officer (the CRO) to "transfer control and signing authority with respect to the Debtor's bank accounts to Christopher R. Murray in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Alexander Jones." Dismissal Order ¶ 2.   Accordingly, the Dismissal Order

2

contemplates that the Chapter 7 Trustee will be responsible for FSS assets; ***not*** that individual creditors would immediately take the reins. Granting the relief requested by the Turnover Application would be directly contradictory to the dismissal contemplated by the Dismissal Order.

5.      Further, granting this relief would of course ***significantly*** frustrate the Chapter 7 Trustee's ability to effectuate his mandate of consummating an orderly and equitable liquidation of the bankruptcy case of Alexander E. Jones (Jones). Because the Chapter 7 Trustee now holds 100% of the equity of FSS in trust for Jones's creditors, placing ***all*** the assets of FSS into the hands of the Texas Families would, necessarily, gut any other creditors' ability to recover ***any*** distributions from the largest asset of the Jones estate—FSS. Not only would this remove the Connecticut Families' ability to recover from FSS, it would ***also*** meaningfully reduce their ability to obtain distributions in Jones's chapter 7 bankruptcy case and eviscerate the very protections that a chapter 7 case is intended to provide to creditors.

6.      The Texas Families' failure to apprise the Court through their Turnover Application that FSS' bank accounts are, by order of the Bankruptcy Court, in the custody and control of the Chapter 7 Trustee, and their failure to formally notice their Turnover Application to the Connecticut Plaintiffs is grounds alone to reconsider and vacate any order granting the relief they sought.

7.      The Connecticut Families submit that any turnover of FSS property should prioritize fair and equitable distributions to creditors. Accordingly, the Connecticut Families respectfully request that the Court reconsider its ruling granting the relief requested by the Turnover Application, and delay deciding the Turnover Application until parties in interest are able to be heard on the Turnover Application.

## II.      PARTIES

8.      Intervenors David Wheeler and Francine Wheeler are individuals and the parents of first-grader Benjamin Wheeler.  Benjamin was killed in the Sandy Hook Elementary School shooting on December 14, 2012.  They reside in Connecticut.

9.      Intervenors Jacqueline Barden and Mark Barden are individuals and the parents of first-grader Daniel Barden.  Daniel was killed in the Sandy Hook Elementary School shooting on December 14, 2012.  They reside in Connecticut.

10.      Intervenors Nicole Hockley and Ian Hockley are individuals and the parents of first-grader Dylan Hockley.  Dylan was killed in the Sandy Hook Elementary School shooting on December 14, 2012.  They reside in Connecticut.

11.      Intervenor Jennifer Hensel is an individual and the parent of first-grader Avielle Richman.  Avielle was killed in the Sandy Hook Elementary School shooting on December 14, 2012.  Ms. Hensel resides in Connecticut.

12.      Intervenor Donna Soto is the mother, and intervenors Carlee Soto-Parisi, Carlos M. Soto, and Jillian Soto-Marino are the siblings, each of whom are individuals, of first-grade teacher Victoria Leigh Soto.  Vicki was killed in the Sandy Hook Elementary School shooting on December 14, 2012.  They reside in Connecticut.

13.      Intervenor William Sherlach is an individual and was the spouse of Mary Sherlach, the school psychologist.  Mary was killed in the Sandy Hook Elementary School shooting on December 14, 2012.  Mr. Sherlach resides in Connecticut.

14.      Intervenor Robert Parker is the father of first-grader Emilie Parker. Emilie was killed in the Sandy Hook Elementary School shooting on December 14, 2012.  He resides in Washington state.

15.     Intervenor William Aldenberg was a first responder to Sandy Hook Elementary School on December 14, 2012.  He resides in Massachusetts.

16.     Intervenor Erica Ash (formerly Eric Lafferty) is an individual and the daughter of Sandy Hook Elementary School Principal, Dawn Hochsprung.  Dawn was killed in the Sandy Hook Elementary School shooting on December 14, 2012.  Ms. Ash resides in Connecticut.

17.     This Petition in Intervention will refer to these families and one first responder as the "Connecticut Families."

18.     Plaintiffs Neil Heslin and Scarlett Lewis are individuals and the parents of first-grader Jesse Lewis.  Jesse was killed in the Sandy Hook Elementary School shooting on December 14, 2012.  They reside in Connecticut.

