**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 22-60043** |
| **FREE SPEECH SYSTEMS, LLC.,** | § | **Chapter 11 (Subchapter V)** |
| | § | |
| **Debtor.** | § | |

**DEBTOR'S APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF RED BALLOON, LLC AS EXECUTIVE RECRUITER FOR THE DEBTOR**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Free Speech Systems, LLC ("FSS" or the "Debtor"), the debtor and debtor-in-possession in the above captioned case (the "Case"), and files this *Application for Order Authorizing Employment of Red Balloon, LLC as Executive Recruiter for The Debtor* (the "Application") pursuant to sections 327(a), 330 and 1107(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the employment and retention of Red Balloon, LLC ("Red Balloon") as executive recruiter for the Debtor. In support of this Application the Debtor relies upon the Declaration of Aaron Youngren attached hereto as Exhibit "A" (the "Youngren Declaration"). In further support of this Application, the Debtor respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 327 and 328 of the Bankruptcy Code. Such relief is also warranted under Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rules 2014 and 2016.

## BACKGROUND

3.      The Debtor filed a voluntary petition for relief under Chapter 11 Subchapter V of the Bankruptcy Code on July 29, 2022[Docket No. 1]. On August 2, 2022, Melissa Haselden was appointed Subchapter V Trustee [Docket No. 22]. On October 13, 2022, the Court entered an order authorizing the employment of Patrick Magill ("Magill") as Chief Restructuring officer ("CRO") [Docket No. 239] and assist Debtor and provide services during the pendency of the chapter 11 Subchapter V case including facilitating the reorganization of the Debtors' assets.  Jeff Shulse ("Shulse") has been employed as a contract employee since the Petition Date and has served in the capacity of controller.

4.      Both Magill an Shulse have been employed to provide services to the Debtor during the pendency of this chapter 11 case and for as long thereafter as may be necessary to transition the management of the Debtor to permanent employees fulfilling their necessary functions.

## RELIEF REQUESTED

5.       By this Application, the Debtor seeks to employ and retain the RED BALLOON, to conduct a search for qualified candidates to fill the following positions: (i) Chief Operating Officer and (ii) Controller.  Accordingly, the Debtor respectfully requests entry of an order, pursuant to sections 327(a) and 328 of the Bankruptcy Code, authorizing the Debtor to employ and retain RED BALLOON as executive recruiter, to provide services that will be necessary to a successful reorganization, as more fully described below.

**BASIS FOR RELIEF**

6.        Section 327(a) of the Bankruptcy Code provides that subject to court approval, a debtor, as a debtor in possession, "[m]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist . . . in carrying out . . . duties under [the Bankruptcy Code]." 11 U.S.C. § 327(a).

7.        Bankruptcy Code section 328(a), in turn, provides that, subject to court approval, the employment of professional persons under section 327 of the Bankruptcy Code may be "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis" subject to later re-evaluation by the Court. 11 U.S.C. § 328(a).

8.        Bankruptcy Rule 2014 requires that an application for retention include "specific facts showing the necessity for RED BALLOON to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of RED BALLOON's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." Fed. Bankr. P. 2014.

9.        Information regarding Red Balloon and its proposed retention is set forth below:

- Address of the Professional:                104 South Main Street, Suite 200, Moscow, Idaho 83843

- Other Similar Professionals Employed:        None

- Copy of the employment agreement:            RedBalloon Recruiter Order Form Attached as Exhibit B

- Terms of Compensation:                Non-refundable Fee of $4,500.00 per position due in advance.

- Disclosure of Compensation            Rule 2016 Disclosure not applicable to this professional.  However, RED BALLOON has not received any compensation from the Debtor pre-petition.

10.     RED BALLOON provides recruiting and executive search expertise with a focus which aligns with the values and focus of FSS.  As such, Red Balloon is uniquely suited to identify applicants suited to work for FSS.

11.     The Debtor selected RED BALLOON to assist it in finding suitable candidates because of its industry focus, its expertise and reputation.  Accordingly, the Debtor respectfully submits that RED BALLOON is well- qualified to provide its services to the Debtor in a cost-effective, efficient, and timely manner.

