EXHIBIT
1

### THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-33553 |
| ALEXANDER E. JONES | § | (Chapter 7) |
| | § | |
| Debtor. | § | |

---

### DECLARATION OF ERIN E. JONES

---

I, Erin E. Jones, do hereby state under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.      I am an attorney licensed to practice in the State of Texas and in the United States District and Bankruptcy Courts for the Southern District of Texas. I am over the age of eighteen and competent to make this declaration.

2.      I am a partner of the law firm Jones Murray LLP ("**Jones Murray**" or the "**Firm**") with offices at 602 Sawyer Street, Suite 400, Houston, Texas 77007.

#### A.      QUALIFICATIONS

3.      Jones Murray regularly represents trustees, debtors, committees, creditors, and other interested parties in the Southern District of Texas, other federal districts in Texas, and across the United States. Jones Murray and its attorneys have successfully represented other chapter 7 panel trustees in the Southern District of Texas in dozens of cases, including but not limited to Rodney Tow, Allison Byman, Janet Northrup, and Ronald Sommers. Jones Murray and its attorneys have served as general bankruptcy and special counsel across dozens of cases. Jones Murray's attorneys have represented chapter 7 panel trustees in all types of chapter 7 cases, including many large complex matters. Jones Murray and its attorneys also regularly represent other clients in a variety of complex bankruptcy matters in both chapter 7 and chapter 11 cases.

4.      I have personally handled bankruptcy and bankruptcy litigation matters for other chapter 7 trustees in cases similar to this one and am Board Certified in Business Bankruptcy by the Texas Board of Legal Specialization. Jones Murray's other attorneys, including Jacqueline Q. Chiba, also have experience representing chapter 7 trustees in matters similar to this one.

5.      Both Jones Murray and I are well qualified to provide the legal services required by Mr. Murray as the duly appointed chapter 7 trustee ("**Trustee**") in this case.

#### B.      DISINTERESTEDNESS

6.      I caused Jones Murray to conduct a conflict check against the name of the Alexander E. Jones (the "**Debtor**"), all known creditors and/or parties disclosed in the Debtor's

creditor matrix, and all known creditors and other parties-in-interest appearing in the Debtor's schedules and statement of financial affairs. Firm personnel checked these names using Jones Murray's client databases and software used by the Firm to perform conflict checks in all cases. Firm personnel also received an e-mail requesting a response with any known conflicts or connections to parties identified on a list created from information contained in the Debtor's schedules, statement of financial affairs, creditor matrix, and the dockets in this bankruptcy case as well as the bankruptcy case of Free Speech Systems, LLC (Case No. 22-60043). No conflicts were reported or discovered.

7.      Except as stated below, Jones Murray has no connection with the Debtor, his creditors, any other party-in-interest, their respective attorneys, any accountants, the United States Trustee, or any person employed in the office of the United States Trustee:

a.      Christopher Murray, an equity partner in Jones Murray, serves as the chapter 7 trustee for the Debtor. He also regularly serves as a chapter 7 trustee in cases in this District and retains Jones Murray to serve as counsel. None of the connections to his other cases represent an adverse interest to the Estate in this case.

b.      Certain of the Debtor's creditors or interested parties also appear in unrelated cases where Jones Murray represents  bankruptcy trustees or other estate fiduciaries. Examples include, but are not limited to, Ally Bank, American Express National Bank, Travis County, AT&T, Amazon, Frost Insurance Agency, the Internal Revenue Service, Spectrum, the Texas Comptroller of Public Accounts, Texas Disposal Systems, Inc., the Hartford, Travelers, Uline Shipping Supply, and Verizon. None of these types of connections represent an interest adverse to the Estate in this case.

c.      Jones Murray and its professionals regularly interact with other professionals and bankruptcy lawyers who appear before this Court and other courts in unrelated matters that have appeared or who might be expected to appear in this bankruptcy case. None of these connections in unrelated matters represent an interest adverse to the Estate in this case.

d.      Attorney Matthew Bourda joined Jones Murray on July 1, 2024.  Prior to joining Jones Murray, Mr. Bourda practiced law at two firms, Parkins & Rubio LLP and McDowell Heatherington LLP, which have connections to other professionals involved in this case and the FSS bankruptcy case for various parties, including Kyung S. Lee and Avi Moshenberg. Mr. Bourda was never assigned nor did he provide services at those two firms related to this case or the FSS case. While Mr. Bourda has received no confidential information relating to this case or the FSS case from any party, Jones Murray will not ask Mr.

Bourda to provide legal services to the Trustee in this matter out of an abundance of caution.

8.      Based on the foregoing diligence, I believe Jones Murray is a "disinterested person" as that term is defined in the Bankruptcy Code. Jones Murray neither holds nor represents any interest adverse to the Trustee or the Estate.

9.      If Jones Murray learns of a conflict or connection in the future, it will disclose such conflict or connection to the Court.

C.      <u>COMPENSATION</u>

10.     Jones Murray has agreed to rates in this matter similar to what the firm would charge to other clients for the same or similar work. The rates of the Jones Murray professionals that are anticipated to be assisting the Trustee on this case are summarized in the table below:

| Attorneys | Title | Hourly Rate |
|---|---|---|
| Erin E. Jones (lead) | Partner | $750 |
| Christopher Murray | Partner | $750 |
| Jacqueline Q. Chiba | Associate | $495 |

| Other Professionals | Low/High |
|---|---|
| Paralegal | $95/$200 |

11.     These rates are well within the range of rates customarily charged by similarly qualified firms and attorneys in this District. Should Jones Murray add new billing professionals to this engagement, any such professional's rate will not exceed the rates set forth above.

12.     Jones Murray will also seek reimbursement for reasonable and necessary out-of-pocket expenses at actual cost.

13.     Although Jones Murray occasionally adjusts its rates, usually on an annual basis, Jones Murray will not charge the Trustee rates higher than those set forth in this Declaration without first seeking authority from the Court.

14.     Jones Murray has not entered into any agreement to share fees.

15.     Based on my knowledge of the case, and as explained in the Application itself, I believe it is in the Estate's best interest that the Trustee employ Jones Murray as general bankruptcy co-counsel in this matter.

16.     The Trustee seeks approval of Jones Murray's retention effective <u>June 14, 2024</u>, the date on which Jones Murray first began performing legal services for the Trustee.

Signed, under penalty of perjury pursuant to 28 U.S.C. § 1746, on July 2, 2024.

*/s/ Erin E. Jones*
Erin E. Jones