# **EXHIBIT A**

**Wolfshohl Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| **ALEXANDER E. JONES,** | § | |
| | § | Case No. 22-33553 (CML) |
| Debtor. | § | |
| | § | |

**DECLARATION OF JOSHUA W. WOLFSHOHL IN SUPPORT OF APPLICATION
FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF PORTER HEDGES LLP AS CO-COUNSEL
FOR CHRISTOPHER R. MURRAY, AS CHAPTER 7 TRUSTEE**

I, Joshua W. Wolfshohl, declare as follows:

1. I am a partner in the law firm of Porter Hedges LLP ("PH"). I am admitted in, practicing in, and a member in good standing of the State Bar of Texas.

2. Except as otherwise indicated, all facts set forth in this supplemental declaration are based upon my personal knowledge, information supplied to me by other PH professionals or paraprofessionals or learned from my review of relevant documents. To the extent any information disclosed herein requires amendment or modification as additional party in interest information becomes available to PH, a supplemental declaration will be submitted to this Court reflecting such amended or modified information.

3. I submit this declaration in support of the *Application for Entry of an Order Authorizing the Retention and Employment of Porter Hedges LLP as Co-Counsel for Christopher R. Murray, as Chapter 7 Trustee* (the "Application"),[1] as required by Bankruptcy Code sections 327(a) and 328, Bankruptcy Rules 2014(a) and 2016(b), and Bankruptcy Local Rules 2014-1(a) and 2016-1.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Supplement.

15441082

## QUALIFICATION OF PROFESSIONALS

4. On June 14, 2024, the Trustee retained PH to represent him as bankruptcy co-counsel in connection with the administrative of the Debtor's estate, the wind down of the Debtor's business, and other matters as the Trustee requests. PH is familiar with the Debtor's affairs and business and has become aware of many of the potential legal issues that might arise in the context of the Chapter 7 Case.

5. The Trustee selected PH as bankruptcy co-counsel based upon, among other things, PH's recognized expertise in the field of chapter 7 trustee representations and large and complex business reorganizations, restructurings, asset sales, and liquidations. PH possesses extensive experience and knowledge practicing before bankruptcy courts in, amongst other things, large and complex chapter 11 cases and in chapter 7 and chapter 11 trustee representation, including many cases before this Court.

6. Due to PH's experience and knowledge, I believe that PH is well qualified to act on the Trustee's behalf on the matters within the scope of its retention. The retention of PH, with its experience representing debtors and chapter 7 trustees, will contribute significantly to the efficient administration of the estate, thereby minimizing expense to the estate and facilitating the progress of the Chapter 7 Case. Accordingly, subject to this Court's approval of the Application, PH has agreed to perform the services requested by the Trustee as set forth herein.

## SERVICES TO BE PROVIDED

7. It is my understanding that the Trustee believes the employment of PH as bankruptcy co-counsel is necessary and that the services to be rendered by PH within its assigned areas of responsibility will include, but are not limited to, assisting the Trustee with the liquidation of the Debtor' remaining non-exempt assets, the wind down of the Debtor's business, the investigation and prosecution of estate causes of action and other matters as the Trustee requests.

15441082

8. PH will serve as co-counsel alongside Jones Murray LLP, whose retention will be separately requested. PH intends to carefully monitor the efforts of all other professionals the Trustee retains in the Chapter 7 Case and to coordinate with such professionals to clearly delineate their respective duties in order to prevent duplication of effort, whenever possible.

### STATEMENT OF DISINTERESTEDNESS

9. PH and certain of its partners, counsel, and associates may have in the past represented, may currently represent, and may in the future represent parties in interest of the Debtor. Except as may be set forth below, all such representations have been in matters unrelated to the Debtor and the Chapter 7 Case. PH has searched its electronic database for its connections to the entities listed on **Appendix 1** hereto (the "Potential Parties-in-Interest").[2] The information listed on **Appendix 1** may change during the pendency of the Chapter 7 Case.

