UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § | |
| § | Chapter 7 |
| **ALEXANDER E. JONES,** § | |
| § | Case No. 22-33553 (CML) |
| Debtor. § | |
| § | |

**ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS AND TRUSTEE**
(Relates to Docket No. _____)

The Court has considered the *Motion for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Trustee* (the "Motion")[1] filed by Christopher R. Murray, Chapter 7 Trustee (the "Trustee"), and finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §1334. The Court further finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court finds that it may enter a final order consistent with Article III of the United States Constitution. The Court finds that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Court finds that the relief requested in the Motion is in the best interest of the Debtor, the bankruptcy estate, creditors, and other parties in interest. The Court finds that notice of the Motion and opportunity for a hearing on the Motion was appropriate and that no other notice need be provided. The Court having reviewed the Motion and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and with sufficient cause appearing therefore, it is **HEREBY ORDERED THAT:**

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

15439727

1.  Except as may otherwise be provided by orders of this Court authorizing the retention of specific professionals, all professionals hired by the Trustee may seek compensation and/or reimbursement for costs in accordance with the following procedures (the "<u>Professional Compensation Procedures</u>"):

    a.  On or after **the tenth (10th) day of each month** following the month for which compensation or reimbursement is sought, each professional seeking compensation may file a monthly statement with the Court, reasonably detailing the nature of services rendered and expenses incurred during the preceding month (a "<u>Monthly Fee Statement</u>"), together with a summary setting forth the total amount of fees, each professional's (and any paraprofessional's) hourly rate, total time and fees, and the amount of reimbursable expenses sought. Any professional that fails to submit a Monthly Fee Statement for a particular month may submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred in the previous months.

    b.  Each party in interest will have until 5:00 p.m. (Central Time) on the date that is **ten (10) days after the filing of a Monthly Fee Statement** (the "<u>Fee Statement Objection Deadline</u>") to object to the requested fees and expenses in accordance with paragraph (c) below. Upon the expiration of the Fee Statement Objection Deadline, the Trustee is authorized to pay the professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement that are not subject to an objection pursuant to paragraph (c) below.

    c.  If a party in interest objects to a Monthly Fee Statement, the objecting party shall, on or before the Objection Deadline, deliver via email to the respective professional, the U.S. Trustee, and the Trustee a written notice of objection (the "<u>Notice of Fee Statement Objection</u>") setting forth the precise nature of the objection and the amount of fees or expenses at issue. Thereafter, the objecting party and the professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, they shall deliver to the Trustee a statement indicating that the objection is withdrawn and the terms of the resolution. The Trustee shall then be authorized to promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection **within fourteen (14) days** (or such longer period as mutually agreed to by the professional and the objecting party) after service of the Notice of Fee Statement Objection, the objecting party shall file its objection (the "<u>Fee Statement Objection</u>") with the Court **within three (3) business days** of such date and serve such Fee Statement Objection on the respective professional, the U.S. Trustee, and the Trustee. All Fee Statement Objections that are not resolved shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court as described in subparagraph (g) below, or at such other hearing as the parties may request and the Court deems appropriate.

d. Each professional may submit its first Monthly Fee Statement following entry of the order approving this Motion. This initial Monthly Fee Statement shall cover the period from the Conversion Date through and including **July 31, 2024**. Thereafter, the professionals may submit Monthly Fee Statements in the manner described in paragraph (a) above.

e. Beginning with the period ending **September 30, 2024**, and at three-month intervals thereafter (each an "Interim Fee Period"), each professional shall file with the Court an interim fee application (each an "Interim Fee Application") for payment of compensation and reimbursement of expenses sought in the Monthly Fee Statements covering such period and prepared in accordance with these Professional Compensation Procedures, **no later than forty-five (45) days after the end of the respective Interim Fee Period**. All attorneys who have been or are hereafter retained pursuant to Section 327 of the Bankruptcy Code shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 7 Case in compliance with Sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court. Parties in interest will have **twenty-one (21) days after service of an Interim Fee Application to object thereto** (the "Fee Application Objection Deadline"). The first Interim Fee Application shall cover the Interim Fee Period from the Conversion Date through and including **September 30, 2024**. Notwithstanding anything to the contrary in the Professional Compensation Procedures, a professional may file a fee application in accordance with any procedures established by the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, or by further order of this Court.

