## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **FREE SPEECH SYSTEMS, LLC,** | § | **Case No. 22--60043** |
| | § | |
| DEBTOR. | § | (Subchapter V Debtor) |
| | § | Chapter 11 |

**FIRST INTERIM APPLICATION OF THE REYNAL LAW FIRM, P.C., SPECIAL COUNSEL TO FREE SPEECH SYSTEMS, LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM JULY 29, 2022 THROUGH DECEMBER 31, 2023.**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

## SUMMARY

| | | |
|---|---|---|
| Name of applicant: | | The Reynal Law Firm, P.C. |
| Applicant's professional role in case: | | Special Counsel to Debtor |
| Indicate whether this is an interim or final application: | | Interim |
| Date order of employment was signed: | | August 29, 2022 |
| | Beginning of Period | Ending of Period |
| Total period covered in application | July 29, 2022 | December 31, 2023 |
| Time periods covered by any prior applications | N/A | N/A |
| Total amounts awarded in all prior applications | N/A | |
| Amount of retainer received in the case from FSS | $50,000 | |
| Amount of retainer received from Alex Jones | $50,000 | |
| Total Fees | $397,640 | |
| Total Fees FSS | $198,820 | |
| Total Fees Alex Jones | $198,820 | |
| Total fees applied for in this application and in all prior applications (include any retainer amounts applied or to be applied) | $198,820 | |
| Total professional fees requested in this application | $198,820.00 | |
| Total professional hours covered by this application | 684.9 | |
| Average hourly rate for professionals | $580.58 | |
| Total paraprofessional hours covered by this application | 0.0 | |
| Average hourly rate for paraprofessionals | N/A | |
| Total Reimbursable expenses | $11,881.52 | |
| Reimbursable expenses sought in this application | $5,940.76 | |

**TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW the Reynal Law Firm, P.C. (the "Applicant") and files this First Interim

Application (the "Application") for interim approval of Applicant's fees in the total amount of

$198,820.00 and reimbursement of all expenses totaling $13,620.13 incurred during its employment as special counsel to Free Speech Systems, LLC (the "Debtor") from July 29, 2022, through December 31, 2023 (the "Interim Period"). In support of this Application, the Applicant respectfully states as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the Southern District of Texas. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicate for the relief sought herein is 11 U.S.C. §§ 330 and 331, Federal Rule of Bankruptcy Procedure 2016(a), and the Local Rules of this Court.

## RETENTION OF APPLICANT AND PRIOR COMPENSATION

3.     On July 29, 2022 (the "Petition Date"), Free Speech Systems, LLC (the "Debtor" or "FSS") commenced a case by filing a petition for relief under chapter 11, subchapter v, of the Bankruptcy Code (the "Case") with the Court.

4.     On August 23, 2022, the Debtor filed its *Emergency Application of Debtor for an Order Authorizing Employment of the Reynal Law Firm, P.C., Under 11 U.S.C. § 327(e), as Special Counsel, Nunc Pro Tunc to July 29, 2022* [ECF #94].  On August 29, 2022, this Court approved the retention of Applicant as special counsel for the Debtor (the "Retention Order") (ECF #119). The Retention Order provides that Applicant will receive 50% of its fees from Debtor, with the remaining 50% to be paid by Alex Jones.

5.     On September 30, 2022, the Court entered its *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* ("Interim

Compensation Order") [ECF # 202] permitting Applicant to receive payment of 80% of fees and 100% of expenses.  Pursuant to the Interim Compensation Order, Applicant has received periodic payments on monthly fee statements as set forth below:

| Date | Fees | Expenses | Total Invoice | Amount Due (FSS) | Payment FSS |
|------|------|----------|---------------|------------------|-------------|
| 10.29.22 | 90,400 | 11,196.52 | 116,955 | 49,437.50 | |
| 12.1.22 | 21,360 | | 21,360 | 8,544 | |
| 12.2.22 | | | | | 50,798.26 |
| 12.27.22 | | | | | 19,224 |
| 1.12.23 | 9,680 | | 9,680 | 3,872 | |
| 2.2.23 | 11,640 | | 11,640 | 4,656 | |
| 3.9.23 | | | | | 21,320 |
| 5.22.23 | 41,200 | 685 | 41,885 | 16,822 | |
| 7.14.23 | | | | | 17,165 |
| 8.3.23 | 25,920 | | 25,920 | 10,368 | |
| 9.8.23 | 75,920 | | 75,920 | 30,368 | |
| 10.11.23 | 38,720 | | 38,720 | 15,488 | |
| 11.6.23 | 48,040 | | 48,040 | 19,216 | |
| 12.5.23 | 34,760 | | 34,760 | 13,904 | |
| Total | $397,640 | $11,881.52 | $409,521.52 | $204,760.76 | $108,507 |

6.      This is Applicant's first interim application. This Application includes fees and expenses incurred during the entire period of Applicant's engagement from July 29, 2022, through December 31, 2023.

