UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § <br> § <br> **ALEXANDER E. JONES,** § <br> § <br> Debtor. § <br> § | Chapter 7 <br><br> Case No. 22-33553 (CML) |

**ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF PORTER HEDGES LLP AS CO-COUNSEL
FOR CHRISTOPHER R. MURRAY, AS CHAPTER 7 TRUSTEE**

**[Relates to Docket No. _____]**

Upon consideration of the application (the "Application")[1] of the Trustee for entry of an order pursuant to Bankruptcy Code Sections 327(a) and 330, Bankruptcy Rules 2014 and 2016, Bankruptcy Local Rules 2014-1 and 2016-1, authorizing the Trustee to employ and retain Porter Hedges LLP ("PH") as the Trustee's bankruptcy co-counsel, as of the date on which the Trustee was appointed in the Chapter 7 Case; and the Court being satisfied, based on the representations made in the Application and the Wolfshohl Declaration that PH does not hold or represent any interest materially adverse to the Debtor's estate with respect to the matters upon which it is to be engaged, as required under Bankruptcy Code Section 327(a); and it appearing that the relief requested is in the best interest of the Debtor's estate, the Debtor's creditors, and other parties in interest; and it appearing that the Court has jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and it appearing that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution; and adequate notice of the Application and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

15439757

opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. Pursuant to Bankruptcy Code Sections 327(a), Bankruptcy Rules 2014(a) and 2016, Bankruptcy Local Rules 2014-1 and 2016-1, the Trustee, is authorized to employ and retain PH as bankruptcy co-counsel to assist the Trustee with the administration of the Debtor's estate, the wind down of the Debtor's business, the investigation and prosecution of estate causes of action and other matters as the Trustee requests, effective as of the date of the appointment of the Trustee in these Chapter 7 Case.

2. PH shall be compensated for its services and reimbursed for any related expenses in accordance with the applicable procedures set forth in Bankruptcy Code Sections 330 and 331, the Bankruptcy Rules, the Bankruptcy Local Rules, and further orders of this Court.

3. PH shall (i) apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 7 Case in compliance with Bankruptcy Code Sections 330 and 331 and the applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court; *provided, however*, that PH shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of PH's fee applications in these bankruptcy cases, and (ii) make a reasonable effort to comply with the U.S. Trustee's requests for additional information and disclosures, both in connection with the Application and the interim and final fee applications to be filed by PH in the Chapter 7 Case.

15439757

4. All billing records filed in support of fee applications will use an open and searchable LEDES or other electronic data format. Billing records will use the U.S. Trustee's standard project categories. All billings will be recorded in increments of 0.1 of an hour.

5. To the extent that PH uses the services of contract attorneys in these cases, PH (i) shall pass through the cost of such contract attorneys to the Trustee at the same rate that PH pays contract attorneys; (ii) shall seek reimbursement for actual out-of-pocket expenses only; and (iii) shall ensure that the contract attorneys are subject to the same conflict checks and disclosures as required of PH by FED. R. BANKR. P. 2014.

6. PH shall provide ten days' notice to the Trustee, the U.S. Trustee, and any Committee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. PH shall use its reasonable efforts to avoid any duplication of services provided by any of the Trustee's other retained professionals in this Chapter 7 Case.

8. To the extent the Application or the Wolfshohl Declaration is inconsistent with this Order, the terms of this Order shall govern.

9. The Trustee and PH are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10. PH will review its files periodically during the pendency of the Chapter 7 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant

15439757

facts or relationships are discovered or arise, PH will promptly file a supplemental declaration, as required by Rule 2014 of the Federal Rules of Bankruptcy Procedure.

11. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

12. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Signed: _____, 2024**

_____
**HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE**

15439757