## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 22-60043** |
| **FREE SPEECH SYSTEMS, LLC** | § | |
| | § | |
| | § | **CHAPTER 11** |
| **DEBTOR.** | § | |
| | § | **SUBCHAPTER V** |

### CHAPTER 11 FEE APPLICATION SUMMARY

| | | |
|---|---|---|
| **Name of Applicant:** | Melissa A. Haselden | |
| **Applicant's Role in Case:** | Chapter 11 Subchapter V Trustee | |
| **Indicate whether this is an interim or final application:** | Interim | |
| **Date Notice of Appointment Signed:** | August 2, 2022 [ECF No. 22] | |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | July 1, 2023 | December 31, 2023 |
| **Time period(s) covered by prior Applications:** | August 2, 2022 | June 30, 2023 |
| **Total amounts awarded in all prior Applications:** | | $388,669.82 |
| **Total fees requested in this Application:** | | $133,900.00 |
| **Total professional fees requested in this Application:** | | $113,800.00 |
| **Total actual professional hours covered by this Application:** | | 236.6 |
| **Average hourly rate for professionals:** | | $480.98 |
| **Total paraprofessional fees requested in this Application:** | | $20.100.00 |
| **Total actual paraprofessional hours covered by this Application:** | | 143 |
| **Average hourly rate for paraprofessionals:** | | $140.56 |
| **Reimbursable expenses sought in this application:** | | $3,095.87 |
| **Total to be Paid to Priority Unsecured Creditors:** | | N/A |
| **Anticipated % Dividend to Priority Unsecured Creditors:** | | N/A |
| **Total to be Paid to General Unsecured Creditors:** | | N/A |
| **Anticipated % Dividend to General Unsecured Creditors:** | | N/A |
| **Date of Confirmation Hearing:** | | N/A |
| **Indicate whether plan has been confirmed:** | | no |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 22-60043** |
| **FREE SPEECH SYSTEMS, LLC** | § | |
| | § | |
| | § | **CHAPTER 11** |
| **DEBTOR.** | § | |
| | § | **(Subchapter V)** |

**SECOND INTERIM APPLICATION OF MELISSA A. HASELDEN AND HASELDEN FARROW, PLLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SUBCHAPTER V TRUSTEE FOR THE PERIOD FROM JULY 1, 2023 TO DECEMBER 31, 2023**

---

**NOTICE PURSUANT TO LOCAL RULE 9013-1**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE,

Melissa A. Haselden ("**Trustee**") and Haselden Farrow, PLLC ("**HF**"), Subchapter V Trustee for FREE SPEECH SYSTEMS, LLC. (**"FSS" or "Debtor")** files this Second Interim Application for Allowance of Compensation ("**Application**"), requesting fees in the amount of $133,900.00, reimbursement of expenses of $3,095.87, and reimbursement of $2,050.00 for preparing, serving and prosecuting this Application, for the period from July 1, 2023 through December 31, 2023 (the "**Compensation Period**"),  pursuant to Sections 330 and 331 of the 11

U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and S.D. Tex. L.B.R. 2016-1(c).   In support of this Application, Trustee respectfully represents as follows:

<u>JURISDICTION</u>

1.      This Court has jurisdiction to hear and determine the Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

<u>INTRODUCTION</u>

2.      On July 29, 2022 (the "**Petition Date**"), Free Speech Systems, LLC filed a voluntary petition under Subchapter V of Chapter 11 of the Bankruptcy Code ("**Bankruptcy Case**") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**").

3.      On August 2, 2022, the United States Trustee filed a Notice of Appointment of Subchapter V Trustee which appointed Trustee to act as the Subchapter V Trustee in the Bankruptcy Case. [Docket No. 22].

4.      On September 20, 2022, the Court entered an order expanding Trustee's powers under 11 U.S.C. §1183(b)(2) and requiring that a report be filed pursuant to 11 U.S.C. §1106(a)(3) & (4) [Docket No. 183].

5.      As a result of her expanded duties, Trustee worked with her staff and professionals, Debtor's counsel and the CRO of FSS to help stabilize operations, conduct an investigation into the Debtor's business, investigated transfers from FSS and sought a global resolution of outstanding issues in this case as detailed more fully in the First Interim Application of Melissa A. Haselden and Haselden Farrow, PLLC For Allowance of Compensation For Services Rendered And For Reimbursement of Expenses as Subchapter V Trustee To The Debtor For The Period From August 2, 2022 To June 30, 2023 [Docket No. 664].

3

6.     Since filing Trustee's report on her investigation, Trustee continues to work with the various constituencies on a global resolution to this case while monitoring Debtor's activities.

