IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FREE SPEECH SYSTEMS, LLC | § | CASE NO: 22-60043 |
| | § | Chapter 11 |
| | § | |
| DEBTOR. | § | |

**PUBLIC STORAGE'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AGAINST PROPERTY AND REQUEST FOR HEARING**

**YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

### Summary of Argument

Public Storage ("Public Storage" or "Movant"), a party in interest, moves to lift the automatic stay pursuant to 11 U.S.C. §362(d) and Fed. R. Bankr. P. 4001. Free Speech Systems, LLC ("Debtor"), leased two storage units from Movant in accordance with the Rental Agreements

134015130.3

(the "Agreements"). *The Agreements attached hereto as Exhibit A*. Public Storage seeks this Court's authorization to immediately exercise its state law and *in rem* rights to foreclose on the personal property, if any, contained inside the units located at 2301 E Ben White Blvd, Austin, Texas 78741, space 1074 and space 1035 (the "Units") and auction the contents of the Units. The Debtor is listed as the "customer" on the Agreements between Debtor and Public Storage. The Debtor has failed to make payments resulting in a default Section 3(d) of the Agreements which gives Public Storage the right to terminate the Agreements. *See Sec. 3(d) of Exhibit A*. Additionally, the Debtor has seemingly abandoned the Units, also considered a default pursuant to Section 12 of the Agreements, which gives Public Storage the right to terminate the Agreements. *See Sec. 12 of Exhibit A*.

Public Storage seeks relief from the automatic stay imposed by 11 U.S.C. §362(a) and requests that this Court enter an order immediately terminating the stay to permit Public Storage to exercise its *in rem* remedies against Debtor by foreclosing on the Units, and to allow Public Storage the opportunity to auction the contents of the Units at a private sale pursuant to Section 3(d) of the Agreements.

As of January 1, 2024 (the most recent month of unpaid rent pursuant to the Agreements), Debtor owes Public Storage $16,815.00 in rent and fees for the Units rented from Public Storage. Rent for (both) Units, pursuant to the Agreements, is $219 per month for space 1074 and $352 per month for space 1035. Since the filing of the Petition, Public Storage has not received rent, and because of the automatic stay, has been unable to rent the Units to another customer. The hardship to Public Storage by allowing the automatic stay to remain in place considerably outweighs the hardship to the Debtor if the stay is lifted.

134015130.3

Stay relief should be granted because (1) Public Storage is a party in interest with an unpaid debt, which continues to increase, and the Debtor has not, and indeed cannot, adequately protect Public Storage's interest; and (2) the Debtor does not have equity in the Units and the Units are not necessary to an effective reorganization.

### Jurisdiction

This Court has jurisdiction in accordance with 28 U.S.C. §§ 1334, 1408 and 11 U.S.C. § 362(d). Venue is proper pursuant to 28 U.S.C. § 1408.

### Statement of the Facts

Public Storage is the owner of the storage units located at 2301 E Ben White Blvd, Austin, Texas 78741, space 1074 and space 1035.

On October 31, 2014 (space 1035) and February 27, 2015 (space 1074), the Agreements between Public Storage and Debtor commenced. Pursuant to the Agreements, Debtor agreed that Public Storage would lease the Units to the Debtor for a monthly rental payment of $219 per month for space 1074 and $352 per month for space 1035. The Agreements continued on a month-to-month basis unless terminated by either Public Storage or Debtor. Debtor made intermittent payments, frequently falling behind on the account.

On December 2, 2022, the Debtor filed a voluntary petition for bankruptcy pursuant to Chapter 11. In the Debtor's petition, the Agreements are not listed as contracts to be assumed, or otherwise referenced in Debtor's petition.

As of June 1, 2023, Debtor's balance due to Public Storage was $11,038.00 pursuant to the Customer Transaction Journals for each space. *The Customer Transaction Journals attached hereto as Exhibit B.* The Debtor's account continues to accrue monthly rental charges and additional fees, for which Public Storage has received no payments since 2023. Further, the Debtor

has not surrendered and/or vacated the Units. The Debtor's failure to pay rent to Public Storage constitutes a default pursuant to Section 12 of the Agreements which gives Public Storage the right to terminate the Agreements. *See Sec. 12 of Exhibit A*. Additionally, the Debtor has seemingly abandoned the Units also considered a default against Section 3(d) of the Agreements which gives Public Storage the right to terminate the Agreements. *See Sec. 3(d) of Exhibit A*.

