IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § | |
| § | CASE NO. 22-60043 |
| FREE SPEECH SYSTEMS, LLC, § | |
| § | CHAPTER 11 |
| DEBTOR. § | |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO THE SUBCHAPTER V TRUSTEE'S APPLICATION TO RETAIN THE LAW OFFICE OF LIZ FREEMAN, PLLC**

TO THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), objects on a limited basis (the "Objection") to the *Subchapter V Trustee's Application to Retain the Law Office of Liz Freeman, PLLC* (the "Freeman Application") [ECF No. 789] because of the improper request for retroactive approval.

## I.   INTRODUCTION[1]

1.   The Court should deny the request of the Law Office of Liz Freeman, PLLC (the "Applicant") for retroactive approval of the Freeman Application to December 5, 2022, 13 months before it filed the Freeman Application. The Applicant asserts that the failure to file the Freeman Application for over a year resulted from an "oversight."[2] Retroactive employment, however, should be granted only in limited situations where an applicant can demonstrate that its application would have been approved if the application were timely filed *and* where the failure to file a timely

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them below.

[2] "Ms. Freeman has over [twenty] years of experience in complex bankruptcy and reorganization matters and representation of trustees[,]" six of those years include clerking for a bankruptcy judge, and "Ms. Freeman is Board Certified in Business Bankruptcy Law by the Texas Board of Legal Specialization." Freeman Application ¶ 15.

1

application for employment was due to extraordinary circumstances. *See Fanelli v. Hensley (In re Triangle Chems., Inc.)*, 697 F.2d 1280, 1289 (5th Cir. 1983). Because the Applicant cannot meet this burden, the Court should deny the Subchapter V Trustee's request for the Applicant's retroactive employment and instead approve the Applicant's employment from January 19, 2024, the date Applicant submitted the Freeman Application.

## II.  FACTUAL BACKGROUND

A. **General Information.**

2. On July 29, 2022, Free Speech Systems, LLC ("FSS") filed a voluntary petition under subchapter V of chapter 11.

3. On August 2, 2022, the U.S. Trustee appointed Melissa Haselden ("Subchapter V Trustee") to serve as FSS's Subchapter V Trustee.

4. On September 20, 2022, the Court entered the Order Expanding the Subchapter V Trustee's Duties Pursuant to 11 U.S.C. § 1183(b)(2) of the Bankruptcy Code. ECF No. 183.

B. **Retention of Jackson Walker as General Bankruptcy Counsel.**

5. On October 11, 2022, the Subchapter V Trustee filed an application to employ Jackson Walker LLP (the "Jackson Walker Application") as the Subchapter V Trustee's general bankruptcy counsel. ECF No. 230. In the Jackson Walker Application, the Subchapter V Trustee stated that Jackson Walker LLP ("Jackson Walker") partner Elizabeth Freeman would be designated as the attorney-in-charge for Jackson Walker. *Id.* at ¶ 9.

6. The Court entered an order approving the retention of Jackson Walker on November 7, 2022. ECF No. 265.

C. **Applicant Fails to Timely File Its Own Retention Application.**

7. According to the Freeman Application, in December 2022, Ms. Freeman left Jackson Walker and formed her own firm, the Law Office of Liz Freeman, PLLC. *Id.* at ¶ 3. The Subchapter V Trustee states that she entered into an engagement with the Applicant in January 2023 and that an application to employ was prepared and approved, but the application "was not immediately filed due to an oversight." *Id.* at ¶ 6.

8. Over a year later, on January 19, 2024, the Subchapter V Trustee filed the Freeman Application seeking to employ the Applicant as the Subchapter V Trustee's co-general bankruptcy counsel pursuant to 11 U.S.C. §§ 327(a), 328, and 704. ECF No. 789. The Subchapter V Trustee requests that the Court retroactively approve the Applicant's employment effective as of December 5, 2022. *Id.* at ¶ 5.

