**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re | § | Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | § | |
| | § | Case No. 22-60043 (CML) |
| | § | |
| Debtor. | § | |
| | § | |

**DEBTOR'S AMENDED[1]  EMERGENCY APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY
HAROLD "HAP" MAY, PC AS CO-COUNSEL**

---

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.**

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

---

TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

Free Speech Systems, LLC, ("**Debtor**"), files this Emergency *Application for Entry of an Order Authorizing the Debtor to Retain and Employ Harold "Hap" May, PC as Co-Counsel* ("**Application**"), and in support thereof Debtor would respectfully show the Court as follows:

---

[1] Amended to the extent that the Application and Certificate of Service is signed and accurately reflects the method of notice required.

1

## SUMMARY OF THE EMERGENCY APPLICATION

1.     Debtor seeks to retain and employ Mr. Harold "Hap" May and his firm Harold "Hap" May, PC ("May") on an emergency basis as Co-Counsel to assist the Debtor with various matters arising from the case and plan of reorganization.  The Debtor requires assistance as soon as possible on litigation related matters and in order to prepare for and prosecute confirmation of the Debtor's plan.

## JURISDICTION

2.     This Court has jurisdiction by virtue of 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A) and (M).

## VENUE

3.     Venue is proper in this district pursuant to pursuant to 28 U.S.C. §§ 1408(1) and (2) and 11 U.S.C. § 101(2)(A).

## BACKGROUND

4.     The Debtor filed a voluntary petition for relief under Chapter 11 Subchapter V of the Bankruptcy Code on July 29, 2022 [Docket No. 1]. On August 2, 2022, Melissa Haselden was appointed Subchapter V Trustee [Docket No. 22]. On October 13, 2022, the Court entered an order authorizing the employment of Patrick Magill as Chief Restructuring officer ("CRO") [Docket No. 239] and assist Debtor and provide services during the pendency of the chapter 11 Subchapter V case including facilitating the reorganization of the Debtor's assets.

5.     On September 20, 2022, the Court entered an order approving the engagement of the Law Offices of Ray Battaglia, PLLC ("Battaglia") as counsel for the Debtor. Docket #180.  An application to employ Shannon & Lee LLP ("S&L") as co-counsel was filed on August 20, 2022. Docket #85. The S&L application was ultimately not approved. It was anticipated since the inception of the matter that the complicated FSS case would be prosecuted by Battaglia as well as co-counsel so as to afford necessary representation very difficult for any single practitioner, regardless of qualifications, to provide.

6.     May and his tax consulting firm, Evident Tax, LLC ("Evident") were employed by an order entered at Docket No. 694.  Evident was employed to provide counsel related to various tax issues concerning FSS and the plan of reorganization.

## ENGAGEMENT OF PROPOSED CO-COUNSEL

7.     Additional assistance in preparation for confirmation and prosecution of this case necessitates expansion of the role of Mr. May.  Therefore, the Debtor now seeks authority to employ Harold "Hap" May PC for the purpose of assisting the Debtor in strategizing with regards to the plan, addressing claims and causes of action, and prosecuting confirmation of the plan, including assisting with the discovery process.

8.     May has extensive experience in handling matters in connection with bankruptcy cases.  Mr. May has been selected to be an adjunct professor of law at the University of Houston Law Center and will be teaching Bankruptcy Tax in the Spring of 2024. May has worked on restructuring matters for more than thirty (30) years and currently maintains offices at 1500 S. Dairy Ashford, Suite 325, Houston, Texas 77077. May has a background in providing similar services to companies in Debtor's situation. Mr. May's resume is attached hereto as **Exhibit A**.

9.     May requires a retainer of $50,000.00. May will provide services on an hourly fee basis described as follows:

| Professional | Hourly Rate |
|---|---|
| Harold "Hap" May | $600.00 |
| Contract Senior Counsel | $350.00 |
| Associate Attorneys | $250.00 |
| Support Staff | $150.00 to $50.00 |

10.     Debtor believes that May is well qualified to assist the Debtor in formulating plan strategies, assisting in discovery and litigation matters, and other compliance issues. The proposed Engagement Letter with May is attached hereto as **Exhibit B.**

11.     Debtor does not believe that the services to be provided by May will unnecessarily overlap and duplicate with the services of other professionals in this case including Evident and Battaglia. To prevent any overlap and duplication, Debtor will coordinate with May, Evident and Battaglia.  The two law firms have agreed to a division of labor substantially like the manner which multiple attorneys within the same law firm would handle a similar case. Each firm is aware of the need to avoid duplication of effort and have taken steps to minimize the degree to which their services will overlap.

12.     May will be primarily responsible for the day-to-day management of the case, issues involving discovery and litigation, and all routine activities typical to the Chapter 11 Case. The Battaglia Firm will provide legal advice regarding strategy for the Chapter 11 Case and implementation of that strategy. Evident will primarily responsible for tax related matters. The firms will allocate primary responsibility as appropriate for drafting pleadings and handling contested matters and meetings with the Debtor and opposing counsel. For certain matters it will be necessary to involve more than one lawyer and the firms will jointly handle such matters, mindful of the need to avoid duplication whenever possible.

**<u>DISINTERESTEDNESS</u>**

13.     May identified the following connections with other parties in interest:

a.  Mr. May was a former employee of Hoover Slovacek, LLP ("**HSLLP**"). His employment ended nine (9) years ago, in August 2014. While at HSLLP he worked with Melissa Haselden on various bankruptcy matters. After leaving, he and Melissa Haselden maintained a working relationship through a few bankruptcy cases needing the services of a tax professional.

b.  Mr. May has worked with Chief Restructuring Officer Patrick Magill on South Coast Supply's bankruptcy case[2] during June 2018. In that case, Patrick Magill was the Chief Restructuring Officer. South Coast Supply sold substantially all its assets to Solstice Capital, LLC, of which Mr. May owns a fifteen percent (15%) interest in. After the sale, Solstice Capital, LLC entered into an agreement with Patrick Magill for consulting services lasting approximately 12 months.

c.  Mr. May represents Patrick Magill in Mr. Magill's capacity as Liquidating

---

[2] Case No. 17-35898 US Bankruptcy Court for the Southern District of Texas Houston Division.

Trustee in The Tifaro Group Ltd. Case. [3] This case and Mr. May representation in this case are ongoing.

d. Mr. May represented Patrick Magill in a case styled DMM Group, Inc v. J. Patrick Magill et al.[4] This case was resolved in the summer of 2021 and the representation then ended.

e. May is a principal of Evident, a professional to provide tax related consulting to the Debtor.

The Debtor does not believe that these connections create an adverse relationship with its estate.

