UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | § Chapter 7 |
| ALEXANDER E. JONES, | § Case No. 22-33553 (CML) |
| Debtor. | |

**TRUSTEE'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING
(I) THE SALE OF REAL PROPERTY AND
(II) EXTEND RETENTION OF SALE BROKER**
[Relates to Docket No. ____]

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE REPSONSE.**
>
> **THE DATE RELIEF IS NEEDED TO AVOID THE CONSEQUENCES OF THE EMERGENCY IS SEPTEMBER 13, 2024.**

TO THE HONORABLE UNITED STATES
BANKRUPTCY JUDGE, CHRISTOPHER M. LOPEZ

Christopher R. Murray, the Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate of Alexander E. Jones (the "**Debtor**" or "**Jones**"), files this emergency motion (the "**Motion**") for entry of an order authorizing (I) the sale of real property and (ii) extend retention of sale broker, and in support of the Motion respectfully states as follows:

## PRELIMINARY STATEMENT

1. The combined relief sought in this Motion will allow the Trustee to (i) sell the Debtor's non-exempt real property located at 5240 McCormick Mountain Drive, Austin, Texas 78734 (the "**Property**") for the benefit of creditors and (ii) in furtherance of the sale of the Property, extend the existing listing agreement, to continue to employ Keller Williams Realty and its related subsidiaries (collectively, the "**Broker**") to sell the Property. The Court authorized the employment of the Broker in the Jones Chapter 11 Case (as defined below) prior to conversion. The Broker has diligently continued to market and show the Property after conversion of the Jones Chapter 11 Case and has presented an offer to the Trustee for $1,080,000 with a cash closing in early October. While the term of the original listing agreement has expired, the Trustee seeks to extend the term of the original listing agreement and to ratify the employment of the Broker for the chapter 7 estate to allow the Broker to be compensated for providing valuable services to the chapter 7 estate to broker and close a value-maximizing sale for the Property.

## EMERGENCY RELIEF REQUESTED

2. Pursuant to Bankruptcy Local Rule 9013-1, emergency relief is requested and justified. The Debtor's estate will suffer immediate and irreparable harm if it does not receive the relief requested in this Motion by **September 13, 2024**. The Property is a unique property that might not suit the needs of the broader market but the Broker has shown it to 40+ prospective

2

purchasers and other real estate professionals. The Property is subject to certain restrictive covenants that grants owners in the surrounding neighborhood a right of first refusal on the sale of the Property. The Broker has located a potential buyer, who presently owns a house in the neighborhood and is a natural buyer for the property. The potential buyer is offering a cash closing within a month with no financing contingencies. The potential buyer needs to move quickly to in order to meet certain regulatory approval deadlines associated with 1031 exchanges. The deadline to identify the property the potential buyer intends is purchase is September 14, 2024. For that reason, the Trustee seeks emergency relief approving the sale of the Property **by September 13, 2024**. The failure of the Trustee to obtain the relief requested in this Motion on an emergency basis may result in the loss of interest by the potential buyer and may reduce the likelihood that the Property can be expeditiously sold for a competitive price.

## JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the Southern District of Texas has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and this Court may enter a final order consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. § 1408.

5. The bases for the relief requested herein are sections 105(a), 327, 363, and 704(a) of title 11 of the United States Code (the "*Bankruptcy Code*") and rules 2002, 2014, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and rules 2014-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "*Bankruptcy Local Rules*").

**BACKGROUND**

6. On December 2, 2022, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On June 14, 2024, the Court converted the case to a case under chapter 7. Christopher Murray was appointed Trustee.

7. During the chapter 11 phase of this case, on January 24, 2024, the Court entered its order in the Jones Chapter 11 Case to employ the Broker to sell the Property [Docket No. 574]. The original listing agreement (the "***Listing Agreement***") approved on January 24, 2024, expired at 11:59 p.m. on May 16, 2024.

8. The Broker has staged the Property, caused photos to be taken for the purposes of listing, has listed the Property through multiple listing services, and has shown the Property over 40+ times to prospective purchasers and real estate professionals. The Listing Agreement, the term of which the Trustee seeks to extend, is attached as Exhibit A to the Application to Employ the Broker [Docket No. 535, pgs. 9 – 19]. The terms of the Listing Agreement include (i) the public marketing of the Property and the listing of the Property through multiple listing services (ii) that the Broker will be entitled to be paid 6 percent of the gross sale price for the Property. In addition, (iii) the Broker will allow other brokers to show the Property and will offer to pay the other broker a fee of 3 percent of the gross sale price if the other broker represents the buyer of the Property.

