UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | § Chapter 7 |
| ALEXANDER E. JONES, | § Case No. 22-33553 (CML) |
| Debtor. | |

**ORDER GRANTING TRUSTEE'S <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER AUTHORIZING (I) THE SALE OF REAL PROPERTY AND (II) CONTINUED RETENTION OF SALE BROKER**
[Relates to Docket No. _____]

The Court has considered the Trustee's *Emergency Motion for Entry of an Order Authorizing (I) the Sale of Real Property and (II) Retention of Sale Broker* (the "**Motion**"),[1] authorizing the sale of the Property pursuant to 11 U.S.C. §363(f) and the continued retention of Keller Williams Realty and its related subsidiaries as real estate broker, pursuant to sections 105(a), 327, 363, and 704(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rules 2014-1 and the Declaration of Jaymes Willoughby at Docket No. 535.  The Court finds that the requested relief is appropriate, that the continued employment of the Broker on the terms set forth in the Listing Agreement as well as the extension of the original term of the Listing Agreement is in the best interests of the estate, that the Trustee has exercised reasonable business judgment in seeking approval of the sale of the Property pursuant to the terms of the offer attached to the Motion as Exhibit 1, that the purchase price is fair and reasonable, that the terms of the sale of the Property were negotiated in good faith and at arms' length, and that the relief requested in the Motion should

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

15548644

be granted.  The Court further finds that adequate notice of the Motion and the hearing to consider the Motion, if any, have been given to all creditors and parties-in-interest under the circumstances present in this case.  Accordingly, it is

**ORDERED THAT:**

1. The Trustee is authorized to sell the Property free and clear of all liens, claims, encumbrances, and interests pursuant to 11 U.S.C. § 363(f) on the terms set forth in the offer attached to the Motion as Exhibit 1, or to any alternative buyer, who makes, in the Trustee's business judgment, the highest or otherwise best offer to purchase the Property;

2. Any lien, claim or encumbrance on the Property sold shall attach to the proceeds of the sale of such Property with the same priority and validity as existed on the Property immediately prior to the sale;

3. Upon the consummation of the sale, all persons holding any lien, claim, or encumbrance against or in the Property of any kind or nature whatsoever, are forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such lien, claim, interest or encumbrance against the purchaser of the Property or the Property itself.

4. The Trustee is authorized to continue to employ the Broker under the Listing Agreement at Docket 535, provided however, that the term of the Listing Agreement is hereby extended to December 31, 2024.

5. At closing, the Trustee is authorized to pay from the sales proceeds the amount of any broker commission described in the Listing Agreement, any liens, and any customary costs of closing.

6. All objections to, reservations of rights regarding, or other responses to the Motion or the relief requested therein or the entry of this Order, that have not been withdrawn, waived, or

15548644

settled, or that have not otherwise been resolved pursuant to the terms hereof, are hereby denied and overruled on the merits with prejudice. Those parties who did not timely object to the Motion or the entry of this Order, or who withdrew their objections thereto, are deemed to have consented to the relief granted herein for all purposes, including without limitation, pursuant to section 363(f)(2) of the Bankruptcy Code.

7. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

8. The Trustee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

SIGNED: _____, 2024

                                      Honorable Christopher M. Lopez
                                      United States Bankruptcy Judge