# EXHIBIT 3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ALEXANDER E. JONES, | § | Case No. 22-33553 |
| | § | |
| Debtor. | § | |
| | § | |

### APPLICATION TO EMPLOY BROKER TO ASSIST IN THE SALE OF
### 5240 MCCORMICK MOUNTAIN DRIVE

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Alexander E. Jones ("Debtor"), debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Chapter 11 Case") hereby files this application (the "Application"), pursuant to Sections 105(a), 327(a), and 1107 of the Title 11 of the United States Code (the "Bankruptcy Code"); Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules"), for permission to employ a real estate broker to assist in the sale (the "Proposed Sale") of Debtor's

property located at 5240 McCormick Mountain Drive, Austin, Texas 78734 (the "Lakehouse Property"). Debtor requests entry of an order, substantially in the form attached, authorizing Debtor to retain and employ Keller Williams Realty, and its related subsidiary entities, pursuant to the terms and conditions set forth in the Exclusive Sales Listing Agreement attached as **Exhibit "A**,**" (the "Listing Agreement").

In support of its motion to employ Keller Williams Realty as a professional to assist in the marketing and sale of the Lakehouse Property, Debtor submits and fully incorporates by reference the *Declaration of* Jaymes Willoughby in Support of Debtor's *Application to Employ Broker to Assist in the Sale of 5240 McCormick Mountain Drive* (the "Willoughby Declaration"), which is attached as **Exhibit "B**.**"** Debtor further represents:

## I. JURISDICTION, VENUE, AND STATUTORY PREDICATE

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue for this proceeding and Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are Sections 105 and 327(a) of the Bankruptcy Code, Bankruptcy Rules 6004 and 2002, and Local Rule 2014-1.

## II. BACKGROUND

3. On December 2, 2022 (the "Petition Date"), Debtor filed his voluntary petition for relief under the Bankruptcy Code. Debtor has continued possession and is managing as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. An official committee of unsecured creditors (the "Official Committee") was appointed in this Chapter 11 Case on December 13, 2022 [Docket No. 42].

5. Debtor possesses real property in need of liquidation. One such property is the Lakehouse Property.

6. Debtor submits that the Lakehouse Property is free and clear of any liens or other similar interests apart from his own.

### III. THE PROPOSED SALE

7. For the reasons set forth herein, and in the exercise of his business judgment, Debtor has decided to market the Lakehouse Property, with the ultimate goal of obtaining the highest sale price to maximize the value for Debtor's estate. Debtor believes that this Proposed Sale is in the best interest of Debtor and his creditors.

8. To complete the sale of the Lakehouse Property, this Court must authorize Debtor to employ professionals, such as a real estate broker or brokerage firm.

9. Such sale is in consultation with the Official Committee and will be conducted pursuant to the Bankruptcy Rules, the Bankruptcy Code, and the Order on *Debtor's Motion for Order (1) Authorizing Sale of Property Free and Clear of All Liens, Claims, and Encumbrances and (2) Granting Relief* ("Debtor's Previous Motion"). Debtor's Previous Motion was provided to the Official Committee for comment prior to filing.

10. Debtor has already appraised the Lakehouse Property. The Lakehouse Property was valued in late 2022 at around $1,750,000.

### IV. THE BROKERAGE FIRM

11. Debtor wishes to employ Keller Williams Realty, 1801 S. Mopac Blvd., Ste. 100, Austin, TX 78746, as the broker for the sale of Debtor's interest in the Lakehouse Property.

12. It is necessary to employ the services of Keller Williams Realty to assist in the sale of Debtor's Lakehouse Property because Keller Williams Realty is one of the premier real estate

firms with over 180,000 associates across the globe. Keller Williams Realty's Austin Southwest Office is the top producing brokerage in Austin, Texas, and their knowledge of real estate like the Lakehouse make them a reliable brokerage firm for this Sale.

13. Debtor anticipates that Keller Williams Realty will provide general real estate brokerage services (the "Brokerage Services") to the Debtor in connection with the Chapter 11 Case, including, without limitation, pre-marketing due diligence on the Lakehouse Property, developing a customized marketing campaign, and otherwise using its best efforts to secure one or more satisfactory buyers to purchase the Lakehouse Property. A more detailed description of the scope of Brokerage Services that Keller Williams Realty intends to provide to the Debtor is set forth in the Listing Agreement, which, by reference, is fully incorporated into this Application.

14. Keller Williams Realty was selected to assist in the marketing and sale of the Lakehouse Property because of their considerable experience in the sale of homes and lake houses.

15. To the best of the Debtor's knowledge and belief, Keller Williams Realty is disinterested as that term is defined in 11 U.S.C. §101(14) and holds no interest adverse to or in connection with the Debtor, creditors of the Estate, any other party in interest or their respective attorneys and accountants. The Declaration of Jaymes Willoughby, Broker is attached hereto.

16. Based on Keller Williams Realty's extensive brokerage experience and expertise, Debtor submits that Keller Williams Realty is both well qualified and uniquely capable of representing the Debtor as their real estate broker in this Chapter 11 Case, pursuant to Section 327(a) of the Bankruptcy Code.

17. WHEREFORE, Debtor prays that it be authorized to employ Keller Williams Realty as real estate broker to render services as set forth above with the compensation to be paid as an administrative expense and such other amounts as this Court may allow.

