**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 22-33553** |
| | § | |
| **ALEXANDER E. JONES** | § | **CHAPTER 7** |
| | § | |
| **DEBTOR** | § | |

**UNITED STATES TRUSTEE'S OMNIBUS OBJECTION TO THE CHAPTER 7
TRUSTEE'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE
WINDDOWN OF FREE SPEECH SYSTEMS, LLC AND APPLICATION TO EMPLOY
TRANZON AND TRANZON360 AS SALE [SIC] BROKER [ECF NOS. 829 AND 828]**

TO THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), by and through his undersigned counsel, hereby submits his omnibus objection (the "Objection") to the Chapter 7 Trustee's *Motion for Entry of An Order Authorizing the Winddown of Free Speech Systems, LLC* [ECF No. 829] and *Application to Employ Tranzon and Tranzon360 as Sale* [sic] *Broker* [ECF No. 828] (the "Motion" and "Application"). In support of the Objection, the U.S. Trustee states the following:

## INTRODUCTION

1.  On June 21, 2024, the Court entered an order dismissing ("Dismissal Order") the Chapter 11 case of Free Speech Systems, LLC ("FSS"). Formerly constrained by the requirements of the Bankruptcy Code, FSS was emancipated by the Dismissal Order, and property of the estate was revested "in the entity in which such property was vested immediately before the commencement of the case under this title." *See* 11 U.S.C. § 349(a)(3).

2.  Also on June 21, 2024, the Cout entered an order converting the Chapter 11 case of Alexander E. Jones, the 100% membership interest owner of FSS, to one under Chapter 7.

1

Christopher R. Murray, the appointed Chapter 7 Trustee in the Chapter 7 case of Alexander E. Jones (the "Chapter 7 Trustee"), now seeks to employ a sales broker in the Jones case and to winddown the non-estate properties of FSS under a court-supervised sales process. But the only property of the estate the Chapter 7 Trustee holds in FSS is the 100-percent membership interest in FSS—not the assets the Motion and Application seek authority to sell. While the U.S. Trustee is sensitive to the position of the Chapter 7 Trustee and commends his efforts to maximize recovery for stakeholders in the Jones' case, because the Chapter 7 Trustee seeks in essence authority to sell property that is not property of the estate, the Court has no jurisdiction over that sale.

3.     The Chapter 7 Trustee can step into the shoes of the 100% member and owner of FSS and exercise all rights given to such owner under state law and FSS's corporate governance documents such as working with employees and a manager on the winddown of the LLC, but it cannot ask for Bankruptcy Court authority to sell assets it does not have property rights to. Although the Chapter 7 Trustee may also seek authority from this Court to sell or abandon its membership interest in FSS, FSS's assets are not property of the Jones' estate, and the Bankruptcy Code does not provide this Court authority to issue orders regarding the sale of its assets. The only entitlement the Chapter 7 Trustee has is in the net recovery after the LLC's assets have been liquidated and creditors have been paid.  As such, the Motion and Application should be denied or at a minimum modified to remove reference to the sale of assets.

## OBJECTION

**A.  The Chapter 7 Trustee Cannot Obtain Court Approval for the Sale of Non-Debtor Assets.**

4.     The Chapter 7 Trustee files the Motion and Application for authority to winddown FSS's assets, which in essence involves the sale of FSS's assets, including "cash, receivables intellectual property rights, production equipment and facilities, vehicles, real estate, and other property"

pursuant to Section 363(b)(1)[1]. Motion, ¶ 1. To that end, the Chapter 7 Trustee seeks to employ Tranzon360 as sales broker to market and sell FSS's assets. In support of the Motion and Application, the Chapter 7 Trustee asserts the following: (1) it is within his duties under Section 704(a)(1) to liquidate the assets of FSS; (2) the Court has authority under Section 105 to approve the sales; and (3) the sales of FSS' assets should be approved under Section 363(b)(1).

5.   The Chapter 7 Trustee's assertions are incorrect; the assets that he seeks to sell are not property of the Jones' bankruptcy estate and thus, the Bankruptcy Code does not authorize the underlying relief requested in Motion or Application, namely the sale of non-estate assets. "To permit a trustee to administer property in bankruptcy, a court must first be assured that the property is property of the estate pursuant to 11 U.S.C. § 541(a), including 'all legal or equitable interests of the debtor in property as of the commencement of the case.'" *In re Rogers*, 2024 WL 3440020, at *2 (Bankr. N.D.Fla. 2024).

6.   The Chapter 7 Trustee relies on sections 704(a) and 363(b) as authority to grant the relief requested. That reliance is misplaced. Section 704(a)(1) provides that the trustee shall "collect and reduce to money the *property of the estate* for which such trustee serves…" (emphasis added). In turn, Section 363(b)(1) provides that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, *property of the estate*…" (emphasis added). Both Section 704(a)(1) and Section 363(b)(1) authorize the Chapter 7 Trustee to *only* liquidate assets that are property of the estate. However, as detailed below, the FSS assets are not property of the estate.

7.   The Chapter 7 Trustee further relies on section 105 as a catch all allowing the Court to

---

[1] Although the Motion is styled as a Motion to Approve Winddown, in reality the motion is requesting bankruptcy court approval of sale of assets of a non-debtor; therefore the UST objection is treating this matter as a motion to sell non-estate assets.

grant the relief requested.  This reliance is also misplaced. Although section 105 empowers the Court to "carry out" the provisions of the Bankruptcy Code, it is not a freestanding source of authority, and it cannot be used to create rights or remedies that are untethered from the other provisions of the Bankruptcy Code. *See Law v. Siegel*, 571 U.S. 415, 421 (2014) ("whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code") (internal citation omitted).

