IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| ALEXANDER E. JONES, | § | Case No. 22-33553 |
| | § | |
| Debtor. | § | |
| | § | |

**DEBTOR'S LIMITED OBJECTION TO TRUSTEE'S MOTION FOR
ENTRY OF AN ORDER AUTHORIZING THE WINDDOWN OF
FREE SPEECH SYSTEMS, LLC**

Alex E. Jones (the "Debtor" or "Jones"), debtor in the above-referenced case (the "Case") hereby submits this limited objection to the *Chapter 7 Trustee's Motion for Entry of an Order Authorizing the Winddown of Free Speech Systems, LLC* (the "Winddown Motion") [Docket No. 829].

**LIMITED OBJECTION**

1. While the Winddown Motion purports to exclude the individual or personal intellectual property of Jones that may be owned by him or the Chapter 7 estate (see ¶5), the Chapter 7 Trustee employed Tranzon and Tranzon 360 as a Sale Broker to help market, auction and sell assets of both the Jones estate and any assets the Trustee otherwise administers in his capacity as the owner of FSS (see Tranzon Application, Docket No. 828, ¶8).[1] To the extent the Trustee is claiming that he has the authority or ownership in any capacity to sell anything that requires the use of Jones' name, image, or likeness, or requires the ability to take out of the public domain that which already exists in the public domain or has already been published to the public

---

[1] Jones does not object to the employment of Tranzon or Tranzon 360 as a Sale Broker, and did not file an objection to the employment application of same.  However, to the extent the Trustee claims any ownership rights or authority over intellectual property of Jones in connection with Tranzon or Tranzon 360's actual work, Jones reserves all rights to object to same.

**DEBTOR'S LIMITED OBJECTION TO TRUSTEE'S WINDDOWN MOTION - Page | 1**

domain, Jones objects.

2.    Jones further objects to the Trustee's request to sell or any estate ownership of any domains that contain his name, as such cannot be owned by any other than him personally. Jones additionally objects to the Trustee's authority to sell Jones' personal social media accounts, as these cannot be owned by the Chapter 7 estate, FSS, or any other entity that is not Jones' natural person.

3.    Jones' personal X.com account, with handle "RealAlexJones", is the exclusive property of Jones' natural person because (1) Jones maintains a documented property interest; (2) Jones retains exclusive control over access; and (3) Jones maintains the account for his personal use including, but not limited to, creating the account himself, using his personal name for the handle, marketing products of all varieties, and to promote his persona. *In re Vital Pharmaceutical*, 652 B.R. 392 (Bankr. S.D. Fla. 2023) (acknowledging and modifying otherwise outdated precedent set by the United States Bankruptcy Court for the Southern District of Texas eight years ago in *In re CTLI*, 528 B.R. 359). Any finding to the contrary would fundamentally change the nature of the account which is unlawful for purposes of this bankruptcy proceeding. *Id.* Further, a social media page, or handle, of a celebrity or public figure implicates an individual's "persona." *Id.*

4.    Jones' persona is exclusive to Jones in his individual capacity and not the property of the Chapter 7 estate, FFS, or any other entity that is not Jones. The persona includes the interest of an individual in the exclusive use of his own identity, including his name, image, and likeness. *Id.*; *Brown v. Ames*, 201 F.3d 654, 658 (5th Cir. 2000) (quoting Restatement (Second) of Torts § 652C (1977)). The persona is recognized as a property interest under Texas law and is the exclusive right of an individual through his "right to publicity." *In re CTLI, LLC*, 528 B.R. 359 (Bankr. S.D.

Tex. 2015); *Matthews v. Wozencraft*, 15 F.3d 432, 437 (5th Cir. 1994) (stating that the use of an individual's identity infringes on the persona). The right to publicity encompasses an individual's right against unauthorized use of his name, image, and likeness for commercial purposes. *Kimbrough v. Coca-Cola/USA*, 521 S.W.2d 719 (1975). This right is also considered a form of privacy right under Texas law. *Diamond Shamrock Refin. and Mktg. Co. v. Mendez*, 844 S.W.2d 198 (1992). Any purchase of Jones' persona and/or right to publicity would violate Jones' privacy, right to publicity, and the Bankruptcy Code's fresh start policy as it would prohibit Jones from using his own name or likeness to generate future income. Further, any purchase of Jones' persona and/or right to publicity that requires Jones to commit any specific or affirmative action as part of such sale, it would violate the 13th Amendment's prohibition on involuntary servitude.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that any order entered with respect to the Winddown Motion include a declaration that the Chapter 7 Trustee does not own and is not claiming to own or be selling such personal intellectual property as is described herein, and for such other and further relief to which the Debtor may be entitled in law and equity.

Dated:  September 20, 2024

                                  **CROWE & DUNLEVY, P.C.**

                                  By: */s/ Vickie L. Driver*
                                  Vickie L. Driver
                                  State Bar No. 24026886
                                  Christina W. Stephenson
                                  State Bar No. 24049535
                                  2525 McKinnon Street, Suite 425
                                  Dallas, TX 75201
                                  Telephone: 214.420.2163
                                  Facsimile:  214.736.1762
                                  Email: vickie.driver@crowedunlevy.com
                                  Email: crissie.stephenson@crowedunlevy.com

                                  **CO-COUNSEL FOR DEBTOR**

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices via the Court's ECF noticing system on this 20th day of September 2024.

                                  */s/ Vickie L. Driver*
                                  Vickie L. Driver