**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| | ) |
| | ) |
| In re: | ) Chapter 7 |
| | ) |
| ALEXANDER E. JONES, | ) Case No. 22-33553 (CML) |
| | ) |
| Debtor. | ) |
| | ) |

**CONNECTICUT FAMILIES' STATEMENT IN**
**SUPPORT OF THE TRUSTEE'S MOTION FOR ENTRY OF AN**
**ORDER AUTHORIZING THE WINDDOWN OF FREE SPEECH SYSTEMS, LLC**

The Connecticut Families,[1] as creditors and parties in interest in the above-captioned case (the "Jones Case"), submit this statement in support of the *Trustee's Motion for Entry of an Order Authorizing the Winddown of Free Speech Systems, LLC* (the "Motion") [Docket No. 829] filed by the chapter 7 trustee appointed in the Jones Case (the "Trustee"). In support of the Motion, the Connecticut Families respectfully state as follows:

1.      The Connecticut Families fully support the Trustee's efforts to sell Jones's[2] assets—an essential and long-awaited step in providing distributions to the Sandy Hook Families[3] after more than a decade of abuse by Jones. As the sole owner of Free Speech Systems, LLC ("FSS"), the equity interests are an asset of the Jones chapter 7 estate. The Trustee is the appropriate party to liquidate FSS's assets and the relief sought in the Motion represents the best path forward in the Jones Case. Accordingly, the Connecticut Families wholly support the relief requested by the Motion.

---

[1]    The "Connecticut Plaintiffs" are Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Erica Ash.

[2]    "Jones" refers to Alexander E. Jones, the above-captioned debtor.

[3]    The "Sandy Hook Families" refers to the Connecticut Families and the Texas Families. The "Texas Families" are Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and theEstate of Marcel Fontaine

1

2.      Upon the liquidation of FSS, the Connecticut Families continue to believe that any sale proceeds should be distributed *pro rata* to the Sandy Hook Family members in accordance with their allowed claims against FSS.   As we have previously stated, the Connecticut Families do not believe that any one creditor should receive outsized recovery or preferential treatment.  *See Connecticut Families' Statement in Support of Trustee's Emergency Motion* [Docket No. 725] at ¶¶ 4–5.  Instead, distributions should be made fairly and equitably among **all** creditors.

3.      The Texas Families' motion seeking immediate turnover of FSS's assets for the Texas Families' **sole** benefit (the "Turnover Motion") remains an affront to this notion and an unnecessary sideshow.  The fact that the Texas Families have not yet dismissed the Turnover Motion is beyond troubling, and suggests a continued belief on the part of the Texas Families that they—and they alone—should be entitled to recover from FSS, while the Connecticut Families should receive nothing.  After all, that was the very purpose of their filing the Turnover Motion.  Contrary to the assertions in the Texas Families' Statement,[4] the Texas Families have not engaged at all with the Connecticut Families with respect to resolving how recoveries from the Jones estate will be distributed.  Rather, a proposal by the Connecticut Families for allocating recoveries from FSS and Jones was ignored.  Nonetheless, the Connecticut Families remain ready and willing to resolve issues regarding the appropriate allowed claim amounts of the Sandy Hook Families and the resulting allocations of liquidation proceeds so that the Sandy Hook Families can, at long last, begin to recover from Jones and FSS for the damages they inflicted.

---

[4]     The "Texas Families Statement" refers to the *Statement of the Texas Plaintiffs in Support of the Chapter 7 Trustee's Motion for Entry of an Order Authorizing the Winddown of Free Speech Systems, LLC* [Docket No. 850].

4.      Moreover, the Jones Objection[5] should be overruled.   Nothing in the Jones Objection can prevent the Trustee from selling intellectual property (including social media accounts) that belong to **FSS**—since those assets never belonged to Jones ***personally***.    As to Jones's personal social media accounts, the Motion makes clear that "the IP Assets to be auctioned do not include the individual or personal intellectual property of Alex Jones that may be owned by him or the chapter 7 estate." *See* Mot. ¶ 5.  To be sure, the Connecticut Families assert that any intellectual property belonging to Jones personally, including his social media accounts, is property of the chapter 7 estate that can and should be liquidated.  However, that issue is not raised by the Motion, and, in any event, may require factual discovery to resolve, including on the extent to which Jones's personal social media accounts have historically been operated by FSS employees and used primarily for the benefit of FSS (as the Connecticut Families understand to be the case).  This issue can be fully briefed and litigated if needed, including in connection with any subsequent request to approve a sale of intellectual property belonging to Jones personally.

5.      Finally, for the avoidance of doubt, the Connecticut Families reserve all rights in connection with any sale of FSS or FSS's assets (including the FSS IP).  In particular, the Connecticut Families reserve, and do not waive, any and all claims, including claims based on the doctrines of alter ego or successor liability, against a potential purchaser of FSS's assets that continues to utilize those assets with, or in any way for the direct or indirect benefit of, Jones.

---

[5]    "Jones's Objection" refers to the *Debtor's Limited Objection to Trustee's Motion for Entry of an Order Authorizing the Winddown of Free Speech Systems, LLC* [Docket No. 849].

Dated: September 23, 2024                         Respectfully submitted,

*/s/ Ryan E. Chapple*
**CAIN & SKARNULIS PLLC**
Ryan E. Chapple
State Bar No. 24036354
303 Colorado Street, Suite 2850
Austin, TX 78701
Telephone:  (512) 477-5000
Fax:  (512) 477-5011
E-mail:  rchapple@cstrial.com

**KOSKOFF KOSKOFF & BIEDER, PC**
Alinor C. Sterling (admitted *pro hac vice*)
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone:  (203) 336-4421
E-mail:  asterling@koskoff.com

**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
Kyle J. Kimpler (admitted *pro hac vice*)
Paul Paterson (admitted *pro hac vice*)
Leslie Liberman (admitted *pro hac vice*)
Vida J. Robinson (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Fax:  (212) 757-3990
E-mail:  kkimpler@paulweiss.com
            ppaterson@paulweiss.com
            lliberman@paulweiss.com
            virobinson@paulweiss.com

***Co-Counsel to the Connecticut Families***

4

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Statement has been served on counsel for the Debtor, the Debtor, and all parties receiving or entitled to notice through CM/ECF on this 23rd day of September, 2024.

/s/ Ryan E. Chapple
Ryan E. Chapple