United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 25, 2024
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| | § |
| **In re:** | § **Chapter 7** |
| | § |
| **ALEXANDER E. JONES,** | § **Case No. 22-33553 (CML)** |
| | § |
| **Debtor.** | § |
| | § |

**ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE WINDDOWN OF FREE SPEECH SYSTEMS, LLC**
**[Related to Docket No. 829]**

Upon the motion (the "***Motion***")[1] of the Trustee for entry of an order (this "***Order***"), authorizing the winddown of Free Speech Systems, LLC ("***FSS***"), including (i) authorizing and approving the auction and sale of the non-cash assets of FSS free and clear of all liens, claims and encumbrances; and (ii) granting related relief as more fully set forth in the Motion, including, but not limited to (a) establishing certain dates and deadlines in connection with the Auctions and (b) approving the Sale Notice, substantially in the form attached hereto as **Exhibit 1**; and the Court having reviewed any evidence in support of the Motion; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "***Hearing***"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the Motion having been withdrawn with prejudice or overruled on the merits at the Hearing; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

15564076

**THE COURT HEREBY FINDS AS FOLLOWS**:[2]

A.     <u>**Jurisdiction and Venue**</u>. The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334, and venue is proper before this Court pursuant to 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

B.     <u>**Bases for Relief**</u>. The bases for the relief requested in the Motion are sections 105, 326, 363, 503, 506, 507, and 704 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 6004, 9007, and 9014, and Bankruptcy Local Rule 9013-1.

C.     <u>**Notice of the Motion**</u>. Good and sufficient notice of the Motion and the relief sought in the Motion has been given under the circumstances, and no other or further notice is required except as set forth herein. The notice of the Motion and of the Hearing is reasonable and sufficient in light of the circumstances and nature of the relief requested in the Motion, and no other or further notice of the Motion or the Hearing is necessary. A reasonable and fair opportunity to object to the Motion and the relief granted in this Order has been afforded under the circumstances.

D.     <u>**Auctions and Sale**</u>. The Trustee has articulated good and sufficient reasons for authorizing and approving the Auctions and Sales of the FSS Assets.  The proposed Auctions are fair, reasonable, and appropriate under the circumstances and designed to maximize value for the benefit of the Debtor's estate, FSS's creditors, and other parties in interest. The Trustee, with the assistance of his advisors, is engaged in a fulsome marketing and sale process to solicit and develop the highest or otherwise best offer for the IP Assets and the Remaining Assets. The Auctions are designed to enhance that marketing and sale process following entry of this Order. The Trustee is

---

[2] The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052 made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such.

15564076

entitled to authorization to exercise and has exercised his reasonable business judgment in connection with the Auctions and the Sales of the FSS Assets.

E. **Payment from Sale Proceeds of Sale-Related Administrative Expenses**. Tranzon360's Commission and Reimbursement are actual and necessary costs and expenses of preserving the Debtor's estate under 11 U.S.C. § 503(b)(1)(A) and should be approved and authorized to be paid from the proceeds of the Sales upon closing. If it is later determined by this Court that PQPR holds valid and enforceable liens on the Assets, pursuant to 11 U.S.C. § 506(c), (i) the Commission and Reimbursement are necessary to preserve and dispose of the Assets, (ii) the Commission and Reimbursement are reasonable, and (iii) the Commission and Reimbursement have provided a benefit to PQPR, to the extent of its alleged liens, as a result of the services provided by Tranzon360 to the Trustee, the Debtor's estate and FSS. Compensation and reimbursement of expenses incurred by professionals employed by the Trustee in connection with the Sales of the FSS Assets is reasonable and justified to the extent allocable, in the Trustee's determination, to the FSS Asset sale process, and such amounts may be credited against any approved fees in this bankruptcy case to extent necessary to prevent double compensation for the same work. Similarly, compensation of the Trustee on all disbursements of FSS Assets, calculated as a commission consistent with 11 U.S.C. §326, and the reimbursement of expenses in connection with FSS Asset sale process, is reasonable and justified, and such amounts may be credited against any approved compensation or expenses of the Trustee from the Jones bankruptcy estate to the extent necessary to prevent double compensation for the same disbursements.

F. **Sale Notice**. The Sale Notice is reasonably calculated to provide all interested parties with timely and proper notice of the Auctions, including the date, time, and place of the

15564076

Auctions (if one or more is held), and certain dates and deadlines related thereto, and no other or further notice of the Auctions shall be required.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1.     All objections, statements, and reservations of rights to the relief granted herein that have not been withdrawn with prejudice, waived, or settled are overruled and denied on the merits with prejudice.

2.     The Trustee is authorized, with the assistance of Tanzon360 and his other advisors, to market, solicit Bids, and conduct Auctions, if necessary, for the IP Assets and the Remaining Assets in accordance with this Order to sell the Assets free and clear of liens, claims, charges, encumbrances and interests pursuant to 11 U.S.C. § 363(b) and (f), with all valid and perfected liens attaching to the proceeds of the Sales to the same extent and priority as such liens encumbered the Assets on the date of the Sales, subject to the Trustee's avoidance powers and any other claims and causes of action the Debtor's estate or FSS may have against any lienholder.

3.     The Trustee is authorized to take all actions necessary to close (i) the Sale of the IP Assets and any other Remaining Assets following the conclusion of the IP Assets Auction, if any, and the filing of a notice of successful bidder, including entering into any purchase agreement and (ii) the Sale of the Remaining Assets following the conclusion of the Remaining Assets Auction, if any, including entering into any necessary purchase agreements or issuing invoices, as applicable, in connection with the Asset Sales.

4.     The Trustee shall hold all cash of FSS, including all cash generated from the Auctions (if any) and Sales of the Assets, pending further order of the Court regarding its disposition.

