



# SERVICE AGREEMENT

N&N Forensics
936.246.4001
info@nnforensics.com
https://www.nnforensics.com

## MASTER SERVICE AGREEMENT

THIS MASTER SERVICE AGREEMENT (the "Agreement"), is entered into **4** day of **September 2024**, by and between **Christopher R. Murray, acting in his capacity as the chapter 7 trustee for the bankruptcy estate of Alexander E. Jones (Case No. 22-33553 – S.D.Tex. Houston Division)** (the "Client"), whose address is **602 Sawyer Street Suite 400, Houston TX 77007** and **N&N Forensics, LLC**, a **Texas** Corporation whose address is **945 McKinney Street, Suite 241, Houston, TX 77002**. N&N Forensics, LLC and Client may be referred to individually as a "Party" and collectively as the "Parties".

### RECITALS

**WHEREAS**, the Client is the chapter 7 trustee over the bankruptcy estate ("Estate") of Alexander E. Jones ("Debtor") which is currently pending before the United States Bankruptcy Court for the Southern District of Texas ("Court");

**WHEREAS**, the Client seeks to retain N&N Forensics, LLC to provide digital forensic accounting, consulting, and related IT/Cyber Claims services (as defined in Section 2) for the Estate and N&N Forensics, LLC agrees to provide such services; and

**WHEREAS**, this Agreement is subject to approval by the Court.

**NOW**, **THEREFORE**, the Parties agree as follows:

**Section 1. General.** N&N Forensics, LLC, its directors, officers, mangers, employees, consultants, successors and assigns, (collectively referred to as "N&N"), hereby agrees to observe all the provisions of this Agreement, as well as all other writings amending this agreement. This Agreement as set forth herein shall supersede all prior agreements between Client and N&N.

**Section 2. Duties and Responsibilities.** N&N shall represent Client as Digital Forensics and Cyber Claims experts. N&N will perform a myriad of duties that are typical for Digital Forensics and Cyber Claims consultants in the eDiscovery & Litigation Support industry to perform including but not limited to securely collecting data from various sources (cell phones, computers, servers, network, and cloud), data analysis, writing reports, reviewing cyber claims, and consulting with end-clients. N&N is not a law firm and does not offer and is not authorized to provide legal advice or counseling in any jurisdiction.

**Section 3. Compensation.** Compensation to N&N for services rendered under this Agreement is subject to fee application, or other fee procedures approved by the Court. As compensation for the services rendered pursuant to this Agreement, N&N shall seek the compensation set forth on **Exhibit A**. N&N reserves the right to review and revise

Compensation as set forth in **Exhibit A** on an annual basis (calendar year) but will not do so without first providing notice to the Client and obtaining approval by the Court.

**Section 4. Termination.** Client or N&N may terminate this Agreement upon receiving approval from the Court, and subject to the sections contained within this Agreement that survive such termination.

**Section 5. Ownership of N&N's Developments.**

(a) Client shall own all Work Product (as defined below). All Work Product shall be considered "work made for hire" by N&N and owned by Client.

(b) Client, its successors and assigns, shall have the right to obtain and hold in its or their own name copyrights, registrations, and any other protection available in the foregoing.

(c) N&N agrees to perform, upon the reasonable request of Client, during or after N&N's agreement, such further acts as may be necessary or desirable to transfer, perfect, and defend Client's ownership of the Work Product. When requested, you will

   (i) Execute, acknowledge and deliver any requested affidavits and documents of assignment and conveyance.

   (ii) Obtain and aid in the enforcement of copyrights (and, if applicable, patents) with respect to the Work Product in any country.

   (iii) Provide testimony in connection with any proceeding affecting the right, title, or interest of Client in any Work Product; and

   (iv) Perform any other acts deemed necessary or desirable to carry out the purposes of this Agreement.

