```
 1                   UNITED STATES BANKRUPTCY COURT
                       SOUTHERN DISTRICT OF TEXAS
 2                           HOUSTON DIVISION

 3   ALEXANDER E. JONES and        )   CASE NO: 22-33553-cml
     OFFICIAL COMMITTEE of         )
 4   UNSECURED CREDITORS,          )   Houston, Texas
                                   )
 5            Debtor.              )   Friday, September 13, 2024
                                   )
 6                                 )   12:01 PM to 12:09 PM
     ------------------------------)
 7
                              MOTION HEARING
 8
               BEFORE THE HONORABLE CHRISTOPHER M. LOPEZ
 9                  UNITED STATES BANKRUPTCY JUDGE

10
     APPEARANCES:
11
     For Chapter 7            CHRISTOPHER R. MURRAY
12   Trustee:                 Jones Murray LLP
                              602 Sawyer Street, Suite 400
13                            Houston, TX 77007
                              832-529-1999
14
     For Christopher          JOSHUA WOLFSHOHL
15   Murray, Chapter 7        Porter Hedges LLP
     Trustee:                 1000 Main Street, 36th Floor
16                            Houston, TX 77002
                              713-226-6000
17
     For U.S. Trustee:        JAYSON B.
18                            Office of the United States Trustee
                              515 Rusk Street, Suite 3516
19                            Houston, TX 77002
                              713-718-4650
20
     For Alexander E. Jones   VICKIE L. DRIVER
21                            Elliott, Thomason & Gibson, LLP
                              511 N. Akard, Suite 202
22                            Dallas, TX 75201
                              214-390-2086
23

24

25
```

```
 1   For Texas Plaintiffs     JARROD MARTIN
                              Chamberlain Hrdlicka
 2                            1200 Smith Street, Suite 1400
                              Houston, TX 77002
 3                            713-356-1280

 4   Court Reporter:          Rosario Saldana

 5   Courtroom Deputy:        Zilde Martinez

 6   Transcribed by:          Veritext Legal Solutions
                              330 Old Country Road, Suite 300
 7                            Mineola, NY 11501
                              Tel: 800-727-6396
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
     Proceedings recorded by electronic sound recording;
25   Transcript produced by transcription service.
```

```
 1                              INDEX
 2
 3     CHAPTER 7 TRUSTEE'S EXHIBITS                    RECEIVED
 4     Exhibit 1                                          5
 5     Exhibit 2                                          5
 6     Exhibit 3                                          5
 7     Exhibit 4                                          5
 8     Exhibit 5                                          5
 9     Exhibit 6                                          5
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1        HOUSTON, TEXAS; FRIDAY, SEPTEMBER 13, 2024; 12:01 P.M.

2                        (Call to Order)

3           THE COURT: Okay. Good afternoon, everyone. This

4    is Judge Lopez. I'm going to call the 12:00 case of

5    Alexander Jones here in connection with a motion to sell.

6    I'll take appearances in the courtroom and then we'll

7    proceed with folks on the line.

8           MR. WOLFSHOHL: Thank you, Your Honor. Joshua

9    Wolfshohl on behalf of Chris Murray, the Chapter 7 Trustee,

10   who is also in the courtroom, Your Honor.

11          THE COURT: Okay. Good morning.

12          MR. MURRAY: Good afternoon, Judge. Chris Murray,

13   Chapter 7 Trustee.

14          THE COURT: Okay.

15          MR. MARTIN: Jarrod Martin for the Texas

16   Plaintiffs.

17          MR. RUFF: Jayson Ruff for the U.S. Trustee.

18          THE COURT: Okay, Mr. Ruff. Anyone on the line

19   wish to make an appearance, I'd ask that you please hit five

20   star, and we will proceed. We've got one party. Here's a

21   214 number.

22          MS. DRIVER: Good afternoon, Your Honor. Vickie

23   Driver for Alex Jones.

24          THE COURT: Good afternoon, Ms. Driver. Okay.

25   Mr. Wolfshohl?

1       MR. WOLFSHOHL:  Thank you, Your Honor.  As Your
2  Honor knows, we previewed this motion with the Court a
3  couple of days ago at a status conference.
4       THE COURT:  Mm hmm.
5       MR. WOLFSHOHL:  What I'd like to do is, first off,
6  ask the Court to admit the exhibits that we filed at Docket
7  Number 841, Exhibits 1 through 6, and then I was going to do
8  a short proffer of Mr. Murray's testimony if that's okay,
9  Your Honor.
10      THE COURT:  Okay.  I'm going to admit the docs at
11 841 are admitted and let's proceed with the proffer, then.
12      (Exhibits 1 through 6 entered into evidence)
13      MR. WOLFSHOHL:  Thank you, Your Honor.
14      THE COURT:  Mr. Murray, let me have you raise your
15 right hand.  Do you swear to tell the truth, the whole truth
16 and nothing but the truth?
17      MR. MURRAY:  I do.
18      THE COURT:  Okay.
19      MR. WOLFSHOHL:  Your Honor, if called to testify,
20 Mr. Murray would testify that he was appointed, as Your
21 Honor knows, as the Chapter 7 Trustee in this case on June
22 the 14th of 24 -- 2024.  At the time of the conversion, the
23 Chapter 11 case had been pending for approximately a year
24 and a half.  Among the pending matters at the time of the
25 Trustee's appointment was the marketing of the Debtor's lake

1   house in Austin, Texas on Lake Travis.  Address is 5240

2   McCormick Mountain Drive.

3          Your Honor approved a motion -- an application to

4   employ and to enter into a listing agreement in connection

5   with this house back in January of 2024.  The order that

6   Your Honor entered was at Docket Number 574, and it's also

7   Exhibit 6 in the exhibits that Your Honor just admitted.

8   The broker, pursuant to that agreement, staged the property,

9   obtained photos for the property listing, listed the

10  property through Multiple Listing Services, and actually

11  showed the property over 40 times to prospective buyers as

12  well as other agents -- brokers and agents.  That listing

13  agreement actually expired May 16th of 2024.  The broker has

14  presented to the Trustee a cash offer from, what we

15  understand to be a disinterested buyer, for $1,080,000.  It

16  also includes in addition to the real property, some

17  miscellaneous personal property that's located in, I

18  believe, the garage of the property.

