# EXHIBIT 1

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

September 25, 2024

Nathan Ochsner, Clerk

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Chapter 7 |
|  | § |  |
| ALEXANDER E. JONES, | § | Case No. 22-33553 (CML) |
|  | § |  |
| Debtor. | § |  |
|  | § |  |

### ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER
### AUTHORIZING THE WINDDOWN OF FREE SPEECH SYSTEMS, LLC
### [Related to Docket No. 829]

Upon the motion (the "***Motion***")[1] of the Trustee for entry of an order (this "***Order***"), authorizing the winddown of Free Speech Systems, LLC ("***FSS***"), including (i) authorizing and approving the auction and sale of the non-cash assets of FSS free and clear of all liens, claims and encumbrances; and (ii) granting related relief as more fully set forth in the Motion, including, but not limited to (a) establishing certain dates and deadlines in connection with the Auctions and (b) approving the Sale Notice, substantially in the form attached hereto as **Exhibit 1**; and the Court having reviewed any evidence in support of the Motion; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "***Hearing***"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the Motion having been withdrawn with prejudice or overruled on the merits at the Hearing; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

15564076

**THE COURT HEREBY FINDS AS FOLLOWS**:[2]

A.     **Jurisdiction and Venue**. The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334, and venue is proper before this Court pursuant to 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

B.     **Bases for Relief**. The bases for the relief requested in the Motion are sections 105, 326, 363, 503, 506, 507, and 704 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 6004, 9007, and 9014, and Bankruptcy Local Rule 9013-1.

C.     **Notice of the Motion**. Good and sufficient notice of the Motion and the relief sought in the Motion has been given under the circumstances, and no other or further notice is required except as set forth herein. The notice of the Motion and of the Hearing is reasonable and sufficient in light of the circumstances and nature of the relief requested in the Motion, and no other or further notice of the Motion or the Hearing is necessary. A reasonable and fair opportunity to object to the Motion and the relief granted in this Order has been afforded under the circumstances.

D.     **Auctions and Sale**. The Trustee has articulated good and sufficient reasons for authorizing and approving the Auctions and Sales of the FSS Assets.  The proposed Auctions are fair, reasonable, and appropriate under the circumstances and designed to maximize value for the benefit of the Debtor's estate, FSS's creditors, and other parties in interest. The Trustee, with the assistance of his advisors, is engaged in a fulsome marketing and sale process to solicit and develop the highest or otherwise best offer for the IP Assets and the Remaining Assets. The Auctions are designed to enhance that marketing and sale process following entry of this Order. The Trustee is

---

[2] The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052 made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such.

2

entitled to authorization to exercise and has exercised his reasonable business judgment in connection with the Auctions and the Sales of the FSS Assets.

E. **Payment from Sale Proceeds of Sale-Related Administrative Expenses**. Tranzon360's Commission and Reimbursement are actual and necessary costs and expenses of preserving the Debtor's estate under 11 U.S.C. § 503(b)(1)(A) and should be approved and authorized to be paid from the proceeds of the Sales upon closing. If it is later determined by this Court that PQPR holds valid and enforceable liens on the Assets, pursuant to 11 U.S.C. § 506(c), (i) the Commission and Reimbursement are necessary to preserve and dispose of the Assets, (ii) the Commission and Reimbursement are reasonable, and (iii) the Commission and Reimbursement have provided a benefit to PQPR, to the extent of its alleged liens, as a result of the services provided by Tranzon360 to the Trustee, the Debtor's estate and FSS. Compensation and reimbursement of expenses incurred by professionals employed by the Trustee in connection with the Sales of the FSS Assets is reasonable and justified to the extent allocable, in the Trustee's determination, to the FSS Asset sale process, and such amounts may be credited against any approved fees in this bankruptcy case to extent necessary to prevent double compensation for the same work. Similarly, compensation of the Trustee on all disbursements of FSS Assets, calculated as a commission consistent with 11 U.S.C. §326, and the reimbursement of expenses in connection with FSS Asset sale process, is reasonable and justified, and such amounts may be credited against any approved compensation or expenses of the Trustee from the Jones bankruptcy estate to the extent necessary to prevent double compensation for the same disbursements.

