UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | § Chapter 7 |
| ALEXANDER E. JONES, | § Case No. 22-33553 (CML) |
| Debtor. | |

**ORDER GRANTING TRUSTEE'S <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER AUTHORIZING (I) THE SALE OF ASSETS IN CONNECTION WITH THE THE WINDDOWN OF FREE SPEECH SYSTEMS, LLC AND <u>(II) THE ASSUMPTION OF EXECUTORY CONTRACTS</u>**
[Relates to Docket No. 882]

Upon the motion (the "***Motion***")[1] of the Trustee for entry of an order (the "***Order***"), (i) approving and authorizing inclusion of the Jones IP Assets in the IP Assets Auction (if any) and sale IP Assets requested in the Winddown Motion and authorizing the Trustee to take all actions necessary to close the sale of the Jones IP Assets according to the procedures set forth in the Winddown Order and proposed order attached thereto; (ii) approving the assumption and assignment of any agreements related to the Social Media Accounts; and (iii) including the Jones IP Assets in the IP Assets for the purposes of the calculation and payment of the Commission and Reimbursement of Tranzon360; and the Court having reviewed any evidence in support of the Motion; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the Motion having been withdrawn with prejudice or

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

1

overruled on the merits at the Hearing; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT,**

1. Pursuant to sections 105(a), 363, and 704 of the Bankruptcy Code, the Trustee is authorized to auction and sell what rights the Jones Chapter 7 Estate has to the Jones IP Assets free and clear of all liens, claims and encumbrances of any kind or nature whatsoever, as part of the IP Assets Auction and in accordance with the terms set forth in the order granting the relief requested in the Winddown Order. For the avoidance of doubt, the Publishing Agreement and the Videogame Agreement listed on Exhibit B to the Motion are non-executory contracts, and the Trustee is authorized to sell and assign all rights and interests of the Debtor's estate under the Publishing Agreement and Videogame Agreement pursuant to section 363 of the Bankruptcy Code.

2. Pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, the Trustee is authorized to assume and assign the agreements related to the Social Media Accounts and listed on Exhibit A (the "*Assumed and Assigned Contracts*") attached to the Motion free and clear of all liens, claims and encumbrances of any kind or nature whatsoever. The Trustee is authorized to execute and deliver to the purchaser(s) of the Jones IP Assets such documents or other instruments as may be necessary to assign and transfer the Assumed and Assigned Contracts to the purchaser(s). Upon closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the purchaser(s) will be fully and irrevocably vested in all right, title, and interest in each of the Assumed and Assigned Contracts. The Assumed and Assigned Contracts shall remain in full force and effect for the benefit of the purchaser(s) in accordance with their respective terms, notwithstanding any provision in any such Assumed and Assigned Contracts (including those of

the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer. Any party that has not objected to the assumption and assignment of any of the Assumed and Assigned Contracts is deemed to have consented to the assumption and assignment of the Assumed and Assigned Contracts in accordance with the terms of this Order and the Winddown Order, including with respect to the cure amount (the "***Cure Amount***") listed for each respective Assumed and Assigned Contract listed on Exhibit A to the Motion. The parties to the Assumed and Assigned Contracts are forever bound by the Cure Amounts and, upon payment of any such Cure Amounts, are forever enjoined from taking any action against the Trustee, Debtor, the Debtor's bankruptcy estate, the purchaser(s) and all agents, representatives, affiliates, and permitted successors and assigns of the purchaser(s) or the Jones IP Assets with respect to any claim for cure under the Assumed and Assigned Contracts. Notwithstanding the foregoing, this Order does not purport to grant property rights to the purchaser beyond that which is actually owned by the Chapter 7 Jones Estate, or to vest authority in the Trustee to sell assets which are not owned by the Chapter 7 Jones Estate; and consistent with the Sale Order(s) and this Order, the Trustee shall not warrant any title to any Social Media Accounts, nor shall any damages incurred by the acquisition and use by any purchaser of the Social Media Accounts found to be void, voidable, or without legal binding rights, be indemnified by the Trustee.

3.  The purchaser(s) have provided adequate assurance of future performance under the relevant Assumed and Assigned Contracts within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Trustee and assignment to the purchaser(s) of the Assumed and Assigned Contracts have been satisfied.

4. The Trustee is authorized to include the proceeds attributable to the Jones IP Assets in the calculation of Tranzon360's Commission and Reimbursement, which is hereby allowed pursuant to 11 U.S.C. § 503(b)(1)(A), and the Trustee is authorized to pay the Commission and Reimbursement related to the sale of the Jones IP Assets from the proceeds of their sale upon closing.

5. Notwithstanding anything to the contrary herein, the Jones IP Assets only include the assets actually owned by the Jones bankruptcy estate. No listing of assets in the Motion or this Order shall be construed as a warranty or representation by the Trustee, the Debtor's bankruptcy estate, or the Trustee's professionals, that the Debtor's bankruptcy estate owns any right, title or actual or constructive interest in the Jones IP Assets, and accordingly, any determination of title, ownership, or the scope of Jones IP Assets acquired from the Trustee pursuant to this Order of the Sale, including any claim that the name Alex E. Jones or similar iterations have been acquired, or that any likeness of Alex Jones has been acquired, that any inalienable right to privacy and/or publicity belonging solely to Alex Jones has been acquired, or that any right to Alex Jones' persona existing after the filing of this Bankruptcy proceeding has been acquired shall be first brought in this Court for determination. The sale and transfer of the Jones IP Assets are subject to the risk that one or more of the Jones IP Assets may ultimately be determined to be non-transferable under applicable bankruptcy or non-bankruptcy law. All parties' rights to assert or object to right, title or interest in the Jones IP Assets are herein reserved.

6. Nothing in this Order shall constitute a waiver by Jones of any IP rights or interests in the Social Media Accounts, or his right to recover damages and other relief, including injunctive relief, to the extent such rights exist.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The requirements set forth in Bankruptcy Local Rule 9013-1 are satisfied by the contents of the Motion.

10. Notwithstanding Bankruptcy Rule 6004(h), 6006(d) or 7062 or any applicable provisions of the Local Rules, this Order shall be immediately effective and enforceable upon entry hereof, and the fourteen-day stay provided in Bankruptcy Rule 6004(h) and 6006(d) is hereby expressly waived and will not apply. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

11. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon entry hereof. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Signed: _____, 2024.

**HONORABLE CHRISTOPHER M. LOPEZ**
**UNITED STATES BANKRUPTCY JUDGE**