UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

```
                              )  CASE NO: 22-33553-cml
                              )
ALEXANDER JONES,              )  Houston, Texas
                              )
          Debtor.            )  Tuesday, February 28, 2023
                              )
                              )  9:02 AM to 9:20 AM
-----------------------------)
```

TRIAL

BEFORE THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the U.S. Trustee:      HA MINH NGUYEN
                           JAYSON B. RUFF
                           Office of the U.S. Trustee
                           515 Rusk Street, Suite 3516
                           Houston, TX 77002

For BlackBriar Advisors    VICKIE L. DRIVER
LLC:                       Elliott Thomason & Gibson LLP
                           511 N. Akard, Suite 202
                           Dallas, TX 75201

For the Committee:         SARA BRAUNER
                           Akin Gump Strauss Hauer & Feld LLP
                           One Bryant Park
                           Bank of America Tower
                           New York, NY 10036

For PQPR Holdings          STEPHEN WAYNE LEMMON
Limited LLC:               Streusand Landon Ozburn Lemmon LLP
                           1801 S. Mopac Expressway, Suite 320
                           Austin, TX 78746

For Free Speech Systems    RAYMOND WILLIAM BATTAGLIA
LLC:                       Law Offices of Ray Battaglia PLLC
                           66 Granburg Circle
                           San Antonio, TX 78218
```

For Macel Fontaine        JARROD B. MARTIN
                          Chamberlain Hrdlicka White Williams
                          & Aughtry P.C.
                          1200 Smith Street, Suite 1400
                          Houston, TX 77002

                          AVI MOSHENBERG
                          Lawson & Moshenberg PLLC
                          801 Travis Street, Suite 2101
                          Houston, TX 77002

Court Reporter:           UNKNOWN

Courtroom Deputy:         ZILDE MARTINEZ

Transcribed by:           Veritext Legal Solutions
                          330 Old Country Road, Suite 300
                          Mineola, NY 11501
                          Tel: 800-727-6396


Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

HOUSTON, TEXAS; TUESDAY, FEBRUARY 28, 2023; 9:02 AM

(Call to Order)

THE COURT:  Okay, good morning everyone.  This is Judge Lopez.  Today is February 28th.  I'm going to call the 9:00 AM case of Alexander Jones, Case Number 22-33553, here on a couple of applications to employ.  Let me go ahead and take appearances, and I'll start in the courtroom.  If parties wish to make an appearance at this time, please hit 5-star.  And as soon as I finish with the courtroom, I'll then turn to the phone.  Thank you.

MR. NGUYEN:  Good afternoon, Your Honor, Ha Nguyen for the US Trustee, and my colleague, Jayson Ruff, should be in one of those boxes in front of you.

THE COURT:  I found him.

MR. NGUYEN:  Thank you.

THE COURT:  Good morning.  Okay, here's a 214 number.

MS. DRIVER:  Good morning, Your Honor, Vickie Driver on behalf of Mr. Jones, the Debtor.

THE COURT:  Okay.  Good morning, Ms. Driver.  Here's a 202 number … all right, here's a 202, last three digits 960.

MR. RUFF:  Sorry, Your Honor, I was on mute.  Good morning, Jayson for the US Trustee's Office.

THE COURT:  Good morning.  Here's a 212 number.

MS. BRAUNER: That might be me, Your Honor, Sara Brauner, Akin Gump, on behalf of the Committee.

THE COURT: Good morning, Ms. Brauner. Okay, a 512?

MR. LEMMON: Your Honor, Steve Lemmon on behalf of PQPR.

THE COURT: Good morning, Mr. Lemmon. And here's a 210 number, well, San Antonio.

MR. BATTAGLIA: Good morning, Your Honor, Ray Battaglia for Free Speech Systems.

THE COURT: Good morning, Mr. Battaglia. Okay. Ms. Driver -- oh, I got one more, I apologize. Here's an 832 number.

MR. MARTIN: Jarrod Martin and Avi Moshenberg for the Texas Plaintiff.

THE COURT: Good morning. Good morning. Okay, Ms. Driver, why don't I turn things over to you?

