UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
|  | ) | CASE NO: 22-33553-cml |
|  | ) |  |
| ALEXANDER E. JONES, | ) | Houston, Texas |
|  | ) |  |
| Debtor. | ) | Wednesday, August 30, 2023 |
|  | ) |  |
|  | ) | 4:07 PM to 4 22 PM |
| -----------------------------) |  |  |


EMERGENCY HEARING

BEFORE THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For Debtor:                CHRISTINA STEPHENSON
                           Elliott, Thomason & Gibson, LLP
                           511 N. Akard
                           Dallas, TX 75201

For Sub-Chapter 5          MATTHEW CAVENAUGH
Trustee:                   VICTORIA ARGEROPLOS
                           Jackson Walker LLP
                           1401 McKinney Street
                           Houston, Texas 77010

For David Ross Jones:      STEPHEN ROBERTS
                           Stephen A Roberts, PC
                           2701 Wooldridge Drive
                           Austin, TX 78703-19

For PQPR Holdings:         STEPHEN LEMMON
                           Streusand Landon Ozburn Lemmon LLP
                           1801 S. Mopac Expressway
                           Austin, TX 78746

For Texas Plaintiffs:      AVI MOSHENBERG
                           Lawson & Moshenberg PLLC
                           801 Travis Street
                           Houston, TX 77002

For Connecticut          RYAN CHAPPLE
Plaintiffs:              Cain & Skarnulis PLLC
                         303 Colorado Street
                         Austin, TX 78701

                         CHRISTOPHER M. MATTEI
                         Koskoff Koskoff & Bieder, PC
                         350 Fairfield Avenue
                         Bridgeport, CT 06604

For The Committee:       KATHERINE PORTER
                         Akin Gump Strauss Hauer & Feld LLP
                         One Bryant Park
                         Bank of America Tower
                         New York, NY 10036

For the U.S. Trustee:    HA MINH NGUYEN
                         Office of the U.S. Trustee
                         515 Rusk Street, Suite 3516
                         Houston, TX 77002

Court Reporter:          UNKNOWN

Courtroom Deputy:        UNKNOWN

Transcribed by:          Veritext Legal Solutions
                         330 Old Country Road, Suite 300
                         Mineola, NY 11501
                         Tel: 800-727-6396


Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

HOUSTON, TEXAS; WEDNESDAY, AUGUST 30, 2023; 4:07 PM

(Call to Order)

THE COURT:  If you're here for the four o'clock, I'd ask if you are speaking, why don't you hit five-star. I'm going to call the four o'clock matter.  If parties need to come in and out of the courtroom, that doesn't bother me one bit.  Case Number 22-32553, the case of Alex Jones, here on an emergency motion, I guess related to a discovery dispute, so why don't I take that matter up right now.  If you are in, if you are speaking in connection with the Jones matter, why don't you hit five-star, and I will turn, I'll start by taking appearances in the courtroom.  Mr. Cavenaugh, good afternoon.

MR. CAVENAUGH:  Good afternoon, Your Honor, Matthew Cavenaugh and Victoria Argeroplos here on behalf of Melissa Haselden, the Sub-Chapter 5 Trustee.  And Your Honor, we're here at the request of Ms. Freeman, who sends her apologies to you.  She's in transit currently, and could not attend the court (indiscernible) today.

THE COURT:  No worries.  Okay.  Anyone else?  I think we're going now to video.  Who on the -- please hit five star and I will unmute your line.  Okay, I've got a few, I'm just going in the order.  Here's a 512 number.

MR. ROBERTS:  Your Honor, Stephen Roberts.  I represent the Deponent or, excuse me, the Examinee under

2004 examination (indiscernible) committee tomorrow, Mr. David Jones.

THE COURT:  Okay.  Good --

MR. ROBERTS:  This is a, this is a dispute involving the 2004 examination.

THE COURT:  Yes, sir.  Good afternoon, sir.  Okay, here is a 214 number.

MS. STEPHENSON:  Christina Stephenson for Alex Jones.

THE COURT:  Good afternoon.  All righty, here's a 512 number.

MR. LEMMON:  Your Honor, Steve Lemmon, (indiscernible) for PQPR.

THE COURT:  Okay, 713.

MR. CHAPPLE:  Good afternoon, Your Honor, Ryan Chapple on behalf of the Connecticut Plaintiffs.

THE COURT:  Okay, here's another 713 number.

MR. MOSHENBERG:  Good afternoon, Your Honor, Avi Moshenberg on behalf of the Texas Plaintiffs.

THE COURT:  All righty, and here's a 202 number.

MR. NGUYEN:  Good afternoon, Your Honor, Ha Nguyen, Trustee.

THE COURT:  Okay.  If I have missed anyone, why don't you hit five-star.  I'd also ask if there's a possibility that you may speak, why don't you hit five-star

once I start looking straight. I mess it up all the time.
Ms. Porter, let me -- all righty, we got two more, 917 number?

MS. PORTER: Good afternoon, Your Honor, Katherine Porter from the UCC, for the UCC.

