EXHIBIT 12

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| In re: | § | Case No. 22-33553 |
|---|---|---|
| | § | |
| **ALEXANDER E. JONES** | § | (Chapter 11) |
| | § | |
| Debtor. | § | |
| | § | |

## DEBTOR'S CONSOLIDATED OBJECTION TO PROOFS OF CLAIM FILED BY CONNECTICUT PLAINTIFFS

Alexander E. Jones (the "Debtor" or "Jones"), debtor and debtor in possession in the above-referenced chapter 11 case, pursuant to 11 U.S.C. § 502, hereby files this Consolidated Objection (the "Objection") to the following Proofs of Claim (the "Claims") filed by the Connecticut Plaintiffs, as amended[1]:

| POC Number | Creditor | Scheduled by Debtor[2] |
|---|---|---|
| Proof of Claim No. 6-1 | Richard M. Coan, Trustee of the Bankruptcy Estate of Erica Garbatini aka Erica Lafferty | Contingent and Disputed, Schedule E/F, Docket No. 231, March 30, 2023 |
| Proof of Claim No. 7-1 | Carlee Soto Parisi | Contingent and Disputed, Schedule E/F, Docket No. 231, March 30, 2023 |

---

[1] Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Erica Ash

[2] As such schedules are amended.

**DEBTOR'S CONSOLIDATED CLAIM OBJECTION – Page 1**

| Proof of Claim No. 8-1 | Carlos Mathew Soto | Contingent and Disputed, Schedule E/F, Docket No. 231, March 30, 2023 |
| --- | --- | --- |
| Proof of Claim No. 9-1 | David Wheeler | Contingent and Disputed, Schedule E/F, Docket No. 231, March 30, 2023 |
| Proof of Clam No. 10-1 | Donna Soto | Contingent and Disputed, Schedule E/F, Docket No. 231, March 30, 2023 |
| Proof of Claim No. 11-2 | Erica L. Ash | Contingent and Disputed, Schedule E/F, Docket No. 231, March 30, 2023 |
| Proof of Claim No. 12-1 | Francine Wheeler | Contingent and Disputed, Schedule E/F, Docket No. 231, March 30, 2023 |
| Proof of Claim No. 13-1 | Ian Hockley | Contingent and Disputed, Schedule E/F, Docket No. 231, March 30, 2023 |

| Proof of Claim No. 14-1 | Jacqueline Barden | Contingent and Disputed, Schedule E/F, Docket No. 231, March 30, 2023 |
| --- | --- | --- |
| Proof of Claim No. 15-1 | Jennifer Hensel | Contingent and Disputed, Schedule E/F, Docket No. 231, March 30, 2023 |
| Proof of Claim No. 16-1 | Jillian Soto-Marino | Contingent and Disputed, Schedule E/F, Docket No. 231, March 30, 2023 |
| Proof of Claim No. 17-1 | Mark Barden | Contingent and Disputed, Schedule E/F, Docket No. 231, March 30, 2023 |
| Proof of Claim No. 18-1 | Nicole Hockley | Contingent and Disputed, Schedule E/F, Docket No. 231, March 30, 2023 |
| Proof of Claim No. 19-1 | Robert Parker | Contingent and Disputed, Schedule E/F, Docket No. 231, March 30, 2023 |

| Proof of Claim No. 20-1 | William Aldenberg | Contingent and Disputed, Schedule E/F, Docket No. 231, March 30, 2023 |
|---|---|---|
| Proof of Claim No. 21-1 | William Sherlach | Contingent and Disputed, Schedule E/F, Docket No. 231, March 30, 2023 |

In support of the Objection, the Debtor respectfully states as follows:

### I. JURISDICTION, VENUE, AND STATUTORY PREDICATES

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought are 11 U.S.C. §§ 105(a), 502(b), Federal Rule of Bankruptcy Procedure 3007, and Local Rules 9013-1, and 3007-1 for the Southern District of Texas Bankruptcy Court.

### II. BACKGROUND

4. On December 2, 2022 (the "Petition Date"), the Debtor Alexander E. Jones filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. Each of the Claims were scheduled by the Debtor as contingent and disputed as they are the subject of litigation that is currently on appeal. Not only are the underlying litigation and judgments currently the subject of appeal but the estoppel rulings in the dischargeability suits filed in the instant Case are also under appeal. Thus, once the multiple appeals are fully and resolved, the Debtor believes he will not be liable to the Connecticut Plaintiffs in the full amount

of the Claims as detailed therein. Therefore, the Debtor would seek that the Claims not be allowed until such time as all appeals have been fully and finally resolved.

### III.    OBJECTION

6.    A filed proof of claim is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). Further, section 502(b)(1) of the Code provides that the court shall "determine the amount of such claim. . . as of the date of filing the petition, and shall allow such claim in such amount, except to the extent that –such claim is unenforceable against the debtor and the property of the debtor…" 11 U.S.C. § 502(b)(1). Whether a claim is allowable is generally determined by "applicable nonbankruptcy law." *In re W.R. Grace & Co.*, 346 B.R. 672, 674 (Bankr. D. Del. 2006).

7.    A proof of claim loses its prima facie presumption of validity under Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). At that time, the burden reverts to the claimant to prove the validity of their claim (though the ultimate burden always lies with the claimant). *Id.*

8.    In the appeals process, as well as the dischargeability litigation, the Debtor has raised substantive issues that refute more than one of the allegations that are essential to the Connecticut Plaintiffs' Claims. The Debtor asserts he will be ultimately successful in both appeals, and thus the Claims should not be allowed, at least until both appeals have been resolved in their entirety.

### IV.    RESERVATION OF RIGHTS

This Objection is limited to the grounds set forth herein and the substantive arguments set forth in the Appeals. It is without prejudice to any other party in interest to object to the Claims on any additional or separate grounds. The Debtor expressly reserves all further substantive or

**DEBTOR'S CONSOLIDATED CLAIM OBJECTION – Page 5**

procedural objections he may have. Nothing herein should be construed as an admission as to the validity of any pre-petition claim against the Debtor or a waiver of any party's right to dispute any pre-petition claim on any grounds.  In the event that the relief requested herein is not granted, the Debtor hereby reserves all rights to object to the Connecticut Plaintiffs' Claims (or any amended claims) on any grounds. The Debtor also reserves all rights to amend, modify, or supplement the objections asserted herein and to file additional objections to the Plaintiffs' Claims.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order sustaining the Objection in its entirety and granting such other and further relief as is just and proper under the circumstances.

Dated: June 13, 2024.

                    **CROWE & DUNLEVY, P.C.**

                    By: */s/ Christina W. Stephenson*
                    Vickie L. Driver
                    State Bar No. 24026886
                    Christina W. Stephenson
                    State Bar No. 24049535
                    2525 McKinnon St., Suite 425
                    Dallas, TX 75201
                    Telephone: 737.218.6187
                    Email: dallaseservice@crowedunlevy.com

                    **ATTORNEYS FOR DEBTOR ALEXANDER E. JONES**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing pleading was served by the Court's CM/ECF system on all parties registered to receive such service on the date of filing, 13th day of June, 2024.

                    */s/ Christina W. Stephenson*
                    Christina W. Stephenson