# EXHIBIT 7

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |
|---|---|
| In re: | § Chapter 7 |
| ALEXANDER E. JONES, | § Case No. 22-33553 (CML) |
| Debtors. | |

### ORDER AUTHORIZING TURSTEE'S EMPLOYMENT AND RETENTION OF TRANZON AND TRANZON360 AS SALE BROKER
[Relates to Docket No. 828]

Upon the application (the "**Motion**")[1] of Christopher R. Murray in his capacity as chapter 7 trustee (the "**Trustee**") for the bankruptcy estate of Alexander E. Jones (the "**Debtor**" or "**Alex Jones**") for the entry of an order (this "**Order**") authorizing the Trustee to retain and employ Tranzon Asset Advisors ("**Tranzon**") and ThreeSixty Asset Advisors ("**ThreeSixty**") (collectively, "**Tranzon360**") as broker for the sale of assets the Trustee administers, upon entry of this Order, in accordance with the terms of the Agreements; and the Court having found that the relief requested in the Application is in the best interests of the Debtor, the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Trustee's notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Application, the Agreements and the Toney and Tanenbaum Declarations; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that based on the representations made in the Application and the Toney and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

15509336

2

Tanenbaum Declarations that (a) Tranzon and Tranzon360 do not hold or represent an interest adverse to the Debtor's estate and FSS and (b) Tranzon and Tranzon360 are each a "disinterested person" as defined in Bankruptcy Code section 101(14) and as required by Bankruptcy Code section 327(a); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The retention and employment of Tranzon and Tranzon360 as broker for the Trustee pursuant to sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rule 2014 and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1, on the terms and conditions set forth in the Agreements and the Application, is approved, subject to the terms of the Order and the modifications to the Agreements, if any, as set forth herein.

2. In light of the services to be provided by Tranzon and Tranzon360 and the compensation and expense reimbursement structure in the Agreements, Tranzon and Tranzon360 shall request compensation in connection with the sale(s) of assets, which compensation shall be requested in each applicable sale motion and subject to this Court's approval. Tranzon and Tranzon360 shall not be required to file monthly fee statements, interim fee applications or a final fee application in this bankruptcy case.

3. Tranzon and Tranzon360 shall be compensated in the manner described in the Agreements and shall be subject to review only in accordance with section 328(a) of the Bankruptcy Code. Notwithstanding the foregoing sentence, the U.S. Trustee retains all rights to object to Tranzon and Tranzon360's requested fees and expenses on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and

15509336

the Court retains the right to review the fees and expenses pursuant to section 330 of the Bankruptcy Code.

4. The Trustee, Tranzon and Tranzon360 are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order.

5. Tranzon and Tranzon360 shall use its best efforts and will coordinate with the Trustee and its other retained professionals, not to duplicate any of the services provided to the Trustee by any of its other retained professionals.

6. To the extent that there is any inconsistency between the terms of the Application, the Toney Declaration, the Agreements, and this Order, the terms of this Order shall govern.

7. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Signed: September 16, 2024

_____
Christopher Lopez
United States Bankruptcy Judge

15509336