THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § § § § § | Case No. 22-33553 |
| ALEXANDER E. JONES | (Chapter 7) |
| Debtor. | |

**ORDER AUTHORIZING TRUSTEE'S EMPLOYMENT AND RETENTION OF HMP ADVISORY HOLDINGS, LLC D/B/A HARNEY PARTNERS AS FINANCIAL ADVISOR**
**[This Order relates to Docket No. _____]**

The Court, having considered the Trustee's *Application to Employ HMP Advisory Holdings, LLC d/b/a Harney Partners as Financial Advisor* (the "**Application**"),[1] any responses thereto and the record in this case finds that: (i) the Court has jurisdiction under 28 U.S.C. § 1334; (ii) this is a core proceeding under § 157(b); (iii) the relief requested is in the best interest of the estate, its creditors, and other stakeholders; (iv) HMP Advisory Holdings, LLC d/b/a Harney Partners ("**Harney Partners**") represents no interest adverse to the estate with respect to the matters upon which it is to be engaged; (v) Harney Partners is a "disinterested person" as the terms is defined under section 101(14) of the Bankruptcy Code; and (vi) good cause exists to grant the relief requested in the Application.

It is therefore, **ORDERED** that:

1. Pursuant to 11 U.S.C. § 327(a), the Trustee is authorized to employ and retain Harney Partners, effective December 2, 2024, in accordance with the terms and conditions set forth in the Application.

2. Harney Partners shall apply for compensation for professional services rendered and reimbursement of actual, reasonable, and necessary expenses incurred in the connection with the services for which they are being retained by the Trustee, in compliance the Court's Interim Compensation Procedures [DE 793], and/or as otherwise required under sections 330 and 331 of the Bankruptcy Code, any applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and/or any fee procedures and orders of the Court.

3. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Nicolaou Declaration attached to the Application, Harney Partners shall not be entitled to reimbursement for fees and expenses in connection with the defense of any objection to its fees, without further order of the Court.

---

[1] Capitalized terms used but not otherwise defined herein are intended to have the same meaning as defined in the Application.

4. The Trustee is empowered to take all actions necessary to effectuate the relief granted pursuant to this Order.

5. This Court shall retain exclusive jurisdiction to resolve all matters arising out of or related to the Application or this Order.