IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| ALEXANDER E. JONES, | ) Case No. 22-33553 (CML) |
| Debtor. | ) |

**STATEMENT OF THE TEXAS PLAINTIFFS ON THE CHAPTER 7 TRUSTEE'S EXPEDITED MOTION FOR ENTRY OF AN ORDER IN FURTHERANCE OF THE SALE OF ASSETS OF FREE SPEECH SYSTEMS, LLC**

The Texas Plaintiffs[1] submit this statement on the Chapter 7 Trustee's Expedited Motion for Entry of an Order in Furtherance of the Sale of Assets of Free Speech Systems, LLC[2] and reserve their rights in connection with the distribution of the sale proceeds.

The winning bid selected by the Chapter 7 Trustee, jointly submitted by Global Tetrahedron, LLC and the Connecticut Families[3] comprises three components: (1) $1,750,000 cash consideration funded by Global Tetrahedron (the "Purchase Price"); (2) a "Distributable Proceeds Waiver" pursuant to which the Connecticut Families will forego up to 100% of their entitlement of the $1,750,000 Purchase Price "so that such amounts can be distributed to other unsecured creditors of FSS"; and (3) a commitment that Global Tetrahedron shall pay a portion of future revenues derived from the assets acquired in the sale to the Connecticut Families and Texas

---

[1] The "Texas Plaintiffs" are Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and the Estate of Marcel Fontaine.

[2] ECF No. 915.

[3] The "Connecticut Families" are Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Erica Ash.

Plaintiffs on a *pro rata* basis, as determined by the allowed amount of their claims in this action (together, the "Winning Bid").[4]

The Texas Plaintiffs agree that a sale is in the best interests of the Debtors' creditors as a general matter for the reasons explained in their statement in support of the Chapter 7 Trustee's motion for an order authorizing the winddown of FSS.[5] They also do not dispute the Chapter 7 Trustee's business judgment during the auction and sale process or in selecting the Winning Bid.[6]

They do reserve their rights as to the distribution of the sale proceeds because, among other reasons, the allocation of allowed unsecured claims has yet to be determined and the Distributable Proceeds Waiver lacks contingencies to account for such uncertainty. The calculations underlying the Distributable Proceeds Waiver assume that the Connecticut Families are entitled to "75% of all distributable proceeds and all other creditors [including the Texas Plaintiffs] are entitled to 25%."[7] But there are two key issues with this assumption: (1) the Debtors' challenge to the Connecticut Families' liquidated judgments is still pending in Connecticut Appellate Court, and thus the Connecticut Families' allocation of liquidated claims is in dispute[8]; and (2) even if this

---

[4] ECF No. 915-7 (Sale Motion, Ex. G (GT Final Bid)) at 5–7.

[5] ECF No. 850.

[6] For the avoidance of doubt, in supporting the Chapter 7 Trustee's motion, the Texas Plaintiffs are not weighing in on the pending motion to disqualify the Winning Bid (ECF No. 913) or the Debtors' complaint and emergency application for a temporary restraining order and preliminary injunction (ECF No. 917).

[7] *Id*. at 5 n.3. The Winning Bid notes that this is the "***minimum*** effect of the Distributable Proceeds Waiver" because "the Connecticut Families currently hold 96.7% of all liquidated claims against the Debtors," and as such, Non-Connecticut Family creditors will receive more than $1,312,500 of the Purchase Price (75% of the Purchase Price) in the event the Connecticut Families' allowed claims represent more than 75% of all unsecured claims. *Id*. (emphasis in original). However, this does not change the fact that the allocation of claims belonging to the other unsecured creditors, including the Texas Plaintiffs, could be higher than the Connecticut Families estimate and that the Winning Bid does not account for that.

[8] It is also not clear to the Texas Plaintiffs whether the Connecticut Families have the authority to pledge disputed claim amounts in the first place.

were not the case, the final percentages of allowed claims could ultimately differ from the percentages the Connecticut Families assume in their calculations (for example, the Connecticut Families' claims could be reduced or disallowed below 75% or the Texas Plaintiffs' unliquidated claims could be allowed at higher amounts than the Connecticut Families predict). As currently stated, the terms of the Distributable Proceeds Waiver do not take into account these uncertainties and fail to provide any contingencies in the event the Connecticut Families' claims are reduced below 75% of all unsecured claims or the Texas Plaintiffs' claims (or any other creditor's claims) are increased. Accordingly, the Texas Plaintiffs expressly reserve all rights with respect to the allowed amounts of their claims and the distribution of the sale proceeds.

[*Remainder of page intentionally left blank*]

Dated:  December 6, 2024

Respectfully submitted,

*/s/ Jennifer J. Hardy*
**WILLKIE FARR & GALLAGHER LLP**
Jennifer J. Hardy
State Bar No. 24096068
600 Travis Street
Houston, TX 77002
Telephone:  (713) 510-1766
Fax:  (713) 510-1799
E-mail:  jhardy2@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
Stuart R. Lombardi (admitted *pro hac vice*)
Ciara A. Sisco (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019
Telephone:  (212) 728-8000
Fax:  (212) 728-8111
E-mail:  slombardi@willkie.com
E-mail:  csisco@willkie.com

**LAWSON & MOSHENBERG PLLC**
Avi Moshenberg
State Bar No. 24083532
801 Travis Street, Suite 2101, #838
Houston, TX 77002
Telephone:  (713) 449-9644
E-mail:  avi.moshenberg@lmbusinesslaw.com

**CHAMBERLAIN, HRDLICKA,**
**WHITE, WILLIAMS & AUGHTRY, PC**
Jarrod B. Martin
State Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, TX 77002
Telephone:  (713) 356-1280
Fax:  (713) 658-2553
E-mail:  jarrod.martin@chamberlainlaw.com

*Co-Counsel to the Texas Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all parties registered to receive electronic notice through the Court's CM/ECF system on December 6, 2024.

*/s/ Jennifer J. Hardy*