**ALEXANDER E. JONES  FREE SPEECH SYSTEMS  INFOWARS**

# IP Assets Auction Bid Instructions
Highest & Best Bid Deadline: November 13, 2024 @ 10:30 am CST

The following will outline the overbid process for the IP Assets Auction being used for the sale of the FSS assets, as per the Bidding Procedures as outlined in the Winddown Order dated entered in the US Bankruptcy Court, Southern District of Texas on September 25, 2024 in the matter of Alexander E. Jones, Case No. 22-33553.

1. This will be a final call for highest and best bids, wherein the Auctioneer and Trustee shall evaluate bids submitted and award the bids to the best single or combination of bids received based on the highest financial benefit to the creditors.

2. In its evaluation of the best combination of bids, the Trustee reserves the right to attribute value to lots based on their projected piecemeal auction value.  Any lots 'awarded' on this basis will the be sold at the scheduled December 10 auction or such other date as may be determined. Consistent with the Winddown Order, any bids that include components of consideration apart from the cash purchase amounts should quantify the amounts of such consideration in specific dollar amounts with as much specificity as possible and avoiding references to any formulas or other contingencies.

3. Bids will not be accepted on any lots that are contingent upon another lot, however, various group lots have been provided to support combined lot bids.  If for instance, you are the high bidder on Lot 3, but only want it if combined with Lots 1 & 2, then you will want to bid on Group 4, as a winning bid for lot 3 would stand regardless of the outcome of other lots you may have bid upon.  If you want Lot 3 as part of Group 4 but would also want it if you lost all other lots, then you will want to bid on both Lot 3 and Group 4.

4. As described above, Bidders are urged to submit bids on multiple Lots or Group Lots for the best chances of being awarded lots in this sale.

5. Please note that the winning bidder of equipment will be responsible to remove the equipment from the facilities within 15 days of closing, unless arrangements have been made with the landlord for longer term facility access.

6. Please note that the winning bidder of inventory will be responsible to remove the inventory from the facilities within 15 days of closing, unless arrangements have been made with the landlord or warehouse facility for longer term facility access.  This includes inventory located at a third-party warehouse facility in Denver Colorado.

7. Please note that the sale of equipment to a non-IP buyer will exclude any servers or computers which house intellectual property that cannot otherwise be efficiently extracted.  This will be determined at Trustee sole discretion, with guidance from its IT consultant.

8. This round of bidding is only open to invited, qualified bidders, and invited bidders are reminded that this bid document, and the auction process are all governed by the non-disclosure agreement entered by the bidder.

---

**Please Email Bids to the Following Parties:**
jeff@360assetadvisors.com, ktoney@tranzon.com, edurnil@tranzon.com,
jwolfshohl@porterhedges.com, mdearman@porterhedges.com,
chris@jonesmurray.com, erin.jones@jonesmurray.com

---

EXHIBIT 8



**ALEXANDER E. JONES | FREE SPEECH SYSTEMS | INFOWARS**

# IP Assets Auction Overbid Form
Highest & Best Bid Deadline: November 13, 2024 @ 10:30 am CST

| | | | |
|---|---|---|---|
| **Buyer Name** | [redacted] | **Buyer Company** | Global Tetrahedron, LLC |
| **Phone 1** | [redacted] | **Phone 2** | |
| **Address** | 730 N. Franklin St, Suite 700 | **City** | Chicago |
| **State/Zip** | IL 60654 | **Email** | [redacted] |
| **Partner *** | The Connecticut Families (as defined in, and to the extent set forth in, the previously submitted Bid Letter) | | |

## Bid Packages

Note: Bids for each package below are <u>non-contingent on winning any other lots</u>. You may bid on multiple packages; We will consider your highest and best package option when evaluating bids.

| LOTS | BID |
|---|---|
| Lot 1a | Production IP with Equipment (Building 2 & 3) | $ |
| Lot 1b | Production IP without Equipment | $ |
| Lot 1c | Production Equipment Only (Building 2 & 3) | $ |
| Lot 2a | E-commerce IP with Inventory | $ |
| Lot 2b | E-commerce IP without Inventory | $ |
| Lot 2c | Inventory Only | $ |
| Lot 3 | Domain Names | $ |
| Lot 4 | Contested Domain Names | $ |
| LOT GROUPS | |
| Group 1 | Production AND E-commerce Intellectual Property Only (Lot 1b & 2b) | $ |
| Group 2 | Production AND E-commerce IP, Equipment & Inventory (Lot 1a & 2a) | $ |
| Group 3 | Domain Names (Lot 3 & 4) | $ |
| Group 4 | All Intellectual Property, Equipment, Inventory & Domains (Lots 1-4) | $ 7,000,000 ** |
| Group 5 | All Intellectual Property & Equipment (no inventory) (Lots 1a & 2b) | $ 7,000,000 ** |
| Group 6 | All Intellectual Property & Inventory (no equipment) (Lots 1b & 2a) | $ |
| Group 7 | Equipment & Inventory (no IP) (Lots 1c & 2c) | $ |

I hereby submit my over bid for the Packages above in accordance with the terms and conditions of the bid package and sale order. All bids are irrevocable and final.

