EXHIBIT
26

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| **ALEXANDER E. JONES,** | § | Case No. 22-33553 (CML) |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |

### TRUSTEE'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING
### THE WINDDOWN OF FREE SPEECH SYSTEMS, LLC

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**
>
> **There will be a hearing on this motion on September 24, 2024 at 2:00 p.m. (prevailing Central Time) in Courtroom 401, 515 Rusk, Houston, TX 77002.**

Christopher R. Murray, the Chapter 7 Trustee (the "***Trustee***") for the bankruptcy estate of Alexander E. Jones ("***Jones***" or the "***Debtor***") files this motion (the "***Motion***") for entry of an order authorizing the winddown of Free Speech Systems, LLC ("***FSS***"), including (i) authorizing and approving the auction and sale of the non-cash assets of FSS free and clear of all liens, claims and encumbrances and (ii) granting related relief. In support of this Motion, the Trustee respectfully states as follows:

### PRELIMINARY STATEMENT

1.      Since the Court converted Alex Jones's case to chapter 7 and dismissed the FSS bankruptcy, the Trustee has explored options for administering the Jones bankruptcy estate's 100

1

percent ownership interest in FSS, the entity that owns and operates the INFOWARS media platform. While heavily indebted to judgment creditors, FSS nevertheless owns valuable assets, including cash, receivables, intellectual property rights, production equipment and facilities, vehicles, real estate, and other property. Since the dismissal of its bankruptcy case, FSS and its 46 employees and independent contractors have continued to operate and produce substantial positive cash-flow in anticipation of an eventual disposition of its assets and winddown. The Trustee has to date taken possession of approximately $2.3 million in FSS cash which he is holding pending further order from the Court.

2.      As the Court is aware, there are competing claims on the cash and other assets of FSS. The Court has retained jurisdiction over a disputed lien asserted by PQPR. The Court has also retained jurisdiction over the claims of professionals for fees incurred during the FSS chapter 11 case. The full scope of claims is also unknown, as some litigation claims remain unliquidated.

3.      Meanwhile, multiple parties have approached the Trustee to express interest in acquiring different subsets of the non-cash assets of FSS. Based on these indications of interest, as well as consultations with business liquidation professionals, the Trustee believes an orderly sale of FSS's non-cash assets would generate substantial cash and maximize value for all stakeholders.

4.      After consultation with the Connecticut and Texas families, Alex Jones, creditors, professionals, the United States Trustee, and other parties-in-interest, the Trustee proposes to wind down FSS through an open and orderly liquidation process designed to maximize value for all stakeholders, with the net proceeds of the winddown to be held by the Trustee pending further order of the Court.

5.      The Trustee proposes a two-phase auction for the assets of FSS. In phase one, FSS would auction its intellectual property (the "*IP Assets*") along with any Remaining Assets (as

defined below) that potential buyers seek to purchase in connection with the IP Assets. The IP Assets would include FSS's right, title, and interest in the trademarks, domain names, copyrighted material, social media accounts, and any other transferable intellectual property rights. The IP Assets to be auctioned do not include the individual or personal intellectual property of Alex Jones that may be owned by him or the chapter 7 estate. The sale of the IP Assets would include a customary qualifying and sealed-bid round, followed by an online, open-cry auction of qualified bidders.

6.      In phase two, FSS would auction its remaining non-cash property (the "***Remaining Assets***" and together with the IP Assets, the "***Assets***") not sold in connection with the IP Assets at an open, online auction to maximize the value to the Debtor's estate, FSS and relevant stakeholders.

7.      The Trustee anticipates completing phase one within 60 days of entry of an order approving this process. Phase two would likely conclude another 30–45 days after that. The Trustee would retain and compensate all employees and independent contractors through the conclusion of the auction process. At the conclusion of the asset sales, the Trustee would terminate operations, dismiss the employees and contractors, and take appropriate steps to dissolve and wind down the FSS entity consistent with any further order of this Court. All parties asserting liens, claims, or interests against the assets of FSS would retain those rights in the net proceeds, which would be held by the Trustee pending further order of this Court.

## JURISDICTION AND VENUE

8.      The United States Bankruptcy Court for the Southern District of Texas has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the

15511564

meaning of 28 U.S.C. § 157(b)(2) and this Court may enter a final order consistent with Article III of the United States Constitution.

9. Venue is proper pursuant to 28 U.S.C. § 1408.

10. The bases for the relief requested herein are sections 105, 363, and 704(a) of title 11 of the United States Code (the "***Bankruptcy Code***") and rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "***Bankruptcy Local Rules***").

## **BACKGROUND**

### I. **Bankruptcy Proceedings**

11. On July 29, 2022 (the "***Petition Date***"), FSS filed its voluntary petition for relief under chapter 11 subchapter V of the Bankruptcy Code. For reasons stated on the record at the hearing on June 14, 2024, the Court entered the Dismissal Order dismissing FSS's chapter 11 case (the "***FSS Case***"). [*See* Docket Nos. 955 and 956].

12. On December 2, 2022 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (prior to the Conversion Date, the "***Jones Chapter 11 Case***", and after the Conversion Date, the "***Jones Chapter 7 Case***"). The Debtor is an employee of FSS. 100 percent of the outstanding membership interests in FSS are owned by the Debtor's bankruptcy estate.

13. On December 13, 2022, the United States Trustee for Region 7 (Southern and Western Districts of Texas) (the "***U.S. Trustee***") appointed the Official Committee of Unsecured Creditors in the Jones Chapter 11 Case pursuant to Bankruptcy Code section 1102(a)(1).

14. The Debtor continued managing his assets as debtor and debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until the Court entered its *Order*

4

*Converting Debtor's Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code* [Docket No. 708] on June 14, 2024 (the "***Conversion Date***"). On June 21, 2024, the Court entered an order dismissing the FSS Case [Case No. 22-60043, Docket No. 956] (the "***Dismissal Order***"), while retaining exclusive jurisdiction over several adversary proceedings and the approval of professional fees and expenses. On the Conversion Date, the U.S. Trustee appointed Christopher R. Murray as the Chapter 7 Trustee in the Jones Chapter 7 Case.

## II.    FSS Assets

15.    Jones' bankruptcy estate holds 100 percent of the outstanding membership interests in FSS, and the FSS Assets are allegedly subject to the claimed liens of PQPR Holdings Limited LLC ("***PQPR***"), which are the subject of the adversary proceeding captioned *Free Speech Systems, LLC v. PQPR Holdings Limited LLC, et al.*, Adv. Case No. 23-03127 (Bankr. S.D. Tex.) (the "***PQPR Adversary Proceeding***") retained by this Court following the dismissal of the chapter 11 bankruptcy case of FSS. The Trustee has control over the bank accounts and cash of FSS pursuant to the Dismissal Order.

16.    After entry of the Dismissal Order, the Trustee and his advisors have engaged in extensive negotiations with the Debtor, PQPR, the Texas and Connecticut Families, and other stakeholders regarding a path forward for FSS that is both value-maximizing and sufficiently attentive to the realities facing the Debtor's estate and FSS.

17.    The Trustee has already taken possession of approximately $2.3 million in FSS cash that he is holding pending further Court order. FSS has other current assets, including operating cash, receivables, and other working capital. FSS continues to generate positive cash-flow from its ongoing operations.

15511564

18.     FSS's IP Assets include, but are not limited to, social media accounts, domain names, registered and unregistered trademarks, and production rights.  They do not include individual or personal intellectual property owned personally by Jones's chapter 7 estate.

19.     FSS's Remaining Assets include, but are not limited to, various broadcasting studio equipment, including cameras, and other video production equipment, and certain vehicles owned by FSS but may also include IP Assets that are unsold after the Auction (if any) of the IP Assets.

20.     The Trustee intends to hold the cash and the net proceeds from the sales of the FSS Assets in escrow pending the final judgment or resolution of the PQPR Adversary Proceeding and any other claims that have been or may be asserted against such proceeds, including by judgment claimants.  All rights with respect to the proceeds from the sale of the FSS Assets will be preserved and shall be subject to further order of the Court.

21.     Contemporaneously with this Motion, the Trustee filed an application to employ Tranzon Asset Advisors and ThreeSixty Asset Advisors (collectively, "***Tranzon360***") to market, auction, and sell the Assets.

## **REQUESTED RELIEF**

22.      The Trustee seeks authorization to exercise his reasonable business judgment to wind down FSS in the manner summarized below.  The Trustee's goal is to establish a clear process for the solicitation, receipt, and evaluation of bids on a timeline that will provide parties sufficient time and information to submit competitive bids, and which will ultimately result in value maximizing sales (any such sale, a "***Sale***") of the Assets.  The Trustee has balanced the need to provide adequate notice to parties in interest and potential bidders with the need for a fulsome, expeditious, and efficient marketing process in devising the proposed timeline for bidding and Auctions.  The auction process is designed to generate the highest or otherwise best available

6

recoveries to FSS stakeholders by encouraging prospective bidders to submit competitive, value-maximizing bids and provide the Trustee with sufficient time to conduct the Auctions and Sales while efficiently and expeditiously winding down FSS.  In furtherance of these goals, the Trustee seeks entry of an order substantially in the form attached hereto (the "***Proposed Order***"), granting the following relief:

(a)  Establishing the following dates, deadlines, and procedures in connection with the Trustee's proposed auction and sale of the Assets:

| Event or Deadline | Date and Time |
| --- | --- |
| Sale Motion Hearing | A hearing (the "***Sale Hearing***") will be held on this Motion on **September 24, 2024 at 2:00 p.m. (prevailing Central Time)**, or as soon thereafter as the Court's calendar permits, as the date for a hearing to approve the auctions and sales proposed herein. |
| IP Assets Bid Deadline | **October 23, 2024, at 5:00 p.m. (prevailing Central Time)** as the deadline (the "***IP Assets Bid Deadline***") by which all binding sealed bids must be actually received by the Trustee for the sale of the IP Assets and any Remaining Assets in connection with the sale of the IP Assets. |
| IP Assets Auction (if applicable) | The "***IP Assets Auction***", if any, will be held on **October 30, 2024, at 10:30 a.m. (prevailing Central Time)** through Tranzon360's selected online auction platform, for the sale of the IP Assets and any Remaining Assets in connection with the sale of the IP Assets, subject to rescheduling or cancellation by the Trustee in his reasonable discretion. |
| Remaining Assets Auction (if applicable) | The "***Remaining Assets Auction***", if any, will be held on **November 19, 2024, at 10:30 a.m. (prevailing Central Time)** through Tranzon360's selected online auction platform, for the sale of the Remaining Assets, subject to rescheduling or cancellation by the Trustee in his reasonable discretion. |

7

(b)     approving the form and manner of notice of the Auctions with respect to the Sale of the Assets free and clear of liens, claims, encumbrances, and other interests, substantially in the form attached to the Proposed Order as **Exhibit 1** (the "*Sale Notice*"), which Sale Notice will be served on the following parties or their respective counsel, if known (collectively, the "*Notice Parties*"): (a) the United States Trustee for the Southern District of Texas; (b) counsel for the Debtor; (c) counsel for the Sandy Hook Families; (d) the holders of the 20 largest unsecured claims against the Debtor; (e) the Office of the United States Attorney for the Southern District of Texas; (f) the Texas state attorney general; (g) the Internal Revenue Service; (h) all known holders of liens, encumbrances, and other claims secured by the Assets; (i) all known creditors of FSS; (j) each governmental agency that is an interested party with respect to the Sale and transactions proposed thereunder; (k) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (l) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).;

(c)     authorizing the Trustee to take all actions necessary to close (i) the Sale of the IP Assets and any Remaining Assets sold in connection with the IP Assets following the conclusion of the IP Assets Auction and the filing of a notice of successful bidder, including without limitation entering into a purchase agreement with the successful bidder and (ii) the Sale(s) of the Remaining Assets following the conclusion of the Remaining Assets Auction, including entering into any purchase agreements or issuing invoices, as necessary, in connection with the Remaining Asset Sales;

(d)     approving the payment of winddown-related administrative expenses, including:

    (i)     professional compensation and reimbursement of expenses incurred by chapter 7 estate professionals advising the Trustee on the FSS wind down to the extent those fees are allocable, in the Trustee's discretion, to the FSS asset sale process, with the amounts so paid credited against any approved fees in the Jones Case to the extent necessary to prevent double compensation for the same work;

    (ii)    Trustee compensation on disbursements of FSS assets and proceeds to be calculated as a commission consistent with 11 U.S.C. § 326 and reimbursement of expenses, with the amounts so paid to be credited against any approved compensation or expenses of the Trustee from the Jones estate to the extent necessary to prevent double compensation for the same disbursements;

15511564

       (iii)    auctioneer compensation and reimbursement of expenses of Tranzon360 according to the following terms (collectively, the "***Commission and Reimbursement***"):[1]

| IP Assets | 10% on proceeds $0-$500,000.00<br>7% on proceeds $500,000.01 to $2,000,000.00<br>5% on proceeds over $2,000,000.00 |
|---|---|
| **Remaining Assets** | 15% of proceeds of the Remaining Assets |
| **Expense Reimbursement** | Estimated to be between $70,000 and $75,000 |

    (e)    granting related relief.

