

**PORTER | HEDGES**

Joshua W. Wolfshohl
Partner
(713) 226-6695 Phone
(713) 226-6295 Fax
jwolfshohl@porterhedges.com

1000 Main Street, 36th Floor
Houston, Texas 77002-6341
(713) 226-6000 Main
porterhedges.com

December 8, 2024

018577-0001

Broocks Law Firm PLLC
248 Addie Roy Road, Suite B-301
Austin, Texas 78746
Attention:   Ben C. Broocks, Esq.   *Via Email: bbroocks@broockslawfirm.com*
           William Broocks, Esq.   *Via Email: wbroocks@broockslawfirm.com*
           BJ Broocks, M.A.   *Via Email: broocksjrb@broockslawfirm.com*

       *In Re: Alexander E. Jones*; Chapter 7 Case No. 22-3353 (CML); Response to Letter Dated December 8, 2024

Ben:

      This is in response to your letter dated December 8, 2024, regarding (1) the documents you requested during the deposition of Christopher R. Murray, Chapter 7 Trustee (the "Trustee") and (2) your requests for agreement to continue or adjourn the December 9th hearing regarding the *Trustee's Expedited Motion for Entry of an Order in Furtherance of the Sale of Assets of Free Speech Systems, LLC* (the "Sale Motion").

      Regarding the December 9th hearing, the Trustee will not agree to continue or adjourn the hearing. Neither the documents you requested during the Trustee's deposition nor the deposition testimony of a Global Tetrahedron representative is necessary or relevant to the hearing as they do not pertain to the Trustee's business judgment regarding sale conditions or selection of the winning bid. This is particularly true given the Court made crystal clear that the focus of tomorrow's hearing is the Trustee's business judgment. Beyond this, your request—*received at 2:43 p.m. on the eve of the hearing*—is untimely. The Trustee was deposed on Thursday, December 5th. So, you have had *three days* to request any agreement in this regard.

      Regarding your requests for additional documents, the Trustee anticipates filing a revised sale order in advance of tomorrow's hearing incorporating not only a revised description of the Distributable Proceeds Waiver, but also resolution of X Corp's Limited Objection to the Sale Motion. Regarding your remaining document requests, attached are copies of draft versions of the term sheet that I agreed to provide during the Trustee's deposition which I understand was agreed to between the Texas Plaintiffs and the Connecticut Plaintiffs but rejected by the Trustee. Also attached is the transmittal email and draft sale order prepared by the Connecticut Plaintiffs that I agreed to provide during the Trustee's deposition.

15701622

December 8, 2024
Page 2

      As stated in my December 3rd letter and reiterated during the depositions conducted last week, by providing these documents, we are in no way waiving any rights regarding the unnecessarily broad scope of your document requests or our position that Alexander E. Jones (the "Debtor") lacks standing and capacity to be heard in connection with the Sale Motion, including for the reasons stated in the *Trustee's Objection to the Debtor's Emergency Application for Temporary Restraining Order*.

      I look forward to seeing you at tomorrow's hearing.

                          Regards,
                          *Joshua W. Wolfshohl*

JWW:kls
Attachments

15701622