*Subject to FRE 408 and State Law Equivalents*
*Privileged & Confidential*

## TERM SHEET

November 8, 2024

This high-level term sheet (the "**Term Sheet**") sets forth certain key terms with respect to a settlement between (i) the Connecticut Families[1] (ii) the Texas Families[2], and (iii) the Chapter 7 Trustee.[3]

THE TERMS AND CONDITIONS SET FORTH IN THIS TERM SHEET ARE MEANT TO BE PART OF A COMPREHENSIVE COMPROMISE, EACH ELEMENT OF WHICH IS CONSIDERATION FOR THE OTHER ELEMENTS AND AN INTEGRAL ASPECT OF THE SETTLEMENT. THE TERM SHEET IS IN THE NATURE OF A SETTLEMENT PROPOSAL IN FURTHERANCE OF SETTLEMENT DISCUSSIONS AND IS ENTITLED TO PROTECTION FROM ANY USE OR DISCLOSURE TO ANY PARTY OR PERSON PURSUANT TO FEDERAL RULE OF EVIDENCE 408 AND ANY OTHER RULE OF SIMILAR IMPORT. THIS TERM SHEET DOES NOT ADDRESS ALL TERMS THAT WOULD BE REQUIRED IN CONNECTION WITH ANY POTENTIAL TRANSACTIONS REFERENCED HEREIN, AND THE ENTRY INTO OR THE CREATION OF ANY BINDING AGREEMENT IS SUBJECT TO THE EXECUTION OF DEFINITIVE DOCUMENTATION IN FORM AND SUBSTANCE CONSISTENT WITH THIS TERM SHEET.

| KEY TERMS | |
|---|---|
| **FSS and Jones Liquidation** | |
| Liquidation Process | Subject to the terms set forth herein, the following assets shall be sold through one or more liquidations overseen by the Chapter 7 Trustee[1]: (a) all assets of Free Speech Systems, LLC ("**FSS**" and such liquidation, the "**FSS Liquidation**"), and (b) all other assets of the estate (the "**Jones Estate**") created in the Jones chapter 7 case (the "**Jones Case**" and such liquidation, the "**Jones Liquidation**"). |
| Support Obligations | The Connecticut Families shall, in their sole discretion, determine whether they support or oppose the approval of any sale in connection with the FSS Liquidation and/or the sale of any assets of the Jones Estate that comprise intellectual property as part of Jones Liquidation. The Texas Families[2] shall:<br><br>a) use commercially reasonable and good faith efforts, including filing a substantive pleading in the Bankruptcy Court and communications to the Chapter 7 Trustee to express support of the Connecticut Families[3] position(s) with respect to any sale in connection with the FSS Liquidation or the Jones Liquidation; |

---

[1] The "**Chapter 7 Trustee**" is Chris Murray in his capacity as (i) the chapter 7 trustee of Alexander E. Jones, and (ii) 100% owner of Free Speech Systems, LLC
[2] The "**Texas Families**" are Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and the Estate of Marcel Fontaine.
[3] The "**Connecticut Families**" are Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Erica Ash.

| | |
|---|---|
| | b) not take any action in the FSS Liquidation or the Jones Liquidation related to the proposed sale of such assets that is inconsistent with the stated position of the Connecticut Families; and<br><br>c) use commercially reasonable and good faith efforts, including filing a substantive pleading in the Bankruptcy Court, to express support of the Connecticut Families' position with respect to the claims and security interests asserted by PQPR Holdings Limited LLC which, for the avoidance of doubt, may include any settlement of such claims supported by the Connecticut Families (the foregoing, the "**Support Obligations**"). |
| **Distributable Proceeds** | "**Distributable Proceeds**" shall include all net proceeds and/or recoveries from:<br><br>a) the FSS Liquidation (such amounts, the "**FSS Liquidation Proceeds**"); and<br><br>b) the Jones Liquidation (such amounts, the "**Jones Liquidation Proceeds**"); *provided that*, for the avoidance of doubt, the Jones Liquidation Proceeds shall not include any proceeds of the FSS Liquidation.<br><br>For the avoidance of doubt, the calculation of Distributable Proceeds shall be net of any costs or expenses incurred by the Chapter 7 Trustee, *provided, however,* that any costs or expenses incurred by the Connecticut Families and/or Texas Families, including attorney's fees (whether fixed or contingent), shall be paid by the Connecticut Families or Texas Families, respectively, after such Distributable Proceeds are allocated in accordance herewith. |
| **Payment to Texas Families and Allocation of Distributable Proceeds Among Plaintiffs** | Subject to the Agreement Conditions (as defined below), the Trustee shall, within 5 business days of the Bankruptcy Court's entry of an order approving the settlement, pay the Texas Families $3 million (such amount, the "**Settlement Amount**"). The Settlement Amount shall constitute the sole and exclusive recovery of the Texas Families from all Distributable Proceeds, and they shall not be entitled to any Distributable Proceeds in excess of the Settlement Amount. Upon payment of the Settlement Amount, the Texas Families shall no longer be a party in interest in the Jones Case (except for their non-dischargeability adversary proceeding against Jones) and, accordingly, will not file pleadings, make appearances, or otherwise take a position with respect to issues arising in the Jones Case (except as to their non-dischargeability adversary proceeding against Jones), unless such issue directly and adversely affects the Texas Families.<br><br>The Connecticut Families shall receive their Pro Rata[4] distribution of the remaining Distributable Proceeds after payment of the Settlement Amount to |

