IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| FREE SPEECH SYSTEMS LLC, | § | |
| | § | Case No. 22-60043 (CML) |
| Debtor. | § | |
| | § | |
| | § | |
| | § | |

**STIPULATION AND AGREED ORDER SETTLING CONTROVERSIES AMONGST THE CHAPTER 7 TRUSTEE, PQPR HOLDINGS LIMITED LLC, JLJR HOLDINGS LLC, PLJR HOLDINGS LLC, CAROL JONES, AND DAVID JONES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**
[Relates to Docket No. _____]

This stipulation and agreed order ("Stipulation and Agreed Order")[1] is entered by and amongst Christopher R. Murray, the Chapter 7 Trustee (the "Trustee"), PQPR Holdings Limited LLC ("PQPR"), JLJR Holdings LLC ("JLJR"), PLJR Holdings LLC ("PLJR"), Carol Jones, and David Jones (collectively, the "Defendants" and together with the Trustee, the "Parties") to settle certain controversies amongst the Parties, including those asserted in the Adversary Proceeding (defined below). Accordingly, the Parties hereby stipulate and agree as follows:

## RECITALS

WHEREAS, on July 29, 2022, Free Speech Systems, LLC ("FSS") filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code in Case No. 22-60043 (the "FSS Case") [See FSS Case, Docket No. 1].

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Trustee's *Motion for Entry of an Order Approving Settlement Amongst the Chapter 7 Trustee, PQPR Holdings Limited LLC, Carol Jones, and David Jones pursuant to Federal Rule of Bankruptcy Procedure 9019.*

1

WHEREAS, on October 6, 2022, PQPR filed Claim No. 11 in the FSS Case, asserting a secured claim of $68,154,691.46 (the "PQPR Claim"). The PQPR Claim is allegedly evidenced by two Promissory Notes dated August 13, 2020, and November 10, 2021, respectively (collectively, the "Promissory Notes"), and allegedly secured by a lien (the "PQPR Lien") on all assets of FSS pursuant to a Security Agreement dated August 12, 2020 (the "Security Agreement").

WHEREAS, on October 27, 2022, a Notice of Removal was filed in the FSS case, removing a lawsuit filed in the District Court of Travis County, Texas styled NEIL HESLIN, SCARLETT LEWIS, LEONARD POZNER, VERONIQUE DE LA ROSA, MARCEL FONTAINE, Plaintiffs, v. ALEX E. JONES, FREE SPEECH SYSTEMS, LLC, PQPR HOLDINGS LIMITED, LLC, PLJR HOLDINGS, LLC, PLJR HOLDINGS LIMITED, LLC CAROL JONES, DAVID JONES, AEJ HOLDINGS, LLC, AEJ TRUST 2018, Defendants and DAVID WHEELER, FRANCINE WHEELER, JACQUELINE BARDEN, MARK BARDEN, NICOLE HOCKLEY, IAN HOCKLEY, JENNIFER HENSEL, DONNA SOTO, CARLEE SOTOPARISI, CARLOS M. SOTO, JILLIAN SOTO, WILLIAM SHERLACH, ROBERT PARKER, WILLIAM ALDENBERG, Intervenors, in which the Plaintiffs allege causes of action against Defendants and others under the Texas Uniform Fraudulent Transfer Act, which is currently pending as Adversary Proceeding No. 22-03331 (the "Creditors' Fraudulent Transfer Proceedings").

WHEREAS, on December 2, 2022, Alexander E. Jones ("Alex Jones") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in Case. No. 22-33553 (the "Jones Case");

WHEREAS, Alex Jones continued managing his assets as debtor and debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until June 14, 2024 (the "Conversion

Date"). On June 14, 2024, the Court converted the Jones Case to a case under chapter 7, pursuant to an *Order Converting Debtor's Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code* [Jones Case, Docket No. 708];

WHEREAS, on the Conversion Date, the U.S. Trustee appointed Christopher R. Murray as the Chapter 7 Trustee in the Jones Case;

WHEREAS, on July 14, 2023, FSS initiated Adversary Proceeding No. 23-03127 (the "Adversary Proceeding") against the Defendants. In its Amended Complaint filed July 31, 2023, FSS asserted claims against Defendants for (i) the avoidance and recovery of certain transfers pursuant to sections 544, 547, 548, and 550 of the Bankruptcy Code, (ii) the disallowance of the PQPR Claim pursuant to sections 502(b) and 502(d) of the Bankruptcy Code, (iii) subordination of the PQPR Claim pursuant to section 510 of the Bankruptcy Code, and (iv) the avoidance of alleged liens on certain FSS Assets (as defined below) securing the PQPR Claim pursuant to section 506(d) of the Bankruptcy Code [*See* Adversary Proceeding, Docket No. 5];

