THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 22-33553** |
| **ALEXANDER E. JONES** | § | **(Chapter 7)** |
| | § | |
| Debtor. | § | |

**TRUSTEE'S EXPEDITED MOTION TO EXTEND THE TRUSTEE'S DEADLINE TO ASSUME OR REJECT UNDER SECTION 365(D)(1)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EXPEDITED RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**EXPEDITED RELIEF IS REQUESTED BEFORE <u>JANUARY 13, 2025</u>.**

**IF A HEARING IS HELD ON THIS MOTION, INFORMATION REGARDING TELEPHONIC AND/OR VIDEO CONFERENCE PARTICIPATION CAN BE FOUND ON THE COURT'S WEBSITE.**

**TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:**

Christopher Murray, in his capacity as the chapter 7 trustee ("**Trustee**") for the bankruptcy estate of Alexander E. Jones ("**Debtor**") files this *Expedited Motion to Extend the Trustee's Deadline to Assume or Reject under Section 365(d)(1)* (the "**Motion**"), and respectfully states the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## BACKGROUND

2. The Debtor filed for an individual chapter 11 bankruptcy on December 2, 2022 ("**Petition Date**") and on June 14, 2024, the Court entered an *Order Converting Chapter 11 Case* [DE 708] thereby converting the Debtor's chapter 11 case to one under chapter 7. Christopher R. Murray was duly appointed as the chapter 7 trustee for the Debtor's Estate.

3. The Debtor is the 100% owner of Free Speech System LLC ("**FSS**"). FSS filed a petition for relief under chapter 11 subchapter V of the Bankruptcy Code on July 29, 2022 thereby initiating its bankruptcy proceeding, Case No. 22-60043. On June 14, 2024, the Court entered an *Order* [DE 956, FSS Bankruptcy] dismissing FSS's bankruptcy proceeding ("**Dismissal Order**"). In the Dismissal Order, the Court directed the CRO of FSS to transfer control and signing authority for FSS' bank accounts to Christopher R. Murray, in his capacity as the Trustee for the Alexander E. Jones bankruptcy estate. The Court also retained exclusive jurisdiction over various other matters under the Dismissal Order.

4.	The Court later issued its *Order Supplementing Order Dismissing Case* [DE 1021, FSS Bankruptcy]("**Supplemental Dismissal Order**") clarifying that:

> 1. Effective as of the entry of the [Dismissal Order], pursuant to Section 349(b), all property of the estate of Debtor Free Speech Systems, LLC [sic] shall be deemed to have vested in the bankruptcy estate of Alexander E. Jones, Case No. 22-33553, as property of that estate pursuant to Section 541 and shall be under the control of the trustee of such estate [sic].
>
> [. . .]
>
> 2. The Chapter 7 Trustee is authorized to operate the business of FSS pursuant to Section 721 for a period not to exceed one-year, absent further order of this Court.

Supplemental Dismissal Order at ¶ 1-2.

5.	This case involves numerous parties, complex issues, and competing interests that has resulted in various disputes, emergency motions, hearings, and other proceedings, both before this Court and other courts.

6.	The Trustee and his professionals have been in an on-going and active process to try to sell certain property of the Estate and to resolve other key disputes and certain pending litigation.

7.	There has been insufficient time to determine if any unexpired leases and/or executory contracts should be assumed or rejected pursuant to section 365 of the Bankruptcy Code. It is possible that there are unexpired leases and/or executory contracts that may have value to the Estate.

8.	The Trustee has been able to determine that there are no unexpired leases of non-residential real property to be assumed or rejected in this instance. Accordingly, the Trustee is not seeking to extend the 365(d)(4) deadline regarding unexpired leases of nonresidential real property. The Trustee is only requesting to extend the § 365(d)(1) deadline to assume or reject

executory contracts and/or unexpired leases of residential real property by 90-days to and including Monday, April 14, 2025

## EXPEDITED CONSIDERATION

9. The current deadline to assume or reject contracts under either 11 U.S.C. §§ 365(d)(1) and 365(d)(4) is Monday, January 13, 2025.

10. The Trustee is only requesting to extend the § 365(d)(1) deadline to assume or reject executory contracts and/or unexpired leases of residential real property by 90-days to and including Monday, April 14, 2025.

11. The Trustee is requesting expedited relief before January 13, 2025 since that is when the current deadline expires.

## *EX PARTE* NOTICE

12. The Trustee provided notice to all parties registered to receive notice of the Motion through the Court's electronic case filing system. The Trustee believes this notice is sufficient as Fifth Circuit precedent provides that no notice to counterparties to the agreements is required to extend the statutory period to assume or reject leases. *In re Am. Healthcare Management, Inc.*, 900 F.2d 827, 833 (5th Cir. 1990) (holding that "neither section 365(d)(4) nor Rules 6006(a) and 9014 require notice and a hearing before a bankruptcy court grants an extension of time in which a lessee may assume or reject its leases").

