IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>ALEXANDER E. JONES,<br><br>Debtor. | § § § § § § § § § Chapter 7<br><br>Case No. 22-33553 (CML) |

ORDER (I) AUTHORIZING AND APPROVING SETTLEMENT
BY AND BETWEEN THE CHAPTER 7 TRUSTEE, THE CONNECTICUT
FAMILIES, AND THE TEXAS FAMILIES AND (II) GRANTING RELATED RELIEF

[Related to Docket No. _____ ]

Upon consideration of the motion (the "Motion")[1] of Christopher R. Murray, the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking the entry of this order authorizing and approving the settlement terms herein (the "Settlement") by and among the Trustee on behalf of the Estate, the Connecticut Families,[2] and the Texas Families,[3] (collectively, the "Settlement Parties"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C.§ 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] The "Connecticut Families" are Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Erica Ash.

[3] The "Texas Families" are Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and the Estate of Marcel Fontaine.

17034916

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1408; and this Court having found that the relief requested in the Motion is in the best interests of the Estate, its creditors, and other parties in interest; and this Court having found that the Trustee's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and upon all of the proceedings had before this Court; and it appearing, upon due deliberation, that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief requested in the Motion, it is hereby

**FOUND AND DETERMINED THAT:**[4]

A.   This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Federal Rule of Civil Procedure 54(b), as made applicable by Bankruptcy Rule 7054, there is no just reason for delay in the implementation of this Order or entry of judgment as set forth herein.

B.   The Settlement was proposed, negotiated, and entered into by the Settlement Parties and each of their applicable employees, agents, attorneys, advisors, and representatives at arm's length, in good faith, and without collusion or fraud. The terms and conditions of the Settlement are fair and reasonable under the circumstances and are not being entered into for the purpose of, nor do they have the effect of, hindering, delaying, or defrauding the Estate or any of its creditors

---

[4] The findings of fact and conclusions of law herein constitute this Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such. The Court's findings shall also include any oral findings of fact and conclusions of law made by this Court during or at the conclusion of the Hearing. This Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

17034916

under any applicable law. The consideration to be exchanged by the Settlement Parties under the Settlement constitutes fair and reasonable consideration, reasonably equivalent value, and fair and adequate consideration.

C.      The Settlement (a) satisfies the standards and requirements for the approval of a compromise and settlement under Bankruptcy Rule 9019 and other applicable law, (b) is reasonable, fair, and equitable and supported by adequate consideration, and (c) is in the best interests of the Debtor's Estate, creditors, and all other parties in interest. The Trustee has exercised sound and reasonable business judgment seeking approval of the compromises on the terms described herein and entering into the Settlement described herein.

D.      Notwithstanding anything to the contrary in the Motion or herein, the right to appeal any judgment(s) against Free Speech Systems, LLC ("FSS") awarded in favor of the Connecticut Families or the Texas Families (together, the "Families") in the State Court Litigation[5] constitutes property of the Estate, and the authority to prosecute or dismiss any such appeal, solely with respect to FSS, is vested exclusively in the Trustee.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

**A.    Motion is Granted**

1.      The relief requested is granted and approved as set forth herein. To the extent there is any inconsistency between the Motion and the Order, this Order controls.

---

[5] The "State Court Litigation" refers to: (i) *Lafferty* v. *Jones*, X06-UWY-CV-18-6046436-S, in the Judicial District of Waterbury of the Connecticut Superior Court; (ii) *Sherlach* v. *Jones*, X06-UWY-CV-18-6046437-S, in the Judicial District of Waterbury of the Connecticut Superior Court; (iii) *Heslin* v. *Jones*, Cause No. D-1-GN-18-001835 in the 261st District Court of Travis County, Texas; (iv) *Lewis* v. *Jones*, Cause No. D-1-GN-18-006623 in the 98th District Court of Travis County, Texas; (v) *Pozner* v. *Jones*, Cause No. D-1-GN-18-001842, in the 345th District Court of Travis County, Texas; and (vi) *Fontaine* v. *Jones*, Cause No. D-1-GN-18-001605 in the 459th District Court of Travis County, Texas.

17034916

**B.     Objections Overruled**

2.     All objections, statements, and reservations of rights related to the Motion or the relief granted herein that have not been withdrawn with prejudice, waived, or settled are overruled and denied on the merits with prejudice.

