IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: ALEXANDER E. JONES | § § § § § | CASE NO. 22-33553 (CML) |
| Debtor. | | Chapter 7 |

### ALEXANDER E. JONES EXPEDITED FIRST MOTION FOR CONTINUANCE AND FOR EXPEDITED DISCOVERY

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing.**

**Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.**

**Expedited relief has been requested. If the Court considers the motion on an expedited basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that expedited consideration is not warranted, you should file an immediate response.**

**TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE**

Alexander Jones, joined by Free Speech Systems, LLC, filed this First Motion for Continuance and for Expedited Discovery, seeking a continuance of the Settlement Motion hearing now scheduled for January 23, 2025 in Houston, Texas, and would show the Court the following:

### I.
### GROUNDS FOR SEEKING A CONTINUANCE

A.     THERE IS NO EMERGENCY JUSTIFYING AN EXPEDITED, CASE DISPOSITIVE, MOTION

1. The Movants, including the Chapter 7 Trustee, filed the expedited Motion seeking expedited relief on Friday, January 10, 2025, late in the evening sometime after 7:00 PM. Effectively it was received Monday, January 13, 2025.

2. There was no pre-filing conference or notice by the Trustee or by any Plaintiff prior to filing the Settlement Motion. To the date of the filing, the only communications with the Trustee involved the status of the Trustees' response to the December 19, 2024, offer from First American United, Corp ("FAUC"). The Motion, appearing to seek the right to dismiss the Jones and FFS Connecticut and Texas appeals, was a complete surprise.

3. The Motion is complex and confusing, and certain in material respect ambiguous.

4. Most important is the fact that there was no emergency or urgency to justify an expedited hearing on this Motion. Expediting any matter must be based on a true need to reduce the normal hearing rules and the rights of parties to a fair opportunity to address the relief sought, as well as and reasonable discovery of the movants and Parties to the Motion. Here, both due process rights have been unfairly reduced or denied in whole. Time for even expedited discovery has been practically eliminated without cause. There is nothing in the Settlement Motion that is Third-Party controlled (all timing is controlled by the Trustee) and timing of the filing of the Motion:

   a. Comes almost a month after the Trustee received a written $8 million offer to acquire the assets of FSS by FUAC, yet the Trustee has yet to initiate any process to accept or otherwise deal with this offer. Instead, the Trustee has obviously spent his time negotiating with the Connecticut Plaintiffs and Texas Plaintiffs to arrange the deck as they believe they need to deal with the new offer. The Motion, when filed, had never been discussed with Jones although Jones counsel had been in frequent contact with the Trustee

about both the new offer and the January 3, 2025, PQPR/Jones mediation. This Settlement Motion was never discussed by the Trustee's counsel.

        b.      Setting aside the surprise of the Trustee joining with the Connecticut and Texas Plaintiffs in pursuing dismissal of the Jones and FSS appeals (appeals that do not cost the Trustee's estate any fees or expenses) the expedited nature of this Motion filing sandwiches the due date of January 21, 2025, Debtors' Connecticut Motion for Certiorari to the Connecticut Supreme Court. That date was well known to the Plaintiffs, and likely the Trustee. Preparation and filing were to have taken 100% of Jones legal teams' time, which had to be adjusted, and which has greatly limited the time to complete the response to the Settlement Motion.

5.      In short, there is no emergency recited in the Motion and nor based on the requested relief, that justifies truncating the time under the Rules for a responsive answer and for discovery when it was discovered the main intention of the terms of the Settlement Motion was to cause dismissal of the Jones and FSS appeals and to increase the Texas Plaintiffs "allowed" claim by 1000%, thereby avoiding the appellate process from occurring.

    **B.**    **DUE PROCESS REQUIRES A FAIR OPPORTUNITY TO INTERPOSE A RESPONSE AND DEFENSE**

6.      A notice of hearing and the opportunity to be heard must be granted at a meaningful time and in a meaningful manner. *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). The purpose of this requirement is not only to ensure abstract fair play to the individual. "Its purpose, more particularly, is to protect his use and possession of property from arbitrary encroachment." *Fuentes v. Shevin*, 407 U.S. 67, 80–81 (1972).

7.      In Jones' Objection and Response to the Settlement Motion, he argues that if what is being asked is to approve the Trustees business judgment decision to dismiss the Jones and FSS

appeal, that is not stated in either the Motion or the Order and is literally a case-dispositive action of the Trustee (in dismissing the appeals).  Likewise, the Trustee gives no reasonable basis for his decision to increase the Texas Plaintiffs non-allowed claim of approximately $48 million (*which required the State District Court to find the tort caps on liability unconstitutional*)  to an Allowed Claim in the amount of $480 million (or 10 times such amount).

8. Because of the ambiguities and unknown issues of requesting of this Court to enter an Order adopting a purely legal conclusion, that is likely intended to allow the Trustee to unfairly claim reliance on this Court Order (as proposed by the Trustee) that adopts Orders the incomplete description of Fifth Circuit and Supreme Court law on a Trustee's right to dismiss an appeal involving.  This matter should not be determined on an emergency or expedited basis.  Jones has not had sufficient time to digest the full scope of the proposed Settlement Motion, nor sufficient time to conduct discovery on this expedited Settlement Agreement Motion.

