# EXHIBIT 2

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re<br><br>Alexander E. Jones,<br><br>       Debtor, | Bankruptcy<br>Case No. 22-33553 (CML)<br><br>Chapter 11 |
| In re<br><br>Free Speech Systems LLC,<br><br>       Debtor, | Bankruptcy<br>Case No. 22-60043 (CML)<br><br>Chapter 11 |

## DEBTORS' MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS MOTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Alexander E. Jones ("Jones") and Free Speech Systems, LLC ("FSS"), the debtors and debtors-in-possession in the above captioned chapter 11 cases (collectively, the "Debtors") hereby respectfully file this motion (the "Motion") pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order, substantially in the form attached (the "Proposed Order"), approving the compromise and settlement by and between the Debtors and

Leonard Pozner, Veronique De La Rosa and the Estate of Marcel Fontaine (the "Settling Plaintiffs").[1]  In support of this Motion, the Debtors respectfully request the following:

## PRELIMINARY STATEMENT[2]

The Debtors have spent more than five years and millions of dollars entrenched in near-constant litigation over the Debtors' allegedly defamatory statements about school shootings such as those that occurred at Sandy Hook Elementary School and, solely as to FSS, the Marjory Stoneman Douglas High School.  Between August and October of 2022, two separate juries awarded tort claimants that went to trial nearly $1.5 billion in damages.  However, certain individuals who filed litigation against the Debtors have yet to proceed to trial.  As such, their claims remain unliquidated.  To delay the significant expense, disruption of operations and harm that would certainly come from trials commencing in the near term, and to maximize efficiency in these chapter 11 proceedings, the Debtors' strong preference is to resolve the Settling Plaintiffs' claims solely for bankruptcy purposes.

By this motion, the Debtors seek to settle the Lift Stay Motion on the following terms, and as more fully described in the Proposed Order:

- Settling Plaintiffs will receive liquidated claims solely for bankruptcy purposes—including chapter 11 plan and distribution purposes—in each of the Debtors' cases, which would provide substantially similar pro rata claims for all of the Tort Claimants.[3]

- If no consensual chapter 11 plan settlement is reached among the Tort Claimants and the Debtors by:

---

[1]  The Settling Plaintiffs are members of the group of plaintiffs referred to in these cases as the "Texas Plaintiffs," which consists of Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa and the Estate of Marcel Fontaine, provided, however, that nothing herein establishes any claim by the Estate of Marcel Fontaine as to the Jones estate.

[2]  Capitalized terms used in this Preliminary Statement but not defined herein shall have the meanings ascribed to them elsewhere in the Motion.

[3]  The "Tort Claimants" consist of the Texas Plaintiffs and Connecticut Plaintiffs (defined below).

o August 31, 2023, then the automatic stay shall lift to allow pre-trial proceedings in the Pozner/De La Rosa Action; and

o October 20, 2023, then the automatic stay shall lift, allowing the State Court Actions to proceed to liquidate the claims of the Settling Plaintiffs.

The Debtors believe that the proposed settlement is in the best interest of the Debtors, their creditors and their estates because it would avoid the substantial cost of litigating additional claims by the remaining Settling Plaintiffs during these proceedings. Such litigation would certainly cause significant monetary harm to the Debtors and provide a substantial distraction for the Debtors and their professionals during critical plan negotiations, which would delay resolution of the chapter 11 cases and the Debtors' emergence from bankruptcy. Moreover, the proposed settlement would provide certainty with respect to some of the most substantial claims in these cases and ensure that the Settling Plaintiffs are treated with parity vis-à-vis the other Tort Claimants. However, if a consensual plan is not achieved in a timely manner, then the Debtors may continue to contest the Settling Plaintiffs' claims.

## JURISDICTION AND VENUE

1. Venue is proper in the Court under 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

3. The Settling Plaintiffs consent to the jurisdiction of the United States Bankruptcy Court for the Southern District of Texas (the "Court") to liquidate their claims solely for the purposes of approving the proposed settlement. However, the Settling Plaintiffs do not consent to the jurisdiction of the Court with respect to liquidating damages outside the context of this settlement.

