# EXHIBIT 15

Case 4:25-cv-00559 Document 130-15 Filed on 07/23/25 in TXSD Page 2 of 7

Case 22-33553 Document 1030-15 Filed in TXSB on 10/03/24 Page 168 of 180

10/3/2024 4:01 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-24-004752
Candy Schmidt

NO. D-1-GN-24-004752

| | | |
|---|---|---|
| ERICA LAFFERTY, et al., | § | IN THE DISTRICT COURT |
|     Plaintiffs (Judgment Creditors) | § | |
| | § | |
| vs. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| | § | |
| ALEXANDER E. JONES, et al., | § | |
|     Defendants (Judgment Debtors) | § | 261st JUDICIAL DISTRICT |

## APPLICATION FOR POST-JUDGMENT TURNOVER AND APPOINTMENT OF RECEIVER AS TO JUDGMENT DEBTOR ALEXANDER E. JONES

David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, Williams Aldenberg, William Sherlach, Robert Parker, and Erica Ash (formerly Erica Lafferty) (collectively, the Connecticut Sandy Hook Families or Judgment Creditors), Plaintiffs and Judgment Creditors in the above styled and numbered foreign judgment proceeding respectfully request that the Court grant this Application for Turnover Relief and Appointment of a Receiver as to Judgment Debtor Alexander E. Jones (Application) against Alexander E. Jones (Judgment Debtor or Alex Jones). Judgment Creditors would respectfully show the Court the following:

    1.    **Texas Judgment**. Judgment Creditors own a judgment against Alex Jones. Judgment Debtor is obligated to Judgment Creditors in the amount of $1,438,139,555.94 under the judgment rendered before the Superior Court of the Judicial District of Fairfield at Bridgeport, Connecticut, Docket No. CV-18-6046437 (the Connecticut Judgment). The Connecticut Judgment is comprised of four documents: the jury verdict, the trial court's ruling on punitive damages, the Connecticut Sandy Hook Families' Motion for Rectification, and the March 31, 2023 Order granting the Motion for

TAB 6

Rectification. *See* **Exhibit A**, Declaration of Alinor C. Sterling. The Connecticut Judgment has been domesticated in this proceeding under the Uniform Enforcement of Foreign Judgments Act (the Judgment), Chapter 35 of the Texas Civil Practice and Remedies Code. Judgment Debtor Alex Jones filed for bankruptcy under Chapter 11 of the Bankruptcy Code on December 2, 2022, and his Chapter 11 case was converted to a case under Chapter 7 on June 14, 2024. On October 19, 2023, the Bankruptcy Court entered a final order determining that $1,115,000,000 of the Connecticut Judgment was non-dischargeable in bankruptcy and, therefore, unaffected by the bankruptcy proceedings (the Non-Dischargeable Connecticut Judgment).[1]

2. For the avoidance of doubt, this Application is brought **only** as to Judgment Debtor Alex Jones. Judgment Creditors are **not** seeking turnover and appointment of a receiver as to the other Judgment Debtor in this matter, Free Speech Systems, LLC. The United States Bankruptcy Court for the Southern District of Texas issued an Order vesting authority in the trustee appointed for Judgment Debtor Alex Jones' bankruptcy to take control of Judgment Debtor Free Speech Systems, LLC, including its assets and bank accounts, and to dispose of those assets for the benefit of Alex Jones' creditors. *See* Dkt. 956 (June 21, 2024), No. 22-60043 (Bankr. S.D. Tex.). In addition, Judgment Creditors are **not** seeking any relief that would be inconsistent with the pending Chapter 7 bankruptcy case of Judgment Debtor Alex Jones (the Chapter 7 Case), including seeking any relief with respect to assets that Judgment Debtor Alex Jones owned on or before June 14, 2024, as such assets constitute property of the Chapter 7 bankruptcy Estate.

---

[1] Additional proceedings before the Bankruptcy Court are ongoing as to whether the remaining $321 million of the Connecticut Judgment is non-dischargeable.

3. Judgment Creditors are not Judgment Debtor Alex Jones' only creditors. Neil Heslin and Scarlett Lewis obtained a judgment against Judgment Debtor in the District Court of Travis County, Texas, and Leonard Pozner, Veronique De La Rosa, and the Estate of Marcel Fontaine have unliquidated claims against Alex Jones (the Texas Sandy Hook Plaintiffs). The Connecticut Sandy Hook Families believe that Judgment Debtor's non-exempt property should be fairly and equitably distributed on a pro-rata basis among Alex Jones' creditors. The Connecticut Sandy Hook Families do not believe that any one creditor should receive outsized recovery or preferential treatment, and the filing of this receivership and turnover order is **not** an effort to seize Alex Jones' assets before the Texas Sandy Hook Plaintiffs do so. On the contrary, it is an effort to secure Alex Jones' assets **so that he does not dissipate them** and they can be shared among creditors. Courtesy copies of these filings are being served on the Texas Sandy Hook Plaintiffs, through their counsel in the Bankruptcy proceedings, in the hopes that the Texas Sandy Hook Plaintiffs will join in this effort, support the receivership, and benefit from distributions by the receiver.

