# EXHIBIT 37

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

| | |
|---|---|
| Debtor 1 | Alexander E. Jones |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Southern District of Texas |
| Case number | 22-33553 |

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

| | | |
|---|---|---|
| 1. | **Who is the current creditor?** | Scarlett Lewis |
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor |
| 2. | **Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes. From whom? |

| | | | |
|---|---|---|---|
| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Chamberlain Hrdlicka \| Attn: Jarrod B. Martin<br>Name<br>1200 Smith Street, Suite 1400<br>Number     Street<br>Houston          TX        77002<br>City            State      ZIP Code<br><br>Contact phone 713-356-1280<br><br>Contact email jarrod.martin@chamberlainlaw.com | **Where should payments to the creditor be sent?** (if different)<br><br>Name<br><br>Number     Street<br><br>City            State      ZIP Code<br><br>Contact phone<br><br>Contact email |
| | | Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |

| | | |
|---|---|---|
| 4. | **Does this claim amend one already filed?** | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____<br>                                                                MM / DD / YYYY |
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes. Who made the earlier filing? |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

**7. How much is the claim?**

$ _____ 22,847,962.90 .

*See* Endnotes to Proof of Claim, attached as Exhibit A

**Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Endnotes to Proof of Claim, attached as Exhibit A. _____

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

Official Form 410     **Proof of Claim**     page 2

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.  $_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  04/11/2023
  MM / DD / YYYY

/s/ Avi Moshenberg
Signature

**Print the name of the person who is completing and signing this claim:**

Name  Avi Moshenberg
  First name    Middle name    Last name

Title  Counsel for Scarlett Lewis

Company  McDowell Hetherington LLP
  Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  1001 Fannin Street, Suite 2400
  Number    Street
  Houston    TX    77002
  City    State    ZIP Code

Contact phone  713-337-5580    Email  avi.moshenberg@mhllp.com

---

| Print | Save As... | Add Attachment | | Reset |
|---|---|---|---|---|

## EXHIBIT A

### STATEMENT ON CLAIMS AND RESERVATION OF RIGHTS

**Summary of Claim:**

      1.      Scarlett Lewis ("**Lewis**") sued Alex E. Jones ("**Debtor**") for defamation and intentional infliction of emotional distress ("**State Court Filing**"). After the 261st District Court in Travis County, TX, rendered a default judgment against Debtor on liability, Lewis proceeded to a trial on damages. The bifurcated trial resulted in the jury finding that Plaintiff is entitled to $22,500,000 in actual and exemplary damages plus interest and costs.

      2.      On January 12, 2023, the 261st District Court granted the final judgment in favor of Lewis, and ordered that Lewis was entitled to recover $22,500,000 in actual and exemplary damages; prejudgment interest at the annual rate of 5% from the day the case was filed by Lewis until the day before the date of the judgment in the amount of $284,250; costs of court previously assessed by the Court in the amount of $63,712.90; and post-judgment interest at the annual rate of 5%. The claimed amount is the minimum amount due as a result of interest accruals.

      3.      In filing this Proof of Claim ("**Proof of Claim**"), Lewis does not waive any right or rights she may have against any other entities, person or persons liable for all or any part of this claim, including, but not limited to, any non-debtor affiliates or insiders including: (i) members of Jones's family; (ii) FSS; (iii) estates of the foregoing individuals; (iv) entities owned, controlled or operated by Jones, members of his family or estates of the foregoing individuals; (v) Auriam Services; (vi) Blue Ascension; or (vii) PQPR and/or FSS's prepetition counsel or other professionals.

**Summary of Exhibits:**

| | |
|---|---|
| **Exhibit 1:** | **Final Judgment** |
| **Exhibit 2:** | **Charge of the Court  dated August 4, 2022** |
| **Exhibit 3:** | **Charge of the Court dated August 5, 2022** |
| **Exhibit 4:** | **Case Summary** |

Other documentation may be available in support of Lewis's claim. Lewis reserves her right to supplement her exhibits. Lewis will make any other exhibits and other supporting documentation available upon receipt of a reasonable written request. Filing of this claim does not waive any rights to supplement or amend this claim.

Dated: April 11, 2023

Respectfully submitted,

**MCDOWELL HETHERINGTON LLP**

By: */s/ Avi Moshenberg*
Avi Moshenberg
Texas Bar No. 24083532
1001 Fannin Street, Suite 2700
Houston, Texas 77002
D: 713-337-5580
F: 713-337-8850
E: Avi.Moshenberg@mhllp.com
*Counsel for Scarlett Lewis*

-and-

**CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY, PC**

By: */s/ Jarrod B. Martin*
Jarrod B. Martin
Texas Bar No. 24070221
Tara T. LeDay
Texas Bar No. 24106701
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.356.1280
F: 713.658.2553
E: jarrod.martin@chamberlainlaw.com
E: tara.leday@chamberlainlaw.com

*Bankruptcy Counsel for the Scarlett Lewis*

-and-

**WILLKIE FARR & GALLAGHER LLP**

By: */s/ Jennifer J. Hardy*
Jennifer J. Hardy
State Bar No. 24096068
600 Travis Street
Houston, Texas 77002
Telephone: 713-510-1700
Fax: 713-510-1799
jhardy2@willkie.com

-and-

Rachel C. Strickland (admitted *pro hac vice*)
Stuart R. Lombardi (admitted *pro hac vice*)
Ciara A. Sisco (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: 212-728-8000
Fax: 212-728-8111
rstrickland@willkie.com
slombardi@willkie.com
csisco@willkie.com

# EXHIBIT 1

# D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN and SCARLETT LEWIS | § | IN DISTRICT COURT OF |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES and FREE SPEECH | § | 261st DISTRICT COURT |
| SYSTEMS, LLC | § | |

## **FINAL JUDGMENT**

On July 25, 2022, this case came before the Court for trial by jury.[1] Plaintiffs Neil Heslin and Scarlett Lewis appeared personally and through their attorney of record and announced ready for trial. Defendants Alex E. Jones and Free Speech Systems, LLC appeared personally and through their attorney of record and announced ready for trial. After a jury of twelve qualified jurors was duly selected, impaneled, and sworn to try the case, the jury heard the evidence and arguments of counsel. After the evidence was closed, the Court submitted this case to the jury. In response to the jury charge, the jury made findings that the Court received, filed, and entered of record.

Based on the evidence presented during trial, the jury returned a verdict in favor of Plaintiffs and against Defendants. The questions submitted to the jury and

---

[1] Initially, this case was filed as three separate lawsuits by Plaintiffs, which were then consolidated. *See* Cause No.: D-1-GN-18-001835; *Neil Heslin v Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC and Owen Shroyer*; In the 261st Judicial District Court of Travis County, Texas; Cause No.: D-1-GN-19-004651; *Neil Heslin v Alex E. Jones, Infowars, LLC and Free Speech Systems, LLC*; In the 261st Judicial District Court of Travis County, Texas; Cause No.: D-1-GN-18-006623; *Scarlett Lewis v Alex E. Jones, Infowars, LLC and Free Speech Systems, LLC*; In the 98th Judicial District Court of Travis County, Texas.

the jury's findings are attached as Exhibits 1 and 2 and are incorporated by reference into this final judgment. The jury's findings, along with the Court's default judgment and resulting admissions, entitle Plaintiffs Neil Heslin and Scarlett Lewis to a judgment against Defendants Alex E. Jones and Free Speech Systems, LLC as set forth in their Fifth Amended Petition. Alternatively, to the extent that a necessary element of their recovery has been omitted, the Court implies a finding to support it.

