IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § <br> § <br> ALEXANDER E. JONES, § <br> § <br> Debtor. § <br> § | Chapter 7 <br><br> Case No. 22-33553 (CML) |

**TRUSTEE'S OBJECTION TO MOTION FOR CONTINUANCE**
[Relates to Docket No. 1011, 1022 and 1032]

Christopher R. Murray, in his capacity as the duly appointed chapter 7 trustee (the "*Trustee*") for the bankruptcy estate (the "*Estate*") of the above-captioned debtor (the "*Debtor*"), files this objection (the "*Objection*") to *Alexander E. Jones Expedited First Motion for Continuance and for Expedited Discovery* [Docket No. 1022] (the "*Continuance Motion*") and Supplemental Motion to Continue [Docket No. 1032].[1]

**OBJECTION**

1.  The Debtor's Continuance Motion should be denied, and the hearing set for January 23, 2025 on the Trustee's *Expedited Motion for Entry of an Order (I) Authorizing and Approving the Settlement by and between the Chapter 7 Trustee, the Connecticut Families, and the Texas Families and (II) Granting Related Relief* (the "*CT/TX 9019 Motion*") should be held as previously scheduled by the Court. There is no reason to grant the Debtor's requested extension to February 25, 2025—a full 53 days after the Trustee filed the CT/TX 9019 Motion. The purpose of this request for continuance is simply to delay resolution of one of the central issues in this case:

---

[1] The Trustee also notes that two other matters are set for January 23, 2025 at 9:00 a.m. [Docket Nos. 1005 and 1018], for which not basis for continuance has been stated.

1

17043781

the allowance of the claims and the setting of the amounts and mechanism for the distribution of proceeds of FSS and the Debtor's estate to the Connecticut and Texas plaintiffs.

2. The CT/TX 9019 Motion was filed on January 10, 2025 on an expedited basis. The Court, with Debtor's counsel appearing at the hearing on January 13, 2025, at 11:00 a.m. (prevailing Central Time), set the hearing on the CT/TX 9019 Motion, amongst other matters, for January 23, 2025, at 9:00 a.m. (prevailing Central Time).

3. At the hearing, Debtor's counsel was *in agreement* with the time set for the hearing on the CT/TX 9019 Motion. The Debtor had ample notice that the CT/TX 9019 Motion would be heard on an expedited basis. At no point did Debtor's counsel state that (i) more time was necessary to conduct discovery related to the CT/TX 9019 Motion or (ii) that the Debtor's *Motion to Reconsider This Courts Order Determining that Connecticut Judgment on Appeal Bars Challenges to Jones's Dischargeability* [Adv. Pro. 23-03037, Docket No. 127] (the "**Dischargeability Motion**") filed on January 14, 2025 should be heard before the CT/TX 9019 Motion. Debtor's counsel did not indicate the necessity or scope of depositions and discovery in connection with the CT/TX 9019 Motion.

4. Likewise, at no point during the hearing did the Debtor argue, let alone indicate, that his Dischargeability Motion needed to be heard before the CT/TX 9019 Motion. In fact, the Dischargeability Motion was filed on regular notice and not on an expedited or emergency basis *days after* the CT/TX 9019 Motion was filed and after the Court set the hearing on the CT/TX 9019 Motion. The Dischargeability Motion, which was filed in the *David Wheeler, et al. v. Alex E. Jones*, Adv. Pro. No. 23-03037 (CML) (Bankr. S.D. Tex.), raises many of the same issues raised in the Debtor's response to the CT/TX 9019 Motion. *See* Docket No. 1023.

