# EXHIBIT 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § § | | |
| FREE SPEECH SYSTEMS, LLC § *Debtor* § | | CASE NO. 22-60043 Chapter 11 |
| ELEVATED SOLUTIONS GROUP, LLC § *Plaintiff* § § VS. § § FREE SPEECH SYSTEMS, LLC, and § CMC CONSULTING, LLC § *Defendants* § | | ADV. PRO. NO. 24-03038 |

## CMC CONSULTING, LLC'S ANSWER AND COUNTERCLAIM AND CROSSCLAIM FOR INTERPLEADER

[Related to Dkts. 1 and 6]

COMES NOW CMC CONSULTING, LLC ("CMC"), and submits its Answer to the Complaint filed by Elevated Solutions Group, LLC ("ESG") and its Counterclaim and Crossclaim for Interpleader in the above-referenced matter.

### Answer to Complaint

Defendant CMC responds to the allegations in each of the paragraphs in the Complaint filed by ESG in the order that they were made. All allegations not expressly admitted are hereby denied.

**PARTIES AND JURISDICTION**

      1.     Admit.

      2.     Admit.

      3.     Admit.

1

2

**FACTS**

4. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 4 of the Complaint.

5. Admit.

**PLATINUM PRODUCTS**

6. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 6 of the Complaint.

7. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 7 of the Complaint.

8. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 8 of the Complaint.

9. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 9 of the Complaint.

10. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 10 of the Complaint.

**CMC AGREEMENT**

11. Admit.

12. Admit.

13. Deny.

14. Deny.

15. Deny.

16. Deny.

**PATRIOT COLLECTIBLES**

17. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 17 of the Complaint.

18. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 18 of the Complaint.

19. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 19 of the Complaint.

**POST-PETITION ADOPTION**

20. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 20 of the Complaint.

21. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 21 of the Complaint.

**CAUSES OF ACTION**

**BREACH OF CONTRACT AND ACCOUNTING (CMC)**

22. Admit.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

**TORTIOUS INTERFERENCE WITH EXISTING CONTRACT (FREE SPEECH)**

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

**BREACH OF CONTRACT/CONTEMPT (FREE SPEECH)**

37. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 37 of the Complaint.

38. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 38 of the Complaint.

39. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 39 of the Complaint.

40. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 40 of the Complaint.

41. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 41 of the Complaint.

42. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 42 of the Complaint.

43. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 43 of the Complaint.

44. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 44 of the Complaint.

45. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 45 of the Complaint.

46. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 46 of the Complaint.

47. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 47 of the Complaint.

**BREACH OF CONTRACT – RETURN OF ESG FUNDS AS UNEARNED AND UNJUSTLY RETAINED (FREE SPEECH)**

48. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 48 of the Complaint.

49. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 49 of the Complaint.

50. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 50 of the Complaint.

51. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 51 of the Complaint.

52. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 52 of the Complaint.

53. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 53 of the Complaint.

54. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 54 of the Complaint.

55. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 55 of the Complaint.

56. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 56 of the Complaint.

57. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 57 of the Complaint.

58. CMC does not have sufficient information to enable it to admit or deny the allegations in paragraph 58 of the Complaint.

**Affirmative Defenses**

59. ESG's claim against CMC is barred for failure or lack of consideration.

60. ESG's claim against CMC is barred by the doctrine of accord and satisfaction.

61. ESG's claim against CMC is barred because it was paid all sums to which it is entitled.

62. ESG's claim against CMC is barred because ESG terminated the CMC Agreement.

63. ESG's claim against CMC is barred by the doctrine of anticipatory breach.

64. ESG's claim against CMC is barred by the doctrine of renouncement/abandonment.

65. ESG's claim against CMC is barred because it repudiated the CMC Agreement.

66. ESG's claim against CMC is barred by the doctrine of prior material default.

67. ESG's claim against CMC is barred because all conditions precedent to its entitlement to recovery have not occurred.

68. ESG's claim against CMC is barred because the CMC Agreement was modified to provide that any payments to which ESG would otherwise be entitled should be paid as directed by FSS.

69. ESG's claim against CMC is barred by the doctrine of waiver.

70. ESG's claim against CMC is barred by the doctrine of estoppel.

71. ESG's claim against CMC is barred because it has no damages.

6

72. ESG's claim against CMC is barred because it has not provided the services required under the CMC Agreement.

### Counterclaim and Crossclaim for Interpleader

73. In addition to the above, CMC also files this Complaint for Interpleader pursuant to Bankruptcy Rule of Procedure 7022, Federal Rule of Civil Procedure 22(a)(2) and 28 U.S.C. § 1335 and would show the Court as follows:

**I. Jurisdiction and Venue**

74. This action is brought under 28 U.S.C. § 1335 because it involves an interpleader action where two or more claimants of diverse citizenship, as defined under 28 U.S.C. § 1332, are claiming or may claim entitlement to monetary relief in excess of $500.00.

