IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) ) ) Chapter 7 ) |
| ALEXANDER E. JONES, | ) Case No. 22-33553 (CML) ) |
| Debtor. | ) ) |

**JOINT OBJECTION OF THE SANDY HOOK FAMILIES TO JONES'S CONTINUANCE MOTION AND SUPPLEMENTAL CONTINUANCE REQUEST**

The Connecticut Families[1] and the Texas Families[2] (collectively, the "Sandy Hook Families"), as creditors and parties in interest in the above-captioned case, file this objection to the Continuance Motion[3] and the Supplemental Continuance Request[4] filed by Alexander E. Jones ("Jones"). In support hereof, the Sandy Hook Families respectfully state as follows:

1. Jones's last-ditch effort to delay a hearing on the Proposed Settlement[5] through his Continuance Motion and Supplemental Continuance Request should be denied. At this time, counsel to the Connecticut Families are traveling from New York to Houston to attend the hearing scheduled for January 23 on flights that are scheduled on time. Notwithstanding Jones's assertions that counsel will be unable to attend tomorrow's hearing in person due to inclement

---

[1] The "Connecticut Families" are Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Erica Ash.

[2] The "Texas Families" are Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and the Estate of Marcel Fontaine.

[3] The "Continuance Motion" refers to the *Alexander E. Jones Expedited First Motion for Continuance and for Expedited Discovery* [Docket No. 1022].

[4] The "Supplemental Continuance Request" refers to the *Alexander E. Jones Expedited Supplemental Request and Motion for Continuance of the Hearing Now Set for January 23, 2025 at 9:00 AM in Houston, Texas* [Docket No. 1032].

[5] The "Proposed Settlement" refers to the settlement by and between the Connecticut Families, the Texas Families, and the Chapter 7 Trustee (the "Trustee"), embodied in the *Trustee's Expedited Motion for Entry of an Order (I) Authorizing and Approving the Settlement By and Between the Chapter 7 Trustee, the Connecticut Families, and the Texas Families and (II) Granting Related Relief* [Docket No. 1011] (the "Proposed Settlement Motion").

weather in the Houston and Austin areas, as set forth below, there are numerous on-time flights scheduled for today from Austin to Houston, including flights that have already departed Austin and arrived in Houston.



2.      Further, Jones has had ample time to evaluate and oppose the Proposed Settlement—he filed a 42-page Objection setting forth the various grounds for his opposition. And Jones's counsel agreed *yesterday* to participate in a *remote* deposition of the Trustee today, but Jones' counsel inexplicably failed to appear at such deposition.

3.      Moreover, Jones's attorneys were present before this court (the "<u>Court</u>") on January 13—several days after the Proposed Settlement Motion was filed—and consented to a hearing on January 23 to consider the Proposed Settlement Motion (the "<u>Hearing</u>"). Indeed, the Hearing was set on such date to *accommodate* the schedule of Jones's counsel. Not once did Jones's counsel voice any objection to holding the Hearing on such date.

4.      Similarly, the notion that additional discovery on the Proposed Settlement justifies moving the Hearing is a thinly-veiled attempt to—at best—delay and frustrate this

settlement.  *First*, Jones waited until three days before the Hearing to even request discovery—which, by itself, is fatal to any argument that his "due process" is somehow being denied. *Second*, as set forth above, a deposition of the Trustee—the individual who entered into the Proposed Settlement on behalf of the Jones estate—was scheduled to proceed ***remotely*** on January 22.  While counsel to the Trustee, the Connecticut Families, and the Texas Families each appeared at the deposition, Jones now states in the Supplemental Continuance Request that the deposition of the Trustee needs to be re-scheduled.

5. No other discovery is necessary or has been pursued by Jones.  While Jones sought—for the first time on January 20 (10 days after the Proposed Settlement Motion was filed and only three days before the Hearing)—to depose representatives of the Sandy Hook Families, counsel to the Sandy Hook Families have opposed such requests and Jones has done nothing to pursue such (irrelevant) discovery.

6. Finally, there is also no reason to align a hearing on the Proposed Settlement Motion with a hearing on Jones's recently-filed motion for the Court to reconsider its non-dischargeability rulings issued over 14 months ago.[6]  The issues raised in these motions are distinct and easily separable, and the Proposed Settlement reserves all parties' rights in respect of the dischargeability of the Sandy Hook Families' claims.  The Connecticut Families will file an opposition to the reconsideration motion on February 4, as required by the applicable local rules. The Court should decline Jones's pretextual attempt to link these two pending motions.

7. Accordingly, the Sandy Hook Families request that this Court overrule the Continuance Motion and the Supplemental Continuance Request, and proceed with the Hearing as planned for tomorrow.

---

[6] *See Memorandum Decision on Connecticut Plaintiffs' Motion for Summary Judgment Against Jones* [Docket No. 76].

Dated: January 22, 2025                                    Respectfully submitted,

*/s/ Avi Moshenberg*  
**MCDOWELL HETHERINGTON LLP**  
Avi Moshenberg  
State Bar No. 24083532  
1001 Fannin Street, Suite 2700  
Houston, TX 77002  
Telephone:  (713) 337-5580  
Fax:  (713) 337-8850  
E-mail:  Avi.Moshenberg@mhllp.com  

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, PC**  
Jarrod B. Martin  
State Bar No. 24070221  
1200 Smith Street, Suite 1400  
Houston, TX 77002  
Telephone: (713) 356-1280  
Fax: (713) 658-2553  
E-mail: jarrod.martin@chamberlainlaw.com  

**WILLKIE FARR & GALLAGHER LLP**  
Jennifer J. Hardy  
State Bar No. 24096068  
600 Travis Street  
Houston, TX 77002  
Telephone: (713) 510-1766  
Fax: (713) 510-1799  
E-mail: jhardy2@willkie.com  

WILLKIE FARR & GALLAGHER LLP  
Stuart R. Lombardi (admitted *pro hac vice*) Ciara Sisco (admitted *pro hac vice*)  
787 Seventh Avenue New York, NY 10019  
Telephone: (212) 728-8000  
Fax: (212) 728-8111  
E-mail: slombardi@willkie.com  
E-mail: csisco@willkie.com  

*Co-Counsel to the Texas Families*

*/s/ Ryan E. Chapple*  
**CAIN & SKARNULIS PLLC**  
Ryan E. Chapple  
State Bar No. 24036354  
303 Colorado Street, Suite 2850  
Austin, TX 78701  
Telephone:  (512) 477-5000  
Fax:  (512) 477-5011  
E-mail:  rchapple@cstrial.com  

**KOSKOFF KOSKOFF & BIEDER, PC**  
Alinor C. Sterling (admitted *pro hac vice*)  
350 Fairfield Avenue  
Bridgeport, CT 06604  
Telephone:  (203) 336-4421  
E-mail:  asterling@koskoff.com  

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**  
Kyle J. Kimpler (admitted *pro hac vice*)  
Paul Paterson (admitted *pro hac vice*)  
Leslie Liberman (admitted *pro hac vice*)  
Vida J. Robinson (admitted *pro hac vice*)  
1285 Avenue of the Americas  
New York, NY 10019-6064  
Telephone:  (212) 373-3000  
Fax:  (212) 757-3990  
E-mail:  kkimpler@paulweiss.com  
            ppaterson@paulweiss.com  
            lliberman@paulweiss.com  
            virobinson@paulweiss.com  

*Co-Counsel to the Connecticut Families*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing objection and reply has been served on counsel for Jones and all parties receiving or entitled to notice through CM/ECF on this 22nd day of January, 2025.

*/s/ Ryan E. Chapple*
Ryan E. Chapple
