## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## (AUSTIN DIVISION)

| | | |
|---|---|---|
| ERICA LAFFERTY, et al., | § | |
| Plaintiffs (Judgment Creditors) | § | |
| | § | Civil Action $\underline{\text{1:24-cv-1198}}$ |
| vs. | § | |
| | § | |
| ALEXANDER E. JONES, et al., | § | |

_____

### REMOVAL OF CIVIL ACTION AND
### NOTICE OF THE REMOVAL OF A CIVIL ACTION

_____

**Removed from the 261st District Court**
**Travis County, Texas**
**State Cause No. D-1-GN-24-004752**

_____

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Alexander E. Jones (herein "Alex Jones" or "Defendant"), the sole Defendant

in the above captioned removed state court case and prior to having been properly joined or

served,[1] timely files this Notice of Removal brought by Plaintiffs David Wheeler, Francine

Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna

---

[1]      *Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n*, 955 F.3d 482 (5th Cir. 2020);  *See, also Baker v. Bell Textron, Inc.,* Civil Action No. 3:20-CV-292-X, 2021 U.S. Dist. LEXIS 69980 (N.D. Tex. Apr. 12, 2021); *Adams v. Zachry Indus.,* No. SA-23-CV-01437-XR, 2024 U.S. Dist. LEXIS 8260, at *4 (W.D. Tex. Jan. 16, 2024):

> Generally, this provision prevents removal of cases otherwise justiciable in federal court by defendants who are citizens of the forum state. However, there is one major exception to this general rule, typically referred to as "snap removal." Through snap removal, a forum defendant can remove a case from state court to federal court prior to that defendant being "properly joined and served." *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020); *see also Raven Cap. Grp., LLC v. CH CRP 26 LLC*, No. SA-21-CV-00059-XR, 2021 U.S. Dist. LEXIS 74822, 2021 WL 1432699, at *2 (W.D. Tex. Feb. 12, 2021). Importantly, "the forum-defendant rule is a procedural rule and not a jurisdictional one." *Texas Brine*, 955 F.3d at 485.

 *See, also Kopp v. White SWAN Transportation LLC,* No. EP-24-CV-00278-DCG, 2024 U.S. Dist. LEXIS 173026, at *4 (W.D. Tex. Sep. 12, 2024) ("…the forum-defendant rule applies only 'if any of the parties in interest properly joined *and served* as defendants' in the case 'is a citizen of the State in which [the] action is brought.'); *Doe v. Salesforce, Inc.,* No. 4:23-cv-01729, 2024 U.S. Dist. LEXIS 44584, at *4 (S.D. Tex. Mar. 12, 2024) ["This case presents a relatively straightforward "snap removal" question. The law is clear in this Circuit that, where complete diversity exists, a case can be removed despite the presence of a resident defendant where that defendant is unserved. *In re Levy*, 52 F.4th 244, 248 (5th Cir. 2022)."]

Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, Williams Aldenberg, William Sherlach, Robert Parker, and Erica Ash (formerly Erica Lafferty) (collectively "Connecticut Plaintiffs") in the state district court of Travis County, Texas (the Removed State Court Suit) and is removed by the sole Defendant Alex Jones pursuant to §§ 28 U.S.C. 1332, 1334, § 1441(a),[2](b)(2)[3], 1442,[4] and 1452(a)[5] and states in support thereof:

1.     **Removed Action, Parties, and Timeliness of Removal**.  The removed action is cause No. D-1-GN-24-004752 removed from the 261st District Court, Travis County, Texas styled David *Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, Williams Aldenberg, William Sherlach, Robert Parker, and Erica Ash (formerly Erica Lafferty), Plaintiffs (Judgment Creditors vs. Alexander E. Jones, et. al.,*(herein the "Removed Case").[6]

A.  At the time of this Notice of Removal Alex Jones was not a "properly joined

---

[2]     Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in [s]tate court of which the district courts of the United States would have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993);  *see, also Hardisty v. Family Moving Servs. Inc.,* Civil Action No. 3:23-CV-00307-E, 2024 U.S. Dist. LEXIS 51182, at *7 (N.D. Tex. Mar. 22, 2024).

[3]     Based its holding on a plain reading of the removal statute, 28 USC § 1441(b)(2), which only prohibits removal by a forum defendant that has been "properly joined and served…."

