UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| ALEXANDER E. JONES, | § | |
| | § | Case No. 22-33553 (CML) |
| Debtor. | § | |

### NOTICE OF SUBPOENA

**PLEASE TAKE NOTICE**, pursuant to Federal Rule of Civil procedure 45, that Debtor, Alexander E. Jones intends to serve subpoenas in the form attached hereto on the "Texas Plaintiffs," collectively, Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and the Estate of Marcel Fontaine (**Exhibit A**) and the "Connecticut Plaintiffs," collectively, Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Erica Ash (**Exhibit B**) on Friday, January 31, 2025, or as soon thereafter as service may be effectuated.

Dated: January 30, 2025

/s/ Shelby A. Jordan
SHELBY A. JORDAN
State Bar No. 11016700
S.D. No. 2195
ANTONIO ORTIZ
State Bar No. 24074839
S.D. No. 1127322
Jordan & Ortiz, P.C.
500 North Shoreline Blvd., Suite 804
Corpus Christi, TX 78401
Telephone: (361) 884-5678
Facsimile: (361) 888-5555
Email: sjordan@jhwclaw.com
aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com

1

**COUNSEL FOR ALEX JONES**

Ben C. Broocks
State Bar No. 03058800
Federal Bar No. 94507
William A. Broocks
St. Bar No. 24107577
Federal Bar No. 3759653
BROOCKS LAW FIRM P.L.L.C.
248 Addie Roy Road, Suite B301
Austin, Texas 78746
Phone: (512) 201-2000
Fax: (512) 201-2032
Email: bbroocks@broockslawfirm.com
wbroocks@broockslawfirm.com

**COUNSEL FOR ALEX JONES**

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served through the Court's ECF noticing system on January 30, 2025.

                                              */s/ Shelby A. Jordan*
                                              Shelby A. Jordan

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

EXHIBIT A

# UNITED STATES BANKRUPTCY COURT

__Southern__ District of __Texas__

In re __Alexander E. Jones__
           Debtor

*(Complete if issued in an adversary proceeding)*

_____
           Plaintiff
              v.
_____
           Defendant

Case No. __22-33553__

Chapter __7__

Adv. Proc. No. _____

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Representative for "Texas Plaintiffs" Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and the Estate of Marcel Fontaine

*(Name of person to whom the subpoena is directed)*

☑ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE | COURTROOM 401 |
|---|---|
| United States Bankruptcy Court<br>515 Rusk, Houston, TX 77002 | DATE AND TIME<br>2/5/25 @ 9:00 a.m (CST) |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

See Exhibit A

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __1/30/25__

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Alexander E. Jones__, who issues or requests this subpoena, are:

Ben C. Broocks, William Broocks, BROOCKS LAW FIRM P.L.L.C., 248 Addie Roy Road, Suite B301, Austin, Texas 78746; 512-201-2000; bbroocks@broockslawfirm.com and wbroocks@broockslawfirm.com and SHELBY A. JORDAN and ANTONIO ORTIZ, Jordan & Ortiz, P.C 500 North Shoreline Blvd., Suite 804, Corpus Christi, TX 78401; 361-884-5678; sjordan@jhwclaw.com, aortiz@jhwclaw.com and cmadden@jhwclaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                    _____
                                                             *Server's signature*

                                                    _____
                                                            *Printed name and title*

                                                    _____
                                                                *Server's address*

Additional information concerning attempted service, etc.:

Case 22-33553   Document 1048   Filed in TXSB on 01/30/25   Page 5 of 13
B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

Case 22-33553   Document 1048   Filed in TXSB on 01/30/25   Page 6 of 13

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
       (i) is a party or a party's officer; or
       (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       (i) fails to allow a reasonable time to comply;
       (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
       (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       (i) disclosing a trade secret or other confidential research, development, or commercial information; or
       (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       (i) expressly make the claim; and
       (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Exhibit A**

