EXHIBIT 5

ACCEPTED
03-23-00209-CV
95742519
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/31/2024 9:17 AM
JEFFREY D. KYLE
CLERK

# NO. 03-23-00209-CV

TEXAS COURT OF APPEALS
THIRD DISTRICT, AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/31/2024 9:17:52 AM
JEFFREY D. KYLE
Clerk

ALEX E. JONES AND FREE SPEECH SYSTEMS, LLC,
*APPELLANTS*

v.

NEIL HESLIN AND SCARLETT LEWIS,
*APPELLEE*

ON APPEAL FROM CAUSE NUMBER D-1-GN-18-001835
459th DISTRICT COURT, TRAVIS COUNTY, TEXAS
HON. MAYA GUERRA GAMBLE

## APPELLEE'S STATUS REPORT REGARDING ABATEMENT AND MOTION FOR EXTENSION OF TIME

Appellees submit this Status Report Regarding Abatement, and would show the Court as follows:

1. As this Court is aware, the parties have been working towards completing bankruptcy liquidation of Appellant Free Speech Systems, LLC. The parties are engaged in discussions for a consensual settlement plan, but they cannot finalize a plan until the liquidation value is known.

1

**EXHIBIT 5**

2. This Court abated this appeal until further notice by the parties due to multiple developments delaying the bankruptcy liquidation, but the process was on track to finish by December.

3. Consistent with that schedule, the trustee completed a liquidation auction in November.

4. However, a third-party bidder in the auction filed an objection to the sale procedure.

5. In a hearing just prior to Christmas, the bankruptcy court sustained the objection of the third-party bidder and vacated the sale.

6. Unfortunately, due to these circumstances beyond the parties' control, the bankruptcy liquidation has again been delayed. However, the bankruptcy judge was clear that the trustee must take immediate steps to conclude the proceedings.

7. Appellee anticipated continuing the abatement until this process was finalized, but during the Christmas holiday, Appellants' counsel informed Appellee that Appellant no longer agrees to maintain the abatement.

8. In the absence of an abatement, Appellee requires an extension of the usual briefing schedule to complete an adequate brief.

9. As the Court is aware, this appeal involves a trial that occurred more than two years ago, and Appellee's counsel will need time to reacquaint himself with the details of that trial.

10. In addition, the record of this case is extremely voluminous and complicated, as it has been pending for six and a half years including numerous appeals to this Court.

11. Appellee's counsel is also currently dealing with an unfortunate medical issue with his son which will occupy much of his time over the coming month.

12. Further, Appellee's counsel has numerous pending deadlines, including three pending appeals in this Court, a major trial scheduled for early February, and an otherwise extraordinarily crowded docket over the near future. Appellee's counsel did not anticipate Appellant's sudden desire to proceed with the appeal and has been unfortunately caught in an unusually poor position from a scheduling perspective.

13. Due to all of these complicating factors, Appellee asks the Court for a 90-day extension to file their brief on March 31, 2025.

**PRAYER**

Appellee again thanks the Court for its patience in this unusual case, and prays the Court grant a briefing deadline of March 31, 2025 for Appellee's brief.

Respectfully submitted,

**KASTER LYNCH FARRAR & BALL, LLP**

_____

MARK D. BANKSTON
State Bar No. 24071066
WILLIAM R. OGDEN
State Bar No. 24073531
1117 Herkimer
Houston, Texas 77008
713.221.8300 Telephone
713.221.8301 Fax

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel with Appellants, and they are not agreed to any abatement.

_____

MARK D. BANKSTON

4

EXHIBIT 5

## **CERTIFICATE OF SERVICE**

    I hereby certify that on December 31, 2024, the forgoing document was served upon all counsel of record via electronic service.

_____
MARK D. BANKSTON

EXHIBIT 5

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Andrew Grant on behalf of Mark Bankston
Bar No. 24071066
aj@fbtrial.com
Envelope ID: 95742519
Filing Code Description: Other Document
Filing Description: Status Report
Status as of 1/2/2025 8:34 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Andrew Grant | | aj@fbtrial.com | 12/31/2024 9:17:52 AM | SENT |
| Christopher W.Martin | | martin@mdjwlaw.com | 12/31/2024 9:17:52 AM | SENT |
| Federico Reynal | | areynal@frlaw.us | 12/31/2024 9:17:52 AM | SENT |
| Mark Bankston | | mark@fbtrial.com | 12/31/2024 9:17:52 AM | SENT |
| John A.LaBoon | | laboon@mdjwlaw.com | 12/31/2024 9:17:52 AM | SENT |
| Irma Moore | | irmam@mdjwlaw.com | 12/31/2024 9:17:52 AM | SENT |
| William Ogden | | bill@fbtrial.com | 12/31/2024 9:17:52 AM | SENT |
| David Oppermann | | oppermann@mdjwlaw.com | 12/31/2024 9:17:52 AM | ERROR |