# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) ) ) Chapter 7 ) |
| ALEXANDER E. JONES, | ) Case No. 22-33553 (CML) ) |
| Debtor. | ) ) |

## JOINT EMERGENCY MOTION OF THE
## SANDY HOOK FAMILIES TO QUASH SUBPOENAS

> **Emergency relief has been requested. Relief is requested not later than 9:00 a.m. (prevailing Central Time) on February 5, 2025.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on February 5, 2025, at 9:00 a.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoTo platform. Connect via the free GoTo application or click the link on Judge Lopez's homepage. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez homepage. Select the case name, complete the required fields, and click "Submit" to complete your appearance.**

The Connecticut Families[1] and the Texas Families[2] (collectively, the "Sandy Hook Families"), as creditors and parties in interest in the above-captioned case, file this emergency

---

[1] The "Connecticut Families" are Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Erica Ash.

[2] The "Texas Families" are Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and the Estate of Marcel Fontaine.

1

motion (this "Motion") to quash the (i) Connecticut Subpoena,[3] attached as **Exhibit A**, and (ii) Texas Subpoena,[4] attached as **Exhibit B**. In support of this Motion, the Sandy Hook Families respectfully state as follows:

1. Jones's latest attempt to harass the Sandy Hook Families with irrelevant, burdensome, and wholly unnecessary discovery requests comes in the form of the Purported Subpoenas, which—providing only six days' notice—purport to require a "representative" of each of the Connecticut and Texas Families to testify at a hearing in Houston on February 5. The Purported Subpoenas presumably seek precisely the same irrelevant and privileged testimony that Jones sought by his attempts to depose the Sandy Hook Families. The Sandy Hook Families' position has not changed: the Purported Subpoenas lack any legal basis and are procedurally defective. Accordingly, the Sandy Hook Families move to quash the Purported Subpoenas, and request that the Court hear this Motion no later than the beginning of the hearing scheduled for February 5, 2025.

2. *First*, as set forth in the *Joint Objection of the Sandy Hook Families to Jones's Discovery Requests* [Docket No. 1049] (the "Discovery Notice Objection"), attached as **Exhibit C**, the testimony sought by the Purported Subpoenas is irrelevant, privileged, duplicative, and unnecessary. To the extent there is testimony relevant to approval of the Proposed Settlement,[5] that will be provided by the individual who entered into the Proposed

---

[3] The "Connecticut Subpoena" means the *Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case (or Adversary Proceeding)* issued by Alexander E. Jones ("Jones") to a "representative for 'Connecticut Plaintiffs'" on January 30, 2025.

[4] The "Texas Subpoena" means the *Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case (or Adversary Proceeding)* issued by Jones to a "representative for 'Texas Plaintiffs'" on January 30, 2025. The Texas Subpoena and the Connecticut Subpoena are referred to herein as the "Purported Subpoenas."

[5] The "Proposed Settlement" refers to the settlement by and between the Connecticut Families, the Texas Families, and the Chapter 7 Trustee (the "Trustee"), embodied in the *Trustee's Expedited Motion for Entry of an Order (I) Authorizing and Approving the Settlement By and Between the Chapter 7 Trustee, the Connecticut Families, and the Texas Families and (II) Granting Related Relief* [Docket No. 1011] (the "Proposed Settlement Motion").

2

Settlement on behalf of the Jones estate and determined it was in the best interests of the estate to allow the Sandy Hook Families' claims: the Trustee. At the hearing before the Court on January 31, Jones did not—and still has not—articulated a single reason why the testimony sought by the subpoenas is not privileged, non-duplicative, and relevant to any fact related to approval of the Proposed Settlement—and there is none.

3. *Second*, the Purported Subpoenas' procedural defects provide independent bases for granting this Motion.[6] A subpoena issued under Fed. R. Civ. Pro. 45 may only "command a person to attend a trial [or] hearing" "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. Pro. 45(c)(1)(A). The Sandy Hook Families live in Connecticut or other states well over 100 miles from Houston. Rule 45 is clear that where a subpoena fails to comply with the geographical limitations set forth in Rule 45(c), a court "must quash or modify" the subpoena. Fed. R. Civ. Pro. 45(d)(3)(A)(ii).

