**Exhibit C**

**Discovery Notice Objection**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) <br> ) <br> ) Chapter 7 <br> ) <br> ) Case No. 22-33553 (CML) <br> ) <br> ) <br> ) |
| ALEXANDER E. JONES, | |
| Debtor. | |

## JOINT OBJECTION OF THE
## SANDY HOOK FAMILIES TO JONES'S DISCOVERY NOTICES

The Connecticut Families[1] and the Texas Families[2] (collectively, the "Sandy Hook Families"), as creditors and parties in interest in the above-captioned case, file this objection to the (i) *Notice of Deposition and Request for Production of Documents* to the Connecticut Families [Docket No. 1046] (the "CT Discovery Notice") and (ii) *Notice of Deposition and Request for Production of Documents* to the Texas Families [Docket No. 1047] (the "TX Discovery Notice," and together with the CT Deposition Notice, the "Discovery Notices"), filed by Alexander E. Jones ("Jones"). In support hereof, the Sandy Hook Families respectfully state as follows:

1. Now that the Connecticut Families and the Texas Families have reached the Proposed Settlement,[3] Jones is directing his scorched-earth litigation tactics toward both sets of Sandy Hook Families—most recently through his unnecessary, belated, vastly overbroad, and at

---

[1] The "Connecticut Families" are Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Erica Ash.

[2] The "Texas Families" are Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and the Estate of Marcel Fontaine.

[3] The "Proposed Settlement" refers to the settlement by and between the Connecticut Families, the Texas Families, and the Chapter 7 Trustee (the "Trustee"), embodied in the *Trustee's Expedited Motion for Entry of an Order (I) Authorizing and Approving the Settlement By and Between the Chapter 7 Trustee, the Connecticut Families, and the Texas Families and (II) Granting Related Relief* [Docket No. 1011] (the "Proposed Settlement Motion").

bottom, harassing Discovery Notices filed with this Court. The Sandy Hook Families will not indulge this legally baseless campaign.

2. *First*, the Discovery Notices seek wholly irrelevant, duplicative, and unnecessary discovery. The Trustee—the individual who entered into the Proposed Settlement on behalf of the Jones estate, made all decisions with respect to the allowance of the Sandy Hook Families' claims, and brought the motion to approve the Proposed Settlement—is the appropriate source of information from whom to seek discovery. A deposition of the Trustee is scheduled to proceed on Tuesday, February 4. The Sandy Hook Family members' intentions, motivations, or actions in entering into the Proposed Settlement are not relevant to any challenge to the pending Proposed Settlement Motion. And notwithstanding the Sandy Hook Families' repeated requests of Jones to articulate a basis for the relevance of his discovery requests, Jones has failed to identify any unique, relevant information that the Sandy Hook Family members would be expected to have that is not already being provided by the Trustee, rendering the proposed discovery wholly duplicative.

3. *Second*, Jones's extreme delay in seeking this discovery is independently fatal to his proposed depositions and document requests. The Proposed Settlement Motion was filed on January 10, 2025. Since that time, the Sandy Hook Families' position has not changed— discovery from the Sandy Hook Families is not relevant and lacks any legal basis. When Jones first requested a deposition from the Sandy Hook Families ten days later—on January 20, 2025—the Connecticut Families told him within a matter of hours that they would not agree. Jones then waited an additional ten days, nearly ***three weeks*** after the Proposed Settlement Motion was filed, to file the Discovery Notices, which purport to give the Connecticut Families ***less than 48 hours'*** notice of a proposed deposition. The Texas Families were similarly given

four days' notice (inclusive of a weekend) of the proposed deposition and only two days to provide an expansive document production. With less than a week before the hearing on the Proposed Settlement Motion—which was rescheduled at Jones' request—this delay and "notice" to the Sandy Hook Families plainly does not provide the Sandy Hook Families with the required "reasonable notice" of the depositions. *See* Fed. R. Bank. Pro. 30(b)(1); *Duhaly v. Cincinnati Ins. Co.*, Civil Action No. H-18-4158, 2019 WL 3202307, at *1 (S.D. Tex. July 16, 2019) ("While Rule 30(b)(1) does not define 'reasonable written notice,' courts within the Fifth Circuit have held that at least ten days is normally required."); *see also Mims v. Central Mfrs. Mut. Ins. Co.*, 178 F.2d 56, 59 (5th Cir. 1949) (holding deposition notices did not provide reasonable notice where they were given on four days' notice and there had been ample time to take the depositions after a continuance was granted). Nor has Jones given the requisite notice of his document requests under Federal Rule of Civil Procedure 30. If Jones truly thought this discovery was relevant—and it is not—he could have requested it three weeks ago, or sought relief before the Court when the Sandy Hook Families told Jones on January 20th that they opposed such discovery.

