Case 22-33553 Document 1058-11 Filed in TXSB on 02/07/25 Page 1 of 25

**EXHIBIT 11**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ALEXANDER E. JONES** | § | **Case No. 22-33553** |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | |

**APPLICATION OF DEBTOR FOR AN ORDER AUTHORIZING**
**EMPLOYMENT OF MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P.**
**AS SPECIAL COUNSEL UNDER 11 U.S.C. § 327(e)**

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Alexander E. Jones ("Jones" or "Debtor"), debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Chapter 11 Case"), pursuant to Sections 105(a) and 327(e) of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves for the entry of an order authorizing the retention of Martin, Disiere, Jefferson & Wisdom L.L.P. (the "MDJW Law Firm" or the "Firm") as special counsel to Jones as of January 8, 2022, pursuant to that certain engagement letter agreement by and between Debtor and the MDJW Law Firm, a copy of which is attached hereto as **Exhibit A** (the "Engagement Agreement"). In support of this Application, Debtor

**APPLICATION OF DEBTOR FOR AN ORDER AUTHORIZING EMPLOYMENT OF MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P., AS SPECIAL COUNSEL UNDER 11 U.S.C. 327(E) - PAGE 1**

**EXHIBIT 11**

submits the Declaration of Christopher W. Martin, attached hereto as **Exhibit B** (the "Martin Declaration") and respectfully represents as follows:

## I.    JURISDICTION

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The bases for the relief requested herein are sections 105, 327(e), 330, and 363(b) of the Bankruptcy Code, Rule 2014 of the Bankruptcy Rules, and Rules 2014-1 and 2016-1 of the Local Rules for the Bankruptcy Court for the Southern District of Texas (each a "LBR").

## II.    BACKGROUND

### A.  Case Background

3.      On December 2, 2022 (the "Petition Date"), Debtor filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4.      Jones continues in possession of his holdings and is managing as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

5.      An official committee of unsecured creditors has been appointed in this Chapter 11 Case. No trustee or examiner has been requested or appointed in this Chapter 11 Case.

### B.    Proposed Employment of the MDJW Law Firm

*i.    Scope of Employment*

6.      Subject to the Court's approval, Debtor desires to employ and retain the MDJW Law Firm as its special counsel in connection with the appeal of the following cases:

*Fontaine v. Free Speech Systems, LLC, et al.*, D-1-GN-18-001605 (459th District Court, Travis County, Texas)

*Heslin, et al. v. Free Speech Systems, LLC, et al.*, D-1-GN18-001835 (459th District Court, Travis County, Texas)

**APPLICATION OF DEBTOR FOR AN ORDER AUTHORIZING EMPLOYMENT OF MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P., AS SPECIAL COUNSEL UNDER 11 U.S.C. 327(E) - PAGE 2**

**EXHIBIT 11**

*Pozner, et al. v. Free Speech Systems, LLC, et al.*, D-1-GN-18-001842 (459th District Court, Travis County, Texas) (collectively, the "Travis County Sandy Hook Lawsuits").

7.      A final judgment has been signed in the *Heslin* case, and the MDJW Law Firm is proceeding with the necessary motion for new trial and motion for judgment notwithstanding the verdict as required before filing our notice of appeal. Debtor's notice of appeal will proceed thereafter depending upon whether the two necessary motions are ruled upon timely by the trial court. Additionally, the trial court in *Heslin* still has not ruled on multiple sanctions motions against Mr. Jones, which were argued on November 22, 2022. If those sanctions are rendered adversely to Debtor, they will be appealed, and such appeal will be consolidated with the primary case on the merits. The other Travis County Sandy Hook Lawsuits remain stayed by the bankruptcy court at this time.

> ii.      *Necessity of Employment*

8.      Debtor desires to retain the MDJW Law Firm to (a) act as Jones's primary appellate counsel on Travis County Sandy Hook Lawsuits, and (b) assist The Reynal Firm in any capacity needed on the Travis County Sandy Hook Lawsuits (collectively, the "Professional Services").

