EXHIBIT 18

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) ) ) ) |
|  | ) Chapter 7 |
| ALEXANDER E. JONES, | ) |
|  | ) Case No. 22-33553 (CML) |
| Debtor. | ) ) ) |

## CONNECTICUT PLAINTIFFS' OPPOSITION TO JONES'S CLAIM OBJECTION

The Connecticut Plaintiffs,[1] as creditors and parties in interest in the above-captioned case (the "Jones Case"), file this opposition (this "Opposition") to the *Debtor's Consolidated Objection to Proofs of Claim Filed by Connecticut Plaintiffs* (the "Claim Objection") [Case No. 22-33553 (the "Jones Docket"), No. 705]. In support of this Opposition, the Connecticut Plaintiffs respectfully state as follows:

## Preliminary Statement

1. Jones's[2] threadbare Claim Objection, filed on the eve of his case being converted to chapter 7, is baseless and should be overruled. As this Court[3] knows, the Connecticut Plaintiffs' proofs of claims reflect the liquidated judgments awarded to the Connecticut Plaintiffs by a jury of Jones's peers following a trial in the Connecticut Superior Court (the "Connecticut Court"), as well as punitive damages set by the Connecticut Court following post-trial briefing (together, the "Connecticut Judgment"). The Connecticut Plaintiffs filed proofs of claim reflecting the

---

[1] The "Connecticut Plaintiffs" are Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Erica Ash.

[2] "Jones" refers to Alexander E. Jones, the above-captioned debtor.

[3] This "Court" refers to the United States Bankruptcy Court for the Southern District of Texas.

1

**EXHIBIT 18**

Connecticut Judgment, and such claims are *prima facie* valid under sections 501 and 502 of the Bankruptcy Code[4] and Bankruptcy Rule[5] 3001(f).

2.  Jones provides no basis whatsoever to overcome the *prima facie* validity of the Connecticut Plaintiffs' proofs of claim.  The Objection rests *entirely* on Jones's conclusory assertions that, in his ongoing appeal of the Connecticut Court's judgment, he "has raised issues that refute more than one of the allegations that are essential to the Connecticut Plaintiffs' Claims," and that "he will be ultimately successful in both appeals."  Obj. ¶ 8.  Jones provides *no* other basis to object to the claims.  This anemic "objection" does not come close to overcoming the *prima facie* validity of the Connecticut Plaintiffs' proofs of claims, and thus such claims remain presumptively valid and allowed under section 502 of the Bankruptcy Code.

3.  Setting aside the complete lack of substance of the Claim Objection, it should be denied on several other grounds as well.  As a threshold matter, the Claim Objection is procedurally defective—it (a) improperly purports to object to fifteen different claims in one consolidated objection, and (b) does not affix the required affidavit with factual information supporting the objection.  These procedural flaws each supply an independent basis for overruling the Claim Objection.

4.  Should the Court consider the merits of the Objection, it will see that the Objection is an invitation for this Court to entirely reverse course on how the Court has appropriately handled the Connecticut Plaintiffs' claims for nearly two years.  If Jones has somehow overcome the presumption of validity that attaches to the Connecticut Plaintiffs' claims, section 502 would then *require* that the Court "after notice and a hearing, *shall determine* the amount of such claim."  In other words, Jones asks that this Court supplant the Connecticut Court's (and Connecticut jury's)

---

[4]  The "Bankruptcy Code" refers to title 11 of the United States Code.
[5]  The "Bankruptcy Rules" refers to the Federal Rules of Bankruptcy Procedure.

**EXHIBIT 18**

determinations as to the amount and validity of the Connecticut Plaintiffs' claims with its own, and short circuit the appeals process currently underway. That invitation is opposite this Court's prior determination to lift the stay at the outset of the case to allow the claims to proceed to final judgment and for Jones to pursue his appeal in Connecticut state court. It is likewise incompatible with this Court's application of collateral estoppel to the Connecticut Judgment in determining the non-dischargeability of those claims. But even if this Court decided to change paths now, it would confront another insurmountable obstacle because the Connecticut Plaintiffs' claims are "personal injury" claims within the meaning of 28 U.S.C. § 157 that this Court lacks jurisdiction to adjudicate.

5.  Both because the Claim Objection is procedurally defective and is an improper attempt to circumvent the Connecticut Court's ruling and the appeals process, the Court should decline Jones's invitation to retry the Connecticut Plaintiffs' claims. Rather, well-settled law makes clear that the Connecticut Plaintiffs' claims are *prima facie* valid, and should be allowed in their as-filed amounts.

## I.  The Claim Objection Is Procedurally Improper.

6.  The Claim Objection is procedurally defective for several reasons and should be denied on this basis alone. *First,* the Claim Objection purportedly objects to fifteen individual claimants' claims in one "consolidated" objection. But Bankruptcy Rule 3007(c) provides that objections to multiple claims cannot be consolidated into a single, omnibus objection except for certain, specified reasons—and none of these exceptions apply here (and Jones does not argue that any does).

