**EXHIBIT 25**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ALEXANDER E. JONES** | § | **Case No. 22-33553** |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | |

**EXPEDITED APPLICATION OF DEBTOR FOR AN ORDER**
**AUTHORIZING EMPLOYMENT OF PATTIS & SMITH LLC, AS**
**SPECIAL COUNSEL UNDER 11 U.S.C. § 327(e) AND 328(a)**

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Alexander E. Jones ("Debtor"), debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Chapter 11 Case"), pursuant to Sections 105(a) and 327(e) of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves for the entry of an order authorizing the retention of Pattis & Smith LLC ("Pattis & Smith") as special counsel to Debtor pursuant to that certain engagement letter agreement by and between Debtor and Pattis & Smith (the "Engagement

**EXPEDITED APPLICATION OF DEBTOR FOR AN ORDER AUTHORIZING EMPLOYMENT OF PATTIS & SMITH, LLC, AS SPECIAL COUNSEL UNDER 11 U.S.C. § 327(e) AND 328(a) - PAGE 1**

**EXHIBIT 25**

Agreement"), a copy of which is attached hereto as **Exhibit A**.[1] In support of this Application, Debtor submits the Declaration of Norman A. Pattis, attached hereto as **Exhibit B**, and further respectfully represents as follows:

## I.     JURISDICTION

1.     This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).  Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The bases for the relief requested herein are sections 105, 327(e), 330, and 363(b) of title 11 of the Bankruptcy Code, Rule 2014 of the Bankruptcy Rules, and Rules 2014-1 and 2016-1of the Local Rules for the Bankruptcy Court for the Southern District of Texas (the "Local Rules").

## II.     BACKGROUND

**A.     Case Background**

3.     On December 2, 2022 (the "Petition Date"), Debtor filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4.     Debtor continues in possession of his holdings and is managing as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

5.     An official committee of unsecured creditors has been appointed in this Chapter 11 Case.

**B.     Proposed Employment of Pattis & Smith**

*i.     Scope of Employment*

6.     Subject to the Court's approval, Debtor desires to employ and retain Pattis & Smith

---

[1] As part of the Engagement Agreement, Debtor also attaches the engagement letter between his co-defendant Free Speech Systems, LLC ("FSS") and Pattis & Smith to give context as to the whole fee arrangement regarding the scope of engagement discussed below.

**EXPEDITED APPLICATION OF DEBTOR FOR AN ORDER AUTHORIZING EMPLOYMENT OF PATTIS & SMITH, LLC, AS SPECIAL COUNSEL UNDER 11 U.S.C. § 327(e) AND 328(a) - PAGE 2**

**EXHIBIT 25**

as its special counsel in connection with the following cases (the "Matters"):

> *Erica Lafferty, David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Jeremy Richman, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto, and William Aldenberg v. Alex Emric Jones and Free Speech Systems, LLC*, Case No., X06-UWY-CV-18-6046436-S (the "Lafferty Matter")
> *William Sherlach v. Alex Emric Jones and Free Speech Systems, LLC*, X06-UWY-CV-18-6046437-S
>
> *William Sherlach and Robert Parker v. Alex Emric Jones and Free Speech Systems, LLC*, X06-UWY-CV-l8-6046438-S.

All the proceedings described above before the Connecticut Superior Court, Waterbury District and consolidated in the Lafferty matter state court litigation (collectively, the "Sandy Hook Lawsuits").

7. The judgment entered in the Sandy Hook Lawsuits was in excess of $1 billion. Subsequently, Debtor maintains that the judgment was granted in error and Debtor has appealed the judgment.

8. Prior to the Petition Date, Pattis & Smith represented Debtor and FSS throughout the Sandy Hook Lawsuits.

9. Debtor files this motion in connection with his efforts to defend himself in the upcoming appeal(s) of the Connecticut Sandy Hook Lawsuits and the appeal that will follow.

> ii. *Necessity of Employment*

10. Debtor desires to retain Pattis & Smith to act as his primary appellate counsel on the Connecticut Sandy Hook Lawsuits (the "Professional Services").

