**EXHIBIT 32**

# THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 22-33553** |
| **ALEXANDER E. JONES** | § | **(Chapter 7)** |
| | § | |
| **Debtor.** | § | |

### TRUSTEE'S APPLICATION TO EMPLOY N&N FORENSICS, LLC AS FORENSIC IT PROFESSIONAL *NUNC PRO TUNC TO SEPTEMBER 4, 2024*

THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**TO THE HONORABLE CHRISTOPHER M. LOPEZ,**
**UNITED STATES BANKRUPTCY JUDGE:**

Christopher R. Murray, in his capacity as the chapter 7 trustee ("**Trustee**") for bankruptcy estate ("**Estate**") of Alexander E. Jones ("**Debtor**") files this *Application to Employ N&N Forensics, LLC as Forensic IT Professional Nunc Pro Tunc to September 4, 2024* (the "**Application**"), and respectfully states the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is property in this district pursuant

EXHIBIT 32

to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested are 11 U.S.C. §§ 327 and 328.

2.      This Court has constitutional authority to enter a final order regarding this matter because the employment of professionals by a bankruptcy trustee has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable to the matter at hand.

### BACKGROUND

3.      The Debtor filed for an individual chapter 11 bankruptcy on December 2, 2022 ("**Petition Date**"). On June 14, 2024, the Court entered an *Order Converting Chapter 11 Case* [DE 708] thereby converting the Debtor's chapter 11 case to one under chapter 7. Christopher R. Murray was duly appointed as the chapter 7 trustee for the Debtor's Estate.

4.      The Debtor is the 100% owner of Free Speech System LLC ("**FSS**"). FSS filed a petition for relief under chapter 11 subchapter V of the Bankruptcy Code on July 29, 2022. FSS's bankruptcy proceeding was Case No. 22-60043. On June 14, 2024, the Court entered an *Order* [DE 956, FSS Bankruptcy] dismissing FSS's bankruptcy proceeding ("**Dismissal Order**"). In the Dismissal Order, the Court directed the CRO of FSS to transfer control and signing authority for FSS' bank accounts to Christopher R. Murray, in his capacity as the Trustee for the Alexander E. Jones bankruptcy estate. The Court also retained exclusive jurisdiction over various other matters under the Dismissal Order.

5.      The Court later issued its *Order Supplementing Order Dismissing Case* [DE 1021, FSS Bankruptcy]("**Supplemental Dismissal Order**") clarifying that:

> 1. Effective as of the entry of the [Dismissal Order], pursuant to Section 349(b), **all** property of the estate of Debtor Free Speech Systems, LLC [sic] shall be deemed to have vested in the bankruptcy estate of Alexander E. Jones, Case No. 22-33553, as property of that estate pursuant to Section 541 and shall be under the control of the trustee of such estate [sic].

EXHIBIT 32

[. . .]

2. The Chapter 7 Trustee is authorized to operate the business of FSS pursuant to Section 721 for a period not to exceed one-year, absent further order of this Court.

Supplemental Dismissal Order at ¶ 1-2 (emphasis added).

6.      The property of the Debtor's estate, which includes FSS and the assets that been in the FSS estate, include electronic information, documents, and other data that needs to be collected, reviewed, and preserved. The Trustee seeks to engage N&N Forensics, LLC ("**N&N**") to provide digital forensics, consulting, and related IT/cyber claims services for the Estate. These services include but are not limited to: securely collecting data from various sources (cell phones, computers, accounts, servers, network, cloud storage, etc.), conducting data analysis, writing reports, and reviewing cyber claims, (collectively, "**Services**"). These services are set forth in additional detail in the Engagement Agreement attached to this Application as **Exhibit 1**.

7.      N&N is not a creditor of the Debtor and was not employed by Debtor prepetition.

8.      The Trustee believes that retaining N&N is necessary for administration of the Estate and is in the best interest of the Estate and its creditors.

### RELIEF REQUESTED

9.      The Trustee seeks the employment and retention of N&N pursuant to 11 U.S.C. § 327(a), *nunc pro tunc* to September 4, 2024, the date N&N first provided Services to the Trustee. In support of this Application, the Trustee also submits the declaration of Pat Newton (the "**Newton Declaration**"), attached hereto as **Exhibit 2** and incorporated by reference herein.

