**EXHIBIT 33**

**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 22-33553** |
| **ALEXANDER E. JONES** | § | **(Chapter 7)** |
| | § | |
| **Debtor.** | § | |

**TRUSTEE'S APPLICATION TO EMPLOY HMP ADVISORY**
**HOLDINGS, LLC D/B/A HARNEY PARTNERS AS FINANCIAL ADVISOR**

THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**TO THE HONORABLE CHRISTOPHER M. LOPEZ,**
**UNITED STATES BANKRUPTCY JUDGE:**

Christopher Murray, acting in his capacity as the chapter 7 trustee (the "**Trustee**") for bankruptcy estate of Alexander E. Jones files this *Application to Employ HMP Advisory Holdings, LLC d/b/a Harney Partners as Financial Advisor* (the "**Application**") and respectfully shows the Court as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is property under 28 U.S.C. §§ 1408-09.

**EXHIBIT 33**

2.       This Court has constitutional authority to enter a final determination on this matter under *Stern v. Marshall* because the employment of professionals by a bankruptcy trustee is "derived upon bankruptcy law" and the "bankruptcy itself." *Stern v. Marshall,* 131 S.Ct. 2594, 2618 (2011).

### PROCEDURAL HISTORY

3.       Alexander E. Jones (the "**Debtor**" or "**Alex Jones**") was the 100% owner of Free Speech Systems LLC ("**FSS**"), a Texas limited liability company.

4.       FSS filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 29, 2022. The FSS bankruptcy proceeding was Case No. 22-60043 (Bankr. S.D. Tex.) and was pending before this Court (the "**FSS Bankruptcy**").[1]

5.       Alex Jones, himself, later filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on December 2, 2022 ("**Petition Date**"). Alex Jones' personal bankruptcy proceeding is Case No. 22-33553 (Bankr. S.D. Tex.), also pending before this Court (the "**AJ Bankruptcy**").[2]

6.       On June 5, 2024, Alex Jones filed a motion at DE 684 [AJ Docket] seeking to convert his personal case from a chapter 11 proceeding to a chapter 7 proceeding.

7.       On June 14, 2024, the Court entered an Order at DE 708 [AJ Docket] converting the AJ Bankruptcy to chapter 7 and Christopher Murray was duly appointed as the chapter 7 trustee over the bankruptcy estate of Alex Jones (the "**AJ Estate**").

8.       Also on June 14, 2024, the Court entered an Order at DE 956 in the FSS Bankruptcy that dismissed the FSS Bankruptcy proceeding ("**Dismissal Order**"). Under the Dismissal Order,

---

[1] In this Application any references to docket filings from the FSS bankruptcy are labeled with "[FSS Docket]".

[2] In this Application any references to docket filings from the AJ Bankruptcy are labeled with "[AJ Docket]".

**EXHIBIT 33**

the Court directed the CRO of FSS to transfer control and signing authority of FSS' bank accounts to Christopher Murray, in his capacity as the Trustee for the AJ Estate. The Court further retained exclusive jurisdiction over certain matters, including various adversaries and litigation claims.

9.       The Court later issued a supplemental Order at DE 1021 [FSS Docket] that clarified the effect of the Dismissal Order ("**Supplemental Dismissal Order**") by providing that:

> 1. Effective as of the entry of the [Dismissal Order], pursuant to Section 349(b), all property of the estate of Debtor Free Speech Systems, LLC [sic] shall be deemed to have vested in the bankruptcy estate of Alexander E. Jones, Case No. 22-33553, as property of that estate pursuant to Section 541 and shall be under the control of the trustee of such estate [sic].
>
> [. . . ]
>
> 2. The Chapter 7 Trustee is authorized to operate the business of FSS pursuant to Section 721 for the period not to exceed one-year, absent further order of this Court.

*See* DE 1021 [FSS Docket](Supplemental Dismissal Order at § 1-2).

## RELIEF REQUESTED

10.      The Trustee requests authority from the Court pursuant to 11 U.S.C. §105(a), §327(a), §330, and §331 to retain and employ as his financial advisor in this case, with an effective employment date of <u>December 2, 2024</u>.

11.      The Trustee believes that employing Harney Partners as financial advisor is necessary to: (i) prepare monthly operating reports ("**MORs**"); (ii) conduct a forensic review of FSS' books and records to ensure that those are accurate, complete, and ready to be closed for the end of the year and the preparation of tax returns; (iii) provide consulting and litigation support as part of the evaluation and potential prosecution of claims and causes of action; and (iv) provide other services as needed to assist the Trustee with the administration of the AJ Estate and/or FSS.

