EXHIBIT 35

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:                          )
                                )     CHAPTER 11
ALEXANDER E. JONES              )     CASE NO. 22-33553
                                )
          Debtor.               )

CERTIFICATE OF NONAPPEARANCE FOR THE

VIDEO-RECORDED ORAL DEPOSITION OF

FED. R. CIV. P. 30(b)(6) REPRESENTATIVE OF

TEXAS PLAINTIFFS

Monday, February 3, 2025

I, MICHAEL E. MILLER, CSR, FAPR. RDR, CRR, Certified Shorthand Reporter in and for the State of Texas, hereby certify to wit:

That I appeared at the specified Zoom link provided to all parties on Monday, February 3, 2025 to report the VIDEO-RECORDED ORAL DEPOSITION of Fed. R. Civ. P. 30(b)(6) REPRESENTATIVE OF TEXAS PLAINTIFFS pursuant to Notice (attached hereto as Exhibit A), scheduled for 9:00 a.m. CST.

That by 9:30 a.m. CST, the witness, Fed. R. Civ. P. 30(b)(6) REPRESENTATIVE OF TEXAS PLAINTIFFS, had not appeared for said deposition.  Present for the deposition

via Zoom were:

Ben Broocks, Counsel for Alexander E. Jones

William Broocks, Counsel for Alexander E. Jones

Bryan Birmingham, Videographer

At that time, the following was stated for the record:

MR. WILLIAM BROOCKS:  This is William Broocks on behalf of the debtor, Alex Jones and FSS, and we are on the record today.

It is February 3rd at 9:30 a.m.  This is for the deposition of the Texas Plaintiffs who have been noticed in the deposition, a notice that is included here in the record, and there is a nonattendance on behalf of the Texas Plaintiffs, the representative of the Texas Plaintiffs.

And there's nothing further to go forward with.

--o0o--

I further certify that I am neither employed by nor related to any attorney or party in this matter and have no interest, financial or otherwise, in its outcome.

Given under my hand and seal of office on February 3, 2025.



MICHAEL E. MILLER
NCRA Registered Diplomate Reporter
NCRA Certified Realtime Reporter
Texas CSR No. 5417
Expiration Date: 12/31/2026
CONTINENTAL COURT REPORTERS, INC.
Firm Registration No. 61
Expiration Date: 1/31/2027
Two Riverway Building
2 Riverway, Suite 750
Houston, Texas 77056
(713) 522-5080

In Re: Alexander E. Jones

**EXHIBIT 35**

Reports, Texas Plaintiffs
February 3, 2025

**A**

**Alex (1)**
2:10
**Alexander (2)**
2:3,4
**attorney (1)**
2:22

**B**

**behalf (2)**
2:10,15
**Ben (1)**
2:3
**Birmingham (1)**
2:5
**Broocks (4)**
2:3,4,9,10
**Bryan (1)**
2:5

**C**

**certify (1)**
2:21
**Counsel (2)**
2:3,4

**D**

**debtor (1)**
2:10
**deposition (2)**
2:13,14

**E**

**employed (1)**
2:21

**F**

**February (2)**
2:12,25
**financial (1)**
2:23
**following (1)**
2:7
**forward (1)**
2:18
**FSS (1)**
2:10
**further (2)**
2:18,21

**G**

**Given (1)**
2:24

**H**

**hand (1)**
2:24

**I**

**included (1)**
2:14
**interest (1)**
2:23

**J**

**Jones (3)**
2:3,4,10

**M**

**matter (1)**
2:22

**N**

**neither (1)**
2:21
**nonattendance (1)**
2:15
**nor (1)**
2:21
**notice (1)**
2:14
**noticed (1)**
2:14

**O**

**o0o- (1)**
2:20
**office (1)**
2:24
**otherwise (1)**
2:23
**outcome (1)**
2:23

**P**

**party (1)**
2:22
**Plaintiffs (3)**
2:13,16,17

**R**

**record (3)**
2:8,11,15
**related (1)**
2:22
**representative (1)**
2:16

**S**

**seal (1)**
2:24
**stated (1)**
2:7

**T**

**Texas (3)**
2:13,16,16
**today (1)**
2:11

**U**

**under (1)**
2:24

**V**

**via (1)**
2:1
**Videographer (1)**
2:5

**W**

**William (3)**
2:4,9,9

**Z**

**Zoom (1)**
2:1

**2**

**2025 (1)**
2:25

**3**

**3 (1)**
2:25
**3rd (1)**
2:12

**9**

**9:30 (1)**
2:12

**EXHIBIT 35**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE:  ALEXANDER E. JONES | § | |
| | § | **CASE NO. 22-33553 (CML)** |
| | § | |
| **Debtor.** | § | **Chapter 7** |

