IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

IN RE: ALEXANDER E.        :

JONES                      :   C.A. NO. 22-33553 (CML)

                           :

     Debtor.               :   Chapter 7

*********************************************

CERTIFICATE OF NON-APPEARANCE

AND STATEMENT FOR THE RECORD

REPRESENTATIVE OF THE CONNECTICUT PLAINTIFFS

JANUARY 31, 2025

*********************************************

EXHIBIT 36

2

REMOTE APPEARANCES


FOR THE DEBTOR ALEX JONES:

    Mr. Ben C. Broocks
    Mr. William A. Broocks
    Broocks Law Firm P.L.L.C.
    248 Addie Roy Road, Suite B301
    Austin, Texas 78746
    Phone: (512) 201-2000
    bbrocks@broockslawfirm.com
    wbroocks@broockslawfirm.com


ALSO PRESENT:

    Mr. Russell McKean, videographer and Zoom host




                    E X H I B I T S

NO.              DESCRIPTION                          PAGE

Exhibit 1        Notice of Deposition and              3
                 Request for Production of
                 Documents

CONTINENTAL COURT REPORTERS, INC.
(713) 522-5080

EXHIBIT 36

I, ANDREA L. DESORMEAUX, Certified Shorthand Reporter in and for the State of Texas, do hereby certify that pursuant to Notice, I was present via remote videoconference from 9:00 a.m. until 9:30 a.m. on the 31st day of January, 2025, accompanied by Mr. Ben C. Broocks and Mr. William A. Broocks, and that neither the witness, A REPRESENTATIVE OF THE CONNECTICUT PLAINTIFFS, nor anyone purporting to represent them appeared.

At that time, the following statement for the record was made:

MR. BEN BROOCKS:  Good morning.  I'm Ben Broocks.  It is now 9:31 Central time, 10:31 Eastern time.  I would like to mark and attach to this transcript as Exhibit 1 the Notice of Deposition and Request for Production of Documents that was directed to a group called the "Connecticut Plaintiffs" who are referenced in the Trustee's Motion for Settlement that we're going to have a hearing on on Wednesday.  And the notice speaks for itself, but essentially it notices a 10:00 a.m. Eastern time -- which is 9:00 a.m. Central time -- deposition.  And we have been here today now for 30 minutes waiting for them to come and nobody is here.

I want this exhibit attached.  There's been no notice that any motions for protection have been filed, and certainly none ruled on, that I'm aware of.  And so I want this attached with a notation of the time and the 32 minutes now -- it is 9:32 -- that we

have waited.

I don't have anything further.

- - - - -

Subscribed and sworn to on this, the 31st day of January, 2025.

ANDREA L. DESORMEAUX, TEXAS CSR NO. 4835
Expiration Date:  December 31, 2026
CONTINENTAL COURT REPORTERS, INC.
Firm Registration No. 61
Expiration Date:  January 31, 2027
Two Riverway Building
2 Riverway, Suite 750
Houston, Texas 77056
(713) 522-5080

**EXHIBIT 36**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE:  ALEXANDER E. JONES | § | |
| | § | **CASE NO. 22-33553 (CML)** |
| | § | |
| Debtor. | § | **Chapter 7** |

---

### NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS

To: "**Connecticut Plaintiffs**" Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Erica Ash by and through their attorneys of record: *Ryan E. Chapple* Cain & Skarnulis PLLC (rchapple@cstrial.com), *Alinor C. Sterling* Koskoff Koskoff & Bieder, PC (asterling@koskoff.com), and *Kyle J. Kimpler, Paul Paterson, Leslie Liberman,* and *Vida J. Robinson* Paul, Weiss, Rifkind, Wharton & Garrison LLP (kkimpler@paulweiss.com, ppaterson@paulweiss.com, lliberman@paulweiss.com, virobinson@paulweiss.com).

**PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Debtor, Alexander E. Jones will take the deposition of the representative of the Connecticut Plaintiffs who is prepared to testify about information known or reasonably available to the group referred to as the Connecticut Plaintiffs as specified in **Schedule A**.  This deposition will take place at **Randazza Legal Group** 100 Pearl Street, 14th Floor Hartford, Connecticut 06103, which may be accessed virtually at: https://texasdepos.remotecounsel.com/zoom/meeting/MTg4ODM2 and will commence at 10:00 am EST on Friday, January 31, 2025, unless the parties mutually agree to hold the deposition on a different date or time and/or different location.

This deposition will be taken by stenographic and video means before an officer authorized to administer oaths and will continue from day to day until completed.  The deposition will be

1



**EXHIBIT 36**

taken for purposes of discovery, for use at trial in this matter, and for any other purpose permitted under the Federal Rules of Civil Procedure.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rules 30 and 37 of the Federal Rules of Civil Procedure, the deponent is to produce at the deposition the documents identified in **Exhibit A** attached to this Notice.

