EXHIBIT 37

## Connecticut Constitution

### Sec. 4. Liberty of speech and the press.

Every citizen may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that liberty.

### Sec. 5. Prohibiting laws limiting liberty of speech or press.

No law shall ever be passed to curtail or restrain the liberty of speech or of the press.

### Sec. 6. Prosecutions for libel; defenses.

**In all prosecutions or indictments for libels, the truth may be given in evidence, and the jury shall have the right to determine the law and the facts, under the direction of the court.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Lafferty v. Jones*, 229 Conn. App. 487, 510 n.26, 327 A.3d 941 (2024)

Second, in their principal appellate brief, the defendants claim that "[a] liability default is never appropriate in a case involving speech, given the importance the Connecticut constitution places on speech." The defendants cite article first, § 6, of the Connecticut constitution, which, as they concede, applies only to criminal prosecutions; see *Gray v. Mossman*, 91 Conn. 430, 442-43, 99 A. 1062 (1917); and which provides: "In all prosecutions or indictments for libels, the truth may be given in evidence, and the jury shall have the right to determine the law and the facts, under the direction of the court." Conn. Const., art. I, § 6. The defendants' principal appellate brief is bereft of any substantive legal analysis to support this claim, and, therefore, we deem it to be abandoned. See *Lafferty v. Jones*, supra, 336 Conn. 375 n.30.