**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | § |
| | § |
| | § Chapter 7 |
| ALEXANDER E. JONES, | § |
| | § Case No. 22-33553 (CML) |
| Debtor. | § |
| | § |
| | § |

**TRUSTEE'S REPLY IN SUPPORT OF EXPEDITED MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE SETTLEMENT BY AND BETWEEN THE CHAPTER 7 TRUSTEE, THE CONNECTICUT FAMILIES, AND THE TEXAS FAMILIES AND (II) GRANTING RELATED RELIEF**
[Relates to Docket Nos. 1011, 1023 & 1063]

Christopher R. Murray, in his capacity as the duly appointed chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor"), files this reply in support of the *Expedited Motion for Entry of an Order (I) Authorizing and Approving the Settlement by and between the Chapter 7 Trustee, the Connecticut Families, and the Texas Families and (II) Granting Related Relief* [Docket No. 1011] (the "Motion")[1] and in reply to the response and objection filed by the Debtor [Docket No. 1023] (the "Objection").

**PRELIMINARY STATEMENT**

1.     The Objection provides no real reason for the Court to deny the Trustee's Motion, and the Motion should accordingly be granted for the reasons stated therein and as will be shown

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion. The proposed order attached to the Motion is referred to herein as the "9019 Order." Unless otherwise specified, references to Exhibits herein correspond to the Exhibits provided with the *Trustee's Witness and Exhibit List for Thursday, January 23, 2025, Hybrid Hearing on Trustee's Expedited Motion for Entry of an Order (I) Authorizing and Approving the Settlement by and Between the Chapter 7 Trustee, the Connecticut Families, and (II) Granting Related Relief* [Docket No. 1030].

1

at the hearing on the Motion.  In fact, on February 4, 2025, the Debtors' filed a revised proposed *Order (I) Authorizing and Approving Settlement By and Between the Chapter 7 Trustee, the Connecticut Families, and the Texas Families, and (II) Granting Related Relief* [Docket No. 1063] (the "Revised 9019 Order"), which addresses a number of the issues raised in the Objection. Specifically, the Revised Proposed Order clarifies that (1) proceedings in the Jones Chapter 7 Case, specifically the allowance of claims and distributions on the same, will not prejudice the State Court Litigation and vice versa; (2) the allowance of claims is not binding in the State Court Litigation; (3) the allowance of claims does not affect non-dischargeability; and (4) the Trustee will not seek to dismiss the appeal currently pending in Connecticut state court or any eventual appeal to the U.S. Supreme Court, and the Trustee consents to the Debtor's pursuit of the same on behalf of himself and nominally on behalf of FSS.

2.      Nevertheless, in an abundance of caution, the Trustee offers this Reply to the Debtor's Objection and the multiple misstatements and outright falsehoods therein:

i.      Under First, the Debtor repeatedly asserts that the Trustee is seeking to impermissibly arrange the dismissal of Jones' appeals of the State Court Litigation.[2] Nothing in the Trustee's Motion or the Revised 9019 Order proposes to do that.  The 9019 Order specifically preserved all parties' rights with respect to the determination of the amount of any non-dischargeable judgment (Revised 9019 Order, ¶ 8) and preserved Jones' rights to "pursue any appeal of any judgments awarded in favor of the Families as against Jones in the State Court Litigation" (Revised 9019 Order, ¶ 9).  In fact, the Revised 9019 Order goes out of its way to do just the opposite of what the Debtor alleges.

ii.     Under Second, the Debtor misses the fundamental distinction between the dischargeability of claims against a debtor and the determination of the amount of a claim against a debtor's *estate*.  Even then, the Revised 9019 Order clarifies that the allowance and

