IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| IN RE:  ALEXANDER E. JONES | § | CASE NO. 22-33553 (CML) |
| | § | |
| Debtor | § | Chapter 7 |

---

### SUPPLEMENTAL OBJECTION OF ALEXANDER E. JONES AND FREE SPEECH SYSTEMS, LLC SUPPLEMENTING PREVIOUS OBJECTION [Dkt. 1023] TO TRUSTEE'S MOTION AUTHORIZING AND APPROVING SETTLEMENT [Dkt. 1011]

TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

This Filing Supplements the previous objection [Dkt. 1023] filed by Alexander E. Jones ("Jones") for himself individually and as the statutory and common law limited authority to represent Free Speech Systems, LLC ("FSS") in the common appellate proceedings, objecting to the Trustee's Motion Authorizing Settlement (the "Trustee's Motion") [Dkt. 1011] to the extent that it abridges Jones and FFS's right to have the mandatory hearings pursuant to Bankruptcy Code 502(a),(b).[1] Capitalized undefined terms used herein have the meanings set forth in the Trustee's Motion.  This should be read in conjunction with the request of Jones/FSS for entry of a temporary restraining order enjoining the Trustee, the fifteen Connecticut Plaintiffs and the five Texas Plaintiffs (which includes at least one person, now deceased, who had nothing to do with Sandy

---

[1] A hearing on the claims objections was opposed by the Connecticut Plaintiffs and the Texas Plaintiffs, urging this Court, "in the interest of judicial efficiency …  (that) the appeals process should be permitted to run its course." [*See*, Connecticut Plaintiffs' Opposition to Jones's Claim Objection, Dkt #812, ¶17].   The Response goes on to note hypocritically note that (in Jones favor) that
> " this Court specifically lifted the stay at the outset of Jones's case *for the specific purpose of allowing the claims to proceed to final judgment*, *and allowing Jones to take an appeal of that judgment*." [*See*, Connecticut Plaintiffs' Opposition to Jones's Claim Objection, Dkt #812, ¶13].

Most remarkable, the Connecticut Plaintiffs argue that the Court "lacks jurisdiction to adjudicate the amount of the Connecticut Plaintiff' claims" because the Jones' Claim Objection
requests that the Court eschew the determinations of the Connecticut Court and ***circumvent the appeals process – ignore this Court's own decision recognizing and giving effect to those determinations*** – and instead, determine a different amount of the Connecticut Families' claims." *Id.*, ¶15 (emphasis added).

Hook) and would show as follows:

1.      Preliminarily, Jones/FSS point out that this so-called "Settlement" is nothing of the kind – it's a collusive surrender by the Trustee to the Connecticut and Texas Plaintiffs where the Trustee is using Estate funds to effectively allow the Connecticut Plaintiffs to buy the consent of and interests of the so-called Texas Plaintiffs.  The Estate of Jones is receiving nothing of value in return for settlement of a dispute by and among litigants; rather the beneficiaries of this surrender are the Texas and Connecticut Plaintiffs.  The victim here is, once again the Jones/FSS and their constitutional and statutory rights.

> A.    **JONES/FSS SPECIFICALLY AND CLEARLY CANCEL, RESCIND AND DISAVOW ANY SO-CALLED "9019 SETTLEMENT" AND OBJECT TO ITS USE FOR ANY PURPOSE**

2.      At ¶¶15-16 in the Trustee's Motion in particular, the Trustee references a putative "settlement," which purports to be "by and among the Texas Families, FSS, *and Jones* resolving the value of the Texas families on liquidated claims." Dkt. 1011, 15.  This references instruments filed in 22–33553 (Dkt. 324) and 22–60043 (Dkt. 621) and a purported "valuation" of the claims of the five Texas family members, collectively at $480,044,373.  Although the Trustee's Motion admits that the terms conditions of this "settlement" and that valuation, were specifically conditioned on the Connecticut Plaintiffs approving and supporting an overall, case-ending chapter 11 plan, that was never done, agreed to or implemented resulting in a failure of conditions precedent.  The settlement Parties do not include Jones in any capacity, reflected by the Connecticut Plaintiffs Reservation of Rights filed in this Court in both the Jones Chapter 11 case and the FSS Chapter 11 case:

