**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | § Chapter 7 |
| | § |
| **ALEXANDER E. JONES,** | § Case No. 22-33553 (CML) |
| | § |
| Debtor. | § |

**SUMMARY COVERSHEET TO THE FIRST INTERIM FEE APPLICATION OF HMP ADVISORY HOLDINGS, LLC D/B/A HARNEY PARTNERS AS FINANCIAL ADVISOR FOR THE CHAPTER 7 TRUSTEE, CHRISTOPHER R. MURRAY, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM DECEMBER 2, 2024 THROUGH JANUARY 31, 2025**

| | | |
|---|---|---|
| Name of Applicant: | HMP Advisory Holdings, LLC d/b/a Harney Partners | |
| Applicant's Roles in Case: | Financial Advisors for the Chapter 7 Trustee, Christopher R. Murray | |
| Date Order of Appointment Signed: | December 31, 2024 [DE 1003] with effective retention date of December 2, 2024 | |
| | **Beginning of Period** | **End of Period** |
| Time period covered by this Application: | 12/02/2024 | 01/31/2025 |
| Time period(s) covered by prior Applications: | N/A | N/A |
| Total Amounts awarded in all prior Applications: | | N/A |
| Total fees requested in this Application and all prior Applications: | | $5,210.00 |
| Total fees requested in this Application: | | $5,210.00 |
| Total professional fees requested in this Application: | | $5,210.00 |
| Total actual professional hours covered by this Application: | | 13 |
| Average hourly rate for professionals: | | $400.80 |
| Total paraprofessional fees requested in this Application: | | $0.00 |
| Total paraprofessional hours covered by this Application: | | 0 |
| Average hourly rate for paraprofessionals: | | N/A |
| Reimbursable expenses sought in this Application: | | $0.00 |
| Application Cost (estimated; not included in above fees): | | N/A |

1

| | |
|---|---:|
| **Total of other payments paid to secured claimants:** | $0.00 [1] |
| **Total of other payments paid to administrative claimants:** | $14,332,165.00 [2] |
| **Estimated Total for distribution to priority unsecured creditors:** | Undetermined |
| **Estimated percentage dividend to priority unsecured creditors:** | Undetermined |
| **Estimated total for distribution to general unsecured creditors:** | Undetermined |
| **Estimated percentage dividend to general unsecured creditors:** | Undetermined |
| **Receipts to date in Chapter 7 as of January 31, 2025:** | $22,924,819.00 [3] |
| **Disbursement to date in Chapter 7 as of January 31, 2025:** | $14,332,165.00 [4] |
| **Current balance in the Trustee's accounts as of January 31, 2025:** | $8,592.654.00 [5] |

---

[1] Does not include cash FSS ordinary course payments to taxing authorities with statutory liens.

[2] Some amounts estimated with respect to FSS assets. *See* DE 956, 1015, 1021, 1026 in Case No. 22-60043; *see also,* DE 1055 in Case No. 22-33553.

[3] Some amounts estimated with respect to FSS assets. *See* DE 956, 1015, 1021, 1026 in Case No. 22-60043; *see also,* DE 1055 in Case No. 22-33553.

[4] Some amounts estimated with respect to FSS assets. *See* DE 956, 1015, 1021, 1026 in Case No. 22-60043; *see also,* DE 1055 in Case No. 22-33553.

[5] Some amounts estimated with respect to FSS assets. *See* DE 956, 1015, 1021, 1026 in Case No. 22-60043; *see also,* DE 1055 in Case No. 22-33553.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| **In re:** | § Chapter 7 |
|  | § |
| **ALEXANDER E. JONES,** | § Case No. 22-33553 (CML) |
|  | § |
| Debtor. | § |

**FIRST INTERIM FEE APPLICATION**
**OF HMP ADVISORY HOLDINGS, LLC D/B/A HARNEY PARTNERS AS FINANCIAL ADVISOR FOR THE CHAPTER 7 TRUSTEE, CHRISTOPHER R. MURRAY, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM DECEMBER 2, 2024 THROUGH JANUARY 31, 2025**

> **This application seeks an order that may adversely affect you. If you oppose the application, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the application and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the application at the hearing.**
>
> **Represented parties should act through their attorney.**

**TO THE HONORABLE CHRISTOPHER M. LOPEZ,**
**UNITED STATES BANKRUPTCY JUDGE:**

HMP Advisory Holdings, LLC d/b/a Harney Partners ("***HP***"), as Financial Advisor for Christopher R. Murray, the Chapter 7 Trustee (the "***Trustee***") for the bankruptcy estate of Alexander E. Jones ("***Jones***" or the "***Debtor***") files this *First Interim Application for Payment of Compensation and Reimbursement of Expenses* ("***Application***") for the period from December 2, 2024 through and including January 31, 2025 (the "***Application Period***"), and respectfully represents as follows:

3

# I.
# JURISDICTION

1. HP submits this Application pursuant to section 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Bankruptcy Local Rules (the "**Local Rules**").

