IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 11 |
| ALEXANDER E. JONES | § | CASE NO. 22-33553 |
| *Debtor* | § | |

## **EXPEDITED**
## **MOTION REQUESTING LEAVE TO FILE A**
## **MOTION APPROVING THE SALE OF FSS ASSETS, AND**
## **REQUEST FOR STATUS CONFERENCE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING, UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, FIRST UNITED AMERICAN COMPANIES, LLC ("FUAC" or "Movant"), a party-in-interest and the highest cash bidder in the recent effort to "auction" off certain of the assets (the "Assets") of Free Speech Systems, LLC ("FSS"), and files this Expedited Motion Requesting Leave to File a Motion Approving the Sale of FSS Assets, and Request for Status Conference.

1. FUAC attended the hearing remotely on February 5, 2025, and has read the transcript of this Court's ruling regarding a Motion to Settle certain claims that FUAC believes were inconsistent with the purpose and intent of this Court's Supplemental Order and not relevant to FUAC's recent offer submitted to Christopher Murray, the Trustee, in late December 2024. This Motion seeks to reinitiate and conclude bid procedures consistent with the intent of this Court's Supplemental Order by a simple cash auction protocol administered by the Trustee and supervised, as the case may be, by this Court, for the following reasons.

2. The Trustee of the Alexander Jones Chapter 7 case has previously undertaken to sell the FSS Assets pursuant to this Court's Sale Order at Docket No. 859. The Connecticut Plaintiffs, later joined by the Texas Plaintiffs, were active bidders but initiated, with the agreement of the Trustee, a procedure that was not consistent with this Court's Supplemental Order. The Court is aware that FUAC made every effort to participate in that sale but simply could not understand the bidding process or the consideration adopted by the Trustee. Bids from the Onion, participating with the Connecticut Plaintiffs, were not, for example, cash offers. The Court ultimately denied the Trustee's Motion to Sell. *See* Order at Docket No. 985.

3. In a continuing good faith effort to initiate the process contemplated by the Supplemental Order, FUAC made a new cash offer of $8 million, effectively doubling its prior bid, and delivered the bid to the Trustee on December 19, 2024.

4. The December bid remains without a formal response or notice of a bidding protocol from the Trustee.

5. At the recent hearing not involving any auction sale or even a proposed protocol (the "Settlement Motion"), in denying the Settlement Motion the Court, *sua sponte*, indicated that it did not believe another auction of the Assets is warranted.

6.      The Court further indicated that it would entertain a request by the Trustee to sell the equity in FSS.  FUAC has reviewed the possibility of acquiring the equity but has reached the conclusion that acquiring the equity of FSS simply is not feasible. FSS is subject to over a billion dollars of judgments on appeal, a state court Turnover Order removed to this Court, and the potential PQPR Lien that was purchased with FSS funds by the Trustee and may constitute a valid lien against the FSS assets.  Any one of the multi-million-dollar risks that make it impossible to value the equity.  The potential turnover order in State Court initiated in State Court but removed to this Court may be difficult to quickly initiate or conclude due to competing interests and a pending appeal of this Court's Supplemental Order regarding the FSS assets that, as this Court noted, jurisdictionally prevented modification of that order.  Additionally, the only real value to FSS is its assets, especially its intellectual property.  However, the assets possibly are subject to a turnover order and other competing lien claims that essentially render the assets valueless without an order from the Court approving a sale of the Assets *free and clear of claims under Section 363 of the Bankruptcy Code*.  The uncertainty and risk involved with FSS makes a sale of FSS' equity virtually impossible.

7.      As noted above, after the Court denied the Trustee's initial attempt to sell the Assets, in late December FUAC submitted a new cash offer of $8 million for the Assets. For whatever reason, the Trustee has not formally responded to such offer.  However, in working with the Trustee FUAC has already approved the form of the Asset Purchase Agreement that was prepared by the Trustee and submitted to FUAC, and FUAC continues to be ready, willing and able to acquire the Assets for $8 million pursuant to a sale under Section 363.  Perhaps other parties are willing to offer more for the Assets if given the opportunity.  In any event, the Trustee remains in place and the proper authority to conduct a simple, cash only auction sale of the FSS Assets, subject to the supervision of this Court as in all authorized auctions.

8. FUAC has spent a considerable amount of time, resources, and expenses pursing the acquisition of the Assets. FUAC has faithfully followed the Trustee's requirements and this Court's orders. The FUAC offer is substantial, and a simple straight-forward auction with a cash bid protocol is neither a difficult nor complicated process to implement, and if successful will effectively remove most all assets requiring administration by this Court from the Alex Jones Chapter 7 Estate.

9. Before completely foreclosing a possible auction sale of the Assets, FUAC wanted this Court to have the benefit of FUAC's perspective as FUAC is the only party involved in this proceeding that has consistently shown a willingness to pay a substantial amount, in cash, for the Assets. FUAC remains willing to pay $8 million for the Assets but simply cannot agree to acquire the equity of FSS.

10. FUAC respectfully requests that the Court schedule a status conference and thereafter allow FUAC leave to file a motion approving a sale process and protocol covering the FSS Assets pursuant to Section 363 of the Bankruptcy Code and this Court's supervision. That Motion will only be filed after consultation with the Trustee in an effort to reach an agreement on protocol and other concerns, if any, the Trustee may have.

WHEREFORE, FUAC requests the above relief and for such other and further relief to which it is justly entitled, both at law and in equity.

Respectfully submitted,

 */s/ Walter J. Cicack*
WALTER J. CICACK
State Bar No. 04250535
wcicack@hcgllp.com
HAWASH CICACK & GASTON LLP
711 W. Alabama St., Suite 200
Houston, Texas 77006
(713) 658-9015 - tel/fax
***Attorneys for First United American Companies, LLC***

4

**Certificate of Service**

    I hereby certify that a true and correct copy of the foregoing document has been served through the Court's ECF noticing system on this 18th day of February, 2025.

                                                         */s/ Walter J. Cicack*
                                                         Walter J. Cicack