UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| | |
|---|---|
| In Re: ) | Chapter 7 |
| ) | |
| ALEXANDER E. JONES ) | Case No. 22-33553 (CML) |
| ) | |
|    Debtor. ) | |

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**MOTION FOR LEAVE TO INTERVENE**
**TO PRESENT EVIDENCE OF FRAUDULENT JUDGMENT**
[Relates to **Case No. 22-33553 (CML)** Generally]

---

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

---

    The undersigned Pro Se Attorney Intervenor/Interested Party, **Robert Wyn Young**, hereby moves the Court for an order granting the undersigned leave to intervene to present evidence to the Court of a fraudulent judgment giving rise to the instant Chapter 7 bankruptcy. The undersigned, being a United States citizen and actively~registered state and federal licensed attorney in good standing (OH Bar #64876), has a vested interest in ensuring that the **fraudulent nature of the $1.3 Billion Connecticut state court judgment** giving rise to this Chapter 7 bankruptcy is brought to the Court's attention and that no relief is granted based upon said fraudulent judgment. The grounds for this Motion are more fully set forth below.

1

## BACKGROUND

This Chapter 7 bankruptcy arises, in large part, from an alleged final judgment of $1.43 Billion entered against the Debtor, Alexander E. Jones (herein referred to as "Alex Jones" or "Jones"), on December 22, 2022, in consolidated Connecticut state court defamation cases arising from or related to an alleged mass school shooting in Sandy Hook, Connecticut, on December 14, 2012, and styled as Erica Lafferty, et al. v. Alex Emric Jones, et al., UWY-CV-18-6046436-S; William Sherlach v. Alex Jones, et al., UWY-CV-18-6046437-S; and William Sherlach v. Alex Emric Jones, et al., UWY-CV-18-6046438-S (herein also collectively referred to as "the Connecticut defamation cases" or as "the consolidated Connecticut defamation cases").

Unless specified otherwise in this **Motion**, all references to the "Trial Ct. Dckt." pertain to the trial court Case Detail/Docket for Erica Lafferty, et al. v. Alex Emric Jones, et al., UWY-CV-18-6046436-S[1]. All citations to "(Docket No. __)" reference the case docket in this bankruptcy proceeding, Case No. 22-33553 (CML).

In a footnote to a March 10, 2023, filing in this bankruptcy proceeding (Docket No. 212), the Sandy Hook Families state the following with respect to the alleged final Connecticut state court judgment of December 22, 2022:

> The judgment consists of the jury verdict (Exhibit A) **[10/12/22, Trial Ct. Dckt. 1010.00]** and the trial court's ruling on punitive damages (Exhibit B) **[11/10/22, Trial Ct. Dckt. 1026.00]**. Judgment became effective on December 22, 2022, the date the trial court denied the motions by Alex Jones and FSS for a new trial and for remittitur (see Exhibit C) **[12/22/22, Trial Ct. Dckt. 1043.00]**.

[Sandy Hook Families' 03/10/23 **Adversary Complaint**, Pg. 5, fn. 2 (Docket No. 212); bracketed and bolded date and Trial Ct. Dckt. references added.]

---

[1] Viewable at: https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=UWYCV186046436S

2

The pertinent procedural history giving rise to the aforesaid alleged final judgment of $1.43 Billion entered against Alex Jones on December 22, 2022, in the consolidated Connecticut defamation cases, is well and succinctly summarized by the Connecticut Appellate Court in its December 10, 2024, opinion which states, in relevant part:

> On October 12, 2022, the jury returned a verdict in favor of the plaintiffs, awarding them a total of $965,000,000 in compensatory damages. The jury further awarded the plaintiffs reasonable attorney's fees and costs, with the amounts to be determined by the court at a later date. On November 10, 2022, the court awarded the plaintiffs a total of (1) $321,650,000 in common-law punitive damages in the form of attorney's fees, (2) $1,489,555.94 in costs, and (3) $150,000,000 in statutory punitive damages pursuant to CUTPA. The defendants filed motions to set aside the verdict and for a remittitur, which the court denied on December 22, 2022. These consolidated appeals followed.

