# <u>Exhibit 8</u>

**Operation Madcap Highlights PPT 11.10.24**

# Operation "Madcap"



### R. Wyn Young, Esq.
#### November 1, 2024

Business:
LinkedIn.com/in/rwynyoung

Art & Advocacy:
AlwaysWyn.com

Abridged
HIGHLIGHTS
Version

Abridged
HIGHLIGHTS
Version



Popular Perception

# THE POWER HOUSE



# OF THE ALTERNATIVE MEDIA

Infowars is about to be shut down
due to a $1.43 Billion adverse default judgment
in a <u>defamation action</u>
based on the alleged mass school shooting
in Sandy Hook, Connecticut, in December of 2012.

*<u>How</u> does something like this <u>happen</u> in America ?!*

It doesn't.

<u>Not</u> without collusion or self~sabotage by the defense.



**Reality**

# Capitulation & Betrayal

## Introduction

❖ Would it surprise you to learn that Alex Jones ~ Champion of Free Speech, Leader of the Patriotic Opposition ~ is not even asserting First Amendment protections in his appeal of the Connecticut Sandy Hook judgment ?? You know, the $1.43 Billion adverse default judgment based entirely upon Jones' words ~ his exercise of free speech ??

❖ In fact, Jones and his attorney, Norman A. Pattis, are specifically avoiding assertion of First Amendment protections on appeal by admitting to the Connecticut Appellate Court that Jones "lied from the very beginning of his coverage of the Sandy Hook shootings." (Jones' Appeal Brief Pg. 32)* Jones' own Brief further states: "Mr. Jones lied about Sandy Hook. He lied to attract attention." Id. at 47. And, finally, at Pg. 50: "Mr. Jones is not contending . . . that his speech was protected on First Amendment grounds." [Emphasis added.]



❖ Sadly, I was not surprised to see that, in the consolidated CT Sandy Hook cases, Jones has essentially colluded with the Plaintiffs and is doing everything he can to sandbag both the First and Second Amendments. In fact, I pulled Jones' Appellate Brief expecting to find such a capitulation and a betrayal of professed and foundational principles.

\*   June 2, 2023, Brief of Defendants in Lafferty, et al. v. Jones, et al., CT A.C. No. 46131, appeal from Superior Court Docket No. UWY-CV18-6046436-S (herein "Jones' Appeal Brief").

# Capitulation & Betrayal



Filed Under The Electronic Briefing Rules

**APPELLATE COURT**
**OF THE**
**STATE OF CONNECTICUT**

A.C. 46131

**ERICA LAFFERTY ET AL.,**
**Plaintiffs,**

v.

**ALEX JONES ET AL.,**
**Defendants,**

**WATERBURY JUDICIAL DISTRICT**
**COMPLEX LITIGATION DOCKET**
**BARBARA M. BELLIS, J.**

**BRIEF OF DEFENDANTS**
**ALEX JONES AND FREE SPEECH SYSTEMS, LLC**

NORMAN A. PATTIS
Pattis & Smith, LLC
Juris No. 423943
383 Orange St., First Floor
New Haven, CT 06511
Tel: (203) 393-3017
Fax: (203) 393-9745
npattis@pattisandsmith.com

To Be Argued By
Norman A. Pattis

was no coherent law of the case, and result was enormous prejudice to the defendants, an evidentiary windfall that the plaintiffs should not have enjoyed in the context of a disciplinary default or any other lawful proceeding. The Sandy Hook parents suffered life-defining losses; however their pursuit of money damages entitles them to no special solicitude; proof ought to mandatory in a Court of law.

### III. The Trial Court's Rulings Limiting Defendant Alex Jones' Ability to Testify on Matters Relating to Sandy Hook Resulted in the Plaintiffs' Misleading the Jury in a Manner that Made a Mockery of the Jury's Fact-Finding Function.

#### A. Introduction

On the eve of trial, the plaintiffs persuaded the Court to issue additional sanctions against Mr. Jones, again for failing to comply to their satisfaction with discovery. The Court obliged. Mr. Jones was prohibited from testifying that Free Speech Systems, LLC, was in bankruptcy; that Sandy Hook was a minor part of overall coverage of events offered on his platforms; that he did not profit from Sandy Hook coverage; that he believed he and his firm had substantially complied with discovery; that he believed the opinions he expressed were protected by the First Amendment; and he could not deny that he lied from the very beginning of his coverage of the Sandy Hook shootings. Instead, he was compelled to appear by way of a trial testimony and to testify within the straight jacket imposed by the Court's rulings. (CA Item 1, DE 931, 941, 952, 871, 893, 904, 865, 883; *see also*, DE, at 46, 54, 59, 94-108.)

