# Exhibit 12

## PwrPnt for Jones BR Trustee

# Capitulation & Betrayal

## Phase I Recap

Believe it or not,
Alex Jones literally threw the CT Sandy Hook case with the very first responsive pleading he filed in the action.

In short, Jones and his attorneys failed, repeatedly, to assert federal question jurisdiction in seeking removal of the Sandy Hook cases to federal court. This could NOT have been the result of mistake or attorney malpractice.

The inexcusable failure to assert federal question jurisdiction in this significant First Amendment Case is smoking gun evidence of collusion or self~sabotage by the defense.



# Capitulation & Betrayal

## Phase I Recap

Believe it or not, Alex Jones literally threw the CT Sandy Hook case with the very first responsive pleading he filed in the action.

In short, Jones and his attorneys failed, repeatedly, to assert federal question jurisdiction in seeking removal of the Sandy Hook cases to federal court. This could NOT have been the result of mistake or attorney malpractice.

The inexcusable failure to assert federal question jurisdiction in this significant First Amendment Case is smoking gun evidence of collusion or self~sabotage by the defense.

---

RETURN DATE: JUNE 26, 2018        :        JUDICIAL DISTRICT

ERICA LAFFERTY, ET AL,              :        OF FAIRFIELD

v.                                                     :        AT BRIDGEPORT

ALEX JONES, ET AL.                     :        MAY 23, 2018

### COMPLAINT

### INTRODUCTION

1. This is a civil action for damages leading from the mass shooting that happened at Sandy Hook Elementary School on December 14, 2012.

2. Just before 9:30 AM that morning, Adam Lanza shot his way into the locked school with a Bushmaster XM15-E2S.

3. In less than five minutes, he shot and killed 20 first-grade children and 6 adults. Two others were wounded.

4. That tragic day left behind 26 families that will never be whole again.

5. Every day since, those families have struggled to reconcile themselves with the irrevocable loss of their beloved sons, daughters, sisters, brothers, and mothers.

6. Even though overwhelming—and indisputable—evidence exists showing exactly what happened at Sandy Hook Elementary School on December 14, 2012, certain individuals have persistently perpetuated a monstrous, unspeakable lie: that the Sandy Hook shooting was staged, and that the families who lost loved ones that day are actors who faked their relatives' deaths.

7. Defendant Alex Jones is a conspiracy-theorist radio and internet personality who holds himself out as a journalist. He is the most prolific among those fabricators. But he does not work alone: along with his various business entities, Jones is the chief amplifier for a group that has worked in concert to create and propagate loathsome, false narratives about the Sandy Hook shooting and its victims, and promote their harassment and abuse.

8. Jones, along with these others, has persisted in the perpetuation and propagation of this outrageous, deeply painful, and defamatory lie in the face of a mountain of evidence to the contrary, and with no supporting evidence.

9. Alex Jones does not in fact believe that the Sandy Hook Shooting was a hoax—and he never has.

1

# Capitulation & Betrayal

## Phase I Recap

Believe it or not,
Alex Jones literally threw the CT Sandy Hook case with the very first responsive pleading he filed in the action.

In short, Jones and his attorneys failed, repeatedly, to assert federal question jurisdiction in seeking removal of the Sandy Hook cases to federal court. This could NOT have been the result of mistake or attorney malpractice.

The inexcusable failure to assert federal question jurisdiction in this significant First Amendment Case is smoking gun evidence of collusion or self~sabotage by the defense.

---

10. Nevertheless, time and again, Jones has accused Sandy Hook families, who are readily identifiable, of faking their loved ones' deaths, and insisted that the children killed that day are actually alive.

11. Jones has deliberately employed these false narratives about the Sandy Hook shooting, the victims, and their families as part of a marketing scheme that has brought him and his business entities tens of millions of dollars per year.[1]

12. Jones has an audience of millions. He has repeatedly urged them to "investigate" the Sandy Hook shooting. He has purposely published statements by other people who falsely assert that the Sandy Hook shooting was a hoax.

13. As a result of Jones's campaign, the families and survivors of the Sandy Hook shooting have been forced to endure malicious and cruel abuse at the hands of ruthless and unscrupulous people.

14. On a regular basis, the families and survivors have faced physical confrontation and harassment, death threats, and a sustained barrage of harassment and verbal assault on social media.

15. They have confronted strange individuals videotaping them and their children.

16. Some of them have moved to undisclosed locations to avoid this harassment.

17. The plaintiffs bring this action in defense of the values protected by the First Amendment to the U.S. Constitution, not in derogation of it.

