IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>ALEXANDER E. JONES,<br><br>        Debtor. | Chapter 7<br><br>Case No. 22-33553 (CML) |

**CONNECTICUT FAMILIES' OPPOSITION TO MOTION FOR
LEAVE TO INTERVENE BY ROBERT WYN YOUNG**

Non-party Robert Wyn Young moves to intervene in this proceeding in order "to present evidence to the Court of a fraudulent judgment giving rise to the instant Chapter 7 bankruptcy." Dkt. 1120 at 1. Mr. Young's motion should be denied.

Courts assessing motions for permissive intervention under Rule 2018(a), like the motion here, consider: (1) whether the intervenor has an economic or similar interest in the manner, (2) the ability of the intervenor to protect its rights, (3) the adequacy of representation of the intervenor's interests by existing parties, and (4) whether intervention will cause undue delay in the proceedings. *In re Adilace Holdings, Inc.*, 548 B.R. 458, 462–63 (Bankr. W.D. Tex. 2016). Even if all elements are met, permission to intervene is still wholly discretionary and may be denied. *Id.* But none of the elements is met here.

*First*, Young identifies no economic or similar interest in this matter. His only stated interests are defending the integrity of the judicial system and the United States Constitution. Dkt. 1120 at 9. Courts regularly deny intervention by parties seeking only to represent abstract public interests. *See, e.g.*, *In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 850. 853 (Bankr. S.D.N.Y. 1989) (denying motion to intervene by consumer protection advocacy organization).

And Young's allegations of fraudulent collusion in the Connecticut state court proceedings represent yet more collateral attacks on the Connecticut judgment that, as this Court has ruled, are not properly addressed in this forum.  *See* Adv. Proc. No. 23-03037, Dkt. 76 at 12, 18–19.

*Second*, Young identifies no reason why he cannot protect any claimed rights in other respects.  He has already established a website to publicize these issues.  *See* "Operation Madcap: Exposing Alex Jones; Capitulation & Betrayal in the Connecticut Sandy Hook Cases," https://www.alwayswyn.com/operation-madcap; "Support Attorney R Wyn Young Ohio Bar 64876," GiveSendGo, https://www.givesendgo.com/wyn-young.

*Third*, Young's supposed interests are well represented by existing parties.  Young claims that he must intervene to challenge the "fraudulent" Connecticut judgment, including because it was a "treasonous conspiracy to undermine or destroy our 1st and 2nd Amendments."  Motion at 5–6.  But Mr. Jones and his counsel have shown that they can challenge the Connecticut judgment, including based on collateral Constitutional attacks, all by themselves.  *See, e.g.*, Case No. 23-03037, Dkt. No. 127 (Jones's 78-page motion for reconsideration).

*Fourth*, to the extent that permitting intervention would achieve anything at all, it would be to "cause undue delay in the proceedings."  *See Adilace*, 548 B.R. at 462–63.

For these reasons, the motion should be denied.

Dated: April 8, 2025

By: */s/ Ryan E. Chapple*
**CAIN & SKARNULIS PLLC**
Ryan E. Chapple
State Bar No. 24036354
303 Colorado Street, Suite 2850
Austin, Texas 78701
Telephone: (512) 477-5000
Fax: (512) 477-5011

*Counsel to the Connecticut Families*

**KOSKOFF KOSKOFF & BIEDER PC**
Alinor C. Sterling (admitted *pro hac vice*)
350 Fairfield Avenue
Bridgeport, Connecticut 06604
Telephone: (203) 336-4421

**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
Kyle J. Kimpler (admitted *pro hac vice*)
Paul A. Paterson (admitted *pro hac vice*)
Daniel A. Negless (admitted *pro hac vice*)
Vida Robinson (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
FAX: (212) 757-3990

*Counsel to the Connecticut Families*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was filed and served on all persons entitled to receive notice via operation of this Court's CM/ECF system on April 8, 2025.

/s/ Ryan E. Chapple
Ryan E. Chapple

**CERTIFICATE OF WORD COUNT**

This document complies with the type-volume limit of Fed. R. Bankr. P. 8015(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g), this document contains 661 words.

Dated: April 8, 2025

                                                  */s/ Ryan E. Chapple*
                                                  Ryan E. Chapple