**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

─────────────────────────────

| | |
|---|---|
| **In Re:** ) | Chapter 7 |
| ) | |
| **ALEXANDER E. JONES** ) | Case No. 22-33553 (CML) |
| ) | |
| Debtor. ) | |

─────────────────────────────

**MOTION TO STRIKE CONNECTICUT FAMILIES' OPPOSITION**
**TO MOTION FOR LEAVE TO INTERVENE**
[Relates to Docket No. 1124 ]

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

The undersigned Pro Se Attorney Intervenor/Interested Party, **Robert Wyn Young**, hereby moves the Court for an order **striking** the **Connecticut Families' Opposition to Motion for Leave to Intervene by Robert Wyn Young** (Docket No. 1124), filed April 8, 2025, for and on the grounds of the Connecticut Families' **non~compliance** with **Bankruptcy Local Rule** ("**BLR**") **9013-1(g)(1)**. The grounds for this **Motion** are more fully set forth below.

1

## BACKGROUND AND THE CONNECTICUT FAMILIES' NON~COMPLIANCE WITH THE REQUIREMENTS OF BLR 9013-1(g)(1)

On March 19, 2025, the undersigned Pro Se Attorney Intervenor/Interested Party, **Robert Wyn Young**, filed a **Motion for Leave to Intervene to Present Evidence of Fraudulent Judgment**. (Docket No. 1120) As provided in and by **BLR 9013-1(b)**, the twenty~one (21) day period for responses in opposition to the undersigned's **Motion for Leave to Intervene** expired at midnight, Central Time, on April 9, 2025. The Connecticut Families filed a memo in **Opposition to Motion for Leave to Intervene by Robert Wyn Young** (Docket No. 1124) on April 8, 2025. **No other party** filed a response in opposition to the undersigned's **Motion for Leave to Intervene** within the allowable twenty~one (21) day period expiring on April 9, 2025.

It must be noted that, although the Connecticut Families filed a memo in **Opposition to Motion for Leave to Intervene** (Docket 1124) within the allowable twenty~one (21) day time period, they did **not** otherwise comply with the requirements of **BLR 9013-1**, which states the following, in pertinent part, regarding **Responses to Motions**:

> Prior to filing a response, counsel (or unrepresented parties) shall confer with movant to attempt to resolve the relief requested in the motion without the necessity of a hearing. Responses must include a certificate either that (i) a conference was held and that the parties were unable to resolve the matter; or (ii) the specific dates that the respondent attempted to contact the movant and the reason why no conference was held.

[**BLR 9013-1(g)(1)**]

The undersigned Pro Se Attorney Intervenor/Interested Party, **Robert Wyn Young**, hereby certifies that the Connecticut Families did **not** contact the undersigned movant to confer in an attempt to resolve the dispute before filing their response in opposition on April 8, 2025 (Docket No. 1124). Further, the Connecticut Families' response in **Opposition to Motion for Leave to Intervene** (Docket No. 1124) does **not** include any **certificate of compliance** on its face or within

its four corners, as is required by **BLR 9013-1(g)(1)**, regarding any attempt(s) by the Connecticut Families to meet, confer, and resolve before filing their response in opposition.

The pre~response conference requirements of **BLR 9013-1(g)(1)** are **not optional**; they are **mandatory**. **BLR 9013-1(g)(1)** states, in relevant passages, that: "Prior to filing a response, counsel (or unrepresented parties) **shall** confer with movant", and that "Responses **must** include a certificate". [Emphasis added.] The mandatory language and requirements of **BLR 9013-1(g)(1)**, and the Connecticut Families' wholesale failure to comply with same, provide just cause for the **Motion to Strike** herein submitted.

## CONCLUSION AND REQUEST FOR RELIEF

**WHEREFORE**, for the foregoing reasons, Pro Se Attorney Intervenor/Interested Party, **Robert Wyn Young**, respectfully submits that the foregoing **Motion to Strike Connecticut Families' Opposition to Motion for Leave to Intervene** is well~taken, and it should be granted.

Accordingly, the Court should strike from the record and entirely disregard the Connecticut Families' non~compliant April 8, 2025, response in **Opposition to Motion for Leave to Intervene** (Docket No. 1124). Further, given that no compliant response in opposition was filed within the allowable twenty~one (21) day period, the Court: **(1)** should deem the undersigned's **Motion for Leave to Intervene** (Docket No. 1120) to be **unopposed**; **(2)** should consider the merits of said **Motion** on its face and from its four corners alone; and **(3)** should proceed to a decision on said **Motion** without the necessity of a hearing, as is permitted by **BLR 9013-1(g)(2)**, where and when no **recognizable** and timely response in opposition is filed.

In accordance with **BLR 9013-1(h)**, the undersigned is attaching a proposed **Order** granting the relief herein requested.

[Remainder of page intentionally left blank.]

Respectfully submitted,

Date:   **04/11/25**              */s/ Robert Wyn Young*
Robert Wyn Young (OH Bar #0064876)
Law Office of R. Wyn Young, Esq.
1421 Lexington Avenue, #180
Mansfield, OH 44907
Email: rwynyoung25@gmail.com
Phone: (513) 238~2821
***Pro Se Attorney Intervenor/Interested Party***

## FRBP 8015(h) CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing **Motion to Strike** complies with the applicable 5,200~word limitation under FRBP 8013(f)(3)(A), and that such certification is based on a **914~word** calculation of said **Motion** by my word processing program.

*/s/ Robert Wyn Young*
Robert Wyn Young

## CERTIFICATE OF SERVICE

I hereby certify that on **April 11, 2025**, I caused a copy of the foregoing **Motion to Strike**, and the proposed **Order** attached to/filed with same, to be served on all subscribed parties by the Electronic Case Filing System of the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Robert Wyn Young*
Robert Wyn Young