UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| ALEXANDER E. JONES | ) | Case No. 22-33553 (CML) |
| | ) | |
| Debtor. | ) | |

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE
TO PRESENT EVIDENCE OF FRAUDULENT JUDGMENT**
[Relates to Docket 1120]

The undersigned, **Robert Wyn Young**, respectfully submits that the undersigned's **Motion for Leave to Intervene to Present Evidence of Fraudulent Judgment** (Docket 1120) is well~founded, and it should be granted.

The Connecticut Families filed the **only** response in opposition to the undersigned's **Motion for Leave to Intervene** (see Docket 1124); but the Connecticut families failed to comply with the pre~response conference requirements of **BLR 9013-1(g)(1)**. Accordingly, the undersigned has filed a separate **Motion to Strike Connecticut Families' Opposition to Motion for Leave to Intervene** (see Docket 1126).

The undersigned respectfully submits that the **Motion to Strike** (Docket 1126) is well~founded, it should be sustained, and the Court should, therefore, consider the undersigned's **Motion for Leave to Intervene** (Docket 1120) to be **unopposed**. If, however, the Court denies the undersigned's **Motion to Strike** (Docket 1126), or if the Court otherwise considers any of the arguments asserted in the **Connecticut Families' Opposition** (Docket 1124), then, **without waiving objection** to the Connecticut Families' non~compliant response in opposition, the

1

undersigned hereby sets forth the following **Reply in Support of Motion for Leave to Intervene to Present Evidence of Fraudulent Judgment**.

### THE UNDERSIGNED IS NOT COLLATERALLY ESTOPPED FROM SUBMITTING EVIDENCE OF FRAUD TO THE COURT

At Page 2 of their memo in **Opposition** (Docket 1124), the Connecticut Families state: "Young's allegations of fraudulent collusion in the Connecticut state court proceedings represent yet more collateral attacks on the Connecticut judgment that, as this Court has ruled, are not properly addressed in this forum. See Adv. Proc. No. 23-03037, Dkt. 76 at 12, 18–19." The Connecticut Families **mischaracterize** the holdings of the Court's **Memorandum Decision on Connecticut Plaintiffs' Motion for Summary Judgment Against Jones** in Adv. Proc. No. 23-03037 (Docket 76).

The Court described the issue presented (and decided) in Adv. Proc. No. 23-03037 as follows:

> The Plaintiffs started this adversary proceeding to determine the nondischargeability of the judgment debts against Jones. They seek summary judgment mainly on the theory that the damages opinion, jury verdict, and admitted allegations from the Connecticut Action satisfy the requirements of collateral estoppel on the issue of willful and malicious injury under § 523(a)(6). In the alternative, they believe that the state court record establishes willful and malicious injury.

[**Memorandum Decision**, at Pages 5~6, footnotes omitted (Docket 76)]

In ruling in favor the Connecticut Plaintiffs, the Court held that: "Plaintiffs can invoke collateral estoppel to establish that a debt is nondischargeable." *Id*. at 8. As the Court noted, and in general, "Collateral estoppel prevents parties from relitigating issues of fact that were already 'determined by a valid and final judgment' in a prior lawsuit in any future lawsuit **involving the same parties**." *Id*. [Emphasis added.] In summarizing Connecticut case law regarding **collateral estoppel**, the Court further noted: **(1)** "Under Connecticut law, collateral estoppel 'prohibits the

2

relitigation of an issue **when that issue was actually litigated** and necessarily determined in a prior action **between the same parties** upon a different claim.'"; **(2)** "An issue is actually litigated if it was 'properly raised in the pleadings or otherwise, submitted for determination, and in fact determined.'"; and **(3)** "Connecticut courts also note that there must be an **identity of issues** between the state court action and the issues to be decided here before collateral estoppel applies." *Id*. at 8 and 9. [Citations omitted, emphasis added.]

The issue of fraud or collusion between Jones and the Connecticut Families [evidenced by Jones' deliberately~ineffective Notices of Removal in the Lafferty and Sherlach cases (which failed to claim **federal question jurisdiction** in **1st Amendment** cases)[1]] was **never litigated** in the consolidated Connecticut defamation cases, and the undersigned was **not a party** to said cases. Thus, it **cannot** be said that the undersigned is **collaterally estopped** in this matter from raising the issue of fraud or collusion giving rise to the $1.3 Billion Connecticut state court judgment.

