United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 22, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 22-33553 |
| ALEXANDER E. JONES, | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| | § | CHAPTER 7 |

**ORDER DENYING MOTION FOR LEAVE TO INTERVENE**
(RE: ECF No. 1120)

Federal Rule of Bankruptcy Procedure 2018(a) states that—for cause shown—a bankruptcy court may permit an interested party to intervene generally or in any specified matter. The text confirms that a bankruptcy court is not required to grant intervention, it is permissive. *See In re Acis Cap. Mgmt.*, 604 B.R. 484, 513 (N.D. Tex. 2019) ("The decision whether to allow intervention is wholly discretionary under Rule 2018...even where each required element is met."); *In re Adilace Holdings, Inc.*, 548 B.R. 458, 463 (Bankr. W.D. Tex. 2016). In deciding whether to permit intervention under Rule 2018(a), courts generally consider "(1) whether the moving party has an economic or similar interest in the matter; (2) whether the interest of the moving party [is] adequately represented by the existing parties; [(3)] whether the intervention will cause undue delay to the proceedings; and (4) whether the denial of the movant's request will adversely affect their interest." *Acis*, 604 B.R. at 513 (citation omitted).

R. Wyn Young seeks permissive intervention under Rule 2018(a) for the limited purpose of presenting evidence of alleged fraud about the 2022 Connecticut state court judgment against Alex Jones. Young wants to present 16 exhibits that allegedly demonstrate and establish the fraudulent nature of the Connecticut judgment. These documents include publicly filed documents in Connecticut federal district court, public statements by Young, Young's emails to this Court's case manager, Young's emails to the Chapter 7 Trustee and the Office of the United States Trustee, and a copy of Young's "Operation Madcap" presentation. Young believes that there is cause to permit intervention because he is a licensed attorney who took an oath to support and defend the United States Constitution. If not permitted to intervene, Young asks the Court to order the Chapter 7 Trustee, or

some other appropriate and impartial designee, to review the 16 exhibits and submit a report to the Court.

The Court carefully considered Young's motion and reviewed the exhibits. Young has no identifiable economic interest in this case. The Connecticut judgment was entered against Jones and he is represented by sophisticated counsel in this case and a related adversary case involving a determination about whether all or part of the Connecticut judgment is excepted from any discharge entered in this case. The concerns raised by Young are adequately represented by existing parties and permitting intervention risks causing undue delay in a case that has been pending since December 2022. Thus, the Court declines to permit Young to permissively intervene and will not order any party to submit reports about the exhibits.

Signed on April 22, 2025

Christopher Lopez
United States Bankruptcy Judge