UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | § |
| | § Chapter 7 |
| ALEXANDER E. JONES, | § |
| | § Case No. 22-33553 (CML) |
| Debtor. | § |
| | § |

SUMMARY COVERSHEET
TO THE FIRST INTERIM FEE APPLICATION OF TPS-WEST LLC AS
ACCOUNTANT FOR THE CHAPTER 7 TRUSTEE, CHRISTOPHER R. MURRAY,
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM DECEMBER 20, 2024 THROUGH APRIL 30, 2025

| Name of Applicant: | TPS-West LLC | |
|---|---|---|
| Applicant's Roles in Case: | Accountant for the Chapter 7 Trustee, Christopher R. Murray | |
| Date Order of Appointment Signed: | 02/07/2025 [DE 1073] | |
| | **Beginning of Period** | **End of Period** |
| Time period covered by this Application: | 12/20/2024 | 04/30/2025 |
| Time period(s) covered by prior Applications: | N/A | N/A |
| Total amounts awarded in all prior Applications: | | N/A |
| Total fees requested in this Application and in all prior Applications: | | $6,623.50 |
| Total fees requested in this Application: | | $6,623.50 |
| Total professional fees requested in this Application: | | $6,623.50 |
| Total actual professional hours covered by this Application: | | 27.40 |
| Average hourly rate for professionals: | | $241.73 |
| Total paraprofessional fees requested in this Application: | | N/A |
| Total paraprofessional hours covered by this Application: | | N/A |
| Average hourly rate for paraprofessionals: | | N/A |
| Reimbursable expenses sought in this Application: | | $33.60 |
| Application Cost (not included in above fees): | | - |
| Total of other payments paid to secured claimants | | - |
| Total of other payments paid to administrative claimants | | $6,813,399.00 |

1

| | |
|---|---:|
| **Estimated Total for distribution to priority unsecured creditors** | Undetermined |
| **Estimated percentage dividend to priority unsecured creditors** | Undetermined |
| **Estimated total for distribution to general unsecured creditors** | Undetermined |
| **Estimated percentage dividend to general unsecured creditors** | Undetermined |
| **Receipts to date in Chapter 7 to date** | $12,104,671 |
| **Disbursements to date in Chapter 7 to date**[1] | $6,813,399 |
| **Current balance in the Trustee's accounts to date** | $5,291,272 |

---

[1] The figures in this table do not include ordinary course transactions of FSS.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | § <br> § Chapter 7 <br> § |
| ALEXANDER E. JONES, | § Case No. 22-33553 (CML) <br> § |
| Debtor. | § <br> § <br> § <br> § |

**FIRST INTERIM FEE APPLICATION OF TPS-WEST LLC AS ACCOUNTANT FOR THE CHAPTER 7 TRUSTEE, CHRISTOPHER R. MURRAY, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM DECEMBER 20, 2024 THROUGH APRIL 30, 2025**

> **This application seeks an order that may adversely affect you. If you oppose the application, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the application and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the application at the hearing.**
>
> **Represented parties should act through their attorney.**

**TO THE HONORABLE CHRISTOPHER M. LOPEZ,**
**UNITED STATES BANKRUPTCY JUDGE:**

TPS-West LLC ("***TPS***"), as Accountant for Christopher R. Murray, the Chapter 7 Trustee (the "***Trustee***") for the bankruptcy estate of Alexander E. Jones ("***Jones***" or the "***Debtor***") files this *First Interim Application for Payment of Compensation and Reimbursement of Expenses* ("***Application***") for the period from December 20, 2024 through and including April 30, 2025 b(the "***Application Period***"), and respectfully represents as follows:

3

## I.
## JURISDICTION

1. TPSW submits this Application pursuant to section 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Bankruptcy Local Rules (the "**Local Rules**").

2. The Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is property pursuant to 28 U.S.C. § 1408.

## II.
## RELIEF REQUESTED

3. TPSW requests that the Court enter an order: (i) allowing TPSW's compensation for professional services to the Trustee rendered during the Application Period in the total amount of **$6,623.50** and reimbursement of actual and necessary expenses incurred by TPSW in the amount of **$33.60**; and (ii) awarding and ordering payment to TPSW the balance of any such fees and costs from funds available in the Debtor's estate.

## III.
## TPSW RETENTION

4. The Trustee filed an *Application to Employ TPS-West LLC as Accountant* [DE 1016] ("**Employment Application**") on January 13, 2025.

