**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) <br> ) <br> ) Chapter 7 <br> ) |
| ALEXANDER E. JONES, | ) Case No. 22-33553 (CML) <br> ) |
| Debtor. | ) Re: Docket No. 1131 <br> ) |

**JOINT OBJECTION OF THE SANDY HOOK FAMILIES
TO ALEXANDER E. JONES'S MOTION FOR RECONSIDERATION OF THIS
COURT'S DETERMINATION THAT NO AUCTION OF FREE SPEECH SYSTEMS'S
ASSETS WILL BE CONDUCTED BY THE JONES CHAPTER 7 ESTATE**

The Connecticut Families[1] and the Texas Families[2] (the "**Sandy Hook Families**"), as creditors and parties in interest in the above-captioned case, file this opposition in response to the *Motion for Reconsideration of This Court's Determination that No Auction of Free Speech Systems Assets Will Be Conducted by the Jones Chapter 7 Estrate [sic]* [Docket No. 1131] (the "**Motion**"), filed by Alexander E. Jones ("**Jones**").

The Motion seeks relief that this Court has denied multiple times. As the Court explained in its recent *Order Denying FUAC's Motion Seeking Leave to File a Motion Approving the Sale of FSS Assets and Request for Status Conference* (the "**FUAC Order**"): "This Court said at a hearing on February 6, 2025 that it would not allow a sale of FSS assets, and that parties should consider the Court's supplemental order null and void for the reasons stated at the hearing. Nothing has changed." [Docket No. 1121] Once again, nothing has changed. Jones points to no

---

[1] The "Connecticut Families" are Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Erica Ash.

[2] The "Texas Families" are Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and the Estate of Marcel Fontaine.

developments that warrant reconsidering this Court's decision that it will not hold an auction of the assets of Free Speech Systems ("**FSS**"). Nor does Jones demonstrate (as he must) that there are extraordinary circumstances to justify relieving him from an order concerning FSS's assets. The fact remains that three years have passed since FSS and Jones first filed for bankruptcy, the Sandy Hook Families have not yet received a dollar from Jones or FSS, and FSS's bankruptcy has been dismissed.[3] The Sandy Hook Families, working together, intend to shortly begin pursuing remedies against FSS in state court, as this Court instructed when it held that it would not authorize a sale of FSS's assets. Jones's apparent preference to liquidate FSS's assets in this Court, rather than state court, is not grounds for reconsideration. The Motion thus fails because Jones has not identified any "extraordinary circumstances" meriting reconsideration. *See infra* § I.

Even if Jones had articulated a reason to ***reconsider*** this Court's prior rulings, he has not provided a reason to ***change*** them. Jones's Motion is built on two faulty premises, one that was not true when the Motion was filed and another that is not true today. First, Jones's request to "enforce" the *Order Supplementing Order Dismissing Case*[4] to require the Trustee to conduct an auction assumes that the Supplemental Dismissal Order required that result in the first place. That is incorrect. *See infra* § II. Second, Jones argues that because the Texas Families' appeal of the Supplemental Dismissal Order was pending, the Court could not and cannot vacate or modify the Supplemental Dismissal Order to remove a non-existent auction requirement. But the Texas Families have now voluntarily dismissed their appeal (and such appeal has been terminated by the District Court), so this argument—which was wrong anyway—is now moot. *See infra* § III. And

---

[3] *See Joint Objection of the Sandy Hook Families to FUAC's Motion Requesting Leave to File a Motion Approving the Sale of FSS Assets and Request for a Status Conference* [Docket No. 1113].

[4] *In re Free Speech Systems, LLC*, Case No. 22-60043 (Bankr. S.D. Tex. Sept. 25, 2024) [Docket No. 1021] (the "**Supplemental Dismissal Order**").

in any event, Jones lacks standing to seek relief regarding assets ***that neither he nor his estate own***. *See infra* § IV.

Besides being wrong on the law, the Motion is wrong on the facts.  It is replete with factual claims (many without citations) that are not true.  Those assertions are, in any event, irrelevant to the disposition of the Motion,  and therefore the Sandy Hook Families will not burden the Court with a response to each of the false claims.   The Sandy Hook Families dispute Jones's misrepresentation of the facts asserted in the Motion.

The Motion should be denied.

