IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § § | Chapter 7 |
| ALEXANDER E. JONES, | § § | Case No. 22-33553 (CML) |
| Debtor. | § § § | |

**TRUSTEE'S RESPONSE REGARDING MOTION FOR RECONSIDERATION**
[Relates to Docket No. 1131]

Christopher R. Murray, in his capacity as the duly appointed chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor"), files this Response ("Response") regarding the Debtor's *Motion for Reconsideration of This Court's Determination that no Auction of Free Speech Systems Assets Will be Conducted by the Jones Chapter 7 Estate* ("Motion")[Docket No. 1131].

**PRELIMINARY RESPONSE AND BACKGROUND**

1. The Debtor's 34-page Motion addresses a wide range of general grievances related and unrelated to his chapter 7 bankruptcy case. The Debtor's Motion is styled as a "motion to reconsider" that is largely aimed at asking the Court to allow the sale of FSS assets through an auction in the Debtor's bankruptcy case. Reference in the Motion to authority upon which relief is sought by the Debtor is sparse, making it unclear *exactly* what relief the Debtor is requesting. Unfortunately, the prayer included in the Motion in the final paragraph and the proposed order attached to the Motion similarly fail to elucidate.

2. There is one relatively clear issue raised in the Debtor's Motion, which is the Debtor's desire for the FSS assets to be sold in an auction in the Debtor's bankruptcy case. It appears that the relief the Debtor seeks is reconsideration of the Court's prior decisions not to

1

authorize a sale of FSS assets in the Debtor's bankruptcy case. It appears the Debtor seeks such relief based on Federal Rule of Civil Procedure 60 (made applicable by Federal Rule of Bankruptcy Procedure 9024), arguing that the Court lacked authority to void its previous order while pending on appeal.

3.  The Debtor seeks this "reconsideration" 40 days after the Court denied the FUAC Motion[1] and 82 days after its oral ruling on February 5, 2025, that it would not authorize or allow the sale of FSS assets in the Debtor's bankruptcy case.

4.  As such, the Debtor's Motion cannot constitute a notice of appeal under Federal Rule of Bankruptcy Procedure 8002. To the extent the Debtor is attempting to revive the 14-day appellate deadline prescribed by Federal Rule of Bankruptcy Procedure 8002, the Trustee requests that the Debtor's Motion be struck as procedurally improper or denied.

5.  Likewise, the Debtor's Motion could not be a motion seeking reconsideration under Federal Rule of Bankruptcy Procedure 9023 (incorporating Federal Rule of Civil Procedure 59). To the extent the Debtor is attempting to revive the 14-day deadline prescribed by Federal Rule of Bankruptcy Procedure 9023, the Trustee requests that the Debtor's Motion be struck as procedurally improper or denied.

6.  The Debtor references Federal Rule of Civil Procedure 60 (made applicable by Federal Rule of Bankruptcy Procedure 9024) twice in his Motion [Docket No. 1131, pg.3, FN 2 and pg. 15, FN 19] in support of the Debtor's argument that the Court lacked authority to "void" a prior order authorizing FSS assets to be sold through an auction in the Debtor's bankruptcy case

---

[1] "FUAC Motion" refers to the *Expedited Motion Requesting Leave to File a Motion Approving the Sale of FSS Assets, and Request for Status Conference* [Docket No. 1089] filed by First United American Companies, LLC ("FUAC") and denied by this Court's Order entered March 19, 2025 [Docket No. 1121].

because the order authorizing that action was the subject of a pending appeal.[2] The Debtor's argument concerning the extent of the Court's authority to "void" its prior order is moot because the Appeal of the order in question has been dismissed by the appellants pursuant to Federal Rule of Bankruptcy Procedure 8023(a).[3]

### DEBTOR'S MOTION SHOULD BE DENIED

7. For each of the foregoing reasons, the Trustee believes that the Debtor's Motion for "reconsideration" is moot and should therefore be denied.

8. Any motion seeking to establish a sale procedure and/or to authorize a sale in the Debtor's bankruptcy case would need to be properly filed pursuant to 11 U.S.C. § 363 and other applicable law by a party with standing. At present, such relief is not properly requested or before this Court. The Trustee reserves the right to supplement or amend this Response should the Court consider any such relief to revive a sale process of FSS assets in the Debtor's bankruptcy case.

9. To the extent any other relief has been requested in the Motion, the Court should deny any such relief for failure to state grounds upon which relief can be granted. As mentioned, the Debtor covers a wide range of general grievances in his Motion but states no statutory or other authority for granting any such other relief.

10. It should be clear on the face of the Debtor's Motion precisely what relief he is seeking and the statutory or other applicable authority upon which it could be granted. *See* Federal Rules of Civil Procedure 8, 9, 10, and 11 (made applicable by Federal Rules of Bankruptcy Procedure 7008, 7009, 7010, and 9011). In the Motion, there is no clear delineation between what the Debtor presents as a fact, an argument, or an opinion. It's not even clear from the prayer or the

---

[2] Bankruptcy Appeal Case No. 4:24-cv-3882, pending in the Federal District Court Southern District of Texas, Houston Division (the "Appeal").
[3] *See* May 16, 2025 docket notation in Case No. 22-60043 (*In re Free Speech Systems, LLC*).

3

proposed order exactly what relief is sought by the Debtor. "Shotgun" style pleadings violate the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure and are therefore prohibited due to their lack of clarity. *See e.g., In re Ozcelebi*, 635 B.R. 467, 473-474 (Bankr. S.D. T.X. 2021). The lack of clarity resulting from the "shotgun" style of the Debtor's Motion makes it nearly impossible for the Trustee to ascertain which sentences are factual allegations that he must admit or deny, therefore the Trustee is forced to deny any factual allegations that may be included in the Debtor's Motion. The Trustee reserves the right to supplement and/or amend this Response.

WHEREFORE, the Trustee respectfully requests that the Court deny the Debtor's Motion and for any such other and further relief to which he may be entitled at law or equity.

Dated: May 19, 2025

Respectfully submitted,
By: *Erin E. Jones*
Erin E. Jones (TX 24032478)
**Jones Murray LLP**
602 Sawyer Street, Suite 400
Houston, Texas 77007
Telephone: (832) 529-1999
Fax: (832) 529-3393
erin@jonesmurray.com

*and*

Joshua W. Wolfshohl (Bar No. 24038592)
Michael B. Dearman (Bar No. 24116270)
Jordan T. Stevens (Bar No. 24106467)
**Porter Hedges LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
mdearman@porterhedges.com
jstevens@porterhedges.com

*Counsel for Christopher R. Murray, Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a copy of the foregoing document was served on May 19, 2025, on all parties receiving ECF service in the above-captioned case.

*/s/ Erin E. Jones*
Erin E. Jones