UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | § Chapter 7 |
| ALEXANDER E. JONES, | § Case No. 22-33553 (CML) |
| Debtor. | |

SUMMARY COVERSHEET TO THE SECOND INTERIM FEE APPLICATION OF N&N FORENSICS, LLC, AS IT PROFESSIONAL FOR THE CHAPTER 7 TRUSTEE, CHRISTOPHER R. MURRAY, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM FEBRUARY 1, 2024 THROUGH AND INCLUDING FEBRUARY 28, 2025

| | | |
|---|---|---|
| **Name of Applicant:** | N&N Forensics, LLC | |
| **Applicant's Roles in Case:** | IT Professional for the Chapter 7 Trustee, Christopher R. Murray | |
| **Date Order of Appointment Signed:** | January 20, 2025 [DE 1020], with effective retention date of September 4, 2024 | |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | 02/01/2025 | 02/28/2025 |
| **Time period(s) covered by prior Applications:** | 09/04/2024 | 02/28/2025 |
| **Total Amounts awarded in all prior Applications:** | | $0.00[1] |
| **Total fees requested in this Application and all prior Applications:** | | $86,450.00 |
| **Total fees requested in this Application:** | | $5,000.00 |
| **Total professional fees requested in this Application:** | | $5,000.00 |
| **Total actual professional hours covered by this Application:** | | 20 |
| **Average hourly rate for professionals:** | | $250.00 |
| **Total paraprofessional fees requested in this Application:** | | N/A |
| **Total paraprofessional hours covered by this Application:** | | N/A |
| **Average hourly rate for paraprofessionals:** | | N/A |
| **Reimbursable expenses sought in this Application:** | | $0.00 |

---

[1] N&N's *First Interim Fee Application* was filed on February 14, 2025 and is currently pending at DE 1087.

1

| | |
|---|---:|
| **Application Cost (estimated; not included in above fees):** | - |
| **Total of other payments paid to secured claimants** | - |
| **Total of other payments paid to administrative claimants** | $6,813,399.00 |
| **Estimated Total for distribution to priority unsecured creditors** | Undetermined |
| **Estimated percentage dividend to priority unsecured creditors** | Undetermined |
| **Estimated total for distribution to general unsecured creditors** | Undetermined |
| **Estimated percentage dividend to general unsecured creditors** | Undetermined |
| **Receipts to date in Chapter 7 to date** | $12,104,671 |
| **Disbursements to date in Chapter 7 as of January 31, 2025** | $6,813,399 |
| **Current balance in the Trustee's accounts as of January 31, 2025** | $5,291,272 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | § Chapter 7 |
| ALEXANDER E. JONES, | § Case No. 22-33553 (CML) |
| Debtor. | § |

**SECOND INTERIM FEE APPLICATION
OF N&N FORENSICS, LLC, AS IT PROFESSIONAL FOR THE CHAPTER 7
TRUSTEE, CHRISTOPHER R. MURRAY, FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM FEBRUARY 1, 2025 THROUGH AND INCLUDING FEBRUARY 28, 2025**

**This application seeks an order that may adversely affect you. If you oppose the application, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the application and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the application at the hearing.**

**Represented parties should act through their attorney.**

**TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:**

N&N Forensics, LLC ("*N&N*"), IT Professional for Christopher R. Murray, the Chapter 7 Trustee (the "*Trustee*") for the bankruptcy estate of Alexander E. Jones ("*Jones*" or the "*Debtor*") files this *Second Interim Application for Payment of Compensation and Reimbursement of Expenses* ("*Application*") for the period from February 1, 2025 through and including February 28, 2025 (the "*Application Period*"), and respectfully represents as follows:

3

## I.
## JURISDICTION

1. N&N submits this Application pursuant to section 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Bankruptcy Local Rules (the "**Local Rules**").

2. The Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is property pursuant to 28 U.S.C. § 1408.

## II.
## RELIEF REQUESTED

3. N&N requests that the Court enter an order: (i) allowing N&N's compensation for professional services to the Trustee rendered during the Application Period in the total amount of **$5,000.00** and reimbursement of actual and necessary expenses incurred by N&N in the amount of **$0.00**; and (ii) awarding and ordering payment to N&N for any allowed unpaid amounts from the funds available in the Debtor's estate.

