UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| ROBERT WYN YOUNG | ) | Civil Action No. 4:25-cv-02057 |
| | ) | |
| Appellant. | ) | |
| | | |
| In Re: | ) | Chapter 7 |
| | ) | |
| ALEXANDER E. JONES | ) | Bankruptcy Case No. 22-33553 (CML) |
| | ) | |
| Debtor. | ) | |

**APPELLANT'S RULE 8007 MOTION FOR STAY
OF PROCEEDINGS PENDING APPEAL**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

The undersigned Pro Se Attorney Intervenor/Interested Party~Appellant, **Robert Wyn Young** ("Appellant", "Interested Party~Appellant", or "the undersigned"), hereby moves the Court, pursuant to **FRBP 8007(a)**, for a stay, continuance, or suspension of all proceedings in the

1

above~captioned Chapter 7 Bankruptcy Case No. 22-33553 (CML) pending resolution of Appellant's appeal in Civil Action No. 4:25-cv-02057. The grounds for this **Motion for Stay of Proceedings Pending Appeal** are set forth below.

### RELEVANT PROCEDURAL HISTORY

On March 19, 2025, the undersigned filed a **Motion for Leave to Intervene to Present Evidence of Fraudulent Judgment** in the above~captioned Chapter 7 bankruptcy, Case No. 22-33553 (CML). (Docket 1120 at 8-9) On April 8, 2025, the Connecticut Families creditors filed an **Opposition to Motion for Leave to Intervene by Robert Wyn Young** (Docket 1124) that failed to comply with the pre~response conference requirements of **BLR 9013-1(g)(1)** and which argued only that the undersigned lacks standing to intervene. On April 11, 2025, the undersigned filed a **Motion to Strike Connecticut Families' Opposition to Motion for Leave to Intervene** (Docket 1126) and a **Reply in Support of Motion for Leave to Intervene to Present Evidence of Fraudulent Judgment** (Docket 1128) [in the event the Court denied the undersigned's **Motion to Strike** (Docket 1126), or if the Court otherwise considered any of the arguments asserted in the **Connecticut Families' Opposition** (Docket 1124)].

On April 22, 2025, the Bankruptcy Court issued an **Order Denying Motion for Leave to Intervene** (Docket 1129) on the basis of lack of standing, i.e., according to the Bankruptcy Court: "Young has no identifiable economic interest in this case." and "The concerns raised by Young are adequately represented by existing parties and permitting intervention risks causing undue delay in a case that has been pending since December 2022." (Docket 1129 at 2)

On May 4, 2025, the undersigned filed a timely **Notice of Appeal and Statement of Election** appealing the Bankruptcy Court's April 22, 2025, **Order Denying Motion for Leave to Intervene** (Docket 1129). (Docket 1135) (See, also, Bankruptcy Clerk's May 7, 2025, **Notice of**

**Filing of an Appeal** by the undersigned and assigning same **Civil Action No. 4:25-cv-02057**, Docket 1138.) Along with the **Notice of Appeal**, the undersigned Interested Party~Appellant contemporaneously filed a **Motion for Leave to Appeal Order Denying Intervention to Present Evidence of Fraudulent Judgment**. (Docket 1135-2)

On May 6, 2025, the undersigned filed an electronic **Election to Appeal to Court of Appeals**. (Docket 1136) On May 14, 2025, the undersigned filed **Appellant's Designation of the Record and Statement of the Issue(s) on Appeal**. (Docket 1143) On May 15, 2025, the undersigned filed **Appellant's Request for Certification Under 28 U.S.C. § 158(d)(2)(A)** to pursue a direct and immediate appeal to the Fifth Circuit Court of Appeals. (Docket 1144)

On appeal, the undersigned respectfully asserts that, under the circumstances of this case and controlling statutory and case law, the Bankruptcy Court abused its discretion in denying the requested intervention to present operative, admissible, and dispositive evidence of fraud or collusion between parties to the $1.3 Billion Connecticut state court default judgment debt at issue and the instant Chapter 7 bankruptcy proceeding chiefly arising therefrom. On appeal, the undersigned seeks relief that may **promptly** and **materially** advance the progress or affect the ultimate outcome or **termination** of the instant Chapter 7 case. Accordingly, a stay of **all proceedings** in Bankruptcy Case No. 22-33553 (CML), pending the outcome of the undersigned's appeal in Civil Action No. 4:25-cv-02057, is appropriate under **FRBP 8007**.

