**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| **ALEXANDER E. JONES,** | § | **Case No. 22-33553 (CML)** |
| **Debtor.** | § | |
| **In re:** | § | |
| **ROBERT WYN YOUNG** | § | **Civil Action No. 4:25-cv-02057** |
| **Appellant.** | § | |

**STATEMENT OF TRUSTEE IN CONNECTION WITH**
**APPEAL OF ROBERT WYN YOUNG**

Christopher R. Murray, Chapter 7 Trustee (the "***Trustee***") for the Bankruptcy Estate of Alexander E. Jones (the "***Debtor***" or "***Jones***"), by and through his undersigned counsel, files this *Statement of Trustee in Connection with Appeal of Robert Wyn Young*, and in support thereof, respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Neither the Trustee nor Jones Murray LLP (one of the law firms that represents the Trustee in the above-captioned bankruptcy case) are properly parties in the above-captioned appeal filed by Robert Wyn Young ("***Young***" or the "***Appellant***"), despite being incorrectly identified as parties in Appellant's Designation [Case No. 33553, Docket No. 1144]. Young's Motion to Intervene (as defined below) in the bankruptcy case contained highly speculative allegations of prepetition fraud on the part of the Debtor and others in the issuance of a judgment against the Debtor in favor of the Connecticut Plaintiffs in the Connecticut state court. The Connecticut Plaintiffs objected to Young's Motion to Intervene. Young's Motion to Intervene did not directly



17247806

concern or address administration of the Estate, other than to request that the Court order the Trustee to conduct an investigation into Young's allegations of fraud by the Debtor to have an approximately $1.5 billion judgment entered against him. Thus, the Trustee determined that the objection to Young's Motion to Intervene, filed by the Connecticut Families, adequately represented the Estate's position and that it would not have been a good use of Estate resources to file a separate duplicative objection. The Bankruptcy Court denied Young's Motion to Intervene. Young appealed the Bankruptcy Court's denial of the intervention. Young identified as the Appellant in the appeal (as the Motion to Intervene did not identify any party represented by Young). Young identified numerous "other parties" to the appeal, including the Trustee and Jones Murray, neither of which were parties to the contested matter and should be removed as "parties" to Young's appeal.

**BACKGROUND**

2. On February 24, 2025 and February 27, 2025, Young emailed the Trustee regarding allegations of prepetition fraud and collusions between the Debtor and the Connecticut Plaintiffs.[1] On February, 28, 2025, the Trustee responded to Young and copied the attorney for the U.S. Trustee assigned to the bankruptcy case in order to bring the allegations to the U.S. Trustee's attention. Having reviewed the materials sent by Young and having previously reviewed extensive materials relating to the judgments in question, the Trustee determined that no further action needed to be taken at the time, as the allegations involved prepetition conduct largely unrelated to the administration of the Debtor's bankruptcy estate.

[1] "***Connecticut Plaintiffs***" means Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Erica Ash.

3. On March 19, 2025, Young filed the *Motion for Leave to Intervene to Present Evidence of Fraudulent Judgment* [Case No. 22-33553, Docket No. 1120] (the "***Motion to Intervene***"). In the Motion to Intervene, the Appellant asserted that as a United States citizen and an Ohio attorney, they have standing to intervene in the bankruptcy case to raise issues and submit evidence related to the alleged fraudulent nature of a Connecticut state court judgment entered against the Debtor.[2] In the alternative, the Appellant asked that the Bankruptcy Court order the Trustee or some other appropriate party to review the exhibits attached to the Motion to Intervene and submit a report to the Bankruptcy Court. Motion to Intervene, 16.

4. Appellant was apparently dissatisfied with the Trustee's responses to their emails. Motion to Intervene, 7–8. "These legitimate and substantial interests are not being adequately represented by the Chapter 7 Trustee, or by any of the creditors or other parties, all of whom, to date, have failed or refused to bring this egregious and obvious fraud to the attention of the Court." *Id.* at 9.

