UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>ALEXANDER E. JONES,<br><br>    Debtor. | §<br>§<br>§ **Chapter 7**<br>§ **Case No. 22-33553 (CML)**<br>§<br>§ |

**TRUSTEE'S MOTION TO PAY SECURED CLAIM OF
NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING
REGARDING REAL PROPERTY IN AUSTIN, TEXAS 78745**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21-DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:**

    Christopher Murray, acting in his capacity as the chapter 7 trustee ("**Trustee**") for the bankruptcy estate ("**Estate**") of Alexander E. Jones ("**Debtor**"), files this *Motion to Pay Secured Claim of NewRez LLC d/b/a Shellpoint Mortgage Servicing Regarding Real Property in Austin, Texas 78745* ("**Motion**") and respectfully shows as follows:

**Background**

1. The Debtor owns a rental property in Austin, TX[1] (the "**Property**") that is currently occupied by a tenant on a month-to-month basis. The tenant indicated his intent to vacate the Property around the end of July 2025 and the Trustee intends to market the Property for sale at that time. The Trustee will file a separate motion seeking authority to sell the Property in due course.

2. The Property is scheduled by the Debtor in his *Conversion Schedules A/B* [DE 749] at Line Item 1.2 with a value of $501,600.00 (as well as in previous version of his schedules). The 2025 market and appraised value for the Property according to Travis County is $444,845. And, public listing sites estimate the Property to have a value between $469,400 (Zillow) and $531,408 (RedFin).

3. Bank of America is the lender on the loan on the Property, identified as Loan ID: 0691424360 (the "**Loan**") and has a deed of trust lien filed in the county property records. NewRez LLC dba Shellpoint Mortgage Servicing ("**Shellpoint**") manages the Loan on behalf of the lender and is the entity to whom payments are made on the Loan.

4. On June 26, 2025, Shellpoint provided the Trustee with the current payoff statement which shows that the current balance owed is **$21,041.84** which is inclusive of the principal balance, interest, any fees, penalties, or other related assessments, (all together, the "**Payoff Amount**"). This Payoff Amount is good through August 1, 2025. The interest rate on the loan is 6.5%. The *per diem* is $3.62.

---

[1] The Trustee knows the street address of the Property but the specific address of the Property and the name of the tenant have been omitted from this Motion to protect the privacy of the current tenant until they vacate the premises. The Property is disclosed in the Debtor's Schedule A/B as Item No. 1.2 as follows: "Rental Property – WW (see Motion to Seal, Dkt. No. 230), Austin, Texas 78745, Travis County" *See* Dkt. Nos. 161, 231, 242, 501, and 749. The exact street address is not disclosed in the Debtor's schedules but it is the only rental property in the schedules belonging to the Debtor in Austin, Texas in the 78745 zip code. When the Trustee files his motion to sell the Property, the street address and property description will be disclosed but the Trustee may file that address under seal to the extent permitted by the rules and/or as authorized by this Court.

**RELIEF REQUESTED**

5. The Trustee will market the Property for sale once the month-to-month tenant has vacated the Property. The tenant is expected to vacate at the end of July 2025.

6. Given the time that will pass between filing this Motion, the tenant vacating the Property, the Court entering an order authorizing a sale of the Property, marketing of the Property, and closing on a sale of the Property, the Trustee determined it is in the best interest of the Estate and its creditors to pay off the Loan on the Property now to facilitate a more efficient sale process and to stop the accrual of interest and/or fees in connection with the Loan.

7. Accordingly, the Trustee files this Motion seeking authority to disburse funds from the Estate to satisfy the Payoff Amount due on the Loan. The Payoff Amount of **$21,041.84** is much less than the anticipated fair market value of the Property, which, through various sources, is estimated to be between **$400,000** and **$531,000**. Considering the significant equity in the Property, the Trustee has determined in his reasonable business judgment that the Loan should be paid in full now rather than waiting to pay it at a closing on the sale of the Property.

8. Paying off the Loan now – before a formal sale process begins – is beneficial to the Estate because it will reduce additional liability of the Estate in terms of additional accrued interest, insurance costs, and any costs and fees associated with the Debtor's default under the Loan. In addition, paying off the Loan now will benefit the Estate because it will streamline the sale process by eliminating any delays associated with obtaining new payoff figures from Shellpoint for closing and obtaining releases of any liens.

9. With cash on hand in excess of $5 million, the Estate has more than sufficient funds on hand to satisfy this Payoff Amount, and there are no risks, under any reasonably expected outcome, that a sale of the Property would not provide a significant net positive return for the

Estate. Even after payment of *ad valorem* property taxes at closing as well as payment of any ordinary costs of closing and broker/agent commissions typically associated with the sale of real property, the Property should still provide a multi-hundred thousand dollar return to the Estate.

10. For the above stated reasons, the Trustee believes that the relief requested is in the best interest of the Estate and its creditors.

## PRAYER

**WHEREFORE**, the Trustee requests that the Court grant the relief requested herein and enter an order authorizing the Trustee to pay the Loan in full and for any other and further relief that the Court deems appropriate under law or equity.

Dated: June 26, 2025

Respectfully submitted,

By: */s/ Jacqueline Q. Chiba*
Jacqueline Q. Chiba
Texas Bar No. 24116899
jackie@jonesmurray.com
Erin E. Jones
Texas Bar No. 24032478
erin@jonesmurray.com
**JONES MURRAY LLP**
602 Sawyer St., Suite 400
Houston, Texas 77007
Telephone: (832) 529-1999
Facsimile: (832) 529-3633

*Co-Counsel for the Chapter 7 Trustee, Christopher R. Murray*

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 26, 2025, I caused a true and correct copy of the foregoing document to be served electronically through the Court's CM/ECF Notification System on those parties who have registered to receive such notice in this case, including the Office of the United States Trustee for the Southern District of Texas and/or by U.S. First Class Mail, postage prepaid, on any party entitled to notice. In addition to the above-mentioned service, a true and correct copy of the foregoing was provided by email to Shellpoint's representative, Hannah Ackley at Hannah.Ackley@padgettlawgroup.com.

    */s/ Jacqueline Q. Chiba*
    Jacqueline Q. Chiba