United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 23, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ALEXANDER E. JONES, | § | BANKRUPTCY CASE NO. 22-33553 |
| | § | |
| Debtor, | § | |
| | § | |
| ROBERTY WYN YOUNG, | § | CIVIL ACTION NO. H-25-2057 |
| | § | |
| Appellant. | § | |

## ORDER

Robert Wyn Young sought permissive intervention under Bankruptcy Rule 2018(a) in the bankruptcy proceedings against Alex Jones. (Bankruptcy Case No. 22-33553, Docket Entry No. 1120). Young argued that he had evidence of fraud on the part of Alex Jones in the issuance of the judgment against him in Connecticut state court. The Bankruptcy Court denied Young's motion to intervene, correctly noting that Young had no economic or similar interest in the bankruptcy case. (Bankruptcy Case No. 22-33553, Docket Entry No. 1129). Instead, Young asserted that he is concerned with the "integrity of the federal judicial process" and the "viability of the 1st Amendment." (Docket Entry No. 6 at 12). In this appeal, Young asks this court to stay, continue, or suspend "all proceedings in the . . . Chapter 7 Bankruptcy Case" involving Alex Jones until his appeal from the denial of his intervention is resolved. (*Id.* at 1).

Whether to grant a stay pending appeal of a bankruptcy court order turns on four factors: "(1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the

stay would serve the public interest." *In re First S. Sav. Ass'n*, 820 F.2d 700, 709 (5th Cir. 1987) (footnote omitted).

The Bankruptcy Court was well within its discretion in denying Young's motion to intervene, given the absence of any showing that he had a direct economic or similar interest in the bankruptcy case, and given the presence in the case of other parties fully capable of detecting and raising issues of fraud or abuse. Young therefore has not shown a likelihood of success on the merits of his appeal of the denial of his intervention. Nor can he show that he will suffer irreparable injury if the stay is not granted; his alleged interest in the bankruptcy case is too attenuated for that to occur. On the other hand, Alex Jones's creditors will be harmed if the bankruptcy case, now almost three years old, is delayed or interrupted by Young's appeal of the denial of his permissive intervention. Finally, the stay will disserve, not serve, the public interest. The public has a strong interest in the resolution of this case. Young has no right to disrupt that process by staying the bankruptcy case to vindicate his wish to make an indirect and noneconomic point.

The motion to stay pending appeal, (Docket Entry No. 6), is denied.

SIGNED on July 23, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge