IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-33553 |
| ALEXANDER E. JONES, | § | (Chapter 7) |
| | § | |
| Debtor. | § | |

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING: (I) THE SALE OF CERTAIN REAL PROPERTY AND OTHER ASSETS AT PUBLIC AUCTION FREE AND CLEAR UNDER 11 U.S.C. § 363(F) THROUGH SALES BROKER THREESIXTY ASSET ADVISORS AND TRANZON ASSET ADVISORS; AND (II) RELATED SALE PROCEDURES**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Christopher Murray, acting in his capacity as the chapter 7 trustee ("**Trustee**") for the bankruptcy estate of Alexander E. Jones (the "**Debtor**"), files this *Motion for Entry of an Order Authorizing: (I) the Sale of Certain Real Property and Other Assets at Public Auction Free and Clear under 11 U.S.C. § 363(f) through Sales Broker ThreeSixty Asset Advisors and Tranzon Asset Advisors; and (II) Related Sale Procedures* (the "**Motion**"), and respectfully shows the Court the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS

### A. The Bankruptcy Case.

2. The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on December 2, 2022 ("**Petition Date**").

3. The Debtor's case was converted from a chapter 11 proceeding to a chapter 7 proceeding on June 14, 2024 and Christopher R. Murray was duly appointed as the chapter 7 trustee for the Debtor's bankruptcy estate ("**Estate**").

### B. The Retained Sales Broker.

4. On August 22, 2024, the Trustee filed an *Application to Employ Sales Broker* [DE 828]("**Employment Application**") which requested authority to retain ThreeSixty Asset Advisors ("**ThreeSixty**") and Tranzon Asset Advisors ("**Tranzon**"), referred to together as "**Tranzon360**", as sales broker. Tranzon360 was employed to help "market, auction, and sell assets of the Alex Jones bankruptcy estate and any assets the Trustee otherwise administers in his capacity as the owner of FSS." *See* Employment Application [DE 828, at ¶ 8].

5. On September 16, 2024, the Court entered the *Order Authorizing Employment* [DE 844] (the "**Employment Order**"). The Employment Order provides that Tranzon360 shall request its compensation as part of each applicable sale motion.

6. Tranzon360's requested compensation with respect to the sale of Assets in this Motion, and as authorized under the Employment Motion and Employment Order, are as follows:

- Personal Property:

    o 15% commission from the gross sale proceeds of any personal property sold.
    o The reimbursement for any reasonable, actual, and necessary expenses associated with labor, mileage, shipping, marketing, and online transaction/processing fees charged by third-party platforms, up to $7000.

- Real Property:

    o 6% commission from the gross proceeds from the sale of real property
    o The reimbursement for any reasonable, actual, and necessary expenses associated with the marketing and sale of real property, up to $6,500.

7. Additional details regarding to the assets to be sold, along with the compensation requested by Tranzon360, are set forth in the auction proposal letter attached to this Motion as **Exhibit 1** (the "**Auction Proposal Letter**").

C. **The Real Property.**

8. The Trustee files this Motion to sell: (i) the nonexempt real property owned by the Debtor and located in Austin, TX 78745 that is currently occupied by a tenant on a month-to-month basis (the "**Rental Property**");[1] and (ii) certain nonexempt personal property, including watches and a vehicle (the "**Personal Property**"). The Rental Property and the Personal Property are referred to together as the "**Assets**".

---

[1] The Trustee knows the street address of the Rental Property but the specific address of the Rental Property and the name of the tenant have been omitted from this Motion to protect the privacy of the current tenant until they vacate the premises. The Rental Property is disclosed in the Debtor's Schedule A/B as Item No. 1.2 as follows: "Rental Property – WW (see Motion to Seal, Dkt. No. 230), Austin, Texas 78745, Travis County" See Dkt. Nos. 161, 231, 242, 501, and 749.  The exact street address is not disclosed in the Debtor's schedules but it is the only rental property in the schedules belonging to the Debtor in Austin, Texas in the 78745 zip code. Upon belief, the Debtor omitted the address in the schedules to protect the privacy of the tenant.

9. The Rental Property is currently occupied by a tenant under an informal month-to-month lease agreement. The tenant has informed the Trustee that they will voluntarily vacate the Rental Property upon receipt of a 30-day notice of lease termination and to vacate. Attached as **Exhibit 2** to this Motion is the proposed notice to vacate ("**Notice to Vacate**"). The Trustee seeks permission in this Motion to provide the Notice to Vacate to the tenant.

