**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | § §  Chapter 7 |
| ALEXANDER E. JONES, | § §  Case No. 22-33553 (CML) |
| Debtor. | § § § |

**CERTIFICATE OF NO OBJECTION REGARDING**
**MOTION TO SELL CERTAIN REAL PROPERTY AND OTHER ASSETS AT**
**PUBLIC AUCTION AND RELATED SALE PROCEDURES**
**[Relates to Docket No. 1222]**

1.　　　On July 28, 2025, Christopher R. Murray, the Chapter 7 Trustee for the Bankruptcy Estate of Alexander E. Jones, filed the *Motion for Entry of an Order Authorizing (I) the Sale of Certain Real Property and Other Assets at Public Auction; and (II) Related Sale Procedures* [Docket No. 1222-3] ("**Motion**").

2.　　　The deadline for receipt of responses to the Motion has passed.

3.　　　The undersigned represents to the Court that the Trustee is unaware of any objection to the Motion appearing on the Court's docket, that counsel to the Trustee has reviewed the docket, and no party has filed an objection to the relief sought in the Motion.

4.　　　Attached hereto is the proposed order that was filed with the Motion at Docket No. 1222-3.

The Trustee respectfully requests that the Court enter the proposed order attached hereto.

1

Dated: August 21, 2025

Respectfully submitted,

**JONES MURRAY LLP**

*Jacqueline Q. Chiba*
Jacqueline Q. Chiba (TX 24116899)
602 Sawyer Street, Suite 400
Houston, Texas 77007
Telephone: (832) 529-1999
Fax: (832) 529-3393
jackie@jonesmurray.com

*Co-Counsel for Christopher R. Murray,*
*Chapter 7 Trustee*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that a copy of the foregoing document was served on August 21, 2025, on all parties receiving ECF service in the above-captioned case.

*/s/ Jacqueline Q. Chiba*
Jacqueline Q. Chiba

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 22-33553** |
| **ALEXANDER E. JONES,** | § | **(Chapter 7)** |
| | § | |
| Debtor. | § | |

**ORDER AUTHORIZING**
**THE SALE OF CERTAIN REAL PROPERTY AND OTHER ASSETS**
**AT PUBLIC AUCTION FREE AND CLEAR UNDER 11 U.S.C. § 363(F)**
**AND APPROVING RELATED SALE PROCEDURES**
[This Order relates to Docket No. _____]

The Court considered the Trustee's *Motion for Entry of an Order Authorizing: (I) the Sale of Certain Real Property and Other Assets at Public Auction Free and Clear under 11 U.S.C. § 363(f) through Sales Broker ThreeSixty Asset Advisors and Tranzon Asset Advisors; and (II) Related Sale Procedures* (the "**Motion**"),[1] any responses to the Motion, the statements of counsel, the record in this case, and evidence submitted or proffered at a hearing held with respect to this matter, if any, and finds that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(a), (m) and (n); (iii) notice of the Motion was sufficient under the circumstances; (iv) the Trustee has articulated a sound business justification for the sale of the Rental Property and the Personal Property, (collectively, the "**Assets**"), as further described in the Motion and Auction Proposal Letter attached as an **Exhibit 1** to the Motion; (v) the Trustee has exercised reasonable business judgment in proposing the sale of the Assets via public auction as set forth in the Motion and Auction Proposal Letter; (vi) the relief requested in the Motion is appropriate and is in the best interest of the Estate, its creditors, and parties-in-interest; and (vii) good and sufficient cause exists to grant the relief requested.

Accordingly, it is therefore **ORDERED** that:

1.  The Trustee is authorized to sell the Assets in accordance with the terms set forth in the Motion free and clear of all liens, claims, and encumbrances pursuant to 11 U.S.C. §§ 363(b) and 363(f).

2.  The sale of the Assets is "AS IS, WHERE IS" and the Trustee  makes no representation or warranties of any kind with respect to the Assets.

3.  Any valid prepetition liens, claims, and encumbrances against the Assets shall attach to and/or may be satisfied from the proceeds of the sale to the same extent, validity, and priority as existed as of the Petition Date.

---

[1] Capitalized terms used in this Order but not otherwise defined herein have the same meanings ascribed to them in the Motion.

4. Upon consummation of the sale(s), all persons holding a lien, claim, encumbrance, or other interest against or in the Assets, of any kind or nature whatsoever, including but not limited to all taxing authorities, are forever barred, estopped, and permanently enjoined form asserting, prosecuting, or otherwise pursuing such lien, claim, encumbrance, or other interest, against the buyer of any of the Assets or against the Assets themselves.

5. The (14) day stay imposed by Federal Rule of Bankruptcy Procedure 6004(h) is waived and this Order is effective and enforceable immediately upon entry hereof.

6. The Trustee is authorized to pay Tranzon360's compensation and the reimbursement of their reasonable, actual, and necessary expenses, from the proceeds of the sale of the Assets, under the terms set forth in the Motion, without further order from this Court.

7. At the close of the auctions of the Assets, Tranzon360 shall submit an expense and auction report to the Trustee.

8. The Trustee is authorized to provide a notice of lease termination and to vacate the Rental Property to the current tenant in a form substantially similar to the proposed notice attached to the Motion as **Exhibit 2**.

9. All parties are ordered, and the Trustee is authorized and empowered to take any and all actions reasonable and necessary to implement and effectuate the relief granted by this Order, including executing any transactional or other documents, if any, related to the sale and/or transfer of assets.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of the Motion and this Order.