**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 7 |
| | § | |
| ALEXANDER E. JONES | § | Case No. 22-33553 |
| | § | |
| *Debtor*. | § | Judge Christopher M. Lopez |
| | § | |

**THE SANDY HOOK FAMILIES'**
**EMERGENCY JOINT MOTION FOR ENTRY OF AN ORDER**
**CONFIRMING THAT FSS ASSETS ARE NOT SUBJECT TO THE AUTOMATIC STAY**

**Emergency relief has been requested. Relief is requested not later than 10:00a.m. (prevailing Central Time) on October 3, 2025.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on October 3, 2025 at 10:00a.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk Street, Houston, Texas 77002.**

**You may participate in the hearing either in person or by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

The Connecticut Families[1] and the Texas Families[2] (together, the "Sandy Hook Families"), as creditors and parties in interest in the above-captioned case, file this *Emergency Joint Motion for Entry of an Order Confirming that FSS Assets are not Subject to the Automatic Stay* (the "Motion"). In support of the Motion, the Sandy Hook Families respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this Motion under 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## BASIS FOR EMERGENCY RELIEF

2. The Sandy Hook Families seek emergency relief pursuant to sections 105(a), 362, and 541 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 4001 and 9013 of the Federal Rules of Bankruptcy Procedure, and Rules 4001-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

3. An emergency exists because Alexander E. Jones ("Jones" or the "Debtor") and Free Speech Systems, LLC ("FSS") have sown chaos and confusion regarding Your Honor's rulings regarding the scope of the automatic stay in Jones' bankruptcy. Specifically, they argue to other tribunals that FSS's assets are subject to that stay and that the Sandy Hook Families cannot enforce remedies, including pursuing a turnover and receivership order, against FSS's assets in state court. On that basis, FSS filed in the Court of Appeals for the Third District of Texas (the "Texas Appellate Court") an emergency motion to stay the enforcement of a turnover and

---

[1]     The "Connecticut Families" are Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Erica Ash.

[2]     The "Texas Families" are Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and the Estate of Marcel Fontaine.

receivership order.  That court granted FSS a temporary stay without requiring FSS post security.  The Texas Appellate Court has indicated that it may rule on the merits of FSS's emergency motion to stay at any time.

4.    FSS's pursuit of the emergency stay, and the imminent proposition that a stay may be granted without sufficient bond, will cause the Sandy Hook Families irreparable harm by continuing to delay satisfaction on their judgments while Jones and FSS waste resources on patently frivolous legal positions.  Your Honor can eliminate this risk of harm by again confirming that the Supplemental Dismissal Order has no force or effect, that FSS's assets are not property of Jones' bankruptcy estate, and confirming that FSS's assets are not subject to the automatic stay and may be turned over to the receiver.

### SUMMARY OF MOTION[3]

5.    The Sandy Hook Families seek reconfirmation from this court (the "Court") that the assets of Free Speech Systems, LLC ("FSS") are not property of the chapter 7 estate of Alexander E. Jones ("Jones" or the "Debtor"), and are therefore not protected by the automatic stay in the above-captioned chapter 7 case.  Such confirmation is necessary because Jones and FSS have repeatedly told Texas state courts that FSS's assets are property of the Debtor's chapter 7 estate (the "Chapter 7 Estate"), that the *Order Supplementing Order Dismissing Case*[4] remains operative, and therefore that the Sandy Hook Families, and the Receiver appointed on their behalf, cannot enforce remedies against FSS in state court.  As a result of these falsehoods, the Sandy Hook Families' collection efforts have been further delayed.

---

[3]    Capitalized terms used but not otherwise defined in this summary shall have the meaning ascribed to them in the Motion.

[4]    *In re Free Speech Systems LLC*, Case No. 22-60043 ("FSS Bankruptcy Case") (Bankr. S.D. Tex. Sept. 25, 2024) [Docket No. 1021] (the "Supplemental Dismissal Order").

6.      Contrary to the Debtor's and FSS's misrepresentations in state court, this Court has repeatedly made clear that FSS's assets are not property of the Chapter 7 Estate, are not protected by the automatic stay, and that the Sandy Hook Families can pursue remedies in state court.

