THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § § § | Chapter 7 |
| ALEXANDER E. JONES, | § § | Case No. 22-33553 (CML) |
| Debtor. | § § § | |

**ORDER CONFIRMING THAT FSS ASSETS
ARE NOT SUBJECT TO THE AUTOMATIC STAY
[Related to Docket No. _____ ]**

Upon consideration of the motion (the "Motion")[24] of the Sandy Hook Families, pursuant to sections 105(a), 362(d), and 541 of title 11 of the United States Code (the "Bankruptcy Code"), seeking the entry of this order (i) reconfirming that the Supplemental Dismissal Order is null and void and is of no force or effect, (ii) confirming that FSS's assets are not property of the Chapter 7 Estate, and (iii) confirming that any automatic stay applicable in the Jones Bankruptcy Case does not apply to FSS or its assets; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C.§ 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1408; and this Court having found that the relief requested in the Motion is appropriate; and this Court having found that the Sandy Hook Families' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the

---

[24] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and upon all of the proceedings had before this Court; and it appearing, upon due deliberation, that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief requested in the Motion, it is **HEREBY ORDERED THAT**:

1. The relief requested in the Motion is granted and approved.

2. All objections, statements, and reservations of rights related to the Motion or the relief granted herein that have not been withdrawn with prejudice, waived, or settled are overruled and denied on the merits with prejudice.

3. The Supplemental Dismissal Order was rendered null and void as of February 5, 2025. The Supplemental Dismissal Order remains null and void in all respects and for all purposes.

4. The assets of FSS are not property of the Chapter 7 Estate of debtor Alexander E. Jones.

5. The automatic stay imposed under section 362(a) of the Bankruptcy Code in respect of the Jones Bankruptcy Case does not apply to FSS or any of FSS's assets. The Chapter 7 Trustee is authorized to transfer any FSS assets it holds to any duly appointed receiver appointed over FSS in the State Court Action.

Houston, Texas
Dated: _____

                                                        CHRISTOPHER LOPEZ
                                                        UNITED STATES BANKRUPTCY JUDGE