IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: ALEXANDER E. JONES | § § § § § | CASE NO. 22-33553 (CML) |
| Debtor | | Chapter 7 |

**OBJECTION TO EMERGENCY RELIEF IN THE SANDY HOOK FAMILIES'
EMERGENCY JOINT MOTION FOR ENTRY OF AN ORDER CONFIRMING
THAT FSS ASSETS ARE NOT SUBJECT TO THE AUTOMATIC STAY
[RELATED DKT #1241]**

TO THE HONORABLE CHRIS LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

Debtor Alexander E. Jones ("Jones") and Judgment Debtor Free Speech Systems, LLC ("FSS") (collectively "Movants") jointly files this Objection to the Plaintiff's "Emergency Joint Motion for Entry of an Order Confirming That FSS Assets are Not Subject to the Automatic Stay" (as assets of the Chapter 7 Estate of Alexander E. Jones administered by Trustee Chris Murray) (the "Joint Emergency Motion"), and would show that there is no basis for scheduling an emergency hearing.

**I.
PRELIMINARY STATEMENT**

1. The Connecticut and Texas Plaintiffs ("Plaintiffs") have filed a Joint Emergency Motion on Friday, September 26, 2025, seeking an order of this court *Confirming* The FSS Assets are not Subject to the Automatic Stay [Dkt #1241]. The basis of the Motion is that these Plaintiffs allege this Court voided the Supplemental Order entered September 24, 2024 (FSS Dkt #1021) [the "Supplemental Order"][1] on February 5, 2025, *while the Texas Plaintiffs' appeal of the*

---

[1] Upon the conversion of the Jones Chapter 11 to Chapter 7, and the dismissal of FSS from its Chapter 11 case, this Court entered two Orders – the Initial Cash Order [FSS Dkt #956] and Supplemental Order [FSS Dkt #1021] (herein the "Supplemental Order"), vesting all FSS assets and records which were and remain within the exclusive jurisdiction of this Court.

*Supplemental Order was pending at the District Court.*[2]

2.     According to these Plaintiffs, the Chapter 7 Trustee no longer has any interest in the assets this Court "vested" in the Chapter 7 Trustee's Estate of Alexander E. Jones by that Supplemental Order.  Movants vigorously disagree.

3.     **_THERE IS NO EMERGENCY FOR THIS REQUESTED DECLARATORY RELIEF_**.  This is the first occasion that Plaintiffs have alleged <u>to this Court</u> that the Court actually voided the Supplemental Order on February 5, 2025, *while the Supplemental Order was on appeal*.  Movants believe this alleged "Emergency" is tactical, inasmuch as the Appellants' Brief to the Austin Court of Appeals on the Merits of the Jones and FSS appeal of the Turnover Order and Receivership Order is due on Thursday, October 2, 2025, the day after the requested "Emergency Hearing."

4.     Over the past 8 months from February 5, 2025 the Plaintiffs have had no restriction that would have prevented them seeking months ago the declaration they now seek.  In fact, this issue was raised and the Court clarified and clearly ruled on June 5, 2025 that it had not voided the Supplemental Order. [*See, infra* Note 3].  Plaintiffs have made no objection until now to that clarifying order and, importantly, the Emergency Motion does not even mention this Court's clear

---

[2]     Of course, precisely the opposite occurred on February 5, 2025. Although this Bankruptcy Court did indicate, out of expressed frustration with the manner in which the auctions and then a "settlement" was conducted, that the Court would void the Supplemental Order, this Court, after those remarks, clarified *in the same hearing on February 5, 2025*, that the Bankruptcy Court did not have jurisdiction to void the Supplemental Order because it was on appeal:

```
15          ….           No, I should back up and mention that the
16     supplemental order was appealed by the Texas families.  I
17     think that matter is still pending.
18         Mr. JORDAN:   It is, Judge.
19         THE COURT:   I lose jurisdiction over that
20     immediately.
```

statements that none of its comments voided of the Supplemental Order.[3]

5.      Nothing in the Emergency Motion suggests that any true emergency exists. The fact that the Austin Court of Appeals may continue the stay it granted in favor of Movants in their appeal is certainly not a legitimate emergency relief.

6.      Movants request that this Emergency Motion be placed on this Court normal docket affording Movants a full opportunity to respond to the Plaintiffs' numerous conflated, confusing,

---

[3]    This Court made clear in the June 5, 2025 hearing that the Court had not modified, much less revoked or voided, the Supplemental Order. This was reiterated in the record on several occasions where the Court stated the following:

```
8        THE COURT:   I don't think I modify the order --
9        MR. JORDAN:  You didn't.
10       THE COURT:   -- back in February.
11       MR. JORDAN:  No.
12       THE COURT:   The question is, do I do it now?  It's
13   the question you're telling me.
```

June 5, 2025 Tr., p. 47, lines 8-13. This Court repeated the fact that it did not have jurisdictional authority to nullify the Supplemental Order, not once but several times, including:

```
5              The matter was currently pending.  That order was
6    currently pending on appeal at the time, so I couldn't revoke
7    one way or the other, right?  Once bankruptcy, once an appeal
8    is filed, the Court loses jurisdiction over that.  What I
...
23       that I sold and so I haven't revoked anything.  I didn't have
24       authority to do it anyway, but to me, putting up another
```

June 5, 2025 Tr. p. 40, l: 5-8, 23-24. There is no ambiguity in the Court's ruling. The Supplemental Order remains valid, acknowledging that all he denied was the Plaintiffs attempt to control the auction of the FSS assets:

```
10         THE COURT:   No, I agree.  I don't know how people
11   are construing it.  Maybe I can provide some clarity there.
12   There is an order out there.  That order, there was a sale, a
13   proposed sale under that order.  He didn't -- I denied it.
```

June 5, 2025 Tr., p. 48:10-13.

and misleading allegations of this Court's rulings and comments.

WHEREFORE, Alexander E. Jones and Free Speech Systems, LLC, request that the Emergency Motion be continued on this Court normal docket, and for such other and further relief to which the Movants may be justly entitled, both at law and in equity.

Dated: September 29, 2025

*/s/ Shelby A. Jordan*
SHELBY A. JORDAN
State Bar No. 11016700
S.D. No. 2195
ANTONIO ORTIZ
State Bar No. 24074839
S.D. No. 1127322
Jordan & Ortiz, P.C.
500 North Shoreline Blvd., Suite 804
Corpus Christi, TX  78401
Telephone: (361) 884-5678
Facsimile:  (361) 888-5555
Email:  sjordan@jhwclaw.com
    aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com
**CO-COUNSEL FOR ALEX JONES and FSS**

BEN C. BROOCKS
State Bar No. 03058800
Federal Bar No. 94507
WILLIAM A. BROOCKS
St. Bar No. 24107577
Federal Bar No. 3759653
BROOCKS LAW FIRM PLLC
248 Addie Roy Road, Suite B301
Austin, Texas 78746
Phone: (512) 201-2000
Fax: (512) 201-2032
Email: bbroocks@broockslawfirm.com
**CO-COUNSEL FOR ALEX JONES And FSS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices via the Court's ECF noticing system on September 29, 2025.

                                          */s/ Shelby A. Jordan*
                                          Shelby A. Jordan