United States Bankruptcy Court
Southern District of Texas

**ENTERED**

October 01, 2025

Nathan Ochsner, Clerk

**THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § § § § | Chapter 7 |
| ALEXANDER E. JONES, | § § | Case No. 22-33553 (CML) |
| Debtor. | § § § | |

**EXHIBIT
1**
Alexander E. Jones; 22-33553

exhibitsticker.com

**ORDER CONFIRMING THAT FSS ASSETS ARE
NOT SUBJECT TO THE AUTOMATIC STAY**
**[Related to ECF No. 1241]**

Upon consideration of the motion (the "Motion") of the Sandy Hook Families, pursuant

to sections 105(a), 362(d), and 541 of title 11 of the United States Code (the "Bankruptcy Code"),

seeking the entry of this order (i) reconfirming that the Supplemental Dismissal Order is null and

void and is of no force or effect, (ii) confirming that FSS's assets are not property of the Chapter

7 Estate, and (iii) confirming that any automatic stay applicable in the Jones Bankruptcy Case

does not apply to FSS or its assets; and this Court having jurisdiction over this matter pursuant to

28 U.S.C. § 1334 and the Amended Standing Order; and this Court having found that this is a

core proceeding pursuant to 28 U.S.C.§ 157(b)(2); and this Court having found that it may enter

a final order consistent with Article III of the United States Constitution; and this Court having

found that venue of this proceeding and the Motion in this district is proper pursuant to

28 U.S.C. § 1408; and this Court having found that the relief requested in the Motion is

appropriate; and this Court having found that the Sandy Hook Families' notice of the Motion and

opportunity for a hearing on the Motion were appropriate under the circumstances and no other

notice need be provided; and this Court having reviewed the Motion and having heard the

statements in support of the relief requested therein at a hearing before this Court (the "Hearing");

and upon all of the proceedings had before this Court; and it appearing, upon due deliberation,

that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for

the relief requested in the Motion, it is **HEREBY ORDERED THAT FOR ALL THE**

**REASONS STATED ON THE RECORD AT THE OCTOBER 1, 2025 HEARING**:

1.  The automatic stay imposed under Section 362(a) of the Bankruptcy Code in the Jones Bankruptcy Case does not apply to FSS or any of FSS's assets because these assets are not property of the Jones bankruptcy estate under Section 541 of the Bankruptcy Code.

Signed: October 01, 2025

Christopher Lopez
United States Bankruptcy Judge