**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| ALEXANDER E. JONES, | ) |
| | ) Case No. 22-33553 |
| Debtor. | ) |
| | ) Judge Christopher M. Lopez |

**JOINT OBJECTION OF**
**THE SANDY HOOK FAMILIES TO ALEXANDER E. JONES'S**
**MOTION FOR RECONSIDERATION AND REHEARING OF THIS**
**COURT'S ORDER CONFIRMING THAT FSS ASSETS ARE NOT PROPERTY**
**OF THE ESTATE OF ALEXANDER E. JONES AND NOT SUBJECT TO THE**
**AUTOMATIC STAY [Dkt. No. 1251] AND RENEWED REQUEST FOR THE PENDING**
**RELIEF OF A PRIVATE SALE OF THE FSS ASSETS FOR CASH [Dkt. No. 1131, 1248]**

The Connecticut Families[1] and the Texas Families[2] (together the "Sandy Hook Families"),

as creditors and parties in interest in the above-captioned case, file this opposition in response to

the *Motion for Reconsideration and Rehearing of This Court's Order Confirming That FSS Assets*

*Are Not Property of the Estate of Alexander E. Jones and Not Subject to the Automatic Stay*

*[Dkt. No. 1251] and Renewed Request for the Pending Relief of a Private Sale of the FSS Assets*

*for Cash [Dkt. No. 1131, 1248]* [Docket No. 1259] (the "Motion"), filed by Alexander E. Jones

("Jones").

---

[1] The "Connecticut Families" are Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Erica Ash.
[2] The "Texas Families" are Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and the Estate of Marcel Fontaine.

The Sandy Hook Families oppose the relief requested by Jones for the reasons set forth in their prior pleadings[3] and for the reasons articulated by the Court on at least four occasions.  As with prior pleadings, the Sandy Hook Families will not respond to the factual mischaracterizations made in the Motion as they are not relevant to the Court's determination on the merits.  Needless to say, the Sandy Hook Families disagree with Jones's misrepresentations of the facts in the Motion.

A motion for reconsideration[4] "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet* v. *HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004) (internal citations omitted).  Yet, that is all Jones offers through his Motion.  The Fifth Circuit has warned that altering, amending, or reconsidering a judgment under FRCP 59(e) is "an extraordinary remedy" that "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  *Id.*  Jones fails to identify any intervening change in controlling law, any

---

[3] *See Joint Objection of the Sandy Hook Families to Alexander E. Jones's Motion for Reconsideration of This Court's Determination That No Auction of Free Speech Systems' Assets Will Be Conducted By the Jones Chapter 7 Estate* [Docket No. 1150]; *The Sandy Hook Families' Emergency Joint Motion For Entry of an Order Confirming That FSS Assets Are Not Subject to the Automatic Stay* [Docket No. 1241].

[4] The Federal Rules of Civil Procedure (the "FRCP") do not specifically provide authority for a motion for reconsideration.  *See Hamilton* v. *Williams*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). However, reconsideration may be sought as a motion to alter or amend judgment under FRCP 59(e) or for relief from judgment or order under FRCP 60(b).  *See Osterneck* v. *Ernst & Whinney*, 489 U.S. 169, 174 (1989).  Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") incorporates FRCP 59, and Bankruptcy Rule 9024 incorporates FRCP 60.  *Id.*  Jones elected to proceed under both FRCP Rules 59(e) and 60.  (Motion, ¶¶ 44-47).  Under FRCP 59(e), "[a] motion to alter or amend the judgment under [FRCP] 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'"  *Rosenzweig* v. *Azurix Corp*., 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon* v. *United State*s, 891 F.2d 1154, 1159 (5th Cir. 1990)).  Under FRCP 60(b), a party may seek relief from a final judgment where, among other reasons, there was: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to file a motion under Rule 59; or (3) fraud, misrepresentation, or misconduct by the opposing party.  FRCP 60(b)(6) allows for relief for "any other reason that justifies relief" and is "a catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions."  *Hess* v. *Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).  The movant must show extraordinary circumstances for relief to be granted under Rule 60(b)(6).  *Id.*

clear error in the ruling, or manifest injustice caused thereby.  Further, Jones does not come close to identifying extraordinary circumstances that warrant review under FRCP 60(b)(6).

Rather, Jones again seeks relief that this Court has denied multiple times, including at the most recent hearing held by this Court on October 1, 2025 and the subsequent order entered by the Court confirming that the assets of Free Speech Systems, LLC ("FSS") are not part of Jones's chapter 7 estate and not subject to the automatic stay.[5]  At that hearing, the Court explained that "[Jones] can't be surprised that I've said that an asset against a dismissed debtor is not property of the estate. . . . I've also said that parties would be entitled to their collection remedies. I know I've said that on several occasions."  Oct. 1, 2025 Hr'g Tr. 34:25–35:10.  Since early February 2025, the Court has explicitly told the parties that they "can consider any use of the supplemental order null and void, because the purpose for which it served was the auction of the assets, and we're not doing that anymore."  *See* Feb. 5, 2025 Hr'g Tr. 14:14–15; *see id.* 12:23–13:5 (explaining that the Court did not enter an allowed claim against FSS after dismissal of the case because "I can't do that. I cannot do that. I don't have authority to do it. And I'm not going to use the supplemental order, which was used for one purpose and one purpose alone, and that purpose is now gone. . . . I'm not allowing a sale of the assets anymore.").  The Court denied subsequent efforts to sell the assets of FSS through this case. *See Order Denying FUAC's Motion Seeking Leave to File a Motion Approving the Sale of FSS Assets and Request for Status Conference* [Docket No. 1121] ("This Court said at a hearing on February 6, 2025 that it would not allow a sale of FSS assets, and that parties should consider the Court's supplemental order null and void for the reasons stated at the hearing. Nothing has changed.").

