UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re:** § | |
| § | **Chapter 7** |
| **ALEXANDER E. JONES,** § | |
| § | **Case No. 22-33553 (CML)** |
| Debtor. § | |
| § | |

**TRUSTEE'S MOTION FOR AUTHORIZATION FOR TURNOVER OF FSS FUNDS TO STATE COURT RECEIVER AND RESERVATION OF RIGHTS**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

Christopher Murray, as chapter 7 trustee (the "*Trustee*") of the bankruptcy estate (the "*Estate*") of debtor Alexander E. Jones (the "*Debtor*" or "*Jones*") in this case, files this Motion (the "*Response*") to turn over Free Speech Systems, LLC ("*FSS*") funds held by the Trustee to Gregory S. Milligan (the "*Receiver*") of HMP Advisory Holdings, LLC dba Harney Partners, the Texas state court-appointed receiver, pursuant to the state court's receivership order and respectfully states as follows:

**PRELIMINARY STATEMENT**

1. This Court has made clear that the automatic stay does not apply to the assets of FSS [Docket No. 1251]. On October 20, 2025, the 261st District Court, Travis County, Texas issued an *Order Granting Application for Post-Judgment Turnover and Appointment of Receiver as to Judgment Debtor Free Speech Systems, LLC* attached hereto as **Exhibit 1** (the "*Receivership*

1

17949540

*Order*") in *Neil Heslin and Scarlett Lewis v. Alex Jones and Free Speech Systems, LLC*, Case No. D-1-GN-18-001835 (the "**State Court Case**").

2. The Receivership Order provides that the property to be turned over to the Receiver includes financial accounts, provided that such turnover is not "inconsistent with the pending Jones Bankruptcy Case, including seeking relief with respect to assets that constitute property of the Chapter 7 Estate unless approved by the Bankruptcy Court." Receivership Order at 3. The Receivership Order further states that "All third parties in possession of any Turnover Property that is subject to any Judgment Debtor's control shall turnover such property to Receiver". *Id*. at 4.

3. The Trustee is in possession of $3,981,842.36 in FSS cash and accrued interest (together with any interest that may subsequently accrue thereon, the "**FSS Funds**"), which are covered by the Receivership Order. In order to comply with the terms of the Receivership Order and further the administration of this bankruptcy case, the Trustee seeks authorization by this Motion to turnover the FSS cash to the Receiver.

## JURISDICTION AND VENUE

4. The United States Bankruptcy Court for the Southern District of Texas has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. 1408.

6. The statutory bases for relief are sections 105 and 704(a) of title 11 of the United States Code (the "**Bankruptcy Code**").

17949540

**BACKGROUND**

7. The Trustee was appointed upon the conversion of this case on June 14, 2024. Docket No. 709.

8. Also on June 14, 2024 (the "*Dismissal Date*"), the Court dismissed the chapter 11 case of FSS, but retained jurisdiction over certain FSS matters and cash. Hr'g Tr. 205-207 (June 14, 2024); Case No. 22-60043, Docket No. 956 (the "*Original Dismissal Order*"). Control of signing authority over FSS's bank accounts was transferred to the Trustee by the Court. Case No. 22-60043, Docket No. 956 ¶ 3.

9. Upon his appointment in June 2024, as directed, the Trustee took control of FSS's cash and, during 2024, transferred some FSS cash from FSS's operating bank accounts into an Estate bank account at Veritex Bank. From that account, he paid Court-approved FSS professional fees, settlement amounts, and limited operational expenses of FSS such as payroll and inventory costs. *See, e.g.,* Case No. 22-60043, Docket Nos. 1015 and 1026. The accounts held by the Estate containing the FSS Funds in cash are in the Trustee's name at two Veritex Community Bank accounts with account numbers ending -5302 and -5305.

10. On August 4, 2025, the Debtor filed a *Partial Removal of Civil Action and Notice of Partial Removal of a Civil Action and Contemporaneous Motion to Transfer Venue to the "Home" Court* in the United States Bankruptcy Court for the Western District of Texas (Case No. 25-01034, Docket No. 1), seeking to remove the Connecticut Plaintiffs' and Texas Plaintiffs' *Application for Post-Judgment Turnover Order and Appointment of Receiver as to Judgment Debtors Alexander E. Jones and Free Speech Systems, LLC* filed in state district court of Travis County, Texas, Case No. D-1-GN-18001835. This notice of removal was filed after the Court entered the *Stipulation and Agreed Order Regarding Remand* in Adv. No. 24-03228 (Docket No.

