Case 22-33553 Document 1271 Filed in TXSB on 11/04/25 Page 1 of 2

Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: ALEXANDER E. JONES | § § § § | CASE NO. 22-33553 (CML) |
| Debtor. | | Chapter 7 |

**ORDER DENYING MOTION FOR RECONSIDERATION AND REHEARING OF THIS COURT'S ORDER CONFIRMING THAT FSS ASSETS ARE NOT PROPERTY OF THE ESTATE OF ALEXANDER E. JONES AND NOT SUBJECT TO THE AUTOMATIC STAY
[Dkt. No. 1251]
AND RENEWED REQUEST FOR THE PENDING RELIEF OF A PRIVATE SALE OF THE FSS ASSETS FOR CASH
[Dkt. No. 1131, 1248[1]]**

Upon consideration of the Motion for Reconsideration and Rehearing of This Court's Order Confirming That FSS Assets are not Property of the Estate of Alexander E. Jones and Not Subject to the Automatic Stay [Dkt. No. 1251] and Renewed Request for the Pending Relief of a Private Sale of the FSS Assets for Cash [Dkt. No. 1131, 1248] (the "Motion") the record of this case, and the proceedings before the Court related to the Motion, if any, the Court finds that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the Motion is in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules of the Southern District of Texas, and orders and procedures of this Court; (v) there was proper and adequate notice of the Motion and no other or further notice is necessary under the circumstances; (vi) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and (vii) the relief sought in the Motion is in the best

---

[1] *See*, p. 51, p. 25 of Dkt. No. 1248.

interest of the Debtor, the Estate, and its creditors; and (viii) that the relief requested in Motion should be denied.

It is **ORDERED** that:

The Motion for Reconsideration and Rehearing of This Court's Order Confirming That FSS Assets are not Property of the Estate of Alexander E. Jones and Not Subject to the Automatic Stay [Dkt. No. 1251] and Renewed Request for the Pending Relief of a Private Sale of the FSS Assets for Cash [Dkt. No. 1131, 1248] is DENIED.

Jones provides nothing satisfying any prong of Rules 59 or 60(b). There are no facts or case law overlooked by this Court in ruling. There is no newly discovered evidence. There is no substantive mistake in law or fact that this Court made in rendering its decision. There is no extraordinary circumstance present or manifest injustice.

Signed: November 04, 2025

_____
Christopher Lopez
United States Bankruptcy Judge