IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: ALEXANDER E. JONES | § § § § § | CASE NO. 22-33553 (CML) |
| Debtor | | Chapter 7 |

## APPELLANT'S STATEMENT OF ISSUES

Alexander E. Jones for himself and his wholly owned company, Free Speech Systems, LLC (the "Appellants"), under Rule 8009 of the Federal Rules of Bankruptcy Procedure, submit the following statement of issues with respect to the appeal of this Court's Order Denying Motion for Reconsideration and Rehearing of This Court's Order Confirming That FSS Assets Are Not Property of the Estate of Alexander E. Jones and Not Subject to the Automatic Stay [Dkt. No. 1251] and Renewed Request for the Pending Relief of a Private Sale of the FSS Assets for Cash [Dkt. No. 1131, 1248] [Dkt. No. 1271] (the "Order"), entered November 4, 2025.

## STATEMENT OF ISSUES

1. Whether the Bankruptcy Court committed reversable error in its Order entered on October 1, 2025 [Dkt. No. 1251] (the "Order") wherein the Court determined that:

> "…for all the reasons stated on the record at the October 1, 2025, hearing: The Automatic Stay imposed under Section 362(a) of the Bankruptcy Code in the Jones Bankruptcy Case does not apply to FSS or any of FSS's assets because these assets are not property of the Jones Bankruptcy Estate under Section 541 of the Bankruptcy Code."

2. Whether the Court erred in determining that its own Orders, one dated June 21, 2024 [Dkt. No. 956] the "Dismissal Order") and the other dated September 25, 2024 [Dkt. No. 1021] (the "Supplemental Order") and expressly entered pursuant to 11 U.S.C. §349(b)(3), did not transfer to the Chapter 7 Estate of Alexander E. Jones any "property of the estate" because the

Dismissal Order and the Supplemental Order the did not transfer any title to the FSS Assets to the Chapter 7 Estate of Alex E. Jones, on "deemed transferred" such title.[1]

3. Whether the Court erred in determining that the Supplemental Order dated September 25, 2024 [Dkt. No. 1021] expressly entered pursuant to 11 U.S.C. §349(b), which Ordered that "all property of the estate of Debtor Free Speech Systems, LLC, shall be deemed to have vested in the bankruptcy estate of Alexander E. Jones, Cause No. 22-33553, as property of that estate pursuant to Section 541" did not afford the FSS assets the protections of the automatic stay.

4. Whether the Bankruptcy Court committed reversable error or abused its discretion in denying the relief sought by Appellant by its Motion filed May 28, 2025 (Dkt. No. 1131), and as requested again on September 30, 2024 (Dkt No. 1248), and denied by the October 1, 2025 Order [Dkt. No. 1251] in which Appellant sought to have the Bankruptcy Court reconsider its decision that no auction would be conducted for the Free Speech Systems, LLC asset.[2]

5. Whether the Bankruptcy Court committed reversable error or abused its discretion in denying the relief sought by Appellant by Appellants Motion for Reconsideration [Dkt. No. 1251] pursuant to Rule 7054(b) Bankruptcy Rules of Procedure ("BRP") incorporating in full Rule 54(b), Federal Rules of Civil Procedure ("FRCP"), its decision that no auction would be conducted for the Free Speech Systems, LLC asset.

---

[1] According to the Bankruptcy Court the language "Effective as of the date of this *pursuant to 349(b)*, all property of the estate shall be deemed to have vested in the estate as property of the estate.' So, it's deemed as property of the estate, *but that doesn't mean it's property of the estate*." [*See*, Dkt. No. 1255, October 1, 2025, Transcript, p. 7:10-15].

[2] Upon hearing on June 5, 2025, this Court announced that it may consider a private sale of the FSS Assets but announced it would take all matters under consideration for at least 60 days [Dkt. No. 1193, p. 65-66: 9-3]. That hearing occurred on June 17, 2025.

## RESERVATION OF RIGHTS

Appellants expressly reserve the right to withdraw, supplement, amend or modify this Statement of Issues. This filing is made expressly subject to, and without waiver of any and all rights, remedies, challenges, and objections.

Dated: December 1, 2025

                                              Respectfully Submitted,

                                              */s/ Shelby A. Jordan*
SHELBY A. JORDAN
State Bar No. 11016700
S.D. No. 2195
ANTONIO ORTIZ
State Bar No. 24074839
S.D. No. 1127322
Jordan & Ortiz, P.C.
500 North Shoreline Blvd., Suite 804
Corpus Christi, TX 78401
Telephone: (361) 884-5678
Facsimile: (361) 888-5555
Email: sjordan@jhwclaw.com
       aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com
**CO-COUNSEL FOR ALEX JONES and FREE SPEECH SYSTEMS, LLC**

BEN C. BROOCKS
State Bar No. 03058800
Federal Bar No. 94507
WILLIAM A. BROOCKS
St. Bar No. 24107577
Federal Bar No. 3759653
BROOCKS LAW FIRM PLLC
248 Addie Roy Road, Suite B301
Austin, Texas 78746
Phone: (512) 201-2000
Fax: (512) 201-2032
Email: bbroocks@broockslawfirm.com
**CO-COUNSEL FOR ALEX JONES And FREE SPEECH SYSTEMS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices via the Court's ECF noticing system on December 1, 2025.

/s/ *Shelby A. Jordan*
Shelby A. Jordan