**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **IN RE:  ALEXANDER E. JONES** | § | **CASE NO. 22-33553 (CML)** |
| | § | |
| Debtor | § | **Chapter 7** |

**ALEXANDER E. JONES RESPONSE TO TRUSTEE'S MOTION FOR
AUTHORIZATION FOR TURNOVER OF FSS FUNDS TO STATE
COURT RECEIVER AND RESERVATION OF RIGHTS [DKT. NO. 1274]
AND ALEXANDER E. JONES RESERVATION OF RIGHTS**

TO THE HONORABLE EDUARDO RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY
JUDGE:

Alexander E. Jones ("Debtor" or "Jones"), individually and on behalf of Free Speech
Systems, LLC ("FSS") timely files this Response to the Trustee's Motion for Authorization for
Turnover of FSS Funds to (putative) State Court Receiver and Alexander E. Jones and FSS
Reservation of Rights, as follows:

**I.
PRELIMINARY STATEMENT**

1.      Jones and FSS are currently awaiting the opinion of the Austin Court of Appeals
pending review of the Texas Plaintiffs State Court Judgment ("Texas Plaintiffs Judgment") which
Jones and FSS believe will be reversed.

2.      It is this appealed Texas Plaintiffs Judgment that gave rise to the October 20, 2025,
Order of the 261st District Court, Travis County, Texas *Order Granting Application for Post-Judgment
Turnover and Appointment of Receiver as to Judgment Debtor Free Speech Systems, LLC* attached to
the Trustee's Motion and this Response as **Exhibit 1** (the "***Texas Judgment Receivership***") in *Neil
Heslin and Scarlett Lewis v. Alex Jones and Free Speech Systems, LLC*, Case No. D-1-GN-18-001835
(the "**Heslin-Lewis State Court Case**") now on appeal. This second Texas Judgment Receivership

is now pending appeal to the Austin Court of Appeals by Jones and FSS, in which Jones and FSS will also seek a stay pending that appeal.

3.      The Texas Judgment Receivership is actually the second receivership Order issued by the Texas District Court, the first one in favor of the Connecticut Plaintiffs (the "**Connecticut Judgment Receivership**") is on appeal and has been stayed on appeal by the Austin Court of Appeals.

4.      In the event of a reversal of the Texas Plaintiffs Judgment the receivership will be terminated as null and void.  It is anticipated that such reversal by the Austin Court of Appeals will be appealed to the Texas Supreme Court.

5.      Additionally, Jones and FSS have appealed this Court's Order Denying Jones and FSS request to order a cash only §363 Auction of the FSS non-cash assets (the "October 2025 Order") [*See*, Notice of Appeal Dkt. No. 1275] to the Federal District Court and such appeal has been assigned to Judge Rosenthal.

6.      In each of these appealed Orders and consistently in this bankruptcy court, Jones and FSS actions have been solely directed to this Court's Order vesting the FSS assets in the Chapter 7 Estate administered by the Trustee Charles Murray, and the mandate of the bankruptcy code and this the Trustee promptly liquidate those assets.  Twice this Court has ordered the bankruptcy auction sale of those *non-cash assets*, and twice this Court has refused to approve the unorthodox joint efforts[1] of the Trustee, the Connecticut Plaintiffs and the Texas Plaintiffs to conduct such auction in a manner guaranteeing that the Connecticut and Texas Plaintiffs would be the successful bidders.

**II.
RESPONSE AND RELIEF**

---
[1]      More precisely, the initial auction was pursued by (i) a partner/joint venture between The Onion [a Bloomberg and Every Town supported anti-gun advocate parody website] and the individually named Connecticut Plaintiffs, along with (ii)  the Texas Plaintiffs and (iii) the Chapter 7 Truste.

7.     Jones and FSS sought by the Auction Motion an additional order of this Court compelling a cash only public auction to be administered by the Trustee pursuant to § 363 of the bankruptcy code and supervised by this Court.  Although this Court indicated in its comments in the June, 2025 hearing on the Jones/FSS Auction Motion that it would consider such auction sale order, ultimately this Court denied such request by Order made the subject of the above reference appeal.  In the event of the reversal of this Court's October 2025 Order denying Jones and FSS request for an Order for the Trustee to conduct a cash only auction, the Trustee's Estate will in fact be vested with the FSS assets and a public § 363 auction should be conducted to liquidate the assets of the Estate as contemplated by the bankruptcy code.[2]

8.     However, to remain consistent with the relief sought by Jones and FSS regarding the assets transferred by this bankruptcy court (both cash and non-cash assets) and the acknowledgment that cash is never auctioned, Jones and FSS have sought only an auction of the non-cash assets, which was its position in each Motion filed in this bankruptcy court.

9.     Accordingly, subject to the full and complete reservation of rights of Jones and FSS to recover all of their assets seized by the Texas Plaintiffs Judgment Receiver upon reversal of the underlying Texas Plaintiffs Judgment, Jones and FSS conditionally do not object to the transfer of the FSS cash funds held by the Chapter 7 Trustee Murray to the Texas Plaintiffs Receiver (as may be burdened with the non-waived obligation to return those funds pursuant to Texas law upon reversal of the underlying Texas Plaintiffs' Judgment).

10.    Notwithstanding anything in this Response, Jones and FSS expressly do not waive, alter or modify an rights, privileges, claims, causes of action, or other remedies to which either or both are entitled at law and in equity and whether direct, derivative, or indirectly held, and any

---

[2]     Both other alternatives (abandonment and stay-lift motions) require findings of "no equity" in the asset which is contrary to the facts of the estates ownership of these valuable assets.

standing to compel any third-party to protect such rights, upon the reversal of the Texas Plaintiffs

Judgment, including the right to demand the return of all FSS assets to the Chapter 7 Estate of

Alex E. Jones.

WHEREFORE, Jones and FSS submit this response and seek the requested relied and

preserve by non-waiver all matters above, and for all other relief to which Jones and FSS may be

justly entitled, both at law and in equity.

Dated: December 5, 2025

/s/ Shelby A. Jordan
SHELBY A. JORDAN
State Bar No. 11016700
S.D. No. 2195
ANTONIO ORTIZ
State Bar No. 24074839
S.D. No. 1127322
Jordan & Ortiz, P.C.
500 North Shoreline Blvd., Suite 804
Corpus Christi, TX 78401
Telephone: (361) 884-5678
Facsimile: (361) 888-5555
Email: sjordan@jhwclaw.com
         aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com
**CO-COUNSEL FOR ALEX JONES and FSS**

BEN C. BROOCKS
State Bar No. 03058800
Federal Bar No. 94507
WILLIAM A. BROOCKS
St. Bar No. 24107577
Federal Bar No. 3759653
BROOCKS LAW FIRM PLLC
248 Addie Roy Road, Suite B301
Austin, Texas 78746
Phone: (512) 201-2000
Fax: (512) 201-2032
Email: bbroocks@broockslawfirm.com
**CO-COUNSEL FOR ALEX JONES And FSS**

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices via the Court's ECF noticing system on December 5, 2025.

*/s/ Shelby A. Jordan*
Shelby A. Jordan