10/20/2025 02:39:47 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-18-001835

Exhibit
1

NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN and SCARLETT LEWIS,<br>Plaintiffs | § § § § | IN THE DISTRICT COURT |
| vs. | § § | TRAVIS COUNTY, TEXAS |
| ALEX E. JONES and<br>FREE SPEECH SYSTEMS, LLC,<br>Defendants | § § § § | 261st JUDICIAL DISTRICT |

**ORDER GRANTING APPLICATION FOR POST-JUDGMENT TURNOVER AND APPOINTMENT OF RECEIVER AS TO JUDGMENT DEBTOR FREE SPEECH SYSTEMS, LLC**

The Court has considered Judgment Creditors' Application for Post-Judgment Turnover and Appointment of Receiver as to Judgment Debtor Free Speech Systems, LLC (the Application) and the record properly before it.

**The Court FINDS that** it has jurisdiction over this proceeding and can proceed in granting the relief set forth herein immediately. *See* TEX. CIV. PRAC. & REM. CODE 31.002.

**The Court also FINDS that** the judgment rendered in Cause No. D-1-GN-18-001835 before the 261st Judicial District Court of Travis County, Texas (the Texas Families' Judgment) is valid, final, and payable. Judgment Debtor Free Speech Systems, LLC owes $50,043,923.80 under the Texas Families' Judgment. There have been no applicable credits, payments, or offsets.

**The Court also FINDS that** Judgment Debtor Alexander E. Jones (also referred to in this Order as Alex E. Jones and Alex Jones) filed for bankruptcy under chapter 11 of title 11 of the United States Code (the Bankruptcy Code) on December 2, 2022 (the Jones Petition Date) in the United States Bankruptcy Court for the Southern District of Texas (the Bankruptcy Court) pending as case no. 22-33553 (the Jones Bankruptcy Case).

Following a hearing on June 14, 2024, the Bankruptcy Court converted the Jones Bankruptcy Case from chapter 11 to chapter 7 and appointed Christopher R. Murray as chapter 7 trustee (the Trustee) for the applicable chapter 7 bankruptcy estate (the Chapter 7 Estate).

**The Court also FINDS that** the Judgment remains unsatisfied; that Judgment Debtor Free Speech Systems, LLC owns property that is not exempt from attachment, execution, or seizure for the satisfaction of the Judgments; and that Judgment Creditors are entitled to the Court's aid in reaching Judgment Debtors' nonexempt property to satisfy the Judgment.

**The Court also FINDS that** Judgment Debtor Free Speech Systems, LLC filed for bankruptcy under chapter 11 of the Bankruptcy Code on July 29, 2022 (the FSS Petition Date) in the Bankruptcy Court as case no. 22-60043 (the FSS Bankruptcy Case). Following a hearing on June 14, 2024, the Bankruptcy Court issued an order in the FFS Bankruptcy Case dismissing the FFS Bankruptcy Case and vesting authority in the Trustee to take control of Judgment Debtor Free Speech Systems, LLC, including its assets and bank accounts. *See* Dkt. 956 (June 21, 2024) and Dkt. 1021 (September 25, 2024), No. 22-60043 (Bankr. S.D. Tex.). As recognized by this Court, the September 25, 2024 order was later determined to be null and void. *See* Order On Plaintiffs' Objection to Net Worth Declaration and Motion for Sanctions (October 6, 2025), No. D-1-GN-18-001835. The Bankruptcy Court also ordered that the automatic stay imposed under the Bankruptcy Code in the Jones Bankruptcy case does not apply to FSS or any of FSS's assets because these assets are not property of the Jones bankruptcy estate under the Bankruptcy Code. Dkt. 1251 (September 25, 2024), No. 22-33553 (Bankr. S.D. Tex.).

Accordingly, the Application only seeks relief relating to the following (cumulatively, the Turnover Property):

    (i)    as to Judgment Debtor Free Speech Systems, LLC, all its assets (subject only to approval of the Trustee)

In this Order, the definition of "Turnover Property" also includes all additional and specific property or assets of any kind covered by the ordering paragraphs below. Judgment Creditors reserve all rights they may have to execute upon the Judgments in accordance with any prospective developments in any bankruptcy proceeding pertaining to the Judgment Debtors.

**The Court also FINDS that** the Judgment is final and remain unpaid. Based on the entire record, including the Application and evidence attached that is admitted in support of the Application, **the Court FINDS that** the Application should be granted.

