United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 15, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ALEXANDER E. JONES, | § | BANKRUPTCY CASE NO. 22-33553 |
| | § | |
| Debtor. | § | |
| | § | |
| ALEXANDER E. JONES, | § | |
| | § | |
| Appellants, | § | CIVIL ACTION NO. H-25-5553 |
| v. | § | |
| | § | |
| NEIL HESLIN, *et al.*, | § | |
| | § | |
| Appellees. | § | |

**MEMORANDUM AND OPINION**

This appeal requires the court to decide whether Alexander E. Jones's bankruptcy estate includes the assets of Free Speech Systems, LLC, the entity that operates the Infowars media platform. Jones and Free Speech Systems separately filed for bankruptcy because the appellees had secured substantial money judgments based on Jones's and Free Speech Systems's statements denying the Sandy Hook Elementary School shooting that killed 20 young children and 6 adults. To effectuate the judgments, a trial court in Travis County, Texas, placed Free Speech Systems's assets into receivership. Jones argues that the Texas receivership should not include Free Speech Systems's assets and that the Bankruptcy Court must exercise its exclusive jurisdiction over them.

Based on the parties' briefs, the additional arguments Jones has made in his various motions, the applicable law, and the parties' submissions at oral argument, the court dismisses the appeal for lack of jurisdiction. Jones and Free Speech Systems lack standing to appeal the Bankruptcy Court's October 2025 order. The court cannot review the order or alter the Bankruptcy

Court's holding that Jones's bankruptcy case does not bar judgment enforcement against Free Speech Systems, LLC's assets.

**I.      Background**

This bankruptcy case arises from two judgments entered against Jones and Free Speech Systems.  The first is a Connecticut judgment, worth more than $1 billion.  *See Lafferty v. Jones*, 327 A.3d 941, 975 (Conn. App. Ct. 2024), *cert. denied*, 351 Conn. 923, 333 A.3d 105 (2025), *and cert. denied*, 351 Conn. 923, 333 A.3d 106 (2025), *and cert. denied*, 146 S. Ct. 301 (2025).  The second is a Texas judgment, worth about $50 million.  (Docket Entry No. 2-28 at 82–84).

In 2022, while these lawsuits were ongoing, Jones and Free Speech Systems filed separately for bankruptcy.  *See, e.g.*, *In re Jones*, No. 22-33553 (S.D. Tex.); *In re Free Speech Systems, LLC*, No. 22-60043 (S.D. Tex.).  Free Speech Systems filed a Subchapter V bankruptcy petition, (Docket Entry No. 2-4 at 4), and Jones filed an individual Chapter 11 bankruptcy petition, (Docket Entry No. 2-26 at 263).

In June 2014, Jones's bankruptcy case was converted into one under Chapter 7 of the Bankruptcy Code.  (Docket Entry No. 2-5 at 136).  Christopher R. Murray was appointed as the Chapter 7 Trustee.  (*See* Docket Entry No. 2-4 at 157).

A week later, the Bankruptcy Court dismissed Free Speech Systems's bankruptcy case.  (Bankr. Docket Entry No. 956).  This dismissal order transferred control and signing authority of Jones's bank accounts to "Murray in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Alexander Jones." (*Id.* at 1).

Promptly after the Bankruptcy Court dismissed Free Speech Systems's case, the Texas plaintiffs moved to enforce their judgment against the company through an order directing the turnover of its assets.  (*See* Docket Entry No. 2-6 at 58).  The Travis County court entered the

2

turnover order the same day. (*Id.*). In response to the turnover order, Murray moved for relief in the Bankruptcy Court, explaining that, as Jones's bankruptcy trustee, he was responsible for both Jones's "bare equity interests" in Free Speech Systems and the "non-monetary rights and responsibilities of the equity holder." (Docket Entry No. 2-6 at 2). Because the Trustee could control Free Speech Systems through Jones's equity in it, Murray planned to "wind-up" the company's "operations and liquidate its inventory," which could benefit Jones's bankruptcy estate. (*Id.* at 2–3). Murray objected that the turnover order threatened to throw Free Speech Systems "into chaos . . . to the detriment of the interests of the chapter 7 estate." (*Id.* at 3).

The Bankruptcy Court agreed that the state-court order "conflict[ed] with [its] order" that Murray had control over Jones's accounts. (Docket Entry No. 2-7 at 249:19–20). The Bankruptcy Court directed Murray "not to turn over any amounts of bank accounts" and ruled that he was under no "compulsion to turn anything over or abandon" anything. (*Id.* at 249:21–22).

The U.S. Trustee objected to this ruling. The U.S. Trustee explained that the court, by extending its exclusive jurisdiction to Free Speech Systems's assets, contravened basic tenets of corporate law. The U.S. Trustee argued that "own[ing] a hundred percent of the equity" of a company does not mean you "own the assets" of that company. (Docket Entry No. 2-7 at 372:13–20). The Bankruptcy Court agreed substantially with the U.S. Trustee's position. (*See id.* at 372–374). The Bankruptcy Court reiterated that, as a practical matter, it wanted to ensure that Murray, the Trustee, who had (through Jones's equity interest in Free Speech Systems) control of Free Speech Systems's assets, could learn the best way to monetize Free Speech Systems's assets and Jones's equity in it. (*See id.* at 375:7–9). In response to the U.S. Trustee's objection, the Bankruptcy Court agreed to supplement its previous order by stating that "all the assets of" Free Speech Systems are part of the bankruptcy estate. (*See id.* at 375:22; *see id.* at 375:12–14 ("Your

3

Honor, if you clarify the order to include all of FSS hard assets as property of the estate, the U.S. Trustee won't have any objection.")).

In September 2024, the Bankruptcy Court ordered that "all property of the estate of Debtor Free Speech Systems, LLC [] shall be deemed to have vested in the bankruptcy estate of Alexander E. Jones, Case No. 22-33553, as property of that estate pursuant to Section 541 and shall be under the control of the trustee of such estate." (Docket Entry No. 2-4 at 285).

Murray then proceeded to auction Free Speech Systems's assets. (*See* Docket Entry No. 2-7 at 381–84). There were two competing bidders: (1) Global Tetrahedron, LLC (also known as the satirical newspaper, *The Onion*) in conjunction with the Connecticut plaintiffs; and (2) First United American Companies, an affiliate of Jones and Free Speech Systems. (*See* Docket Entry No. 2-8 at 7–10). Murray chose Global Tetrahedron's bid and moved to approve the sale. (*See id.*). Jones and First United objected, raising concerns about collusion in the auction process. (*See* Docket Entry No. 2-8 at 11–20). The Bankruptcy Court, after a two-day hearing, denied Murray's motion to sell, citing concerns about the auction process. (Docket Entry No. 2-13 at 30, 383–90).

After the auction fell through, the Bankruptcy Court abandoned its goal of allowing Murray to resolve Jones's bankruptcy case in part through selling Free Speech Systems's assets. In a February 2025 hearing, the Bankruptcy Court declared the September 2024 order "null and void, because the purpose for which it served was the auction of the assets, and we're not doing that anymore." (Docket Entry No. 2-25 at 634:14–16). The Bankruptcy Court reiterated in March 2025 that the "parties should consider the Court's [September 2024] supplemental order null and void." (Docket Entry No. 2-13 at 897). And in June 2025, the Bankruptcy Court stated again that its February and March rulings were in effect, explaining that there was "nothing for [it] to reconsider" and that its "position" had not "changed in terms of what [it] said in February."

