**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re:** | § Chapter 7 |
| | § |
| **ALEXANDER E. JONES,** | § Case No. 22-33553 (CML) |
| | § |
| **Debtor.** | § |
| | § |
| | § |

**SUMMARY COVERSHEET TO THE SEVENTH INTERIM FEE APPLICATION**
**OF PORTER HEDGES LLP, AS BANKRUPTCY COUNSEL FOR CHAPTER 7**
**TRUSTEE, CHRISTOPHER R. MURRAY, FOR ALLOWANCE OF COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD**
**FROM FEBRUARY 1, 2026 THROUGH AND INCLUDING APRIL 30, 2026**

| | Beginning of Period | End of Period |
|---|---|---|
| **Name of Applicant:** | Porter Hedges LLP | |
| **Applicant's Role in Case:** | Bankruptcy Counsel for the Chapter 7 Trustee, Christopher R. Murray | |
| **Date Order of Appointment Signed:** | July 30, 2024 (Doc. No. 792) | |
| **Time period covered by this Application:** | 02/01/2026 | 04/30/2026 |
| **Time period(s) covered by prior Applications:** | 06/14/2024 | 01/31/2026 |
| **Total amounts awarded in all prior Applications:** | | $1,925,691.93 |
| **Total fees requested in this Application and in all prior Applications:** | | $1,835,125.00 |
| **Total fees requested in this Application:** | | $22,903.00 |
| **Total professional fees requested in this Application:** | | $21,835.00 |
| **Total actual professional hours covered by this Application:** | | 23.30 |
| **Average hourly rate for professionals:** | | $962.50 |
| **Total paraprofessional fees requested in this Application:** | | $1,068.00 |
| **Total paraprofessional hours covered by this Application:** | | 2.40 |
| **Average hourly rate for paraprofessionals:** | | $445.00 |
| **Reimbursable expenses sought in this Application:** | | $5,584.41 |
| **Application Cost (estimated; not included in above fees):** | | $2,000.00 |
| **Total of other payments paid to secured claimants** | | $21,042.00 |

18474221

2

| | |
|---|---|
| **Total of other payments paid to administrative claimants** | $3,808,813.00[1] |
| **Estimated Total for distribution to priority unsecured creditors** | Undetermined |
| **Estimated percentage dividend to priority unsecured creditors** | Undetermined |
| **Estimated total for distribution to general unsecured creditors** | Undetermined |
| **Estimated percentage dividend to general unsecured creditors** | Undetermined |
| **Receipts in Chapter 7 to date** | $4,775,530.00 |
| **Disbursements in Chapter 7 to date** | $3,824,855.00 |
| **Current balance in the Trustee's accounts to date** | $950,675.00 |

---

[1] These figures exclude FSS assets and cash.

2

18474221

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 7** |
| | § | |
| **ALEXANDER E. JONES,** | § | **Case No. 22-33553 (CML)** |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | |

**SEVENTH INTERIM FEE APPLICATION**
**OF PORTER HEDGES LLP, AS BANKRUPTCY COUNSEL FOR CHAPTER 7**
**TRUSTEE, CHRISTOPHER R. MURRAY, FOR ALLOWANCE OF COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD**
**FROM FEBRUARY 1, 2026 THROUGH AND INCLUDING APRIL 30, 2026**

> **This application seeks an order that may adversely affect you. If you oppose the application, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the application and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the application at the hearing.**
>
> **Represented parties should act through their attorney.**

Porter Hedges, LLP ("**_PH_**" or the "**_Applicant_**"), as Bankruptcy Counsel for the Chapter 7

Trustee, Christopher R. Murray (the "**_Trustee_**"), files this Seventh Interim Application for

Allowance of Compensation and Reimbursement of Expenses (the "**_Application_**") for the period

from February 1, 2026 through and including April 30, 2026 (the "**_Application Period_**"), and

respectfully represents as follows:

1

18474221

## JURISDICTION

1. PH submits this Application pursuant to section 330 of title 11 of the United States Code (the "***Bankruptcy Code***"), Rule 2016 of the Federal Rules of Bankruptcy Procedures (the "***Bankruptcy Rules***"), and Rule 2016-1 of the Bankruptcy Local Rules (the "***Local Rules***").