19.     Defendant Alex E. Jones is a resident of Austin, Texas.  He has appeared herein for all purposes.

20.     Defendant Free Speech Systems, LLC is a Texas limited-liability company. It has appeared herein for all purposes.

21.     This Complaint will refer to Alex Jones and Free Speech Systems, LLC as "the Jones Defendants."

### III.   DISCOVERY-CONTROL PLAN

22.     Discovery should be conducted under Level 3 case of the Texas Rules of Civil Procedure.[1]  Intervenors seek monetary relief over $1,000,000.[2]

---

[1] *See* TEX. R. CIV. P. 190.

[2] *See* TEX. R. CIV. P. 47.

## IV.    JURISDICTION AND VENUE

23.    The amount in controversy exceeds the Court's minimum jurisdictional requirements.

24.    Venue is proper in Travis County because it is where certain Defendants resided when the cause of action accrued and because all or a substantial part of the events or omissions giving rise to the claims occurred in Travis County.[3]

## V.    TIMELINESS

25.    Intervenors are entitled to file this petition after judgment because they are not attacking the judgment but instead seek protection of property interests under Texas Civil Practice & Remedies Code Section 31.002.  *See Breazeale v. Casteel*, 4 S.W.3d 434, 436 (Tex. App.—Austin 1999, pet. denied) (permitting post-judgment intervention to protect interest in property subject to turnover motion).

## VI.    INTERVENORS' INTEREST IN LAWSUIT

26.    A party may intervene if it has a justiciable interest in the lawsuit.  A party has a justiciable interest in a lawsuit when its interests will be affected by the litigation.[4] A party may intervene in a suit if it could have brought all or part of the same suit in its own name.[5]

27.    The Connecticut Families own a judgment against Free Speech Systems, LLC (the Connecticut Judgment).  The Connecticut Judgment comprises fifteen (15) separate debts owed to the Connecticut Families totaling $1,438,139,555.94.

---

[3] *See* TEX. CIV. PRAC. & REM. CODE § 15.002.

[4] *In re Union Carbide Corp.*, 273 S.W.3d 152, 155 (Tex. 2008).

[5] *Nghiem v. Sajib*, 567 S.W.3d 718, 721 n.16 (Tex. 2019).

28.     Under the Full Faith and Credit Clause of the United States Constitution and the Uniform Enforcement of Judgments Act (UEFJA) codified in Chapter 35 of the Texas Civil Practice and Remedies Code, the Connecticut Judgment is entitled to the same recognition as the judgment owned by the Texas Families.   The Texas Families' Application for Turnover Order affects the Connecticut Families' interests, as the Connecticut Families also seek to collect on their judgment against FSS.  The Application for Turnover Order seeks to substantially deprive them of their ability to collect and disregards the opportunity for an equitable distribution of assets that the Connecticut Families have dedicated their time to pursuing against the Jones Defendants.

## VII.    CAUSES OF ACTION

29.     By their suit, the Texas Families seek an order turning over all of FSS's property.  Because the Connecticut Families own a judgment that is entitled to full faith and credit in Texas and because the Connecticut Families are FSS' largest creditors, the Connecticut Families are likewise entitled to relief under Texas' turnover statute.[6]

## VIII.    EMERGENCY MOTION TO RECONSIDER

30.     The Connecticut Families' respectfully request that the Court reconsider its order granting the relief sought in Plaintiffs' Application for Turnover Order, vacate such order, and delay deciding the Turnover Application until parties in interest are able to be heard.

## IX.    CONDITIONS PRECEDENT

31.     All conditions precedent to the Connecticut Families' claims for relief have been performed or have occurred or have been waived.

---

[6] TEX. CIV. PRAC. REM. CODE § 31.002.

## PRAYER

For these reasons, Intervenors respectfully request that that the Court reconsider its ruling granting the relief requested by the Turnover Application, and delay deciding the Turnover Application until parties in interest are able to be heard on the Turnover Application. Intervenors further pray for all such other and further relief to which they may be entitled, at law or in equity.

Respectfully submitted this 21st day of June 2024.

_/s/ Ryan E. Chapple_
Ryan E. Chapple
State Bar No. 24036354
rchapple@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000
512-477-5011—Fax
**ATTORNEY FOR THE
CONNECTICUT FAMILIES**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Original Petition in Intervention and Emergency Motion to Reconsider has been forwarded to all counsel of record in accordance with the Texas Rules of Civil Procedure on this 21st day of June 2024, via efiletxcourts.gov.