12.      In addition, RED BALLOON's proposed fee structure is market- based, fair, and reasonable under the standards set forth in section 328(a) of the Bankruptcy Code. The fee structure appropriately reflects the nature and scope of services to be provided by the RED BALLOON, its experience with respect to providing executive recruiting services, and the fee and expense structures typically used by RED BALLOON and other leading executive search firms that bill their clients an outcome basis.

13.      The Debtor respectfully submits that it should be authorized to retain and employ RED BALLOON in accordance with the terms and conditions set forth in the Youngren Declaration. As discussed below and in Youngren Declaration, RED BALLOON satisfies the disinterestedness standard in section 327(a) of the Bankruptcy Code. RED BALLOON's services are needed post-petition to continue to assist with this Chapter 11 Case and to enable the Debtor to discharge its duties as debtor and debtor in possession.

14.     The Debtor submits that such professional services are necessary to the Debtor's management and restructuring of the Debtor's business, and to maximize the value of the Debtor's estate. RED BALLOON has represented that it is willing and able to perform the above-referenced services.

## PROFESSIONAL FEES AND EXPENSES

15.     The Debtor has agreed to pay the compensation disclosed hereinabove and in the attached employment agreement to RED BALLOON in consideration of the services to be performed by RED BALLOON in this Chapter 11 Case and requests that the Court approve the payment of the compensation

in accordance with the terms of the proposed RedBalloon Recruiter Order Form attached to this Application.

16.      RED BALLOON has agreed to accept as compensation the amount provided for in the employment agreement, subject to application to and approval of such compensation by the Court.

17.      Other than as set forth above, no arrangement is proposed between the Debtor and RED BALLOON for compensation to be paid in this case. RED BALLOON has not shared or agreed to share any of its compensation with any other entity, except as permitted under section 504(b)(1) of the Bankruptcy Code.

## RED BALLOON'S DISINTERESTEDNESS

18.      To the best of the Debtor's knowledge, and except as otherwise set forth herein and in the Youngren Declaration, RED BALLOON (i) does not have any connection with the Debtor, its' affiliates, its' creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee for the Southern District of Texas, any person employed in the office of the same, any judge in the Bankruptcy Court for the Southern District of Texas, or any person employed in the offices of the United States Trustee; (ii) is a "disinterested person," as such term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b); and (iii) doe4 not hold or represent any interest adverse to the Debtor's estate.

19.      The Debtor understands that except as otherwise set forth in the Youngren Declaration:

a.      Neither RED BALLOON nor any professional at RED BALLOON holds or represents an interest adverse to the Debtor's estate;

b.      Neither RED BALLOON nor any professional at RED BALLOON is or was a creditor or an insider of the Debtor;

c.      Neither RED BALLOON nor any professional at RED BALLOON is or was, within two years before the Petition Date, a director, officer, or employee of the Debtor; and

d.      RED BALLOON does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

20.      In view of the foregoing, RED BALLOON is a "disinterested person" within the

meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

21.      RED BALLOON has informed the Debtor that throughout the Chapter 11 Case, RED BALLOON will continue to conduct periodic conflicts analyses to determine whether it is performing or has performed services for any significant parties in interest in these cases and that the RED BALLOON will promptly update the Youngren Declaration to disclose any material developments regarding the Debtor or any other pertinent relationships that come to the RED BALLOON's attention.

22.      The Debtor submits that the employment and retention of the RED BALLOON, on the terms and conditions set forth herein, is in the best interests of the Debtor, its' estate, creditors, stakeholders and other parties in interest, and therefore should be approved.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order authorizing the employment and retention of Red Balloon, LLC on the terms described above and granting such other and further relief as may be just and proper.

Respectfully submitted this October 16, 2023.

THE LAW OFFICES OF RAY BATTAGLIA, PLLC.
66 Granburg Circle
San Antonio, Texas 78218
Telephone (210) 601-9405
Email: rbattaglialaw@outlook.com


By:  /s/  Raymond W. Battaglia
        Raymond W. Battaglia
        Texas Bar No. 01918055

**ATTORNEYS FOR THE DEBTOR IN POSSESSION**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system, as set forth below.

*/s/ Raymond W. Battaglia*
Raymond W. Battaglia