10. PH entered the names of the Potential Parties-in-Interest into a computer database containing the names of all clients and conflict information concerning such clients of PH. This inquiry revealed that certain of the Potential Parties-in-Interest are current, or were former, PH clients. Attached as **Appendix 2** to this Declaration is a list of Potential Parties-in-Interest that are current or former clients of PH. PH's investigation and research of the Potential Parties-in-Interest has not been able to eliminate the possibility that Potential Parties-in-Interest other than those listed on **Appendix 2** may be current or former clients of PH because: (a) the names of the Potential Parties-in-Interest are similar to, but not identical to, current or former PH clients; or (b) the names of the Potential Parties-in-Interest are common names that appeared on our conflict search results, but do not appear to be the same individuals or entities that are parties in interest herein. Through the information generated from this computer inquiry, and through follow-up inquiries with PH

---

[2] The names of the entities on the list of Potential Parties-in-Interest were provided to PH for purposes of a conflict check only and should not be relied upon by any party as a list of creditors or for any other purpose.

3

15441082

attorneys as necessary, it was determined that the representation of the Potential Parties-in-Interest disclosed on **Appendix 2** hereto concerned matters unrelated to the Debtor and the Debtor's estate and in which such clients were not adverse to the Debtor or the Debtor's estate.

11. None of the parties listed on **Appendix 2** represented more than 1% of PH's total client billings for the period from June 1, 2023 through June 1, 2024.

12. Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither PH, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain, have any connection with the Trustee, the Debtor, his creditors, or any other parties in interest, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as may be disclosed or otherwise described herein.

13. Based upon my review of all of PH's connections in the Chapter 7 Case, I submit that PH is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that the Firm, its partners, counsel and associates:

    a. are not creditors, equity security holders or insiders of the Debtor;

    b. are not and were not investment bankers for any outstanding security of the Debtor;

    c. have not been, within three years before the Petition Date, (i) investment bankers for a security of the Debtor; or (ii) an attorney for such an investment banker in connection with the offer, sale or issuance of a security of the Debtor; and

    d. are not and were not, within two years before the Petition Date, a director, officer, or employee of the Debtor or of any investment banker as specified in subparagraph (b) or (c) of this paragraph.

11 U.S.C. § 101(14).

14. As of the Petition Date, no PH attorney owns any equity securities issued by the Debtor, who is an individual, and I am not aware of any PH attorney that owns any note or other debt instrument issued by the Debtor.

15. PH will periodically review its files during the pendency of the Chapter 7 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, PH will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a). In that regard, PH intends to disclose clients in the capacity that they first appear in a conflicts search. For example, if a client has already been disclosed in this Declaration in one capacity (*i.e.*, as a bank), and the client appears in a subsequent conflicts search in a different capacity (*i.e.*, as a lessor), then PH does not intend to disclose the same client again in supplemental declarations, unless the circumstances are such in the latter capacity that additional disclosure is required.

16. Without obtaining appropriate waivers where necessary or appropriate, PH will not represent the Trustee in an adversary proceeding commenced against any current client of PH. PH will not represent any current client on any matter adverse to the Trustee or the Debtor's estate in the Chapter 7 Case while retained as the Trustee's co-counsel in the Chapter 7 Case.

17. Except as set forth herein, and based upon the information available to me, neither I, PH, nor any partner or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Trustee or the Debtor's estate in the matters upon which PH is to be employed in the Chapter 7 Case. PH has no connection to the Debtor, his creditors, or their related parties except as may be disclosed in this Declaration (as may be supplemented from time to time). The proposed engagement of PH is not prohibited by or improper under Bankruptcy Rule 5002(a).