f. Any professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement (i) shall be ineligible to receive further monthly payments of fees or expenses until such Interim Fee Application is filed with the Court and (ii) may be required to disgorge any fees and expenses paid since retention or the last fee application, whichever is later.

g. The Trustee will request that the Court consider the Interim Fee Applications once every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if, after the expiration of twenty-four (24) hours after the Fee Application Objection Deadline has passed, the respective professional files with the Court a certificate, certifying that no Fee Application Objections were timely made. Upon allowance by the Court of a professional's Interim Fee Application, the Trustee shall promptly pay such professional all requested fees (including the 20% holdback) and expenses not previously paid.

h. The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a professional from future payment of compensation

or reimbursement of expenses under these Professional Compensation Procedures, unless otherwise ordered by the Court.

    i. A professional shall not seek payment on a final fee application for any amounts that such professional previously sought in a Monthly Fee Statement or Interim Fee Application and which such professional (i) voluntarily waived or reduced to resolve any formal or informal Fee Statement Objection or Fee Application Objection or (ii) were disallowed by order of the Court.

2. Except as may otherwise be provided by orders of this Court, the Trustee may seek compensation and/or reimbursement of expenses in accordance with the following procedures (the "<u>Trustee Compensation Procedures</u>"):

    a. Not more often than every 30 days the Trustee may seek interim compensation pursuant to Bankruptcy Code section 326 and reimbursement of expenses by filing on the docket a Notice of Request for Interim Compensation (the "<u>Trustee Notice</u>"). The Trustee Notice must contain details to support the requested compensation and a description by category of any expenses.

    b. The Trustee Notice must be served through the Court's electronic filing system. This service will provide adequate notice to the U.S. Trustee and parties in interest who have appeared in the case or requested notice of filings pursuant to Bankruptcy Rule 2002. No additional service shall be required.

    c. Any party objecting to interim compensation shall file an objection within ten (10) days of service of the Trustee Notice. If an objection is filed, the Trustee will confer with the objecting party. If the parties agree to a lower interim amount, the Trustee may pay it without further Court order. If the parties do not agree, the Trustee, or the objecting party may file a response and seek a hearing.

    d. If no objection is filed, the Trustee may pay the amount requested after the expiration of twenty-four (24) hours after the ten (10) day objection period has expired.

    e. All payments of interim compensation are subject to a twenty percent (20%) holdback by the Trustee. All requested reimbursement of expenses in the Trustee's Notice may be paid in full on an interim basis.

    f. Parties reserve all rights relating to incurred compensation and expenses, including the right to object to the Trustee's Final Report for approval of all incurred compensation and expenses.

    g. The Trustee must file interim and final distribution reports pursuant to 11 U.S.C. §§ 326 and 330 to obtain final approval of any interim compensation or reimbursement paid to the Trustee pursuant to this Motion. All amounts paid are subject to final approval pursuant to 11 U.S.C. §§ 326 and 330 and disgorgement

4

to the extent any fees or expenses paid on an interim basis are not allowed upon the Trustee's Final Report.

h. Notwithstanding anything in this Motion or the Order approving it, the Trustee shall comply with the relevant United States Trustee fee guidelines, as applicable, in connection with any Notice filed and any final report filed under 11 U.S.C. §§ 326 and 330.

i. The Trustee shall not seek payment in a Trustee's Final Report for any amounts that the Trustee previously sought in the Notice or an interim application for compensation and expenses and which (i) the Trustee voluntarily waived or reduced to resolve formal or informal objections or (ii) were disallowed by order of the Court.

3. Neither the payment of nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Professional Compensation Procedures and the Trustee Compensation Procedures (collectively the "Compensation Procedures") nor the filing of or failure to file an Objection with the Court will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of professionals and the Trustee. All fees and expenses paid to professionals and the Trustee under the Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

4. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provision of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

5. Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

6. All time periods set forth in this order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: _____, 2024.**

        **HONORABLE CHRISTOPHER M. LOPEZ**
        **UNITED STATES BANKRUPTCY JUDGE**