7.      These services were rendered, and expenses incurred during Applicant's representation of the Debtor in this case. Applicant believes such fees and expenses were reasonable, necessary, and appropriate, given the circumstances.

## NATURE AND EXTENT OF LEGAL SERVICES PROVIDED

8.      Applicant has provided extensive legal services to the Debtor during the eleven (17) months comprising the Interim Period. Attached to this Application are records of the time keeping entries during the Interim Period generated by Applicant's personnel who have worked on this

engagement (the "Invoice").[1]   These entries provide detailed descriptions of Applicant's services on the Debtor's behalf during the Interim Period.

9.     The Invoice also specifies each attorney who provided compensable services during the Interim Period. Specifically, the Invoice identifies the person providing the service, as well as the following: (1) that person's individual billing rate and (2) the total number of hours expended by that person.

10.     Applicant has broken down its legal services rendered according to the project categories propounded by the Guidelines of the Office of the United States Trustee. The pertinent project categories are:

- Asset Analysis and Recovery
- Asset Disposition
- Assumption and Rejection of Leases and Contracts
- Avoidance Action Analysis
- Business Operations
- Case Administration
- Claims Administration and Objections
- Employment and Fee Applications
- Fee/Employment Objections
- Financing and Cash Collateral
- Litigation
- Meetings and Communications with Creditors
- Non-working Travel
- Plan of Reorganization
- Relief from Stay Proceedings

11.     The figures for the time and amounts billed per project category cover the Interim

---

[1] See *Exhibit A*.

Period. The following chart generally describes the services rendered by Applicant to the Debtor in each of the relevant project categories, with more additional detail provided by in *Exhibit A*:

| FEES INCURRED IN INTERIM PERIOD | | |
|---|---|---|
| **CATEGORY OF SERVICE** | **HOURS** | **FEES** |
| Asset Analysis and Recovery | 0 | 0 |
| Asset Disposition | 0 | 0 |
| Assumption and Rejection of Leases and Contracts | 0 | 0 |
| Avoidance Action Analysis | 0 | 0 |
| Business Operations | 0 | 0 |
| Case Administration | 0 | 0 |
| Claims Administration and Objections | 0 | 0 |
| Employment and Fee Applications | 0 | 0 |
| Fee/Employment Objections | 0 | 0 |
| Financing and Cash Collateral | 0 | 0 |
| Meetings and Communications with Creditors | 0 | 0 |
| Plan of Reorganization | 0 | 0 |
| Litigation | 663.4 | $389,040 |
| Relief from Stay Proceedings | 0 | 0 |
| Non-working Travel[2] | 21.5 | $8,600 |
| **Totals** | **684.9** | **$397,640** |

## REQUEST FOR REIMBURSEMENT OF EXPENSES INCURRED

12.     While providing legal services to the Debtor, Applicant incurred certain reasonable and necessary out-of-pocket expenses while representing the Debtor.  A detailed record of these expenses is included in the Invoice. Expenses were billed at actual cost. Applicant does not charge

---

[2] Billed at one-half time.

for long distance telephone, outgoing faxes, and in-house charges for copying and postage. Outside copies ($.15 per page) and postage are billed at the rate charged by the vendor. Applicant has made no request for general overhead expenses.

13.     Applicant's post-petition expenses are separated into relevant categories as set forth in the table below, with additional detail set forth in *Exhibit A*.

| EXPENSE | AMOUNT |
|---|---|
| Travel - Airfare | $1,521.10 |
| Travel - Hotel | $3,354.92 |
| Travel – Rental Car | $419.91 |
| Travel – fuel | $25.28 |
| Private Investigators | $3,953.59 |
| Transcripts | $2,606.72 |
| **Total** | $11,881.52 |

14.     Applicant believes that the expense request is reasonable, appropriate, and necessary and requests that the Court grant it reimbursement for $27,240.27 in reimbursable expenses incurred during the Interim Period by Applicant on the Debtor's behalf.

## FACTORS AFFECTING COMPENSATION

15.     Courts recognize that factors other than the number of hours spent and the hourly rate normally charged may be considered in fixing the amount of reasonable attorneys' fees to be awarded in a bankruptcy proceeding.  Such factors are set forth in *In re First Colonial Corporation of America*, 544 F.2d 1291 (5th Cir. 1977) and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).  One or more of these *Johnson* factors may serve as a basis for enhancing the hourly rate which might otherwise be allowed. *Wolf v. Frank,* 555 F.2d 1213 (5th Cir. 1987). The *Johnson* factors are discussed in further detail below.

    A.     **Time and Labor Required**. *Exhibit A* lists in detail all the work performed for which

compensation is sought. Time entries are broken out by the date the services were rendered, the individual performing such services, a description of the services, and the time expended. Applicant believes that such detail establishes that its request for compensation is reasonable. All the services specified were actual and necessary for the Debtor to perform its statutory duties.