7.     Trustee has also participated in numerous depositions and discovery related matters amongst the parties in this case which overlaps with issues raised in Trustee's reporting.

8.     Additionally, Trustee has worked closely with the CRO to monitor Debtor's financial and general business operations. Trustee has also participated in the formulation of Debtor's proposed plan and related issues, including participation in numerous meetings with the various constituencies in this case, along with those in the personal Chapter 11 bankruptcy case of Mr. Jones.

## PRIOR FEE APPLICATIONS

9.     On August 3, 2023, the Court entered an order approving the First Interim Application of Melissa A. Haselden and Haselden Farrow, PLLC For Allowance of Compensation For Services Rendered And For Reimbursement of Expenses as Subchapter V Trustee To The Debtor For The Period From August 2, 2022 To June 30, 2023 in the aggregate amount of $388,669.82, including $376,585.00 for fees, $9,334.82 in expenses, and $2,750.00 for reimbursement for the preparation, prosecution and service of the application [Docket No. 691]. Trustee has not filed any other fee applications.

## SECOND INTERIM FEE APPLICATION

10.    This Application is Trustee's second interim application  for compensation which covers professional and paraprofessional services performed and expenses incurred from July 1, 2023 through December 31, 2023.  During the Compensation Period, HF incurred fees totaling $133,900.00, plus reimbursable expenses totaling $3,095.87.  Trustee expended a total of 379.60 hours for services rendered, including 236.6 hours related to professional services provided and 143.0 for paraprofessional services.  A complete and itemized accounting of the foregoing time

was provided to the Debtor and is set forth in the invoices attached as **Exhibit A** ("**Invoices**"). The Invoices record the Trustee's daily time entries and include a description of the nature and substance of the services rendered, the date on which the services were performed, and the attorney, clerk, or paralegal, who performed the services and the amount of time actually spent as well as the costs incurred or advanced by the Trustee.

11.     In the ordinary course of HF's practice, HF maintains records of the time expended to render the professional services in this case.  For the convenience of the Court, attached hereto as **Exhibit B** is a summary of fees incurred and hours expended during the Compensation Period, setting forth the (a) the name of each attorney and paraprofessional who worked on this chapter 11 case; (b) each attorney's year of bar admission; (c) the aggregate time expended and fees billed by each attorney and each paraprofessional during the Compensation Period; (d) the hourly billing rate for each attorney and each paraprofessional; and (e) a calculation of total compensation requested using each attorney's and paraprofessionals billing rates.

12.     As the Invoices show, HF categorizes fees into Matter Categories.  A schedule setting forth (a) a description of the Matter Categories utilized in this case, (b) the number of hours expended by HF's partners, associates, and paraprofessionals by matter, and (c) the aggregate fees associated with each matter is attached as **Exhibit C**.

13.     In the ordinary course of HF's practice, HF maintains a record of expenses incurred in the rendition of the professional services for the benefit of the Debtor and its estate and for which reimbursement is sought.  These expenses appear in the Invoices attached in Exhibit A.  For the convenience of the Court, attached hereto as **Exhibit D** is a summary of the expenses for which HF is seeking reimbursement by category.

14.     The fees and expenses during the applicable period are broken down as follows:

| Period | Hours | Fees | Expenses | Total |
|---|---|---|---|---|
| July 1 – July 31, 2023 | 9.7 | $4,045.00 | $0 | $4,045.00 |
| August 2 – August 31, 2023 | 59.70 | $22,640.00 | $0 | $22,640.00 |
| September 1 – September 30, 2023 | 92.2 | $31,130.00 | $771.40 | $31,901.40 |
| October 1 – October 31, 2023 | 140.70 | $45,940.00 | $2,304.47 | $48,244.47 |
| November 1 – November 30, 2023 | 65.0 | $26,095.00 | $20.00 | $26,115.00 |
| December 1 – December 31, 2023 | 12.3 | $4,050.00 | $0 | $4,050.00 |
| **Totals** | | **$133,900.00** | **$3,095.87** | **$136,995.87** |

15.     In addition to the fees and expenses listed above totaling $136,995.87, HF is also requesting reimbursement of $2,050.00 to prepare, serve and prosecute this Application, for an aggregate total of $139,045.87.

### NOTICES OF DISTRIBUTION OF RETAINER

16.     On September 30, 2022, the Court entered the Order Establishing Procedure for Interim Compensation of Professionals ("**Fee Procedures Order**") [Docket No. 202].  Pursuant to the Fee Procedures Order, HF circulated monthly fee statements ("**Fee Statements**") for partial payment of its fees and full payment of its expenses.