On January 30, 2024, Counsel for Public Storage attempted to confer Debtor's counsel to discuss lifting the automatic stay and no agreement has been made at this time. At this time, Debtor has not assigned the Agreements, the Agreements have not been assumed and Debtor has made no efforts to make payments.

## **Argument**

Public Storage moves to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1) because Debtor has failed to pay rent due in accordance with the Agreements. Public Storage is a party in interest pursuant to the terms of the Agreements. The Debtor's failure to make payments demonstrates that Public Storage's security interest in the Units is not being adequately protected. Additionally, Public Storage is prohibited from renting to another customer, or taking possession of the contents of the Units by virtue of the automatic stay. Allowing Public Storage to exercise its rights available pursuant to the Agreements will not result in prejudice to the Debtor because it will have the opportunity to retrieve any property Debtor wishes to remain in possession of at a private sale, or before any sale by agreement between Public Storage and Debtor.

Furthermore, keeping the stay in place will result in significant prejudice to Public Storage. In addition to the rent and late fees Debtor owes Public Storage, Public Storage is suffering further economic harm because it is unable to rent the unit to another renter who can afford the monthly payments. If this Court does not agree to lift the stay, there will be no other remedy available for

Public Storage to recover the Units, remove the Debtor's personal property from the Units (if any), and rent the Units to a new customer.

Therefore, in accordance with 11 U.S.C. § 362(d)(1), this Court should terminate the stay and allow Public Storage to pursue remedies in accordance with applicable non-bankruptcy law with respect to the Agreements and the Units.

## Conclusion and Prayer

For the reasons stated above, Public Storage has demonstrated that cause exists for lifting the automatic stay as well as the prejudice Public Storage is suffering during the time the Debtor continues to occupy the Units without paying. As a result, the Court should lift the automatic stay for the limited purpose of allowing Public Storage to exercise its rights pursuant to state law, and the Agreements, which will not affect any other aspect of this bankruptcy case.

Public Storage requests a hearing for this motion be heard and ruled on by this Court on February 20, 2024 at 10:00 a.m.

Accordingly, Movant respectfully requests that the Court enter an order in accordance with 11 U.S.C. § 362(d), lifting, terminating, or modifying the automatic stay, as it relates to Public Storage's ability to enforce its state law based rights, to regain possession of the Units, and that the 14 days stay pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure be waived.

134015130.3

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Bennett G. Fisher*
Bennett G. Fisher
TBA # 07049125
bennett.fisher@lewisbrisbois.com
Daniel David
TBA # 24109115
daniel.david@lewisbrisbois.com
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Office: 346-241-4095
Fax: 713-759-6830

134015130.3

## CERTIFICATE OF SERVICE

       I certify that the foregoing has been served in accordance with LBR 9013(f) and Fed. R. Bankr. P. 7004(b) on January 30, 2024 to all parties who have filed a notice of appearance or request for notice in the case and to the following:

Free Speech Systems, LLC
c/o Raymond William Battaglia
Law Offices of Ray Battaglia, PLLC
66 Granburg Circle
San Antonio, TX 78218
210-601-9405
rbattaglialaw@outlook.com;
Kyung Shik Lee
Kyung S. Lee PLLC
4723 Oakshire Drive
Apt. B
Houston, TX 77027
713-301-4751
kslee50@gmail.com;
R. J. Shannon
Shannon & Lee LLP
2100 Travis Street, STE 1525
Houston, TX 77002
713-715-1660
rshannon@shannonpllc.com;  and
Christina Walton Stephenson
Crowe & Dunlevy
2525 McKinnon St.
Ste 425
Dallas, TX 75201
214-420-2163
Crissie.Stephenson@crowedunlevy.com
*Co-Counsel for Debtor*                                                                             *Via efile*


Office of the U.S. Trustee
c/o Ha Minh Nguyen and Jayson Ruff
515 Rust St.
Suite 3516
Houston, TX 77002
ha.nguyen@usdoj.goc, jayson.b.ruff@usdoj.gov
*U.S. Trustee*                                                                                                 *Via efile*

Akin Gump Straus Hauer & Feld, LLC
Attn: David M. Zensky, Marty L. Brimmage, Jr., Sara L. Brauner and Melanie A. Miller

134015130.3

One Bryant Park
New York, NY 10036
dzensky@akingump.com, mbrimmage@akingump.com, sbrauner@akingump.com, melanie.miller@akingump.com
*Counsel to the Official Committee of Unsecured Creditors*         *Via efile*

Any other parties that the Court may designate

*/s/ Bennett G. Fisher*
Bennett G. Fisher

134015130.3