9. In support of the Freeman Application, the Subchapter V Trustee also attached as Exhibit A the engagement letter dated December 5, 2022, summarizing the terms of the agreement between Freeman and the Subchapter V Trustee ("Freeman Engagement Letter"). ECF No. 789-2. Although the Subchapter V Trustee alleges that the engagement started in January 2023, the Applicant neither signed nor dated the Freeman Engagement Letter, nor did the Subchapter V Trustee date her signature to evidence when the engagement began. *Id.* at p. 3.

### III.     LIMITED OBJECTION

**A.     Because No Extraordinary Circumstances Exist That Warrant Applicant's Retroactive Employment, the Court Should Deny the Request.**

10.     The Court should not approve the Freeman Application retroactively as of December 5, 2022,[3] because the Applicant's mere oversight does not meet the extraordinary circumstances standard required by the Fifth Circuit.

11.     The Bankruptcy Code provides a uniform scheme for retaining and compensating court-authorized attorneys under 11 U.S.C. §§ 327–31, 503, and 507. Section 327 provides that the trustee may employ, with the Court's approval, professionals who are disinterested and who do not hold or represent interests adverse to the estate. 11 U.S.C. § 327. In addition, applicants must comply with Bankruptcy Rule 2014(a), s*ee In re Bechuck*, 472 B.R. 371, 375 (Bankr. S.D. Tex. 2012), as well as Local Rule 2014-1(b), which governs *nunc pro tunc* employment applications.

12.     Although the Supreme Court has not squarely addressed the issue of retroactive employment in bankruptcy cases, it has disapproved of courts using *nunc pro tunc* relief to do anything other than "reflect the reality of what has already occurred," such as an order granted but not entered because of the court's inadvertence. *See Roman Cath. Archdiocese of San Juan, P. R. v. Acevedo Feliciano*, 140 S. Ct. 696, 701 (2020) (*per curiam*) (citation omitted) (vacating orders entered by the Puerto Rican trial court five months before the U.S. District Court actually granted an order of remand *nunc pro tunc*). "[T]he court cannot make the record what it is not." *Id*. (citation

---

[3] Retroactive relief in this sense applies to the request for approval of the relief as of December 5, 2022, as distinguished from approval as of the date the Freeman Application was filed, January 19, 2024.

omitted). To do otherwise would make *nunc pro tunc* orders an "Orwellian vehicle for revisionist history—creating 'facts' that never occurred in fact." *Id*. (citation omitted).

13. Retroactive employment in the bankruptcy context should only be granted in limited situations where an applicant can demonstrate its application would have been approved if timely filed *and* the failure to file a timely application for employment was due to extraordinary circumstances. *See In re Triangle Chems., Inc.*, 697 F.2d at 1289; *see also F/S Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.)*, 844 F.2d 99, 109 (3d Cir. 1988); *Farinash v. Vergos (In re Aultman Enters.*, 264 B.R. 485, 489 (E.D. Tenn. 2001) (collecting cases that adopt the "extraordinary circumstances" test); *accord In re Albrecht*, 233 F.3d 1258, 1260 (10th Cir. 2000); *Cushman & Wakefield of Conn., Inc. v. Keren Ltd. P'ship (In re Keren Ltd. P'ship)*, 189 F.3d 86, 88 (2d Cir. 1999); *Atkins v. Wain, Samuel & Co. (In re Atkins)*, 69 F.3d 970, 974 (9th Cir. 1995).

14. The extraordinary circumstances test requires an applicant to demonstrate compelling reasons that justify retroactive approval of its employment application. *See Aultman Enters.*, 264 B.R. at 493. Further, the extraordinary circumstances standard also generally requires that applicants offer clear and convincing evidence justifying approval of their retroactive employment. *See In re Twinton Props. P'ship*, 27 B.R. 817 (Bankr. M.D. Tenn. 1983) (requiring clear and convincing evidence). Simple negligence or mere oversight can never be a satisfactory explanation for failure to comply with section 327(a). *See Lazzo v. Rose Hill Bank (In re Schupbach Invs., L.L.C.)*, 808 F.3d 1215, 1220–21 (10th Cir. 2015); *Aultman Enters.*, 264 B.R. at 493; *see also In re Bolton-Emerson*, *Inc.*, 200 B.R. 725, 731 (Bankr. D. Mass. 1996).