14.        In compliance with 11 U.S.C. § 327(a) and Rule 2014, May attached the declaration of Harold May (the **"May Declaration"**) as **Exhibit C**, detailing the foregoing connections with the Debtor and other parties in interest. Based upon the May Declaration and Debtor's knowledge, Mr. May and May do not represent any interest adverse to Debtor, its estate, creditors, equity holders, or affiliates in the matters upon which Mr. May and May are to be engaged and are a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required by § 327(a) of the Bankruptcy Code.

15.        To the extent the Declaration does not disclose a connection, Debtor believes any unknown and undisclosed connections are not sufficient to prohibit employment of Mr. May and May as co-counsel to the Debtor. Further, if Mr. May or May discover any information not disclosed herein or in the Declaration, which is deemed to require disclosure, Mr. May and May will file a supplemental disclosure with the Court.

16.        No previous application for the relief requested herein has been made in this case. The Debtor does not believe that the connections disclosed herein are sufficient to prohibit the limited engagement contemplated herein.

---

[3] Case No. 17-80171-11 US Bankruptcy Court for the Southern District of Texas Galveston Division.
[4] Cause No. 2008-63200 in the District Court of Harris County Texas 281 Judicial District.

**LEGAL BASIS**

17.      Courts routinely approve the employment of consultants and professionals. *See In re Logix Communications*, Case No. 02-32105-H5-11 (Bankr. S.D. Tex.); *In re American Homestar*, Case No. 01-80017-G3-11 (Bankr. S.D. Tex.); *In re Perry Gas Companies, Inc.*, 00- 37884-H5-11 (Bankr. S.D. Tex.); *In re American Rice*, Case No. 98-21254-C-11 (Bankr. S.D. Tex.).

18.      Retention of professionals is specifically provided for in the Bankruptcy Code. "[T]he trustee, with the court's approval, may employ one or more . . . other professional persons that do not hold an interest adverse to the estate . . .". 11 U.S.C. §327(a). Such professionals must not have a connection with Debtor and must be "disinterested persons" as that term is defined in the code.

19.      As set forth in the Declaration, Mr. May, May and its employees are disinterested persons as contemplated by 11 U.S.C. § 327(a). Any connections between Debtor and Mr. May and May do not create a materially adverse interest to Debtor's bankruptcy estates or any class of creditors or security equity holders. Accordingly, these connections do not preclude employment of Mr. May and May in this matter. Moreover, Mr. May's proficiency and familiarity with specialized Tax matters and its effect on chapter 11 Debtor will legally save the estate costs and ultimately benefit the estate.

20.      Additionally, Debtor asserts that the proposed compensation to May as set forth above and in the Engagement Agreement is both reasonable and well within the range of fees and commissions typically paid to attorneys in connection with transactions and projects similar to those contemplated in this instance. May and Evident will each file its own requests for compensation, respectively.   For the foregoing reasons, Debtor asserts that employment of May on such terms and conditions is in the best interest of all parties in interest in these cases. Therefore, approval of May's compensation under section 327(a) of the Bankruptcy Code is appropriate.

**<u>Reimbursement of Expenses</u>**

21.      May informed the Debtor that disbursements for expenses are not included in the

Firm's hourly rates and will be separately billed as expenses of this proposed engagement. A table demonstrating the expenses is below. Subject to the limitations set forth in General Order 2001-2, May will charge the actual cost of these expenses in a manner and at rates consistent with charges made to May's other clients.

| Client Expenses | Hourly Rate |
|---|---|
| Deliveries & Couriers | At Cost |
| Travel, Lodging and Meals* | At Cost (No charge for travel) |
| Filing Fees & Misc. Expenses | At Cost |

Expenses will be billed at the rates listed below in accordance with normal and customary billing practices.

## EMERGENCY CONSIDERATION IS APPROPRIATE

22.     The Debtor requires assistance as soon as possible on litigation related matters and in order to prepare for and prosecute confirmation of the Debtor's plan. Based on the foregoing, Debtor submits that the retention of May as co-counsel for the Debtor is in the best interests of the Debtor's estate.

WHEREFORE, Debtor prays that the Court authorize the employment of Harold "Hap" May as co-counsel for the Debtor as described in the Engagement Letter and grant such other and further relief as is just and proper.

DATED:  February 12, 2024

*/s/ J. Patrick Magill*
J. Patrick Magill
Chief Restructuring Officer
Free Speech Systems

**PROPOSED COUNSEL**
*/s/ Harold "Hap" May*
HAROLD N. MAY
S.B.N.: 13264800
Harold "Hap" May, P.C.
1500 S. Dairy Ashford, Suite 325
Houston, Texas 77077
(281) 407-5609
(832) 201-7675 fax
hap.may@May-Firm.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 12, 2024, a copy of the foregoing *Debtor's Amended Application for Entry of an Order (I) Authorizing the Debtor to Retain and Employ Harold 'Hap" May PC as co-counsel* was sent to the parties listed below by the Court's ECF notification system and via First-Class U.S. Mail to parties listed on the Master Service List. A supplemental declaration of mailing evidencing service on all other parties to the Master Service List will be filed separately.

*/s/   Harold "Hap" May*

Harold N. May

Raymond William Battaglia at rbattaglialaw@outlook.com, rwbresolve@gmail.com on behalf of:
  Debtor Free Speech Systems LLC
  Interested Party Alex E Jones
  Plaintiff Free Speech Systems LLC

Joseph S.U. Bodoff at jbodoff@rubinrudman.com on behalf of
  Creditor ADP TotalSource, Inc.

Marty L Brimmage at mbrimmage@akingump.com, lmonreal@akingump.com;bkemp@akingump.com; apraestholm@akingump.com;txdocketing@akingump.com on behalf of:
  Creditor Committee Official Committee Of Unsecured Creditors
  Creditor Committee Official Committee of Unsecured Creditors of Alexander E. Jones
  Creditor David Wheeler, et al.
  Creditor Leonard Pozner
  Creditor Marcel Fontaine
  Creditor Neil Heslin
  Creditor Scarlett Lewis
  Creditor Veronique De La Rosa

Ryan E Chapple at rchapple@cstrial.com, aprentice@cstrial.com on behalf of:
  Creditor Carlee Soto Parisi
  Creditor Carlos M. Soto
  Creditor David Wheeler
  Creditor David Wheeler, et al.
  Creditor Donna Soto
  Creditor Erica L. Ash
  Creditor Francine Wheeler
  Creditor Ian Hockley
  Creditor Jacqueline Barden
  Creditor Jennifer Hensel
  Creditor Jillian Soto-Marino
  Creditor Leonard Pozner
  Creditor Marcel Fontaine
  Creditor Mark Barden
  Creditor Neil Heslin
  Creditor Nicole Hockley
  Creditor Richard M. Coan
  Creditor Robert Parker
  Creditor Scarlett Lewis
  Creditor Veronique De La Rosa
  Creditor William Aldenberg