9. The Trustee believes that Property is free and clear of any liens or other similar interests.

10. The Broker has presented a cash offer from the potential buyers to purchase the Property for $1,080,000 with a closing to occur no later than October 11, 2024. The potential buyers have provided satisfactory proof of funds to the Trustee. The $1,080,000 purchase price is

4

the result of negotiations between the Trustee and the potential buyer. The Trustee believes the purchase price is a fair and reasonable price and that it is in the best interests of the estate to accept the offer and to sell the Property on the terms set forth therein. The Trustee is not aware of any connections between the prospective buyer and the estate or the Debtor. A true and correct copy of the offer is attached hereto as **Exhibit 1**.

## REQUESTED RELIEF AND BASIS FOR RELIEF

### A. Authority to Sell the Property

11. The Trustee requests that the Court authorize the sale of the Property free and clear of all liens, claims, and encumbrances to the potential buyers pursuant to the offer attached hereto as **Exhibit 1**. It is the Trustee's duty to "collect and reduce to money the property of the estate for which such trustee serves", including through the sale of property of the estate. 11 U.S.C. § 704(a)(1). In evaluating such a sale, a court must balance the need for flexibility with the concerns of affected creditors. *In re Terrace Gardens Park P'ship*, 96 B.R. 707, 715 (Bankr. W.D. Tex. 1989). The Court must also determine that creditors' lien rights are adequately protected and that the offered price is the highest price obtainable under the circumstances in the particular case. *Id.*; *In re Beker Indus. Corp.*, 63 B.R. 474, 477–78 (Bankr. S.D.N.Y. 1986). The Trustee believes that marketing the Property through public listing, and the continuation of the Broker's efforts to sell the Property, will maximize the potential value of the Property and further the Trustee's duties to the Debtor's estate.

12. While the Trustee does not believe there are any liens, claims, interests or encumbrances on the Property, any secured creditors' interests are being adequately protected because their liens, claims, interests, and encumbrances (collectively, "***Encumbrances***") shall attach to the sale proceeds with the same validity, enforceability, priority, force and effect that they

now have as against the Property, subject to the rights, claims, defenses, and objections, if any, of the Trustee and all parties-in-interest with respect to such Encumbrances. Any parties with Encumbrances in the Property who do not object to the Motion are deemed to have consented pursuant to Section 363(f)(2). Any parties with Encumbrances in the Property who object to this Motion and have not withdrawn their objections therein fall within one or more of the other subsections of Section 363(f) and are adequately protected by having their Encumbrances attach to the net proceeds of the auction and sale with the same validity, enforceability, priority, force and effect that they now have as against the Property, subject to the rights, claims, defenses, and objections, if any, of the Trustee and all parties-in-interest with respect to such Encumbrances.

**B. Continued Retention of Broker**

13. Pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Trustee requests authorization to continue the employment and retention of the Broker according to the terms of the Listing Agreement in the same manner the Broker was retained in the Jones Chapter 11 Case and pursuant to those representations and disclosures made in connection with Broker's retention at Docket No. 574. The key terms of the Listing Agreement with the Broker are set forth above and the Trustee wishes to continue to employ the Broker for the sale of the Property under the same terms but to extend the Listing Agreement past its original term to allow Broker to be compensated for valuable services provided to the estate. The continued retention of the Broker is necessary and in the best interests of the Debtor's estate.

14. To the best of the Trustee's knowledge and based upon the Declaration of Jaymes Willoughby [Docket No. 535, pgs. 31 – 35], the Broker does not hold or represent any interest adverse to the Debtor's estate in the matters on which it is to be employed. The Broker has no connection with the Debtor, the Debtor's known creditors, any other party in interest or their

respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

15. The Trustee believes that the continued listing and marketing of the Property by the Broker is the best available and least expensive method to liquidate the Property, especially because the Broker has already made substantial efforts to that end, is otherwise familiar with the Property, and has already located an interested buyer for the Property. The Trustee believes that extending the term of the existing Listing Agreement with the Broker is in the best interest of the Debtor's estate.

16. Subject to the Court's approval and pursuant to the Listing Agreement, the Broker will charge the Debtor's estate a commission of 6 percent of the gross sales price relating to the sale of the Property. The 6 percent structure is consistent with and typical of fees charged by other brokerage firms for comparable services under similar circumstances. The Trustee believes that the fees charged by the Broker are reasonable, market-based, and designed to compensate the Broker fairly for the work of its professionals and to cover fixed and routine expenses. The Trustee seeks that upon the sale of the Property, that the Broker's commission be approved according to the terms of the Listing Agreement without further need for fee application.