## V. PROFESSIONAL COMPENSATION & EXPENSE REIMBURSEMENT

18. Subject to the Court's approval and pursuant to the Listing Agreement, Keller Williams Realty will charge the Debtor a commission of 6% of the gross sales price relating to the sale of the Lakehouse Property. The 6% structure is consistent with and typical of fees charged by other brokerage firms for comparable services under similar circumstances. Debtor believes that the fees charged by Keller Williams Realty are reasonable, market-based, and designed to compensate Keller Williams Realty fairly for the work of its professionals and to cover fixed and routine expenses.

19. Keller Williams Realty has been informed and understands that no sale may be consummated, and no commission paid, until after notice and a hearing on the proposed sale, and until after such time as the Court approves the sale. Debtor further seeks that upon approval of such sale, that the commission for Keller Williams Realty be approved per the terms of the Listing Agreement without further need for fee application.

## VI. RELIEF REQUESTED AND BASIS FOR RELIEF

20. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this this title.

11 U.S.C. § 327(a).

21. Bankruptcy Rule 2014(a) requires that a retention application include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors,

any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

22. By this Application, the Debtor seeks entry of an order, substantially in the form attached, authorizing the Debtor to retain and employ Keller Williams Realty as its real estate broker, pursuant to the terms and conditions of the Listing Agreement.

**A. Keller Williams Realty's Retention Is Necessary and in the Best Interest of the Debtor's Estate.**

23. Keller Williams Realty's considerable experience representing sellers of properties of all kinds, in all markets, and all economic cycles is evidence that the immediate retention of Keller Williams Realty as Debtor's real estate broker is both necessary and in the best interest of the Debtor's estate.

**B. Keller Williams Realty] Neither Holds nor Represents Any Interest Adverse to the Debtor's Estate and Is a Disinterested Person within the Meaning of Section 101(14) of the Bankruptcy Code.**

24. To the best of the Debtor's knowledge, information and belief, and except as disclosed in this Application and in the Willoughby Declaration, Keller Williams Realty: (i) does not represent, and does not hold, any interest adverse to the Debtor's estate; and (ii) is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code and has no connection to the Debtor, its creditors, or other parties-in-interest.

25. Keller Williams Realty has informed Debtor that it will use all reasonable efforts to see that no conflicts or other disqualifying circumstances exist or arise during the pendency of this Chapter 11 Case. If any new material facts or relationships are discovered or arise, Keller Williams Realty will use all reasonable efforts to identify them and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014.

## VII. CONCLUSION

WHEREFORE, Debtor respectfully requests that this Court enter an order (i) granting this Application; (ii) authorizing the Debtor to employ, retain, and ultimately compensate Keller Williams Realty as the Debtor's real estate broker, pursuant to the terms and conditions set forth in the Listing Agreement; and (iii) granting such other relief as the Court deems appropriate under the presented facts and circumstances.

Dated: December 21, 2023

**CROWE & DUNLEVY, P.C.**

By: */s/ Vickie L. Driver*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon Street, Suite 425
Dallas, TX 75201
Telephone: 214.420.2163
Facsimile: 214.736.1762
Email: vickie.driver@crowedunlevy.com
Email: crissie.stephenson@crowedunlevy.com

**COUNSEL FOR DEBTOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices via the Court's ECF noticing system on this 21st day of December 2023.

*/s/ Vickie L. Driver*
Vickie L. Driver

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ALEXANDER E. JONES, | § | Case No. 22-33553 |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |

ORDER IN SUPPORT OF DEBTOR'S
APPLICATION TO EMPLOY BROKER TO ASSIST IN THE SALE OF
5240 MCCORMICK MOUNTAIN DRIVE

ON THIS DATE, this Court considered Debtor's *Application to Employ Broker to Assist in the Sale of 5240 McCormick Mountain Drive* (the "Application") filed by the above-captioned debtor and debtor-in-possession (the "Debtor") for the entry of an order (the "Order") authorizing Debtor to retain and employ Keller Williams Realty as its real estate broker, pursuant to Sections 105(a), 327, and 1107 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules"). Upon review of the Application and the Declaration of Jaymes Willoughby (the Willoughby Declaration"), the Court finds that is has jurisdiction to grant the relief requested in the Application pursuant to 28 U.S.C. §§ 1334 and 157(b)(2).

The Court further finds that due and adequate notice of the Application was served via the court's electronic transmission facilities and United States First Class Mail upon all necessary parties.

The Court further finds that Keller Williams Realty does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matter on which it is to be employed in

**APPLICATION TO EMPLOY BROKER TO ASSIST IN THE SALE OF 5240 MCCORMICK MOUNTAIN DRIVE - Page | 2**

this Chapter 11 Case pursuant to 11 U.S.C. § 327(e).

**IT IS THEREFORE**,

**ORDERED** that the Application is hereby **GRANTED**; and it is further

**ORDERED** that the Debtor is authorized to employ and retain Keller Williams Realty as real estate broker; it is further

**ORDERED** that Keller Williams Realty shall be compensated in accordance with procedures set forth in the Application and such procedures as may be fixed by order of this Court.

Dated: _____, 2023

_____
**UNITED STATES BANKRUPTCY JUDGE**

**APPLICATION TO EMPLOY BROKER TO ASSIST IN THE SALE OF 5240 MCCORMICK MOUNTAIN DRIVE - Page | 3**