8.   Section 541(a) provides that "all legal or equitable interests of the debtor in property as of the commencement of the case" become property of the debtor's estate, but relevant federal and state law make clear that the legal and equity interest the Jones' estate holds in FSS is the 100% membership interests, rather than its assets. The Supreme Court in *Dole Food Co v. Patrickson*, 538 U.S. 468, 475 (2003), wrote that "a basic tenet of American Corporate law is that the corporation and its shareholders are distinct entities." Thus, "[a]n individual shareholder, by virtue of his ownership of shares, *does not own the corporation's assets* and, as a result, does not own subsidiary corporations in which the corporation holds an interest." *Id.* (emphasis added). Under Texas law, a "member of a limited liability company or an assignee of a membership interest in a limited liability company does not have an interest in any specific property of the company." *See* Tex. Bus. & Org. § 101.106(b).

9.   "Thus, when a member of a limited liability company files for bankruptcy, his or her interest in the LLC, and any rights he or she has under the LLC's operating agreement, become property of the estate." *In re DeVries*, 2014 WL 4294540, at *12 (Bankr. N.D. Tex.). Numerous bankruptcy courts have agreed that only the membership interest become property of the estate, and not the underlying corporate assets. "It is well accepted that a filing by an individual who is an owner of a corporation brings into the estate only his ownership interest and not the assets of

4

the corporation." *In re Young*, 409 B.R. 508, 513 (Bankr. D. Idaho 2009); *See also UST v. Crabtree (In re Crabtree),* 554 B.R. 174, 192 (Bankr. D. Minn. 2016) ("As a general matter, property of the estate does not include assets owned by a corporation in which the debtor holds an interest.") *rev'd on other grounds*, 562 B.R. 749 (8th Cir. BAP 2017).

10. Through the Motion and Application, the Chapter 7 Trustee requests more than just the sale of Jones bankruptcy estate's 100 percent membership interest in FSS. The Chapter 7 Trustee is seeking authority to sell the corporation's assets, including intellectual property rights, equipment, vehicles, real estate, and other property. But, as evidenced above, these assets are not property of the estate, and the Bankruptcy Code provides no authority by which the Chapter 7 Trustee may sell the assets under Court supervision.

11. That doesn't mean that FSS cannot liquidate its assets. FSS is not in bankruptcy and can operate its business or sell its assets as permitted under state law and its corporate governance documents. The distinction here is that the Chapter 7 Trustee, standing in the shoes of the 100% member, can effectuate the winddown of assets of the LLC *outside* of bankruptcy pursuant to applicable state law, and then distribute the net proceeds as an asset of the chapter 7 case.  But if the Chapter 7 Trustee wants court supervision and approval of the sale of those assets, as the owner of 100% of the shares, he would need to cause FSS to file another bankruptcy case (in accordance with proper corporate governance) and then seek proper authorization under the Code.

**B.  The Chapter 7 Trustee Cannot Seek to Retain Professionals to Liquidate Non-Estate Assets.**

12. Further, the Chapter 7 trustee seeks authority to retain and pay professionals to liquidate non-estate assets.  As stated above, FSS has the authority to winddown as it sees fit, but its fees and expenses for the winddown comes from its assets, not from the estate's assets.  These are two distinct entities.  Therefore, any professional fees incurred must be paid from FSS' assets and are

not subject to court retention or approval.

**C.** **The Chapter 7 Trustee Cannot Receive Compensation on the Liquidation of Non-Estate Assets.**

13. The Chapter 7 Trustee is further requesting compensation for disbursements of FSS assets. This is not a proper request and should be denied.

14. As detailed above, the liquidation of FSS assets can be done outside the auspices of the bankruptcy estate at its own expense.  However, the only asset of this bankruptcy estate are the net proceeds after the winddown of FSS.

15. Pursuant to section 326, the Chapter 7 Trustee can receive reasonable compensation from all moneys disbursed or turned over *in the case* by the trustee to parties in interest.

16. Distributions made as part of the FSS winddown do not constitute moneys disbursed or turned over *in the case.*

17. Further, distributions made as part of the FSS winddown are not being made to parties in interest as creditors of FSS are not parties in interest in the current case. While both FSS and the Jones' estate share a similar body of creditors, they are not the same.

18. Therefore, the Trustee compensation is limited to whatever disbursements are made in this current case to creditors from the net assets.  The Trustee cannot request compensation on disbursements made by a non-debtor entity.

## **CONCLUSION**

19. For the reasons articulated above, the U.S. Trustee requests that the Court sustain his objection and deny the Motion and Application.

RESPECTFULLY SUBMITTED:
KEVIN M. EPSTEIN
UNITED STATES TRUSTEE

DATED: 9/17/2024                    */s/ HA M NGUYEN*
                                    Ha Nguyen, Trial Attorney
                                    CA Bar #305411
                                    FED ID NO. 3623593
                                    United States Department of Justice
                                    Office of the United States Trustee
                                    515 Rusk Street, Suite 3516
                                    Houston, Texas 77002
                                    E-mail: Ha.Nguyen@usdoj.gov
                                    Cell: 202-590-7962