15564076

## I.  IMPORTANT DATES AND DEADLINES

5.    **Timeline.**  The following dates and deadlines regarding the Auctions and Sales are hereby established, subject to the right of the Trustee to modify the following dates, provided notice is given in accordance with the terms of this Order:

| Event or Deadline | Date and Time |
|---|---|
| IP Assets Bid Deadline | **November 8, 2024, at 2:00 p.m. (prevailing Central Time)** as the deadline (the "*IP Assets Bid Deadline*") by which all binding sealed bids must be actually received by the Trustee for the sale of the IP Assets and any Remaining Assets in connection with the sale of the IP Assets. |
| IP Assets Auction (if applicable) | The "*IP Assets Auction*", if any, will be held on **November 13, 2024, at 10:30 a.m. (prevailing Central Time)** through Tranzon360's selected online auction platform, for the sale of the IP Assets, subject to rescheduling or cancellation by the Trustee in his reasonable discretion. |
| Remaining Assets Auction (if applicable) | The "*Remaining Assets Auction*", if any, will be held on **December 10, 2024, at 10:30 a.m. (prevailing Central Time)** through Tranzon360's selected online auction platform, for the sale of the Remaining Assets or any unsold IP Assets, subject to rescheduling or cancellation by the Trustee in his reasonable discretion. |

## II.  BIDDING PROCEDURES

6.    To participate in the bidding process for the IP Assets or otherwise participate in the IP Assets Auction, a person or entity interested in purchasing the IP Assets, along with any other Remaining Assets of FSS in connection with the IP Assets Auction (each a "*Potential Bidder*") must deliver or have previously delivered to the Trustee the following (the "*Bid Requirements*") in connection with its sealed bid (each a "*Sealed Bid*"):

- **Confidentiality Agreement:** an executed confidentiality agreement in form and substance acceptable to the Trustee;

- **Identity:** Each Bid must fully disclose the identity of each entity and each entity's shareholders, partners, investors, and ultimate controlling entities that will be bidding for or purchasing the applicable Assets or otherwise participating in connection with such Sealed Bid, and the complete terms of any such participation, along with sufficient evidence that the Potential Bidder is legally empowered to complete the transactions on the terms contemplated by the parties. Each Sealed Bid must also include contact information for the specific person(s) whom Tranzon360, Porter Hedges LLP, and Jones Murray LLP should contact regarding such Bid;

- **Identity of Assets and Purchase Price:** Each Sealed Bid must clearly state which of the Assets the Potential Bidder seeks to acquire. Each Sealed Bid must clearly set forth the purchase price to be paid, including cash and non-cash components, if any (collectively, the "***Purchase Price***"). The Purchase Price should be a specific amount in U.S. Dollars (not a range);

- **Good Faith Deposit:** Each Sealed Bid must be accompanied by a cash deposit equal to ten percent (10%) of the Purchase Price of such Sealed Bid, submitted by wire transfer of immediately available funds to an interest-free separate segregated account of FSS to be identified and established by the Trustee (the "***Good Faith Deposit***"). To the extent a Qualified Bid (as defined below) is modified before, during, or after the Auction in any manner that increases the Purchase Price contemplated by such Qualified Bid, the Trustee reserves the right to require that such Qualified Bidder (as defined below) increase its Good Faith Deposit so that it equals ten percent (10%) of the increased Purchase Price; *provided*, *however*, that the Trustee may, on a case-by-case basis, elect to waive the requirement that a Qualified Bidder deliver the initial Good Faith Deposit if such Qualified Bidder otherwise provides the Trustee with sufficient evidence satisfactory to the Trustee, in his reasonable business judgment, that such Qualified Bidder has sufficient internal resources or has received sufficient non-contingent debt funding commitments to consummate the proposed Sale transaction and to fully satisfy the Qualified Bidder's Purchase Price and other obligations under its Sealed Bid;

- **Committed Financing:** Each Sealed Bid must include committed financing, documented to the Trustee's reasonable satisfaction, that demonstrates the Potential Bidder has sufficient funding commitments to satisfy such Potential Bidder's Purchase Price and other obligations under its Sealed Bid, including the identity and contact information of the specific person(s) or entity(s) responsible for such committed financing whom Tranzon360, Porter Hedges LLP, or Jones Murray LLP should contact regarding such committed financing. Such funding commitment shall not be subject to any internal approval or diligence requirements and shall have covenants and conditions reasonably acceptable to the Trustee. The Trustee may in his reasonable business judgment waive this condition on a case-by-case basis;

- **Contingencies; No Financing or Diligence Outs:** A Sealed Bid shall not be conditioned on the obtaining or the sufficiency of financing, any internal approval,

or on the outcome or review of due diligence. Each Sealed Bid must identify with particularity any conditions or material issues that may affect certainty of closing within the proposed timelines. The Potential Bidders are expected to have completed all of their due diligence by the IP Assets Bid Deadline, including all business, legal, accounting, title, and other confirmatory diligence. The extent and nature of any remaining due diligence should be set forth in a specific list attached to each Sealed Bid;

- **As-Is, Where-Is:** Each Sealed Bid must include a written acknowledgement and representation that the Potential Bidder: (i) has had an opportunity to conduct any and all due diligence prior to making its offer; (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Assets in making its Sealed Bid; and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the completeness of any information provided in connection therewith, except as expressly stated in the Potential Bidder's proposed purchase agreement;

- **Authorization:** Each Sealed Bid must contain evidence that the Potential Bidder has obtained any necessary authorization or approval with respect to the submission of its Sealed Bid and the consummation of the Sale contemplated by such Sealed Bid;

- **Irrevocable:** A Potential Bidder's Sealed Bid must be binding and irrevocable unless and until the Trustee accepts a higher bid and such Potential Bidder is not selected as the Backup Bidder (as defined herein);

- **No Fees:** Each Potential Bidder presenting a Sealed Bid will bear its own costs and expenses (including legal fees) in connection with the proposed Sale, and by submitting its Sealed Bid is agreeing to refrain from and waive any assertion or request for a breakup fee, transaction fee, termination fee, expense reimbursement, or any similar type of payment or reimbursement on any basis, including under section 503(b) of the Bankruptcy Code;

- **Adherence to Bidding Requirements:** By submitting its Sealed Bid, each Potential Bidder is agreeing to abide by and honor the terms of these Bid Requirements and this Order and agrees not to submit a bid or seek to reopen the Sale process or the IP Assets Auction (if held) after conclusion of the selection of the Successful Bidder (as defined herein). By submitting its Sealed Bid, each Potential Bidder is agreeing to comply in all respects with the Bankruptcy Code and any applicable non-bankruptcy law;

- **Backup Bid:** Each Bid shall provide that the Potential Bidder will serve as a backup bidder (the "***Backup Bidder***") if the Potential Bidder's bid is the next highest or otherwise best Bid;

- **Requests for Information:** Each Potential Bidder shall comply with all reasonable requests for information and due diligence access by the Trustee or his advisors regarding any of the information required to be provided under these Bid Requirements, including the ability of such Potential Bidder, as applicable, to consummate a proposed Sale.