(d) For purposes of this Agreement, "Work Product" shall mean all intellectual property rights, including all Trade Secrets, U.S. and international copyrights, patentable inventions, discoveries and improvements, and other intellectual property rights, in any programming, documentation, technology or other work product that relates to the business and interests of Client and that you conceive, develop, or deliver to Client at any time during the term of your agreement. "Work Product" shall also include all intellectual property rights in any programming, documentation, technology, or other work product that is now contained in any of the products or systems (including development and support systems) of Client to the extent you conceived, developed or delivered such Work Product to Client prior to the date of this Agreement while you were engaged. You hereby irrevocably relinquish for the benefit of Client and its assigns any moral rights in the Work Product recognized by applicable law.

(e) For purposes of this Agreement, a "Trade Secret" is any information, including, but not limited to, technical or non-technical data, a formula, a pattern, a compilation, a program, a device, a method, a technique, a drawing, a process, financial data, financial plans, product plans, or a list of actual or potential customers or supplies, which:

>(i) derives economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

>(ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

**Section 6. Confidential Information and Trade Secrets.** In exchange and as consideration for N&N's promises contained in this paragraph, Client promises, immediately upon the execution of this agreement that N&N shall be provided access to Client's information, data, documents, accounts, devices, or other items or equipment, all of which that may contain trade secrets or other confidential, proprietary, or sensitive information (collectively, the "Confidential Information").

(a)  N&N understands and agrees to abide by any applicable protective orders issued by the Court with respect to the Confidential Information that it is provided access to;

(b) N&N shall not, during or after the term of the Agreement, in whole or in part, directly or indirectly, disclose Client's Confidential Information to any person, firm, corporation, association or other entity for any reason or purpose whatsoever, unless required to do so by law and then only after giving Client five (5) days written notice before such disclosure, or unless such disclosure has been directed and permitted by the Client.

(c) N&N shall not make use of any of Client's Confidential Information for N&N's own purposes or for the benefit of any person, firm, corporation or other entity (except for Client or any affiliate thereof), under any circumstances during or after the termination of the Agreement;

(d)N&N will, during and after the term of the Agreement, hold in strict confidence and not to disclose, reveal or allow to be disclosed or revealed to any person, firm or corporation, other than to persons engaged by Client to further the business of Client, and not to use or publish, except in the pursuit of the business of Client the Confidential Information of Client;

(e) Upon termination of the Agreement and at any time at Client's request, N&N shall promptly return to a representative of Client all documents, data and other information derived from or otherwise pertaining to Confidential Information and any other materials and all copies of materials involving any of Client's Confidential Information in N&N's possession or control. N&N shall not take or retain any documents or other information, or any reproduction or excerpt thereof, containing or pertaining to any Confidential Information. N&N agrees that all Confidential Information learned by N&N during the Agreement with Client, whether developed

by N&N alone or in conjunction with others or otherwise, is and shall remain the exclusive property of Client. Due to the irreparable and continuing nature of the injury which would result from a breach of the covenant, as described above, N&N agrees that Client may, in addition to any remedy which Client may have at law or in equity, apply to any court of competent jurisdiction for the entry of an immediate order to restrain or enjoin the breach of this covenant and to otherwise specifically enforce the provisions of this covenant. N&N recognizes that the non-disclosure restriction set out herein is necessary to give effect to this Agreement and agrees that it is a reasonable restriction. Further, N&N expressly acknowledges the non-disclosure provision contained herein will not prevent N&N from obtaining other gainful employment which is appropriate given N&N's educational background and work experience.

**Section 7. Acknowledgment of Reasonable Restrictions; Consequences for any Breach by N&N.**

(a) Reasonableness. N&N further agrees that the covenants, restrictions and agreements contained above, taken as a whole, are reasonable in their scope and duration and such reasonableness will not be challenged in any proceeding to enforce any of same.

(b) Remedies. Any violation by N&N of their obligations contained above, shall, in addition to any other relief which may be recoverable under applicable law, entitle Client to an immediate injunction and restraining order to prevent such violations or continued violation without having to prove damages. It is agreed that any such violation will cause Client irreparable damage for which it shall have a remedy by injunction and restraining order. Such violation may further subject N&N to pay all reasonable expenses incurred by Client during the enforcement of its rights hereunder including, but not limited to, court costs and reasonable attorney's fees and for any damages suffered as a consequence of N&N's actions.