19          The relief requested today is that the Court

20  authorize the Trustee to proceed with that contract and to

21  sell the property pursuant to the terms of that contract.

22  That contract is at Exhibit 2 of the exhibits that Your

23  Honor admitted.  And I think the Trustee notified the Court

24  as to the purpose of the emergency consideration.  It is

25  that this buyer is doing a 1031 exchange, and we understand

1  that today is the deadline for the buyer to designate this
2  property as part of the 1031 exchange.  And so, that is why
3  we have asked the Court to consider this on an emergency
4  basis because we believe it is integral for the buyer for
5  following through with the proposal.
6           We also ask that the Court extend the listing
7  agreement for the broker.  We're asking that that be
8  extended until the end of the year, December 31st, 2024,
9  specifically.  And it's pursuant to essentially the same
10 terms as the original listing agreement.  A six percent
11 commission, which as Your Honor knows, is a standard
12 commission for a real estate contract.
13          We also, pursuant to Exhibit 5, which is the
14 declaration of the broker, Jaymes Willoughby, we understand,
15 and the Trustee believes that there are -- that the broker
16 does not hold any interest adverse to the estate.  Your
17 Honor previously found that when you entered the first
18 order.  The broker has served as the listing agent for the -
19 - in the Chapter 11 case previously.
20          We also understand, and the Trustee believes that
21 the price is a fair price and it's reasonable under the
22 circumstances.  The property has been marketed for roughly
23 nine months through public listings.  The Trustee is not
24 aware of any liens, claims or encumbrances, but pursuant to
25 363, if there are any, they would attach to the sales

1    proceeds.  The Trustee is not asking for permission to

2    disburse any of the sales proceeds as part of this motion.

3              And based on the input from the broker, we believe

4    that this price represents the best value for the estate.

5    If the sale doesn't close, we still ask that the listing

6    agreement be -- that we be authorized to extend the listing

7    agreement.  In the event it falls through, we would want

8    this broker to continue to market the property for sale.

9              The Trustee asks that the Court grant the relief

10   requested in the motion.  He's here to answer any questions

11   that the Court may have.  And I'd also ask that we have

12   authority to extend the listing agreement so that if we do

13   close, we can pay the commissions that are appropriate and

14   also if it doesn't close, so that we can continue to market

15   the property for sale.  And that's the conclusion of the

16   Trustee's proffered testimony.

17             THE COURT:  Okay.  Mr. Murray, you've heard the

18   statements.  Do you believe they're true and accurate?

19             MR. MURRAY:  Yes.

20             THE COURT:  Any corrections you would make?

21             MR. MURRAY:  No.

22             THE COURT:  Okay.  Does anyone have any questions

23   for this witness?  Okay.  Okay.  Before the Court is an

24   emergency motion to sell non-exempt property free and clear.

25   I'm going to grant emergency consideration of the motion.  I

1    believe that it is appropriate based upon the proffer.  This
2    asset has been marketed sufficiently and there's been plenty
3    of work that's gone into it.  I think the Trustee is
4    certainly exercising business judgment here, and I
5    understand why they're doing what they're doing and why they
6    need relief today.  I'm going to find that the sale price is
7    the highest or otherwise best offer for the asset now.  I
8    also think it's more than appropriate to extend the realtor
9    agreement.
10              So, I'm going to grant the relief requested.  I'm
11   going to approve the sale.  I'm going to find that the
12   purchaser is a good faith purchaser, and I've heard no
13   evidence of collusion here.  So, I think you're entitled to
14   that finding as well, and I'm going to approve the sale
15   under Section 363(f) free and clear, and I'll sign the
16   order.
17              The proposed order, is that the one that's still
18   attached to the motion?
19              MR. WOLFSHOHL:  It is, Your Honor.
20              THE COURT:  Okay.  I will -- I'll get it on the
21   docket now.  Anything else we need to take care of today?
22              MR. WOLFSHOHL:  I think that's all we have for
23   today, Your Honor.
24              THE COURT:  All right, folks.  Thank you very
25   much.  Have a good day.

1          MR. WOLFSHOHL:  Thank you, Your Honor.
2          THE COURT:  We're adjourned for the day.  Thank
3  you.  Everyone's excused.
4          MR. MURRAY:  Thank you, Judge.
5          MR. WOLFSHOHL:  Have a good weekend.
6          THE COURT:  Thank you.
7          (Whereupon these proceedings were concluded at
8  12:09 PM)
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1                          I N D E X

 2

 3                          RULINGS

 4                                              Page      Line

 5    Emergency motion to sell non-exempt

 6    property free and clear GRANTED            8         24

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    C E R T I F I C A T I O N

 2

 3        I, Sonya Ledanski Hyde, certified that the foregoing

 4   transcript is a true and accurate record of the proceedings.

 5

 6   [signature: Sonya M. Ledanski Hyde]

 7

 8   Sonya Ledanski Hyde

 9

10

11

12

13

14

15

16

17

18

19

20   Veritext Legal Solutions

21   330 Old Country Road

22   Suite 300

23   Mineola, NY 11501

24

25   Date:  October 11, 2024
```