F. **Sale Notice**. The Sale Notice is reasonably calculated to provide all interested parties with timely and proper notice of the Auctions, including the date, time, and place of the

3

Auctions (if one or more is held), and certain dates and deadlines related thereto, and no other or further notice of the Auctions shall be required.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1.      All objections, statements, and reservations of rights to the relief granted herein that have not been withdrawn with prejudice, waived, or settled are overruled and denied on the merits with prejudice.

2.      The Trustee is authorized, with the assistance of Tanzon360 and his other advisors, to market, solicit Bids, and conduct Auctions, if necessary, for the IP Assets and the Remaining Assets in accordance with this Order to sell the Assets free and clear of liens, claims, charges, encumbrances and interests pursuant to 11 U.S.C. § 363(b) and (f), with all valid and perfected liens attaching to the proceeds of the Sales to the same extent and priority as such liens encumbered the Assets on the date of the Sales, subject to the Trustee's avoidance powers and any other claims and causes of action the Debtor's estate or FSS may have against any lienholder.

3.      The Trustee is authorized to take all actions necessary to close (i) the Sale of the IP Assets and any other Remaining Assets following the conclusion of the IP Assets Auction, if any, and the filing of a notice of successful bidder, including entering into any purchase agreement and (ii) the Sale of the Remaining Assets following the conclusion of the Remaining Assets Auction, if any, including entering into any necessary purchase agreements or issuing invoices, as applicable, in connection with the Asset Sales.

4.      The Trustee shall hold all cash of FSS, including all cash generated from the Auctions (if any) and Sales of the Assets, pending further order of the Court regarding its disposition.

15564076

## I. **IMPORTANT DATES AND DEADLINES**

5.      **Timeline.**   The following dates and deadlines regarding the Auctions and Sales are hereby established, subject to the right of the Trustee to modify the following dates, provided notice is given in accordance with the terms of this Order:

| Event or Deadline | Date and Time |
|---|---|
| IP Assets Bid Deadline | **November 8, 2024, at 2:00 p.m. (prevailing Central Time)** as the deadline (the "***IP Assets Bid Deadline***") by which all binding sealed bids must be actually received by the Trustee for the sale of the IP Assets and any Remaining Assets in connection with the sale of the IP Assets. |
| IP Assets Auction (if applicable) | The "***IP Assets Auction***", if any, will be held on **November 13, 2024, at 10:30 a.m. (prevailing Central Time)** through Tranzon360's selected online auction platform, for the sale of the IP Assets, subject to rescheduling or cancellation by the Trustee in his reasonable discretion. |
| Remaining Assets Auction (if applicable) | The "***Remaining Assets Auction***", if any, will be held on **December 10, 2024, at 10:30 a.m. (prevailing Central Time)** through Tranzon360's selected online auction platform, for the sale of the Remaining Assets or any unsold IP Assets, subject to rescheduling or cancellation by the Trustee in his reasonable discretion. |

## II. **BIDDING PROCEDURES**

6.      To participate in the bidding process for the IP Assets or otherwise participate in the IP Assets Auction, a person or entity interested in purchasing the IP Assets, along with any other Remaining Assets of FSS in connection with the IP Assets Auction (each a "***Potential Bidder***") must deliver or have previously delivered to the Trustee the following (the "***Bid Requirements***") in connection with its sealed bid (each a "***Sealed Bid***"):

- **Confidentiality Agreement:** an executed confidentiality agreement in form and substance acceptable to the Trustee;