MS. DRIVER: Thank you, Your Honor. This morning we just have a couple of applications to employ counsel in the Texas matters. Docket Number 138 is the application to employ Martin, Disiere, Jefferson & Wisdom, LLP, as appellate counsel in the Texas litigation matters. We filed that application on the 7th of February, and it was accompanied by the declaration of Mr. Martin. Mr. Martin is here, if anyone has any questions for him. Just for the

record, no one has reached out with any comments, concerns or issues related to this or the other applications to be employed for his effort today.

Your Honor, these are made into 327(e).  Mr. Martin's firm is going to serve as appellate counsel.  He is doing, his firm is doing some work now on the post-trial issues in the Heslin matter.  You may recall that, via Docket Number 58, the stay has been lifted in that matter, and that is currently moving through post-trial motion process, and will be moving through the appellate process, and absent any other agreement by the parties.

THE COURT:  Okay.  Thank you.  Go ahead.

MS. DRIVER:  Your Honor, the rates here are just very rational rates.  Mr. Martin and his partner are charging $425 an hour.  That goes down to $195 an hour for (indiscernible) … at $145.  Per paragraph 13, their firm is not owed anything as of the petition date -- the paragraph 13 in Mr. Martin's declaration.  And so, this will also help Your Honor, Mr. Jones, this is the same counsel that FFS has employed for the same (indiscernible) in the FFS case.  This will help us start to chip in on that 50 percent that Your Honor had expected us today prior to Mr. Jones's bankruptcy.

Your Honor, I would ask to admit Exhibit 2, which was filed at Docket Number 179-2, which is Mr. Martin's declaration.  Even though it is under 327(e) (indiscernible)

all the same parties (indiscernible) connection system and did not have any conflicts or connections, other than of course representing FSF in the related matters.

THE COURT:  Okay, it's admitted.

(Exhibit 2 is entered in evidence)

MS. DRIVER:  Your Honor, I would (indiscernible) submit that, absent any objection or any other questions by Your Honor or any other parties here, we just simply request that Mr. Martin's application to be (indiscernible) granted. I would note there's no deviation from the interim compensation and fee app procedures that would apply (indiscernible) 330, and are, you know, are interim (indiscernible) procedures that were entered in this case as well.

THE COURT:  Okay.  Let me ask, does anyone wish to be heard in connection with Mr. Martin's firm's retention application?  Let me just hear … if I can just get a thumb's up, a verbal confirmation that the Trustee is okay with the proposed form of order in this application.

MR. MARTIN:  Good morning, Your Honor.  I'll take that one.  Actually, Ms. Driver and I actually communicated last week and I just confirmed to her that the form of order was satisfactory to the US Trustee's Office, so we don't have any opposition.

THE COURT:  Okay.  The application is at Docket

Number 138.  The Court is familiar with Mr. Martin's firm and his role, as Ms. Driver alluded to, in connection with the FFS case, the related case here, and the work that Mr. Martin's firm is going to work on.  I've reviewed the application.  Take comfort that the Trustee has reviewed it.  And we had a committee at the time of the, the time the application was filed, so I take comfort with those two things.  I've also got an independent review of the application and I'm comfortable that it satisfies the requirements of Section 327(e), I've (indiscernible) proposed form of order, and I'm going to grant the application.  So, where do we go next?

MS. DRIVER:  Your Honor, that brings us to Docket Number 139.  This one is just very, very similar to Mr. Martin's.  The only sort of wrinkle we have here is that the Reynal firm was not putting on a retainer at the time of our filings, and did request a post-petition retainer.  It's a very modest retainer of $50,000.  We did oversight the requirements for a post-petition retainer; we got no comments from the US Trustee or the Committee on this issue.  There Reynal firm, as we've noted, is employed in the FFS case.  This will allow them to continue to do what they're doing in the Heslin.  And in the event that the (indiscernible) Motion for Relief filed at 113, that later this month is granted, we will obviously be needing a lot

more of their help, and there will be a lot more (indiscernible) if that motion is granted.  But that is, Your Honor, one of the biggest reasons they need a retainer at this point, is that in the event they are required to gear up for that trial, that's just going to be an incredibly onerous undertaking.