THE COURT: Okay. And here's a 202 number. A 203 number, excuse me. Okay.

MR. CHAPPLE: Your Honor, Your Honor, this is, this is Ryan Chapple. Can you hear me okay?

THE COURT: Yes, I can Mr. Chapple.

MR. CHAPPLE: I believe that's Mr. Mattei, and I, I neglected to, to introduce him. He's my colleague for the Connecticut Plaintiffs. I believe he was on mute. I believe he tried to speak. Your Honor --

THE COURT: Mr. Mattei, can I get you --

MR. MATTEI: Can you hear me now, Your Honor?

THE COURT: I can, okay.

MR. MATTEI: Yes. Thank you, Judge.

THE COURT: Thank you, okay. Mr. Chapple, why don't you kind of tell me what's going on.

MR. CHAPPLE: Yes, Your Honor. First of all, I know everyone on the line really appreciates the Court's time. It's certainly short notice. I know the Court doesn't enjoy getting involved in discovery disputes. I'll be as brief as I can. As Mr. Roberts alluded to -- Mr.

Roberts is counsel for Dr. Jones, Alex Jone's father -- Dr. Jone's 2004 examination deposition is scheduled for tomorrow morning in Austin, Texas.  I'm in Austin right now.

The reason we're here, Your Honor, yesterday Mr. Roberts informed the parties that he would allow the Committee and the US Trustee to ask questions during the examination tomorrow, but he was going to attempt to prevent the Texas and Connecticut Plaintiffs from questioning Dr. Jones.  He also noted, Your Honor, that only the Committee had served a 2004 examination notice.  Now, to be clear, I don't think that is his substantive problem with Texas and Connecticut going forward tomorrow, but I do want to address it just to make sure the Court is full informed.

He's correct.  Initially, only the Committee noticed the 2004 exam.  It's been rescheduled at least once, to my knowledge.  I believe it was initially going to go forward a couple of weeks ago.  Over the past several weeks, there's been discussion, there's been email correspondence among all of the parties regarding notice and whether or not the other parties intending to ask questions, needed to file a notice.  All of the other parties agreed that the Committee's notice would suffice and, incidentally, Your Honor, that was the course of action taken for Mr. Patrick Riley's deposition last week.  I'm sure you'll recall Mr. Riley was a witness in your Court earlier this year.  And I

know that question was on the table, at least via email to Mr. Roberts as early as August 18th.

So yesterday, he, while noting his opposition to Texas and Connecticut, not as -- or excuse me, being able to ask questions -- he also raised the notice issue. So, number one, out of an abundance of caution, Texas Plaintiffs and Connecticut Plaintiffs, filed their own notice yesterday afternoon. Now, I believe the substantive issue that Mr. Roberts has -- I don't want to put words in his mouth; I know he'll speak in a moment -- but is -- he's concerned that with the Committee going and then Texas and then Connecticut, that there may be a duplication of efforts. And that's really the substantive point that I want to address today. I believe Mr. Moshenberg may have a few words after I speak or after Mr. Roberts speaks, as Mr. Moshenberg has really been more boots on the ground and on the correspondence, both written and oral, over the past several weeks. And Mr. Moshenberg also participated in the deposition of Mr. Riley, and I did not. So --

THE COURT: Mr. Chapple, let me ask you a question, kind of a --

MR. CHAPPLE: Yeah.

THE COURT: Was there any kind of agreement, not on file, just email or something like that, between kind of the Texas and Connecticut Plaintiffs and Dr. Jones or his

counsel, about setting a time and a date for a 2004 examination.

MR. CHAPPLE:  Your Honor, let me quickly tell you my understanding of the back and forth on that issue over the past several weeks, with the caveat that I wasn't a material participant in those discussions.

THE COURT:  Can somebody just tell me --  I guess what I'm trying to find out is I'm just asking really fast --

MR. CHAPPLE:  Yeah, Mr. Moshenberg can certainly tell you.

THE COURT:  Someone can tell me this.  I'm just trying to get to the 10,000 foot level.  This is not going to affect the Committee's 2004, so I'll put that off the table.  I think what we're -- I just want to know, is there some email agreement where there was saying, hey, we're going to -- you know, Texas and Connecticut can ask questions on August, you know, 31st or whatever, at this time and time.  Is there any kind of agreement there between Dr. Jones or, obviously, Mr. Roberts, and any of the Texas and Connecticut Plaintiffs?

MR. CHAPPLE:  Your Honor, my understanding is that there is email correspondence --

THE COURT:  Anyone can answer.  Anyone can answer. I just want to --

MR. CHAPPLE:  Okay, go ahead, Mr. Moshenberg.  Mr. Moshenberg, go ahead.

MR. MOSHENBERG:  Thank you.  So, the bottom line is, since June we've been trying to schedule those depositions --

THE COURT:  I'm asking a laser-targeted question.

MR. MOSHENBERG:  Sure.  It's not --

THE COURT:  Yeah, go ahead.  I'm looking for kind of a yes or no, and yeah, I can show you an email.