**Not less than $7,000,000, as set forth in more detail in the accompanying Final Bid Letter

X _____

Name: [redacted]
Title: CEO
Date: November 13, 2024



**Global Tetrahedron, LLC**
730 N. Franklin Street, Suite 700
Chicago, IL 60654

**PRIVATE AND STRICTLY CONFIDENTIAL
NOT FOR PUBLIC DISCLOSURE**

November 13, 2024

| | |
|---|---|
| Porter Hedges LLP | Jones Murray LLP |
| 1000 Main Street | 602 Sawyer Street, Suite 400 |
| Houston, Texas 77002 | Houston, Texas 77007 |
| Attn: Joshua W. Wolfshohl, Michael B. Dearman | Attn: Christopher R. Murray, Erin Jones |
| | |
| Tranzon Asset Advisors | ThreeSixty Asset Advisors |
| 1108A North Dixie Avenue | 3075 E. Thousand Oaks Blvd. |
| Elizabethtown, Kentucky 42701 | Westlake Village, California 91362 |
| Attn: Kelly Toney, Ed Durnil | Attn: Jeff Tanenbaum |

> **Re: Best And Final Bid to Acquire Certain Assets of Free Speech Systems, LLC**

Global Tetrahedron, LLC ("Global Tetrahedron") and the Connecticut Families[1] (collectively with Global Tetrahedron, the "Bidders", "we", "our", or "us") are pleased to submit this revised best and final joint bid (this "Final Bid") to acquire certain assets of Free Speech Systems, LLC ("FSS") on the terms and subject to the conditions set forth herein in accordance with that certain *Order Granting Trustee's Motion for Entry of an Order Authorizing the Winddown of Free Speech Systems, LLC*, Case No. 22-33553, Docket No. 859 (together with any supplemental orders entered in connection therewith, the "Bidding Procedures Order").[2] The terms of this Final Bid modify the initial bid submitted by the Bidders on November 8, 2024 (the "Initial Bid") solely to the extent set forth herein. The Bidders have submitted a completed *IP Assets Auction Overbid Form* (the "Overbid Form") contemporaneously herewith in accordance with the Chapter 7 Trustee's instructions, though the terms of this Final Bid shall control in the event of any discrepancy between this Final Bid and the Overbid Form.

### 1. Increased Consideration of At Least $7 Million

We have meaningfully improved the consideration provided in our Initial Bid—our Final Bid should now be valued at ***over $7 million of total cash consideration for the Group 5***

---

[1] The "Connecticut Families" are ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such term in the Bidding Procedures Order or that certain *Offering Memorandum* transmitted in connection therewith, as applicable.

*assets*.  While this Final Bid focuses on the Group 5 assets, we are also willing to acquire the Group 4 assets on the same terms as set forth herein; *provided* that this Final Bid does not allocate value to any assets not included in Group 5.  The aggregate consideration provided by the Bidders consists of the following:

a. <u>Cash Consideration</u> – Cash consideration in the amount of $1,750,000 to be funded by Global Tetrahedron (the "<u>Purchase Price</u>"). **The Purchase Price reflects an increase of $750,000 as compared to our Initial Bid.**

b. <u>Distributable Proceeds Waiver</u> – As part of this Final Bid, the Connecticut Families commit to forego up to **100% of their entitlement to the $1,750,000** Purchase Price funded by Global Tetrahedron so that such amounts can be distributed to other unsecured creditors of FSS.  **As a result, and as set forth below, this Final Bid is better for other unsecured creditors of FSS even when compared to other Qualified Bids that offer up to $7 million of cash consideration for the same Group 5 assets**.  The below table illustrates the effect of the Distributable Proceeds Waiver as compared to alternative Qualified Bids submitted at a range of purchase prices.

| Proposed Cash Purchase Price of Alternative Qualified Bid | Recovery to Non-Connecticut Family creditors under Alternative Qualified Bid[3] | Recovery to Non-Connecticut Family creditors under Global Tetrahedron Final Bid | Recovery to Connecticut Families under Alternative Qualified Bid | Recovery to Connecticut Families under Global Tetrahedron Final Bid[4] |
|---|---|---|---|---|
| $2,000,000 | $500,000 | $600,000 | $1,500,000 | $1,150,000 |
| $3,000,000 | $750,000 | $850,000 | $2,250,000 | $900,000 |
| $5,000,000 | $1,250,000 | $1,350,000 | $3,750,000 | $400,000 |
| $7,000,000 | $1,750,000 | 1,750,000 | $5,250,000 | $0 |