### BASIS FOR RELIEF

**I.  The Court Should Approve the Winddown of FSS, including the Auctions and Sales as a Sound Exercise of Business Judgment.**

23.    Section 105(a) of the Bankruptcy Code permits a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 704(a) of the Bankruptcy Code provides the duties of chapter 7 trustee, and in particular directs the trustee "to collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1). Section 363(b)(1) of the Bankruptcy Code provides that a trustee, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

24.    The Debtor's estate owns 100 percent of the membership interests in FSS, which interests are subject to this Court's jurisdiction. The membership interests include not only the bare equity interests, but also the non-monetary rights and responsibilities of the equity holder— the Debtor's bankruptcy estate. The Trustee has a duty to reduce to money property of the Debtor's

---

[1] The Trustee has sought be separate motion, filed contemporaneously herewith, to employ Tranzon360 and approve its compensation.

estate consistent with the interests of parties in interest. In furtherance of that duty, the Trustee

seeks to wind down FSS, which requires the liquidation of FSS's assets. In winding down a

company's affairs, the Texas Business Organizations Code provides that,

> … if the property of a domestic entity is not sufficient to discharge all of the
> domestic entity's liabilities and obligations, the domestic entity shall: … apply its
> property, to the extent possible, to the just and equitable discharge of its liabilities
> and obligations, including liabilities and obligations owed to owners or members,
> other than for distributions …

TEX. BUS. ORG. CODE ANN. 11.053. The Auctions and Sales are the intended to apply the property

of FSS to discharge the liabilities of FSS. In addition, given the unique procedural posture of the

Jones Chapter 7 Case and the dismissal of the FSS Case, this Court's retention of jurisdiction over

FSS's bank accounts, related adversary proceedings, and fee applications related to the FSS case,

the Trustee believes that the Court may authorize the Trustee to exercise his business judgment in

conducting the Auctions and Sales of the FSS Assets.

25. A trustee's business judgment is entitled to substantial deference with respect to the

procedures to be used in selling an estate's assets and when there is "some articulated business

justification for using, selling, or leasing the property outside the ordinary course of business."

*See, e.g., In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986) ("[F]or a debtor-

in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders,

there must be some articulated business justification for using, selling, or leasing the property

outside the ordinary course of business."); *In re Crutcher Resources Corp.*, 72 B.R. 628, 631

(Bankr. N.D. Tex. 1987) ("A Bankruptcy Judge has considerable discretion in approving a §

363(b) sale of property of the estate other than in the ordinary course of business but the movant

must articulate some business justification for the sale.").

26. Once a trustee articulates a valid business justification, the court should review that

request under the business judgment rule. *See In re Gulf Coast Oil Corp.*, 404 B.R. 407, 415

(Bankr. S.D. Tex. 2009) (noting that a debtor in possession has the discretionary authority to exercise business judgment given to an officer or director of a corporation). The business judgment rule protects certain trustee decisions from reevaluation by a court with the benefit of hindsight. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F. 2d 1303, 1311 (5th Cir. 1985) ("More exacting scrutiny would slow the administration of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially."). Thus, if a trustee's actions satisfy the business judgment rule, then the transaction in question should be approved under section 363(b)(1) of the Bankruptcy Code.

27.     The paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. *See In re Edwards*, 228 B.R. 552, 561 (Bankr. E.D. Pa. 1998) ("The purpose of procedural bidding orders is to facilitate an open and fair public sale de-signed to maximize value for the estate."); *In re Food Barn Stores, Inc.*, 107 F.3d 558, 564–65 (8th Cir. 1997) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *In re Integrated Res., Inc.*, 147 B.R. 650, 659 (S.D.N.Y. 1992) ("[I]t is a well-established principle of bankruptcy law that the objective of the bankruptcy rules and the trustee's duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.") (internal citations omitted).

28.     To that end, courts uniformly recognize that procedures intended to enhance competitive bidding are consistent with the goal of maximizing the value received by the estate and, therefore, are appropriate in the context of bankruptcy transactions. *See, e.g., In re Integrated Res., Inc.*, 147 B.R. at 659 (bidding procedures "are important tools to encourage bidding and to maximize the value of the debtor's assets"); *In re Fin. News Network, Inc.*, 126 B.R. 152, 156

(Bankr. S.D.N.Y. 1991) ("court-imposed rules for the disposition of assets . . . [should] provide an adequate basis for comparison of offers, and [should] provide for a fair and efficient resolution of bankrupt estates").

29.     Here, the proposed procedures and Auctions will promote active bidding from interested parties and will elicit the highest or otherwise best offers available for the Assets. The sale processes are designed to facilitate orderly yet competitive bidding to maximize the value realized by the Assets from any eventual transactions. In particular, the Trustee proposes a sealed bid process and open auction for the IP Assets, and any Remaining Assets in connection with the sale of the IP Assets, and an open auction process for the Remaining Assets, which will provide potential bidders with sufficient time to perform due diligence and acquire the information necessary to submit a timely and well-informed bid for the IP Assets and meaningfully participate at the Remaining Assets Auction.

30.     It is well-settled that where there is a court-approved auction process, a full and fair price is presumed for the assets sold because the best way to determine value is exposure to the market. *See Bank of Am. Nat'l Trust & Sav. Ass'n v. LaSalle St. P'ship*, 526 U.S. 434, 457 (1999); *see also In re Trans World Airlines, Inc.*, No. 01-00056, 2001 WL 1820326, at *4 (Bankr. D. Del. 2001) (while a "sale transaction does not require an auction procedure," "the auction procedure has developed over the years as an effective means for producing an arm's length fair value transaction"). This is true here where any Sale(s) of the Assets and related transactions have been subjected to a marketing process and intensively scrutinized by the Trustee and his retained advisors. As a result, the Trustee and creditors can be assured that, taking into account current economic conditions, the consideration obtained will be fair and reasonable and at or above market.

15511564

31.     The proposed procedures will encourage competitive bidding and are appropriate under the relevant standards governing auction proceedings in bankruptcy proceedings. The Court should therefore enter the Proposed Order.

## II.  The Court Should Approve the Trustee's Entry into Purchase Agreements as an Exercise of Sound Business Judgment.

32.     As noted above, the business judgment rule shields a trustee or debtor-in-possession's decisions from judicial second-guessing. *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986) (a "presumption of reasonableness attaches to a debtor's management decisions" and courts generally will not entertain objections to the debtor's conduct after a reasonable basis is set forth). Once a trustee articulates a valid business justification, the court should review that request under the business judgment rule. *See In re Gulf Coast Oil Corp.*, 404 B.R. 407, 415 (Bankr. S.D. Tex. 2009) (noting that a debtor in possession has the discretionary authority to exercise business judgment given to an officer or director of a corporation). The business judgment rule protects certain decisions—such as the Trustee's entry into a purchase agreement—from reevaluation by a court with the benefit of hindsight. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F. 2d 1303, 1311 (5th Cir. 1985) ("More exacting scrutiny would slow the administration of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially."). If a trustee's actions satisfy the business judgment rule, then the transaction in question should be approved under section 363(b)(1) of the Bankruptcy Code.  Based on this rationale, courts have authorized a trustee's sale of assets as a sound exercise of business judgment under section 363 of the Bankruptcy Code.

13

33.    The Trustee has a sound business justification for selling the FSS Assets.  The Trustee has a duty to maximize the value of the Debtor's estate and the assets that the estate administers, which includes the assets of FSS.  The Debtor's estate owns 100 percent of the membership interests in FSS, and the FSS Assets and liens thereon are the subject to the PQPR Adversary Proceeding still pending before this Court.  The Trustee and his advisors have received interest in the Assets from several parties but desires to explore a more comprehensive marketing process for the sale of the Assets in order to achieve the highest value and best offer for the Assets, which is in the best interests of the Debtor's estate, FSS's creditors, and other stakeholders.  The ultimate successful bids for the Assets, after being subject to a further "market check" in the form of the Auctions (if any), will constitute, in the Trustee's reasonable business judgment, the highest or otherwise best offers for the Assets and will provide a greater recovery for their estates than any known or practicably available alternative. *See, e.g., In re Trans World Airlines, Inc.*, No. 01-00056, 2001 WL 1820326, at *4 (Bankr. D. Del. 2001) (while a "section 363(b) sale transaction does not require an auction procedure . . . the auction procedure has developed over the years as an effective means for producing an arm's length fair value transaction.").

34.    The purchase agreement, as applicable, of any successful bidders will constitute the highest or otherwise best offer for the applicable Assets, which will provide a greater recovery than would be provided by any other available alternative. The Trustee's determination to sell the Assets through live auction processes and to enter into a purchase agreement with the successful bidder for the IP Assets, or issue invoices to successful bidders in the case of piecemeal sale of the Remaining Assets, will be a valid and sound exercise of the Trustee's business judgment. The Trustee requests that the Court accordingly authorize the proposed Sales as a proper exercise of the Trustee's business judgment.

14

### III. Sale Should Be Approved Free and Clear Under Section 363(f) of the Bankruptcy Code.

35.    Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in the property if: (a) applicable nonbankruptcy law permits such a free and clear sale; (b) the holder of the interest consents; (c) the interest is a lien and the sale price of the property exceeds the value of all liens on the property; (d) the interest is the subject of a bona fide dispute; or (e) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest. *See* 11 U.S.C. § 363(f).

36.    Section 363(f) of the Bankruptcy Code is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to warrant the sale of the Assets free and clear of all liens, security interests, pledges, charges, defects, or similar encumbrances (collectively, "***Encumbrances***"), except with respect to any Encumbrances that may be assumed Encumbrances under the purchase agreement of a successful bidder. *See In re Kellstrom Indus., Inc.*, 282 B.R. 787, 793 (Bankr. D. Del. 2002) ("[I]f any of the five conditions are met, the debtor has the authority to conduct the sale free and clear of all liens.").

37.    Any Encumbrance that will not be an assumed liability satisfies or will satisfy at least one of the five conditions of section 363(f) of the Bankruptcy Code, and any such Encumbrance will be adequately protected by either being paid in full at the time of closing, or by having it attach to the net proceeds of the Sale, subject to any claims and defenses the Trustee, the Debtor's estate, or FSS may possess with respect thereto. The Trustee requests authority to convey the Assets to the respective successful bidders free and clear of all Encumbrances including liens, claims, rights, interests, charges, and encumbrances, with any such liens, claims, rights, interests, charges, and encumbrances to attach to the proceeds of the Sale and to be held until further determination of this Court.

15

15511564

## IV. Administrative Costs of the Sale Should Be Approved.

38.     Tranzon360's Commission and Reimbursement should be approved as administrative expenses under section 503(b)(1)(A) of the Bankruptcy Code and paid from the proceeds of any sales of the Assets at closing.  Tranzon360's Commission and Reimbursement constitutes an "actual and necessary cost of preserving the estate" because their services to market, auction, and sell the Assets materially benefit the Debtor's estate by achieving the highest or otherwise best offer for the Assets.  11 U.S.C. § 503(b)(1)(A).  Therefore, the Trustee requests that the Court approve the terms of Tranzon360's Commission and Reimbursement and authorize the Trustee to pay Tranzon360 from the proceeds of Asset Sales upon closing of such Sales.

39.     To the extent PQPR has valid and enforceable liens on the Asserts, under section 506(c) of the Bankruptcy Code, administrative claims can be paid from a secured party's collateral if: (i) the expenses are necessary to preserve or dispose of the collateral, (ii) the expenses are reasonable, and (iii) the incurrence of the expenses provided a benefit to the secured creditor.  11 U.S.C. § 506(c); *See* 4 COLLIER ON BANKRUPTCY ¶ 506.05 (Alan N. Resnick & Henry J. Sommer eds. 16th ed.).  Tranzon360's Commission and Reimbursement is necessary for the preservation and disposition of the Assets and are subject to review by this Court for reasonableness.  The Trustee believes that the fee structure and budgeted expenses are reasonable in light of the extensive marketing and auction efforts that Tranzon360 has and will undertake in order to sell the Assets.  Lastly, while PQPR's alleged liens are still the subject of the PQPR Adversary Proceeding, to the extent such liens are valid and enforceable, PQPR will be a primary beneficiary of the work performed by Tanzon360.  The sealed bid and auction process is designed to achieve the highest or otherwise best offer for the Assets, which will benefit PQPR to the extent of the validity and enforceability of its alleged liens.

16

40.     In addition, sections 326(a) and 330(a) of the Bankruptcy Code allow a trustee reasonable compensation and reimbursement of expenses for services rendered and for which property is disbursed or turned over.  11 U.S.C. § 326(a).  Pursuant to sections 105(a), 326(a) and 330(a), the Trustee should be allowed compensation on all disbursements of FSS Assets to be calculated as a commission consistent with section 326 of the Bankruptcy Code and reimbursement of expenses, with the amounts so paid to be credited against any approved compensation or expenses of the Trustee from the Jones estate to the extent necessary to prevent double compensation for the same disbursements.  Because the Trustee is administering the FSS Assets in connection with the Jones estate's ownership of the membership interests in FSS, the services rendered by the Trustee will benefit the Jones estate, FSS, and their creditors—many of which are overlapping.  The sale of the FSS Assets is therefore to the benefit of all relevant stakeholders.