---

[4] "**Pro Rata**" means the proportion that such claims bear to the aggregate amount of all allowed claims, other than the claims of the Texas Families, against FSS and Jones, respectively. For the avoidance of doubt, the claims of the Connecticut Families shall be allowed in the as-filed amounts.

| | |
|---|---|
| | the Texas Families. |
| | The allocation of Distributable Proceeds as set forth in this Term Sheet among the Connecticut Families and Texas Families shall not be affected by any subsequent appeal, reversal, modification, or further proceedings of any kind with respect to the State Court Litigation[5] or the Non-Dischargeability Decisions.[6] |
| **Claim Allowance and Appeals** ||
| **Claim Allowance, State Court Litigation, and Appeals** | Subject to the Agreement Conditions (as defined below), and solely for purposes of allocating the Jones Liquidation Proceeds by and among the Connecticut Families and the Texas Families and enabling the payment of the Settlement Amount to the Texas Families, the Chapter 7 Trustee shall allow, in the Jones Case, the claims (i) of the Connecticut Families in the as-filed amounts reflecting the judgments obtained in the State Court Litigation, and (ii) of the Texas Families in (a) the as-filed amounts reflecting the judgments obtained in the State Court Litigation, and (b) solely with respect to those claims that are not liquidated in the State Court Litigation, an amount that would result in the Texas Families receiving the Settlement Payment on a pro rata basis if the aggregate quantum of Distributable Proceeds totaled $10 million. In no event shall the allowed claims of the Texas Families exceed 25% of all claims held collectively by the Connecticut Families and the Texas Families. For the avoidance of doubt, notwithstanding the allowance of claims as set forth herein, the rights of all parties are fully reserved with respect to the non-dischargeable amount of any claims hereunder. |
| | The right to appeal any judgment(s) awarded in favor of the Connecticut Families or the Texas Families in the State Court Litigation shall constitute property of the Jones Estate, and shall be dismissed by the Chapter 7 Trustee in his capacity as trustee of the Jones Estate. |

---

[5] The "**State Court Litigation**" refers to (i) *Lafferty* v. *Jones*, X06-UWY-CV-18-6046436-S, in the Judicial District of Waterbury of the Connecticut Superior Court; (ii) *Sherlach* v. *Jones*, X06-UWY-CV-18-6046437-S, in the Judicial District of Waterbury of the Connecticut Superior Court; (iii) *Heslin* v. *Jones*, Cause No. D-1-GN-18-001835 in the 261st District Court of Travis County, Texas; (iv) *Lewis* v. *Jones*, Cause No. D-1-GN-18-006623 in the 98th District Court of Travis County, Texas; (v) *Pozner* v. *Jones*, Cause No. D-1-GN-18-001842, in the 345th District Court of Travis County, Texas; and (vi) *Fontaine* v. *Jones*, Cause No. D-1-GN-18-001605 in the 459th District Court of Travis County, Texas

[6] The "**Non-Dischargeability Decisions**" refers to (i) *Memorandum Decision on Texas Plaintiffs' Motion for Summary Judgment*, Case No. 23-03035 [Docket No. 46], and (ii) *Memorandum Decision on Connecticut Plaintiffs' Motion for Summary Judgment*, Case No. 23-03037 [Docket No. 76].