WHEREAS, on September 22, 2023, the Defendants filed their Answers to FSS's Amended Complaint [*See* Adversary Proceeding, Docket Nos. 17, 18, 19, 20], and PQPR, JLJR, and PLJR filed a Supplemental Answer with Affirmative Defenses on November 6, 2023 [Adversary Proceeding, Docket No. 21];

WHEREAS, on June 21, 2024, for the reasons stated at the June 14 hearing, the Court entered an order dismissing the FSS Case (the "Dismissal Order"), while retaining exclusive jurisdiction over several adversary proceedings and the approval of professional fees and expenses [*See* FSS Case, Docket Nos. 955 and 956].

WHEREAS, Alex Jones's bankruptcy estate holds 100 percent of the outstanding membership interests in FSS, the Trustee has control over the bank accounts and cash of FSS

pursuant to the Court's Dismissal Order, and the Court's *Order Supplementing Order Dismissing Case* deemed the assets of FSS vested in Alex Jones's bankruptcy estate as of the entry of the Dismissal Order and were from that date under control of the Trustee [FSS Case, Docket No. 1021];

WHEREAS, FSS is an entity that owns and operates the Infowars media platform, and owns valuable assets including cash, receivables, intellectual property rights, production equipment and facilities, vehicles, real estate, and other property (the "FSS Assets");

WHEREAS, the Trustee is in possession of the FSS Assets, including the causes of action asserted in the Adversary Proceeding;

WHEREAS, there are competing claims on FSS Assets, and FSS has challenged the validity of the PQPR Promissory Notes and the PQPR Lien. The Court has retained jurisdiction over, among other things, the disputed PQPR Lien, as well as all claims asserted in the Adversary Proceeding;

WHEREAS, PQPR is owned by PLJR (80%) and JLJR (20%). PLJR is owned by Carol Jones (10%) and Alex Jones, indirectly through another entity (90%). David Jones and Carol Jones own 100% of JLJR. The net effect is that David Jones and Carol Jones indirectly own 28% of PQPR, and Alex Jones, indirectly owns 72% of PQPR.

WHEREAS, the Trustee and his advisors have engaged in extensive negotiations with the Defendants regarding a path forward for FSS, the Adversary Proceeding, and the disputed PQPR Lien that is value-maximizing for Alex Jones's estate, FSS, and relevant stakeholders;

WHEREAS, such settlement is provided for and documented in this Stipulation and Agreed Order.

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED AS FOLLOWS:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the interpretation, implementation, and enforcement of this Stipulation and Agreed Order.

3. **Settlement Payment; Transfers**. The Trustee agrees to pay a total of $375,000.00 (the "Settlement Amount") to David and Carol Jones, which amount shall be paid out of the FSS funds held by the Trustee within five (5) business days of this Stipulation and Agreed Order becoming a final order. For sake of simplicity, given that the Alex Jones bankruptcy estate indirectly owns 72% of PQPR's equity, the payment is being made to David and Carol Jones directly and the trustee on behalf of the Jones estate acknowledges value to it by this transaction. PQPR shall assign the PQPR Lien and any other liens held by PQPR on FSS Assets to the Trustee within five (5) business days of this Stipulation and Agreed Order becoming a final order.

4. **Releases; Claims**. Upon entry of this Stipulation and Agreed Order and receipt of the Settlement Amount, the following releases shall become effective:

   a. The Trustee, on behalf of FSS, and all of the representatives, successors and assigns, and all other persons that have or could potentially derive rights through FSS, including claims brought by creditors of FSS, irrevocably and unconditionally releases, waives, acquits, and forever discharges the Defendants, and each of their respective agents, attorneys, and representatives, whether past, present, or future from any and all claims, actions, causes of action, proceedings,

adjustments, offsets, contracts, judgments, obligations, suits, debts, dues, sums of money, accounts, damages, demands, agreements, promises, liabilities, controversies, costs, expenses, attorneys' fees, and losses arising out of the Promissory Notes; the Security Agreement; the PQPR Lien; theories that PQPR is the alter ego of FSS; or claims of FSS (directly or indirectly) against Defendants pursuant to sections 544, 547, 548, and 550 of the Bankruptcy Code or Chapter 24 of the Texas Business and Commerce Code; whether at law or in equity, which FSS has against the Defendants, including, but not limited to, those asserted in the Adversary Proceeding or the Creditors' Fraudulent Transfer Proceeding (the "Released FSS Claims"); *provided that* such release shall not apply to Defendants' obligations under this Stipulation and Agreed Order. Notwithstanding anything to the contrary herein, nothing in this Stipulation and Agreed Order shall affect or otherwise release any claims or causes of action the Trustee, on behalf of Alex Jones's estate, FSS, or any other entity in which the Alex Jones estate owns an interest, may have against any trustees, co-trustees, beneficiaries, and/or settlors of any trusts to the extent the claims relate to property of FSS and/or Alex Jones's estate transferred to the trusts/trustees, and such claims shall not constitute Released FSS Claims. All rights and defenses with respect to such claims and causes of action are expressly reserved. For the avoidance of doubt, the Trustee is not releasing any claims on behalf of the Alex Jones personal chapter 7 bankruptcy estate and is not releasing any claims or causes of action against the Defendants held by FSS except the Released FSS Claims.