## LEGAL BASIS FOR RELIEF

**A. Extending the Section 365(d)(1) Deadline.**

13. 11 U.S.C. § 348(a) provides that the "[c]onversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief." 11

U.S.C. § 348(c) provides that for purposes of section 365(d), the conversion date acts as the date for the order for relief.

14. Section 365(d)(1) provides that:

In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, *for cause*, within such 60-day period, fixes, then such contract or lease is deemed rejected.

11 U.S.C. § 365(d)(1)(emphasis added).

15. Courts consider various factors to determine whether cause exists, including, but not limited to:

a. whether the lease is the debtor's primary asset;

b. whether the debtor has had sufficient time to intelligently appraise its financial situation and potential value of its assets in terms of the formulation of a plan of reorganization;

c. whether the lessor continues to receive rent for the use of the property;

d. whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;

e. whether the case is exceptionally complex and involves a large number of leases;

f. whether the debtor has failed or is unable to formulate a plan when it has had sufficient time to do so; and

g. any other factors bearing on whether the debtor has had a reasonable amount of time in which to decide whether to assume or reject the lease.

*See, e.g., In re Panaco, Inc.*, 2002 WL 31990368, at *5 (Bankr. S.D. Tex. Dec. 10, 2002) (listing similar factors to consider when determining whether to extend deadline under Section 365); *South St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761 (2d Cir. 1996) (same); *In re Beautyco, Inc.*, 307 B.R. 225, 231 (Bankr. N.D. Okla. 2004) (same); *In re Adelphia Commc'ns Corp.*, 291 B.R. 283, 293 (Bankr. S.D.N.Y. 2003) (same); *In re Service Merch. Co., Inc.*, 256 B.R. 744, 748 (Bankr. M.D. Tenn. 2000) (same); *see also In re Am.*

*Healthcare Mgt., Inc.*, 900 F.2d 827, 831 (5th Cir. 1990) (recognizing that a court may extend the deadline under section 365(d)(4) if "there is 'cause' for granting the extension").

16. The Trustee believes that due to the ongoing circumstances of this case, an additional extension of 90 days is warranted and that there is sufficient cause to support this relief.

17. The Trustee seeks to preserve the status quo while the parties are actively involved in a process to sell assets, resolve key disputes and pending litigation. *See, e.g., In re Am. Healthcare Mgt., Inc.*, 900 F.2d at 833 ("[A]n order extending the time for a debtor to assume or reject a lease merely preserves the status quo.").

18. For these reasons, the Trustee respectfully requests that the Court extend the § 365(d)(1) deadline, for cause, by 90-days without prejudice to his right to seek further extensions.

## RESERVATION OF RIGHTS

19. Nothing contained herein is intended or shall be construed as: (a) an admission as to the validity of any prepetition claim against the Debtor or the Estate; (b) a waiver of the Trustee's, Debtor's, or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claims; (d) an implication or admission that any particular claim is of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Trustee's, Debtor's, or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

**PRAYER**

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order granting the relief requested herein by extending the deadline under 11 U.S.C. § 365(d)(1) and any such other relief as the Court deems appropriate at law or equity.

Dated: January 6, 2025

Respectfully submitted,

By: /s/Jacqueline Q. Chiba
Jacqueline Q. Chiba (Bar No. 24116899)
jackie@jonesmurray.com
Erin E. Jones (Bar No. 24032478)
erin@jonesmurray.com
**JONES MURRAY LLP**
602 Sawyer Street, Suite 400
Houston, TX 77007
Telephone: (832) 529-1999
Facsimile: (832) 529-3393

AND

Joshua W. Wolfshohl (Bar No. 24038592)
jwolfshohl@porterhedges.com
Michael B. Dearman (Bar No. 24116270)
mdearman@porterhedges.com
Jordan T. Stevens (Bar No. 24106467)
jstevens@porterhedges.com
Kenesha L. Starling (Bar No. 24114906)
kstarling@porterhedges.com
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248

**Counsel for Christopher Murray,
Chapter 7 Trustee**

**CERTIFICATE OF ACCURACY**

I hereby certify that the facts and circumstances described in the above pleading giving rise to the request for expedited consideration are true and correct to the best of my knowledge, information, and belief.

*/s/ Christopher Murray*
Christopher R. Murray

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing was served on January 6, 2025 through the Court's ECF system on all parties registered to receive such service, which includes the Debtor and the U.S. Trustee.

*/s/ Jacqueline Q. Chiba*
Jacqueline Q. Chiba