**C.     The Settlement is Authorized and the Terms and Conditions of the Settlement are Approved**

3.     Pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlement is hereby authorized and approved as follows:

   i.     **Allowance of Families' Claims Against FSS and the Estate**

4.     The Connecticut Families' and Texas Families' claims against FSS and the Estate (together, the "Estate Claims") shall be allowed in the Debtor's above referenced chapter 7 case (the "Chapter 7 Case") in the amounts set forth on the attached Schedule 1, for all purposes in the Chapter 7 Case.

5.     Notwithstanding allowance of the Estate Claims, all parties' rights are fully reserved with respect to a determination of the amount of any non-dischargeable judgment under Bankruptcy Code section 523.

6.     Notwithstanding anything to the contrary, the rights of Alexander E. Jones, in his individual capacity ("Jones"), to pursue any appeal of any judgments awarded in favor of the Families as against Jones in the State Court Litigation, if any, are preserved.

   ii.     **Settlement Payment to Texas Families; Allocation of Distributable Proceeds**

7.     From all amounts distributed on account of the Estate Claims, the Trustee shall pay the Texas Families $4,000,000.00 (the "Settlement Amount"), which, subject to the True-Up Payment (as defined below), shall constitute the sole and exclusive recovery of the Texas Families

4

17034916

from FSS and the Estate. The Settlement Amount shall be paid (i) $1,000,000.00 within 7 days of this Order becoming final, which payment shall constitute an interim distribution on the Estate Claims, and (ii) the next $3,000,000.00 distributed from time to time by the Trustee on account of the Estate Claims. The Trustee will use reasonable best efforts to seek Court authorization to make further interim distributions as soon as practicable and, if consistent with the Trustee's business judgment regarding the cash availability and needs of the Estate, such that the Settlement Amount is funded within 90 days of entry of this Order.

8. In addition to the Settlement Amount, the Texas Families shall also be entitled to a true-up payment ensuring that the Texas Families receive, inclusive of the Settlement Amount, 25% of the aggregate amount of all distributions made on account of the Estate Claims (the "True-Up Payment"). The True-Up Payment shall be calculated at such time that the Trustee makes a final distribution to the Connecticut Families. At that time, to the extent the Connecticut Families would otherwise receive a distribution that exceeds $12,000,000 in the aggregate from the Estate, the Trustee shall make a payment to the Texas Families equal to 25% of any distribution in excess of $12,000,000, it being the intention of the Connecticut Families and the Texas Families that in no event shall the Texas Families receive less than the greater of (a) $4,000,000 and (b) 25% of all distributions made on account of the Estate Claims (inclusive of the Settlement Amount). For the avoidance of doubt, the Connecticut Families shall receive 75% of any distribution in excess of $12,000,000 on account of the Estate Claims.

9. The allocation of distributions from the Estate amongst the Families, as set forth herein, shall not be affected by any subsequent appeal, reversal, modification, or further proceedings of any kind with respect to the State Court Litigation or the Non-Dischargeability

17034916

Decisions.[6]

### iii. Texas Families' Settlement Obligations

10. Upon entry of this Order and receipt of the Settlement Amount, the Settlement Parties each agree that the Texas Families shall:

a. no longer be a party in interest in this Chapter 7 Case, except with respect to the Specified Matters (as defined below);

b. except with respect to the Specified Matters, not file any pleadings, make appearances, or otherwise take a position with respect to issues arising in this Chapter 7 Case;

c. except with respect to the Specified Matters, not take any action in the Chapter 7 Case that is inconsistent with the stated position of the Connecticut Families, and use commercially reasonable and good faith efforts to express support for the positions of the Connecticut Families;

d. upon no less than ten (10) business days' notice from of the Connecticut Families, assign to the Connecticut Families (or their designee) all liquidated judgments the Texas Families hold against FSS and take any actions necessary to effectuate the same (the "Texas FSS Claims Assignment"); *provided, however,* that the Texas Families shall have no obligation to assign any judgments against Jones; and

e. within five (5) business days of receiving the Settlement Amount, dismiss with prejudice their pending appeal of the *Order Supplementing Order Dismissing Case* [Case No. 22-60043, Docket No. 1021].

---

[6] The "Non-Dischargeability Decisions" refers to the (i) *Memorandum Decision on Texas Plaintiffs' Motion for Summary Judgment*, Case No. 23-03035 [Docket No. 46], and (ii) *Memorandum Decision on Connecticut Plaintiffs' Motion for Summary Judgment*, Case No. 23-03037 [Docket No. 76].