    **C.**    **THE MOTION REFERENCES A FORMAL SETTLEMENT AGREEMENT (AND CAUTIONS THAT PARTIES CANNOT RELY ON THE MOTIONS' SUMMARY OF TERMS) BUT THAT FORMAL SETTLEMENT AGREEMENT WAS NOT FURNISHED WITH THE MOTION TO JONES**

9. Here, the Expedited Settlement Motion references, but does not disclose the full settlement agreement.  To the extent that the Settlement Motion does not fairly or reasonably disclose the agreement being requested to be approved.  The Motion is fully of ambiguities and unstated reasons for the relief sought.  The best example is the single paragraph reciting and mischaracterizing the Trustee's right to dismiss appeals, a critical and case dispositive result that would be devastating to Jones' and FSS's constitutional rights.  Yet the Settlement Agreement makes no mention of the need for this Court to approve a legal position that is not attached to specific relief, or is it but craftly or ambiguously drafted to accomplish a purpose?  That cannot be known without discovery, and a full and fair response cannot be made until the relief is actually

unambiguously sought.

10. This Court and Jones must know all that is proposed, and all that is intended by the inclusion of a description of the Trustee's right to dismiss a debtor-defendant's appeal far earlier than the day of the hearing. The fact that a case dispositive Motion is filed without full and complete disclosures of all that is intended and all that the Trustee has discussed and planned with respect to such a monumental decision is not fully and fairly disclosed requires a continuance. A trustee has a duty to fully and honestly disclose matters that would significantly impact a case before this Court and not hide or shade the intention with casual requests to approve a single legal proposition.[1]

## II. RELIEF REQUESTED

11. Jones seeks a continuance of the currently-set Settlement Motion for a reasonable period of time to conduct discovery, including discovery on an expedited basis, to allow the Debtor a fair opportunity to prepare for such hearing. Jones suggests that if expedited discovery from the Trustee, the Connecticut Plaintiffs, and the Texas Plaintiffs is ordered, that an extension of 30 days, to February 25, 2025, will be sufficient time to adequately respond to the matters raised in the Motion and in Jones' initial Objection and Response.

## III. REQUEST FOR EXPEDITED CONSIDERATION

Alexander Jones, joined by Free Speech Systems, LLC requests expedited consideration of this Motion. The expedited basis is not for delay but to allow the Debtor the opportunity to

---

[1] "When the fiduciary's "methodologies and procedures are restricted in scope, so shallow in execution, or otherwise so *pro forma* or halfhearted . . . , then inquiry into . . . [the fiduciary's acts] is not shielded by the business judgment rule." *Resolution Trust Co. v. Rahn,* 854 F.Supp. 480, 489 (W.D. Mich. 1994). Moreover, '[t]rustees, like executors and administrators, must use reasonable diligence in the discharge of their duty to 'collect and reduce to money the property of the estates for which they are trustees'". 6 Alan N. Resnick and Henry J. Sommer, *Collier on Bankruptcy* P 704.04[1], at 704-14 (15th ed. rev. 2005). Cf. 11 U.S.C. § 704(a)(1)." *In re Bohannan,* No. 07-32050 (LMW), 2009 Bankr. LEXIS 950, at *13 (Bankr. D. Conn. Jan. 6, 2009).

prepare for such a hearing as stated above. As such, Alexander Jones believes that expedited consideration of the Motion is warranted.

WHEREFORE, Jones prays this Court grant the relief above requested, and for such other and further relief to which Jones is justly entitled, at law and in equity.

Dated: January 21, 2025

        */s/ Shelby A. Jordan*
SHELBY A. JORDAN
State Bar No. 11016700
S.D. No. 2195
ANTONIO ORTIZ
State Bar No. 24074839
S.D. No. 1127322
**Jordan & Ortiz, P.C.**
500 North Shoreline Blvd., Suite 804
Corpus Christi, TX 78401
Telephone: (361) 884-5678
Facsimile: (361) 888-5555
Email: sjordan@jhwclaw.com
       aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com
**CO-COUNSEL FOR ALEX JONES**

*/s/ Ben Broocks*
Ben C Broocks
State Bar No. 03058800
Federal Bar No. 94507
William A. Broocks
St. Bar No. 24107577
Federal Bar No. 3759653
BROOCKS LAW FIRM PLLC
248 Addie Roy Road, Suite B301
Austin, Texas 78746
Phone: (512) 201-2000
Fax: (512) 201-2032
Email: bbroocks@broockslawfirm.com
**CO-COUNSEL FOR ALEX JONES**

## CERTIFICATE OF ACCURACY

The undersigned hereby certifies that, to the best of my knowledge, the statements regarding the reasons expedited relief has been requested are the true and accurate reasons expedited relief was requested. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

                                      */s/ Shelby A. Jordan*
                                      Shelby A. Jordan

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices via the Court's ECF noticing system on January 21, 2025 as well as the following parties.

                                      */s/ Shelby A. Jordan*
                                      Shelby A. Jordan