# BACKGROUND

### a. Case Background

4.   On July 29, 2022 (the "FSS Petition Date"), FSS filed a voluntary petition for relief under chapter 11, subchapter V, of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas.  The Subchapter V Trustee was appointed on August 2, 2022, and on September 20, 2022, the Court expanded the Subchapter V Trustee's duties under section 1183(b)(2) of the Bankruptcy Code.

5.   On December 2, 2022, Jones filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On December 13, 2022, pursuant to section 1102 of the Bankruptcy Code, the United States Trustee appointed a committee of unsecured creditors (the "Committee") in the Jones case, made up solely of Tort Claimants.[4]  The Debtors are currently participating in mediation with the Texas Plaintiffs, the Committee, and another group of plaintiffs who sued the Debtors in Connecticut state court (the "Connecticut Plaintiffs") before the Hon. Marvin Isgur in an effort to attain a consensual plan of reorganization.

6.   Information regarding FSS' history and business operations, capital structure, and secured indebtedness, and the events leading up to the commencement of the FSS chapter 11 case can be found in the First Day Declaration of W. Marc Schwartz [Docket No. 10], which was filed with the Court on the FSS Petition Date.

7.   On January 20, 2023, counsel to the Texas Plaintiffs filed *Leonard Pozner and Veronique De La Rosa's Motion for Relief from the Automatic Stay Against Alexander E. Jones* [Docket No. 113] in the Jones bankruptcy case and *Leonard Pozner and Veronique De La Rosa's*

---

[4]   *See Notice of Appointment of Official Committee of Unsecured Creditors*, dated December 13, 2022 [ECF No. 42]. The Committee currently comprises the following six individuals: (i) Robert Parker; (ii) Nicole Hockley; (iii) Jennifer Hensel; (iv) David Wheeler; (v) Leonard Pozner; and (vi) Scarlett Lewis.

*Motion for Relief from the Automatic Stay Against Alexander E. Jones* [Docket No. 406] in the FSS bankruptcy case (the "Lift Stay Motion"), seeking relief from the automatic stay to seek a judgment of damages against the Debtors in the state court action styled as *Leonard Pozner and Veronique De La Rosa v. Alex E. Jones, Infowars, LLC, and Free Speech Systems, LLC*, Cause No. D-1-GN-18-001842, brought in the 345th District Court of Travis County, Texas (the "Pozner/De La Rosa Action"). In addition, a state court action brought by another Texas Plaintiff, Marcel Fontaine, styled as *Marcel Fontaine v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, and Kit Daniels*, Cause No. D-1-GN-18-001605, in the 459th District Court for Travis County, Texas (the "Fontaine Action," and together with the Pozner/De La Rosa Action, the "State Court Actions") has been stayed by these chapter 11 cases prior to judgment.

8. On February 7, 2023, FSS filed the *Debtor's Objection to Leonard Pozner and Veronique De La Rosa's Motion for Relief from the Automatic Stay* [Docket No. 419]. On February 7, 2023, Jones filed the *Debtor's Objection to Leonard Pozner and Veronique De La Rosa's Motion for Relief from the Automatic Stay* [Docket No. 137].

9. On March 10, 2023, the Settling Plaintiffs filed that certain *Complaint to Determine Dischargeability of Debt* (the "Adversary Proceeding") in each of the FSS and Jones cases.

10. On March 13, 2023, the Court entered the agreement between the Settling Parties and Jones contained in that certain *Stipulation and Agreed Order Regarding the Dismissal of FSS from the Jones Adversary Proceedings and Schedule for the Answer and Summary Judgment Briefing* (the "Stipulation") that sets a very aggressive briefing schedule on the briefing and response and hearing on the issue concerning whether the judgments that have been entered in the underlying lawsuits satisfy the requirements under 11 U.S.C. §523(a)(6) such that the debts

represented therein would be *per se* nondischargeable.  An in person hearing in front of this Court on this issue is set for August 15, 2023, at 10:00 a.m.