4. As discussed above, Judgment Debtor Alex Jones previously filed for bankruptcy. Following a hearing on June 14, 2024, Judgment Debtor's bankruptcy case was converted to a Chapter 7 case and a trustee was appointed (the Trustee). Alex Jones' Chapter 7 bankruptcy Estate, including all the assets of Free Speech Systems, LLC, are protected by the Bankruptcy Court's automatic stay, and Judgment Creditors do **not** seek any relief that would violate that stay or with respect to assets that are included in the Chapter 7 bankruptcy Estate. However, any assets acquired by Judgment Debtor Alex Jones after his case was converted to a Chapter 7 on June 14, 2024, do not constitute

property of the Chapter 7 bankruptcy Estate and are thus available to satisfy the Judgment.

5. Accordingly, Judgment Creditors seek to **only** execute upon the following categories of assets, and, in each case, solely to the extent necessary to satisfy the Judgment:

(a) any non-exempt assets Judgment Debtor Alex Jones has acquired post-conversion or may acquire in the future;

(b) any pre-conversion assets of Judgment Debtor Alex Jones which are expressly abandoned by the Trustee such that they no longer are property of the Chapter 7 bankruptcy Estate; and

(c) any post-conversion payments Judgment Debtor Alex Jones is contractually entitled to.

6. Judgment Creditors reserve all rights they may have to execute upon the Judgment in accordance with any prospective developments in any bankruptcy proceeding pertaining to the Judgment Debtor. A courtesy copy of this Application is being served on the Trustee.

7. Judgment Creditors file this Application pursuant to pursuant to Texas Civil Practice and Remedies Code section 31.002(d) that provides: "The judgment creditor may move for the court's assistance under this section in the same proceeding in which the judgment is rendered or in an independent proceeding." The proposed receiver, Kell C. Mercer, resides in Travis County.

8. **Turnover and Appointment of Receiver**. Chapter 31 of the Texas Civil Practice and Remedies Code provides that: "A judgment creditor is entitled to aid from a court of appropriate jurisdiction . . . through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property,

including present or future rights to property, that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." TEX. CIV. PRAC. & REM. CODE § 31.002(a) (as amended Acts 2017, 85th Leg., R.S., Ch. 996 (H.B. 1066), Sec. 1, eff. June 15, 2017).

9. The court may "appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment." *Id.* § 31.002(b). Appointment of a receiver is prudent to provide for an orderly distribution of assets given Judgment Debtor has multiple creditors as detailed herein and given the attention that must be given to delineate the bankruptcy Estate.

10. **Property**. Pursuant to his sworn discovery responses attached to this application, Judgment Debtor has non-exempt property. *See* **Exhibit A**, Declaration of Alinor C. Sterling. Judgment Debtor's non-exempt property can be used to satisfy the Judgment.

11. **Turnover and Receiver**. Judgment Creditors request that Judgment Debtor be ordered to turn over all non-exempt, non-bankruptcy estate property and appoint Kell C. Mercer, whose address is 901 S. Mopac Expressway, Bldg. 1, Suite 300, Austin, Texas 78746, 512-767-3214, kell.mercer@mercer-law-pc.com, State Bar of Texas No. 24007668 as Receiver over such non-exempt, non-bankruptcy estate property. Mr. Mercer has served as post-judgment turnover receiver in numerous cases before courts of the State of Texas; he is a member of the State Bar of Texas in good standing; and he is qualified to serve. Judgment Creditors request no bond be required. *Childre v. Great Sw. Life Ins. Co.*, 700 S.W. 2d 284, 289 (Tex. App.—Dallas 1985, no writ).

12. **Notice to Judgment Debtor**. While notice and a hearing are not required before issuance of a turnover order, notice of this Application is being provided to Alex Jones through his Texas counsel of record in the bankruptcy proceeding. *See Thomas v. Thomas*, 917 S.W.2d 425, 433-34 (Tex. App.—Waco 1996, no writ).

13. **Attorney's Fees**. Pursuant to Texas Civil Practice and Remedies Code section 31.002, Judgment Creditors are entitled to recover their reasonable costs and attorney's fees incurred in attempting to collect their judgment.

14. **Prayer**. Judgment Creditors pray that the Court grant this Application, order turnover of Judgment Debtor's non-exempt property that is not part of the Chapter 7 bankruptcy Estate, appoint Kell C. Mercer as Receiver, award Judgment Creditors reasonable attorney's fees and expenses, and grant all further relief to which Judgment Creditors may be entitled.

Respectfully submitted this 3rd day of October 2024.

      */s/ Ryan E. Chapple*
Ryan E. Chapple
State Bar No. 24036354
rchapple@cstrial.com
Benjamin D. Evans
State Bar No. 24081285
bevans@cstrial.com
Bethany G. Gingras
State Bar No. 24120852
bgingras@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile
**ATTORNEYS FOR JUDGMENT CREDITORS**