It is therefore **ORDERED** that Plaintiffs Neil Heslin and Scarlett Lewis shall have and recover of, from, and against Defendants Alex E. Jones and Free Speech Systems, LLC the following:

1. the amounts of $26,810,000 to Plaintiff Neil Heslin and $22,500,000 to Plaintiff Scarlett Lewis; plus

2. Prejudgment interest at the annual rate of 5% from the day this case was filed by Plaintiffs until the day before the date of the judgment in the amounts of $323,150 to Plaintiff Neil Heslin and $284,250 to Plaintiff Scarlett Lewis; plus

3. Costs of court previously assessed by the Court in the amount of $126,523.80; plus

4. All other court costs shall be taxed against Defendants Alex E. Jones and Free Speech Systems, LLC.

It is further **ORDERED** that postjudgment interest shall accrue on the amount of $50,043,923.80 at the rate of 5%, compounded annually, from the date the judgment is signed until all amounts are paid in full.

It is further **ORDERED** that all writs and processes as may be necessary in the enforcement and collection of this judgment or the costs of court shall issue as necessary.

Of importance to the Court is that no party sought a judgment addressing the constitutionality, either in general or as specifically applied in this case, of the limitation on the amount of recovery prescribed by Tex. Civ. Prac. & Rem. Code 41.008(b). Instead, Plaintiff's Fifth Amended Petition includes a cause of action referenced in Tex. Civ. Prac. & Rem. Code 41.008(c), which exempts this judgment from the exemplary damages limitation. Upon taking office a Judge swears to uphold both the Constitution of Texas and the Constitution of the United States. I am withholding my own judgment on the question at this time, confident that should the Plaintiffs' Fifth Amended Petition be struck for some reason the constitutionality of Tex. Civ. Prac. & Rem. Code 41.008(b) at least in this case will be raised at that time.

This judgment finally disposes of all claims and all parties and is appealable.

Signed on January 12, 2023.

JUDGE PRESIDING
MAYA GUERRA GAMBLE

-3-

# EXHIBIT 2

D-1-GN-18-001835

**ORIGINAL**

| | | |
|---|---|---|
| NEIL HESLIN and | § | IN DISTRICT COURT OF |
| SCARLETT LEWIS | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES and | § | |
| FREE SPEECH SYSTEMS, LLC | § | 261ST DISTRICT COURT |

## CHARGE OF THE COURT

MEMBERS OF THE JURY:

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason. In the case of an emergency, others may contact you through my Judicial Executive Assistant at the number previously provided.

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the Judicial Executive Assistant when you leave the Courthouse. We will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, we will collect your notes; when you are released from jury duty, we will promptly destroy your notes so nobody can read what you wrote.

Alternate jurors serve a valuable purpose. Without them, much time and money would be spent in the re-trial of cases. Thank you to my alternate jurors. You will be released from your oath and are free to go about your business, including observing the remainder of the trial if you would like.

**Here are the instructions for answering the questions:**

1. Do not let bias, prejudice, or sympathy play any part in your decision.

Everyone, including me, has feelings, assumptions, perceptions, fears, and stereotypes that we may not be aware of but that can affect what we see and hear, how we remember what we see and hear, and how we make decisions. Because you are making important decisions as the jurors in this case, you must evaluate the evidence carefully, and you must not jump to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases. Techniques to identify and check one's implicit biases include: slowing down and examining your thought processes thoroughly to identify where you may be relying on reflexive, gut reactions or making assumptions that have no basis in the evidence; asking yourself whether you would view the evidence differently if the players were reversed or other types of people were involved; and listening carefully to the opinions of your fellow jurors, each of whom brings a different, valid perspective to the table. Our system of justice is counting on you to render a just verdict based on the evidence, not on biases.

2.  Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3.  You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow my instructions.

4.  If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5.  All the questions and answers are important. No one should say that any question or answer is not important.

6.  Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence unless you are told otherwise. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence unless you are told otherwise.

    The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

7.  Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8. Do not answer questions by drawing straws or by any method of chance.

9. Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

10. The answers to the questions must be based on the decision of at least ten of the twelve jurors. The same ten jurors must agree on every answer. Do not agree to be bound by a vote of anything less than ten jurors, even if it would be a majority.

11. A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

12. You are the sole judges of the credibility or believability of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness, you should consider their relationship to the party; their interest, if any, in the outcome of the case; their demeanor or manner of testifying; their opportunity to observe or acquire knowledge concerning the facts about which they have testified; their candor, fairness, and intelligence; and the extent to which they have been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and it would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

## CAUSE OF ACTION NO. 1 – Defamation Committed Against Neil Heslin

You are instructed that Defendants Alex Jones and Free Speech Systems, LLC committed defamation against Neil Heslin.

You are further instructed that Defendants Alex Jones and Free Speech Systems, LLC published statements that were false and defamatory concerning Neil Heslin on June 26, 2017 and July 20, 2017.

"Publish" means intentionally or negligently to communicate the matter to a person other than Neil Heslin who is capable of understanding its meaning.

"False" means that a statement is not literally true or not substantially true. A statement is not "substantially true" if, in the mind of the average person, the gist of the statement is more damaging to the person affected by it than a literally true statement would have been.

"Defamatory" means an ordinary person would interpret the statement in a way that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach the person's honesty, integrity, virtue, or reputation.

You are further instructed that Defendants Alex Jones and Free Speech Systems, LLC knew or should have known, in the exercise of ordinary care, that the statements published on June 26, 2017 and July 20, 2017 were false and had the potential to be defamatory.

"Ordinary care" concerning the truth of the statement and its potential to be defamatory means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

You are further instructed that at the time Defendants Alex Jones and Free Speech Systems, LLC published the statements on June 26, 2017 and July 20, 2017, Defendants knew the statements were false as it related to Neil Heslin, or that Defendants published the statements with a high degree of awareness that they were probably false, to an extent that Defendants in fact had serious doubts as to the truth of the statements.

Under Texas law, Defendants are responsible for all damages proximately caused by their actions which were reasonably foreseeable; including damages, if any, caused by participating in this litigation.

**QUESTION NO. 1**

What sum of money, if paid now in cash, would fairly and reasonably compensate Neil Heslin for his damages, if any, that were proximately caused by Defendants' defamatory publications on June 26, 2017 and July 20, 2017?

"Proximate cause" means a cause that was a substantial factor in bringing about an injury, and without which cause such injury would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the injury, or some similar injury, might reasonably result therefrom. There may be more than one proximate cause of an injury.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Neil Heslin.

Do not include any amount for any condition existing before the defamatory publications, except to the extent, if any, that such other condition was aggravated by any injuries that resulted from the defamatory publications.

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately in dollars and cents for the damages listed below, if any.

a.      Injury to reputation that Neil Heslin sustained in the past.

Answer: $50,000

b.      Injury to reputation that, in reasonable probability, Neil Heslin will sustain in the future.

Answer: $10,000

c.      Mental anguish that Neil Heslin sustained in the past.

Answer: $50,000

d.      Mental anguish that, in reasonable probability, Neil Heslin will sustain in the future.

Answer: $0

**CAUSE OF ACTION NO. 2 – Intentional Infliction of Emotional Distress**
**Committed Against Neil Heslin and Scarlett Lewis**

You are instructed that Defendants Alex Jones and Free Speech Systems, LLC committed intentional infliction of emotional distress against Neil Heslin and Scarlett Lewis in a continuing course of conduct from 2013 to 2018.

"Intentional infliction of emotional distress" means the defendant acts intentionally or recklessly with extreme and outrageous conduct to cause the plaintiff emotional distress and the emotional distress suffered by plaintiff was severe.