17043781

5. The Debtor only served informal discovery requests by email on the Trustee at approximately 10:30 a.m. (prevailing central time) on Tuesday, January 21, 2025—less than an hour before filing its Continuance Motion. Many of those requests are for documents and communications that are either irrelevant or already in the possession of the Debtor or that do not exist. This is a clear attempt to manufacture a need for a continuance when the Debtor had ample time to serve discovery requests the prior week. Nevertheless, the Trustee produced responsive documents to the Debtor *later that evening—approximately 12 hours after the Debtor's request*, and the vast majority of the Trustee's exhibits for the hearing on the CT/TX 9019 Motion are already within the Debtor's possession.[2]

6. The Trustee has already agreed to sit for a limited deposition by the Debtor on Wednesday, January 22, 2025, to accommodate the Debtor's requests, which the Debtor noticed on January 21, 2025 [Docket No. 1024]. On Wednesday, January 15, 2025, Debtor's counsel made a verbal request to the Trustee's counsel for the deposition of the Trustee and inquired as to his availability. The following day, January 16, 2025, counsel for the Trustee responded that the Trustee was available for deposition on Tuesday, January 21, 2025. On Monday, January 20, 2025, Debtor's counsel requested that the deposition be on Wednesday, January 22, 2025. Again, the Trustee agreed to the deposition date. At every step, the Trustee has endeavored to accommodate the Debtor's requests (despite such requests being untimely and unreasonable) within the timeframe afforded by the mutually agreed hearing date set for the CT/TX 9019 Motion,

---

[2] The only exhibits that are "new" in the Trustee' witness and exhibit list [Docket No. 1030] for the hearing on the CT/TX 9019 Motion that are not already in the Debtor's possession are: (i) Ex. 51 – a demonstrative chart created from publicly available filings in the Debtor's bankruptcy case and the FSS bankruptcy case and (ii) Ex. 52 – a demonstrative chart created from publicly available filings in the Debtor's bankruptcy case and the FSS bankruptcy case.

3

17043781

while also balancing other parties' interests in having the CT/TX 9019 Motion heard in an expeditious manner.

7.   Additionally, the reasons the Debtor attempts to marshal to support its Continuance Motion have little bearing on their request for a continuance. The Debtor makes several erroneous assertions in the Continuance Motion that must be corrected.

8.   First, the Debtor asserts that the Trustee "received a written $8 million offer to acquire the assets of FSS by FUAC, yet the Trustee has yet to initiate any process to accept or otherwise deal with this offer." Continuance Motion, ¶ 4(a). The Trustee disclosed that he received an offer from FUAC to the Court at the January 13, 2025 hearing. Since December 10, 2024 and through the holidays, the Trustee has diligently proceeded on multiple tracks to achieve settlements in this bankruptcy case that the Trustee understood the Court to suggest should be resolved prior to any additional sale process or disposition of FSS assets or equity. The Trustee is entitled to sequence the major milestones in a bankruptcy case in order to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1). After the January 13, 2025 hearing, the Trustee has also received multiple indications of interest from third-parties, most of whom have inquired about a formal sale process. In order to develop a path forward for the disposition of FSS assets uninhibited by ongoing and value-destructive conflicts in this case, the Trustee has pursued resolutions of the *Free Speech Systems, LLC v. PQPR Holdings Limited, LLC, et al.* adversary proceeding [Adv. Pro. No. 23-03127], the *Elevated Solutions Group, LLC v. Free Speech Systems, LLC, et al*. adversary proceeding [Adv. Pro. No. 24-03038], and the ongoing disputes between the Texas Families and the Connecticut Families regarding their respective claims in this bankruptcy case. The Debtor cannot have it both ways—

an expeditious sale in a short timeframe and a thirty-day extension of the hearing on the CT/TX 9019 Motion.