75. Additionally, the Court has jurisdiction because this claim is related to FSS's bankruptcy proceeding.

**II. Parties**

76. Plaintiff/Counter Defendant ESG is a Texas limited liability company that has appeared in this adversary proceeding.

77. Defendant/Counter Plaintiff/Cross Plaintiff CMC is a California limited liability company that is appearing in this action through the filing of this pleading.

78. Defendant/Cross Defendant FSS is the Debtor in this bankruptcy proceeding and appeared in this adversary proceeding through its filing of its answer on or about April 15, 2024 (Dkt. 6).

**III. Background Facts**

79. The CMC Agreement and FSS/ESG Agreement were part of an integrated set of transactions by and among CMC, ESG, and FSS. In addition, ESG and FSS were parties to other agreements discussed in the Complaint in which CMC had no involvement or role.

7

80. After FSS filed its chapter 11 bankruptcy petition on July 29, 2022, FSS and ESG's business relationship deteriorated. In November of 2022, unbeknownst to CMC, FSS and ESG entered into agreements that modified the FSS/ESG Agreement and by extension the CMC Agreement. Shortly following the November 2022 contract modifications, the relationship between FSS and ESG became so strained that ESG ceased doing business with FSS altogether.

81. On February 14, 2023, ESG informed CMC that it no longer was participating in the CMC/FSS/ESG integrated transactions and that it repudiated the CMC Agreement. ESG informed CMC that any monies that might otherwise be payable to ESG should be paid as directed by FSS. FSS then directed CMC to hold all funds until such time as all of FSS' disputes with ESG were resolved. FSS also directed CMC to retain ten percent (10%) of the funds it held as compensation for CMC's services. Periodically, CMC reached out to FSS to determine if its disputes with ESG had been resolved. On multiple occasions, FSS communicated to CMC that ESG and FSS would jointly instruct CMC how to distribute the funds. However, FSS and ESG have not provided CMC with such joint instruction.

82. CMC retains the sum of $449,827.73 (the "Proceeds") that it believes belongs to FSS as a result of the November 2022 contract modifications and ESG's repudiation. Unfortunately, FSS and ESG have been unable to resolve the various disputes they have had with each other and now both FSS and ESG claim they are entitled to at least a portion of the proceeds CMC has in its possession.

**IV.     Counterclaim/Cross Claim for Interpleader**

83. Defendant/Counter Plaintiff/Cross Plaintiff CMC alleges that it cannot determine the rightful claimant to the Proceeds that it holds as between ESG and FSS and risks competing, multiple, or inconsistent claims against it if it does not interplead the funds with the Court.

8

84. CMC admits it must pay the Proceeds, but that it must only pay the Proceeds one time.

85. CMC has no interest in the Proceeds other than that the Proceeds are in CMC's possession and it wishes to deposit the funds with the Court pending determination of the rightful claimant as between ESG and FSS.

## Jury Demand

Defendant CMC demands a trial by jury.

## No Consent

This matter is not a core proceeding. This Court does not have constitutional authority to enter a final order in this matter. Defendant CMC does not consent to the Bankruptcy Court entering a final order in this adversary proceeding.

## Prayer for Relief

WHEREFORE, Defendant CMC Consulting, LLC respectfully requests that the Complaint be dismissed and all claims for relief therein sought be denied, that the Court enter an order granting CMC Consulting, LLC's request to interplead funds into the registry of the Court, that Defendant CMC Consulting, LLC be awarded its costs, expenses, and attorneys' fees as allowed by law, and that CMC Consulting, LLC have any further relief to which it may be entitled at law or in equity.

                                              Respectfully submitted,

                                              */s/ Walter J. Cicack*
                                              WALTER J. CICACK
                                              State Bar No. 04250535
                                              wcicack@hcgllp.com
                                              HAWASH CICACK & GASTON LLP
                                              711 W. Alabama St., Suite 200
                                              Houston, Texas 77006
                                              (713) 658-9015 - tel/fax
                                              ***Attorneys for Defendant,***
                                              ***CMC Consulting, LLC***

### **Certificate of Service**

     I hereby certify that a true and correct copy of the foregoing document has been served through the Court's ECF noticing system on April 22, 2024.

                                              */s/ Walter J. Cicack*
                                              Walter J. Cicack