[4]     *Williams-Boldware v. Denton County, Tex.*, 741 F.3d 635, 121 FEP 755 (5th Cir. 2014) [held that the District court had removal jurisdiction over claim originally filed in state court owing to a Chapter 13 bankruptcy trustee's status as a federal officer removal privilege (*28 U.S.C. § 1442(a)(1).*]

[5]     28 U.S. Code § 1452 - Removal of claims related to bankruptcy cases:
   (a)     A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

[6]     Although the Plaintiff's pleading recites *et. al.,* in style of its suit, and references "Defendants" throughout the pleading, Alex Jones is the only named Defendant.

Case 22-33553   Document 1043   Filed in TXSB on 10/07/24   Page 3 of 15

and served" defendant.[7]   In fact, no service of process has been made on

Defendant and as far as Defendant's personal knowledge, no attempt has been

made to serve Defendant with any process issued from this Removed Case.

B.   This Removal is filed within thirty days after the receipt by the Defendant of an

email copy of the pleading titled "*Application for Post-Judgment Turnover and*

*Appointment of Receiver*" containing a false certificate of service purporting to

serve "all counsel of record in accordance with the Texas Rules of Civil

Procedure …."   [*See*, Tab 4 Certificate of Service attached to Plaintiffs'

*Application for Post-Judgment Turnover and Appointment of Receiver, pg.7*

*Certificate of Service*].   The Certificate of Services names Vickie L. Driver and

Shelby A. Jordan, along with each respective email address as "counsel of

record" yet Plaintiffs' counsel cannot unilaterally make a lawyer that has not

appeared in a case an "attorney of record" by sending them an email of the

Plaintiffs own pleading.   Thus, that certificate is false.   Both counsel do

represent Alex Jones *as an attorney of record only in his Chapter 11 case and*

*in his Chapter 7 case*, however neither counsel is a "counsel of record" in the

State Court Removed Case;  neither counsel have ever appeared in the Removed

Case for any purpose;  neither counsel has entered into any Rule 11 Agreement

---

[7]       Under the forum defendant rule, removal based on diversity jurisdiction generally is defeated if any defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1442(b)(2).  That said, the text of the removal statute contains a caveat: "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest **properly joined and served as defendants** is a citizen of the State in which such action is brought." *Id.* (emphasis added).  Read literally, the forum-defendant rule is not triggered unless and until the forum defendant is properly served. *Texas Brine Co. v. American Arbitration Ass'n*, 955 F.3d 482 (5th Cir. 2020). The Fifth Circuit did not limit its holding to non-forum defendants but noted that it was "[o]f some importance" that "the removing party" was "not a forum defendant." *Id*. In concluding snap removal does not contradict the federal removal scheme, the Fifth Circuit echoed the approach taken in the Second and Third Circuits. *See Gibbons,* F.3d 699 (2d Cir. 2019) and *Encompass,* 902 F.3d 147 (3d Cir. 2018).

to accept service on behalf of their client Alex Jones or to appear on behalf of the client nor has either counsel been requested to enter into any Rule 11 Agreement to accept service for Alex Jones in lieu of the required service of process issues by the court and certified by the clerk of the Court.

2. **Filing Notice of Removal In the Removed Case**:  Upon designation of a civil action number for this Removal and Notice of Removal, a Notice of Removal will be promptly filed in the Removed State Court Suit with a certificate of service and an attached true and correct copy to be filed with this Court.

3. **Jurisdiction – Complete Diversity Exists in This Case**

A. 28 U.S.C. § 1332 codifies diversity jurisdiction of this Court.  Complete diversity of citizenship occurs when no plaintiff and defendant are domiciled in the same state.  Defendant Alex Jones is a Texas Citizen.  Plaintiffs are all citizens of Connecticut or other foreign states but on information and belief none are citizens or residents of the State of Texas.  As acknowledged by Plaintiffs in their Removed Suit, the amount in controversy exceeds $75,000.00.

4. **Jurisdiction – This Case Involves Parties and Issues "Arising Under" or "Arising In" or is "Related To" Cases Under Title 11**

A. 28 U.S.C. § 1334(b) provides:

"Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in **_or related to_** cases under title 11." (emphasis added).

    **i.** The United States District Court for the Western District of Texas has original jurisdiction over this action pursuant to 28 U.S.C. §1334(b) as the State Court Lawsuit is "arising in" or "related to" the Bankruptcy Case.