1. All communications, documents, agreements, and proposals to or from, between or among, any of the Trustee and/or the Connecticut Parties and/or the Texas Parties and/or Global Tetrahedron concerning:

   a. the Settlement;

   b. the actual or potential purchase by Global Tetrahedraon of assets formerly owned by or involving Alex Jones, FSS, and /or Infowars, including without limitation any created or received after December 9, 2024;

   c. a Distributable Proceeds Waiver as considered, proposed or used in any past, present or future agreement involving any of the Trustee and/or the Connecticut Plaintiffs and/or the Texas Plaintiffs;

   d. the actual or potential purchase by FUAC of assets formerly owned by or involving Alex Jones, FSS, and /or Infowars, including without limitation any created or received after December 9, 2024;

   e. the Petition for Certification filed by Alex Jones and/or FSS with the Connecticut Supreme Court;

   f. the bankruptcy of Alex Jones; and

   g. the bankruptcy of FSS.

2. All documents, including but not limited to emails, text messages, memoranda, term sheets, settlement agreements, or other written communications, that reflect, refer to, or constitute any agreement, understanding, or discussion between any of the Texas Plaintiffs regarding: (a) the distribution, allocation, or equalization of the $430,000,000 in claims attributed to Pozner, De La Rosa, and the Estate of Marcel Fontaine, (b) how the judgment awarded to Lewis and Heslin, in the amount of $50,044,373 was factored into any distribution or allocation model, or (c) any effort to maintain or adjust the 75/25 split agreed to between the Connecticut and Texas Plaintiffs.

3. All documents that demonstrate how the amounts as demonstrated in the Settlement, Schedule 1 to Pozner, De La Rosa, and the Estate of Marcel Fontaine was calculated.

4. All communications between the Texas Plaintiffs and the Trustee that demonstrate or substantiate the amounts calculated in the Settlement, Schedule 1 to Pozner, De La Rosa, and the Estate of Marcel Fontaine.

5. All communications, including but not limited to emails, text messages, meeting notes, and memoranda, exchanged between any of the following: Lewis and Heslin on the one hand, and Pozner, De La Rosa, and the Estate of Marcel Fontaine on the other, or their respective

counsel regarding the Chapter 7 bankruptcy sale, the role of the Trustee, or the impact of appeals on their respective allocations.

6. All drafts and final versions of any agreements, letters of intent, or proposals between any of the following: Lewis and Heslin on the one hand, and Pozner, De La Rosa, and the Estate of Marcel Fontaine on the other, or their respective counsel concerning how the Texas Plaintiffs intend to divide or allocate any proceeds received from the Chapter 7 estate, including any agreements contingent upon the 363 sale of assets.

7. Any written agreement between or among, the Connecticut Plaintiffs on the one hand and Texas Plaintiffs on the other related discussing the arrangement that the Trustee will abandon the appeal taken on behalf of FSS to the Connecticut Supreme Court or take specific actions in the Connecticut Plaintiffs' favor.

8. Any written agreement between or among, the Connecticut Plaintiffs on the one hand and Texas Plaintiffs on the other related discussing the arrangement that the Trustee will abandon the appeal taken on behalf of FSS to the Connecticut Supreme Court in exchange for preserving the 75/25 split as contemplated in the Settlement.

9. Any written agreement between or among, the Connecticut Plaintiffs on the one hand and Texas Plaintiffs on the other related discussing the 75/25 split as contemplated in the Settlement.

10. All communications, documents, agreements, and proposals to or from, between or among, the Trustee on the one hand and either or both the Connecticut Plaintiffs and/or Texas Plaintiffs related to the Settlement.

11. All communications between the Texas Plaintiffs on the one hand and the Connecticut Plaintiffs on the other, associated with the appeal to the Southern District of Texas, Cause No. 4:24-CV-03882, *In re: Free Speech Systems LLC v. Neil Heslin, et al*.