4. *Third*, a court is also required to quash a subpoena that "fails to allow a reasonable time to comply." Fed. R. Civ. Pro. 45(d)(3)(A)(i). As detailed in the Discovery Notice Objection, Jones has acted with extreme delay in pursuing discovery from the Sandy Hook Families. The Purported Subpoenas are no different. Although the Proposed Settlement Motion was filed on January 10, 2025, Jones waited until January 30, i.e., *six days*, before the hearing on the Proposed Settlement Motion to file the Purported Subpoenas, and only served those subpoenas after the hearing the following day, on January 31. This delay plainly does not provide a "reasonable time to comply" with the subpoena and is incompatible with the actions of a person that genuinely believes the Sandy Hook Families to have facts relevant to approval of the Proposed Settlement.

---

[6] In addition to these infirmities, Jones seeks the testimony of a "representative" of each set of Sandy Hook Families. Nothing in Rule 45 contemplates the issuance of a subpoena for a "representative" of a group of individuals. See Fed. R. Civ. Pro. 45(a)(1)(A)(iii) (a "person" may be compelled to testify)

5. Because the Purported Subpoenas seek irrelevant and duplicative discovery and contain several procedural defects, the Sandy Hook Families move to quash the Purported Subpoenas. The Sandy Hook Families request that this Motion be heard no later than the beginning of the hearing scheduled for February 5, 2025.

Dated: February 3, 2025                           Respectfully submitted,

/s/ Avi Moshenberg
**LAWSON & MOSHENBERG PLLC**
Avi Moshenberg
State Bar No. 24083532
801 Travis Street
Suite 2101 #838
Houston, TX 77002
Telephone: (832) 280-5670
E-mail: Avi.Moshenberg@lmbusinesslaw.com

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, PC**
Jarrod B. Martin
State Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, TX 77002
Telephone: (713) 356-1280
Fax: (713) 658-2553
E-mail: jarrod.martin@chamberlainlaw.com

**WILLKIE FARR & GALLAGHER LLP**
Jennifer J. Hardy
State Bar No. 24096068
600 Travis Street
Houston, TX 77002
Telephone: (713) 510-1766
Fax: (713) 510-1799
E-mail: jhardy2@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
Stuart R. Lombardi (admitted *pro hac vice*)
Ciara A. Sisco (admitted *pro hac vice*)
787 Seventh Avenue New York, NY 10019
Telephone: (212) 728-8000
Fax: (212) 728-8111
E-mail: slombardi@willkie.com
E-mail: csisco@willkie.com

*Co-Counsel to the Texas Families*

/s/ Ryan E. Chapple
**CAIN & SKARNULIS PLLC**
Ryan E. Chapple
State Bar No. 24036354
303 Colorado Street, Suite 2850
Austin, TX 78701
Telephone: (512) 477-5000
Fax: (512) 477-5011
E-mail: rchapple@cstrial.com

**KOSKOFF KOSKOFF & BIEDER, PC**
Alinor C. Sterling (admitted *pro hac vice*)
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone: (203) 336-4421
E-mail: asterling@koskoff.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Kyle J. Kimpler (admitted *pro hac vice*)
Paul Paterson (admitted *pro hac vice*)
Leslie Liberman (admitted *pro hac vice*)
Vida J. Robinson (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
E-mail: kkimpler@paulweiss.com
          ppaterson@paulweiss.com
          lliberman@paulweiss.com
          virobinson@paulweiss.com

*Co-Counsel to the Connecticut Families*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing objection and reply has been served on counsel for Jones and all parties receiving or entitled to notice through CM/ECF on this 3rd day of February, 2025.

*/s/ Ryan E. Chapple*
Ryan E. Chapple