4. *Third*, the scope of the document requests contained in the Discovery Notices are vastly overbroad. For one, Jones seeks discovery from the Sandy Hook Families about Jones' and FSS's **entire** bankruptcy proceedings, requesting all communications between the Trustee and the Sandy Hook Families about "the bankruptcy of Alex Jones" and "the bankruptcy of FSS." *See, e.g.*, CT Discovery Notice, Ex. A, 1(f)–(g); TX Discovery Notice, Ex. A, 1(f)-(g). And even though there is no proposed asset sale before the Court—or implicated by the Proposed Settlement Motion—Jones seeks "all communications documents, agreements, and proposals to or from, between or among, any of the Trustee and/or the Connecticut Parties and/or

the Texas Parties and/or Global Tetrahedron" "concerning," among other topics, "the actual or potential purchase by Global Tetrahedron of assets formerly owned by or involving Alex Jones," the "Distributable Proceeds Waiver," and "the actual or potential purchase by FUAC of assets formerly owned by or involving Alex Jones." *See, e.g.*, CT Discovery Notice, Ex. A, 1(b)–(d); TX Discovery Notice, Ex. A, 1(b)-(d). These expansive requests—many of which bear no relevance to the Proposed Settlement Motion—are vastly overbroad.

5.      *Finally*, the Deposition Notices, which purport to require a "representative" of each of the Texas Families and Connecticut Families to testify on each groups' behalf, are procedurally inappropriate with respect to a group of individuals. Rule 30 of the Federal Rules of Civil Procedure—which the Deposition Notices invoke—provides that a deposition notice may be directed to an "***organization***"—i.e., *not* a group of individuals—requiring a representative to testify on its behalf. The Discovery Notices provide no other legal basis for requiring the Sandy Hook Families to designate a group representative—and there is none.

6.      Accordingly, given the multiple procedural defects in the Discovery Notices and the significant delay with which they have (not) been pursued, the Sandy Hook Families will not provide the discovery requested by the Deposition Notices, and request that this Court enter such relief as it deems appropriate. The Sandy Hook Families reserve the right to add additional bases for objecting to the Deposition Notices or modify our grounds for objecting, given that this objection is being filed on an emergency basis less than twenty-four hours of receipt of the Discovery Notices—again, a false emergency that is entirely of Jones's making.

Dated: January 30, 2025                                     Respectfully submitted,

*/s/ Avi Moshenberg*                                        */s/ Ryan E. Chapple*
**MCDOWELL HETHERINGTON LLP**                              **CAIN & SKARNULIS PLLC**
Avi Moshenberg                                             Ryan E. Chapple
State Bar No. 24083532                                     State Bar No. 24036354
1001 Fannin Street, Suite 2700                             303 Colorado Street, Suite 2850
Houston, TX 77002                                          Austin, TX 78701
Telephone:  (713) 337-5580                                 Telephone:  (512) 477-5000
Fax:  (713) 337-8850                                       Fax:  (512) 477-5011
E-mail:  Avi.Moshenberg@mhllp.com                          E-mail:  rchapple@cstrial.com

**CHAMBERLAIN, HRDLICKA, WHITE,**                          **KOSKOFF KOSKOFF & BIEDER, PC**
**WILLIAMS & AUGHTRY, PC**                                 Alinor C. Sterling (admitted *pro hac vice*)
Jarrod B. Martin                                           350 Fairfield Avenue
State Bar No. 24070221                                     Bridgeport, CT 06604
1200 Smith Street, Suite 1400                              Telephone:  (203) 336-4421
Houston, TX 77002                                          E-mail:  asterling@koskoff.com
Telephone: (713) 356-1280
Fax: (713) 658-2553                                        **PAUL, WEISS, RIFKIND,**
E-mail: jarrod.martin@chamberlainlaw.com                   **WHARTON & GARRISON LLP**
                                                           Kyle J. Kimpler (admitted *pro hac vice*)
**WILLKIE FARR & GALLAGHER LLP**                           Paul Paterson (admitted *pro hac vice*)
Jennifer J. Hardy                                          Leslie Liberman (admitted *pro hac vice*)
State Bar No. 24096068                                     Vida J. Robinson (admitted *pro hac vice*)
600 Travis Street                                          1285 Avenue of the Americas
Houston, TX 77002                                          New York, NY 10019-6064
Telephone: (713) 510-1766                                  Telephone:  (212) 373-3000
Fax: (713) 510-1799                                        Fax:  (212) 757-3990
E-mail: jhardy2@willkie.com                                E-mail:  kkimpler@paulweiss.com
                                                                    ppaterson@paulweiss.com
WILLKIE FARR & GALLAGHER LLP                                        lliberman@paulweiss.com
Stuart R. Lombardi (admitted *pro hac vice*) Ciara               virobinson@paulweiss.com
Sisco (admitted *pro hac vice*)
787 Seventh Avenue New York, NY 10019                      *Co-Counsel to the Connecticut Families*
Telephone: (212) 728-8000
Fax: (212) 728-8111
E-mail: slombardi@willkie.com
E-mail: csisco@willkie.com

*Co-Counsel to the Texas Families*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing objection and reply has been served on counsel for Jones and all parties receiving or entitled to notice through CM/ECF on this 30th day of January, 2025.

*/s/ Ryan E. Chapple*
Ryan E. Chapple