9.      Debtor desires to retain the MDJW Law Firm to represent him as his primary appellate counsel and supportive litigation counsel on the Travis County Sandy Hook Lawsuits because (a) the Firm has extensive experience and knowledge with Texas appellate practice and procedure, with the partners at the MDJW Law Firm having handled appeals in Texas courts, the Firm's appellate section lead by Board Certified Appellate attorney and senior partner, Levon Hovnatanian;  (b) due to the subject matter of the Travis Country Sandy Hook Lawsuits and the parties involved, it would be virtually impossible to retain an appellate Firm of the MDJW Law Firm stature at this point and at these rates, without causing great prejudice to Jones and his

**APPLICATION OF DEBTOR FOR AN ORDER AUTHORIZING EMPLOYMENT OF MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P., AS SPECIAL COUNSEL UNDER 11 U.S.C. 327(E) - PAGE 3**

**EXHIBIT 11**

creditors. Even if it could be done, the cost to have another firm learn the extensive record and discovery in this case, would far exceed the budgeted cost for retaining the MDJW Law Firm on an hourly basis.

10. Debtor believes that the Firm is well qualified to perform the requested Professional Services.

11. The Firm's proposed compensation shall continue at the Firm's normal hourly rates set out in the Engagement Letter. The hourly rate structure is beneficial to the Jones estate based on the projected type of work the MDJW Law Firm will be doing in the foreseeable future for Debtor. If circumstances change, Debtor will seek an amendment of the retention of the MDJW Law Firm.

12. No agreement exists, nor will any be made, to share any compensation received by the Firm for its services with any other person or firm, except as permitted by 11 U.S.C. § 504(b) and Bankruptcy Rule 2016.

13. No promises have been made to or received by the Firm as to payment or compensation in connection with the Jones bankruptcy case, other than in accordance with the provisions of the Bankruptcy Code and applicable Bankruptcy Rule.

14. To the best of Debtor's knowledge, and, as set forth in the proposed attorney's declaration (the "Martin Declaration") attached to this Motion as **Exhibit A,** the Firm does not have an adverse interest with respect to the matters on which the Firm is to be employed as special litigation counsel as required by 11 U.S.C.§ 327(e).

15. The MDJW Law Firm intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy

**APPLICATION OF DEBTOR FOR AN ORDER AUTHORIZING EMPLOYMENT OF MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P., AS SPECIAL COUNSEL UNDER 11 U.S.C. 327(E) - PAGE 4**

**EXHIBIT 11**

Local Rules, the guidelines (the "Guidelines") established by the U.S. Trustee, and any orders of this Court in this Chapter 11 Case (the "Orders"), for all services performed and expenses incurred during its representation of Debtor.

16. Debtor believes that the MDJW Law Firm's agreed terms of reimbursement, compensation, and hourly rates are reasonable. The MDJW Law Firm will notify Debtor and the U.S. Trustee of any change in the hourly rates charged for services rendered while the Chapter 11 Case is pending.

## III. RELIEF REQUESTED

17. Debtor requests that the Court enter an order substantially in the form of the Proposed Order authorizing Debtor to retain the MDJW Law Firm as special counsel, pursuant to the terms of the Engagement Agreement, as modified by the Proposed Order, effective as January 8, 2023.

18. Pursuant to Debtor's request, the Firm has agreed to serve as special counsel on and after the Petition Date, with assurances that the Debtor would seek approval of its employment and retention to thirty days prior to the filing of this motion, January 8, 2023, so that the Firm may be compensated for services it has provided Debtor prior to the filing of this Application. No party in interest should be prejudiced as the Firm is providing valuable services on the Matters at this time.

## IV. BASIS FOR RELIEF

19. Bankruptcy Code § 327(e) provides that subject to bankruptcy court approval, trustees—and debtor-in-possession—"may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and, if such attorney does not represent or hold any interest adverse to

**APPLICATION OF DEBTOR FOR AN ORDER AUTHORIZING EMPLOYMENT OF MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P., AS SPECIAL COUNSEL UNDER 11 U.S.C. 327(E) - PAGE 5**

**EXHIBIT 11**

the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

20. Bankruptcy Rule 2014 requires certain disclosures prior to the entry of an order approving the employment of a professional. According to Bankruptcy Rule 2014, the application must:

(a) Be filed by the trustee or committee and served on the United States Trustee (except in case under chapter 9 of the Bankruptcy Code).