7.  *Second*, Rule 3007-1(a) of the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules") provides, among other things, that any objection to a claim must include an affidavit signed by a person with personal knowledge

3

**EXHIBIT 18**

supporting the objection, state the amount of the claim and the date the proof of claim was filed, and include certain language in bold print immediately below the title. Local Rule 3007-1(a). No affidavit was attached to Claim Objection, nor was any of the foregoing information included.

8.  Jones's failure to comply with the Bankruptcy Rules and Local Rules warrant this Court denying the Claim Objection.

## II. Jones Fails to Overcome the Presumption of Validity of the Connecticut Plaintiffs' Claims.

9.  Section 502(a) of the Bankruptcy Code provides that a proof of claim is deemed allowed unless a party in interest objects. Bankruptcy Rule 3001(f), in turn, provides that "a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." The Local Rules further provide that the "legal and factual basis for the objection must be clear from the face of the pleading," in addition to requiring a supporting affidavit, as set forth above. Local Rule 3007-1(a).

10. Taken together, these provisions and rules implement the well-settled principle that a properly filed proof of claim is *prima facie* valid *unless and until* an objecting party produces sufficient *evidence* to overcome the presumptive validity of a claim. *See Matter of O'Connor*, 153 F.3d 258, 260 (5th Cir. 1998) ("Properly filing a proof of claim constitutes *prima facie* evidence of the claim's validity and amount. ***If the Trustee objects, it is his burden to present enough evidence to overcome the prima facie effect of the claim***.") (emphasis added); *In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010) (a "proof of claim is prima facie evidence of the pre-petition debt owed, and ***the burden is on the party challenging the allowance of the proof of claim to overcome that presumption***. The Trustee, as the challenging party, has failed to carry his burden.") (emphasis added); *In re Moye*, 385 B.R. 885, 890 (Bankr. S.D. Tex. 2008) ("The objecting party has the burden to produce evidence rebutting the presumption raised by the proof

4

**EXHIBIT 18**

of claim."); *In re Eads*, 417 B.R. 728, 747 (Bankr. E.D. Tex. 2009) ("The claimant will prevail unless the objecting party ***produces evidence at least equal in probative force*** to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.") (emphasis added); *see In re Vivaro Corp.*, 541 B.R. 144, 154 (Bankr. S.D.N.Y. 2015) ("If the objector does not introduce evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim." (citation omitted)).

11.     The Claim Objection does not produce any evidence (or other legal basis) to carry Jones' burden of overcoming the presumptive validity of the Connecticut Plaintiffs' claims. The entire objection rests on one sentence—that "in the appeals process, as well as the dischargeability litigation, the Debtor has raised substantive issues that refute more than one of the allegations that are essential to the Connecticut Plaintiffs' Claims." Obj. ¶ 8. This falls far short of the specificity required by courts and the Local Rules for objecting to a proof of claim. *See, e.g., In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010); *Matter of Hicks*, 2022 WL 1008022, at *1 (Bankr. N.D. Ind. Jan. 25, 2022) (noting that claim objections must plead the "underlying facts justifying the conclusion" that a claim should be disallowed and stating "although the debtors allege that the claim is barred by the applicable statute of limitations, they say nothing about why or how that may be so."); *In re MF Global Holdings Ltd.*, Nos. 11-15059, 11-02790 (MG), 2012 WL 5499847, at *3 (Bankr. S.D.N.Y. Nov. 13, 2012) ("[O]nce an objection is made, the court must determine whether it is well founded.").

12.     Jones's threadbare and conclusory assertions are insufficient to overcome the *prima facie* validity of the Connecticut Plaintiffs' proofs of claim, and therefore such claims should be allowed. *See In re Clark*, 363 B.R. 819, 823 (Bankr. W.D. Ky. 2007) ("If the objecting party fails

EXHIBIT 18

to offer sufficient evidence to overcome the evidentiary effect of the properly filed proof of claim, the objection will be denied and the claim will be allowed as filed.").

### III. The Court Should Not Adjudicate the Connecticut Plaintiffs' Claims.

13. Regardless of the Claim Objection's several procedural infirmities, the Court should not, in any event, adjudicate the Connecticut Plaintiffs' underlying claims. *First*, adjudication is unnecessary because the amount of those claims has *already been determined* by the Connecticut Judgment. Indeed, this Court specifically lifted the stay at the outset of Jones's case for the specific purpose of allowing the claims to proceed to final judgment, and allowing Jones to take an appeal of that judgment. Critically, while Jones has pursued an appeal of the Connecticut Judgment, Jones did *not* obtain a stay pending appeal. Thus, Jones has no basis to claim that the Connecticut Judgment is not presently conclusive for purposes of this case.