11. Debtor desires to retain Pattis & Smith to represent him as his primary appellate counsel in the Connecticut Sandy Hook Lawsuits because (a) Pattis & Smith has extensive experience and knowledge with Connecticut appellate practice and procedure, with the partners at the Pattis & Smith having handled many appeals before Connecticut appellate courts; (b) Pattis &

EXHIBIT 25

Smith is intimately familiar with the facts and issues in each of the Matters, including the pleadings filed on the docket, the discovery undertaken, the evidence adduced to date and the law applicable to the Matters, having represented Debtor and other co-defendants on these Matters prior to the Petition Date; (c) due to the subject matter of the Matters and the parties involved, it would be virtually impossible to replace Pattis & Smith at this point, without causing great prejudice to Debtor and his creditors (even if it could be done, the cost to have a new firm learn the extensive record and discovery in this case, would far exceed the budgeted cost for retaining Pattis & Smith).

12.     Debtor believes that Pattis & Smith is well qualified to perform the requested Professional Services.

13.     Pattis & Smith's proposed compensation is a flat fee structure, as set out in the Engagement Letter, with a total fee amount of $250,000 plus expenses in the amount of $20,000 to represent both Debtor and FSS through all appellate remedies available in the State of Connecticut. Debtor shall become liable to Pattis & Smith for his prorated share of $125,000 for legal fees and $10,000 for expenses upon commencement of Debtor's appeal(s) in the Connecticut appellate courts.

14.     The breakdown of compensation to Pattis & Smith for Debtor and FSS are as follows:

Total fees: $250,000
Total expenses: $20,000
Total: $270,000
FSS fees: $125,000
FSS expenses: $10,000
FSS total: $135,000
Debtor fees: $125,000
Debtor expenses: $10,000
Debtor total: $135,000

15.     No agreement exists, nor will any be made, to share any compensation received by

**EXPEDITED APPLICATION OF DEBTOR FOR AN ORDER AUTHORIZING EMPLOYMENT OF PATTIS & SMITH, LLC, AS SPECIAL COUNSEL UNDER 11 U.S.C. § 327(e) AND 328(a) - PAGE 4**

**EXHIBIT 25**

Pattis & Smith for its services with any other person or firm, except as permitted by 11 U.S.C. § 504(b) and Bankruptcy Rule 2016.

16. No promises have been made to or received by Pattis & Smith as to payment or compensation in connection with the Debtor's bankruptcy case, other than in accordance with the provisions of the Bankruptcy Code and applicable Bankruptcy Rule.

17. To the best of Debtor's knowledge, and, as set forth in the proposed attorney's declaration (the "Pattis Declaration") attached to this Motion as **Exhibit B**, Pattis & Smith does not have an adverse interest with respect to the matter on which the is to be employed as special litigation counsel as required by 11 U.S.C.§ 327(e).

18. Pattis & Smith will be paid the flat fee and will not apply to the Court for allowance of compensation and reimbursement under the Bankruptcy Code. The Court's *Order Granting Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Chapter 11 Professionals [Docket No. 74]* [Docket No. 106] is thus inapplicable to the compensation and reimbursement of all services performed and expenses incurred by Pattis & Smith during its representation of Debtor.

19. Debtor believes that Pattis & Smith's agreed terms of compensation are reasonable. Pattis & Smith will notify Debtor and the U.S. Trustee of any change in the rates charged for services rendered while the Chapter 11 Case is pending.

### iii. The Basis for a Fixed Fee Agreement

20. The retention of a professional by a debtor on a fixed fee basis is not prohibited by the Bankruptcy Code. 11 U.S.C. § 328(a) (a debtor may retain a professional person on any reasonable terms and conditions, including on a fixed fee).

21. A determination of whether, and in what amount, a fixed fee (much like a retainer)

**EXPEDITED APPLICATION OF DEBTOR FOR AN ORDER AUTHORIZING EMPLOYMENT OF PATTIS & SMITH, LLC, AS SPECIAL COUNSEL UNDER 11 U.S.C. § 327(e) AND 328(a) - PAGE 5**

EXHIBIT 25

should be paid is best left to the parties and the discretion of the Bankruptcy Court. Such determination is made on a case-by-case basis.

22. The moving party has the burden to establish that the proposed terms and conditions of professional employment proposed on a fixed fee basis under Bankruptcy Code § 328(a) in a bankruptcy case are reasonable.