### EMPLOYMENT OF N&N

**B. Qualifications**

10.     N&N is a comprehensive service provider specializing in E-Discovery and Litigation Support, boasting an extensive 25-year track record in the field. N&N's expertise

EXHIBIT 32

encompasses consulting, data processing, IT consulting, forensics collections, and expert witness services. N&N serves a diverse clientele, ranging from small businesses to large corporations.

11.     Pat Newton is experienced in forensics collections, cybersecurity breaches, and IT support and will serve as the lead professional on this engagement.

12.     The Trustee has retained Mr. Newton and N&N to provide similar services in unrelated cases in this district, including *In re White Oak Resources VI, LLC, et al.,* Case No. 23-60043. The Trustee believes that Mr. Newton's and N&N's wealth of knowledge makes them well qualified to provide the Services and that the retention of N&N is in the best interest of the Debtors, their respective estates, and any other parties-in-interest.

**B.   N&N is "Disinterested"**

13.     Under section 327(a) of the Bankruptcy Code, the Trustee is authorized to employ one or more professional persons that do not hold or represent an interest adverse to the estate and that are "disinterested persons", as the term is defined in section 101(14) of the Bankruptcy Code, to represent or assist the Trustee in carrying out his duties under the Bankruptcy Code.

14.     Section 101(14) defines "disinterested persons" as a person that:

     a.     is not a creditor, an equity security holder, or an insider;

     b.     is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

     c.     does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

15.     The requirements of 327(a) are met so long as the professional is able to "serve in the nest interests of the estate while preserving the integrity of the bankruptcy process," and does

**EXHIBIT 32**

not "represent an interest adverse to the estate." 3 Collier on Bankruptcy ¶ 327.04(2)(a)(i)-(2)(b) (Alan N. Resnick & Henry J. Sommers eds. 16th ed.).

16.      Except as otherwise disclosed in the Newton Declaration,  N&N (a) does not represent any other entity having an adverse interest in connection with this bankruptcy case; (b) is "disinterested" as that term is defined in section 101 of the Bankruptcy Code; (c) is not a creditor of the Debtor and is not owed money by the Debtor; and (d) does not represent or hold any interest adverse to the interest of the bankruptcy estate with respect to the matters for which it is to be employed.

17.      Neither N&N nor its professionals have any connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as set forth in the Newton Declaration.

## COMPENSATION AND TERMS OF EMPLOYMENT

18.      In consideration for the services provided, and subject to Court approval, N&N will seek compensation for its services on an hourly rate basis. The hourly rates charged by N&N are based upon, among other things, the experience and expertise required to provide a particular type of service and the type of services being provided.

19.      N&N's hourly rates are set forth below and in more detail in the Engagement Letter:

| Service Type | Service Rate ($ USD) |
|---|---|
| **Digital Forensics Consulting**<br><br>*Includes:*<br><br> • *ESI Collections,* | 250 (Hourly) |

**EXHIBIT 32**

| | |
|---|---|
| ● *Data Analysis, &*<br>● *Report Writing* | |
| **Travel** | 175 (Hourly) |
| **Expert Witness Services**<br><br>*Includes:*<br><br>● *(4hr min.) Attendance for EUO, Deposition, Mediation, Trial, &*<br>● *Document Writing for Affidavit, Declaration* | 500 (Hourly) |
| **Expenses** | At cost |

20.     In addition to compensation for professional services, N&N will seek reimbursement for actual, reasonable, and necessary expenses incurred in connection with its retention.

21.     N&N's will submit an application for approval of the compensation of its fees and reimbursable expenses for the Services, in compliance with sections 330 and 331 of the Bankruptcy Code, and any applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and/or fee procedures and orders of the Court.

22.     N&N did not receive a retainer prior to commencement of services to the Trustee.

23.     In accordance with Bankruptcy Rule 2016(b), N&N has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person or (b) any compensation another person or party has received or may receive.

**EXHIBIT 32**

**STATEMENT PURSUANT TO BLR 2014-1(B)(2)**

24.     This Application seeks the approval of the employment of N&N more than 30 days after N&N commenced provision of services and seeks to make the authority retroactive to the date N&N commenced provision of services.

25.     BLR 2014-1(b) provides that an application for approval of the *nunc pro tunc* employment of a professional made more than 30-days after the professional commences provision of services must include:

a)  An explanation of why the application was not filed earlier;

b)  An explanation why the order authorizing employment is required *nunc pro tunc*;

c)  An explanation, to the best of the applicant's knowledge, how approval of the application may prejudice any parties-in-interest.