## BASIS FOR RELIEF REQUESTED

**EXHIBIT 33**

12.     11 U.S.C. § 327(a) allows a trustee to employ one or more professionals to assist or represent him in carrying out his duties under the Bankruptcy Code, as long as they are considered to be a "disinterested persons," as that term is defined in Section 101(14) of the Bankruptcy Code, and do not hold or represent an interest adverse to the estate.

13.     11 U.S.C. § 105(a) provides that a bankruptcy court may issue any order, process, or judgment necessary or appropriate to carry out provisions of the Bankruptcy Code.

14.     Property of the bankruptcy estate consists of all property, rights, claims, and interests that the Debtor had as of the Petition Date, which includes the Debtor's 100% membership interest in FSS. *In re Advanced Modular Power Sys., Inc.,* 413 B.R. 643, 670-71 (Bankr. S.D. Tex. 2009)(citing Section 541 of the Bankruptcy Code); *see generally, In re Envision Healthcare Corp.,* 655 B.R. 701 (Bankr. S.D. Tex. 2023).

15.     When the Debtor filed his bankruptcy case, his interest in FSS "became part of the bankruptcy estate and therefore subject to the control of the Trustee." *In re Monsivais,* 274 B.R. 263, 265 (Bankr. W.D. Tex. 2002). Upon conversion of the AJ Bankruptcy case, the Trustee originally took control of FSS in accordance with Texas law. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)(a debtor's pre-bankruptcy rights are determined according to state law). Since FSS was being operated under Texas law, the Trustee did not believe that preparing and filing monthly operating reports in the AJ Bankruptcy case was necessary. However, the Supplemental Dismissal Order has since made it clear that the effect of the FSS Bankruptcy dismissal was that the assets of the FSS Estate vested in the AJ Bankruptcy Estate. In addition, the Supplemental Dismissal Order authorized the Trustee to operate FSS under Section 721 of the Bankruptcy Code.

**EXHIBIT 33**

16.     Accordingly, the Trustee now believes that it is necessary for him to prepare and file MORs in the AJ Bankruptcy case and requires the assistance of Harney Partners to provide that support, along with other financial and consulting support, as set forth in the Engagement Letter attached as **Exhibit 1**.

17.     FSS does have in-house accounting/financial staff and has used outside providers for various financial matters and reporting in the past. However, due to the transition from FSS' CRO through the chapter 11 proceeding, and then into the conversion of this case, the Trustee believes that the employment of an independent financial advisor in Harney Partners, who has substantial experience in the bankruptcy context, to prepare, review, evaluate, verify, and advise the Trustee on the Alex Jones and FSS-related financial matters is in the best interests of the estate, its creditors, and stakeholders,

## KEY TERMS OF EMPLOYMENT

18.     The Trustee's proposes to retain Harney Partners on an hourly fee basis, with an effective employment date of <u>December 2, 2024</u>, pursuant to the terms of the Engagement Letter. Karen Nicolaou (Managing Director) will act as the lead professional on this engagement but may be assisted by other Harney Partners professionals. The Declaration of Karen Nicolaou ("**Nicolaou Declaration**") is attached as **Exhibit 2** in support of this Application.

19.     **Scope of Services.** It is anticipated that Harney Partners will provide the following financial, accounting, consulting and litigation support services:

(i)     <u>Preparation of MORs</u>: Assisting the Trustee with the preparation and filing monthly operating reports relating to the operation of FSS.

(ii)    <u>Forensic Review of Books and Records of FSS</u>: Undertaking a review of the books and records of FSS, initially from the time of conversion, June 14, 2024, to present date.

**EXHIBIT 33**

(iii)    Litigation Support: Assisting in the evaluation and potential prosecution of claims and causes of action of the estate and FSS.

(iv)    Other Duties:  Providing other services as agreed to by the Trustee and HP from time to time to assist in the administration of the Estate and/or FSS.

20.    **Qualifications.** Harney Partners is a nationally recognized corporate advisory firm that has assisted hundreds of organizations and their stakeholders through complex financial and operational challenges. Harney Partners has won numerous regional and national awards and accolades, include the Turnaround Management Association's (TMA) Turnaround of the Year, the TMA Transaction of the Year, and the M&A Advisor Out-of-Court Restructuring of the year for its successful engagements and services. Harney Partners has over 30+ years of specialized experience providing advisory services, turnaround consulting, financial assessments, analyses, internal audits, and expert reports and testimony to debtors, creditors, and other parties involved in business turnarounds, restructuring, bankruptcy, regulatory compliance, risk management, and complex litigation matters.