---

**NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

To:     "**Texas Plaintiffs**" Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and the Estate of Marcel Fontaine by and through their attorneys of record: Jennifer J. Hardy, Stuart R. Lombardi, and Ciara A. Sisco Willkie Farr & Gallagher LLP (jhardy2@willkie.com, slombardi@willkie.com, csisco@willkie.com), Avi Moshenberg Lawson & Moshenberg PLLC (avi.moshenberg@lmbusinesslaw.com), Jarrod B. Martin Chamberlain, Hrdlicka, White, Williams, & Aughtry, PC (jarrod.martin@chamberlainlaw.com)

**PLEASE TAKE NAOTICE** that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Debtor, Alexander E. Jones will take the deposition of the representative of the Texas Plaintiffs who is prepared to testify about information known or reasonably available to the group referred to as the Texas Plaintiffs as specified in **Schedule A**.  This deposition will take place at Porter Hedges, LLP, 1000 Main Street, 36th Floor, Houston, Texas 77002, which may be accessed virtually at:   https://texasdepos.remotecounsel.com/zoom/meeting/MTg4ODM3   and will commence at 9:00 am CST on Monday, February 3, 2025, unless the parties mutually agree to hold the deposition on a different date or time and/or different location.

This deposition will be taken by stenographic and video means before an officer authorized to administer oaths and will continue from day to day until completed.  The deposition will be taken for purposes of discovery, for use at trial in this matter, and for any other purpose permitted under the Federal Rules of Civil Procedure.



**EXHIBIT**

**A**

TX PLAINTIFFS 2/3/25

1

**EXHIBIT 35**

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rules 30 and 37 of the Federal Rules of Civil Procedure, the deponent is to produce the documents identified in **Exhibit A** attached to this Notice by Saturday, February 1, 2025 at 5:00 pm CST.

Dated: January 30, 2025

*/s/ Shelby A. Jordan*
SHELBY A. JORDAN
State Bar No. 11016700
S.D. No. 2195
ANTONIO ORTIZ
State Bar No. 24074839
S.D. No. 1127322
Jordan & Ortiz, P.C.
500 North Shoreline Blvd., Suite 804
Corpus Christi, TX 78401
Telephone: (361) 884-5678
Facsimile: (361) 888-5555
Email: sjordan@jhwclaw.com
aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com

**COUNSEL FOR ALEX JONES**

Ben C. Broocks
State Bar No. 03058800
Federal Bar No. 94507
William A. Broocks
St. Bar No. 24107577
Federal Bar No. 3759653
BROOCKS LAW FIRM P.L.L.C.
248 Addie Roy Road, Suite B301
Austin, Texas 78746
Phone: (512) 201-2000
Fax: (512) 201-2032
Email: bbroocks@broockslawfirm.com
wbroocks@broockslawfirm.com

**COUNSEL FOR ALEX JONES**

2

**EXHIBIT 35**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served through the Court's ECF noticing system on January 30, 2025.


/s/ Shelby A. Jordan
Shelby A. Jordan

**EXHIBIT 35**

## Instructions

Unless indicated otherwise, the period in which documents are requested is from June 1, 2024 to the present.

Please note these requests do not include any requests solely between and among (i) the parties known as the Connecticut Plaintiffs and lawyers who represent them and such lawyers staff; (ii) the parties known as the Texas Plaintiffs and lawyers who represent them and such lawyers' staff; or (iii) Chris Murray, and lawyers who represent him and such lawyers' staff.

If responsive documents are not being produced for any reason other than core attorney client or work product privilege, that withheld documents be logged on a privilege log.

We request the production be made of Documents, which means written materials and/or electronically stored information including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form

We request the production be made of Documents in their native form in a concordance production format, with metadata included (including images/text/natives, where applicable, along with load files, as well as the hash values for each such document).

Undefined capitalized terms have the following meanings:

a. "Trustee" means Christopher R. Murray, in his capacity as the duly appointed chapter 7 trustee for the Estate of Alex Jones.

b. "Settlement" means the settlement embodied or referenced in Dkt. 1011 styled "TRUSTEE'S EXPEDITED MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE SETTLEMENT BY AND BETWEEN THE CHAPTER 7 TRUSTEE, THE CONNECTICUT FAMILIES, AND THE TEXAS FAMILIES AND (II) GRANTING RELATED RELIEF" and attached proposed order.

c. "Connecticut Parties" means and includes Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Erica Ash.

d. "Texas Parties" means and includes "Texas Families" Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and the Estate of Marcel Fontaine.

e. "Global Tetrahedron" means and includes Global Tetrahedron, LLC.