Dated: January 29, 2025

*/s/ Shelby A. Jordan*
SHELBY A. JORDAN
State Bar No. 11016700
S.D. No. 2195
ANTONIO ORTIZ
State Bar No. 24074839
S.D. No. 1127322
Jordan & Ortiz, P.C.
500 North Shoreline Blvd., Suite 804
Corpus Christi, TX 78401
Telephone: (361) 884-5678
Facsimile: (361) 888-5555
Email: sjordan@jhwclaw.com
aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com

**COUNSEL FOR ALEX JONES**

Ben C. Broocks
State Bar No. 03058800
Federal Bar No. 94507
William A. Broocks
St. Bar No. 24107577
Federal Bar No. 3759653
BROOCKS LAW FIRM P.L.L.C.
248 Addie Roy Road, Suite B301
Austin, Texas 78746
Phone: (512) 201-2000
Fax: (512) 201-2032
Email: bbroocks@broockslawfirm.com
wbroocks@broockslawfirm.com

**COUNSEL FOR ALEX JONES**

2

**EXHIBIT 36**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served through the Court's ECF noticing system on January 29, 2025.

/s/ Shelby A. Jordan
Shelby A. Jordan

**EXHIBIT 36**

## Instructions

Unless indicated otherwise, the period in which documents are requested is from June 1, 2024 to the present.

Please note these requests do not include any requests solely between and among (i) the parties known as the Connecticut Plaintiffs and lawyers who represent them and such lawyers staff; (ii) the parties known as the Texas Plaintiffs and lawyers who represent them and such lawyers' staff; or (iii) Chris Murray, and lawyers who represent him and such lawyers' staff.

If responsive documents are not being produced for any reason other than core attorney client or work product privilege, that withheld documents be logged on a privilege log.

We request the production be made of Documents, which means written materials and/or electronically stored information including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form

We request the production be made of Documents in their native form in a concordance production format, with metadata included (including images/text/natives, where applicable, along with load files, as well as the hash values for each such document).

Undefined capitalized terms have the following meanings:

a. "Trustee" means Christopher R. Murray, in his capacity as the duly appointed chapter 7 trustee for the Estate of Alex Jones.

b. "Settlement" means the settlement embodied or referenced in Dkt. 1011 styled "TRUSTEE'S EXPEDITED MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE SETTLEMENT BY AND BETWEEN THE CHAPTER 7 TRUSTEE, THE CONNECTICUT FAMILIES, AND THE TEXAS FAMILIES AND (II) GRANTING RELATED RELIEF" and attached proposed order.

c. "Connecticut Parties" means and includes Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Erica Ash.

d. "Texas Parties" means and includes "Texas Families" Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and the Estate of Marcel Fontaine.

e. "Global Tetrahedron" means and includes Global Tetrahedron, LLC.

4

**EXHIBIT 36**

**Exhibit A**

1.  All communications, documents, agreements, and proposals to or from, between or among, any of the Trustee and/or the Connecticut Parties and/or the Texas Parties and/or Global Tetrahedron concerning:

    a.  the Settlement;

    b.  the actual or potential purchase by Global Tetrahedraon of assets formerly owned by or involving Alex Jones, FSS, and /or Infowars, including without limitation any created or received after December 9, 2024;

    c.  a Distributable Proceeds Waiver as considered, proposed or used in any past, present or future agreement involving any of the Trustee and/or the Connecticut Plaintiffs and/or the Texas Plaintiffs;

    d.  the actual or potential purchase by FUAC of assets formerly owned by or involving Alex Jones, FSS, and /or Infowars, including without limitation any created or received after December 9, 2024;

    e.  the Petition for Certification filed by Alex Jones and/or FSS with the Connecticut Supreme Court;

    f.  the bankruptcy of Alex Jones; and

    g.  the bankruptcy of FSS.

2.  All communications, documents, agreements, and proposals to or from, between or among, the Trustee on the one hand and either or both the Connecticut Plaintiffs and/or Texas Plaintiffs related to the Settlement.

3.  All communications, documents, agreements, and proposals to or from, between or among, the Connecticut Plaintiffs on the one hand and Texas Plaintiffs on the other related to the Settlement.

4.  All communications, documents, agreements, and proposals to or from, between or among, the Connecticut Plaintiffs on the one hand and Global Tetrahedron.

5.  Any written or unwritten agreements between or among, the Connecticut Plaintiffs on the one hand and Texas Plaintiffs on the other related discussing the 75/25 split as contemplated in the Settlement.

6.  Any written or unwritten agreements between or among, the Connecticut Plaintiffs on the one hand and Texas Plaintiffs on the other related discussing the arrangement that the Trustee will abandon the appeal taken on behalf of FSS to the Connecticut Supreme Court or take specific actions in the Connecticut Plaintiffs' favor.

EXHIBIT 36

7.  Communications where the Trustee agrees to drop or abandon the appeal taken on behalf of FSS to the Connecticut Supreme Court in exchange for preserving the 75/25 split that is referenced in the Settlement.

6

**EXHIBIT 36**

## Schedule A

1.  Knowledge or each and every document produced by the Connecticut Plaintiffs that has been requested in this Notice.

2.  Knowledge of the bankruptcy proceeding of Alex Jones and FSS.

3.  Knowledge of discussions between the Connecticut Plaintiffs on the one hand and the Trustee on the other.

4.  Knowledge of discussions between the Connecticut Plaintiffs on the one hand and the Texas Plaintiffs on the other.

5.  Knowledge of the Settlement.

6.  Knowledge of the any and all discussions that took place between the Connecticut Plaintiffs on the one hand and Global Tetrahedron on the other related to the sale of the assets of FSS.

7.  Knowledge of the appeals that have been taken on behalf of FSS to the Connecticut Supreme Court.

8.  Knowledge of the 75/25 split between and among the Connecticut Plaintiffs on the one hand and the Texas Plaintiffs on the other.