---

[2] The "State Court Litigation" refers to: (i) *Lafferty v. Jones*, X06-UWY-CV-18-6046436-S, in the Judicial District of Waterbury of the Connecticut Superior Court; (ii) *Sherlach v. Jones*, X06-UWY-CV-18-6046437-S, in the Judicial District of Waterbury of the Connecticut Superior Court; (iii) *Heslin v. Jones*, Cause No. D-1-GN-18001835 in the 261st District Court of Travis County, Texas; (iv) *Lewis v. Jones*, Cause No. D-1-GN-18-006623 in the 98th District Court of Travis County, Texas; (v) *Pozner v. Jones*, Cause No. D-1-GN-18-001842, in the 345th District Court of Travis County, Texas; and (vi) *Fontaine v. Jones*, Cause No. D-1-GN-18-001605 in the 459th District Court of Travis County, Texas.  The "State Court Appeals" refers collectively to any appellate proceedings arising from the State Court Litigation.

17046976

distribution of claims will not prejudice the State Court Litigation (Revised 9019 Order, ¶¶ 6-7).

iii.  Third, the Debtor argues that the Trustee is seeking an impermissible advisory opinion by including the finding that FSS's defensive appellate rights are property of the Estate, and that authority to prosecute or dismiss any such appeal, *solely with respect to FSS*, is vested exclusively in the Trustee. *See* Revised 9019 Order ¶ D. The Trustee has maintained that the right of FSS to appeal any judgment is property of the estate since the beginning of the case, and this position is not a surprise to the Debtor.[3] Indeed, it was an issue that was disputed in the context of the Sale Motion and the hearing thereon. On January 21, 2025, the Debtor filed a Petition for Certification (the "Connecticut Petition") in the Supreme Court of the State of Connecticut out of *Eric Lafferty, et al. v. Alex E. Jones, et al.*, AC 46131, 46132, and 46133. The Connecticut Petition's signature page, certificate of service, and Certification of Interested Entity are attached hereto as **Exhibit A**, and they show it was purportedly filed on behalf of both the Debtor and FSS. *See* Ex. A at 1. There is *clearly* a "case or controversy" regarding ownership of the FSS appellate rights—which even prompted the Debtor to seek injunctive and declaratory relief with respect to the same. FSS and its assets are non-exempt assets owned by the chapter 7 bankruptcy estate of Alex Jones. The Trustee of the bankruptcy estate of Alex Jones does not just "*claim* an interest and/or ownership of Free Speech Systems, LLC." This Court *ordered* that the assets of FSS be vested in the Debtor's bankruptcy estate of which Christopher R. Murray is the Trustee. There is no "may claim" here—FSS and its assets are fully owned and part of the bankruptcy estate of Alex Jones, and Alex Jones does not have an interest in FSS or its assets. The Revised 9019 Order puts these issues to rest.

iv.  Fourth, The Debtor asserts that he has "intervened in the appeal of the District Court filed by the Texas Plaintiffs [FSS Docket No. 1021; District Court Civil Action 4:24-cv-03882 *In re Free Speech Systems, LLC* – Judge Charles Eskridge] and objects to the dismissal of that District Court appeal." Objection ¶ 4. The Debtor has *not* intervened in the appeal of the Supplemental Dismissal Order, which is the subject of the referenced appeal, nor did he timely file a notice of appeal of such order. The Trustee has been unable to locate any pleading or other filing evidencing the Debtor's intervention in the appeal of the Supplemental Dismissal Order. The Debtor accordingly has no basis to object to the agreed dismissal of that appeal as provided in the Revised 9019 Order. Revised 9019 Order ¶13(e).

3.  The Settlement proposed by the Trustee is fair and equitable to creditors and in the best interests of the Debtor's estate. The Settlement resolves years of disagreement between the Texas Families and the Connecticut Families regarding the apportionment of the proceeds of the

---

[3] *See, e.g., Trustee's* Expedited *Motion for Entry of an Order in Furtherance of the Sale of Assets of Free Speech Systems, LLC* ¶ 55 n.4 [Docket No. 915] (the "Sale Motion").

bankruptcy estate of the Debtor.  The Settlement also resolves pending enforcement actions that were filed in state court, removed, and transferred before this Court and remain contested and pending.  The Settlement dismisses the appeal of the *Order Supplementing Order Dismissing Case* [Case No. 22-60043, Docket No. 1021] (the "Supplemental Dismissal Order").  Not only does the Settlement thus resolve many of the most pressing issues in this case, but in doing so, it sets the stage for a value-maximizing sale process, which the Trustee intends to seek to establish in due course.