> "4.    The proposed allowed claim amounts contemplated by the sealed exhibit (the "Proposed Claim Amounts") would, of course, directly impact the recoveries afforded to the Connecticut plaintiffs in these chapter 11 cases. *The Connecticut Plaintiffs acknowledge, however, that the Proposed Claim Amounts will become effective only upon the occurrence of "a consensual chapter 22 plan settlement"*

> *amount the Connecticut Plaintiffs, the Texas Plaintiffs, and the Debtors. See 9019 Motion §12. Because the Proposed Claim Amounts are only effective in connection with a fully consensual chapter 11 plan that they support, the Connecticut Plaintiffs are comfortable – at this stage – reserving rights with respect to the allowed amount of the Texas Plaintiffs' claims in any other context, including any non-consensual plan of reorganization in these chapter 11 cases.*

*See*, Reservation of Rights of the Connecticut Plaintiffs With Respect to The Debtors Motion For Approval of Compromise and Settlement Under Federal Rule of Bankruptcy Procedure 9019 And Motion To Seal, Dkt # 360 filed June 28, 2023. [Emphasis added.]

3. As such it is hearsay, irrelevant, assumes facts not in evidence and suffers from a failure of conditions precedent to represent to this Court that Jones is a consenting party – he is not. It is objectionable and not admissible for any reason and certainly not as any valuation of the actual claims of the five Texas Plaintiffs members.

4. Jones/FSS object to the use of the number "$480,044,373" as any evidence of the actual value or the admission or agreement of that amount by Jones/FSS. Jones and FSS wish to make it crystal clear that as the Connecticut Plaintiffs did not approve such bankruptcy ending plan this "valuation" never came into existence. [*See, supra*, 2]

5. Thus, while disavowing that number is not required, Jones/FSS wish to specifically and clearly cancel, rescind and disavow that arrangement and dispute that "$480,044,373" is the value of the claims of the Texas Plaintiffs.

6. Jones incorporates here his objections filed to this proposed settlement filed with this Court [Dkt 1011] on January 21, 2025, and the objections to claims file by Jones [Dkt 705 and Dkt 706], and the Supplement to the Claims Objections filed by Alex Jones [Dkt. 1061 and 1066].

WHEREFORE, Alexander E. Jones, individually and in his capacity representing Free Speech Systems, LLC in its common appeals, prays this Court deny in all things the Trustee's Motion to Settle the Claims of the Connecticut Plaintiffs and the Texas Plaintiffs by the Allowance

of claims that are not final on appeal and reflect amounts not due, are contingent and disputed, and for such other and further relief to which Alexander E. Jones and Free Speech Systems, LLC, may be justly entitled.

Dated: February 5, 2025

/s/ Shelby A. Jordan
SHELBY A. JORDAN
State Bar No. 11016700
S.D. No. 2195
ANTONIO ORTIZ
State Bar No. 24074839
S.D. No. 1127322
Jordan & Ortiz, P.C.
500 North Shoreline Blvd., Suite 804
Corpus Christi, TX  78401
Telephone: (361) 884-5678
Facsimile:  (361) 888-5555
Email:  sjordan@jhwclaw.com
          aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com
**CO-COUNSEL FOR ALEX JONES and FSS[2]**

BEN C. BROOCKS
State Bar No. 03058800
Federal Bar No. 94507
WILLIAM A. BROOCKS
St. Bar No. 24107577
Federal Bar No. 3759653
BROOCKS LAW FIRM PLLC
248 Addie Roy Road, Suite B301
Austin, Texas 78746
Phone: (512) 201-2000
Fax: (512) 201-2032
Email: bbroocks@broockslawfirm.com
**CO-COUNSEL FOR ALEX JONES And FSS[3]**

---

[2] The representation of FSS is with respect to only appellate rights to protect and prosecute common appeals with joint and several liability.

[3] *See*, Note 2, supra.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices via the Court's ECF noticing system on February 5, 2025 as well as the following parties.

                                        */s/ Shelby A. Jordan*
                                        Shelby A. Jordan