2. The Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is property pursuant to 28 U.S.C. § 1408.

# II.
# RELIEF REQUESTED

3. HP requests that the Court enter an order: (i) allowing HP's compensation for professional services to the Trustee rendered during the Application Period in the total amount of **$5,210.00** and reimbursement of actual and necessary expenses incurred by HP in the amount of **$0.00**; and (ii) awarding and ordering payment to HP for any allowed unpaid amounts from the funds available in the Debtor's estate.

4. Copies of HP's prior monthly fee statements and the supporting invoices reflecting the requested fees and expenses, are attached to this Application as **Exhibit 1** in support of the relief requested and in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Trustee* ("**Interim Compensation Order**")[DE 793]. A summary of expenses is attached as **Exhibit 2**. A summary of time by billing professional is attached as **Exhibit 3**. A summary of services rendered by category is attached as **Exhibit 4.**

## III.
## EMPLOYMENT IN THIS CASE

5.  The Trustee filed an *Application to Employ HMP Advisory Holdings, LLC d/b/a Harney Partners as Financial Advisor* [DE 960] ("**Employment Application**") on December 6, 2024.

6.  The Court entered the *Order Authorizing Employment* at Docket No. 1003("**Employment Order**"), with an effective date of employment of December 2, 2024.

## IV.
## PRIOR FEE STATEMENTS

7.  Pursuant to the Interim Compensation Order, HP has filed one interim fee statement prior to this Application, as set forth below:

| Dkt. | Fee Period | Fees Requested | Expenses | Total Fees (80%) and Expense (100%) Paid | Amount Outstanding |
|---|---|---|---|---|---|
| 1078 | 12/02/2024 – 01/31/2025[6] | $5,210.00 | $0.00 | $4,168.00 | $1,042.00 |

8.  The *First Interim Fee Statement* [DE 1078] was filed on February 10, 2025.

9.  HP requested compensation of $5,210.00 in total professional fees and sought the reimbursement of $0.00 in actual and necessary expenses. The objection period for the *First Interim Fee Statement* [DE 1078] has not yet passed as of the date this Application was filed, and thus, HP has not yet received any payments for fees and expenses requested therein.

---

[6] The *First Interim Fee Statement* [DE 1078] was filed on 02/10/2025. The objection period has not yet passed as of the date this Application was filed. HP does not anticipate any objections to its First Monthly Fee Statement and anticipates that it will receive payment in accordance with the Interim Compensation Order prior to entry of an order approving this Application. This line reflects receipt of that anticipated payment.

5

## V.
## OVERVIEW OF COMPENSATION REQUESTED

10. Karen Nicolaou and Edward Derengowski were the HP professionals providing the services to the Trustee during the Application Period. Karen Nicolaou (3.3 hours) and Edward Derengowski (9.7 hours) provided a total of 13 hours in services.

11. HP is requesting the interim allowance of **$5,210.00** in professional fees and **$0.00** in actual expenses incurred as part of this engagement.

12. HP is requesting payment of any unpaid, allowed compensation, including any amounts withheld from prior fee statements, whatever that unpaid amount may be on the date that an order is entered on this Application.

13. HP submits that the fees and expenses requested are reasonable and all amounts requested were for actual and necessary services rendered on behalf of the Trustee.

14. HP reserves the right to request additional compensation for the Application Period to the extent that it is later determined that time or disbursement charges for services rendered or disbursement incurred during such time period have not yet been submitted.

## VI.
## LEGAL STANDARD

15. Section 330 of the Bankruptcy Code authorizes the Court to award HP reasonable compensation for its actual and necessary services rendered and reimbursement of its actual and necessary expenses incurred in the rendering of services as financial advisor to the Trustee.

16. Section 330 provides:

(a)(1) After notice to the parties in interest and to the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an

examiner, an ombudsman appointed under section 333, **or a professional person employed under section 327** or 1103:

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(emphasis added).