Erica Lafferty, et al. v. Alex Emric Jones, et al., No. AC 46131, slip op. at 7 (Conn. App. Ct. December 10, 2024).

In summation, the Connecticut Appellate Court ruled that: "The judgments are reversed only as to the plaintiffs' CUTPA claim and the cases are remanded with direction to vacate the court's award of $150,000,000 in punitive damages pursuant to CUTPA; the judgments are affirmed in all other respects." Lafferty, No. AC 46131, slip op. at 62. Thus, the Connecticut Appellate Court reduced the alleged final judgment against Alex Jones in the consolidated Connecticut defamation cases from approximately $1.43 Billion, to approximately $1.3 Billion.

**Even if** the documents identified in the Sandy Hook Families' March 10, 2023, Bankruptcy Court filing (Docket No. 212), namely, **(1)** an October 12, 2022, jury verdict (Trial Ct. Dckt. 1010.00), **(2)** a November 10, 2022, trial court ruling on punitive damages (Trial Ct. Dckt. 1026.00), and **(3)** a December 22, 2022, denial of "motions by Alex Jones and FSS for a new trial and for remittitur" (Trial Ct. Dckt. 1043.00), when put together, and considered in conjunction, do constitute a final judgment or final appealable order, which is debatable (but, the Connecticut

3

Appellate Court treated them as they do, anyway), it must **nevertheless**, and in any event, be concluded (as is more fully set forth and explained below) that the alleged final $1.3 Billion Connecticut state court judgment against Alex Jones **was obtained by fraud or collusion**.

## GROUNDS FOR INTERVENTION

### I. General Standards Regarding Permissive Intervention and the Importance of Combatting Fraud in the Bankruptcy System

FRBP 2018, regarding **Intervention** and **Right to Be Heard**, states the following with respect to Permissive Intervention: "In a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter." [FRBP 2018(a)] Courts generally interpret FRBP 2018 broadly to include any natural person or entity who has a legitimate and substantial interest in the outcome of the bankruptcy proceeding where and when said interest is not adequately represented (or being represented) by the existing parties.

In an article titled "**Partners in Combatting Crime: The Vital Roles of Chapter 7 Trustees and The United States Trustee Program**", published June 1, 2018, updated January 20, 2025, and appearing in the Archives of the **U.S. Trustee Program** at Justice.gov[2], the author states the following in the **Introduction**, which merits quoting in full:

> The trusted and continuing nationwide partnership between the United States Trustee Program (USTP or Program) and chapter 7 trustees is essential to protecting the integrity and efficiency of the bankruptcy system. With a goal of protecting the public from fraud and abuse, the USTP carries out enforcement, regulatory, and administrative activities that are critical to the proper functioning of the bankruptcy system. The USTP serves as a vigilant "watchdog" of the bankruptcy system and combats deceptive actions by debtors, creditors, professionals and other third parties.

---

[2] **U.S. Department of Justice, Archives, U.S. Trustee Program**. Retrieved from:
https://www.justice.gov/archives/ust/blog/partners-combatting-crime-vital-roles-chapter-7-trustees-and-united-states-trustee-program

4

> Along with administrative, regulatory and civil enforcement activities, criminal enforcement is a USTP priority. Chapter 7 trustees, as well as USTP field office staff across the country, play an essential role in the identification and referral of bankruptcy fraud and other crimes. Chapter 7 trustees are on the front lines in the battle against bankruptcy crimes and play a crucial role in identifying and initiating civil investigations, and referring possible criminal activity. In addition to notifying the Program of suspected wrongdoing, trustees routinely provide additional assistance after a referral is made. This can include providing documents and related information to law enforcement and, on occasion, appearing as trial witnesses. The Program values the significant contributions chapter 7 trustees make in combating bankruptcy fraud and **encouraging public confidence in the federal judicial system**. [Emphasis added.]

Under a subsection to the "**Partners in Combatting Crime**" article at Justice.gov titled "**The Duty to Refer Violations**", the author states: "Both the USTP and chapter 7 trustees have a statutory responsibility to identify and refer potential fraud or criminal activity in a case. *** The duty to refer is not limited to thresholds or guidelines, or whether there is proof beyond a reasonable doubt." The "**Partners in Combatting Crime**" article further states that: "[t]rustees are in an excellent position to ferret out bankruptcy fraud and abuse[,]" and that "[t]he information chapter 7 trustees gather from their day-to-day administration of cases is crucial to the USTP's ability to effectively address abusive conduct".