Mr. Jones was faced with a cruel trilemma: comply with the Court's orders, but testify falsely as he understood the facts; disobey the Court's order, and be held in contempt; plead the Fifth Amendment, and suffer an adverse inference. (*E.g.* Tr. 9/22/22, Vol 2 at pp. 44-56.) He



Capitulation & Betrayal

# Capitulation & Betrayal



**\*\*Take special note of Jones' inflammatory anti~Second Amendment statements/language highlighted in yellow and regarding <u>Soto v. Bushmaster</u>.**

defendants 'broadcast outrageous, cruel and malicious lies about the plaintiffs' and that 'these acts of the defendants resulted in damages to the plaintiffs.' Therefore, the plaintiffs have set forth a colorable claim of direct injury such that they have standing to maintain their CUTPA cause of action.'" (PA at p. 649)

Nothing in the appellate court cases of this state supports such a conclusory "analysis." *Soto v. Bushmaster Firearms Int'l, LLC*, 331 Conn. 53 (2019) comes close, but not close enough, to saving this case. In *Soto*, firearms manufacturers marketed military grade weapons to civilians, glorifying their destructive capacity. When a civilian used such a weapon to slaughter school children and educators, the manufacturer was held liable for its unscrupulous ad. *Soto* held that the plaintiffs' decedents had standing to raise claims despite the lack of a consumer relationship with the firearms' manufacturer. *Id.* at 109-110. *Soto* did not hold that a lie told for the sake of indirect commercial gain transforms ordinary defamation into a CUTPA claim, however. One needs to lie about a product or otherwise to engage in unscrupulous advertising about a product.

In *Soto*, unscrupulous means were used to market a product that was then used to slaughter innocents. There is no analog here. Mr. Jones lied about Sandy Hook. He lied to attract attention. That attention drove people to his product pages and sales of those products, presumably, increased. No one died or was injured or even harmed from purchasing any, or too much, of a dietary supplement. Indeed, no effort was made in this case to show any of the products' lacked efficacy.

The Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110g (a) creates a private right of action for persons injured by unfair trade practices and provides in relevant part: "*Any person* who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by

# Capitulation & Betrayal



afforded is to the communication, to its source and to its recipients both. This is clear from the decided cases. In *Lamont v. Postmaster General*, 381 U.S. 301 (1965), the Court upheld the First Amendment rights of citizens to receive political publications sent from abroad. *Virginia State Bd. Of Pharmacy v. Virginia Citizens Consumer Council*, 425 U.S. 748, 756-757 (1976). Thus Mr. Jones is free to spout whatsoever conspiracy theory he pleases, subject to the common law limitations of defamation and related torts. His listeners are likewise free to listen to, and to believe, whatsoever they like, whether defamatory or not.

Mr. Jones is not contending, in this section of the brief, that his speech was protected on First Amendment grounds. As argued elsewhere in the brief, those issues were never reached by virtue of disciplinary default. He contends here that whatever valid limitations the common law may impose on speech, CUTPA imposes no restriction on speech that is neither directly commercial in character, e.g., warranties to a purchaser at the point of sale, nor, as in *Soto*, indirectly commercial in character, e.g. unscrupulously advertising that an item offered for sale can be used in a matter that violated public policy.

### 7. Conclusion and Statement of Relief Requested

For all of the reasons stated herein, the defendants request that this Court vacate the judgment and remand the case as to the claims of defamation, breach of privacy and intentional infliction of emotional distress. The defendants request dismissal of the CUTPA count.