18. Like any marketplace, the marketplace of ideas that the First Amendment was meant to protect cannot function properly without accountability for reprehensible conduct like the defendants'. In fact, the defendants themselves have proven this to be so by their successful propagation of the blatantly false and harmful aspersions described in this Complaint.

19. The First Amendment has never protected demonstrably false, malicious statements like the defendants'. This is because "there is no constitutional value in false statements of fact. Neither the intentional lie nor the careless error materially advances society's interest in 'uninhibited, robust and wide-open' debate on public issues."[2]

---

[1] See Seth Brown, *Alex Jones's Media Empire Is a Machine Built to Sell Snake-Oil Diet Supplements*, N.Y. MAG. (May 4, 2017), http://nymag.com/selectall/2017/05/how-does-alex-jones-make-money.html; Alex Seitz-Wald, *Alex Jones: Conspiracy, Inc.*, SALON (May 2, 2013), https://www.salon.com/2013/05/02/alex_jones_conspiracy_inc/.

[2] *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 340 (1974) (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964)). While the Supreme Court has afforded "a measure of strategic protection" to certain kinds of falsehoods to ensure that speech protected by the First Amendment has "the breathing space to survive," it has never wavered in its determination that falsehoods have no First Amendment value. *Id.* at 342. None of the Court's protective doctrines interfere with the plaintiffs' claims in this case.

2

# Capitulation & Betrayal

## Phase I Recap

Believe it or not, Alex Jones literally threw the CT Sandy Hook case with the very first responsive pleading he filed in the action.

In short, Jones and his attorneys failed, repeatedly, to assert federal question jurisdiction in seeking removal of the Sandy Hook cases to federal court. This could NOT have been the result of mistake or attorney malpractice.

The inexcusable failure to assert federal question jurisdiction in this significant First Amendment Case is smoking gun evidence of collusion or self~sabotage by the defense.

---

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ERICA LAFFERTY; DAVID WHEELER; FRANCINE WHEELER; JACQUELINE BARDEN; MARK BARDEN; NICOLE HOCKLEY; IAN HOCKLEY; JENNIFER HENSEL; JEREMY RICHMAN; DONNA SOTO; CARLEE SOTO-PARISI; CARLOS M. SOTO; JILLIAN SOTO; and WILLIAM ALDENBERG,

Plaintiffs,

v.

ALEX EMRIC JONES; INFOWARS, LLC; FREE SPEECH SYSTEMS, LLC; INFOWARS HEALTH, LLC; PRISON PLANET TV, LLC; WOLFGANG HALBIG; CORY T. SKLANKA; GENESIS COMMUNICATIONS NETWORK, INC.; and MIDAS RESOURCES, INC.,

Defendants.

Case No. 3:18-cv-01156

July 13, 2018

### NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446, the Defendants Alex Emric Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, and Prison Planet TV, LLC (hereinafter "Infowars Defendants"), hereby remove to this Court the civil action from the Superior Court, Judicial District of Fairfield at Bridgeport, Connecticut ("state court") described below and in support state as follows:

1. On May 23, 2018, Plaintiffs Erica Lafferty, David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Jeremy Richman, Donna Soto, Carlee Soto-Parisi, Carlos M. Soto, Jillian Soto, and William Aldenberg, filed an action against the Infowars Defendants, and others, in the state court, entitled *Lafferty, et al. v. Jones, et al.*, bearing a return date of June 26, 2018, and a Case No. FBT-CV18-6075078-S;

- 1 -

# Capitulation & Betrayal

## Phase I Recap

Believe it or not, Alex Jones literally threw the CT Sandy Hook case with the very first responsive pleading he filed in the action.

In short, Jones and his attorneys failed, repeatedly, to assert federal question jurisdiction in seeking removal of the Sandy Hook cases to federal court. This could NOT have been the result of mistake or attorney malpractice.

The inexcusable failure to assert federal question jurisdiction in this significant First Amendment Case is smoking gun evidence of collusion or self~sabotage by the defense.

---

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM SHERLACH,

　　　　Plaintiffs,

v.                                                          Case No. 3:18-cv-01269

ALEX EMRIC JONES; INFOWARS, LLC;
FREE SPEECH SYSTEMS, LLC;                    July 31, 2018
INFOWARS HEALTH, LLC; PRISON
PLANET TV, LLC; WOLFGANG
HALBIG; CORY T. SKLANKA; GENESIS
COMMUNICATIONS NETWORK, INC.;
and MIDAS RESOURCES, INC.,

　　　　Defendants.

### NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

　　PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446, the Defendants Alex Emric Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, and Prison Planet TV, LLC (hereinafter "Infowars Defendants"), hereby remove to this Court the civil action from the Superior Court, Judicial District of Fairfield at Bridgeport, Connecticut ("state court") described below and in support state as follows:

　　1.　　On July 6, 2018, Plaintiff William Sherlach, filed an action against the Infowars Defendants, and others, in the state court, entitled *Sherlach v. Jones, et al.*, bearing a return date of July 24, 2018, and a Case No. FBT-CV18-6076475-S.

　　2.　　On July 3, 2018, Alex Emric Jones ("Jones") was allegedly served with a copy of Plaintiffs' original Writ, Summons, and Complaint, by attachment to the front door of his usual place of abode in Austin, Texas. A copy of the Complaint and Summons allegedly served upon Mr. Jones in the state court are attached hereto as **Exhibit 1**. Such documents were received by Mr. Jones on July 3, 2018.

- 1 -

# Capitulation & Betrayal

## Phase I Recap

Believe it or not, Alex Jones literally threw the CT Sandy Hook case with the very first responsive pleading he filed in the action.

In short, Jones and his attorneys failed, repeatedly, to assert federal question jurisdiction in seeking removal of the Sandy Hook cases to federal court. This could NOT have been the result of mistake or attorney malpractice.

The inexcusable failure to assert federal question jurisdiction in this significant First Amendment Case is smoking gun evidence of collusion or self~sabotage by the defense.

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

ERICA LAFFERTY, et al.              )
                                    )
        Plaintiffs,                 )     Case No. 3:18-cv-01156-JCH
                                    )
v.                                  )
                                    )
ALEX JONES, et al.,                 )     July 31, 2018
                                    )
        Defendants.                 )

### PLAINTIFFS' MOTION TO REMAND

Plaintiffs hereby move pursuant to 28 U.S.C. § 1447(c) to remand this case to the State of Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, on the ground that this Court lacks subject matter jurisdiction over this case. A memorandum accompanies this motion.

To summarize the reason why this case must be remanded, the defendants' only asserted basis for federal jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 requires complete diversity: that is, "in a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 3 Cranch 267 (1806)). Nearly all the plaintiffs in this case are citizens of Connecticut. Defendant Corey Sklanka is also a citizen of Connecticut. As a result, 28 U.S.C. § 1332 is unsatisfied, and this Court does not have subject-matter jurisdiction over this case. Defendants attempt to address this by claiming that Sklanka was fraudulently joined, but they cannot meet their burden of showing "by clear and convincing evidence . . . that there is *no possibility*, based on the

1

# Capitulation & Betrayal

## Phase I Recap

Believe it or not,
Alex Jones literally threw the CT Sandy Hook case with the very first responsive pleading he filed in the action.



In short, Jones and his attorneys failed, repeatedly, to assert federal question jurisdiction in seeking removal of the Sandy Hook cases to federal court. This could NOT have been the result of mistake or attorney malpractice.

The inexcusable failure to assert federal question jurisdiction in this significant First Amendment Case is smoking gun evidence of collusion or self~sabotage by the defense.

# Capitulation & Betrayal

- In their July 31, 2018, Motion to Remand, Plaintiffs came closest of all parties to referencing Defendants' glaring pleading error, stating: "defendants' only asserted basis for federal jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332." [Emphasis added.] Not surprisingly, after briefing, the federal court: (1) ruled diversity jurisdiction was absent because Connecticut resident Sklanka was not improperly joined as a Defendant, (2) remanded the case for lack of SMJ, and (3) terminated Defendants' unanswered Motions to Dismiss as moot. (11/05/18 Ruling Re: Motion for Remand)

- WHY would Jones and his Randazza attorneys (1) talk about mounting a strong First Amendment defense, (2) timely remove the Sandy Hook lawsuit(s) to federal court, and (3) prepare and file a well~crafted Anti~SLAPP motion in federal court to dismiss all claims based on First Amendment protections, ONLY to have the Anti~SLAPP motion rendered moot and the case remanded back to state court, and back to Judge Barbara Bellis, all for the simple, unexplained, and inexcusable repeated failure to assert federal question jurisdiction in the Notices of Removal ??

- Could it be that, from the very beginning, Jones and his attorneys were doing NOTHING MORE THAN MAKING A SHOW of putting on a strong defense (or any defense at all) against these speech~chilling Sandy Hook lawfare suits ??