Further, the Court's **Memorandum Decision** in Adv. Proc. No. 23-03037 (Docket 76) **neither** states **nor** holds, as the Connecticut Families assert, that "collateral attacks on the Connecticut judgment … are not properly addressed in this forum." (Docket 1124) A stranger to a prior proceeding **can** mount a **collateral attack** to challenge a judgment, particularly if it was obtained through **fraud** or **collusion**. See Martin v. Wilks, 490 U.S. 755 (1989) (judgment could be challenged by stranger if it was obtained through fraud or collusion); and Consolidated Rock Products Co. v. Higgins, 54 Cal. App. 2d 779, 781 (1942) (stranger can attack a judgment in a collateral proceeding for lack of jurisdiction, or for fraud or collusion, regardless of the state of the record). In the Martin minority opinion, Justice Stevens noted the following general standards regarding collateral attacks on judgments arising from fraud or collusion:

---

[1] See **Motion for Leave to Intervene** at 11~12, FNs 4 and 5. (Docket 1120)

> Persons who have no right to appeal from a final judgment -- either because the time to appeal has elapsed or because they never became parties to the case -- may nevertheless collaterally attack a judgment on certain narrow grounds. If the court had no jurisdiction over the subject matter, or **if the judgment is the product of** corruption, duress, **fraud**, **collusion**, or mistake, **under limited circumstances it may be set aside in an appropriate collateral proceeding**. See Restatement (Second) of Judgments §§ 69-72 (1982); Griffith v. Bank of New York, 147 F.2d 899, 901 (CA2) (Clark, J.), cert. denied, 325 U.S. 874 (1945). This rule not only applies to parties to the original action, but also **allows interested third parties collaterally to attack judgments**. In both civil and criminal cases, however, the grounds that may be invoked to support a collateral attack are much more limited than those that may be asserted as error on direct appeal. **Thus, a person who can foresee that a lawsuit is likely to have a practical impact on his interests may pay a heavy price if he elects to sit on the sidelines instead of intervening and taking the risk that his legal rights will be impaired**.

Martin, *supra*, at 771~772 (Stevens, J., dissenting on other grounds). [Footnotes omitted, emphasis added.]

Further, while the Constitution's Full Faith and Credit Clause (Article IV, Section 1) generally requires that each state give "full faith and credit" to the judicial proceedings of other states, exceptions apply where fraud or collusion is involved. See Hilton v. Guyot, 159 U.S. 113 (1895) (judgment obtained through fraud is not entitled to full faith and credit); and Stephens v. Thomasson, 63 Ariz. 187 (Ariz. 1945) (judgment from Texas court was not entitled to full faith and credit in Arizona due to allegations of fraud in obtaining the judgment).

Accordingly, the undersigned is **not** precluded herein from asserting a collateral attack on the $1.3 Billion Connecticut state court judgment for fraud or collusion.

### **PERMISSSIVE INTERVENTION IS APPROPRIATE UNDER FRBP 2018(a)**

The Connecticut Families assert: "Young identifies no economic or similar interest in this matter. His only stated interests are defending the integrity of the judicial system and the United States Constitution. Dkt. 1120 at 9. Courts regularly deny intervention by parties seeking only to represent abstract public interests." **Opposition** at 1. (Docket 1124)

4

The Constitution's "Case or Controversy" Clause, Article III, Section 2, Clause 1, establishes the **standing requirement** for cases in federal courts, and it aims to **prevent** federal courts from becoming entangled in **abstract or hypothetical disputes**. Federal standing requirements are well summarized in the following statement from the **Civil Resource Manual** at Justice.gov:

> The "case or controversy" clause of Article III of the Constitution imposes a minimal constitutional standing requirement on all litigants attempting to bring suit in federal court. In order to invoke the court's jurisdiction, the plaintiff must demonstrate, at an "irreducible minimum," that: (1) he/she has suffered a **distinct and palpable injury** as a result of the putatively illegal conduct of the defendant; (2) the injury is fairly traceable to the challenged conduct; and (3) it is likely to be redressed if the requested relief is granted. *** In addition to the constitutional requirements of Article III, courts have developed a set of prudential considerations to limit standing in federal court to prevent a plaintiff "from adjudicating 'abstract questions of wide public significance' which amount to '**generalized grievances' pervasively shared and most appropriately addressed in the representative branches**." *** Speculative claims that a proposed governmental action may result in injury to a plaintiff are insufficient to confer standing. *** The required injury must be both real and immediate, not conjectural or hypothetical. ***

**U.S. Department of Justice, Archives, Justice Manual Archived Material, Civil Resource Manual, 35. Standing to Sue**. Retrieved from: https://www.justice.gov/archives/jm/civil-resource-manual-35-standing-sue. [Citations omitted, emphasis added.]