5. The Court entered the *Order Authorizing Employment* [DE 1073] ("**Employment Order**") on February 07, 2025.

4

## IV.
## TPSW FEES

6.  This is TPSW's first interim fee application. During the Application Period, TPSW filed two (2) monthly fee statements, which are attached hereto as **Exhibit 1** and are summarized below:

| Period | Expenses Incurred | Fees Incurred | Total Fees and Expenses Paid | Amount Outstanding |
|---|---|---|---|---|
| 12/20/2024 – 02/28/2025 | $30.40 | $4,399.50 | $3,550.00 | $879.90 |
| 04/1/2025- 04/30/2025[2] | $3.20 | $2,224.00 | $1,782.40 | $444.80 |
| **Total:** | **$33.60** | **$6,623.50** | **$5,332.40** | **$1,324.70** |

7.  In addition, a summary of expenses is attached as **Exhibit 2**, a summary of time by billing professional is attached as **Exhibit 3,** and a summary of services rendered by category is attached as **Exhibit 4**.

8.  The fees and expenses requested are reasonable and all amounts requested were for actual and necessary services rendered on behalf of the Trustee.

## V.
## LEGAL STANDARD

9.  Section 330 of the Bankruptcy Code authorizes the Court to award TPSW reasonable compensation for its actual and necessary services rendered and reimbursement of its actual and necessary expenses incurred in the rendering of services as accountant to the Trustee.

10. Section 330 provides:

(a)(1)  After notice to the parties in interest and to the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to

---

[2]  The objection deadline to TPSW's *Second Monthly Fee Statement* [DE 1139] is May 19, 2025. TPSW does not anticipate any objections to this monthly statement and anticipates that it will receive payment in accordance with the Interim Compensation Order prior to entry of an order approving this Application. This line reflects receipts of that anticipated payment.

> a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, **or a professional person employed under section 327** or 1103:
>
> (A)  reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person or attorney and by any paraprofessional person employed by any such person; and
>
> (B)  reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(emphasis added).

18.  This Application substantiates the total amount that TPSW seeks for fees and expenses in accordance with each element of the customary standards applied to fee applications. These standards are set forth in (i) Bankruptcy Rule 2016 and (ii) *In re First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 (1977).

19.  The Fifth Circuit adopted the following twelve factors to apply to the determination of awards professional' fees in bankruptcy cases in *In re First Colonial Corp. of America,* 544 F.2d 1291, 1298-99 (5th Cir. 1977), cert. denied, 431 U.S. 904 (1977) and J*ohnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-710 (5th Cir. 1974) *First Colonial*: (i) the time and labor required; (ii) the novelty and difficulty of the questions; (iii) the skill requisite to perform the service properly; (iv) the preclusion of other employment by the professional due to acceptance of the case; (v) the customary fee; (vi) whether the fee is contingent or fixed; (vii) time limitations imposed by the client or the circumstances; (viii) the amount involved and the results obtained; (ix) the experience, reputation and ability of the attorneys; (x) the "undesirability" of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases.

20.  More recently, in *In re Woerner*, 783 F.3d 266, 276 (5th Cir. 2015), the Fifth Circuit rejected the "hindsight" or "material benefit" standard that was originally set forth in *In re Pro-*

*Snax Distributors, Inc.*, 157 F.3d 414 (5th Cir. 1998). In its place, the Fifth Circuit enunciated a new, prospective standard based on whether the services were reasonably likely to benefit the estate at the time such services were rendered.

21. Pursuant to Fifth Circuit precedents, TPSW has met its burden for the allowance of its requested fees under Section 330 of the Bankruptcy Code.

### A. TIME AND LABOR EXPENDED

22. TPSW dedicated a total of **27.40** hours during the Application Period for its professional services to the Trustee. These services primarily relate to gathering tax data and related analysis for the preparation of required income tax returns, consulting with the Trustee regarding any potential tax concerns due to related entities and/or the structure of applicable entities, and preparation of TPSW's own employment application (fees incurred for this specific task were 'no charged' by TPSW as reflected in **Exhibit 1**).

### B. NOVELTY AND DIFFICULTY & EXPERIENCE, REPUTATION, AND ABILITY

23. TPSW is a nationally recognized corporate advisory firm that has assisted hundreds of organizations and their stakeholders through complex financial and operational challenges and has over 30+ years of specialized experience providing advisory services, turnaround consulting, financial assessments, analyses, internal audits, and expert reports and testimony to debtors, creditors, and other parties involved in business turnarounds, restructuring, bankruptcy, regulatory compliance, risk management, and complex litigation matters.