## I.    JONES HAS NOT IDENTIFIED ANY "EXTRAORDINARY CIRCUMSTANCES" TO WARRANT RECONSIDERATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6).

Jones's Motion asks this Court to order a sale of FSS's assets.  Mot. at 4–5, 9.  The Court has already considered and denied this relief at least twice.  Jones's disagreement with the Court's prior rulings does not constitute an "extraordinary circumstance" meriting relief under Rule 60(b)(6), and his Motion should be denied.

The Court has repeatedly made clear that it will not permit a sale of FSS's assets.  *See, e.g.*, Feb. 5, 2025 Hr'g Tr. at 13:4–5 ("I'm not allowing a sale of the [FSS] assets."); *id.* at 14:13–16 (regarding the auction of FSS assets: "we're not doing that anymore").  In February, First United American Company ("**<u>FUAC</u>**") asked the Court to reconsider and order the Trustee to auction FSS's assets.  [Docket No. 1089]  The Court denied FUAC's reconsideration motion[5] in March, explaining that it had ruled one month earlier that "it would not allow a sale of FSS assets" and that "[n]othing has changed."  FUAC Order at 1.

---

[5] Jones's present motion refers to the FUAC motion as one for "reconsideration."  Mot. at 3 n.1.

Jones now seeks reconsideration of the Court's order denying reconsideration of its earlier decision to not conduct a sale of FSS's assets in the Bankruptcy Court.  He moves under FRCP 60(b)(6), a provision "reserved for 'exceptional' or 'extraordinary circumstances,'" *see In re Tubwell*, No. 19-12163-JDW, 2019 WL 6481968, at *2 (Bankr. N.D. Miss. Dec. 2, 2019), and granted only to prevent "manifest injustice," *In re Strudel Holdings LLC*, 656 B.R. 404, 409 (Bankr. S.D. Tex. 2024).  *See also Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (Rule 60(b)(6) requires a showing of "'extraordinary circumstances' justifying the reopening of a final judgment"); Mot. at 10 (acknowledging that Rule 60(b)(6) requires "extraordinary circumstances" and "injustice").

These circumstances are not "exceptional" or "extraordinary." Jones is simply seeking the same relief the Court denied twice in the last four months.  But again, "[n]othing has changed." FUAC Order at 1.  Jones's Motion concedes this point, arguing that reconsideration is appropriate not because of newly uncovered facts or a change in law, but because the Motion "raises issues not considered by this Court, or at least not expressed in the record of its ruling" denying FUAC's motion.  Mot. at 2.

The fact that Jones has thought of new arguments is not an "exceptional" or "extraordinary" circumstance warranting reconsideration.  Courts routinely deny motions under Rule 60(b)(6) where, as here, a movant simply argues that a prior decision was wrong.  *See, e.g.*, *Trottie* v. *Stephens*, No. 4:09-0435, 2014 WL 4354445, at *3 (S.D. Tex. Sept. 2, 2014) (denying Rule 60(b)(6) motion where movant "points to no newly discovered evidence or change in controlling law, but simply contends that this Court, and by implication, the Fifth Circuit, got it wrong"); *Pringle* v. *United States*, No. 3:15-cv-1455-L-BN, 2018 WL 7021481, at *2 (N.D. Tex. Dec. 18, 2018), *report and recommendation adopted*, 2019 WL 184148 (N.D. Tex. Jan. 14, 2019) (denying

Rule 60(b)(6) motion in part because "Pringle cites no change in the controlling law between the denial of the Rule 60(b) motion and now, and he offers no newly discovered evidence that was previously unavailable").  Rule 60(b)(6) cannot "be used as a substitute for appeal."  *Trottie*, 2014 WL 4354445, at *3 (quoting *Diaz*, 731 F.3d at 377).  The Motion should be denied for failing to meet the exacting standard of Rule 60(b)(6).