## III.
## N&N RETENTION

4. The Trustee filed an *Application to Employ N&N Forensics, LLC as IT Professional* [DE 871] ("**Employment Application**") on October 10, 2024.

5. The Court entered the *Order Authorizing Employment* at Docket No. 1020 ("**Employment Order**"), with an effective date of employment of September 4, 2024.

## IV.
## N&N FEES

6. **First Fee Application (Pending).** On February 14, 2025, N&N filed their *First Interim Fee Application* [DE 1087] ("**First Fee Application**") requesting approval and allowance of $81,450.00 in professional fees and $8,562.59 in reimbursable expenses for the period of September 4, 2024 through January 31, 2025.

7. The deadline for response to the First Fee Application has passed and N&N is unaware of any objections appearing on the Court's docket.

8. The Debtor did file a *Reservation of Rights of Objections* [DE 1102]. This was not an objection to the First Fee Application, but a reservation of rights regarding final fee applications.

9. **Second Fee Application (Current Application).** This is N&N's second interim fee application. During this Application Period, N&N filed one (1) monthly fee statement at DE 1109, which is attached hereto as **Exhibit 1** in support of the relief requested and in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Trustee* ("**Interim Compensation Order**")[DE 793]. This is summarized on the table below:

| Period | Expenses Incurred | Fees Incurred | Total Fees and Expenses Paid | Amount Outstanding |
|---|---|---|---|---|
| 02/01/2025-02/28/2025 | $0.00 | $5,000.00 | $4,000.00 | $1,000.00 |
| **Total:** | **$0.00** | **$5,000.00** | **$4,000.00** | **$1,000.00** |

10. In addition, a summary of expenses is attached as **Exhibit 2**, a summary of time by billing professional is attached as **Exhibit 3**, and a summary of services rendered by category is attached as **Exhibit 4.**

11. The fees and expenses requested are reasonable and all amounts requested were for actual and necessary services rendered on behalf of the Trustee.

## V.
## LEGAL STANDARD

12. Section 330 of the Bankruptcy Code authorizes the Court to award N&N reasonable compensation for its actual and necessary services rendered and reimbursement of its actual and necessary expenses incurred in the rendering of services as IT Professional to the Trustee.

13. Section 330 provides:

(a)(1) After notice to the parties in interest and to the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, **or a professional person employed under section 327** or 1103:

    (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person or attorney and by any paraprofessional person employed by any such person; and

    (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(emphasis added).

18. This Application substantiates the total amount that N&N seeks for fees and expenses in accordance with each element of the customary standards applied to fee applications. These standards are set forth in (i) Bankruptcy Rule 2016 and (ii) *In re First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir. 1977), *cert. denied,* 431 U.S. 904 (1977).

19. The Fifth Circuit adopted the following twelve factors to apply to the determination of awards professional' fees in bankruptcy cases in *In re First Colonial Corp. of America,* 544 F.2d 1291, 1298-99 (5th Cir. 1977), cert. denied, 431 U.S. 904 (1977) and J*ohnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-710 (5th Cir. 1974) *First Colonial*: (i) the time and labor required; (ii) the novelty and difficulty of the questions; (iii) the skill requisite to perform the

service properly; (iv) the preclusion of other employment by the professional due to acceptance of the case; (v) the customary fee; (vi) whether the fee is contingent or fixed; (vii) time limitations imposed by the client or the circumstances; (viii) the amount involved and the results obtained; (ix) the experience, reputation and ability of the attorneys; (x) the "undesirability" of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases.

20. More recently, in *In re Woerner*, 783 F.3d 266, 276 (5th Cir. 2015), the Fifth Circuit rejected the "hindsight" or "material benefit" standard that was originally set forth in *In re Pro-Snax Distributors, Inc.*, 157 F.3d 414 (5th Cir. 1998). In its place, the Fifth Circuit enunciated a new, prospective standard based on whether the services were reasonably likely to benefit the estate at the time such services were rendered.

21. Pursuant to Fifth Circuit precedents, N&N has met its burden for the allowance of its requested fees under Section 330 of the Bankruptcy Code.