<u>A STAY OF PROCEEDINGS PENDING APPEAL IS APPROPRIATE IN THIS CASE</u>

1. **A Stay of All Proceedings in Case No. 22-33553 (CML) Will Serve the Interest of Judicial Economy.**

In **Appellant's Request for Certification Under 28 U.S.C. § 158(d)(2)(A)** (Docket 1144), the undersigned seeks an immediate and direct appeal to the Fifth Circuit Court of Appeals on the grounds **(1)** that an immediate appeal from the April 22, 2025, **Order** denying intervention

3

to present evidence of fraudulent judgment (Docket 1129) may materially advance the progress or affect the ultimate outcome or **termination** of the instant Chapter 7 case and that certification is, therefore, appropriate under **28 U.S.C. § 158(d)(2)(A)(iii)**, and **(2)** that the **Order** appealed (Docket 1129) involves a matter of public importance and that certification for a direct and immediate appeal to the Fifth Circuit Court of Appeals is, therefore, appropriate under **28 U.S.C. § 158(d)(2)(A)(i)**.

On appeal, the undersigned Interested Party~Appellant seeks "a **legal finding** that Alex Jones' obviously and deliberately~ineffective July 2018 Notices of Removal in the Lafferty and Sherlach cases[1] constitute **operative evidence** of **(a) collusion** or **self~sabotage by the defense** and, thus, of **(b)** the **fraudulent nature** of the $1.3 Billion Connecticut state court judgment giving rise to the instant Chapter 7 bankruptcy, **as a matter of law**, because reasonable minds cannot reasonably differ in this regard". (Docket 1135-2, at 6~7, and 1144, at 7)

If the requested **legal finding** is made/issued on appeal, then **no other proceedings** in Case No. 22-33553 (CML) toward relief are or will **ever** become relevant because, under **Section 523(a)(2)(A)** of the Bankruptcy Code and Bartenwerfer v. Buckley, 598 U.S. 69 (2023), **no relief** may be afforded in bankruptcy based upon or with respect to a collusive/fraudulent judgment. Accordingly, a stay of **all proceedings** in Case No. 22-33553 (CML), pending resolution of the appeal in Civil Action No. 4:25-cv-02057, will serve the interest of judicial economy and is, therefore, appropriate under **FRBP 8007**.

[Remainder of page intentionally left blank for pagination.]

---

[1] Erica Lafferty, et al. v. Alex Emric Jones, et al., UWY-CV-18-6046436-S; William Sherlach v. Alex Jones, et al., UWY-CV-18-6046437-S; and William Sherlach v. Alex Emric Jones, et al., UWY-CV-18-6046438-S.

2. **A Stay of All Proceedings in Case No. 22-33553 (CML) Will Not Cause Undue Delay or Unfair Prejudice.**

**Merriam-Webster** defines "undue" as: "exceeding or violating propriety or fitness: excessive".[2] In <u>Bartenwerfer v. Buckley</u>, *supra*, the Supreme Court of the United States unanimously held that, under **Section 523(a)(2)(A)** of the Bankruptcy Code, **debts incurred by fraud cannot be discharged in bankruptcy**, even if the debtor didn't personally commit the fraud. If the Connecticut state court judgment is fraudulent (which it is) then, under **Section 523(a)(2)(A)** and <u>Bartenwerfer</u>, **no other proceedings toward relief are or will ever become relevant**, because **no relief** may be afforded in bankruptcy based upon a fraudulent judgment. Accordingly, and based upon the strong likelihood that **all other proceedings** will be rendered **moot** if the plain and operative evidence of fraud/collusion identified by Appellant is reviewed and given **due consideration** on appeal, any delay caused by the requested stay of proceedings will **not** be "**undue**".