5. On April 8, 2025, the Connecticut Families filed *Connecticut Families' Opposition to Motion for Leave to Intervene by Robert Wyn Young* [Case No. 33553, Docket No. 1124], and argued that the Appellant did not provide any basis for permissive intervention under Rule 2018(a) of the Federal Rules of Bankruptcy Procedure.

6. The Trustee did not file a response to the Motion to Intervene because nowhere in the Appellant's Motion to Intervene is there an allegation of fraud *in the bankruptcy case*. Rather, the chief complaint is that the Connecticut judgment was achieved through fraud and collusion

---

[2] The Connecticut Plaintiffs obtained judgments against the Debtor and Free Speech Systems, LLC of approximately $1.5 billion in the consolidated litigation captioned *Lafferty* v. *Jones*, No. UWY-CV18-6046436-S, Docket No. 1044 (Conn. Super. Ct. Dec. 22, 2022) (the consolidated Connecticut state court lawsuit and any appeals therefrom, the "***Connecticut Lawsuit***"). The judgments were later reduced on appeal to the Connecticut Appellate Court in *Lafferty* v. *Jones*, AC 46131 (Con. App. Ct. 2024). The Connecticut Supreme Court denied the Debtor's petition for certification on April 8, 2025.

and that the Appellant desired to "present evidence to the Court of a fraudulent judgment giving rise to the instant Chapter 7 bankruptcy." Motion to Intervene, 1. In short, the Motion to Intervene concerns *pre-bankruptcy* conduct of the Debtor and the Connecticut Plaintiffs but not the Trustee or his duties to administer the bankruptcy estate of the Debtor.

7. On April 11, 2025, the Appellant filed the *Motion to Strike Connecticut Families' Opposition to Motion for Leave to Intervene* [Case No. 33553, Docket No. 1126] and the *Reply in Support of Motion for Leave to Intervene to Present Evidence of Fraudulent Judgment* [Case No. 33553, Docket No. 1128].

8. On April 22, 2025, the Court denied permissive intervention to the Appellant and entered the *Order Denying Motion for Leave to Intervene* [Case No. 33553, Docket No. 1129] (the "***Order***"), which is the subject of this appeal.

9. On May 4, 2025, the Appellant filed the Notice of Appeal [Case No. 33553, Docket No. 1135] (the "***Notice of Appeal***"), naming the Debtor as the Appellee along with numerous other parties listed as additional Appellees on Exhibit A to the Notice of Appeal, including the Trustee and Jones Murray LLP, which represents the Trustee. Then, on May 7, 2025, the Clerk of Court filed a Notice of Filing of an Appeal [Case No. 33553, Docket No. 1138].

10. On May 14, 2025, the Appellant filed *Appellant's Designation of the Record and Statement of the Issue(s) on Appeal* [Case No. 33553, Docket No. 1144]. As the issues on appeal, the Appellant has stated:

> In view of the **absolute bar** of bankruptcy discharge for debts incurred by fraud or collusion under **Section 523(a)(2)(A)** of the Bankruptcy Code [as recognized/confirmed by unanimous decision of the Supreme Court in **Bartenwerfer v. Buckley**, 598 U.S. 69 (2023)], does a bankruptcy court abuse its discretion in denying a **Motion for Leave to Intervene to Present Evidence of Fraudulent Judgment** where: **(1)** operative and admissible evidence demonstrates **collusion between the parties** to the underlying lawsuit/judgment debt and the bankruptcy proceeding arising therefrom; **(2)** the **Chapter 7 Trustee fails or**

> **refuses** to fulfill his duties **to investigate and report** the credible allegation of fraud or collusion; and (3) the intervenor has suffered at least a **minimal** or **indirect injury** as a result of the existing parties' fraud or collusion and seeks intervention for the limited and specific purpose of submitting evidence of said fraud or collusion to the bankruptcy court?

Docket No. 1144, 3–4 (brackets and emphasis in original).

11. On May 15, 2025, the Appellant filed *Appellant's Request for Certification Under 28 U.S.C. 158(d)(2)(A)*, seeking direct appeal to the Fifth Circuit Court of Appeals [Case No. 33553, Docket No. 1144].