10. The address of the Rental Property has been omitted from this Motion and redacted from the exhibits filed herewith to protect the privacy of the tenant until the tenant has vacated the premise. The Trustee can file unredacted versions of the exhibits or file a notice of the exact address under seal if needed.

11. The Rental Property has been assessed by the Travis County Appraisal District at a value of $444,845. Based upon information gathered and available to the Trustee and Tranzon360, the Rental Property is not in good condition. The Trustee has been advised by Tranzon360 that the actual sale value of the Rental Property is likely to be in the range of $300,000 to $400,000, but a public auction may result in competitive bidding due to the various prevailing market factors.

12. Prior to filing this Motion, the Trustee filed a *Motion to Pay Secured Creditor NewRez LLC d/b/a Shellpoint Mortgage Servicing* [DE 1206](the "**Motion to Pay Secured Creditor**") in which the Trustee is seeking the authority to pay off the balance[2] owed to Bank of America in advance of the marketing and sale of the Rental Property. Bank of America is the lender on the purchase loan for the Rental Property with a lien attached by deed of trust and NewRez LLC d/b/a Shellpoint Mortgage Servicing manages the loan on behalf of Bank of America and is the entity to whom payments are made on the loan. There has been no opposition to the

---

[2] $21,041.84 is the total payoff due through August 1, 2025. The Motion to Pay Secured Creditor requests authority for the Trustee to pay that amount, and any additional amounts accrued should an order be entered after August 1, 2025.

Motion to Pay Secured Creditor and the deadline has passed. The Trustee filed a *Certificate of No Objection* [DE 1218] on July 25, 2025.

    C.    **The Personal Property.**

13.    The Personal Property is comprised of 16 watches and a vehicle (a 2017 Ford Expedition King Ranch). Additional details regarding the types of watches and the vehicle are found in the Auction Proposal Letter.

14.    Tranzon360 advises that the value of the watches in a public auction is likely to be in the range of $18,000 to $22,000 while the vehicle is likely to be between $10,000 to $15,000.

15.    The Trustee is not aware of any liens or other encumbrances on the Personal Property.

**RELIEF REQUESTED**

16.    The Trustee has determined in his sound business judgment that the sale of the Rental Property and Personal Property, (together, the "**Assets**"), would be in the best interest of the Estate and its creditors. As such, the Trustee is requesting that the Court grant this Motion and (i) authorize the proposed sale of the Assets by public auction through the Trustee's retained sales broker Tranzon360; and (ii) authorize the proposed Notice of Vacate as part of the sale procedures.

17.    The Assets will be sold by one or more public auction conducted by Tranzon360. The auctions are expected to begin as soon as reasonably practicable upon the entry of an order approving this Motion. Tranzon360 advisees the Trustee that the auction of the Assets is expected to occur within 4-6 weeks after the entry of an order granting the Motion, but could change depending on whether the circumstances favor an auction later than the anticipated 4-6 weeks. Should a material issue/delay arise, the Trustee reserves the right to file a notice to inform the Court of the ongoing circumstances and/or may seek further relief if needed.

18. After the conclusion of the auctions, Tranzon360 will provide an expense and auction report to the Trustee with the details of the auctions and any expenses incurred.

19. Finally, the Trustee is requesting the authority to pay Tranzon360's compensation and reimburse their reasonable, actual, and necessary expenses from the sales proceeds without need for further order of this Court, on the terns set forth in this Motion, and as approved in the Employment Order.

## LEGAL AUTHORITY

20. The statutory bases for the relief requested in this Motion are sections 105(a), 363, and 704(a) of the Bankruptcy Code.

21. Bankruptcy Code section 704(a)(1) requires trustees to "collect and reduce to money the property of the estate for which such trustee serves." 11 U.S.C. § 704(a)(1).

22. Bankruptcy Code section 105(a) provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

23. Courts evaluate proposed sales outside the ordinary course under Bankruptcy Code section 363(b) based upon a trustee's sound business justification. See *Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc., et al. (In re Continental Air Lines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986) ("[F]or a debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business."); *see also In re ASARCO, L.L.C.*, 650 F.3d 593, 601 (5th Cir. 2011); *In re Cowin,* No. 13-30984, 2014 WL 1168714, at *38 (Bankr. S.D. Tex. Mar. 21, 2014).

24. Once a trustee articulates a valid business justification, "[t]he business judgment rule is a presumption that in making the business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." *In re S.N.A. Nut Co.*, 86 B.R. 98 (Bankr. N.D. Ill. 1995); *see also In re Integrated Res., Inc.*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992).

25. The Trustee proposes to sell the Assets free and clear of all liens, claims, and encumbrances pursuant to 11 U.S.C. § 363(f) and on an "AS IS, WHERE IS" basis with the Trustee making no representation or warranties of any kind with respect to the Assets.

26. Section 363(f) provides that property may be sold free and clear under certain conditions. These conditions are as follows:

   i. applicable non-bankruptcy law permits the sale of such property free and clear of interests;
   ii. such entity consents;
   iii. such interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property;
   iv. such interest is in bona fide dispute; or
   v. such entity could be completed, in a legal or equitable proceeding to accept a money satisfaction of such interest.

27. The Trustee conferred with his retained professionals regarding the value of the Assets and expects that the proposed sales should provide an appreciable net benefit to the Estate. The Trustee believes that the proposed sale and related sale procedures, under the terms set forth herein, are fair and reasonable and would be in the best interest of the Estate and its creditors because valuable property will be liquidated for the benefit of the unsecured creditors.

28. After due diligence, and to the best of the Trustee's knowledge, the only encumbrance against any of the Assets is the Bank of America lien attached to the Rental Property. The Trustee has already proposed to satisfy the balance of this claim using the Estate's currently available funds pursuant to his Motion to Pay Secured Creditor. In any event, the value of the

Rental Property far exceeds the amount due to Bank of America or any *ad valorem* taxing authorities.

29. To the extent any other valid prepetition claims, liens, or encumbrances against any of the Assets be discovered the Trustee proposes that they will attach to the proceeds of the sale of the respective asset and/or may be paid from the sales proceeds to the same extent as existed prepetition.

30. The Trustee therefore submits that the Court should approve the sale of the Assets free and clear pursuant to 11 U.S.C. §§ 363(b) and 363(f), and approve the related procedures pursuant to 11 U.S.C.§ 105(a).

## WAIVER OF STAY IMPOSED BY RULE 6004

31. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." FED. R. BANKR. P. 6004(h). The Trustee requests a waiver of any stay so that the sale of the Assets may close expeditiously to maximize the value realized to the Estate.

## PRAYER

WHEREFORE, the Trustee respectfully requests that the Court enter an order: (i) authorizing the sale of the Rental Property and the Personal Property by public auctions conducted by Tranzon360; (ii) approving the related sale procedures and authorizing the Trustee to provide the Notice to Vacate to the tenant of the Rental Property; (iii) authorizing the Trustee to pay Tranzon360's compensation and the reimbursement of their expenses, under the terms set forth herein, from the sales proceeds without need for further order of this Court; (iv) waiving any stay

imposed by Bankruptcy Rule 6004(h); and (v) granting any other and further relief that the Court deems appropriate at law and/or in equity.

Dated: July 28, 2025

Respectfully Submitted,

By: */s/ Jacqueline Q. Chiba*
Jacqueline Q. Chiba (Bar No. 24116899)
Erin E. Jones (Bar No. 24032478)
**JONES MURRAY LLP**
602 Sawyer St., Suite 400
Houston, Texas 77007
Telephone: (832) 529-1999
Facsimile: (832) 529-3633
jackie@jonesmurray.com
erin@jonesmurray.com

and

Joshua Wolfsholh (Bar No. 24038592)
Michael B. Dearman (Bar No. 24116270)
Jordan Stevens (Bar No. 24106467)
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, TX 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
mdearman@porterhedges.com
jstevens@porterhedges.com

*Co-Counsel for Christopher R. Murray, Chapter 7 Trustee for the Bankruptcy Estate of Alexander E. Jones*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2025, this document was served electronically upon all parties registered for and entitled to receive electronic notice through CM/ECF in this case and/or by U.S. First Class Mail, postage prepaid on all parties listed on the Debtor's mailing matrix or otherwise entitled to notice of this document. Bank of America and the *ad valorem* taxing authorities are served electronically via CM/ECF pursuant to their notices of appearance in this case.

*/s/ Jacqueline Q. Chiba*
Jacqueline Q. Chiba