7.      Although this Court previously entered the Supplemental Dismissal Order, which ordered that FSS's assets would "be deemed to have vested in the [Debtor's] bankruptcy estate," it subsequently ordered that such order was "null and void."[5]  The FUAC Denial Order, entered on March 19, 2025, followed a February 5, 2025 hearing where the Court made clear that the Supplemental Dismissal Order was "null and void" and that FSS's assets were not property of the Chapter 7 Estate.  In particular, the Court stated that the Supplemental Dismissal Order was null and void because the "purpose for which [the Supplemental Dismissal Order] served was the auction of [FSS's] assets" and "we're not doing that anymore."  This Court also stated that because the "[FSS] case [was] closed," and because the Jones Bankruptcy Case "has no impact" on FSS "there [is] no automatic stay" and the Sandy Hook Families could therefore "pursue whatever it is that they want in judgments [in] state court" without having "to come ask [the Court] for permission."[6]

8.      Further, in denying the proposed settlement of proposed claim amounts by and among the Sandy Hook Families and the Chapter 7 Trustee, the Court stated "[t]he 9019 now wants me to allow claims against FSS.  And I don't – and I can't do that.  All bankruptcy lawyers know that I can't do that.  Because there's no estate.  There's no bankruptcy estate to allow a claim against."  In denying the proposed settlement, the Court explained that it could not "allow a claim

---

[5]      *Order Denying FUAC's Motion Seeking Leave to File a Motion Approving the Sale of FSS Assets and Request for Status Conference*, Case No. 22-33553 ("Jones Bankruptcy Case") (Bankr. S.D. Tex. Mar. 19, 2025) [Docket No. 1121] (the "FUAC Denial Order").

[6]      Hr'g. Tr. 11:3–7, Feb. 5, 2025.

against an entity in case that's been dismissed" as it did not "have the authority to do it" and the Court was "not going to use the [S]upplemental [Dismissal] [O]rder, which was used for one purpose and one purpose alone" to retain jurisdiction over FSS's assets.[7]

9.     Following these events, the Sandy Hook Families jointly pursued remedies in Texas State Court by seeking a receivership in the case styled *Neil Heslin and Scarlett Lewis v. Alex E. Jones and Free Speech Systems, LLC*, Cause No. D-1-GN-18-001835 before the 261st Judicial District Court of Travis County, Texas (the "<u>Texas State Court</u>," and such action, the "<u>State Court Action</u>").   The Debtor partially removed the action as it relates to him. Nevertheless, both Debtor and FSS have opposed such relief by repeatedly taking the position that the Supplemental Dismissal Order remains operative and bars the Sandy Hook Families from enforcing remedies in state court.   In opposing the Sandy Hook Families' request to appoint a receiver, the Debtor and FSS argued, relying specifically on the Supplemental Dismissal Order, that such requests violated the automatic stay.[8]   While the Texas State Court overruled the Debtor's and FSS's objections and appointed a receiver (the "<u>Receiver</u>") in respect of the Connecticut Families' judgments on August 13, 2025,[9] FSS appealed such order on the basis that the Court's jurisdiction over the Jones Bankruptcy Case "deprives state courts of jurisdiction and prohibits the commencement or continuation of judicial action or proceedings against any property within a debtor's bankruptcy estate."[10]   Moreover, FSS obtained a temporary stay without bond of the

---

[7]     *Id.* at 12:24-13:4.

[8]     *See Response in Opposition to Applications for Post-Judgment Turnover Order and Appointment of Receiver and Motion to Strike Intervention*, Cause No. D-1-GN-18-001835 at ¶ 5.

[9]     *See Order Granting Application for Post-Judgment Turnover and Appointment of Receiver,* Cause No. D-1-GN-18-001835 (the "<u>Receivership Order</u>").

[10]     *See Notice of Appeal,* Cause No. D-1-GN-18-001835 ("<u>Notice of Appeal</u>") at ¶ 1.

Receivership Order[11] by arguing to the Texas Appellate Court that the Receivership Order violated the automatic stay because the Supplemental Dismissal Order deemed FSS's assets as property of the Chapter 7 Estate.[12]

10.     The Debtor's and FSS's position that the Supplemental Dismissal Order remains operative and prohibits a receivership over FSS is unfathomable on the facts of this case.  Their challenge to the Receivership Order rests entirely on a willful mischaracterization of this Court's prior orders and statements and reflects their latest attempt to obfuscate and delay the Sandy Hook Families' efforts to collect on their Judgments.

11.     Accordingly, the Sandy Hook Families requests that the Court enter an order confirming that (a) the Supplemental Dismissal Order has no further force or effect, and (b) FSS's assets are neither property of the Chapter 7 Estate nor subject to any automatic stay in the chapter 7 case.

## **BACKGROUND**

### A.     **The Jones and FSS Bankruptcy Cases**

12.     On December 2, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") thereby commencing the Jones Bankruptcy Case.  Before the Petition Date, Jones owned 100% of the equity in FSS.  FSS separately filed its own chapter 11 petition on July 29, 2022, thereby commencing the FSS Bankruptcy Case.

---

[11]     *See Order,* Cause No. 03-25-00617-CV (the "Order Staying the Receivership Order").

[12]     *See Appellant's Emergency Motion for Immediate Stay of Void Turnover Order Issued in Violation of the Bankruptcy Automatic Stay,* Cause No. 03-25-00617-CV (the "Emergency Motion to Stay the Receivership Order").

### i.      Conversion of the Jones Bankruptcy Case

13.     On June 14, 2024, the Court converted the Jones Bankruptcy Case from a case under chapter 11 of the Bankruptcy Code to a case under chapter 7, and appointed Christopher R. Murray as the trustee of the Chapter 7 Estate (the "Chapter 7 Trustee").

### ii.      Dismissal of the FSS Bankruptcy Case

14.     On June 21, 2024, the Court entered its *Order Dismissing Case* in the FSS Bankruptcy Case (the "FSS Dismissal Order").  FSS Bankruptcy Case, Docket No. 956.  Pursuant to the FSS Dismissal Order, the Court authorized, among other things, FSS's chief restructuring officer to transfer control and signing authority over FSS's bank accounts to the Chapter 7 Trustee. *Id.* ¶ 2. The FSS Dismissal Order, by its terms, did not vest FSS's bank accounts in the Chapter 7 Estate, but rather transferred control and signing authority over them to the Chapter 7 Trustee.

15.     On September 25, 2024, the Court entered the Supplemental Dismissal Order, which stated that "all property of the estate of [FSS] shall be deemed to have vested in the bankruptcy estate of [Jones] as property of that estate pursuant to Section 541 and shall be under the control of the" Chapter 7 Trustee.  *Id.* ¶ 1.

16.     The Texas Families appealed the Supplemental Dismissal Order to the United States District Court for the Southern District of Texas, Case No. 4:24-cv-03882.[13]  On May 6, 2025, the parties to such appeal filed a stipulation of voluntary dismissal pursuant to Rule 8023(a) of the Federal Rules of Bankruptcy Procedure, and the appeal was dismissed.[14]

17.     Since entering the Supplemental Dismissal Order, the Court has stated that the sole purpose of the Supplemental Dismissal Order was to provide the Chapter 7 Trustee with the

---

[13]      *See Notice of Appeal*.  FSS Bankruptcy Case (Bankr. S.D. Tex. Oct. 8, 2024) [Docket No. 1028].

[14]      *In re Free Speech Systems, LLC*, Case No. 4:24-CV-03882 (S.D. Tex. May 6, 2025) [Docket No. 22].

requisite authority needed to sell the assets of FSS. *See* Hr'g. Tr. 7:10 – 14, Feb. 5, 2025 ("to ensure you have the [Chapter 7] Trustee cover that he could sell the assets. That's what that order was intended to do.").

**B.       The Sale Process and its Impact on the Supplemental Dismissal Order**

18.       On September 27, 2024, the Chapter 7 Trustee filed a *Notice of Auction for the Sale of Assets of Free Speech Systems, LLC Free and Clear of Any and All Claims, Interests, and Encumbrances*. Jones Bankruptcy Case, Docket No. 862. Thereafter, the Chapter 7 Trustee commenced and conducted an auction process in which a successful bidder for FSS's assets was selected. After filing of a notice of successful bidder for such assets, on November 18, 2024, the Chapter 7 Trustee filed an *Expedited Motion for Entry of an Order in Furtherance of the Sale of Assets of Free Speech Systems, LLC* (the "Motion to Sell"). Jones Bankruptcy Case, Docket No. 915.

19.       Following a hearing, the Court denied the Motion to Sell and entered the *Order Denying the Motion to Sell*. Jones Bankruptcy Case, Docket No. 985.

20.       On February 5, 2025, the Court stated on the record that the Supplemental Dismissal Order was entered solely to authorize the Chapter 7 Trustee to sell FSS's assets. *See* Hr'g. Tr. 7:10–14, Feb. 5, 2025. After determining that the Court would not authorize a subsequent sales process, the Court stated that the Supplemental Dismissal Order was "null and void" and "was no longer of use." *See* Hr'g. Tr. 14:13–16, Feb. 5, 2025 ("you can consider any use of the supplemental order null and void, because the purpose for which it served was the auction of the assets, and we're not doing that anymore"). The Court also indicated that vacating the Supplemental Dismissal Order promoted "the finality of the bankruptcy process so that [the Sandy Hook Families] can pursue whatever it is that they want in judgments in state court." *Id.* 14:22–24. The Court further emphasized that nothing prevented the Sandy Hook Families from

pursuing their claims in Texas State Court: "The bankruptcy has no impact.  In other words, the bankruptcy itself, the estate, there's no automatic stay…You have whatever rights you have." *Id.* at 11:3–8.

21.     Also at the February 5, 2025 hearing, the Court denied the Chapter 7 Trustee's motion under Rule 9019 to settle the allowed amount of the Sandy Hook Families' claims against Jones and FSS because the FSS case had been dismissed and thus there was "no bankruptcy estate to allow a claim against."  *Id.* at 12:24-13:4.

22.     The Court further indicated that jurisdiction over the Chapter 7 Estate did not affect the Sandy Hook Families' enforcement of claims against FSS.  *See id*. at 10:21-25 ("That case is closed.  Which means that [if] someone has a contract dispute with FSS.  You don't come to me.  You have whatever rights you have outside the bankruptcy.  The [Jones] bankruptcy doesn't affect your claims one way or the other").

23.     After the February 5, 2025, First United American Companies, LLC ("FUAC"), filed an *Emergency Motion Requesting Leave to File a Motion Approving the Sale of FSS Assets* (the "FUAC Leave Motion")*.*  Jones Bankruptcy Case, Docket No. 1089.  In the FUAC Leave Motion, FUAC sought to compel the Chapter 7 Trustee to conduct a sale of FSS's assets, and by extension, revive the Supplemental Dismissal Order.  On March 19, 2025, the Court entered the FUAC Denial Order and confirmed that nothing had changed with respect to status of the Supplemental Dismissal Order, as shown below:

This Court said at a hearing on February 6, 2025 that it would not allow a sale of FSS assets, and that parties should consider the Court's supplemental order null and void for the reasons stated at the hearing. Nothing has changed. The Court won't require the Chapter 7 Trustee to conduct another auction for the FSS assets. FUAC also does not have standing to seek a sale of FSS assets under Section 363 of the Bankruptcy Code. The motion is denied.

Signed on March 19, 2025

Christopher Lopez
United States Bankruptcy Judge

Jones Bankruptcy Case, Docket No. 1121. No party has appealed the FUAC Denial Order.

24.     On April 28, 2025, Jones and FSS filed a *Motion for Reconsideration of this Court's Determination that no Auction of Free Speech Systems Assets will be Conducted by the Jones Chapter 7 Trustee* (the "Jones Motion to Reconsider").  Jones Bankruptcy Case, Docket No. 1131. In the Jones Motion to Reconsider, Jones acknowledged that the Supplemental Dismissal Order was no longer in effect, noting that "in a subsequent order entered on February 5, 2025, this Court declared that the Supplemental Dismissal Order was 'null and void.' This [m]otion requests the reconsideration of that declaration." *Id.* ¶ 3.  Further, Jones argued that "[h]olding to the position that the Supplemental Dismissal Order is void will create past, present and future chaos." *Id.* ¶ 5.

25.     As explained below, however, all of the chaos related to the Supplemental Dismissal Order stems solely from the Debtor's conduct in willfully misrepresenting this Court's orders in Texas state courts.

**C.     The Sandy Hook Families Enforce Their Judgments in State Court Action**

26.     Following the Court's unequivocal statements that the Supplemental Dismissal Order was null and void and that the Sandy Hook Families could enforce whatever remedies they had in state court, the Sandy Hook Families determined to jointly exercise their rights in the State

Court Action.   Specifically, the Sandy Hook Families, each in their capacities as judgment creditors, opted to jointly pursue the appointment of a Receiver to further their shared interest in the orderly disposition of FSS's assets to satisfy their Judgments.

27.     Both the Connecticut Families and the Texas Families have obtained substantial judgments against Jones and FSS in their respective state court actions.   Collectively, the Sandy Hook Families' judgments (the "Judgments") exceed $1.3 billion and form the basis for enforcement efforts in the State Court Action.  The Connecticut Families hold a judgment against FSS and Jones in the amount of $1,288,139,555.94.  This judgment was rendered by the Superior Court of the Judicial District of Fairfield at Bridgeport, Connecticut, Docket No. CV-18-6046437 (the "Connecticut Families' Judgment"), and was affirmed and amended by the Connecticut Appellate Court.  *See Lafferty* v. *Jones*, 327 A.3d 941, 981 (Conn. App. Ct. 2024).  The Connecticut Supreme Court denied further review of the Connecticut Families Judgment.  *See Lafferty* v. *Jones*, PSC-240253, *Order on Petition for Certification to Appeal* (Conn. Apr. 8, 2025).   The Connecticut Families' Judgment has been domesticated in Texas under the Uniform Enforcement of Foreign Judgments Act, Tex. Civ. Prac. & Rem. Code Ch. 35.

28.     The Texas Families hold a judgment against FSS and Jones in the amount of $50,043,923.80, rendered by the Texas State Court (the "Texas Families' Judgment").

29.     The Connecticut Families intervened in the case entitled *Neil Heslin and Scarlett Lewis v. Alex E. Jones and Free Speech Systems, LLC*, pending before the Texas State Court.

30.     On July 7, 2025, consistent with the Court's statement that "nothing [is] stopping anyone from pursuing any claims in [Texas state court],"[15] the Sandy Hook Families jointly filed an *Application for Post-Judgment Turnover and Appointment of Receiver as to Judgment Debtors*

---

[15]     Feb. 5, 2025 Hr'g. Tr. 11:3–5.

*Alexander E. Jones and Free Speech Systems, LLC* (the "Receivership Application").  A copy of the Receivership Application is attached hereto as Exhibit A.  The Receivership Application explicitly noted that the Sandy Hook Families were "***not*** seeking any relief that would be inconsistent with the pending Jones [Bankruptcy Case], including seeking any relief with respect to assets that Judgment Debtor Alex Jones owned on or before June 14, 2024, as such assets constitute property of the [Chapter 7 Estate]." *Receivership Application* ¶ 6.

31.   On August 4, 2025, Jones sought to delay the collection proceedings by filing a notice removing "that part of the [Turnover Application] from the State Court proceedings related to Alex Jones."[16]  This portion of the Receivership Application is now again pending in Your Honor's Court.[17]

32.   On August 8, 2025, FSS sought to delay the collection proceedings by filing a check of $10 to act as a bond preventing the collection of the Texas Families' $50,043,923.80 Judgment.[18]  In support, FSS attached an affidavit executed by Jones, which relied on the continued viability of the Supplemental Dismissal Order to summarily conclude that FSS has a negative net worth.[19]

33.   On August 11, 2025, Jones and FSS filed the *Response in Opposition to Applications for Post-Judgment Turnover Order and Appointment of Receiver and Motion to Strike Intervention* (the "Opposition").  A copy of the Opposition is attached hereto as Exhibit B.  In the Opposition, Jones and FSS continued to rely on the Supplemental Dismissal Order—even though,

---

[16]      *See Alex E. Notice of the Partial Removal of Case to Federal Court,* Cause No. D-1-GN-18-001835 (the "Notice of Removal") at ¶ 1-2.

[17]      *See Alexander E. Jones Partial Removal of Civil Action and Notice of the Partial Removal of A Civil Action and Contemporaneous Motion to Transfer Venue to the "Home Court,"* Case No. 25-01034-jqj (Bankr. W.D. Tex. Aug. 4, 2025) [Docket No. 19] (the "Pending Removal Action") at ¶ 2.

[18]      *See Defendant FSS' Notice of Deposit of Cashier's Check Payable to the Clerk in Lieu of Bond Under Trap 24.1,* Cause No. D-1-GN-18-001835.

[19]      *See Id.* at ¶ 2.

in both the FUAC Leave Motion and the Jones Reconsideration Motion, the Debtor acknowledged that such order was null and void.  In fact, the Debtor cited the Supplemental Dismissal Order as grounds to argue that the Texas State Court lacked authority to grant *any* relief against FSS. For example, the Debtor asserted that "not only are the assets of FSS not in the custody or control of FSS, but they have been judicially conveyed to the [Chapter 7] Trustee who deals with them under the supervision of the Bankruptcy Court." *Opposition* at ¶ 3.  The Opposition went on to specifically argue that all of FSS's assets are under the control of the Chapter 7 Trustee and protected by the automatic stay.  *Id.* at ¶ 21.

> And the category of assets addressed in subparagraph (d) -- assets of FSS -- are equally protected by the automatic stay provisions given the fact that Bankruptcy Judge Lopez's June Order and September Orders vested ownership of all FSS cash and property in the Estate of Jones and they are assets in the possession of the Trustee for Jones personal bankruptcy.  Thus, as of the date hereof, FSS holds no assets.   In fact, the Application recognizes this in that it repeatedly asserts

34.    Notably, although the Debtor asserts that FSS's assets are under the control of the Chapter 7 Trustee, the Debtor purports to act on behalf of FSS in the State Court Action without notice to, or consent from, the Chapter 7 Trustee.  *See, e.g.*, *Opposition* at ¶ 3, 30.

35.    The Opposition further asserted that, solely with respect to the Texas Families' Judgment, the Texas State Court could not grant the relief requested because Jones tendered a $10 supersedeas bond on behalf of himself and FSS, which Jones argued was sufficient to forestall the Texas Families' pursuit of remedies.  *See* Exhibit 1 to *Opposition*.

36.    On August 13, 2025, the Texas State Court entered the Receivership Order for the benefit of the Connecticut Families.  A copy of the Receivership Order is attached hereto as Exhibit C.  In the Receivership Order, a Receivership estate, consisting of all of FSS's assets was

created (the "<u>Receivership Estate</u>").[20]  The Receivership Estate is *in custodia legis* of the Texas State Court with the Receiver appointed to take possession and control of the assets therein.  *Id*.

37.     The Texas State Court held a hearing on September 16, 2025, regarding the sufficiency of the $10 supersedeas bond.  The Texas State Court sustained the Texas Families' objections to FSS's net worth affidavit.

38.     On August 18, 2025, the Debtor filed the Notice of Appeal, pursuant to which the Debtor sought to appeal the Receivership Order to the Texas Appellate Court.  The Notice of Appeal stated that FSS's assets are property of the Chapter 7 Estate and, as a result, this Court's jurisdiction over the Jones Bankruptcy Case "deprives state courts of jurisdiction and prohibits the commencement or continuation of judicial action or proceedings against any property within a debtor's bankruptcy estate."[21]

39.     On August 27, 2025, the Debtor filed in the appellate court an emergency motion to stay the Receivership Order pending appeal, in which he again argued that, based on the Supplemental Dismissal Order, FSS's assets constitute property of the Chapter 7 Estate and that the Sandy Hook Families' enforcement actions violate the automatic stay.[22]

40.     On August 28, 2025, the Texas Appellate Court granted a temporary stay of the Receivership Order, and requested a response be filed by September 15, 2025.[23]  The Texas Appellate Court has indicated that it may rule on FSS's emergency motion to stay at any time. Copies of the Notice of Appeal, Emergency Motion to Stay the Receivership Order, Order Staying the Receivership Order, and the [Sandy Hook Families'] Response to the Emergency Motion to

---

[20]     The Receivership Order applies only to certain assets of FSS.

[21]     *See* Notice of Appeal at ¶ 1.

[22]     *See* Emergency Motion to Stay the Receivership Order at ¶¶ 2-3.

[23]     *See* Order Staying the Receivership Order.

Stay the Receivership Order are attached hereto as **Exhibit D**, **Exhibit E**, **Exhibit F**, and **Exhibit G** respectively.

**ARGUMENT**

41.     In the Opposition, the Debtor and FSS told the Texas State Court that "the decision to exempt or excuse assets from the protection of the automatic stay is not a decision for the [Chapter 7] Trustee, but the Bankruptcy Court." *Opposition* ¶ 2.  Tellingly, he has not asserted in *this* Court that an automatic stay in this case (or in the long-dismissed *FSS* case) prohibits enforcement of the Receivership Order against FSS's assets.

42.     To the contrary, the Sandy Hook Families are entitled to enforce the Receivership Order.  This Court has already stated that "[t]here's nothing stopping anyone from pursuing any claims in Texas State Court.  ***The bankruptcy has no impact***.  In other words, the bankruptcy itself, the estate, ***there's no automatic stay stopping -- no one has to come ask me for permission***.  You have whatever rights you have." Hr'g. Tr. 11:2–8, Feb. 5, 2025 (emphasis added); *see also id.* at 14:21–24 ("I think what this Debtor needs and what these families need is finality of the bankruptcy process so that they can pursue whatever it is that they want in judgments in state court").  This Court's prior determination that the Sandy Hook Families may pursue all state law remedies available to them, and that doing so would have "no impact" on the pending Jones Bankruptcy Case, is dispositive on the issue of whether FSS's assets are part of the Chapter 7 Estate.  Unfortunately, absent this Court's reconfirmation of the same, it is apparent that the Debtor will persist in willfully misrepresenting this Court's orders to the Texas State Court in an effort to obstruct the Sandy Hook Families' attempts to enforce their Judgments.

**A.  The Court Should Confirm that FSS's Assets are Not Property of the Chapter 7 Estate**

43.     Bankruptcy courts have inherent authority to interpret and enforce their own orders. In *Travelers Indem. Co.* v. *Bailey*, the United States Supreme Court confirmed that principle,

15

holding that a bankruptcy court had jurisdiction to enter a "clarifying order" interpreting the scope of an injunction contained in a confirmation order issued more than twenty years earlier because the court "plainly had jurisdiction to interpret and enforce its own orders." 557 U.S. 137, 151 (2009). Numerous lower courts have applied the same rule. *See Morgan Olson, LLC v. Frederico (In re Grumman Olson Indus., Inc.)*, 445 B.R. 243, 247–48 (Bankr. S.D.N.Y. 2011); *In re NE Opco, Inc.*, 513 B.R. 871 (Bankr. D. Del. 2014) ("It is well-settled that a bankruptcy court retains jurisdiction to interpret and enforce its prior orders, especially where, as here, the bankruptcy court expressly retains jurisdiction to do so.").

44.     This authority is reinforced by section 105(a) of the Bankruptcy Code, which empowers a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." That provision gives the Bankruptcy Court broad discretion to ensure its orders are not misused or misapplied, and to promote finality and judicial economy, particularly where, as here, the Bankruptcy Court has already stated that the Supplemental Dismissal Order serves no further operative purpose.

45.     Here, despite this Court's explicit and repeated statements confirming that the Supplemental Dismissal Order is null and void, the Debtor continues to invoke it in other proceedings, including in the State Court Action, in an effort to create a cloud over the enforceability of the Receivership Order and to frustrate the Sandy Hook Families' collection efforts. The Debtor's reliance on an order that this Court has repeatedly held is null and void not only undermines the integrity of the bankruptcy process but also creates needless chaos and delay in the State Court Action.

46.     Such relief is further appropriate because, absent the Supplemental Dismissal Order, there is no basis under section 541 of the Bankruptcy Code to hold that FSS's assets

constitute property of the Chapter 7 Estate.  *See Kreisler* v. *Goldberg*, 478 F.3d 209, 211 n.1, 215 (4th Cir. 2007) (holding that where a debtor-parent owns all of the shares of a non-debtor, the property of the non-debtor subsidiary is not property of the estate); *see also Equity Broad. Corp.* v. *Shubert* (I*n re Winstar Commc'ns. Inc.*), 284 B.R. 40, 51 (Bankr. D. Del. 2002) (holding that a lawsuit against a non-debtor subsidiary does not violate the automatic stay, even if such lawsuit may impact the value of the stock that the debtor-parent owns, as it does not "alter the Bankruptcy estate's right, liabilities, options or freedom of action" and that "ownership of all of the outstanding stock of [the subsidiary] by the [debtor-parent] does not confer jurisdiction on the Bankruptcy Court to decide disputes involving [the subsidiary's] assets.").

47.     Although this Court has inherent authority to interpret and enforce its prior rulings, relief is also justified under Rule 60(b)(6), which permits relief from a final judgment or order for "any other reason that justifies relief."  Unlike Rule 60(b)(1)–(5), it is not confined to specific categories, but is instead reserved for those exceptional cases where equity requires relief to avoid manifest injustice.  The United States Supreme Court has described Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case."  *Ackermann* v. *United States*, 340 U.S. 193, 202 (1950).   To obtain relief under Rule 60(b)(6), a movant must establish (1) extraordinary circumstances justifying relief; (2) that the motion was filed within a reasonable time; and (3) that granting relief would not undermine the equitable balance between the finality of judgments and the need to ensure substantial justice.  *See Clark* v. *Davis*, 850 F.3d 770, 780 (5th Cir. 2017); *In re ATP Oil & Gas Corp.*, 544 B.R. 607, 614 (Bankr. S.D. Tex. 2016).  The "extraordinary circumstances" requirement is necessarily flexible, but the Fifth Circuit has explained that it encompasses situations where the interests of justice strongly favor relief and

where no other subsection of Rule 60(b) applies.  *See Diaz* v. *Stephens*, 731 F.3d 370, 375 (5th Cir. 2013).

48.    This case presents exactly the kind of extraordinary circumstances that Rule 60(b)(6) was designed to address.  The Supplemental Dismissal Order was expressly entered to give the Chapter 7 Trustee authority to sell the assets of FSS.  The Court has since stated, both on the record and in subsequent rulings, that the Supplemental Dismissal Order is "null and void" because the contemplated sale of such assets will not occur pursuant to a Bankruptcy Court process.  *See* Hr'g. Tr. 14:13–16, 14:22–24, Feb. 5, 2025.  Further, this Court, in administering the Chapter 7 Estate, has already determined that state court was a proper forum for the Sandy Hook Families to, among other things, pursue remedies against FSS.  Against this factual backdrop, the Debtor's continued invocation of the Supplemental Dismissal Order as if it remains operative in an effort to forestall the Sandy Hook Families' enforcement actions is wholly inequitable.  Such misuse of the now-void Supplemental Dismissal Order is well within the parameters of an "extraordinary circumstance" warranting relief under Rule 60(b)(6).

49.    The other elements of Rule 60(b)(6) are also satisfied.  This Motion is filed well within a reasonable time of the Court's statements and orders concerning the Supplemental Dismissal Order, and soon after the Debtor's misuse of the Supplemental Dismissal Order in the State Court Action.  *See Ruiz*, 653 F. Supp. 3d at 336–37 (timeliness measured in context of events giving rise to motion).  The relief sought herein will not undermine the finality of the Jones Bankruptcy Case; to the contrary, it will reinforce the Court's own pronouncements that the Supplemental Dismissal Order no longer governs the FSS assets and that creditors are free to pursue their rights in state court.  *See Clark* v. *Davis*, 850 F.3d 770, 780 (5th Cir. 2017) (relief appropriate where necessary to prevent inequity and ensure substantial justice).  In short, granting

relief under Rule 60(b)(6) is not only consistent with the Court's intent, but essential to prevent ongoing confusion and the inequitable use of a void order to frustrate lawful state-court enforcement efforts.

## **NOTICE**

50.   Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

WHEREFORE, the Sandy Hook Families request that the Court enter an order (i) reconfirming that the Supplemental Dismissal Order has no force or effect, (ii) confirming that FSS's assets are not property of the Chapter 7 Estate, and (iii) confirming that any automatic stay applicable in the Jones Bankruptcy Case does not apply to FSS or its assets.

*[Remainder of Page Intentionally Left Blank]*

Dated:  September 26, 2025

Respectfully submitted,

<table>
<tr>
<td>

*/s/ Stuart R. Lombardi*

**WILLKIE FARR & GALLAGHER LLP**
Jennifer J. Hardy
State Bar No. 24096068
600 Travis Street
Houston, TX 77002
Telephone: (713) 510-1766
Fax: (713) 510-1799
E-mail: jhardy2@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
Stuart R. Lombardi (admitted *pro hac vice*)
Ciara A. Sisco (admitted *pro hac vice*)
Deanna Drenga (admitted *pro hac vice*)
787 Seventh Avenue New York, NY 10019
Telephone: (212) 728-8000
Fax: (212) 728-8111
E-mail: slombardi@willkie.com
      csisco@willkie.com
      ddrenga@willkie.com

**LAWSON & MOSHENBERG PLLC**
Avi Moshenberg
State Bar No. 24083532
801 Travis Street, Suite 2101, #838
Houston, TX 77002
Telephone: (713) 449-9644
E-mail: avi.moshenberg@lmbusinesslaw.com

**BRADLEY ARANT BOULT CUMMINGS LLP**
Jarrod B. Martin
State Bar No. 24070221
600 Travis Street, Suite 5600
Houston, TX 77002
Telephone: (713) 576-0388
Fax: (713) 576-0301
E-mail: jbmartin@bradley.com

***Co-Counsel to the Texas Families***

</td>
<td>

*/s/ Ryan E. Chapple*

**CAIN & SKARNULIS PLLC**
Ryan E. Chapple
State Bar No. 24036354
303 Colorado Street, Suite 2850
Austin, TX 78701
Telephone: (512) 477-5000
Fax: (512) 477-5011
E-mail: rchapple@cstrial.com

**KOSKOFF KOSKOFF & BIEDER, PC**
Alinor C. Sterling (admitted *pro hac vice*)
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone: (203) 336-4421
E-mail: asterling@koskoff.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Kyle J. Kimpler (admitted *pro hac vice*)
Paul Paterson (admitted *pro hac vice*)
Daniel S. Sinnreich (admitted *pro hac vice*)
Vida J. Robinson (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
E-mail: kkimpler@paulweiss.com
      ppaterson@paulweiss.com
      dsinnreich@paulweiss.com
      virobinson@paulweiss.com

***Co-Counsel to the Connecticut Families***

</td>
</tr>
</table>

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served electronically upon those parties receiving the Court's ECF e-mail and via first class mail on the parties on the attached service list on this 26th day of September, 2025.

_/s/ Ryan E. Chapple_
Ryan E. Chapple

## **CERTIFICATE OF ACCURACY**

I hereby certify that the foregoing document is accurate.

_/s/ Ryan E. Chapple_
Ryan E. Chapple