---

[5] *Order Confirming That FSS Assets Are Not Subject to the Automatic Stay* [Docket No. 1251] (the "Order").

Once again, nothing has changed.  On October 1, 2025, the Court confirmed that FSS's assets are "not property of the estate, and it's not subject to the automatic stay. It's just not, and this is a non-debtor asset."  Oct. 1, 2025 Hr'g Tr. 23:12–14; *see also* Order at 2 ("The automatic stay does not apply to FSS or any of FSS's assets because these assets are not property of the Jones bankruptcy estate under Section 541 of the Bankruptcy Code.").  With respect to the Supplemental Order,[6] the Court reiterated that it "can deem something to be treated as property of the estate, so Mr. Murray has the authority to go exercise it and try to go sell it.  But what I said in the last hearing was I'm not authorizing any sales anymore.  So the effect of this order was to void it because I'm not approving any sales."  Oct. 1, 2025 Hr'g Tr. 10:20–25.  The Supplemental Order served one purpose—facilitating a sale the Court has since disallowed.  As the Court has repeatedly explained, the purpose of the Supplemental Order is moot and the parties can no longer rely on the Supplemental Order to seek any relief, including a sale of FSS's assets.

Jones's claims that the Court has taken a new stance regarding the Supplemental Order ring hollow in light of the record dating back to at least February of this year.  In addition, Jones fails to identify any legal arguments warranting reversal of the Court's decision on the merits.  His arguments revolve around the application of *Segal v. Rochelle*, 382 U.S. 375, 380, 86 S. Ct. 511, 15 L. Ed. 2d 428 (1966).  Jones already raised *Segal* at the October 1, 2025 hearing prior to entry of the Order and the Court rejected his arguments.  Oct. 1, 2025 Hr'g Tr. 24:24–25:3.  Jones also had an opportunity to raise these arguments in opposition to the Sandy Hook Families' *Emergency Joint Motion for Entry of an Order Confirming that FSS Assets Are Not Subject to the Automatic*

---

[6] "Supplemental Order" means the *Order Supplementing Order Dismissing Case*, Case No. 22-60043 [Docket No. 1021].

*Stay* [Docket No. 1241].  He failed to do so and should not be allowed to get a second bite at the

apple through a motion for reconsideration.[7]

Given the repeated presentation of arguments the Court has already rejected and Jones's

failure to raise any extraordinary circumstances or case law warranting reconsideration, the Sandy

Hook Families respectfully request that the Court deny the Motion with prejudice.[8]

[*Signature Page Follows*]

---

[7] In any event, Jones's reliance on *Segal* is misplaced.  *Segal* addresses whether certain post-petition entitlements flowing from claims "sufficiently rooted in the pre-bankruptcy past" should be regarded as property which forms part of a bankruptcy estate; it does not transform a non-debtor's assets into property of a debtor's estate under section 541 of the Bankruptcy Code, nor does it extend the automatic stay to non-debtor property.

[8] A denial of reconsideration necessarily forecloses any further request premised on treating FSS's assets as property of the Jones estate —including Jones's renewed request to sell FSS's assets pursuant to this Court's authority.

Dated:  October 29, 2025

/s/ Jennifer J. Hardy

**WILLKIE FARR & GALLAGHER LLP**
Jennifer J. Hardy
State Bar No. 24096068
600 Travis Street
Houston, TX 77002
Telephone: (713) 510-1766
Fax: (713) 510-1799
E-mail: jhardy2@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
Stuart R. Lombardi (admitted *pro hac vice*)
Deanna Drenga (admitted *pro hac vice*)
787 Seventh Avenue New York, NY 10019
Telephone: (212) 728-8000
Fax: (212) 728-8111
E-mail: slombardi@willkie.com
ddrenga@willkie.com

**LAWSON & MOSHENBERG PLLC**
Avi Moshenberg
State Bar No. 24083532
801 Travis Street, Suite 2101, #838
Houston, TX 77002
Telephone: (713) 449-9644
E-mail:
avi.moshenberg@lmbusinesslaw.com

**BRADLEY ARANT BOULT CUMMINGS LLP**
Jarrod B. Martin
State Bar No. 24070221
600 Travis Street, Suite 5600
Houston, TX 77002
Telephone: (713) 576-0388
Fax: (713) 576-0301
E-mail: jbmartin@bradley.com

*Co-Counsel to the Texas Families*

/s/ Ryan E. Chapple

**CAIN & SKARNULIS PLLC**
Ryan E. Chapple
State Bar No. 24036354
303 Colorado Street, Suite 2850
Austin, TX 78701
Telephone: (512) 477-5000
Fax: (512) 477-5011
E-mail: rchapple@cstrial.com

**KOSKOFF KOSKOFF & BIEDER, PC**
Alinor C. Sterling (admitted *pro hac vice*)
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone: (203) 336-4421
E-mail: asterling@koskoff.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Kyle J. Kimpler (admitted *pro hac vice*)
Paul Paterson (admitted *pro hac vice*)
Daniel S. Sinnreich (admitted *pro hac vice*)
Vida J. Robinson (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
E-mail: kkimpler@paulweiss.com
ppaterson@paulweiss.com
dsinnreich@paulweiss.com
virobinson@paulweiss.com

*Co-Counsel to the Connecticut Families*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing objection has been served on counsel for the Debtor, the Debtor, and all parties receiving or entitled to notice through CM/ECF on this 29th day of October, 2025.

*/s/ Ryan E. Chapple*
Ryan E. Chapple