45) and the *Stipulation and Agreed Order Regarding Remand* in Adv. No. 24-03229 (Docket No. 44), related to the Texas Plaintiffs' garnishment action and turnover action, respectively, related to FSS.  The stipulations and agreed orders remanded those actions to state court, subject to certain limited conditions related to this Court's jurisdiction over the Trustee.

11. On August 13, 2025, the 261st District Court, Travis County, Texas entered a receivership order for the benefit of the Connecticut Families, appointing a receiver over FSS assets.  On August 18, 2025, the Debtor filed a Notice of Appeal pursuant to which the Debtor sought to appeal the receivership order to the Texas Appellate Court and filed an emergency motion on August 27, 2025 to stay the receivership order pending appeal.  The Texas Appellate Court granted a temporary stay of the receivership order on August 28, 2025.

12. On October 1, 2025, the Court entered the *Order Confirming that FSS Assets Are Not Subject to the Automatic Stay* [Docket No. 1251] (the "**Automatic Stay Order**"), ordering that the automatic stay does not apply to FSS or any of FSS's assets "because these assets are not property of the Jones bankruptcy estate under Section 541 of the Bankruptcy Code." Docket No. 1251 ¶ 1.

13. On October 20, 2025, the Texas District Court entered the second Receivership Order.

14. The Estate owns 100% of the equity interest in FSS.  The Trustee filed a notice of abandonment of the Estate's 100% ownership interest in FSS [Docket No. 1254] to which the Texas and Connecticut Families objected [Docket No. 1269].

15. On October 8, 2025, Jones filed a motion to reconsider the Automatic Stay Order [Docket No. 1259], which the Court denied [Docket No. 1271].

16. The Trustee is holding the FSS Funds in two accounts—the first account is cash from FSS operating accounts, and the second account is FSS cash from a FSS crypto account. No money has gone out of these accounts for a non-FSS purpose or without a court order approving the transfer of cash from these accounts.

## RELIEF REQUESTED

17. The Trustee requests authorization to turnover FSS Funds to the Receiver pursuant to the Receivership Order, including any interest that has accrued or continues to accrue on the FSS Funds held by the Trustee prior to transfer.

## BASIS FOR RELIEF

18. Section 704 of the Bankruptcy Code requires a Trustee to close the debtor's estate as expeditiously as is "compatible with the best interests of parties in interest" and "be accountable for all property received." 11 U.S.C. § 704(a)(1), (2). As the Automatic Stay Order made clear, the FSS assets are not subject to the automatic stay, which includes the FSS cash in the Trustee's possession. The Trustee has held the FSS cash pursuant to the Original Dismissal Order. The Receivership Order requires the Trustee's compliance, subject to this Court's approval. In order to comply with the Receivership Order, the Trustee requires authorization to transfer the FSS Funds to the Receiver.

## RESERVATION OF RIGHTS

19. Notwithstanding the foregoing, the Trustee reserves all rights related to the FSS Funds, including without limitations claims for setoff, recoupment, or reimbursement of the Jones bankruptcy Estate for fees and expenses incurred in the preservation and administration of FSS assets.

17949540

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form attached hereto authorizing the Trustee to transfer the FSS Funds to the Receiver, subject to the reservation of rights set forth herein.

Dated: November 14, 2025
Houston, Texas

          Respectfully submitted,

By: */s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl (Bar No. 24038592)
Michael B. Dearman (Bar No. 24116270)
Jordan T. Stevens (Bar No. 24106467)
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
mdearman@porterhedges.com
jstevens@porterhedges.com

*and*

Erin E. Jones (TX 24032478)
**JONES MURRAY LLP**
602 Sawyer Street, Suite 400
Houston, Texas 77007
Telephone: (832) 529-1999
Fax: (832) 529-3393
erin@jonesmurray.com

*Counsel for Christopher R. Murray, Chapter 7 Trustee*

17949540

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a copy of the foregoing document was served on November 14, 2025 on all parties receiving ECF service in the above-captioned case.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

17949540