It is therefore **ORDERED** that the Application is **GRANTED**, and Gregory S. Milligan of HMP Advisory Holdings, LLC dba Harney Partners (Receiver) is appointed under Texas Civil Practice and Remedies Code § 31.002 with authority to take possession of all the Turnover Property, sell the Turnover Property, and pay the proceeds to Judgment Creditors to the extent required to satisfy the Judgment. The Turnover Property may include but is not limited to financial accounts, certificates of deposit, cryptocurrency accounts, and money-market accounts held by a third party. Notwithstanding anything in this Order to the contrary, nothing in this Order shall authorize any party, including the Receiver or Judgment Creditors, to take any action that would be inconsistent with the pending Jones Bankruptcy Case, including seeking any relief with respect to assets that constitute property of the Chapter 7 Estate unless approved by the Bankruptcy Court.

1. **Receiver's Information.**

    Name: Gregory S. Milligan of HMP Advisory Holdings, LLC dba Harney Partners (HMP)

    Address: 8911 North Capital of Texas Highway Suite 2120 Austin, Texas 78759

    Telephone Number: (512) 892-0803

    Email Address: gmilligan@harneypartners.com

2. **Custodia Legis.** The entry of this Order creates a receivership estate wherein all of Judgment Debtor's respective Turnover Property shall be held in *custodia legis* by the receivership as of the date of this Order. The receivership owns all Turnover Property regardless of whether Receiver takes actual possession of the property. The Receiver may decline to collect or abandon any Turnover Property the Receiver determines, in his sole discretion, to be burdensome, cumbersome, or of *de minimis* value. The Receiver is authorized to raise any issue with the Court, to request and to meet *in camera* with the Court without notice, and to file any motion (in this Court, the Bankruptcy Court, or any other applicable court) the Receiver deems appropriate.

3. **Turnover.** The Judgment Debtor shall turnover to Receiver all Turnover Property, including all documents related to such property, **within five days** of the Judgment Creditors' service of a copy of this Order on the Judgment Debtor or its counsel. All third parties in possession of any Turnover Property that is subject to any Judgment Debtor's control shall turnover such property to Receiver within five days of being served notice of this Order. The turnover by Judgment Debtor shall include at least the following documents (for the period of at least the preceding 48 months from the date of this Order, except where otherwise indicated): (1) canceled checks; (2) bank statements, pass books,

and other bank or financial institution records; (3) federal income and state franchise tax returns; (4) life insurance policies (regardless of date); (5) all motor vehicle Certificates of Title (regardless of date); (6) stock certificates and bonds (regardless of date); (7) promissory notes (regardless of date); (8) bills of sale (regardless of date); (9) real property deeds and deeds of trust (regardless of date); (10) business journals, ledgers, accounts payable and receivable files; (11) pledges, security agreements and copies of financial statements; (12) state sales tax reports; (13) any other record or document evidencing any ownership to real or personal property or to any debt owed or money had (regardless of date); (14) trust documents for which the Judgment Debtors are a beneficiary (regardless of date); (15) all personal property returns filed with any taxing authority, including but not limited to any central appraisal district or tax assessor/collector; and, (16) credit applications and other documents stating the Judgment Debtor's financial condition; (17) cryptocurrency wallets, records, and access codes (regardless of date); and (18) all documents listing or summarizing property owned by the Judgment Debtor (regardless of date).

4. **Continuing Effect of Order.** Judgment Debtor and all others holding Turnover Property shall continue to immediately turnover to Receiver such property when received, until all amounts due under the Judgments and this Order are paid in full.

5. **Receiver's Powers.** Receiver has the authority to take possession of all of Judgment Debtor's Turnover Property, sell such property, and pay the proceeds to the Judgment Creditors to the extent required to satisfy the Judgment. Receiver's authority applies, but is not limited, to all Turnover Property including: (1) all documents or records, including financial records, related to property that is in the actual or constructive possession or control of the Judgment Debtor; (2) all financial accounts

(bank account), certificates of deposit, money-market accounts, accounts held by any third party; (3) all securities; (4) all real property, equipment, vehicles, boats, and planes; (5) all safety deposit boxes or vaults; (6) all cash; (7) all negotiable instruments, including promissory notes, drafts, and checks; (8) causes of action or choses of action; (9) contract rights, whether present or future; (10) shares, stock and membership interests; (11) trusts, (12) domains, (13) accounts receivable; and (14) cryptocurrency accounts or wallets. Receiver is not required, but may in his sole discretion and is hereby empowered, to defend or prosecute any litigation regarding the Judgment Debtor that is not property of the Trustee, including, without limitation, claims to recover assets fraudulently transferred, conveyed, or assigned that would increase the size of the receivership estate. Receiver's powers include the following, although he has no requirement to necessarily exercise such powers as to the Turnover Property: (1) collect all accounts receivable of the Judgment Debtor; (2) change locks to all premises at which any property is situated; (3) endorse and cash all checks and negotiable instruments payable to the Judgment Debtor, except paychecks for current wages; (4) hire a real estate broker to sell any real property and mineral interest belonging to the Judgment Debtor; (5) hire any person or company to move and store the property of the Judgment Debtor; (6) insure any property belonging to the Judgment Debtor; (7) obtain from any financial institution, bank, credit union, or savings and loan any financial records belonging to or pertaining to the Judgment Debtor; (8) obtain local, state and federal tax records of the Judgment Debtor; (9) obtain from any landlord, building owner or building manager where the Judgment Debtor or the Judgment Debtor's business is a tenant copies of such Judgment Debtor's lease, lease application, credit application, payment history and copies of such Judgment Debtor's checks for rent or other payments; (10) hire any person or company necessary

to accomplish any right or power under this Order; (11) take all actions necessary to gain access to all storage facilities, safety-deposit boxes, real property, and leased premises wherein any property of the Judgment Debtor may be situated, and to review and obtain copies of all documents related to same; (12) obtain all records of ownership of real properties, personal properties or motor vehicles of the Judgment Debtor in the possession of any County Tax Assessor/Collector or Central Appraisal District, including any records of payments made or correspondence; (13) obtain all records pertaining to the Judgment Debtor from any provider of utilities, telephone service, cell phone service; (14) obtain credit reports on the Judgment Debtor from any Consumer Reporting Agency as defined by Fair Credit Report Act pursuant to 16 USC § 1681B(a)(1); (15) exercise control over any website of the Judgment Debtor and direct the administrator or web server to allow Receiver full access to the management of the website; (16) obtain from any creditor of the Judgment Debtor (including mortgage companies) copies of such Judgment Debtor's credit application, payment history and copies of each such Judgment Debtor's checks for payments; (17) obtain from any person or entity that compensates the Judgment Debtor, including commissions, an itemization of all such compensation for the past 12 months from the date of Receiver's request and as well as any compensation anticipated in the forthcoming six month period from the date of Receiver's request; and (18) certify copies of this Order. The Receiver shall not reduce or eliminate by agreement with the Judgment Debtor or otherwise compromise or settle the outstanding balance owed to Judgment Creditors by Judgment Debtor under the Judgments without the written consent of Judgment Creditors.

6. **Injunction**. The Judgment Debtor, an all their directors, officers, managers, members, investment advisors, accountants, attorneys, professionals, trustees

(other than the Trustee) and other agents, successors, or assigns, and any third party with notice of this Order are hereby ordered and enjoined not to take any action to sell, encumber, dispose of, transfer, waste, retain, or in any way exercise control over the Turnover Assets except as expressly provided by this Order or upon instructions in writing from the Receiver.

7. **Duties of Law Enforcement.** Any Sheriff, Constable or Officer of the Peace shall assist the Receiver in carrying out his duties and exercising his powers under this Order and prevent any person from interfering with Receiver in taking control and possession of the Turnover Assets.

8. **Sales of Real Property Require Notice.** Any sale of real property by Receiver requires the approval of this Court, after notice and opportunity for hearing being provided to Judgment Debtor and any lien holder on such real property.

9. **Receiver's Bond.** Ther Receiver shall pay a $500.00 bond.

10. **Receiver's Oath.** Receiver must file an oath to perform his duties faithfully before acting under this Order and this Order is not effective until such an oath is filed.

11. **Receiver's Fee.** Without further application, notice, or order of the Court, the Receiver shall set aside as potential receiver's fees an amount equal to 25% of all gross proceeds coming into his possession from any source (before deducting expenses) which the Court finds is a customary and usual fee for a post-judgment turnover receiver. Within five days of the entry of this Order, the Judgment Creditors shall pay the sum of $10,000 to the Receiver as an advance on his fees. The advance is fully earned and the Receiver may take it into income, and will repay the advance to the Judgment Creditors

from the first $10,000 of Receiver's fees earned from the collection of Turnover Property. Receiver's fees and expenses are taxed as costs against Judgment Debtor, and as costs, such fees and expenses are in addition to amounts owed under Judgment. Receiver shall distribute the remaining net proceeds from Turnover Property coming into his possession, after withholding 25% in possible Receiver's fees and all expenses and reserving from distribution any funds the Receiver determines in his sole discretion are needed to pay potential future expenses, to the Judgment Creditors at the Judgment Creditors' direction. No receiver's fees shall be paid to Receiver unless an application is filed with and ruled by the Court.

12. **Receiver's Expenses.** Without further application, notice, or order of the Court, the Receiver may incur and shall pay from the proceeds of Turnover Property all reasonable and necessary expenses of the Receiver and the receivership estate up to the amount of $20,000.00 (the Expense Cap). The Receiver may raise the Expense Cap either (1) without further order of the Court upon the written agreement of the Judgment Creditors, including by email with counsel, or (ii) with Court approval after application to the Court with notice to the Judgment Creditors. The Receiver must provide an accounting or receipts of any reasonable and necessary expenses to the Court upon request. The Receiver's and receivership estates' reasonable and necessary expenses will be taxed as costs against Judgment Debtor, and Receiver may collect those expenses from Judgment Debtor in addition to the amount collected to satisfy the Judgment.

13. **Employ Professionals.** With Court approval, the Receiver may retain and reasonably compensate, in Receiver's collection agents, counsel, financial advisors, accountants, brokers, auctioneers, independent contractors, technical specialists, and other professionals and agents to assist in his duties as Receiver on such terms as the

Receiver deems appropriate (the Receiver Personnel). For avoidance of doubt, the Court hereby approves the Receiver's retention of HMP as Receiver Personnel with the compensation for HMP provided Receiver Personnel already included in the Receiver's fee provided in paragraph 11 of this Order; *provided however*, the Receiver may, upon separate application and order of the Court, employ HMP provide Receiver Personnel on different compensation terms. The Court approves the Receiver retaining Kane Russell Coleman Logan PC to represent the Receiver as counsel.

14. **Limitation on Liability.** The Receiver, HMP, and Receiver Personnel, and their officers, members, managers, directors, partners, employees, agents, and professionals (together, the Protected Personnel) shall have no personal liability and they shall have no claim asserted against them relating to the Receiver's duties under this Order, except for claims due to their gross negligence, willful misconduct, malicious acts, or the failure to comply with this Court's orders. The Receiver and Receiver Personnel are entitled to rely, in good faith, on the advice of employed professionals, the Judgment Creditors' counsel, and on information provided by the Judgment Debtor and its books, records, and its past and present officers, directors, agents, members, managers, trustees, accountants, and employees and Judgment Debtor's counsel without audit. The Receiver and Receiver Personnel are entitled to rely on all outstanding rules of law and orders of this Court and shall not be liable to anyone for good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Protected Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Receiver Personnel, including compliance with applicable law governing the collection of debt, nor shall the Protected Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a

result of gross negligence, willful misconduct, malicious acts, and the failure to comply with this Court's orders.

15. **Indemnity.** The Protected Personnel are hereby indemnified by the Turnover Property to the fullest extent permitted under the law from any cause of action or claim related to any act or omission in connection with, relating to, or arising out of the Receiver's or Receiver Personnels' duties as Receiver, except for claims related to any act or omission that is determined in a final order to have constituted gross negligence, willful misconduct, or malicious acts. The Protected Personnel are entitled to advances from the Receiver and Turnover Property, including from any reserved funds, to cover actual and reasonably anticipated expenses of defending any action threatened against or brought against the any Protected Personnel as a result of any act or omission, actual or alleged, in their capacity as such, or in any way related to or arising from the Judgment Debtor, Judgment Debtor's property, Turnover Property, or the Judgment. A Protected Personnel must return specific advances under this paragraph upon a final order by the Court finding that the Protected Personnel is not entitled to indemnification under this Order.

16. **Attorney's Fees.** Judgment Creditors' reasonable attorney's fees will be taxed as costs against Judgment Debtor. In carrying out his duties under this Order, the Receiver may use the Judgment Creditors' counsel and rely on legal advice and representation provided to him by the Judgment Creditors' counsel.

17. **Exempt Property.** Nothing in this Order shall be construed to apply to exempt property, if any, of any Judgment Debtor, or any property of the Chapter 7 Estate (expect up approval of the Trustee or Bankruptcy Court). For avoidance of doubt, (i) the Bankruptcy Court has jurisdiction to decide any dispute as to what constitutes property of the Chapter 7 Estate; and (ii) this Court has jurisdiction to decide any claim by the

Judgment Debtor that property should be treated as exempt under this Order and any claim by the Receiver or Judgment Creditors that any property is Turnover Property and not protected by any exemption asserted by a Judgment Debtor.

18. **Bankruptcy Filing.** The Receiver is granted the sole and exclusive right to file a voluntary petition for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Judgment Debtor. Upon entry of this Order, no officer or director of the Judgment Debtor shall be authorized to take any action to commence a voluntary petition under the Bankruptcy Code on behalf of the Judgment Debtor without the express written permission of the Receiver. If the Receiver authorizes or commences a chapter 11 bankruptcy case on behalf of the Judgment Debtor, the Receiver is authorized to manage and direct the acts of the Judgment Debtor as a debtor-in-possession. In such a situation, the Receiver shall have all the powers and duties as provided to a debtor-in-possession on behalf of the Judgment Debtor under the Bankruptcy Code to the exclusion of any other person or entity.

19. **Retention of Jurisdiction.** This Court shall have and retain exclusive jurisdiction over: (i) the implementation and enforcement of this Order; (ii) the acts and conduct of the Receiver and any actions brought against the Protected Personnel by any person or entity in connection with this Order.

ISSUED AND SIGNED on ___October 20, 2025___.

_____
JUDGE PRESIDING

MAYA GUERRA GAMBLE
459th DISTRICT COURT