4

(Docket Entry No. 2-25 at 583:23–584:6).[1]  When the Bankruptcy Court raised the possibility of meeting in sixty days about a potential sale, plaintiffs' counsel asked for a clarification:

> Mr. Moshenburg: Lastly, Your Honor, I know you're talking about 60 days from now. From our vantage point, the Court has told us to go pursue our state court remedies. That's what we're going to do. I want to be open and honest about that unless you're telling us otherwise.
>
> The Court: I'm not, I'm telling you we may meet in 60 days to figure out what's going on with these sales and other issues and there are matters that need to get teed up. We can continue to talk.  I just want to keep; I don't want to meet again in the Jones case in December and then talk about asset sales and what's going on. And I'm going to -- well, somebody's asked me to think about some issues.  And I'm not inclined to do it, but someone's asking me to think about some things, and they've mentioned some things to me and so I'll think about them, but I don't think anyone needs to file anything differently. We'll see what happens. I may issue something in writing in short, just kind of addressing the issue without any need for another hearing.  We'll see where things go.  I think the trustee's instructions for now are keep selling non-exempt assets and whatever you were planning on doing, what you said you were going to do, then just keep doing that. I don't think you need to do anything different, but if anything changes, I'll let you know.

(*Id.* at 585:6–586:4).  The Bankruptcy Court was clear that the plaintiffs should do what they "were planning on doing," which is "pursue" their "state court remedies."

The Texas and Connecticut plaintiffs then moved to enforce their judgments against Jones and Free Speech Systems in Travis County court.  (Docket Entry No. 2-20 at 120–26).  The plaintiffs filed a receivership application and included in the application a proviso that it was not seeking relief "inconsistent with the pending Jones" bankruptcy case.  (Docket Entry No. 2-14 at 25).  Free Speech Systems responded by filing a $10 appellate bond, arguing that its net worth was negative because its assets were deemed part of Jones's bankruptcy estate.  (Docket Entry No. 2-25 at 358–59).  Free Speech Systems relied on the bankruptcy court's September 2024 order to

---

[1] The bankruptcy court later recognized that it did not have jurisdiction to vacate the September 2024 Order in either February or March 2025 because the Texas plaintiffs' appeal of the September 2024 Order was pending at the time.  (*See* Docket Entry No. 2-13 at 1019:24–1020:15).  The Texas plaintiffs dismissed the appeal by the June 2025 hearing.  (*See* Docket Entry No. 2-25 at 504, 562).

object to the receivership application.  (*See* Docket Entry No. 2-14 at 12–13).  The Travis County court appointed a receiver based on the Connecticut plaintiffs' judgment and ordered it to take control of Free Speech Systems's assets.  (Docket Entry No. 2-20 at 2–13).  Free Speech Systems appealed, filed a motion to stay the receivership order pending appeal, and Texas's Third Court of Appeals granted the stay.  (Docket Entry No. 2-20 at 17, 21–51; Docket Entry No. 12 at 19).

In response to the appellate-court stay, the appellees filed a motion for reconfirmation that Free Speech Systems's assets were not property of Jones's bankruptcy estate.  In an October 2025 hearing, the Bankruptcy Court again explained that Free Speech Systems's assets are "not property of the estate" and "not subject to the automatic stay."  (Docket Entry No. 2-30 at 26:12–13).  The Bankruptcy Court explained that its September 2024 order arose out of the fact that Jones owns and operates Free Speech Systems and could choose as its operator to sell its property; because Jones's equity in Free Speech Systems was in his bankruptcy estate, the Trustee could use that equity and control of Free Speech Systems to sell its assets.  (*See id.* at 31–32).[2]  But based on the

---

[2] As the Bankruptcy Court reasoned:

> But again, I'm being really clear. I signed an order authorizing the trust to operate FSS, and I've also said that the Trustee had ownership of the asset, of the equity, and you could always tell the equity to go sell, right? And so, I don't know -- what I have in front of me is a motion to confirm that the automatic stay doesn't apply. That's the only matter that's before me. I don't have any other request for relief before me, and that relief is granted. I'm just confirming it, but I'm providing some additional reasoning behind it, because I always thought that was the answer, and when I said the voiding of the order, we were always talking about selling assets, like, you know, the extent that people are seeing within this order that you could go sell stuff.

(Docket Entry No. 2-30 at 31:19–32:7).  The Bankruptcy Court confirmed that its February, March, and June orders undid and vacated its September 2024 order.  It then explained it why it did so:

> Technically, the Trustee was authorized to operate for a period of a year, until September 25th. That has expired, so the Trustee can't even operate under my order. This has never been property of the estate. It was treated as if it was, and it was done for a specific purpose. Mr. Broocks, you weren't here during that time, and I don't hold it against you, and I got what the words are, but the, "Shall be deemed to have vested," right? It doesn't make it

issues with the sale process, the Bankruptcy Court abandoned the idea and revoked the Trustee's

authorization to control Free Speech Systems's assets for purposes of a sale.  (*See id.*).  The court

entered an order the same day codifying its oral ruling:

> The automatic stay imposed under Section 362(a) of the Bankruptcy Code in the
> Jones Bankruptcy Case does not apply to FSS or any of FSS's assets because these
> assets are not property of the Jones bankruptcy estate under Section 541 of the
> Bankruptcy Code.

(Docket Entry No. 2-30 at 2).  On November 4, 2025, the Bankruptcy Court denied Jones's

subsequent reconsideration motion, putting to rest a series of motions that Jones had filed

throughout 2025 that argued that his bankruptcy estate included Free Speech Systems's assets.

---

541, and I don't have authority. No one does under 541 to convert something into property.
It's the only way the automatic stay would apply, and the automatic stay would only apply
if I issued -- well, it just never applies.

Normally, what you would be looking for is an injunction over assets -- over non-debtor
assets. This is an easy answer, and it's for that same reason, quite frankly, that when the
settlement came across my way where the -- I believe it was the Texas families and the
Connecticut families reached a deal, and they wanted an allowed claim against FSS in the
bankruptcy case, I said I don't have authority to do that. I don't have authority to settle any
claims because I don't have jurisdiction over that. And so, this was very specifically to try
to see if one could, quite frankly, stabilize things that were going on at that time in
September 2024, which were -- there were a lot of kind of moving pieces and allegations
that were being made about stuff that was happening outside the court, to stabilize this, see
if you could get to a sale. Maybe parties could agree to maximize value. This order was
entered. But at a max, you can read 541.

So, it's -- this is just an easy answer. The code provides the answer, and unless somebody
is going to point to me to a section under 541, this gets really easy. I can deem something
to be treated as property of the estate, so Mr. Murray has the authority to go exercise it and
try to go sell it. But what I said in the last hearing was I'm not authorizing any sales
anymore. So, the effect of this order was to void it because I'm not approving any sales.
And so -- but now, we're well beyond September 25, 2025, so Mr. Murray has nothing to
do with Free Speech anymore. I mean, he still owns the equity. Well, holds it, you know,
in terms of his rights as the Trustee, I should say.

(Docket Entry No. 2-30 at 105:14–107:4).  The Bankruptcy Court recognized that its September 2024 ruling
used imprecise language that, taken as Jones interprets it, would have been erroneous under the Bankruptcy
Code.

(*See* Docket Entry No. 13 at 6 n.6; Docket Entry No. 13-1 at 181; Docket Entry No. 2-30 at 230). Jones appealed on November 17, 2025.  (Docket Entry No. 1).

Ten days later, Murray, the Chapter 7 Trustee, moved for authorization to turnover Free Speech Systems's funds to the state-court receiver.   (Docket Entry No. 2-5 at 129).   The Bankruptcy Court granted the motion.  (*Id.* at 129–30).  Jones did not appeal.

On April 29, 2026, Jones moved for an emergency temporary restraining order to stay the state-court receivership proceedings.  (Docket Entry No. 13).  The Texas state court set a hearing on April 30 to consider the receiver's motion to approve a trademark and license agreement, under which War is Over LLC, an affiliate of *The Onion*, will acquire rights to use Infowars's marks and trade names.  (*See* Docket Entry No. 13-1 at 1–73).  Jones sought simultaneous relief from the Third Court of Appeals, which abated the hearing before this court could rule on Jones's emergency motion.  (Docket Entry Nos. 19, 21).  Jones then withdrew his emergency motion. (Docket Entry No. 19).

The appellees filed an objection to the withdrawn motion, urging the court to expeditiously resolve the appeal.  (Docket Entry No. 20).  The court agreed, construed the objection "as a motion to expedite the appeal," and granted it.  (Docket Entry No. 21 at 1).  The parties argued the appeal on May 8, 2026. Jones then replied.  (Docket Entry No. 35).  The appellees filed a short sur-reply. (Docket Entry No. 36).

## II.    Analysis

The appellees raise two jurisdictional issues: (1) the timeliness of Jones's appeal; and (2) Jones's standing to appeal.  (Docket Entry No. 12 at 15–23).  The court agrees that Jones lacks standing to appeal the October 2025 order.  Free Speech Systems lacks appellate standing as well.

8

"Standing to appeal a bankruptcy order is narrower than Article III standing." *In re Black Elk Energy Offshore Operations, LLC*, 114 F.4th 343, 351 (5th Cir. 2024) (citing *In re Technicool Sys., Inc.*, 896 F.3d 382, 385 (5th Cir. 2018)). "Under the 'person aggrieved' test, only persons directly, adversely, and financially impacted by a bankruptcy order may appeal it, and their standing must be connected to the exact order being appealed." *Id.* (cleaned up). "Chapter 7 debtors typically do not have standing to appeal bankruptcy court orders because they lack 'pecuniary interest in the administration of the estate.'" *In re Foster*, 644 F. App'x 328, 330 (5th Cir. 2016) (per curiam) (quoting *In re Solomon*, 129 F.3d 608, at *6 n.10 (5th Cir. Sept. 25, 1997)). "If the estate is solvent or if the debtor shows that a successful appeal will make the estate solvent, creating a surplus for the debtor under 11 U.S.C. § 726(a)(6), then the debtor could have a pecuniary interest in the estate that may be directly or adversely affected by bankruptcy court orders." *Id.*

Jones cannot meet this standard, for two reasons. First, Jones cannot establish standing generally. Jones's estate is "hopelessly insolvent." *In re Fondiller*, 707 F.2d 441, 442 (9th Cir. 1983). The Connecticut plaintiffs secured a judgment of more than $1 billion that is final and mostly nondischargeable. *See In re Jones*, 655 B.R. 884, 902–03 (Bankr. S.D. Tex. 2023). As a result, Jones has no pecuniary interest in his estate. By filing for bankruptcy, he turned it, including his equity in Free Speech Systems, over to his creditors in return for a near-complete fresh start. *See Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 209 (2024) ("A debtor can win a discharge of its debts if it proceeds with honesty and places virtually all its assets on the table for its creditors."). The Chapter 7 Trustee takes his place as steward of the bankruptcy estate. *See In re Okorie*, No. 24-60255, 2024 WL 4471734, at *1 (5th Cir. Oct. 11, 2024) (per curiam) (recognizing

9

that the trustee, as a representative of the estate, is a party in interest).  So Murray, not Jones, is the proper appellant as a general matter.  But Murray has not appealed.

Second, Jones cannot establish standing specifically, because he has no property rights to Free Speech Systems's assets.  Under Texas law, "[a] member of a limited liability company or an assignee of a membership interest in a limited liability company does not have an interest in any specific property of the company."  TEX. BUS. CODE. ORG. § 101.106(b); *see Enzo Invs., LP v. White*, 468 S.W.3d 635, 650 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) ("A member in a limited liability company does not have an interest in any specific property owned by the company.").

As a result, Free Speech System's assets are not Jones's and not part of his bankruptcy estate.  *See In re Kimball*, 667 B.R. 487, 491 (Bankr. N.D. Ga. 2025) ("[P]roperty owned by a limited liability company is not property of the estate of its owner."); *see also Davis v. Cox*, 356 F.3d 76, 91 (1st Cir. 2004) ("While the debtor's interest in the partnership is included in the estate, the assets held by the partnership itself are not."); *In re Weiss*, 111 F.3d 1159, 1170 (4th Cir. 1997) ("[C]ourts consistently have held that partnership property itself does not become property of an individual partner's bankruptcy estate."); *In re Fowler*, 400 F.3d 1016, 1019 (7th Cir. 2005) ("[C]orporate assets cannot become part of the bankruptcy estate of the debtor shareholder."); *Williams v. PRK Funding Servs., Inc.*, 817 F. App'x 524, 525 (9th Cir. 2020) (mem.) ("Because Williams transferred all his ownership interest in the property to Williams Family Holding, LLC in 2005, the property was not part of his personal estate and the stay effected by his personal bankruptcy filing did not protect the property."); *In re Bay Circle Prop., LLC*, No. 22-10521, 2022 WL 16002916, at *3 (11th Cir. Oct. 28, 2022) (per curiam) ("[A] member has no interest in specific limited liability company property.").

10

The September 2024 order reaffirmed that principle, declaring that Free Speech Systems's assets are "deemed to have vested in the bankruptcy estate of Alexander E. Jones." (Docket Entry No. 2-4 at 285). The word "deem" means "[t]o treat (something) as if (1) it were really something else, or (2) it has qualities that it does not have." *Puerto Rico Tel. Co. v. SprintCom, Inc.*, 662 F.3d 74, 95 (1st Cir. 2011) (quoting *Black's Law Dictionary* 477–78 (9th ed. 2009)). It "has been traditionally considered to be a useful word when it is necessary to establish a legal fiction either positively by 'deeming' something to be what it is not or negatively by 'deeming' something not to be what it is." *Id.* (cleaned up). The September 2024 order did not declare that Jones or his estate owns Free Speech System's assets. Nor did it codify a sale of Free Speech Systems's assets to Jones or his estate. Rather, by using the word "deem," it created a legal fiction to consider those assets to be a part of the bankruptcy estate to protect them through the automatic stay and allow the Chapter 7 Trustee—who can control the assets through the estate's equity in Free Speech Systems—to effectively resolve Jones's bankruptcy case. As a result, the October 2025 order, by undoing that legal fiction, has not "deprived" Jones "of any right to which" he is "entitled." *In re Thomas*, 223 F. App'x 310, 314 (5th Cir. 2007).

Jones responds, relying on *In re Cajun Elec. Power Co-op., Inc.*, 69 F.3d 746, 749 (5th Cir. 1995), *opinion withdrawn in part on different grounds on reh'g*, 74 F.3d 599 (5th Cir. 1996), that the Fifth Circuit's test is more forgiving. (*See* Docket Entry No. 35 at 23–26). *Cajun* is inapposite. True, the Fifth Circuit rejected the argument that Cajun lacked standing because it was hopelessly insolvent. *See Cajun*, 69 F.3d at 749. But the Fifth Circuit did so because Cajun appealed an order appointing a trustee that divested Cajun of "all the rights it had as a debtor-in-possession, including the right to operate its business." *Id.* "Clearly," the Fifth Circuit ruled, Cajun "was aggrieved by losing the right to run itself." *Id.* The court reads *Cajun* as consistent with, not an expansion of,

11

"the 'narrow' limitations of person aggrieved standing." *Black Elk*, 114 F.4th at 352 (quoting *Technicool Sys.*, 896 F.3d at 385).

Jones points to no similar aggrievement. Jones conceded at oral argument that the September 2024 order did not transfer the assets to him. Even under Jones's reading of the September 2024 order, which ignores the word "deem," the order only transferred the assets to his bankruptcy estate, which is a "separate legal identity." *SEC v. Great White Marine & Recreation, Inc.*, 428 F.3d 553, 556 (5th Cir. 2005). And because Jones is "hopelessly insolvent," *Fondiller*, 707 F.2d at 442, he will not obtain Free Speech Systems's assets at the end of this bankruptcy case, *see Foster*, 644 F. App'x at 330 (requiring for standing a surplus for the debtor). Jones never had, and will never have, legal title to Free Speech Systems's assets.

Nor did Jones "los[e] the right to" control Free Speech Systems's assets through his equity in the LLC. *Cajun*, 69 F.3d at 749. His creditors are entitled to the equity that is in his "hopelessly insolvent" estate. *Fondiller*, 707 F.2d at 442; *see In re Arabella Petroleum Co., LLC*, 647 B.R. 851, 881 (Bankr. W.D. Tex. 2022) (footnote omitted) ("[P]lainly, with the Debtor hopelessly insolvent, the residual stakeholders are the creditors."). Contrary to Jones's arguments, the October 2025 order did not interfere with his "control" of Free Speech Systems's assets or otherwise "impair[]" his "property rights." (Docket Entry No. 35 at 26). Jones lost control of Free Speech Systems's assets when he voluntarily turned his equity in the LLC over to his creditors by filing for bankruptcy. *See Purdue Pharma*, 603 U.S. at 209. Jones has no direct stake in this appeal.

Third, for similar reasons, Free Speech Systems has no standing to appeal the October 2025 order. Neither the September 2024 order nor the October 2025 order deprived Free Speech Systems of legal title to its assets. Rather, by deeming the assets to be part of the bankruptcy

12

estate, the order extended the automatic stay to those assets and allowed the Chapter 7 Trustee (as the equity holder and manager of Free Speech Systems) to control them for purposes of a sale. (*See* Docket Entry No. 2-30 at 31:19–32:7, 105:14–107:4).  The October 2025 order, then, lifted the automatic stay and allowed Free Speech Systems to control its assets.  The October 2025 order benefits Free Speech Systems by allowing it to exercise control over property to which it has legal title, which it could not do under the September 2024 order.  Because Free Speech Systems is, "in substance, the prevailing party" under the October 2025 order, it does not have standing to pursue this appeal.  *In re Myers*, No. 23-13408, 2024 WL 1827262, at *1 (11th Cir. Apr. 26, 2024) (per curiam); *see In re Sims*, 994 F.2d 210, 214 (5th Cir. 1993) ("It is more than well-settled that a party cannot appeal from a judgment unless 'aggrieved' by it.").[3]

Free Speech Systems argues that it is aggrieved because, as a practical matter, lifting the bankruptcy stay will subject it to state-court litigation and judgment-enforcement efforts.  (*See* Docket Entry No. 35 at 25 (complaining that the October 2025 order "removed asserted bankruptcy protections from those assets" and "authorized outside collection efforts")).  That litigation, Free Speech System argues, will eventually deprive it of control of its assets, harming it and Jones.  (*See id.* at 26 ("The ownership/control issue could not be more central to Jones and FSS.")).  Free Speech System compares itself to "the debtor in *Cajun Electric*" because it and Jones "challenge an order stripping away protection, control and administration over business assets."  (*Id.* at 25).

---

[3] This conclusion applies with even more force under Jones's interpretation of the September 2024 order. If Free Speech Systems lost legal title to its assets under the September 2024 order, then the October 2025 order transferred that legal title back to it.  Free Speech Systems, rather than have no value, as it claimed to the Texas appellate courts, (*see* Docket Entry No. 2-25 at 358–59), now has substantial value.  Although the court is aware of the Fifth Circuit's instruction that "the more money we come across, the more problems we see," *Technicool Sys.*, 896 F.3d at 386 (quoting NOTORIOUS B.I.G., *Mo Money Mo Problems*, *on* LIFE AFTER DEATH (Bad Boy/Arista 1997)), it is not aware of a case in which an entity has successfully argued that it has standing to appeal an order awarding it money or property.

Precedent precludes this argument. A "bankruptcy order court allowing litigation to proceed against an adversary defendant does not make that defendant a party aggrieved." *Black Elk*, 114 F.4th at 351 (quoting *In re Wigley*, 886 F.3d 681, 685 (8th Cir. 2018)). In *Black Elk*, the Fifth Circuit rejected an argument that the appellants had standing to challenge extension orders that allowed litigation against them. *See id.* at 351–52. Even though that litigation resulted in judgments against the appellants—and therefore imposed a real monetary cost—the Fifth Circuit still held that the alleged harm was not sufficient to confer standing. *See id.* at 352. The Fifth Circuit emphasized that "the extension orders *themselves* did not directly harm" the appellants. *Id.* (emphasis in original). The pecuniary harm must "be linked to the 'exact order,'" and that link must be "direct[]." *Id.* (quoting *In re Dean*, 18 F.4th 842, 844 (5th Cir. 2021)); *cf. In re First Brands, LLC*, No. 26-962, 2026 WL 1110319, at *1–2 (S.D. Tex. Apr. 24, 2026) (distinguishing *Blake Elk* because the insurers appealed an order that itself triggered their monetary contractual obligations). Because the appellants' injury flowed directly from the judgments, not the extension orders, they had no standing to appeal.

The same principle applies here. The harm to Free Speech Systems (and derivatively, Jones) flows directly from the state-court orders, not the October 2025 order. In *Cajun*, the appellant challenged an order that itself eliminated its "right to operate its business." *Cajun*, 69 F.3d at 749. Similarly in *First Brands*, the appellants challenged an order that itself triggered their obligations under insurance contracts. *See First Brands*, 2026 WL 1110319, at *2 ("The D&O Order is a 'DIC Event' under the Side A policies . . . ."). But here, the October 2025 order does not itself deprive Free Speech Systems of control of or title to its assets; the order instead grants Free Speech Systems that control or title. Although Free Speech Systems and Jones are aggrieved as a practical matter, personal or practical aggrievement is not legal aggrievement. The Fifth

14

Circuit has so limited bankruptcy-appellate standing "to keep bankruptcy proceedings from spawning 'endless appeals brought by a myriad of parties who are indirectly affected by every bankruptcy court order.'" *Black Elk*, 114 F.4th at 351 (quoting *In re Krause*, 637 F.3d 1160, 1168 (10th Cir. 2011) (Gorsuch, J.)). A faithful application of Fifth Circuit precedent compels the conclusion that Free Speech Systems has no standing to appeal.

In sum, no appellant has standing to appeal.

### III.    Conclusion

The court concludes that no appellant has standing to appeal the October 2025 order that "[t]he automatic stay imposed under Section 362(a) of the Bankruptcy Code in the Jones Bankruptcy Case does not apply to FSS or any of FSS's asset." (Docket Entry No. 2-30 at 2). The court lacks jurisdiction over this appeal. The appeal is dismissed.

The motion for leave to file a corrected reply, (Docket Entry No. 37), is granted. The motion to strike, (Docket Entry No. 38), is denied as moot.

The October 2025 order remains operative. Jones and/or Free Speech Systems may move to stay the October 2025 order pending appeal to the Fifth Circuit by Friday, May 22, 2026.

SIGNED on May 15, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

15

United States Bankruptcy Court

Southern District of Texas

| | |
|---|---|
| In re: | Case No. 22-33553-cml |
| Alexander E. Jones | Chapter 7 |
| Official Committee Of Unsecured Creditor | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0541-4 | User: ADIuser | Page 1 of 13 |
| Date Rcvd: May 15, 2026 | Form ID: pdf002 | Total Noticed: 32 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |
| ## | Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 17, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | | Alexander E. Jones, c/o 2525 McKinnon Street, Suite 425, Dallas, TX 75201 |
| aty | + | Anna Kordas, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036-1000, UNITED STATES 10036-6730 |
| aty | + | Crowe & Dunlevy, 2525 McKinnon St, Suite 425, Dallas, TX 75201-1543 |
| aty | + | David Franklin Hill, IV, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036-6730 |
| aty | | Elliott, Thomason & Gibson, LLP, c/o Vickie L. Driver, Suite 202, Dallas, TX 75201, UNITED STATES |
| aty | + | Jonathan S. Day, Paul, Weiss, Rifkind, Wharton & Garrison, 1285 Avenue of the Americas, New York, NY 10019-6031 |
| aty | + | Jones Murray LLP, 602 Sawyer Suite 400, Houston, Tx 77007-7510 |
| aty | + | Leslie E. Liberman, Paul, Weiss, Rifkind, Wharton & Garrison, 1285 Avenue of the Americas, New York, NY 10019-6031 |
| aty | + | Martin, Disiere, Jefferson & Wisdom, LLP, 808 Travis, Suite 1100, Houston, TX 77002-5831 |
| aty | + | Paul Andrew Paterson, Paul, Weiss, Rifkind, Wharton & Garrison, 1285 Avenue of the Americas, New York, NY 10019-6031 |
| aty | + | Reynal Law Firm, P.C., 917 Franklin St., Suite 600, Houston, TX 77002-1764 |
| aty | + | Richard A. Cochrane, Caldwell Cassady Curry PC, 2121 N. Pearl St., Ste. 1200, Dallas, TX 75201-2494 |
| aty | + | Theodore James Salwen, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036-6730 |
| fa | + | BlackBriar Advisors LLC, 3131 McKinney Ave., Suite 600, Dallas, TX 75204-2456 |
| cr | + | Elevated Solutions Group, LLC, c/o Walker & Patterson, P.C., P.O. Box 61301, Houston, TX 77208-1301 |
| cr | + | Free Speech Systems, LLC, Free Speech Systems, LLC, c/o Patrick Magill, 3019 Alvin Devane Blvd., Ste 300 Austin,, TX 78741-7417 |
| cr | + | Reeves Law, PLLC, 702 Rio Grande St., Suite 203, Austin, TX 78701-2720 |
| intp | + | Robert Wyn Young, 1421 Lexington Avenue, #180, Mansfield, OH 44907, UNITED STATES 44907-2629 |
| cr | + | Security Bank of Texas, P.O. Box 90, Crawford, Tx 76638-0090 |
| intp | + | WOW.AI LLC, c/o Rachel A. Parisi, 100 Southgate Parkway, P.O. Box 1997, Morristown, NJ 07962-1997 |

TOTAL: 20

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | ^ | MEBN | May 15 2026 20:02:27 | Ally Bank, c/o Quilling, Selander, et al, 2001 Bryan Street, Suite 1800, Dallas, TX 75201-3070 |
| cr | + | Email/PDF: acg.acg.ebn@aisinfo.com | May 15 2026 20:08:54 | Ally Bank, c/o AIS Portfolio Services, LLC, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| cr | | Email/PDF: bncnotices@becket-lee.com | May 15 2026 20:08:46 | American Express National Bank, c/o Becket and Lee LLP, PO Box 3001, Malvern, PA 19355-0701 |
| cr | | Email/Text: BAC_CreditCard_BNC_Emails@g2risksolutions.com | May 15 2026 20:05:00 | Bank of America N.A., P.O. BOX 31785, Tampa, FL 33631-3785 |
| cr | ^ | MEBN | May 15 2026 20:02:18 | Elevated Solutions Group, LLC, c/o Walker & Patterson, P.C., P.O. Box 61301, Houston, TX 77208-1301 |
| cr | + | Email/Text: notifications@cstrial.com | May 15 2026 20:06:00 | Erica L. Ash, c/o Cain & Skarnulis PLLC, 303 |

District/off: 0541-4 User: ADIuser Page 2 of 13

Date Rcvd: May 15, 2026 Form ID: pdf002 Total Noticed: 32

| | | | | |
|---|---|---|---|---|
| | | | | Colorado Street, Suite 2850, Austin, TX 78701, UNITED STATES 78701-0137 |
| cr | + | Email/Text: notifications@cstrial.com | | |
| | | | May 15 2026 20:06:00 | Francine Wheeler, Cain & Skarnulis PLLC, Ryan E. Chapple, 303 Colorado Street, Suite 2850, Austin, TX 78701-0137 |
| crcm | + | Email/Text: mbrimmage@akingump.com | | |
| | | | May 15 2026 20:06:00 | Official Committee Of Unsecured Creditors, c/o Marty L. Brimmage, Jr., Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, TX 75201-4675 |
| cr | + | Email/Text: lemaster@slollp.com | | |
| | | | May 15 2026 20:05:00 | PQPR Holdings Limited, LLC, c/o Streusand Landon Ozburn & Lemmon LLP, attn: Stephen Lemmon, 1801 S. Mopac Expressway, Suite 320, Austin, TX 78746-9817 |
| cr | + | Email/Text: notifications@cstrial.com | | |
| | | | May 15 2026 20:06:00 | Richard M. Coan, c/o Cain & Skarnulis PLLC, 303 Colorado Street, Suite 2850, Austin, TX 78701-0137 |
| cr | ^ | MEBN | | |
| | | | May 15 2026 20:01:53 | Texas Comptroller of Public Accounts, c/o Office of the Attorney General, Bankruptcy - Collections Division MC-008, PO Box 12548, Austin, tx 78711-2548 |
| cr | ^ | MEBN | | |
| | | | May 15 2026 20:01:52 | Texas Comptroller of Public Accounts, Revenue Acco, Kimberly A. Walsh, PO Box 12548, Austin, TX 78711-2548 |
| cr | + | Email/Text: BKECF@traviscountytx.gov | | |
| | | | May 15 2026 20:06:00 | Travis County, c/o Jason A. Starks, P.O. Box 1748, Austin, TX 78767-1748 |

TOTAL: 13

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| aty | | Akin Gump Strauss Hauer & Feld LLP |
| cr | | Carlee Soto Parisi |
| cr | | Carlos M Soto |
| intp | | David Ross Jones |
| cr | | David Wheeler |
| intp | | Discover Fund Management, Inc. |
| cr | | Donna Soto |
| cr | | Estate of Marcel Fontaine |
| intp | | First United American Companies, LLC |
| intp | | Global Tetrahedron, LLC |
| fa | | HMP Advisory Holdings, LLC d/b/a Harney Partners |
| cr | | Ian Hockley |
| cr | | Jacqueline Barden |
| cr | | Jennifer Hensel |
| cr | | Jillian Soto-Marino |
| cr | | Mark Barden |
| op | | N&N Forensics, LLC |
| cr | | Neil Heslin, Scarlett Lewis, Leonard Pozner, Veron |
| cr | | Nicole Hockley |
| cr | | Public Storage |
| op | | Rachel Kennerly LLC |
| acc | | Rachel Kennerly LLC |
| cr | | Robert Parker |
| acc | | TPS-West LLC |
| fa | | Teneo Capital LLC |
| cr | | William Aldenberg |
| cr | | William Sherlach |
| intp | | X Corp. |
| cr | ##+ | Leonard Pozner, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700, Houston, TX |

|    |      | 77002-6774 |
|----|------|------------|
| cr | ##+  | Marcel Fontaine, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin, Suite 2700, Houston, TX 77002-6774 |
| cr | ##+  | Neil Heslin, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700, Houston, TX 77002-6774 |
| cr | ##+  | Scarlett Lewis, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700, Houston, TX 77002-6774 |
| cr | ##+  | Veronique De La Rosa, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700, Houston, TX 77002-6774 |

TOTAL: 28 Undeliverable, 0 Duplicate, 5 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 17, 2026                          Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 15, 2026 at the address(es) listed below:**

| Name | Email Address |
|------|---------------|
| Annie E Catmull | on behalf of Creditor Free Speech Systems  LLC aecatmull@o-w-law.com, aecatmull@ecf.courtdrive.com,llumtacae@gmail.com |
| Avi Moshenberg | on behalf of Plaintiff Scarlett Lewis avi.moshenberg@lmbusinesslaw.com  avi.moshenberg@lmbusinesslaw.com |
| Avi Moshenberg | on behalf of Plaintiff Leonard Pozner avi.moshenberg@lmbusinesslaw.com  avi.moshenberg@lmbusinesslaw.com |
| Avi Moshenberg | on behalf of Creditor Marcel Fontaine avi.moshenberg@lmbusinesslaw.com  avi.moshenberg@lmbusinesslaw.com |
| Avi Moshenberg | on behalf of Plaintiff Veronique De La Rosa avi.moshenberg@lmbusinesslaw.com  avi.moshenberg@lmbusinesslaw.com |
| Avi Moshenberg | on behalf of Creditor Veronique De La Rosa avi.moshenberg@lmbusinesslaw.com  avi.moshenberg@lmbusinesslaw.com |
| Avi Moshenberg | on behalf of Creditor Neil Heslin avi.moshenberg@lmbusinesslaw.com  avi.moshenberg@lmbusinesslaw.com |
| Avi Moshenberg | on behalf of Creditor Scarlett Lewis avi.moshenberg@lmbusinesslaw.com  avi.moshenberg@lmbusinesslaw.com |
| Avi Moshenberg | on behalf of Creditor Leonard Pozner avi.moshenberg@lmbusinesslaw.com  avi.moshenberg@lmbusinesslaw.com |
| Avi Moshenberg | on behalf of Plaintiff Estate of Marcel Fontaine avi.moshenberg@lmbusinesslaw.com  avi.moshenberg@lmbusinesslaw.com |
| Avi Moshenberg | on behalf of Plaintiff Neil Heslin avi.moshenberg@lmbusinesslaw.com  avi.moshenberg@lmbusinesslaw.com |
| Ben C Broocks | on behalf of Defendant Alexander E. Jones bencbroocks@gmail.com  docket@broockslawfirm.com |
| Ben C Broocks | on behalf of Defendant Alex E. Jones bencbroocks@gmail.com  docket@broockslawfirm.com |
| Ben C Broocks | on behalf of Debtor Alexander E. Jones bencbroocks@gmail.com  docket@broockslawfirm.com |

District/off: 0541-4                          User: ADIuser                              Page 4 of 13

Date Rcvd: May 15, 2026                     Form ID: pdf002                          Total Noticed: 32

Ben C Broocks

on behalf of Defendant Alexander E Jones bencbroocks@gmail.com  docket@broockslawfirm.com

Ben C Broocks

on behalf of Plaintiff Alexander E. Jones bbroocks@broockslawfirm.com  docket@broockslawfirm.com

Ben C Broocks

on behalf of Counter-Claimant Alexander E Jones bencbroocks@gmail.com  docket@broockslawfirm.com

Ben C Broocks

on behalf of Defendant Free Speech Systems  LLC bencbroocks@gmail.com, docket@broockslawfirm.com

Bennett Greg Fisher

on behalf of Creditor Public Storage bennett.fisher@lewisbrisbois.com
julie.devlin@lewisbrisbois.com;guy.macarol@lewisbrisbois.com;christian.mekuria@lewisbrisbois.com

Bradley J. Reeves

on behalf of Creditor Reeves Law  PLLC breeves@legalstrategy.com

Caroline A. Reckler

on behalf of Interested Party X Corp. caroline.reckler@lw.com
caroline-reckler-9810@ecf.pacerpro.com;christopher.tarrant@lw.com

Christina Walton Stephenson

on behalf of Attorney Crowe & Dunlevy crissie@driversteplaw.com
elisa@driversteplaw.com,4998993420@filings.docketbird.com

Christopher R Murray

chris@jonesmurray.com  crm@trustesolutions.net

Christopher R Murray

on behalf of Trustee Christopher R Murray chris@jonesmurray.com  crm@trustesolutions.net

Dale E Barney

on behalf of Interested Party Discover Fund Management  Inc. dbarney@connellfoley.com

Elizabeth Carol Freeman

on behalf of Trustee Melissa A Haselden liz@lizfreemanlaw.com
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net

Eric Henzy

on behalf of Plaintiff Richard M. Coan ehenzy@zeislaw.com

Erin Elizabeth Jones

on behalf of Plaintiff Christopher R. Murray  Chapter 7 Trustee erin@jonesmurray.com, 8597346420@filings.docketbird.com

Erin Elizabeth Jones

on behalf of Plaintiff Christopher Murray erin@jonesmurray.com  8597346420@filings.docketbird.com

Erin Elizabeth Jones

on behalf of Trustee Christopher R Murray erin@jonesmurray.com  8597346420@filings.docketbird.com

Federico Andino Reynal

on behalf of Attorney Reynal Law Firm  P.C. areynal@frlaw.us

Gregg Jeffrey Costa

on behalf of Defendant Global Tetrahedron  LLC gcosta@gibsondunn.com,
pacer-tx@gibsondunn.com;gregg-j-costa-0301@ecf.pacerpro.com

Gregg Jeffrey Costa

on behalf of Interested Party Global Tetrahedron  LLC gcosta@gibsondunn.com,
pacer-tx@gibsondunn.com;gregg-j-costa-0301@ecf.pacerpro.com

Ha Minh Nguyen

on behalf of U.S. Trustee US Trustee ha.nguyen@usdoj.gov

Hannah Ackley

on behalf of Creditor Bank of America N.A. hannah.ackley@padgettlawgroup.com  BKecf@padgettlawgroup.com

Jacqueline Chiba

on behalf of Trustee Christopher R Murray jackie@yazbecklaw.com  8234279420@filings.docketbird.com

Jacqueline Chiba

on behalf of Attorney Jones Murray LLP jackie@yazbecklaw.com  8234279420@filings.docketbird.com

Jacqueline Chiba

on behalf of Plaintiff Christopher Murray jackie@yazbecklaw.com  8234279420@filings.docketbird.com

Jacqueline Chiba

on behalf of Plaintiff Christopher R. Murray  Chapter 7 Trustee jackie@yazbecklaw.com, 8234279420@filings.docketbird.com

Jarrod B. Martin

on behalf of Creditor Scarlett Lewis jbmartin@bradley.com

atty_jmartin@bluestylus.com;rabdelghani@bradley.com;akhan@bradley.com;jbmartin@ecf.courtdrive.com;mdsmith@bradley.com;ggattis@bradley.com;jfalcon@bradley.com

Jarrod B. Martin

on behalf of Plaintiff Neil Heslin jbmartin@bradley.com
atty_jmartin@bluestylus.com;rabdelghani@bradley.com;akhan@bradley.com;jbmartin@ecf.courtdrive.com;mdsmith@bradley.com;ggattis@bradley.com;jfalcon@bradley.com

Jarrod B. Martin

on behalf of Plaintiff Leonard Pozner jbmartin@bradley.com
atty_jmartin@bluestylus.com;rabdelghani@bradley.com;akhan@bradley.com;jbmartin@ecf.courtdrive.com;mdsmith@bradley.com;ggattis@bradley.com;jfalcon@bradley.com

Jarrod B. Martin

on behalf of Plaintiff Scarlett Lewis jbmartin@bradley.com
atty_jmartin@bluestylus.com;rabdelghani@bradley.com;akhan@bradley.com;jbmartin@ecf.courtdrive.com;mdsmith@bradley.com;ggattis@bradley.com;jfalcon@bradley.com

Jarrod B. Martin

on behalf of Plaintiff Estate of Marcel Fontaine jbmartin@bradley.com
atty_jmartin@bluestylus.com;rabdelghani@bradley.com;akhan@bradley.com;jbmartin@ecf.courtdrive.com;mdsmith@bradley.com;ggattis@bradley.com;jfalcon@bradley.com

Jarrod B. Martin

on behalf of Creditor Veronique De La Rosa jbmartin@bradley.com
atty_jmartin@bluestylus.com;rabdelghani@bradley.com;akhan@bradley.com;jbmartin@ecf.courtdrive.com;mdsmith@bradley.com;ggattis@bradley.com;jfalcon@bradley.com

Jarrod B. Martin

on behalf of Creditor Marcel Fontaine jbmartin@bradley.com
atty_jmartin@bluestylus.com;rabdelghani@bradley.com;akhan@bradley.com;jbmartin@ecf.courtdrive.com;mdsmith@bradley.com;ggattis@bradley.com;jfalcon@bradley.com

Jarrod B. Martin

on behalf of Creditor Neil Heslin jbmartin@bradley.com
atty_jmartin@bluestylus.com;rabdelghani@bradley.com;akhan@bradley.com;jbmartin@ecf.courtdrive.com;mdsmith@bradley.com;ggattis@bradley.com;jfalcon@bradley.com

Jarrod B. Martin

on behalf of Creditor Leonard Pozner jbmartin@bradley.com
atty_jmartin@bluestylus.com;rabdelghani@bradley.com;akhan@bradley.com;jbmartin@ecf.courtdrive.com;mdsmith@bradley.com;ggattis@bradley.com;jfalcon@bradley.com

Jarrod B. Martin

on behalf of Plaintiff Veronique De La Rosa jbmartin@bradley.com
atty_jmartin@bluestylus.com;rabdelghani@bradley.com;akhan@bradley.com;jbmartin@ecf.courtdrive.com;mdsmith@bradley.com;ggattis@bradley.com;jfalcon@bradley.com

Jason A. Starks

on behalf of Creditor Travis County bkecf@traviscountytx.gov

Jayson B. Ruff

on behalf of U.S. Trustee US Trustee jayson.b.ruff@usdoj.gov

Jeffrey Gresham Tinkham

on behalf of Attorney Martin  Disiere, Jefferson & Wisdom, LLP tinkham@mdjwlaw.com, paulaj@mdjwlaw.com

Jennifer Jaye Hardy

on behalf of Creditor Scarlett Lewis jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy

on behalf of Plaintiff Scarlett Lewis jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy

on behalf of Plaintiff Estate of Marcel Fontaine jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy

on behalf of Creditor Leonard Pozner jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy

on behalf of Creditor Neil Heslin  Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and the Estate of Marcel Fontaine
jhardy2@willkie.com, mao@willkie.com

Jennifer Jaye Hardy

on behalf of Creditor Neil Heslin jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy

on behalf of Plaintiff Neil Heslin jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy

on behalf of Plaintiff Leonard Pozner jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy

on behalf of Interested Party Neil Heslin  Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and the Estate of Marcel Fontaine jhardy2@willkie.com, mao@willkie.com

Jennifer Jaye Hardy

on behalf of Creditor Veronique De La Rosa jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy

on behalf of Creditor Estate of Marcel Fontaine jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy

on behalf of Plaintiff Veronique De La Rosa jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy

on behalf of Creditor Marcel Fontaine jhardy2@willkie.com  mao@willkie.com

John D Malone

on behalf of Creditor Security Bank of Texas myra@johnmalonepc.com  myra@johnmalonepc.com

John James Sparacino

on behalf of Interested Party WOW.AI LLC jsparacino@mckoolsmith.com john-sparacino-7086@ecf.pacerpro.com;scastillo@mckoolsmith.com

Johnie J. Patterson, II

on behalf of Creditor Elevated Solutions Group  LLC wandp.ecf@gmail.com;WalkerPatterson@jubileebk.net;wp@ecf.courtdrive.com

Jordan Stevens

on behalf of Plaintiff Christopher Murray jstevens@porterhedges.com

Jordan Stevens

on behalf of Plaintiff Christopher R. Murray  Chapter 7 Trustee jstevens@porterhedges.com

Jose Antonio Ortiz

on behalf of Defendant Alexander E Jones aortiz@jhwclaw.com  cmadden@jhwclaw.com

Jose Antonio Ortiz

on behalf of Counter-Claimant Alexander E Jones aortiz@jhwclaw.com  cmadden@jhwclaw.com

Joshua W. Wolfshohl

on behalf of Trustee Christopher R Murray jwolfshohl@porterhedges.com egarfias@porterhedges.com;ysanders@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com

Joshua W. Wolfshohl

on behalf of Plaintiff Christopher Murray jwolfshohl@porterhedges.com egarfias@porterhedges.com;ysanders@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com

Joshua W. Wolfshohl

on behalf of Plaintiff Christopher R. Murray  Chapter 7 Trustee jwolfshohl@porterhedges.com, egarfias@porterhedges.com;ysanders@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com

Joshua W. Wolfshohl

on behalf of Defendant Christopher Murray  Chapter 7 Trustee jwolfshohl@porterhedges.com, egarfias@porterhedges.com;ysanders@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com

Kimberly A Walsh

on behalf of Creditor Texas Comptroller of Public Accounts  Revenue Accounting Division bk-kwalsh@oag.texas.gov, sherri.simpson@oag.texas.gov

Marty L Brimmage

on behalf of Creditor Scarlett Lewis mbrimmage@akingump.com lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Veronique De La Rosa mbrimmage@akingump.com lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Marcel Fontaine mbrimmage@akingump.com lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Jacqueline Barden mbrimmage@akingump.com lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Robert Parker mbrimmage@akingump.com lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Ian Hockley mbrimmage@akingump.com lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Committee Official Committee Of Unsecured Creditors mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Nicole Hockley mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Carlos M Soto mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Carlee Soto Parisi mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Mark Barden mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor William Sherlach mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor William Aldenberg mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Francine Wheeler mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Neil Heslin mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor David Wheeler mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Leonard Pozner mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Committee Official Committee of Unsecured Creditors of Alexander E. Jones mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Jennifer Hensel mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Jillian Soto-Marino mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage

on behalf of Creditor Donna Soto mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Melanie A. Miller

on behalf of Creditor Committee Official Committee Of Unsecured Creditors melanie.miller@akingump.com

Melissa A Haselden

on behalf of Trustee Melissa A Haselden mhaselden@haseldenfarrow.com
haseldenbankruptcytrustee@gmail.com;mhaselden@ecf.axosfs.com;mhaselden@ecf.courtdrive.com;haselden.melissaa.r104367@
notify.bestcase.com

Michael Britton Dearman

on behalf of Plaintiff Christopher Murray mdearman@porterhedges.com

Michael Britton Dearman

on behalf of Plaintiff Christopher R. Murray  Chapter 7 Trustee mdearman@porterhedges.com

Nicholas Lawson

on behalf of Creditor Marcel Fontaine nick.lawson@lmbusinesslaw.com  kate.taylor@lmbusinesslaw.com

Nicholas Lawson

on behalf of Creditor Scarlett Lewis nick.lawson@lmbusinesslaw.com  kate.taylor@lmbusinesslaw.com

Nicholas Lawson

on behalf of Creditor Leonard Pozner nick.lawson@lmbusinesslaw.com  kate.taylor@lmbusinesslaw.com

Nicholas Lawson

District/off: 0541-4        User: ADIuser        Page 8 of 13

Date Rcvd: May 15, 2026        Form ID: pdf002        Total Noticed: 32

on behalf of Creditor Neil Heslin nick.lawson@lmbusinesslaw.com  kate.taylor@lmbusinesslaw.com

Nicholas Lawson

on behalf of Creditor Veronique De La Rosa nick.lawson@lmbusinesslaw.com  kate.taylor@lmbusinesslaw.com

Patrick Michael Lynch

on behalf of Creditor Ally Bank plynch@qslwm.com  pkarr@qslwm.com

Raymond William Battaglia

on behalf of Creditor Free Speech Systems  LLC rbattaglialaw@outlook.com, rwbresolve@gmail.com

Robert Wyn Young

on behalf of Interested Party Robert Wyn Young rwynyoung25@gmail.com

Robin M Ziek

on behalf of Defendant RCGJ  LLC rziek@sbcglobal.net, mgerman@sbcglobal.net

Robin M Ziek

on behalf of Defendant David Jones rziek@sbcglobal.net  mgerman@sbcglobal.net

Robin M Ziek

on behalf of Defendant David R. Jones  as Trustee of the Alexander E. Jones Descendant and Beneficiary Trust rziek@sbcglobal.net, mgerman@sbcglobal.net

Robin M Ziek

on behalf of Defendant David R. Jones as Trustee of Alexander E. Jones Descendant and Beneficiary Trust rziek@sbcglobal.net  mgerman@sbcglobal.net

Robin M Ziek

on behalf of Defendant David Ross Jones rziek@sbcglobal.net  mgerman@sbcglobal.net

Ryan E Chapple

on behalf of Plaintiff Ian Hockley rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Counter-Defendant Carlos M Soto rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Defendant Jillian Soto- Marino rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Jillian Soto Marino rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Wiliam Sherlach rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Creditor Francine Wheeler rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff David Wheeler rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Defendant Donna Soto rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Creditor William Aldenberg rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Defendant Jacqueline Barden rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Counter-Defendant Francine Wheeler rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Counter-Defendant Ian Hockley rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Williams Aldenberg rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Defendant CARLOS M. SOTO rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Creditor Robert Parker rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Defendant Robert Parker rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Creditor William Sherlach rchapple@cstrial.com  notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Creditor Jacqueline Barden rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Nicole Hockley rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Creditor Texas Families rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Defendant William Aldenberg rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Erica Ash rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Richard M. Coan rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Counter-Defendant Erica Ash rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Carlos M Soto rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Counter-Defendant Donna Soto rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Francine Wheeler rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Counter-Defendant Williams Aldenberg rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Defendant Erica L. Ash rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Defendant Mark Barden rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Defendant Carlee Soto Parisi rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Carlee Soto Parisi rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Creditor Jennifer Hensel rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Defendant Ian Hockley rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Counter-Defendant Carlee Soto Parisi rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff William Aldenberg rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Defendant Jennifer Hensel rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Counter-Defendant Robert Parker rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Creditor Erica L. Ash rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Counter-Defendant Nicole Hockley rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Creditor Nicole Hockley rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Carlee Soto-Parisi rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Mark Barden rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Creditor Ian Hockley rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Defendant Nicole Hockley rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Donna Soto rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Creditor Richard M. Coan rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Creditor Carlos M Soto rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Counter-Defendant Julian Soto Marino rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Counter-Defendant Mark Barden rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Creditor Mark Barden rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Julian Soto Marino rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff William Sherlach rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Creditor Donna Soto rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Carlos M. Soto rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Jacqueline Barden rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Defendant David Wheeler rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Creditor Jillian Soto-Marino rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Defendant William Sherlach rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Counter-Defendant Jennifer Hensel rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Counter-Defendant David Wheeler rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Creditor David Wheeler rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Defendant Francine Wheeler rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Jennifer Hensel rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Creditor Connecticut Families rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Counter-Defendant Jacqueline Barden rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Creditor Carlee Soto Parisi rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Counter-Defendant William Sherlach rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

Ryan E Chapple

on behalf of Plaintiff Robert Parker rchapple@cstrial.com notifications@cstrial.com;corozco@cstrial.com

S. Margie Venus

on behalf of Interested Party WOW.AI LLC mvenus@mckoolsmith.com managingclerk@mckoolsmith.com;scastillo@mckoolsmith.com

Scott R. Cheatham

on behalf of Creditor Bank of America N.A. scott.cheatham@arlaw.com

Shelby A Jordan

on behalf of Defendant AEJ Austin Holdings LLC sjordan@jhwclaw.com, cmadden@jhwclaw.com

Shelby A Jordan

on behalf of Defendant AEJ 2018 Trust sjordan@jhwclaw.com  cmadden@jhwclaw.com

Shelby A Jordan

on behalf of Plaintiff Alexander E. Jones sjordan@jhwclaw.com  cmadden@jhwclaw.com

Shelby A Jordan

on behalf of Counter-Claimant Alexander E Jones sjordan@jhwclaw.com  cmadden@jhwclaw.com

Shelby A Jordan

on behalf of Debtor Alexander E. Jones sjordan@jhwclaw.com  cmadden@jhwclaw.com

Shelby A Jordan

on behalf of Defendant Alexander E. Jones sjordan@jhwclaw.com  cmadden@jhwclaw.com

Shelby A Jordan

on behalf of Defendant Alex E. Jones sjordan@jhwclaw.com  cmadden@jhwclaw.com

Shelby A Jordan

on behalf of Defendant Alexander E Jones sjordan@jhwclaw.com  cmadden@jhwclaw.com

Shelby A Jordan

on behalf of Creditor Free Speech Systems  LLC sjordan@jhwclaw.com, cmadden@jhwclaw.com

Shelby A Jordan

on behalf of Defendant Alexander E. Jones sjordan@jhwclaw.com  cmadden@jhwclaw.com

Shelby A Jordan

on behalf of Interested Party Alexander E Jones sjordan@jhwclaw.com  cmadden@jhwclaw.com

Shelby A Jordan

on behalf of Defendant PLJR Holdings  LLC sjordan@jhwclaw.com, cmadden@jhwclaw.com

Shelby A Jordan

on behalf of Defendant JLJR Holdings  LLC sjordan@jhwclaw.com, cmadden@jhwclaw.com

Shelby A Jordan

on behalf of Defendant Free Speech Systems  LLC sjordan@jhwclaw.com, cmadden@jhwclaw.com

Stephen A Roberts

on behalf of Interested Party David Ross Jones sroberts@srobertslawfirm.com  1222805420@filings.docketbird.com

Stephen Wayne Lemmon

on behalf of Creditor PQPR Holdings Limited  LLC lemmon@slollp.com, mates@slollp.com

US Trustee

USTPRegion07.HU.ECF@USDOJ.GOV

Vickie L Driver

on behalf of Attorney Crowe & Dunlevy vickie@driversteplaw.com
crissie@driversteplaw.com;elisa@driversteplaw.com,5760377420@filings.docketbird.com

Vickie L Driver

on behalf of Attorney Elliott  Thomason & Gibson, LLP vickie@driversteplaw.com,
crissie@driversteplaw.com;elisa@driversteplaw.com,5760377420@filings.docketbird.com

Vickie L Driver

on behalf of Other Prof. Rachel Kennerly LLC vickie@driversteplaw.com
crissie@driversteplaw.com;elisa@driversteplaw.com,5760377420@filings.docketbird.com

Vickie L Driver

on behalf of Financial Advisor BlackBriar Advisors LLC vickie@driversteplaw.com
crissie@driversteplaw.com;elisa@driversteplaw.com,5760377420@filings.docketbird.com

Vickie L Driver

on behalf of Creditor Free Speech Systems  LLC vickie@driversteplaw.com,
crissie@driversteplaw.com;elisa@driversteplaw.com,5760377420@filings.docketbird.com

Vida J Robinson

on behalf of Plaintiff William Aldenberg ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Creditor Francine Wheeler ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Creditor Donna Soto ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Plaintiff Jacqueline Barden ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Plaintiff William Sherlach ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Creditor Mark Barden ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Creditor William Sherlach ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Plaintiff Nicole Hockley ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Creditor William Aldenberg ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Plaintiff Jillian Soto Marino ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Creditor Jacqueline Barden ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Plaintiff Richard M. Coan ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Creditor David Wheeler ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Creditor Carlos M Soto ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Creditor Nicole Hockley ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Plaintiff Donna Soto ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Plaintiff Francine Wheeler ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Creditor Jennifer Hensel ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Creditor Robert Parker ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Creditor Carlee Soto Parisi ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Plaintiff Jennifer Hensel ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Creditor Jillian Soto-Marino ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Plaintiff Carlee Soto-Parisi ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Plaintiff Robert Parker ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Creditor Ian Hockley ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Plaintiff Carlos M. Soto ViRobinson@paulweiss.com

Vida J Robinson

on behalf of Plaintiff David Wheeler ViRobinson@paulweiss.com

Vincent P Slusher

on behalf of Defendant David R. Jones  as Trustee of the Alexander E. Jones Descendant and Beneficiary Trust
vince.slusher@proton.me, danette.dykema@faegredrinker.com

Vincent P Slusher

on behalf of Defendant David Ross Jones vince.slusher@proton.me  danette.dykema@faegredrinker.com

Vincent P Slusher

on behalf of Defendant RCGJ  LLC vince.slusher@proton.me, danette.dykema@faegredrinker.com

Vincent P Slusher

on behalf of Defendant David R. Jones as Trustee of Alexander E. Jones Descendant and Beneficiary Trust
vince.slusher@proton.me  danette.dykema@faegredrinker.com

Walter J Cicack

on behalf of Interested Party First United American Companies  LLC wcicack@hcgllp.com, mallen@hcgllp.com

Yoshie Valadez

District/off: 0541-4                                        User: ADIuser                                        Page 13 of 13
Date Rcvd: May 15, 2026                                Form ID: pdf002                                    Total Noticed: 32

on behalf of Creditor Bank of America N.A. mhtbkanhsselffilings@mccarthyholthus.com  yvaladez@mccarthyholthus.com

TOTAL: 241