2. The Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1408.

## RELIEF REQUESTED

3. PH requests that the Court enter an order (i) allowing PH's compensation for professional and paraprofessional services to the Trustee rendered during the Application Period in the amount of **$22,903.00** and reimbursement of actual and necessary expenses incurred by PH in the amount of **$5,584.41**; and (ii) award and order to be paid to PH the balance of any such fees and costs paid from funds available in the Debtor's estate.

## BACKGROUND

**A.  Bankruptcy Case Background**

4. On July 29, 2022, Free Speech Systems, LLC ("***FSS***") filed its voluntary petition for relief under chapter 11 subchapter V of the Bankruptcy Code (the "***FSS Case***").

5. On December 2, 2022 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (prior to the Conversion Date, the "***Jones Chapter 11 Case***", and after the Conversion Date, the "***Jones Chapter 7 Case***").  The Debtor is an employee of FSS.  100 percent of the outstanding membership interests in FSS are owned by the Debtor's bankruptcy estate.

6. On December 2, 2022 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (prior to the Conversion Date, the "***Jones***

18474221

*Chapter 11 Case*", and after the Conversion Date, the "*Jones Chapter 7 Case*").  The Debtor is an employee of FSS.  100 percent of the outstanding membership interests in FSS are owned by the Debtor's bankruptcy estate.

7.      On December 13, 2022, the United States Trustee for Region 7 (Southern and Western Districts of Texas) (the "*U.S. Trustee*") appointed the Official Committee of Unsecured Creditors in the Jones Chapter 11 Case pursuant to Bankruptcy Code section 1102(a)(1).

8.      The Debtor continued managing his assets as debtor and debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until the Court entered its *Order Converting Debtor's Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code* [Docket No. 708] on June 14, 2024 (the "*Conversion Date*").  On June 21, 2024, the Court entered an order dismissing the FSS Case [Case No. 22-60043, Docket No. 956] (the "*Dismissal Order*"), while retaining exclusive jurisdiction over several adversary proceedings and the approval of professional fees and expenses.  On the Conversion Date, the U.S. Trustee appointed Christopher R. Murray as the Chapter 7 Trustee in the Jones Chapter 7 Case.

**B.  PH Retention and Fees**

9.      On July 3, 2024, Trustee filed the *Application for Entry of an Order Authorizing the Retention and Employment of Porter Hedges LLP as Co-Counsel for Christopher R. Murray, as Chapter 7 Trustee* [Docket. No. 756], which the Court approved on July 30, 2024 [Docket No. 792].

10.     On July 30, 2024, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Trustee* [Docket No. 793] (the "*Interim Compensation Order*").

18474221

11. On December 13, 2024, the Court entered its *Order Granting First Interim Fee Application of Porter Hedges LLP, as Bankruptcy Counsel for Chapter 7 Trustee, Christopher R. Murray, for Allowance of Compensation and Reimbursement of Expenses for the Period from June 14, 2024 through and including October 31, 2024* [Docket No. 994].

12. On March 11, 2025, the Court entered its *Order Granting Second Interim Fee Application of Porter Hedges LLP, as Bankruptcy Counsel for Chapter 7 Trustee, Christopher R. Murray, for Allowance of Compensation and Reimbursement of Expenses for the Period from November 1, 2024 through and including January 31, 2025* [Docket No. 1111].

13. On June 9, 2025, the Court entered its *Order Granting Third Interim Fee Application of Porter Hedges LLP, as Bankruptcy Counsel for Chapter 7 Trustee, Christopher R. Murray, for Allowance of Compensation and Reimbursement of Expenses for the Period from February 1, 2025 through and including April 30, 2025* [Docket No. 1177].

14. On October 10, 2025, the Court entered its *Order Granting Fourth Interim Fee Application of Porter Hedges LLP, as Bankruptcy Counsel for Chapter 7 Trustee, Christopher R. Murray, for Allowance of Compensation and Reimbursement of Expenses for the Period from May 1, 2025 through and including July 31, 2025* [Docket No. 1265].

15. On December 31, 2025, the Court entered its *Order Granting Fifth Interim Fee Application of Porter Hedges LLP, as Bankruptcy Counsel for Chapter 7 Trustee, Christopher R. Murray, for Allowance of Compensation and Reimbursement of Expenses for the Period from August 1, 2025 through and including October 31, 2025* [Docket No. 1289].

16. On April 8, 2026, the Court entered its *Order Granting Sixth Interim Fee Application of Porter Hedges LLP, as Bankruptcy Counsel for Chapter 7 Trustee, Christopher R.*

4

18474221

*Murray, for Allowance of Compensation and Reimbursement of Expenses for the Period from November 1, 2025 through and including January 31, 2026* [Docket No. 1308].

17.     This is PH's seventh interim fee application in the Jones Chapter 7 Case.  During the Application Period, PH filed three (3) monthly fee statements, which are attached hereto as **Exhibit 3**, and are summarized below:

| Period | Expenses Incurred | Fees Incurred | Total Fees and Expenses Paid | Amount Outstanding |
|---|---|---|---|---|
| 02/01/26-02/28/26 | $ 1,808.75 | $ 11,298.50 | $10,847.55 | $2,259.70 |
| 03/01/26-03/31/26 | $ 1,926.96 | $ 5,312.50 | $ 0.00 | $7,239.46 |
| 04/01/26-04/30/26 | $ 1,848.70 | $ 6,292.00 | $ 0.00 | $8,140.70 |
| **Total:** | **$ 5,584.41** | **$ 22,903.00** | **$ 10,847.55** | **$17,639.86** |

18.     This Application requests that the Court enter an order (i) allowing PH's compensation for professional and paraprofessional services to the Trustee rendered during the Application Period in the amount of **$22,903.00** and reimbursement of actual and necessary expenses incurred by PH in the amount of **$5,584.41**; and (ii) award and order to be paid to PH the balance of any such fees and costs paid from funds available in the Debtor's estate.  Summary calculations of these fees and expenses are attached hereto as **Exhibit 2** and **Exhibit 4**, respectively.

19.     The fees and expenses requested are reasonable and all amounts requested were for actual and necessary services rendered on behalf of the Trustee.

16.     PH reserves the right to request additional compensation for the Application Period to the extent that it is later determined that time or disbursement charges for services rendered or disbursements incurred during such time period have not yet been submitted.

18.     No agreement or understanding exists between PH and any other entity for sharing of any compensation or reimbursement in this case.

18474221

19.    PH has provided the information required by the U.S. Trustee's Guidelines and the Interim Compensation Order.

20.    PH has served as bankruptcy counsel to the Trustee and, in that capacity, has rendered legal services for the benefit of the Trustee and the Debtor's estate.

## STANDARDS RELEVANT TO AWARDING REASONABLE COMPENSATION

21.    Section 330 of the Bankruptcy Code authorizes the Court to award PH reasonable compensation for its actual and necessary services rendered and reimbursement of its actual and necessary expenses incurred in the rendering of services as bankruptcy counsel to the Trustee. Section 330 provides:

(a)(1)    After notice to the parties in interest and to the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103:

    (A)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person or attorney and by any paraprofessional person employed by any such person; and

    (B)    reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

22.    This Application substantiates the total amount that PH seeks for fees and expenses in accordance with each element of the customary standards applied to fee applications.  These standards are set forth in (i) Bankruptcy Rule 2016 and (ii) *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 (1977).

23.    In *First Colonial*, the Fifth Circuit adopted the following twelve factors to apply to the determination of awards of attorneys' fees in bankruptcy cases: (i) time and labor required; (ii) the novelty and difficulty of the questions; (iii) the skill requisite to perform the legal service

6

18474221

properly; (iv) the preclusion of other employment by the professional due to acceptance of the case; (v) the customary fee; (vi) whether the fee is contingent or fixed; (vii) time limitations imposed by the client or the circumstances; (viii) the amount involved and the results obtained; (ix) the experience, reputation and ability of the attorneys; (x) the "undesirability" of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases. *First Colonial*, 544 F.2d at 1298-99. These factors were taken from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), a non-bankruptcy case, and are commonly referred to as the "*Johnson* factors." The original *Johnson* factors, as embraced by *First Colonial,* remain applicable to the determination of reasonableness of fees awarded under the Bankruptcy Code. *See* 15 King, *Collier on Bankruptcy*, ¶ 330.04[3] at 330-35 to 330-41. A majority of the *Johnson* factors are now codified under Bankruptcy Code Section 330(a). *Id.*

24.     The Fifth Circuit has rejected the "hindsight" or "material benefit" standard that was originally set forth in *In re Pro-Snax Distributors, Inc.*, 157 F.3d 414 (5th Cir. 1998). In its place, the Fifth Circuit enunciated a new, prospective standard based on whether the services of counsel were reasonably likely to benefit the estate at the time such services were rendered. *See In re Woerner*, 783 F.3d 266, 276 (5th Cir. 2015).  All services rendered by PH satisfy the *Woerner* standard because they were reasonably likely to benefit the estate at the time rendered.

### NATURE AND EXTENT OF SERVICES PROVIDED BY PH

25.     PH classified all services performed for which compensation is sought in three (3) categories.  PH attempted to divide its services rendered to the Trustee in these bankruptcy cases into appropriate categories.  However, because certain services may relate to more than a single category, services pertaining to one category may be included in another category.  Copies of PH's monthly fee statements are attached hereto as **Exhibit 3** in accordance with the Court's procedures

7

18474221

and provide detailed descriptions of the services PH rendered with respect to each of these categories.  A summary of compensation requested by project category is attached hereto as **Exhibit 2**.

**A.  Asset Analysis and Recovery**

26.    The majority of time billed by PH in this category during the Application Period related to the FSS state court receivership and planning for the disposition of remaining estate property.  Services rendered in this category included, but were not limited to, (i) conferencing with Trustee, co-counsel, and PH team regarding case issues; (ii) analyzing potential recoveries in multiple adversary proceedings; (iii) working on issues related to the FSS receivership; (iv) analyzing issues related to turnover FSS funds to state court receiver; (v) strategizing regarding disposition of remaining estate assets; (vi) analyzing potential equity sale and abandonment issues; and (vii) preparing an anticipatory motion to sell equity.

27.    PH expended 14.70 hours of time to provide such services.  Professional fees in this category total $13,772.50.

**B.  Case Administration**

28.    The majority of time billed by PH during the Application Period in this category related to ensuring the efficient and smooth administration of legal services related to the Jones Chapter 7 Case.  In particular, services rendered in this category during the Application Period included, but were not limited to, (i) managing and administering the bankruptcy case; (ii) coordinating filing and service of motions, orders, and other documents; (iii) ensuring compliance with service and notice requirements; (iv) coordinating filing of certificates of no objection; and (v) monitoring and communicating regarding related state and federal court cases.

18474221

29.     PH expended 6.90 hours of time to provide such services.  Professional fees in this category total $2,888.50.

## C.  Employment/Fee Applications

30.      The majority of time billed by PH during the Application Period in this category related to the preparation and filing of PH's interim fee application and the preparation and filing of monthly fee statements.  Services rendered in this category included, but were not limited to, (i) drafting, revising, and filing PH's sixth interim fee application [Docket No. 1303]; (ii) drafting, revising, and filing PH's interim fee statements; and (iii) corresponding with PH team and Trustee's team regarding fee statements and fee applications.

31.     PH expended 4.10 hours of time to provide such services.  Professional fees in this category total $2,888.50.

## ADDITIONAL STANDARDS FOR AWARDING OF ATTORNEYS' FEES

### A.     NOVELTY AND DIFFICULTY OF LEGAL PROBLEMS INVOLVED

32.     The first *Johnson* factor examines the degree of novelty and difficulty of the issues encountered by PH.  With respect to the matters described herein, numerous difficult and complex legal problems have been addressed and considered by PH, all of which have required knowledge of the application of the Bankruptcy Code, the Bankruptcy Rules and court decisions interpreting the same.

### B.     CUSTOMARY FEE

33.     The next relevant factor to be considered is the reasonable hourly rate by which the reasonable number of hours expended by PH are to be multiplied. Subsumed in this analysis are the following guidelines, as noted in *Johnson*:  the customary fee charged by the applicant, awards

18474221

in similar cases, the level of skill necessary, the amount involved, the results obtained, the reputation of the professional and the undesirability of the case.

34.     PH's hourly billing rates are computed at the rates PH regularly charges its hourly clients.

35.     The hourly rates charged by PH are also lower than or commensurate with the customary fees charged by professionals of similar experience, reputation and abilities in this community, as well as those rates charged regionally and nationally. Additionally, the hourly rates charged by PH are consistent with the amount involved in these cases, the results obtained by PH, and the level of skill necessary to perform the work. Accordingly, the hourly billing rates charged by PH are reasonable.

### C.     SKILL REQUIRED FOR PERFORMANCE OF LEGAL SERVICES

36.     The number of difficult issues and matters addressed in these cases has required a high degree of skill and expertise.  PH's attorneys, with varying levels of experience and seniority, have been used effectively and efficiently to perform the tasks assigned to them and have provided valuable and effective assistance to the Trustee. A thorough understanding of the Bankruptcy Code and Bankruptcy Rules was blended with business expertise to assist the Trustee. In addition, multiple issues in this bankruptcy case, including, but not limited to, tax issues, treatment of FSS assets; and state court litigation have required additional expertise from PH's attorneys. The compensation requested by PH is consistent with the compensation awarded in other cases of similar size and complexity.

### D.     RESULTS OBTAINED

37.     PH's actions in this case have assisted the Trustee in his efforts to maximize the value of the estates and efficiently administer these cases. These cases have been handled in a

10

18474221

professional and cost-effective manner. The requested compensation is reasonable in view of the time expended, the parties involved, the significant number of disputes involving case constituents and the results obtained in these cases.

### E. EXPERIENCE, REPUTATION, AND ABILITY OF PH

38. PH's attorneys, over many years, have appeared throughout the United States providing legal representation to trustees, debtors, secured creditors, unsecured creditors, and creditors' committees in proceedings under the Bankruptcy Code. Further, partners of PH, including those who have provided legal services in the instant cases, have for many years actively participated in leadership positions in local, state and national bar associations, and have written for local and national publications and spoken at local, state and national institutes for continuing legal education in the creditors' rights and bankruptcy areas. PH's attorneys are experienced in all aspects of bankruptcy matters, possess a high level of expertise, and have an excellent reputation in the business and legal communities. Furthermore, PH has particular experience in the areas of insolvency, workout and corporate reorganization.

### F. CONTINGENT NATURE OF FEES AND UNDESIRABILITY OF CASE

39. No contingent fees are requested in these cases.

### G. TIME LIMITATIONS IMPOSED BY THE CASE

40. The time demands of this representation have not resulted in a disproportionate allocation of resources by PH. PH worked quickly, diligently, and efficiently to address the serious challenges faced by the Debtor's estate within the Application Period.

41. These fees and costs were necessary for the proper and successful administration of the bankruptcy cases. PH made every effort to keep all fees and costs to a minimum.

42. At all times covered by this Application, PH diligently fulfilled its duty as

11

18474221

bankruptcy counsel for the Trustee. All services rendered by PH benefitted the estates at the time that such services were rendered. Services performed by PH throughout these cases were done in a professional, skilled, and expeditious manner, requiring substantially less time than would have been required by counsel with less experience. Every action of PH was taken to reduce the legal hours expended and matters not demanding the services of senior attorneys were assigned to junior associates, or paralegals.

43.     No agreement exists between PH and any other person, firm or entity for division or sharing of compensation in these cases.

44.     The above narrative portion of this Application is primarily intended to serve as a summary recapitulation of the major areas of PH's activities and responsibilities. The exhibits provide complete recapitulations of the acts taken by PH on behalf of the Trustee during these cases.

WHEREFORE, PH requests that the Court enter an order (i) allowing PH's compensation for professional and paraprofessional services to the Trustee rendered during the Application Period in the amount of **$22,903.00** and reimbursement of actual and necessary expenses incurred by PH in the amount of **$5,584.41**; and (ii) award and order to be paid to PH the balance of any such fees and costs paid from funds available in the Debtor's estate.

18474221

Dated:  July 7, 2026.
 Houston, Texas

Respectfully Submitted**,**

**PORTER HEDGES LLP**

By:    */s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl (Bar No. 24038592)
Michael B. Dearman (Bar No. 24116270)
Jordan T. Stevens (Bar No. 24106467)
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
mdearman@porterhedges.com
jstevens@porterhedges.com

*Co-Counsel for the Chapter 7
Trustee, Christopher R. Murray*

13

18474221

## <u>CERTIFICATE OF SERVICE</u>

This will certify that a true and correct copy of the foregoing document was forwarded by electronic transmission to all registered ECF users appearing in the case on July 7, 2026.

_/s/ Joshua W. Wolfshohl_
Joshua W. Wolfshohl

18474221