_/s/ Ryan E. Chapple_
Ryan E. Chapple

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

June 21, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 22-60043 |
| FREE SPEECH SYSTEMS LLC, | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 11 |

**EXHIBIT**

**A**

## ORDER DISMISSING CASE

For the reasons stated on the record at the hearing held on June 14, 2024, this case is dismissed. It is further ORDERED:

1.      The employment of all professionals retained in these chapter 11 cases and the Subchapter V Trustee's service is terminated. Except as otherwise set forth below, the Debtor's CRO shall have no further responsibilities with respect to the Debtor's operations.

2.      The CRO is authorized to transfer control and signing authority with respect to the Debtor's bank accounts to Christopher R. Murray in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Alexander Jones, Case No. 22-33553.

3.      Final applications for compensation shall be filed no later than 14 days after entry of this Order.

4.      This Court shall retain exclusive jurisdiction over the following matters:

   a. Adversary Proceeding No. 24-3038, *Elevated Solutions Group, LLC v. Free Speech Systems LLC, et al.*;

   b. Adversary Proceeding No. 23-3127, *Free Speech Systems LLC v. PQPR, Limited Holdings LLC, et al.*;

   c. Adversary Proceeding No. 22-3331, *Neil Heslin, et al. v. Alex E. Jones, et al.*; and

   d. Applications for approval of professional fees and expenses.

5.      The Court retains jurisdiction to interpret and enforce this Order.

Signed:  June 21, 2024

_____

Christopher Lopez
United States Bankruptcy Judge

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Scotti Beam on behalf of Ryan Chapple
Bar No. 24036354
sbeam@cstrial.com
Envelope ID: 89085461
Filing Code Description: Pleading (Intervention)
Filing Description: ORIGINAL PETITION IN INTERVENTION AND EMERGENCY MOTION TO RECONSIDER
Status as of 6/24/2024 8:11 AM CST

Associated Case Party: NEIL HESLIN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mark D.Bankston | | mark@fbtrial.com | 6/21/2024 9:01:05 PM | SENT |
| Avishay Moshenberg | | avi.moshenberg@mhllp.com | 6/21/2024 9:01:05 PM | SENT |
| William R.Ogden | | bill@fbtrial.com | 6/21/2024 9:01:05 PM | SENT |

Associated Case Party: ALEXEJONES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Federico Reynal | 24060482 | areynal@frlaw.us | 6/21/2024 9:01:05 PM | SENT |
| T. Wade Jefferies | | twadejefferies@twj-law.com | 6/21/2024 9:01:05 PM | SENT |
| Vickie Driver | | dallaseservice@crowedunlevy.com | 6/21/2024 9:01:05 PM | SENT |
| Gus  DavidOppermann | | oppermann@mdjwlaw.com | 6/21/2024 9:01:05 PM | ERROR |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Christopher W.Martin | | martin@mdjwlaw.com | 6/21/2024 9:01:05 PM | SENT |

Associated Case Party: DAVIDWHEELER

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ryan E.Chapple | | rchapple@cstrial.com | 6/21/2024 9:01:05 PM | SENT |
| Scotti Beam | | sbeam@cstrial.com | 6/21/2024 9:01:05 PM | SENT |
| Benjamin Evans | | bevans@cstrial.com | 6/21/2024 9:01:05 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Scotti Beam on behalf of Ryan Chapple
Bar No. 24036354
sbeam@cstrial.com
Envelope ID: 89085461
Filing Code Description: Pleading (Intervention)
Filing Description: ORIGINAL PETITION IN INTERVENTION AND EMERGENCY MOTION TO RECONSIDER
Status as of 6/24/2024 8:11 AM CST

Associated Case Party: DAVIDWHEELER

| | | | | |
|---|---|---|---|---|
| Benjamin Evans | | bevans@cstrial.com | 6/21/2024 9:01:05 PM | SENT |
| Bethany Gingras | | bgingras@cstrial.com | 6/21/2024 9:01:05 PM | SENT |

Associated Case Party: FREE SPEECH SYSTEMS LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jacquelyn W.Blott | | jblott@jblottlaw.com | 6/21/2024 9:01:05 PM | ERROR |