## **SPECIFIC DISCLOSURES**

18. As specifically set forth below and in the attached appendices, PH represents or has represented certain of the Debtor's creditors, or other Potential Parties-in-Interest in matters

5

unrelated to the Debtor or the Chapter 7 Case. Specifically, PH currently represents, or has represented, entities or affiliates of entities that may have direct or indirect claims or interests against the Debtor that are listed on the attached **Appendix 2**. Based on my review of the parties on Appendix 2, I do not believe that PH holds or represents an interest adverse to the estate because of its representation of certain Potential Parties-in-Interest in matters that are unrelated to this Chapter 7 Case. Moreover, pursuant to Bankruptcy Code sections 327(c), PH is not disqualified from acting as co-counsel to the Trustee merely because it represents or has represented the Debtor's creditors, professionals or other Potential Parties-in-Interest in matters unrelated to the Debtor, or the Chapter 7 Case. PH has not represented, does not represent, and will not represent any entities listed on Appendix 2 in matters directly related to the Debtor or this Chapter 7 Case.

19.  Except as specifically set forth below, PH's ongoing representation of the Appendix 2 entities do not involve or relate to the Debtor, the estate or this case. The determination of whether a client is a "former client" is based on the date of the last activity in the Firm's billing software system being five (5) or more years prior to the date on which PH was retained by the Trustee or the engagement of that client having been concluded or terminated. The designation of a former client may not foreclose a continuing attorney-client privilege.

20.  I do not believe that PH's past or current representations of the parties listed on Appendix 2 in matters unrelated to the Debtor, the estate or the Chapter 7 Case constitute interests or representations adverse to the Debtor or the estate with respect to the matters on which PH is to be employed.

## PH'S RATES AND BILLING PRACTICES

24.  PH intends to charge the Trustee for services rendered in the Chapter 7 Case at PH's normal hourly rates in effect at the time the services are provided. PH operates in a complicated, national marketplace for legal services in which rates are driven by multiple factors

6

15441082

relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, reputation, the nature of the work involved, and other factors. Because the sub-markets for legal services are fragmented and are affected by a variety of individualized and interdependent factors, PH does not have one rate that applies to an individual biller for all matters for all clients. PH's rates for an individual biller may vary as a function of the type of matter, geographic factors, the nature of certain long-term client relationships, and various other factors.

25. PH's hourly rates are set at a level designed to compensate PH fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first PH fee application following such adjustments) and are consistent with the rates charged elsewhere. PH's hourly rates for matters related to the Chapter 7 Case range as follows:

| Category of Service Provider | Low/High |
|---|---|
| Partners | $520/$1,100 |
| Of Counsel | $400/$1,100 |
| Associates/Staff Attorneys | $420/$805 |
| Paralegals | $310/$470 |
| Technical Advisors | $315/$495 |

26. Additionally, it is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case, subject to any modification to such policies that PH may be required to make to comply with the applicable general orders of this Court, sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any further order of the Court. These charges and disbursements include (without limitation) costs for photocopying, electronic data management services, including scanning and document imaging, travel, travel-related expenses, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings. PH professionals may

7

also charge overtime meals and overtime transportation to the Trustee consistent with prepetition practices. The Firm will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is fairer to charge these expenses to the clients incurring them rather than to increase the hourly rates and spread the expenses among all clients.

27. The Application requests approval of the retention of PH on rates, terms, and conditions consistent with what PH charges bankruptcy clients. Subject to these terms and conditions, PH will file applications with the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in the Chapter 7 Case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders entered in the Chapter 7 Case governing professional compensation and reimbursement for services rendered and charges and disbursements incurred. Such applications will constitute a request for interim payment against PH's reasonable fees and expenses to be determined at the conclusion of the Chapter 7 Case.

28. Other than the periodic adjustments described above, PH's hourly rates and financial terms of the prepetition engagement are consistent with the hourly rates and financial terms of the engagement proposed herein. These hourly rates are consistent with the rates that PH charges other comparable clients, regardless of the jurisdiction in which the case is filed. PH and the Trustee have not agreed to any variations from, or alternatives to, PH's standard billing arrangements for this engagement.

29. PH intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the Chapter 7 Case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy

Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable procedures and orders of the Court.

30. All billing records filed in support of fee applications will use an open and searchable LEDES or other electronic data format. PH's monthly fee statements and interim and final applications for compensation and reimbursement of expenses will use the U.S. Trustee's standard project categories. All billings will be recorded in increments of 0.1 of an hour.

31. The Trustee has reviewed and approved PH's standard rate structure as set forth herein and determined that it is appropriate and is not significantly different from (a) the rates that PH charges for other bankruptcy representations or (b) the rates of other comparably skilled professionals. PH and the Trustee have not agreed to any variations from, or alternatives to, PH's standard billing arrangements for this engagement.

32. No promises have been received by PH, or any partner, counsel, or associate thereof, as to payment or compensation in connection with the Chapter 7 Case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules. Except for sharing arrangements among PH, its affiliated law practice entities, and their respective members, in accordance with section 329 of the Bankruptcy Code and Bankruptcy Rule 2016(b), PH has not entered into any agreements, express or implied, with any other party in interest, including the Trustee, the Debtor, any creditor, or any attorney for such party in interest in the Chapter 7 Case for (a) the purpose of sharing or fixing fees or other compensation to be paid to any such party in interest or its attorneys for services rendered in connection therewith, (b) payment of such compensation from the assets of the estates in excess of the compensation allowed by this Court pursuant to the applicable provisions of the Bankruptcy Code, or (c) payment

9

of compensation in connection with the Chapter 7 Case other than in accordance with the applicable provisions of the Bankruptcy Code.

33. The foregoing constitutes the statement of PH pursuant to Bankruptcy Code Sections 327(a) and 330, Bankruptcy Rules 2014(a) and 2016(b), and Bankruptcy Local Rules 2014-1 and 2016-1.

Pursuant to 28 U.S.C. § 1746, to the best of my knowledge, information and belief, and after reasonable inquiry, I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 3, 2024
      Houston, Texas

By:   */s/ Joshua W. Wolfshohl*
      Joshua W. Wolfshohl

# APPENDIX 1

## Potential Parties in Interest

**Potential Parties in Interest**

| | | |
|---|---|---|
| **Debtor & Professionals** | Blott, Jacquelyn | High Gabriel Water Supply Corporation |
| Alexander E. Jones, | Campco | d/b/a Texas Water Spectrum |
| Free Speech Systems, LLC | Chelsea Green Publishing | Hockley, Ian |
| Crowe & Dunlevy, P.C. | City of Austin | Hockley, Nicole |
| BlackBriar Advisors, LLC | Cloudflare, Inc. | Hulu, LLC |
| Rachel Kennerly, LLC | Coan, Richard M. | Ickonic Enterprises Limited |
| Martin, Disiere, Jefferson & Wisdom L.L.P. | Constant Contact, Inc. | Independent Publishers Group |
| | Copycat Legal PLLC | Iron Mountain, Inc |
| | CustomTattoNow.com | JCE SEO |
| **Unsecured Creditors, Litigation Claimants, and other Parties in Interest** | David Icke Books Limited | Jones, Carol |
| | De La Rosa, Veronique | Jordan, Shelby A. |
| Addshoppers, Inc. | Deese, Stetson | JW JIB Productions, LLC |
| ADP Total Source Insurance | Delassio, Joey | KI4U.com |
| ADP TotalSource Payroll | eBay | Klayman, Larry |
| Airco Mechanical, LTD | eCommerce CDN LLC | Konica Minolta Premier Finance |
| AIS Portfolio Services, LLC | Edgecast, Inc. | Lafferty, Erica |
| Aldenberg, William | Elevated Solutions Group | Lair, Justin |
| Ally Auto | EPS, LLC | Lewis, Scarlett |
| Ally Bank | ERM Protect | Lincoln-Remi Group, LLC |
| Amazon Marketplace | Evident Tax, LLC | LIT Industrial |
| Amazon Payments, Inc. | Fontaine, Marcel | Logo It, LLC |
| Amazon Web Services | Frost Insurance Agency | Lumen/Level 3 Communications |
| Amazon.com, Inc. | FW Robert Broadcasting Co | Magento |
| American Express | Getty Images, Inc | Magill, J. Patrick |
| American Media/Reality Zone | Gilmore, Brennan | Microsoft Bing Ads |
| Andrews, Christopher | Gracenote | Microsoft Online, Inc. |
| Ash, Erica L. | Greenair, Inc | Miller, Sean |
| AT&T, Inc. | Gucciardi, Anthony | mongoDB Cloud |
| Atomial LLC | Haivision Network Video | MRJR Holdings, LLC |
| AWIO Web Services LLC | HBOMax | Music Videos Distributors |
| Balcones Recycling Inc. | Hensel, Jennifer | MVD Entertainment Group |
| Bank of America N.A. | Heslin, Neil | Netflix, Inc. |
| Barden, Jacqueline | High Gabriel Water Supply Corporation | NetSuite Inc |
| Barden, Mark | d/b/a Texas Water | New Relic |
| Biodec, LLC | | Newegg.com |

1

15441082

| | | |
|---|---|---|
| One Party America, LLC | Skousen, Joel | U.S. Legal Support |
| Orkin, Inc. | Skyhorse Publishing | Uline Shipping Supply |
| Parker, Robert | SLNT | Vazquez, Valdemar Rodriguez |
| Payarc | Soto, Carlos M. | Verizon |
| Paymentus | Soto, Dona | Verizon Edgecast |
| Paz Law, LLC | Soto, Donna | Vultr |
| Percision Oxygen | Soto, Jillian | Waste Connections Lone Star, Inc. |
| Perfect Imprints.com | Soto-Marino, Jillian | Water Event - Pure Water Solutions |
| Perkins, Wes | Soto-Parisi, Carlee | Watson, Paul |
| Pipe Hitters Union, LLC | Sparkletts & Sierra Springs | Westwood One, LLC |
| Post Hill Press, LLC | Spectrum | Wheeler, David |
| Poulsen, Debra | Spectrum Enterprise aka Time Warner Cable | Wheeler, Francine |
| Power Reviews, Inc. | | Willow Grove Productions |
| Pozner, Leonard | Stamps.com | Wisconsin Dept. of Revenue |
| PQPR Holdings Limited, LLC | Stone Edge Technologies, Inc | WMQM-AM 1600 |
| Precision Camera | Stratus Technologies | WWCR |
| Private Jets, LLC | Studio 2426, LLC | Your Promotional Products, LLC |
| Protection 1 Alarm | Sweetwater Holdings Group, Inc. | Zendesk, Inc |
| Public Storage | Synergy North America, Inc. | Zoom US |
| Pullman & Comley, LLC | TD Canada Trust | |
| Randazza Legal Group | Texas Comptroller | **Other Professionals** |
| Rapid Medical | Texas Comptroller of Public Accounts, Revenue Accounting Division | The Akers Law Firm PLLC |
| RatsMedical.com | | Akin Gump Strauss Hauer & Feld LLP |
| Ready Alliance Group, Inc. | Texas Disposal Systems, Inc | Battaglia, Raymond William |
| Renaissance | Texas Gas Service | Chamberlain, Hrdlicka, White, Williams & Aughtry P.C. |
| Resistance Manifesto | Textedly | |
| Restore America | The Creative Group | Cain & Skarnulis PLLC |
| Richman, Jeremy | The Hartford | Chapple, Ryan E. |
| Sadowski, Christopher | The Steam Team, Inc | Civil Rights Clinic |
| Schmidt, Robert | Third Coast Graphics, Inc | Freeman, Elizabeth Carol |
| Security Bank of Crawford | Thomas, David | Haselden, Melissa A |
| Security Bank of Texas | Tolentino, Gabriela | Hawash Cicack & Gaston LLP |
| Sherlach, William | Travelers | Jackson Walker LLP |
| Simon & Schuster | Travis County | Jordan & Ortiz, P.C. |
| SintecMedia NYC, Inc. DBA Operative | Travis County MUD 3 | Kaster Lynch Farrar & Ball LLP |
| Sirius XM Holdings, Inc. | Travis County WCID 17 | Koskoff Koskoff & Bieder |

2

| | | |
|---|---|---|
| Law Office of Liz Freeman | **U.S. Bankruptcy Judges and Staff** | Hector Duran |
| McCarthy & Holthus, LLP | Chief Judge Eduardo V. Rodriguez | Barbra Griffin |
| McDowell Hetherington LLP | Judge Marvin Isgur | Brian Henault |
| Martin, Jarrod B. | Judge Christopher M. Lopez | Linda Motton |
| Ortiz, Antonio | Judge Jeffrey P. Norman | Ha Nguyen |
| Pattison Law Firm, P.C. | Ana Castro | Glenn Otto |
| Paul Weiss Rifkin & Garrison, LLP | Tracey Conrad | Yasmin Rivera |
| Reeves Law, PLLC | Jeannie Chavez | Jayson B. Ruff |
| Ruff, Jayson B. | LinhThu Do | Millie Sall |
| Stephen A. Roberts, P.C. | Tyler Laws | Patricia Schmidt |
| Streusand, Landon, Ozburn & Lemmon, LLP | Kimberly Picota | Christy Simmons |
| | Vriana Portillo | Gwen Smith |
| Waller Lansden Dotrch & Davis, LLP | Mario Rios | Stephen Statham |
| Wilkie Farr & Gallagher LLP | | Christopher R. Travis |
| Williams, Randy | **U.S. Trustee Personnel** | Clarissa Waxton |
| Zeisler & Zeisler, P.C. | Alicia Barcomb | Jana Whitworth |
| | Jacqueline Boykin | |
| | Luci Johnson-Davis | |

15441082

# APPENDIX 2

**Current or Former Clients**

15441082

## **Current[1] or Former Clients**

| Matched Entity | Category with Respect to Party in Interest[2] | Relationship to Party |
|---|---|---|
| Bank of America, N.A. | Unsecured Creditors, Litigation Claimants, and other Parties in Interest | Current Client |
| City of Austin | Unsecured Creditors, Litigation Claimants, and other Parties in Interest | Current Client |
| Chamberlain, Hrdlicka, White, Williams & Aughtry P.C. | Other Professionals | Former Client |
| Freeman, Elizabeth | Other Professionals | Current Client |
| Jackson Walker LLP | Other Professionals | Former Client |
| The Harford | Unsecured Creditors, Litigation Claimants, and other Parties in Interest | Former Client |
| Klayman, Larry | Unsecured Creditors, Litigation Claimants, and other Parties in Interest | Former Client |
| Macgill, J. Patrick | Unsecured Creditors, Litigation Claimants, and other Parties in Interest | Former Client |
| McDowell Hetherington LLP | Other Professionals | Current Client |
| Travelers | Unsecured Creditors, Litigation Claimants, and other Parties in Interest | Former Client |
| Travelers Property & Casualty | Unsecured Creditors, Litigation Claimants, and other Parties in Interest | Former Client |
| Travelers Insurance Companies | Unsecured Creditors, Litigation Claimants, and other Parties in Interest | Former Client |

---

[1] Except as specifically disclosed in the Wolfshohl Declaration, PH does not represent the Current Clients or Former Clients in any matters that are connected to the Chapter 7 Case or adverse to the Debtor's estate.

[2] These categories are for purposes of a conflict check only. They should not be relied upon by any party as a list of creditors or for any other purpose.

15441082

| Travelers Property Casualty Company of America | Unsecured Creditors, Litigation Claimants, and other Parties in Interest | Former Client |
|---|---|---|
| U.S. Legal Support | Unsecured Creditors, Litigation Claimants, and other Parties in Interest | Former Client |
| Williams, Randy | Other Professionals | Current Client |

15441082