     **B.**    <u>**Novelty and Difficulty**</u>. As set forth in greater detail in ***Exhibit A***, this case has involved several procedural phases as well as challenging legal issues. First, Applicant engaged in post-trial motions practice before the 459th District Court of Travis County Texas to preserve error for Debtor's appeal. Then, Applicant worked with co-counsel to draft and file Debtor's appeal to the Third Court of Appeals. This appeal addressed a number of complex legal issues, including:

- Whether death penalty sanctions unrelated to the claimed harm were unnecessarily harsh;
- Whether by construing causation to be "established", the trial court relieved Plaintiffs of their burden of proving causation;
- Whether Plaintiffs intentional infliction of emotional distress claims where really defamations claims and, therefore, barred;
- Whether the trial court violated the Texas Damages Act by improperly bifurcating the trial;
- Whether joint and several liability can be imposed on Defendants for exemplary damages;
- Whether the trial court improperly permitted Plaintiffs to amend their petition to allege new causes of action after trial; and
- Whether the trial court violated established precedent by awarding Plaintiffs approximately $1,000,000 in attorney's fees that were not supported by contemporaneous detailed billing records.

     **C.**    <u>**Skill Required to Perform the Legal Services Properly**</u>. This Case required counsel to be familiar with a myriad of different state laws related to defamation, intentional infliction of emotional distress, personal injury law, and state court trial and appellate practice.

     **D.**    <u>**Preclusion of Other Employment**</u>. Applicant is part of a four lawyer firm.

Accordingly, representation in this case has limited Applicant's firm's ability to accept other employment. Representation of this Debtor has required a significant amount of Applicant's capacity (684.9 hours of billable time) over the seventeen (17) months the case has been pending.

E.        **<u>Customary Fee</u>**. The hourly rates for each professional are summarized above and in *Exhibit A* filed in support of this Application. The rates for attorneys reflect the usual rates charged by the Applicant. The hourly rates requested by Applicant compare favorably with average costs for similar legal services provided by law firms representing similarly situated debtors.

F.        **<u>Whether the Fee is Fixed or Contingent</u>**. Applicant's fee is neither fixed nor contingent, other than the contingency of court-allowance and available assets to pay professionals. It is based upon the actual total number of hours worked plus the actual costs incurred.

G.        **<u>Amount Involved and Results Obtained</u>**. *Exhibit A* details Applicant's work during the Interim Period. The dates such services were rendered, the individual performing such services, descriptions of the services and the time expended are all detailed. Applicant believes that such information establishes that its requested compensation is reasonable. As a result of Applicant's efforts during the Interim Period, the Debtor filed its appeal of the more than $40 million dollar judgement entered against it.

H.        **<u>Experience, Reputation, and Ability of the Attorneys</u>**. Since leaving the United States Attorney's Office for the Southern District of Texas in 2012, Mr. Reynal has appeared as trial counsel for individuals in significant cases in the Southern District of Texas and elsewhere. Mr. Reynal has 17 years experience focusing on trial advocacy and has a positive reputation in the business and legal community.

I.        **<u>"Undesirability" of Case</u>**. Representation of the Debtor in this case was undesirable.

The Debtor's principal is a controversial figure and the subject of public ire. Further, given the contentious nature of the Sandy Hook Litigation and the underlying claims, even matters that should be easily agreed are fiercely contested.

    **J.**      <u>**Awards in Similar Cases**</u>. Based on Applicant's experience in the Texas legal market and throughout the country, Applicant's fees are lower than the fees allowed in proceedings of similar scope for the services rendered and results obtained.

## <u>CONCLUSION</u>

16.      Pursuant to this Interim Application, Applicant seeks approval on an interim basis of (i) compensation in the total sum of $198,820.00 and (ii) reimbursement of expenses in the total sum of $5,940.76. Applicant requests interim approval and payment of all approved, accrued, and unpaid fees and expenses for the Interim Period.

## <u>PRAYER</u>

     WHEREFORE, Applicant respectfully prays that the Court enter an order (i) approving this Interim Application; (ii) allowing, on an interim basis, the reasonable attorney fees and expenses claimed herein as allowed administrative expenses of the Debtor's estate; (iii) authorizing and directing the Debtor to promptly pay the remaining balance of approved amounts to Applicant; and (iv) granting such other and further relief to which Applicant is justly entitled.

Respectfully submitted January 12, 2024.


By:  */s/ F. Andino Reynal*
F. Andino Reynal
Texas Bar No. 24060482
THE REYNAL LAW FIRM, P.C..
917 Franklin Street, Sixth Floor
Houston, Texas 77002
Telephone (713) 228-5900
Email: areynal@frlaw.us




**ATTORNEYS FOR FREE SPEECH SYSTEMS, LLC.**


**CERTIFICATE OF SERVICE**

On January 12, 2024, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system, as set forth below. I further certify that it has been transmitted by first class mail to the parties on the attached service list.


*/s/ F. Andino Reynal*