17.     Below is a summary of the Fee Statements submitted for review in accordance with the Fee Procedures Order.  No objections were made to these Fee Statements and a total of $85,308.47 has been distributed to HF.

| Period | Total Fees | 80% Fees | Expenses | Total Due to Be Paid On Fee Statement | Total Paid | Remaining Balance Owed |
|---|---|---|---|---|---|---|
| July 2023 | $4,045.00 | $3,236.00 | $0.00 | $3,236.00 | $3,236.00 | $809.00 |
| August 2023 | $22,640.00 | $18,112.00 | $0.00 | $18,112.00 | $18,112.00 | $4,528.00 |

| Period | Total Fees | 80% Fees | Expenses | Total Due to Be Paid On Fee Statement | Total Paid | Remaining Balance Owed |
|---|---|---|---|---|---|---|
| September 2023 | $31,130.00 | $24,904.00 | $771.40 | $25,675.40 | $24,904.00 | $6,997.40[1] |
| October 2023 | $45,940.00 | $36,752.00 | $2,304.47 | $39,056.47 | $39,056.47 | $9,188.00 |
| November 2023 | $26,095.00 | $20,876.00 | $20.00 | $20,896.00 | $0.00 | $26,115.00 |
| **Totals** | $129,850.00 | $103,880.00 | $3,095.87 | $106,975.87 | $85,308.47 | $42,418.40 |

18.     In addition, for the period December 1 – December 31, 2023, HF billed total fees in the amount of $4,050.00 and incurred expenses in the amount of $0.00, for an aggregate amount owed for December 2023 invoices of $4,050.00. A Fee Statement has not been remitted for the December 2023 invoices. Payment of the December 2023 invoices is sought in this Application.

<u>SUMMARY OF SERVICES RENDERED</u>

19.     The services rendered by the Trustee to the Debtor were necessary and appropriate. The compensation requested is commensurate with the complexity and nature of the issues and tasks involved.

20.     The following project categories detail the activities performed by the Trustee and the time spent in performance of each such service are as follows.

<u>LEGAL SERVICES PROVIDED TO DEBTOR</u>

**A.  110-Case Administration                         304.60 Hrs.          $100,880.00**

21.     During the period covered by this Application, Trustee billed time to this matter to review various pleadings filed in this case related to case administration, including monthly

---

[1] The payment received for the September 2023 fee statement did not include payment of the expense reimbursement in the amount of $771.40.

operating reports. Trustee further billed time for various telephone conferences, meetings and email with CRO, Trustee's counsel, counsel for Debtor, counsel for Mr. Jones, counsel for US trustee's office and communications with various creditor constituents regarding issues relative to administration of the estate.  Trustee also billed time to this matter to attend various status conferences and review related pleadings.  Trustee further billed time to this matter to review various documents and attend hearings in Mr. Jones personal bankruptcy case which were relevant to the Debtor's case.

22.     Additionally, Trustee billed time to this matter relative to the extensive discovery conducted by the Committee in Mr. Jones' personal case which overlapped with issues from Trustee's investigation.   This participation included review of voluminous documents produced by various parties, attendance at numerous depositions of parties and meetings with creditors and interested parties in this case. Trustee also conducted additional interviews with parties as part of her investigation.  Trustee further billed time to this matter relative to continued efforts to reach a settlement amongst the parties.  Trustee expended time traveling to Debtor's facility and meeting with the CRO and other parties; conducting numerous interviews with the CRO and other relevant parties to this case. Trustee also reviewed numerous additional documents produced by various parties to Trustee.

23.     Further, Trustee also worked closely with the CRO to monitor Debtor's financial and general business operations on virtually a daily basis.  As a result of Trustee's efforts, much more transparency exists in this case and the temperature amongst the various constituencies has been significantly lowered which allowed the Debtor to focus on stabilizing operations and propose a Chapter 11 plan.

**B.  140-Relief from Automatic Stay**            .10 Hrs.            $50.00

24.     The Trustee billed time to this matter to review a proposed agreed order relative motion for relief from stay filed in this case by Texas plaintiffs.

**C.  190-Litigation**            3.8 Hrs.            $1,900.00

25.     Trustee billed time to this matter relative to Debtor's dispute with PQPR and the related adversary proceeding, including review of various pleadings, review of documents related to the dispute, conferences and email with CRO, M3, Trustee's counsel and other professionals regarding issues relative to the dispute.

**D.  210-Business Operations**            8.2 Hrs.            $4,100.00

26.     The Trustee billed time to this matter concerning operational issues of FSS. Trustee's expanded powers required monitoring Debtor's affairs. As a result, Trustee worked closely with the CRO on virtually a daily basis to discuss operational issues and stabilize operations. Trustee billed time for discussions and meetings with CRO, Trustee's professionals, counsel for Debtor, counsel and financial advisors for Mr. Jones, other constituents and vendors regarding operational issues. Trustee traveled to the FSS facility on various occasions and worked with CRO to resolve operational issues, as well as reviewing various pleadings and prepare for and attend various hearing related to these matters.  As a result of Trustee's efforts, much more transparency exists in this case.

**E.  230-Cash Collateral / Financing**            5.3 Hrs.            $2,405.00

27.     The Trustee billed time to this matter to consult with the CRO regarding various budgetary matters; review and comment on various cash collateral budgets as well as prepare for and attend numerous cash collateral hearings. Time was also billed related to conferences with CRO, Debtor's counsel, Trustee's counsel and creditors regarding use of cash collateral and PQPR debt.

**F.  310-Claims**                                      **5.4 Hrs.**          **$2,700.00**

28.     The Trustee billed time to this matter to review various claims filed in Debtor's case, including the administrative claim filed by Mr. Jones, along with related conferences and communications with CRO, Trustee's counsel and other professionals in this case and in Mr. Jones personal case.

**G.  320-Chapter 11 Plan**                            **52.20 Hrs.**         **$21,865.00**

29.     Trustee billed time to this matter related to meetings and ongoing communications with CRO to help formulate a consensual Chapter 11 Plan, as well issues relative to plan confirmation.  Trustee also billed time for meetings and communications with Debtor's counsel, Debtor's special tax counsel, counsel for Mr. Jones, Trustee's professionals and other constituencies relative to the Debtor's amended Chapter 11 Plan and confirmation issues.  Trustee further billed time to review and comment on Debtor's proposed amended Chapter 11 plan, related trust documents, and other exhibits. Trustee also billed time to this matter to attend status conferences regarding the same.

**COMPENSATION REQUESTED**

30.     As set forth in this Application, Trustee and HF seek approval of $133,900.00 in fees and $3,095.87 in expenses incurred from  July 1, 2023 through December 31, 2023.  The blended hourly rate for HF timekeepers is $352.74.

31.     The Application readily meets the standards of section 330 and applicable case law for compensation for services rendered by the Trustee.  The time HF spent on the services rendered and the rates charged for such services were reasonable and necessary, given the complexities of this case, to fulfill her role as Subchapter V Trustee in line with the Johnson factors adopted by the Fifth Circuit in *In re First Colonial Corp.*, 544 F.2d 1291, 1299 (5th Cir. 1977) as further discussed below.

## FIRST COLONIAL FACTORS

32.     Pursuant to Bankruptcy Local Rule 2016(a), fee applications must include a discussion of the factors considered in *American Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp. of America)*, 544 F.2d 1291, 1298-99 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977). Consideration of the factors listed in First Colonial Corp. indicates that the compensation requested by Trustee for the services rendered during the Compensation Period is reasonable:

(i)     <u>Time and Labor Required.</u> As set forth in detail on Exhibit A, the Trustee spent 379.60 hours during the Compensation Period performing her required duties as Trustee to the Debtor.  Of this amount, 143 hours were billed at paraprofessional hourly rate of $150.00 by Elyse M. Farrow, an attorney at HF[2].  Utilization of Ms. Farrow to assist the Trustee in performance of her duties resulted in a significant savings to the estate.

(ii)     <u>Novelty and Difficulty of the Questions.</u> The services of a Subchapter V Trustee require special knowledge of the Bankruptcy Code. This case also presented certain challenges not customarily found in most Subchapter V cases due to the notoriety of the Debtor and its principal.

(iii)     <u>Skill Requisite to Perform the Service Properly.</u> As stated above, acting as a Subchapter V Trustee required knowledge of the Bankruptcy Code and, in particular, its' provisions as they relate to Debtors' rights and duties under Chapter 11 of the Bankruptcy Code.

(iv)     <u>Preclusion of Other Employment Due to the Acceptance of the Case.</u> To the extent the Trustee devoted time performing her duties and assisting the Debtor, she was precluded from performing legal services on behalf of other clients.  Aside from the foregoing, there was no

---

[2] The US Trustee's office was contacted about the utilization of Ms. Farrow to assist Trustee with her expanded role in this case. The US Trustee's office indicated no objection to the use of Ms. Farrow if she was billed at paraprofessional rate instead of her normal hourly rate of $400.00 (through 12/31/23), while reserving rights to object to the reasonableness of any fees billed.

preclusion from other employment.

(v)   <u>Customary Fee.</u> The Trustee has requested a total fee which she feels is reasonable under the circumstances, given the expanded scope of her appointment.  The hourly rates applied for are the normal rates charged by the Trustee during the period of its service.  In the opinion of the Trustee, such rates are in line with the community standard for comparable work. Additionally, the $150 hourly rates charged for Ms. Farrow are reduced from her normal hourly rate of $400.00, which provided a benefit to the estate.

(vi)   <u>Whether the Fee is Fixed or Contingent.</u> The fees in a bankruptcy proceeding are always contingent upon ultimate approval by the court and contingent upon there being assets available with which to pay such fees.

(vii)   <u>Time Limitations imposed by client and other circumstances.</u> Subchapter V imposes certain deadlines which must be met.  No other time limitations were imposed by this case.

(viii)   <u>Amount Involved and Results Obtained.</u>  Trustee worked to monitor Debtor's operations and investigate financial transfers.  Trustee assisted in stabilizing the Debtor's operations and was instrumental in persuading the Debtor and the plaintiffs to mediate their dispute.  Although the mediation has been discontinued, Trustee continues to work with the parties in hopes of achieving a global resolution of disputes through a consensual plan.

(ix)   <u>The experience, reputation, and ability of the professionals.</u> Melissa A. Haselden is board certified in business bankruptcy by the Texas Board of Legal Specialization.  She believes she is generally recognized in this district for her abilities and competency, particularly in the field of bankruptcy law.

(x)     <u>The Undesirability of the Case.</u>  The notoriety of Debtor's principal and related litigation with the plaintiffs lend a level of undesirability to this case.

(xi)     <u>Nature and Length of Professional Relationship with Client.</u> The nature and length of professional relationship with client is not a factor in this proceeding.

(xii)     <u>Awards in Similar Cases.</u>  Trustee maintains that the fees requested herein are similar to fees awarded in other cases of a similar nature.  The Trustee made every effort to limit fees while also providing necessary services and support to the Debtor.

<u>SECOND INTERIM APPLICATION.</u>

33.     The Trustee requests the Court to authorize compensation to be paid to Trustee and HF in the amount of $133,900.00 for fees which it incurred between July 1, 2023 and December 31, 2023.  The Trustee also requests that this Court authorize reimbursement to it for expenses totaling 3,095.87.

<u>ESTIMATED AMOUNT TO PREPARE SECOND INTERIM FEE APPLICATION.</u>

34.     The Trustee further requests payment of $2,050.00 related to preparing, serving and prosecuting this Application, for an aggregate total of $139,045.87.

<u>CONCLUSION.</u>

WHEREFORE, the Subchapter V Trustee requests that the Court:

a)     Authorize allowance, payment and reimbursement of $139,045.87 to Trustee, representing (i) fees of $133,900.00; (ii) expenses of $3,095.87; and (iii) costs of $2,050.00 for the preparation, service and prosecution of this Application, less the sum of $85,308.47 (representing payments made pursuant to the Fee Procedures Order);

b)     Authorize approval of payment of $53,737.40 to Applicant and that Debtor make the payment from any funds currently held; and

13

c)     Grant such other and further relief to which the Subchapter V Trustee may be justly entitled.

DATED:     January 24, 2024          Respectfully submitted,

**HASELDEN FARROW PLLC**

By: */s/ Melissa A. Haselden*
Melissa A. Haselden
State Bar No. 00794778
700 Milam, Suite 1300
Pennzoil Place
Houston, Texas 77002
Telephone: (832) 819-1149
Facsimile: (866) 405-6038
mhaselden@haseldenfarrow.com
**Subchapter V Trustee**

## CERTIFICATE OF SERVICE

     I hereby certify that on January 24, 2024, a copy of the foregoing *Second Interim Application of Melissa A. Haselden and Haselden Farrow, PLLC, Subchapter V Trustee, for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses for the Period from July 1, 2023 to December 31, 2023* has been served via through the ECF system to the parties listed below:

Raymond William Battaglia on behalf of Debtor Free Speech Systems LLC
rbattaglialaw@outlook.com, rwbresolve@gmail.com

Raymond William Battaglia on behalf of Interested Party Alex E Jones
rbattaglialaw@outlook.com, rwbresolve@gmail.com

Raymond William Battaglia on behalf of Plaintiff Free Speech Systems LLC
rbattaglialaw@outlook.com, rwbresolve@gmail.com

Joseph S.U. Bodoff on behalf of Creditor ADP TotalSource, Inc.
jbodoff@rubinrudman.com

Marty L Brimmage on behalf of Creditor Committee Official Committee Of Unsecured Creditors
mbrimmage@akingump.com, lmonreal@akingump.com;bkemp@akingump.com;
apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage on behalf of Creditor Committee Official Committee of Unsecured Creditors of Alexander E. Jones
mbrimmage@akingump.com, lmonreal@akingump.com;bkemp@akingump.com;
apraestholm@akingump.com;txdocketing@akingump.com

14

Marty L Brimmage on behalf of Creditor David Wheeler, et al.
mbrimmage@akingump.com, lmonreal@akingump.com;bkemp@akingump.com;
apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage on behalf of Creditor Leonard Pozner
mbrimmage@akingump.com, lmonreal@akingump.com;bkemp@akingump.com;
apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage on behalf of Creditor Marcel Fontaine
mbrimmage@akingump.com, lmonreal@akingump.com;bkemp@akingump.com;
apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage on behalf of Creditor Neil Heslin
mbrimmage@akingump.com, lmonreal@akingump.com;bkemp@akingump.com;
apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage on behalf of Creditor Scarlett Lewis
mbrimmage@akingump.com, lmonreal@akingump.com;bkemp@akingump.com;
apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage on behalf of Creditor Veronique De La Rosa
mbrimmage@akingump.com,
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@a
kingump.com

Ryan E Chapple on behalf of Creditor Carlee Soto Parisi
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Creditor Carlos M. Soto
rchapple@cstrial.com, aprentice@cstrial.com
Ryan E Chapple on behalf of Creditor David Wheeler
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Creditor David Wheeler, et al.
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Creditor Donna Soto
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Creditor Francine Wheeler
rchapple@cstrial.com, aprentice@cstrial.com
Ryan E Chapple on behalf of Creditor Ian Hockley
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Creditor Jacqueline Barden
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Creditor Jennifer Hensel
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Creditor Jillian Soto-Marino
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Creditor Leonard Pozner
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Creditor Marcel Fontaine
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Creditor Mark Barden
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Creditor Neil Heslin
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Creditor Nicole Hockley
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Creditor Richard M. Coan
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Creditor Robert Parker
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Creditor Scarlett Lewis
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Creditor Veronique De La Rosa
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Creditor William Aldenberg
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Creditor William Sherlach
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Carlee Soto-Parisi
rchapple@cstrial.com, aprentice@cstrial.com
Ryan E Chapple on behalf of Plaintiff Carlos M. Soto
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff David Wheeler
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Donna Soto
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Francine Wheeler
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Ian Hockley
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Jacqueline Barden
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Jennifer Hensel
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Jillian Soto Marino
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Mark Barden
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Nicole Hockley
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Richard M. Coan
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Robert Parker
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff William Sherlach
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Wlliam Aldenberg
rchapple@cstrial.com, aprentice@cstrial.com

Walter J Cicack on behalf of Interested Party Sweetwater Holdings Group, Inc.
wcicack@hcgllp.com, mallen@hcgllp.com

Walter J Cicack on behalf of Respondent Cicack Holdings, LLC
wcicack@hcgllp.com, mallen@hcgllp.com
Walter J Cicack on behalf of Witness Charles "Charlie" Cicack
wcicack@hcgllp.com, mallen@hcgllp.com

Vickie L Driver on behalf of Defendant Alexander E. Jones, Trustee for AEJ 2018 Trust
Vickie.Driver@crowedunlevy.com, elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com

Vickie L Driver on behalf of Interested Party Alex E Jones
Vickie.Driver@crowedunlevy.com, elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com

Christopher Dylla on behalf of Creditor Texas Comptroller of Public Accounts, Revenue
Accounting Division
Christopher.Dylla@azag.gov

Elyse M Farrow on behalf of Trustee Melissa A Haselden
EFarrow@HaseldenFarrow.com, elysefarrow@gmail.com

Elizabeth Carol Freeman on behalf of Trustee Melissa A Haselden
liz@lizfreemanlaw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net

Jennifer Jaye Hardy on behalf of Creditor Leonard Pozner
jhardy2@willkie.com, mao@willkie.com

Jennifer Jaye Hardy on behalf of Creditor Marcel Fontaine
jhardy2@willkie.com, mao@willkie.com

Jennifer Jaye Hardy on behalf of Creditor Neil Heslin
jhardy2@willkie.com, mao@willkie.com

Jennifer Jaye Hardy on behalf of Creditor Scarlett Lewis
jhardy2@willkie.com, mao@willkie.com

Jennifer Jaye Hardy on behalf of Creditor Veronique De La Rosa
jhardy2@willkie.com, mao@willkie.com

Jennifer Jaye Hardy on behalf of Plaintiff Estate of Marcel Fontaine
jhardy2@willkie.com, mao@willkie.com

Jennifer Jaye Hardy on behalf of Plaintiff Leonard Pozner
jhardy2@willkie.com, mao@willkie.com

Jennifer Jaye Hardy on behalf of Plaintiff Neil Heslin
jhardy2@willkie.com, mao@willkie.com

Jennifer Jaye Hardy on behalf of Plaintiff Scarlett Lewis
jhardy2@willkie.com, mao@willkie.com

Jennifer Jaye Hardy on behalf of Plaintiff Veronique De La Rosa
jhardy2@willkie.com, mao@willkie.com

Melissa A Haselden
mhaselden@haseldenfarrow.com, haseldenbankruptcytrustee@gmail.com;

mhaselden@ecf.axosfs.com;haselden.melissaa.r104367@notify.bestcase.com

Melissa A Haselden on behalf of Trustee Melissa A Haselden
mhaselden@haseldenfarrow.com, haseldenbankruptcytrustee@gmail.com;
mhaselden@ecf.axosfs.com;haselden.melissaa.r104367@notify.bestcase.com

Melissa Anne Haselden on behalf of Trustee Melissa A Haselden
mhaselden@haseldenfarrow.com, haseldenbankruptcy@gmail.com,
haselden.melissaa.r104367@notify.bestcase.com

Shelby A Jordan on behalf of Defendant Alexander E. Jones
cmadden@jhwclaw.com

Shelby A Jordan on behalf of Interested Party Alex E Jones
cmadden@jhwclaw.com

Shelby A Jordan on behalf of Interested Party Shelby A Jordan
cmadden@jhwclaw.com

Kyung Shik Lee on behalf of Attorney Kyung Shik Lee
kslee50@gmail.com, Courtnotices@kasowitz.com

Kyung Shik Lee on behalf of Debtor Free Speech Systems LLC
kslee50@gmail.com, Courtnotices@kasowitz.com

Stephen Wayne Lemmon on behalf of Creditor PQPR Holdings Limited, LLC
lemmon@slollp.com, mates@slollp.com

Stephen Wayne Lemmon on behalf of Defendant JLJR Holdings, LLC
lemmon@slollp.com, mates@slollp.com
Stephen Wayne Lemmon on behalf of Defendant PLJR HOLDINGS LIMITED, LLC
lemmon@slollp.com, mates@slollp.com

Stephen Wayne Lemmon on behalf of Defendant PLJR HOLDINGS, LLC
lemmon@slollp.com, mates@slollp.com

Stephen Wayne Lemmon on behalf of Defendant PQPR HOLDINGS LIMITED, LLC
lemmon@slollp.com, mates@slollp.com

Stephen Wayne Lemmon on behalf of Defendant PQPR Holdings LLC
lemmon@slollp.com, mates@slollp.com

Stephen Wayne Lemmon on behalf of Defendant PQPR Holdings Limited, LLC
lemmon@slollp.com, mates@slollp.com

Patrick Michael Lynch on behalf of Creditor Ally Bank
plynch@qslwm.com, jtownzen@qslwm.com

John D Malone on behalf of Creditor Security Bank of Crawford
myra@johnmalonepc.com, myra@johnmalonepc.com

Jarrod B. Martin on behalf of Creditor Leonard Pozner
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com;
atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin on behalf of Creditor Marcel Fontaine
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com;
atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin on behalf of Creditor Neil Heslin
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com
;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin on behalf of Creditor Scarlett Lewis
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com;
atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin on behalf of Creditor Veronique De La Rosa
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com;
atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin on behalf of Plaintiff Estate of Marcel Fontaine
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com
;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin on behalf of Plaintiff Leonard Pozner
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com;
atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin on behalf of Plaintiff Marcel Fontaine
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com;
atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin on behalf of Plaintiff Neil Heslin
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com;
atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin on behalf of Plaintiff Scarlett Lewis
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com;
atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin on behalf of Plaintiff Veronique De La Rosa
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com;
atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Avi Moshenberg on behalf of Creditor Leonard Pozner
avi.moshenberg@mhllp.com, jessica.valdez@mhllp.com

Avi Moshenberg on behalf of Creditor Marcel Fontaine
avi.moshenberg@mhllp.com, jessica.valdez@mhllp.com

Avi Moshenberg on behalf of Creditor Neil Heslin
avi.moshenberg@mhllp.com, jessica.valdez@mhllp.com

Avi Moshenberg on behalf of Creditor Scarlett Lewis
avi.moshenberg@mhllp.com, jessica.valdez@mhllp.com

Avi Moshenberg on behalf of Creditor Veronique De La Rosa
avi.moshenberg@mhllp.com, jessica.valdez@mhllp.com

Avi Moshenberg on behalf of Plaintiff Estate of Marcel Fontaine
avi.moshenberg@mhllp.com, jessica.valdez@mhllp.com

Avi Moshenberg on behalf of Plaintiff Leonard Pozner
avi.moshenberg@mhllp.com, jessica.valdez@mhllp.com

Avi Moshenberg on behalf of Plaintiff Leonard Pozner
avi.moshenberg@mhllp.com, jessica.valdez@mhllp.com

Avi Moshenberg on behalf of Plaintiff Marcel Fontaine
avi.moshenberg@mhllp.com, jessica.valdez@mhllp.com

Avi Moshenberg on behalf of Plaintiff Neil Heslin
avi.moshenberg@mhllp.com, jessica.valdez@mhllp.com

Avi Moshenberg on behalf of Plaintiff Neil Heslin
avi.moshenberg@mhllp.com, jessica.valdez@mhllp.com

Avi Moshenberg on behalf of Plaintiff Scarlett Lewis
avi.moshenberg@mhllp.com, jessica.valdez@mhllp.com

Avi Moshenberg on behalf of Plaintiff Scarlett Lewis
avi.moshenberg@mhllp.com, jessica.valdez@mhllp.com

Avi Moshenberg on behalf of Plaintiff Veronique De La Rosa
avi.moshenberg@mhllp.com, jessica.valdez@mhllp.com

Avi Moshenberg on behalf of Plaintiff Veronique De La Rosa
avi.moshenberg@mhllp.com, jessica.valdez@mhllp.com

Ha Minh Nguyen on behalf of U.S. Trustee US Trustee
ha.nguyen@usdoj.gov

Johnie J Patterson on behalf of Creditor Elevated Solutions Group, LLC
wandp.ecf@gmail.com;WalkerPatterson@jubileebk.net;wp@ecf.courtdrive.com

Bradley J. Reeves on behalf of Creditor Reeves Law, PLLC
bradley.reeves@pillsburylaw.com

Federico Andino Reynal on behalf of Defendant AEJ HOLDINGS, LLC
areynal@frlaw.us

Federico Andino Reynal on behalf of Defendant AEJ TRUST 2018
areynal@frlaw.us

Federico Andino Reynal on behalf of Defendant Free Speech Systems, LLC
areynal@frlaw.us

Federico Andino Reynal on behalf of Defendant Alex E. Jones
areynal@frlaw.us

Michael P Ridulfo on behalf of Other Prof. Schwartz Associates, LLC
mridulfo@krcl.com, rcoles@krcl.com

Michael P Ridulfo on behalf of Other Prof. Schwartz and Associates, LLC
mridulfo@krcl.com, rcoles@krcl.com

Michael P Ridulfo on behalf of Other Prof. Marc Schwartz
mridulfo@krcl.com, rcoles@krcl.com
Michael P Ridulfo on behalf of Other Prof. W. Marc Schwartz
mridulfo@krcl.com, rcoles@krcl.com

Stephen A Roberts on behalf of Defendant AEJ Austin Holdings, LLC
sroberts@srobertslawfirm.com, 1222805420@filings.docketbird.com

Stephen A Roberts on behalf of Defendant CAROL JONES
sroberts@srobertslawfirm.com, 1222805420@filings.docketbird.com

Stephen A Roberts on behalf of Defendant David Jones
sroberts@srobertslawfirm.com, 1222805420@filings.docketbird.com

Stephen A Roberts on behalf of Interested Party David Ross Jones
sroberts@srobertslawfirm.com, 1222805420@filings.docketbird.com

Jayson B. Ruff on behalf of U.S. Trustee US Trustee
jayson.b.ruff@usdoj.gov

R. J. Shannon on behalf of Attorney Shannon & Lee LLP
rshannon@shannonpllc.com,

rshannon@shannonleellp.com;7044075420@filings.docketbird.com

R. J. Shannon on behalf of Debtor Free Speech Systems LLC
rshannon@shannonpllc.com,
rshannon@shannonleellp.com;7044075420@filings.docketbird.com

Jason Starks on behalf of Creditor Travis County
bkecf@traviscountytx.gov

Christina Walton Stephenson on behalf of Debtor Free Speech Systems LLC
Crissie.Stephenson@crowedunlevy.com,
elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com

Christina Walton Stephenson on behalf of Interested Party Alex E Jones
Crissie.Stephenson@crowedunlevy.com,
elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

Kimberly A Walsh on behalf of Creditor Texas Comptroller of Public Accounts, Revenue
Accounting Division
bk-kwalsh@oag.texas.gov, sherri.simpson@oag.texas.gov

Jennifer F Wertz on behalf of Trustee Melissa A Haselden
jwertz@jw.com, kgradney@jw.com;jpupo@jw.com;steso@jw.com;dduhon@jw.com

*/s/ Melissa A. Haselden*
Melissa A. Haselden