15. Limiting *nunc pro tunc* orders to cases involving extraordinary circumstances deters attorneys from failing to observe section 327's requirements. *In re Kroeger Props. & Dev., Inc.*, 57 B.R. 821, 822 (9th Cir. BAP 1986). It also promotes compliance with the Bankruptcy

Code by ensuring, at the outset of a case, that counsel is disinterested and by assisting the court in controlling administrative expenses. *Aultman Enters.*, 264 B.R. at 490. Simply put, retroactive approval should be limited to cases where the alleged hardship is not of counsel's own making. *Land v. First Nat'l Bank of Alamosa (In re Land)*, 943 F.2d 1265, 1268 (10th Cir. 1991) ("[s]imple neglect will not justify nunc pro tunc approval"); *In re Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986) (extraordinary circumstances does not include the mere neglect of the professional who was in a position to file a timely application); *Biotech Mktg., Inc. v. Primary Health Sys. (In re Primary Health Sys.)*, No. 99-0615, 2002 WL 500567, at *1–2 (D. Del. Mar. 28, 2002) (inadvertence or neglect cannot constitute an extraordinary circumstance); *Aultman Enters.*, 264 B.R. at 494 ("simple oversight, without more, can never be a satisfactory explanation for failure to comply with section 327"); *U.S. Tr. v. Gross, Shuman, Brizdle & Gilfillan, P.C. (In re Platinum Mgmt. Corp.)*, 226 B.R. 762, 765 (W.D.N.Y. 1998) (attorney oversight or simple neglect is not a reasonable excuse).

16.     Both the Subchapter V Trustee and the Applicant shared responsibility for timely seeking this Court's approval of the Applicant's employment but delayed filing the Freeman Application for over 13 months. That extraordinary delay warrants denying the Freeman Application. *Arkansas Co.*, 798 F.2d at 645 (a 13-month delay in filing employment application was excessive and weighed against approval of retroactive employment application); *Frank v. Pica Sys., Inc. (In re Pica Systems, Inc.)*, 124 B.R. 30, 33–34 (E.D. Mich. 1991) (a 14-month delay in filing employment application was excessive and weighed against approval of retroactive employment); *In re TM Carlton House Partners, LTD.*, 93 B.R. 875, 877 (Bankr. E.D. Pa. 1988) (a five-month delay in seeking to alter or amend bankruptcy employment order prevented court from granting retroactive approval).

17. Moreover, the Subchapter V Trustee and the Applicant have not presented evidence of any compelling reasons justifying their extraordinary delay in filing the Freeman Application. To the contrary, the only explanation the Subchapter V Trustee and the Applicant give for failing to timely file the Freeman Application is oversight, an excuse that does not satisfy the Fifth Circuit's extraordinary circumstances standard.

18. The Court should therefore deny the Applicant's request for retroactive employment as of December 5, 2022, and instead approve the Applicant's employment from January 19, 2024, the date Applicant actually submitted the Freeman Application.

## IV.   CONCLUSION

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court deny the approval of the Freeman Application as of December 5, 2022, and instead approve the Applicant's employment from January 19, 2024, the date Applicant submitted the Freeman Application, and grant such other relief as is just and proper.

Date: February 7, 2024

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN AND WESTERN DISTRICTS OF TEXAS

By: */s/ Ha M. Nguyen*
   Ha Nguyen, Trial Attorney
   CA Bar No. 305411/Fed. ID No. 3623593
   United States Department of Justice
   Office of the United States Trustee
   515 Rusk, Suite 3516
   Houston, Texas 77002
   (202) 590-7962– Mobile
   (713) 718-4670 – Fax
   Email: Ha.Nguyen@usdoj.gov

**CERTIFICATE OF SERVICE**

    I certify that on February 7, 2024 a copy of the foregoing was served by electronic means via ECF transmission to all Pacer System participants in these bankruptcy cases.

                                                    */s/ Ha M. Nguyen*
                                                    Ha Nguyen