Creditor William Sherlach
Plaintiff Carlee Soto-Parisi
Plaintiff Carlos M. Soto
Plaintiff David Wheeler
Plaintiff Donna Soto
Plaintiff Francine Wheeler
Plaintiff Ian Hockley
Plaintiff Jacqueline Barden
Plaintiff Jennifer Hensel
Plaintiff Jillian Soto Marino
Plaintiff Mark Barden
Plaintiff Nicole Hockley
Plaintiff Richard M. Coan
Plaintiff Robert Parker
Plaintiff William Sherlach
Plaintiff Wlliam Aldenberg

Walter J Cicack at wcicack@hcgllp.com, mallen@hcgllp.comon behalf of:
    Interested Party Sweetwater Holdings Group, Inc.
    Respondent Cicack Holdings, LLC
    Witness Charles "Charlie" Cicack

Vickie L Driver at Vickie.Driver@crowedunlevy.com, elisa.weaver@crowedunlevy.com;
ecf@crowedunlevy.comon behalf of
    Defendant Alexander E. Jones, Trustee for AEJ 2018 Trust
    Interested Party Alex E Jones

Christopher Dylla at Christopher.Dylla@azag.gov on behalf of:
    Creditor Texas Comptroller of Public Accounts, Revenue Accounting Division

Elyse M Farrow at EFarrow@HaseldenFarrow.com, elysefarrow@gmail.com on behalf of:
    Trustee Melissa A Haselden

Bennett Greg Fisher at Bennett.Fisher@lewisbrisbois.com, candace.russell@lewisbrisbois.com;
jann.pigg@lewisbrisbois.com;maria.brito@lewisbrisbois.com;daniel.david@lewisbrisbois.com
on behalf of:
    Creditor Public Storage

Elizabeth Carol Freeman at liz@lizfreemanlaw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net
on behalf of:
    Attorney The Law Office of Liz Freeman
    Trustee Melissa A Haselden

Jennifer Jaye Hardy jhardy2@willkie.com, mao@willkie.com on behalf of:
    Creditor Leonard Pozner
    Creditor Marcel Fontaine
    Creditor Neil Heslin
    Creditor Scarlett Lewis
    Creditor Veronique De La Rosa
    Plaintiff Estate of Marcel Fontaine
    Plaintiff Leonard Pozner
    Plaintiff Neil Heslin
    Plaintiff Scarlett Lewis
    Plaintiff Veronique De La Rosa

Melissa Anne Haselden at  mhaselden@haseldenfarrow.com, haseldenbankruptcytrustee@gmail.com;
mhaselden@ecf.axosfs.com;haselden.melissaa.r104367@notify.bestcase.com on behalf of:
     Trustee Melissa A Haselden

Shelby A Jordan at cmadden@jhwclaw.com on behalf of:
     Defendant Alexander E. Jones
     Interested Party Alex E Jones
     Interested Party Shelby A Jordan

Kyung Shik Lee at kslee50@gmail.com, Courtnotices@kasowitz.com on behalf of:
     Attorney Kyung Shik Lee
     Debtor Free Speech Systems LLC

Stephen Wayne Lemmon at lemmon@slollp.com, mates@slollp.com on behalf of:
     Creditor PQPR Holdings Limited, LLC
     JLJR Holdings, LLC
     Defendant PLJR HOLDINGS LIMITED, LLC
     Defendant PLJR HOLDINGS, LLC
     Defendant PQPR HOLDINGS LIMITED, LLC
     Defendant PQPR Holdings LLC
     Defendant PQPR Holdings Limited, LLC

Patrick Michael Lynch at plynch@qslwm.com, jtownzen@qslwm.com on behalf of:
     Creditor Ally Bank

John D Malone at myra@johnmalonepc.com, myra@johnmalonepc.com on behalf of:
     Creditor Security Bank of Crawford

Jarrod B. Martin at jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com;
atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com on behalf of
     Creditor Leonard Pozner
     Creditor Marcel Fontaine
     Creditor Neil Heslin
     Creditor Scarlett Lewis
     Creditor Veronique De La Rosa
     Plaintiff Estate of Marcel Fontaine
     Plaintiff Leonard Pozner
     Plaintiff Marcel Fontaine
     Plaintiff Neil Heslin
     Plaintiff Scarlett Lewis
     Plaintiff Veronique De La Rosa

Harold N May, III at hap.may@may-firm.com on behalf of:
     Attorney Harold "Hap" May P.C.

Avi Moshenberg at avi.moshenberg@mhllp.com, jessica.valdez@mhllp.com on behalf of:
     Creditor Leonard Pozner
     Creditor Marcel Fontaine
     Creditor Neil Heslin
     Creditor Scarlett Lewis
     Creditor Veronique De La Rosa
     Plaintiff Estate of Marcel Fontaine
     Plaintiff Leonard Pozner
     Plaintiff Leonard Pozner
     Plaintiff Marcel Fontaine

Plaintiff Neil Heslin
Plaintiff Neil Heslin
Plaintiff Scarlett Lewis
Plaintiff Scarlett Lewis
Plaintiff Veronique De La Rosa
Plaintiff Veronique De La Rosa

Ha Minh Nguyen at ha.nguyen@usdoj.gov on behalf of:
    U.S. Trustee US Trustee

Johnie J Patterson at wandp.ecf@gmail.com;WalkerPatterson@jubileebk.net; wp@ecf.courtdrive.com on behalf of:
    Creditor Elevated Solutions Group, LLC

Bradley J. Reeves at bradley.reeves@pillsburylaw.com on behalf of:
    Creditor Reeves Law, PLLC

Federico Andino Reynal at areynal@frlaw.us  on behalf of:
    Defendant AEJ HOLDINGS, LLC
    Defendant AEJ TRUST 2018
    Defendant Free Speech Systems, LLC

Michael P Ridulfo at mridulfo@krcl.com, rcoles@krcl.com on behalf of:
    Other Prof. Schwartz Associates, LLC
    Other Prof. Marc Schwartz
    Other Prof. W. Marc Schwartz

Stephen A Roberts at sroberts@srobertslawfirm.com, 1222805420@filings.docketbird.com on behalf of
    Defendant AEJ Austin Holdings, LLC
    Defendant Carol Jones
    Defendant David Jones
    Interested Party David Ross Jones

Jayson B. Ruff at jayson.b.ruff@usdoj.gov on behalf of:
    U.S. Trustee US Trustee

R. J. Shannon at rshannon@shannonpllc.com, rshannon@shannonleellp.com; 7044075420@filings.docketbird.com on behalf of:
    Attorney Shannon & Lee LLP
    Debtor Free Speech Systems LLC

Jason Starks at bkecf@traviscountytx.gov on behalf of Creditor Travis County

Christina Walton Stephenson at Crissie.Stephenson@crowedunlevy.com, elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com on behalf of:
    Debtor Free Speech Systems LLC
    Interested Party Alex E Jones

US Trustee at USTPRegion07.HU.ECF@USDOJ.GOV

Kimberly A Walsh at bk-kwalsh@oag.texas.gov, sherri.simpson@oag.texas.gov on behalf of:
    Creditor Texas Comptroller of Public Accounts, Revenue Accounting Division

Jennifer F Wertz at jwertz@jw.com, kgradney@jw.com;jpupo@jw.com;steso@jw.com;dduhon@jw.com on behalf of:
    Trustee Melissa A Haselden

**Exhibit A**

# HAROLD N. MAY – JD, CPA, LLM, CFF

*Board Certified by the Texas Board of*
*Legal Specialization in: Commercial*
*Real Estate & Tax Law*

1500 South Dairy Ashford, Suite 325, Houston, Texas 77077 ¨
Phone: (281) 407-5609 Email: hap.may@may-firm.com

1. <u>**WORK EXPERIENCE:**</u>

- **Harold "Hap" May, P.C., Attorneys at Law**
  *August 2014 to present*
  Civil legal practice focusing on probate, tax, real estate, financing transactions and bankruptcy matters.

- Hoover Slovacek LLP
  *Of Counsel – July 2011 to August 2014*
  Civil legal practice representing clients in tax and accounting cases, bankruptcy, commercial business transactions, tax planning, corporate matters, mergers and acquisitions, real estate transactions, and in litigation covering all listed areas.

- May, McCreight & Associates, P.L.L.C.
  *Founder, Partner – July 2001 to July 2011*
  Civil legal practice representing clients in tax and accounting cases, bankruptcy, commercial business transactions, real estate transactions, and in litigation covering all listed areas.

- MMS Certified Public Accountants, P.L.L.C
  **[and Harold N. May & Co., P.C.]**
  *Founder, Partner – 1984 to the Present*
  CPA firm that provides tax, financial, accounting and litigation support to a variety of clients.

- Yellow Rose Mortgage Co., Inc.
  *Founder, President – 1998 to the Present*
  A niche investment company that acquires legally challenged mortgages and interest in real estate property.

- Kaiser & May, L.L.P.
  *Partner – June 1997 to July 2001*
  A merged entity from the former firms of Harold "Hap" May, P.C. and Jeffery B. Kaiser, P.C., this civil practice focused on commercial business litigation, including cases involving accounting issues.
  Additionally, the practice serviced clients with tax, real estate, bankruptcy and business transaction matters.

- Harold N. May, Attorney at Law
  *Owner – 1991 to June 1997*
  A general civil law practice with an emphasis on business and tax law; represented clients in tax, bankruptcy, real estate, and other legal matters.

## <u>LITIGATION</u>

- Tried numerous cases, mostly involving commercial business transactions, related tort claims and real property disputes.

- Experience also includes eight jury trials—three of which resulted in judgments in excess of $1,000,000 for the clients, including a judgment in excess of $6,000,000.

## <u>Bankruptcy</u>

- Over 30 years of experience with several aspects of the bankruptcy process.

- Represented numerous debtor's in chapter 7 cases including individuals, corporations, partnerships and other entities.

- Tried numerous adversary matters.

- Published article in the National Association of Chapter 7 Trustee's journal NABTTALK.

- Represented Debtor in Possession lenders.

- Represented purchasers of assets from bankrupt debtors and trustees.

- Served as expert witness for chapter 7 trustees in numerous cases involving accounting, tax and property of the bankruptcy estate.

## <u>COURT-APPOINTED ENGAGEMENTS:</u>

- Court-Appointed Receiver in a suit for partition of real property.

- Receiver and Special Manager serving under Federal District Court, overseeing the operation of a perfume manufacturing company and ruling on discovery disputes.

- Arbitrator in a matter involving 300 real property owners and a $20,000,000.00 settlement arising out of a toxic tort lawsuit.

- Court-Appointed Auditor engaged to examine the records if parties involved in real estate ownership disputes and contractual claims.

- Court-Appointed Receiver to dissolve and wind-up affairs of a local law firm's operation and real property holdings.

- Court-Appointed Receiver of a Partnership and Trust that owned 8 retail strip centers.

- Expert witness in numerous lawsuits testifying on accounting, tax, real estate and record keeping practices.

- Court-Appointed Temporary Administrator of a probate estate and Attorney Ad-Litem for heirship determinations.

- Court-Appointed Receiver in a case involving a hair salon.

## OTHER WORK EXPERIENCE:

- Served on the Consumer Arbitration Board for the Chrysler Corporation, 1992 to 1996.

- Editor for the American Bar Association's Annual Report on Insurance Company Taxation, 1997 to 2003

## COURT ADMISSIONS:

- All Courts in the State of Texas – *November 1, 1991*

- Texas Federal Courts
  - The Southern District of Texas – *June 12, 1992*
  - The Northern District of Texas – *2002*
  - The Eastern District of Texas – *October 21, 2002*

- The Northern District of Ohio

- The District Court for the Western District of Wisconsin

- The District of Colorado

- The Fifth Circuit Court of Appeals

- The United States Tax Court

- The United States Supreme Court

## EDUCATION:

- University of Houston Law Center LL.M. Program
  *LL.M. Degree in Tax Law – 1991 to 1995*
  Dissertation on Planning Considerations for Debt Troubled Taxpayers

- South Texas College of Law
  *Doctor of Jurisprudence – 1988 to 1991*
  Graduated Magna Cum Laude, 2nd in 1991 graduating class Member of Law Review – 1989 to 1991 American Jurisprudence Award Recipient Dean's List – 1988 to 1991 and other Honors

- Rice University
  *Bachelor of Arts – 1976 to 1980*
  Major in Economics and Managerial Studies

**PROFESSIONAL ACCREDITATION:**

- Certified Public Accountant

- Member of the State Bar of Texas

- Member of the American Association of Attorney CPAs

- Board Certified  in Tax Law and Commercial Real Estate by the Texas Board of Legal Specialization

- Member of the American Bar Association and the ABA Tax Section

- Member of the Houston Bar Association and the HBA Tax and Real Estate Sections

- Certified in Financial Forensics (AICPA)

**PUBLICATIONS:**

*NOL Carrybacks: Back from the Dead* Tax Notes Federal (September 14, 2020, p. 2031).

*How to Turn a Haystack Into a Pile of Needles: Difficult* but Surmountable Task of Proving Insolvency, NABT Talk. (Winter 2010; Vol. 26, Issue 4).

Co-Author and lecturer on Texas Strategies Using Like-Kind Exchanges with Professional  Education Systems Institute, Inc., 2003

Investing in the United States-Not a Matter of Luck, lecture given to a professional accounting organization in Mexico City and combined groups of accounting students and professionals  at  the  Universidad  Tecnologica  Rivera  Maya  and  the  Universidad Tecnologica Cancun, 2017.

# HAROLD "HAP" MAY, PC

## ATTORNEYS AT LAW

1500 South Dairy Ashford, Suite 325
Houston, Texas 77077

hap.may@may-firm.com
(281) 407-5609 – Telephone
(832) 201-7675 – Telecopier

Board Certified by the
Texas Board of Legal Specialization in:
Commercial Real Estate & Tax Law

Certified in Financial Forensics by:
the AICPA

February 1, 2024

**Via email: patrick@magillpc.com**
4615 Southwest Freeway
Suite 436
Houston, Texas 77027

**Re:** **Engagement Letter for Representation of Free Speech Systems, LLC (hereinafter the "Client") by Harold "Hap" May, P.C.**

Dear Client,

Harold "Hap" May, P.C. (The "Firm") appreciates the opportunity to represent you regarding the above referenced matter and such matters as you may from time-to-time request. It is the Firm's custom, prior to undertaking representation of new clients, to explain the basis upon which our services are rendered. We have learned over the years that this reduces the possibility for misunderstanding between the Firm and its client.

The services to be rendered by the Firm on your behalf shall include, among other things, counseling and advising you on matters you request, and where appropriate, negotiating on your behalf, preparing documents. We may be required on occasion to research and analyze local, state and/or federal law as may be necessary to effectively represent you. The primary scope of this engagement relates to:

1) assisting in the drafting and implementation of the Client's bankruptcy plan;
2) assisting in day to day managing of the Client's bankruptcy case
3) assisting in discovery matters;
4) assisting in prosecuting and defending claims and causes of action against the Client while in bankruptcy; and
5) any other needed tasks typical for a chapter 11 case.

By asking the Firm to represent you, you agree that you will pay the Firm legal fees and costs associated with such representation. You assume full responsibility of payment of legal fees. A basic guide for the establishment of the Firm's legal fees are the minimum hourly billing rates of our legal personnel. In setting the fee, we consider a variety of other factors, including the minimum hourly billing rate. Those factors include the difficulty of the legal questions involved, the skill requisite to perform the legal services properly, the fee customarily charged in Houston for similar services, time limitations imposed by you, and the experience, reputation, and ability of the Firm. Therefore, the actual amount billed may be greater than the amount derived from the minimum hourly billing rates. From time to time, the minimum hourly billing rates are adjusted to reflect the increasing cost of providing

legal services, an individual attorney's particular expertise or board certification. The hourly rates set forth above shall be applicable throughout the current calendar year but are subject to increase January 1 of each calendar year thereafter, without notice.

We record our time for services rendered in quarter-hour (15 minute) increments, even though the actual amount of time spent may be less than that. We will also charge you for filing fees, court costs, certified mail charges, photocopy charges, courier charges, travel expenses, secretarial overtime (when necessary to comply with your time requirements) and other similar costs necessarily incurred by the Firm in providing you legal services. If it appears that costs will be incurred, we reserve the right to request payment of those costs in advance.

We will provide you with an itemized invoice showing the services rendered and the costs incurred at regular intervals, usually monthly. If you have any questions whatsoever concerning an invoice, you should call me immediately in order that we can discuss it. It is our intent to maintain an open line of communication at all times between you and the Firm. Your failure to call me concerning an invoice that you may question, within thirty (30) days after the invoice date, will constitute your approval of the invoice. All invoices are due and payable within ten (10) days of receipt. If an invoice is not paid within thirty (30) days from the date of the invoice, then interest shall accrue on the total amount due at the rate of eighteen percent (18%) per annum from the invoice date until paid (unless that rate exceeds the maximum legal rate, in which case the interest rate shall be automatically reduced to the then existing maximum legal rate of interest). Should the Firm be required to file suit or institute any proceeding to recover any amounts owed to the Firm pursuant to this letter and to any invoice, then the Firm will also be entitled to recover reasonable attorney's fees, expenses, and costs of court from you. These fees may include time billed by our firm at its hourly rates if our firm represents itself. This engagement letter shall be governed by the laws of the State of Texas. This engagement letter contains the entire agreement between you and the Firm regarding the matters described herein and supersedes all prior oral and written agreements in respect thereof. This engagement letter shall be binding upon you and the Firm and the respective heirs, executors, legal representatives, successors and assigns of the parties hereto. This engagement letter may be executed in multiple original counterparts, each of which shall have the force and effect of an original, but together shall constitute one instrument.

Because of uncertainties regarding the nature and extent of the matters that we will handle for you, including potential opposition to be encountered in our representation from opposing parties and their counsel, we cannot accurately predict the total amount of legal fees and costs to the Firm that you may incur. Very importantly, we cannot guaranty and do not represent that there will be a favorable outcome in the matters we handle for you.

You authorize the Firm, upon oral instruction from you to personnel in the Firm, to retain any person, entity or association to perform necessary services related to our legal representation of you. Such other persons, entities or associations may include, but are not limited to, appraisers, escrow agents, copying services, court reporters, accountants, investigators, trust officers, title examiners, surveyors and other attorneys hired as co-counsel. You authorize the Firm, in its discretion, to direct such other persons, entities, or associations to render statements for services rendered and expenses advanced either directly to you or to the Firm, which expenses shall be paid in accordance with this Engagement Letter.

You agree to indemnify the Firm, its partners, associates, and employees from any claims, demands, or causes of action which may be brought by third parties, other than you, because of our representation as your attorney, attorney-in-fact, trustee, escrow agent, registered agent or fiduciary. You agree that in the event of any litigation or proceedings between us relating to our relationship, the party prevailing in such litigation or proceedings shall be entitled to recover its reasonable attorney's

fees, expenses, and costs which it may incur as a result. Such amounts may include time billed by our firm at its hourly rates if our firm represents itself. Further, any controversy or claim between us arising out of or relating to our representation of you or any provision of this Engagement Letter will be settled by arbitration according to the rules of the Fee Dispute Committee of the Houston Bar Association, if the dispute relates to the amount or collection of our fees, or otherwise by the rules of the American Arbitration Association, and judgment on the award rendered by the arbitrators may be entered in any court having jurisdiction over the award.

You may terminate the Firm's legal representation at any time upon written request to the Firm addressed to my attention. If permission for withdrawal from employment is required by the rules of a Court, the Firm shall withdraw upon permission of the Court. Upon termination, you agree to pay immediately all accrued and outstanding legal fees and costs then owed to the Firm, plus subsequent legal fees and costs, if any, necessarily incurred by the Firm to facilitate the transfer of representation to any subsequent law firm and/or for the Firm to withdraw from any litigation.

The Firm may withdraw from legal representation of you if any invoice is not paid within thirty (30) days after the invoice date. We also reserve the right to withdraw if you insist upon presenting a claim or defense that is not warranted under existing law, insist that our firm pursue a course of conduct that is illegal or unethical, or if you, your agents, employees, officers, directors and assistants refuse to cooperate and render it unreasonably difficult for the Firm to continue to represent you.

All of the Firm's work product will be owned by the Firm. Subject to the Firm's obligations in the event of its withdrawal, and further subject to casualties beyond its control, the Firm shall attempt to retain and maintain all major and significant components of the files of the Firm relative to its legal representation of you as solely determined by the Firm for a period of five (5) years following the conclusion of such legal representation, and during such time will afford you reasonable access to such files at your request and expense. Thereafter, such files may, in the Firm's sole discretion and without notice, be destroyed.

You are encouraged to contact us if you have any questions concerning your case or our legal representation. Copies of all significant documentation relating to your case will be provided to you at your request and expense. I will have primary responsibility for the oversight of your case, although other attorneys and personnel in the Firm will provide services to you from time to time.

You will pay the Firm a retainer fee of $50,000.00. We must receive the retainer fee as well as the signed copy of this letter before we perform significant legal services for you. The Firm may use the retainer to satisfy its billing to you and, if the retainer is not sufficient, will require you to bring the billing current and replenish the retainer to continue the Representation.

If you have any questions whatsoever concerning this letter or concerning how the Firm will handle your case, now is the most appropriate time for us to discuss those concerns, and you should call me concerning them. Otherwise, if this letter adequately sets forth your understanding of the representation of you by the Firm, then you should sign the enclosed duplicate original of this letter and return it to me. You may send a check for the retainer made out to the following address:

Harold "Hap" May, P.C.
P. O. Box 79057
Houston, Texas 77277

You may also pay with a credit or debit card by contacting John Creech at 281-407-5609 or john.creech@may-firm.com. Mr. Creech can address any questions you may have with respect to

payment.

If we can be of assistance in handling other legal matters for you, please contact us. Again, we look forward to working with you on your case and appreciate the confidence you have shown in the Firm by asking us to represent you.

Sincerely,


*/s/Harold N. May*
Harold N. May
HNM/kjm

I have read the foregoing letter and approve, understand and agree to its terms.

Signed this _12_ day of _FEBRUARY_, 2024.

_____
Signature

_____
Name Printed

### Notice to Clients

The State Bar of Texas investigates and prosecutes
professional misconduct committed by Texas attorneys.

Although not every complaint against or dispute with
a lawyer involves professional misconduct, the State
Bar Office of General Counsel will provide you
with information about how to file a complaint.

For more information, please call 1/800/932-1900.
This is a toll-free phone call.

[Signature Page - Engagement Letter between Harold "Hap" May, P.C. and Free Speech Systems LLC]

### The Texas Lawyer's Creed

I am a lawyer. I am entrusted by the People of Texas to preserve and improve our legal system. I am licensed by the Supreme Court of Texas. I must therefore abide by the Texas Disciplinary Rules of Professional Conduct, but I know that professionalism requires more than merely avoiding the violation of laws and rules. I am committed to this creed for no other reason than it is right.

### Our Legal System

A lawyer owes to the administration of justice personal dignity, integrity, and independence. A lawyer should always adhere to the highest principles of professionalism.

1. I am passionately proud of my profession. Therefore, "My word is my bond."
2. I am responsible to assure that all persons have access to competent representation regardless of wealth or position in life.
3. I commit myself to an adequate and effective pro bono program.
4. I am obligated to educate my clients, the public, and other lawyers regarding the spirit and letter of this Creed.
5. I will always be conscious of my duty to the judicial system.

### Lawyer to Client

A lawyer owes to a client allegiance, learning, skill, and industry. A lawyer shall employ all appropriate means to protect and advance the client's legitimate rights, claims, and objectives. A lawyer shall not be deterred by any real or imagined fear of judicial disfavor or public unpopularity, nor be influenced by mere self-interest.

1. I will advise my client of the contents of this Creed when undertaking representation.
2. I will endeavor to achieve my client's lawful objectives in legal transactions and in litigation as quickly and economically as possible.
3. I will be loyal and committed to my client's lawful objectives, but I will not permit that loyalty and commitment to interfere with my duty to provide objective and independent advice.
4. I will advise my client that civility and courtesy are expected and are not a sign of weakness.
5. I will advise my client of proper and expected behavior.
6. I will treat adverse parties and witnesses with fairness and due consideration. A client has no right to demand that I abuse anyone or indulge in any offensive conduct.
7. I will advise my client that we will not pursue conduct which is intended primarily to harass or drain the financial resources of the opposing party.
8. I will advise my client that we will not pursue tactics which are intended primarily for delay.
9. I will advise my client that we will not pursue any course of action which is without merit.
10. I will advise my client that I reserve the right to determine whether to grant accommodations to opposing counsel in all matters that do not adversely affect my client's lawful objectives. A client has no right to instruct me to refuse reasonable requests made by other counsel.
11. I will advise my client regarding the availability of mediation, arbitration, and other alternative methods of resolving and settling disputes.

### Lawyer to Lawyer

A lawyer owes to opposing counsel, in the conduct of legal transactions and the pursuit of litigation, courtesy, candor, cooperation, and scrupulous observance of all agreements and mutual understandings. Ill feelings between clients shall not influence a lawyer's conduct, attitude, or demeanor toward

opposing counsel. A lawyer shall not engage in unprofessional conduct in retaliation against other unprofessional conduct.

1. I will be courteous, civil, and prompt in oral and written communications.
2. I will not quarrel over matters of form or style, but I will concentrate on matters of substance.
3. I will identify for other counsel or parties all changes I have made in documents submitted for review.
4. I will attempt to prepare documents which correctly reflect the agreement of the parties. I will not include provisions which have not been agreed upon or omit provisions which are necessary to reflect the agreement of the parties.
5. I will notify opposing counsel, and, if appropriate, the Court or other persons, as soon as practicable, when hearings, depositions, meetings, conferences or closings are canceled.
6. I will agree to reasonable requests for extensions of time and for waiver of procedural formalities, provided legitimate objectives of my client will not be adversely affected.
7. I will not serve motions or pleadings in any manner that unfairly limits another party's opportunity to respond.
8. I will attempt to resolve by agreement my objections to matters contained in pleadings and discovery requests and responses.
9. I can disagree without being disagreeable. I recognize that effective representation does not require antagonistic or obnoxious behavior. I will neither encourage nor knowingly permit my client or anyone under my control to do anything which would be unethical or improper if done by me.
10. I will not, without good cause, attribute bad motives or unethical conduct to opposing counsel nor bring the profession into disrepute by unfounded accusations of impropriety. I will avoid disparaging personal remarks or acrimony towards opposing counsel, parties and witnesses. I will not be influenced by any ill feeling between clients. I will abstain from any allusion to personal peculiarities or idiosyncrasies of opposing counsel.
11. I will not take advantage, by causing any default or dismissal to be rendered, when I know the identity of an opposing counsel, without first inquiring about that counsel's intention to proceed.
12. I will promptly submit orders to the Court. I will deliver copies to opposing counsel before or contemporaneously with submission to the Court. I will promptly approve the form of orders which accurately reflect the substance of the rulings of the Court.
13. I will not attempt to gain an unfair advantage by sending the Court or its staff correspondence or copies of correspondence.
14. I will not arbitrarily schedule a deposition, court appearance, or hearing until a good faith effort has been made to schedule it by agreement.
15. I will readily stipulate to undisputed facts in order to avoid needless costs or inconvenience for any party.
16. I will refrain from excessive and abusive discovery.
17. I will comply with all reasonable discovery requests. I will not resist discovery requests which are not objectionable. I will not make objections nor give instructions to a witness for the purpose of delaying or obstructing the discovery process. I will encourage witnesses to respond to all deposition questions which are reasonably understandable. I will neither encourage nor permit my witness to quibble about words where their meaning is reasonably clear.
18. I will not seek Court intervention to obtain discovery which is clearly improper and not discoverable.
19. I will not seek sanctions or disqualification unless it is necessary for protection of my client's lawful objectives or is fully justified by the circumstances.

**Lawyer and Judge**

Lawyers and judges owe each other respect, diligence, candor, punctuality, and protection against unjust and improper criticism and attack. Lawyers and judges are equally responsible to protect the dignity and independence of the Court and the profession.

1. I will always recognize that the position of judge is the symbol of both the judicial system and administration of justice. I will refrain from conduct that degrades this symbol.
2. I will conduct myself in Court in a professional manner and demonstrate my respect for the Court and the law.
3. I will treat counsel, opposing parties, the Court, and members of the Court staff with courtesy and civility.
4. I will be punctual.
5. I will not engage in any conduct which offends the dignity and decorum of proceedings.
6. I will not knowingly misrepresent, mischaracterize, misquote or miscite facts or authorities to gain an advantage.
7. I will respect the rulings of the Court.
8. I will give the issues in controversy deliberate, impartial and studied analysis and consideration.
9. I will be considerate of the time constraints and pressures imposed upon the Court, Court staff and counsel in efforts to administer justice and resolve disputes.

# HAROLD "HAP" MAY, PC
## ATTORNEYS AT LAW

1500 South Dairy Ashford, Suite 325
Houston, Texas 77077

hap.may@may-firm.com
(281) 407-5609 – Telephone
(832) 201-7675 – Telecopier

Board Certified by the
Texas Board of Legal Specialization in:
Commercial Real Estate & Tax Law

Certified in Financial Forensics by:
the AICPA

## SCHEDULE OF FEES AND EXPENSES
### (as of January 2024)

| ATTORNEY | HOURLY RATE |
|---|---|
| Harold "Hap" May | $600.00 |
| Contract Senior Counsel | $350.00 |
| Junior Associates | $250.00 |
| **SUPPORT STAFF** | $50.00-$150.00 |

**CLIENT EXPENSES**

| | |
|---|---|
| Postage | At Cost |
| Photocopies | $0.25 per page |
| Deliveries | At Cost |
| Telecopies | $1.00 per page |
| *Travel, Lodging, and Meals | At Cost |
| Filing fees & Misc. Expenses | At Cost |

* Travel time, if any, for attorneys and paralegals will be billed at one-half of the attorney's or paralegal's hourly rate(s).

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
|  | § |  |
| In re | § | Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | § |  |
|  | § | Case No. 22-60043 (CML) |
|  | § |  |
| Debtor. | § |  |
| ............................................................................. | § |  |

**DECLARATION OF HAROLD "HAP" MAY PROPOSED CO-COUNSEL**
**AND DISCLOSURE OF COMPENSATION**

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

I, Harold "Hap" May, hereby submits the following statement of disinterestedness pursuant to Bankruptcy Rule 2014 and further declare, pursuant to 28 U.S.C. § 1746, that the following is true and correct, under penalty of pe1jury:

1.  My name is Harold "Hap" May. I am over the age of eighteen (18) years. am competent to make this Declaration. I am a Certified Public Accountant. I am also an Attorney, Board Certified in Tax Law. Additionally, I have an LL.M. in Tax Law.

2.  I am a principal of Harold "Hap" May PC **("May").** I have worked on restructuring matters for more than thirty (30) years. I currently maintain offices at 1500 S. Dairy Ashford, Suite 325, Houston, Texas 77077. I am duly authorized to make and submit this declaration ("Declaration") in accordance with 11 USC § 327 (a) of the Bankruptcy Code and in conjunction with Rule 2014(a) of Federal Rules of Bankruptcy Procedure. Neither I, nor Evident, represent any interest adverse to the Debtor, the above-captioned debtor, as required by 11 U.S.C. §§ 327(a). Additionally, May and I are disinterested persons, as defined by 11 U.S.C. § 101(14).

3.  May and I identified the following connections with other parties in interest:

16

a.    I was a former employee of Hoover Slovacek, LLP **("HSLLP").** My employment ended nine (9) years ago, in August 2014. While at HSLLP, I worked with Melissa Haselden on various bankruptcy matters. After I left, Melissa Haselden and I maintained a working relationship through a few bankruptcy cases needing the services of a tax professional.

b.    I worked with Chief Restructuring Officer Patrick Magill on South Coast Supply's bankruptcy case during June 2018. In that case, Patrick Magill was the Chief Restructuring Officer. South Coast Supply sold substantially all of its assets to Solstice Capital, LLC, of which I own a fifteen percent (15%) interest in. After the sale, Solstice Capital, LLC entered into an agreement with Patrick Magill for consulting services lasting approximately 12 months.

c.    I represent Patrick Magill in Mr. Magill's capacity as Liquidating Trustee in The Tifaro Group Ltd. case.
[1] This case and my representation in this case are ongoing.

d.    I represented Patrick Magill in a case styled DMM Group, Inc v. J. Patrick Magill *et al.*[2] This case was resolved in the summer of 2021 and the representation then ended.

e.    My tax consulting firm, Evident Tax, LLC, is employed by the Debtor.

4.    May performed the following actions to determine whether it or any of its employees has any disclosable connections, to the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any of the judges for the U.S. Bankruptcy Court for the Southern District of Texas.

5.    I conducted a search of May's files to determine using the list of parties in interest listed in Schedule 1 hereto whether May had any connections to or represented any of the parties

---

[1] Case No. 17-80171-11 US Bankruptcy Court for the Southern District of Texas Galveston Division
[2] Cause No. 2008-63200 in the District Court of Harris County Texas 281 Judicial District

listed on Schedule 1. Except as disclosed above, the search revealed that May did not represent any of the patties listed on Schedule 1. It is possible that May provided services to creditors or other parties in interest inadvertently omitted from Schedule 1 or the description above. If such connections exist, they would be on matters wholly unrelated to the service for which the Debtor seeks to engage May.

6.      The results of the foregoing connections search process confirm that neither I, May nor any of its employees or partners, to the best of my knowledge, have any disqualifying connections.

Based on the connections review conducted to date and described herein, to the best of my knowledge and insofar as I can ascertain, I and May do not hold an interest adverse to the Debtor of the estate with respect to the matter on which the Firm is to be employed.

7.      Other than my employment as a tax consultant through Evident, neither May nor I are not a creditors, an equity security holder, or an insider of the Debtor; I am not and was not within 2 years before the Petition Date a director of the Debtor; and I do not have any interest materially adverse to the interests of the Debtor's bankruptcy estate or any class of creditors or equity security holders.

8.      May is not a creditor, an equity security holder, or an insider of the Debtor; May is not and was not within 2 years before the Petition Date an employee, officer, or director of the Debtor; and May does not have any interest materially adverse to the interests of the Debtor's bankruptcy estate or any class of creditors or equity security holders.

9.      May does not possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate. May does not possess or assert any economic interest that would create either an actual or potential dispute in which the estate is a rival claimant. May does not have any incentive to act contrary to the best interests of the estate and its creditors.

10.     In this bankruptcy case, the Debtor seeks to legally minimize their large tax burden while paying back the creditors. May and I are experienced in working on bankruptcy matters on behalf of debtors. The services rendered or to be rendered by May and myself are:

a.   Assist in the drafting and implementation of the plan; and

b.   Assist in discovery matters;

c.   Assist in prosecuting and defending claims and causes of action; and

18

d.   Any other needed tasks typical for a chapter 11 case.

11.   May and I require one retainer of $50,000 to assist the Debtor.

12.   In connection with these services, Debtor will be required to pay May on an hourly fee basis.  Hourly fees will be charged as follows:

| Professional | Hourly Rate |
|---|---|
| Harold "Hap" May | $600.00 |
| Associate Attorneys | $250.00 |
| Support Staff | $150.00 to $50.00 |

13.   In addition, May will charge out-of-pocket expenses incurred in connection with its engagement.  The expenses will be charged as set forth below.

| Client Expenses | Hourly Rate |
|---|---|
| Deliveries & Couriers | At Cost |
| Travel, Lodging and Meals* | At Cost (No Charge for Travel) |
| Filing Fees & Misc. Expenses | At Cost |

14.   May and I have been advised that, except as provided by other order of this Court, its compensation may be paid only after making an appropriate application to this Court.

15.   The undersigned further states that he has not shared, or agreed to share with any person, other than with members of the undersigned's firm, any compensation, except as herein set forth.

_/s/   Hap May_____
Harold "Hap" May

19

## SCHEDULE 1

## MAY DECLARATION

## SEARCHED PARTIES

Debtor & Professionals

Law Office of Ray Battaglia
Evident Tax, LLC                           J. Patrick Magill

Debtor's Equity

Alexander E. Jones

Largest 20 Unsecured Creditors & Litigation Claimants

Elevated Solutions Group

Atomial LLC
Cloudfare,Inc.
Jacquelyn Blott
Joel Skousen
eCommerce CDN LLC Paul
Watson
Greenair, Inc.
Edgecast, Inc.
Ready Alliance Group, Inc. Getty
Images, Inc.
RatsMedical.com
David Icke Books Limited
WWCR
CustomTattoNow.com AT&T
Justin Lair Brennan
Gilmore Carlee Soto-
Parisi Carlos Soto
Christopher Sadowski Joey
Delassio Anthony Gucciardi
Carol Jones

Dona Soto
Erica
Lafferty
Francine
Wheeler Ian
Hockley
Jacqueline
Barden Jennifer
Hensel Jeremy
Richman Jillian
Soto Leonard
Pozner Marcel
Fontaine Mark
Barden  Neil
Heslin
Nicole Hockley
PQPR Holdings Limited, LLC
Robert Parker
Scarlett Lewis
Veronique De La
Rosa William
Sherlach William
Aledenberg Larry
Klayman Randazza
Legal Group Aurium
David Jones

Attorneys for Creditors and Parties in Interest

Kaster Lynch Farrar & Ball
LLP Koskoff Koskoff &
Bieder Fertitta & Reynal LLP

Zeisler & ZeislerP.C.

Jordan & Ortiz, P.C.
McDowell Heterhington LLP

The Akers Law Firm PLLC

Copycat Legal PLLC
Waller Lansden Dortch & Davis, LLP
Jackson Walker LLP
Cain & Skarnulis PLLC
Hawash Cicack & Gaston LLP
Streusand, Landon, Ozburn & Lemmon, LLP

Akin Gump Strauss Hauer & Feld LLP
Paul Weiss Rifkin & Garrison, LLP
Willkie Farr & Gallagher LLP
Law Office of Liz Freeman
Chamberlain Hrdlicka
Melissa Haselden
Stephen A Roberts, P.C.

<u>U.S. Bankruptcy Judges and Staff</u>

Judge Marvin Isgur
Judge Christopher M. Lopez
Judge Jeffrey P. Norman
Judge Eduardo V. Rodriguez
Ana Castro
Tyler Laws
Zilde Martinez Compean

Tracey Conrad

Rosario Saldana

Jeannie Chavez

Sierra Thomas Anderson

Tyler Laws

Mario Rios

<u>U.S. Trustee Personnel</u>

Alicia Barcomb
Jacqueline Boykin
Luci Johnson-
Davis Hector
Duran Barbra
Griffin Brian
Henault Linda
Motton
Ha Nguyen
Glenn Otto
Yasmin Rivera

Jayson B. Ruff
Millie Sall
Patricia Schmidt
Christy Simmons
Gwen Smith
Stephen Statham
Christopher R.
Travis Clarissa
Waxton  Jana
Whitworth