WHEREFORE, the Trustee respectfully requests that the Court enter the proposed order attached hereto, authorizing (i) the sale of the Property, (ii) the retention of the Broker under the terms of the Listing Agreement, as extended, and (iii) granting such other and further relief as is just and proper.

Dated: September 10, 2024
Houston, Texas

Respectfully submitted,

By: *Erin E. Jones*
Erin E. Jones (TX 24032478)
**JONES MURRAY LLP**
602 Sawyer Street, Suite 400
Houston, Texas 77007
Telephone: (832) 529-1999
Fax: (832) 529-3393
erin@jonesmurray.com

AND

Joshua W. Wolfshohl (Bar No. 24038592)
Michael B. Dearman (Bar No. 24116270)
Jordan T. Stevens (Bar No. 24106467)
Kenesha L. Starling (Bar No. 24114906)
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
mdearman@porterhedges.com
jstevens@porterhedges.com
kstarling@porterhedges.com

*Counsel for Christopher R. Murray, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a true and correct copy of the foregoing document was served on September 10, 2024 on all parties in interest listed on the attached service list by ECF service, if available, otherwise by U.S. First-Class Mail, postage prepaid.

*Erin E. Jones*
Erin E. Jones

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | § Chapter 7 |
| ALEXANDER E. JONES, | § Case No. 22-33553 (CML) |
| Debtor. | § |

**ORDER GRANTING TRUSTEE'S <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER AUTHORIZING (I) THE SALE OF REAL PROPERTY AND (II) <u>CONTINUED RETENTION OF SALE BROKER</u>**
[Relates to Docket No. _____]

The Court has considered the Trustee's *Emergency Motion for Entry of an Order Authorizing (I) the Sale of Real Property and (II) Retention of Sale Broker* (the "**Motion**"),[1] authorizing the sale of the Property pursuant to 11 U.S.C. §363(f) and the continued retention of Keller Williams Realty and its related subsidiaries as real estate broker, pursuant to sections 105(a), 327, 363, and 704(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rules 2014-1 and the Declaration of Jaymes Willoughby at Docket No. 535.  The Court finds that the requested relief is appropriate, that the continued employment of the Broker on the terms set forth in the Listing Agreement as well as the extension of the original term of the Listing Agreement is in the best interests of the estate, that the Trustee has exercised reasonable business judgment in seeking approval of the sale of the Property pursuant to the terms of the offer attached to the Motion as Exhibit 1, that the purchase price is fair and reasonable, that the terms of the sale of the Property were negotiated in good faith and at arms' length, and that the relief requested in the Motion should

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

15548644

be granted.  The Court further finds that adequate notice of the Motion and the hearing to consider the Motion, if any, have been given to all creditors and parties-in-interest under the circumstances present in this case.  Accordingly, it is

**ORDERED THAT:**

1. The Trustee is authorized to sell the Property free and clear of all liens, claims, encumbrances, and interests pursuant to 11 U.S.C. § 363(f) on the terms set forth in the offer attached to the Motion as Exhibit 1, or to any alternative buyer, who makes, in the Trustee's business judgment, the highest or otherwise best offer to purchase the Property;

2. Any lien, claim or encumbrance on the Property sold shall attach to the proceeds of the sale of such Property with the same priority and validity as existed on the Property immediately prior to the sale;

3. Upon the consummation of the sale, all persons holding any lien, claim, or encumbrance against or in the Property of any kind or nature whatsoever, are forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such lien, claim, interest or encumbrance against the purchaser of the Property or the Property itself.

4. The Trustee is authorized to continue to employ the Broker under the Listing Agreement at Docket 535, provided however, that the term of the Listing Agreement is hereby extended to December 31, 2024.

5. At closing, the Trustee is authorized to pay from the sales proceeds the amount of any broker commission described in the Listing Agreement, any liens, and any customary costs of closing.

6. All objections to, reservations of rights regarding, or other responses to the Motion or the relief requested therein or the entry of this Order, that have not been withdrawn, waived, or

15548644

3

settled, or that have not otherwise been resolved pursuant to the terms hereof, are hereby denied and overruled on the merits with prejudice. Those parties who did not timely object to the Motion or the entry of this Order, or who withdrew their objections thereto, are deemed to have consented to the relief granted herein for all purposes, including without limitation, pursuant to section 363(f)(2) of the Bankruptcy Code.

7. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

8. The Trustee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

SIGNED: _____, 2024

_____
Honorable Christopher M. Lopez
United States Bankruptcy Judge

15548644