7.      Only Sealed Bids for the Assets fulfilling all of the preceding Bid Requirements, at the Trustee's reasonable discretion, may be deemed "***Qualified Bids***", and only those parties submitting Qualified Bids, at the Trustee's reasonable discretion, may be deemed "***Qualified Bidders***"; *provided however*, that the Trustee's right to modify the foregoing Bid Requirements, to modify any deadlines in paragraph 4 of this Order, to modify any procedures at the IP Assets Auction (if any), and/or to terminate discussions with any Potential Bidders at any time are fully preserved to the extent not materially inconsistent with this Order.

8.      No later than five (5) business days following the IP Assets Bid Deadline, the Trustee shall determine which Potential Bidders are Qualified Bidders and will notify the Potential Bidders whether Sealed Bids submitted constitute Qualified Bids, which will enable such Qualified Bidders to participate in the IP Assets Auction (if held).

9.      Binding Sealed Bids must be received (via email shall be acceptable) for the IP Assets by (a) the Trustee's bankruptcy co-counsel, Porter Hedges LLP, 1000 Main Street, Houston, Texas 77002, Attn.: Joshua W. Wolfshohl (jwolfshohl@porterhedges.com) and Michael B. Dearman (mdearman@porterhedges.com); (b) the Trustee's bankruptcy co-counsel, Jones Murray LLP, 602 Sawyer Street, Suite 400, Houston, Texas 77007, Attn: Erin Jones (erin.jones@jonesmurray.com), (c) Tranzon, 1108A North Dixie Avenue Elizabethtown, Kentucky 42701, Attn.: Kelly Toney (ktoney@tranzon.com), Ed Durnil (edurnil@tranzon.com) and (d) ThreeSixy, 3075 E. Thousand Oaks Blvd., Westlake Village, California 91362, Attn: Jeff Tanenbaum (jeff@360assetadvisors.com), in each case so as to be **<u>actually received</u>** no later than IP Assets Bid Deadline.

### III. IP ASSETS AUCTION AND SALE

10.     Only a Qualified Bidder is authorized to participate at the IP Assets Auction, if any, for which such Qualified Bidder submitted a Qualified Bid.

11.     Each Qualified Bidder participating at IP Assets Auction, if any, shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale, and the IP Assets Auction, if any, shall be transcribed or recorded.

12.     The Trustee is authorized to implement such other procedures as may be announced by the Trustee and his advisors from time to time on the record at Auction; *provided* that such other procedures are (i) not inconsistent with this Order, the Bankruptcy Code, or any other order of the Court, (ii) disclosed orally or in writing to all Qualified Bidders, and (iii) determined by the Trustee to further the goal of attaining the highest or otherwise best offer for the applicable IP Assets and any other Assets upon which the Qualified Bidder submitted a Qualified Bid.

13.     The Trustee is authorized at the IP Assets Auction (if any) to (a) determine which Qualified Bid is the highest or otherwise best offer for the respective Assets (the "*Successful Bid*") based on their perceived competitiveness in comparison to other Bids, *provided* that the Trustee may select more than one Qualified Bid to collectively serve as a Successful Bid if each such Qualified Bid contemplates the purchase of different Assets; (b) at any time prior to the determination by the Trustee of the Successful Bidder, reject any Bid that the Trustee determines, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or this Order, or (iii) contrary to the best interests of the Debtor's estate, FSS and their creditors, and (c) prior to conclusion of an Auction (if any) impose such other terms and conditions upon bidders as the Trustee determines to be in the best interests of the Debtor's estate, FSS and their creditors in this bankruptcy case.

15564076

14.     The Trustee shall file a notice of the Successful Bid and the successful bidder (the "***Successful Bidder***") and the Backup Bidder and backup bid (the "***Backup Bid***"), no later than three (3) business days following the conclusion of the IP Assets Auction (if any). The Successful Bidder and the Trustee shall, as soon as commercially reasonable and practicable, complete and sign all agreements, contracts, instruments, or other documents evidencing and containing the terms upon which each such Successful Bid was made without further order of the Court.

15.     Each Backup Bidder shall be required to keep its Qualified Bid open and irrevocable until the closing of the transaction with the applicable Successful Bidder. The Backup Bidder's Good Faith Deposit shall be held in an interest-free segregated account until the closing of the transaction with the applicable Successful Bidder. If for any reason a Successful Bidder fails to consummate the purchase of such Assets within the time permitted after the entry of the Sale Order, then the Backup Bidder will automatically be deemed to have submitted the Successful Bid for such Assets, and the Backup Bidder shall be deemed a Successful Bidder for such Assets and shall be required to consummate the Sale with the Trustee as soon as is commercially practicable without further order of the Court; *provided* that the Trustee shall file a notice with the Court.

16.     The Good Faith Deposit of a Successful Bidder shall, upon consummation of any Sale, be credited to the purchase price paid for the applicable Assets. If a Successful Bidder fails to consummate the Sale due to a breach or failure to perform on the part of such Successful Bidder, then the Good Faith Deposit shall be forfeited to, and retained irrevocably by, the Trustee, and may be used by the Trustee to pay the fees and expenses of the Trustee's professionals, including Tranzon360, in accordance with this Order, and the Trustee specifically reserves all rights and remedies against the defaulting Successful Bidder, including the right to seek damages from, and/or the specific performance of, the defaulting Successful Bidder.  The Good Faith Deposit of

10

15564076

any Qualified Bidders that are not Successful Bidders or Backup Bidders will be returned within five (5) business days after the Auction or upon the permanent withdrawal of the applicable proposed Sale, and the Good Faith Deposit of any Backup Bidder(s) will (unless such Backup Bidder is deemed a Successful Bidder) be returned within five (5) business days after the consummation of the applicable Sale or upon the permanent withdrawal of the applicable proposed Sale.

17.     If the IP Assets Auction is cancelled, then the Trustee shall file a notice with the Court of such election within two (2) business days of the determination of such election by the Trustee.

### IV. REMAINING ASSETS AUCTION AND SALE

18.     Participants at the Remaining Assets Auction must complete all of the following in order to be a qualified buyer of any of the Remaining Assets at the Remaining Assets Auction:

- Register on the online bidding platform selected by Tranzon360 by providing requested registrant information, including the name, address, phone number and email address for the buyer;

- Provide a valid credit card upon registering;

- Agree to the posted terms and conditions of the Remaining Assets Auction and Sales, which include, but are not limited to:

  o All items sold at the Remaining Assets Auction are sold "AS-IS-WHERE-IS";

  o Bids may not be retracted;

  o Full payment is due by wire transfer or credit card payment within twenty-four (24) hours after the close of the Remaining Assets Auction;

  o Credit card payments are subject to a $5,000 per buyer maximum and a 4 percent surcharge;

  o Purchases are subject to sales tax unless the buyer can provide sufficient evidence of a qualified exemption acceptable to the Trustee and Tranzon360;

15564076

     o  Tranzon360 and the Trustee reserve the right to add, delete or group any portion of the Remaining Assets into lots;

     o  Buyers will be responsible to retrieve their purchases or arrange for a third party to retrieve and remove their purchases from the sale site within a removal period of approximately one (1) week after the close of the Remaining Assets Auction, to be more specifically indicated in the terms of the Remaining Assets Auction prior to any Sale.

The Trustee's rights to modify the foregoing requirements, to modify any procedures at the Remaining Assets Auction (if any), to group any portion of the Remaining Assets into lots, and to terminate discussions with any bidder at any time are fully preserved to the extent not materially inconsistent with this Order.

20. Successful bids at the Remaining Assets Auction shall be the highest or otherwise best offer for the respective Assets based on the Trustee's reasonable perception of the competitiveness of such bid in comparison to other bids; *provided that* (a) the Trustee may set the opening bid or reserve price for any of the Remaining Assets or lots of the Remaining Assets; (b) remove any of the Remaining Assets from the Remaining Assets Auction (if any) at least twenty-four (24) hours prior to the beginning of the Remaining Assets Auction (if any); and (c) prior to conclusion of the Remaining Assets Auction (if any) impose such other terms and conditions upon bidders as the Trustee determines to be in the best interests of the Debtor's estate, FSS and their creditors in this bankruptcy case.

21. The Trustee is authorized to implement such other procedures as may be announced by the Trustee and his advisors from time to time prior to the Remaining Assets Auction; *provided* that such other procedures are (i) not inconsistent with this Order, the Bankruptcy Code, or any

15564076

other order of the Court, (ii) disclosed orally or in writing to all participants, and (iii) determined by the Trustee to further the goal of attaining the highest or otherwise best offer for any of the Remaining Assets.

## V.  SALE NOTICE AND RELATED RELIEF

22.     The Sale Notice, substantially in the form attached hereto as **Exhibit 1**, is hereby approved. Within three (3) business days after entry of this Order, the Trustee shall serve the Sale Notice upon the Notice Parties. In addition, within five (5) business days after entry of this Order, the Trustee will cause the Sale Notice to be posted one or more of Tranzon360's websites to provide notice to any other potential interested parties.

## VI. PAYMENT FROM SALE PROCEEDS OF SALE-RELATED ADMINISTRATIVE EXPENSES

23.     Tranzon360's Commission and Reimbursement is hereby allowed pursuant to 11 U.S.C. § 503(b)(1)(A), and the Trustee is authorized to pay the Commission and Reimbursement from the proceeds of the Sales upon closing.

24.     The Trustee is authorized to pay compensation on all disbursements of FSS Assets, which compensation shall be calculated as a commission consistent with 11 U.S.C. § 326, and reimbursement of expenses, with the amounts so paid to be credited against any approved compensation or expenses of the Trustee from the Jones estate to the extent necessary to prevent double compensation for the same disbursements of FSS Assets.

25.     The Trustee is authorized to pay professional fees and reimburse expenses incurred by professionals employed by the Trustee in the Jones Case to the extent such fees and expenses are allocable, in the Trustee's reasonable determination, to the FSS asset sale process, with the amounts so paid credited against any approved fees in the Jones Case to the extent necessary to prevent double compensation for the same work.

15564076

26. No person or entity shall be entitled to any expense reimbursement, break-up fees, "topping," termination, or other similar fee or payment, and by submitting a bid, such person or entity is deemed to have waived their right to request or to file with this Court any request for expense reimbursement or any fee of any nature in connection with such bid, whether by virtue of section 503(b) of the Bankruptcy Code or otherwise; *provided however*, that this paragraph shall not apply to Tranzon360's Commission and Reimbursement in connection with the Sales, Trustee's fees and expenses, or the Trustee's professionals' fees and expenses.

## VII.   RESERVATION OF RIGHTS

27. Nothing in this Order shall be deemed a waiver of any rights, remedies, or defenses that any party has or may have under applicable bankruptcy and non-bankruptcy law or any rights, remedies or defenses of the Debtor's estate or FSS with respect thereto, including seeking relief from the Court with regard to the Auctions, the Sales, and any related items (including, if necessary, to seek an extension of any of the deadlines in this Order).

28. Nothing in this Order modifies or shall be deemed to modify the validity or priority of any lien or other property interest.

29. The Trustee's right is fully reserved, in his reasonable business judgment and in a manner consistent with his duties and applicable law, to modify or waive any procedures or requirements with respect to all Potential Bidders, Qualified Bidders or to announce at an Auction modified or additional procedures for such Auction, and in any manner that will best promote the goals of the bidding process, or impose, before the conclusion of the consideration of bids or an Auction (if held), additional customary terms and conditions on the sale of the IP Assets or the Remaining Assets, as applicable, including without limitation: (a) extending the deadlines set forth in the procedures for submitting Sealed Bids; (b) adjourning any Auction; (c) modifying the

14

Auction and Sale Procedures or adding procedural rules that are reasonably necessary or advisable under the circumstances for conducting the Auction; (d) canceling any Auction; and (e) rejecting any or all Sealed Bids, Qualified Bids, or any bids at the Remaining Assets Auction. For the avoidance of doubt, the Trustee reserves the right, at any point prior to the selection of the Successful Bidder at the IP Assets Auction or successful bidders at the Remaining Assets Auction, to terminate the Sale processes contemplated hereunder with respect to any or all of the FSS Assets and seek to sell any or all Assets by alternative means.

30.     The Trustee may provide reasonable accommodations to any Potential Bidder(s) with respect to the terms, conditions, and deadlines for submitting Sealed Bids and to Qualified Bidders with respect to the terms, conditions, and deadlines of an Auction to promote further bids. All parties reserve their rights to seek Court relief, including on an expedited basis, with regard to the Auctions and any related items. The rights of all parties in interest with respect to the outcomes of the Auctions are reserved.

31.     Nothing herein authorizes the sale of any individual or personal intellectual property rights of Alex Jones or his chapter 7 bankruptcy estate for which all parties' rights are expressly reserved.

32.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

33.     The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

34.     The requirements set forth in Bankruptcy Local Rule 9013-1 are satisfied by the contents of the Motion.

15564076

35.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon entry hereof. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Signed:  September 25, 2024

_____
Christopher Lopez
United States Bankruptcy Judge

16

**<u>Exhibit 1</u>**

**Form of Sale Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| | § |
| **In re:** | § **Chapter 7** |
| | § |
| **ALEX JONES,** | § **Case No. 22-33553 (CML)** |
| | § |
| **Debtor.** | § **(Emergency Hearing Requested)** |
| | § |
| | § |

**NOTICE OF AUCTION FOR THE**
**SALE OF ASSETS OF FREE SPEECH SYSTEMS, LLC FREE AND CLEAR**
<u>**OF ANY AND ALL CLAIMS, INTERESTS, AND ENCUMBRANCES**</u>

  **PLEASE TAKE NOTICE** that Christopher R. Murray, Chapter 7 Trustee for the bankruptcy estate of Alex Jones (the "***Trustee***") is soliciting separate offers for a transaction or transactions, for the purchase of the IP Assets and/or the Remaining Assets consistent with the order [Docket No. [●]] (the "***Order***")[1] entered the United States Bankruptcy Court for the Southern District of Texas (the "***Court***") on [●], 2024. <u>**All interested bidders should carefully read the Order**</u>. To the extent that there are any inconsistencies between this notice and the Order, the Order shall govern in all respects.

---

**Copies of the Order or other documents related thereto are available upon request to co-counsel for the Trustee, Porter Hedges LLP, Joshua W. Wolfshohl (jwolfshohl@porterhedges.com) and Michael B. Dearman (mdearman@porterhedges.com) or Kelly Toney (ktoney@tranzon.com), Ed Durnil (edurnil@tranzon.com) and Jeff Tanenbaum (jeff@360assetadvisors.com).**

---

  **PLEASE TAKE FURTHER NOTICE** that the Qualified IP Assets Bid Deadline for the IP Assets and any other Remaining Assets the potential buyer seeks to acquire in connection with the acquisition of the IP Assets, is **November 8, 2024, at 2:00 p.m. (prevailing Central Time)**, and that any person or entity who wishes to participate in the IP Assets Auction (which, for the avoidance of doubt, may include any other Assets a potential buyer seeks to acquire in connection with the acquisition of the IP Assets) must comply with the participation requirements, bid requirements, and other requirements set forth in the Order and as required by the Trustee in his discretion.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Motion for Entry of an Order (I) Authorizing and Approving the Auction and Sale of Assets of Free Speech Systems, LLC Free and Clear of All Liens, Claims and Encumbrances and (II) Granting Related Relief* [Docket No. ●] or the Order, as applicable.

15564076

.

**PLEASE TAKE FURTHER NOTICE** that the Trustee intends to conduct the IP Assets Auction, at which time he will consider qualifying bids submitted to the Trustee and his professionals, by and pursuant to the Order, beginning on **November 13, 2024, at 10:30 a.m. (prevailing Central Time)** through Tranzon360's selected online auction platform.

**PLEASE TAKE FURTHER NOTICE** that the Trustee intends to conduct the Auction for the Remaining Assets, at which time he will consider bids submitted to the Trustee and his professionals, by and pursuant to the Order, beginning on **December 10, 2024, at 10:30 a.m. (prevailing Central Time)** through Tranzon360's selected online auction platform.

**PLEASE TAKE FURTHER NOTICE** that the Trustee reserves the right to modify the procedures for bidding and Auctions and/or to terminate discussions with any Potential Bidders at any time, to the extent not materially inconsistent with the Order.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and Order, as well as all related exhibits, are available: (a) free of charge upon email request to Porter Hedges LLP, Joshua W. Wolfshohl (jwolfshohl@porterhedges.com) and Michael B. Dearman (mdearman@porterhedges.com) or (b) for a fee via PACER by visiting http://www.txs.uscourts.gov.

*[Remainder of page intentionally blank]*

15564076

Dated: [_____], 2024
        Houston, Texas

                          Respectfully submitted,

        By: _/s/ Joshua W. Wolfshohl_____
            Joshua W. Wolfshohl (Bar No. 24038592)
            Michael B. Dearman (Bar No. 24116270)
            Jordan T. Stevens (Bar No. 24106467)
            Kenesha L. Starling (Bar No.24114906)
            **PORTER HEDGES LLP**
            1000 Main Street, 36th Floor
            Houston, Texas 77002
            Telephone: (713) 226-6000
            Facsimile: (713) 226-6248
            jwolfshohl@porterhedges.com
            mdearman@porterhedges.com
            jstevens@porterhedges.com
            kstarling@porterhedges.com

            *and*

            Erin E. Jones (TX 24032478)
            **JONES MURRAY LLP**
            602 Sawyer Street, Suite 400
            Houston, Texas 77007
            Telephone: (832) 529-1999
            Fax: (832) 529-3393
            erin@jonesmurray.com

            *Counsel for Christopher R. Murray, Chapter 7 Trustee*

15564076

United States Bankruptcy Court
Southern District of Texas

In re:                                                              Case No. 22-33553-cml

Alexander E. Jones                                                  Chapter 7

Official Committee Of Unsecured Creditor
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0541-4                    User: ADIuser                         Page 1 of 8

Date Rcvd: Sep 26, 2024                 Form ID: pdf002                       Total Noticed: 28

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |
| ## | Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 28, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | | Alexander E. Jones, c/o 2525 McKinnon Street, Suite 425, Dallas, TX 75201 |
| aty | + | Anna Kordas, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036-1000, UNITED STATES 10036-6730 |
| aty | + | Crowe & Dunlevy, 2525 McKinnon St, Suite 425, Dallas, TX 75201-1543 |
| aty | + | David Franklin Hill, IV, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036-6730 |
| aty | + | Jonathan Day, Paul, Weiss, Rifkind, Wharton & Garrison, 1285 Avenue of the Americas, New York, NY 10019-6031 |
| aty | + | Jones Murray LLP, 602 Sawyer Suite 400, Houston, Tx 77007-7510 |
| aty | + | Leslie E. Liberman, Paul, Weiss, Rifkind, Wharton & Garrison, 1285 Avenue of the Americas, New York, NY 10019-6031 |
| aty | + | Martin, Disiere, Jefferson & Wisdom, LLP, 808 Travis, Suite 1100, Houston, TX 77002-5831 |
| aty | + | Paul Andrew Paterson, Paul, Weiss, Rifkind, Wharton & Garrison, 1285 Avenue of the Americas, New York, NY 10019-6031 |
| aty | + | Reynal Law Firm, P.C., 917 Franklin St., Suite 600, Houston, TX 77002-1764 |
| aty | + | Richard A. Cochrane, Caldwell Cassady Curry PC, 2121 N. Pearl St., Ste. 1200, Dallas, TX 75201-2494 |
| aty | + | Theodore James Salwen, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036-6730 |
| aty | + | Vida Robinson, Paul, Weiss, Rifkind, Wharton & Garrison, 1285 Avenue of the Americas, New York, NY 10019-6031 |
| fa | | BlackBriar Advisors LLC, 3131 McKinney Ave., Suite 600, Dallas, TX 75204-2456 |
| cr | + | Elevated Solutions Group, LLC, c/o Walker & Patterson, P.C., P.O. Box 61301, Houston, TX 77208-1301 |
| cr | + | Erica L. Ash, c/o Cain & Skarnulis PLLC, 303 Colorado Street, Suite 2850, Austin, TX 78701 UNITED STATES 78701-0137 |
| cr | + | Francine Wheeler, Cain & Skarnulis PLLC, Ryan E. Chapple, 303 Colorado Street, Suite 2850 Austin, TX 78701-0137 |
| cr | + | Free Speech Systems, LLC, Free Speech Systems, LLC, c/o Patrick Magill, 3019 Alvin Devane Blvd., Ste 300 Austin,, TX 78741-7417 |
| cr | + | Reeves Law, PLLC, 702 Rio Grande St., Suite 203, Austin, TX 78701-2720 |
| cr | + | Richard M. Coan, c/o Cain & Skarnulis PLLC, 303 Colorado Street, Suite 2850, Austin, TX 78701-0137 |
| cr | + | Security Bank of Texas, P.O. Box 90, Crawford, Tx 76638-0090 |

TOTAL: 21

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | ^ | MEBN | Sep 26 2024 20:01:12 | Ally Bank, c/o Quilling, Selander, et al, 2001 Bryan Street, Suite 1800, Dallas, TX 75201-3070 |
| cr | + | Email/PDF: acg.acg.ebn@aisinfo.com | Sep 26 2024 20:02:34 | Ally Bank, c/o AIS Portfolio Services, LLC, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| cr | | Email/PDF: bncnotices@becket-lee.com | Sep 26 2024 20:22:58 | American Express National Bank, c/o Becket and Lee LLP, PO Box 3001, Malvern, PA 19355-0701 |
| cr | | Email/Text: creditcardbkcorrespondence@bofa.com | Sep 26 2024 20:03:00 | Bank of America N.A., c/o P.O. BOX 31785, Tampa, FL 33631-3785 |
| crcm | + | Email/Text: mbrimmage@akingump.com | Sep 26 2024 20:04:00 | Official Committee Of Unsecured Creditors, c/o Marty L. Brimmage, Jr., Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, TX 75201-4675 |

| | | | |
|---|---|---|---|
| cr | + Email/Text: lemaster@slollp.com | | |
| | | Sep 26 2024 20:03:00 | PQPR Holdings Limited, LLC, c/o Streusand Landon Ozburn & Lemmon LLP, attn: Stephen Lemmon, 1801 S. Mopac Expressway, Suite 320, Austin, TX 78746-9817 |
| cr | + Email/Text: BKECF@traviscountytx.gov | | |
| | | Sep 26 2024 20:04:00 | Travis County, c/o Jason A. Starks, P.O. Box 1748, Austin, TX 78767-1748 |

TOTAL: 7

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| aty | | Akin Gump Strauss Hauer & Feld LLP |
| cr | | Carlee Soto Parisi |
| cr | | Carlos M Soto |
| intp | | David Ross Jones |
| cr | | David Wheeler |
| cr | | Donna Soto |
| cr | | Ian Hockley |
| cr | | Jacqueline Barden |
| cr | | Jennifer Hensel |
| cr | | Jillian Soto-Marino |
| cr | | Mark Barden |
| cr | | Nicole Hockley |
| cr | | Public Storage |
| op | | Rachel Kennerly LLC |
| cr | | Robert Parker |
| cr | | William Aldenberg |
| cr | | William Sherlach |
| cr | ##+ | Leonard Pozner, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700, Houston, TX 77002-6774 |
| cr | ##+ | Marcel Fontaine, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin, Suite 2700, Houston, TX 77002-6774 |
| cr | ##+ | Neil Heslin, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700, Houston, TX 77002-6774 |
| cr | ##+ | Scarlett Lewis, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700, Houston, TX 77002-6774 |
| cr | ##+ | Veronique De La Rosa, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700, Houston, TX 77002-6774 |

TOTAL: 17 Undeliverable, 0 Duplicate, 5 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 28, 2024                     Signature:        /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 25, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Annie E Catmull | on behalf of Creditor Free Speech Systems  LLC aecatmull@o-w-law.com, aecatmull@ecf.courtdrive.com,llumtacae@gmail.com |
| Avi Moshenberg | on behalf of Plaintiff Leonard Pozner avi.moshenberg@lmbusinesslaw.com  avi.moshenberg@lmbusinesslaw.com |
| Avi Moshenberg | on behalf of Creditor Leonard Pozner avi.moshenberg@lmbusinesslaw.com  avi.moshenberg@lmbusinesslaw.com |
| Avi Moshenberg | on behalf of Creditor Marcel Fontaine avi.moshenberg@lmbusinesslaw.com  avi.moshenberg@lmbusinesslaw.com |
| Avi Moshenberg | on behalf of Plaintiff Veronique De La Rosa avi.moshenberg@lmbusinesslaw.com  avi.moshenberg@lmbusinesslaw.com |
| Avi Moshenberg | on behalf of Creditor Veronique De La Rosa avi.moshenberg@lmbusinesslaw.com  avi.moshenberg@lmbusinesslaw.com |
| Avi Moshenberg | on behalf of Creditor Neil Heslin avi.moshenberg@lmbusinesslaw.com  avi.moshenberg@lmbusinesslaw.com |
| Avi Moshenberg | on behalf of Creditor Scarlett Lewis avi.moshenberg@lmbusinesslaw.com  avi.moshenberg@lmbusinesslaw.com |
| Avi Moshenberg | on behalf of Plaintiff Estate of Marcel Fontaine avi.moshenberg@lmbusinesslaw.com  avi.moshenberg@lmbusinesslaw.com |
| Avi Moshenberg | on behalf of Plaintiff Neil Heslin avi.moshenberg@lmbusinesslaw.com  avi.moshenberg@lmbusinesslaw.com |
| Avi Moshenberg | on behalf of Plaintiff Scarlett Lewis avi.moshenberg@lmbusinesslaw.com  avi.moshenberg@lmbusinesslaw.com |
| Bennett Greg Fisher | on behalf of Creditor Public Storage bennett.fisher@lewisbrisbois.com amber.kaiser@lewisbrisbois.com;audrey.bridges@lewisbrisbois.com;jann.pigg@lewisbrisbois.com;maria.brito@lewisbrisbois.com;daniel.david@lewisbrisbois.com;andrea.silverman@lewisbrisbois.com |
| Bradley J. Reeves | on behalf of Creditor Reeves Law  PLLC bradley.reeves@pillsburylaw.com |
| Christina Walton Stephenson | on behalf of Defendant Alexander E. Jones Crissie.Stephenson@crowedunlevy.com elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com |
| Christina Walton Stephenson | on behalf of Debtor Alexander E. Jones Crissie.Stephenson@crowedunlevy.com elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com |
| Christina Walton Stephenson | on behalf of Attorney Crowe & Dunlevy Crissie.Stephenson@crowedunlevy.com elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com |
| Christopher R Murray | chris@jonesmurray.com  crm@trustesolutions.net |
| Elizabeth Carol Freeman | on behalf of Trustee Melissa A Haselden liz@lizfreemanlaw.com kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net |
| Eric Henzy | on behalf of Plaintiff Richard M. Coan ehenzy@zeislaw.com |
| Erin Elizabeth Jones | on behalf of Trustee Christopher R Murray erin@jonesmurray.com  8597346420@filings.docketbird.com |
| Federico Andino Reynal | on behalf of Attorney Reynal Law Firm  P.C. areynal@frlaw.us |
| Ha Minh Nguyen | on behalf of U.S. Trustee US Trustee ha.nguyen@usdoj.gov |
| Jacqueline Chiba | on behalf of Trustee Christopher R Murray jackie@jonesmurray.com  8234279420@filings.docketbird.com |
| Jarrod B. Martin | on behalf of Creditor Scarlett Lewis jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com |
| Jarrod B. Martin | on behalf of Plaintiff Neil Heslin jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com |

District/off: 0541-4
Date Rcvd: Sep 26, 2024

User: ADIuser
Form ID: pdf002

Page 4 of 8
Total Noticed: 28

Jarrod B. Martin
on behalf of Creditor Neil Heslin jarrod.martin@chamberlainlaw.com
Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
on behalf of Plaintiff Leonard Pozner jarrod.martin@chamberlainlaw.com
Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
on behalf of Plaintiff Scarlett Lewis jarrod.martin@chamberlainlaw.com
Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
on behalf of Creditor Leonard Pozner jarrod.martin@chamberlainlaw.com
Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
on behalf of Plaintiff Estate of Marcel Fontaine jarrod.martin@chamberlainlaw.com
Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
on behalf of Creditor Veronique De La Rosa jarrod.martin@chamberlainlaw.com
Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
on behalf of Creditor Marcel Fontaine jarrod.martin@chamberlainlaw.com
Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
on behalf of Plaintiff Veronique De La Rosa jarrod.martin@chamberlainlaw.com
Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jason Starks
on behalf of Creditor Travis County bkecf@traviscountytx.gov

Jayson B. Ruff
on behalf of U.S. Trustee US Trustee jayson.b.ruff@usdoj.gov

Jeffrey Gresham Tinkham
on behalf of Attorney Martin  Disiere, Jefferson & Wisdom, LLP tinkham@mdjwlaw.com, paulaj@mdjwlaw.com

Jennifer Jaye Hardy
on behalf of Plaintiff Scarlett Lewis jhardy2@willkie.com mao@willkie.com

Jennifer Jaye Hardy
on behalf of Creditor Veronique De La Rosa jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
on behalf of Plaintiff Estate of Marcel Fontaine jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
on behalf of Creditor Leonard Pozner jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
on behalf of Plaintiff Veronique De La Rosa jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
on behalf of Creditor Marcel Fontaine jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
on behalf of Creditor Scarlett Lewis jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
on behalf of Creditor Neil Heslin jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
on behalf of Plaintiff Neil Heslin jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
on behalf of Plaintiff Leonard Pozner jhardy2@willkie.com  mao@willkie.com

John D Malone
on behalf of Creditor Security Bank of Texas myra@johnmalonepc.com  myra@johnmalonepc.com

Johnie J Patterson
on behalf of Creditor Elevated Solutions Group  LLC
wandp.ecf@gmail.com;WalkerPatterson@jubileebk.net;wp@ecf.courtdrive.com

Joshua W. Wolfshohl
on behalf of Trustee Christopher R Murray jwolfshohl@porterhedges.com
egarfias@porterhedges.com;ysanders@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com

Marty L Brimmage

Marty L Brimmage
      on behalf of Creditor Marcel Fontaine mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
      on behalf of Creditor Leonard Pozner mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
      on behalf of Creditor Jacqueline Barden mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
      on behalf of Creditor Robert Parker mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
      on behalf of Creditor Ian Hockley mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
      on behalf of Creditor Committee Official Committee Of Unsecured Creditors mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
      on behalf of Creditor Committee Official Committee of Unsecured Creditors of Alexander E. Jones mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
      on behalf of Creditor Jennifer Hensel mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
      on behalf of Creditor Nicole Hockley mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
      on behalf of Creditor Carlos M Soto mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
      on behalf of Creditor Carlee Soto Parisi mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
      on behalf of Creditor Mark Barden mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
      on behalf of Creditor William Sherlach mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
      on behalf of Creditor William Aldenberg mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
      on behalf of Creditor Jillian Soto-Marino mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
      on behalf of Creditor Francine Wheeler mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
      on behalf of Creditor Donna Soto mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
      on behalf of Creditor Scarlett Lewis mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
      on behalf of Creditor Veronique De La Rosa mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
      on behalf of Creditor David Wheeler mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage
      on behalf of Creditor Neil Heslin mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

District/off: 0541-4
Date Rcvd: Sep 26, 2024

User: ADIuser
Form ID: pdf002

Page 6 of 8
Total Noticed: 28

| | |
|---|---|
| Melanie A. Miller | on behalf of Creditor Committee Official Committee Of Unsecured Creditors melanie.miller@akingump.com |
| Melissa A Haselden | on behalf of Trustee Melissa A Haselden mhaselden@haseldenfarrow.com haseldenbankruptcytrustee@gmail.com;mhaselden@ecf.axosfs.com;mhaselden@ecf.courtdrive.com;haselden.melissaa.r104367@notify.bestcase.com |
| Nicholas Lawson | on behalf of Creditor Leonard Pozner nick.lawson@lmbusinesslaw.com  kate.taylor@lmbusinesslaw.com |
| Nicholas Lawson | on behalf of Creditor Neil Heslin nick.lawson@lmbusinesslaw.com  kate.taylor@lmbusinesslaw.com |
| Nicholas Lawson | on behalf of Creditor Marcel Fontaine nick.lawson@lmbusinesslaw.com  kate.taylor@lmbusinesslaw.com |
| Nicholas Lawson | on behalf of Creditor Veronique De La Rosa nick.lawson@lmbusinesslaw.com  kate.taylor@lmbusinesslaw.com |
| Nicholas Lawson | on behalf of Creditor Scarlett Lewis nick.lawson@lmbusinesslaw.com  kate.taylor@lmbusinesslaw.com |
| Patrick Michael Lynch | on behalf of Creditor Ally Bank plynch@qslwm.com  jtownzen@qslwm.com |
| Raymond William Battaglia | on behalf of Creditor Free Speech Systems  LLC rbattaglialaw@outlook.com, rwbresolve@gmail.com |
| Ryan E Chapple | on behalf of Creditor Erica L. Ash rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com |
| Ryan E Chapple | on behalf of Plaintiff Jillian Soto Marino rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com |
| Ryan E Chapple | on behalf of Creditor Nicole Hockley rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com |
| Ryan E Chapple | on behalf of Plaintiff Carlee Soto-Parisi rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com |
| Ryan E Chapple | on behalf of Plaintiff Mark Barden rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com |
| Ryan E Chapple | on behalf of Creditor Francine Wheeler rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com |
| Ryan E Chapple | on behalf of Creditor Ian Hockley rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com |
| Ryan E Chapple | on behalf of Plaintiff Donna Soto rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com |
| Ryan E Chapple | on behalf of Creditor Richard M. Coan rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com |
| Ryan E Chapple | on behalf of Plaintiff David Wheeler rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com |
| Ryan E Chapple | on behalf of Creditor Carlos M Soto rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com |
| Ryan E Chapple | on behalf of Creditor William Aldenberg rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com |
| Ryan E Chapple | on behalf of Creditor Mark Barden rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com |
| Ryan E Chapple | on behalf of Plaintiff William Sherlach rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com |
| Ryan E Chapple | on behalf of Creditor Donna Soto rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com |
| Ryan E Chapple | on behalf of Creditor Robert Parker rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com |
| Ryan E Chapple | on behalf of Plaintiff Carlos M. Soto rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com |
| Ryan E Chapple | on behalf of Creditor William Sherlach rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com |

Ryan E Chapple

on behalf of Creditor Jacqueline Barden rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Jacqueline Barden rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Nicole Hockley rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Creditor Jillian Soto-Marino rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Richard M. Coan rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Creditor David Wheeler rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Jennifer Hensel rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Creditor Carlee Soto Parisi rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Francine Wheeler rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Robert Parker rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Ian Hockley rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Creditor Jennifer Hensel rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff William Aldenberg rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Scott R. Cheatham

on behalf of Creditor Bank of America N.A. scott.cheatham@arlaw.com

Shelby A Jordan

on behalf of Debtor Alexander E. Jones cmadden@jhwclaw.com

Shelby A Jordan

on behalf of Defendant Alexander E. Jones cmadden@jhwclaw.com

Stephen A Roberts

on behalf of Interested Party David Ross Jones sroberts@srobertslawfirm.com  1222805420@filings.docketbird.com

Stephen Wayne Lemmon

on behalf of Creditor PQPR Holdings Limited  LLC lemmon@slollp.com, mates@slollp.com

US Trustee

USTPRegion07.HU.ECF@USDOJ.GOV

Vickie L Driver

on behalf of Attorney Crowe & Dunlevy Vickie.Driver@crowedunlevy.com
elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com

Vickie L Driver

on behalf of Financial Advisor BlackBriar Advisors LLC Vickie.Driver@crowedunlevy.com
elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com

Vickie L Driver

on behalf of Creditor Free Speech Systems  LLC Vickie.Driver@crowedunlevy.com,
elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com

Vickie L Driver

on behalf of Other Prof. Rachel Kennerly LLC Vickie.Driver@crowedunlevy.com
elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com

Vickie L Driver

on behalf of Defendant Alexander E. Jones Vickie.Driver@crowedunlevy.com
elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com

Vickie L Driver

on behalf of Debtor Alexander E. Jones Vickie.Driver@crowedunlevy.com
elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com

Yoshie Valadez

on behalf of Creditor Bank of America N.A. mhtbkanhsselffilings@mccarthyholthus.com  yvaladez@mccarthyholthus.com

District/off: 0541-4                     User: ADIuser                          Page 8 of 8
Date Rcvd: Sep 26, 2024                  Form ID: pdf002                        Total Noticed: 28
TOTAL: 123