(c) Specific Performance. In the event of a breach or a threatened breach by N&N of the provisions of this Agreement, Client shall have the right and remedy, in addition to any other remedies that may be available at law or in equity, to have the provisions of this Agreement specifically enforced by any court having equity, jurisdiction, it being acknowledged and agreed that any such breach or threatened breach may cause irreparable injury to Client and that money damages may not alone provide an adequate remedy to Client.

(d) Reformation. In the event provisions of this Agreement should ever be found by a court of competent jurisdiction to exceed the time, geographic or other limitations permitted by applicable law or public policy, then said provisions shall be reformed to correspond with the maximum time, geographic or other limitations permitted by such applicable law or public policy.

**Section 8. Miscellaneous Provisions.**

(a) Governing Law; Jurisdiction. THE LAWS OF THE STATE OF TEXAS, EXCLUDING ITS CONFLICTS LAWS, SHALL GOVERN THIS AGREEMENT THE RIGHTS AND OBLIGATIONS OF THE PARTIES HERETO, THE ENTIRE RELATIONSHIP BETWEEN THE

MSA – Christopher Murray, Chapter 7 Trustee

PARTIES HERETO, AND ALL MATTERS ARISING OUT OF OR RELATING TO THIS AGREEMENT. This Agreement is performable in Harris County, Texas. Any lawsuit or other legal proceeding between the parties shall be brought only in the civil courts of Harris County, State of Texas, or the United States District Court or Bankruptcy Court for the Southern District of Texas. The parties hereby consent to the personal and exclusive jurisdiction and venue of these courts.

(b) Entire Agreement. This Agreement and the other matters mentioned in, provided for or contemplated by this Agreement, contain the entire agreement between the Parties with respect to the subject matter of this Agreement and supersede all prior agreements and understandings.

(c) Headings. The headings contained in this Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Agreement.

(d) Survival. The provisions, terms, covenants, and restrictions of any of the Parties provided for by this Agreement shall survive the execution and delivery of this Agreement. Upon the occurrence of any default by N&N under this Agreement, there shall be no limitations or restrictions on the rights and remedies available, whether at law, in equity, in bankruptcy, or otherwise.

(e) Successors and Assigns. This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and to the extent permitted by this Agreement, their successors and assigns.

(f) Amendment. This Agreement may be amended only by an agreement in writing duly executed by the Party against which enforcement of any waiver, change, modification, consent, or discharge is sought.

(g) Counterparts. This Agreement may be executed in two (2) or more separate counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

MSA – Christopher Murray, Chapter 7 Trustee

**Section 9. Agreement of Parties.** This agreement contains the entire agreement between Client and N&N and may not be changed except by another writing.

| | | | | |
|---|---|---|---|---|
| **Client Representative** | Signature | _[signature]_ | Date | 10/7/2024 |
| | Print | Christopher Murray, Trustee | | |

| | | | | |
|---|---|---|---|---|
| **N&N Representative** | Signature | _[signature]_ | Date | September 4, 2024 |
| | Print | Patrick Newton | | |

[*Remainder of page intentionally left blank.*]

MSA – Christopher Murray, Chapter 7 Trustee

## EXHIBIT A

**FEE SCHEDULE** *(Year 2024; Rates subject to annual review following period listed.)*

| Service Type | Service Rate ($ USD) |
|---|---|
| **Digital Forensics Consulting**<br><br>*Includes:*<br>• ESI Collections,<br>• Data Analysis, &<br>• Report Writing | 250 (Hourly) |
| **Travel** | 175 (Hourly) |
| **Expert Witness Services**<br><br>*Includes:*<br>• (4hr min.) Attendance for EUO, Deposition, Mediation, Trial, &<br>• Document Writing for Affidavit, Declaration | 500 (Hourly) |
| **Expenses** | At cost |

[*Remainder of page intentionally left blank.*]

# N&N Forensics

# Thank you!



936.246.4001
info@nnforensics.com
nnforensics.com

N&N Forensics is dedicated to delivering exceptional service to clients.