15564076

- **Identity:** Each Bid must fully disclose the identity of each entity and each entity's shareholders, partners, investors, and ultimate controlling entities that will be bidding for or purchasing the applicable Assets or otherwise participating in connection with such Sealed Bid, and the complete terms of any such participation, along with sufficient evidence that the Potential Bidder is legally empowered to complete the transactions on the terms contemplated by the parties. Each Sealed Bid must also include contact information for the specific person(s) whom Tranzon360, Porter Hedges LLP, and Jones Murray LLP should contact regarding such Bid;

- **Identity of Assets and Purchase Price:** Each Sealed Bid must clearly state which of the Assets the Potential Bidder seeks to acquire. Each Sealed Bid must clearly set forth the purchase price to be paid, including cash and non-cash components, if any (collectively, the "***Purchase Price***"). The Purchase Price should be a specific amount in U.S. Dollars (not a range);

- **Good Faith Deposit:** Each Sealed Bid must be accompanied by a cash deposit equal to ten percent (10%) of the Purchase Price of such Sealed Bid, submitted by wire transfer of immediately available funds to an interest-free separate segregated account of FSS to be identified and established by the Trustee (the "***Good Faith Deposit***"). To the extent a Qualified Bid (as defined below) is modified before, during, or after the Auction in any manner that increases the Purchase Price contemplated by such Qualified Bid, the Trustee reserves the right to require that such Qualified Bidder (as defined below) increase its Good Faith Deposit so that it equals ten percent (10%) of the increased Purchase Price; *provided*, *however*, that the Trustee may, on a case-by-case basis, elect to waive the requirement that a Qualified Bidder deliver the initial Good Faith Deposit if such Qualified Bidder otherwise provides the Trustee with sufficient evidence satisfactory to the Trustee, in his reasonable business judgment, that such Qualified Bidder has sufficient internal resources or has received sufficient non-contingent debt funding commitments to consummate the proposed Sale transaction and to fully satisfy the Qualified Bidder's Purchase Price and other obligations under its Sealed Bid;

- **Committed Financing:** Each Sealed Bid must include committed financing, documented to the Trustee's reasonable satisfaction, that demonstrates the Potential Bidder has sufficient funding commitments to satisfy such Potential Bidder's Purchase Price and other obligations under its Sealed Bid, including the identity and contact information of the specific person(s) or entity(s) responsible for such committed financing whom Tranzon360, Porter Hedges LLP, or Jones Murray LLP should contact regarding such committed financing. Such funding commitment shall not be subject to any internal approval or diligence requirements and shall have covenants and conditions reasonably acceptable to the Trustee. The Trustee may in his reasonable business judgment waive this condition on a case-by-case basis;

- **Contingencies; No Financing or Diligence Outs:** A Sealed Bid shall not be conditioned on the obtaining or the sufficiency of financing, any internal approval,

6

or on the outcome or review of due diligence. Each Sealed Bid must identify with particularity any conditions or material issues that may affect certainty of closing within the proposed timelines. The Potential Bidders are expected to have completed all of their due diligence by the IP Assets Bid Deadline, including all business, legal, accounting, title, and other confirmatory diligence. The extent and nature of any remaining due diligence should be set forth in a specific list attached to each Sealed Bid;

- **As-Is, Where-Is:** Each Sealed Bid must include a written acknowledgement and representation that the Potential Bidder: (i) has had an opportunity to conduct any and all due diligence prior to making its offer; (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Assets in making its Sealed Bid; and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the completeness of any information provided in connection therewith, except as expressly stated in the Potential Bidder's proposed purchase agreement;

- **Authorization:** Each Sealed Bid must contain evidence that the Potential Bidder has obtained any necessary authorization or approval with respect to the submission of its Sealed Bid and the consummation of the Sale contemplated by such Sealed Bid;

- **Irrevocable:** A Potential Bidder's Sealed Bid must be binding and irrevocable unless and until the Trustee accepts a higher bid and such Potential Bidder is not selected as the Backup Bidder (as defined herein);

- **No Fees:** Each Potential Bidder presenting a Sealed Bid will bear its own costs and expenses (including legal fees) in connection with the proposed Sale, and by submitting its Sealed Bid is agreeing to refrain from and waive any assertion or request for a breakup fee, transaction fee, termination fee, expense reimbursement, or any similar type of payment or reimbursement on any basis, including under section 503(b) of the Bankruptcy Code;

- **Adherence to Bidding Requirements:** By submitting its Sealed Bid, each Potential Bidder is agreeing to abide by and honor the terms of these Bid Requirements and this Order and agrees not to submit a bid or seek to reopen the Sale process or the IP Assets Auction (if held) after conclusion of the selection of the Successful Bidder (as defined herein). By submitting its Sealed Bid, each Potential Bidder is agreeing to comply in all respects with the Bankruptcy Code and any applicable non-bankruptcy law;

- **Backup Bid:** Each Bid shall provide that the Potential Bidder will serve as a backup bidder (the "***Backup Bidder***") if the Potential Bidder's bid is the next highest or otherwise best Bid;

- **Requests for Information:** Each Potential Bidder shall comply with all reasonable requests for information and due diligence access by the Trustee or his advisors regarding any of the information required to be provided under these Bid Requirements, including the ability of such Potential Bidder, as applicable, to consummate a proposed Sale.

7.      Only Sealed Bids for the Assets fulfilling all of the preceding Bid Requirements, at the Trustee's reasonable discretion, may be deemed "***Qualified Bids***", and only those parties submitting Qualified Bids, at the Trustee's reasonable discretion, may be deemed "***Qualified Bidders***"; *provided however*, that the Trustee's right to modify the foregoing Bid Requirements, to modify any deadlines in paragraph 4 of this Order, to modify any procedures at the IP Assets Auction (if any), and/or to terminate discussions with any Potential Bidders at any time are fully preserved to the extent not materially inconsistent with this Order.

8.      No later than five (5) business days following the IP Assets Bid Deadline, the Trustee shall determine which Potential Bidders are Qualified Bidders and will notify the Potential Bidders whether Sealed Bids submitted constitute Qualified Bids, which will enable such Qualified Bidders to participate in the IP Assets Auction (if held).

9.      Binding Sealed Bids must be received (via email shall be acceptable) for the IP Assets by (a) the Trustee's bankruptcy co-counsel, Porter Hedges LLP, 1000 Main Street, Houston, Texas 77002, Attn.: Joshua W. Wolfshohl (jwolfshohl@porterhedges.com) and Michael B. Dearman (mdearman@porterhedges.com); (b) the Trustee's bankruptcy co-counsel, Jones Murray LLP, 602 Sawyer Street, Suite 400, Houston, Texas 77007, Attn: Erin Jones (erin.jones@jonesmurray.com), (c) Tranzon, 1108A North Dixie Avenue Elizabethtown, Kentucky 42701, Attn.: Kelly Toney (ktoney@tranzon.com), Ed Durnil (edurnil@tranzon.com) and (d) ThreeSixy, 3075 E. Thousand Oaks Blvd., Westlake Village, California 91362, Attn: Jeff Tanenbaum (jeff@360assetadvisors.com), in each case so as to be **<u>actually received</u>** no later than IP Assets Bid Deadline.

15564076

### III. IP ASSETS AUCTION AND SALE

10.     Only a Qualified Bidder is authorized to participate at the IP Assets Auction, if any, for which such Qualified Bidder submitted a Qualified Bid.

11.     Each Qualified Bidder participating at IP Assets Auction, if any, shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale, and the IP Assets Auction, if any, shall be transcribed or recorded.

12.     The Trustee is authorized to implement such other procedures as may be announced by the Trustee and his advisors from time to time on the record at Auction; *provided* that such other procedures are (i) not inconsistent with this Order, the Bankruptcy Code, or any other order of the Court, (ii) disclosed orally or in writing to all Qualified Bidders, and (iii) determined by the Trustee to further the goal of attaining the highest or otherwise best offer for the applicable IP Assets and any other Assets upon which the Qualified Bidder submitted a Qualified Bid.

13.     The Trustee is authorized at the IP Assets Auction (if any) to (a) determine which Qualified Bid is the highest or otherwise best offer for the respective Assets (the "***Successful Bid***") based on their perceived competitiveness in comparison to other Bids, *provided* that the Trustee may select more than one Qualified Bid to collectively serve as a Successful Bid if each such Qualified Bid contemplates the purchase of different Assets; (b) at any time prior to the determination by the Trustee of the Successful Bidder, reject any Bid that the Trustee determines, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or this Order, or (iii) contrary to the best interests of the Debtor's estate, FSS and their creditors, and (c) prior to conclusion of an Auction (if any) impose such other terms and conditions upon bidders as the Trustee determines to be in the best interests of the Debtor's estate, FSS and their creditors in this bankruptcy case.

15564076

14.     The Trustee shall file a notice of the Successful Bid and the successful bidder (the "***Successful Bidder***") and the Backup Bidder and backup bid (the "***Backup Bid***"), no later than three (3) business days following the conclusion of the IP Assets Auction (if any). The Successful Bidder and the Trustee shall, as soon as commercially reasonable and practicable, complete and sign all agreements, contracts, instruments, or other documents evidencing and containing the terms upon which each such Successful Bid was made without further order of the Court.

15.     Each Backup Bidder shall be required to keep its Qualified Bid open and irrevocable until the closing of the transaction with the applicable Successful Bidder. The Backup Bidder's Good Faith Deposit shall be held in an interest-free segregated account until the closing of the transaction with the applicable Successful Bidder. If for any reason a Successful Bidder fails to consummate the purchase of such Assets within the time permitted after the entry of the Sale Order, then the Backup Bidder will automatically be deemed to have submitted the Successful Bid for such Assets, and the Backup Bidder shall be deemed a Successful Bidder for such Assets and shall be required to consummate the Sale with the Trustee as soon as is commercially practicable without further order of the Court; *provided* that the Trustee shall file a notice with the Court.

16.     The Good Faith Deposit of a Successful Bidder shall, upon consummation of any Sale, be credited to the purchase price paid for the applicable Assets. If a Successful Bidder fails to consummate the Sale due to a breach or failure to perform on the part of such Successful Bidder, then the Good Faith Deposit shall be forfeited to, and retained irrevocably by, the Trustee, and may be used by the Trustee to pay the fees and expenses of the Trustee's professionals, including Tranzon360, in accordance with this Order, and the Trustee specifically reserves all rights and remedies against the defaulting Successful Bidder, including the right to seek damages from, and/or the specific performance of, the defaulting Successful Bidder.  The Good Faith Deposit of

any Qualified Bidders that are not Successful Bidders or Backup Bidders will be returned within five (5) business days after the Auction or upon the permanent withdrawal of the applicable proposed Sale, and the Good Faith Deposit of any Backup Bidder(s) will (unless such Backup Bidder is deemed a Successful Bidder) be returned within five (5) business days after the consummation of the applicable Sale or upon the permanent withdrawal of the applicable proposed Sale.

17.     If the IP Assets Auction is cancelled, then the Trustee shall file a notice with the Court of such election within two (2) business days of the determination of such election by the Trustee.

## IV. <u>REMAINING ASSETS AUCTION AND SALE</u>

18.     Participants at the Remaining Assets Auction must complete all of the following in order to be a qualified buyer of any of the Remaining Assets at the Remaining Assets Auction:

- Register on the online bidding platform selected by Tranzon360 by providing requested registrant information, including the name, address, phone number and email address for the buyer;

- Provide a valid credit card upon registering;

- Agree to the posted terms and conditions of the Remaining Assets Auction and Sales, which include, but are not limited to:

  o All items sold at the Remaining Assets Auction are sold "AS-IS-WHERE-IS";

  o Bids may not be retracted;

  o Full payment is due by wire transfer or credit card payment within twenty-four (24) hours after the close of the Remaining Assets Auction;

  o Credit card payments are subject to a $5,000 per buyer maximum and a 4 percent surcharge;

  o Purchases are subject to sales tax unless the buyer can provide sufficient evidence of a qualified exemption acceptable to the Trustee and Tranzon360;

11

       o  Tranzon360 and the Trustee reserve the right to add, delete or group any portion of the Remaining Assets into lots;

       o  Buyers will be responsible to retrieve their purchases or arrange for a third party to retrieve and remove their purchases from the sale site within a removal period of approximately one (1) week after the close of the Remaining Assets Auction, to be more specifically indicated in the terms of the Remaining Assets Auction prior to any Sale.

The Trustee's rights to modify the foregoing requirements, to modify any procedures at the Remaining Assets Auction (if any), to group any portion of the Remaining Assets into lots, and to terminate discussions with any bidder at any time are fully preserved to the extent not materially inconsistent with this Order.

19.     If the Remaining Assets Auction is cancelled, then the Trustee shall file a notice with the Court of such election within two (2) business days of the determination of such election by the Trustee.

20.     Successful bids at the Remaining Assets Auction shall be the highest or otherwise best offer for the respective Assets based on the Trustee's reasonable perception of the competitiveness of such bid in comparison to other bids; *provided that* (a) the Trustee may set the opening bid or reserve price for any of the Remaining Assets or lots of the Remaining Assets; (b) remove any of the Remaining Assets from the Remaining Assets Auction (if any) at least twenty-four (24) hours prior to the beginning of the Remaining Assets Auction (if any); and (c) prior to conclusion of the Remaining Assets Auction (if any) impose such other terms and conditions upon bidders as the Trustee determines to be in the best interests of the Debtor's estate, FSS and their creditors in this bankruptcy case.

21.     The Trustee is authorized to implement such other procedures as may be announced by the Trustee and his advisors from time to time prior to the Remaining Assets Auction; *provided* that such other procedures are (i) not inconsistent with this Order, the Bankruptcy Code, or any

other order of the Court, (ii) disclosed orally or in writing to all participants, and (iii) determined

by the Trustee to further the goal of attaining the highest or otherwise best offer for any of the

Remaining Assets.

**V.  SALE NOTICE AND RELATED RELIEF**

22.     The Sale Notice, substantially in the form attached hereto as **Exhibit 1**, is hereby

approved. Within three (3) business days after entry of this Order, the Trustee shall serve the Sale

Notice upon the Notice Parties. In addition, within five (5) business days after entry of this Order,

the Trustee will cause the Sale Notice to be posted one or more of Tranzon360's websites to

provide notice to any other potential interested parties.

**VI. PAYMENT FROM SALE PROCEEDS OF SALE-RELATED ADMINISTRATIVE
EXPENSES**

23.     Tranzon360's Commission and Reimbursement is hereby allowed pursuant to 11

U.S.C. § 503(b)(1)(A), and the Trustee is authorized to pay the Commission and Reimbursement

from the proceeds of the Sales upon closing.

24.     The Trustee is authorized to pay compensation on all disbursements of FSS Assets,

which compensation shall be calculated as a commission consistent with 11 U.S.C. § 326, and

reimbursement of expenses, with the amounts so paid to be credited against any approved

compensation or expenses of the Trustee from the Jones estate to the extent necessary to prevent

double compensation for the same disbursements of FSS Assets.

25.     The Trustee is authorized to pay professional fees and reimburse expenses incurred

by professionals employed by the Trustee in the Jones Case to the extent such fees and expenses

are allocable, in the Trustee's reasonable determination, to the FSS asset sale process, with the

amounts so paid credited against any approved fees in the Jones Case to the extent necessary to

prevent double compensation for the same work.

13

26.     No person or entity shall be entitled to any expense reimbursement, break-up fees, "topping," termination, or other similar fee or payment, and by submitting a bid, such person or entity is deemed to have waived their right to request or to file with this Court any request for expense reimbursement or any fee of any nature in connection with such bid, whether by virtue of section 503(b) of the Bankruptcy Code or otherwise; *provided however*, that this paragraph shall not apply to Tranzon360's Commission and Reimbursement in connection with the Sales, Trustee's fees and expenses, or the Trustee's professionals' fees and expenses.

## VII.    RESERVATION OF RIGHTS

27.     Nothing in this Order shall be deemed a waiver of any rights, remedies, or defenses that any party has or may have under applicable bankruptcy and non-bankruptcy law or any rights, remedies or defenses of the Debtor's estate or FSS with respect thereto, including seeking relief from the Court with regard to the Auctions, the Sales, and any related items (including, if necessary, to seek an extension of any of the deadlines in this Order).

28.     Nothing in this Order modifies or shall be deemed to modify the validity or priority of any lien or other property interest.

29.     The Trustee's right is fully reserved, in his reasonable business judgment and in a manner consistent with his duties and applicable law, to modify or waive any procedures or requirements with respect to all Potential Bidders, Qualified Bidders or to announce at an Auction modified or additional procedures for such Auction, and in any manner that will best promote the goals of the bidding process, or impose, before the conclusion of the consideration of bids or an Auction (if held), additional customary terms and conditions on the sale of the IP Assets or the Remaining Assets, as applicable, including without limitation: (a) extending the deadlines set forth in the procedures for submitting Sealed Bids; (b) adjourning any Auction; (c) modifying the

14

Auction and Sale Procedures or adding procedural rules that are reasonably necessary or advisable under the circumstances for conducting the Auction; (d) canceling any Auction; and (e) rejecting any or all Sealed Bids, Qualified Bids, or any bids at the Remaining Assets Auction. For the avoidance of doubt, the Trustee reserves the right, at any point prior to the selection of the Successful Bidder at the IP Assets Auction or successful bidders at the Remaining Assets Auction, to terminate the Sale processes contemplated hereunder with respect to any or all of the FSS Assets and seek to sell any or all Assets by alternative means.

30. The Trustee may provide reasonable accommodations to any Potential Bidder(s) with respect to the terms, conditions, and deadlines for submitting Sealed Bids and to Qualified Bidders with respect to the terms, conditions, and deadlines of an Auction to promote further bids. All parties reserve their rights to seek Court relief, including on an expedited basis, with regard to the Auctions and any related items. The rights of all parties in interest with respect to the outcomes of the Auctions are reserved.

31. Nothing herein authorizes the sale of any individual or personal intellectual property rights of Alex Jones or his chapter 7 bankruptcy estate for which all parties' rights are expressly reserved.

32. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

33. The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

34. The requirements set forth in Bankruptcy Local Rule 9013-1 are satisfied by the contents of the Motion.

15

35.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon entry hereof. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Signed:  September 25, 2024

Christopher Lopez
United States Bankruptcy Judge

**Exhibit 1**

**Form of Sale Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 7 |
| | § | |
| ALEX JONES, | § | Case No. 22-33553 (CML) |
| | § | |
| Debtor. | § | (Emergency Hearing Requested) |
| | § | |
| | § | |

NOTICE OF AUCTION FOR THE
SALE OF ASSETS OF FREE SPEECH SYSTEMS, LLC FREE AND CLEAR
OF ANY AND ALL CLAIMS, INTERESTS, AND ENCUMBRANCES

 **PLEASE TAKE NOTICE** that Christopher R. Murray, Chapter 7 Trustee for the bankruptcy estate of Alex Jones (the "***Trustee***") is soliciting separate offers for a transaction or transactions, for the purchase of the IP Assets and/or the Remaining Assets consistent with the order [Docket No. [●]] (the "***Order***")[1] entered by the United States Bankruptcy Court for the Southern District of Texas (the "***Court***") on [●], 2024. **All interested bidders should carefully read the Order**. To the extent that there are any inconsistencies between this notice and the Order, the Order shall govern in all respects.

> **Copies of the Order or other documents related thereto are available upon request to co-counsel for the Trustee, Porter Hedges LLP, Joshua W. Wolfshohl (jwolfshohl@porterhedges.com) and Michael B. Dearman (mdearman@porterhedges.com) or Kelly Toney (ktoney@tranzon.com), Ed Durnil (edurnil@tranzon.com) and Jeff Tanenbaum (jeff@360assetadvisors.com).**

 **PLEASE TAKE FURTHER NOTICE** that the Qualified IP Assets Bid Deadline for the IP Assets and any other Remaining Assets the potential buyer seeks to acquire in connection with the acquisition of the IP Assets, is **November 8, 2024, at 2:00 p.m. (prevailing Central Time)**, and that any person or entity who wishes to participate in the IP Assets Auction (which, for the avoidance of doubt, may include any other Assets a potential buyer seeks to acquire in connection with the acquisition of the IP Assets) must comply with the participation requirements, bid requirements, and other requirements set forth in the Order and as required by the Trustee in his discretion.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Motion for Entry of an Order (I) Authorizing and Approving the Auction and Sale of Assets of Free Speech Systems, LLC Free and Clear of All Liens, Claims and Encumbrances and (II) Granting Related Relief* [Docket No. ●] or the Order, as applicable.

15564076

.

**PLEASE TAKE FURTHER NOTICE** that the Trustee intends to conduct the IP Assets Auction, at which time he will consider qualifying bids submitted to the Trustee and his professionals, by and pursuant to the Order, beginning on **November 13, 2024, at 10:30 a.m. (prevailing Central Time)** through Tranzon360's selected online auction platform.

**PLEASE TAKE FURTHER NOTICE** that the Trustee intends to conduct the Auction for the Remaining Assets, at which time he will consider bids submitted to the Trustee and his professionals, by and pursuant to the Order, beginning on **December 10, 2024, at 10:30 a.m. (prevailing Central Time)** through Tranzon360's selected online auction platform.

**PLEASE TAKE FURTHER NOTICE** that the Trustee reserves the right to modify the procedures for bidding and Auctions and/or to terminate discussions with any Potential Bidders at any time, to the extent not materially inconsistent with the Order.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and Order, as well as all related exhibits, are available: (a) free of charge upon email request to Porter Hedges LLP, Joshua W. Wolfshohl (jwolfshohl@porterhedges.com) and Michael B. Dearman (mdearman@porterhedges.com) or (b) for a fee via PACER by visiting http://www.txs.uscourts.gov.

[*Remainder of page intentionally blank*]

Dated: [_____], 2024
        Houston, Texas

Respectfully submitted,

By: */s/ Joshua W. Wolfshohl*
    Joshua W. Wolfshohl (Bar No. 24038592)
    Michael B. Dearman (Bar No. 24116270)
    Jordan T. Stevens (Bar No. 24106467)
    Kenesha L. Starling (Bar No.24114906)
    **PORTER HEDGES LLP**
    1000 Main Street, 36th Floor
    Houston, Texas 77002
    Telephone: (713) 226-6000
    Facsimile: (713) 226-6248
    jwolfshohl@porterhedges.com
    mdearman@porterhedges.com
    jstevens@porterhedges.com
    kstarling@porterhedges.com

    *and*

    Erin E. Jones (TX 24032478)
    **JONES MURRAY LLP**
    602 Sawyer Street, Suite 400
    Houston, Texas 77007
    Telephone: (832) 529-1999
    Fax: (832) 529-3393
    erin@jonesmurray.com

    *Counsel for Christopher R. Murray, Chapter 7 Trustee*

15564076