They will be staying on once the Martin firm really takes over as most of the (indiscernible) counsel, but they will be taking direction of the Martin firm, so that will alleviate any issue related to any duplication of efforts there.

I do believe that the general rate of $800 per hour, they do have, I believe, an associate that bills at $400 an hour, and they will, as well, follow all interim costs, order procedures as well as the fee app procedures they're set (indiscernible).

THE COURT:  Okay.  Ms. Brauner, I'll start with you on this one.  I want to hear … sounds like the Committee's okay with this application.  Is that right?

MS. BRAUNER:  Yes, Your Honor, we are.

THE COURT:  Mr. Ruff, the same?

MR. RUFF:  Yes, Your Honor.  I can confirm (indiscernible) he has no opposition to this one either.

THE COURT:  Okay.  This application was filed at Docket Number 139 and it involves the Reynal Law Firm.  And

again, the Court has some familiarity with this scope of work that the Reynal firm was retained in the FSS cases to do, and the application, the work in the application in this case, largely mirrors that work there.  So, I take comfort that the Committee has looked at it and that the US Trustee's Office has also looked at it.  The Court has also conducted an independent review of the application, and I'm comfortable that it satisfies the requirements of Section 327(e).  I think the post-petition retainer is appropriate under the circumstances, and I'll approve it.  I've reviewed the proposed form of order and I'm okay with it.  So, I will sign the proposed form of order as well.

So, with that, I believe I will then turn to Ms. Brauner.  I believe, Ms. Brauner, you've got the last one.

MS. BRAUNER:  That's right, Your Honor.  Again, for the record, Sara Brauner, Akin Gump, on behalf of the Committee.  I believe the only item remaining is Nardello's retention application.  They are intended to serve as specialized forensic financial advisor to the UCC.  The application was filed on February 6th of this year at Docket Number 136 with the declaration at 136-2.  We filed this morning, just a few moments before the hearing, a certificate of no objection, which indicates that all parties have consented or not objected to the relief requested, including the US Trustee and the Debtor.

The Court will see that, as an attachment to the CNO, we filed a slightly modified proposed form of order, which requests certain informal comments from the Debtor, consistent with comments the Debtor made to Akin Gump's retention application.  And unless the Court has any questions, we would simply ask that the Court enter the order.

THE COURT:  Okay.  Does anyone wish to be heard in connection with this application?  Okay, I do note this application was filed at Docket -- make sure I've got it right -- at 136, to retain, the UCC to retain a specialized forensic financial advisor.  There have been no objections that have been filed.  I did note, and I did get a chance to review, uh, the CNO, and the modified language, got no problem with it.  I did conduct an independent review of the application and I do find that it satisfies the requirements under the Bankruptcy Code, and so I'm going to sign the proposed form of order that was at Docket Number 181.

MS. BRAUNER:  Thank you, Your Honor.

THE COURT:  Okay.  Ms. Driver, I just, since I've got you here, is there anything else you wanted to talk about today?

MS. DRIVER:  No, Your Honor.  We do expect to file one more application to employ Norm Pattis' firm for the Connecticut case.  I don't know if the FFS case has done

that yet.  If not, Mr. Battaglia and I will coordinate and solve that at the same time.  But that one also is moving forward and so we will need to have counsel to handle those issues.  And that should be forthcoming.  Other than that, Your Honor, we continue to work to resolve the Motion for Relief from Stay and we'll keep your chambers apprised if there's any movement there, for that hearing coming up on the 22nd.

THE COURT:  Okay.  Anything from the Committee?

MS. BRAUNER:  Nothing further, Your Honor, thank you.

THE COURT:  Anyone else wish to address the Court at this time?  So, I just had one question, and since you're here, Ms. Driver, maybe you can answer it.  But it's certainly something … and so it has to do with … I did see that the schedules were filed and I did note that in a couple of places it noted that there was an appraisal to be completed, and I believe it's in schedule AB.  There were numerous trust where the information simply listed unknown. I was wondering if you could provide me some additional color, if there is an appraisal going on, when do you expect their appraisal to be completed?  And if there's any additional work that's going on, to determine … or what the unknown meant, I should say, with respect to the trust?  I just want to make sure that I'm understanding what is meant

by that word.

MS. DRIVER:  Thank you.  Your Honor, I'm happy to elaborate.  First of all, on the appraisal, we were just having a bit of trouble locating a company that would come in and do just sort of an inventory or an estate appraisal of the contents of the home.  We did … I had an associate that graciously did some searching and found someone in Austin that did give us a proposal for finishing up the agreement with them, and hopefully, they can do down in Austin week after next, or even next week to start that.  So, I would expect that that would be completed, you know, mid to late of March; as well as, there's a trust … it's quite difficult to figure out what some of these trusts own.  We have had … we have done some additional … there were some amendments that we anticipate making to those that we were able to gather between the (indiscernible), between when filed the schedules and the 341 meeting.  And that was to give some bank balances on some of the trusts that we were able to locate.  We're also doing some what I will consider limited real estate searches, trying to find what we can online, to see if there's any real estate that's located in Texas.

Fortunately, with Nardello being on board, our financial advisors, BlackBriar, are going to start having weekly calls with them, and to the extent that their

resources, they have the forensic ability to find anything additional.  We'll certainly want to include that.  There was some discussion of the fact that there needed to be sort of a fulsome round of amendments after this initial filing.  And we have talked with the Committee about that.  I believe they'll be filing a motion, (indiscernible) the motion to compel.  But we've been in communication about that and have agreed that we can provide those fulsome amendments by the 24th, and then the US Trustee's Office has rescheduled the (indiscernible) 341 meeting for March 30th.  That's … one of the reasons for that delay simply that there's a spring break in there that just, we just lose a lot of people.  But you know, we've … BlackBriar and my office have not stopped digging, and so we continue to dig, on a, pretty much, a daily basis, trying to locate any other assets that are owned by the trusts, simply because trusts aren't really always filed of record and in some sort of official place.  We've talked to no less than six attorneys and far more than six non-attorney professionals trying to locate every single trust and figure out what every single trust owns.  And so, we feel like we're starting to get to what I would consider the final layers of the onion.

THE COURT:  Okay.  Sounds like --

MS. BRAUNER:  May I be heard briefly, Your Honor, with respect to Ms. Driver's comments?

THE COURT: Yes, absolutely. Just state your name for the record.

MS. BRAUNER: Thank you. Sure, Sara Brauner, Akin Gump, on behalf of the Committee again. Just to echo what Ms. Driver said, she is correct; we've been in communication with the Debtor regarding a number of concerns and blanks that we noticed in the schedules and statements. We've also been in touch with the United States Trustee. We reached out to your chambers this morning and left a message just to try to get some time on your calendar. We conferred with both the US Trustee and the Debtor and proposed, subject to the Court's availability, perhaps a very brief hearing on the 8th, to discuss a motion that, as Ms. Driver mentioned, is forthcoming. It is filed with a motion to compel, simply to set a deadline by which the amended schedules and statements will be filed, and some bells and whistles around that, in terms of disclosures that will be required to be made. So, if the Court is amenable, we would request just a brief hearing on the 8th, or as soon thereafter as the Court can see us, to discuss a motion that should be filed in the next couple of days.

THE COURT: Again, without seeing it … but I do have time, probably the afternoon of the 8th. Anyway, just looking at my calendar, but again, please confirm with my case manager, because she'll know of other things that I

probably said yes to, but she'll know for sure a time that works.  But it's, from what I can tell, you know, from one o'clock onwards.  And I'm sure, after this hearing, you'll hear from someone, or shortly thereafter.  Okay?

MS. BRAUNER:  Of course, Your Honor.  Thank you.

THE COURT:  All righty.  Just sounds like things are progressing on that end and appreciate the additional clarifications.  All righty.  Anything else we need to talk about today?

MS. DRIVER:  Not from our perspective, Your Honor, thank you.

THE COURT:  Thank you very much.  Have a good day. Thank you.

(Proceedings adjourned at 9:20 a.m.)

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

Sonya Ledanski Hyde

Veritext Legal Solutions

330 Old Country Road

Suite 300

Mineola, NY 11501

Date:  November 25, 2024