MR. MOSHENBERG:  There is no expressed agreement -- and that's one of the reasons why we finally responded two days before the deposition, saying Texas and Connecticut can take the deposition.  All of the parties, including the sub-5, the US Trustee's Office, everyone together scheduled this deposition for weeks, since June, together.  And it wasn't until yesterday afternoon that we heard, for some reason, Texas can't ask questions.  Other people can, but apparently, Texas and Connecticut aren't allowed to ask questions.

THE COURT:  I'm not getting an answer.

MR. MOSHENBERG:  The issue was never raised.  Okay.  I want to answer your question, Your Honor, sorry.  I want to make sure I --

THE COURT:  Let's see -- Ms. Argeroplos?

MS. ARGEROPLOS:  Judge, I hear you.  There is a

general agreement between all of the parties that people don't have to serve cross-notices for every single deposition because there are many of them.  There is not -- as far as I'm aware, and I'm not as involved as everybody else -- as far as I'm aware, there's no agreement specifically with respect to Mr. Jone's deposition.

THE COURT:  Okay.  So, what are we doing here then?  In other words, I have to start with the rule.  That's where I'm starting, right?  And I start with our local rules, and our local rules say -- our local rules avoid filing a motion for a 2004, and so you don't have to kind of go through that.  But a written agreement between the proposing, opposing counsel and the person to be examined about the date, time of a 2004, is enforceable by a motion to compel without necessity of the Court.  So, if you all agree on date and time, you don't need me.  But they get to file -- they opposed to it, they oppose it, they got to file something, and that kind of starts the opposition, that kind of starts it.  But there has to be agreement between, in this case, Dr. Jones, through Mr. Roberts or some other counsel, and the 2004 date and time.  And if there's not, then we're going to have to figure something out.  Yes.

MR. ROBERTS:  But Your Honor, I think that --

MR. MOSHENBERG:  Your Honor, may I --

MR. CHAPPLE:  Until yesterday afternoon, Your

Honor, I felt there was an agreement.  They had never raised the issue and altogether --

THE COURT:  I know but -- but they get to show -- but they don't have to raise it until there's, either someone files a motion or there's an agreement on a date and time.

MR. ROBERTS:  May I speak, Your Honor?  Stephen Roberts here.

THE COURT:  I might be winning this for you, Mr. Roberts.  I don't know if you want to --

MR. ROBERTS:  I understand.  I keep hearing I sound like I bushwacked these parties.  I've been in communication with (indiscernible).  There is an agreement with the Creditor's Committee in the Alex Jones case, as to the Committee's taking the 2004 examination tomorrow, in Austin.  That is the only agreement.  There have been emails back and forth between these other parties, that the Committee was open to other people asking questions.  I advised the Committee I was not so open, and anybody who wanted to contact me directly to discuss it, I would.  And so lastly, on the technical points.  Our view, just one step further, the Creditors Committee is representing the Creditors.  Now we have two members of the Creditors Committee, we want to ask questions.  We don't think that is any more appropriate than two lawyers representing the same

side, asking one witness questions.

I would add one more thing.  We have provided 140,297 pages of documents to the Committee.  We spent hundreds of hours on document production.  We're still working with the Committee, cooperatively so far.  We have worked with them.  The notion of anybody coming in saying, hey, we want to ask additional questions, and those being not providing us prior notice, the 14-days' notice required by the rule; not conferring with us, and leaving it to us to assume that we would agree, is where we are. (indiscernible) --

THE COURT:  I got it.  Okay, so, let me, let me just end this.  You know, I will tell you, on the 2004, for the Texas and Connecticut Plaintiffs, there's nothing for me to take up.  So, that -- and there was just a notice officially filed yesterday.  So, there's nothing for me to take up on that there.  There's no 2004 schedule for Mr. Jones, or Dr. Jones.  I think you all are going to have to reach a practical solution about this.  I will tell you, as to the multiple lawyers asking questions, as long as they don't go over their time it's going to be completely fine to me about what that is.  So, there's no -- you know, 2004s, you can have more than one ride (indiscernible), you know.  And so -- I think you can have it, I think you can go.  So, I think the Committee, I think Committee can go forward if

it wants to tomorrow, and date and time is set, and they can conduct their examination however they see fit within the bounds of 2004.  I think Texas and Connecticut, there's nothing yet for me to consider at this time, because the local rules haven't been complied with and I've got to call it fair down the line, down the middle every time.  Anything else we need to talk about?

MR. ROBERTS:  No, Judge.

MR. CHAPPLE:  No, Your Honor.

THE COURT:  All righty folks.  You all have a good day.  Thank you.

(Whereupon these proceedings were concluded at 4:22 PM)

I N D E X


                              RULINGS

                                        Page        Line

Committee can go forward                13          25

C E R T I F I C A T I O N

I, Sonya Ledanski Hyde, certified that the foregoing transcript is a true and accurate record of the proceedings.

Sonya Ledanski Hyde

Veritext Legal Solutions

330 Old Country Road

Suite 300

Mineola, NY 11501

Date:  November 25, 2024