As illustrated above, to the extent a third party submits an alternative Qualified Bid for the same assets that consists of cash consideration in a higher amount than the Purchase Price set forth herein, the Connecticut Families shall effectuate a Distributable Proceeds Waiver

---

[3] This table, and the Distributable Proceeds Waiver calculations set forth herein, conservatively assume that the Connecticut Families are entitled to 75% of all distributable proceeds and all other creditors are entitled to 25%.  This allocation is intended to demonstrate the *minimum* effect of the Distributable Proceeds Waiver—the Connecticut Families currently hold 96.7% of all liquidated claims against the Debtors.  To be clear, to the extent the Connecticut Families' allowed claims ultimately represent more than 75% of all unsecured claims, this Final Bid should be valued at an amount higher than $7 million because the Connecticut Families will be able to forego receipt of more than $1,312,500 in favor of other creditors.  The Connecticut Families reserve all rights with respect to the allowed amounts of all other claims.

[4] In the event an alternative Qualified Bid is submitted that provides for cash consideration in an amount greater than $1,750,000, the recovery to be received by the Connecticut Families under this Final Bid equals the cash Purchase Price under this Final Bid ($1,750,000) minus the recovery to Non-Connecticut Family creditors, consistent with the Distributable Proceeds Waiver.

(as defined in the Initial Bid) and shall forego receipt of the Distributable Proceeds Waiver Amount, which shall be assigned to the Chapter 7 Trustee for the benefit of all other unsecured creditors of FSS. The "Distributable Proceeds Waiver Amount" is revised under this Final Bid so that it shall equal an amount necessary for other unsecured creditors of FSS (including the Texas Families) to recover **$100,000** more (an increase from the $1 amount set forth in the Initial Bid), in the aggregate, than they would recover from the sale of the Acquired Assets to the otherwise highest Qualified Bidder.

c. Future Revenues – Consistent with our Initial Bid, Global Tetrahedron shall pay a portion of future revenues derived from the Acquired Assets to the Connecticut Families and the Texas Families on a *pro rata* basis, as determined by the allowed amount of their claims in the Jones chapter 7 case (the "Future Revenue Payments").[5] Global Tetrahedron shall cooperate in good faith with the Connecticut Families and the Texas Families to determine the amount and timing of such Future Revenue Payments. While the present value of the Future Revenue Payments is inherently uncertain and difficult to value, such payments must nonetheless be considered by the Chapter 7 Trustee (the Connecticut Families—the largest creditors of FSS—place considerable value on such payments).

2. **Acquired Assets**

As set forth in the Overbid Form, the Bidders seek to acquire the "Group 5" assets, which includes the assets comprising Lot 1a (production IP with equipment) and Lot 2b (e-commerce IP without inventory) (the "Acquired Assets").[6] In addition, the Bidders are willing to acquire the Group 4 assets on the same set of terms; *provided* that they allocate no portion of the Purchase Price to any asset included in Group 4 that is not part of Group 5.

*    *    *

We look forward to discussing this Final Bid with the Chapter 7 Trustee and his advisors. We are confident that this Final Bid, especially when giving consideration to the Distributable Proceeds Waiver and Future Revenue Payments, constitutes the best and highest bid for the Acquired Assets.

The Connecticut Families, **holders of 96.7% of all liquidated claims against FSS and Jones**, wholly support the terms of this Final Bid and urge the Chapter 7 Trustee to deem this Final Bid the Successful Bid. The Connecticut Families trust that the Chapter 7 Trustee, in fulfilling his fiduciary duties, would not sell the Acquired Assets to any purchaser offering less than $7 million for such assets, as such bid would offer less value to unsecured creditors. Moreover, the Connecticut Families implore the Chapter 7 Trustee

---

[5] Future Revenue Payments shall consist of payments from the sale of merchandise, promotional items, and other assets.

[6] If selected as the Successful Bidder, Global Tetrahedron may determine to form a new subsidiary entity for the purpose of acquiring the Acquired Assets. If applicable, Global Tetrahedron will provide prior written notice of such entity's formation to the Chapter 7 Trustee, and will cooperate in good faith to provide additional information with respect thereto, as may be requested by the Chapter 7 Trustee.

to remember that the best interest of creditors in ***this case*** is served by ensuring that the assets being sold will not be used to continue harassing, victimizing, and defaming the Connecticut Families (i.e., the very reason this bankruptcy case exists).

Please feel free to contact us with any questions or comments.

Very truly yours,

Chief Executive Officer
Global Tetrahedron, LLC

Christopher M. Mattei
Koskoff Koskoff & Bieder, PC
Counsel to the Connecticut Families