41.     Likewise, pursuant to section 105(a) and section 328 of the Bankruptcy Code, the Trustee should be authorized to pay professional compensation and reimbursement of expenses incurred by the Trustee's professionals advising the Trustee on the sale of the FSS Assets to the extent those fees are allocable, in the Trustee's discretion, to the FSS sale process, with the amounts so paid credited against any approved fees in the chapter 7 case to the extent necessary to prevent double compensation for the same work.  Fairness requires that the benefits provided to FSS in connection with the marketing, auction, and sale of the FSS Assets by the Trustee's professionals be compensated from the proceeds of the FSS Assets.

### V.  The Form and Manner of the Sale Notice Should Be Approved.

42.     Pursuant to Bankruptcy Rule 2002(a), to the extent applicable to the sale of the FSS Assets, the Trustee is required to provide creditors with 21-days' notice of a hearing where the Trustee will seek to use, lease, or sell property of the estate outside the ordinary course of business.

17

15511564

Bankruptcy Rule 2002(c) requires any such notice to include the time and place of the auction and the hearing and the deadline for filing any objections to the relief requested therein. As required under Bankruptcy Rule 2002(b), to the extent applicable, the Trustee seeks approval of the Sale Notice as proper notice of the Auctions. Notice of this Motion and the related hearing to consider entry of the Proposed Order, coupled with service of the Sale Notice, as provided for herein, constitutes good and adequate notice of the Auctions and the proceedings with respect thereto in compliance with, and satisfaction of, the applicable requirements of Bankruptcy Rule 2002. The Trustee requests that this Court approve the form and manner of the Sale Notice.

### **WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)**

43.     To implement the foregoing successfully, the Trustee requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Trustee has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### **NOTICE**

44.     The Trustee will provide notice of this Motion to the following parties or their counsel: (a) the United States Trustee for the Southern District of Texas; (b) counsel for the Debtor; (c) counsel for the Sandy Hook Families; (d) the holders of the 20 largest unsecured claims against the Debtor; (e) the Office of the United States Attorney for the Southern District of Texas; (f) the Texas state attorney general; (g) the Internal Revenue Service; (h) all known holders of liens, encumbrances, and other claims secured by the Assets; (i) all known creditors of FSS; (j) each governmental agency that is an interested party with respect to the Sale and transactions proposed thereunder; (k) any party that has requested notice pursuant to Bankruptcy

18

Rule 2002; and (l) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).  In light of the nature of the relief requested, no further notice is required.

## <u>CONCLUSION</u>

WHEREFORE, the Trustee respectfully request entry of the Proposed Order authorizing the Trustee to wind down FSS and in connection therewith: (i) authorizing and approving the auction and sale of the non-cash assets of FSS free and clear of all liens, claims and encumbrances, and (ii) granting such other and further relief as may be just and proper.

[*Remainder of Page Intentionally Blank*]

15511564

Dated: August 22, 2024
Houston, Texas

Respectfully submitted,

By: */s/ Joshua W. Wolfshohl*
    Joshua W. Wolfshohl (Bar No. 24038592)
    Michael B. Dearman (Bar No. 24116270)
    Jordan T. Stevens (Bar No. 24106467)
    Kenesha L. Starling (Bar No.24114906)
    **PORTER HEDGES LLP**
    1000 Main Street, 36th Floor
    Houston, Texas 77002
    Telephone: (713) 226-6000
    Facsimile: (713) 226-6248
    jwolfshohl@porterhedges.com
    mdearman@porterhedges.com
    jstevens@porterhedges.com
    kstarling@porterhedges.com

    *and*

    Erin E. Jones (TX 24032478)
    **JONES MURRAY LLP**
    602 Sawyer Street, Suite 400
    Houston, Texas 77007
    Telephone: (832) 529-1999
    Fax: (832) 529-3393
    erin@jonesmurray.com

    *Counsel for Christopher R. Murray, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing document was served on August 22, 2024 on all parties receiving ECF service in the above-captioned case and by U.S. First-Class Mail, postage prepaid on the attached service list.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

15511564

```
Label Matrix for local noticing        AXOS Bank                            Ally Bank
0541-4                                  c/o Quilling Selander Lownds         c/o Quilling, Selander, et al
Case 22-60043                           2001 Bryan Street                    2001 Bryan Street
Southern District of Texas              Suite 1800                           Suite 1800
Houston                                 Dallas, TX 75201-3070                Dallas, TX 75201-3070
Fri Aug 16 12:29:57 CDT 2024

Ally Bank, c/o AIS Portfolio Services, LLC    American Express National Bank       Elevated Solutions Group, LLC
4515 N Santa Fe Ave. Dept. APS          c/o Becket and Lee LLP               c/o Walker & Patterson, P.C.
Oklahoma City, OK 73118-7901            PO Box 3001                          P.O. Box 61301
                                        Malvern, PA 19355-0701               Houston, TX 77208-1301


Free Speech Systems LLC                 Harold Hap May P.C.                  Official Committee of Unsecured Creditors of
3019 Alvin Devane Blvd. STE 300         1500 S. Dairy Ashford Rd.            c/o Marty L. Brimmage, Jr.
Austin, TX 78741-7417                   Ste. 325                             Akin Gump Strauss Hauer & Feld LLP
                                        Houston, TX 77077-3861               2300 N. Field Street, Suite 1800
                                                                             Dallas, TX 75201-4675


PQPR Holdings Limited, LLC              Reeves Law, PLLC                     Reynal Law Firm, P.C.
c/o Streusand Landon Ozburn & Lemmon LLP     702 Rio Grande St., Ste. 203         917 Franklin St., Suite 600
attn: Stephen Lemmon                    Austin, TX 78701-2720                Houston, TX 77002-1764
1801 S. Mopac Expressway
Suite 320
Austin, TX 78746-9817

Security Bank of Crawford               Shannon & Lee LLP                    Texas Comptroller of Public Accounts, Revenu
P.O. BOx 90                             700 Milam Street, STE 1300           Christopher J. Dylla
Crawford, Tx 76638-0090                 Houston, TX 77002-2736               P.O. Box 12548
                                                                             Austin, TX 78711-2548


Texas Comptroller of Public Accounts, Revenu    Travis County                        US Trustee
Kimberly A. Walsh                       c/o Jason A. Starks                  Office of the US Trustee
PO Box 12548                            P.O. Box 1748                        515 Rusk Ave
Austin, TX 78711-2548                   Austin, TX 78767-1748                Ste 3516
                                                                             Houston, TX 77002-2604

4                                       ADP Total Source Insurance           ADP TotalSource Payroll
United States Bankruptcy Court          10200 Sunset Drive                   10200 Sunset Drive
PO Box 61010                            Miami, FL 33173-3033                 Miami, FL 33173-3033
Houston, TX 77208-1010


AT&T                                    AWIO Web Services LLC                Addshoppers, Inc
PO Box 5001                             6608 Truxton Ln                      222 S. Church Street , #410M
Carol Stream, IL 60197-5001            Raleigh, NC 27616-6694               Charlotte, NC 28202-3213


Airco Mechanical, LTD                   Alex E. Jones                        Alex Emeric Jones
PO Box 1598                             c/o Jordan & Ortiz, P.C.             c/o Jordan & Ortiz, P.C.
Round Rock, TX 78680-1598               Attn: Shelby Jordan                  Attention: Shelby Jordan
                                        500 North Shoreline Blvd, STE 900    500 N. Shoreline Blvd., Suite 900
                                        Corpus Christi, TX 78401-0658        Corpus Christi, TX 78401-0658


Ally Auto                               Amazon Marketplace                   Amazon Web Services
PO Box 9001948                          Amazon Payments, Inc.                410 Terry Avenue North
Louisville, KY 40290-1948               410 Terry Ave N.                     Seattle, WA 98109-5210
                                        Seattle, WA 98109-5210
```

American Express
PO Box 650448
Dallas, TX 75265-0448

American Media/Reality Zone
PO Box 4646
Thousand Oaks, CA 91359-1646

Andrews, Christopher
210 N. Beyer Stree
Marion, TX 78124-4014

Atomial, LLC
1920 E. Riverside Drive
Suite A-120 #124
Austin, TX 78741-1350

Auriam Services, LLC
c/o Lynn Hamilton Butler
Husch Blackwell LLP
111 Congress Avenue, Suite 1400
Austin, TX 78701-4093

Balcones Recycling Inc.
PO Box 679912
Dallas, TX 75267-9916

Biodec, LLC
901 S. Mopac Expressway, Building 4, Ste
Austin, TX 78746-5776

Blott, Jacquelyn
200 University Boulevard
Suite 225 #251
Round Rock TX 78665-1096

Brennan Gilmore
c/o Civil Rights Clinic
ATTN: Andrew Mendrala
600 New Jersey Avenue, NW
Washington, DC 20001-2022

Campco
4625 W. Jefferson Blvd
Los Angeles, CA 90016-4006

Carlee Soto Parisi
c/o Kyle Kimpler
Paul Weiss Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6031

Carlee Soto Parisi
c/o Ryan Chapple
303 Colorado Street, Suite 2850
Austin TX 78701-0137

Carlos M. Soto
c/o Kyle Kimpler
Paul Weiss Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6031

Carlos Soto
c/o Ryan Chapple
303 Colorado Street, Ste. 2850
Austin, TX 78701-0137

Chelsea Green Publishing
85 North Main Street Ste 120
White River Junction, VT 05001-7135

Christopher Sadowski
c/o Copycat Legal PLLC
3111 N. University Drive Ste. 301
Coral Springs, FL 33065-5058

(p)CITY OF AUSTIN   AUSTIN ENERGY
ATTN COLLECTIONS DEPARTMENT
4815 MUELLER BLVD
AUSTIN TX 78723-3573

Cloudflare, Inc
Dept LA 24609
Pasadena, CA 91185-4609

Comptroller of Public Accounts
C/O Office of the Attorney General
Bankruptcy - Collections Division MC-008
PO Box 12548
Austin TX  78711-2548

Constant Contact, Inc.
1601 Trapelo Road
Watham, MA 02451-7357

CustomTattooNow.com
16107 Kensington Dr #172
Sugar Land, TX 77479-4224

David Icke Books Limited
c/o Ickonic Enterprises Limited
St. Helen's House King Street
Derby DE1 3EE
United Kingdom

David Wheeler
c/o Kyle Kimpler
Paul Weiss Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6031

David Wheeler
c/o Ryan Chapple
303 Colorado Street, Suite 2850
Austin TX 78701-0137

(p)DE LAGE LANDEN FINANCIAL
ATTN LITIGATION & RECOVERY
1111 OLD EAGLE SCHOOL ROAD
WAYNE PA 19087-1453

Deese, Stetson
328 Greenland Blvd. #81
Death Valley, CA 92328-9600

DirectTV
PO Box 5006
Carol Stream, IL 60197-5006

Dona Soto
c/o Ryan Chapple
303 Colorado Street, Suite 2850
Austin TX 78701-0137

Donna Soto
c/o Kyle Kimpler
Paul Weiss Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6031

EPS, LLC
17350 State Hwy 249, Ste 220, #4331
Houston, TX 77064-1132

ERM Protect
800 South Douglas Road, Suite 940N
Coral Gables, FL 33134-3125

Edgecast, Inc.
Dept CH 18120
Palatine, IL 60055-0001

Elevated Solutions Group
28 Maplewood Drive
Cos Cob, CT 06807-2601

Erica L. Ash
c/o Rosemarie Paine
350 Orange Street
New Haven, CT 06511-6447

Erica L. Ash
c/o Ryan Chapple
Cain & Skarnulis PLLC
303 Colorado St., Suite 2850
Austin, Texas 78701-0137

Erica Lafferty
c/o Joseph Mirrione
27 Elm Street
New Haven, CT 06510-2087

Estate of Marcel Fontaine
Chamberlain Hrdlicka
attn? Jarrod B. Martin
1200 Smith, Suite 1400
Houston TX 77002-4496

FW Robert Broadcasting Co
2730 Loumor Ave
Metairie, LA 70001-5425

Francine Wheeler
c/o Kyle Kimpler
Paul Weiss Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6031

Francine Wheeler
c/o Ryan Chapple
303 Colorado Street
Suite 2850
Austin, TX 78701-0137

Frost Insurance Agency
401 Congress Avenue, 14th Floor
Austin ,TX 78701-3793

Gabriela Tolentino
5701 S Mopac Expy
Austin, TX 78749-1464

Getty Images, Inc
PO Box 953604
St. Louis, MO 63195-3604

Gracenote
29421 Network Place
Chicago, IL 60673-1294

Greenair, Inc
23569 Center Ridge Road
Westlake, OH 44145-3642

Haivision Network Video
Deot CH 19848
Palatine, IL 60055-9848

Ian Hockley
Ryan Chapple
303 Colorado Street
Suite 2850
Austin, TX 78701-0137

Ian Hockley
c/o Kyle Kimpler
Paul Weiss Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6031

Impact Fire Services, LLC
PO Box 735063
Dallas, TX 75373-5063

Independent Publishers Group
PO Box 2154
Bedford Park, IL 60499-2154

Iron Mountain, Inc
PO Box 915004
Dallas, TX 75391-5004

JCE SEO
6101 Broadway
San Antonio, TX 78209-4561

JW JIB Productions, LLC
2921 Carvelle Drive
Riviera Beach, FL 33404-1855

Jacqueline Barden
c/o Kyle Kimpler
Paul Weiss Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6031

Jacqueline Barden
c/o Ryan Chapple
303 Colorado Street, Suite 2850
Austin TX 78701-0137

Jennifer Hensel
c/o Kyle Kimpler
Paul Weiss Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6031

Jennifer Hensel
c/o Ryan Chapple
303 Colorado Street, Suite 2850
Austin TX 78701-0137

Jeremy Richman
c/o Koskoff Koskoff & Bieder
350 Fairfield Ave
Bridgeport, CT 06604-6014

Jillian Soto-Marino
c/o Kyle Kimpler
Paul Weiss Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6031

Jillian Soto-Marino
c/o Ryan Chapple
303 Colorado Street, Suite 2850
Austin TX 78701-0137

Jonathan Bowne
2311 Balboa Road
Austin, Texas 78733-1213

Justin Lair
1313 Lookout Ave
Klamath Falls, OR 97601-6533

KI4U.com
212 Oil Patch Lane
Gonzales, TX 78629-8028

LIT Industrial
1717 McKinney Ave #1900
Dallas, TX 75202-1253

Larry Klayman, Esq.
7050 W. Palmetto Park Rd
Boca Raton, FL 33433-3426

Leonard Pozner
c/o Chamberlain Hrdlicka
attn: Jarrod B. Martin
1200 Smith, Suite 1400
Houston TX 77002-4496

Lincoln-Remi Group, LLC
1200 Benstein Rd.
Commerce Twp., MI 48390-2200

Logo It, LLC
820 Tivy Street
Kerrville, TX 78028-3654

Lumen/Level 3 Communications
PO Box 910182
Denver, CO 80291-0182

MRJR Holdings, LLC
PO Box 27740
Las Vegas, NV 89126-7740

MVD Entertainment Group
203 Windsor Rd
Pottstown, PA 19464-3405

Magento
PO Box 204125
Dallas, TX 75320-4105

Mark Barden
c/o Kyle Kimpler
Paul Weiss Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6031

Mark Barden
c/o Ryan Chapple
303 Colorado Street, Suite 2850
Austin Tx 78701-0137

Microsoft Bing Ads
c/o Microsoft Online, Inc.
P.O. Box 847543
1950 N Stemmons Fwy, Ste 5010
Dallas, TX 75207-3199

Miller, Sean
PO Box 763
Wyalusing, PA 18853-0763

Music Videos Distributors
203 Windsor Rd
Pottstown, PA 19464-3405

Neil Heslin
c/o Chamberlain Hrdlicka
Attn: Jarrod B. Martin
1200 Smith, Suite 1400
Houston TX 77002-4496

NetSuite Inc
Bank of America Lockbox Services
Chicago, IL 60693-0001

New Relic
188 Spear Street, Suite 1200
San Francisco, CA 94105-1752

Newegg.com
9997E. Rose Hills Road
Whittier, CA 90601-1701

Nicole Hockley
c/o Kyle Kimpler
Paul Weiss Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6031

Nicole Hockley
c/o Ryan Chapple
303 Colorado Street, Suite 2850
Austin TX 78701-0137

One Party America, LLC
6700 Woodlands Parkway, Suite 230-309
The Woodlands, TX 77382-2575

Orkin, Inc.
5810 Trade Center Drive, Suite 300
Austin, TX 78744-1365

PQPR Holdings Limited, LLC
c/o Stephen Lemmon
1801 S. Mopac Expressway
Suite 320
Austin, TX 78746-9817

Pattison Law Firm, P.C.
501 IH-35
Austin, TX 78702-3201

Payarc
411 West Putnam Avenue, Ste 340
Greenwich, CT 06830-6233

Paymentus
18390 NE 68th St
Redmond, WA 98052-5057

Paz Law, LLC
1021 Orange Center Road
Orange, CT 06477-1216

Percision Oxygen
13807 Thermal Dr
Austin, TX 78728-7735

Perfect Imprints.com
709 Eglin Pkwy NE
Fort Walton Beach, FL 32547-2527

Perkins, Wes
General Delivery
Lockhart, TX 78644-9999


Pipe Hitters Union, LLC
PO Box 341194
Austin, TX 78734-0020

Post Hill Press, LLC
8115 Isabella Lane, Ste. 4
Brentwood, TN 37027-9110

Poulsen, Debra
112 Eames St.
Elkhorn, WI 53121-1228


Power Reviews, Inc.
1 N. Dearborn Street
Chicago, IL 60602-4331

Precision Camera
2438 W Anderson Ln
Austin, TX 78757-1149

Private Jets, LLC
1250 E. Hallandale Beach Blvd, Suite 505
Hallandale, FL 33009-4635


Protection 1 Alarm
PO Box 219044
Kansas City, MO 64121-9044

Public Storage
2301 E. Ben White Blvd
Austin, TX 78741-7110

Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06604-4988


Randazza Legal Group, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
702-420-2001
ecf@randazza.com 89117-3400

RatsMedical.com
c/o Rapid Medical
120 N Redwood Rd
North Salt Lake, UT 84054-2792

Ready Alliance Group, Inc
PO Box 1709
Sandpoint, ID 83864-0901


Reeves Law, PLLC
Attn: Bradley Reeves
702 Rio Grande St., Suite 203
Austin, TX 78701-2720

Renaissance
PO Box 8036
Wisconsin Rapids, WI 54495-8036

Restore America
PO Box 147
Grimsley, TN 38565-0147


Richard Coan,
Chapter 7 Trustee for Debtor, Erica Laff
c/o Eric Henzy
10 Middle Street
Bridgeport, CT 06604-4257

Robert Parker
c/o  Ryan Chapple
303 Colorado Street, Suite 2850
Austin TX 78701-0137

Robert Parker
c/o Kyle Kimpler
Paul Weiss Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6031


SLNT
30 N Gould St, Ste 20647
Sheridan, WY 82801-6317

Scarlett Lewis
c/o Chamberlain Hrdlicka
Attn:  Jarrod B. Martin
1200 Smith, Suite 1400
Houston TX 77002-4496

Security Bank of Crawford
6688 North Lone Star Parkway
PO Box 90
Crawford, TX 76638-0090


Simon & Schuster
PO Box 70660
Chicago, IL 60673-0660

SintecMedia NYC, Inc. DBA Operative
PO Box 200663
Pittsburgh, PA 15251-2662

Skousen, Joel
PO Box 565
Spring City, UT 84662-0565


Skyhorse Publishing
307 West 36th Street, 11th Floor
New York, NY 10018-6592

Sparkletts & Sierra Springs
PO Box 660579
Dallas, TX 75266-0579

Spectrum Enterprise aka Time Warner Cable
1600 Dublin Road
Columbus, OH 43215-2098

Stamps.com
1990 E Grand Ave.
El Segundo, CA 90245-5013

Stone Edge Technologies, Inc
660 American Avenue, Suite 204
King of Prussia, PA 19406-4032

Stratus Technologies
5 Mill & Main Place, Suite 500
Maynard, MA 01754-2660

Studio 2426, LLC
1920 E. Riverside Drive, Suite A120, ï¿½
Austin, TX 78741-1350

Synergy North America, Inc
 11001 W. 120th Avenue, Suite 400
Broomfield, CO 80021-3493

TD Canada Trust
 421 7th Avenue SW
Calgary, AB T2P 4K9, Canada

Texas Comptroller
PO Box 13003
Austin, TX 78711-3003

Texas Disposal Systems, Inc
PO Box 674090
Dallas, TX 75267-4090

Texas Gas Service
PO Box 219913
Kansas City, MO 64121-9913

Textedly
133 N. Citrus Ave., Suite 202
Los Angeles, CA 90036

The Creative Group
c/o Robert Half
2884 Sand Hill Road, Ste 200
Menlo Park, CA 94025-7072

The Hartford
PO Box 14219
Lexington, KY 40512-4219

The Steam Team, Inc
1904 W. Koeing Lane
Austin, TX 78756-1211

Third Coast Graphics, Inc
110 Del Monte Dr.
Friendswood, TX 77546-4487

Thomas, David
79 Malone Hill Road
Elma, WA 98541-9206

Travelers
PO Box 660317
Dallas, TX 75266-0317

Travis County
PO Box 149328
Austin, TX 78714-9328

Travis County c/o Jason A. Starks
PO Box 1748
Austin, Texas 78767-1748

U.S. Legal Support
PO Box 4772
Houston, TX 77210-4772

Uline Shipping Supply
12575 Uline Drive
Pleasant Prarie, WI 53158-3686

Vazquez, Valdemar Rodriguez
145 Quail Ridge Drive
Kyle TX 78640-9788

Verizon
PO Box 660108
Dallas, TX 75266-0108

Verizon Edgecast
13031 West Jefferson Blvd, Building 900
Los Angeles, CA 90094-7002

Veronique De La Rosa
c/o Chamberlain Hrdlicka
attn:  Jarrod B. Martin
1200 Smith, Suite 1400
Houston TX 77002-4496

Vultr
14 Cliffwood Avenue, Suite 300
Matawan, NJ 07747-3931

WMQM-AM 1600
21 Stephen Hill Road
Atoka, TN 38004-7183

WWCR
1300 WWCR Avenue
Nashville, TN 37218-3800

Waste Connections Lone Star, Inc.
PO Box 17608
Austin, TX 78760-7608

Water Event - Pure Water Solutions
1310 Missouri St
South Houston, TX 77587-4537

Watson, Paul
9 Riverdale Road
Ranmoor Sheffield
South Yorkshire S10 3FA
United Kingdom

Westwood One, LLC
3542 Momentum Place
Chicago, IL 60689-5335

William Aldenberg
c/o Kyle Kimpler
Paul Weiss Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6031

William Aldenberg
c/o Ryan Chapple
303 Colorado Street, Ste 2850
Austin, TX 78701-0137

William Sherlach
c/o Kyle Kimpler
Paul Weiss Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6031

William Sherlach
c/o Ryan Chapple
303 Colorado Stret, Suite 2850
Austin TX 78701-0137

Willow Grove Productions
1810 Rockcliff Road
Austin, TX 78746-1215

Wisconsin Dept of Revenue
Special Procedures Unit
POB 8901
Madison, WI 53708-8901

Wisconsin Dept. of Revenue
PO Box 3028
Milwaukee, WI 53201-3028

Your Promtional Products, LLC
133 North Friendswood STE 186
Friendswood, TX 77546-3746

Zendesk, Inc
989 Market Street
San Francisco, CA 94103-1708

Zoom US
55 Almaden Blvd, 6th Floor
San Jose, CA 95113-1608

eBay
2025 Hamilton Avenue
San Jose, CA 95125-5904

eCommerce CDN, LLC
221 E 63rd Street
Savannah, GA 31405-4226

mongoDB Cloud
1633 Broadway
39th Floor
New York, NY 10019-6757

Alex E Jones
c/o Jordan & Ortiz PC
500 N Shoreline Blvd
Ste 900
Corpus Christi, TX 78401-0658

Annie E Catmull
O'ConnorWechsler PLLC
4400 Post Oak Parkway
Ste. 2360
Houston, TX 77027-3440

Christina Walton Stephenson
Crowe & Dunlevy
2525 McKinnon St.
Ste 425
Dallas, TX 75201-1543

Christopher R Murray
Jones Murray LLP
602 Sawyer St
Ste 400
Houston, TX 77007-7510

David Wheeler, et al.
c/o Cain & Skarnulis PLLC
303 Colorado Street
Suite 2850
Austin, TX 78701-0137

Erica L. Ash
c/o Cain & Skarnulis PLLC
303 Colorado Street
Suite 2850
Austin, TX 78701-0137

Jonathan Bowne
2311 Balboa Road
Houston, TX 78733-1213

Kathleen A. O'Connor
O'ConnorWechsler PLLC
4400 Post Oak Parkway
Ste 2360
Houston, TX 77027-3440

Kyung Shik Lee
Kyung S. Lee PLLC
4723 Oakshire Drive
Apt. B
Houston, TX 77027-5499

Kyung Shik Lee
Shannon & Lee LLP
Pennzoil Place-Suite 1300
HOUSTON, TX 77027 United States

Leonard Pozner
c/o McDowell Hetherington LLP
Attention: Avi Moshenberg
1001 Fannin Street
Suite 2700
Houston, TX 77002-6774

Marcel Fontaine
c/o McDowell Hetherington LLP
Attention: Avi Moshenberg
1001 Fannin
Suite 2700
Houston, TX 77002-6774

Melissa A Haselden
Haselden Farrow PLLC
Pennzoil Place
700 Milam
Suite 1300
Houston, TX 77002-2736

Neil Heslin
c/o McDowell Hetherington LLP
Attention: Avi Moshenberg
1001 Fannin Street
Suite 2700
Houston, TX 77002-6774

R. J. Shannon
Shannon & Lee LLP
2100 Travis Street, STE 1525
Houston, TX 77002-8783

Ray Battaglia
66 Granburg Circle
San Antonio, TX 78218-3010

Raymond William Battaglia
Law Offices of Ray Battaglia, PLLC
66 Granburg Circle
San Antonio, TX 78218-3010

Richard M. Coan
c/o Cain & Skarnulis PLLC
303 Colorado Street
Suite 2850
Austin, TX 78701-0137

Scarlett Lewis
c/o McDowell Hetherington LLP
Attention: Avi Moshenberg
1001 Fannin Street
Suite 2700
Houston, TX 77002-6774

Shelby A Jordan

Veronique De La Rosa
c/o McDowell Hetherington LLP
Attention: Avi Moshenberg
1001 Fannin Street
Suite 2700
Houston, TX 77002-6774

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g) (4).

City of Austin
c/o Austin Energy
 4815 Mueller Blvd.
Austin, TX 78723

De Lage Landen Financial Services, Inc.
1111 Old Eagle School Road
Wayne, PA  190087

(d)Konica Minolta Premier Finance
PO Box 41602
Philadelphia, PA 19101-1602

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)ADP TotalSource, Inc.

(u)Akin Gump Strauss Hauer & Feld LLP

(u)Cicack Holdings, LLC

(u)O'ConnorWechsler PLLC

(u)Public Storage

(u)Schwartz Associates, LLC

(u)Schwartz and Associates, LLC

(u)Sweetwater Holdings Group, Inc.

(u)The Law Office of Liz Freeman

(d)Ally Bank c/o AIS Portfolio Services, LLC
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

(d)American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

(u)Resistance Manifesto

(u)Annie Catmull

(u)Charles Charlie Cicack

(u)David Ross Jones

(u)Marc Schwartz

(u)W. Marc Schwartz

End of Label Matrix
Mailable recipients       214
Bypassed recipients        17
Total                     231

Label Matrix for local noticing
0541-4
Case 22-33553
Southern District of Texas
Houston
Wed Aug 21 20:24:12 CDT 2024

Ally Bank
c/o Quilling, Selander, et al
2001 Bryan Street
Suite 1800
Dallas, TX 75201-3070

Ally Bank, c/o AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Bank of America N.A.
P.O. BOX 31785
Tampa, FL 33631-3785

Crowe & Dunlevy
2525 McKinnon St
Suite 425
Dallas, TX 75201-1543

Elevated Solutions Group, LLC
c/o Walker & Patterson, P.C.
P.O. Box 61301
Houston, TX 77208-1301

Free Speech Systems, LLC
Free Speech Systems, LLC
c/o Patrick Magill
3019 Alvin Devane Blvd.
Ste 300
Austin,, TX 78741-7417

Jones Murray LLP
602 Sawyer Suite 400
Houston, Tx 77007-7510

Martin, Disiere, Jefferson & Wisdom, LLP
808 Travis, Suite 1100
Houston, TX 77002-5831

Official Committee Of Unsecured Creditors
c/o Marty L. Brimmage, Jr.
Akin Gump Strauss Hauer & Feld LLP
2300 N. Field Street, Suite 1800
Dallas, TX 75201-4675

PQPR Holdings Limited, LLC
c/o Streusand Landon Ozburn & Lemmon LLP
attn: Stephen Lemmon
1801 S. Mopac Expressway
Suite 320
Austin, TX 78746-9817

Reeves Law, PLLC
702 Rio Grande St., Suite 203
Austin, TX 78701-2720

Reynal Law Firm, P.C.
917 Franklin St., Suite 600
Houston, TX 77002-1764

Security Bank of Texas
P.O. Box 90
Crawford, Tx 76638-0090

Travis County
c/o Jason A. Starks
P.O. Box 1748
Austin, TX 78767-1748

4
United States Bankruptcy Court
PO Box 61010
Houston, TX 77208-1010

ADP Total Source Insurance
10200 Sunset Drive
Miami, FL 33173-3033

ADP TotalSource Payroll
10200 Sunset Drive
Miami, FL 33173-3033

AT&T
PO Box 5001
Carol Stream, IL 60197-5001

AWIO Web Services LLC
6608 Truxton Ln
Raleigh, NC 27616-6694

Addshoppers, Inc
222 S. Church Street , #410M
Charlotte, NC 28202-3213

Airco Mechanical, LTD
PO Box 1598
Round Rock, TX 78680-1598

Alex  E. Jones
c/o Crowe & Dunlevy, PC
Attn: Vickie L. Driver
2525 McKinnon Street, Ste 425
Dallas, TX 75201-1543

Alex E. Jones
c/o Jordan & Ortiz, PC
Attn: Shelby Jordan
500 North Shoreline Blvd, Ste 900
Corpus Christi, TX  78401-0658

Ally Auto
PO Box 9001948
Louisville, KY 40290-1948

Amazon Marketplace
Amazon Payments, Inc.
410 Terry Ave N.
Seattle, WA 98109-5210

Amazon Web Services
410 Terry Avenue North
Seattle, WA 98109-5210

American Express
PO Box 650448
Dallas, TX 75265-0448

American Media/Reality Zone
PO Box 4646
Thousand Oaks, CA 91359-1646

Andrews, Christopher
210 N. Beyer Street
Marion, TX 78124-4014

Atomial, LLC
1920 E. Riverside Drive
Suite A-120 #124
Austin, TX 78741-1350

Balcones Recycling Inc.
PO Box 679912
Dallas, TX 75267-9916

Biodec, LLC
901 S. Mopac Expressway,
Building 4, Ste 285
Austin, TX 78746-5776

Blott, Jacquelyn
200 University Boulevard
Suite 225 #251
Round Rock TX 78665-1096

Brennan Gilmore
c/o Civil Rights Clinic
Attn Andrew Mendrala
600 New Jersey Avenue, NW
Washington, DC 20001-2022

Campco
4625 W. Jefferson Blvd
Los Angeles, CA 90016-4006

Carlee Soto-Parisi
c/o Ryan Chapple
Cain & Skarnulis
303 Colorado Street, Ste 2850
Austin, TX 78701-0137

Carlos Soto
c/o Ryan Chapple
Cain & Skarnulis
303 Colorado Street, Ste 2850
Austin, TX 78701-0137

Chamberlain Hrdlicka White et al
Attn Jarrod B. Martin
1200 Smith Street, Ste 1400
Houston, TX 77002-4496

Chelsea Green Publishing
85 North Main Street Ste 120
White River Junction, VT 05001-7135

Christopher Sadowski
c/o Copycat Legal PLLC
3111 N. University Drive Ste. 301
Coral Springs, FL 33065-5058

City of Austin
c/o Austin Energy
4815 Muller
Austin, TX 78723

Cloudflare, Inc
Dept LA 24609
Pasadena, CA 91185-4609

Constant Contact, Inc.
1601 Trapelo Road
Watham, MA 02451-7357

CustomTattooNow.com
16107 Kensington Dr #172
Sugar Land, TX 77479-4224

David Icke Books Limited
c/o Ickonic Enterprises Limited
St. Helen's House King Street
Derby DE1 3EE
United Kingdom

De Lage  Financial
Attn Litigation & Recovery
111 Old Eagle School Road
Wayne, PA 19087-1453

Deese, Stetson
328 Greenland Blvd. #81
Death Valley, CA 92328-9600

DirectTV
PO Box 006
Carol Stream, IL 60197

Donna Soto
c/o Ryan Chapple
Cain & Skarnulis
303 Colorado Street, Ste 2850
Austin, TX 78701-0137

EPS, LLC
17350 State Hwy 249, Ste 220, #4331
Houston, TX 77064-1132

ERM Protect
800 South Douglas Road, Suite 940N
Coral Gables, FL 33134-3125

Edgecast, Inc.
Dept CH 18120
Palatine, IL 60055-0001

Elevated Solutions Group
28 Maplewood Drive
Cos Cob, CT 06807-2601

Erica L. Ash
c/o Ryan Chapple
Cain & Skarnulis PLLC
303 Colorado St., Suite 2850
Austin, Texas 78701-0137

Erica Lafferty
c/o Rosemarie Paine
350 Orange Street
New Haven, CT 06511-6447

Erica Lafferty
c/o Ryan Chapple
Cain & Skarnulis
303 Colorado Street, Ste 2850
Austin, TX 78701-0137

FW Robert Broadcasting Co
2730 Loumor Ave
Metairie, LA 70001-5425

Francine Wheeler
c/o Ryan Chapple
Cain & Skarnulis
303 Colorado Street, Ste 2850
Austin, TX 78701-0137

Free Speech Systems, LLC
3019 Alvin Devane, Suite 350
Austin, Texas 78741-7424

Frost Insurance Agency
401 Congress Avenue, 14th Floor
Austin ,TX 78701-3793

Gabriela Tolentino
5701 S Mopac Expy
Austin, TX 78749-1464

Getty Images, Inc
PO Box 953604
St. Louis, MO 63195-3604

Gracenote
29421 Network Place
Chicago, IL 60673-1294

Greenair, Inc
23569 Center Ridge Road
Westlake, OH 44145-3642

Haivision Network Video
Deot CH 19848
Palatine, IL 60055-9848

Ian Hockley
c/o Ryan Chapple
Cain & Skarnulis
303 Colorado Street, Ste 2850
Austin, TX 78701-0137

Impact Fire Services, LLC
PO Box 735063
Dallas, TX 75373-5063

Independent Publishers Group
PO Box 2154
Bedford Park, IL 60499-2154

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA  19101-7346

Iron Mountain, Inc
PO Box 915004
Dallas, TX 75391-5004

JCE SEO
6101 Broadway
San Antonio, TX 78209-4561

JW JIB Productions, LLC
2921 Carvelle Drive
Riviera Beach, FL 33404-1855

Jacqueline Barden
c/o Ryan Chapple
Cain & Skarnulis
303 Colorado Street, Ste 2850
Austin, TX 78701-0137

Jennifer Hensel
c/o Ryan Chapple
Cain & Skarnulis
303 Colorado Street, Ste 2850
Austin, TX 78701-0137

Jeremy Richman
c/o Koskoff Koskoff & Bieder
350 Fairfield Ave
Bridgeport, CT 06604-6014

Jillian Soto-Marino
c/o Ryan Chapple
Cain & Skarnulis
303 Colorado Street, Ste 2850
Austin, TX 78701-0137

Justin Lair
1313 Lookout Ave
Klamath Falls, OR 97601-6533

KI4U.com
212 Oil Patch Lane
Gonzales, TX 78629-8028

Kaster Lynch Farrar & Ball
Attn Mark D. Bankston
1117 Herkimer
Houston, TX 77008-6745

(p)DE LAGE LANDEN FINANCIAL
ATTN LITIGATION & RECOVERY
1111 OLD EAGLE SCHOOL ROAD
WAYNE PA 19087-1453

Koskoff Koskoff & Bieder
Attn Alinor C. Sterling
350 Fairfield Ave
Bridgeport, CT 06604-6002

LIT Industrial
1717 McKinney Ave #1900
Dallas, TX 75202-1253

Leonard Pozner
c/o Avi Moshenberg
McDowell Hetherington
1001 Fannin Street, Ste 2700
Houston, TX 77002-6774

Lincoln-Remi Group, LLC
1200 Benstein Rd.
Commerce Twp., MI 48390-2200

Logo It, LLC
820 Tivy Street
Kerrville, TX 78028-3654

Lumen/Level 3 Communications
PO Box 910182
Denver, CO 80291-0182

MRJR Holdings, LLC
PO Box 27740
Las Vegas, NV 89126-7740

MVD Entertainment Group
203 Windsor Rd
Pottstown, PA 19464-3405

Magento
PO Box 204125
Dallas, TX 75320-4105

Mark Barden
c/o Ryan Chapple
Cain & Skarnulis
303 Colorado Street, Ste 2850
Austin, TX 78701-0137

Microsoft Bing Ads
c/o Microsoft Online, Inc.
P.O. Box 847543
1950 N Stemmons Fwy, Ste 5010
Dallas, TX 75207-3199

Miller, Sean
PO Box 763
Wyalusing, PA 18853-0763

Music Videos Distributors
203 Windsor Rd
Pottstown, PA 19464-3405

Neil Heslin
c/o Avi Moshenberg
McDowell Hetherington
1001 Fannin Street, Ste 2700
Houston, TX 77002-6774

NetSuite Inc
Bank of America Lockbox Services
Chicago, IL 60693-0001

New Relic
188 Spear Street, Suite 1200
San Francisco, CA 94105-1752

Newegg.com
9997E. Rose Hills Road
Whittier, CA 90601-1701

Nicole Hockley
c/o Ryan Chapple
Cain & Skarnulis
303 Colorado Street, Ste 2850
Austin, TX 78701-0137

One Party America, LLC
6700 Woodlands Parkway, Suite 230-309
The Woodlands, TX 77382-2575

Orkin, Inc.
5810 Trade Center Drive, Suite 300
Austin, TX 78744-1365

PQPR Holdings Limited, LLC
c/o Stephen Lemmon
1801 S. Mopac Expressway
Suite 320
Austin, TX 78746-9817

Payarc
411 West Putnam Avenue, Ste 340
Greenwich, CT 06830-6233

Paymentus
18390 NE 68th St
Redmond, WA 98052-5057

Perfect Imprints.com
709 Eglin Pkwy NE
Fort Walton Beach, FL 32547-2527

Perkins, Wes
General Delivery
Lockhart, TX 78644-9999

Pipe Hitters Union, LLC
PO Box 341194
Austin, TX 78734-0020

Post Hill Press, LLC
8115 Isabella Lane, Ste. 4
Brentwood, TN 37027-9110

Poulsen, Debra
112 Eames St.
Elkhorn, WI 53121-1228

Power Reviews, Inc.
1 N. Dearborn Street
Chicago, IL 60602-4331

Precision  Oxygen
13807 Thermal Dr
Austin, TX 78728-7735

Precision Camera
2438 W Anderson Ln
Austin, TX 78757-1149

Private Jets, LLC
1250 E. Hallandale Beach Blvd, Suite 505
Hallandale, FL 33009-4635

Protection 1 Alarm
PO Box 219044
Kansas City, MO 64121-9044

Public Storage
2301 E. Ben White Blvd
Austin, TX 78741-7110

Randazza Legal Group, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117-3400

RatsMedical.com
c/o Rapid Medical
120 N Redwood Rd
North Salt Lake, UT 84054-2792

Ready Alliance Group, Inc
PO Box 1709
Sandpoint, ID 83864-0901

Reeves Law, PLLC
Attn Bradley Reeves
702 Rio Grande St., Ste 203
Austin, TX 78701-2720

Renaissance
PO Box 8036
Wisconsin Rapids, WI 54495-8036

Restore America
PO Box 147
Grimsley, TN 38565-0147

Richard Coan
Chapter 7 Trustee for Debtor Erica Laffe
c/o Eric Henry
10 Middle Street
Bridgeport, CT  06604-4257


Robert Parker
c/o Ryan Chapple
Cain & Skarnulis
303 Colorado Street, Ste 2850
Austin, TX 78701-0137

SLNT
30 N Gould St, Ste 20647
Sheridan, WY 82801-6317

Scarlett Lewis
c/o Avi Moshenberg
McDowell Hetherington
1001 Fannin Street, Ste 2700
Houston, TX 77002-6774


Security Bank of Crawford
PO Box 90
Crawford, TX 76638-0090

Simon & Schuster
PO Box 70660
Chicago, IL 60673-0660

SintecMedia NYC, Inc. DBA Operative
PO Box 200663
Pittsburgh, PA 15251-2662


Skousen, Joel
PO Box 565
Spring City, UT 84662-0565

Skyhorse Publishing
307 West 36th Street, 11th Floor
New York, NY 10018-6592

Sparkletts & Sierra Springs
PO Box 660579
Dallas, TX 75266-0579


Spectrum Enterprise
aka Time Warner Cable
1600 Dublin Road
Columbus, OH  43215-2098

Stamps.com
1990 E Grand Ave.
El Segundo, CA 90245-5013

Stone Edge Technologies, Inc
660 American Avenue, Suite 204
King of Prussia, PA 19406-4032


Stratus Technologies
5 Mill & Main Place, Suite 500
Maynard, MA 01754-2660

Studio 2426, LLC
1920 E. Riverside Drive, Suite A120
Austin, TX 78741-1350

Synergy North America, Inc
11001 W. 120th Avenue, Suite 400
Broomfield, CO 80021-3493


TD Canada Trust
421 7th Avenue SW
Calgary, AB T2P 4K9, Canada

Texas Comptroller
PO Box 13003
Austin, TX 78711-3003

Texas Disposal Systems, Inc
PO Box 674090
Dallas, TX 75267-4090


Texas Gas Service
PO Box 219913
Kansas City, MO 64121-9913

Textedly
133 N. Citrus Ave., Suite 202
Los Angeles, CA 90036

The Creative Group
c/o Robert Half
2884 Sand Hill Road, Ste 200
Menlo Park, CA 94025-7072


The Estate of Marcel Fontaine
c/o McDowell Hetherington LLP
Attn Avi Moshenberg
100 Fannin, Ste 2700
Houston, TX 77002-1915

The Hartford
PO Box 14219
Lexington, KY 40512-4219

The Steam Team, Inc
1904 W. Koeing Lane
Austin, TX 78756-1211


Third Coast Graphics, Inc
110 Del Monte Dr.
Friendswood, TX 77546-4487

Thomas, David
79 Malone Hill Road
Elma, WA 98541-9206

Travelers
PO Box 660317
Dallas, TX 75266-0317

Travis County
PO Box 149328
Austin, TX 78714-9328

U.S. Legal Support
PO Box 4772
Houston, TX 77210-4772

U.S. Trustee's Office
515 Rusk Avenue, Suite 3516
Houston, Texas 77002-2604

US Trustee
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002-2604

Uline Shipping Supply
12575 Uline Drive
Pleasant Prarie, WI 53158-3686

Vazquez, Valdemar Rodriguez
145 Quail Ridge Drive
Kyle TX 78640-9788

Verizon
PO Box 660108
Dallas, TX 75266-0108

Verizon Edgecast
13031 West Jefferson Blvd, Bldg 900
Los Angeles, CA 90094-7002

Veronique De La Rosa
c/o Avi Moshenberg
McDowell Hetherington
1001 Fannin Street, Ste 2700
Houston, TX 77002-6774

Vultr
14 Cliffwood Avenue, Suite 300
Matawan, NJ 07747-3931

WMQM-AM 1600
21 Stephen Hill Road
Atoka, TN 38004-7183

WWCR
1300 WWCR Avenue
Nashville, TN 37218-3800

Waste Connections Lone Star, Inc.
PO Box 17608
Austin, TX 78760-7608

Water Event-Pure Water Solutions
1310 Missouri St
South Houston, TX 77587-4537

Watson, Paul
9 Riverdale Road
Ranmoor Sheffield
South Yorkshire S10 3FA
United Kingdom

Westwood One, LLC
3542 Momentum Place
Chicago, IL 60689-5335

Wheeler, David
c/o Ryan Chapple
Cain & Skarnulis
303 Colorado Street, Ste 2850
Austin, TX 78701-0137

William Aldenberg
c/o Ryan Chapple
Cain & Skarnulis
303 Colorado Street, Ste 2850
Austin, TX 78701-0137

William Sherlach
c/o Ryan Chapple
Cain & Skarnulis
303 Colorado Street, Ste 2850
Austin, TX 78701-0137

Willow Grove Productions
1810 Rockcliff Road
Austin, TX 78746-1215

Wisconsin Dept. of Revenue
PO Box 3028
Milwaukee, WI 53201-3028

Your Promotional Products, LLC
133 North Friendswood Ste 186
Friendswood, TX 77546-3746

Zendesk, Inc
989 Market Street
San Francisco, CA 94103-1708

Zoom US
55 Almaden Blvd, 6th Floor
San Jose, CA 95113-1608

eBay
2025 Hamilton Avenue
San Jose, CA 95125-5904

eCommerce CDN, LLC
221 E 63rd Street
Savannah, GA 31405-4226

mongoDB Cloud
1633 Broadway 39th Floor
New York, NY 10019-6757

Alexander E. Jones
c/o 2525 McKinnon Street
Suite 425
Dallas, TX 75201

Christina Walton Stephenson
Crowe & Dunlevy
2525 McKinnon St.
Ste 425
Dallas, TX 75201-1543

Christopher R Murray
Jones Murray LLP
602 Sawyer St
Ste 400
Houston, TX 77007-7510

```
Erica L. Ash                          Francine Wheeler                    Leonard Pozner
c/o Cain & Skarnulis PLLC             Cain & Skarnulis PLLC               c/o McDowell Hetherington LLP
303 Colorado Street                   Ryan E. Chapple                     Attention: Avi Moshenberg
Suite 2850                            303 Colorado Street                 1001 Fannin Street
Austin, TX 78701-0137                 Suite 2850                          Suite 2700
                                      Austin, TX 78701-0137               Houston, TX 77002-6774

Marcel Fontaine                       Neil Heslin                         Richard M. Coan
c/o McDowell Hetherington LLP         c/o McDowell Hetherington LLP        c/o Cain & Skarnulis PLLC
Attention: Avi Moshenberg             Attention: Avi Moshenberg           303 Colorado Street
1001 Fannin                           1001 Fannin Street                  Suite 2850
Suite 2700                            Suite 2700                          Austin, TX 78701-0137
Houston, TX 77002-6774                Houston, TX 77002-6774

Scarlett Lewis                        Shelby A Jordan                     Veronique De La Rosa
c/o McDowell Hetherington LLP         Jordan & Ortiz, PC                  c/o McDowell Hetherington LLP
Attention: Avi Moshenberg             500 N Shoreline Blvd                Attention: Avi Moshenberg
1001 Fannin Street                    Ste 804                             1001 Fannin Street
Suite 2700                            Corpus Christi, TX 78401-0335       Suite 2700
Houston, TX 77002-6774                                                    Houston, TX 77002-6774

Vickie L Driver
Crowe & Dunlevy, P.C.
2525 McKinnon St.
Ste 425
Dallas, TX 75201-1543
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Konica Minolta Premier Finance
PO Box 41602
Philadelphia, PA 19101-1602
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Akin Gump Strauss Hauer & Feld LLP      (u)Public Storage                    (d)Ally Bank
                                                                                c/o AIS Portfolio Services, LLC
                                                                                4515 N. Santa Fe Ave. Dept. APS
                                                                                Oklahoma City, OK  73118-7901


(d)American Express National Bank          (d)American Express National Bank    (d)Bank of America N.A.
c/o Becket and Lee LLP                      c/o Becket and Lee LLP               PO Box 31785
PO Box 3001                                 PO Box 3001                          Tampa, FL 33631-3785
Malvern  PA 19355-0701                      Malvern, PA 19355-0701


(d)Free Speech Systems. LLC                (u)Carlee Soto Parisi                 (u)Carlos M Soto
3019 Alvin Devane, Suite 350
Austin, Texas 78741-7424
```

(u)David Wheeler

(u)David Ross Jones

(u)Donna Soto

(u)Ian Hockley

(u)Jacqueline Barden

(u)Jennifer Hensel

(u)Jillian Soto-Marino

(u)Mark Barden

(u)Nicole Hockley

(u)Robert Parker

(u)William Aldenberg

(u)William Sherlach

End of Label Matrix
Mailable recipients    189
Bypassed recipients     21
Total                  210

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| § | |
| **In re:** | § **Chapter 7** |
| § | |
| **ALEXANDER E. JONES,** | § **Case No. 22-33553 (CML)** |
| § | |
| **Debtor.** | § |
| § | |

## ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE WINDDOWN OF FREE SPEECH SYSTEMS, LLC
### [Related to Docket No. _____]

Upon the motion (the "***Motion***")[1] of the Trustee for entry of an order (this "***Order***"), authorizing the winddown of Free Speech Systems, LLC ("***FSS***"), including (i) authorizing and approving the auction and sale of the non-cash assets of FSS free and clear of all liens, claims and encumbrances; and (ii) granting related relief as more fully set forth in the Motion, including, but not limited to (a) establishing certain dates and deadlines in connection with the Auctions and (b) approving the Sale Notice, substantially in the form attached hereto as **Exhibit 1**; and the Court having reviewed any evidence in support of the Motion; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "***Hearing***"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the Motion having been withdrawn with prejudice or overruled on the merits at the Hearing; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

15516061

**THE COURT HEREBY FINDS AS FOLLOWS**:[2]

A. **Jurisdiction and Venue**. The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334, and venue is proper before this Court pursuant to 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

B. **Bases for Relief**. The bases for the relief requested in the Motion are sections 105, 326, 363, 503, 506, 507, and 704 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 6004, 9007, and 9014, and Bankruptcy Local Rule 9013-1.

C. **Notice of the Motion**. Good and sufficient notice of the Motion and the relief sought in the Motion has been given under the circumstances, and no other or further notice is required except as set forth herein. The notice of the Motion and of the Hearing is reasonable and sufficient in light of the circumstances and nature of the relief requested in the Motion, and no other or further notice of the Motion or the Hearing is necessary. A reasonable and fair opportunity to object to the Motion and the relief granted in this Order has been afforded under the circumstances.

D. **Auctions and Sale**. The Trustee has articulated good and sufficient reasons for authorizing and approving the Auctions and Sales of the FSS Assets. The proposed Auctions are fair, reasonable, and appropriate under the circumstances and designed to maximize value for the benefit of the Debtor's estate, FSS's creditors, and other parties in interest. The Trustee, with the assistance of his advisors, is engaged in a fulsome marketing and sale process to solicit and develop the highest or otherwise best offer for the IP Assets and the Remaining Assets. The Auctions are designed to enhance that marketing and sale process following entry of this Order. The Trustee is

---

[2] The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052 made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such.

2

entitled to authorization to exercise and has exercised his reasonable business judgment in connection with the Auctions and the Sales of the FSS Assets.

      E.    **Payment from Sale Proceeds of Sale-Related Administrative Expenses**. Tranzon360's Commission and Reimbursement are actual and necessary costs and expenses of preserving the Debtor's estate under 11 U.S.C. § 503(b)(1)(A) and should be approved and authorized to be paid from the proceeds of the Sales upon closing.  If it is later determined by this Court that PQPR holds valid and enforceable liens on the Assets, pursuant to 11 U.S.C. § 506(c), (i) the Commission and Reimbursement are necessary to preserve and dispose of the Assets, (ii) the Commission and Reimbursement are reasonable, and (iii) the Commission and Reimbursement have provided a benefit to PQPR, to the extent of its alleged liens, as a result of the services provided by Tranzon360 to the Trustee, the Debtor's estate and FSS.  Compensation and reimbursement of expenses incurred by professionals employed by the Trustee in connection with the Sales of the FSS Assets is reasonable and justified to the extent allocable, in the Trustee's determination, to the FSS Asset sale process, and such amounts may be credited against any approved fees in this bankruptcy case to extent necessary to prevent double compensation for the same work.  Similarly, compensation of the Trustee on all disbursements of FSS Assets, calculated as a commission consistent with 11 U.S.C. §326, and the reimbursement of expenses in connection with FSS Asset sale process, is reasonable and justified, and such amounts may be credited against any approved compensation or expenses of the Trustee from the Jones bankruptcy estate to the extent necessary to prevent double compensation for the same disbursements.

      F.    **Sale Notice**. The Sale Notice is reasonably calculated to provide all interested parties with timely and proper notice of the Auctions, including the date, time, and place of the

15516061

Auctions (if one or more is held), and certain dates and deadlines related thereto, and no other or further notice of the Auctions shall be required.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. All objections, statements, and reservations of rights to the relief granted herein that have not been withdrawn with prejudice, waived, or settled are overruled and denied on the merits with prejudice.

2. The Trustee is authorized, with the assistance of Tanzon360 and his other advisors, to market, solicit Bids, and conduct Auctions, if necessary, for the IP Assets and the Remaining Assets in accordance with this Order to sell the Assets free and clear of liens, claims, charges, encumbrances and interests pursuant to 11 U.S.C. § 363(b) and (f), with all valid and perfected liens attaching to the proceeds of the Sales to the same extent and priority as such liens encumbered the Assets on the date of the Sales, subject to the Trustee's avoidance powers and any other claims and causes of action the Debtor's estate or FSS may have against any lienholder.

3. The Trustee is authorized to take all actions necessary to close (i) the Sale of the IP Assets and any other Remaining Assets following the conclusion of the IP Assets Auction, if any, and the filing of a notice of successful bidder, including entering into any purchase agreement and (ii) the Sale of the Remaining Assets following the conclusion of the Remaining Assets Auction, if any, including entering into any necessary purchase agreements or issuing invoices, as applicable, in connection with the Asset Sales.

4. The Trustee shall hold all cash of FSS, including all cash generated from the Auctions (if any) and Sales of the Assets, pending further order of the Court regarding its disposition.

4

## I.  IMPORTANT DATES AND DEADLINES

5.      **Timeline.**  The following dates and deadlines regarding the Auctions and Sales are hereby established, subject to the right of the Trustee to modify the following dates, provided notice is given in accordance with the terms of this Order:

| Event or Deadline | Date and Time |
|---|---|
| IP Assets Bid Deadline | **October 23, 2024, at 5:00 p.m. (prevailing Central Time)** as the deadline (the "***IP Assets Bid Deadline***") by which all binding sealed bids must be actually received by the Trustee for the sale of the IP Assets and any Remaining Assets in connection with the sale of the IP Assets. |
| IP Assets Auction (if applicable) | The "***IP Assets Auction***", if any, will be held on **October 30, 2024, at 10:30 a.m. (prevailing Central Time)** through Tranzon360's selected online auction platform, for the sale of the IP Assets, subject to rescheduling or cancellation by the Trustee in his reasonable discretion. |
| Remaining Assets Auction (if applicable) | The "***Remaining Assets Auction***", if any, will be held on **November 19, 2024, at 10:30 a.m. (prevailing Central Time)** through Tranzon360's selected online auction platform, for the sale of the Remaining Assets or any unsold IP Assets, subject to rescheduling or cancellation by the Trustee in his reasonable discretion. |

## II.  BIDDING PROCEDURES

6.      To participate in the bidding process for the IP Assets or otherwise participate in the IP Assets Auction, a person or entity interested in purchasing the IP Assets, along with any other Remaining Assets of FSS in connection with the IP Assets Auction (each a "***Potential Bidder***") must deliver or have previously delivered to the Trustee the following (the "***Bid Requirements***") in connection with its sealed bid (each a "***Sealed Bid***"):

- **Confidentiality Agreement:** an executed confidentiality agreement in form and substance acceptable to the Trustee;

- **Identity:** Each Bid must fully disclose the identity of each entity and each entity's shareholders, partners, investors, and ultimate controlling entities that will be bidding for or purchasing the applicable Assets or otherwise participating in connection with such Sealed Bid, and the complete terms of any such participation, along with sufficient evidence that the Potential Bidder is legally empowered to complete the transactions on the terms contemplated by the parties. Each Sealed Bid must also include contact information for the specific person(s) whom Tranzon360, Porter Hedges LLP, and Jones Murray LLP should contact regarding such Bid;

- **Identity of Assets and Purchase Price:** Each Sealed Bid must clearly state which of the Assets the Potential Bidder seeks to acquire. Each Sealed Bid must clearly set forth the purchase price to be paid, including cash and non-cash components, if any (collectively, the "***Purchase Price***"). The Purchase Price should be a specific amount in U.S. Dollars (not a range);

- **Good Faith Deposit:** Each Sealed Bid must be accompanied by a cash deposit equal to ten percent (10%) of the Purchase Price of such Sealed Bid, submitted by wire transfer of immediately available funds to an interest-free separate segregated account of FSS to be identified and established by the Trustee (the "***Good Faith Deposit***"). To the extent a Qualified Bid (as defined below) is modified before, during, or after the Auction in any manner that increases the Purchase Price contemplated by such Qualified Bid, the Trustee reserves the right to require that such Qualified Bidder (as defined below) increase its Good Faith Deposit so that it equals ten percent (10%) of the increased Purchase Price; *provided*, *however*, that the Trustee may, on a case-by-case basis, elect to waive the requirement that a Qualified Bidder deliver the initial Good Faith Deposit if such Qualified Bidder otherwise provides the Trustee with sufficient evidence satisfactory to the Trustee, in his reasonable business judgment, that such Qualified Bidder has sufficient internal resources or has received sufficient non-contingent debt funding commitments to consummate the proposed Sale transaction and to fully satisfy the Qualified Bidder's Purchase Price and other obligations under its Sealed Bid;

- **Committed Financing:** Each Sealed Bid must include committed financing, documented to the Trustee's reasonable satisfaction, that demonstrates the Potential Bidder has sufficient funding commitments to satisfy such Potential Bidder's Purchase Price and other obligations under its Sealed Bid, including the identity and contact information of the specific person(s) or entity(s) responsible for such committed financing whom Tranzon360, Porter Hedges LLP, or Jones Murray LLP should contact regarding such committed financing. Such funding commitment shall not be subject to any internal approval or diligence requirements and shall have covenants and conditions reasonably acceptable to the Trustee. The Trustee may in his reasonable business judgment waive this condition on a case-by-case basis;

- **Contingencies; No Financing or Diligence Outs:** A Sealed Bid shall not be conditioned on the obtaining or the sufficiency of financing, any internal approval,

or on the outcome or review of due diligence. Each Sealed Bid must identify with particularity any conditions or material issues that may affect certainty of closing within the proposed timelines. The Potential Bidders are expected to have completed all of their due diligence by the IP Assets Bid Deadline, including all business, legal, accounting, title, and other confirmatory diligence. The extent and nature of any remaining due diligence should be set forth in a specific list attached to each Sealed Bid;

- **As-Is, Where-Is:** Each Sealed Bid must include a written acknowledgement and representation that the Potential Bidder: (i) has had an opportunity to conduct any and all due diligence prior to making its offer; (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Assets in making its Sealed Bid; and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the completeness of any information provided in connection therewith, except as expressly stated in the Potential Bidder's proposed purchase agreement;

- **Authorization:** Each Sealed Bid must contain evidence that the Potential Bidder has obtained any necessary authorization or approval with respect to the submission of its Sealed Bid and the consummation of the Sale contemplated by such Sealed Bid;

- **Irrevocable:** A Potential Bidder's Sealed Bid must be binding and irrevocable unless and until the Trustee accepts a higher bid and such Potential Bidder is not selected as the Backup Bidder (as defined herein);

- **No Fees:** Each Potential Bidder presenting a Sealed Bid will bear its own costs and expenses (including legal fees) in connection with the proposed Sale, and by submitting its Sealed Bid is agreeing to refrain from and waive any assertion or request for a breakup fee, transaction fee, termination fee, expense reimbursement, or any similar type of payment or reimbursement on any basis, including under section 503(b) of the Bankruptcy Code;

- **Adherence to Bidding Requirements:** By submitting its Sealed Bid, each Potential Bidder is agreeing to abide by and honor the terms of these Bid Requirements and this Order and agrees not to submit a bid or seek to reopen the Sale process or the IP Assets Auction (if held) after conclusion of the selection of the Successful Bidder (as defined herein). By submitting its Sealed Bid, each Potential Bidder is agreeing to comply in all respects with the Bankruptcy Code and any applicable non-bankruptcy law;

- **Backup Bid:** Each Bid shall provide that the Potential Bidder will serve as a backup bidder (the "***Backup Bidder***") if the Potential Bidder's bid is the next highest or otherwise best Bid;

15516061

- **Requests for Information:** Each Potential Bidder shall comply with all reasonable requests for information and due diligence access by the Trustee or his advisors regarding any of the information required to be provided under these Bid Requirements, including the ability of such Potential Bidder, as applicable, to consummate a proposed Sale.

7. Only Sealed Bids for the Assets fulfilling all of the preceding Bid Requirements, at the Trustee's reasonable discretion, may be deemed "*Qualified Bids*", and only those parties submitting Qualified Bids, at the Trustee's reasonable discretion, may be deemed "*Qualified Bidders*"; *provided however*, that the Trustee's right to modify the foregoing Bid Requirements, to modify any deadlines in paragraph 4 of this Order, to modify any procedures at the IP Assets Auction (if any), and/or to terminate discussions with any Potential Bidders at any time are fully preserved to the extent not materially inconsistent with this Order.

8. No later than five (5) business days following the IP Assets Bid Deadline, the Trustee shall determine which Potential Bidders are Qualified Bidders and will notify the Potential Bidders whether Sealed Bids submitted constitute Qualified Bids, which will enable such Qualified Bidders to participate in the IP Assets Auction (if held).

9. Binding Sealed Bids must be received (via email shall be acceptable) for the IP Assets by (a) the Trustee's bankruptcy co-counsel, Porter Hedges LLP, 1000 Main Street, Houston, Texas 77002, Attn.: Joshua W. Wolfshohl (jwolfshohl@porterhedges.com) and Michael B. Dearman (mdearman@porterhedges.com); (b) the Trustee's bankruptcy co-counsel, Jones Murray LLP, 602 Sawyer Street, Suite 400, Houston, Texas 77007, Attn: Erin Jones (erin.jones@jonesmurray.com), (c) Tranzon, 1108A North Dixie Avenue Elizabethtown, Kentucky 42701, Attn.: Kelly Toney (ktoney@tranzon.com), Ed Durnil (edurnil@tranzon.com) and (d) ThreeSixy, 3075 E. Thousand Oaks Blvd., Westlake Village, California 91362, Attn: Jeff Tanenbaum (jeff@360assetadvisors.com), in each case so as to be **actually received** no later than IP Assets Bid Deadline.

8

15516061

### III. IP ASSETS AUCTION AND SALE

10.     Only a Qualified Bidder is authorized to participate at the IP Assets Auction, if any, for which such Qualified Bidder submitted a Qualified Bid.

11.     Each Qualified Bidder participating at IP Assets Auction, if any, shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale, and the IP Assets Auction, if any, shall be transcribed or recorded.

12.     The Trustee is authorized to implement such other procedures as may be announced by the Trustee and his advisors from time to time on the record at Auction; *provided* that such other procedures are (i) not inconsistent with this Order, the Bankruptcy Code, or any other order of the Court, (ii) disclosed orally or in writing to all Qualified Bidders, and (iii) determined by the Trustee to further the goal of attaining the highest or otherwise best offer for the applicable IP Assets and any other Assets upon which the Qualified Bidder submitted a Qualified Bid.

13.     The Trustee is authorized at the IP Assets Auction (if any) to (a) determine which Qualified Bid is the highest or otherwise best offer for the respective Assets (the "***Successful Bid***") based on their perceived competitiveness in comparison to other Bids, *provided* that the Trustee may select more than one Qualified Bid to collectively serve as a Successful Bid if each such Qualified Bid contemplates the purchase of different Assets; (b) at any time prior to the determination by the Trustee of the Successful Bidder, reject any Bid that the Trustee determines, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or this Order, or (iii) contrary to the best interests of the Debtor's estate, FSS and their creditors, and (c) prior to conclusion of an Auction (if any) impose such other terms and conditions upon bidders as the Trustee determines to be in the best interests of the Debtor's estate, FSS and their creditors in this bankruptcy case.

9

15516061

14.     The Trustee shall file a notice of the Successful Bid and the successful bidder (the "**Successful Bidder**") and the Backup Bidder and backup bid (the "**Backup Bid**"), no later than three (3) business days following the conclusion of the IP Assets Auction (if any). The Successful Bidder and the Trustee shall, as soon as commercially reasonable and practicable, complete and sign all agreements, contracts, instruments, or other documents evidencing and containing the terms upon which each such Successful Bid was made without further order of the Court.

15.     Each Backup Bidder shall be required to keep its Qualified Bid open and irrevocable until the closing of the transaction with the applicable Successful Bidder. The Backup Bidder's Good Faith Deposit shall be held in an interest-free segregated account until the closing of the transaction with the applicable Successful Bidder. If for any reason a Successful Bidder fails to consummate the purchase of such Assets within the time permitted after the entry of the Sale Order, then the Backup Bidder will automatically be deemed to have submitted the Successful Bid for such Assets, and the Backup Bidder shall be deemed a Successful Bidder for such Assets and shall be required to consummate the Sale with the Trustee as soon as is commercially practicable without further order of the Court; *provided* that the Trustee shall file a notice with the Court.

16.     The Good Faith Deposit of a Successful Bidder shall, upon consummation of any Sale, be credited to the purchase price paid for the applicable Assets. If a Successful Bidder fails to consummate the Sale due to a breach or failure to perform on the part of such Successful Bidder, then the Good Faith Deposit shall be forfeited to, and retained irrevocably by, the Trustee, and may be used by the Trustee to pay the fees and expenses of the Trustee's professionals, including Tranzon360, in accordance with this Order, and the Trustee specifically reserves all rights and remedies against the defaulting Successful Bidder, including the right to seek damages from, and/or the specific performance of, the defaulting Successful Bidder.  The Good Faith Deposit of

15516061

any Qualified Bidders that are not Successful Bidders or Backup Bidders will be returned within five (5) business days after the Auction or upon the permanent withdrawal of the applicable proposed Sale, and the Good Faith Deposit of any Backup Bidder(s) will (unless such Backup Bidder is deemed a Successful Bidder) be returned within five (5) business days after the consummation of the applicable Sale or upon the permanent withdrawal of the applicable proposed Sale.

17.     If the IP Assets Auction is cancelled, then the Trustee shall file a notice with the Court of such election within two (2) business days of the determination of such election by the Trustee.

## IV. <u>REMAINING ASSETS AUCTION AND SALE</u>

18.     Participants at the Remaining Assets Auction must complete all of the following in order to be a qualified buyer of any of the Remaining Assets at the Remaining Assets Auction:

- Register on the online bidding platform selected by Tranzon360 by providing requested registrant information, including the name, address, phone number and email address for the buyer;

- Provide a valid credit card upon registering;

- Agree to the posted terms and conditions of the Remaining Assets Auction and Sales, which include, but are not limited to:

    o All items sold at the Remaining Assets Auction are sold "AS-IS-WHERE-IS";

    o Bids may not be retracted;

    o Full payment is due by wire transfer or credit card payment within twenty-four (24) hours after the close of the Remaining Assets Auction;

    o Credit card payments are subject to a $5,000 per buyer maximum and a 4 percent surcharge;

    o Purchases are subject to sales tax unless the buyer can provide sufficient evidence of a qualified exemption acceptable to the Trustee and Tranzon360;

- o Tranzon360 and the Trustee reserve the right to add, delete or group any portion of the Remaining Assets into lots;

- o Buyers will be responsible to retrieve their purchases or arrange for a third party to retrieve and remove their purchases from the sale site within a removal period of approximately one (1) week after the close of the Remaining Assets Auction, to be more specifically indicated in the terms of the Remaining Assets Auction prior to any Sale.

The Trustee's rights to modify the foregoing requirements, to modify any procedures at the Remaining Assets Auction (if any), to group any portion of the Remaining Assets into lots, and to terminate discussions with any bidder at any time are fully preserved to the extent not materially inconsistent with this Order.

19. If the Remaining Assets Auction is cancelled, then the Trustee shall file a notice with the Court of such election within two (2) business days of the determination of such election by the Trustee.

20. Successful bids at the Remaining Assets Auction shall be the highest or otherwise best offer for the respective Assets based on the Trustee's reasonable perception of the competitiveness of such bid in comparison to other bids; *provided that* (a) the Trustee may set the opening bid or reserve price for any of the Remaining Assets or lots of the Remaining Assets; (b) remove any of the Remaining Assets from the Remaining Assets Auction (if any) at least twenty-four (24) hours prior to the beginning of the Remaining Assets Auction (if any); and (c) prior to conclusion of the Remaining Assets Auction (if any) impose such other terms and conditions upon bidders as the Trustee determines to be in the best interests of the Debtor's estate, FSS and their creditors in this bankruptcy case.

21. The Trustee is authorized to implement such other procedures as may be announced by the Trustee and his advisors from time to time prior to the Remaining Assets Auction; *provided* that such other procedures are (i) not inconsistent with this Order, the Bankruptcy Code, or any

other order of the Court, (ii) disclosed orally or in writing to all participants, and (iii) determined by the Trustee to further the goal of attaining the highest or otherwise best offer for any of the Remaining Assets.

## V.   SALE NOTICE AND RELATED RELIEF

22.      The Sale Notice, substantially in the form attached hereto as **Exhibit 1**, is hereby approved. Within three (3) business days after entry of this Order, the Trustee shall serve the Sale Notice upon the Notice Parties. In addition, within five (5) business days after entry of this Order, the Trustee will cause the Sale Notice to be posted one or more of Tranzon360's websites to provide notice to any other potential interested parties.

## VI. PAYMENT FROM SALE PROCEEDS OF SALE-RELATED ADMINISTRATIVE EXPENSES

23.      Tranzon360's Commission and Reimbursement is hereby allowed pursuant to 11 U.S.C. § 503(b)(1)(A), and the Trustee is authorized to pay the Commission and Reimbursement from the proceeds of the Sales upon closing.

24.      The Trustee is authorized to pay compensation on all disbursements of FSS Assets, which compensation shall be calculated as a commission consistent with 11 U.S.C. § 326, and reimbursement of expenses, with the amounts so paid to be credited against any approved compensation or expenses of the Trustee from the Jones estate to the extent necessary to prevent double compensation for the same disbursements of FSS Assets.

25.      The Trustee is authorized to pay professional fees and reimburse expenses incurred by professionals employed by the Trustee in the Jones Case to the extent such fees and expenses are allocable, in the Trustee's reasonable determination, to the FSS asset sale process, with the amounts so paid credited against any approved fees in the Jones Case to the extent necessary to prevent double compensation for the same work.

15516061

26.     No person or entity shall be entitled to any expense reimbursement, break-up fees, "topping," termination, or other similar fee or payment, and by submitting a bid, such person or entity is deemed to have waived their right to request or to file with this Court any request for expense reimbursement or any fee of any nature in connection with such bid, whether by virtue of section 503(b) of the Bankruptcy Code or otherwise; *provided however*, that this paragraph shall not apply to Tranzon360's Commission and Reimbursement in connection with the Sales, Trustee's fees and expenses, or the Trustee's professionals' fees and expenses.

## VII.     RESERVATION OF RIGHTS

27.     Nothing in this Order shall be deemed a waiver of any rights, remedies, or defenses that any party has or may have under applicable bankruptcy and non-bankruptcy law or any rights, remedies or defenses of the Debtor's estate or FSS with respect thereto, including seeking relief from the Court with regard to the Auctions, the Sales, and any related items (including, if necessary, to seek an extension of any of the deadlines in this Order).

28.     Nothing in this Order modifies or shall be deemed to modify the validity or priority of any lien or other property interest.

29.     The Trustee's right is fully reserved, in his reasonable business judgment and in a manner consistent with his duties and applicable law, to modify or waive any procedures or requirements with respect to all Potential Bidders, Qualified Bidders or to announce at an Auction modified or additional procedures for such Auction, and in any manner that will best promote the goals of the bidding process, or impose, before the conclusion of the consideration of bids or an Auction (if held), additional customary terms and conditions on the sale of the IP Assets or the Remaining Assets, as applicable, including without limitation: (a) extending the deadlines set forth in the procedures for submitting Sealed Bids; (b) adjourning any Auction; (c) modifying the

14

Auction and Sale Procedures or adding procedural rules that are reasonably necessary or advisable under the circumstances for conducting the Auction; (d) canceling any Auction; and (e) rejecting any or all Sealed Bids, Qualified Bids, or any bids at the Remaining Assets Auction.  For the avoidance of doubt, the Trustee reserves the right, at any point prior to the selection of the Successful Bidder at the IP Assets Auction or successful bidders at the Remaining Assets Auction, to terminate the Sale processes contemplated hereunder with respect to any or all of the FSS Assets and seek to sell any or all Assets by alternative means.

30.     The Trustee may provide reasonable accommodations to any Potential Bidder(s) with respect to the terms, conditions, and deadlines for submitting Sealed Bids and to Qualified Bidders with respect to the terms, conditions, and deadlines of an Auction to promote further bids. All parties reserve their rights to seek Court relief, including on an expedited basis, with regard to the Auctions and any related items. The rights of all parties in interest with respect to the outcomes of the Auctions are reserved.

31.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

32.     The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

33.     The requirements set forth in Bankruptcy Local Rule 9013-1 are satisfied by the contents of the Motion.

34.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon entry hereof. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Signed: _____, 2024.**

_____

**HONORABLE CHRISTOPHER M. LOPEZ**
**UNITED STATES BANKRUPTCY JUDGE**

## <u>Exhibit 1</u>

**Form of Sale Notice**

15516061

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re:<br><br>ALEX JONES,<br><br>          Debtor. | § Chapter 7<br>§<br>§ Case No. 22-33553 (CML)<br>§<br>§ **(Emergency Hearing Requested)**<br>§<br>§ |

### NOTICE OF AUCTION FOR THE
### SALE OF ASSETS OF FREE SPEECH SYSTEMS, LLC FREE AND CLEAR
### OF ANY AND ALL CLAIMS, INTERESTS, AND ENCUMBRANCES

**PLEASE TAKE NOTICE** that Christopher R. Murray, Chapter 7 Trustee for the bankruptcy estate of Alex Jones (the "***Trustee***") is soliciting separate offers for a transaction or transactions, for the purchase of the IP Assets and/or the Remaining Assets consistent with the order [Docket No. [●]] (the "***Order***")[1] entered by the United States Bankruptcy Court for the Southern District of Texas (the "***Court***") on [●], 2024. **All interested bidders should carefully read the Order**. To the extent that there are any inconsistencies between this notice and the Order, the Order shall govern in all respects.

---

**Copies of the Order or other documents related thereto are available upon request to co-counsel for the Trustee, Porter Hedges LLP, Joshua W. Wolfshohl (jwolfshohl@porterhedges.com) and Michael B. Dearman (mdearman@porterhedges.com) or Kelly Toney (ktoney@tranzon.com), Ed Durnil (edurnil@tranzon.com) and Jeff Tanenbaum (jeff@360assetadvisors.com).**

---

**PLEASE TAKE FURTHER NOTICE** that the Qualified IP Assets Bid Deadline for the IP Assets and any other Remaining Assets the potential buyer seeks to acquire in connection with the acquisition of the IP Assets, is **October 23, 2024, at 5:00 p.m. (prevailing Central Time)**, and that any person or entity who wishes to participate in the IP Assets Auction (which, for the avoidance of doubt, may include any other Assets a potential buyer seeks to acquire in connection with the acquisition of the IP Assets) must comply with the participation requirements, bid requirements, and other requirements set forth in the Order and as required by the Trustee in his discretion.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Motion for Entry of an Order (I) Authorizing and Approving the Auction and Sale of Assets of Free Speech Systems, LLC Free and Clear of All Liens, Claims and Encumbrances and (II) Granting Related Relief* [Docket No. ●] or the Order, as applicable.

15516061

.

**PLEASE TAKE FURTHER NOTICE** that the Trustee intends to conduct the IP Assets Auction, at which time he will consider qualifying bids submitted to the Trustee and his professionals, by and pursuant to the Order, beginning on **October 30, 2024, at 10:30 a.m. (prevailing Central Time)** through Tranzon360's selected online auction platform.

**PLEASE TAKE FURTHER NOTICE** that the Trustee intends to conduct the Auction for the Remaining Assets, at which time he will consider bids submitted to the Trustee and his professionals, by and pursuant to the Order, beginning on **November 19, 2024, at 10:30 a.m. (prevailing Central Time)** through Tranzon360's selected online auction platform.

**PLEASE TAKE FURTHER NOTICE** that the Trustee reserves the right to modify the procedures for bidding and Auctions and/or to terminate discussions with any Potential Bidders at any time, to the extent not materially inconsistent with the Order.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and Order, as well as all related exhibits, are available: (a) free of charge upon email request to Porter Hedges LLP, Joshua W. Wolfshohl (jwolfshohl@porterhedges.com) and Michael B. Dearman (mdearman@porterhedges.com) or (b) for a fee via PACER by visiting http://www.txs.uscourts.gov.

[*Remainder of page intentionally blank*]

Dated: [_____], 2024
      Houston, Texas

                              Respectfully submitted,

By: */s/ Joshua W. Wolfshohl*
    Joshua W. Wolfshohl (Bar No. 24038592)
    Michael B. Dearman (Bar No. 24116270)
    Jordan T. Stevens (Bar No. 24106467)
    Kenesha L. Starling (Bar No.24114906)
    **PORTER HEDGES LLP**
    1000 Main Street, 36th Floor
    Houston, Texas 77002
    Telephone: (713) 226-6000
    Facsimile: (713) 226-6248
    jwolfshohl@porterhedges.com
    mdearman@porterhedges.com
    jstevens@porterhedges.com
    kstarling@porterhedges.com

    *and*

    Erin E. Jones (TX 24032478)
    **JONES MURRAY LLP**
    602 Sawyer Street, Suite 400
    Houston, Texas 77007
    Telephone: (832) 529-1999
    Fax: (832) 529-3393
    erin@jonesmurray.com

    *Proposed Counsel for Christopher R. Murray, Chapter 7 Trustee*

15516061