| Turnover/Garnishment Proceeding and FSS Supplemental Dismissal Order | Within 5 business days of receiving the Settlement Amount, the Texas Families shall dismiss with prejudice their appeal of the Supplemental FSS Dismissal Order.<br><br>The order approving this settlement shall provide that:<br><br>(a) The Turnover Order entered in the Texas State Court Litigation shall be null and void;<br><br>(b) The Texas Families' Garnishment Motion shall be deemed withdrawn with prejudice;<br><br>(c) All parties shall be forever barred from enforcing the Turnover Order in any manner; and<br><br>(d) The Texas State Court Litigation shall otherwise be remanded to the District Court of Travis County, Texas, subject to the Bankruptcy Court's disposition of the Turnover Order and Garnishment Motion, as set forth above.<br><br>The Connecticut Families and the Chapter 7 Trustee shall not seek any sanctions against the Texas Families for violation of the automatic stay in connection with the Texas Families' prosecution of the Turnover Proceeding.<br><br>The Texas Families and the Chapter 7 Trustee shall not seek any sanctions against the Connecticut Families for violation of the automatic stay in connection with the Connecticut Families' prosecution of an action seeking the appointment of a Receiver. |
|---|---|
| **Other Terms** | |
| **Agreement Conditions** | The allocation of Distributable Proceeds and the allowance of the claims of the Texas Families as set forth herein shall be subject to the following conditions (the "**Agreement Conditions**"):<br><br>(1) any sale approved as part of the FSS Liquidation shall be to a purchaser that is not associated with Alex Jones in any way, including a commitment that the purchased assets will not be utilized by Alex Jones; *provided that* the Connecticut Families satisfy their Auction Support Obligations (as defined below).<br><br>(2) the Texas Families shall have complied in all material respects with their Support Obligations; and<br><br>(3) the Bankruptcy Court shall have entered an order approving the settlements reflected herein pursuant to Bankruptcy Rule 9019, which order shall contain findings that, among other things, (i) the right to appeal any judgment(s) awarded in favor of the Connecticut Families or the Texas Families in the State Court Litigation shall constitute property of the Jones Estate, and (ii) the Chapter 7 Trustee has authority to prosecute or dismiss such appeals, consistent with the terms of the order.<br><br>For the avoidance of doubt, the allocation of Distributable Proceeds and allowance of claims shall be of no force or effect in the event that the Agreement Conditions are not satisfied. In such an event, the Term Sheet shall |

4

| | |
|---|---|
| | be terminated, and the agreements set forth in this Term Sheet shall be null and void ab initio.<br><br>The **"Auction Support Obligations"** shall mean:<br><br>(1) The Connecticut Families shall agree to forego receipt of, and shall assign to the Chapter 7 Trustee for the benefit of the Texas Families, such portion of the Distributable Proceeds realized from the auction of FSS assets as is necessary to effectuate the Settlement Payment to the Texas Families; *provided, however,* that such waiver shall not result in the Texas Families recovering more than the Settlement Amount from the Distributable Proceeds; and<br><br>(2) The Connecticut Families shall agree to waive a portion of their non-dischargeable claims against Jones in an amount equal to the difference between (i) the purchase price of a Successful Bidder that satisfies the Agreement Conditions, and (ii) the final purchase price of a Qualified Bidder that would have otherwise provided the highest and best bid if not for the Agreement Conditions; *provided,* that the aggregate amount of such waiver shall not exceed $10 million without the prior written consent of the Connecticut Families. |
| **Implementation/ Confidentiality** | The parties agree that the settlements reflected herein shall be approved by the Bankruptcy Court as a settlement pursuant to Bankruptcy Rule 9019. |
| **Statements Regarding the Settlement** | The Texas Families' statements to the press regarding the sales shall be consistent with their filings in support of the Connecticut Families' position. |
| **Confidentiality** | Neither the Connecticut Families, the Texas Families, the Chapter 7 Trustee, nor their respective counsel will convey any aspect of the terms set forth in this Term Sheet, the existence of this Term Sheet, or the status of discussions in connection herewith to Jones or his counsel until the Chapter 7 Trustee files a motion under Bankruptcy Rule 9019 seeking court approval of the terms set forth herein. |