6

b. Defendants, and each of them, on behalf of themselves and all of the heirs, representatives, successors and assigns, and all other persons that have or could potentially derive rights through them, irrevocably and unconditionally release, waive, acquit, and forever discharge the Trustee, and FSS, and each of their respective predecessors, successors, heirs, administrators, personal representatives, assigns, trustees, beneficiaries, agents, attorneys, and representatives, whether past, present, or future from any and all alleged liens, claims, actions, causes of action, proceedings, adjustments, offsets, contracts, judgments, obligations, suits, debts, dues, sums of money, accounts, damages, demands, agreements, promises, liabilities, controversies, costs, expenses, attorneys' fees, and losses, whether at law or in equity, which Defendants had, have, claim to have or have had against the Trustee, FSS, whether or not asserted in the Adversary Proceeding. This release shall not apply to claims, causes of action, defenses, or offsets Carol or David Jones may have against the Alex Jones estate or Trustee's obligations under this Stipulation and Agreed Order. Neither the Defendant, nor anyone claiming by, through, or under them, shall file Proofs of Claim or otherwise assert any right to recover (other than pursuant to this Stipulation and Agreed Order) in Jones Case, the FSS Case, or the Adversary Proceeding except David and Carol Jones shall not be prohibited from filing Proofs of Claim in the Alex Jones case. Nothing herein shall preclude any Defendant from asserting any affirmative defense in any future action.

15626648

8

5. **Withdrawal of PQPR Claim.** Within three (3) business days of the Defendants' receipt of the Settlement Payment, PQPR shall file a notice of withdrawal with prejudice of the PQPR Claim.

6. **Dismissal of Adversary Proceeding.** The Trustee will file the necessary pleadings with the Court to dismiss the Adversary Proceeding against the Defendants with prejudice, and Trustee and Defendants will jointly file pleadings necessary to dismiss the Creditors' Fraudulent Transfer Proceeding with prejudice within three (3) business days of the transfer of the Settlement Payment.

7. The Bankruptcy Court shall have exclusive jurisdiction to hear and resolve any disputes related to this Stipulation and Agreed Order.

8. This Stipulation and Agreed Order are governed by Texas Law.

**IT IS SO ORDERED.**

Dated: _____

                                                    Honorable Christopher M. Lopez
                                                    United States Bankruptcy Judge

**AGREED AND ACCEPTED:**

**PORTER HEDGES LLP**

By: /s/ Joshua W. Wolfshohl
Joshua W. Wolfshohl (TX 24038592)
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (fax)
jwolfshohl@porterhedges.com

**ATTORNEY FOR CHRISTOPHER R. MURRAY, CHAPTER 7 TRUSTEE**

**STEPHEN A ROBERTS, PC**

By: /s/ Stephen A. Roberts
Stephen A. Roberts (TX 17019200)
2701 Wooldridge Dr
Austin, TX 78703-1953
512-431-7337
Email: sroberts@srobertslawfirm.com

**ATTORNEY FOR CAROL JONES AND DAVID JONES**

**STREUSAND, LANDON, OZBURN & LEMMON, LLP**

By: /s/ Stephen W. Lemmon
Stephen W. Lemmon (TX 12194500)
1801 S. Mopac Expressway, Suite 320
Austin, Texas 78746
Telephone: (512) 236-9900
Facsimile: (512) 236-9904
lemmon@slollp.com

**ATTORNEY FOR PQPR HOLDINGS LIMITED LLC**

_____
Christopher R. Murray, Chapter 7 Trustee
on behalf of the Bankruptcy Estate of
Alexander E. Jones and on behalf of
Free Speech Systems, LLC

Dated: January 3, 2025

_____
Dr. David Jones
on behalf of himself, PQPR Limited Holdings, LLC,
and JLJR Holdings, LLC

Dated: January 3, 2025

_____
Carol Jones
On behalf of herself and PLJR Holdings, LLC

Dated: January 3, 2025

9

15626648