6

17034916

11. For purposes of this Order, the "Specified Matters" include (i) all claims and causes of action related to the Texas Families' non-dischargeability adversary proceeding against the Debtor, (ii) all rights of the Texas Families to enforce the Settlement and this Order, and (iii) other matters in the Chapter 7 Case that directly and adversely affect the Texas Families' rights in the Settlement and this Order; *provided, however,* that a Specified Matter for purposes of Paragraph 11(iii), shall not include any matter simply because it might affect the aggregate quantum of Estate distributions in the Chapter 7 Case.

### iv. Connecticut Families' Settlement Obligations

12. The Connecticut Families shall consent to (a) the allowance of the Texas Families' claims as set forth in the attached Schedule 1, (b) the Trustee's payment of the Settlement Amount and the True-Up Payment, if any, to the Texas Families.

### v. Additional Settlement Terms

13. *Cooperation*. All Settlement Parties shall cooperate in the implementation of the Settlement and no Settlement Party shall take any action inconsistent therewith.

14. *Appellate Rights*. The rights of FSS to appeal any judgment(s) awarded in favor of the Families in the State Court Litigation solely as against FSS shall constitute property of the Estate, and the Trustee shall have the exclusive authority to prosecute or dismiss any such appeal on behalf of FSS. For the avoidance of doubt, all parties' rights are reserved with respect to Jones' appeal of the State Court Litigation as such appeals related to judgment(s) awarded to the Families against Jones, including whether such appellate rights constitute property of the Debtor's Chapter 7 Estate.

15. *Treatment of Certain Ancillary Proceedings*. Upon entry of this Order, the following shall apply with respect to the proceeding captioned *Heslin* v. *Jones*, Case No. D-1-

17034916

GN-18-001835A before the 261st District Court of Travis County, Texas (the "<u>Texas State Court Litigation</u>"), as such matters may have been removed, remanded or transferred from time to time:

a. that certain Turnover Order with respect to the assets of FSS entered on June 21, 2024 in the Texas State Court Litigation shall be stayed indefinitely absent (i) consummation of the Texas FSS Claims Assignment and (ii) written consent of the Trustee and the Connecticut Families; *provided however* that the consent of the Trustee shall not be required if the Estate abandons the membership interests in FSS; *provided further* that the Trustee reserves all rights with respect to any continued prosecution or enforcement of the Turnover Order;

b. that certain Plaintiffs' Application for Post-Judgment Writ of Garnishment (the "<u>Garnishment Application</u>") filed by the Texas Families in the Texas State Court Litigation on June 21, 2024 shall be stayed indefinitely absent (i) consummation of the Texas FSS Claims Assignment and (ii) written consent of the Trustee and the Connecticut Families; *provided however* that the consent of the Trustee shall not be required if the Estate abandons the membership interests in FSS; *provided further* that the Trustee reserves all rights with respect to any continued prosecution or enforcement of the Garnishment Application;

c. The Texas Families shall be forever barred from enforcing the Turnover Order in any manner; and

d. the Texas State Court Litigation, pending in the following adversary proceedings: Nos. 24-03228 and 24-03229, are hereby remanded to the court from which such proceedings were removed in Travis County, Texas, subject in all respect to the automatic stay under Bankruptcy Code section 362 and the provisions of this Order

including, for the avoidance of doubt, Paragraph 15 hereof.

16. The Estate has waived any claims against other Settlement Parties for alleged violations of the automatic stay in connection with action taken prior to entry of this Order related to the Turnover Order, the Garnishment Application, and the Receivership Application.[7] The Connecticut Families and Texas Families have waived any claims against each other relating to the Turnover Order, the Garnishment Application, or the Receivership Application.

17. *Reservation of Rights With Respect To Non-Dischargeable Claims.* Nothing in the Settlement or this Order shall modify, limit, impair, or otherwise restrict the Families' rights with respect to any non-dischargeable claims against Jones, including, without limitation, (a) the amount of any non-dischargeable claim against Jones, and (b) the right to collect and/or recover on account of such non-dischargeable claim against Jones from assets that are not property of the Estate.

18. *Trustee's Treatment of Group Claims.* For the purposes of the Settlement Amount and any other distributions under the Settlement and this Order, the Trustee shall treat all allowed claims of Connecticut Families, on the one hand, and the Texas Families, on the other, as single allowed claims of each group payable as follows or as otherwise instructed in writing by counsel to such Families:

   a. If to the Connecticut Families, by payment by wire to Koskoff Koskoff & Bieder, PC.

   b. If to the Texas Families, by payment by wire to Lawson & Moshenberg PLLC.

Upon making a payment to such designated party, the Trustee and the Estate shall have no further obligation to the constituent members of such groups with respect to such payments, it being the

---

[7] The "Receivership Application" refers to the *Application for Post-Judgment Turnover and Appointment of Receiver as to Judgment Debtor Alexander E. Jones*, Cause No. D-1-GN-24-004752, filed by the Connecticut Families in the Texas State Court Litigation on October 3, 2024.

sole responsibility of the applicable designated recipient to determine allocations, deductions, adjustments or any other matters affecting the allocation of proceeds according to any intra-group agreement or understanding. Subject to payment by the Trustee of the amounts set forth in this Order to the respective group designees set forth above, the Families shall be permitted to allocate distributions among themselves in any way that they may agree, irrespective of the allowed claim amounts set forth in Schedule 1.

D.   **Modification of Amendment of Settlement Terms**

19.   The terms of the Settlement may be modified, amended, or supplemented only with the prior written consent of each of the Settlement Parties. The Trustee reserves the right to seek Court approval of any modification, amendment, or supplement to the terms of the Settlement.

E.   **Order Shall Control**

20.   The terms of the Settlement set forth in this Order shall control to the extent there is any inconsistency between the terms described in the Motion and the terms set forth in this Order.

F.   **Necessary Action**

21.   The Trustee is authorized to take any and all actions necessary and appropriate to consummate the terms of the Settlement, including but not limited to executing, filing, and/or recording any documents that may be reasonably necessary or desirable to implement the terms of the Settlement or to comply with this Order.

22.   The Connecticut Families and Texas Families shall take any and all actions necessary and appropriate to consummate the terms of the Settlement, including but not limited to executing, filing, and/or recording any documents that may be reasonably necessary or desirable

to implement the terms of the Settlement or to comply with this Order.

**G.     Binding Order**

23.     This Order and the terms and provisions of the Settlement shall be binding on each of the Settlement Parties, their respective affiliates, successors, and assigns, all interested parties in the Bankruptcy Case, including but not limited to the Debtor, FSS, the Debtor's and FSS's creditors (whether known or unknown).  The terms and provisions of the Settlement, and any actions taken pursuant to this Order or the Settlement shall survive the entry of any order, and the terms and provisions of the Settlement, as well as the rights and interests granted pursuant to this Order and the Settlement, shall continue in these or any superseding cases.  For the avoidance of doubt, the terms and provisions of this Order and any actions taken pursuant hereto shall survive entry of an order dismissing this Chapter 7 Case.

**H.     Automatic Stay**

24.     The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the provisions of this Order and the terms of the Settlement.

**I.     Bankruptcy Rule 6004**

25.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

26.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order and the Settlement are immediately effective and enforceable upon its entry.

## J.     Exclusive Jurisdiction

27. The Court shall retain exclusive jurisdiction with respect to the terms and provisions of this Order and the Settlement.

Houston, Texas
Dated: _____

_____
CHRISTOPHER LOPEZ
UNITED STATES BANKRUPTCY JUDGE

17034916

## SCHEDULE 1: ALLOWED CLAIM AMOUNTS

| **Claimant** | **Allowed Claim Amount** |
|---|---|
| **Texas Families** | |
| Neil Heslin | $27,196,411 |
| Scarlett Lewis | $22,847,962 |
| Leonard Pozner | $200,000,000 |
| Veronique De La Rosa | $180,000,000 |
| The Estate of Marcel Fontaine | $50,000,000 |
| | |
| **Connecticut Families** | |
| Carlee Soto Parisi | $98,099,304 |
| Carlos Mathew Soto | $86,899,303 |
| David Wheeler | $83,429,303 |
| Donna Soto | $74,099,303 |
| Erica Ash | $111,429,303 |
| Francine Wheeler | $82,099,303 |
| Ian Hockley | $118,899,303 |
| Jacqueline Barden | $48,499,303 |
| Jennifer Hensel | $79,429,303 |
| Jillian Soto-Marino | $101,829,303 |
| Mark Barden | $86,899,303 |
| Nicole Hockley | $108,229,303 |
| Robert Parker | $170,099,303 |
| William Aldenberg | $130,099,303 |
| William Sherlach | $58,099,303 |

17034916