11.     As of the date hereof, the Settling Plaintiffs have filed their Motions for Summary Judgment on this discrete issue, and the Jones Debtor is working to meet their briefing deadline of June 12, 2023.

## PROPOSED SETTLEMENT

12.     In an effort to consensually resolve the issues related to the automatic stay, the Debtors and the Settling Plaintiffs have come to agreement on a path forward.  The key terms of the proposed settlement are set forth below:

| Topic | Terms of the Settlement |
|---|---|
| **Pozner/De La Rosa Action** | If no documented consensual agreement among the Debtors, the Texas Plaintiffs, and the Connecticut Plaintiffs regarding a chapter 11 plan has been reached:<br><br>• The automatic stay shall lift on **August 31, 2023**, for discovery and pretrial purposes.<br><br>• The automatic stay shall lift on **October 20, 2023**, for the purposes of liquidating damages against the Debtors, but not for the enforcement of any judgment.<br><br>• Leonard Pozner and Veronique De La Rosa shall have allowed claims for the purposes of bankruptcy voting and distribution in the amounts set forth in <u>Exhibit A</u> to the order.[5] Those claims shall no longer apply if the stay is lifted on **October 20, 2023,** unless otherwise extended by the Debtors and Settling Plaintiffs. |
| **Fontaine Action** | If no documented consensual agreement among the Debtors, the Texas Plaintiffs, and the Connecticut Plaintiffs regarding a chapter 11 plan has been reached: |

---

[5]     The dollar amounts set forth in <u>Exhibit A</u> have been filed under seal given the public nature of these proceedings and the fact that the settlement contemplates potential future trials with respect to such damages amounts. <u>Exhibit A</u> shall be provided to the U.S. Trustee and parties to the protective order entered in these cases.

| | <ul><li>The automatic stay shall lift on **December 1, 2023**, for the purposes of liquidating damages against the Debtors, but not for the enforcement of any judgment.</li><li>The Estate of Marcel Fontaine shall have an allowed claim against FSS for the purposes of bankruptcy voting and distribution in the amount set forth in <u>Exhibit A</u> to the order. That claim shall no longer apply if the stay is lifted on **December 1, 2023,** unless otherwise extended by the Debtors and Settling Plaintiffs.</li></ul> |
|---|---|
| **Sanctions Actions** | The Texas Plaintiffs shall not commence additional sanctions actions with respect to the acts or actions of non-Debtors taking place prior to the date of the order with respect to litigation with any Debtor until **December 1, 2023,** unless otherwise extended by the Debtors and Settling Plaintiffs. |
| **Additional Settlement Terms** | The Debtors and the Settling Plaintiffs may consensually agree to extend the deadlines outlined above upon written agreement without further order of this Court.<br><br>Appeals of any judgment against one or more Debtor with respect to any Texas Plaintiff's state court litigation may proceed without further order of this Court. |

## RELIEF REQUESTED

13.     By this motion, the Debtors seek entry of an order approving the settlement described herein pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 9019.

## ARGUMENT

**Bankruptcy Rule 9019(a)**

14.     Bankruptcy Rule 9019 governs the approval of a compromise or settlement.  The statute provides, in part, that "on motion by the trustee and after a hearing, the bankruptcy court may approve a compromise or settlement."  The Supreme Court and case law in the 5th Circuit "suggests two general standards against which a proposed settlement is to be assessed: (1) whether the settlement is 'fair and equitable,' and (2) whether the settlement is 'in the best interests of the estate.'"  *In re Mirant Corp.*, 348 B.R. 725, 738 (Bankr. N.D. Tex. 2006), *aff'd sub nom.* (*See*

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir.1980)).

15.     Under Bankruptcy Rule 9019, the decision to approve the compromise of a controversy is within the sound discretion of the Bankruptcy Court.  *See In re Aweco, Inc.*, 725 F.2d 293, 297 (5th Cir. 1984), cert denied, 496 U.S. 880 (1984); *In re Cajun Electric Power Coop.*, 119 F.3d 349, 355 (5th Cir. 1997).  The Court should "make a well-informed decision, 'comparing the terms of the compromise with the likely rewards of litigation.'"  *In re Cajun Electric Power Coop.*, 119 F.3d at 356 (citing *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980)).  The Fifth Circuit views compromises as a "normal part of the process of reorganization … oftentimes desirable and wise methods of bringing to a close proceedings otherwise lengthy, complicated and costly."  *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980) (citations omitted).

16.     The Fifth Circuit, as guidance to bankruptcy courts, has articulated a three-part test to be applied to determine if a settlement is beneficial: (1) the probability of success in litigating the claim subject to settlement, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay; and (3) all other factors bearing on the wisdom of the compromise.  *In re Age Refining, Inc.*, 801 F.3d 530, 540 (5th Cir. 2015) (citing *In re Jackson Brewing*, 624 F.2d at 602).

17.     Consideration of the wisdom of the proposed compromise should include "the paramount interest of creditors with proper deference to their reasonable views" and whether the compromise arose from an arms-length negotiation.  *In re Foster Mortgage Corp.*, 68 F.3d 914-18 (5th Cir. 1996).  In determining the best interests of creditors, the "test is not the desires of the majority as such, but the best interests of creditors taking into account their reasonable views."  *In re Cajun Elec. Power Coop.*, 119 F.3d at 358 (upholding a settlement agreement despite the

numerical majority of creditors opposing the settlement). The Debtors have the burden of showing that the balance of these factors demonstrates a fair and equitable compromise, but they must only show that the settlement falls within the "range of reasonable litigation alternatives." *In re Allied Properties, LLC*, 2007 WL 1849017, at *4 (citing *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)). A bankruptcy court can give more weight to one or more of the factors in exercising its discretion. *In re Derosa-Grund*, 567 B.R. 773, 785 (Bankr. S.D. Tex. 2017) (citing *In re Bard*, 49 Fed.Appx. 528, 532-33 (6th Cir. 2002); *In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 160-65 (Bankr. S.D.N.Y. 2005) (giving certain factors "some weight," "no weight," or "moderate weight")).

18. Here, each prong weighs in favor of granting the requested relief. *First,* the Debtors' liability was already conclusively established by entry of a default judgment in the Pozner/De La Rosa Action.[6] *See Pozner v. Jones*, Amended Order on Plaintiffs' Motion to Compel and Motion for Sanctions (the "Pozner/De La Rosa Default Judgment"), Cause No. D-1-GN-18-001842, (Oct. 15, 2021). A Texas appeals court also already concluded "that Fontaine has established by clear and specific evidence a prima facie case that the article containing his photo was false and defamatory per se." *InfoWars, LLC; Free Speech Systems, LLC; and Kit Daniels, Appellants v. Marcel Fontaine, Appellee*, Case No. 03-18-00614-CV, Memorandum Opinion, 2 (Tex. App.—Austin [3rd Dist.] Oct. 24, 2019). With these facts being established, the outstanding question effectively is how much the Debtors will be ordered to pay in damages.

---

[6] Under Texas law, entry of a default judgment conclusively establishes the facts alleged in a plaintiff's complaint. *Stoner v. Thompson*, 578 S.W.2d 679, 684 (Tex. 1979) ("A default judgment admits facts which are properly alleged."); *see also*, *Fitz v. Toungate*, 419 S.W.2d 708, 709 (Tex. App.-Austin 1967) (finding that the facts alleged were established by the default judgment; *Harris Cnty. Water Control and Improvement Dist. No. 84 v. Hornberger*, 601 S.W.2d 66, 68 (Tex. App.-Houston 1980) (finding plaintiff's allegations sufficient to apprise the defendant of the main contentions and thus were established by default judgment).

19.     *Second*, the State Court Actions have already dragged on for nearly five years and would be extended by pretrial procedures and additional discovery with respect to damages. Therefore, to resolve these claims in state court, the Debtors will need to devote significant time, money and professional resources to prepare for trial.  In terms of the attendant expense associated with continued litigation, the Debtors estimate that continued litigation in the absence of the relief afforded in this settlement would exceed $1,200,000 for the two trials.  Those costs would erode the assets in the Debtors' estates to the detriment of the estates and all of their creditors.  As such, the proposed settlement is appropriate because it would provide significant value to all creditors and ensure that the Debtors' limited funds are not unnecessarily depleted by costly litigation.  *See In re Viking Offshore, (USA), Inc.*, 2009 WL 4910051, at *3 (Bankr. S.D. Tex. Dec. 11, 2009) (settlement approved because the litigation would "require the expenditure of many hours of attorney time, and payments to expert witnesses" and case had been proceeding for 21 months without resolution of a plan); *Matter of Beach*, 731 F. App'x 322, 326 (5th Cir. 2018) (it is "undoubtedly within the bankruptcy court's discretion to conclude that these allegations would be complex and costly to litigate, involving significant trial and witness preparation").

20.     In an analogous case, *Matter of Beach*, the court overruled a creditor's objection and granted a settlement to avoid litigation, which it assessed would "entail a multi-week trial, which would not proceed for many months and which would cost hundreds of thousands of dollars in legal and expert witness fees." *Id.*  The Court held that the bankruptcy case was already "very contentious," "pending for four and a half years," and the "court could reasonably expect a similarly protracted battle if the parties litigated, rather than settled, these claims." *Id.*  Avoiding trials with the Settling Plaintiffs is in the best interests of the Debtors as their cases have been pending for more than five years and any trial is likely to take weeks, as the Heslin/Lewis and

Connecticut Plaintiffs' trials did. Similarly, this settlement would benefit all creditors by avoiding the additional expense of continued litigation, thereby preventing the estates from becoming administratively insolvent.

21. *Third*, the proposed settlement is a wise compromise for resolving the lift stay issues and is in the best interests of creditors as the settlement will allow some of the largest claims in the bankruptcy to be liquidated for plan voting and distribution purposes, which will allow for a more efficient and timely bankruptcy process. *In re Viking Offshore, (USA), Inc.*, 2009 WL 4910051, at *3 (Bankr. S.D. Tex. Dec. 11, 2009) ("resolution of anticipated litigation serves the salutary goal of creating the conditions in which a plan can be proposed which is not so unreasonably vague as to render it not feasible"). The settlement also ensures fairness by providing the five individual Texas Plaintiffs with a recovery collectively on par with that of the fifteen individual Connecticut Plaintiffs. Given these circumstances, the terms of the settlement represent a fair and equitable comprise in the best interests of all creditors because no party is disadvantaged by not having their day in court.

The nearly $1.5 billion judgment entered in the Connecticut Plaintiffs' case highlights the possibility and risk of extraordinary litigation outcomes for the Tort Claimants. The proposed settlement avoids (i) the risk of an inflated jury verdict, (ii) further delays in the state court litigation and this bankruptcy case, (iii) significant costs and expenses associated with multiple trials, and (iv) distraction from the operations of FSS' business affairs.

22. This Court has the discretion to approve settlements which are "right and equitable under the circumstances" and that lead to "a just result." *In re Derosa-Grund*, 567 B.R. at 802 (*citing In re Aweco*, 725 F.2d at 297-98). This settlement represents the best interests of the creditors and is "right and equitable under the circumstances" because it establishes parity between

the Tort Claimants and prevents the prospect of an even greater recovery for the Settling Plaintiffs against the estate.[7]

23.     *Fourth,* the proposed settlement provides for parity of treatment among similarly situated creditors.  While the Debtor disputes liability to any of the Tort Claimants, the amounts of the claims established by prior judgments is immaterial inasmuch as the assets available to pay creditors is a small fraction of the face amount of those judgments.  The settlement seeks to establish a denominator for purposes of distribution under a plan of reorganization.

24.     *Fifth*, negotiations between the Settling Plaintiffs and the Debtors were conducted at arms' length amongst the parties' professionals.  The Debtors and the Settling Plaintiffs have been engaged in contentious litigation for more than five years.  The parties continue to be at odds with each other in these cases and are currently engaged in adversary proceedings relating to the dischargeability of the claims at issue here.  *In re Derosa-Grund*, 567 B.R. at 792 (Trustee negotiated with the Debtor at arms-length through their attorney, which weighs in favor of approving the settlement) (*citing In re Charter Commc'ns*, 419 B.R. 221, 260 (Bankr. S.D.N.Y. 2009); *In re Enron Corp.*, Case No. 01–16034 (AJG), 2004 Bankr. LEXIS 2549, at *80 (Bankr. S.D.N.Y. July 15, 2004) (confirming plan and finding good faith requirement satisfied in part because plan resulted from "extensive arm's-length discussions")).  Moreover, the settlement negotiation and amounts that were agreed to were approved by the Debtors' various professionals—including FSS's Chief Restructuring Officer—based on the circumstances.

25.     Accordingly, the Court should approve this Motion because the Debtors evaluated the settlement in a prudent manner and on an informed basis, and entered into the settlement in

---

[7]     The Texas Plaintiffs previously entered into a sharing agreement.

good faith, with the honest belief that the implementation thereof is in the best interests of the Debtors' estates and its creditors.

## NOTICE

26.     The Debtors will provide notice of this Motion to: (a) counsel to the Texas Plaintiffs; (c) the United States Trustee; (d) counsel to the Committee; (e) counsel to the Connecticut Plaintiffs; (f) all parties that have filed a notice of appearance and request for service in this proceeding pursuant to Bankruptcy Rule 2002; and (g) any other parties designated by the Court.  Considering the nature of the relief requested herein, the Texas Plaintiffs submit that no other or further notice is necessary.

## NO PRIOR REQUEST

27.     No prior request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

28.     WHEREFORE, for the foregoing reasons, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto, approving the settlement, and grant such other and further relief as is just and proper.

June 8, 2023

**LAW OFFICES OF RAY BATTAGLIA, PLLC**
By: */s/ Ray W. Battaglia*
Raymond W. Battaglia
State Bar No. 01918055
66 Granburg Circle
San Antonio, Texas 78218
Tel. (210) 601-9405
Email: rbattaglialaw@outlook.com

*Counsel to Free Speech Systems, LLC*

**CROWE & DUNLEVY, P.C.**
By: */s/ Vickie L. Driver*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone: (737) 218-6187
Email: dallaseservice@crowedunlevy.com

-and-

**JORDAN & ORTIZ, P.C.**
By: */s/ Shelby A. Jordan*
Shelby A. Jordan
State Bar No. 11016700
S.D. No. 2195
Antonio Ortiz
State Bar No. 24074839
S.D. No. 1127322
500 North Shoreline Blvd., Suite 900
Corpus Christ, TX 78401
Telephone: (361) 884-5678
Facsimile: (361) 888-5555
Email: sjordan@jhwclaw.com
Email: aortiz@jhwclaw.com

*Counsel to Alexander E. Jones*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Motion has been served on all parties receiving or entitled to notice through CM/ECF on this June 8, 2023.

*/s/ Vickie L. Driver*

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| In re<br><br>Alexander E. Jones,<br><br>      Debtor, | Bankruptcy<br>Case No. 22-33553 (CML)<br><br>Chapter 11 |
| In re<br><br>Free Speech Systems LLC,<br><br>      Debtor, | Bankruptcy<br>Case No. 22-60043 (CML)<br><br>Chapter 11 |

## AGREED ORDER ON DEBTORS' MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

In consideration of the *Debtors' Motion for Approval of Compromise of Settlement Under Federal Rule of Bankruptcy Procedure 9019* [Docket No. [ ]] (the "Motion")[1] and based on the specific facts and circumstances surrounding the Settlement by and between Alexander E. Jones ("Jones"), Free Speech Systems, LLC ("FSS," and together with Jones, the "Debtors"), and the Texas Plaintiffs (collectively the "Parties") in the chapter 11 cases, the Court finding that the Debtors have engaged with the Texas Plaintiffs on a suitable resolution to the Motion; and the Debtors and Texas Plaintiffs agreeing that issues relating to the automatic stay's effect on the Texas Plaintiffs' state court proceedings are most efficiently resolved together; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court

---

[1] Capitalized terms not otherwise defined in this Order shall share the meanings ascribed to them in the Motion.

having found that the relief set forth herein is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and appropriate notice having been provided under the circumstances of the Motion, and that no other or further notice is required; and the Court having determined that the consensual settlement of certain issues among the Debtors and the Texas Plaintiffs establish just cause for the relief granted herein;

**NOW, THEREFORE, IT IS AGREED AND ORDERED THAT:**

1.      With respect to the state court action styled as *Leonard Pozner and Veronique De La Rosa v. Alex E. Jones, Infowars, LLC, and Free Speech Systems, LLC*, Cause No. D-1-GN-18-001842, brought in the 345th District Court of Travis County, Texas (the "Pozner/De La Rosa Action"), the automatic stay shall remain in effect until August 31, 2023 or until otherwise ordered by this Court.  If no documented consensual agreement among the Debtors, the Texas Plaintiffs and the Connecticut Plaintiffs with respect to a chapter 11 plan for each of the Debtors has been reached by August 31, 2023, the automatic stay shall be lifted as of such date solely to allow pre-trial proceedings and discovery to move forward in the Pozner/De La Rosa Action with no further action required by this Court or the Texas Plaintiffs.

2.      If no documented consensual agreement among the Debtors, the Texas Plaintiffs and the Connecticut Plaintiffs with respect to a chapter 11 plan for each of the Debtors has been reached by October 20, 2023, then as of such date, the automatic stay shall be lifted with respect to the Pozner/De La Rosa Action and the state court action styled as *Marcel Fontaine v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, and Kit Daniels*, Cause No. D-1-GN-18-001605, in the 459th District Court for Travis County, Texas (the "Fontaine Action") solely for the purposes of liquidating damages against the Debtors.  For the avoidance of doubt, nothing in this order shall permit the Texas Plaintiffs to act to enforce any judgment against property of the

- 2 -

Debtors' estates, to act to obtain possession or control over property of the estates, to create, perfect or enforce a lien against property of the estates, or to otherwise seek to collect from the Debtors outside of these bankruptcy cases.

3.     The Texas Plaintiffs shall not commence additional sanctions actions with respect to any act or action of a non-Debtor taking place prior to the date of this order with respect to the litigation among one or more of the Debtors and one or more Texas Plaintiffs, until December 1, 2023; *provided, however,* that any sanctions action by the Texas Plaintiffs against a non-Debtor commenced prior to the date hereof may proceed.

4.     Those certain Texas Plaintiffs set forth on <u>Exhibit A</u> hereto shall have allowed claims solely for the purposes of bankruptcy, including voting and distributions in the Debtors' chapter 11 cases in the amounts set forth next to their names on <u>Exhibit A</u>; *provided, however,* that such claim amounts shall no longer be applicable upon the lifting of the automatic stay on October 20, 2023, unless such deadline is consensually extended by the Debtors and the Texas Plaintiffs.

5.     The Debtors and the Texas Plaintiffs may consensually extend one or more deadlines set forth in this order upon written agreement among the Debtors and the Texas Plaintiffs without further order of this Court.

6.     Appeals of any judgment against one or more Debtor with respect to any Texas Plaintiff's state court litigation may proceed without further order of this Court.

7.     Notwithstanding Bankruptcy Rule 4001(a)(3), the 14-day stay of an order granting relief from the automatic stay is waived.

8.      This Court shall retain sole and exclusive jurisdiction with respect to the automatic stay, its application to any state court actions, and any disputes relating to any party's failure to meet a necessary condition of the agreement reached between the parties and approved herein.


Dated: _____, 2023
        Houston, Texas

_____
**CHRISTOPHER LOPEZ**
**UNITED STATES BANKRUPTCY JUDGE**

**EXHIBIT A**

*Filed Under Seal*

## **EXHIBIT A**

(i)     Leonard Pozner: $200 million;

(ii)    Veronique De La Rosa: $180 million; and

(iii)   The Estate of Marcel Fontaine: $50 million (solely as to FSS).