"Extreme and outrageous conduct" means the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

Under Texas law, Defendants are responsible for all damages proximately caused by their actions which were reasonably foreseeable; including damages, if any, caused by participating in this litigation.

**QUESTION NO. 2**

What sum of money, if paid now in cash, would fairly and reasonably compensate Neil Heslin for his damages, if any, that were proximately caused by Defendants' intentional infliction of emotional distress from 2013 to 2018?

"Proximate cause" means a cause that was a substantial factor in bringing about an injury, and without which cause such injury would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the injury, or some similar injury, might reasonably result therefrom. There may be more than one proximate cause of an injury.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Neil Heslin.

Do not include any amount for any condition existing before the extreme and outrageous conduct, except to the extent, if any, that such other condition was aggravated by any injuries that resulted from the extreme and outrageous conduct.

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately in dollars and cents for each person for the damages listed below, if any.

a.    Mental anguish that Neil Heslin sustained in the past.

Answer: $ 1,500,000

b.    Mental anguish that, in reasonable probability, Neil Heslin will sustain in the future.

Answer: $ 500,000

---

Heslin & Lewis v. Jones & Free Speech Systems, LLC FINAL Charge                    Page 7 of 11

**QUESTION NO. 3**

What sum of money, if paid now in cash, would fairly and reasonably compensate Scarlett Lewis for her damages, if any, that were proximately caused by Defendants' intentional infliction of emotional distress from 2013 to 2018?

"Proximate cause" means a cause that was a substantial factor in bringing about an injury, and without which cause such injury would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the injury, or some similar injury, might reasonably result therefrom. There may be more than one proximate cause of an injury.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Scarlett Lewis.

Do not include any amount for any condition existing before the extreme and outrageous conduct, except to the extent, if any, that such other condition was aggravated by any injuries that resulted from the extreme and outrageous conduct.

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately in dollars and cents for each person for the damages listed below, if any.

a.    Mental anguish that Scarlett Lewis sustained in the past.

Answer: $ 1,500,000

b.    Mental anguish that, in reasonable probability, Scarlett Lewis will sustain in the future.

Answer: $ 500,000

Presiding Juror:

When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

The presiding juror has these duties:

a   have the complete charge read aloud if it will be helpful to your deliberations;

b   preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;

c   give written questions or comments to the Judicial Executive Assistant who will give them to the judge;

d   write down the answers on which you agree;

e   get the signatures for a verdict certificate; and

f   Notify the Judicial Executive Assistant that you have reached a verdict.

Do you understand the duties of the presiding juror? If you do not, please tell me now.

## Instructions for Signing the Verdict Certificate:

1.      Unless otherwise instructed, you may answer the questions on a vote of ten jurors. The same ten jurors must agree on every answer in the charge. This means you may not have one group of ten jurors agree on one answer and a different group of ten jurors agree on another answer.

2.      If ten jurors agree on every answer, those ten jurors sign the verdict. If eleven jurors agree on every answer, those eleven jurors sign the verdict. If all twelve of you agree on every answer, you are unanimous and only the presiding juror signs the verdict.

3.      All jurors should deliberate on every question. You may end up with all twelve of you agreeing on some answers, while only ten or eleven of you agree on other answers. But when you sign the verdict, only those ten who agree on every answer will sign the verdict.

_____
Maya Guerra Gamble, Judge Presiding

Submitted on: _____

Returned on: _____

## Verdict Certificate

Check one:

_____ Our verdict is unanimous. All twelve of us have agreed to each and every answer. The presiding juror has signed the certificate for all twelve of us.



_____
Signature of Presiding Juror

_____
Printed Name of Presiding Juror

_____ Our verdict is not unanimous. Eleven of us have agreed to each and every answer and have signed the certificate below.

___✓___ Our verdict is not unanimous. Ten of us have agreed to each and every answer and have signed the certificate below.

    SIGNATURE                         NAME PRINTED

1.

2.

3.

4.

5.

6.

7.

8.

9.

10.

11. _____     _____

# EXHIBIT 3

**ORIGINAL**

**D-1-GN-18-001835**

| | | |
|---|---|---|
| NEIL HESLIN and | § | IN DISTRICT COURT OF |
| SCARLETT LEWIS | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES and | § | |
| FREE SPEECH SYSTEMS, LLC | § | 261ST DISTRICT COURT |

Filed in The District Court
of Travis County, Texas

**CHARGE OF THE COURT**

AUG 0 5 2022  **JG**

At _____ 12:26 P M.
Velva L. Price, District Clerk

MEMBERS OF THE JURY:

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason. In the case of an emergency, others may contact you through my Judicial Executive Assistant at the number previously provided.

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the Judicial Executive Assistant when you leave the Courthouse. We will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, we will collect your notes; when you are released from jury duty, we will promptly destroy your notes so nobody can read what you wrote.

**Here are the instructions for answering the questions:**

1. Do not let bias, prejudice, or sympathy play any part in your decision.

   Everyone, including me, has feelings, assumptions, perceptions, fears, and stereotypes that we may not be aware of but that can affect what we see and hear, how we remember what we see and hear, and how we make decisions. Because you are making important decisions as the jurors in this case, you must evaluate the evidence carefully and you must not jump to conclusions based on personal likes or dislikes, generalizations, gut

Filed in The District Court
of Travis County, Texas

Heslin & Lewis v. Jones & Free Speech Systems, LLC Charge v.1

AUG 0 5 2022 Page **JG** of 11

At _____ 4:48 P M.
Velva L. Price, District Clerk

feelings, prejudices, sympathies, stereotypes, or biases. Techniques to identify and check one's implicit biases include: slowing down and examining your thought processes thoroughly to identify where you may be relying on reflexive, gut reactions or making assumptions that have no basis in the evidence; asking yourself whether you would view the evidence differently if the players were reversed or other types of people were involved; and listening carefully to the opinions of your fellow jurors, each of whom brings a different, valid perspective to the table. Our system of justice is counting on you to render a just verdict based on the evidence, not on biases.

2. Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3. You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow my instructions.

4. If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5. All the questions and answers are important. No one should say that any question or answer is not important.

6. Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence unless you are told otherwise. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence unless you are told otherwise.

   The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

7. Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8. Do not answer questions by drawing straws or by any method of chance.

9. Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

10. The answers to the questions must be based on the decision of all twelve jurors.

11. A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

12. You are the sole judges of the credibility or believability of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness, you should consider their relationship to the party; their interest, if any, in the outcome of the case; their demeanor or manner of testifying; their opportunity to observe or acquire knowledge concerning the facts about which they have testified; their candor, fairness, and intelligence; and the extent to which they have been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and it would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

## CAUSE OF ACTION NO. 1 – Defamation Committed Against Neil Heslin

You are instructed that Defendants Alex Jones and Free Speech Systems, LLC committed defamation against Neil Heslin.

You are further instructed that Defendants Alex Jones and Free Speech Systems, LLC published statements that were false and defamatory concerning Neil Heslin on June 26, 2017 and July 20, 2017.

"Publish" means intentionally or negligently to communicate the matter to a person other than Neil Heslin who is capable of understanding its meaning.

"False" means that a statement is not literally true or not substantially true. A statement is not "substantially true" if, in the mind of the average person, the gist of the statement is more damaging to the person affected by it than a literally true statement would have been.

"Defamatory" means an ordinary person would interpret the statement in a way that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach the person's honesty, integrity, virtue, or reputation.

You are further instructed that Defendants Alex Jones and Free Speech Systems, LLC knew or should have known, in the exercise of ordinary care, that the statements published on June 26, 2017 and July 20, 2017 were false and had the potential to be defamatory.

"Ordinary care" concerning the truth of the statement and its potential to be defamatory means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

You are further instructed that at the time Defendants Alex Jones and Free Speech Systems, LLC published the statements on June 26, 2017 and July 20, 2017, Defendants knew the statements were false as it related to Neil Heslin, or that Defendants published the statements with a high degree of awareness that they were probably false, to an extent that Defendants in fact had serious doubts as to the truth of the statements.

**QUESTION NO. 1**

What sum of money, if any, should be assessed against Defendants and awarded to Neil Heslin as exemplary damages for the conduct related to Defendants' defamatory publications on June 26, 2017 and July 20, 2017?

You are instructed that you must unanimously agree on the amount of any award of exemplary damages.

"Exemplary damages" means any damages awarded as a penalty or by way of punishment but not for compensatory purposes. Exemplary damages include punitive damages.

Factors to consider in awarding exemplary damages, if any, are:

1. The nature of the wrong.
2. The character of the conduct involved.
3. The degree of culpability of the wrongdoer.
4. The situation and sensibilities of the parties concerned.
5. The extent to which such conduct offends a public sense of justice and propriety.
6. The net worth of Defendants.

Answer in dollars and cents, if any.

$ 4,200,000.00 ($4.2 M)

## CAUSE OF ACTION NO. 2 – Intentional Infliction of Emotional Distress
## Committed Against Neil Heslin and Scarlett Lewis

You are instructed that Defendants Alex Jones and Free Speech Systems, LLC committed intentional infliction of emotional distress against Neil Heslin and Scarlett Lewis in a continuing course of conduct from 2013 to 2018.

> "Intentional infliction of emotional distress" means the defendant acts intentionally or recklessly with extreme and outrageous conduct to cause the plaintiff emotional distress and the emotional distress suffered by plaintiff was severe.

> "Extreme and outrageous conduct" means the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

**QUESTION NO. 2**

What sum of money, if any, should be assessed against Defendants and awarded to Neil Heslin as exemplary damages for the conduct related to Defendants' intentional infliction of emotional distress from 2013 to 2018?

You are instructed that you must unanimously agree on the amount of any award of exemplary damages.

> "Exemplary damages" means any damages awarded as a penalty or by way of punishment but not for compensatory purposes. Exemplary damages include punitive damages.

Factors to consider in awarding exemplary damages, if any, are:

1. The nature of the wrong.
2. The character of the conduct involved.
3. The degree of culpability of the wrongdoer.
4. The situation and sensibilities of the parties concerned.
5. The extent to which such conduct offends a public sense of justice and propriety.
6. The net worth of Defendants.

Answer in dollars and cents, if any.

$ 20,500,000.00 ($20.5M)

**QUESTION NO. 3**

What sum of money, if any, should be assessed against Defendants and awarded to Scarlett Lewis as exemplary damages for the conduct related to Defendants' intentional infliction of emotional distress from 2013 to 2018?

You are instructed that you must unanimously agree on the amount of any award of exemplary damages.

> "Exemplary damages" means any damages awarded as a penalty or by way of punishment but not for compensatory purposes. Exemplary damages include punitive damages.

Factors to consider in awarding exemplary damages, if any, are:

1.  The nature of the wrong.
2.  The character of the conduct involved.
3.  The degree of culpability of the wrongdoer.
4.  The situation and sensibilities of the parties concerned.
5.  The extent to which such conduct offends a public sense of justice and propriety.
6.  The net worth of Defendants.

Answer in dollars and cents, if any.

$ _20,500,000.00 ($20.5M)_

Presiding Juror:

When you go into the jury room to answer the questions, remember that the presiding juror has these duties:

1. have the complete charge read aloud if it will be helpful to your deliberations;

2. preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;

3. give written questions or comments to the Judicial Executive Assistant who will give them to the judge;

4. write down the answers on which you agree;

5. get the signatures for a verdict certificate; and

6. Notify the Judicial Executive Assistant that you have reached a verdict.

**Instructions for Signing the Verdict Certificate:**

MEMBERS OF THE JURY:

In discharging your responsibility on this jury, you will observe all the instructions that have been previously given you.

_____
Maya Guerra Gamble, Judge Presiding

Submitted on: _____

Returned on: _____

## Verdict Certificate

I certify that the jury was unanimous in answering the preceding questions. All twelve of us agreed to each of the answers. The presiding juror has signed the certificate for all twelve of us.

_____
Signature of Presiding Juror

_____
Printed Name of Presiding Juror

# EXHIBIT 4

98th District Court

## Case Summary

### Case No. D-1-GN-18-006623

**LEWIS V JONES ET AL**

§
§

Location: **98th District Court**
Filed on: **10/31/2018**

---

## Case Information

**Statistical Closures**
04/18/2022   Transfer - CV

Case Type:   Other Civil
Case Status:   **05/24/2022   Open**

---

## Assignment Information

**Current Case Assignment**
Case Number   D-1-GN-18-006623
Court   98th District Court
Date Assigned   10/31/2018

---

## Party Information

| | | |
|---|---|---|
| **Defendant** | **FREE SPEECH SYSTEMS LLC** | **BARNES, ROBERT** |
| | | *Retained* |
| | | **Reeves, Bradley Jordan** |
| | | *Retained* |
| | | **REYNAL, FEDERICO ANDINO** |
| | | *Retained* |
| | **JONES, ALEX E** | **REYNAL, FEDERICO ANDINO** |
| | | *Retained* |
| | | **Reeves, Bradley Jordan** |
| | | *Retained* |

---

## Case Events

| | |
|---|---|
| 10/31/2018 | ORIGINAL PETITION/APPLICATION |
| | *PLAINTIFF?S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE Event Code: 5050* |
| 10/31/2018 | NEW:ORIGINAL PETITION/APPL (OCA) |
| | *Event Code: 4500* |
| 11/01/2018 | ASM:GN CIVIL PETITION |
| | *Event Code: 600 Adjmt Amount: 307.00* |
| 11/01/2018 | ASM:CITATION ISSUE |
| | *Event Code: 702 Adjmt Amount: 24.00* |
| 11/01/2018 | ASM:JURY FEE CIVIL |
| | *Event Code: 938 Adjmt Amount: 40.00* |
| 12/03/2018 | ANSWER |
| | *DEFENDANTS' ORIGINAL ANSWER Event Code: 5150* |
| | Party:   Defendant JONES, ALEX E |
| 12/07/2018 | LETTER/EMAIL/CORR |

## Case Summary

### Case No. D-1-GN-18-006623

*VACATION LETTER Event Code: 5414*

12/11/2018
MOTION
*DEFENDANTS' MOTION TO QUASH DEPOSITIONS AND FOR CONFIDENTIAL ITY/PROTECTIVE ORDER Event Code: 5265*
Party: Defendant JONES, ALEX E

12/20/2018
ASSIGNMENT BY PRESIDING JUDGE
*ASSIGNMENT BY PRESIDING JUDGE Event Code: 5423*

12/21/2018
LETTER/EMAIL/CORR
*LETTER FROM THE HONORABLE SCOTT H. JENKINS Event Code: 5414*

01/07/2019
MOTION
*DEFENDANTS' MOTION TO DISMISS UNDER THE TEXAS CITIZENS PARTI CIPATION ACT Event Code: 5265*
Party: Defendant JONES, ALEX E

01/07/2019
AMENDED/SUPPLEMENTED ANSWER
*DEFENDANTS' FIRST AMENDED ANSWER Event Code: 5152*
Party: Defendant JONES, ALEX E

01/08/2019
LETTER/EMAIL/CORR
*LETTER TO TIFFANEY GOULD, COURT OPERATIONS OFFICER Event Code: 5414*

01/08/2019
MOTION
*PLAINTIFFS'MOTION FOR EXPEDITED DISCOVERY IN AID OF PLAINTIFFS' RESPONSE TO DEFENDANTS' TCPA MOTION Event Code: 5265*

01/11/2019
LETTER/EMAIL/CORR
*LETTER TO TIFFANEY GOULD REGARDING THUMB DRIVE CONTAINING EXHIBIT B-75 Event Code: 5414*

01/14/2019
NOTICE
*NOTICE OF HEARING Event Code: 5554*

01/17/2019
LETTER/EMAIL/CORR
*LETTER Event Code: 5414*

01/22/2019
RESPONSE
*DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY AND MOTION FOR ENTRY OF PROTECTIVE/CONFIDENTIALITY ORDER Event Code: 5153*
Party: Defendant JONES, ALEX E

01/23/2019
RESPONSE
*PLAINTIFFS' REPLY IN SUPPORT OF HER MOTION FOR EXPEDITED DIS COVERY Event Code: 5153*

01/24/2019 Converted Event

01/24/2019
RESPONSE
*PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER Event Code: 5153*

01/25/2019
ORDER
*ORDER ON PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY IN AID OF PLAINTIFF'S RESPONSE TO DEFENDANTS' TCPA MOTION Event Code: 8225*

01/25/2019
ORD:DENIED MOTION/APPLICATION
*ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER Event Code: 8209*

98th District Court

## Case Summary

### Case No. D-1-GN-18-006623

01/30/2019

**AFFIDAVIT**

*SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER THE TEXAS CITIZENS PARTICIPATION ACT Event Code: 5401*
Party:   Defendant JONES, ALEX E

01/30/2019    PLEADING
*PLAINTIFF'S FIRST AMENDED PETITION Event Code: 5054*

02/22/2019

**MOTION**

*DEFENDANTS' MOTION FOR CONFIDENTIALITY/PROTECTIVE ORDER AND FOR EXTENSION OF TIME Event Code: 5265*
Party:   Defendant JONES, ALEX E

02/22/2019    UNSIGNED/PROPOSED ORDER
*PROTECTIVE ORDER OF CONFIDENTIALITY Event Code: 5422*
Party:   Defendant JONES, ALEX E

02/22/2019

UNSIGNED/PROPOSED ORDER

*ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO R ESPOND TO PLAINTIFF'S DISCOVERY REQUEST Event Code: 5422*
Party:   Defendant JONES, ALEX E

02/25/2019    LETTER/EMAIL/CORR
*COVER LETTER Event Code: 5414*

02/25/2019    UNSIGNED/PROPOSED ORDER
*PROTECTIVE ORDER OF CONFIDENTIALITY Event Code: 5422*

02/25/2019

RESPONSE

*PLAINTIFFS' RESPONSE TO INFOWARS' MOTION FOR PROTECTIVE ORDE R AND MOTION FOR EXTENSION OF TIME Event Code: 5153*

02/25/2019    ORDER
*PROTECTIVE ORDER OF CONFIDENTIALITY Event Code: 8225*

02/25/2019    LETTER/EMAIL/CORR
*LETTER FROM 3RD COA Event Code: 5414*

02/26/2019

MOTION

*PLAINTIFF'S MOTION TO COMPEL DOCUMENTS WITHHELD BY INFOWARS UNDER THE REPORTER'S PRIVILEGE Event Code: 5265*

03/04/2019

AMENDED/SUPPLEMENTED ANSWER

*PLAINTIFFS' SUPPLEMENTAL RESPONSE TO INFOWARS' MOTION FOR EX TENSION OF TIME Event Code: 5152*

03/04/2019

MOTION

*DEFENDANTS' MOTION FOR ADDITIONAL EXTENTIONS OF TIME AND TO POSTPONE THE ORDERED DEPOSITION Event Code: 5265*
Party:   Defendant JONES, ALEX E

03/04/2019

RESPONSE

98th District Court

# Case Summary

### Case No. D-1-GN-18-006623

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DOCUMEN TS WITHHELD BY INFOWARS UNDER THE REPORTER'S PRIVILEGE *Event Code: 5153*
Party:   Defendant JONES, ALEX E

03/04/2019   LETTER/EMAIL/CORR
*LETTER FROM MARK C ENOCH Event Code: 5414*

03/05/2019   OTHER
*MEMORANDUM OPINION FROM 3RD COA Event Code: 5415*

03/08/2019
ORDER
*ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DOCUMENTS WITHHELD UNDER REPORTER'S PRIVILEGE Event Code: 8225*

03/13/2019
MOTION
*MOTION FOR NONRESIDENT ATTORNEY, ROBERT BARNES, FOR ADMISSIO N PRO HAC VICE Event Code: 5265*

03/13/2019
MOTION
*MOTION OF RESIDENT PRACTICING ATTORNEY IN SUPPORT OF MOTION OF NONRESIDENT ATTORNEY, ROBERT BARNES, FOR ADMISSION PRO HA C VICE Event Code: 5265*

03/13/2019
UNSIGNED/PROPOSED ORDER
*ORDER GRANTING MOTION OF NORESIDENT ATTORNEY, ROBERT BARNES, FOR ADMISSION PRO HAC VICE Event Code: 5422*

03/15/2019
OBJECTIONS
*DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND OBJECTIONS TO TO PICS OF INFOWARS, LLC'S CORPORATE REPRESENTATIVE DEPOSITION Event Code: 5156*
Party:   Defendant JONES, ALEX E

03/15/2019
OBJECTIONS
*DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND OBJECTIONS TOT O PICS OF FREE SPEECH SYSTEMS, LLC'S CORPORATE REPRESENTATIVE DEPOSITION Event Code: 5156*
Party:   Defendant JONES, ALEX E

03/28/2019   MOTION
*PLAINTIFF'S MOTIONS FOR SANCTIONS FOR DISCOVERY ABUSE Event Code: 5265*

03/28/2019
ORDER
*ORDER GRANTING MOTION OF NONRESIDENT ATTORNEY ROBERT BARNES FOR ADMISSION PRO HAC VICE Event Code: 8225*

03/29/2019   RESPONSE
*DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS Event Code: 5153*
Party:   Defendant JONES, ALEX E

03/29/2019   UNSIGNED/PROPOSED ORDER
*ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS Event Code: 5422*

03/29/2019   RESPONSE
*DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS Event Code: 5153*
Party:  Defendant JONES, ALEX E

**98th District Court**

## Case Summary

### Case No. D-1-GN-18-006623

04/02/2019

RESPONSE
   *PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR SANCTIONS FOR DISCOVERY ABUSE Event Code: 5153*

04/04/2019
   EXHIBITS RECEIPT
      *EXHIBITS RECEIPT Event Code: 5411*

04/22/2019
   OTHER
      *REPORTER'S CERTIFICATION ORAL/VIDEOTAPED DEPOSITION OF ALEX E. JONES Event Code: 5415*

04/22/2019
   OTHER
      *REPORTER'S CERTIFICATION ORAL/VIDEOTAPED DEPOSITION OF ROBER T JACOBSON Event Code: 5415*

04/30/2019

RESPONSE
   *PLAINTIFF'S RESPONSE TO DEFENANTS' MOTION TO DISMISS UNDER THE TEXAS CITIZENS' PARTICIPATION ACT Event Code: 5153*

04/30/2019
   MOTION
      *PLAINTIFF'S MOTION TO REVOKE THE PRO HAC VICE ADMISSION OF ROBERT BARNES Event Code: 5265*

04/30/2019
   OTHER
      *RULE 203 CERTIFICATE-ROB DEW Event Code: 5415*

04/30/2019
   OTHER
      *RULE 203 CERTIFICATE-ROB DEW Event Code: 5415*

05/02/2019

RESPONSE
   *DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS UNDER THE TEXAS CITIZENS PARTICIPATION ACT Event Code: 5153*
   Party:   Defendant JONES, ALEX E

05/09/2019
   NOTICE
      *NOTICE OF FILING OF RULE 11 AGREEMENT Event Code: 5554*

05/15/2019

MOTION
   *PLAINTIFF'S SUPPLEMENT TO HER MOTION TO REVOKE THE PRO HAC VICE ADMISSION OF ROBERT BARNES Event Code: 5265*

05/28/2019

RESPONSE
   *DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REVOKE THE A DMISSION OF DEFENSE COUNSEL Event Code: 5153*
   Party:   Defendant JONES, ALEX E

05/29/2019

RESPONSE
   *PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO REVOKE THE PRO HAC VICE ADMISSION OF ROBERT BARNES Event Code: 5153*

05/30/2019   Converted Event

05/31/2019
   ORD:DENIED MOTION/APPLICATION
      *ORDER DENYING MOTION TO DISMISS Event Code: 8209*

06/20/2019
   NOTICE OF APPEAL

98th District Court

## Case Summary

### Case No. D-1-GN-18-006623

| | |
|---|---|
| | *DEFENDANTS' NOTICE OF INTERLOCUTORY APPEAL Event Code: 5553* |
| | Party:   Defendant JONES, ALEX E |
| 06/20/2019 | DESIGNATION CLRKS/REPORTR REC |
| | *DESIGNATION OF FILINGS FOR CLERK'S RECORD Event Code: 5409* |
| | Party:   Defendant JONES, ALEX E |
| 06/20/2019 | DESIGNATION CLRKS/REPORTR REC |
| | *DESIGNATION OF COURT REPORTER'S RECORD Event Code: 5409* |
| | Party:   Defendant JONES, ALEX E |
| 06/24/2019 | ASM:CLERKS RECORD |
| | *Event Code: 939 Adjmt Amount: 4937.00* |
| | Party:   Defendant JONES, ALEX E |
| 06/24/2019 | MSF:BILL OF COST FOR CLERK REC |
| | *Form Number B03-2866 Issued by HAMILTON LYNDA SELINA (102) MSF:BILL OF COST FOR C Event Code: 102* |
| | Party:   Defendant JONES, ALEX E |
| 06/24/2019 | LETTER/EMAIL/CORR |
| | *LETTER FROM 3RD COA Event Code: 5414* |
| 06/27/2019 | Converted Event |
| 07/02/2019 | LETTER/EMAIL/CORR |
| | *STATUS LETTER FILED WITH 3RD COA Event Code: 5414* |
| 07/02/2019 | LETTER/EMAIL/CORR |
| | *LETTER FROM 3RD COA Event Code: 5414* |
| 07/09/2019 | LETTER/EMAIL/CORR |
| | *RECORD SUBMISSION FOR CLERK'S RECORD HAND DELIVERED TO THE 3 RD COA Event Code: 5414* |
| 07/09/2019 | LETTER/EMAIL/CORR |
| | *LETTER FROM 3RD COA Event Code: 5414* |
| 07/26/2019 | LETTER/EMAIL/CORR |
| | *RECORD SUBMISSION FOR EXHIBITS HAND DELIVERED TO 3RD COA Event Code: 5414* |
| 07/26/2019 | LETTER/EMAIL/CORR |
| | *RECORD SUBMISSION FOR EXHIBITS HAND DELIVERED TO 3RD COA Event Code: 5414* |
| 07/26/2019 | LETTER/EMAIL/CORR |
| | *LETTER FROM 3RD COA Event Code: 5414* |
| 10/11/2019 | ORD:JUDGMENT |
| | *MEMORANDUM OPINION AND JUDGMENT FROM 3RD COA Event Code: 8216* |
| 11/06/2019 | NTC:ATTORNEY/COUNSEL |
| | *NOTICE OF APPEARANCE OF COUNSEL Event Code: 5550* |
| | Party:   Defendant JONES, ALEX E |
| 11/25/2019 | LETTER/EMAIL/CORR |
| | *LETTER FROM 3RD COA Event Code: 5414* |
| 11/27/2019 | LETTER/EMAIL/CORR |
| | *LETTER FROM SUPREME COURT OF TEXAS Event Code: 5414* |
| 12/27/2019 | LETTER/EMAIL/CORR |

98th District Court

## Case Summary

### Case No. D-1-GN-18-006623

LETTER FROM 3RD COA Event Code: 5414

01/22/2021
OTHER
LETTER FROM THE SUPREME COURT OF TEXAS Event Code: 5415

02/02/2021
OTHER
LETTER FROM THE THIRD COURT OF APPEALS Event Code: 5415

02/02/2021
OTHER
LETTER FROM THE THIRD COURT OF APPEALS Event Code: 5415

02/19/2021
OTHER
LETTER FROM 3RD COA Event Code: 5415

02/19/2021
OTHER
LETTER TO SUPREME COURT OF TEXAS Event Code: 5415

03/09/2021
ASSIGNMENT BY PRESIDING JUDGE
ASSIGNMENT LETTER FROM JUDGE LIVINGSTON Event Code: 5423

03/10/2021
ASSIGNMENT BY PRESIDING JUDGE
REASSIGNMENT LETTER FROM JUDGE LIVINGSTON TO COUNSEL Event Code: 5423

03/11/2021
OTHER
LETTER FROM 3RD COA Event Code: 5415

03/11/2021
OTHER
LETTER/EMAIL/CORR - LETTER FROM JUDGE TO COUNSEL NOTIFYING T HEM THEY ARE ASSIGNED TO THE COURT Event Code: 5415

04/16/2021
OTHER
LETTER FROM 3RD COA Event Code: 5415

04/20/2021
OTHER
LETTER/EMAIL/CORR - LETTER FROM JUDGE GUERRA GAMBLE TO MS GU ADIN ABOUT MEDIA COVERAGE Event Code: 5415

04/27/2021
NOTICE
NOTICE OF APPEARANCE ON BEHALF OF DEFENDANTS Event Code: 5554
Party:   Defendant JONES, ALEX E

04/27/2021
MOTION
DEFENDANTS? UNOPPOSED MOTION FOR SUBSTITUTION OF COUNSEL AND WITHDRAWAL OF COUNSEL Event Code: 5265
Party:   Defendant JONES, ALEX E

05/14/2021
OTHER
LETTER/EMAIL/CORR - LETTER TO JUDGE FOR APPROVAL FOR PERMISS ION TO FILM COURT PROCEEDINGS Event Code: 5415

06/02/2021
OTHER
LETTER FROM JUDGE GAMBLE Event Code: 5415

06/03/2021
OTHER
LETTER FROM JUDGE GUERRA GAMBLE Event Code: 5415

Printed on 08/16/2022 at 3:44 PM

98th District Court

## Case Summary

### Case No. D-1-GN-18-006623

06/04/2021  📄 ORDER
  *MANDATE FROM 3RD COA Event Code: 8225*

06/15/2021
📄 MOTION
  *DEFENDANTS' AMENDED UNOPPOSED MOTION FOR SUBSTITUTION OF COU NSEL AND WITHDRAWAL OF COUNSEL Event Code: 5265*
  Party: Defendant JONES, ALEX E

06/15/2021  📄 OTHER
  *UNSIGNED ORDER/PROPOSED ORDER Event Code: 5415*

06/21/2021
📄 ORDER
  *ORDER GRANTING DEFENDANTS? AMENDED UNOPPOSED MOTION FOR SUBSTITUTION OF COUNSEL AND WITHDRAWAL OF COUNSEL Event Code: 8225*

07/06/2021  📄 MOTION
  *PLAINTIFF?S MOTION FOR CONTEMPT UNDER RULE 215 Event Code: 5265*

07/06/2021  📄 MOTION
  *AGREED MOTION TO ENTER LEVEL 3 SCHEDULING ORDER Event Code: 5265*

07/06/2021  📄 MOTION
  *OPPOSED MOTION FOR PRO HAC VICE ADMISSION OF MARC J. RANDAZZ A Event Code: 5265*

07/06/2021
📄 MOTION
  *OPPOSED MOTION FOR PRO HAC VICE ADMISSION OF MARC J. RANDAZZ A BY RESIDENT ATTORNEY Event Code: 5265*

07/06/2021  📄 OTHER
  *UNSIGNED ORDER/PROPOSED ORDER Event Code: 5415*

07/07/2021  ASM:CV MOTION FOR CONTEMPT
  *Event Code: 635 Adjmt* <mark>Amount: 80.00</mark>

07/07/2021
📄 MOTION
  *NON-PARTY AMOS PICTURES, LTD.?S REQUEST FOR ORDER TO ALLOW R ECORDING AND BROADCASTING OF COURT PROCEEDINGS Event Code: 5265*

07/12/2021  📄 ORDER
  *LRVRL 3 SCHEDULING ORDER Event Code: 8225*

07/19/2021  📄 ORDER
  *ORDER ALLOWING RECORDING AND BROADCASTING OF COURT PROCEEDIN GS Event Code: 8225*

07/23/2021  📄 ANSWER
  *PLAINTIFFS? RESPONSE TO MOTION FOR PRO HAC VICE ADMISSION Event Code: 5150*

07/30/2021  📄 ANSWER
  *REPLY IN SUPPORT OF MOTION FOR PRO HAC VICE ADMISSION OF MAR C J. RANDAZZA Event Code: 5150*

08/02/2021
📄 ANSWER
  *PLAINTIFFS? SUPPLEMENTAL RESPONSE TO MOTION FOR PRO HAC VICE REGARDING WITNESS TAMPERING IN THIS LAWSUIT Event Code: 5150*

08/02/2021

# Case Summary

### Case No. D-1-GN-18-006623

ANSWER
*PLAINTIFFS? SUPPLEMENTAL RESPONSE TO MOTION FOR PRO HAC VICE REGARDING FALSE ACCUSATIONS AGAINST PLAINTIFFS? COUNSEL Event Code: 5150*

08/17/2021   MOTION
*SUPPLEMENT TO MOTION FOR PRO HAC VICE ADMISSION OF MARC J. RANDAZZA Event Code: 5265*

08/18/2021   NOTICE
*NOTICE OF INTENTION TO TAKE DEPOSITION BY WRITTEN QUESTIONS Event Code: 5554*

08/18/2021
ANSWER
*PLAINTIFFS? RESPONSE TO DEFENDANTS? SUPPLEMENT TO MOTION FOR PRO HAC VICE ADMISSION Event Code: 5150*

08/19/2021   MOTION
*PLAINTIFFS' MOTION FOR PROTECTION REGARDING IN CAMERA REVIEW Event Code: 5265*

08/30/2021   ANSWER
*DEFENDANTS? RESPONSE TO PLAINTIFF?S MOTION FOR CONTEMPT UNDER RULE 215 Event Code: 5150*

08/31/2021   ORDER
*ORDER REGARDING PROTOCOL FOR IN CAMERA REVIEW Event Code: 8225*

08/31/2021   ORDER
*ORDER DENYING MOTION FOR PRO HAC VICE ADMISSION OF MARC J RA NDAZZA Event Code: 8225*

08/31/2021   ORDER
*ORDER REGARDING PROTOCOL FOR IN CAMERA REVIEW Event Code: 8225*

08/31/2021   ORDER
*ORDER DENYING MOTION FOR PRO HAC VICE ADMISSION OF MARC J RA NDAZZA Event Code: 8225*

09/01/2021   NOTICE
*PLAINTIFF'S NOTICE OF FILING DECLARATION REGARDING ATTORNEYS ' FEES Event Code: 5554*

09/08/2021
ANSWER
*DEFENDANTS? OBJECTIONS AND RESPONSE TO PLAINTIFFS? DECLARATION REGARDING ATTORNEYS? FEES Event Code: 5150*
Party:   Defendant JONES, ALEX E

09/10/2021
ANSWER
*PLAINTIFFS? RESPONSE TO DEFENDANTS? OBJECTIONS TO DECLARATION REGARDING ATTORNEYS? FEES Event Code: 5150*

09/15/2021   MOTION
*PLAINTIFFS? MOTION FOR LEAVE TO SERVE NET WORTH DISCOVERY Event Code: 5265*

09/15/2021
MOTION
*PLAINTIFF?S MOTION TO COMPEL RESPONSES TO SECOND SET OF DISCOVERY REQUESTS AND MOTION FOR SANCTIONS Event Code: 5265*

09/15/2021   MOTION
*PLAINTIFFS? MOTION FOR PROTECTION REGARDING MARC RANDAZZA Event Code: 5265*

## Case Summary

### Case No. D-1-GN-18-006623

09/15/2021   NOTICE
             *PLAINTIFFS? NOTICE REGARDING STATUS OF DISCOVERY Event Code: 5554*

09/15/2021   OTHER
             *PLAINTIFF?S DESIGNATION OF EXPERTS Event Code: 5415*

09/27/2021   ORDER
             *ORDER ON PLAINTIFFS' MOTION FOR CONTEMPT Event Code: 8225*

10/05/2021   ORDER   (Judicial Officer: GAMBLE, MAYA GUERRA)
             *ORDER ON ATTORNEY'S FEES FOR PLAINTIFFS' MOTION FOR SANCTIONS*

10/05/2021   MOTION

10/06/2021   MOTION
             *PLAINTIFFS MOTION TO CONSOLIDATE*

10/11/2021   OTHER
             *RULE 203- PATTON, LAURA M.A.*

10/11/2021   OTHER
             *RULE 203- PATTON LAURA MA (BILLING)*

10/22/2021   ANSWER
             *DEFENDANT S RESPONSE TO PLAINTIFF S MOTION TO COMPEL RESPONSES TO SECOND SET OF DISCOVERY REQUESTS AND MOTION FOR SANCTIONS*

10/22/2021   OTHER
             *UNSIGNED ORDER*

10/22/2021   ANSWER
             *DEFENDANTS RESPONSE TO PLAINTIFFS MOTION TO CONSOLIDATE*

10/22/2021   OTHER
             *PROPOSED ORDER*

10/25/2021   ANSWER
             *DEFENDANTS RESPONSE TO PLAINTIFFS MOTION FOR LEAVE TO CONDUCT NET WORTH DISCOVERY*

10/25/2021   OTHER
             *UNSIGNED PROPOSED ORDER*

10/25/2021   ANSWER
             *DEFENDANTS RESPONSE TO PLAINTIFFS MOTION FOR PROTECTION REGARDING MARC RANDAZZA*

10/25/2021   OTHER
             *UNSIGNED PROPOSED ORDER*

11/05/2021   ORDER   (Judicial Officer: GAMBLE, MAYA GUERRA)
             *ORDER ON PLAINTIFFS MOTION FOR LEAVE TO SERVE NET WORTH DISCOVEY*

11/10/2021   OTHER
             *LETTER FROM 3RD COA*

11/17/2021   OTHER
             *MEMORANDUM OPINION FROM 3RD COA*

98th District Court

## Case Summary

### Case No. D-1-GN-18-006623

| | |
|---|---|
| 11/17/2021 | OTHER<br>*LETTER FROM 3RD COA* |
| 11/30/2021 | OTHER<br>*RULE 203 CERTIFICATION - CROUCH, MICHAEL, W., LCSW (MEDICAL/PSYCHIATRIC)* |
| 11/30/2021 | OTHER<br>*RULE 203 CERTIFICATION - CROUCH, MICHAEL, W., LCSW (BILLING)* |
| 12/13/2021 | ORDER   (Judicial Officer: GAMBLE, MAYA GUERRA)<br>*ORDER ON PLAINTIFFS' MOTION TO CONSOLIDATE* |
| 12/13/2021 | ORDER   (Judicial Officer: GAMBLE, MAYA GUERRA)<br>*ORDER ON PLAINTIFF'S MOTION FOR PROTECTION REGARDING MARC RANDAZZA* |
| 12/27/2021 | MOTION<br>*PLAINTIFFS MOTION FOR SANCTIONS REGARDING CORPORATE DEPOSITION* |

01/05/2022
OTHER
*NON-PARTY MEDIA VERITE S UNOPPOSED REQUEST FOR ORDER TO ALLOWRECORDING AND BROADCASTING OF COURT PROCEEDINGS*

| | |
|---|---|
| 01/05/2022 | OTHER<br>*LETTER TO JUDGE HURLEY FROM COUNSEL REGARDING REQUEST* |
| 01/06/2022 | MOTION<br>*DEFENDANTS' MOTION TO EXCLUDE PLAINTIFFS' EXPERTS, FRED ZIPP AND BECCA LEWIS*<br>Party:   Defendant FREE SPEECH SYSTEMS LLC;<br>             Defendant JONES, ALEX E<br>Party 2:   Attorney Reeves, Bradley Jordan |

01/07/2022
ANSWER
*DEFENDANT, FREE SPEECH SYSTEMS, LLC S, RESPONSE IN OPPOSITION TO PLAINTIFFS MOTION FOR SANCTIONS REGARDING CORPORATE REPRESENTATIVE DEPOSITION*
Party:   Defendant FREE SPEECH SYSTEMS LLC
Party 2:   Attorney BLOTT, JACQUELYN W.

| | |
|---|---|
| 01/07/2022 | OTHER<br>*PROPOSED ORDER* |
| 01/11/2022 | NOTICE<br>*NOTICE OF APPEARANCE AND DESIGNATION OF LEAD COUNSEL*<br>Party:   Defendant FREE SPEECH SYSTEMS LLC;<br>             Defendant JONES, ALEX E |
| 01/12/2022 | MOTION<br>*DEFENDANTS MOTION FOR CONTEMPT AND SANCTIONS*<br>Party:   Defendant JONES, ALEX E<br>Party 2:   Attorney BLOTT, JACQUELYN W. |
| 01/24/2022 | CVD:ALL OTHER DISPOSITIONS (OCA) |
| 01/24/2022 | ORDER   (Judicial Officer: GAMBLE, MAYA GUERRA)<br>*ORDER OF CONSOLIDATION* |

# Case Summary

### Case No. D-1-GN-18-006623

01/24/2022     ORDER     (Judicial Officer: GAMBLE, MAYA GUERRA)
*ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS REGARDING CORPORATE DEPOSTION*

02/09/2022     NOTICE
*NOTICE OF DEPOSITOIN OF CORPORATE REPRESENTATIVE*

02/10/2022
ORDER     (Judicial Officer: GAMBLE, MAYA GUERRA)
*ORDER ON MOTIONS TO COMPEL RESPONSES TO SECOND SET OF DISCOVERY REQUESTS AND MOTIONS FOR SANCTIONS*

02/17/2022     MOTION
*UNOPPOSED MOTION FOR WITHDRAWAL OF COUNSEL*
Party:   Defendant FREE SPEECH SYSTEMS LLC;
Defendant JONES, ALEX E

02/17/2022     OTHER
*PROPOSED ORDER*

02/22/2022     MOTION
*MOTION FOR ADMISSION OF COUNSEL PRO HAC VICE*
Party:   Defendant FREE SPEECH SYSTEMS LLC;
Defendant JONES, ALEX E
Party 2:   Attorney BLOTT, JACQUELYN W.

02/22/2022     OTHER
*PROPOSED ORDER*

03/08/2022     NOTICE
*NOTICE OF APPEARANCE*
Party:   Defendant FREE SPEECH SYSTEMS LLC;
Defendant JONES, ALEX E
Party 2:   Attorney REYNAL, FEDERICO ANDINO

03/08/2022     PLEADING
*AMENDED NOTICE OF APPEARANCE*
Party:   Defendant FREE SPEECH SYSTEMS LLC;
Defendant JONES, ALEX E
Party 2:   Attorney REYNAL, FEDERICO ANDINO

03/08/2022     ANSWER
*DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS REGARDING CORPORATE DEPOSITION*

03/08/2022     OTHER
*EXHIBIT A TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS REGARDING CORPORATE DEPOSITION*

03/08/2022     OTHER
*EXIHIBIT B TO DEFENDANTS' RESPONS TO PLAINTIFFS' MOTION FORSANCTIONS REGARDING CORPORATE DEPOSITION*

03/08/2022     ANSWER
*DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS UNDER RULE 215.4 RELATING TO REQUEST FOR ADMISSIONS*
Party:   Defendant FREE SPEECH SYSTEMS LLC;
Defendant JONES, ALEX E
Party 2:   Attorney BLOTT, JACQUELYN W.

# Case Summary

### Case No. D-1-GN-18-006623

| 03/17/2022 | OTHER |
| | *RETURNED MAIL - NOTICE OF ORDER* |
| 03/23/2022 | OTHER |
| | *RETURN MAIL- NOTICE OF ORDER* |
| 04/05/2022 | ORDER (Judicial Officer: GAMBLE, MAYA GUERRA) |
| | *ORDER GRANTING MOTION FOR WITHDRAWAL OF COUNSEL* |
| | Party: Defendant FREE SPEECH SYSTEMS LLC; |
| | Defendant JONES, ALEX E |
| 04/12/2022 | OTHER |
| | *JURY DOCKET CALL LETTER* |
| 04/18/2022 | CVD:TRANSFER/CHANGE VENUE (OCA) |
| 04/18/2022 | CASE REACTIVATED (OCA) |
| 04/18/2022 | ORDER |
| | *NOTICE OF FILING OF NOTICE OF REMOVAL TO THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF TEXAS* |
| 04/18/2022 | BANKRUPTCY CASE PENDING (OCA) |
| 05/18/2022 | OTHER |
| | *RETURN MAIL - NOTICE OF ORDER* |
| 05/18/2022 | OTHER |
| | *RETURN MAIL - NOTICE OF ORDER* |
| 05/24/2022 | ORDER |
| | *ORDER REMANDING SUIT TO 459TH DISTRICT COURT OF TRAVIS COUNTY, TEXAS* |
| 05/24/2022 | OPEN: REMAND FROM HIGHER COURT (OCA) |

---

## Hearings

| 04/25/2022 | *CANCELED* **Jury Trial** (9:01 AM) |
| | *Passed by Court* |