9. Second, the Debtor erroneously asserts that the "Trustee [is] joining with the Connecticut and Texas Plaintiffs in pursuing dismissal of the Jones and FSS appeals". Continuance Motion, ¶ 4(b). Nothing in the CT/TX 9019 Motion or the proposed order attached thereto purports to dismiss any of the appeals of the Texas or Connecticut state court actions. *Jones' appellate rights* are explicitly reserved in the proposed order. *See* Docket No. 1011-1 ¶ 14 ("all parties' rights are reserved with respect to Jones' appeal of the State Court Litigation as such appeals related to judgment(s) awarded to the Families against Jones, including whether such appellate rights constitute property of the Debtor's Chapter 7 Estate."). Nevertheless, the Trustee has maintained that the right of FSS to appeal any judgment is property of the estate since the beginning of the case, and this position is not a surprise to the Debtor. *See, e.g.,* Docket No. 915 (the "*Sale Motion*") at 20, n. 4. Indeed, it was an issue that was disputed in the context of the Sale Motion and the hearing thereon. The Debtor repeatedly asserts that the Trustee is seeking through the CT/TX 9019 Motion to dismiss his appeal, but there is no such statement in the CT/TX 9019 Motion or the proposed order.

10. Third, the Debtor asserts that the settlement between the Trustee, the Connecticut Families, and the Texas Families has not been fully disclosed and insinuates without basis that there is some further, undisclosed settlement agreement between the parties. There is not. As the proposed order makes clear, the Trustee is "seeking entry of this order authorizing and approving the settlement terms herein (the "*Settlement*")…". Docket No. 1011-1 at 1. Likewise, the CT/TX 9019 Motion states that the Trustee is requesting entry of an order "authorizing and approving the terms of a settlement (the "*Settlement*") by and among the Trustee, the Connecticut Families, and

5

17043781

the Texas Families … *on the terms and conditions set forth in the Order…*".  CT/TX 9019 Motion at 1–2.  In short, the proposed order *is the settlement*.

11. The Debtor, through these misstatements, is attempting to manufacture reasons for a continuance when there are none.  This is further evidenced by the Debtor's "supplemental" motion for continuance filed less than an hour ago.  *See* Docket No. 1032.  The Debtor's latest basis, which was clearly being setup over the course of the last several days through his attempts at jamming the Trustee with irrelevant discovery, is that the weather is preventing counsel from adequately preparing for and participating in the agreed upon deposition and hearing on the CT/TX 9019 Motion.  The Debtor's latest excuses fall flat, however, as counsel was clearly aware of the weather forecasts well before his continuance request.  And, when counsel determined that he would not be traveling to Houston for an in-person deposition, he requested ***and the Trustee immediately agreed to*** a remote deposition, which the Trustee is currently still prepared to do.  In summary, despite the Debtor's dilatory conduct, the Trustee has bent over backward to accommodate every one of the Debtor's requests.

12. Given the applicable standards under Federal Rule of Bankruptcy Procedure 9019 for the approval of settlements, the Trustee submits that a continuance of a hearing date the Debtor already agreed to will only serve to hinder and delay resolution of issues in this case, which the Court has indicated the parties should resolve in order to create and efficient and expeditious path forward to the conclusion of this chapter 7 case.

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter an order denying the Continuance Motion and granting all other relief that is appropriate under the circumstances.

Dated: January 22, 2025

        Respectfully Submitted,

        By: *Joshua W. Wolfshohl*
        Joshua W. Wolfshohl (Bar No. 24038592)
        Michael B. Dearman (Bar No. 24116270)
        Jordan T. Stevens (Bar No. 24106467)
        Kenesha L. Starling (Bar No.24114906)
        **Porter Hedges LLP**
        1000 Main Street, 36th Floor
        Houston, Texas 77002
        Telephone: (713) 226-6000
        Facsimile: (713) 226-6248
        jwolfshohl@porterhedges.com
        mdearman@porterhedges.com
        jstevens@porterhedges.com
        kstarling@porterhedges.com

                *and*

        Erin E. Jones (TX 24032478)
        **Jones Murray LLP**
        602 Sawyer Street, Suite 400
        Houston, Texas 77007
        Telephone: (832) 529-1999
        Fax: (832) 529-3393
        erin@jonesmurray.com

        *Counsel for Christopher R. Murray, Chapter 7 Trustee*

17043781

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing document was forwarded by electronic transmission to all registered ECF users appearing in the case on January 22, 2025.

> */s/ Joshua W. Wolfshohl*
> Joshua W. Wolfshohl

17043781