**ii.** 28 U.S.C. § 1452(a) provides that "a party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

**iii**. 28 U.S.C. § 1334(b) provides that "the *district court* shall have original but not exclusive jurisdiction of all civil proceedings *arising under* Title 11 or *arising in* or *related to cases* under Title 11."[8]  28 U.S.C. § 1334, and the removed lawsuit is a civil action other than a proceeding before the Tax Court or a civil action brought by a governmental unit to enforce the government unit's police or regulatory power as required for removal pursuant to 28 U.S.C. § 1452.   Venue is proper before this Court under 28 U.S.C. § 1409.

**iv**. Removal to this District Court is additionally proper as the State Court Lawsuit was filed in Travis County, Texas. The U.S. District Court for the Western District of Texas, Austin Division, is the United States district and division embracing that county.[9]

5. **Background of Plaintiffs' Removed Claims**

A.  Neither before Sandy Hook, nor after, has Alex Jones been involved litigation for his conservative, or even his extreme conservative, broadcasts.  In other words, as of 11 years after the Sandy Hook broadcasts, Alex Jones has not been

---

[8]      However, removal pursuant to 28 U.S.C. § 1452(a) is proper directly to a Bankruptcy Court, rather than to a District Court.  *See Industrial Clearinghouse, Inc. v. Mims (In re Coastal Plains, Inc.)*, 338 BR 703 (N.D. Tex. 2006).

[9]      The Order of Reference provides that "[a]ll bankruptcy cases and proceedings filed under Title 11 of the United States Code, or arising from or related to any case or proceeding filed under Title 11, shall be automatically referred to the bankruptcy judges of this district" subject to exceptions that do not apply here.

sued for his conservative views.

B. The horror of Sandy Hook and the extreme pain and suffering tragedy brought to the parents of the Sandy Hook massacre can never be described in any meaningful way. Although Alex Jones admitted early on his mistake in suggesting that the Sandy Hook events had similarities to government "false flag" operations, likewise it cannot be explained why all but one of the Plaintiffs (who each testified to "years" of mental anguish endured as a result of the Alex Jones 2012-2013 broadcasts) waited from the time of those broadcasts until early 2018 without ever making a demand of Alex Jones for a retraction, a  pre-demand suit, or any other "outcry" evidencing their injuries.

C.  It was after Alex Jones became a very popular public figure (coincidentally beginning in 2016) did the cancel culture begin its now infamous "de-platforming"[10] process, Jones being one of the first to experience how conservative talk radio (in which he was a pioneer) could be financially devastated by the process is.  Deplatforming cost Alex Jones and FSS their banking capability, their credit card processing, their vendors (likewise fearing

---

[10]     *Merriam-Webster Dictionary* - Unabridged:  deplatformed; deplatforming; deplatforms:
   *transitive verb*
   to remove and ban (a registered user) from a mass communication medium (such as a social networking or blogging website)
       … had almost 1.5 million Facebook followers and a quarter million followers on Instagram before he was deplatformed for repeatedly spreading misinformation …
   Peter Hoysted
   broadly : to prevent from having or providing a platform (see platform entry 1 sense 3) to communicate
       While deplatforming speakers deprives them of the opportunities to speak and the attendees the opportunities to learn, concerns and protests over controversial speakers, be they informed or not, are totally expected and should even be encouraged.
   Amy Lai

cancellation by association), and generally loss of open access to American commerce.  Notwithstanding his pristine credit rating with no bank debt, no mortgage debt, no IRS debt, and a 45-million-person audience, deplatforming was devastating to Jones and his company FSS.

6.     **The Two Suits and Trials on the Same Facts**

A. In 2018, almost six years after Sandy Hook, two separate suits were filed (Connecticut and Texas) resulting in two trials. The "trials" although by separate judges and separate juries, were on identical facts and events yet resulted in massively inconsistent awards.  In Texas (if statutory caps on tort recoveries are applied) the judgment totals $5.6 million for two parents, or $2.8 million to each parent. In contrast, in Connecticut the award per parent (and one FBI Agent) is slightly more than $100 million each and including punitive damages, slightly less than $1.5 billion.

B. Both trials were controlled by sanction orders.  Both Court determined by Alex Jones or his business Free Speech Systems, LLC ("FSS") committed discovery abuse, fined more than $ 1 million, and had liability determined as a sanction. The jury was instructed on liability but not on the basis for liability.  Thus, the only jury trial was one to determine damages.   But damages cannot be determined by a jury without background facts, so a substantial portion of "testimony" of background facts became part of the sanctions.

C.  Although substantial efforts by Alex Jones to resolve and settle these plaintiffs' claims (the last rejected offer exceeding $66+ million over a 10-year period) no settlement has every come close to a resolution.  The Plaintiffs' counsels' own

statements *to the juries* in these two trials explain exactly what these Plaintiffs

want – to take The Alex Jones Show of the air and "out of the public discourse:"

> **Counsel Moshenberg said "his clients may be willing to settle with Jones for less money if it means *Jones would end his broadcasting career*." "If he wants to agree to some sort of terms that hold him accountable for all he's done, we'll be open to listening.   Whether that means *walking away from public life*, to paying Sandy Hook families *in full* ...."[11]**

**…**

> ***Damages "should be awarded in an amount that assures Alex Jones is off any platform ... taken out of this discourse* ...."[12]**

D.  By comparison, the compensatory damages awarded to the Plaintiffs are as

much as **_25 times larger than an "intentional" big farma opioid addiction_**

**_death_** caused by years of exposure to the public of known dangerous and deadly

product, all promoted and advertised *literally daily* for years throughout the US.

Alex Jones killed no one, but his conduct is somehow 25 times more egregious

than the conduct of those companies and stockholders (*e.g.*, the Sacklers) that

lead to the death of  hundreds of thousands?

7.      **The Controlling Appeals Arising out of Each Suit and the Three Pending Bankruptcy Appeals and Supersedeas**

A.  Both  the  Texas  Judgment  and  the  Connecticut  Judgment  are  on  Appeal.

Likewise, and as important to Alex Jones, is the finding by the bankruptcy court

that a significant portion of the Connecticut Judgment (to the extent surviving

---

[11]     https://www.washingtonpost.com/investigations/2022/11/21/alex-jones-sandy-hook-lawsuit/

[12]     Quotes from *Texas Plaintiffs' closing arguments; See, also Connecticut Plaintiffs opening statement*). *See*, *YouTube* https://www.youtube.com/watch?v=xFaxgchQczg  "take Alex Jones platform … away … and make certain he cannot rebuild the platform.  Take him Jones out of this discourse … that is punishment.

appeal) and the much smaller Texas Judgment that went from $2 million actual damages to approximately $22 million in punitive damages by ignoring the statutory tort caps) if reversed, there can be no "collection" action.  However, to the extent of the interim treatment of these appealed judgments until final, significant statutory rights of Alex Jones prohibit this attack as set out below.

B.   Importantly, as to the Texas Judgment, if the Texas Plaintiffs initiated collection or receivership actions against Alex Jones (which has not occurred), the Texas Statutes provide that the Judgments may be superseded by Alex Jones posting a bond or assets or cash (or a combination) of ½ of his net worth.[13]   In his Chapter 11 case before conversion to Chapter 7, the Plaintiffs incurred multi-millions of audits and fraud audit costs and expenses to discover that Alex Jones was not the multi-millionaire claimed and had not hidden or secreted assets. And, as to his assets, after many months of investigation, Alex Jones is exiting bankruptcy with only his exempt property.  His non-exempt property is owned by the Chapter 7 estate, when determined, and thus his net worth is near zero.

### i.  The Secret Domestication Proceeding Denied Due Process

 In fact, the claim to have domesticated the Connecticut Judgment was done in

---

[13]     Section 52.006 of the Civil Practice and Remedies Code:
Amount of Security for Money Judgment:
(a)     Subject to Subsection (b), when a judgment is for money, the amount of security must equal the sum of:
         (1) the amount of compensatory damages awarded in the judgment;
         (2) interest for the estimated duration of the appeal; and
         (3) costs awarded in the judgment.
(b)     Notwithstanding any other law or rule of court, when a judgment is for money, the amount of security must not exceed the lesser of:
         *50 percent of the judgment debtor's net worth*; or
(2) $25 million.
[Emphasis Added.]

secret.   The statute mandates notice, none of which was given to the Defendant Alex Jones or his known counsel:

**Sec. 35.004. Affidavit; Notice of Filing.**

(a)      At the time a foreign judgment is filed, the judgment creditor or the judgment creditor's attorney shall file with the clerk of the court an affidavit showing the name and last known post office address of the judgment debtor and the judgment creditor.

(b)      The judgment creditor or the judgment creditor's attorney *shall*:

(1)      promptly mail *notice of the filing* of the foreign judgment to the judgment debtor at the address provided for the judgment debtor under Subsection (a); and

(2)      file proof of mailing of the notice with the clerk of the court.

(c)      The notice must include the name and post office address of the judgment creditor *and if the judgment creditor has an attorney in this state, the attorney's name and address*.   (Emphasis Added.)

No such notices mandated by the Texas domestication statutes have been given or received by Alex Jones or his counsel, all of whom were known to the Connecticut Plaintiffs when the purported domestication proceeding occurred. This due process violation alone voids the purported judgment of domestication.[14]

**ii.**    Even more significant, in Connecticut a money judgment is automatically stayed until the end of the appellate process, although discovery may be conducted to determine the existence of assets that are not exempt,

---

[14]      *See, e.g., World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) (The Due Process Clause of the Fourteenth Amendment limits the power of a state court to render a valid personal judgment against a nonresident defendant.) (citing Kulko v. Superior Court, 436 U.S. 84, 91 (1978)).* A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere.  *Id.*

execution on those assets is stayed.[15]  Remarkably, the Connecticut Plaintiffs, although not able to seeks any execution on property under the Connecticut law and rules, apparently believe that if they come to Texas, they can avoid the Connecticut law and begin an asset grab.  However, even if Connecticut law can in some fashion be avoided and the stay pending appeal not applicable in Texas, the Connecticut Plaintiffs cannot avoid the Texas law by not allowing supersedeas of any money judgment by Alex Jones until appeals are final. Under Tex. Civ. Prac. & Rem. Code § 35.001 *et seq*. the Purported Domestication Proceeding or the Foreign Judgment Should Have Been Stayed:

> TCPRC.  Sec. 35.006 provide for the Stay of a foreign judgment.
>
> (a) If the judgment debtor shows the court that an appeal from the foreign judgment is pending or will be taken, that the time for taking an appeal has not expired, or that a stay of execution has been granted, has been requested, or will be requested, and proves that the judgment debtor has furnished *or will furnish the security for the satisfaction of the judgment required by the state in which it was rendered*, the court shall stay enforcement *of the foreign judgment* until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated.  (Emphasis Added).
>
> (b) If the judgment debtor shows the court a ground on which enforcement of a judgment of the court of this state would be stayed, *the court shall stay enforcement of the foreign judgment for an appropriate period and require the same security for suspending enforcement of*

---

[15]      Connecticut Judgment is Stayed Until a Final Judgment.  The following is from the Connecticut Practice Book – Rules of Court:

> Sec. 61-11. Stay of Execution in Noncriminal Cases (a) Automatic stay of execution Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to [take] file an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause. If the case goes to judgment on appeal, any stay thereafter shall be in accordance with Section 71-6 (motions for reconsideration), Section 84-3 (petitions for certification by the Connecticut supreme court), and Section 71-7 (petitions for certiorari by the United States supreme court).

> *the judgment that is required in this state in accordance with Section* 52.006.

Pursuant to sub-section (a) the state where the Judgment was rendered (Connecticut) does not require a stay.  Sub-section (a) appears to apply that same law to the Texas collection efforts.   Had the domestication proceeding purportedly brought by Plaintiffs not been done in secret and the due process mandates of the statutes followed, Alex Jones could have, and would have, asserted his rights to a stay under both subsections (a) and (b) above.  In other word, but for the denial of due process in obtaining a purported domestication order in secret from the State Court, this action could not have resulted in an un-stayed domesticated Connecticut Judgment in the State Courts of Texas.

8.   **The Controlling Appeal is the Ongoing Federal Court Appeals of the Non-Dischargeable Nature of the Judgments**

Both the Texas and Connecticut Plaintiffs had only a portion (although a substantial portion) of their judgments found nondischargeable.

A. The "controlling" appeal is the current federal District Court appeals of the Nondischargeability rulings of the bankruptcy court.  If the actual or punitive damages portions of either of these judgments are found dischargeable, then Alex Jones will receive a discharge of the judgments by all that has already occurred – he has and is giving up all of his non-exempt assets – and will have no further liability on either judgment found dischargeable.   Although an interlocutory appeal was sought in *Wheeler, et al. v. Jones, et al.,* 4:23-cv-4240 (SDTX) however leave to appeal was denied and the parties must now file a new Notice of Appeal only when the MSJ is either completed or all issues are

resolved in a trial in the bankruptcy court.  Thus, there is no "final appealable judgment" determining whether the Connecticut Judgment is dischargeable or not.

B.  Put in other words, the merits of the federal appeals on dischargeability, to the extent determined found dischargeable, trumps the issue of the amount of the judgment, even if full sustained on the Connecticut Court appeal.   If dischargeable, the amount is meaningless because the debt will be discharged in the Alex Jones Chapter 7 case.

9.      **Supplemental jurisdiction**. This Court has supplemental jurisdiction over any claims or defenses asserted by the parties that are not otherwise within this Court's jurisdiction. 28 U.S.C. §1367(a).  To the extent that any claims against any party are not removable under bankruptcy jurisdiction § 1334, this Court has supplemental jurisdiction over such claims pursuant to 28 U.S.C. §§ 1367 and 1441.

10.     **Notice**.  Written notice of the filing of this notice of removal will be filed with the Removed Case state district court and provided to all other parties as provided by law.

11.     **Attachments Pursuant To Local Rules**.  In accordance with federal statute and local rules of this court, attached as appendices hereto are:

A.   List of counsel of record, including their addresses, telephone numbers, and parties represented;

B.  Index of Matters being filed;

C.  A true and correct copy of the Removed Case Docket Sheet;

D.  A true copy of the Pleadings asserting the cause of action and orders signed by the State judge in the Removed Case.

12.     **Reservation of Rights to Amend and Supplement**:  Because no service of process was made on Alex Jones, or, in the case of the domestication proceeding his due process rights were violated by Plaintiffs, Alex Jones reserves the right to promptly amend or supplement this Removal and Notice of Removal as events and documents are discovered.

13.     **Conclusion and Prayer**:   This Removed Case has been timely and properly brought to this Court upon multiple basis of personal and *in rem* jurisdiction.  Defendant Alex Jones request this Court exercise its jurisdiction and ancillary jurisdiction as may be the case, and upon trial of this Removed Case, render judgment at will be set out in Defendants full and complete answer and response to the Plaintiffs' Claims in this Removed Case, and for such other and further relief to which Alex Jones may be justly entitled, both at law and in equity.

Dated: October 7, 2024

/s/ Shelby A. Jordan
SHELBY A. JORDAN
State Bar No. 11016700
S.D. No. 2195
ANTONIO ORTIZ
State Bar No. 24074839
S.D. No. 1127322
***Jordan & Ortiz, P.C.***
500 North Shoreline Blvd., Suite 804
Corpus Christi, TX  78401
Telephone: (361) 884-5678
Facsimile:  (361) 888-5555
Email:  sjordan@jhwclaw.com
           aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com
**COUNSEL FOR ALEX JONES**

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2024, a true and correct copy of the foregoing document was served via e-file/e-mail in accordance with the Texas Rules of Civil Procedure:

Ryan E. Chapple
rchapple@cstrial.com
Benjamin D. Evans
bevans@cstrial.com
Bethany G. Gingras
bgingras@cstrial.com
CAIN & SKARNULIS PLLC
303 Colorado Street, Suite 2850
Austin, Texas 78701

Crissie Stephenson
Vickie Driver
Elliott, Thomason & Gibson, LLP
511 N. Akard, Ste. 202
Dallas, Texas 75201
crissie@etglaw.com
vickie@etglaw.com

Joshua W. Wolfshohl
Michael B. Dearman
Jordan T. Stevens
Kenesha L. Starling
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
jwolfshohl@porterhedges.com
mdearman@porterhedges.com
jstevens@porterhedges.com
kstarling@porterhedges.com

Erin E. Jones
**JONES MURRAY LLP**
602 Sawyer Street, Suite 400
Houston, Texas 77007
erin@jonesmurray.com

Kell C. Mercer
Kell.mercer@mercer-law-pc.com

/s/ Shelby A. Jordan
Shelby A. Jordan