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

EXHIBIT B

# UNITED STATES BANKRUPTCY COURT

__Southern__ District of __Texas__

In re __Alexander E. Jones__
      Debtor

*(Complete if issued in an adversary proceeding)*

_____
      Plaintiff
      v.
_____
      Defendant

Case No. __22-33553__

Chapter __7__

Adv. Proc. No. _____

**SUBPOENA TO APPEAR AND TESTIFY
AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Representative for "Connecticut Plaintiffs" Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Erica Ash

*(Name of person to whom the subpoena is directed)*

☑ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE | COURTROOM 401 |
|---|---|
| United States Bankruptcy Court<br>515 Rusk, Houston, TX 77002 | DATE AND TIME<br>2/5/25 @ 9:00 a.m (CST) |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

See Exhibit A

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __1/30/25__

CLERK OF COURT

      OR

_____      _____
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Alexander E. Jones__, who issues or requests this subpoena, are:

Ben C. Broocks, William Broocks, BROOCKS LAW FIRM P.L.L.C., 248 Addie Roy Road, Suite B301, Austin, Texas 78746; 512-201-2000; bbroocks@broockslawfirm.com and wbroocks@broockslawfirm.com and SHELBY A. JORDAN and ANTONIO ORTIZ, Jordan & Ortiz, P.C 500 North Shoreline Blvd., Suite 804, Corpus Christi, TX 78401; 361-884-5678; sjordan@jhwclaw.com, aortiz@jhwclaw.com and cmadden@jhwclaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

   *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
      (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
      (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
         (i) is a party or a party's officer; or
         (ii) is commanded to attend a trial and would not incur substantial expense.

   *(2) For Other Discovery.* A subpoena may command:
      (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
      (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
      *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      *(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
      *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
         (i) fails to allow a reasonable time to comply;
         (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
         (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         (iv) subjects a person to undue burden.
      *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
         (i) disclosing a trade secret or other confidential research, development, or commercial information; or
         (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
      *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
         (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
      *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
      *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
      *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Exhibit A**

1. All communications, documents, agreements, and proposals to or from, between or among, any of the Trustee and/or the Connecticut Parties and/or the Texas Parties and/or Global Tetrahedron concerning:

    a. the Settlement;

    b. the actual or potential purchase by Global Tetrahedraon of assets formerly owned by or involving Alex Jones, FSS, and /or Infowars, including without limitation any created or received after December 9, 2024;

    c. a Distributable Proceeds Waiver as considered, proposed or used in any past, present or future agreement involving any of the Trustee and/or the Connecticut Plaintiffs and/or the Texas Plaintiffs;

    d. the actual or potential purchase by FUAC of assets formerly owned by or involving Alex Jones, FSS, and /or Infowars, including without limitation any created or received after December 9, 2024;

    e. the Petition for Certification filed by Alex Jones and/or FSS with the Connecticut Supreme Court;

    f. the bankruptcy of Alex Jones; and

    g. the bankruptcy of FSS.

2. All communications, documents, agreements, and proposals to or from, between or among, the Trustee on the one hand and either or both the Connecticut Plaintiffs and/or Texas Plaintiffs related to the Settlement.

3. All communications, documents, agreements, and proposals to or from, between or among, the Connecticut Plaintiffs on the one hand and Texas Plaintiffs on the other related to the Settlement.

4. All communications, documents, agreements, and proposals to or from, between or among, the Connecticut Plaintiffs on the one hand and Global Tetrahedron.

5. Any written or unwritten agreements between or among, the Connecticut Plaintiffs on the one hand and Texas Plaintiffs on the other related discussing the 75/25 split as contemplated in the Settlement.

6. Any written or unwritten agreements between or among, the Connecticut Plaintiffs on the one hand and Texas Plaintiffs on the other related discussing the arrangement that the Trustee will abandon the appeal taken on behalf of FSS to the Connecticut Supreme Court or take specific actions in the Connecticut Plaintiffs' favor.

7. Communications where the Trustee agrees to drop or abandon the appeal taken on behalf of FSS to the Connecticut Supreme Court in exchange for preserving the 75/25 split that is referenced in the Settlement.