(b) State the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee; and

(c) Be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

**A. The MDJW Law Firm Meets the Requirements of Bankruptcy Code § 327(e)**

21. Based on the Martin Declaration, Debtor submits that the MDJW Law Firm neither holds nor represents a disqualifying adverse interest. 11 U.S.C. § 327(e).

22. The Martin Declaration also discloses no connections with Debtor that would disqualify the MDJW Law Firm. Debtor is not aware of any connections in addition to those disclosed in the Martin Declaration.

**B. This Application and the Martin Declaration Meet the Requirements of Bankruptcy Rule 2014**

23. This Application and the Martin Declaration meet the requirements as set out in Bankruptcy Rule 2014. This Application is made by Debtor and sets out the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, the proposed arrangement for compensation. The Martin Declaration is a

**APPLICATION OF DEBTOR FOR AN ORDER AUTHORIZING EMPLOYMENT OF MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P., AS SPECIAL COUNSEL UNDER 11 U.S.C. 327(E) - PAGE 6**

**EXHIBIT 11**

verified statement pursuant to 28 U.S.C § 1746 that sets out all connections that the MDJW Law Firm has with Debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee. Debtor is not aware of any other connections in addition to those disclosed in the Martin Declaration.

## VI.     CONCLUSION

WHEREFORE, Debtor respectfully requests that this Court enter an order substantially in the form of the Proposed Order approving the employment of the MDJW Law Firm as of January 8, 2023 and grant any other relief that is just and proper.

Case 22-33553 Document 1058-11 Filed in TXSB on 02/07/23 Page 8 of 25

**EXHIBIT 11**

Dated: February 7, 2023

Respectfully submitted,

**CROWE & DUNLEVY, P.C.**

By: _/s/Vickie L. Driver_____
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone: 737.218.6187
Email: dallaseservice@crowedunlevy.com

-and-

Shelby A. Jordan
State Bar No. 11016700
S.D. No. 2195
Antonio Ortiz
State Bar No. 24074839
S.D. No. 1127322
**JORDAN & ORTIZ, P.C.**
500 North Shoreline Blvd., Suite 900
Corpus Christi, TX 78401
Telephone: (361) 884-5678
Facsimile: (361) 888-5555
Email: sjordan@jhwclaw.com
        aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com

**ATTORNEYS FOR ALEXANDER E. JONES**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices via the Court's ECF noticing system, the U.S. Trustee's Office, Counsel for the Unsecured Creditors' Committee, and all parties requesting notice pursuant to Rule 2002 on this 7th day of February, 2023.

_/s/ Vickie L. Driver_____
Vickie L. Driver

**APPLICATION OF DEBTOR FOR AN ORDER AUTHORIZING EMPLOYMENT OF MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P., AS SPECIAL COUNSEL UNDER 11 U.S.C. 327(E) - PAGE 8**

**EXHIBIT 11**

**Exhibit A**

**MDJW Engagement Agreement**

**EXHIBIT 11**

# Martin, Disiere, Jefferson & Wisdom L.L.P.

**ATTORNEYS AT LAW**

808 Travis • Suite 1100 • Houston, Texas 77002 • Phone: 713-632-1700 • Fax: 713-222-0101 • www.mdjwlaw.com

CHRISTOPHER W. MARTIN
PARTNER
Direct: 713-632-1701
e-mail: martin@mdjwlaw.com
Board Certified • Consumer Law
Texas Board of Legal Specialization

August 30, 2022

**Via Email**
ALEX JONES
c/o Attorney Andino Reynal
3019 Alvin Devane Blvd. Ste 300
Austin, TX 78741
Email: areynal@frlaw.us

Shelby Jordan
6207 Bee Cave Road Suite 120
Austin, TX 78746
Email: sjordan@jhwclaw.com

> RE: *FONTAINE V JONES Case No. D-1-GN-18-001605; HESLIN V JONES Case No. D-1-GN-18-001835; POZNER V. JONES Case No. D-1-GN-18-001842; NEIL HESLIN, SCARLETT LEWIS,LEONARD POZNER,VERONIQUE DE LA ROSA,MARCEL FONTAINE VS. ALEX JONES,FREE SPEECH SYSTEMS LLC,PQPR HOLDINGS LIMITED LLC,PLJR HOLDINGS, LLC,CAROL JONES Case No. D-1-GN-22-001610*

Dear Mr. Reynal and Mr. Jordan:

This will follow our recent communication with respect to FREE SPEECH SYSTEMS, LLC AND ALEX JONES' interest in retaining our Firm's professional services. This letter contains our Fee & Legal Representation Agreement ("Agreement") for your review and execution so that the terms of our representation will be understood and mutually agreeable. We have also agreed that ALEX JONES will pay 50% and that the bankruptcy trustee will pay the other 50% of our fees and expenses for FREE SPEECH SYSTEMS, LLC to satisfy our total fees and expenses .

**Introduction**. The law firm of Martin, Disiere, Jefferson & Wisdom L.L.P ("MDJW," "Firm," "We," "Us" or "Our") have been asked to serve as legal counsel and/or provide legal advice to FREE SPEECH SYSTEMS, LLC AND ALEX JONES, ("Client" or "You") arising out the Sandy Hook shooting litigation in Texas referenced above. I'm writing to you as lead counsel and personal representative of ALEX JONES but understand the approval of bankruptcy counsel and the bankruptcy court is needed as well. I sent a substantially similar letter to FREE SPEECH SYSTEMS, LLC.

**EXHIBIT 11**



Martin, Disiere, Jefferson & Wisdom
———— ATTORNEYS AT LAW ————

Alex Jones
August 30, 2022
Page 2 of 5

**Scope of Representation**. Our representation of FREE SPEECH SYSTEMS, LLC AND ALEX JONES, will include providing our legal professional services related to the above-referenced suits beginning now and continuing through any resolution (e.g., settlement, dismissal, final judgment, or trial unless instructed or otherwise withdrawn). You have asked us to handle the appeal of the recently tried Texas case. We envision serving as co-counsel with Mr. Reynal as needed in the still-pending cases in any capacity desired. Mr. Reynal will remain lead counsel and will determine the work You need us to do, and we are available to assist in any capacity needed including discovery, law and motion briefing and pleadings, witness preparations to testify, strategy development and execution, pre-trial jury research, trial preparation and assisting in trial in any way needed. The appeal(s) will be handled through our Firm's appellate section lead by Board Certified Appellate attorney and senior Partner, Levon Hovnatanian.

**Litigation Expenses.** We will charge our actual expenses as incurred. Our law firm will bill for Our fees and expenses which We incur on a monthly basis with payment due (or your written objections to any time entry, fee charged, or expense incurred) within thirty (30) days of your receipt of Our bill. Expenses are highly unpredictable, particularly since expenses are a function of the tactics and actions taken by the other party, e.g., discovery requests, motions, etc. Further, your own objectives in the litigation may change. For example, you may wish for Us to file certain motions that will require attorney time that might not otherwise be expended. Therefore, we cannot accurately estimate litigation expenses at this time, however, we will work with you both to keep legal fees and expenses down. You have the right to ask for a budget report prior to us performing any needed work and we will do so if you ask. If you need a budget prior to Our beginning any legal work, we can provide you with a budget before the work begins.

**Hourly Fees.** Our compensation for professional services rendered for Our representation of FREE SPEECH SYSTEMS, LLC AND ALEX JONES in the Austin cases through trial and on appeal will be billed at Our hourly rates identified below. Our firm's hourly rates for 2022 are as follows:

| | |
|---|---|
| Chris Martin & Levon Hovnatanian | $425 |
| Contract Attorney as needed | $305 |
| Other Partners as needed | $295 |
| Senior Associates/Counsel as needed | $245 |
| Junior Associates as needed | $195 |
| Paralegals as needed | $145 |

Our hourly rates are adjusted annually, and those rates will be reflected in the invoices. Expenses actually incurred will also be either billed or sent to you for direct payment if from a third-party vendor. You agree to retain and pay any needed expert witnesses directly and Our firm will not

**EXHIBIT 11**



Martin, Disiere, Jefferson & Wisdom
———— ATTORNEYS AT LAW ————

Alex Jones
August 30, 2022
Page 3 of 5

have direct responsibility for the payment of expert witness fees and expenses. We will bill You monthly for all fees and expenses for Our work on your cases and you agree to pay each of Our invoices within 30 days of your receipt of each except for the limited exception identified in this Agreement regarding any questions or disputes as to individual time entries, fees charged or expenses incurred, which you agree to handle as outlined in this Agreement while paying any undisputed portions of each invoice.

**Retainer Fee.** Based on the current posture of the litigation, we require an advance retainer of $50,000 in order for our firm to initiate work pursuant to this engagement. <u>We will not bill our fees and expenses against the retainer as bills are finalized and sent to you for payment.</u> The retainer will <u>only</u> be applied if any individual bill is more than 60 days late as measured from the date an invoice is sent. If the retainer is depleted in any manner, you agree to replenish the retainer to $75,000 within 30 days of the retainer being reduced to pay past-due fees and expenses. We agree that your failure to timely replenish the retainer is grounds for our withdrawal from the cases as your co-counsel.

**Payment of Fees and Expenses.** All Our fees and expenses are payable at the offices of Martin, Disiere, Jefferson & Wisdom L.L.P., 808 Travis, Suite 1100, Houston, Texas, 77002 within thirty (30) days of your receipt of each invoice by check, wire transfer or other legal tender. If you or your representative dispute any portion of any invoice, you agree to pay *all undisputed portions* of the invoice timely together with providing a written explanation outlining any billing questions or billing disputes you may have as to any entries not being timely paid. You agree to timely discuss any billing questions or billing disputes with us and make good faith efforts to resolve any questions or disputes regarding any invoice. We agree that your failure to timely pay any of Our invoices in whole or part is grounds for Our immediate withdrawal from the cases as counsel.

**Termination.** Parties to this Agreement may terminate this agreement at any time for any reason upon written notice to the other party at the last known mailing address of that party. This Agreement applies to all other work performed and costs advanced by Martin, Disiere, Jefferson & Wisdom L.L.P., on behalf of anyone who has signed this agreement.

**Withdrawal.** If We find it necessary or desirable to in these cases for any reason including but not limited to nonpayment of Our fees, failure to pay Our incurred expenses, or lack of cooperation with us, you hereby agree to seek substitute counsel if you so desire and to approve any compliant motion We will file with the court requesting such withdrawal, regardless of whether or not such substitute counsel has been obtained.

**EXHIBIT 11**



Martin, Disiere, Jefferson & Wisdom
———— ATTORNEYS AT LAW ————

Alex Jones
August 30, 2022
Page 4 of 5

**Law to Apply.** This Agreement shall be construed and integrated under and in accordance with the laws of the State of Texas. Any proceeding to enforce or concerning this Agreement shall be brought in Harris County, Texas. This Agreement shall be binding upon and inure to the benefit of the parties hereto as well as their successors and assigns. Further, this Agreement supersedes any prior written or oral understandings or agreements between the parties concerning the subject matter of this Agreement.

Please carefully read and make sure You on behalf of yourself, your personal interests and your business interests fully understand this Agreement or have another attorney review it and advise You concerning its terms. If the foregoing conditions meet with your complete approval, please sign and date the original of this letter indicated below and return it to me and retain a copy for your files.

We appreciate the opportunity to provide representation and look forward to working with you, your business associates, and your legal team.

Very truly yours,

MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P.

Christopher W. Martin

CWM/lh

**EXHIBIT 11**



Martin, Disiere, Jefferson & Wisdom
——— ATTORNEYS AT LAW ———

Alex Jones
August 30, 2022
Page 5 of 5

AGREED:

Printed Name: <u>Alex Jones</u>

Signature: <u>Alex Jones</u>                     <u>2 - 7 - 23</u>

Date

Printed Name: _____

Signature: _____      _____

Date

EXHIBIT 11

**Exhibit B**

**Martin Declaration**

**EXHIBIT 11**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ALEXANDER E. JONES** | § | **Case No. 22-33553** |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | |

**DECLARATION OF CHRISTOPHER W. MARTIN IN SUPPORT OF
DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING
EMPLOYMENT OF MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P.
AS SPECIAL COUNSEL UNDER 11 U.S.C. § 327(e)**

I, Christopher W. Martin, declare under penalty of perjury as follows:

1. I am an attorney at law duly admitted and in good standing to practice in the State of Texas, United States District Court for the Southern District of Texas and the Fifth Circuit Court of Appeals. I am the founder of the Houston office of Martin, Disiere, Jefferson & Wisdom L.L.P. (the "Firm" or the "MDJW Law Firm"), located at 808 Travis, Suite 1100, Houston, Texas 77002.

2. I am making this declaration in support of Debtor's Application to Employ Martin, Disiere, Jefferson & Wisdom L.L.P. as Special Counsel Under 11 U.S.C. § 327(e), (the "Application"). Unless otherwise indicated, capitalized terms used but not defined herein have the meanings ascribed to such terms in the Application.

3. Except as otherwise noted, all facts set forth in this declaration are based upon my personal knowledge, upon the client and matter records of the MDJW Law Firm reviewed by me or derived from information available to me that I believe to be true and correct. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

**EXHIBIT 11**

**A.     Scope of Services**

4.     Pursuant to the Engagement Agreement, the Application, and the Proposed Order attached thereto, the MDJW Law Firm will serve as special counsel to Debtor in connection with the appeal of the Travis County Sandy Hook Lawsuits, and also serve as supporting litigation counsel to The Reynal Firm on the same lawsuits as more particularly specified in the Engagement Letter.

**B.     Proposed Compensation**

5.     The MDJW Law Firm will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, Guidelines, and Orders for all services performed and expenses incurred during its representation of Debtor.

6.     Subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines, and the Orders, the MDJW Law Firm intends to request the allowance of its compensation as set out in the Engagement Agreement. These rates reflect the rates that MDJW Law Firm ordinarily charges clients in bankruptcy and non-bankruptcy matters and are less than or equal to the rates of similarly skilled and experienced attorneys in this district. The MDJW Law Firm submits that these agreed terms of reimbursement, compensation, and hourly rates are reasonable. The MDJW Law Firm will notify Debtor of any change in the hourly rates charged for services rendered.

**EXHIBIT 11**

**C.     Disclosure of Connections**

   *i.     Search and General Descriptions of Connections*

7.     The MDJW Law Firm performed the following actions to determine whether it or any of its attorneys has any disclosable connections, to Debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any of the judges for the U.S. Bankruptcy Court for the Southern District of Texas.

8.     I conducted a search of the MDJW Law Firm files to determine using the list of parties in interest listed in Schedule 1 hereto whether the Firm had any connections to or represented any of the parties listed on Schedule 1.

9.     Except for Free Speech Systems, LLC ("FSS"), the search revealed that the Firm had and did not represent any of the parties listed on Schedule 1. The Firm also represents FSS in connection with the appeal of any judgements from the Travis County Sandy Hook Lawsuits.

10.     Furthermore, the MDJW Law Firm may have provided services to creditors or other parties in interest inadvertently omitted from Schedule 1 or the description above. If such connections exist, they would be on matters wholly unrelated to the service for which Jones seeks to engage the MDJW Law Firm.

11.     The results of the foregoing connections search process confirm that neither I, the MDJW Law Firm, nor any of its employees or partners, to the best of my knowledge, have any disqualifying connections.

12.     Based on the connections review conducted to date and described herein, to the best of my knowledge and insofar as I can ascertain, I and the MDJW Law Firm do not hold an interest adverse to Debtor or the estate with respect to the matter on which the Firm is to be employed.

**EXHIBIT 11**

13.     I am not a creditor, an equity security holder, or an insider of Debtor; I am not and was not within 2 years before the Petition Date a director of Debtor; and I do not have any interest materially adverse to the interests of Debtor's bankruptcy estate or any class of creditors or equity security holders.

14.     The MDJW Law Firm is not a creditor, an equity security holder, or an insider of Debtor; the MDJW Law Firm is not and was not within 2 years before the Petition Date an employee, officer, or director of Debtor; and the MDJW Law Firm does not have any interest materially adverse to the interests of Debtor's bankruptcy estate or any class of creditors or equity security holders.

15.     The MDJW Law Firm does not possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate. The MDJW Law Firm also does not possess or assert any economic interest that would create either an actual or potential dispute in which the estate is a rival claimant. The MDJW Law Firm does not have any incentive to act contrary to the best interests of the estate and its creditors.

**D.     Bankruptcy Rule 2016(b) Disclosures**

16.     Pursuant to Bankruptcy Code § 504 and Bankruptcy Rule 2016, the MDJW Law Firm has not shared or agreed to share (a) any of its compensation from the representation of Debtor with any other persons, or (b) any compensation any other persons have received, may have received, or will receive.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January ___, 2023,

By: /s/ _____
Christopher W. Martin

**EXHIBIT 11**

# SCHEDULE 1

## TO MARTIN DECLARATION

### SEARCHED PARTIES

Debtor & Professionals

Crowe & Dunlevy, P.C.                    BlackBriar Advisors, LLC
Jordan & Ortiz, P.C.                     Rachel Kennerly, LLC

Largest 20 Unsecured Creditors & Litigation Claimants

Elevated Solutions Group                 Dona Soto
Atomial LLC                              Erica Lafferty
Cloudfare, Inc.                          Francine Wheeler
Jacquelyn Blott                          Ian Hockley
Joel Skousen                             Jacqueline Barden
eCommerce CDN LLC                        Jennifer Hensel
Paul Watson                              Jeremy Richman
Greenair, Inc.                           Jillian Soto
Edgecast, Inc.                           Leonard Pozner
Ready Alliance Group, Inc.               Marcel Fontaine
Getty Images, Inc.                       Mark Barden
RatsMedical.com                          Neil Heslin
David Icke Books Limited                 Nicole Hockley
WWCR                                     PQPR Holdings Limited, LLC
CustomTattoNow.com                       Robert Parker
AT&T                                     Scarlett Lewis
Justin Lair                              Veronique De La Rosa
Brennan Gilmore                          William Sherlach
Carlee Soto-Parisi                       William Aledenberg
Carlos Soto                              Larry Klayman
Christopher Sadowski                     Randazza Legal Group

Additional Unsecured Creditors

Security Bank of Crawford                Amazon.com, Inc.
City of Austin                           High Gabriel Water Supply
Texas Gas Service                        Corporation d/b/a Texas Water
Travis County MUD 3                      Spectrum
Texas Disposal Systems, Inc.             Travis County WCID 17
Netflix, Inc.                            Sirius XM Holdings, Inc.
Hulu, LLC                                AT&T, Inc.
HBOMax                                   Robert Schmidt

**EXHIBIT 11**

<u>Attorneys for Creditors and Parties in Interest</u>

| | |
|---|---|
| Kaster Lynch Farrar & Ball LLP | Cain & Skarnulis PLLC |
| Koskoff Koskoff & Bieder | Chamberlain, Hrdlicka, White, |
| Zeisler & Zeisler P.C. | Williams & Aughtry P.C. |
| The Akers Law Firm PLLC | McCarthy & Holthus, LLP |
| Waller Lansden Dortch & Davis, LLP | Copycat Legal PLLC |
| | Akin Gump Strauss Hauer & Feld LLP |
| McDowell Hetherington LLP | |
| The Reynal Law Firm, P.C. | Law Offices of Ray Battaglia, PLLC |

<u>U.S. Bankruptcy Judges and Staff</u>

| | |
|---|---|
| Chief Judge David R. Jones | Tracey Conrad |
| Judge Marvin Isgur | Jeannie Chavez |
| Judge Christopher M. Lopez | LinhThu Do |
| Judge Jeffrey P. Norman | Tyler Laws |
| Judge Eduardo V. Rodriguez | Kimberly Picota |
| Albert Alonzo | Vriana Portillo |
| Ana Castro | Mario Rios |

<u>U.S. Trustee Personnel</u>

| | |
|---|---|
| Alicia Barcomb | Jayson B. Ruff |
| Jacqueline Boykin | Millie Sall |
| Luci Johnson-Davis | Patricia Schmidt |
| Hector Duran | Christy Simmons |
| Barbra Griffin | Gwen Smith |
| Brian Henault | Stephen Statham |
| Linda Motton | Christopher R. Travis |
| Ha Nguyen | Clarissa Waxton |
| Glenn Otto | Jana Whitworth |
| Yasmin Rivera | |

**EXHIBIT 11**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ALEXANDER E. JONES** | § | **Case No. 22-33553** |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | |

**ORDER APPROVING DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING
EMPLOYMENT OF MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P.
AS SPECIAL COUNSEL UNDER 11 U.S.C. § 327(e)**

Upon the application (the "Application")[1] filed by Debtor to retain and employ Martin, Disiere, Jefferson & Wisdom L.L.P. (the "MDJW Law Firm" or the "Firm") pursuant to Bankruptcy Code §§ 327(e) and 330 and Bankruptcy Local Rule 2014-1, as more fully set forth in the Application and all exhibits and attachments to the Application; and upon the Court's finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the Application and the Martin Declaration are in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, and Orders and procedures of this Court; (v) the MDJW Law Firm does not represent an interest adverse to Debtor's estate with respect to the matters upon which it is to be engaged; (vi) the MDJW Law Firm is qualified to represent Debtor's estate under § 327(e) of the Bankruptcy Code; (vii) the terms of MDJW Law Firm's employment have been disclosed and are reasonable under the circumstances; (viii) proper and adequate notice of the Application, the deadline to file any objections to the Application, and the hearing thereon was given, and no other or further notice is

---

[1] Capitalized terms not defined herein have the meaning set forth in the Application.

2

**EXHIBIT 11**

necessary; (ix) the legal and factual bases set forth in the Application establish just cause for the relief granted herein; (x) the relief sought in the Application is in the best interest of Debtor's estate; (xi) any timely objection to the Application having been withdrawn or overruled for the reasons stated on the record at the hearing on the Application; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. In accordance with Bankruptcy Code §§ 327(e) and 330 and Bankruptcy Local Rule 2014-1, Debtor is authorized to employ and retain the MDJW Law Firm commencing on January 8, 2023, as special counsel, under the terms and conditions set forth in the Application and the Engagement Letter attached to the Application as <u>Exhibit A.</u>

2. The MDJW Law Firm is authorized to perform Professional Services for Debtor that are necessary or appropriate in connection with serving as special counsel in connection with the Travis County Sandy Hook Lawsuits.

3. The MDJW Law Firm shall be compensated for its services and reimbursed for related expenses in accordance with the terms and conditions of the Engagement Agreement, as set forth in the Application and subject to the procedures Bankruptcy Code §§ 330 and 331 of the Bankruptcy Code, and in accordance with applicable Federal Rules of Bankruptcy Procedure, Local Rules, and any orders of this Court.

4. All compensation for services rendered and reimbursement for expenses incurred in connection with the above-captioned bankruptcy case shall be paid after further application to and order of this Court, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines, and any orders of this Court.

5. This order shall be immediately effective and enforceable upon entry.

**EXHIBIT 11**

6.      This order, and all acts taken in furtherance or reliance thereon, shall be effective notwithstanding any objection until further order of this Court.

7.      Notwithstanding anything to the contrary in the Application, the Engagement Agreement, or the Declaration attached to the Application, the MDJW Law Firm shall not be entitled to reimbursement of expenses or fees from Debtor in connection with any objection to its fees, without further order of the Court.

8.      The MDJW Law Firm shall not charge a markup to Debtor with respect to any fees billed by contract attorneys who are hired by the MDJW Law Firm to provide services to Debtor and shall ensure that any such contract attorneys are subject to conflicts checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

9.      Prior to any increase in rates for any individual employed by the MDJW Law Firm and providing services to Debtor, the MDJW Law Firm shall file a supplemental declaration with the Court and provide ten business days' notice to Debtor, the United States Trustee, Counsel for the Official Committee of Unsecured Creditors, Counsel to the Connecticut Plaintiffs, and Counsel to the Texas Plaintiffs.[2] The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether Debtor has consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in § 330 of the Bankruptcy Code. Furthermore, the Court retains the right to review any rate increases pursuant to § 330 of the Bankruptcy Code.

---

[2] As such Notice Parties are defined in the *Order Granting Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Chapter 11 Professionals*.

EXHIBIT 11

10. The MDJW Law Firm shall use its reasonable efforts to avoid any duplication of services provided by any of Debtor's other retained professionals.

11. The MDJW Law Firm will review its files periodically during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the MDJW Law Firm will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration as required by FED. R. BANKR. P. 2014(a).

12. To the extent that any of the Application, the Martin Declaration, or the Engagement Agreement are inconsistent with this Order, the terms of the Order shall govern.

13. Debtor and the MDJW Law Firm are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

14. Notice of the Application provided by Debtor is deemed to be good and sufficient notice of the Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated: _____, 2023

_____
**UNITED STATES BANKRUPTCY JUDGE**