14. This Court has already given effect to the Connecticut Judgment as a matter of collateral estoppel, holding that the vast majority of the Connecticut Plaintiffs' claims are not subject to discharge pursuant to section 523(a)(6) of the Bankruptcy Code, and awarding summary judgment to the Connecticut Plaintiffs in the amount of $1,115,000,000 on that basis. *Memorandum Decision on Connecticut Plaintiffs' Motion for Summary Judgment*, Case No. 23-03037 [Docket No. 76] (the "Non-Dischargeability Ruling").

15. Accordingly, Jones's suggestion that this Court—rather than courts in Connecticut—should determine the validity and amount of the Connecticut Plaintiffs' claims is contrary to this Court's rulings over the past two years. As the Claim Objection states, once a "party in interest" objects to a claim, "the court, after notice and a hearing, shall determine the amount of such claim." 11 U.S.C. § 502(b). Accordingly, by his Claim Objection, Jones requests that the Court eschew the determinations of the Connecticut Court and circumvent the appeals

**EXHIBIT 18**

process—ignore this Court's own decision recognizing and giving effect to those determinations—and instead, determine a different amount of the Connecticut Families' claims.

16.     Not only is it impermissible for this Court to supplant the Connecticut Court's findings by rendering its own determination of the claim amounts—as the Non-Dischargeability Ruling recognized—the Court also lacks jurisdiction to adjudicate the amount of the Connecticut Plaintiffs' claims.  The Connecticut Plaintiffs' claims—claims for defamation and intentional infliction of emotional distress—are "personal injury" claims within the meaning of 28 U.S.C. § 157. *See In re Schepps Food Stores, Inc.*, 169 B.R. 374, 376 (Bankr. S.D. Tex. 1994) (plaintiff's claims for invasion of privacy and intentional infliction of emotional distress are "personal injury" torts); *In re Pilgrim's Pride Corp.*, 2011 WL 3799835, at *3 (Bankr. N.D. Tex. Aug. 26, 2011) ("The court arguably cannot" adjudicate or dispose of defamation, discrimination, or sexual harassment claims); *In re Roman Catholic Church for the Archdiocese of New Orleans*, 2021 LEXIS 160497, at *9-10 (E.D. La. Aug. 25, 2021) (plaintiff's claims for defamation, false light, and intentional infliction of emotional distress are personal injury torts").  Accordingly, this Court lacks jurisdiction to determine the amount of the Connecticut Plaintiffs' claims.

17.     *Finally*, and as Jones seemingly concedes, adjudication of the Connecticut Plaintiffs' claims by this Court is unnecessary because the appeals process is well underway.  As of the date hereof, Jones has appealed the Connecticut Court's ruling and jury verdict, and that appeal has been fully briefed and argued before the Connecticut Appellate Court.  Once the Appellate Court rules, Jones may seek a further appeal to the Connecticut Supreme Court.  The Connecticut Plaintiffs and Jones agree that an appellate ruling by the Connecticut courts would end the inquiry.  *See* Obj. ¶ 5 ("The Debtor asserts he will be ultimately successful in both appeals, and thus the Claims should not be allowed, ***at least until both appeals have been resolved in their***

**EXHIBIT 18**

*entirety*.") (emphasis added). Accordingly, in the interest of judicial efficiency, the Connecticut Plaintiffs submit that the appeals process should be permitted to run its course. Having failed to obtain a stay pending appeal, however, the ongoing appellate process does not mean that the Connecticut Judgment is not final for purposes of this proceeding, or that the Connecticut Plaintiffs' properly filed proofs of claim are not *prima facie* valid.

## Conclusion

18.    The Connecticut Plaintiffs respectfully request that the Court overrule the Claim Objection, find that the Connecticut Plaintiffs' proofs of claim are allowed, and grant further relief as it deems appropriate.

**EXHIBIT 18**

Dated: August 14, 2024

Respectfully submitted,

*/s/ Ryan E. Chapple*

**CAIN & SKARNULIS PLLC**
Ryan E. Chapple
State Bar No. 24036354
303 Colorado Street, Suite 2850
Austin, TX 78701
Telephone: (512) 477-5000
Fax: (512) 477-5011
E-mail: rchapple@cstrial.com

**KOSKOFF KOSKOFF & BIEDER, PC**
Alinor C. Sterling (admitted *pro hac vice*)
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone: (203) 336-4421
E-mail: asterling@koskoff.com

**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
Kyle J. Kimpler (admitted *pro hac vice*)
Paul Paterson (admitted *pro hac vice*)
Leslie Liberman (admitted *pro hac vice*)
Vida J. Robinson (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
E-mail: kkimpler@paulweiss.com
          ppaterson@paulweiss.com
          lliberman@paulweiss.com
          virobinson@paulweiss.com

*Co-Counsel to the Connecticut Families*

**EXHIBIT 18**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Opposition has been served on counsel for the Debtor, the Debtor, and all parties receiving or entitled to notice through CM/ECF on this 14th day of August, 2024.

/s/ Ryan E. Chapple
Ryan E. Chapple