23. The Bankruptcy Court must consider several recognized factors, plus special factors which include, but are not limited to: (1) the retainer's economic impact on the debtor's ongoing business operation; (2) the retainer's economic impact on the ability of the debtor to reorganize; (3) the amount and reasonableness of the retainer; (4) the reputation of the special counsel; and (5) the ability of special counsel to disgorge such payments at the conclusion of the case should this Court determine that the fees paid to counsel are not justified.

24. Here, Pattis & Smith's request for the fixed fee compensation arrangement satisfies the five-factor criteria: (1) the amount of the proposed fixed fee is modest, particularly in comparison with the cost of retaining Pattis & Smith on an hourly basis, which would likely far exceed the fixed fee by the time all of the appeals in the Matters have been concluded; (2) the economic impact of the fixed fee payment on Debtor's business operations and ability to reorganize is slight; (3) Debtor must have competent counsel represent it in the Matters, as the plaintiffs are represented by a top-tier personal injury law firm and the claims arising from the results of those matters will have a bearing on what other unsecured creditors of Debtor will receive under a plan of reorganization; (4) Pattis & Smith is a premier criminal defense trial and appellate law firm in Connecticut, and its partners have national reputation for defending tough cases; and (5) the ability of the Court to successfully order special counsel to disgorge fees paid is strong, should it become necessary. The flat fee additionally protects Pattis & Smith from having the

**EXPEDITED APPLICATION OF DEBTOR FOR AN ORDER AUTHORIZING EMPLOYMENT OF PATTIS & SMITH, LLC, AS SPECIAL COUNSEL UNDER 11 U.S.C. § 327(e) AND 328(a) - PAGE 6**

**EXHIBIT 25**

payment of its fees and expenses it incurs on the trial of the Matters to be stretched out over the term of a plan. Pattis & Smith does not have the ability to finance its representation of Debtor in the Connecticut Sandy Hook Lawsuits.

## IV.     RELIEF REQUESTED

25.     Debtor requests that the Court enter an order substantially in the form of the Proposed Order authorizing Debtor to retain Pattis & Smith as special counsel, pursuant to the terms of the Engagement Agreement, as modified by the Proposed Order.  Debtor seeks that this Application be heard simultaneously with another hearing in the FSS case to expand the services of Pattis & Smith on **June 29, 2023**, so as to conserve judicial resources and best serve all parties.

## V.     BASIS FOR RELIEF

26.     Bankruptcy Code § 327(e) provides that subject to bankruptcy court approval, trustees—and debtors-in-possession—"may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and, if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

27.     Bankruptcy Code § 328(a) provides for the retention of special counsel on a fixed fee basis: "The trustee ... with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."

28.     To gain approval for the employment of special counsel under § 328(a), the terms of the employment must be "reasonable." *In re Contractor Technology, Ltd.*, No. H-05-3212, 2006 WL 1492250, at *10 (S.D. Tex. May 30, 2006).

**EXPEDITED APPLICATION OF DEBTOR FOR AN ORDER AUTHORIZING EMPLOYMENT OF PATTIS & SMITH, LLC, AS SPECIAL COUNSEL UNDER 11 U.S.C. § 327(e) AND 328(a) - PAGE 7**

**EXHIBIT 25**

29.     The staged flat fee structure is beneficial to the Jones estate because an hourly arrangement with rates up to $800 per hour[2] would exceed the proposed fixed fee of $125,000 with just 156.25 hours of work. If circumstances change, Debtor will seek an amendment of the retention of Pattis & Smith. Debtor believes that retaining Pattis & Smith on a fixed fee basis to handle the appeal(s) of the Connecticut Sandy Hook Lawsuits is in the best interest of the Jones bankruptcy estate. Debtor believes that it would be unsuccessful in finding alternative counsel to represent him in the Connecticut Sandy Hook Lawsuits and that any representation on an hourly fee basis would result in fees exceeding the fixed fee agreed with Pattis & Smith.

30.     Bankruptcy Rule 2014 requires certain disclosures prior to the entry of an order approving the employment of a professional. According to Bankruptcy Rule 2014, the application must:

(a)     Be filed by the trustee or committee and served on the United States Trustee (except in cases under Chapter 9 of the Bankruptcy Code).

(b)     State the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee; and

(c)     Be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

**A.     Pattis & Smith Meets the Requirements of Bankruptcy Code § 327(e)**

---

[2] Mr. Pattis, the lead lawyer at Pattis & Smith bills at an hourly rate of $800 per hour. As lead counsel, he is expected to bill substantially towards perfecting the appeals.

**EXPEDITED APPLICATION OF DEBTOR FOR AN ORDER AUTHORIZING EMPLOYMENT OF PATTIS & SMITH, LLC, AS SPECIAL COUNSEL UNDER 11 U.S.C. § 327(e) AND 328(a) - PAGE 8**

**EXHIBIT 25**

31. Based on the Pattis Declaration, Debtor submits that Pattis & Smith neither holds nor represents a disqualifying adverse interest. 11 U.S.C. § 327(e).

32. The Pattis Declaration also discloses no connections with Debtor that would disqualify Pattis & Smith. Debtor is not aware of any connections in addition to those disclosed in the Pattis Declaration.

**B.      Pattis & Smith Meets the Requirements of Bankruptcy Code § 328(a)**

33. The flat fee arrangement, as discussed above, is reasonable. The fees to appeal the Connecticut Sandy Hook Lawsuits by Pattis & Smith on an hourly basis would far exceed the requested flat fee. Moreover, the Engagement Letter provides for a proportional return of the flat fee in the event of termination, in accordance with applicable bar association ethical rules for fixed fee agreements. Debtor must have competent counsel to appeal the Connecticut Sandy Hook Lawsuits. Pattis & Smith's Engagement Letter should be approved under Bankruptcy Code § 328(a) because, among other things, the agreement is fair and reasonable to Debtor.

**C.      This Application and the Pattis Declaration Meet the Requirements of Bankruptcy Rule 2014**

34. This Application and the Pattis Declaration meet the requirements as set out in Bankruptcy Rule 2014. This Application is made by Debtor and sets out the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, the proposed arrangement for compensation. The Pattis Declaration is a verified statement pursuant to 28 U.S.C § 1746 that sets out all connections that Pattis & Smith has with Debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee. Debtor is not aware of any other connections in addition to those disclosed in the Pattis Declaration.

**EXPEDITED APPLICATION OF DEBTOR FOR AN ORDER AUTHORIZING EMPLOYMENT OF PATTIS & SMITH, LLC, AS SPECIAL COUNSEL UNDER 11 U.S.C. § 327(e) AND 328(a) - PAGE 9**

**EXHIBIT 25**

## VI.    CONCLUSION

WHEREFORE, Debtor respectfully requests that this Court enter an order substantially in

the form of the Proposed Order approving the employment of Pattis & Smith and granting such

other relief as the Court deems appropriate under the presented facts and circumstances.


Dated: June 20, 2023                                      Respectfully submitted,

                                                          **CROWE & DUNLEVY, P.C.**

                                                          By: */s/ Christina W. Stephenson*
                                                          Vickie L. Driver
                                                          State Bar No. 24026886
                                                          Christina W. Stephenson
                                                          State Bar No. 24049535
                                                          2525 McKinnon St., Suite 425
                                                          Dallas, TX 75201
                                                          Telephone: 737.218.6187
                                                          Email: dallaseservice@crowedunlevy.com

                                                          -and-

                                                          Shelby A. Jordan
                                                          State Bar No. 11016700
                                                          S.D. No. 2195
                                                          Antonio Ortiz
                                                          State Bar No. 24074839
                                                          S.D. No. 1127322
                                                          **JORDAN & ORTIZ, P.C.**
                                                          500 North Shoreline Blvd., Suite 900
                                                          Corpus Christi, TX  78401
                                                          Telephone: (361) 884-5678
                                                          Facsimile:  (361) 888-5555
                                                          Email:  sjordan@jhwclaw.com
                                                                      aortiz@jhwclaw.com
                                                          Copy to: cmadden@jhwclaw.com

                                                          **ATTORNEYS FOR ALEXANDER E. JONES**


**EXPEDITED APPLICATION OF DEBTOR FOR AN ORDER AUTHORIZING EMPLOYMENT OF PATTIS & SMITH, LLC, AS SPECIAL COUNSEL UNDER 11 U.S.C. § 327(e) AND 328(a) - PAGE 10**

**EXHIBIT 25**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices via the Court's ECF noticing system, the U.S. Trustee's Office, Counsel for the Unsecured Creditors' Committee, and all parties requesting notice pursuant to Rule 2002 on this 20th day of June, 2023.


*/s/ Christina W. Stephenson*
Christina W. Stephenson


**EXPEDITED APPLICATION OF DEBTOR FOR AN ORDER AUTHORIZING EMPLOYMENT OF PATTIS & SMITH, LLC, AS SPECIAL COUNSEL UNDER 11 U.S.C. § 327(e) AND 328(a) - PAGE 11**

**EXHIBIT 25**

**Exhibit A**

**Pattis & Smith Engagement Agreement**

**EXHIBIT 25**

PATTIS & SMITH, LLC
383 ORANGE STREET, FIRST FLOOR
NEW HAVEN, CT 06511
TELEPHONE 203-393-3017
FACSIMILE 203-393-9745

NORMAN A. PATTIS, ESQ. (npattis@pattisandsmith.com)
KEVIN M. SMITH, ESQ. (ksmith@pattisandsmith.com)
ZACHARY E. REILAND, ESQ. (zreiland@pattisandsmith.com)
CHRISTOPER T. DeMATTEO, ESQ. (cdematteo@pattisandsmith.com)
SHARON ABRAMSON, OFFICE MANAGER (sabramson@pattisandsmith.com)
JONATHAN BRUCE, PARALEGAL (jbruce@pattisandsmith.com)

I am retaining Pattis and Smith, LLC, to represent me in the appeal of the judgment against me and Free Speech Systems, LLC, in the State of Connecticut for approximately $1.4 billion. The firm shall perfect the appeal through the completion of all appellate remedies available in the State of Connecticut. The total fee for the appeal shall be $250,000 plus expenses in the amount of $30,000. I shall pay my prorated share immediately and the balance will be paid by Free Speech Systems, LLC, upon approval by the bankruptcy court.

Norman Pattis

Alex Jones

**EXHIBIT 25**

## RETAINER AGREEMENT FOR APPEAL

Free Speech Systems, LLC, hereby retains Norman A. Pattis of the firm Pattis & Smith, LLC, to perfect and argue the appeal in the case of Erica Lafferty, et al. v. Alex Jones, et al., now pending before the Connecticut Appellate Court. The appeal is from the judgment of approximately $1.5 billion after a hearing in damages involving the Sandy Hook school shootings in December 2012.

Free Speech Systems, LLC, and Alex Jones are co-defendants in the suit, and each are to be represented by Mr. Pattis in the appeal. Mr. Pattis was trial counsel in the case, and has developed long-standing working relationships with the parties and their representatives. He is aware of no conflicts arising from joint representation.

The fee for services here is $125,000 for legal fees and $10,000 for expenses. Mr. Jones has paid, or will pay, an identical sum. The total cost for the appellate work in this case is $250,000 for legal fees and $20,000 for expenses.

It is expected that this appeal, currently pending before the Connecticut Appellate Court, will ultimately be heard by the Connecticut Supreme Court as it raises, in part, an issue of first impression under Connecticut law: to wit, whether non-commercial speech can support a claim under the Connecticut Unfair Trade Practices Act. This retainer covers any and all work up to and including briefing, argument, filings until either a decision is rendered by the Connecticut Supreme Court or a final decision is made by the Appellate Court and the Supreme Court declines to take certification of any issues decided by the Appellate Court.

Norman A. Pattis

_____

Free Speech Systems, LLC

EXHIBIT

A

**EXHIBIT 25**

**Exhibit B**

**Pattis Declaration**

**EXHIBIT 25**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ALEXANDER E. JONES** | § | **Case No. 22-33553** |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | |

**DECLARATION OF NORMAN A. PATTIS IN SUPPORT OF
EXPEDITED APPLICATION OF DEBTOR FOR AN ORDER AUTHORIZING
EMPLOYMENT OF PATTIS & SMITH, LLC AS SPECIAL COUNSEL UNDER 11
U.S.C. 327(e)**

I, Norman A. Pattis, declare under penalty of perjury as follows:

1.      I am an attorney at law duly admitted and in good standing to practice in the State of Connecticut and the United States District Court for the District of Connecticut. I am currently appealing a stayed suspension during my representation of Debtor but otherwise maintain good standing to practice in Connecticut. I am a founding partner in the New Haven office of the law firm Pattis & Smith, LLC (the "Firm" or "Pattis & Smith"), located at 383 Orange Street, First Floor, New Haven, Connecticut 06511.

2.      I am making this declaration in support of Debtor's Application to Employ Pattis & Smith, LLC as Special Counsel under 11 U.S.C. § 327(e) and 328(a) (the "Application"). Unless otherwise indicated, capitalized terms used but not defined herein have the meanings ascribed to such terms in the Application.

3.      Except as otherwise noted, all facts set forth in this declaration are based upon my personal knowledge, upon the client and matter records of Pattis & Smith reviewed by me or derived from information available to me that I believe to be true and correct. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

**EXHIBIT 25**

**A. Scope of Services**

4. Pursuant to the Engagement Agreement, the Application, and the Proposed Order attached thereto, Pattis & Smith will serve as special counsel to Debtor in connection with the Connecticut Sandy Hook Lawsuits, as more particularly specified in the Engagement Letter and the Application. More specifically, the Firm shall serve as Debtor's appellate counsel on the Connecticut Sandy Hook Lawsuits through any and all appeals, including appeals before the Connecticut Appellate Court and the Connecticut Supreme Court.

**B. Proposed Compensation**

5. Pattis & Smith will abide by any direction from the Court for allowance of compensation in accordance with the applicable provisions of the Bankruptcy Code, including §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, Guidelines, and Orders for all services performed and expenses incurred during its representation of Debtor.

6. Pattis & Smith does not intend to request additional compensation and reimbursement in addition to the fixed fees and expenses discussed in the Application. Accordingly, the Court's *Order Granting Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Chapter 11 Professionals [Docket No. 74]* [Docket No. 106] is thus inapplicable to the compensation and reimbursement of all services performed and expenses incurred by Pattis & Smith during its representation of Debtor.

7. The fee amount requested reflects the rates that Pattis & Smith ordinarily charges clients in bankruptcy and non-bankruptcy matters and are less than or equal to the rates of similarly skilled and experienced attorneys in this district. Pattis & Smith submits that these agreed terms of reimbursement and compensation are reasonable.

**EXHIBIT 25**

**C.      Disclosure of Connections**

      *i.      Search and General Descriptions of Connections*

8.      Pattis & Smith performed the following actions to determine whether it or any of its attorneys has any disclosable connections, to Debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any of the judges for the U.S. Bankruptcy Court for the Southern District of Texas.

9.      I conducted a search of Pattis & Smith files to determine using the list of parties in interest listed in Schedule 1 hereto whether the Firm had any connections to or represented any of the parties listed on Schedule 1. The Firm represent Free Speech Systems, LLC ("FSS") in connection with the Connecticut Sandy Hook Lawsuits, but FSS's interests are aligned with Debtor's in the context of that representation. The search revealed that the Firm had and did not represent any other parties listed on Schedule 1.

10.      Furthermore, Pattis & Smith may have provided services to creditors or other parties in interest inadvertently omitted from Schedule 1 or the description above. If such connections exist, they would be on matters wholly unrelated to the service for which Debtor seeks to engage Pattis & Smith.

11.      The results of the foregoing connections search process confirm that neither I, Pattis & Smith, nor any of its employees or partners, to the best of my knowledge, have any disqualifying connections.

12.      Based on the connections review conducted to date and described herein, to the best of my knowledge and insofar as I can ascertain, I and Pattis & Smith do not hold an interest adverse to Debtor or the estate with respect to the matter on which the Firm is to be employed.

**EXHIBIT 25**

13.      I am not a creditor, an equity security holder, or an insider of Debtor; I am not and was not within 2 years before the Petition Date a director of Debtor; and I do not have any interest materially adverse to the interests of Debtor's bankruptcy estate or any class of creditors or equity security holders.

14.      Pattis & Smith is not a creditor, an equity security holder, or an insider of Debtor; Pattis & Smith is not and was not within 2 years before the Petition Date an employee, officer, or director of Debtor; and Pattis & Smith does not have any interest materially adverse to the interests of Debtor's bankruptcy estate or any class of creditors or equity security holders.

15.      Pattis & Smith does not possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate. Pattis & Smith also does not possess or assert any economic interest that would create either an actual or potential dispute in which the estate is a rival claimant. Pattis & Smith does not have any incentive to act contrary to the best interests of the estate and its creditors.

**D.      Bankruptcy Rule 2016(b) Disclosures**

16.      Pursuant to Bankruptcy Code § 504 and Bankruptcy Rule 2016, Pattis & Smith has not shared or agreed to share (a) any of its compensation from the representation of Debtor with any other persons, or (b) any compensation any other persons have received, may have received, or will receive.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 20, 2023,

By: */s/ Norman A. Pattis*
Norman A. Pattis

**EXHIBIT 25**

## SCHEDULE 1

## TO PATTIS DECLARATION

### SEARCHED PARTIES

Debtor & Professionals

| | |
|---|---|
| Crowe & Dunlevy, P.C. | BlackBriar Advisors, LLC |
| Jordan & Ortiz, P.C | Rachel Kennerly, LLC |

Largest 20 Unsecured Creditors & Litigation Claimants

| | |
|---|---|
| Elevated Solutions Group | Dona Soto |
| Atomial LLC | Erica Lafferty |
| Cloudfare, Inc. | Francine Wheeler |
| Jacquelyn Blott | Ian Hockley |
| Joel Skousen | Jacqueline Barden |
| eCommerce CDN LLC | Jennifer Hensel |
| Paul Watson | Jeremy Richman |
| Greenair, Inc. | Jillian Soto |
| Edgecast, Inc. | Leonard Pozner |
| Ready Alliance Group, Inc. | Marcel Fontaine |
| Getty Images, Inc. | Mark Barden |
| RatsMedical.com | Neil Heslin |
| David Icke Books Limited | Nicole Hockley |
| WWCR | PQPR Holdings Limited, LLC |
| CustomTattoNow.com | Robert Parker |
| AT&T | Scarlett Lewis |
| Justin Lair | Veronique De La Rosa |
| Brennan Gilmore | William Sherlach |
| Carlee Soto-Parisi | William Aledenberg |
| Carlos Soto | Larry Klayman |
| Christopher Sadowski | Randazza Legal Group |

Additional Unsecured Creditors

| | |
|---|---|
| Security Bank of Crawford | Amazon.com, Inc. |
| City of Austin | High Gabriel Water Supply |
| Texas Gas Service | Corporation d/b/a Texas Water |
| Travis County MUD 3 | Spectrum |
| Texas Disposal Systems, Inc. | Travis County WCID 17 |
| Netflix, Inc. | Sirius XM Holdings, Inc. |
| Hulu, LLC | AT&T, Inc. |
| HBOMax | Robert Schmidt |

**EXHIBIT 25**

Attorneys for Creditors and Parties in Interest

Kaster Lynch Farrar & Ball LLP
Koskoff Koskoff & Bieder
Zeisler & Zeisler P.C.
The Akers Law Firm PLLC
Waller Lansden Dortch & Davis, LLP
McDowell Hetherington LLP
Martin, Disiere, Jefferson & Wisdom L.L.P.

Cain & Skarnulis PLLC
Chamberlain, Hrdlicka, White, Williams & Aughtry P.C.
McCarthy & Holthus, LLP
Copycat Legal PLLC
Akin Gump Strauss Hauer & Feld LLP
Law Offices of Ray Battaglia, PLLC

U.S. Bankruptcy Judges and Staff

Chief Judge David R. Jones
Judge Marvin Isgur
Judge Christopher M. Lopez
Judge Jeffrey P. Norman
Judge Eduardo V. Rodriguez
Albert Alonzo
Ana Castro

Tracey Conrad
Jeannie Chavez
LinhThu Do
Tyler Laws
Kimberly Picota
Vriana Portillo
Mario Rios

U.S. Trustee Personnel

Alicia Barcomb
Jacqueline Boykin
Luci Johnson-Davis
Hector Duran
Barbra Griffin
Brian Henault
Linda Motton
Ha Nguyen
Glenn Otto
Yasmin Rivera

Jayson B. Ruff
Millie Sall
Patricia Schmidt
Christy Simmons
Gwen Smith
Stephen Statham
Christopher R. Travis
Clarissa Waxton
Jana Whitworth

**EXHIBIT 25**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ALEXANDER E. JONES** | § | **Case No. 22-33553** |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | |

**ORDER APPROVING EXPEDITED APPLICATION OF DEBTOR FOR AN ORDER
AUTHORIZING EMPLOYMENT OF PATTIS & SMITH LLC,
AS SPECIAL COUNSEL UNDER 11 U.S.C. 327(e) AND 328(a)**

Upon the application (the "Application")[1] filed by Debtor to retain and employ Pattis & Smith, LLC ("Pattis & Smith") pursuant to Bankruptcy Code §§ 327(e), 328(a) and 330 and Bankruptcy Local Rule 2014-1, as more fully set forth in the Application and all exhibits and attachments to the Application; and upon the Court's finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the Application and the Pattis Declaration are in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, and Orders and procedures of this Court; (v) Pattis & Smith does not represent an interest adverse to Debtor's estate with respect to the matters upon which it is to be engaged; (vi) Pattis & Smith is qualified to represent Debtor's estate under § 327(e) and 328(a) of the Bankruptcy Code; (vii) the terms of Pattis & Smith's employment have been disclosed and are reasonable under the circumstances; (viii) proper and adequate notice of the Application, the deadline to file any objections to the Application, and the hearing thereon was given, and no other or further notice is necessary; (ix) the legal and factual

---

[1] Capitalized terms not defined herein have the meaning set forth in the Application.

**EXHIBIT 25**

bases set forth in the Application establish just cause for the relief granted herein; (x) the relief sought in the Application is in the best interest of Debtor's estate; (xi) any timely objection to the Application having been withdrawn or overruled for the reasons stated on the record at the hearing on the Application; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      In accordance with Bankruptcy Code §§ 327(e), 328(a), and 330 and Bankruptcy Local Rule 2014-1, Debtor is authorized to employ and retain Pattis & Smith as special counsel, under the terms and conditions set forth in the Application and the Engagement Letter attached to the Application as Exhibit A.

2.      Pattis & Smith is authorized to perform Professional Services for Debtor that are necessary or appropriate in connection with serving as special counsel in connection with the Connecticut Sandy Hook Lawsuits.

3.      Pattis & Smith shall be compensated for its fixed fees and expenses in accordance with the terms and conditions of the Engagement Agreement, as set forth in the Application and subject to the procedures Bankruptcy Code §§ 330 and 331 of the Bankruptcy Code, and in accordance with applicable Federal Rules of Bankruptcy Procedure, Local Rules, and any orders of this Court.

4.      Notwithstanding any contrary payment provisions in writing between the Debtor and Pattis & Smith, the Debtor shall be liable to Pattis & Smith for only $125,000 of the total flat fee and $10,000 of the total flat expenses upon entry of this Order.

5.      This order shall be immediately effective and enforceable upon entry.

6.      This order, and all acts taken in furtherance or reliance thereon, shall be effective notwithstanding any objection until further order of this Court.

EXHIBIT 25

7.      Notwithstanding anything to the contrary in the Application, the Engagement Agreement, or the Declaration attached to the Application, Pattis & Smith shall not be entitled to reimbursement of expenses or fees from Debtor in connection with any objection to its fees, without further order of the Court.

8.      Pattis & Smith shall not charge a markup to Debtor with respect to any fees billed by contract attorneys who are hired by Pattis & Smith to provide services to Debtor and shall ensure that any such contract attorneys are subject to conflicts checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

9.      Pattis & Smith shall use its reasonable efforts to avoid any duplication of services provided by any of Debtor's other retained professionals.

10.     Pattis & Smith will review its files periodically during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Pattis & Smith will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration as required by FED. R. BANKR. P. 2014(a).

11.     To the extent that any of the Application, the Pattis Declaration, or the Engagement Agreement are inconsistent with this Order, the terms of the Order shall govern.

12.     Debtor and Pattis & Smith are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

13.     Notice of the Application provided by Debtor is deemed to be good and sufficient notice of the Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

**EXHIBIT 25**

14.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated: _____, 2023


_____
**UNITED STATES BANKRUPTCY JUDGE**