*See In re Lyon*, 439 B.R.401, 404-05 (Bankr. S.D. Tex. 2010).

26.     In *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano,* 140 S.Ct. 696 (2020), the U.S. Supreme Court cautioned the use of *nunc pro tunc* orders in the following circumstances: (i)  a court may not use a *nunc pro tunc* order to correct a party's untimely filing; and (ii) a court may not use a *nunc pro tunc* order on a timely filed pleading if doing so would "revise the record to reflect a fact that did not occur." *In re Ramirez,* 633 B.r. 297, 306 (Bankr. W.D. Tex. 2021)(discussing the Supreme Court's decision in *Acevedo*)("where *nunc pro tunc* order rewrites history, the order is inappropriate). The *Acevedo* holding, however, does not preclude the retroactive employment of professionals because "Chapter 3 of the Bankruptcy Code anticipates and authorizes retroactive relief." *Id.* (citing *In re Benitez*, No. 8-19-70230, 2020 WL 1272258, at *1–2 (Bankr. E.D.N.Y. Mar. 13, 2020)("once having been retained, the bankruptcy court is free to compensate [the estate professional] for services rendered to the estate at any time");

**EXHIBIT 32**

*see* 11 U.S.C. §§ 327, 330. In the Southern District of Texas, the Hon. Marvin Isgur has also addressed the *Acevedo* issue where he concluded "[o]rders that retroactively authorize employment do not alter the historic landscape" of the case. *In re Ramirez,* 633 B.R. at 307 (quoting *In re Mohiuddin*, 627 B.R. 875, 882 n. 5 (Bankr. S.D. Tex. 2021)).

27. The Trustee first requested assistance from N&N on or around September 4, 2024 as part of his evaluation of the Debtor's assets, which included electronic information, data, and intellectual property. There were potential disputes over whether the Trustee could retain professionals with respect to FSS and its assets. The Court has since (as of September 25, 2024) entered the Supplemental Dismissal Order clarifying the effect of FSS' dismissal and making it crystal clear that the Trustee controls the assets that had been a part of FSS' estate.

28. For these reasons, the Trustee now files this Application and believes that *nunc pro tunc* relief is reasonable under the circumstances. The Trustee does not believe that any party will be prejudiced by the employment of N&N for this engagement since a professional is needed to examine, preserve, and analyze any of the electronic data. The Trustee believes that *nunc pro tunc* relief is not precluded by *Acevedo* because this Application is not an untimely filing because 11 U.S.C. 327(a) does not place a deadline on when a Trustee may seek employment of professionals. And finally, the *nunc pro tunc* employment of N&N does not alter the historic landscape of the case because courts are "not prohibited from compensating professionals under § 330 for work performed prior to the effective date of employment". *In re Ramirez*, 633 B.R. at 307 (quoting *In re Wellington*, 628 B.R. 19, 25 (Bankr. M.D.N.C. 2021)); *see In re Benitez*, 2020 WL 1272258, at *1-2.

**EXHIBIT 32**

**PRAYER**

The Trustee respectfully requests that this Court grant the relief requested in this Application and grant the Trustee such other and further relief to which he may be entitled, both at law and in equity.

Dated: October 10, 2024

Respectfully submitted,

By: */s/Jacqueline Q. Chiba*
Erin E. Jones (Bar No. 24032478)
erin@jonesmurray.com
Jacqueline Q. Chiba (Bar No. 24116899)
jackie@jonesmurray.com
**JONES MURRAY LLP**
602 Sawyer Street, Suite 400
Houston, TX 77007
Telephone: (832) 529-1999
Facsimile: (832) 529-3393

*AND*

Joshua W. Wolfshohl (Bar No. 24038592)
jwolfshohl@porterhedges.com
Michael B. Dearman (Bar No. 24116270)
mdearman@porterhedges.com
Jordan T. Stevens (Bar No. 24106467)
jstevens@porterhedges.com
Kenesha L. Starling (Bar No. 24114906)
kstarling@porterhedges.com
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248

**COUNSEL FOR CHRISTOPHER R. MURRAY, CHAPTER 7 TRUSTEE**

**EXHIBIT 32**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the forgoing was served on October 10, 2024 through the Court's ECF system on all parties registered to receive such service in this case, which includes the Debtor and the U.S. Trustee, and/or by U.S. First Class Mail, postage prepaid, on all parties entitled to notice.

*/s/ Jacqueline Q. Chiba*
Jacqueline Q. Chiba