21.    Harney Partners' professionals, including Karen Nicolaou, have substantial experience in the business restructuring, insolvency, and bankruptcy context. Ms. Nicolaou graduated from the University of Texas with a B.A. in Accounting and is a Certified Public Accountant (CPA) and a Certified Valuation Analyst (CVA). She has over 30+ years of experience managing and supporting companies in distressed and transitory situations and has been responsible for accounting and financial management, mergers and acquisitions, due diligence, valuations, forensic accountings, cash management, asset liquidation, out-of-court restructures, and interim crisis management for clients operating across multiple industries.

22.    Ms. Nicolaou may be supported by a Senior Manager, Senior Consultant, or other Harney Partner professional as may be needed to provide the requested services.

**EXHIBIT 33**

23.     Consistent with this Harney Partner's firm policy, a member of senior management will maintain a general supervisory role. However, to be clear, it is anticipated and intended that the vast majority of the hours billed for this engagement will be provided by Ms. Nicolaou and Harney Partner personnels at the more junior staffing levels.

24.     **Compensation.** Harney Partners is seeking compensation at its normal hourly rates for the services provided in connection with this engagement. The hourly rates charged by the Harney Partners' professionals depend on the role, title, and experience of the professional. The normal hourly rates are set forth below:

| | |
|---|---|
| President / EVP | $600 to $700 / hour |
| Managing Director | $500 to $600 / hour |
| Sr. Manager / Director | $400 to $500 / hour |
| Manager | $350 to $450 / hour |
| Sr. Consultant | $275 to $400 / hour |
| Support Staff | $180 to $275 / hour |

25.     In addition to compensation for professional services, Harney Partners will seek reimbursement for it actual, reasonable, and necessary expenses incurred in connection with the services being provided for this engagement. Expenses will be charged at actual cost.

26.     Harney Partners understands that its fees and expenses for this engagement are subject to the Court's Interim Compensation Procedure Order at DE 793 [AJ Docket] and other applicable provisions of the Bankruptcy Code.

27.     **Disinterestedness.** In connection with the proposed retention, Harney Partners was provided with a potential Interested Parties List, attached to the Nicolaou Declaration as Appendix 1. Except as set forth in the Nicolaou Declaration, Ms. Nicolaou, Harney Partners and its directors, do not have any connection with the parties on this list, their attorneys and accountants, the U.S. Trustee or any person employed in the office of the U.S. Trustee.

**EXHIBIT 33**

28.     Except as disclosed in the Nicolaou Declaration, neither Ms. Nicolaou nor Harney Partners or any of its directors, are creditors, equity holders, or insiders of the Debtor or FSS, nor does Ms. Nicolaou, Harney Partners or any of its directors have any direct or indirect relationship to, connection with, or interest in, the Debtor or FSS that is materially adverse to the interest of the estate, the Debtor, or its creditors.

29.     Should Harney Partners later learn of a potential conflict of interest or disqualifying connection, it will submit a supplemental disclosure.

30.     The Trustee submits that Ms. Nicolaou and Harney Partners qualify as a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b), possess the requisite expertise and background to handle the matters in which they are being retained, and are therefore respectively qualified to be employed pursuant to § 327(a) of the Bankruptcy Code.

## **PRAYER**

The Trustee respectfully requests that this Court grant the relief requested and any such other and further relief to which the Court deems appropriate, both in at law and in equity.

**EXHIBIT 33**

Dated: December 6, 2024

Respectfully submitted,

By: */s/Jacqueline Q. Chiba*
Erin E. Jones (Bar No. 24032478)
erin@jonesmurray.com
Jacqueline Q. Chiba (Bar No. 24116899)
jackie@jonesmurray.com
**JONES MURRAY LLP**
602 Sawyer Street, Suite 400
Houston, TX 77007
Telephone: (832) 529-1999
Facsimile: (832) 529-3393

*AND*

Joshua W. Wolfshohl (Bar No. 24038592)
jwolfshohl@porterhedges.com
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248

**COUNSEL FOR CHRISTOPHER R.
MURRAY, CHAPTER 7 TRUSTEE**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the forgoing was served on December 6, 2024 through the Court's ECF system on all parties registered to receive such service in this case, which includes the Debtor and the U.S. Trustee, and/or by U.S. First Class Mail, postage prepaid, on all parties on the Debtor's mailing matrix.

*/s/ Jacqueline Q. Chiba*
Jacqueline Q. Chiba