4

EXHIBIT 35

## Exhibit A

1. All communications, documents, agreements, and proposals to or from, between or among, any of the Trustee and/or the Connecticut Parties and/or the Texas Parties and/or Global Tetrahedron concerning:

   a. the Settlement;

   b. the actual or potential purchase by Global Tetrahedraon of assets formerly owned by or involving Alex Jones, FSS, and /or Infowars, including without limitation any created or received after December 9, 2024;

   c. a Distributable Proceeds Waiver as considered, proposed or used in any past, present or future agreement involving any of the Trustee and/or the Connecticut Plaintiffs and/or the Texas Plaintiffs;

   d. the actual or potential purchase by FUAC of assets formerly owned by or involving Alex Jones, FSS, and /or Infowars, including without limitation any created or received after December 9, 2024;

   e. the Petition for Certification filed by Alex Jones and/or FSS with the Connecticut Supreme Court;

   f. the bankruptcy of Alex Jones; and

   g. the bankruptcy of FSS.

2. All documents, including but not limited to emails, text messages, memoranda, term sheets, settlement agreements, or other written communications, that reflect, refer to, or constitute any agreement, understanding, or discussion between any of the Texas Plaintiffs regarding: (a) the distribution, allocation, or equalization of the $430,000,000 in claims attributed to Pozner, De La Rosa, and the Estate of Marcel Fontaine, (b) how the judgment awarded to Lewis and Heslin, in the amount of $50,044,373 was factored into any distribution or allocation model, or (c) any effort to maintain or adjust the 75/25 split agreed to between the Connecticut and Texas Plaintiffs.

3. All documents that demonstrate how the amounts as demonstrated in the Settlement, Schedule 1 to Pozner, De La Rosa, and the Estate of Marcel Fontaine was calculated.

4. All communications between the Texas Plaintiffs and the Trustee that demonstrate or substantiate the amounts calculated in the Settlement, Schedule 1 to Pozner, De La Rosa, and the Estate of Marcel Fontaine.

5. All communications, including but not limited to emails, text messages, meeting notes, and memoranda, exchanged between any of the following: Lewis and Heslin on the one hand, and Pozner, De La Rosa, and the Estate of Marcel Fontaine on the other, or their respective

EXHIBIT 35

counsel regarding the Chapter 7 bankruptcy sale, the role of the Trustee, or the impact of appeals on their respective allocations.

6. All drafts and final versions of any agreements, letters of intent, or proposals between any of the following: Lewis and Heslin on the one hand, and Pozner, De La Rosa, and the Estate of Marcel Fontaine on the other, or their respective counsel concerning how the Texas Plaintiffs intend to divide or allocate any proceeds received from the Chapter 7 estate, including any agreements contingent upon the 363 sale of assets.

7. Any written agreement between or among, the Connecticut Plaintiffs on the one hand and Texas Plaintiffs on the other related discussing the arrangement that the Trustee will abandon the appeal taken on behalf of FSS to the Connecticut Supreme Court or take specific actions in the Connecticut Plaintiffs' favor.

8. Any written agreement between or among, the Connecticut Plaintiffs on the one hand and Texas Plaintiffs on the other related discussing the arrangement that the Trustee will abandon the appeal taken on behalf of FSS to the Connecticut Supreme Court in exchange for preserving the 75/25 split as contemplated in the Settlement.

9. Any written agreement between or among, the Connecticut Plaintiffs on the one hand and Texas Plaintiffs on the other related discussing the 75/25 split as contemplated in the Settlement.

10. All communications, documents, agreements, and proposals to or from, between or among, the Trustee on the one hand and either or both the Connecticut Plaintiffs and/or Texas Plaintiffs related to the Settlement.

11. All communications between the Texas Plaintiffs on the one hand and the Connecticut Plaintiffs on the other, associated with the appeal to the Southern District of Texas, Cause No. 4:24-CV-03882, *In re: Free Speech Systems LLC v. Neil Heslin, et al*.

EXHIBIT 35

## **Schedule A**

1. Knowledge or each and every document produced by the Texas Plaintiffs that has been requested in this Notice.

2. Knowledge of the bankruptcy proceeding of Alex Jones and FSS.

3. Knowledge of discussions between the Texas Plaintiffs on the one hand and the Trustee on the other.

4. Knowledge of discussions between the Texas Plaintiffs on the one hand and the Connecticut Plaintiffs on the other.

5. Knowledge of the Settlement and the amounts provided therein.

6. Knowledge of the any and all discussions that took place between the Texas Plaintiffs on the one hand and Global Tetrahedron on the other related to the sale of the assets of FSS.

7. Knowledge of the appeals that have been taken on behalf of FSS to the Connecticut Supreme Court.

8. Knowledge of the 75/25 split between and among the Connecticut Plaintiffs on the one hand and the Texas Plaintiffs on the other.