## **REPLY**

I.    **The Debtor Cannot Rely on the State Court Litigation to Delay His Case Indefinitely**

   A.    **The Debtor Incorrectly Suggests that a Dispute as to the Validity of the Claim Precludes a Trustee's Ability to Settle It or a Bankruptcy Court's Authority to Approve the Same**

4.    The primary thrust of the Objection is the Debtor's incredible argument that claims based on state court judgments cannot simultaneously be the subject of a settlement and pending state court litigation because they are "disputed," "contingent," and "unliquidated."  Even if the Debtor's characterizations of the Claims were correct,[4] they are still appropriate for resolution by the Settlement.

5.    Bankruptcy Courts are empowered to approve settlements under Bankruptcy Rule 9019(a) so long as the settlement is fair and equitable and in the best interest of the estate.  *In re Age Ref., Inc.*, 801 F.3d 530, 540 (5th Cir. 2015) (citation omitted); *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir.1980).   "[C]ompromises are 'a normal part of the process of reorganization,' oftentimes desirable and wise methods of bringing to a close proceedings

---

[4] *Cf. In re Imagine Fulfillment Services, LLC*, 489 B.R. 136, 150 (Bankr. C.D. Cal. 2013) (observing neither a dispute over a claim or a pending state court appeal renders it "contingent").

17046976

otherwise lengthy, complicated and costly." *Jackson Brewing*, 624 F.2d at 602 (quotation and citation omitted). "The words 'fair and equitable' are terms of art—they mean that senior interests are entitled to full priority over junior ones." *In re AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir. 1984) (quotation omitted).

6.      In order to approve a settlement, the bankruptcy court does not have to conduct a "mini-trial" to determine the "probable outcome of any claims waived in the settlement." *In re Cajun Elec. Power Co-op., Inc.*, 119 F.3d 349, 356 (5th Cir. 1997) (citation omitted). Instead, a court must "apprise [itself] of the relevant facts and law so that [it] can make an informed and intelligent decision." *In re Robertshaw US Holding Corp.*, 662 B.R. 300, 314 (Bankr. S.D. Tex. 2024) (Lopez, J.) (quoting *Cajun Elec.*, 119 F.3d at 356). "Great judicial deference is given to the [debtor's] exercise of business judgment" in determining the terms of the settlement. *In re State Park Bldg. Grp., Ltd.*, 331 B.R. 251, 254 (Bankr. N.D. Tex. 2005) (citation omitted).

7.      The Debtor takes the surprising position that if claims are based on a judgment that is subject to an appeal, they cannot also be subject to a settlement resolving their treatment in bankruptcy and otherwise must essentially be ignored by this Court.[5] This is clearly not the case. *See, e.g.*, *In re DeBilio*, 2014 WL 4476585, at *4 (B.A.P. 9th Cir. Sept. 11, 2014) ("Bankruptcy courts frequently must evaluate settlements and approve sales prior to final resolution of a relevant issue by another court."). The presence of an appeal does *not* mean a bankruptcy court should disregard an underlying state court judgment—in fact, this Court has already recognized as much

---

[5] This argument is based on the notion that under state law, the underlying judgments are non-final for preclusion purposes because they are subject to further appeal. Both the Texas Supreme Court and the Fifth Circuit expressly hold the opposite, *see In re Long*, 2007 WL 4355324, at *4 (Bankr. S.D. Tex. Dec. 10, 2007) (citing cases), as do federal and Connecticut courts. *See In re Kwok*, 663 B.R. 386, 397 (Bankr. D. Conn. 2023). And while the Debtor cites state law that he claims stays the execution of the underlying judgment, he provides no authority for the proposition that these state laws somehow preempt the Bankruptcy Code. *Cf. In re Great E. Exp., Inc.*, 37 B.R. 579, 582 (Bankr. M.D. Pa. 1984) (holding that the stay of execution granted under state law was preempted by section 362).

in giving effect to the Families' state court judgments for purposes of collateral estoppel.[6] Bankruptcy courts therefore naturally have jurisdiction to allow claims, and even distributions, based on the amount of a state court judgment notwithstanding pending appellate proceedings. *See, e.g.*, *In re Dronebarger*, 2011 WL 350479, at *5, 21 (Bankr. W.D. Tex. Jan. 31, 2011); *see also In re Team Sys. Int'l LLC*, 2022 WL 2792006, at *9 (Bankr. D. Del. July 15, 2022) ("There is no question but that the application of ordinary preclusion principles require the allowance of claims that are reflected in a judgment, notwithstanding the fact that the judgment is on appeal.").

8.    A pending state court appeal of an underlying judgment likewise does not preclude a trustee's ability to ability to settle with a judgment creditor.  For example, in *In re Assadi*, the Fifth Circuit confronted a chapter 7 debtor's objection to a trustee's settlement with a creditor whose claim was based on a state court judgment that was subject to a pending appeal.  2022 WL 17819599 (5th Cir. Dec. 20, 2022); *see also In re Assadi*, 2022 WL 1410723, at *1–4 (W.D. Tex. May 4, 2022) (discussing the procedural history).  Specifically, the debtor objected that the trustee should have been required to appeal the state court judgment rather than dismissing it pursuant to the settlement agreement. *In re Assadi*, 2022 WL 17819599, at *1.  The Fifth Circuit applied the usual five-factor test and ultimately upheld the settlement agreement:

> [T]he bankruptcy court's evaluation of [the debtor's] probability of success on appeal was reasonable in light of the state's courts consideration of the issue, the evidence in the record, and the exacting standard of review that would apply on appeal. The bankruptcy court also reasonably concluded that litigation would take considerable time and effort and might result in an increase in [the settling

---

[6] *See Memorandum Decision on Texas Plaintiffs' Motion for Summary Judgment Against Jones* at 11 [Adv. No. 23-03035, Docket No. 46] ("A right to appeal the state court's decision does not change the fact that the Final Judgment (including the default judgment orders and deemed admissions incorporated in it) satisfies the fully and fairly litigated prong."); *Memorandum Decision on Connecticut Plaintiffs' Motion for Summary Judgment Against Jones* at 12 [Adv. No. 23-03035, Docket No. 76] ("It is not, however, a basis for this Court to ignore the plain language of the state court's default judgment or the damages awards. A right to appeal the state court's decision aside, the fully and fairly litigated and actually decided prongs are satisfied."); *accord see also In re Mask*, 2023 WL 7117224, at *4 (Bankr. W.D. Okla. Oct. 27, 2023) (rejecting a debtor's argument that a judgment creditor's claim should be "estimated" by reducing the amount based on state law defenses).

creditor's] claims against the estate. Finally, the bankruptcy court was within its discretion to conclude that the arm's-length settlement was in the best interest of the creditors because it "would allow the Trustee to pay all claims against the estate in full."

*Id.* The *Assadi* court's analysis is typical of cases in which a debtor objects to a trustee's decision to settle a claim rather than continue to appeal it.[7]

9.     As explained below, even if the State Court Appeals were properly initiated (and they were not), the chance of the Debtor succeeding in the State Court Appeals is low, particularly in comparison to what the estate is receiving in exchange for the Settlement.  In fact, the *exact* amounts attributed to Leonard Pozner, Veronique De La Rose, and the Estate of Marcel Fontaine have already been agreed to by the Debtor earlier in this case in order to settle a motion to lift the automatic stay to allow litigation to proceed.  *See Debtors' Motion for Approval of Compromise and Settlement Under Federal Rule of Bankruptcy Procedure 9019* [Docket No. 324].  And, in fact, although the Trustee could simply outright dismiss the State Court Appeals, the Revised 9019 Order expressly preserves the Debtors' ability to pursue them on behalf of himself and nominally on behalf of FSS while ensuring that the Debtor's position there will not be prejudiced by the allowance of claims and distributions in the Jones Chapter 7 Case.

**B.     The Right to Pursue the State Court Appeals Is Estate Property Subject to the Trustee's Sole Control**

10.     As the Trustee has explained repeatedly, the appellate rights of both the Debtor and FSS with respect to the State Court Appeals are property of the estate that may only be exercised

---

[7] *See, e.g.*, *In re Delannoy*, 2018 WL 4190874, at *9–10 (B.A.P. 9th Cir. Aug. 31, 2018) (settlement upheld where chances on appeal were a "longshot"); *In re Big Horn Land & Cattle Co., LLC*, 2011 WL 759745, at *7–10 (N.D. Ind. Feb. 23, 2011) (approving settlement where trustee's independent counsel evaluated the chances of success on appeal as low and finding it irrelevant that the debtor disagreed with that opinion); *accord In re DeBilio*, 2014 WL 4476585, at *4 (rejecting the debtor's jurisdictional argument against a settlement of his state court appeal because "the Debtor voluntarily filed for bankruptcy relief and placed his assets under the jurisdiction of the bankruptcy court").

17046976

by the Trustee.[8]   This accords with the Fifth Circuit's unambiguous holding that "it is well established that the right to appeal is property of the estate." *In re Croft*, 737 F.3d 372, 377–78 (5th Cir. 2013); *see also Kahn v. Helvetia Asset Recovery, Inc.*, 475 S.W.3d 389, 393–95 (Tex. App.—San Antonio 2015, pet. denied) (applying *Croft* in dismissing a debtor's appeal for lack of standing).   The Debtor does not engage with this clear statement of law from the Fifth Circuit and instead resorts to (a) inventing a "fundamental constitutional rights" exception to section 541 and *Croft* based on an inapposite case, and (b) misinterpreting orders entered by this Court prior to conversion.   This argument has been mooted by the Revised 9019 Order, including by its clarification that the Debtor may continue the State Court Appeals, but out of an abundance of caution, the Trustee responds below.

1.    **This Court Should Reject the Debtor's Invitation to Rewrite Section 541 to Create an Exception for His Defenses**

11.    According to the Debtor, he possesses standing with respect to the State Court Appeals because they involve "fundamental constitutional rights," which falls within some novel exception to section 541 created by *Henry v. First Nat. Bank of Clarksdale*, 595 F.2d 291 (5th Cir. 1979).   However, *Henry* is not a bankruptcy case at all, much less one interpreting section 541 to exclude property that a debtor characterizes as a "fundamental constitutional right."

12.    In relying on *Henry*, the Debtor overlooks the consequences that necessarily flow from his (and FSS's) decision to file bankruptcy petitions.   Among other things, "his bankruptcy filing was the functional equivalent of a relinquishment of his Appeal Rights." *In re Delannoy*, 615 B.R. 572, 587 (B.A.P. 9th Cir. 2020); *see also Croft*, 737 F.3d at 378 ("[The debtor] possessed

---

[8] *See Trustee's Emergency Motion to Strike Alexander E. Jones Response and Objection to the Trustee's Expedited Motion for Entry of an Order in Furtherance of the Sale of Assets of Free Speech Systems, LLC* ¶¶ 28–29 [Docket No. 970] (the "Trustee's Motion to Strike"); *Trustee's Reply in Support of the Trustee's Expedited Motion for Entry of an Order in Furtherance of the Sale of Assets of Free Speech Systems, LLC* ¶¶ 17–22 [Docket No. 972] (the "Trustee's Reply in Support of Sale").

a valuable right and interest in his defensive appellate rights. Those rights became a part of the estate when he commenced his Chapter 7 bankruptcy proceedings."); *In re Brumfiel*, 2015 WL 1339837, at *7 (Bankr. D. Colo. Mar. 20, 2015) (rejecting the debtor's argument that the settlement agreement deprived her of her constitutional rights because the "Debtor's claims are property of her bankruptcy estate, not as a result of any government 'taking,' but as a well-established result of the Debtor's choice to file a voluntary petition for relief under the Bankruptcy Code.").[9] Moreover, the Supreme Court has made clear that a person can contract away and waive her First Amendment rights. *See, e.g.*, *Cohen v. Cowles Media Co.*, 501 U.S. 663, 672 (1991). It would be a surprising rule indeed if a contract carried more weight than a bankruptcy petition.

13. Ultimately, as this Court has observed in interpreting section 541, "'All' is a broad term, but not an ambiguous one. We all know what 'all' means." *In re Envision Healthcare Corp.*, 655 B.R. 701, 709–10 (Bankr. S.D. Tex. 2023) (Lopez, J.). Under the plain language of that statute, the right to pursue the State Court Appeals is property of the Debtor's estate—an entity that was created following the voluntary decision to file bankruptcy petitions. The Court must reject the Debtor's attempt to pick and choose which aspects of the bankruptcy process should apply to him.

### 2. The Debtor Has Not Been Granted Standing to Pursue the State Court Appeals

14. The Debtor insists that in the *Agreed Order Modifying the Automatic Stay* entered in Adversary Proceeding No. 22-33553 (the "December 2022 Order"), the Court granted him standing to pursue the State Court Appeals. In that order, the Court modified the automatic stay to

---

[9] *Accord In re Harris*, 221 U.S. 274, 279–80 (1911) (holding that a debtor's obligation to surrender his assets is outside the protective scope of the Fifth Amendment and that "no constitutional rights are touched").

17046976

> (i) allow the Sandy Hook Post-Trial Families' Cases to continue to proceed to entry of final judgment and (ii) once judgments are entered, to allow appeals, if any, to proceed and the Sandy Hook Post-Trial Families to pursue, respond to and participate in any such appeals without further order of the Court.

However, the Debtor overlooks that the December 2022 Order was entered into *before* his case was converted to chapter 7 (and FSS's case was dismissed) and the Trustee was appointed.

15.     "The trustee in a case . . . is the representative of the estate. The trustee in a case . . . has the capacity to sue and be sued." 11 U.S.C. §§ 323(a), (b). In chapter 11 cases, the debtor acts as a debtor in possession, the fiduciary of the bankruptcy estate, and exercises the powers of a trustee. *See* 11 U.S.C. § 1107. The debtor in possession exercises the trustee's authority until either conversion to another chapter (as is the case here) or a chapter 11 trustee is appointed. *See* 11 U.S.C. §§ 348(e), 1101(a), 1104. Thus, when the December 2022 Order was entered, the Debtor already possessed standing as debtor in possession to litigate the State Court Appeals. Once a chapter 7 trustee is appointed in a case, however, the trustee is the only entity with standing to prosecute a cause of action or appeal that is the property of the bankruptcy estate. *See In re Yazoo Pipeline Co., L.P.*, 459 B.R. 636, 648 (Bankr. S.D. Tex. 2011) (Isgur, J.) ("The Trustee has exclusive standing to bring suit on behalf of the estates."); *see also Eisen v. Moneymaker*, 31 F.3d 1447, 1451 n.2 (9th Cir. 1994) ("[The Debtor] has no standing because Moneymaker, as the trustee, is the representative of [the] estate.").

16.     Courts routinely apply this principle in rejecting a debtor's standing after its case is converted to chapter 7. *See, e.g.*, *In re Richman*, 104 F.3d 654, 656 (4th Cir. 1997) (stating that after the conversion from Chapter 11 to Chapter 7, the trustee was the party who was entitled to prosecute the lawsuit, and debtor lacked standing); *Yelverton v. Yelverton Farms, Ltd.*, 2011 WL 13128120, at *5 (E.D.N.C. Mar. 7, 2011) ("[W]here the Trustee is not a party to [an] action and has not abandoned the causes of action to the debtor, plaintiff does not have standing to prosecute,

17046976

and these claims accordingly must be dismissed."). For example, in *In re Formatech, Inc.*, the First Circuit Bankruptcy Appellate Panel held that although a chapter 11 debtor possessed standing to bring claims, it lost standing upon conversion to chapter 7 to pursue an appeal with respect to those claims. 483 B.R. 363, 367–68 (B.A.P. 1st Cir. 2012).

17.     This fatally undermines the Debtor's suggestion that the Texas Families and Connecticut Families' agreement in the December 2022 Order somehow confirms that the stay was lifted to allow *the Debtor* (rather than the Families) to pursue the State Court Appeals. On the contrary, filing the Petition for Certification on behalf of the Debtor and FSS—without seeking, much less obtaining, the Trustee's consent—unquestionably constitutes a violation of the automatic stay that is voidable by the Trustee. *McConathy v. Found. Energy Fund IV-A, L.P.*, 111 F.4th 574, 585 (5th Cir. 2024) (acts taken in violation of the automatic stay are voidable).

## C.     The Trustee Has Appropriately Considered the Prospects of Appeal in the State Court Litigation

18.     The Debtor consistently seeks to relitigate the merits of the State Court Appeals in this Court. However, those appeals are not before this Court, and these proceedings cannot serve as another opportunity for the Debtor to try the state court cases. *In re Big Horn Land & Cattle Co., LLC*, 2011 WL 759745, at *6 (N.D. Ind. Feb. 23, 2011). Instead, the Court is faced with a simple question: whether the Trustee, in light of his and his counsel's investigation of the State Court Appeals, has exercised an appropriate use of his business judgment in entering into the Settlement. *Id.*

19.     The Trustee and his counsel have carefully reviewed the State Court Appeals, including the relevant briefing submitted to date and the procedural history of the State Court Litigation. Additionally, the Trustee and his counsel have analyzed the Debtor's multiple filings in this Court setting forth his appellate arguments, and the Trustee's counsel has engaged in

11

discussions regarding the State Court Appeals with both the Debtor's and the Families' attorneys regarding the State Court Appeals.  The Trustee has also considered the costs of pursuing the State Court Appeals and the impact of doing so on the Jones Chapter 7 Case—including the Debtor's insistence that substantial elements of the bankruptcy process must be effectively stayed until the appellate rights have been completely exhausted (which will take years).

20.     After thoroughly investigating the strength of the State Court Appeals, the potential benefit and likelihood of a victory on numerous fronts *and* in multiple courts, and the implications of pursuing such appeals for the Jones Chapter 7 Case, the Trustee and his counsel have determined that the Settlement is in the best interests of the estate.  The State Court Appeals face not only procedural headwinds (including waiver issues), but the Debtor's arguments have little merit, particularly relative to the impact on his estate and his creditors of delaying a fundamentally important bankruptcy process.  The Debtor may disagree with this conclusion, but under the circumstances that is "irrelevant," and the Court should consider only the steps taken by the Trustee to investigate the appeal.  *Big Horn*, 2011 WL 759745, at *8; *see also id.* at *6 ("[J]ust because [the debtor] disagrees with the analysis of the Trustee and her counsel does not mean that the compromise was not appropriate or in the best interests of the estate.").

21.     In these circumstances, the Trustee appropriately investigated and considered the merits of the State Court Appeals in exercising his business judgment to enter into the Settlement—a decision that is entitled to "great judicial deference" from this Court.  *In re Robertshaw US Holding Corp.*, 662 B.R. 300, 314 (Bankr. S.D. Tex. 2024) (Lopez, J.) (quotation omitted).  And, more fundamentally, because the Revised 9019 Order does not prejudice, much less provide for the dismissal of, the State Court Appeals, this is no longer a live issue raised by the Objection.

II.      **The Motion Does Not Seek an Advisory Opinion**

22.      The Debtor attacks the Motion on the grounds that it seeks an advisory opinion because there is no actual dispute between the Trustee and the Families.  This claim is rather incredible considering that the Debtor insists that the Claims are disputed, contingent, and unliquidated, and thus cannot be the subject of a settlement agreement resolving them.  This glaring contradiction aside, the Debtor misunderstands that the 9019 Order *settles* all disputes, not just between the Texas Families and Connecticut Families, but also between the Trustee and the Families with respect to the Claims—including the various issues the Debtor has raised with respect to the Claims.

23.      Further, the Revised 9019 Order resolves the significant questions regarding the Debtor's ability to pursue the State Court Litigation, including the State Court Appeals—an issue which remains live as demonstrated by the *Plaintiffs' First Amended Complaint and Emergency Application for Temporary Restraining Order, and Preliminary and Permanent Injunction Pursuant to Bankruptcy Rule 7065* [Adv. P. No. 24-03239, Docket No. 38], by which the Debtor seeks declaratory and injunctive relief confirming his ability to pursue the State Court Appeals. As set forth herein, the Trustee, in contrast, disagrees regarding the Debtor's authority absent the Revised 9019 Order because the appellate rights of FSS are (i) property of FSS and therefore (2) are property of the Debtor's bankruptcy estate under the control of the Trustee pursuant to the Supplemental Dismissal Order.  And while the Objection repeatedly asserts that the Trustee is seeking by the 9019 Order "exclusive authority to prosecute or dismiss any appeal *on behalf of Jones* or FSS," Objection ¶ 8, the Revised 9019 Order clarifies that is precisely what the Trustee will not do.

24.      Furthermore, the clarification of the ownership of the FSS appeal rights is even more fundamental given the Debtor's and his counsel's activity in the Connecticut Appeals Court

and the Connecticut Supreme Court.  Jones continues to purport to act on behalf of FSS.  In a letter filed on January 10, 2025, by Jay M. Wolman of the Randazza Law Group, Mr. Wolman purports to appear on behalf of "Defendants-Appellants Alex Jones and Free Speech Systems, LLC."  Ex. A at 1.  As the appellate rights of Free Speech Systems, LLC are property of the bankruptcy estate by virtue of the Supplemental Dismissal Order and thus subject to the Trustee's sole control,[10] the Debtor and/or his counsel are acting in violation of the automatic stay by exerting control over the property of the estate.  11 U.S.C. § 362(a).  The Revised 9019 Order resolves this dispute by establishing the Debtor may pursue the State Court Appeals on behalf of himself and FSS nominally under the terms set forth in the Revised 9019 Order.

## <u>Conclusion</u>

For the foregoing reasons, the Trustee respectfully requests that the Court enter the Revised 9019 Order.

[*Remainder of Page Intentionally Blank*]

---

[10] *See, e.g.*, Trustee's Reply in Support of Sale ¶¶ 17–22.

17046976

Dated:  February 4, 2025
Houston, Texas.

Respectfully submitted,

By:  *Joshua W. Wolfshohl*
Joshua W. Wolfshohl (Bar No. 24038592)
Michael B. Dearman (Bar No. 24116270)
Jordan T. Stevens (Bar No. 24106467)
Kenesha L. Starling (Bar No.24114906)
**Porter Hedges LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
mdearman@porterhedges.com
jstevens@porterhedges.com
kstarling@porterhedges.com

*and*

Erin E. Jones (TX 24032478)
**Jones Murray LLP**
602 Sawyer Street, Suite 400
Houston, Texas 77007
Telephone: (832) 529-1999
Fax: (832) 529-3393
erin@jonesmurray.com

*Counsel for Christopher R. Murray, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing document was served on February 4, 2025, on all parties receiving ECF service in the above-captioned case.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

17046976