18. This Application substantiates the total amount that HP seeks for fees and expenses in accordance with each element of the customary standards applied to fee applications. These standards are set forth in (i) Bankruptcy Rule 2016 and (ii) *In re First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 (1977).

19. The Fifth Circuit adopted the following twelve factors to apply to the determination of awards professional' fees in bankruptcy cases in *In re First Colonial Corp. of America,* 544 F.2d 1291, 1298-99 (5th Cir. 1977), cert. denied, 431 U.S. 904 (1977) and J*ohnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-710 (5th Cir. 1974) *First Colonial*: (i) the time and labor required; (ii) the novelty and difficulty of the questions; (iii) the skill requisite to perform the service properly; (iv) the preclusion of other employment by the professional due to acceptance of the case; (v) the customary fee; (vi) whether the fee is contingent or fixed; (vii) time limitations imposed by the client or the circumstances; (viii) the amount involved and the results obtained; (ix) the experience, reputation and ability of the attorneys; (x) the "undesirability" of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases.

20. More recently, in *In re Woerner*, 783 F.3d 266, 276 (5th Cir. 2015), the Fifth Circuit rejected the "hindsight" or "material benefit" standard that was originally set forth in *In re Pro-Snax Distributors, Inc.*, 157 F.3d 414 (5th Cir. 1998). In its place, the Fifth Circuit enunciated a

new, prospective standard based on whether the services were reasonably likely to benefit the estate at the time such services were rendered.

21. Pursuant to Fifth Circuit precedents, HP has met its burden for the allowance of its requested fees under Section 330 of the Bankruptcy Code.

### A.     TIME AND LABOR EXPENDED

22. HP dedicated a total of 13 hours during the Application Period for its professional services to the Trustee. HP's services, as reflected in **Exhibit 1**, relate to the Trustee's administration of the estate and more specifically involved write up work necessary in advance of consolidating the financial information from FSS into the reporting for the over all Alex Jones bankruptcy case.

### B.     NOVELTY AND DIFFICULTY & EXPERIENCE, REPUTATION, AND ABILITY

23. HP is a nationally recognized corporate advisory firm that has assisted hundreds of organizations and their stakeholders through complex financial and operational challenges and has over 30+ years of specialized experience providing advisory services, turnaround consulting, financial assessments, analyses, internal audits, and expert reports and testimony to debtors, creditors, and other parties involved in business turnarounds, restructuring, bankruptcy, regulatory compliance, risk management, and complex litigation matters.

24. HP's professionals, including Karen Nicolaou, have substantial experience in the business restructuring, insolvency, and bankruptcy context and had the requisite and specialized skills needed to provide the financial consulting services required by the Trustee in this engagement – which during the Application Period consisted of designing the system of consolidating for the preparation of required bankruptcy-related reports and/or disclosures.

8

C. **PRECLUSION OF OTHER EMPLOYMENT**

25. HP had other engagements during the Application Period for other clients, and the services provided to the Trustee in this case did not specifically preclude other employment.

D. **RESULTS OBTAINED**

26. HP's services in this case have assisted the Trustee in his efforts to maximize the value of the estate and efficiently administer the case. The services provided were handled in a professional and cost-effective manner. The requested compensation is reasonable in view of the time spent, the parties involved, the nature and circumstances present in this case, and HP was successful with respect to its specific role as financial advisor by providing a reporting format to the Trustee that meet the applicable reporting requirements in a timely and efficient manner.

E. **IMPOSED TIME LIMITATIONS**

27. HP believes that it has successfully handled the time limitations imposed during the Application Period and enabled the case to progress in an efficient manner given the circumstances involved.

F. **CUSTOMARY FEE FOR THE SERVICES RENDERED**

28. The time and effort required by HP to adequately provide services to the Trustee as financial advisor and the complexities of the engagement have been described in this Application. The hourly rates of the HP's billing professionals are comparable to the rates charged by other firms in the industry for similar work and these rates were disclosed and approved in the Employment Application and respective Employment Order.

G. **FIXED OR CONTINGENT FEE AND UNDESIRABILITY OF CASE**

29. HP's fee expectation upon accepting this engagement was that it would receive compensation for professional services rendered on an hourly basis plus recovery of reasonable out of pocket expenses incurred.

H. **NATURE AND LENGTH OF PROFESSIONAL RELATIONSHIP WITH THE CLIENT**

30. As disclosed in detail in the Employment Application, HP has been retained as financial advisor in other unrelated bankruptcy cases, including cases where Christopher Murray served as trustee and/or as counsel to a party in a bankruptcy proceeding.

I. **AWARD IN SIMILAR CASES**

31. Taking into consideration the nature and circumstances of this case, HP is of the opinion that the fee requested herein is consistent with fees that have been awarded in other cases.

## VII.
## CONCLUSION

**WHEREFORE**, HP requests that the Court enter an order (i) allowing HP's compensation for professional services to the Trustee rendered during the Application Period in the amount of **$5,210.00** and reimbursement of actual and necessary expenses incurred by HP in the amount of **$0.00**; and (ii) award and order to be paid to HP the balance of any such fees and costs from funds available in the Debtor's estate.

Dated: February 14, 2025

    Respectfully submitted,

    **HMP ADVISORY HOLDINGS, LLC**
    **D/B/A HARNEY PARTNERS**

    _____
    Karen G. Nicolaou, *Managing Director*
    Email: knicolaou@harneypartners.com
    Telephone: 281.656.6508
    One Riverway 777
    S. Post Oak Lane, Suite 1700
    Houston, TX 77056
    *Financial Advisors for the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing document was forwarded by electronic transmission to all registered ECF users appearing in the case on February 14, 2025

    */s/ Jacqueline Q. Chiba*
    Jacqueline Q. Chiba
    *Counsel for the Chapter 7 Trustee*

**EXHIBIT 1**
PRIOR MONTHLY FEE STATEMENTS

THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| ALEXANDER E. JONES | § § | Case No. 22-33553 (Chapter 7) |
| Debtor. | § § | |

**FIRST MONTHLY FEE STATEMENT OF HMP ADVISORY HOLDINGS, LLC D/B/A HARNEY PARTNERS AS FINANCIAL ADVISOR FOR THE CHAPTER 7 TRUSTEE, CHRISTOPHER R. MURRAY, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM DECEMBER 2, 2024 THROUGH JANUARY 31, 2025**

| | |
|---|---|
| **Name of Applicant:** | HMP Advisory Holdings, LLC d/b/a Harney Partners, Financial Advisor for the Chapter 7 Trustee, Christopher R. Murray |
| **Date of Retention Order:** | December 31, 2024 [DE 1003] with effective retention date of December 2, 2024 |
| **Period for which Fees and Expenses are Incurred:** | December 2, 2024 through and including January 31, 2025 |
| **Interim Fees Incurred:** | $5,210.00 |
| **Interim Payment of Fees Requested (80%):** | $4,168.00 |
| **Interim Expenses Incurred:** | $ -0- |
| **Total Fees and Expenses Due:** | $4,168.00 |

This is the First Monthly Fee Statement.

HMP Advisory Holdings, LLC d/b/a Harney Partners ("HP"), as Financial Advisor for the Chapter 7 Trustee, Christopher R. Murray (the "Trustee"), submits this First Monthly Fee Statement (the "Fee Statement") for the period from December 2, 2024 through January 31, 2025 (the "Application Period") in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Trustee* [Dkt. No. 793] (the "Interim Compensation Order").

HP requests compensation for professional services rendered in the amount of $5,210.00 (the "Fees"), and for reimbursement of out-of-pocket expenses incurred in the amount of $ -0- (the "Expenses"), for the period from December 2, 2024 through January 31, 2025. Eighty percent (80%) of the fees equals $4,168.00 and one hundred percent (100%) of the Expenses equals $ -0- for a total requested amount of **$4,168.00**. A timesheet reflecting the services provided and expenses incurred is attached hereto as **Exhibit 1**.

**WHEREFORE**, HP respectfully requests payment and reimbursement in accordance with the procedures set forth in the proposed Interim Compensation Order (*i.e.*, payment of eighty percent (80%) of the compensation sought, in the amount of $4,168.00 and reimbursement of one hundred percent (100%) of expenses incurred in the amount of $ -0-, for the total requested interim compensation of **$4,168.00**.

Dated: February 10, 2025

      Respectfully submitted,

      **HMP ADVISORY HOLDINGS, LLC**
      **D/B/A HARNEY PARTNERS**

      _____
      Karen G. Nicolaou, *Managing Director*
      Email: knicolaou@harneypartners.com
      Telephone: 281.656.6508
      One Riverway 777
      S. Post Oak Lane, Suite 1700
      Houston, TX 77056
      *Financial Advisors for the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing document was forwarded by electronic transmission to all registered ECF users appearing in the case on February 10, 2025.

      */s/ Jacqueline Q. Chiba*
      Jacqueline Q. Chiba
      *Counsel for the Chapter 7 Trustee*



# Harney Partners

# INVOICE

8911 Capital of Texas Highway, Suite 2120
Austin, TX 78759

Invoice # 73924
Date: 02/10/2025
Due Upon Receipt

In re Alexander E. Jones

## 00387-In re Alexander E. Jones

## Litigation Support Services

| Date | Professional | Notes | Quantity | Rate | Total |
|---|---|---|---|---|---|
| 12/17/2024 | KN | Reporting & Analysis: Review MOR's and other information. | 0.40 | $550.00 | $220.00 |
| 12/18/2024 | KN | Meetings & Conference Calls: Call with C Murray to outline MOR process and deliverable related to same. | 0.50 | $550.00 | $275.00 |
| 01/03/2025 | KN | Financial Analysis: Create model for consolidating information for Monthly Operating reports for Alex Jones and FSS in preparation for discussion with C Murray. | 1.30 | $550.00 | $715.00 |
| 01/06/2025 | KN | Meetings & Conference Calls: Meeting with C Murray and G Milligan to discuss reporting parameters and additional tasks. | 0.40 | $550.00 | $220.00 |
| 01/10/2025 | KN | Meetings & Conference Calls: Call with E Dereng to discuss set up of MOR's for monthly reporting. | 0.40 | $550.00 | $220.00 |
| 01/10/2025 | ED | Meetings & Conference Calls: Call with K. Nicolaou to discuss set up of MOR's for monthly reporting (0.4) | 0.40 | $350.00 | $140.00 |
| 01/10/2025 | ED | Financial Advisory Services: June MOR re Cash analysis (1.5) | 1.50 | $350.00 | $525.00 |
| 01/13/2025 | ED | Financial Advisory Services: June - Sept MOR analysis (5.2) | 5.20 | $350.00 | $1,820.00 |
| 01/15/2025 | KN | Meetings & Conference Calls: Review progress on creation of consolidated MORs with E Derengowski. | 0.30 | $550.00 | $165.00 |
| 01/15/2025 | ED | Meetings & Conference Calls: Review progress | 0.30 | $350.00 | $105.00 |

Page 1 of 3

| | | | | | |
|---|---|---|---|---|---|
| | | on creation of consolidated MORs with K. Nicolaou (0.3) | | | |
| 01/16/2025 | ED | Financial Advisory Services: Continued Aug & Sept MOR analysis (1.5). | 1.50 | $350.00 | $525.00 |
| 01/17/2025 | ED | Financial Advisory Services: Review and completion of June MOR (0.8) | 0.80 | $350.00 | $280.00 |
| | | | **Quantity Subtotal** | | **13.0** |

| Professional | Quantity | Rate | Total |
|---|---|---|---|
| Edward Derengowski | 9.7 | $350.00 | $3,395.00 |
| Karen Nicolaou | 3.3 | $550.00 | $1,815.00 |
| | **Quantity Total** | | **13.0** |
| | | **Subtotal** | **$5,210.00** |
| | | **Total** | **$5,210.00** |

Please make all amounts payable to: Harney Partners

Payment is due upon receipt.

## Remittance Advice

| Checking Information | |
|---|---|
| **Remit checks to:** | Harney Partners<br>8911 Capital of Texas Highway, Suite 2120<br>Austin, TX 78759 |
| **Wire Transfer Information** | |
| **Bank Name/Address:** | Chase Bank |
| **Bank ABA/Routing #:** | 111000614 for ACH payments; 021000021 for Wire payments |
| **Name/Account #:** | 361978783 |

Please include the invoice number 73924 as an additional reference so we may accurately identify and apply your payment.

Please provide adequate payment to cover the wire fees assessed by your financial institution.

**EXHIBIT 2**

**TIMEKEEPER TABLE**

| Professional | Title | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Karen Nicolaou | Managing Director | $550 | 3.3 | $1,815.00 |
| Edward Derengowski | Manager | $350 | 9.7 | $3,395.00 |

**EXHIBIT 3**
**PROJECT CATEGORY TABLE**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 13 | $ 5,210.00 |