II.     **The Undersigned Pro Se Attorney Intervenor/Interested Party, Robert Wyn Young, Should Be Granted Leave to Intervene to Submit Evidence of Fraud**

In the fall of 2023, I heard Alex Jones and Attorney Norm Pattis speaking in a cagey way on Infowars about their Connecticut Sandy Hook appeal, and I decided to look into it. In then reviewing the trial and appellate court dockets in the matter of Lafferty, et al. v. Jones, et al., CT A.C. No. 46131, appeal from Superior Court Docket No. UWY-CV18-6046436-S (also fully cited, *supra*), I **promptly** discovered **unequivocal** evidence that Alex Jones threw the defense of the Connecticut Sandy Hook defamation cases with his **very first responsive pleadings** (i.e., by deliberately failing to claim **federal question jurisdiction** when removing the related Lafferty and

5

Sherlach Connecticut **1st Amendment** lawfare cases to federal court). Indeed, as I came to learn in conducting further and diligent research, Jones' doing so was part of a broader, two~part and **treasonous** conspiracy to undermine or destroy our **1st** and **2nd Amendments**.

**The evidence**, namely, **(1)** Alex Jones' case filings in the Connecticut defamation cases, and **(2)** network, cable, and local TV station video footage and pictures from the day, time, and location of the alleged Sandy Hook mass school shooting, **provides probable cause** for reasonable minds to conclude that Alex Jones' **"Capitulation & Betrayal"** in the Connecticut Sandy Hook cases was the second and necessary stage of a massive, two~part, and **treasonous** conspiracy. In the first part, the horrific Sandy Hook school shooting **story** was concocted to turn legislators, laws, and the American people against the **2nd Amendment**. In the second part, Alex Jones and others took purposeful dives on bogus defamation claims to hand the Connecticut Sandy Hook Plaintiffs a massive win that chills free speech, investigative journalism, and public participation in the political process. Indeed, Jones' loss/the outrageous **$1.43 Billion damages judgment** (reduced by the Connecticut Appellate Court to **$1.3 Billion**) appears largely designed to "scare off" further and proper scrutiny of the alleged Sandy Hook mass school shooting.

Upon discovering confirming probable cause evidence of the two~part and **treasonous** Sandy Hook conspiracy, I became **duty~bound**, as a state and federally~licensed attorney, who is oathbound to support and defend the United States Constitution, **to expose it**. On November 1, 2024, I began publicly pursuing a public advocacy case to expose the two~part and treasonous Sandy Hook conspiracy.

On February 24, 2025, I emailed the Chapter 7 Trustee a **written explanatory statement** and **evidentiary submission** concerning the fraud described herein. (See attached/filed **Exhibits 4~10**.) Receiving no response, I again emailed the Chapter 7 Trustee on February 27, 2025,

6

**requesting** confirmation of receipt of my first email, **providing** an executive summary of the operative evidence of fraud giving rise to this Chapter 7 bankruptcy (i.e., **Alex Jones' deliberate failure to claim federal question jurisdiction in 1st Amendment cases**), and **submitting** additional evidence in the form of a demonstrative PowerPoint exhibit summarizing the Connecticut U.S. District Court Remand file (cited in full, below). (See attached/filed **Exhibits 11** and **12**.)

On February 28, 2025, the Chapter 7 Trustee sent me an email confirming his receipt of my February 24th and 27th emails, copying his two (2) attorneys, and the attorney for the United States Trustee, telling me that he, unfortunately, could **not** provide legal advice [in response to two (2) purely ministerial/administrative questions I had twice posed], and providing me with a copy of the Creditor Matrix. (See attached/filed **Exhibit 13**.) The Chapter 7 Trustee's February 28th email did **not**, in any way, respond to the credible allegations, written explanations, or evidentiary submissions regarding fraud that I had submitted.

On March 4, 2025, I sent a reply email to the Chapter 7 Trustee, his two (2) attorneys, and the attorney for the United States Trustee, **(1)** setting forth/reiterating reasonable and well~founded administrative questions/requests, **(2)** providing an additional demonstrative aid/exhibit regarding a Chapter 7 trustee's duties in response to a credible allegation of fraud, and **(3)** stating the following well~founded and substantive **Legal Notices & Demands**:

> **LEGAL NOTICES & DEMANDS**
>
> As an attorney and officer in good standing of **all Ohio state courts**, of all **U.S. District Courts sitting in Ohio**, and of the **U.S. 6th Circuit Court of Appeals**, and for and on behalf of the **American people** in my public advocacy case to support and defend the **United States Constitution** by exposing the <u>**Alex Jones/Sandy Hook**</u> two~part and treasonous conspiracy against the **United States** and our **1st** and **2nd Amendments**, I do <u>**herein**</u> and <u>**hereby**</u> give and make the following <u>**legal notices/demands**</u>:
>
> ***<u>Be advised</u>:** The **Chapter 7 Trustee**, the **United States Trustee**, and **all counsel** representing them in regard/with respect to the **Alex Jones Chapter 7 Bankruptcy ~ Case**

7

> **No. 22-33553 (CML)** have **statutorily** and **ethically~imposed duties** to do so and **must immediately report** this credible allegation of and evidentiary submission concerning **fraud** to **Judge Lopez**/the **Bankruptcy Court**; **must** further **investigate** the **fraud** ~ if necessary; **must** open an adversary proceeding ~ if necessary ~ to **avoid** the issuance of any relief based upon the **blatantly~fraudulent** Connecticut state court judgment giving rise to the instant **Chapter 7** bankruptcy; and **must** promptly, and in due course, inform the **U.S. Attorney** of **likely criminal violations of federal law** associated with the **fraudulently ~ obtained $1.3 Billion Connecticut state court judgment**.
>
> **\*\*\*Be further advised:** Any and all failures to fulfill the **statutorily** and **ethically ~ imposed duties** described in the preceding paragraph (and passim, with respect to this entire email string) may and should also be deemed as **acts**, **or refusals to act when duty ~ bound to do so**, **in furtherance of the broader, overall, two~part and treasonous Sandy Hook conspiracy against the United States and our 1st and 2nd Amendments**. [Formatting and emphasis as in original.]

(See attached/filed **Exhibits 14** and **15**.)

**Neither** the Chapter 7 Trustee, **nor** any of the three (3) attorneys (who were copied on the Chapter 7 Trustee's February 28th "responsive" email and on my March 4th reply email) responded **in any way** to my March 4th reply, to my well~founded ministerial/administrative requests and questions, or to my well~founded and substantive **Legal Notices & Demands**, set forth therein. Instead, I later find a March 12, 2025, Newstimes article, titled "**Sandy Hook families 'no longer see any benefit' in Alex Jones' Infowars fight, propose new plan**"[3] (attached/filed as **Exhibit 16**), which states that, after more than **three (3) years**, the:

> Sandy Hook families will stop trying to recover a token of the $1.4 billion Alex Jones owes them by following a marathon course in federal bankruptcy court and instead will go after his Infowars conspiracy news broadcast business in state courts in Texas and Connecticut.

The **timing** of the Sandy Hook Families' March 11, 2025, "major shift" in tactics (to quote Mr. Ryser, the Newstimes article author), after more than **three (3) years** of bankruptcy court litigation, and just **seven (7) days** after I submitted my March 4th reply email and **Legal Notices**

---

[3] Ryser, Rob. "Sandy Hook families 'no longer see any benefit' in Alex Jones' Infowars fight, propose new plan". Newstimes, March 12, 2025: https://www.newstimes.com/news/article/alex-jones-infowars-sandy-hook-families-bankruptcy-20217270.php

8

**& Demands** to the Chapter 7 Trustee and other counsel (see **Exhibits 14** and **15**), certainly raises reasonable suspicions, as it **could** appear to a reasonable observer that the Sandy Hook families are attempting to "flee the scene" in the face of exposure of fraud.

The Sandy Hook Families' sudden and "major shift" in tactics to abandon this bankruptcy litigation, coupled with the Chapter 7 Trustee and counsels' failure/refusal to respond in any way to my credible allegation of fraud [which was fully, unequivocally, and publicly endorsed on December 23, 2024, by Todd Callender (CO Bar 25981), another 30~year attorney with a spotless record, such as myself, see the attached/filed **Exhibit 10**], certainly does not engender "public confidence in the federal judicial system", which the "**Partners in Combatting Crime**" article at Justice.gov (cited and quoted, *supra*) identifies as a major goal of the United States Trustee Program (USTP).

For the reasons stated above, it became incumbent upon me to promptly seek leave, as a pro se litigant, to intervene in this bankruptcy proceeding to protect my interests as a United States citizen and state and federally~licensed attorney in ensuring: **(1)** the integrity of the federal judicial system; **(2)** the protection of the 1st **Amendment** to the United States Constitution; and **(3)** the efficacy of my efforts in fulfilling my duties to protect and defend the Constitution. These **legitimate** and **substantial** interests are **not** being adequately represented by the Chapter 7 Trustee, or by any of the creditors or other parties, all of whom, to date, have failed or refused to bring this egregious and obvious fraud to the attention of the Court.

My communications with and evidentiary submissions to the Chapter 7 Trustee, his attorneys, and the attorney for the United States Trustee (attached/filed as **Exhibits 3~15**), as well as this **Motion for Leave to Intervene** and the additional **Exhibits** attached/filed herewith, all relate to the **second part** of the treasonous Sandy Hook conspiracy which is chiefly embodied in

9

the blatantly~fraudulent $1.3 Billion Connecticut state court judgment giving rise to the instant Chapter 7 bankruptcy. I do **not** seek to submit evidence or to prove herein that the underlying alleged December 14, 2012, Sandy Hook mass school shooting was a hoax. Probable cause evidence in that regard is already in the public record in the form of news camera footage from the day, time, and location of the alleged event; and the fraud and/or treason associated with the underling event may, should and, if justice prevails, will be dealt with in separate proceedings. All I respectfully request leave to do is to submit plain and operative evidence to the Court of the fraud or collusion that resulted in the $1.3 Billion Connecticut state court judgment chiefly giving rise to this Chapter 7 proceeding.

Proper pursuit of this public advocacy case, which, I often say, "is much bigger than me", has come to require **all** my professional time and efforts in recent weeks. Indeed, I had to quit my day job and sole means of support as a contract attorney on January 14, 2025, to meet the gargantuan and increasingly~growing demands of this public advocacy case. However, my solemn oaths as a state and federally~licensed attorney to support and defend the United States Constitution must and do take precedence over all self~interest and self~expediency. In our nation's history, **many** have risked and sacrificed their lives to support and defend the Constitution. It is the least I can do, in fulfilling my aforementioned sworn duties, to bring obvious, egregious, and **treasonous** fraud to proper light.

Accordingly, and as I have vested interests both **(1)** in fulfilling my oathbound duties to support and defend the Constitution, and **(2)** in ensuring the efficacy of my properly~directed efforts toward that end, I respectfully submit that **(a)** I qualify as an "interested entity" under the terms of FRBP 2018(a), and **(b)** the Court should permit me to intervene in the above~styled case for the specified/limited purpose of submitting evidence of fraud to the Court.

10

Indeed, if a state and federally~licensed attorney in my position, who is personally and professionally duty~bound to support and defend the Constitution, does **not** possess proper standing to bring evidence of egregious fraud to the attention of the Court **(1)** where and when the Chapter 7 Trustee fails or refuses without explanation to do so, **(2)** where and when the creditors do actually or should have notice of the obvious fraud but fail to raise the issue, and **(3)** where and when the egregious fraud **directly impacts** the continued viability of the **1st Amendment**, then the oath that **every** state and federally~licensed attorney takes to support and defend the Constitution is (or will be) rendered essentially **meaningless** in both effect and practical operation.

## THE $1.3 BILLION CT STATE COURT JUDGMENT IS BLATANTLY FRAUDULENT

The following **red flags** associated with and pointing to the fraudulent nature of the $1.3 Billion Connecticut state court judgment giving rise to the instant Chapter 7 bankruptcy are obvious and impossible to miss: (1) a $1.43 Billion (now, $1.3 Billion) judgment entered in consolidated defamation cases against a journalist, (2) by default and after appearance was made, (3) following a remand (or remands) of the consolidated Connecticut Sandy Hook cases by the federal court for **lack of subject matter jurisdiction**, (4) in consolidated **1st Amendment** lawfare cases. The described **red flags** point any reasonable and diligent creditor or investigator to the Lafferty **U.S. District Court remand file** [attached hereto as **Exhibit 1**, Lafferty Fed Ct. Remand File (Full), Trial Ct. Dckt. 112.00, 11/21/18] which, of course, is both part of and included in the Lafferty Connecticut state court case file.

**How, in the world, could the United States District Court for the District of Connecticut have ever, possibly, lacked subject matter jurisdiction to rule on the 1st Amendment~based, Anti~SLAPP Special Motion to Dismiss** that Alex Jones filed with said federal court in the Lafferty case on July 20, 2018?? There's **only one way** that could possibly

11

have happened; and that was **for Alex Jones to deliberately fail to claim federal question jurisdiction, under 28 U.S.C. § 1331, in his July 13, 2018, Notice of Removal of the <u>Lafferty</u> case**. And that is exactly what Alex Jones did[4, 5], and that is exactly what the Connecticut Sandy Hook Plaintiffs pointed out on the 1st page of their successful July 31, 2018, Motion to Remand, specifically, that: "defendants' only asserted basis for federal jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332." (Diversity of citizenship, as it happens, did **not** even exist on the face of the <u>Lafferty</u> Complaint.) [See the attached/filed **Exhibit 1**, <u>Lafferty</u> Fed Ct. Remand File (Full), Trial Ct. Dckt. 112.00, and **Exhibit 12**, 13~Slide "PwrPnt for Jones BR Trustee".]

The consolidated Connecticut defamation cases against Alex Jones should **never**, following **honest** and **proper** (i.e., **non~collusive**) removals to federal court, have been back to the state and local Connecticut court, the worst possible venue for resolution of these highly~charged, highly~controversial, and highly~suspicious defamation cases. The proof is in the pudding; and the pudding here is an outrageous, **1st Amendment speech~chilling $1.43 Billion default judgment**, boiled~down to a mere $1.3 Billion by the Connecticut Appellate Court after hearing the "best arguments" (i.e., see below) that Alex Jones had to offer.

Indeed, the $1.3 Billion Connecticut state court judgment giving rise to the instant Chapter 7 bankruptcy of Alex Jones is ludicrous from and in every aspect. This is, perhaps, best exemplified by and in the **biggest red flag** of all (and what led the undersigned to go back to the very beginning of the Connecticut Sandy Hook cases to look for obvious and egregious fraud which, of course, the undersigned immediately found in the deliberately~ineffective <u>Lafferty</u> and <u>Sherlach</u> Notices

---

[4] See Alex Jones' Notice of Removal in <u>Lafferty</u>, U.S. District Court Case No. 3:18-cv-01156, Document 1, Filed 07/13/18 (attached as Exhibit A to Alex Jones' 07/13/18 <u>Lafferty</u> state court Notice of Filing Notice of Removal, Trial Ct. Dckt. 106.00, and appearing in the <u>Lafferty</u> Fed Ct. Remand File (Full), Trial Ct. Dckt. 112.00).

[5] See, also, Alex Jones' Notice of Removal in <u>Sherlach</u>, U.S. District Court Case No. 3:18-cv-01269, Document 1, Filed 07/31/18 [attached as Exhibit A to Alex Jones' 07/31/18 <u>Lafferty</u> state court Notice of Filing Notice of Removal (of the related <u>Sherlach</u> case); see <u>Lafferty</u> Trial Ct. Dckt. 110.00].

of Removal), that being the outrageous and shocking admissions and statements Alex Jones makes in his June 2, 2023, Appeal Brief in the consolidated Connecticut actions, directly undermining both our **1st** and **2nd Amendments**.

Among such shocking admissions and statements in Jones' June 2, 2023, Connecticut Appeal Brief (which reads more like the Plaintiffs' Brief ~ at least according to multiple people who have interviewed the undersigned on this matter, including, among others, two JDs and one MD) are the following:

> Jones "lied from the very beginning of his coverage of the Sandy Hook shootings." (**Jones' Appeal Brief** admission, Pg. 32) Further, "Mr. Jones lied about Sandy Hook. He lied to attract attention. That attention drove people to his product pages and sales of those products, presumably, increased." *Id.* at 47. And, finally, at Pg. 50: "Mr. Jones is not contending . . . that his speech was protected on First Amendment grounds."

[**Brief of Defendants Alex Jones and Free Speech Systems, LLC** in Lafferty, et al. v. Alex Emric Jones, et al., Connecticut Appellate Court Case No. AC 46131 (filed June 2, 2023).]

A mere cursory review of Alex Jones' June 2, 2023, Appeal Brief [i.e., the document Alex Jones filed with the Connecticut Appellate Court to present his best arguments in defense/protection of his statements, his actions, his business(es), and his assets] would show any reasonable person (let alone a creditor or fraud investigator) that there was something **very**, **very wrong** with Alex Jones' defense of the consolidated Connecticut Sandy Hook defamation cases giving rise to the instant Chapter 7 bankruptcy.

A few more minutes spent in going back to the **beginning** of the Connecticut defamation cases, and looking at the initial pleadings therein, reveals or would reveal the obviously and deliberately~ineffective nature of Alex Jones' Notices of Removal (i.e., **which failed to claim federal question jurisdiction in 1st Amendment cases**) to any attorney, to any person vaguely

familiar with federal court jurisdiction, and to any person with access to Google and possessing an inquiring mind.

Alex Jones' obviously and deliberately~ineffective July 2018 Notices of Removal in the Lafferty and Sherlach cases constitute **operative evidence of collusion or self~sabotage by the defense** and, thus, of the fraudulent nature of the $1.3 Billion Connecticut state court judgment giving rise to the instant Chapter 7 bankruptcy, **as a matter of law**, meaning that reasonable minds cannot reasonably differ in this regard.

"Collusion" is both defined as and occurs "when two or more parties secretly agree to **defraud** a third-party of their rights or accomplish an illegal purpose." [Legal Encyclopedia, Legal Information Institute, Cornell Law School, https://www.law.cornell.edu/wex/collusion (last visited March 16, 2025), emphasis added.] Section 523(a)(2)(A) of the Bankruptcy Code states:

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . .
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by —
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

The quoted statutory prohibition of Chapter 7 discharge for fraudulently~incurred debts is **absolute**. In Bartenwerfer v. Buckley, 598 U.S. 69 (2023), the Supreme Court of the United States unanimously held that **debts incurred by fraud cannot be discharged in bankruptcy**, even if the debtor didn't personally commit the fraud.

The absolute and unequivocal holding of the Supreme Court in Bartenwerfer, concerning the non~dischargeability of fraudulently~incurred debts, weighs heavily in favor of this Court's acceptance and consideration of the credible allegation and evidence of fraud herein and herewith presented.

## REQUEST FOR RELIEF

**WHEREFORE**, the undersigned Pro Se Attorney Intervenor/Interested Party, **Robert Wyn Young**, respectfully requests that the Court grant the undersigned leave to intervene in the above~captioned case to present documentary evidence, namely, the **sixteen (16)** numbered **Exhibits** identified in the following **Supporting Documentation** section and filed herewith, demonstrating and establishing the fraudulent nature of the $1.3 Billion Connecticut state court judgment giving rise to the instant Chapter 7 bankruptcy of Alex Jones.

## SUPPORTING DOCUMENTATION

The undersigned attaches and submits herewith as **Exhibits**; incorporates herein by reference; and requests that the Court accept, review, and consider the **sixteen (16) numbered documents** listed below evidencing/demonstrating the fraudulent nature of the $1.3 Billion Connecticut state court judgment giving rise to the instant Chapter 7 bankruptcy. [**Exhibit 1** is the full U.S. District Court remand file in Lafferty; **Exhibits 2** through **15** include all the undersigned's communications with and evidentiary submissions to the Chapter 7 Trustee, his attorneys, and the attorney for the United States Trustee (dating from 02/24/25 through 03/04/25); and **Exhibit 16** is a March 12, 2025, Newstimes article regarding what a "major shift" in tactics the Sandy Hook Families' March 11, 2025, filing (Docket No. 1113) represents.]

1. Lafferty Fed Ct. Remand File (Full), Trial Ct. Dckt. 112.00;
2. 02.24.25 Email to CM Saldana re_Jones Ch7;
3. 02.24.25 Emails w_CM Saldana & Trustee Murray re_Jones Ch7;
4. 02.24.25 Email to Trustee Murray w_6 Att. re_Jones Ch7;
5. Lafferty Fed Court Remand Docs (Pgs. 1 thru 93 Only);
6. Lafferty Ruling Re_Motion to Remand 11.05.18;
7. Public Statement re_SH & Alex Jones 11.11.24;
8. Operation Madcap Highlights PPT 11.10.24;

15

9. SE(Patriots List) Re_AJ_SH Part II 12.15.24;
10. Callender's AJ_SH Endorsement 12.23.24;
11. 02.27.25 Email to Trustee Murray w_1 Att. re_Jones Ch7;
12. PwrPnt for Jones BR Trustee;
13. 02.28.25 Email from Trustee Murray re_Jones Ch7;
14. 03.04.25 Email to Trustee Murray & Counsel w_1 Att. re_Jones Ch7;
15. Attachment for 03.04.25 Email to CH7T & UST Counsel; and
16. Newstimes 03.12.25_SH Families Shift Tactics.

The undersigned Pro Se Attorney Intervenor/Interested Party, **Robert Wyn Young**, hereby certifies that the foregoing **sixteen (16)** listed and attached/filed **Exhibits** are true, full, and accurate copies of the documents they are designated as and purport to be.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Pro Se Attorney Intervenor/Interested Party, **Robert Wyn Young**, respectfully submits that the foregoing **Motion for Leave to Intervene to Present Evidence of Fraudulent Judgment** is well~taken, and it should be granted.

**Alternatively**, and if the Court, for any reason, finds that the undersigned lacks standing to present or submit evidence of a fraudulent judgment giving rise to this Chapter 7 bankruptcy **directly** to the Court, then the Court should nevertheless, and **in the interests of justice**, order the Chapter 7 Trustee, or some other **appropriate** and **impartial** designee, to review the **sixteen (16)** evidentiary **Exhibits** submitted herewith and to promptly prepare and publicly file a **written summary report** regarding same for review and consideration by the Court.

In accordance with **BLR 9013-1(h)**, the undersigned is attaching a proposed **Order** granting either of the alternative forms of relief herein requested.

[Remainder of page intentionally left blank.]

16

                                                                                         Respectfully submitted,

Date:  **03/19/25**                                                                                */s/ Robert Wyn Young*
                                                                                                       Robert Wyn Young (OH Bar #0064876)
                                                                                                       Law Office of R. Wyn Young, Esq.
                                                                                                        1421 Lexington Avenue, #180
                                                                                                        Mansfield, OH 44907
                                                                                                        Email: rwynyoung25@gmail.com
                                                                                                        Phone: (513) 238~2821
                                                                                                      ***Pro Se Attorney Intervenor/Interested Party***

## **FRBP 8015(h) CERTIFICATE OF COMPLIANCE**

      I hereby certify that the foregoing **Motion for Leave to Intervene** complies with the applicable 5,200~word limitation under FRBP 8013(f)(3)(A), and that such certification is based on a **5,132~word** calculation of said motion by my word processing program.

                                                                                                        */s/ Robert Wyn Young*
                                                                                                        Robert Wyn Young

## **CERTIFICATE OF SERVICE**

      I hereby certify that on **March 19, 2025**, I caused a copy of the foregoing **Motion**, and the sixteen (16) **Exhibits** and proposed **Order** attached to/filed with same, to be served on all subscribed parties by the Electronic Case Filing System of the United States Bankruptcy Court for the Southern District of Texas.

                                                                                                        */s/ Robert Wyn Young*
                                                                                                        Robert Wyn Young