Dated: June 2, 2023        Respectfully submitted,

/s/ Norman A. Pattis
NORMAN A. PATTIS
Pattis & Smith, LLC
Juris No. 423934
383 Orange St., First Floor
New Haven, CT 06511
Tel: (203) 393-3017

# Capitulation & Betrayal





State of Connecticut Judicial Branch

## Appellate/Supreme Case Look-up

# Supreme and Appellate Court
### Case Detail

Supreme & Appellate Court Look-up Home | Printer Friendly Version | New Search | Judicial Home Page | Back

| Case Information |
|---|
| AC 46131   **ERICA LAFFERTY ET AL. v. ALEX EMRIC JONES ET AL.**   Status: **Argued/No Decision** |

**Appeal Case Information**

To receive an email when there is activity on this case, click here.

| | | | |
|---|---|---|---|
| **Date Filed:** | 12/29/2022 | **Response to Docket Due Date:** | 12/22/2023 Term 5 |
| **Appeal By:** | Defendant | **Disposition Method:** | |
| **Argued Date:** | 02/08/2024  10:00 AM | **Disposition Date:** | |
| **Submitted on Briefs Date:** | | **Cite:** | |
| **Panel:** | | **Petition(s) For Certification:** | |

**Cross Appeal/Amended Appeal**

**Trial Court Case Information**

| | | | |
|---|---|---|---|
| **Docket Number:** | UWYCV186046436S  UWYCV186046437S  UWYCV186046438S | | |
| **Judgment For:** | Plaintiff | **Court:** | JD COURTHOUSE AT WATERBURY - 300 Grand St |
| **Trial Judge(s):** | HON. BARBARA N. BELLIS | **Judgment Date:** | 12/22/2022 |
| | | **Case Type:** | CIVIL - DEFAMATION |

**Party/Attorney or Self-Represented Information**

| | Trial Court Party Class | Appeal Party Class |
|---|---|---|
| ALEX E JONES | Defendant | Appellant |
| Juris: 067962  JOHN R WILLIAMS | | |
| Juris: 408681  NORMAN A PATTIS | | |
| Juris: 423934  PATTIS & SMITH LLC | | |
| FREE SPEECH SYSTEMS, LLC | Defendant | Appellant |
| Juris: 408681  NORMAN A PATTIS | | |
| Juris: 423934  PATTIS & SMITH LLC | | |
| CARLEE SOTO-PARISI | Plaintiff | Appellee |
| Juris: 032250  KOSKOFF KOSKOFF & BIEDER PC | | |
| Juris: 411754  ALINOR C STERLING | | |
| CARLOS M SOTO | Plaintiff | Appellee |
| Juris: 032250  KOSKOFF KOSKOFF & BIEDER PC | | |
| Juris: 411754  ALINOR C STERLING | | |
| DAVID WHEELER | Plaintiff | Appellee |
| Juris: 032250  KOSKOFF KOSKOFF & BIEDER PC | | |
| Juris: 411754  ALINOR C STERLING | | |

# Capitulation & Betrayal

❖ The <u>anti~constitutional</u>, <u>anti~1st and 2nd Amendment</u> positions Alex Jones is asserting in his appeal of the Connecticut judgment are <u>not</u> being discussed in the mainstream media.

❖ A few alternative media figures are aware of Jones' capitulation in the appeal; but there appears to be an assumption that Jones is simply diving for the canvas under the astronomical pressure of a $1.43 <u>Billion</u> adverse judgment. This is <u>NOT</u> the case. <u>Long before the trial and verdict on damages</u>:

Alex Jones did <u>three (3) things</u>
to <u>make sure</u> the Sandy Hook Plaintiffs
would get a **<u>big</u>** win
<u>without ever</u> having to prove
that the shooting even occurred
or that their children and loved ones died.

# Capitulation & Betrayal

### ~Three Things Alex Jones Did to Ensure a Big Win by Plaintiffs~

1. ___**? ? ?**_____

2. On June 14, 2019, Jones conducted an on~air "intentional, calculated act of rage for his viewing audience" where he claimed Plaintiffs' counsel tried to frame him by planting child pornography in discovery materials that Jones, himself, produced.

3. Jones provoked a November 15, 2021, ruling of judgment by default (i.e., liability on Plaintiffs' claims as alleged) for his "pattern of obstructive conduct" in refusing to produce discovery as ordered by the Court.

Jones might have plausible deniability ("PD")
for intentional fault on numbers 2 and 3 above; but Jones and his attorneys have **no plausible deniability** for the first and determinative thing they did to throw the case.

Case 3:18-cv-01156   Document 1   Filed 07/13/18   Page 1 of 8

# Capitulation & Betrayal

Believe it or not, Alex Jones literally threw the CT Sandy Hook case with the very first responsive pleading he filed in the action.

In short, Jones and his attorneys failed, repeatedly, to assert federal question jurisdiction when removing the Sandy Hook cases to federal court. This could NOT have been the result of mistake or malpractice.

The inexcusable failure to assert federal question jurisdiction in this significant First Amendment Case is smoking gun evidence of collusion or self~sabotage by the defense.

---

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

ERICA LAFFERTY; DAVID WHEELER;
FRANCINE WHEELER; JACQUELINE
BARDEN; MARK BARDEN; NICOLE
HOCKLEY; IAN HOCKLEY; JENNIFER
HENSEL; JEREMY RICHMAN; DONNA
SOTO; CARLEE SOTO-PARISI; CARLOS
M. SOTO; JILLIAN SOTO; and WILLIAM
ALDENBERG,

        Plaintiffs,

v.

ALEX EMRIC JONES; INFOWARS, LLC;
FREE SPEECH SYSTEMS, LLC;
INFOWARS HEALTH, LLC; PRISON
PLANET TV, LLC; WOLFGANG
HALBIG; CORY T. SKLANKA; GENESIS
COMMUNICATIONS NETWORK, INC.;
and MIDAS RESOURCES, INC.,

        Defendants.

Case No. 3:18-cv-01156

July 13, 2018

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446, the Defendants Alex Emric Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, and Prison Planet TV, LLC (hereinafter "Infowars Defendants"), hereby remove to this Court the civil action from the Superior Court, Judicial District of Fairfield at Bridgeport, Connecticut ("state court") described below and in support state as follows:

1.     On May 23, 2018, Plaintiffs Erica Lafferty, David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Jeremy Richman, Donna Soto, Carlee Soto-Parisi, Carlos M. Soto, Jillian Soto, and William Aldenberg, filed an action against the Infowars Defendants, and others, in the state court, entitled *Lafferty, et al. v. Jones, et al.*, bearing a return date of June 26, 2018, and a Case No. FBT-CV18-6075078-S;



Capitulation & Betrayal

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERICA LAFFERTY, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:18-cv-01156-JCH |
| | ) | |
| v. | ) | |
| | ) | |
| ALEX JONES, *et al.*, | ) | July 31, 2018 |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO REMAND**

Plaintiffs hereby move pursuant to 28 U.S.C. § 1447(c) to remand this case to the State of Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, on the ground that this Court lacks subject matter jurisdiction over this case. A memorandum accompanies this motion.

To summarize the reason why this case must be remanded, the defendants' only asserted basis for federal jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 requires complete diversity: that is, "in a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 3 Cranch 267 (1806)). Nearly all the plaintiffs in this case are citizens of Connecticut. Defendant Corey Sklanka is also a citizen of Connecticut. As a result, 28 U.S.C. § 1332 is unsatisfied, and this Court does not have subject-matter jurisdiction over this case. Defendants attempt to address this by claiming that Sklanka was fraudulently joined, but they cannot meet their burden of showing "by clear and convincing evidence . . . that there is *no possibility*, based on the

1

# Capitulation & Betrayal

❖ In their July 31, 2018, Motion to Remand, Plaintiffs came closest of all parties to referencing Defendants' glaring pleading error, stating: "defendants' only asserted basis for federal jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332." [Emphasis added.] Not surprisingly, after briefing, the federal court: (1) ruled diversity jurisdiction was absent because Connecticut resident Sklanka was not improperly joined as a Defendant, (2) remanded the case for lack of SMJ, and (3) terminated Defendants' unanswered Motions to Dismiss as moot. (11/05/18 Ruling Re: Motion for Remand)

❖ WHY would Jones and his Randazza attorneys (1) talk about mounting a strong First Amendment defense, (2) timely remove the Sandy Hook lawsuit(s) to federal court, and (3) prepare and file a well~crafted Anti~SLAPP motion in federal court to dismiss all claims based on First Amendment protections, ONLY to have the Anti~SLAPP motion rendered moot and the case remanded back to state court, and back to Judge Barbara Bellis, all for the simple, unexplained, and inexcusable repeated failure to assert federal question jurisdiction in the Notices of Removal ??

❖ Could it be that, from the very beginning, Jones and his attorneys were doing NOTHING MORE THAN MAKING A SHOW of putting on a strong defense (or any defense at all) against these speech~chilling Sandy Hook lawfare suits ??



❖ Jones' unexplained failure to assert federal question jurisdiction on removal essentially ensured the eventual remand of the Sandy Hook case back to state and local court, the worst possible venue for resolution of this highly~charged and controversial suit.

# Capitulation & Betrayal

rayal

### Introduction

❖ Would it surprise you to learn that Alex Jones ~ Champion of Free Speech, Leader of the Patriotic Opposition ~ is not even asserting First Amendment protections in his appeal of the Connecticut Sandy Hook judgment ?? You know, the $1.43 Billion adverse default judgment based entirely upon Jones' words ~ his exercise of free speech ??

❖ In fact, Jones and his attorney, Norman A. Pattis, are specifically avoiding assertion of First Amendment protections on appeal by admitting to the Connecticut Appellate Court that Jones "lied from the very beginning of his coverage of the Sandy Hook shootings." (Jones' Appeal Brief Pg. 32)* Jones' own Brief further states: "Mr. Jones lied about Sandy Hook. He lied to attract attention." Id. at 47. And, finally, at Pg. 50: "Mr. Jones is not contending . . . that his speech was protected on First Amendment grounds." [Emphasis added.]

❖ ... pursued extensive and

❖ ... efense attorney, Norm Pattis,

In fact, Jones and his attorney, Norman A. Pattis, are specifically avoiding assertion of First Amendment protections on appeal by admitting to the Connecticut Appellate Court that Jones "lied from the very beginning of his coverage of the Sandy Hook shootings." (Jones' Appeal Brief Pg. 32)* Jones' own Brief further states: "Mr. Jones lied about Sandy Hook. He lied to attract attention." Id. at 47. And, finally, at Pg. 50: "Mr. Jones is not contending . . . that his speech was protected on First Amendment grounds." [Emphasis added.]

❖ On June 4, 2019, the Jones Defendants filed a memo opposing additional discovery sought by Plaintiffs regarding Jones' business operations. Notably, Attorney Pattis stated therein: "The defendants' actions in these cases clearly fall within the exercise of free speech and association[,]" and "Simply put, there is no evidence to support the claim that the Jones defendants knowingly market falsehoods for financial gain. None. Case closed." (Dkt. 257)

❖ On June 10, 2019, the Superior Court ordered the Jones Defendants to produce more discovery as requested by Plaintiffs, particularly, Google Analytics web business data, which the Court ordered Jones to obtain from Google and produce in a week's time ~ on pain of sanctions. (Dkt. 255.10)

# Capitulation & Betrayal

## "You're No Daisy. You're No Daisy at All !!"

❖ On June 17, 2019, Plaintiffs filed a "Motion for Review of Broadcast by Alex Jones Threatening Plaintiffs' Counsel". (Dkt. 264) Specifically, Plaintiffs asserted "On June 14, 2019[,] . . . Alex Jones broadcast two segments of The Alex Jones Show identifying Attorney Chris Mattei by name and showing a picture of him, falsely claiming that Attorney Mattei tried to frame Jones by planting child pornography in discovery materials produced by Jones, . . . and threatening Attorney Mattei and the Koskoff firm." [Emphasis added.] *Id*. Unbelievably, this all occurred with Attorney Pattis present and on camera with Jones during the June 14th broadcast. *Id*.

❖ In a June 18th hearing, Judge Bellis found that Jones' tirade "was an intentional, calculated act of rage for his viewing audience." [Emphasis added.] (Dkt. 269)





❖ Judge Bellis further found Jones' "20-minute deliberate tirade and harassment and intimidation against Attorney Mattei and his firm [to be] unacceptable and sanctionable." *Id*.

❖ Judge Bellis sanctioned the Jones Defendants by denying them "the opportunity to pursue their special motions [sic] to dismiss". *Id*.

# Capitulation & Betrayal

❖ Rather conveniently, Jones' "intentional, calculated act of rage" served to relieve Plaintiffs of any obligation to respond or produce evidence in opposition to Jones' well~crafted and constitutionally grounded Anti~SLAPP Special Motion to Dismiss.

❖ Two years later, and by failing to obey the Court's discovery orders, Jones served to relieve Plaintiffs of any need to put on evidence at trial that the shooting occurred, that their loved ones died, or that he in some way defamed them. Indeed, Jones provoked a November 15, 2021, ruling of judgment by default (i.e., liability on Plaintiffs' claims as alleged) for his "callous disregard" and "pattern of obstructive conduct" in refusing to produce discovery as ordered by the Court.

❖ The $1.43 Billion judgment entered against Alex Jones in November 2022 after a jury trial on damages only was the direct and foreseeable result of Jones' self~sabotaging actions.



FIRST AMENDMENT
WATCH AT NEW YORK UNIVERSITY

Defamation

### Alex Jones Liable by Default in Sandy Hook Elementary Defamation Suit

Published: Nov. 15, 2021.

To be clear,
In reviewing the case filings, I find no fault or error by any court that adjudicated any matter associated with the consolidated Connecticut Sandy Hook cases.

I assign 100% blame for the adverse judgment to Alex Jones and his attorneys.



Alex Jones concedes Sandy Hook attack was '100% real'







Sofia Smallstorm's Unraveling Sandy Hook

# STATE POLICE

STANDING ON SHATTERED GLASS?

WINDOWS NOT YET BROKEN

CONNECTICUT STATE POLICE

SANDY HOOK

WAYNE CARVER (RELAXING) MEDICAL EXAMINER

BEFORE SANDY HOAX

CT State Police photo of SH "shooting scene" briefly posted by Infowars before being taken down.

I highly recommend that everyone watch Unraveling of Sandy Hook in 2, 3, 4 and 5 Dimensions by researcher Sofia Smallstorm who presents a brilliant, multileveled logical analysis of perception and reality associated with the alleged mass shooting.

The McDonnells, four (4) days after their 7~year~old daughter was allegedly shot and killed at the Sandy Hook massacre.

David "Two~Roles" Wheeler

Robbie Parker, one (1) day after his 6~year~old daughter was allegedly shot and killed at Sandy Hook.

**What**
**selling out**
**looks like:**




Imminent Trump Victory Sends The Left Into Total Panic Mode As Polls Show Blue States Now In P
Trump! — FULL SHOW 10/28/24


Election Lawfare! Democrats Sue In Multiple States to Keep Ineligible Voters on the Rolls, Block Drop Box
Surveillance, and Send Early Voters Home Before They Vote!


The American Journal: Trump MSG Rally Sends Establishment Into A TDS Frenzy - FULL SHOW -
10/28/2024

*How many vitamins ya gotta sell*
*to pay for all this stuff?!*

# AI Poker



*A <u>Peach</u> of a Hand !!*





**Article III, Section 3, Clause 1:** Treason against the United States, shall consist only in levying War against them, or in adhering to their Enemies, giving them Aid and Comfort. No Person shall be convicted of Treason unless on the testimony of two Witnesses to the same overt Act, or on Confession in open Court.



**AI Overview**

According to the US Constitution, "levying war against the United States" generally refers to actively taking up arms or engaging in open rebellion against the government, so while actively working to dismantle the First and Second Amendments through forceful means could be considered "levying war," it's a complex legal interpretation that would likely require significant overt acts beyond mere political advocacy or legal challenges.



**Key points to consider:**

**Definition of "levying war":**
This phrase in the Constitution means actively engaging in armed conflict against the government, not just expressing strong opposition or attempting to change laws through legal means.

**Intention and action:**
To be considered "levying war," there would need to be clear evidence of intent to overthrow the government through violent means, not just a desire to significantly alter the interpretation of the Constitution.



**Example scenarios that could be considered "levying war":**

- Leading a large armed group to forcibly prevent the government from enforcing laws related to the First or Second Amendments.
- Coordinating widespread acts of violence or sabotage to disrupt government functions aimed at restricting First or Second Amendment rights.

**Important distinction:**

- **Political dissent vs. treason:** While vigorously advocating for the repeal of the First and Second Amendments is protected under the First Amendment, actively planning or executing violent acts to achieve that goal could be considered treasonous "levying war".

*A <u>Legal Question</u>*
*<u>Posed to Google AI</u>*

Can a <u>conspiracy</u> to engage in <u>conduct</u>

1. that is <u>criminal</u> in nature or <u>malum per se</u> (i.e., "<u>wrong in itself</u>"), **and**
2. that is committed with the specific intent of <u>undermining</u> the 1st and 2nd <u>Amendments</u>

serve as the basis for a charge of <u>Treason</u>??

What <u>physical</u> acts of violence actually occurred at SH ??
How about the criminal destruction of public property to fake the shooting ?!

*AlwaysWyn.com*



# Sic Semper Tyrannis!!

## ("Thus Always to Tyrants!!")

# *Operation*
## *Madcap*







R. Wyn Young, Esq.
November 1, 2024
Business:
LinkedIn.com/in/rwynyoung
Art & Advocacy:
AlwaysWyn.com