- Jones' unexplained failure to assert federal question jurisdiction on removal essentially ensured the eventual remand of the Sandy Hook case back to state and local court, the worst possible venue for resolution of this highly~charged and controversial suit.



# JAY M. WOLMAN

**ATTORNEY**



Jay Marshall Wolman has served as an advocate or neutral in hundreds of contested matters, appearing before state and federal courts and agencies in Connecticut, Massachusetts, and throughout the United States. As a civil litigator, a substantial portion of Attorney Wolman's practice has included representation of employers and employees in workplace matters, including discrimination, wage and hour disputes, wrongful termination, as well as review and negotiation of severance agreements and covenants not to compete. He has also represented both private clients and insureds in a variety of other civil matters, including copyright infringement actions, Lanham Act claims, defamation/First Amendment claims, partnership disputes, products liability, premises liability, and professional malpractice.

Attorney Wolman is rated AV-Preeminent® by Martindale-Hubbell. He also was selected as a Massachusetts Superlawyer Rising Star in 2011 and a Connecticut Superlawyer Rising Star in 2013 – 2016, all in the areas of Business Litigation and Employment & Labor. He is also CIPP/US certified by the International Association of Privacy Professionals.

Jay Wolman resides in Connecticut with his wife and children, is a President of the Simsbury Light Opera Company, and is an active member of the legal community. He is co-chair of the Communications Committee of the Litigation Section of the Connecticut Bar Association, and he was previously Technology Chair of the CBA Young Lawyers' Section. He also has served as committee Vice Chairs in the American Bar Association Tort Trial & Insurance Practice Section and Young Lawyers' Division.

## EDUCATION

- J.D., Georgetown University Law Center, 2000
- B.S., Cornell University, New York State School of Industrial and Labor Relations, 1997

Case 3:18-cv-01156-JCH   Document 21   Filed 07/20/18   Page 1 of 3

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

ERICA LAFFERTY; DAVID WHEELER; FRANCINE WHEELER; JACQUELINE BARDEN; MARK BARDEN; NICOLE HOCKLEY; IAN HOCKLEY; JENNIFER HENSEL; JEREMY RICHMAN; DONNA SOTO; CARLEE SOTO-PARISI; CARLOS M. SOTO; JILLIAN SOTO; and WILLIAM ALDENBERG,

  Plaintiffs,

v.

ALEX EMRIC JONES; INFOWARS, LLC; FREE SPEECH SYSTEMS, LLC; INFOWARS HEALTH, LLC; PRISON PLANET TV, LLC; WOLFGANG HALBIG; CORY T. SKLANKA; GENESIS COMMUNICATIONS NETWORK, INC.; and MIDAS RESOURCES, INC.,

  Defendants.

Case No. 3:18-cv-01156-JCH

July 20, 2018

## SPECIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT OR, IN THE ALTERNATIVE, TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants Alex Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, and Prison Planet TV, LLC, hereby move this Honorable Court to dismiss Plaintiffs' Complaint (Dkt. No. 1-1) under Connecticut's Anti-SLAPP statute, Conn. Gen. Stat. § 52-196a, or, alternately, to dismiss this action for failure to state a claim. Plaintiffs' Complaint should be dismissed in its entirety, as the claims are based on speech on an issue of public concern and Plaintiffs cannot succeed on the merits of their claims. In support hereof, Defendants rely upon the memorandum of law submitted herewith.

As set forth more fully in the memorandum of law, examination of the alleged statements made about Plaintiffs, involuntary and/or limited purpose public figures, shows they are neither capable of being deemed false statements of fact nor made with actual malice. No underlying torts occurred and there is no conspiracy or agency relationship among the defendants.

ORAL ARGUMENT REQUESTED








failed one, upon which to believe this court had subject matter jurisdiction over the underlying complaint. See Rose v. Horan, No. 17-CV-6408 (MKB), 2018 WL 4344954, at *4 n.7 (E.D.N.Y. Sept. 11, 2018) (noting that "the Court may consider a statute of limitations defense in considering allegations of fraudulent joinder"). Thus, plaintiffs request for fees is denied.

**V.   CONCLUSION**

For the reasons stated herein, the Motion for Remand is **GRANTED**, and this case is **REMANDED** to state court. Plaintiffs' request for costs and attorney's fees is **DENIED**. Because this case is remanded to state court, the defendants' pending Motions to Dismiss (Doc. Nos. 11, 21, 31, and 45) are **TERMINATED AS MOOT**. The Clerk is ordered to close this case.

**SO ORDERED.**

Dated at New Haven, Connecticut this 5th day of November, 2018.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

14