Private litigants don't get to collude to produce a **constitutionally~destructive judgment**, and then run for safety to hide behind the "case or controversy" standing requirement, claiming that **no individual** has a right to intervene in their subsequent litigation (also based on the original collusion) to vindicate or enforce "abstract public interests". That's **not** how it works. The "it" being **justice**. Further, this Court is **already entangled** in a phony and hypothetical dispute between **colluding parties**, namely, Jones and the Connecticut Families.

The Connecticut Families cite In re Adilace Holdings, Inc., 548 B.R. 458, 462–63 (Bankr. W.D. Tex. 2016), for the proposition that an intervenor must have an "economic or similar interest"

5

in the matter. **Merriam-Webster** provides five (5) definitions of the adjective "**economic**", the third of which is: "having practical or industrial significance or uses: affecting material resources". (Retrieved from: https://www.merriam-webster.com/dictionary/economic.) As set forth in the **Civil Resource Manual** quoted above, the intervening litigant must have suffered a "distinct and palpable injury". **Merriam-Webster** provides four (4) definitions of the adjective "**distinct**", the second of which is: "presenting a clear unmistakable impression" (Retrieved from: https://www.merriam-webster.com/dictionary/distinct.)

As stated in the **Motion for Leave to Intervene** (Page 9, Docket 1120), I respectfully seek leave to intervene in this bankruptcy proceeding to protect my interests as a United States citizen and state and federally~licensed attorney in ensuring: **(1)** the integrity of the federal judicial system; **(2)** the protection of the 1st **Amendment** to the United States Constitution; and **(3)** the efficacy of my efforts in fulfilling my duties to protect and defend the Constitution.

The meaning of "economic or similar interest" is rather broad and, according to **Merriam-Webster**, the adjective "economic" includes that which has practical significance and/or affects material resources. I've devoted thirty~three (33) years of my life, between law school and practice, to serving the American legal system. Beyond the considerable investments and costs of acquiring and maintaining an active law license, I have a vested "economic" interest in ensuring the efficacy of my properly~directed efforts to fulfill my oathbound duties to protect and defend the Constitution.

I had to quit my day job this January to meet the demands of this public advocacy case which I am **duty~bound** to pursue. I've also incurred intervention costs ($100 pro hac vice fee and $40 PACER fees) because the Chapter 7 Trustee refuses, without explanation, to fulfill **his duty** of bringing this obvious and egregious fraud to the attention of the Court. I can attest to the

**distinct and palpable injury** the collusive $1.3 Billion judgment has caused to the **1st Amendment** and to those charged with protecting it. Perhaps this is why the **News-Times** (Hearst Media), which regularly and promptly reports on this bankruptcy case (Docket 1120-16), refuses to report on my **Motion for Leave to Intervene** and **credible**, **peer~reviewed allegation of fraud** (see Docket 1120-10), despite the fact that I'm a paid subscriber and sent them my **Motion** on March 21, 2025.

Does the standing doctrine, deriving from the "Case or Controversy" Clause, mean that federally~licensed attorneys and officers of the court are to stand by idle and watch as the Constitution, itself, is undermined or destroyed by collusion and fraud occurring and proceeding unchecked in the federal judicial system?? If so, then both our Constitution, and our republican form of government, are doomed. The **1st Amendment** is not an "abstract public interest"; it is an enshrinement of natural rights, in concrete terms, that serves as both the philosophical and practical foundation of the American Republic. Further, the damage done to the **1st Amendment** by and through the collusive $1.3 Billion Connecticut state court judgment **cannot** be readily addressed through legislative action; it **must** be addressed in the courts.

The Connecticut Families further assert: "Young's supposed interests are well represented by existing parties." **Opposition** at 2. (Docket 1124) This allegation carries the same degree of credibility as does **Paragraph 17** of the Connecticut Families' May 23, 2018, <u>Lafferty</u> Complaint, which states: "The plaintiffs bring this action in defense of the values protected by the First Amendment to the U.S. Constitution, not in derogation of it." [See **Exhibit 1** to the **Motion for Leave to Intervene** (Docket 1120-1).] How can **colluding parties** adequately represent the interests of **third parties** they are colluding to harm?? The Connecticut Families' allegations, at

7

the very start of the Sandy Hook cases, and yet still today, present little more than **inversion** of **both truth** and **logic**.

The undersigned's identified **legitimate** and **substantial** interests are most assuredly **not** being adequately represented by the Chapter 7 Trustee, or by any of the creditors or other parties, all of whom, to date, have either **failed or refused** (even in spite of statutorily and ethically imposed duties)[2] **to bring clear evidence of egregious and obvious fraud to the attention of this Court**.

### THE REQUESTED INTERVENTION WILL NOT CAUSE UNDUE DELAY

**Merriam-Webster** defines "undue" as: "exceeding or violating propriety or fitness: excessive".[3] In Bartenwerfer v. Buckley, 598 U.S. 69 (2023), the Supreme Court of the United States unanimously held that **debts incurred by fraud cannot be discharged in bankruptcy**, even if the debtor didn't personally commit the fraud. If the Connecticut state court judgment is fraudulent (which it is) then, under Bartenwerfer, **no other proceedings toward relief are or will ever become relevant**, because **no relief** may be afforded in bankruptcy based upon a fraudulent judgment. Accordingly, any delay caused by the requested intervention will not be "undue".

### THE $1.3 BILLION CT STATE COURT JUDGMENT IS BLATANTLY FRAUDULENT

At Page 14 of the **Motion for Leave to Intervene**, the undersigned states:

> Alex Jones' obviously and deliberately~ineffective July 2018 Notices of Removal in the Lafferty and Sherlach cases constitute **operative evidence of collusion or self~sabotage by the defense** and, thus, of the fraudulent nature of the $1.3 Billion Connecticut state court judgment giving rise to the instant Chapter 7 bankruptcy, **as a matter of law**, meaning that reasonable minds cannot reasonably differ in this regard.

---

[2] See "**Partners in Combatting Crime**", quoted at Page 5 of the **Motion for Leave to Intervene**, stating: "Both the USTP and chapter 7 trustees have a statutory responsibility to identify and refer potential fraud or criminal activity in a case." (Docket 1120)

[3] Retrieved from: https://www.merriam-webster.com/dictionary/undue

(Docket 1120) In their **Opposition**, the Connecticut families **do not even attempt to dispute** the foregoing and ultimate conclusion. Why?? Because it's **indisputable**.

Jones' filing of a **deliberately~ineffective** Notice of Removal in <u>Lafferty</u> on July 13, 2018, followed promptly by his July 20, 2018, filing of a potentially~dispositive **1st Amendment ~based, Anti~SLAPP Special Motion to Dismiss** (which Jones **effectively ensured** would not be worth the paper it was written on)[4] was a cynical and sophomoric slight of hand to abuse and undermine not only **federal judicial process**, but also the **Constitution**, itself, which both establishes the federal judiciary and enumerates our Bill of Rights. This **destructive**, **collusive**, and **treasonous fraud** should not be permitted to stand.

## **CONCLUSION**

**FOR THE FOREGOING REASONS**, Pro Se Attorney Intervenor/Interested Party, **Robert Wyn Young**, respectfully submits that the undersigned's **Motion for Leave to Intervene to Present Evidence of Fraudulent Judgment** (Docket 1120), which the undersigned fully incorporates herein by reference, **is well~taken**, and **it should be granted**.

Respectfully submitted,

Date:   **04/11/25**               */s/ Robert Wyn Young*
                        Robert Wyn Young (OH Bar #0064876)
                        Law Office of R. Wyn Young, Esq.
                        1421 Lexington Avenue, #180
                        Mansfield, OH 44907
                        Email: rwynyoung25@gmail.com
                        Phone: (513) 238~2821
                        ***Pro Se Attorney Intervenor/Interested Party***

---

[4] See **Motion for Leave to Intervene** at 11~12, and FNs 4 and 5. (Docket 1120)

**FRBP 8015(h) CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing **Reply in Support of Motion for Leave to Intervene** complies with the applicable 2,600~word limitation under FRBP 8013(f)(3)(C), excluding parts exempted under FRBP 8015(g) (238 words), and that such certification is based on a 2,599**~word** calculation of said **Reply** by my word processing program.

*/s/ Robert Wyn Young*
Robert Wyn Young

**CERTIFICATE OF SERVICE**

I hereby certify that on **April 11, 2025**, I caused a copy of the foregoing **Reply in Support of Motion for Leave to Intervene** to be served on all subscribed parties by the Electronic Case Filing System of the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Robert Wyn Young*
Robert Wyn Young