24. The services provided by TPSW required specialized accounting, tax, and bankruptcy knowledge and experience.

7

    C.    **PRECLUSION OF OTHER EMPLOYMENT**

25. TPSW had other engagements during the Application Period for other clients, and the services provided to the Trustee in this case did not specifically preclude other employment.

    D.    **RESULTS OBTAINED**

26. TPSW provided the accounting and tax related services as requested by the Trustee and were handled in a professional and cost-effective manner. The compensation requested is reasonable in view of time spent. TPSW was successful with respect to its specific role as the retained accounting professional and completed the tasks requested of it during the Application Period.

    E.    **IMPOSED TIME LIMITATIONS**

27. TPSW believes that it has successfully handled the time limitations imposed during the Application Period and enabled the case to progress in an efficient manner given the circumstances involved.

    F.    **CUSTOMARY FEE FOR THE SERVICES RENDERED**

28. The time and effort required by TPSW to adequately provide services to the Trustee as accountant and the complexities of the engagement have been described in this Application. The hourly rates of the TPSW's billing professionals are comparable to the rates charged by other firms in the industry for similar work and these rates were disclosed and approved in the Employment Application and respective Employment Order.

    G.    **FIXED OR CONTINGENT FEE AND UNDESIRABILITY OF CASE**

29. TPSW's fee expectation upon accepting this engagement was that it would receive compensation for professional services rendered on an hourly basis plus recovery of reasonable out of pocket expenses incurred.

H. **NATURE AND LENGTH OF PROFESSIONAL RELATIONSHIP WITH THE CLIENT**

30. As disclosed in detail in the Employment Application, TPSW has been retained as an accountant in other unrelated bankruptcy cases, including cases where Christopher Murray served as trustee and/or as counsel to a party in a bankruptcy proceeding.

I. **AWARD IN SIMILAR CASES**

31. Taking into consideration the nature and circumstances of this case, TPSW is of the opinion that the fee requested herein is consistent with fees that have been awarded in other cases.

## VII.
## CONCLUSION

**WHEREFORE**, TPSW requests that the Court enter an order (i) allowing TPSW's compensation for professional services to the Trustee rendered during the Application Period in the amount of **$6,623.50** and reimbursement of actual and necessary expenses incurred by TPSW in the amount of **$33.60**; and (ii) award and order to be paid to TPSW the balance of any such fees and costs from funds available in the Debtor's estate.

Dated: May 19, 2025

Respectfully submitted,

TPS-WEST LLC

_____
Richard P. Anderson, CPA
10230 Westheimer Rd., Suite 210
Houston, TX 77042
*Accountant for the Chapter 7 Trustee*

9

**H.     NATURE AND LENGTH OF PROFESSIONAL RELATIONSHIP WITH THE CLIENT**

30.     As disclosed in detail in the Employment Application, TPSW has been retained as an accountant in other unrelated bankruptcy cases, including cases where Christopher Murray served as trustee and/or as counsel to a party in a bankruptcy proceeding.

**I.     AWARD IN SIMILAR CASES**

31.     Taking into consideration the nature and circumstances of this case, TPSW is of the opinion that the fee requested herein is consistent with fees that have been awarded in other cases.

## VII.
## CONCLUSION

WHEREFORE, TPSW requests that the Court enter an order (i) allowing TPSW's compensation for professional services to the Trustee rendered during the Application Period in the amount of **$6,623.50** and reimbursement of actual and necessary expenses incurred by TPSW in the amount of **$33.60**; and (ii) award and order to be paid to TPSW the balance of any such fees and costs from funds available in the Debtor's estate.

Dated: May 19, 2025

                                          Respectfully submitted,

                                          **TPS-WEST LLC**

                                          _____
                                          Richard P. Anderson, CPA
                                          10230 Westheimer Rd., Suite 210
                                          Houston, TX 77042
                                          *Accountant for the Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

    This will certify that a true and correct copy of the foregoing document was forwarded by electronic transmission to all registered ECF users appearing in the case on May 19, 2025

*/s/ Jacqueline Q. Chiba*
Jacqueline Q. Chiba
*Counsel for the Chapter 7 Trustee*