## II.   JONES CANNOT "ENFORCE" THE SUPPLEMENTAL DISMISSAL ORDER TO FORCE A SALE THAT THE ORDER NEVER REQUIRED.

Jones's Motion seeks "[r]econsideration of the status of the 'Supplemental Order' of this Court [FSS Dkt. 1021, September 25, 2024], that has twice previously been the basis of the Trustee's proposed auction of the FSS assets."  Mot. at 2.  Specifically, Jones seeks "Reconsideration of This Court's Determination That No Auction of Free Speech Systems Will Be Conducted By the Jones Chapter 7 Estate" and argues that "this Court should order the auction of the assets covered by the Supplemental Dismissal Order."  *Id.* at 1, 33.  In doing so, he claims that "this Court may implement and enforce the Supplemental Order, which is the relief sought by this Motion."  *Id.* at 4; *id.* at 16 ("enforcement of the Supplemental Order is what this Motion seeks").  Setting aside that this Court has explicitly denied this relief at least twice, Jones's argument misses the mark because the Supplemental Dismissal Order never provided the relief he seeks.

The Supplemental Dismissal Order provides that "all property of Debtor Free Speech Systems, LLC ('FSS') shall be deemed to have vested in the bankruptcy estate of Alexander E. Jones, Case No. 22-33553, as property of that estate pursuant to Section 541 and shall be under the control of the trustee of such estate ('Chapter 7 Trustee')."  It also provides that the "Chapter 7 Trustee is authorized to operate the business of FSS pursuant to Section 721 for a period not to exceed one year, absent further order of this Court."  Nothing in the text of the one-page order

*requires* that the Trustee auction or sell FSS's assets.  The Supplemental Dismissal Order doesn't even contain the words "auction," "sell," or "sale."  Since the Supplemental Dismissal Order never required the Trustee to hold an auction, Jones cannot "enforce" the order to compel one nor did the Court err in declining to require one.

## III.     THE COURT HAS JURISDICTION TO VACATE OR MODIFY THE SUPPLEMENTAL DISMISSAL ORDER.

Jones's next argument—that this Court could not and cannot declare the Supplemental Dismissal Order "null and void"—is equally meritless.  Jones argues that because the Texas Families appealed the Supplemental Dismissal Order in the *FSS* bankruptcy, the Court must hold an auction of FSS's assets in the *Jones* bankruptcy.  Mot. at 3.  This argument is both wrong and moot.

This argument is wrong because, again, the Supplemental Dismissal Order never required the relief Jones seeks.  *See supra* § II.  So even assuming for argument's sake that the Court had to "enforce" the *FSS* Supplemental Dismissal Order during the appeal, that wouldn't require the Court to compel the *Jones* Chapter 7 Trustee to hold an auction in the *Jones* chapter 7 case.

In any event, Jones's argument is now moot.  On May 6, 2025, the Texas Families and the *Jones* Chapter 7 Trustee voluntarily stipulated to dismiss the appeal under FRBP 8023.[6]  Then on May 16, 2025, the District Court terminated the appeal.  To the extent the Texas Families' appeal was a barrier to this Court's interpretation and modification of the Supplemental Dismissal Order, that barrier since has been removed.

---

[6] *In re Free Speech Systems, LLC*, Case No. 4 :24-CV-03882 (S.D. Tex. May 6, 2025) [Docket No. 22].

IV.    **JONES DOES NOT HAVE STANDING TO DEMAND THAT THE COURT AUCTION FSS'S ASSETS.**

    A.    **Jones Has No Pecuniary Interest in FSS's Assets, and His Arguments Based on Highly Unlikely Appellate Victories or Deprivation of "Fundamental Constitutional Rights" Are Meritless.**

Jones, a chapter 7 debtor, can demonstrate standing to challenge an order only by showing that he was directly or adversely affected pecuniarily by the order, or that the order diminished his property, increased his burdens, or impaired his rights. *See In re Solomon*, Nos. 96-11201, 96-11528, 96-11529, 1997 WL 680934, at *6 n.10 (5th Cir. Sept. 25, 1997); *see also In re Cyrus II P'ship*, 358 B.R. 311, 315 (Bankr. S.D. Tex. 2007) (Isgur, J.). Here, Jones lacks standing under the Bankruptcy Code to force a sale of FSS's assets because he has no pecuniary interest in those assets. Given the size of the Sandy Hook Families' claims against the estate—based on $1.3 billion of combined judgments against Jones, of which $974 million has been found nondischargeable by the Court—there is no reasonable prospect of any surplus in the estate.

Jones nonetheless insists he has standing because he "is continuing his appeals of the Plaintiffs [*sic*] judgments, the reversal in whole or in any substantial part, will likely render Jones Estate solvent." Mot. at 2; *see also id.* at 18–19 (arguing that plaintiffs' judgments are "very likely to be radically reduced if not eliminated on appeal"). This argument has no basis in reality.

Jones and FSS's direct appeals of Plaintiffs' state court judgments have repeatedly been denied. *See, e.g.*, *Lafferty* v. *Jones*, 327 A.3d 941, 981 (Conn. App. Ct. 2024) (affirming $965 million compensatory damages award in favor of Connecticut families). Last month, the Connecticut Supreme Court denied Jones's and FSS's petition to appeal the Connecticut judgment to the state's highest court. *Lafferty* v. *Jones*, PSC-240253, Order on Petition for Certification to Appeal (Conn. Apr. 8, 2025). And just last week, a Connecticut appellate court rejected the argument that Jones and FSS were likely to succeed in their petition for U.S. Supreme Court

review, and denied their motion to stay enforcement of the Connecticut judgment pending their petition for a writ of certiorari. *Lafferty* v. *Jones*, AC46131, Order on Motion to Stay (Conn. App. Ct. May 13, 2025). Jones may continue to pursue all appeals to which he is legally entitled, but this Court need not indulge the fantasy that his increasingly longshot appeals are "very likely" to succeed. Given the magnitude of the judgments and the limited resources of Jones's chapter 7 estate, Jones's appeals would have to be successful on nearly every single judgment in both Connecticut and Texas for there to be any prospect of a surplus in the chapter 7 estate. Jones has no pecuniary interest in FSS's assets, is not "very likely" to have such an interest in the future, and lacks standing to pursue the relief sought in his Motion.[7]

Jones also argues that he has standing to seek the instant relief because he is "potentially concerned with, or affected by, a proceeding." Mot. at 12. But he draws that language from a recent Supreme Court opinion in *Truck Insurance Exchange* v. *Kaiser Gypsum Co., Inc.*, in which the Court provided a general, plain-language definition of a "party in interest"; it did not change the law to convey blanket standing under the Bankruptcy Code on anyone "potentially concerned with" a proceeding. 602 U.S. 268, 278 (2024). Indeed, *Kaiser Gypsum Co.* dealt with the standing of an insurer with responsibility for bankruptcy claims in a chapter 11 proceeding—a party with a clear pecuniary interest in certain claims—and *not* the standing of a chapter 7 debtor, for which standing still requires the reasonable possibility of a distribution from a surplus in the estate. *See, e.g.*, *In re Okorie*, No. 24-60255, 2024 WL 4471734, at *2 (5th Cir. Oct. 11, 2024); *see also In re Ghatanfard*, 666 B.R. 14, 21-22 (S.D.N.Y. 2024).

---

[7] Jones cites certain cases for the proposition that a chapter 7 debtor may have standing to make *a claim objection*, where there is a reasonable possibility of surplus in the estate. Mot. at 11 n.14. But those cases do not stand for the proposition that Jones has standing to seek the relief he requests here: to compel an auction of FSS assets. And, for the reasons discussed, there is no "reasonable possibility" of surplus in the estate.

Finally, Jones argues that he has standing because the Court's refusal to order a sale of FSS's assets somehow impacts his "fundamental constitutional rights." Mot. at 12–14. But the cases he cites do not stand for this proposition; none concern standing for chapter 7 debtors, or even involved bankruptcy proceedings. *See Pennzoil Co.* v. *Texaco, Inc.*, 481 U.S. 1 (1987); *Henry* v. *First Nat. Bank of Clarksdale*, 595 F.2d 291 (5th Cir. 1979). In any event, Jones's "constitutional rights" argument is simply a repackaging of his improper collateral attacks on Plaintiffs' judgments, which the Court has repeatedly held are not appropriately raised in these bankruptcy proceedings. *See Memorandum Decision on Connecticut Plaintiffs' Motion for Summary Judgment Against Jones*, Adv. Proc. 23-03037 (Bankr. S.D. Tex. Mar. 20, 2025) [Docket No. 76 at 12] (stating that Jones should raise "his constitutional arguments with the appropriate state appellate forum" and that those constitutional arguments are "not, however, a basis for this Court to ignore the plain language of the state court's default judgment or the damages awards"); *Order Denying Reconsideration*, Adv. Proc. 23-03037 (Bankr. S.D. Tex. Mar. 20, 2025) [Docket No. 132 at 2] ("Jones appears to want a second bite at the apple using, in part, constitutional arguments he did not raise in the underlying Connecticut trial. The motion is denied."); *Memorandum Decision on Texas Plaintiffs' Motion for Summary Judgment Against Jones*, Adv. Proc. 23-03035 (Bankr. S.D. Tex. Oct. 19, 2023) [Docket No. 46 at 18 n.58] ("Again, the Court declines to consider Jones's arguments about the constitutionality of the judgments. . . . [T]his Court will give full faith and credit to the state court default judgment orders and related jury awards."). The Court should once again reject this collateral attack.

**B.    Jones Lacks Standing To Request The Relief He Seeks Regarding Assets He Does Not Own.**

Even if Jones had standing to seek reconsideration of an order concerning ***someone else's assets*** (which he does not), Jones's Motion fails for two more reasons. First, Jones's estate doesn't

own FSS's **assets**.  Second, FSS is no longer a debtor, so this Court lacks jurisdiction over FSS's property.

First, Jones's estate does not own FSS's assets.  "Even where, as here, one hundred percent of a subsidiary's stock is owned by the shareholder in question, that shareholder has not acquired and has no property interest in, specific assets of the subsidiary."  *In re Murchison*, 54 B.R. 721, 728 (N.D. Tex. 1985).  That is because Texas courts have long recognized corporate separateness. *See, e.g.*, *Durham v. Accardi*, 587 S.W.3d 179, 184 (Tex. Ct. App. 2019) ("A corporation is presumed to be a separate entity from its officers and shareholders."); *Penhollow Custom Homes, LLC v. Kim*, 320 S.W.3d 366, 373 (Tex. Ct. App. 2010) ("[M]ere control and ownership of all the stock of a corporation is not a sufficient basis for ignoring the corporate fiction").  Applying this principle, courts across the country have consistently held that where an individual debtor is a shareholder in a company, only the debtor's shares—and not the company's underlying assets— are property of the estate.  *See, e.g.*, *In re Young*, 409 B.R. 508, 513 (Bankr. D. Idaho 2009) ("It is well accepted that a filing by an individual who is an owner of a corporation brings into the estate only his ownership interest and not the assets of the corporation."); *In re Crabtree*, 554 B.R. 174, 192 (Bankr. D. Minn. 2016) ("As a general matter, property of the estate does not include assets owned by a corporation in which the debtor holds an interest"), *rev'd on other grounds*, 562 B.R. 579 (8th Cir. BAP 2017); *In re Albert*, No. 1:14-ap-01134-MB, 2018 WL 1605170, at *12 (Bankr. C.D. Cal. Mar. 29, 2018) ("The Assets of HSI never became assets of Albert's bankruptcy estate, only her stock in HSI became property of her bankruptcy estate."); *In re McCurnin*, 590 B.R. 729, 742 (Bankr. E.D. Va. 2018) (holding that the assets of a corporation did not belong to the estate of individual shareholders); *In re Cassis*, 220 B.R. 979, 983 (Bankr. N.D. Iowa 1998) ("Ownership of stock in a corporation does not mean that the corporation is property of the estate . . .  Technical,

legal distinctions between corporations and shareholders will be respected in bankruptcy."). Indeed, a leading treatise explains that "while the individual's interest in the partnership or corporation (which could be a 100 percent interest) would be property of the estate, the assets of the partnership or corporation itself would not be." 2 Collier on Bankruptcy ¶ 103.03[3] (16th ed. 2018).

Were the law otherwise, it would have been unnecessary for the Court to declare—in a since-withdrawn order—that "all property of the estate of Debtor [FSS] shall be deemed to have vested in the bankruptcy estate of Alexander E. Jones[.]" Supplemental Dismissal Order, ¶ 1. That declaration is now null and void, as the Court has said on multiple occasions. FUAC Order at 1; Feb. 5 Tr. at 14:13-16. Neither Jones nor his estate owns FSS's assets, and so he cannot ask this Court to hold an auction of those assets.

Second, FSS is not a debtor, and so its property is no longer subject to this Court's jurisdiction. A "bankruptcy court does not have supplementary jurisdiction over claims against defendants who are not bankruptcy debtors." *Long v. Williams (In re Williams)*, Adv. No. 09-3163, 2009 WL 3297244, at *1 (Bankr. S.D. Tex. Oct. 13, 2009); *see also Cataldi v. Olo Corp. of N.J. (In re Cnty. Seat Stores, Inc.)*, No. 3:07-cv-0774-B, 2007 WL 4191946, at *5 (Bankr. N.D. Tex. June 21, 2007) ("[T]he bankruptcy court has no jurisdiction over a matter that does not affect the debtor." (quoting *In re Zale Corp.*, 62 F.3d 746, 753 (5th Cir. 1995)). This Court has ruled that the FSS estate no longer exists and this Court lacks authority to, for example, allow claims against FSS. Feb. 5 Tr. at 11:20–21 (there is no FSS "bankruptcy estate to allow claims against."); *see also* Feb. 5 Tr. at 11:17–20 ("The 9019 now wants me to allow claims against FSS. . . and I can't do that. Because there's no estate."); Feb. 5 Tr. at 12:23–25 (stating, about allowing a claim against FSS, the Court "can't do that. I cannot do that. I don't have authority to do that.").

For the same reasons, Jones can't demand an auction of things his estate doesn't own.  *See In re Mirant Corp.,* 389 B.R. 481, 493 (Bankr. N.D. Tex. 2008) ("Only that which came into the estate might be sold from the estate.").

The Motion should be denied.


Dated: May 19, 2025

Respectfully submitted,

| | |
|---|---|
| */s/ Jennifer J. Hardy* | */s/ Ryan E. Chapple* |
| **WILLKIE FARR & GALLAGHER LLP** | **CAIN & SKARNULIS PLLC** |
| Jennifer J. Hardy | Ryan E. Chapple |
| State Bar No. 24096068 | State Bar No. 24036354 |
| 600 Travis Street | 303 Colorado Street, Suite 2850 |
| Houston, TX 77002 | Austin, TX 78701 |
| Telephone: (713) 510-1766 | Telephone: (512) 477-5000 |
| Fax: (713) 510-1799 | Fax:  (512) 477-5011 |
| E-mail: jhardy2@willkie.com | E-mail:  rchapple@cstrial.com |

**WILLKIE FARR & GALLAGHER LLP**
Stuart R. Lombardi (admitted *pro hac vice*)
Ciara A. Sisco (admitted *pro hac vice*)
787 Seventh Avenue New York, NY 10019
Telephone: (212) 728-8000
Fax: (212) 728-8111
E-mail: slombardi@willkie.com
      csisco@willkie.com

**LAWSON & MOSHENBERG PLLC**
Avi Moshenberg
State Bar No. 24083532
801 Travis Street, Suite 2101, #838
Houston, TX 77002
Telephone:  (713) 449-9644
E-mail: avi.moshenberg@lmbusinesslaw.com

**BRADLEY ARANT BOULT CUMMINGS LLP**
Jarrod B. Martin
State Bar No. 24070221
600 Travis Street, Suite 5600

**KOSKOFF KOSKOFF & BIEDER, PC**
Alinor C. Sterling (admitted *pro hac vice*)
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone:  (203) 336-4421
E-mail:  asterling@koskoff.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Kyle J. Kimpler (admitted *pro hac vice*)
Paul Paterson (admitted *pro hac vice*)
Leslie Liberman (admitted *pro hac vice*)
Daniel S. Sinnreich (admitted *pro hac vice*)
Vida J. Robinson (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Fax:  (212) 757-3990
E-mail:  kkimpler@paulweiss.com
      ppaterson@paulweiss.com
      lliberman@paulweiss.com
      virobinson@paulweiss.com

*Co-Counsel to the Connecticut Families*

Houston, TX 77002
Telephone:  (713) 576-0388
Fax:  (713) 576-0301
E-mail:  jbmartin@bradley.com

**Co-Counsel to the Texas Families**

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 9013-1(g)(1), counsel for the Connecticut Families reached out on behalf of the Sandy Hook Families regarding the concerns raised by this objection to counsel for Jones on May 12, 2025.  Counsel for Jones did not respond to an offer to meet and confer and the parties have not yet resolved the issues discussed in this objection.

*/s/ Jennifer J. Hardy*
Jennifer J. Hardy

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing objection has been served on counsel for Jones and all parties receiving or entitled to notice through CM/ECF on this 19th day of May, 2025.

*/s/ Jennifer J. Hardy*
Jennifer J. Hardy