A. **TIME AND LABOR EXPENDED**

22. N&N dedicated a total of **20** hours during the Application Period for its professional services to the Trustee. N&N's services. These services relate to the collection and analysis of data related to the Debtor and/or FSS.

23. All services performed by N&N relate to the Trustee's administration of assets.

B. **NOVELTY AND DIFFICULTY & EXPERIENCE, REPUTATION, AND ABILITY**

24. N&N is a comprehensive service provider boasting an extensive 25-year track record with expertise that encompasses consulting, data processing, IT consulting, forensic data collections, cybersecurity breaches, IT support, and expert witness services. N&N serves a diverse clientele, ranging from small businesses to large corporations.

7

25. N&N believes its professionals enjoy a good reputation and have a successful track record acting as IT Professionals, across a wide range of industries, including in the bankruptcy and restructuring context. More specifically, N&N has been employed as IT Professional to bankruptcy trustees in other unrelated cases in this district, including *In re White Oak Resources VI, LLC,* Case No. 23-60043 (Bankr. S.D. Tex.).

26. While the services provided by N&N did not deal with anything novel, proper collection and analysis of electronic data requires specialized knowledge in order to preserve the states the data was in, avoid or limit potential corruption to the data, and to otherwise protect the integrity of the data.

**C.     PRECLUSION OF OTHER EMPLOYMENT**

27. N&N had other engagements during the Application Period for other clients, and the services provided to the Trustee in this case did not specifically preclude other employment.

**D.     RESULTS OBTAINED**

28. N&N collected the data as requested by the Trustee. The services provided were handled in a professional and cost-effective manner. The compensation requested is reasonable in view of the time spent. N&N was successful with respect to its specific role as an IT Professional and completed the work required of it during the Application Period.

**E.     IMPOSED TIME LIMITATIONS**

29. N&N believes that it has successfully handled the time limitations imposed during the Application Period and enabled the case to progress in an efficient manner given the circumstances involved.

### F. CUSTOMARY FEE FOR THE SERVICES RENDERED

30. The time and effort required by N&N to adequately provide services to the Trustee as IT Professional and the complexities of the engagement have been described in this Application. The hourly rates of the N&N billing professionals are comparable to the rates charged by other firms in the industry for similar work and these rates were disclosed and approved in the Employment Application and respective Employment Order.

### G. FIXED OR CONTINGENT FEE AND UNDESIRABILITY OF CASE

31. N&N's fee expectation upon accepting this engagement was that it would receive compensation for professional services rendered on an hourly basis plus recovery of reasonable out of pocket expenses incurred.

### H. NATURE AND LENGTH OF PROFESSIONAL RELATIONSHIP WITH THE CLIENT

32. N&N had no prior relationship with the Debtor or FSS prior to being retained for this engagement. As discussed herein and as disclosed in the Employment Application, N&N has been retained as IT Professional in other unrelated bankruptcy cases, including the White Oak bankruptcy cases where Christopher R. Murray also serves as the chapter 7 trustee.

### I. AWARD IN SIMILAR CASES

33. Taking into consideration the nature and circumstances of this case, N&N is of the opinion that the fee requested herein is consistent with fees that have been awarded in other cases.

## VI.
## CONCLUSION

**WHEREFORE**, N&N requests that the Court enter an order (i) allowing N&N's compensation for professional services to the Trustee rendered during the Application Period in the amount of **$5,000.00** and reimbursement of actual and necessary expenses incurred by N&N

in the amount of **$0.00**; and (ii) award and order to be paid to N&N the balance of any such fees and costs from funds available in the Debtor's estate.

Dated: May 20, 2025

                                                       Respectfully submitted,

                                                      **N&N FORENSICS, LLC**

                                                      *Patrick Newton*
                                                      _____
                                                      Patrick Newton
                                                      Email: pnewton@nnforensics.com
                                                      Telephone: 650-454-7091
                                                      3631 County Rd 405
                                                      Anderson, TX 77830
                                                      *IT Professional for the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

      This will certify that a true and correct copy of the foregoing document was forwarded by electronic transmission to all registered ECF users appearing in the case on May 20, 2025.

                                                      */s/ Jacqueline Q. Chiba*
                                                      Jacqueline Q. Chiba
                                                      *Counsel for the Chapter 7 Trustee*