Further, as set forth in **Appellant's Request for Certification Under 28 U.S.C. § 158(d)(2)(A)**:

> The Order herein appealed (Docket 1129) involves a matter of public importance because any validation of the fraudulent $1.3 Billion Connecticut state court default judgment against Alex Jones, by provision of bankruptcy relief respecting same, will further undermine the **federal judicial system** and will further damage the **1st Amendment**.

(Docket 1144, at 11) [Emphasis as in original.] The low risk of any **unfair** prejudice being caused to any party, by further delay in a bankruptcy proceeding that has already been pending since

---

[2] Retrieved from: https://www.merriam-webster.com/dictionary/undue

December 2022, must be compared with, and such risk is most assuredly outweighed by, the **public importance** of ensuring **(1)** that justice is properly served in this high~profile and constitutionally~significant case, and **(2)** that further damage is not done to the **federal judicial system** and the **1st Amendment** by and through the improper provision of bankruptcy relief for or in respect to a collusive and, thus, fraudulent $1.3 Billion free~speech~chilling default judgment.

As set forth in the undersigned's March 19, 2025, **Motion for Leave to Intervene**, the Debtor and all of the creditors knew or, through the exercise of due diligence (i.e., review of the Lafferty U.S. District Court Remand File, Docket 1120-1), should have known, of the blatantly collusive/fraudulent nature of the $1.43 Billion (reduced to $1.3 Billion) Connecticut state court default judgment against Alex Jones. (Docket 1120, at 11) As stated in the undersigned's February 27, 2025, email to the Chapter 7 Trustee:

> This is not a complicated case, **Trustee Murray**. **Alex Jones** and his **Randazza** law firm attorney, **Jay Wolman**, a graduate of **Cornell** and **Georgetown Law**, and a 25~year, **AV-Preeminent** rated lawyer, did **not** simply forget, twice, in removing the Lafferty and Sherlach cases to federal court in July 2018, **to claim federal question jurisdiction** under **28 U.S.C. Section 1331** to ensure the **U.S. District Court for the District of Connecticut** would have **subject matter jurisdiction** to consider and rule upon the merits of the **1st Amendment ~based** Special [Anti~SLAPP] **Motion to Dismiss** they also filed with the federal court in July 2018. (Please see the attached 13~Slide **PwrPnt for Jones BR Trustee**.)
>
> This was a setup, and **Alex Jones** and his **Randazza** attorneys took an immediate and purposeful dive on the defense of the Connecticut Sandy Hook defamation cases. Based merely upon **Alex Jones'** federal court filings in July 2018 alone, there is **more than probable cause** for reasonable minds to conclude that the **$1.3 Billion Connecticut state court judgment** giving rise to the instant **Chapter 7** bankruptcy of **Alex Jones was fraudulently~obtained**.

(Docket 1120-11) [Emphasis as in original.] Accordingly, parties that knew or should have known of the fraudulent nature of the $1.43 Billion (now $1.3 Billion) Connecticut state court default

6

judgment will **not** suffer **unfair** prejudice as a result of a stay, continuance, or suspension of **all proceedings** in the above~captioned Chapter 7 Bankruptcy Case No. 22-33553 (CML), pending resolution of Appellant's appeal in Civil Action No. 4:25-cv-02057, which might bring the **true nature** of the default judgment at issue to light and materially advance the ultimate outcome or **termination** of the instant Chapter 7 case.

3. **Appellant's Interests Might be Irreparably Harmed if a Stay of All Proceedings in Case No. 22-33553 (CML) is Not Ordered.**

The interests being advanced in the instant appeal, namely, **(a)** the integrity of **federal judicial process** and **(b)** the viability of the **1st Amendment**, are at jeopardy of suffering irreparable harm if, during the pendency of the instant appeal, **any** form of bankruptcy relief is afforded in respect of a collusive and fraudulent $1.3 Billion free~speech~chilling default judgment. As set forth in the **Motion for Leave to Intervene to Present Evidence of Fraudulent Judgment**, the undersigned is **duty~bound**, as a state and federally~licensed attorney, to protect and defend these identified interests of **public importance**. (Docket 1120, at 6 and 11)

As stated at pages 11~13 of **Appellant's Request for Certification Under 28 U.S.C. § 158(d)(2)(A)** (Docket 1144), the "**Alex Jones Sandy Hook Case**" (as the consolidated Connecticut defamation actions are known), with its headline~grabbing $1.43 Billion (now $1.3 Billion) adverse default judgment against a purported journalist, has developed to become one of the most infamous legal proceedings in the history of our republic, receiving massive media attention both domestically and abroad. The **chilling effects** on free speech and freedom of the press of a $1.3 Billion adverse default judgment against an alleged journalist are difficult to calculate and impossible to avoid.

According to Google AI, which is aptly referenced for collective public thought/sentiment on matters of public note: "Leading publications have discussed the potential chilling effect of the $1.4 billion judgment against Alex Jones on freedom of speech and the press. The concern is that this large financial burden could discourage individuals and media outlets from expressing views that might be perceived as controversial or harmful, even if they are protected by the First Amendment." The public importance of the $1.3 Billion Connecticut state court default judgment, and of an Order (i.e., Docket 1129) keeping the **true nature** of said default judgment from being or becoming publicly known and appreciated, is also and well demonstrated by the fact that **even before** the unprecedented verdict and default judgment for $1.43 Billion was returned and entered in the fall of 2022, William & Mary Law School convened a panel of experts and published an article in the summer of 2022 titled, "**What Does the Alex Jones Case Mean for the First Amendment and Disinformation? Leading Scholars, Lawyers Provide Analysis**".[3]

The collusive and deliberately~ineffective removal of the Connecticut defamation cases to federal court, followed by the filing of a potentially~dispositive **1st Amendment~based, Anti~SLAPP Special Motion to Dismiss** (which Jones **effectively ensured** would not be worth the paper it was written on) (Docket 1120-1, at 11~82 and 151~ 204), was nothing less than an **abuse of federal judicial process**. Jones colluded with the Connecticut Families to make **a show of a fight** in federal court, wasting the valuable time and limited resources of the Connecticut U.S. District Court, and generating a **false impression** among the public, via Jones' filed, but terminated **Special Motion to Dismiss**, that well~established **1st Amendment** jurisprudence [e.g., N.Y. Times

---

[3] Freeman, George; Lidsky, Lyrissa Barnett; Oberlander, Lynn; and Zick, Timothy, "What Does the Alex Jones Case Mean for the First Amendment and Disinformation? Leading Scholars, Lawyers Provide Analysis" (August 8, 2022). Popular Media. 591. https://scholarship.law.wm.edu/popular_media/591

8

Co. v. Sullivan, 376 U.S. 254 (1964)] is no longer valid or has been reversed. (Docket 1120-1, at 151~204 and 385~398)

This **abuse of federal judicial process**, by colluding parties, continues unabated in the instant Chapter 7 bankruptcy proceeding. It is ironic, indeed, that the Bankruptcy Court is concerned with "undue delay" in a proceeding that has been pending, **needlessly** and **unjustly**, since December 2022, particularly because the intervention the undersigned seeks, in order to present plain and operative evidence of fraud or collusion, can promptly bring a termination to what is most assuredly **not** a real case or controversy.

In an April 29, 2025, article titled, "**Alex Jones, citing 'devastating' results of $1.4B Sandy Hook debt, to seek U.S. Supreme Court review**", the News-Times reports that: "Attorneys for bankrupted Infowars host Alex Jones will ask the nation's highest court to overturn his $1.4 billion debt to Sandy Hook families that he defamed."[4]

The issue of fraud or collusion was never raised or litigated in the consolidated Connecticut defamation cases for the simple reason that the parties to said cases (and this Chapter 7 bankruptcy proceeding) were and are acting in collusion. If the instant appeal is **not** allowed, and the plain and operative evidence of fraud or collusion described herein (see Docket 1120-1) is **not** presented and given **due consideration**, then the damage done to the **1st Amendment** by the collusive $1.3 Billion Connecticut default judgment might not just continue to be difficult to calculate; the damage done might become **incalculable**.

---

[4] Ryser, Rob. "Alex Jones, citing 'devastating' results of $1.4B Sandy Hook debt, to seek U.S. Supreme Court review". News-Times, April 29, 2025:
https://www.newstimes.com/news/article/alex-jones-us-supreme-court-sandy-hook-debt-family-20300091.php?utm_content=hed&sid=67d25a8d609e2

The "**Partners in Combatting Crime: The Vital Roles of Chapter 7 Trustees and The United States Trustee Program**" article, published in the Archives of the **U.S. Trustee Program** at Justice.gov[5] and cited and quoted at pages 4~5 of the undersigned's **Motion for Leave to Present Evidence of Fraudulent Judgment** (Docket 1120), specifically identifies **(a)** "protecting the integrity and efficiency of the bankruptcy system", **(b)** "protecting the public from fraud and abuse", and **(c)** "encouraging public confidence in the federal judicial system" as goals of the USTP. Under a subsection to the "**Partners in Combatting Crime**" article titled "**The Duty to Refer Violations**", the author states: "Both the USTP and chapter 7 trustees have a statutory responsibility to identify and refer potential fraud or criminal activity in a case. *** The duty to refer is not limited to thresholds or guidelines, or whether there is proof beyond a reasonable doubt." (Docket 1120, at 5) To date, the Chapter 7 Trustee has failed or refused, without explanation and despite repeated requests and opportunities, to fulfill **his duty** of bringing a credible, peer~reviewed, and fully~supported allegation of fraud to the attention of the Bankruptcy Court. The goals and standards of the USTP either mean something; or they don't.

The requested stay of **all proceedings** pending appeal will advance the interests of justice and will protect the very interests of **public importance** the colluding parties to the $1.3 Billion Connecticut state court default judgment have been **targeting** all along.

### REQUEST FOR RELIEF

Interested Party~Appellant hereby moves the Court, pursuant to **FRBP 8007(a)**, for a stay, continuance, or suspension of **all proceedings** in the above~captioned Chapter 7 Bankruptcy Case No. 22-33553 (CML) pending resolution of Appellant's appeal in Civil Action No. 4:25-cv-02057.

---

[5] **U.S. Department of Justice, Archives, U.S. Trustee Program**. Retrieved from: https://www.justice.gov/archives/ust/blog/partners-combatting-crime-vital-roles-chapter-7-trustees-and-united-states-trustee-program

10

## CONCLUSION

**WHEREFORE**, **for the Foregoing Reasons**, Pro Se Attorney Intervenor/Interested Party~Appellant, **Robert Wyn Young**, respectfully submits that **Appellant's Rule 8007 Motion for Stay of Proceedings Pending Appeal** is **well~founded**, and it should be **granted**. The undersigned is attaching **(1)** a copy of the Bankruptcy Court's April 22, 2025, **Order Denying Motion for Leave to Intervene** (Docket 1129) being appealed, and **(2)** a proposed Order granting the relief herein requested, as required by **BLR 9013-1(h)**.

Respectfully submitted,

Date:  **05/21/25**

*/s/ Robert Wyn Young*
Robert Wyn Young (OH Bar #0064876)
Law Office of R. Wyn Young, Esq.
1421 Lexington Avenue, #180
Mansfield, OH 44907
Email: rwynyoung25@gmail.com
Phone: (513) 238~2821
*Pro Se Attorney Intervenor/*
*Interested Party~Appellant*

## FRBP 8015(h) CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing **Appellant's Rule 8007 Motion for Stay of Proceedings Pending Appeal** complies with the 5,200~word limitation under **FRBP 8013(f)(3)(A)**, excluding parts exempted under **FRBP 8015(g)** (299 words), and that such certification is based on a **2,726~word** calculation of said **Motion** by my word processing program.

*/s/ Robert Wyn Young*
Robert Wyn Young

## CERTIFICATE OF SERVICE

I hereby certify that on **May 21, 2025**, I caused a copy of the foregoing **Appellant's Rule 8007 Motion for Stay of Proceedings Pending Appeal**, and the attached **Order** being appealed (Docket 1129), and the attached **BLR 9013-1(h) proposed Order** granting motion, to be served on all subscribed parties by the Electronic Case Filing System of the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Robert Wyn Young*
Robert Wyn Young