12. On May 21, 2025, the Appellant filed *Appellant's Rule 8007 Motion for Stay of Proceedings Pending Appeal*, seeking to suspend the bankruptcy proceedings while their appeal is pending [Case No. 22-33553, Docket No. 1153]. The Trustee intends to oppose that motion to suspend the bankruptcy case pending the Appeal, but is not a party to the pending appeal itself.

## STATEMENT

13. The Trustee and Jones Murray are not properly parties to the Appellant's appeal. First, the underlying allegations in the Appellant's Motion to Intervene relate to the pre-bankruptcy conduct of the Debtor, the Connecticut Families, and the Connecticut Lawsuit. The Appellant's central contention is that they should be permitted to present evidence that demonstrates alleged collusion between the Debtor and the Connecticut Plaintiffs and that this alleged fraud and collusion provides cause under section 523(a)(2)(A) of the Bankruptcy Code to deny the discharge of the Debtor.

14. The Appellant's concerns are largely non-estate issues and do not relate to the Trustee's duties under section 704(a) of the Bankruptcy Code. Section 704(a)(6) provides that "if advisable, oppose the discharge of the debtor." 11 U.S.C. § 704(a)(6). However, the particular debt about which the Appellant complains—the Connecticut judgment—has already been ruled non-dischargeable by the Bankruptcy Court in adversary proceedings in which the Trustee is *not*

a party. [Adv. Pro. No. 23-03037, Docket No. 76]. It is not clear what remedy could be provided to the Appellant with respect to the prepetition fraud and collusion allegations because the judgments Appellant alleges were fraudulently obtained in the state court have been affirmed by the highest court in the State of Connecticut and cannot be collaterally attacked or reviewed by the Bankruptcy Court. Additionally, the Appellant's broader concerns about the First and Second Amendments of the United States Constitution could never be remedied by any action of the Trustee because they are not properly within the scope of the Trustee's powers and duties. *See* 11 U.S.C. § 704(a). These are likewise non-estate issues.

15. Nevertheless, if ordered by the Bankruptcy Court, the Trustee would conduct additional investigations relating to the allegations made by the Appellant regarding the Debtor and the Connecticut Plaintiffs. As it stands, the Trustee does not believe that such investigation would be an efficient use of the bankruptcy estate's resources based on the investigation the Trustee has already conducted regarding the Connecticut judgments and the materials shared by the Appellant. Neither the Trustee nor Jones Murray were parties to the contested matter that is now the subject of the appeal.

16. As the Bankruptcy Court noted in its Order denying the Motion to Intervene, the Debtor is represented by competent counsel, and there is already a pending proceeding on the non-dischargeability of the Connecticut Judgment. *See* Order, 2; Adv. Pro. No. 23-03037, Docket No. 76. The Trustee is not a party to that adversary proceeding.

17. Appellant's designation of the Trustee and Jones Murray as "parties" to the appeal is incorrect and the Trustee and Jones Murray should be removed on any docket as "parties" to the appeal. It follows that neither the Trustee nor Jones Murray intend to file an appellee designation of additional contents for the record on appeal.

18. The Trustee reserves all rights to seek relief under applicable law related any matter raised in this appeal or the bankruptcy case related to the Motion to Intervene.

Dated: May 28, 2025
Houston, Texas

Respectfully submitted,

By: */s/ Joshua W. Wolfshohl*

Joshua W. Wolfshohl (Bar No. 24038592)
Michael B. Dearman (Bar No. 24116270)
Jordan T. Stevens (Bar No. 24106467)
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
mdearman@porterhedges.com
jstevens@porterhedges.com

*and*

Erin E. Jones (TX 24032478)
**JONES MURRAY LLP**
602 Sawyer Street, Suite 400
Houston, Texas 77007
Telephone: (832) 529-1999
Fax: (832) 529-3393
erin@jonesmurray.com

*Counsel for Christopher R. Murray, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a copy of the foregoing document was served on May 28, 2025 on all parties receiving ECF service in the above-captioned case.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl